Matthew M. Lavin, Esq. (*pro hac vice*)
Wendy A. Mitchell, Esq. (CA SBN 158553)
**NAPOLI SHKOLNIK, PLLC**
5757 W. Century Boulevard, Suite 680
Los Angeles, CA 90045
(212) 397-1000 / Fax (646) 843-7603

David M. Lilienstein, Esq. (CA SBN 218923)
Katie J. Spielman, Esq. (CA SBN 252209)
**DL LAW GROUP**
345 Franklin Street
San Francisco, CA 94102
(415) 678-5050 / (415) 358-8484

*Attorneys for Plaintiffs and Putative Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LD, DB, BW, RH AND CJ on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, and VIANT, INC., a Nevada corporation,<br><br>    Defendants. | Case No.: 3:20-CV-02254-VC<br><br>**NOTICE OF RELATED CASE PURSUANT TO CIVIL L.R. 3-12 TO BE FILED IN CASE NO. 4:20-CV-02249; ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 7-11** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that a related case *Pacific Recovery Solutions et al. v. United Behavioral Health et al.*, Case No. 4:20-cv-02249-YGR (the "Provider Action"), was filed on April 2, 2020, in the United States District Court for the Northern District of California. Pursuant to Civil Local Rules 3-12(b) and 7-11 of the United State District Court for the Northern District of California, Plaintiffs submit this Administrative Motion to Consider Whether this action, *LD*

*et al. v. United Behavioral Health et al.* Case No. 3:20-cv-02254-VC, (the "Member Action")

should be related to the earlier-filed Provider Action.

## I.      APPLICABLE STANDARD UNDER CIVIL L.R. 3-12

Under Civil Local Rule 3-112(a), an "action is related to another when: (1) The actions

concern substantially the same parties, property, transaction or event; and (2) it appears likely that

there will be an unduly burdensome duplication of labor and expense or conflicting results if the

cases are conducted before different Judges." Civil L.R. 3-12(a).

Whenever a party knows or believes that an action may be related to an action which

is or was pending in the Northern District, said party "must promptly file in the earliest-filed case

an administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil L.R.

7-11."[1]

## II.      Related Cases

The *LD et al. v. United Behavioral Health et al.* action should be related to the earlier

filed action *Pacific Recovery Solutions et al. v. United Behavioral Health et al.*, Case No. 4:20-

cv-02249 assigned to Judge Yvonne Gonzalez Rogers.

The *LD et al. v. United Behavioral Health et al.* action, and the apparently related case

involve the same defendants, attorneys, parallel discovery issues, substantially similar witnesses

and concern the same issues. As such, the following similar questions of law and fact exist:

- Did United Behavioral Health (United) and Viant, Inc. (Viant) conspire to
  systematically underpay healthcare claims.

---

[1] In addition to complying with Civil L.R. 7-11,  a copy of the motion, together with proof of service pursuant to Civil L.R. 5-6, must be served on all known parties to each apparently related action. A Chambers copy of the motion must be lodged with the assigned Judge in each apparently related case under Civil L.R. 5-1(b)." Civil L.R. 3-12(b)

- Did Viant use intentionally misleading data to price healthcare claims.

- Did United and Viant knowingly underpay healthcare claims in a manner inconsistent with the terms of health plans administered or insured by United.

- Did United misrepresent the benefits payable to healthcare providers for treating certain patients with health plans administered or insured by United.

- Did United and Viant profit from violating the terms of health plans.

- Did United and Viant violate RICO.

Accordingly, it appears likely that there will be an unduly burdensome duplication of labor and expense or the possibility of conflicting results if the cases proceed before different judges. L.R. 312(b)(2).

## III.   **CONCLUSION**

As set forth above the *LD et al. v. United Behavioral Health at al* Member action is related to the *Pacific Recovery Solutions et al. v. United Behavioral Health*, Case No. 4:20-cv-02249 Provider action.   For the foregoing reasons, Plaintiffs request that this administrative motion be granted, that the Member Action be deemed related to the Provider Action pursuant to Local Rule 3-12, and that the Member Action be assigned to Judge Gonzalez Rogers.

DATED: May 15, 2020                                       **NAPOLI SHKOLNIK, PLLC**

                                                         /s/ Matthew M. Lavin
                                                         MATTHEW M. LAVIN
                                                         Attorneys for Plaintiffs

NOTICE OF RELATED CASE PURSUANT TO CIVIL L.R. 3-12
3:20-CV-02254-VC

1

2

**PROOF OF SERVICE**

3

STATE OF NEW YORK, COUNTY OF SUFFOLK

4

5

     I am employed in the County of Suffolk, State of New York. I am over the age of 18 and not a party to the within action. My business address is 400 Broadhollow Rd., Suite 305, Melville, New York 11747

6

7

8

9

     On May 15, 2020, I served the foregoing document(s) described as **NOTICE OF RELATED CASE PURSUANT TO CIVIL L.R. 3-12 TO BE FILED IN CASE NO. 4:20-CV-02249; ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 7-11** on all interested parties in this action as set forth on the attached service list in the following manner:

10

11

12

☒     **BY MAIL:** I am familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Melville, New York in the ordinary course of business.

13

14

☐     **BY FACSIMILE:** In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

15

16

☐     **BY OVERNIGHT MAIL:** I caused said document(s) to be picked up via FEDERAL EXPRESS for delivery to the addressee(s) set forth on the attached service list on the next business day.

17

18

☐     **BY PERSONAL SERVICE:** I caused said document(s) to be delivered via personal delivery to the addressee(s) set forth on the attached service list.

19

20

☐     **BY ELECTRONIC SERVICE:** Pursuant to the agreement of the parties, I caused the document to be sent from kurrea@napolilaw.com to the persons listed in the attached service list.

21

22

     I declare under penalty of perjury under the laws of the State of New York that the above is true and correct.

23

24

Executed on May 15, 2020 at Melville, New York

25

26

Victor Warren

27

28

1

1

2

## **SERVICE LIST**

3

4

5

6

7

8

Heather Lynn Richardson, Esq.
Lauren Margaret Blas, Esq.
GIBSON, DUNN and CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7409
HRichardson@gibsondunn.com
LBlas@gibsondunn.com

9

10

11

Geoffrey Sigler, Esq.
GIBSON, DUNN and CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
GSigler@gibsondunn.com

12

13

14

15

Carys Anne Arvidson, Esq.
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130
(949) 632-6960
Carys.Arvidson@phelps.com

16

17

18

19

20

Errol J. King, Jr., Esq.
PHELPS DUNBAR, LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, LA 70802
(225) 346-0285
Errol.King@phelps.com

21

22

23

24

25

26

27

28

2