**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
MOE KESHAVARZI, SBN 223759
 E-Mail: mkeshavarzi@sheppardmullin.com
DAVID DWORSKY, SBN 272167
 E-Mail: ddworsky@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone: 213.620.1780
Facsimile: 213.620.1398

ERROL J. KING, JR. (*pro hac vice application pending*)
**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197
Errol.King@phelps.com

*Attorneys for Defendant Viant, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD, DB, BW, RH, and CJ on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, and VIANT, INC., a Nevada corporation,<br><br>    Defendants. | Case No. 4:20-cv-02254-YGR<br><br>(Hon. Yvonne Gonzalez Rogers)<br><br>**VIANT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civ. P. 9(b) and 12(b)(6)]**<br><br>Complaint Filed:  April 2, 2020<br>Trial Date:        None Set<br><br>Hearing Date:    August 11, 2020<br>Hearing Time:    2:00 p.m.<br>Courtroom:       1 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 11, 2020, at 2:00 p.m., or as soon thereafter as counsel may be heard, before the Honorable Yvonne Gonzalez Rogers in Courtroom 1 on the Fourth Floor of the Oakland Federal District Courthouse, located at 1301 Clay Street, Oakland, California 94612, Defendant Viant, Inc. ("Viant") will and hereby does move the Court for an Order, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Class Action Complaint ("Complaint") filed by Plaintiffs, LD, DB, BW, RH, and CJ, on behalf of themselves and all others similarly situated ("Plaintiffs"), on the following grounds:

1.    Plaintiffs' first cause of action for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (Count I), fails to state a claim against Viant upon which relief can be granted.

2.    Plaintiffs' remaining causes of action for equitable relief to enjoin acts and/or practices (Count VII) and for other appropriate equitable relief (Count VIII) pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), also fail to state a claim against Viant upon which relief can be granted.

Pursuant to L.R. 7-2(b)(3), Viant requests that the Court dismiss the Complaint in its entirety with prejudice.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities attached, all pleadings on file w this Court, and on such oral arguments as may be presented at the hearing on this matter, and seeks dismissal of all claims asserted by Plaintiffs against Viant in their entirety and with prejudice.

DATED:  June 11, 2020

By:   */s/ Moe Keshavarzi*

Moe Keshavarzi
David Dworsky
Sheppard Mullin
333 South Hope Street, 43rd Floor
Los Angeles, CA  90071
Telephone: (213) 620-1780
Fax:  (213) 620-1398

and

Errol J. King, Jr. (*pro hac vice application pending*)
Phelps Dunbar LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone:  (225) 376-0207
Fax:  (225) 381-9197

Attorneys for Defendant, Viant, Inc.

SMRH:4846-3025-7087.1
PD.28923060.1

VIANT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED .......................................1

BACKGROUND.............................................................................................................................2

I.   Procedural History.................................................................................................2

II.  Plaintiffs' Allegations ...........................................................................................2

ARGUMENT ..................................................................................................................................6

I.   Plaintiffs Consistently Fail To Satisfy The Strictures Of Fed. R. Civ. P. 9(b) With Respect To The Pleading Of Their Fraud-Based Claims. ................................6

II.  Plaintiffs Also Fail To State A Plausible Claim Upon Which Relief May Be Granted. ......................................................................................................7

    A.   Plaintiffs Fail To State A Claim For Violation Of RICO, 18 U.S.C. § 1962(c). ..............................................................................................7

        1.   Plaintiffs Fail To Adequately Plead A "Pattern of Racketeering Activity." ......................................................................8

        2.   Plaintiffs Fail To Adequately Plead An "Association-In Fact" Enterprise. .......................................................................10

    B.   Plaintiffs Fail To State A Claim For Injunctive Or Other Appropriate Equitable Relief Under ERISA, § 502(a)(3). ...........................12

        1.   Viant Is Not An ERISA Fiduciary, And Plaintiffs Do Not Plead Sufficient Facts To Establish A Breach Of Fiduciary Duties On The Part Of Viant. ...........................................................13

        2.   Plaintiffs Do Not Plead Sufficient Facts To Establish That Viant Knowingly Participated In A Prohibited ERISA Transaction. ......................................................................17

        3.   Plaintiffs Do Not Plead Appropriate Equitable Relief. ...................20

CONCLUSION ...............................................................................................................23

SMRH:4846-3025-7087.1
PD.28923060.1

TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ..................................................................................................................5

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .............................................................................................................5, 16

*Berman v. Microchip Tech. Inc.*
2018 WL 732667 (N.D. Cal. Feb. 6, 2018)...............................................................15, 20, 21

*Bias v. Wells Fargo & Co.*
942 F.Supp.2d 915 (N.D. Cal. 2013) ......................................................................................10

*Bly-Magee v. California*
236 F.3d 1014 (9th Cir. 2001)...............................................................................................6, 9

*Brown v. Cal. Law Enforcement Ass'n*
81 F. Supp. 3d 930 (N.D. Cal. 2015) ......................................................................................14

*Bush v. Liberty Life Assurance Co. of Bos.*
130 F. Supp. 3d 1320 (N.D. Cal. 2015) ..................................................................................17

*In re Computer Scis. Corp. ERISA Litig.*
635 F. Supp. 2d 1128 (C.D. Cal. 2009)...................................................................................15

*Cty. of Monterey v. Blue Cross of Cal.*
2019 U.S. Dist. LEXIS 120209 (N.D. Cal. July 18, 2019) ......................................................14

*Del Castillo v. Cmty. Child Care Council of Santa Clara Cty., Inc.*
2019 WL 6841222 (N.D. Cal. Dec. 16, 2019) ...................................................................19, 22

*Dooley v. Crab Boat Owners Ass'n*
2004 WL 902361 (N.D. Cal. Apr. 26, 2004) .............................................................................8

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*
751 F.3d 990 (9th Cir. 2014)..............................................................................................10, 17

*Gens v. Colonia Savings, F.A.*
2013 WL 1120503 (N.D. Cal. March 18, 2013) ........................................................................8

*Gomez v. Guthy-Renker, LLC*
2015 WL 4270042 (C.D. Cal. July 13, 2015) ..........................................................................11

*Great-West Life & Annuity Ins. Co. v. Knudson*
534 U.S. 204 (2002) .................................................................................................................22

*Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*
    530 U.S. 238 (2000) ..................................................................................................................19

*Herzfeld v. Teva Pharm. USA, Inc. Omnibus Welfare Plan*
    2020 WL 1864851 (C.D. Cal. Apr. 14, 2020).....................................................................13, 15

*Hopkins v. Am. Home Mortgage Servicing, Inc.*
    2014 WL 580769 (N.D. Cal. Feb. 13, 2014).............................................................................10

*In re Jamster Mktg. Litig.*
    2009 WL 1456632 (S.D. Cal. May 22, 2009) ...........................................................................11

*Kanawi v. Bechtel Corp.*
    590 F. Supp. 2d 1213 (N.D. Cal. 2008) ....................................................................................13

*Kyle Railways, Inc. v. Pac. Admin. Servs., Inc.*
    990 F.2d 513 (9th Cir. 1993)......................................................................................................17

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*
    940 F.2d 397 (9th Cir. 1991) .......................................................................................................9

*Lesnik v. Eisenmann SE*
    374 F. Supp. 3d 923 (N.D. Cal. 2019) ....................................................................................5, 8

*McBean v. United of Omaha Life Ins. Co.*
    2019 WL 1508456 (S.D. Cal. Apr. 5, 2019) .............................................................................15

*Methodist Hosp. of S. California v. Blue Cross of California*
    2010 WL 11508022 (C.D. Cal. Feb. 26, 2010) ...........................................................................9

