1   HEATHER L. RICHARDSON, SBN 246517
      hrichardson@gibsondunn.com
2   LAUREN M. BLAS, SBN 296823
      lblas@gibsondunn.com
3   GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
4   Los Angeles, CA  90071-3197
    Telephone: 213.229.7000
5   Facsimile:  213.229.7520

6   GEOFFREY SIGLER (*pro hac vice pending*)
      gsigler@gibsondunn.com
7   JOSHUA LIPTON (*pro hac vice pending*)
      jlipton@gibsondunn.com
8   Gibson, Dunn & Crutcher LLP
    1050 Connecticut Avenue, N.W.
9   Washington, DC 20036-5306
    Telephone: 202.995.8500
10  Facsimile:  202.467.0539

11  Attorneys for Defendant
    UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH, and CJ, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, and VIANT, INC., a Nevada Corporation,<br><br>Defendant. | Case No. 4:20-cv-02254-YGR<br><br>Related Case: 4:20-cv-02249-YGR<br><br>**DEFENDANT UNITED BEHAVIORAL HEALTH'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>[*Defendant United Behavioral Health's Notice of Motion and Motion to Dismiss and Declaration of Ngoc Han S. Nguyen filed concurrently herewith*] |

Gibson, Dunn & Crutcher LLP

DEFENDANT UNITED BEHAVIORAL HEALTH'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 4:20-CV-02254

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendant United Behavioral Health ("UBH") respectfully asks the Court to take judicial notice of Exhibits 1 through 8 of the accompanying Declaration of Ngoc Han S. Nguyen (the "Nguyen Declaration") in support of Defendant UBH's Motion to Dismiss Plaintiffs' Complaint, filed concurrently herewith, as well as the complaint filed in the related case, *Pacific Recovery Solutions, et al., v. United Behavioral Health, et al.*, No. 4:20-cv-02249-YGR (N.D. Cal.) and the first amended complaint filed with the notice of removal in *Summit Estate, Inc. v. UnitedHealthcare Insurance Company, et al.*, No. 4:19-cv-06724-YGR (N.D. Cal.).

**I. ARGUMENT**

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to documents incorporated into the complaint by reference and matters subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Under the incorporation by reference doctrine, the Court may consider documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998) *superseded by statute on other grounds*. The doctrine of "incorporation by reference" thus permits consideration of a document when a "plaintiff's claim depends on [its] contents . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel*, 393 F.3d at 1076; *see also B.R. v. Beacon Health Options*, 2017 WL 2351973, at *3 (N.D. Cal. May 31, 2017) (considering plan documents under the doctrine of incorporation by reference "[b]ecause Plaintiffs' claim [was] predicated entirely on the terms and benefits of the SAG [ERISA] Plan").

The Court may also take judicial notice of matters that are either (1) "generally known in the trial court's territorial jurisdiction," or (2) capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, under Federal

Gibson, Dunn & Crutcher LLP

2

DEFENDANT UNITED BEHAVIORAL HEALTH'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 4:20-CV-02254

Rule of Evidence 201(b), the Court may take judicial notice of "court filings and other matters of public record" because they are "readily verifiable." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Courts routinely do so. *See e.g.*, *ReadyLink Healthcare, Inc.*, 754 F.3d 754, 756 n.1 (9th Cir. 2014) ("We grant both parties' motions for judicial notice of the California state court proceedings."); *Fowler Packing Co., Inc. v. Lanier*, 844 F.3d 809, 813 n.2 (9th Cir. 2016) (taking judicial notice of the filing of another case and the claims alleged therein).

This Court may take judicial notice of **Exhibits 1, 2, and 3** to the Nguyen Declaration, which are excerpts of the Apple summary plan descriptions (Exhibits 1 and 2) and Tesla summary plan description (Exhibit 3) referenced and relied on throughout the Complaint. *See* Compl. ¶ 178 ("Because of United and Viant, LD has been denied full benefits available under the Apple benefit plan and is now responsible for a balance bill owed to Summit Estate."); ¶ 228 ("Because of United and Viant, CJ has been denied the full benefits available under the Tesla benefit plan and is no responsible for a balance bill owed to Summit Estate."); *see also* ¶¶ 35, 75, 169–71, 175, 178, 182–84, 190–91, 195–97, 204, 207–09, and 216 (referring to or making claims based on Apple summary plan descriptions); ¶¶ 35, 77, 220, 221 and 228 (referring to or making claims based on Tesla summary plan descriptions). Because these documents are referenced and relied on in the Complaint, they are relevant, and because their authenticity is not subject to reasonable dispute, the Court may consider Exhibits 1, 2, and 3 under the incorporation-by-reference doctrine. *See Parrino*, 146 F.3d at 705–06 (taking notice of ERISA "documents governing plan membership, coverage, and administration" referenced and relied on in complaint); *Beacon Health Options*, 2017 WL 2351973, at *3 (taking notice of health plan's "terms and benefits," even though plaintiffs did not reference the document in the complaint, because plaintiffs' "claim [was] predicated entirely on the terms and benefits of the [ERISA] SAG Plan"); *see also Hints v. Am. Family Life Assurance Co. of Columbus*, 2020 WL 2512234, at *1, n.1 (N.D. Cal. May 15, 2020) (Gonzalez Rogers, J.) (taking judicial notice of insurance policy in ERISA action).

For the same reason, Defendant UBH also requests that the Court take judicial notice of **Exhibits 4, 5, 6, 7,** and **8** to the Nguyen Declaration, which are Explanations of Benefits documents

3

DEFENDANT UNITED BEHAVIORAL HEALTH'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 4:20-CV-02254

Gibson, Dunn & Crutcher LLP

sent to named plaintiffs LD, DB, BW, RH, and CJ, as these documents are referenced and relied on in the Complaint, they are relevant, and their authenticity is not subject to reasonable dispute. Therefore, they are properly considered under the incorporation by reference doctrine as well. *See* Compl. ¶ 252 ("The Plaintiffs and the Class received EOB's from United that did not meet these requirements."); ¶ 325 ("United breached its fiduciary duty by sending noncompliant EOBs and other communications to Plaintiffs and the Class."); *see also* ¶ 53, 55, 104, 252, 313, 322, 325, and 356; *Parrino*, 146 F.3d at 705–06; *Beacon Health Options*, 2017 WL 2351973, at *3.

UBH also requests that the Court take judicial notice of the complaint, filed as docket entry 1, in the related case of *Pacific Recovery Solutions, et al., v. United Behavioral Health et al.*, No. 4:20-cv-02249 (N.D. Cal.) and the first amended complaint, filed with the notice of removal as docket entry 1, in *Summit Estate, Inc. v. UnitedHealthcare Insurance Company, et al.*, No. 4:19-cv-06724-YGR (N.D. Cal.). As a "court filing or other public record," the *Pacific Recovery* and *Summit Estate* complaints are properly subject to judicial notice. *See Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n.6.

**II. CONCLUSION**

For the foregoing reasons, UBH respectfully requests that the Court take judicial notice of Exhibits 1 through 8 of the Nguyen Declaration, the *Pacific Recovery* complaint, and the *Summit Estate* complaint.

Dated: June 11, 2020

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Heather Richardson*
    Heather Richardson

Attorney for Defendant
UNITED BEHAVIORAL HEALTH

4
DEFENDANT UNITED BEHAVIORAL HEALTH'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 4:20-CV-02254

Gibson, Dunn & Crutcher LLP