Matthew M. Lavin, Esq. (*pro hac vice*)
Wendy A. Mitchell, Esq. (CA SBN 158553)
**NAPOLI SHKOLNIK PLLC**
5757 W. Century Boulevard, Suite 680
Los Angeles, CA 90045
(212) 397-1000 / Fax (646) 843-7603

David M. Lilienstein, Esq. (CA SBN 218923)
Katie J. Spielman, Esq. (CA SBN 252209)
**DL LAW GROUP**
345 Franklin Street
San Francisco, CA 94102
(415) 678-5050 / Fax (415) 358-8484

*Attorneys for Plaintiffs and Putative Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD, DB, BW, RH and CJ on behalf of themselves and all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>UNITED BEHAVIORAL HEALTH, INC. a California corporation, and VIANT, INC., a Nevada corporation,<br><br>*Defendants.* | Case No.: 4:20-CV-02254-YGR<br><br>**PLAINTIFFS' OBJECTION TO DEFENDANT UNITED BEHAVIORAL HEALTH, INC.'S REQUEST FOR JUDICAL NOTICE IN CONNECTION WITH MOTION TO DISMISS**<br><br>Complaint Filed: April 2, 2020<br>Trial Date:     None Set<br><br>Hearing Date:  August 11, 2020<br>Hearing Time:  2:00 p.m.<br>Courtroom:     1-4th Floor |

1	Plaintiffs object to Defendant UNITED BEHAVIORAL HEALTH, INC.'s ("UNITED") request for judicial notice submitted concurrently with its Motion to Dismiss. UNITED seeks judicial notice of excerpts of what it represents to be plan documents and explanation of benefit forms.

The Court generally may not look beyond the four corners of a complaint in ruling on a motion to dismiss, with the exception of documents incorporated into the complaint by reference, and any relevant matters subject to judicial notice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). While the court may, in its discretion, consider documents referred to in a complaint, this is not procedural stage of this case to do that.

In its request for judicial notice, UNITED submits limited pages of the Apple and Tesla plans it has "determined" are applicable. This is problematic in that it requires reliance on the declaration of submitted by Ngoc Han S. Nguyen in support of the request for judicial notice. However, declarations that would not be admissible are subject to objection and may be stricken. *See Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001).

Further, the proffered documents are a mere fraction of a much larger summary plan description. Oftentimes plan summaries can run in the hundreds of pages, yet somehow—and with no explanation—UNITED proffers a small portion of the entire document. The plan must be read as a whole document. Otherwise there is an incomplete, possibly misleading, record before the court. This is a real concern as the 2019 Apple plan excerpts submitted by UNITED do not include, for example, the "eligible expense" definition from that plan. Thus, the court and Plaintiffs' will be subject to UNITED's perspective of what parts of the plan may be applicable if the request for judicial notice is granted.

Furthermore, it is unclear if or to what extent these plan summaries are plan documents. See, e.g. *Cigna Corp. v. Amara*, 563 U.S. 421, 438 (2011) (stating that "summary documents, important as they are, provide communications with beneficiaries *about* the plan, but . . . their statements do not themselves constitute the *terms* of the plan for purposes of ERISA § 502(a)(1)(B)) (emphasis in original). ERISA contains four requirements to establish a plan document: 1) a funding procedure, allocation of operation and administration responsibilities, 3) procedures for amending the plan, and 4) payment information. See 29 U.S.C. § 1102. Whether the larger document from which UNITED

- 2 -

LD v. UNITED and VIANT - PLAINTIFFS' OBJECTION TO REQUEST FOR JUDICAL NOTICE IN OPPOSITION TO UNITED MOTION TO DISMISS
4:20-CV-02254-YGR

has excerpted is an actual plan document cannot be determined from the scant record in UNTIED's request for judicial notice.

To the extent that the complete copy of the proffered summary plan descriptions could be actual plan documents, they may be the only plan documents, or they may be one of many plan documents. See *Mull for Mull v. Motion Picture Industry Health Plan*, 865 F.3d 1207, 1210 (9th Cir. 2017. Indeed, "an ERISA plan may incorporate other formal or informal documents, such as a collective bargaining agreement or a certificate of insurance. *Mull v. Motion Picture Industry Health Plan*, 51 F.Supp.3d 910, 922 (C.D.Cal. 2014) (quoting *Gonzales v. Unum Life Ins. Co. of America,* 861 F.Supp.2d 1099, 1107–08 (S.D.Cal.2012) (Anthony Battaglia, J.) (citing *Richardson v. Pension Plan of Bethlehem Steel Corp.,* 112 F.3d 982, 983 (9th Cir.1997)). ). Other potential plan documents include insurance policies, administrative trust agreements between employers and health insurers, or other trust agreements. Similarly, the EOBs provided by United are randomly chosen, and do not provide the larger picture related to the underpricing and underpayment of health care claims that are the subject of this litigation. None of this can be resolved on a request for judicial notice that is premised on snippets of one purported plan document.

Indeed, this action expressly focuses on an alleged fraudulent scheme by UNITED that disregards the plan terms. UNITED allegedly acted outside of the plan—Plaintiffs' complaint alleges UNITED did not use or apply the terms of the plans in calculating benefit payments. Thus, even if the proffered documents are part of overall plan documents, and while the complete plans may have some future relevance, at this stage they are not material or necessary to the determination of this motion.

In *Khoja v. Orexigen Therapeutics, Inc.,* 889 F.3d 998, 419 (9th Circuit 2018) the court discussed that inferences to be drawn from incorporated documents should be approached with caution, stating as follows at page 1003:

> "… what inferences a court may draw from an incorporated document should also be approached with caution. We have stated that, unlike judicial notice, a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006) (quoting *Ritchie*, 342 F.3d at 908). While this is generally true, it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated

in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff."); *see also Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942, n.1 (9th Cir. 2008) (finding it proper to consider disability benefits plan referenced in complaint, but declining to accept truth of the plan's contents where the parties disputed whether defendant actually implemented the plan according to its terms)."[Underlining Added]

UNITED'S request to have the explanation of benefit forms (EOB'S) attached to the Nguyen declaration is not appropriate. While the EOB's are an evidentiary piece of the puzzle in this case, they are not a necessary or determinative factor in this motion or at this stage of the litigation.

By reason of the foregoing, Plaintiffs' respectfully request the court deny UNITED'S request for judicial notice in its entirety.

Dated: July 2, 2020

**NAPOLI SHKOLNIK PLLC**

          /s/ Matthew M. Lavin          
Matthew M. Lavin
Wendy A. Mitchell


**DL LAW GROUP**

          /s/  David M. Lilienstein          
David M. Lilienstein
Katie J. Spielman

*Attorneys for Plaintiff
and the Putative Class*

- 4 -

LD v. UNITED and VIANT - PLAINTIFFS' OBJECTION TO REQUEST FOR JUDICAL NOTICE IN OPPOSITION TO UNITED MOTION TO DISMISS
4:20-CV-02254-YGR