1   LAUREN M. BLAS, SBN 296823
        lblas@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
3   Los Angeles, CA 90071-3197
    Telephone: 213.229.7000
4   Facsimile: 213.229.7520

5   GEOFFREY SIGLER (*admitted pro hac vice*)
        gsigler@gibsondunn.com
6   GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, N.W.
7   Washington, DC 20036-5306
    Telephone: 202.995.8500
8   Facsimile: 202.467.0539

9   Attorneys for Defendant
    UNITED BEHAVIORAL HEALTH

10

11                  UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                      OAKLAND DIVISION

14

15  LD, DB, BW, RH, and CJ, on behalf of          Case No. 4:20-cv-02254-YGR
    themselves and all others similarly situated,
16                                                 Related Case: 4:20-cv-02249-YGR
                    Plaintiffs,
17                                                 **DEFENDANT UNITED BEHAVIORAL
            v.                                     HEALTH'S AMENDED ANSWER TO
18                                                 PLAINTIFFS' SECOND AMENDED CLASS
    UNITED BEHAVIORAL HEALTH, a                    ACTION COMPLAINT**
19  California Corporation, and MULTIPLAN,
    INC., a New York Corporation,
20
                    Defendants.
21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

Defendant United Behavioral Health ("UBH") hereby answers the allegations in Plaintiffs' Second Amended Class Action Complaint ("SAC"), according to its numbered paragraphs as follows below. UBH denies all allegations in the SAC not expressly admitted herein. UBH states that the headings, sub-headings, and footnotes throughout the SAC do not constitute well-pled allegations of fact and therefore require no response. To the extent a response is required, UBH denies the allegations in the headings, sub-headings, and footnotes in the SAC. By filing this Answer, UBH does not waive—and hereby expressly preserves—its defenses under Federal Rule of Civil Procedure 12(b) and any other defenses asserted in future motions or submissions to the Court. UBH reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## "Introduction"

1. UBH admits Plaintiffs purport to file this as a class action, but denies any alleged scheme to underpay valid, medically necessary claims; denies Plaintiffs suffered any legally compensable injury; and denies that Plaintiffs' claims can be properly pursued as a class action as alleged in Paragraph 1. Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 1.

2. UBH lacks knowledge or information sufficient to admit or deny the allegation contained in Paragraph 2 and on that basis denies it.

3. UBH admits that each Plaintiff was a member of an employer-sponsored health plan, and that UBH provided certain administrative services to the plan. Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 3.

4. UBH admits that it is an indirect subsidiary of UnitedHealth Group, and that there are various other direct and indirect subsidiaries of UnitedHealth Group. UBH lacks knowledge or information sufficient to admit or deny the allegation regarding MultiPlan and on that basis denies them. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 4.

5. UBH denies the allegation contained in Paragraph 5.

6. UBH denies the allegation contained in Paragraph 6.

7. UBH denies the allegation contained in Paragraph 7.

8. UBH denies the allegation contained in Paragraph 8.

9.      UBH lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9 and on that basis denies them.

10.     Paragraph 10 purports to characterize a website, which speaks for itself, and therefore no response is required.  Except as expressly responded to, UBH otherwise denies the allegations contained in Paragraph 10.

11.     UBH denies the allegation contained in Paragraph 11.

12.     UBH lacks knowledge or information sufficient to admit or deny the allegation regarding MultiPlan, and on that basis denies the allegation contained in Paragraph 12.

13.     UBH denies the allegation contained in Paragraph 13.

14.     UBH denies the allegation contained in Paragraph 14.

15.     UBH denies the allegation contained in Paragraph 15.

16.     UBH denies the allegation contained in Paragraph 16.

17.     UBH denies the allegation contained in Paragraph 17.

18.     UBH denies the allegation contained in Paragraph 18.

19.     UBH denies the allegation contained in Paragraph 19.

20.     UBH denies the allegation contained in Paragraph 20.

21.     UBH denies the allegation contained in Paragraph 21.

                                    "**Summary of Claims**"

22.     Paragraph 22 states legal conclusions to which no response is required.  To the extent any response is required, UBH denies the allegation contained in Paragraph 22.

23.     Paragraph 23 states legal conclusions to which no response is required.  To the extent any response is required, UBH denies the allegation contained in Paragraph 23.

24.     Paragraph 24 states legal conclusions to which no response is required.  To the extent any response is required, UBH denies the allegation contained in Paragraph 24.

25.     UBH denies the allegation contained in Paragraph 25.

26.     UBH denies the allegation contained in Paragraph 26.

27.     UBH denies the allegation contained in Paragraph 27.

28.     UBH denies the allegation contained in Paragraph 28.

1     29.     UBH denies the allegations contained in Paragraph 29.

2     30.     UBH denies the allegation contained in Paragraph 30.

3     31.     UBH denies the allegation contained in Paragraph 31.

4     32.     Paragraph 32 contains Plaintiffs' characterization of this action to which no response

5 is required. To the extent any response is required, UBH denies the allegation contained in Paragraph

6 32.

7                            **"Parties"**

8                            *"Plaintiffs"*

9     33.     UBH lacks knowledge and information sufficient to admit or deny the allegations

10 regarding Plaintiff LD and on that basis denies the allegations contained in Paragraph 33.

11     34.     UBH lacks knowledge and information sufficient to admit or deny the allegation

12 regarding Plaintiff DB and on that basis denies the allegations contained in Paragraph 34.

13     35.     UBH lacks knowledge and information sufficient to admit or deny the allegation

14 regarding Plaintiff BW and on that basis denies the allegation contained in Paragraph 35.

15     36.     UBH lacks knowledge and information sufficient to admit or deny the allegation

16 regarding Plaintiff RH and on that basis denies the allegation contained in Paragraph 36.

17     37.     UBH lacks knowledge and information sufficient to admit or deny the allegation

18 regarding Plaintiff CJ and on that basis denies the allegation contained in Paragraph 37.

19                            *"Defendants"*

20     38.     UBH admits that its principal place of business is 425 Market Street, 14th Floor, San

21 Francisco, CA 94105. UBH further admits that, for certain health plans, including certain plans

22 administered by direct or indirect subsidiaries of UnitedHealth Group, such as United Healthcare,

23 UBH's responsibilities include administration and payment of claims related to behavioral health

24 services pursuant to the terms of the applicable health plan. To the extent Paragraph 38 purports to

25 characterize a document, the document speaks for itself and therefore no response is required. Except

26 as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 38.

27     39.     UBH lacks knowledge or information sufficient to admit or deny the allegations in

28 Paragraph 39 and on that basis denies them.

Gibson, Dunn &
Crutcher LLP

40.     UBH lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 40 on that basis denies them.

41.     UBH admits that Apple sponsors an employer-funded health plan for its employees and their dependents, and that UBH provides certain administrative services to Apple's plan related to behavioral health services.  Whether Apple's plan is subject to the Employee Retirement Income Security Act of 1974 involves a legal conclusion to which no response is required.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 41.

42.     UBH lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 42 and on that basis denies them.

43.     UBH admits that Tesla sponsors an employer-funded health plan for its employees and their dependents, and that UBH provides certain administrative services to Tesla's plan related to behavioral health services.  Whether Tesla's plan is subject to the Employee Retirement Income Security Act of 1974 involves a legal conclusion to which no response is required.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 43.

*"Jurisdiction and Venue"*

44.     Paragraph 44 states legal conclusions to which no response is required.

45.     Paragraph 45 states legal conclusions to which no response is required.

46.     Paragraph 46 states legal conclusions to which no response is required.

47.     Paragraph 47 states legal conclusions to which no response is required.

48.     Paragraph 48 states legal conclusions to which no response is required.

**"Facts"**

*"Summary of the Facts"*

49.     UBH lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 49 and on that basis denies it.

50.     UBH lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 50 and on that basis denies it.

51.     UBH denies the allegation contained in Paragraph 51.

Gibson, Dunn & Crutcher LLP

52.     UBH admits that Plaintiffs and/or their providers submitted certain claims on a timely basis for coverage of treatment by out-of-network providers. Except as expressly admitted, UBH lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 52 and on that basis denies it.

53.     UBH denies the allegation contained in Paragraph 53.

54.     UBH denies the allegation contained in Paragraph 54.

55.     UBH denies the allegations contained in Paragraph 55.

56.     UBH admits that it approved coverage of certain MH/SUD treatment provided to Plaintiffs as medically necessary. Except as expressly admitted, UBH lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 56 and on that basis denies it.

57.     UBH admits that certain claims for coverage of MH/SUD treatment to Plaintiffs were timely submitted. Except as expressly admitted, UBH lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 57 and on that basis denies it.

58.     UBH denies the allegation contained in Paragraph 58.

59.     UBH denies the allegation contained in Paragraph 59.

60.     UBH admits that the third-party FAIRHealth database is made available to consumers and others, and that it contains certain rate and cost information for particular treatments in particular geographic areas. Except as expressly admitted, UBH lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 60 and on that basis denies it.