*Odom v. Microsoft Corp.*
    486 F.3d 541 (9th Cir. 2007) (en banc)........................................................................................8

*Pacific Recovery Solutions d/b/a Westwind Recovery, et al. v. Cigna Behavioral
    Health, Inc. et al.*
    Case No. 3:20-cv-02251-EJD ......................................................................................................2

*Richardson v. Dallas R. Hall & Associates*
    1996 WL 308261 (N.D. Cal. May 23, 1996) .........................................................................9, 10

*Saniefar v. Moore*
    2017 WL 5972747 (E.D. Cal. Dec. 1, 2017).............................................................................10

*Schuman v. Microchip Tech. Inc.*
    302 F. Supp. 3d 1101 (N.D. Cal. 2018) ..............................................................................13, 22

*Semegen v. Weidner*
    780 F.2d 727 (9th Cir. 1985).......................................................................................................5

VIANT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

*Sereboff v. Mid Atlantic Med. Servs., Inc.*
    547 U.S. 356 (2006) ......................................................................................................22

*Skinner v. Northrop Grumman Ret. Plan B*
    673 F.3d 1162 (9th Cir. 2012) .......................................................................................22

*Smith v. Ayres*
    845 F.2d 1360 (5th Cir. 1988) .........................................................................................9

*Stitt v. Citibank, N.A.*
    2015 WL 75237 (N.D. Cal. Jan. 6, 2015) ......................................................................11

*Sugarman v. Muddy Waters Capital LLC*
    2020 WL 633596 (N.D. Cal. Feb. 3, 2020) ....................................................................9

*Swartz v. KPMG LLP*
    476 F.3d 756 (9th Cir. 2007) ...........................................................................................5

*Synopsis, Inc. v. Ubiquiti Networks, Inc.*
    313 F. Supp. 3d 1056 (N.D. Cal. 2018) ..........................................................................8

*United States v. Garrido*
    713 F.3d 985 (9th Cir. 2013) ...........................................................................................9

*United States v. Miller*
    953 F.3d 1095 (9th Cir. 2020) .........................................................................................9

*United States v. Woody's Trucking, LLC*
    2018 WL 443454 (D. Mont. Jan. 16, 2018) ....................................................................9

*US Airways, Inc. v. McCutcheon*
    133 S.Ct. 1537 (2013) ...................................................................................................22

*Vess v. Ciba-Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003) ..................................................................................5, 6, 7

*In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.*
    903 F.Supp.2d 880 (C.D. Cal. 2012) (*emphasis in original*) .......................................8

*Wit v. United Behavioral Health*
    2017 WL 3478775 (N.D. Cal. Aug. 14, 2017) ..............................................................22

*Woodell v. Expedia Inc.*
    2019 WL 3287896 (W.D. Wash. July 22, 2019) ...........................................................11

Statutes

18 U.S.C. § 24 ................................................................................................................................8

18 U.S.C. § 1027 ............................................................................................................................8

18 U.S.C. § 1341 ........................................................................................................................8, 9

18 U.S.C. § 1343 ............................................................................................................................9

18 U.S.C. § 1961(1) .......................................................................................................................8

18 U.S.C. § 1962(c)...................................................................................................1, 7, 8, 10, 23

29 U.S.C. § 1002(21)(A) .........................................................................................................13, 14

29 U.S.C. § 1106 ..........................................................................................................................17

29 U.S.C. § 1108(b)(2) .................................................................................................................18

29 U.S.C. § 1132(a)................................................................................................................. Passim

ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A) ....................................................................13

ERISA § 406(a) ............................................................................................................................18

ERISA § 408(b).............................................................................................................................18

ERISA § 502(a) ...................................................................................................................... Passim


Other Authorities

29 C.F.R. § 2509.75-8, D-2 ..........................................................................................................13

Fed. R. Civ. P. 9(b).................................................................................................................. Passim

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... Passim

SMRH:4846-3025-7087.1                    VIANT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PD.28923060.1

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

Defendant Viant, Inc. ("Viant") respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss the Class Action Complaint ("Complaint") filed by Plaintiffs, LD, DB, BW, RH, and CJ, on behalf of themselves and all others similarly situated ("Plaintiffs"), pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) (the "Motion"), as follows:

## INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

The crux of Plaintiffs' Complaint is their allegation that Defendants, including both Viant and United Behavioral Health, Inc. ("United") (collectively, "Defendants"), engaged in various ways violative of federal law to improperly price and pay claims submitted by out-of-network behavioral health providers for Intensive Outpatient Program treatment ("IOP") provided to patients with health insurance policies for which United administered claims. Plaintiffs allege that United was required to pay such claims at the Usual, Customary and Reasonable ("UCR") rate under the policy language, but that United contracted and colluded with Viant to systematically undervalue and underpay those out-of-network claims on behalf of its patient-insureds. Plaintiffs further allege that, because of Defendants' purported actions, Plaintiffs and other behavioral health patients have been balanced-billed the amount of the difference between what United should have paid under the policies and what was ultimately paid, resulting in damages alleged to be in the millions of dollars.[2]

Based on these allegations, Plaintiffs assert a total of eight causes of action, only three of which are actually pled against Viant. In particular, Plaintiffs assert claims against Viant for violation of Racketeer Influenced and Corrupt Organizations Act ("RICO"),  § 18 U.S.C. § 1962(c) (Count I), for equitable relief to enjoin acts and/or practices under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3)(A), and for other appropriate equitable relief under ERISA, 29 U.S.C. § 1132(a)(3)(B). But regardless of the theory alleged, Plaintiffs'

---

[1] Unless indicated, all emphasis is added and all internal quotation marks and citations are omitted.

[2] Plaintiffs fail to note that this so-called scheme, or "grift" as they like to call it, is a legitimate, well-recognized and accepted cost-containment mechanism by which healthcare expenses can be managed, to the benefit of health plans and their participants, and society as a whole.

-1-

vague approach to pleading cannot survive this Motion to Dismiss because the Complaint still fails to set forth facts that would allow this Court to reasonably infer that Viant is liable for the misconduct alleged. Indeed, while Plaintiffs' Complaint contains more than 350 paragraphs of allegations, none of those allegations sets forth any specific conduct on the part of Viant that passes the requirements of Fed. R. Civ. P. 9(b), which applies to claims, such as Plaintiffs, that sound or are grounded in fraud. Plaintiffs' Complaint is also devoid of sufficient facts to establish the essential elements of their RICO claim or to demonstrate Plaintiffs' entitlement to equitable relief under ERISA. Accordingly, and for the reasons set forth more fully below, this Motion should be granted, and Plaintiffs' Complaint should be dismissed in its entirety[3] and with prejudice as to Viant pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).[4]

## BACKGROUND

### I.    Procedural History

Plaintiffs initiated this class action suit on April 2, 2020, in the San Jose Division of this Court, against United and Viant, seeking recovery of out-of-network behavioral health benefits that were allegedly underpaid pursuant to the terms of ERISA-governed health plans for which United administered claims. [Rec. Doc. 1]. On June 2, 2020, the Court ruled that this matter was related to *Pacific Recovery Solutions d/b/a Westwind Recovery, et al. v. United Behavioral Health, Inc. et al.*, Case No. 4:20-cv-2249-YGR [s*ee* Rec. Doc. 30], and on June 3, 2020 the matter was reassigned to this Division. [*See* Rec. Doc. 31].

### II.    Plaintiffs' Allegations

Plaintiffs bring this action on behalf of themselves, as well as "all others similarly situated (the 'Plaintiff Class') whose claims for benefits have [allegedly] been systematically underpaid by

---

[3] In the event the Court does not dismiss all of Plaintiffs' claims, Viant reserves all of its rights to oppose class certification.