61.     Paragraph 61 contains a legal conclusion to which no response is required. To the extent any response is required, UBH denies the allegation contained in Paragraph 61.

62.     UBH denies the allegation contained in Paragraph 62.

63.     UBH lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 63 and on that basis denies them.

64.     UBH lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 64 and on that basis denies them.

65.     UBH denies the allegation contained in Paragraph 65.

Gibson, Dunn & Crutcher LLP

DEFENDANT UNITED BEHAVIORAL HEALTH'S AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:20-CV-02254

66.     UBH lacks knowledge or information sufficient to admit or deny the allegation contained in Paragraph 66 and on that basis denies it.

67.     UBH denies the allegation contained in Paragraph 67.

68.     UBH denies the allegation contained in Paragraph 68.

69.     UBH denies the allegations contained in Paragraph 69.

70.     UBH denies the allegation contained in Paragraph 70.

71.     UBH denies the allegation contained in Paragraph 71.

72.     UBH denies the allegation contained in Paragraph 72.

73.     UBH denies the allegation contained in Paragraph 73.

74.     UBH denies the allegation contained in Paragraph 74.

75.     UBH denies the allegation contained in Paragraph 75.

76.     UBH lacks knowledge or information sufficient to admit or deny the allegation contained in Paragraph 76 and on that basis denies it.

77.     UBH denies the allegation contained in Paragraph 77.

78.     UBH denies the allegation contained in Paragraph 78.

79.     UBH denies the allegation contained in Paragraph 79.

80.     UBH denies the allegation contained in Paragraph 80.

81.     UBH denies the allegation contained in Paragraph 81.

82.     UBH denies the allegation contained in Paragraph 82.

83.     UBH denies the allegation contained in Paragraph 83.

*"Usual, Customary, and Reasonable Rate ("UCR")"*

84.     UBH denies the allegation contained in Paragraph 84.

85.     UBH admits that, for certain plans, claims for out-of-network services by doctors, hospitals, or other healthcare providers are reimbursed based on the usual, customary, and reasonable amount for similar services.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 85.

86.     To the extent Paragraph 86 purports to characterize or quote a website, the website speaks for itself and therefore no response is required.

DEFENDANT UNITED BEHAVIORAL HEALTH'S AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:20-CV-02254

87.     UBH lacks knowledge or information sufficient to admit or deny the allegation contained in Paragraph 87 and on that basis denies it.

88.     UBH lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 88 and on that basis denies them.

89.     UBH denies the allegations contained in Paragraph 89.

*"Intensive Outpatient Program Treatment"*

90.     UBH admits Paragraph 90 insofar as some clinicians describe some IOP treatment this way, and the allegations describe some IOP treatment programs.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 90.

91.     UBH admits Paragraph 91 insofar as some clinicians describe some IOP treatment this way, and the allegations describe some IOP treatment programs.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 91.

92.     UBH denies the allegations contained in Paragraph 92.

93.     UBH denies the allegation contained in Paragraph 93.

94.     To the extent Paragraph 94 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

95.     UBH admits that it uses ASAM, but denies that it transitioned to ASAM following a ruling in the *Wit* litigation that previous guidelines were "illegal."  To the extent Paragraph 95 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

*"Federal RICO Allegations"*

96.     UBH denies the allegation contained in Paragraph 96.

"The Ingenix Precursor"

97.     UBH denies the allegation contained in Paragraph 97.

98.     UBH denies the allegation contained in Paragraph 98.

99.     To the extent Paragraph 99 purports to characterize or quote a website, the website speaks for itself and therefore no response is required.  To the extent any response is required, UBH denies the allegation contained in Paragraph 99.

Gibson, Dunn &
Crutcher LLP

100.     UBH admits that United Healthcare entered into a class action settlement in approximately 2009 to settle cases involving claims against Ingenix.  To the extent Paragraph 100 purports to characterize the terms of these settlements, the settlements are publicly available, they speak for themselves, and therefore no response is required. Except as expressly admitted or otherwise responded to, UBH denies the allegations contained in Paragraph 100.

101.     UBH admits that UnitedHealthcare of New York, Inc. and UnitedHealthcare Insurance Company entered into an Assurance of Discontinuance with the Office of the Attorney General for the State of New York in 2009 that related to establishment of the FAIRHealth database and web site. To the extent Paragraph 101 purports to characterize the terms of this AOD, the AOD is publicly available, the AOD speaks for itself, and therefore no response is required. Except as expressly admitted or otherwise responded to, UBH denies the allegations contained in Paragraph 101.

102.     UBH denies the allegation contained in Paragraph 102.

103.     UBH denies the allegation contained in Paragraph 103.

104.     To the extent Paragraph 104 purports to characterize the terms of the AOD, the AOD is publicly available, the AOD speaks for itself, and therefore no response is required.  Except as expressly admitted or otherwise responded to, UBH denies the allegations contained in Paragraph 104.

105.     UBH admits that the FAIRHealth database was funded in part by $50 million from the settlements discussed above, as well as other settlements between the Office of the Attorney General for the State of New York and other separate companies.  UBH lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 105 and on that basis denies them.

106.     Paragraph 106 purports to quote a press release, which is publicly available on a web site and speaks for itself, so therefore no response is required.

107.     To the extent Paragraph 107 asserts legal conclusions, no response is required.  To the extent any response is required, UBH denies the allegation contained in Paragraph 107.

108.     UBH denies the allegations contained in Paragraph 108.

109.     UBH denies the allegations contained in Paragraph 109.

110.    Paragraph 110 purports to characterize laws, which speak for themselves, and states legal conclusions, to which no responses are required.

111.    UBH denies the allegation contained in Paragraph 111.

112.    UBH denies the allegation contained in Paragraph 112.

113.    Paragraph 113 states legal conclusions to which no response is required.  To the extent any response is required, UBH denies the allegation contained in Paragraph 113.

114.    Paragraph 114 purports to characterize laws, which speak for themselves, and states legal conclusions, to which no responses are required.

115.    UBH denies the allegation contained in Paragraph 115.

116.    UBH denies the allegation contained in Paragraph 116.

117.    UBH denies the allegation contained in Paragraph 117.

118.    UBH denies the allegation contained in Paragraph 118.

119.    UBH denies the allegation contained in Paragraph 119.

120.    UBH denies the allegation contained in Paragraph 120.

121.    UBH denies the allegations contained in Paragraph 121.

122.    UBH denies the allegation contained in Paragraph 122.

123.    UBH denies the allegation contained in Paragraph 123.

124.    UBH denies the allegation contained in Paragraph 124.

125.    Paragraph 125 states legal conclusions to which no response is required.  To the extent any response is required, UBH denies the allegation contained in Paragraph 125.

126.    UBH denies the allegation contained in Paragraph 126.

127.    UBH denies the allegation contained in Paragraph 127.

128.    UBH denies the allegation contained in Paragraph 128.

129.    UBH denies the allegation contained in Paragraph 129.

130.    UBH denies the allegation contained in Paragraph 130.

Gibson, Dunn & Crutcher LLP

131.     UBH denies the allegation contained in Paragraph 131.

132.     UBH denies the allegation contained in Paragraph 132.

133.     UBH denies the allegation contained in Paragraph 133.

134.     UBH denies the allegation contained in Paragraph 134.

135.     UBH denies the allegation contained in Paragraph 135.

136.     UBH denies the allegation contained in Paragraph 136.

137.     UBH denies the allegations contained in Paragraph 137.

"The FAIR Health Database"

138.     UBH denies the allegation contained in Paragraph 138.

139.     UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 139 and on that basis denies it.

140.     Paragraph 140 purports to characterize a website, which speaks for itself, and on that basis no response is required.  UBH lacks knowledge and information sufficient to admit or deny the remaining allegations contained in Paragraph 140 and on that basis denies them.

141.     UBH lacks knowledge and information sufficient to admit or deny the allegation contained in Paragraph 141 and on that basis denies it.

142.     UBH denies the allegations contained in Paragraph 142.

143.     To the extent Paragraph 143 purports to quote a document, any such document speaks for itself and therefore no response is required.

144.     To the extent Paragraph 144 purports to quote a website, the website speaks for itself and therefore no response is required.  Additionally, Paragraph 144 states legal conclusions to which no response is required.  To the extent any response is required, UBH denies the allegation contained in Paragraph 144.

145.     UBH admits that it has used FAIRHealth data to pay certain claims under certain plans dating back to 2011.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 145.

146.     To the extent Paragraph 146 purports to characterize the terms of the class action settlement, the settlement is publicly available, it speaks for itself, and therefore no response is

Gibson, Dunn &
Crutcher LLP

required. Except as expressly admitted or otherwise responded to, UBH denies the allegations contained in Paragraph 146.

147. UBH denies the allegations contained in Paragraph 147.

148. UBH lacks knowledge and information sufficient to admit or deny the allegations regarding what Plaintiffs did, estimated, or expected, and on that basis denies these allegations. UBH also denies the remaining allegations in Paragraph 148.