[4] Viant also refers to, and by such reference, adopts and incorporates as if fully set forth  herein, the arguments and authorities raised by co-Defendant United Behavioral Health, Inc., in its separate Motion to Dismiss, filed this date.

-2-

United and Viant" and who allegedly "owe money or have paid out-of-pocket all or a portion of the difference between what their insurance [allegedly] *should* have covered and what was actually paid." [Complaint, ¶ 1 (emphasis in original)]. According to the Complaint, LD, DB, BW, and RH were participants in an employer-funded group health plan sponsored by Apple, Inc. and administered by United, while CJ was a participant in an employer-funded group health plan sponsored by Tesla, Inc. and administered by United, all of which plans allegedly "offered out of network benefits for behavioral health services, included IOP treatment." [*Id.* ¶¶ 169–71, 182–84, 195–97, 207–09, 220–22]. Plaintiffs allege they sought and received IOP treatment for mental health and substance use disorders from various treatment providers, including Summit Estate, Inc. ("Summit Estate"), "a duly licensed and accredited out of network behavioral health provider located in Los Gatos, CA, in Santa Clara County." [*Id.* ¶¶ 2, 172, 185, 198, 210, 222].

Plaintiffs claim that, "[p]rior to admitting to treatment, to ascertain the precise financial responsibility [Plaintiffs] would bear and decide whether treatment was financially feasible under the terms of [their] benefit plan[s], Summit Estate called United" and obtained verification "that [Plaintiffs] had active benefits for out of network behavioral health treatment." [*Id.* ¶¶ 173, 186, 199, 211, 223]. Plaintiffs also claim that during this call, United "represented that the plan[s] would pay 70% of UCR rates until [Plaintiffs'] out of pocket cost sharing responsibilities […] were met," that "United specified these out of pocket amounts," and that United "further stated that once these were fully satisfied, United would pay 100% of UCR rates," which was "understood by all parties" to be "equivalent to 100% of the billed charges of Summit Estate." [*Id.* ¶¶ 173–74, 186–87, 199–200, 211–12, 223–24]. Plaintiffs allege that based on these representations, "and with an understanding of the plain terms of the employer benefit plan[s]," Plaintiffs decided to seek treatment from Summit Estate and "paid, in full and up front, all out of pocket cost sharing expenses." [*Id.* ¶¶ 175, 188, 201, 213, 225]. Plaintiffs further allege that, following their treatment, Summit Estate "submitted timely invoices to United seeking payment pursuant to the terms stated on the verification call" and Plaintiffs' employee benefit plans — namely 100% of the UCR rate, or 100% of Summit Estate's billed charges. [*Id.* ¶ 173–77, 186–90, 199–203, 211–15, 223–27]. But according to Plaintiffs, United "does not even use its own purported methodology to calculate

-3-

reimbursement rates. Instead," and rather than "paying UCR, United contracted with Viant to 'negotiate' reimbursement rates with providers." [*Id.* ¶¶ 18]. Plaintiffs allege that "[f]or years, United and Viant have systematically failed to properly price the claims according to UCR and have systematically concealed this failure through misrepresentations about pricing and payment methods to their members," including Plaintiffs. [*Id.*].

Plaintiffs also proceed through a series of assertions attempting to explain the healthcare industry, UCR, which — according to Plaintiffs — United generally describes as "based on what other health care professionals in the relevant geographic areas or regions charge for their services," the IOP services allegedly provided to Plaintiffs in connection with the claims at issue, and how United defines IOP treatment. [*Id.* ¶¶ 8–17; 81–82]. Plaintiffs then distort what Viant and United do, pursuant to the contractual relationship between them, claiming that it constitutes illegal health claim re-pricing. [*Id.* ¶¶ 18–60]. Plaintiffs finally conclude with page after page of conclusory and repetitive allegations regarding what United does, what Viant does, and why, in Plaintiffs' view, Defendants engage in improper pricing and falsely represent how out-of-network IOP claims are to be reimbursed, which Plaintiffs paint as part of an intentional scheme (the "grift") to harm United insureds, like Plaintiffs and the Plaintiff Class, for Defendants' monetary benefit. [*Id.* ¶¶ 78–167].

Despite the volume of Plaintiffs' rhetoric, what they have failed to do is suggest a plausible theory explaining why Defendants' above-board contractual arrangement to contain healthcare costs is an intentional scheme to defraud Plaintiffs or anyone else. Equally as significant, Plaintiffs have failed to provide any specific facts whatsoever regarding the who, what, when, where, or how of the alleged misrepresentations and fraudulent statements that supposedly led to their injuries, which is an essential element of Plaintiffs' fraud-based claims and an absolute requirement of Fed. R. Civ. P. 9(b). Plaintiffs also fail to show how Defendants' legitimate business dealings, which resulted in the payment of every claim submitted [*id.* ¶¶ 79–80], are "racketeering" pursuant to RICO, or otherwise entitle Plaintiffs to equitable relief under ERISA as against Viant, a non-fiduciary under ERISA. For these reasons, as more fully discussed below, all of Plaintiffs' causes of action against Viant should be dismissed with prejudice for failure to state a plausible claim upon which relief can be granted.

## LEGAL STANDARDS FOR MOTION TO DISMISS

### I.    Federal Rule Of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its own face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility when the plaintiff pleads factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the nonmoving party; however, they need not assume the truth of legal conclusions merely because they are cast in the form of factual assertions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, while "detailed factual allegations" generally are not required, the complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not sufficient to defeat a motion to dismiss under Rule 12(b)(6). *Twombly*, 550 U.S. at 555. Nor is a complaint sufficient if it tenders only "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

### II.    Federal Rule Of Civil Procedure 9(b)

Fed. R. Civ. P. 9(b) instructs that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud." To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, a plaintiff must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). A plaintiff must also plead facts explaining why a statement was false when it was made. *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 937–38 (N.D. Cal. 2019).

In the Ninth Circuit, Rule 9(b) applies where a complaint "sounds" or is "grounded" in fraud. *Vess*, 317 F.3d at 1103. This is true where a complaint alleges fraud as an essential element of the claim for relief or where fraud is not a necessary element but the plaintiff alleges what amounts to fraudulent conduct. *Id.* at 1103–04 (noting that a complaint sounds in fraud where a plaintiff alleges a "unified" course of fraudulent conduct or, instead, alleges some fraudulent and some non-fraudulent conduct; in the latter case, Rule 9(b) applies only to the fraudulent conduct). While the standard is somewhat difficult to apply, the rationale behind it rests on the preference for substance over form: where a complaint alleges conduct which in effect amounts to fraud, defendants are entitled for policy reasons to the enhanced reliability and notice that accompany more detailed pleadings. *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

It is also well-settled that, when a complaint "is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint." *Vess*, 317 F.3d at 1107 (9th Cir. 2003). The Ninth Circuit has squarely recognized that "such dismissals are appropriate," even though "there is no explicit basis in the text of the federal rules for the dismissal of a complaint for failure to satisfy 9(b)." *Id.* Thus, a motion to dismiss a complaint "under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.*

<strong><u>ARGUMENT</u></strong>

**I.    <u>Plaintiffs Consistently Fail To Satisfy The Strictures Of Fed. R. Civ. P. 9(b) With Respect To The Pleading Of Their Fraud-Based Claims.</u>**