149. To the extent Paragraph 149 purports to characterize FAIRHealth's web site, including through a graphical depiction, the web site speaks for itself and therefore no response is required. Except as expressly admitted or otherwise responded to, UBH otherwise denies the allegations contained in Paragraph 149.

150. UBH lacks knowledge and information sufficient to admit or deny the allegations about MultiPlan and Viant's internal systems contained in Paragraph 150, and on that basis denies them. UBH also denies the remaining allegations contained in Paragraph 150.

151. To the extent Paragraph 151 purports to characterize a web site, the web site speaks for itself and therefore no response is required. To the extent any response is required, UBH denies the allegation contained in Paragraph 151.

152. UBH denies the allegation contained in Paragraph 152.

"The Underpayment Scheme's Mechanics"

153. UBH denies the allegation contained in Paragraph 153.

154. UBH denies the allegation contained in Paragraph 154.

155. UBH denies the allegation contained in Paragraph 155.

156. UBH denies the allegation contained in Paragraph 156.

157. UBH denies the allegation contained in Paragraph 157.

158. UBH denies the allegation contained in Paragraph 158.

159. UBH denies the allegation contained in Paragraph 159.

160. UBH denies the allegation contained in Paragraph 160.

Crutcher LLP

12

DEFENDANT UNITED BEHAVIORAL HEALTH'S AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:20-CV-02254

161.     UBH lacks knowledge and information sufficient to admit or deny the allegation about MultiPlan's promotions "across the health insurance industry" in Paragraph 161 and on that basis denies it.  UBH also denies the remaining allegations contained in Paragraph 161.

162.     UBH lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 162 and on that basis denies them.

163.     UBH denies the allegations contained in Paragraph 163.

164.     UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 164 and on that basis denies it.

165.     UBH denies the allegation contained in Paragraph 165.

166.     UBH denies the allegation contained in Paragraph 166.

167.     UBH admits that, among other data sources, MultiPlan's repricing database makes use of standard analytical outpatient files made available by the Centers for Medicare and Medicaid Services ("CMS"), and these files generally contain claims data related to services by providers to Medicare beneficiaries.  Except as expressly admitted, UBH otherwise denies the allegations in Paragraph 167.

168.     UBH denies the allegations contained in Paragraph 168.

169.     UBH lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 169 and on that basis denies them.

170.     UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 170 and on that basis denies it.

171.     UBH admits that some facilities use HCPCS codes H0015 to bill for IOP treatment. To the extent Paragraph 171 is quoting from a web site, the web site speaks for itself and no response is required.  Except as expressly admitted or otherwise responded to, UBH otherwise denies the allegations contained in Paragraph 171.

172.     UBH denies the allegations contained in Paragraph 172.

173.     UBH denies the allegation contained in Paragraph 173.

174.     UBH denies the allegation contained in Paragraph 174.

Gibson, Dunn &
Crutcher LLP

175. UBH admits that MultiPlan uses "crosswalks" as part of its methodology. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 175.

176. UBH admits that MultiPlan uses "crosswalks" as part of its methodology. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 176.

177. UBH denies the allegations contained in Paragraph 177.

178. UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 178 and on that basis denies it.

179. UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 179 and on that basis denies it.

180. UBH denies the allegation contained in Paragraph 180.

181. UBH denies the allegation contained in Paragraph 181.

182. UBH denies the allegation contained in Paragraph 182.

183. UBH denies the allegation contained in Paragraph 183.

184. UBH denies the allegations contained in Paragraph 184.

185. UBH denies the allegations contained in Paragraph 185.

"Claims Submission"

186. UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 186 and on that basis denies it.

187. UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 187 and on that basis denies it.

188. UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 188 and on that basis denies it.

189. UBH admits the allegation in the first sentence insofar as it accurately summarizes some of the claims processing steps for at least some of the claims at issue. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 189.

"Rates of Payment"

190. UBH admits the allegation contained in Paragraph 190 insofar as UBH made coverage determinations pursuant to the terms of the plans at issue, which may include using rates provided by

14

Gibson, Dunn & Crutcher LLP

MultiPlan's database.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 190.

191.    UBH admits that, for certain claims under certain plans, MultiPlan reimbursement rates may apply as provided by the terms of the plan.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 191.

192.    UBH denies the allegation contained in Paragraph 192.

193.    UBH admits the allegation contained in Paragraph 193 insofar as UBH processed and paid certain claims pursuant to the terms of the plan using rates provided by MultiPlan's database.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 193.

194.    UBH denies the allegation contained in Paragraph 194.

195.    UBH denies the allegation contained in Paragraph 195.

196.    UBH denies the allegation contained in Paragraph 196.

### "Viant's Methodology"

197.    UBH admits that Paragraphs 198 and 199 appropriately represent certain aspects of Viant's methodology.  UBH otherwise lacks knowledge and information sufficient to admit or deny the remaining summary allegations regarding "the Viant methodology" and on that basis denies them.

198.    UBH admits that MultiPlan pricing may be used for certain claims pursuant to the terms of the applicable plan.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 198.

199.    UBH admits that, for certain claims under certain plans, claims information is sent to MultiPlan to determine pricing for out-of-network services.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 199.

200.    UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 200 and on that basis denies it.

201.    To the extent Paragraph 201 contains Plaintiffs' characterization of this action no response is required.  To the extent any response is required, UBH denies the allegation contained in Paragraph 201.

"Viant Facility Outpatient Review: 'Viant OPR'"

202.    UBH denies the allegation contained in Paragraph 202.

203.    UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 203 and on that basis denies it.

204.    UBH denies the allegation contained in Paragraph 204.

"Standard Analytical Files"

205.    UBH admits that, among other data sources, MultiPlan makes use of Medicare's standard analytical files (or "SAF"), which CMS makes available based on claim data collected from millions of anonymized claims submitted to Medicare.  Except as expressly admitted, UBH otherwise lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 205 and on that basis denies them.

206.    UBH lacks knowledge and information sufficient to admit or deny the allegations in the first two sentences of Paragraph 206 and on that basis denies them.  UBH also denies the remaining allegations in Paragraph 206.

207.    UBH lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 207 and on that basis denies them.

208.    UBH denies the allegations contained in Paragraph 208.

209.    UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 209 and on that basis denies it.

210.    UBH lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 210 and on that basis denies them.

211.    UBH denies the allegation contained in Paragraph 211.

212.    UBH denies the allegation contained in Paragraph 212.

"Target Pricing: Meet or Beat"

213.    UBH denies the allegations contained in Paragraph 213.

214.    UBH lacks knowledge and information sufficient to admit or deny the allegations (including the purported graphical depiction) regarding MultiPlan's internal discussions or

Gibson, Dunn & Crutcher LLP

methodologies and on that basis denies them. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 214.

215. UBH denies the allegations contained in Paragraph 215.

216. UBH denies the allegation contained in Paragraph 216.

<u>"MultiPlan and the Viant Methodology"</u>

217. UBH denies the allegations contained in Paragraph 217.

<u>"MultiPlan's Secret Annual Events"</u>

*Meetings of the Enterprise*

218. UBH admits that a corporate affiliate's employees have previously attended an annual event hosted by the Client Advisory Board of MultiPlan, and that discussion topics included MultiPlan's products and services. UBH lacks knowledge and information sufficient to admit or deny the allegations regarding MultiPlan's specific personnel and attendees, and on that basis denies them. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 218.

219. UBH denies the allegation contained in Paragraph 219.

220. UBH denies the allegation contained in Paragraph 220.

221. UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 221, and on that basis denies it.

222. UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 222, and on that basis denies it.

223. UBH denies the allegation contained in Paragraph 223.

224. UBH denies the allegation contained in Paragraph 224.

225. UBH denies the allegation contained in Paragraph 225.

226. UBH denies the allegation contained in Paragraph 226.

227. UBH denies the allegations contained in Paragraph 227.

228. UBH denies the allegation contained in Paragraph 228.

229. UBH denies the allegations contained in Paragraph 229.

230. UBH denies the allegation contained in Paragraph 230.

Gibson, Dunn & Crutcher LLP

*"Further Meetings of the Enterprise"*

231.    UBH admits that a corporate affiliate's employees have met with representatives of MultiPlan, and that discussion topics included MultiPlan's products and services.  UBH lacks knowledge and information sufficient to admit or deny the allegations regarding MultiPlan's specific personnel, attendees, and content of slideshows, and on that basis denies them.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 231.

232.    UBH denies the allegation contained in Paragraph 232.

233.    UBH denies the allegation contained in Paragraph 233.

234.    UBH denies the allegation contained in Paragraph 234.

"The Secret Internal Whitepapers"

235.    UBH lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 235 and on that basis denies them.

236.    UBH denies the allegation contained in Paragraph 236.

237.    UBH denies the allegation contained in Paragraph 237.

238.    UBH denies the allegation contained in Paragraph 238.

239.    To the extent Paragraph 239 contains allegations pertaining to MultiPlan's internal terminology and processes, UBH lacks knowledge and information sufficient to admit or deny the allegations and on that basis denies them.  UBH otherwise denies the allegations contained in Paragraph 239.