It is indisputable that Plaintiffs' Complaint alleges fraudulent conduct as to both Viant and United, and that their claims against Viant "sound" and are "grounded" in fraud. In Plaintiffs' first cause of action for violation of RICO (Count I), the reference to fraud is explicit. [*See* Complaint, Rec. Doc. 1, ¶¶ 247, 250, 254–60, 270, 273–75, 278, 282, 285–86, 288]. In Plaintiffs' remaining causes of action for equitable relief under 29 U.S.C. § 1132(a)(3) (Counts VII and VIII), Plaintiffs incorporate by reference prior portions of the Complaint that describe the purported "scheme" or "grift" between United and Viant — allegations which charge both United and Viant with fraud. [*See, e.g.*, Complaint, ¶¶ 2 ("broke this promise"); 3 ("dishonest […] reimbursement scheme"); 18

-6-

("systematically concealed […] through misrepresentations"); 25–26 ("collusion to cover-up"); 35–36 ("no more than a con"); 43–44 ("never told"); 47, 49–52, 59 ("made false representations" and "fraudulently represented"); 96 ("did not disclose"); 101 ("United employs Viant to deceive"); 102 ("[t]his representation was a lie"); 107 ("United and Viant systematically concealed and continue to conceal […], including through material misrepresentations, omissions, and misleading statements"); 117 ("not revealed or told by"); 120 ("This representation, as Viant and United well know, is false"); 131–40 ("[f]alse [r]epresentations"); 162–63 ("clear lies"); 164 ("sham"); 165 ("misrepresentations"); 235 ("systematic misrepresentations" and "fraudulent representations")].

However, when all of these allegations are examined, one thing is apparent: they are devoid of any specific factual details that meet the particularity requirements and heightened pleading standard of Fed. R. Civ. P. 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (recognizing that Rule 9(b) applies where a complaint "sounds" or is "grounded" in fraud, including where a complaint alleges fraud as an essential element of the claim for relief or the plaintiff alleges what amounts to fraudulent conduct). Indeed, not one individual on either end of a communication in which an alleged fraudulent statement was made has been identified. Not one date, time, place, or any other detail regarding when any such communication was made has been provided. Nowhere has the exact language used in such a communication been set out. Nor is it even clear which of the purported misrepresentations, statements, or omissions were allegedly made by Viant and which were made by United. Yet, that is precisely what Rule 9(b) requires — "[i]n alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake," including the "who, what, when, where, and how" of the alleged fraud. As a result, all of Plaintiffs' claims against Viant are subject to dismissal with prejudice for failure to plead same with the requisite particularity required under Rule 9(b).

## II.    Plaintiffs Also Fail To State A Plausible Claim Upon Which Relief May Be Granted.

### A.    Plaintiffs Fail To State A Claim For Violation Of RICO, 18 U.S.C. § 1962(c).

In their initial claim against Viant under Count I of the Complaint, Plaintiffs allege that Defendants have engaged in conduct which violates the civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c). To successfully state a RICO claim under § 1962(c), a

-7-

plaintiff "must plausibly allege that the defendant participated, directly or indirectly, in (1) the conduct (2) of an enterprise that affects interstate commerce, (3) through a pattern (4) of racketeering activity." *Lesnik*, 374 F. Supp. 3d at 958. *See also Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc). Plaintiffs completely fail to allege sufficient facts to establish a § 1962(c) violation on the part of Viant.

> 1.    *Plaintiffs Fail To Adequately Plead A "Pattern of Racketeering Activity."*

"Racketeering activity" is defined under the RICO statute to mean "any act of threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, [drugs]." 18 U.S.C. § 1961(1).  The definition also goes on to include certain state law crimes and any act indictable under certain federal statutes and federal offenses." *Id.* To plead a pattern under RICO, "at least two predicate acts of racketeering activity need to be alleged." *Synopsis, Inc. v. Ubiquiti Networks, Inc.*, 313 F. Supp. 3d 1056, 1077 (N.D. Cal. 2018). Additionally, "where RICO is asserted against multiple defendants," as in the instant case, "a plaintiff must allege at least two predicate acts by each defendant." *In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 914 (C.D. Cal. 2012); *accord, Dooley v. Crab Boat Owners Ass'n*, 2004 WL 902361, *5 (N.D. Cal. Apr. 26, 2004).

As an initial matter, Plaintiffs appear to allege that Defendants have engaged in a pattern of racketeering activity through the commission of certain "Federal Health offenses" as defined by 18 U.S.C. § 24, and violations of a penal provision of ERISA, 18 U.S.C. § 1027. [*See* Complaint, ¶¶ 247–55]. However, these offenses are not included in the statutory list of predicate acts (criminal violations that can constitute "racketeering activity") found in 18 U.S.C. § 1961(1).  Thus, Plaintiffs' vague references to "Federal Health offenses" and "criminal acts" under 18 U.S.C. §§ 1027, 1035, and 1341, fail as a matter of law to provide a factual basis for the "racketeering activity" element of Plaintiffs' RICO claim.  *See Gens v. Colonia Savings, F.A.*, 2013 WL 1120503, *6 (N.D. Cal. March 18, 2013) (granting motion to dismiss without leave to amend; criminal trespasses/home invasions alleged as predicate acts not among offenses listed in 18 U.S.C. § 1961(1)).

Plaintiffs also attempt to allege mail fraud (18 U.S.C. § 1343) and wire fraud (18 U.S.C. § 1341) as the predicate acts to support their RICO claim. [*See* Complaint, ¶¶ 247, 260, 273, 278, 282–

-8-

84]. Wire fraud and mail fraud have four essential elements, which must be pled in conformity with Rule 9(b): "(1) a scheme to defraud, (2) the statements made and facts omitted as part of the scheme were material, (3) use of the wires, or United States mail, in furtherance of the scheme, and (4) a specific intent to deceive or defraud." *United States v. Woody's Trucking, LLC*, 2018 WL 443454, * (D. Mont. Jan. 16, 2018) (citing *United States v. Woods*, 335 F.3d 993, 997–99 (9th Cir. 2003)); *see also Sugarman v. Muddy Waters Capital LLC*, 2020 WL 633596, *4 (N.D. Cal. Feb. 3, 2020) ("A RICO claim predicated on mail or wire fraud must be pleaded in conformity with Rule 9(b)."). As to the fourth element, the Ninth Circuit recently clarified that, to be guilty of mail or wire fraud, "a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions.  In other words, a defendant must intend to deceive and cheat." *United States v. Miller*, 953 F.3d 1095, 1102 (9th Cir. 2020) (emphasis in original). Additionally, the mail and wire fraud statues both include an "interstate nexus" requirement; in the case of mail fraud, this element is satisfied by the use of the United States postal service.  *See Smith v. Ayres*, 845 F.2d 1360, 1366 (5th Cir. 1988).  "A claim for wire fraud, however, requires that wire communication cross state lines." *Richardson v. Dallas R. Hall & Associates*, 1996 WL 308261, *2 (N.D. Cal. May 23, 1996). *See also United States v. Garrido*, 713 F.3d 985, 998 (9th Cir. 2013).

Plaintiffs in this case have not plausibly alleged mail and wire fraud by Viant, let alone with the particularity that Rule 9(b).  Plaintiffs' conclusory allegations of mail and wire fraud fail at the outset because, as discussed above, Plaintiffs fail to plead the "who, what, when, where, or how" of any fraud, by either Defendant. *See Methodist Hosp. of S. Cal. v. Blue Cross of Cal.*, 2010 WL 11508022, at *11 (C.D. Cal. Feb. 26, 2010). *See also Bly-Magee*, 236 F.3d 1014 at 1018; *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (Rule 9(b) requires a RICO plaintiff requires a RICO plaintiff "to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme.").