240.    UBH denies the allegation contained in Paragraph 240.

241.    UBH denies the allegation contained in Paragraph 241.

"The Network Access Agreement"

242.    UBH denies the allegation contained in Paragraph 242.

243.    UBH admits that Rebecca Paradise is a custodian of the written agreement between UBH's corporate affiliate and MultiPlan.  Except as expressly admitted, UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 243 and on that basis denies it.

1    244.    UBH admits that the agreement with MultiPlan includes fee schedules and

2    performance standards addressing how MultiPlan is compensated for its services, among other

3    provisions.  Except as expressly admitted, UBH otherwise denies the allegations contained in

4    Paragraph 244.

5    245.    UBH denies the allegation contained in Paragraph 245.

6                    "*RICO Predicate Acts & ERISA Violations*"

7    246.    UBH denies the allegation contained in Paragraph 246.

8                                    "LD"

9    247.    UBH admits that LD was a participant in an employer-funded benefits plan offered by

10   Apple and subject to ERISA.  Except as expressly admitted, UBH otherwise lacks knowledge and

11   information sufficient to admit or deny the allegation and on that basis denies it.

12   248.    UBH admits that it provided certain administrative services related to behavioral

13   health coverage requests under LD's Apple benefits plan.  Except as expressly admitted, UBH

14   otherwise denies the allegation in Paragraph 248.

15   249.    UBH admits that LD was a participant in a PPO option of the health plan offered by

16   Apple, and that the PPO provided out-of-network benefits for behavioral health services, including

17   IOP treatment.  Except as expressly admitted, UBH otherwise lacks knowledge and information

18   sufficient to admit or deny the allegation in Paragraph 249 and on that basis denies it.

19   250.    UBH admits that it received a reported diagnosis of "Alcohol Use Disorder" for LD in

20   submitted claims from Summit Estate.  Except as expressly admitted, UBH otherwise lacks

21   knowledge and information sufficient to admit or deny the allegation in Paragraph 250 and on that

22   basis denies it.

23   251.    To the extent Paragraph 251 purports to characterize or quote a document, the

24   document speaks for itself and therefore no response is required.

25   252.    To the extent Paragraph 252 purports to characterize or quote a document, the

26   document speaks for itself and therefore no response is required.

27   253.    UBH lacks knowledge and information sufficient to admit or deny the allegation in

28   Paragraph 253 and on that basis denies it.

Gibson, Dunn &
Crutcher LLP

19

254.	To the extent Paragraph 254 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

255.	To the extent Paragraph 255 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

256.	To the extent Paragraph 256 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

257.	To the extent Paragraph 257 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

258.	UBH denies the allegation contained in Paragraph 258.

259.	UBH lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 259 and on that basis denies them.

260.	UBH admits that Summit Estate submitted claims with $2,156 as its billed charge for IOP services.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 260.

261.	UBH lacks knowledge or information sufficient to admit or deny the allegation contained in Paragraph 261 and on that basis denies it.

262.	UBH lacks knowledge and information sufficient to admit or deny the allegations about LD's understandings and expectations contained in Paragraph 262, and on that basis denies them.  UBH otherwise denies the allegations contained in Paragraph 262.

263.	UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 263 and on that basis denies it.

264.	UBH admits that Summit Estate submitted claims for services provided to LD.  Except as expressly admitted, UBH lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 264 and on that basis denies them.

265.	UBH denies the allegation contained in Paragraph 265.

266.	UBH admits that a claim in the amount of $2,165.25 was submitted for services rendered on September 12, 2019.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 266.

Gibson, Dunn & Crutcher LLP

267.     UBH denies the allegations contained in Paragraph 267.

268.     UBH admits that the explanation in the second sentence of Paragraph 268 was provided in EOBs sent to LD, along with other information.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 268.

269.     UBH denies the allegations contained in Paragraph 269.

270.     UBH denies the allegations contained in Paragraph 270.

271.     UBH admits the first two sentences insofar as some clinicians describe some IOP treatment this way.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 271.

272.     UBH lacks knowledge and information sufficient to admit or deny the allegation contained in the first sentence of Paragraph 272 and on that basis denies it.  UBH otherwise denies the allegations contained in Paragraph 272.

273.     UBH denies the allegation contained in Paragraph 273.

274.     UBH denies the allegations contained in Paragraph 274.

275.     UBH denies the allegation in Paragraph 275.

276.     UBH denies the allegation contained in Paragraph 276.

277.     UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 277 and on that basis denies it.

"DB"

278.     UBH admits that DB was a participant in an employer-funded benefits plan offered by Apple and subject to ERISA.  Except as expressly admitted,  UBH otherwise lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 278 and on that basis denies it.

279.     UBH admits that it provided certain administrative services related to behavioral health coverage requests under DB's Apple benefits plan.  Except as expressly admitted, UBH otherwise denies the allegation in Paragraph 279.

280.     UBH admits that DB was a participant in a PPO option of the health plan offered by Apple, and that the PPO provided out-of-network benefits for behavioral health services, including

Gibson, Dunn & Crutcher LLP

IOP treatment. Except as expressly admitted, UBH otherwise lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 280 and on that basis denies it.

281. UBH admits that it received a reported diagnosis of "Alcohol Use Disorder" for DB in submitted claims from Summit Estate. Except as expressly admitted, UBH lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 281 and on that basis denies them.

282. UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 282 and on that basis denies it.

283. To the extent Paragraph 283 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

284. To the extent Paragraph 284 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

285. To the extent Paragraph 285 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

286. To the extent Paragraph 286 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

287. To the extent Paragraph 287 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

288. To the extent Paragraph 288 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

289. UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 289 and on that basis denies it.

290. To the extent Paragraph 290 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

291. To the extent Paragraph 291 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

292. To the extent Paragraph 292 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

DEFENDANT UNITED BEHAVIORAL HEALTH'S AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:20-CV-02254

293.     To the extent Paragraph 293 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

294.     UBH admits the allegation contained in Paragraph 294 insofar as DB appears to have met his individual out-of-pocket maximums on the claims for 2018 and 2019 services at Summit Estate that DB appears to be putting at issue in the SAC.  Except as expressly admitted, UBH otherwise lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 294 and on that basis denies it.

295.     UBH lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 295 and on that basis denies them.

296.     UBH admits that Summit Estate submitted claims with $1,875 as its billed charge for IOP services.  Except as expressly admitted, UBH otherwise denies the allegation in Paragraph 296.

297.     UBH lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 297, and on that basis denies it.

298.     UBH admits that Summit Estate submitted claims with $2,156 as its billed charge for IOP services.  Except as expressly admitted, UBH otherwise denies the allegation in Paragraph 298.

299.     UBH lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 299 and on that basis denies it.

300.     UBH lacks knowledge and information sufficient to admit or deny the allegations about DB's understandings and expectations contained in Paragraph 300, and on that basis denies them.  UBH otherwise denies the allegations in Paragraph 300.

301.     UBH lacks knowledge and information sufficient to admit or deny the allegation contained in Paragraph 301 and on that basis denies it.

302.     UBH admits that Summit Estate submitted claims for services provided to DB. Except as expressly admitted, UBH lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 302 and on that basis denies them.

303.     UBH denies the allegation contained in Paragraph 303.

Gibson, Dunn & Crutcher LLP

Gibson, Dunn &
Crutcher LLP

304. UBH admits that a claim showing a billed charge of $2,165.25 was submitted for services rendered on April 9, 2019. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 304.

305. UBH denies the allegations contained in Paragraph 305.

306. UBH admits that the explanation in the second sentence of Paragraph 306 was provided in EOBs sent to DB, along with other information. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 306.

307. UBH denies the allegations contained in Paragraph 307.

308. UBH admits the first two sentences insofar as some clinicians describe some IOP treatment this way. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 308.

309. UBH lacks knowledge and information to admit or deny the allegation contained in the first sentence of Paragraph 309 and on that basis denies it. UBH also denies the remaining allegations contained in Paragraph 309.

310. UBH denies the allegation contained in Paragraph 310.

311. UBH denies the allegations contained in Paragraph 311.

312. UBH denies the allegation contained in Paragraph 312.

313. UBH denies the allegation contained in Paragraph 313.

314. UBH lacks knowledge and information sufficient to admit or deny the allegation contained in Paragraph 314 and on that basis denies it.

### "BW"

315. UBH admits that BW was a participant in an employer-funded benefits plan offered by Apple and subject to ERISA. Except as expressly admitted, UBH otherwise lacks knowledge and information sufficient to admit or deny the allegation contained in Paragraph 315 and on that basis denies it.

316. UBH admits that it provided certain administrative services related to behavioral health coverage requests under BW's Apple benefits plan. Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 316.