Plaintiffs' allegations of mail and wire fraud also fail because Plaintiffs do not plead that any wire communications crossed state lines — a necessary to sustain a claim of wire fraud.  At most, Plaintiffs have alleged only that (i) some communications to further the alleged scheme were

-9-

transmitted by wire, and that (ii) "interstate wire facilities" were used. [*See* Complaint, ¶¶ 260, 278, 282–84]. But there is no allegation describing any particular communication sent by "wire" (fax, phone, or otherwise) that crossed a state line, which is fatal to Plaintiffs' claim. *Saniefar v. Moore*, 2017 WL 5972747, *10 (E.D. Cal. Dec. 1, 2017) (claim dismissed where no allegation of interstate communication); *Richardson*, 1996 WL 308261, *2. Also absent from Plaintiffs' Complaint are any factual allegations demonstrating a specific intent to deceive or defraud on the part of Viant. And because Plaintiffs have similarly failed to alleged facts sufficient to show "the existence of a scheme which was reasonably calculated to deceive persons of ordinary prudence and comprehension," fraudulent intent cannot be inferred. *Eclectic Properties E., LLC v. Marcus & Millichap Co.,* 751 F.3d 990, 1000 (9th Cir. 2014). For these reasons, Plaintiffs fail to establish that Viant engaged in any "pattern of racketeering activity, and as such, their RICO claim fails.

### 2. *Plaintiffs Fail To Adequately Plead An "Association-In-Fact" Enterprise.*

While Plaintiffs attempts to plead the existence of an "association-in-fact" enterprise, consisting of United and Viant, their conclusory assertions that United and Viant functioned as an enterprise with a common purpose, without any additional substantiating facts, are not sufficient to withstand this Motion to Dismiss. To sustain a RICO claim where an "association-in-fact" enterprise is concerned, Plaintiff must allege three separate elements: "(i) a common purpose of engaging in a course of conduct; (ii) evidence of an ongoing organization, formal or informal; and (iii) evidence that the various associates function as a continuing unit." *Hopkins v. Am. Home Mortgage Servicing, Inc.*, 2014 WL 580769, *4 (N.D. Cal. Feb. 13, 2014). The U.S. Supreme Court has also recognized "the basic principle" that § 1962(c) "imposes a distinctiveness requirement—that is, one must allege two distinct entities: a 'person' and an 'enterprise' that is not simply the same 'person' referred to by a different name." *Bias v. Wells Fargo & Co.*, 942 F. Supp. 2d 915, 939 (N.D. Cal. 2013). In other words, liability under RICO "depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs." *Id.* (emphasis in original). "Where the alleged association-in-fact is formed through routine contracts for services, the 'common purpose' element is unmet because the entities are pursuing their own individual economic interests, rather than a shared purpose." *Woodell v. Expedia Inc.*, 2019 WL 3287896, *8

-10-

SMRH:4846-3025-7087.1
PD.28923060.1

VIANT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

(W.D. Wash. July 22, 2019). *See also Gomez v. Guthy-Renker, LLC*, 2015 WL 4270042, at *8 (C.D. Cal. July 13, 2015).

Here, Plaintiffs attribute all of Viant's alleged actions to its performance of its service contract with United, under which Viant was retained by United to try and reduce (through negotiation) United's out-of-network costs. To the extent that there was a "fraudulent common purpose" to systematically underpay for out-of-network services, this purpose could not have been shared by Viant, which Plaintiffs allege (i) was not informed of the terms of any subscriber agreement, and (ii) could only agree to reimbursements pursuant to strict pricing terms established by United. [*See, e.g.,* Complaint, ¶¶ 41–42, 45, 52, 109, 113–16, 125, 128, 144]. There is simply no allegation that Viant acted as a member of a racketeering "enterprise," rather than as a company conducting its own affairs. Failing to identify any specific factual allegations in support of the common purpose of allegedly underpaying IOP services to increase the profits of the enterprise warrants dismissal of Plaintiffs' RICO claim. *See In re Jamster Mktg. Litig.*, 2009 WL 1456632, at *6 (S.D. Cal. May 22, 2009). Moreover, and "[d]espite the wide variety of approaches adopted by courts in interpreting the requirements of RICO, there has been a remarkable uniformity in their conclusion that RICO liability must be predicated on a relationship more substantial than a routine contract between a service provider and its client." *Gomez*, 2015 WL 427004 at *11. The Complaint in this case fails to allege that Viant did anything more than carry out the terms of its service contract with United. On this showing, Plaintiffs' enterprise allegations fail as a matter of law. *Stitt v. Citibank, N.A.*, 2015 WL 75237, *5 (N.D. Cal. Jan. 6, 2015).

Therefore, because Plaintiffs have failed to allege facts to establish the essential elements of an "enterprise" or a "pattern of racketeering activity," and for the additional reasons set forth in United's Motion to Dismiss filed contemporaneously herewith, Plaintiffs' RICO claim in Count I of the Complaint fails as a matter of law and must be dismissed pursuant to Rule 12(b)(6).

SMRH:4846-3025-7087.1
PD.28923060.1

**B.    Plaintiffs Fail To State A Claim For Injunctive Or Other Appropriate Equitable Relief Under ERISA, § 502(a)(3).**

In their remaining causes of action against Viant, Plaintiffs seek various forms of equitable relief based on ERISA, § 502(a)(3), 29 U.S.C. § 1132(a)(3), which states that a civil action may be brought:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

Specifically, Count VII of the Complaint is brought pursuant to § 1132(a)(3)(A) to address Defendants' purported "breaches of fiduciary duties," including, with respect to Viant, "the fiduciary duties [allegedly] assumed by acting as United's agent," as well as "the duty to act at all times in good faith" and "to act fairly, reasonably and promptly in dealing with […] United's insureds, their agents, and/or representatives, for adjusting claims, investigating claims handling, and properly and promptly returning the claims to United for payment." [*See* Complaint, ¶¶ 338–40, 342]. Count VIII is then brought pursuant to § 1132(a)(3)(B) and is based on allegations that Plaintiffs and the Plaintiff Class have reasonably and detrimentally "relied upon United's assertion in the plan documents and reiterated during lengthy and comprehensive verification of benefit calls that out-of-network claims, when covered, would be paid at the UCR rate;" that "United's failure to reimburse at the UCR rate [has] cause[d] Plaintiffs and the Class to spend their own money to make up for United's underpayments;" that "[t]he difference between the appropriate payment based on the UCR rate and the amount that United actually paid is a clear benefit that Plaintiffs and the Class have conferred upon United because they paid monies out of their own pocket that United was obligated to pay;" that United has "improperly retained" this benefit and the "monies it should have paid for the claims at issue" by "failing to reimburse the over-payments made by Plaintiffs and the Class;" and that "Plaintiffs and the Class have been harmed, and are likely to be harmed in the future, by Defendants' actions." [*See* Complaint, ¶¶ 346–58]. However, these allegations cannot serve as the basis for appropriate equitable relief against Viant for several reasons.

1. *Viant Is Not An ERISA Fiduciary, And Plaintiffs Do Not Plead Sufficient Facts To Establish A Breach Of Fiduciary Duties On The Part Of Viant.*

**First**, Plaintiffs do not sufficiently plead facts to establish Viant's fiduciary status or an underlying breach of fiduciary duties by Viant. ERISA provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plan." ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A). However, an action for breach of fiduciary duties under ERISA "may be brought only against persons definable as fiduciaries under ERISA. A non-fiduciary does not subject itself to liability simply by participating in a breach of trust by fiduciaries." *Kanawi v. Bechtel Corp.*, 590 F. Supp. 2d 1213, 1223 (N.D. Cal. 2008). Thus, "[t]o establish an action for equitable relief for breach of fiduciary duties under 29 U.S.C. § 1132(a)(3), the defendant must be an ERISA fiduciary acting in its fiduciary capacity, and must 'violate ERISA-imposed fiduciary obligations.'" *Herzfeld v. Teva Pharm. USA, Inc. Omnibus Welfare Plan*, 2020 WL 1864851, at \*3 (C.D. Cal. Apr. 14, 2020). *See also Schuman v. Microchip Tech. Inc.*, 302 F. Supp. 3d 1101, 1114 (N.D. Cal. 2018).