24

317.     UBH admits that BW was a participant in a PPO option of the health plan offered by Apple, and that the PPO provided out-of-network benefits for behavioral health services, including IOP treatment.  Except as expressly admitted, UBH otherwise lacks knowledge and information sufficient to admit or deny the allegation contained in Paragraph 317 and on that basis denies it.

318.     UBH admits that it received a reported diagnosis of "Alcohol Use Disorder" for BW in submitted claims from Summit Estate.  Except as expressly admitted, UBH lacks knowledge or information sufficient to admit or deny the allegation contained in Paragraph 318 and on that basis denies it.

319.     To the extent Paragraph 319 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

320.     UBH lacks knowledge and information sufficient to admit or deny the allegation contained in Paragraph 320 and on that basis denies it.

321.     To the extent Paragraph 321 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

322.     To the extent Paragraph 322 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

323.     To the extent Paragraph 323 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

324.     To the extent Paragraph 324 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

325.     UBH denies the allegation contained in Paragraph 325.

326.     UBH lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 326 and denies them on that basis.

327.     UBH admits that Summit Estate submitted claims with $2,156.25 as its billed charge for IOP services.  Except as expressly admitted, UBH otherwise denies the allegation in paragraph 327.

328.     UBH lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 328 and on that basis denies it.

329.     UBH lacks knowledge and information sufficient to admit or deny the allegation about BW's understanding contained in Paragraph 329 and on that basis denies it.  UBH otherwise denies the allegations contained in Paragraph 329.

330.     UBH lacks knowledge or information sufficient to admit or deny the allegation contained in Paragraph 330 and on that basis denies it.

331.     UBH admits that Summit Estate submitted claims for services provided to BW. Except as expressly admitted, UBH otherwise lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 331 and on that basis denies them.

332.     UBH denies the allegations contained in Paragraph 332.

333.     UBH denies the allegation contained in Paragraph 333.

334.     UBH admits that a claim with a billed charge of $2,165.25 was submitted for services rendered by Summit Estate on August 22, 2019.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 334.

335.     UBH denies the allegations contained in Paragraph 335.

336.     UBH admits that the explanation in the second sentence of Paragraph 336 was provided in EOBs sent to BW, along with other information.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 336.

337.     UBH denies the allegations contained in Paragraph 337.

338.     UBH admits the first two sentences insofar as some clinicians describe some IOP treatment this way.   Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 338.

339.     UBH lacks knowledge and information sufficient to admit or deny the allegation contained in the first sentence of Paragraph 339 and on that basis denies it. UBH otherwise denies the allegations contained in Paragraph 339.

340.     UBH denies the allegation contained in Paragraph 340.

341.     UBH denies the allegations contained in Paragraph 341.

342.     UBH denies the allegation contained in Paragraph 342.

343.     UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 343 and on that basis denies it.

"RH"

344.     UBH admits that RH was a participant in an employer-funded benefits plan offered by Apple and subject to ERISA.  Except as expressly admitted,  UBH otherwise lacks knowledge and information sufficient to admit or deny the allegation and on that basis denies it.

345.     UBH admits that it provided certain administrative services related to behavioral health coverage requests under RH's Apple health benefits plan.  Except as expressly admitted,  UBH otherwise denies the allegation in Paragraph 345.

346.     UBH admits that RH was a participant in a PPO option of the health plan offered by Apple, and that the PPO provided out-of-network benefits for behavioral health services, including IOP treatment.  Except as expressly admitted, UBH otherwise lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 346 and on that basis denies it.

347.     UBH admits that it received a reported diagnosis of "Alcohol Use Disorder" for RH in submitted claims from Summit Estate.  Except as expressly admitted, UBH lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 347 and on that basis denies them.

348.     To the extent Paragraph 348 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

349.     UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 349 and on that basis denies it.

350.     To the extent Paragraph 350 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

351.     To the extent Paragraph 351 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

352.     To the extent Paragraph 352 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

Gibson, Dunn &
Crutcher LLP

353. To the extent Paragraph 353 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

354. UBH denies the allegation contained in Paragraph 354.

355. UBH lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 355 and on that basis denies them.

356. UBH admits that Summit Estate submitted claims with $2,156.25 as its billed charge for IOP services. Except as expressly admitted, UBH otherwise denies the allegation in Paragraph 356.

357. UBH lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 357 and on that basis denies it.

358. UBH lacks knowledge and information sufficient to admit or deny the allegations about RH's understandings and expectations contained in Paragraph 358 and on that basis denies them. UBH otherwise denies the allegations in Paragraph 358.

359. UBH admits that it received claims for 26 days of behavioral health services provided by Summit Estate to RH during the date range indicated in Paragraph 359. Except as expressly admitted, UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 359 and on that basis denies it.

360. UBH admits that Summit Estate submitted claims for services provided to RH. Except as expressly admitted, UBH otherwise lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 360 and on that basis denies them.

361. UBH denies the allegations contained in Paragraph 361.

362. UBH denies the allegations contained in Paragraph 362.

363. UBH denies the allegations contained in Paragraph 363.

364. UBH admits that the explanation in the second sentence of Paragraph 364 was provided in EOBs sent to RH, along with other information. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 364.

365. UBH denies the allegations contained in Paragraph 365.

Gibson, Dunn &
Crutcher LLP

366. UBH admits the first two sentences insofar as some clinicians describe some IOP treatment this way. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 366.

367. UBH lacks knowledge and information sufficient to admit or deny the allegation contained in the first sentence of Paragraph 367 and on that basis denies it. UBH otherwise denies the allegations contained in Paragraph 367.

368. UBH denies the allegations contained in Paragraph 368.

369. UBH denies the allegations contained in Paragraph 369.

370. UBH denies the allegation contained in Paragraph 370.

371. UBH denies the allegations contained in Paragraph 371.

372. UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 372 and on that basis denies it.

## "CJ"

373. UBH admits that CJ was a participant in an employer-funded benefits plan offered by Tesla and subject to ERISA. Except as expressly admitted, UBH otherwise lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 373 and on that basis denies it.

374. UBH admits that it provided certain administrative services related to behavioral health coverage requests under CJ's Tesla health benefits plan. Except as expressly admitted, UBH denies the allegation in Paragraph 374.

375. UBH admits that CJ was a participant in a PPO health plan offered by Tesla, and that the PPO provided out-of-network benefits for behavioral health services, including IOP treatment. UBH admits that it received a reported diagnosis of "Alcohol Use Disorder" for CJ in submitted claims from Summit Estate. Except as expressly admitted, UBH otherwise lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 375 and on that basis denies them.

376. To the extent Paragraph 376 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

Gibson, Dunn & Crutcher LLP

377.     UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 377 and on that basis denies it.

378.     To the extent Paragraph 378 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

379.     To the extent Paragraph 379 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

380.     To the extent Paragraph 380 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

381.     UBH admits the allegation contained in Paragraph 381 insofar as CJ appears to have met his individual out-of-pocket maximums on the claims for 2019 services at Summit Estate that CJ appears to be putting at issue in the SAC. Except as expressly admitted, UBH otherwise lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 381 and on that basis denies it.

382.     UBH lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 382 and on that basis denies them.

383.     UBH admits that Summit Estate submitted claims with $2,156.25 as its billed charge for IOP services. Except as expressly admitted, UBH otherwise denies the allegation in Paragraph 383.

384.     UBH lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 384 and on that basis denies it.

385.     UBH lacks knowledge and information sufficient to admit or deny the allegations about CJ's understandings and expectations contained in Paragraph 385, and on that basis denies them. UBH otherwise denies the allegations in Paragraph 385.

386.     UBH admits that it received claims for 12 days of behavioral health services by Summit Estate to CJ in the date range listed in Paragraph 386. Except as expressly admitted, UBH lacks knowledge and information sufficient to admit or deny the allegation contained in Paragraph 386 and on that basis denies it.

387.     UBH admits that Summit Estate submitted claims for services provided to CJ, and that the billed and allowed totals in Paragraph 387 appear to be accurate for these claims.  Except as expressly admitted, UBH otherwise lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 387 and on that basis denies them.

388.     UBH denies the allegations contained in Paragraph 388.

389.     UBH admits that a claim was submitted with a billed charge of $2,156.25 for services rendered by Summit Estate on April 10, 2019.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 389.

390.     UBH denies the allegations contained in Paragraph 390.

391.     UBH admits that the explanation in the second sentence of Paragraph 391 was provided in EOBs sent to CJ, along with other information.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 391.

392.     UBH denies the allegations contained in Paragraph 392.

393.     UBH admits the first two sentences in Paragraph 393 insofar as some clinicians describe some IOP treatment this way.  UBH otherwise denies the allegations contained in Paragraph 393.

394.     UBH lacks knowledge and information sufficient to admit or deny the allegation contained in the first sentence of Paragraph 394 and on that basis denies it.  UBH otherwise denies the allegations contained in Paragraph 394.