ERISA defines fiduciaries as those who either hold positions of fiduciary responsibility or exercise their fiduciary authority over the plan:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). The Department of Labor's guidelines for interpreting ERISA's definition of fiduciary as set forth in § 1002(21)(A) further clarify that persons who have no power to make decisions as to plan policy interpretations, practices or procedures but who perform specific administrative functions within a framework of policies, interpretations, rules, practices and procedures made by others are not deemed fiduciaries of the plan. 29 C.F.R. § 2509.75-8, D-2. It is therefore clear that, "[w]ithout any responsibility or authority over a plan's management and

-13-

SMRH:4846-3025-7087.1
PD.28923060.1

VIANT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

administration, one cannot be a fiduciary" under ERISA. *Brown v. Cal. Law Enf't Ass'n*, 81 F. Supp. 3d 930, 934 (N.D. Cal. 2015).

In the instant case, Plaintiffs do not allege or even suggest that any of the plan documents identify Viant as a named fiduciary — nor can they, as Viant is not an insurance company, and it does not market, sell, sponsor, insure, issue, or administer health benefit plans or programs or otherwise verify coverage or adjudicate benefits under any health benefit plans or programs. Plaintiffs also do not allege any facts to support a finding that Viant was exercising discretionary authority or control as to management of any plans or disposition of plan assets, or that it was rendering investment advice for any plans, or that it had discretionary authority or responsibility in the administration of any plans. *See* ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Instead, Plaintiffs simply allege that Viant was hired by United "to 'reprice' claims from patients" who receive services from out-of-network providers and "to negotiate" reimbursement rates with those providers on United's behalf, and that Viant "assumed" fiduciary duties "by acting as United's agent." [*See* Complaint, ¶¶ 32–34, 40, 342]. These conclusory assertions, without more, are not sufficient to subject Viant to status as a fiduciary under ERISA. *See*, *e.g.*, *Cty. of Monterey v. Blue Cross of Cal.*, 2019 U.S. Dist. LEXIS 120209 at *15 (N.D. Cal. July 18, 2019); *Brown*, 81 F. Supp. 3d t 935.

Plaintiffs' remaining allegations, which purport to explain Viant's role and responsibilities with respect to the claims at issue, are equally unavailing. In particular, Plaintiffs allege that, when United receives a claim requesting payment, "United sends the claim to Viant via an Electronic Data Interchange ('EDI') […] for third party repricing and negotiations" and also provides Viant with both a "base rate" and a "benchmark maximum rate," which allegedly represents the maximum reimbursement amount that United authorizes Viant "to negotiate up to in the repricing and negotiation process;" however, United does not transmit any plan terms or plan language to Viant when it has Viant reprice out-of-network claims. [Complaint, ¶¶ 45, 45, 109, 113–16]. Plaintiffs further allege that, after receiving the EDI from United for a particular claim, Viant sends a proposed "payment offer" to the provider who rendered the services that are the subject of the claim." [*Id.* ¶¶ 109, 118–21]. Finally, Plaintiff alleges that, in addition to the payment offer correspondence, Viant also sends a "patient advocacy letter" to both the patient and the provider, in which it allegedly

-14-

claims to represent the patient in a negotiation with the provider to reduce the billed amount." [*Id.* ¶¶ 118–23, 143–44]. None of these alleged facts points to Viant having any responsibility, authority, or control whatsoever with respect to the management, assets, or administration of any health benefit plan. Absent such allegations, Plaintiffs cannot establish that Viant is an ERISA fiduciary.

Even if Plaintiffs could plead sufficient facts to establish Viant's status as an ERISA fiduciary, Plaintiffs must still plead that Viant was acting in its fiduciary capacity and that it violated ERISA-imposed fiduciary obligations, which they have also failed to do. *See Herzfeld*, 2020 WL 1864851 at \*3. It is well-settled that "ERISA fiduciaries breach their duties if they mislead plan participants or misrepresent the terms of administration of a plan." *Berman v. Microchip Tech. Inc.*, 2018 WL 732667, at \*9 (N.D. Cal. Feb. 6, 2018) (citing *King v. Blue Cross & Blue Shield of Ill.*, 871 F.3d 730, 744 (9th Cir. 2017)). But to prevail on a claim for breach of fiduciary duty based on misrepresentations, a plaintiff must plead and prove: "(1) the defendant's status as an ERISA fiduciary acting as a fiduciary; (2) a misrepresentation on the part of the defendant; (3) the materiality of that misrepresentation; and (4) detrimental reliance by the plaintiff on the misrepresentation." *In re Computer Scis. Corp. ERISA Litig.*, 635 F. Supp. 2d 1128, 1140 (C.D. Cal. 2009). Additionally, as to the element of detrimental reliance, the plaintiff must show that "the misrepresentation influenced the plaintiff's conduct, which caused prejudice." *McBean v. United of Omaha Life Ins. Co.*, 2019 WL 1508456, at \*9 (S.D. Cal. Apr. 5, 2019).

Here, Plaintiffs allege that "Viant, in its [negotiation] correspondence [to providers], reports that the payment offer is based on UCR rates, plan terms, or other independent bases," which "representation, as Viant and United well know, is false." Plaintiffs further allege that Viant, in its patient advocacy letter, informed Plaintiff and the other class members that it "would be negotiating reimbursement rates on their behalf," but that "[n]owhere in the letter did it state that Viant was authorized on the Plaintiffs' or the Class' behalf or state that Plaintiffs could 'opt-out' of this negotiation and have their claims processed by United for payment" nor did the letter "disclose that Viant is not given the specific terms and language as to each patients' plan." [Complaint, ¶¶ 118–23, 143–44]. Plaintiffs also make vague references throughout the Complaint to "false representations" and "affirmative misrepresentations" allegedly made by Viant, including purported

-15-

SMRH:4846-3025-7087.1
PD.28923060.1

representations as to Viant's "authority to negotiate, and the source of [its] 'offered' payment amounts." [*Id.* ¶¶ 18, 49, 107, 165, 235, 259]. Yet, Plaintiffs do not provide any details whatsoever regarding the content of any purported misrepresentations, much less any details regarding the when, where, or how of any such misrepresentations. In fact, in many instances, it is not even clear which of the purported misrepresentations were allegedly made by Viant and which were made by United. Plaintiffs simply assert that there were representations made, and that they were not true because United and Viant ultimately did not to live up to them. Again, nothing is alleged that even comes close to satisfying the requirements of Rule 9(b).

Perhaps more importantly, there are absolutely no allegations anywhere in the Complaint to establish the materiality of Viant's alleged misrepresentations. Nor are there any allegations to establish that such misrepresentations were relied upon by Plaintiffs (or any of the Plaintiff Class members) or that they influenced Plaintiffs' conduct in any way, much less that Plaintiffs were harmed as a result of any purported misrepresentations by Viant.