395.     UBH denies the allegation contained in Paragraph 395.

396.     UBH denies the allegations contained in Paragraph 396.

397.     UBH denies the allegation contained in Paragraph 397.

398.     UBH denies the allegations contained in Paragraph 398.

399.     UBH lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 399 and on that basis denies it.

Gibson, Dunn &
Crutcher LLP

400.    To the extent Paragraph 400 purports to characterize the contents of any documents, including through a photographic depiction, those documents speak for themselves and no response is required.  Except as expressly admitted, UBH otherwise denies the allegation in Paragraph 400.

401.    UBH admits that PAD letters were sent to some members related to some claims, for at least the past two years.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 401.

402.    UBH lacks knowledge and information sufficient to admit or deny the allegation contained in Paragraph 402 and on that basis denies it.

403.    UBH lacks knowledge and information sufficient to admit or deny the allegation contained in Paragraph 403 and on that basis denies it.

404.    UBH lacks knowledge and information sufficient to admit or deny the allegation contained in Paragraph 404 and on that basis denies it.

405.    UBH lacks knowledge and information sufficient to admit or deny the allegation contained in Paragraph 405 and on that basis denies it.

406.    UBH denies the allegation contained in Paragraph 406.

407.    UBH denies the allegation contained in Paragraph 407.

408.    UBH denies the allegation contained in Paragraph 408.

409.    UBH denies the allegation contained in Paragraph 409.

410.    To the extent Paragraph 410 purports to characterize the contents of a document, that document speaks for itself and no response is required.

411.    To the extent Paragraph 411 purports to characterize the contents of any documents, those documents speak for themselves and no response is required.  To the extent any response is required, UBH denies the allegation in Paragraph 411.

412.    UBH denies the allegation contained in Paragraph 412.

413.    UBH denies the allegation contained in Paragraph 413.

414.    UBH denies the allegations contained in Paragraph 414.

415.    UBH denies the allegation contained in Paragraph 415.

Gibson, Dunn &
Crutcher LLP

416. UBH denies the allegation contained in Paragraph 416.

417. UBH denies the allegations contained in Paragraph 417.

418. To the extent Paragraph 418 asserts legal conclusions, no response is required. Except as otherwise responded to, UBH denies the allegations contained in Paragraph 418.

419. UBH denies the allegation contained in Paragraph 419.

420. UBH denies the allegation contained in Paragraph 420.

421. UBH denies the allegations contained in Paragraph 421.

*"RICO Proximate Cause"*

422. UBH denies the allegation contained in Paragraph 422.

423. UBH denies the allegation contained in Paragraph 423.

424. UBH denies the allegation contained in Paragraph 424.

425. UBH denies the allegation contained in Paragraph 425.

426. UBH denies the allegation contained in Paragraph 426.

427. UBH denies the allegation contained in Paragraph 427.

*"The Continuing Nationwide Pattern and Other Victims Affected"*

428. UBH denies the allegation contained in Paragraph 428.

429. UBH denies the allegation contained in Paragraph 429.

430. UBH denies the allegation contained in Paragraph 430.

431. UBH denies the allegations contained in Paragraph 431.

*"General Allegations to All Counts"*

432. To the extent Paragraph 432 purports to characterize laws and states legal conclusions, no responses are required. UBH admits that some health plans have provided coverage for out-of-network services based on a "UCR" standard. Except as expressly admitted or otherwise responded to, UBH denies the allegations contained in Paragraph 432.

433. UBH denies the allegation contained in Paragraph 433.

434. UBH denies the allegation contained in Paragraph 434.

435. UBH denies the allegation contained in Paragraph 435.

436. UBH denies the allegation contained in Paragraph 436.

Gibson, Dunn & Crutcher LLP

*"The Direct Harm Caused to the Plaintiffs and Class"*

437.   UBH denies the allegations contained in Paragraph 437.

438.   UBH denies the allegation contained in Paragraph 438.

439.   UBH denies the allegation contained in Paragraph 439.

440.   UBH denies the allegation contained in Paragraph 440.

441.   UBH denies the allegation contained in Paragraph 441.

442.   UBH denies the allegation contained in Paragraph 442.

## "CLASS ACTION ALLEGATIONS"

*"The Plaintiff Class"*

443.   UBH denies that this action may or should be maintained or properly prosecuted as a class action, denies that the putative class defined by Plaintiffs may be certified, and further denies that any putative class may or should be certified in this action.

444.   To the extent Paragraph 444 asserts legal conclusions or purports to characterize this action, no response is required.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 444.

445.   To the extent Paragraph 445 asserts legal conclusions or purports to characterize this action, no response is required.  UBH otherwise denies the allegation contained in Paragraph 445.

*"Rule 23(a)"*

"Numerosity"

446.   To the extent Paragraph 446 asserts legal conclusions or purports to characterize this action, no response is required.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 446.

"Commonality"

447.   To the extent Paragraph 447 and its subparagraphs assert legal conclusions or purport to characterize this action, no response is required.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 447, including all of its subparagraphs.

"Typicality"

448.   UBH denies the allegations contained in Paragraph 448.

<u>"Adequacy"</u>

449.     To the extent Paragraph 449 asserts legal conclusions or purports to characterize this action, no response is required.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 449.

450.     To the extent Paragraph 450 asserts legal conclusions or purports to characterize this action, no response is required.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 450.

"***Rule 23(b)***"

451.     To the extent Paragraph 451 asserts legal conclusions or purports to characterize this action, no response is required.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 451.

452.     To the extent Paragraph 452 asserts legal conclusions or purports to characterize this action, no response is required.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 452.

453.     To the extent Paragraph 453 asserts legal conclusions or purports to characterize this action, no response is required.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 453.

454.     To the extent Paragraph 454 asserts legal conclusions or purports to characterize this action, no response is required.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 454.

"**Causes of Action**"

"*COUNT I: Violation of RICO, 18 U.S.C. § 1962(c)*"

455.     In response to Paragraph 455, UBH incorporates by reference all preceding answers as though fully set forth herein.

456.     To the extent Paragraph 456 asserts legal conclusions, no response is required.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 456.

457.     To the extent Paragraph 457 asserts legal conclusions, no response is required.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 457.

458. To the extent Paragraph 458 asserts legal conclusions, no response is required. Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 458.

459. To the extent Paragraph 459 asserts legal conclusions, no response is required. Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 459.

460. To the extent Paragraph 460 asserts legal conclusions, no response is required. Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 460.

461. To the extent Paragraph 461 asserts legal conclusions, no response is required. Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 461.

462. UBH denies the allegation contained in Paragraph 462.

463. UBH denies the allegation contained in Paragraph 463.

464. UBH denies the allegation contained in Paragraph 464.

465. UBH denies the allegation contained in Paragraph 465.

466. To the extent Paragraph 466 asserts legal conclusions, no response is required. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 466.

467. UBH denies the allegations contained in Paragraph 467.

468. To the extent Paragraph 468 asserts a legal conclusion, no response is required. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 468.

469. UBH denies the allegation contained in Paragraph 469.

470. UBH denies the allegations contained in Paragraph 470.

471. UBH denies the allegation contained in Paragraph 471.

472. To the extent Paragraph 472 asserts a legal conclusion, no response is required. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 472.

473. UBH denies the allegation contained in Paragraph 473.

474. UBH denies the allegation contained in Paragraph 474.

*"COUNT II: Violation of RICO Conspiracy, 18 U.S.C. § 1962(d)"*

475. In response to Paragraph 475, UBH incorporates by reference all preceding answers as though fully set forth herein.

476.     To the extent Paragraph 476 asserts legal conclusions, no response is required.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 476.

477.     To the extent Paragraph 477 asserts legal conclusions, no response is required.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 477.

478.     UBH denies the allegation contained in Paragraph 478.

479.     UBH denies the allegation contained in Paragraph 479.

480.     UBH denies the allegation contained in Paragraph 480.

*"COUNT III: Claim for Underpaid Benefits Under Group Plans Governed by ERISA"*

481.     In response to Paragraph 481, UBH incorporates by reference all preceding answers as though fully set forth herein.

482.     UBH denies the allegation contained in Paragraph 482.

483.     UBH denies the allegation contained in Paragraph 483.

484.     UBH admits Paragraph 484 insofar as it accurately describes UBH's role in relation to behavioral health benefits under certain employer-funded plans.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 484.

485.     To the extent Paragraph 485 asserts legal conclusions, no response is required.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 485.

486.     UBH denies the allegation contained in Paragraph 486.

487.     UBH denies the allegation contained in Paragraph 487.

488.     UBH denies the allegation contained in Paragraph 488.

489.     To the extent Paragraph 489 asserts legal conclusions, no response is required.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 489.

490.     UBH denies the allegations contained in Paragraph 490.

491.     UBH denies that Plaintiffs or any putative class is entitled to any of the relief requested.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 491.

Gibson, Dunn & Crutcher LLP

492.     UBH denies that Plaintiffs are entitled to any of the relief requested.  Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 492.