Finally, Plaintiffs' conclusory assertion that United and Viant "have systematically failed to properly price claims according to UCR and have systematically concealed this failure through misrepresentations about pricing and payment methods to their members," and their suggestion that United did not intend to pay UCR for IOP services or that Viant did not intend to negotiate in an amount equivalent to the "actual" UCR rate (which Plaintiffs fail to identify) [s*ee* Complaint, ¶¶ 18, 47, 59], are wholly unsupported and are belied by the realities of what was occurring — namely, that United, with Viant's assistance when called upon, was seeking to control costs for the health benefit plans with which United contracted. Under the *Iqbal/Twombly* plausibility standard, Plaintiffs' breach of fiduciary duties allegations against Viant must fall because they do not "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. t 663 (citing *Twombly*, 550 U.S. at 556).

More plausible, because it is consistent with the actual facts, are the legitimate concerns and efforts undertaken by United, employing Viant, to reign in the costs associated with out-of-network providers. Plaintiffs essentially allege that, for the claims at issue in this case, United was required to pay 100% of the out-of-network provider's billed charges because those charges are "equivalent"

to UCR. [*See* Complaint, ¶¶ 173–74, 186–87, 199–200, 211–12, 223–24]. But in reality, this is never true; the whole concept of managed care is necessary to put a check on the charges that providers submit, allowing health benefit plans and their members to receive treatment at more reasonable costs. Indeed, the mechanism that Plaintiffs' deride as "no more than a con" is not such at all. Viant's involvement in that process, both with respect to repricing and negotiation are not intended to, and in fact, do not defraud or intentionally misrepresent anything. Instead, they are intended to implement the goal of ensuring that claims submitted are properly priced, and where such action is warranted, negotiated to ensure that payment is appropriate once United so directs. That Viant receives recompense for providing such services is not the result of fraud or intended to encourage fraud; it is simply part of a legitimate business arrangement. Plaintiffs' attempt to convert this arrangement into something nefarious through their conclusory allegations should not be allowed. *See, e.g.*, *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996–97 (9th Cir. 2014). For all of the foregoing reasons, Plaintiffs do not and cannot state a plausible claim against Viant for equitable relief due to a breach of fiduciary duties under ERISA, § 502(a)(3).

2.   *Plaintiffs Do Not Plead Sufficient Facts To Establish That Viant Knowingly Participated In A Prohibited ERISA Transaction.*

**Second**, Plaintiffs do not assert a claim against Viant for nonfiduciary breach, as they expressly premise their claims for equitable relief on a breach of ERISA-fiduciary duties. [*See* Complaint, ¶¶ 338–43]. However, to the extent Plaintiffs are attempting to allege a nonfiduciary breach against Viant, that claim is deficient and is subject to dismissal pursuant to Rule 12(b)(6).

A claim for equitable relief for nonfiduciary liability under ERISA, § 502(a)(3), 29 U.S.C. § 1132(a)(3), "is available only where a 'party in interest' has participated in 'prohibited transactions.'" *Kyle Railways, Inc. v. Pac. Admin. Servs., Inc.*, 990 F.2d 513, 516–17 (9th Cir. 1993). *See also Bush v. Liberty Life Assurance Co. of Bos.*, 130 F. Supp. 3d 1320, 1331 (N.D. Cal. 2015) ("[A] non-fiduciary may be liable for knowingly participating in the administrator's breach of [fiduciary] duty."). ERISA's prohibited transaction provision is set forth in 29 U.S.C. § 1106, and provides, in pertinent part, as follows:

(a) Transactions between plan and party in interest

-17-

SMRH:4846-3025-7087.1
PD.28923060.1

****

(1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect—

    (A) sale or exchange, or leasing, of any property between the plan and a party in interest;

    (B) lending of money or other extension of credit between the plan and a party in interest;

    (C) furnishing of goods, services, or facilities between the plan and a party in interest;

    (D) transfer to, or use by or for the benefit of a party in interest, of any assets of the plan; or

    (E) acquisition, on behalf of the plan, of any employer security or employer real property in violation of section 1107(a) of this title.

(2) No fiduciary who has authority or discretion to control or manage the assets of a plan shall permit the plan to hold any employer security or employer real property if he knows or should know that holding such security or real property violates section 1107(a) of this title.

(b) Transactions between plan and fiduciary

A fiduciary with respect to a plan shall not—

(1) deal with the assets of the plan in his own interest or for his own account,

(2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, or

(3) receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.[5]

---

[5] ERISA § 408(b) provides for a broad range of statutory and administrative exemptions for § 406(a) prohibitions.  For example, fiduciaries are permitted to make "reasonable arrangements with a party in interest" for "services necessary for the establishment or operation of the plan" so long as "no more than reasonable compensation is paid therefor."  29 U.S.C. § 1108(b)(2).

-18-

SMRH:4846-3025-7087.1
PD.28923060.1

As an initial matter, even assuming that Viant qualifies as a "party in interest" under ERISA, Plaintiffs have not alleged any facts to suggest that Viant's conduct constitutes a "prohibited transaction" under ERISA § 406(a)(1). At most, Plaintiffs appear to suggest, but do not expressly allege, that Viant should be held liable under ERISA, § 502(a)(3) because Viant's purported conduct in repricing and negotiating claims constitutes participation in United's alleged breach of fiduciary duties. To this end, Plaintiffs allege that United violated its fiduciary duties of loyalty and due care, as well as its duty to "ensure that out-of-network claims are properly pried and paid according to UCR as required by the plan documents," by "making out-of-network benefit reductions and adverse benefit determinations that were not authorized by the plan documents" for "the purpose of saving money at the expense of its [m]embers," and that United "employ[ed]" and "misuse[d]" Viant in order to "improperly calculate UCR and reduce other benefits paid to providers for out-of-network IOP services," to "deceive patients and providers," and to "avoid providing full plan benefit." [Complaint, ¶¶ 101, 306, 322; *see also* ¶¶ 24–25, 112].

However, there are absolutely no factual allegations to establish that Viant knowingly participated in United's alleged breach of fiduciary duties — *i.e.*, that Viant had "actual or constructive knowledge of the circumstances that rendered the transaction unlawful." *See Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246, 251 (2000). *See also Del Castillo v. Cmty. Child Care Council of Santa Clara Cty., Inc.*, 2019 WL 6841222, at *6 (N.D. Cal. Dec. 16, 2019). In fact, Plaintiffs' allegations suggest the exact opposite, as Plaintiffs repeatedly state that Viant does not receive, have access to, or knowledge of any plan terms or plan language. [*See* Complaint, ¶¶ 41–42, 51–52, 113–16, 128, 144]. Based on these allegations, Plaintiffs cannot reasonably claim that Viant had actual or constructive knowledge that United was engaged in any supposed breach of fiduciary duties or violation of plan terms or that Viant's repricing methodologies and negotiated rates were allegedly prohibited by and violative of the terms of any plan because, by Plaintiffs' own admission, Viant has no knowledge of any plan terms.

Additionally, and for the reasons set forth in United's contemporaneously filed Motion to Dismiss, Plaintiffs have failed to plead an underlying prohibited transaction or fiduciary breach on the part of United. Therefore, because the Complaint does not allege facts establishing that Viant

"knowingly participated" in a "prohibited transaction," Plaintiffs do not and cannot state a claim against Viant for equitable relief for nonfiduciary liability under ERISA, § 502(a)(3).