"*COUNT IV: Breach of Plan Provisions in Violation of ERISA § 502(A)(1)(B)*"

493.     In response to Paragraph 493, UBH incorporates by reference all preceding answers as though fully set forth herein.

494.     UBH denies the allegation contained in Paragraph 494.

495.     UBH denies the allegation contained in Paragraph 495.

496.     To the extent Paragraph 496 asserts legal conclusions, no response is required.  To the extent Paragraph 496 purports to characterize certain health plans, the plan documents speak for themselves and therefore no response is required.  UBH admits Paragraph 496 insofar as it provides certain administrative services and performs certain fiduciary functions under the terms of certain plans.  Except as expressly admitted or otherwise responded to, UBH otherwise denies the allegation contained in Paragraph 496.

497.     To the extent Paragraph 497 asserts legal conclusions, no response is required.  To the extent Paragraph 497 purports to characterize certain health plans, the plan documents speak for themselves and therefore no response is required.  UBH admits Paragraph 497 insofar as it provides certain administrative services and performs certain fiduciary functions under the terms of certain plans.  Except as expressly admitted or otherwise responded to, UBH otherwise denies the allegation contained in Paragraph 497.

498.     To the extent Paragraph 498 asserts legal conclusions, no response is required.  To the extent Paragraph 498 purports to characterize certain health plans, the plan documents speak for themselves and therefore no response is required.  UBH admits Paragraph 498 insofar as it provides certain administrative services and performs certain fiduciary functions under the terms of certain plans.  Except as expressly admitted or otherwise responded to, UBH otherwise denies the allegation contained in Paragraph 498.

499.     UBH denies the allegation contained in Paragraph 499.

500.     UBH denies the allegation contained in Paragraph 500.

*"COUNT V: Violation of Fiduciary Duties of Loyalty and Due Care and Request for Declaratory and Injunctive Relief"*

501.    In response to Paragraph 501, UBH incorporates by reference all preceding answers as though fully set forth herein.

502.    To the extent Paragraph 502 asserts legal conclusions, no response is required.

503.    To the extent Paragraph 503 asserts legal conclusions, no response is required.

504.    To the extent Paragraph 504 asserts legal conclusions, no response is required.

505.    UBH denies the allegation contained in Paragraph 505.

506.    To the extent Paragraph 506 asserts legal conclusions, no response is required.

507.    UBH denies the allegation contained in Paragraph 507.

508.    To the extent Paragraph 508 asserts legal conclusions, no response is required.  To the extent Paragraph 508 purports to characterize certain health plans, the plan documents speak for themselves and therefore no response is required.  UBH admits Paragraph 508 insofar as it provides certain administrative services and performs certain fiduciary functions under the terms of certain plans.  Except as expressly admitted or otherwise responded to, UBH otherwise denies the allegation contained in Paragraph 508.

509.    To the extent Paragraph 509 asserts legal conclusions, no response is required.  To the extent Paragraph 509 purports to characterize certain health plans, the plan documents speak for themselves and therefore no response is required.  UBH admits Paragraph 509 insofar as it provides certain administrative services and performs certain fiduciary functions under the terms of certain plans.  Except as expressly admitted or otherwise responded to, UBH otherwise denies the allegation contained in Paragraph 509.

510.    UBH denies the allegation contained in Paragraph 510.

511.    UBH denies the allegation contained in Paragraph 511.

512.    UBH denies the allegation contained in Paragraph 512.

513.    UBH denies the allegation contained in Paragraph 513.

514.    To the extent Paragraph 514 asserts legal conclusions, no response is required.  Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 514.

"*COUNT VI: Claim for Equitable Relief to Enjoin Acts and/or Practices*"

515. In response to Paragraph 515, UBH incorporates by reference all preceding answers as though fully set forth herein.

516. UBH denies that this action may or should be maintained or properly prosecuted as a class action, denies that the putative class defined by Plaintiffs may be certified, and further denies that any putative class may or should be certified in this action. Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 516.

517. To the extent Paragraph 517 asserts legal conclusions, no response is required. Except as expressly admitted, UBH otherwise denies the allegation contained in Paragraph 517.

518. To the extent Paragraph 518 asserts legal conclusions, no response is required.

519. To the extent Paragraph 519 asserts legal conclusions, no response is required.

520. To the extent Paragraph 520 asserts legal conclusions, no response is required. UBH otherwise lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 520 regarding MultiPlan, and therefore denies the allegation on this basis.

521. UBH denies the allegation contained in Paragraph 521.

"*COUNT VII: Claim for Other Appropriate Equitable Relief*"

522. In response to Paragraph 522, UBH incorporates by reference all preceding answers as though fully set forth herein.

523. UBH denies that this action may or should be maintained or properly prosecuted as a class action, denies that the putative class defined by Plaintiffs may be certified, and further denies that any putative class may or should be certified in this action. Except as expressly admitted, UBH otherwise denies the allegations contained in Paragraph 523.

524. UBH denies the allegation contained in Paragraph 524.

525. UBH denies the allegations contained in Paragraph 525.

526. UBH denies the allegation contained in Paragraph 526.

527. UBH denies the allegation contained in Paragraph 527.

528. UBH denies the allegation contained in Paragraph 528.

529. UBH denies the allegation contained in Paragraph 529.

530. UBH denies the allegation contained in Paragraph 530.

531. UBH denies the allegation contained in Paragraph 531.

532. UBH lacks knowledge or information sufficient to admit or deny the allegation contained in Paragraph 532, and therefore denies the allegation on that basis.

533. To the extent Paragraph 533 asserts legal conclusions, no response is required.

534. To the extent Paragraph 534 asserts legal conclusions, no response is required.

535. UBH denies the allegations contained in Paragraph 535.

536. UBH denies the allegation contained in Paragraph 536.

\*         \*         \*

Unless expressly admitted above, UBH denies all stated and implied allegations in Plaintiffs' Second Amended Complaint.

### Prayer For Relief

UBH responds to the Prayer for Relief as follows: UBH denies that Plaintiffs are entitled to relief against UBH and requests that the Court dismiss all claims against UBH with prejudice and order such further relief as the Court deems just and proper.

### "JURY TRIAL DEMAND"

Defendant UBH demands a trial by jury for all claims so triable.

Gibson, Dunn &
Crutcher LLP

**AFFIRMATIVE DEFENSES**

UBH asserts the following affirmative and other defenses. UBH has not completed its full investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on UBH's knowledge, information, and belief at this time. In asserting these defenses, UBH does not assume the burden of proof or the burden of persuasion with respect to any issue as to which applicable law places the burden of proof upon Plaintiffs. In addition, UBH specifically and expressly reserves the right to amend these defenses, or to add additional defenses, based upon legal theories, facts, and circumstances that may or will be discovered and/or further legal analysis of Plaintiffs' positions in this litigation.

**FIRST AFFIRMATIVE DEFENSE**
**(Statutory Compliance)**

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, on the ground that UBH is not liable by reason of its full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint, including ERISA.

**SECOND AFFIRMATIVE DEFENSE**
**(Full Contractual Performance)**

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent UBH has complied with its contractual obligations, including the terms of relevant health benefits plans and administrative services contracts with plan sponsors, and has already paid any benefits due to Plaintiffs and putative class members under the terms of the relevant health benefits plans.

**THIRD AFFIRMATIVE DEFENSE**
**(Lack of Article III Standing)**

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs and the putative class members lack standing under Article III of the Constitution.

By way of example only, Plaintiffs and putative class members lack standing insofar as they have not paid balance bills out-of-pocket and/or sustained any injury or damage as a result of any actions taken by UBH. Additionally, Plaintiffs and putative class members lack standing to seek injunctive or other prospective relief to the extent they are no longer members of the relevant health plans and/or to the extent there is no real and immediate threat of injury as a result of the challenged practices.

## FOURTH AFFIRMATIVE DEFENSE
### (Redress)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent any injury or damage they allegedly suffered has already been redressed.

## FIFTH AFFIRMATIVE DEFENSE
### (Improper Defendant)

Plaintiffs' claims and the claims of the putative class members are barred to the extent they did not sue the proper party. By way of example only, UBH is not the proper defendant for many of Plaintiffs' claims and allegations.

## SIXTH AFFIRMATIVE DEFENSE
### (UBH As Distinct Entity)

Plaintiffs' claims and the claims of the putative class members are barred to the extent they did not sue the proper corporate affiliate, and there is no basis to impose liability on UBH for any actions of its corporate affiliates or third parties (such as MultiPlan) on the ground that such entities are distinct, not alter egos, and there are no facts to support to support any veil-piercing or other vicarious liability.