### 3.    *Plaintiffs Do Not Plead Appropriate Equitable Relief.*

**Third**, Plaintiffs have not pled facts to show that appropriate equitable relief is available under ERISA, § 502(a)(3). Among the relief requested by Plaintiffs is:

- An award for "restitutionary […] damages in an amount according to proof;"

- An injunction (i) "enjoining Defendants from the conduct alleged;" (ii) "[o]rdering United to reprocess all underpaid claims using an appropriate methodology;" and (iii) "[o]rdering United and Viant to provide transparency as to the methodology applied in reprocessing claims and that the methodology be approved by the Court;"

- A declaration (i) "that United's payments were improper underpayments;" (ii) "that United's payment methodologies were and are improper;" and (iii) "that Viant's benefit determination and negotiation methodologies are improper;" and

- A "surcharge, disgorging Defendants unjust enrichments from their wrongful conduct."

[*See* Complaint, Prayer for Relief, ¶¶ 4, 7–13, 15].

However, several of Plaintiffs' claims are duplicative of relief available under other provisions of ERISA and are subject to dismissal on this basis. In particular, Plaintiffs' requests for declaratory relief under § 502(a)(3) are barred because such relief is nothing more than a request for the Court to enforce the terms of ERISA plans — relief for which ERISA provides a remedy under § 502(a)(1)(B).[6] *See* 29 U.S.C. § 1132(a)(1)(B). The same is true with respect to Plaintiffs' requests that the Court enjoin Defendants "from the conduct alleged" and order that all claims be reprocessed "using an appropriate methodology." Likewise, Plaintiffs' request that the Court require Defendants "to provide transparency as to the methodology applied in reprocessing claims" and approve such methodology is no more than a request for the Court to clarify Plaintiffs' rights to future benefits

---

[6] Plaintiffs also seek a declaration "that United and Viant have engaged in an illegal, prohibited, RICO enterprise." However, this request fails as a matter of law because it is duplicative of Plaintiffs' RICO claim, which is insufficiently pled and subject to dismissal for the reasons discussed above.

under the terms of ERISA plans — a remedy that is also available under § 502(a)(1)(B). *See id. See also Berman*, 2018 WL 732667 at *11. That Plaintiffs cannot state a viable claim under § 502(a)(1)(B) does not mean that Plaintiffs can sue for equitable relief under § 502(a)(3), because the "basis for [their] claim[s]" is still legal, not equitable. *See Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 660 (9th Cir. 2019).

Plaintiffs' claim for injunctive relief is also subject to dismissal because Plaintiffs have not pled sufficient facts to establish that they are entitled to an injunction against Viant. In this Circuit, "[f]or a plaintiff to establish that it is entitled to an injunction, it "must satisfy a four-factor test," and show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*See Berman*, 2018 WL 732667 at *12 (quoting *Ctr. for Biological Diversity v. Mattis*, 868 F.3d 803, 827 (9th Cir. 2017)). Here, Plaintiffs do not plead the unavailability of legal remedies or that a permanent injunction would serve the public interest. Nor are there any facts establishing that a remedy in equity is warranted as against Viant. Absent such facts, Plaintiffs fail to state a claim for injunctive relief against Viant. Further, because the only concrete injury Plaintiffs allege involves past "underpayments" for services they received in 2018 and 2019, Plaintiffs do not even have Article III standing to seek injunctive or other prospective relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) ("Abstract injury is not enough […] and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'"); *Thole v. U.S. Bank N.A.*, —U.S.—, 2020 WL 2814294 (U.S. June 1, 2020) (holding that Article III's requirements apply with full force to claims for statutory violations under § 502(a)(3)).

Finally, while Plaintiffs attempt to characterize their remaining requests for relief as equitable by labeling them as "restitution," "surcharge," and "disgorgement," the relief that Plaintiffs actually seek is nothing more than money damages, which are not available under ERISA § 502(a)(3). As a Court in this District recently explained,

[b]ecause Section 502(a)(3) allows plaintiff to seek only "appropriate equitable relief," courts must closely analyze whether the requested relief is legal relief, such as money damages, or equitable relief. "To qualify as 'equitable relief,' both '(1) the basis for the plaintiff's claim and (2) the nature of the underlying remedies sought' must be equitable rather than legal." *Depot, Inc.*[,] 915 F.3d [at] 660 […]. In *Depot*, the Ninth Circuit warned that "[a]lmost invariably suits seeking to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages'"—the "classic form of legal relief." *Id.* at 661 (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002)). Indeed, even claims labeled as "restitution" or "disgorgement" may not be equitable in nature.

*Del Castillo*, 2019 WL 6841222 at *7.

A claim for equitable restitution requires a plaintiff to identify "money or property […] as belonging in good conscience to the plaintiff" that "could clearly be traced to particular funds or property in the defendant's possession." *Great-West*, 534 U.S. at 213; *see also Sereboff v. Mid Atlantic Med. Servs., Inc.*, 547 U.S. 356, 323–64 (2006); *US Airways, Inc. v. McCutcheon*, 133 S.Ct. 1537, 1545 (2013). "Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great-West*, 534 U.S. at 213–14. Additionally, under the "unjust enrichment" theory of surcharge, a fiduciary "who gains a benefit by breaching his or her duty must return that benefit to the beneficiary." *Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1167 (9th Cir. 2012); *Schuman v. Microchip Tech. Inc.*, 302 F. Supp. 3d 1101, 1114–20 (N.D. Cal. 2018). Where a plaintiff seeks "surcharge as a restitutionary remedy based on disgorgement," as in the present case, the court must look "to the principles of restitution in evaluating whether" the plaintiff is entitled to such a remedy. *See Wit v. United Behavioral Health*, 2017 WL 3478775, at *15 (N.D. Cal. Aug. 14, 2017).

Even when the allegations of the Complaint are viewed in the light most favorable to Plaintiffs, it is clear that, despite their characterizations, Plaintiffs' requests for "restitutionary damages" and a "surcharge, disgorging Defendants['] unjust enrichments" are nothing more than claims for legal relief poorly disguised as claims in equity. For starters, the basis for these claims is legal, not equitable, as demonstrated by the fact that Counts VII and VIII merely incorporate and repeat all of the same allegations from Plaintiffs' legal causes of action. Equally significant,

-22-

SMRH:4846-3025-7087.1
PD.28923060.1

VIANT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

Plaintiffs do not even attempt to satisfy the stringent pleading requirements for any of the limited categories of monetary relief that could qualify as equitable under § 502(a)(3). Not only do Plaintiffs fail to do not identify any particular assets or funds that can reasonably be traced to Viant, nor do they allege that Viant has improperly retained any monies allegedly owed to, or received any benefit directly from, Plaintiffs or any of the other members of the Plaintiff Class. Indeed, nothing in the Complaint states or even suggests that Viant was unjustly enriched or that Viant received anything other than compensation from United pursuant to their contractual agreement. Plaintiffs therefore fail to satisfy the stringent pleading requirements for any of the limited categories of monetary relief that could qualify as equitable under § 502(a)(3).

Accordingly, and for the additional reasons set forth in United's Motion to Dismiss filed contemporaneously herewith, Counts VII and VIII of Plaintiffs' Complaint should be dismissed for failure to state a claim for equitable relief against Viant under ERISA, § 502(a)(3).

## CONCLUSION

For the foregoing reasons, Defendant Viant, Inc. respectfully requests that this Court grant its Motion and dismiss all of the claims and causes of action asserted by Plaintiffs against Viant in the Class Action Complaint, namely Count I for violations of RICO, § 1962(c), and Counts VII and VIII for equitable relief under ERISA, 29 U.S.C. § 1132(a)(3).

DATED: June 11, 2020

By:_____/s/ Moe Keshavarzi_____
Moe Keshavarzi
David Dworsky
Sheppard Mullin
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone: (213) 620-1780
Fax: (213) 620-1398

and

Errol J. King, Jr. (*pro hac vice application pending*)
Phelps Dunbar LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197
Attorneys for Defendant, Viant, Inc.