## SEVENTH AFFIRMATIVE DEFENSE
### (Exclusive Remedies-ERISA)

Plaintiffs' claims and the claims of the putative class members are barred to the extent they seek any relief under ERISA other than "benefits due" under the terms of the relevant plans, under Section 502(a)(1)(B) of ERISA. By way of example, any claims seeking restitution, surcharge, disgorgement,

constructive trusts and/or any other theory of relief are barred on the ground that these remedies are not "appropriate equitable relief" under Section 502(a)(3) of ERISA.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Fiduciary Duty)

Plaintiffs' breach-of-fiduciary-duty claims under ERISA and the claims of the putative class members are barred, in whole or in part, to the extent UBH was not acting as a fiduciary under the relevant health benefits plans when taking the action at issue.

## NINTH AFFIRMATIVE DEFENSE
### (Comparative Fault of Third Parties/No Vicarious Liability)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they seek to impose liability on UBH based on actions by UBH's agents or employees, to the extent those actions were unforeseeable and/or outside the course and scope of that person's or entity's agency or employment, and there are no facts to support any vicarious liability.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent any injury or damage they allegedly suffered was not proximately caused by UBH. Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent any injury or damage they allegedly suffered was proximately caused, in whole or in part, by persons and/or entities that are neither agents nor employees of UBH, and no legal or factual basis exists for imposing liability upon UBH for the acts or omissions of any such other persons and/or entities.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Fraud/Improper Conduct by Third Parties)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they relate to services and/or fees improperly billed, coded, or charged by medical

44

Gibson, Dunn &
Crutcher LLP

providers or other third parties. By way of example only, such claims are barred to the extent the provider's charges are improper, unreasonable, or excessive for the out-of-network services they rendered to UBH members, or contrary to law.

## TWELFTH AFFIRMATIVE DEFENSE
### (Assignment)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they assigned their benefits to a provider or anyone else relating to the services at issue in this lawsuit.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Breach of Contract/Failure to Perform)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they failed to satisfy any prerequisites, conditions, or obligations that their health benefits plans require in order to enforce rights and benefits under the terms of those plans.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Exhaustion)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they failed to exhaust UBH's administrative and/or contractual appeals process before pursuing their claims through this litigation.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Set-Off)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part by the doctrine of set-off.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Claims Barred by the Statute of Limitations)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that any applicable statute of limitations has lapsed.

Gibson, Dunn & Crutcher LLP

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Claims Barred by Contractual Limitations)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that any contractual limitations period has lapsed.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Reliance)

Plaintiffs' claims and the claims of the putative class members based on allegations of fraud and/or misrepresentation are barred, in whole or in part, on the ground that there were no material fraudulent statements, misrepresentations, misleading disclosures, and/or omissions made by UBH on which Plaintiffs could have reasonably or justifiably relied and that Plaintiffs did not in fact rely on any purported fraud and/or misrepresentation.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Presumed Knowledge)

Plaintiffs' claims and the claims of the putative class members based on allegations of fraud and/or misrepresentation are barred in whole or in part by the doctrine of presumed knowledge.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Scienter)

Plaintiffs' claims and the claims of the putative class members based on allegations of fraud and/or misrepresentation are barred in whole or in part because UBH and/or the relevant employees or agents lacked the requisite scienter, including specific intent and/or willfulness, necessary to establish fraud and/or misrepresentation under RICO or applicable law.

Gibson, Dunn & Crutcher LLP

DEFENDANT UNITED BEHAVIORAL HEALTH'S AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:20-CV-02254

### TWENTY-SECOND AFFIRMATIVE DEFENSE
#### (No Duty to Disclose)

Plaintiffs' claims and the claims of the putative class members based on allegations of nondisclosure, fraudulent omission, or failure to disclose are barred, in whole or in part, on the ground that UBH lacks any duty to disclose.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
#### (No Primary Jurisdiction)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of primary jurisdiction to the extent they raise issues within the jurisdiction and special expertise of relevant state or federal administrative agencies.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (No Exclusive Jurisdiction)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of exclusive jurisdiction to the extent they raise issues within the exclusive jurisdiction of relevant state or federal administrative agencies.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
#### (Filed Rate Doctrine)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the filed rate doctrine to the extent they challenge rates filed with state or other agencies.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (Reverse Preemption-McCarran-Ferguson Act)

Plaintiffs' claims and the claims of the putative class members are barred in whole or in part by the McCarran-Ferguson Act to the extent they would invalidate, impair, or supersede state laws regulating the business of insurance.

Gibson, Dunn &
Crutcher LLP

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Release)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part to the extent they were released in settlements or other agreements.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Constitutional Defenses)

Plaintiffs' claims and the claims of the putative class members for any exemplary damages are barred, in whole or in part, on the ground that their imposition would violate provisions of the United States Constitution, including the First Amendment, the Due Process Clause of the Fifth Amendment, and the Excessive Fines Clause of the Eight Amendment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs' claims and the claims of the putative class members are barred in whole or part to the extent they have failed to mitigate their damages.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Speculative Damages)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because the damages sought by Plaintiffs and the putative class members are speculative and remote and impossible to ascertain.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

Plaintiffs' claims and the claims of the putative class members for equitable relief are barred, in whole or in part, to the extent there is an adequate remedy at law.

Gibson, Dunn & Crutcher LLP

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (No Imminent Harm)

Plaintiffs and the putative class members are not entitled to equitable relief, in whole or in part, because they have not suffered injury or harm and will not suffer imminent and irreparable injury or harm as a result of any action or conduct by UBH.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

There is no basis in law or fact for Plaintiffs to recover attorneys' fees, costs, expenses, or interest associated with this litigation.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to Meet Particularity)

Plaintiffs' RICO claims and the claims of putative class members are barred, in whole or in part, for failure to meet the particularity pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Lack of Predicate Act)

Plaintiffs' claims and the claims of putative class members are barred, in whole or in part, because UBH did not commit any predicate act that may give rise to liability under RICO.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (No RICO Conspiracy)

Plaintiffs' claims and the claims of putative class members are barred, in whole or in part, because Defendants were not engaged in an enterprise or conspiracy that may give rise to liability under RICO.

Gibson, Dunn &
Crutcher LLP

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
**(No RICO Enterprise)**

Plaintiffs' claims and the claims of putative class members are barred, in whole or in part, because Defendants did not conduct or participate, directly or indirectly, in the conduct of a RICO enterprise's affairs.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
**(No RICO Statutory Standing)**

Plaintiffs' RICO claims and the claims of the putative class members are barred, in whole or in part, to the extent they have not suffered any injury to business or property as a result of the challenged practices.

### THIRTY-NINTH AFFIRMATIVE DEFENSE
**(Improperly Joined Plaintiffs)**

Plaintiffs' claims cannot be properly joined with the claims of any potential class members because Plaintiffs' claims involve highly individualized facts and circumstances.

### FORTIETH AFFIRMATIVE DEFENSE
**(Class Requirements Not Met)**

This action may not be maintained as a class action because one or more of the requirements for a class action are not met: (1) joinder of all members of the purported class is not impracticable; (2) there are no questions of fact or law common to all purported members of the class; (3) the claims asserted in the SAC are not typical of the claims of the purported class; (4) the representative party and proposed class counsel will not fairly and adequately protect the interests of the purported class; (5) facts common to the purported class do not predominate over questions affecting only individual members; (6) a class action lawsuit is not superior to other methods for the fair and efficient adjudication of the matter; and (7) the proposed class action would not be manageable.

## FORTY-FIRST AFFIRMATIVE DEFENSE
### (Improper Expansion of Rule 23)

Plaintiffs' alleged claims cannot be certified for class-wide adjudication under Federal Rule of Civil Procedure 23 to the extent that such adjudication would enlarge, modify, or abridge any substantive right placed at issue in this case, in violation of the Rules Enabling Act, 28 U.S.C. § 2072.

## FORTY-SECOND AFFIRMATIVE DEFENSE
### (Fourteenth Amendment)

Any attempt to require UBH to identify, locate, or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FORTY-THIRD AFFIRMATIVE DEFENSE
### (Jury Trial)

As a matter of constitutional right and substantive due process, UBH would be entitled to contest by jury trial, in whole or in part, its liability for damages to any particular individual plaintiff, even if the representatives of the purported plaintiff class prevail on their claims. Trying this case as a class action would violate the United States and California Constitutions.

## FORTY-FOURTH AFFIRMATIVE ADDITIONAL DEFENSE
### (Conflict of Interest)

Plaintiffs may not maintain this lawsuit as a class action because the interests of the purported class members are in conflict with each other.

## FORTY-FIFTH AFFIRMATIVE DEFENSE
### (Res Judicata and Collateral Estoppel)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel. By way of example only, Plaintiffs' claims and those of the putative class members are barred to the extent they assigned their claims to

Gibson, Dunn &
Crutcher LLP

treatment centers or other providers whose claims were dismissed with prejudice in *Pacific Recovery Solutions v. United Behavioral Health*, No. 20-cv-02249 (N.D. Cal.), or in any other cases asserting overlapping claims at issue.

## FORTY-SIXTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

UBH expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiffs' position in this litigation.

Dated: February 26, 2021

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Geoffrey Sigler*
                           Geoffrey Sigler

Attorney for Defendant
UNITED BEHAVIORAL HEALTH