1  **SHEPPARD, MULLIN, RICHTER & HAMPTON** LLP
   MOE KESHAVARZI, SBN 223759
2     E-Mail: mkeshavarzi@sheppardmullin.com
   DAVID DWORSKY, SBN 272167
3     E-Mail: ddworsky@sheppardmullin.com
   333 South Hope Street, 43rd Floor
4  Los Angeles, California 90071
   Telephone: 213.620.1780
5  Facsimile: 213.620.1398

6  ERROL J. KING, JR. (*admitted pro hac vice*)
7  **PHELPS DUNBAR LLP**
   II City Plaza
8  400 Convention Street, Suite 1100
   Baton Rouge, Louisiana 70802
9  Telephone: (225) 376-0207
   Fax: (225) 381-9197
10 Errol.King@phelps.com

11 *Attorneys for Defendant, MultiPlan, Inc.*

12            **UNITED STATES DISTRICT COURT**

13           **NORTHERN DISTRICT OF CALIFORNIA**

14

15 | LD, DB, BW, RH, and CJ on behalf of | Case No. 4:20-cv-02254-YGR
   themselves and all others similarly situated, | Related Case No. 4:20-cv-02249-YGR
16 |
             Plaintiffs, | (Hon. Yvonne Gonzalez-Rogers)
17 |
   vs. | **MULTIPLAN'S ANSWER TO**
18 | **PLAINTIFFS' SECOND AMENDED**
   UNITED BEHAVIORAL HEALTH, INC., a | **CLASS ACTON COMPLAINT**
19 California Corporation, and MULTIPLAN,
   INC., a New York Corporation, | Second Amended Complaint Filed:
20 |  January 25, 2021
   | Trial Date:   Not set
21            Defendants. |

22

23

24

25

26

27

28

Defendant MultiPlan, Inc. ("MultiPlan") hereby answers the allegations in Plaintiffs' Second Amended Class Action Complaint ("SAC"), according to its numbered paragraphs as follows below. MultiPlan denies all allegations in the SAC not expressly admitted herein. MultiPlan states that the headings, sub-headings, and footnotes throughout the SAC require no response.  To the extent a response is required, MultiPlan denies the allegations in the headings, sub-headings, and footnotes in the SAC.  By filing this Answer, MultiPlan does not waive—and hereby expressly preserves— its defenses under Federal Rule of Civil Procedure 12(b) and any other defenses asserted in future motions or submissions to the Court.  MultiPlan reserves the right to seek to amend and/or supplement its Answer as may be necessary.

**"Introduction"**

1.      MultiPlan admits Plaintiffs purport to file this as a class action, but denies any alleged scheme to underpay valid, medically necessary claims; denies Plaintiffs suffered any legally compensable injury; and denies that Plaintiffs' claims can be properly pursued as a class action as alleged in Paragraph 1.  Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 1.

2.      MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 and on that basis denies them.

3.      MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 and on that basis denies them.

4.      MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in the first and second sentences of Paragraph 4 and on that basis denies them.  MultiPlan admits that it is a company that engages in managed care activities to reduce healthcare costs but otherwise denies the allegations contained in the third sentence of Paragraph 4.  MultiPlan denies the allegations contained in the fourth sentence of paragraph 4.

5.      MultiPlan denies the allegations contained in Paragraph 5.

6.      MultiPlan denies the allegations contained in Paragraph 6.

7.      MultiPlan denies the allegations contained in Paragraph 7.

8.      MultiPlan denies the allegations contained in Paragraph 8.

9.      MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9 and on that basis denies them.

10.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10 and on that basis denies them.

11.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 and on that basis denies them.

12.     MultiPlan admits that it is a company that engages in managed care activities to reduce healthcare costs but otherwise denies the allegations contained in Paragraph 12.

13.     MultiPlan denies the allegations contained in Paragraph 13.

14.     MultiPlan denies the allegations contained in Paragraph 14.

15.     MultiPlan denies the allegations contained in Paragraph 15.

16.     MultiPlan denies the allegations contained in Paragraph 16.

17.     MultiPlan denies the allegations contained in Paragraph 17.

18.     MultiPlan denies the allegations contained in Paragraph 18.

19.     MultiPlan denies the allegations contained in Paragraph 19.

20.     MultiPlan denies the allegations contained in Paragraph 20.

21.     MultiPlan denies the allegations contained in Paragraph 21.

**"Summary of Claims"**

22.     Paragraph 22 states legal conclusions to which no response is required.  To the extent any response is required, MultiPlan denies the allegations contained in Paragraph 22.

23.     Paragraph 23 states legal conclusions to which no response is required.  To the extent any response is required, MultiPlan denies the allegations contained in Paragraph 23.

24.     Paragraph 24 states legal conclusions to which no response is required.  To the extent any response is required, MultiPlan denies the allegations contained in Paragraph 24.

25.     MultiPlan denies the allegations contained in Paragraph 25.

26.     MultiPlan denies the allegations contained in Paragraph 26.

27.     MultiPlan denies the allegations contained in Paragraph 27.

28.     MultiPlan denies the allegations contained in Paragraph 28.

29.     MultiPlan denies the allegations contained in Paragraph 29.

30.     MultiPlan denies the allegations contained in Paragraph 30.

31.     MultiPlan denies the allegations contained in Paragraph 31.

32.     Paragraph 32 contains Plaintiffs' characterization of this action to which no response is required.  To the extent any response is required, MultiPlan denies the allegations contained in Paragraph 32.

**"Parties"**

**"Plaintiffs"**

33.     MultiPlan lacks knowledge and information sufficient to admit or deny the allegations regarding Plaintiff LD and on that basis denies the allegations contained in Paragraph 33.

34.     MultiPlan lacks knowledge and information sufficient to admit or deny the allegations regarding Plaintiff DB and on that basis denies the allegations contained in Paragraph 34.

35.     MultiPlan lacks knowledge and information sufficient to admit or deny the allegations regarding Plaintiff BW and on that basis denies the allegation contained in Paragraph 35.

36.     MultiPlan lacks knowledge and information sufficient to admit or deny the allegations regarding Plaintiff RH and on that basis denies the allegation contained in Paragraph 36.

37.     MultiPlan lacks knowledge and information sufficient to admit or deny the allegations regarding Plaintiff CJ and on that basis denies the allegation contained in Paragraph 37.

**"Defendants"**

38.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 38 and on that basis denies them.

39.     MultiPlan admits the allegations contained in the first and second sentences of Paragraph 39 but denies as written the allegations contained in the third sentence of Paragraph 39.

**"Other Interested Parties"**

40.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 40 and on that basis denies them.

41.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 41 and on that basis denies them.  Whether Apple's plan is subject to the Employee Retirement Income Security Act of 1974 involves a legal conclusion to which no response is required.  MultiPlan otherwise denies the allegations contained in Paragraph 41.

42.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 42 and on that basis denies them.

43.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 43 and on that basis denies them.  Whether Tesla's plan is subject to the Employee Retirement Income Security Act of 1974 involves a legal conclusion to which no response is required.  MultiPlan otherwise denies the allegations contained in Paragraph 43.

**"Jurisdiction and Venue"**

44.     Paragraph 44 states legal conclusions to which no response is required.

45.     Paragraph 45 states legal conclusions to which no response is required.

46.     Paragraph 46 states legal conclusions to which no response is required.

47.     Paragraph 47 states legal conclusions to which no response is required.

48.     Paragraph 48 states legal conclusions to which no response is required.

**"Facts"**

**"Summary of the Facts"**

49.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 49 and on that basis denies them.

50.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 50 and on that basis denies them.

1      51.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

2   in Paragraph 51 and on that basis denies them.

3      52.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

4   in Paragraph 52 and on that basis denies them.

5      53.     MultiPlan denies the allegations contained in Paragraph 53.

6      54.     MultiPlan denies the allegations contained in Paragraph 54.

7      55.     MultiPlan denies the allegations contained in Paragraph 55.

8      56.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

9   in Paragraph 56 and on that basis denies them.

10     57.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

11  in Paragraph 57 and on that basis denies them.

12     58.     MultiPlan denies the allegations contained in Paragraph 58.

13     59.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

14  contained in the first sentence of Paragraph 59 and on that basis denies them.  MultiPlan denies the

15  allegations contained in the second sentence of Paragraph 59.

16     60.     MultiPlan admits that the third-party FAIRHealth database is made available to

17  consumers and others, and that it contains charge information for particular treatments in particular

18  geographic areas.   Except as expressly admitted, MultiPlan lacks knowledge or information

19  sufficient to admit or deny the remaining allegations contained in Paragraph 60 and on that basis

20  denies them.

21     61.     Paragraph 61 contains a legal conclusion to which no response is required.  To the

22  extent any response is required, MultiPlan denies the allegations contained in Paragraph 61.

23     62.     MultiPlan denies the allegation contained in Paragraph 62.

24     63.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

25  contained in Paragraph 63 and on that basis denies them.

26     64.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

27  contained in Paragraph 64 and on that basis denies them.

28     65.     MultiPlan denies the allegations contained in Paragraph 65.

1    66.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

2    contained in Paragraph 66 and on that basis denies them.

3    67.    MultiPlan denies the allegations contained in Paragraph 67.

4    68.    MultiPlan denies the allegations contained in Paragraph 68.

5    69.    MultiPlan denies the allegations contained in Paragraph 69.

6    70.    MultiPlan denies the allegations contained in Paragraph 70.

7    71.    MultiPlan denies the allegations contained in Paragraph 71.

8    72.    MultiPlan denies the allegations contained in Paragraph 72.

9    73.    MultiPlan denies the allegations contained in Paragraph 73.

10   74.    MultiPlan denies the allegations contained in Paragraph 74.

11   75.    MultiPlan denies the allegations contained in Paragraph 75.

12   76.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

13   contained in Paragraph 76 and on that basis denies them.

14   77.    MultiPlan denies the allegations contained in Paragraph 77.

15   78.    MultiPlan denies the allegations contained in Paragraph 78.

16   79.    MultiPlan denies the allegations contained in Paragraph 79.

17   80.    MultiPlan denies the allegations contained in Paragraph 80.

18   81.    MultiPlan denies the allegations contained in Paragraph 81.

19   82.    MultiPlan denies the allegations contained in Paragraph 82.

20   83.    MultiPlan denies the allegations contained in Paragraph 83.

21              **"Usual, Customary, and Reasonable Rate ("UCR")"**

22   84.    MultiPlan denies the allegations contained in Paragraph 84.

23   85.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

24   contained in Paragraph 85 and on that basis denies them.

25   86.    The referenced website, more fully identified in the footnote to Paragraph 86, is not

26   from the Center for Medicare Services ("CMS"), but instead relates to the Affordable Care Act

27   ("ACA"), which is not the same as CMS.  To the extent Paragraph 86 purports to characterize or

28

quote any website, such website speaks for itself; no further response is required except to note the lack of relevance of the ACA to the matters alleged.

87.     MultiPlan denies the allegations contained in Paragraph 87 as they attempt to characterize the behavior of consumers, whose preferences/choices are not uniform; certain consumers stay in network to minimize out-of-pocket costs.

88.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 88 and on that basis denies them.

89.     MultiPlan denies the allegations contained in Paragraph 89.

**"Intensive Outpatient Program Treatment"**

90.     MultiPlan admits the allegations contained in Paragraph 90 insofar as some clinicians describe some IOP treatment this way, and the allegations describe some IOP treatment programs. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 90.

91.     MultiPlan admits the allegations contained in Paragraph 91 insofar as some clinicians describe some IOP treatment this way, and the allegations describe some IOP treatment programs. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 91.

92.     MultiPlan denies the allegations contained in Paragraph 92.

93.     MultiPlan denies the allegation contained in Paragraph 93.

94.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 94 and on that basis denies them.

95.     MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 95 and on that basis denies them.

**"Federal RICO Allegations"**

96.     MultiPlan denies the allegations contained in Paragraph 96.

**"The Ingenix Precursor"**

97.     MultiPlan denies the allegations contained in Paragraph 97.

98.     MultiPlan denies the allegations contained in Paragraph 98.

99.     To the extent Paragraph 99 purports to characterize or quote a website, the website speaks for itself and therefore no response is required. To the extent any response is required,

MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 99 and on that basis denies them.

100.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 100 and on that basis denies them.

101.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 101 and on that basis denies them.

102.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 102 and on that basis denies them.

103.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 103 and on that basis denies them.

104.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 104 and on that basis denies them.

105.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 105 and on that basis denies them.

106.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 106 and on that basis denies them.

107.    To the extent Paragraph 107 asserts legal conclusions, no response is required. To the extent any response is required, MultiPlan denies the allegation contained in Paragraph 107.

108.    MultiPlan denies the allegations contained in Paragraph 108.

109.    MultiPlan denies the allegations contained in Paragraph 109.

**"The RICO Enterprise"**

**"The Defendants formed a RICO Enterprise to Fraudulently Avoid Paying the Usual,**

**Customary, and Reasonable Rates for Reimbursements for IOP Services"**

110.    Paragraph 110 purports to characterize laws, which speak for themselves, and states legal conclusions, to which no responses are required.

111.    MultiPlan denies the allegation contained in Paragraph 111.

112.    MultiPlan denies the allegation contained in Paragraph 112.

1    113.    Paragraph 113 states legal conclusions to which no response is required.   To the

2    extent any response is required, MultiPlan denies the allegations contained in Paragraph 113.

3    114.    Paragraph 114 purports to characterize laws, which speak for themselves, and states

4    legal conclusions, to which no responses are required.

5    115.    MultiPlan denies the allegations contained in Paragraph 115.

6    116.    MultiPlan denies the allegations contained in Paragraph 116.

7    117.    MultiPlan denies the allegations contained in Paragraph 117.

8    118.    MultiPlan denies the allegations contained in Paragraph 118.

9    119.    MultiPlan denies the allegations contained in Paragraph 119.

10    120.    MultiPlan denies the allegations contained in Paragraph 120.

11    121.    MultiPlan denies the allegations contained in Paragraph 121.

12    122.    MultiPlan denies the allegations contained in Paragraph 122.

13    123.    MultiPlan denies the allegations contained in Paragraph 123.

14    124.    MultiPlan denies the allegations contained in Paragraph 124.

15    125.    Paragraph 125 states legal conclusions to which no response is required. To the

16    extent any response is required, MultiPlan denies the allegation contained in Paragraph 125.

17    126.    MultiPlan denies the allegations contained in Paragraph 126.

18    127.    MultiPlan denies the allegations contained in Paragraph 127.

19    128.    MultiPlan denies the allegations contained in Paragraph 128.

20    129.    MultiPlan denies the allegations contained in Paragraph 129.

21    130.    MultiPlan denies the allegations contained in Paragraph 130.

22    131.    MultiPlan denies the allegations contained in Paragraph 131.

23    132.    MultiPlan denies the allegations contained in Paragraph 132.

24    133.    MultiPlan denies the allegations contained in Paragraph 133.

25    134.    MultiPlan denies the allegations contained in Paragraph 134.

26    135.    MultiPlan denies the allegations contained in Paragraph 135.

27    136.    MultiPlan denies the allegations contained in Paragraph 136.

28    137.    MultiPlan denies the allegations contained in Paragraph 137.

**"The FAIR Health Database"**

138.    MultiPlan denies the allegations contained in Paragraph 138.

139.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 139 and on that basis denies them.

140.    Paragraph 140 purports to characterize a website, which speaks for itself, and on that basis no response is required. MultiPlan lacks knowledge and information sufficient to admit or deny the remaining allegations contained in Paragraph 140 and on that basis denies them.

141.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 141 and on that basis denies them.

142.    MultiPlan denies the allegations contained in Paragraph 142.

143.    To the extent Paragraph 143 purports to quote a document, any such document speaks for itself and therefore no response is required.

144.    MultiPlan denies the allegations contained in paragraph 144.

145.    MultiPlan denies the allegations contained in Paragraph 145.

146.    To the extent Paragraph 146 purports to quote a document, any such document speaks for itself and therefore no response is required.

147.    MultiPlan denies the allegations contained in Paragraph 147.

148.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations regarding what Plaintiffs did, estimated, or expected, and on that basis denies these allegations. MultiPlan denies the remaining allegations contained in Paragraph 148.

149.    To the extent Paragraph 149 purports to characterize FAIRHealth's web site, including through a graphical depiction, the web site speaks for itself and therefore no response is required. Except as expressly admitted or otherwise responded to, MultiPlan otherwise denies the allegations contained in Paragraph 149.

150.    MultiPlan denies the allegations contained in Paragraph 150.

151.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 151 and on that basis denies them.

1    152.   MultiPlan lacks knowledge and information sufficient to admit or deny the

2   allegations contained in Paragraph 152 and on that basis denies them.

3                      **"The Underpayment Scheme's Mechanics"**

4    153.   MultiPlan denies the allegations contained in Paragraph 153.

5    154.   MultiPlan denies the allegations contained in Paragraph 154.

6    155.   MultiPlan denies the allegations contained in Paragraph 155.

7    156.   MultiPlan denies the allegations contained in Paragraph 156.

8    157.   MultiPlan denies the allegations contained in Paragraph 157.

9    158.   MultiPlan denies the allegations contained in Paragraph 158.

10   159.   MultiPlan denies the allegations contained in Paragraph 159.

11   160.   MultiPlan denies the allegations contained in Paragraph 160.

12   161.   MultiPlan admits that it is engaged in healthcare cost containment and that it offers

13  various services to support that endeavor.  MultiPlan denies the remaining allegations contained in

14  paragraph 161, including any allegations that MultiPlan engages in fraudulent activities.

15   162.   MultiPlan denies the allegations contained in Paragraph 162 as written and on the

16  basis that they are oversimplified and misleading.

17   163.   MultiPlan denies the allegations contained in Paragraph 163.

18   164.   MultiPlan denies the allegations contained in Paragraph 164 .

19   165.   MultiPlan denies the allegations contained in Paragraph 165.

20   166.   MultiPlan denies the allegation contained in Paragraph 166.

21   167.   MultiPlan admits that the source data for Viant's Facility Outpatient U&C Review

22  Service is the submitted outpatient facility claims collected by CMS.  Specifically, Viant uses CMS'

23  Standard Analytical Outpatient File ("CMS SAOF").  This file contains claims data submitted by

24  institutional outpatient providers to CMS for Medicare Part B beneficiaries during the calendar

25  year—generally about 130 million claims, each of which may include more than one line-item

26  charge.  The data includes *actual charges* that providers submit to CMS and is *not* Medicare

27  reimbursement data.  Except as expressly admitted, MultiPlan otherwise denies the allegations

28  contained in Paragraph 167.

168.    MultiPlan denies the allegations contained in Paragraph 168.

169.    MultiPlan denies the allegations contained in Paragraph 169.

170.    MultiPlan denies the allegations contained in Paragraph 170.

171.    MultiPlan admits that some facilities use HCPCS code H0015 to bill for IOP treatment.  To the extent Paragraph 171 is quoting from a web site, the web site speaks for itself and no response is required.  Except as expressly admitted or otherwise responded to, MultiPlan otherwise denies the allegations contained in Paragraph 171.

172.    MultiPlan denies the allegations contained in Paragraph 172.

173.    MultiPlan denies the allegations contained in Paragraph 173.

174.    MultiPlan denies the allegations contained in Paragraph 174.

175.    MultiPlan denies the allegations contained in Paragraph 175 as written and on the basis that they are oversimplified and misleading; the reference to the term "cross-walking" (which is used by MultiPlan in some circumstances) is, in the context of these particular allegations, inaccurate.

176.    MultiPlan denies the allegations contained in Paragraph 176 as written and on the basis that they are oversimplified and misleading; the reference to the term "cross-walking" (which is used by MultiPlan in some circumstances) is, in the context of these particular allegations, inaccurate.

177.    MultiPlan denies the allegations contained in Paragraph 177.

178.    MultiPlan denies the allegations contained in Paragraph 178.

179.    MultiPlan denies the allegations contained in Paragraph 119.

180.    MultiPlan denies the allegations contained in Paragraph 180.

181.    MultiPlan denies the allegations contained in Paragraph 181.

182.    MultiPlan denies the allegations contained in Paragraph 182.

183.    MultiPlan denies the allegations contained in Paragraph 183.

184.    MultiPlan denies the allegations contained in Paragraph 184.

185.    The allegations contained in Paragraph 185 purport to set forth the reasons Plaintiffs have brought this lawsuit and the relief to which they claim they are entitled.  Whatever Plaintiffs'

alleged motives, MultiPlan denies they are entitled to the relief they seek and all other allegations contained in Paragraph 185.

**"Claims Submission"**

186.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 186 and on that basis denies them.

187.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 187 and on that basis denies them.

188.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 188 and on that basis denies them.

189.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in the first and second sentences of Paragraph 189 and on that basis denies them.  MultiPlan denies the allegations contained in the third sentence of Paragraph 189.

**"Rates of Payment"**

190.   MultiPlan admits the allegations contained in Paragraph 190 insofar as it understands that United made coverage determinations pursuant to the terms of the plans at issue.  Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 190.

191.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 191 and on that basis denies them.

192.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained  in Paragraph 192 and on that basis denies them.

193.   MultiPlan admits the allegations contained in Paragraph 193 insofar as United processed and paid certain claims pursuant to the terms of the plan using pricing provided by MultiPlan's database.  Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 193.

194.   MultiPlan denies the allegations contained in Paragraph 194.

195.   MultiPlan denies the allegations contained in Paragraph 195.

196.   MultiPlan denies the allegations contained in Paragraph 196.

**"Viant's Methodology"**

197.    MultiPlan admits that Paragraphs 198 and 199 appropriately represent certain aspects of Viant's methodology.  MultiPlan otherwise lacks knowledge and information sufficient to admit or deny the remaining summary allegations regarding "the Viant methodology" and on that basis denies them.

198.    MultiPlan admits that MultiPlan pricing may be used for certain claims pursuant to the terms of the applicable plan. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 198.

199.    MultiPlan admits that, for certain claims under certain plans, claims information is sent to MultiPlan to determine pricing for out-of-network services. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 199.

200.    MultiPlan admits the allegations contained in Paragraph 200.

201.    To the extent Paragraph 201 contains Plaintiffs' characterization of this action no response is required. To the extent any response is required, MultiPlan denies the allegations contained in Paragraph 201.

**"Viant Facility Outpatient Review: 'Viant OPR'"**

202.    MultiPlan denies the allegations contained in Paragraph 202.

203.    MultiPlan denies the allegations contained in Paragraph 203 on the basis that they are oversimplified and misleading.

204.    MultiPlan denies the allegations contained in Paragraph 204.

**"Standard Analytical Files"**

205.    MultiPlan admits that the source data for Viant's Facility Outpatient U&C Review Service is the submitted outpatient facility claims collected by CMS.  Specifically, Viant uses CMS' Standard Analytical Outpatient File ("CMS SAOF").  This file contains claims data submitted by outpatient providers to CMS for Medicare Part B beneficiaries during the calendar year—generally about 130 million claims, each of which may include more than one line-item charge.  The data includes *actual charges* that providers submit to CMS and is *not* Medicare reimbursement data.

1  Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph

2  205.

3           206.    MultiPlan denies the allegations contained in Paragraph 206.

4           207.    MultiPlan denies the allegations contained in Paragraph 207.

5           208.    MultiPlan denies the allegations contained in Paragraph 208.

6           209.    MultiPlan denies the allegations contained in paragraph 209.

7           210.    MultiPlan denies the allegations contained in Paragraph 210.

8           211.    MultiPlan denies the allegations contained in Paragraph 211.

9           212.    MultiPlan denies the allegations contained in Paragraph 212.

10                        **"Target Pricing: Meet or Beat"**

11          213.    MultiPlan denies the allegations contained in Paragraph 213.

12          214.    MultiPlan denies the allegations contained in paragraph 214.

13          215.    MultiPlan denies the allegations contained in Paragraph 215.

14          216.    MultiPlan denies the allegations contained in Paragraph 216.

15                    **"MultiPlan and the Viant Methodology"**

16          217.    MultiPlan denies the allegations contained in Paragraph 217.

17                     **"MultiPlan's Secret Annual Events"**

18                         **Meetings of the Enterprise**

19          218.    MultiPlan admits that its personnel meet with representatives of United to discuss

20  matters relevant to their contractual relationships, including at events sponsored by MultiPlan.

21  MultiPlan denies the remaining allegations contained in Paragraph 218.

22          219.    MultiPlan denies the allegations contained in Paragraph 219.

23          220.    MultiPlan denies the allegations contained in Paragraph 220.

24          221.    MultiPlan denies the allegations contained in Paragraph 221 on the basis that they

25  are oversimplified and misleading.

26          222.    MultiPlan denies the allegations contained in Paragraph 222 as written and on the

27  basis that they are oversimplified and misleading.

28          223.    MultiPlan denies the allegations contained in Paragraph 223.

224.   MultiPlan denies the allegations contained in Paragraph 224.

225.   MultiPlan denies the allegations contained in Paragraph 225.

226.   MultiPlan denies the allegations contained in Paragraph 226.

227.   MultiPlan denies the allegations contained in Paragraph 227.

228.   MultiPlan denies the allegations contained in Paragraph 228.

229.   MultiPlan denies the allegations contained in Paragraph 229.

230.   MultiPlan denies the allegations contained in Paragraph 230.

**"MultiPlan's Secret Road Shows"**

**"Further Meetings of the Enterprise"**

231.   MultiPlan admits that its personnel meet with representatives of United to discuss matters relevant to their contractual relationships, including at events sponsored by MultiPlan. MultiPlan denies the remaining allegations contained in Paragraph 231.

232.   MultiPlan denies the allegation contained in Paragraph 232.

233.   MultiPlan denies the allegation contained in Paragraph 233.

234.   MultiPlan denies the allegation contained in Paragraph 234.

**"The Secret Internal Whitepapers"**

235.   MultiPlan denies the allegations contained in Paragraph 235 as written and on the basis that they are oversimplified and misleading.

236.   MultiPlan denies the allegations contained in Paragraph 236.

237.   MultiPlan denies the allegations contained in Paragraph 237.

238.   MultiPlan denies the allegations contained in Paragraph 238.

239.   MultiPlan denies the allegations contained in Paragraph 239 as written and on the basis that they are oversimplified and misleading.

240.   MultiPlan denies the allegations contained in Paragraph 240.

241.   MultiPlan denies the allegations contained in Paragraph 241.

**"The Network Access Agreement"**

242.   MultiPlan denies the allegations contained in Paragraph 242.

243.    MultiPlan admits that Jacqueline Kienzle is a custodian of the written agreement between United's corporate affiliate and MultiPlan.  Except as expressly admitted, MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 243 and on that basis denies them.

244.    MultiPlan admits that the agreement with United includes fee schedules and performance standards addressing how MultiPlan is compensated for its services, among other provisions.  Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 244.

245.    MultiPlan denies the allegations contained in Paragraph 245.

**"RICO Predicate Acts & ERISA Violations"**

246.    MultiPlan denies the allegations contained in Paragraph 246.

**"LD"**

247.    On information and belief, MultiPlan admits that LD was a participant in an employer-funded benefits plan offered by Apple.  MultiPlan otherwise lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 247 and on that basis denies them.

248.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 248 and on that basis denies them.

249.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 249 and on that basis denies them.

250.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 2507 and on that basis denies them.

251.    To the extent Paragraph 251 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

252.    To the extent Paragraph 252 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

253.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 253 and on that basis denies them.

254.    To the extent Paragraph 254 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

255.    To the extent Paragraph 255 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

256.    To the extent Paragraph 256 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

257.    To the extent Paragraph 257 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

258.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 258 and on that basis denies them.

259.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 259 and on that basis denies them.

260.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 260 and on that basis denies them.

261.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 261 and on that basis denies them.

262.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations about LD's understandings and expectations contained in Paragraph 262, and on that basis denies them. MultiPlan otherwise denies the allegations contained in Paragraph 262.

263.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 263 and on that basis denies it.

264.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 264 and on that basis denies them.

265.    MultiPlan denies the allegations contained in Paragraph 265.

266.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 266 and on that basis denies them.

267.    MultiPlan denies the allegations contained in Paragraph 267.

268.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in the first and second sentences of Paragraph 268 and on that basis denies them. MultiPlan otherwise denies the remaining allegations contained in Paragraph 268.

269.   MultiPlan denies the allegations contained in Paragraph 269.

270.   MultiPlan denies the allegations contained in Paragraph 270.

271.   MultiPlan admits the first two sentences contained in Paragraph 271 insofar as some clinicians describe some IOP treatment this way.  Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 271.

272.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 272 and on that basis denies them.  MultiPlan otherwise denies the allegations contained in Paragraph 272.

273.   MultiPlan denies the allegation contained in Paragraph 273.

274.   MultiPlan denies the allegations contained in Paragraph 274.

275.   MultiPlan denies the allegations contained in Paragraph 275.

276.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 276 and on that basis denies them.

277.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 277 and on that basis denies them.

**"DB"**

278.   On information and belief, MultiPlan admits that DB was a participant in an employer-funded benefits plan offered by Apple.  MultiPlan otherwise lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 278 and on that basis denies them.

279.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 279 and on that basis denies them.

280.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 280 and on that basis denies them.

281.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 281 and on that basis denies them.

282.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 282 and on that basis denies them.

283.    To the extent Paragraph 283 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

284.    To the extent Paragraph 284 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

285.    To the extent Paragraph 285 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

286.    To the extent Paragraph 286 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

287.    To the extent Paragraph 287 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

288.    To the extent Paragraph 288 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

289.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations  contained in Paragraph 289 and on that basis denies them.

290.    To the extent Paragraph 290 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

291.    To the extent Paragraph 291 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

292.    To the extent Paragraph 292 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

293.    To the extent Paragraph 293 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

294.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 294 and on that basis denies them.

1    295.   MultiPlan lacks knowledge and information sufficient to admit or deny the
2    allegations contained in Paragraph 295 and on that basis denies them.

3    296.   MultiPlan lacks knowledge and information sufficient to admit or deny the
4    allegations contained in Paragraph 296 and on that basis denies them.

5    297.   MultiPlan lacks knowledge or information sufficient to admit or deny the allegations
6    contained in Paragraph 297 and on that basis denies them.

7    298.   MultiPlan lacks knowledge and information sufficient to admit or deny the
8    allegations contained in Paragraph 298 and on that basis denies them.

9    299.   MultiPlan lacks knowledge or information sufficient to admit or deny the allegation
10   in Paragraph 299 and on that basis denies it.

11   300.   MultiPlan lacks knowledge and information sufficient to admit or deny the
12   allegations about DB's understandings and expectations contained in Paragraph 300, and on that
13   basis denies them. MultiPlan otherwise denies the allegations in Paragraph 300.

14   301.   MultiPlan lacks knowledge and information sufficient to admit or deny the
15   allegations contained in Paragraph 301 and on that basis denies them.

16   302.   MultiPlan lacks knowledge and information sufficient to admit or deny the
17   allegations contained in Paragraph 302 and on that basis denies them.

18   303.   MultiPlan denies the allegations contained in Paragraph 303.

19   304.   MultiPlan lacks knowledge and information sufficient to admit or deny the
20   allegations contained in Paragraph 304 and on that basis denies them.

21   305.   MultiPlan denies the allegations contained in Paragraph 305.

22   306.   MultiPlan lacks knowledge and information sufficient to admit or deny the
23   allegations contained in the first and second sentences of Paragraph 306 and on that basis denies
24   them. MultiPlan otherwise denies the remaining allegations contained in Paragraph 306.

25   307.   MultiPlan denies the allegations contained in Paragraph 307.

26   308.   MultiPlan admits the first two sentences contained in Paragraph 308 insofar as some
27   clinicians describe some IOP treatment this way. Except as expressly admitted, MultiPlan otherwise
28   denies the allegations contained in Paragraph 308.

309.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 309 and on that basis denies them. MultiPlan otherwise denies the allegations contained in Paragraph 309.

310.    MultiPlan denies the allegations contained in Paragraph 310.

311.    MultiPlan denies the allegations contained in Paragraph 311.

312.    MultiPlan denies the allegations contained in Paragraph 312.

313.    MultiPlan denies the allegations contained in Paragraph 313.

314.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 314 and on that basis denies them.

**"BW"**

315.    On information and belief, MultiPlan admits that BW was a participant in an employer-funded benefits plan offered by Apple.  MultiPlan otherwise lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 315 and on that basis denies them.

316.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 316 and on that basis denies them.

317.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 317 and on that basis denies them.

318.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 318 and on that basis denies them.

319.    To the extent Paragraph 319 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

320.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 320 and on that basis denies them.

321.    To the extent Paragraph 321 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

322.    To the extent Paragraph 322 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

1       323.   To the extent Paragraph 323 purports to characterize or quote a document, the

2   document speaks for itself and therefore no response is required.

3       324.   To the extent Paragraph 324 purports to characterize or quote a document, the

4   document speaks for itself and therefore no response is required.

5       325.   MultiPlan lacks knowledge and information sufficient to admit or deny the

6   allegations contained in Paragraph 325 and on that basis denies them.

7       326.   MultiPlan lacks knowledge and information sufficient to admit or deny the

8   allegations contained in Paragraph 326 and on that basis denies them.

9       327.   MultiPlan lacks knowledge and information sufficient to admit or deny the

10   allegations contained in Paragraph 327 and on that basis denies them.

11       328.   MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

12   contained in Paragraph 328 and on that basis denies them.

13       329.   MultiPlan lacks knowledge and information sufficient to admit or deny the

14   allegations about BW's understandings and expectations contained in Paragraph 329, and on that

15   basis denies them. MultiPlan otherwise denies the allegations in Paragraph 329.

16       330.   MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

17   contained in Paragraph 330 and on that basis denies them.

18       331.   MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

19   contained in Paragraph 331 and on that basis denies them.

20       332.   MultiPlan denies the allegations contained in Paragraph 332.

21       333.   MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

22   contained in Paragraph 333 and on that basis denies them.

23       334.   MultiPlan lacks knowledge and information sufficient to admit or deny the

24   allegations contained in Paragraph 334 and on that basis denies them.

25       335.   MultiPlan denies the allegations contained in Paragraph 335.

26       336.   MultiPlan lacks knowledge and information sufficient to admit or deny the

27   allegations contained in the first and second sentences of Paragraph 336 and on that basis denies

28   them.  MultiPlan otherwise denies the remaining allegations contained in Paragraph 336.

1          337.    MultiPlan denies the allegations contained in Paragraph 337.

2          338.    MultiPlan admits the first two sentences contained in Paragraph 338 insofar as some

3   clinicians describe some IOP treatment this way. Except as expressly admitted, MultiPlan otherwise

4   denies the allegations contained in Paragraph 338.

5          339.    MultiPlan lacks knowledge and information sufficient to admit or deny the

6   allegations contained in the first sentence of Paragraph 339 and on that basis denies them.  MultiPlan

7   otherwise denies the allegations contained in Paragraph 339.

8          340.    MultiPlan denies the allegation contained in Paragraph 340.

9          341.    MultiPlan denies the allegations contained in Paragraph 341.

10         342.    MultiPlan denies the allegation contained in Paragraph 342.

11         343.    MultiPlan lacks knowledge and information sufficient to admit or deny the

12   allegations contained in Paragraph 343 and on that basis denies them.

13                                          **"RH"**

14         344.    On information and belief, MultiPlan admits that RH was a participant in an

15   employer-funded benefits plan offered by Apple.  MultiPlan otherwise lacks knowledge and

16   information sufficient to admit or deny the allegations contained in Paragraph 344 and on that basis

17   denies them.

18         345.    MultiPlan lacks knowledge and information sufficient to admit or deny the

19   allegations contained in Paragraph 345 and on that basis denies them.

20         346.    MultiPlan lacks knowledge and information sufficient to admit or deny the

21   allegations contained in Paragraph 346 and on that basis denies them.

22         347.    MultiPlan lacks knowledge and information sufficient to admit or deny the

23   allegations contained in Paragraph 347 and on that basis denies them.

24         348.    To the extent Paragraph 348 purports to characterize or quote a document, the

25   document speaks for itself and therefore no response is required.

26         349.    MultiPlan lacks knowledge and information sufficient to admit or deny the

27   allegations contained in Paragraph 349 and on that basis denies them.

28

1    350.    To the extent Paragraph 350 purports to characterize or quote a document, the
2  document speaks for itself and therefore no response is required.

3    351.    To the extent Paragraph 351 purports to characterize or quote a document, the
4  document speaks for itself and therefore no response is required.

5    352.    To the extent Paragraph 352 purports to characterize or quote a document, the
6  document speaks for itself and therefore no response is required.

7    353.    To the extent Paragraph 353 purports to characterize or quote a document, the
8  document speaks for itself and therefore no response is required.

9    354.    MultiPlan lacks knowledge and information sufficient to admit or deny the
10  allegations contained in Paragraph 354 and on that basis denies them.

11    355.    MultiPlan lacks knowledge and information sufficient to admit or deny the
12  allegations contained in Paragraph 355 and on that basis denies them.

13    356.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegation
14  in Paragraph 356 and on that basis denies it.

15    357.    MultiPlan lacks knowledge and information sufficient to admit or deny the
16  allegations contained in Paragraph 357 and on that basis denies them.

17    358.    MultiPlan lacks knowledge and information sufficient to admit or deny the
18  allegations about RH's understandings and expectations contained in Paragraph 358, and on that
19  basis denies them. MultiPlan otherwise denies the allegations in Paragraph 358.

20    359.    MultiPlan lacks knowledge and information sufficient to admit or deny the
21  allegations contained in Paragraph 359 and on that basis denies them.

22    360.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations
23  contained in Paragraph 360 and on that basis denies them.

24    361.    MultiPlan denies the allegations contained in Paragraph 361.

25    362.    MultiPlan denies the allegations contained in Paragraph 362.

26    363.    MultiPlan denies the allegations contained in paragraph 363.

1    364.    MultiPlan lacks knowledge and information sufficient to admit or deny the

2    allegations contained in the first and second sentences of Paragraph 364 and on that basis denies

3    them. MultiPlan otherwise denies the remaining allegations contained in Paragraph 364.

4    365.    MultiPlan denies the allegations contained in Paragraph 365.

5    366.    MultiPlan admits the first two sentences contained in Paragraph 366 insofar as some

6    clinicians describe some IOP treatment this way.  Except as expressly admitted, MultiPlan otherwise

7    denies the allegations contained in Paragraph 366.

8    367.    MultiPlan lacks knowledge and information sufficient to admit or deny the

9    allegations contained in the first sentence of Paragraph 367 and on that basis denies them. MultiPlan

10   otherwise denies the allegations contained in Paragraph 367.

11   368.    MultiPlan denies the allegations contained in Paragraph 368.

12   369.    MultiPlan denies the allegations contained in Paragraph 369.

13   370.    MultiPlan lacks knowledge and information sufficient to admit or deny the

14   allegations contained in Paragraph 370 and on that basis denies them.

15   371.    MultiPlan lacks knowledge and information sufficient to admit or deny the

16   allegations contained in Paragraph 371 and on that basis denies them.

17   372.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegation

18   in Paragraph 372 and on that basis denies it.

19                                                **"CJ"**

20   373.    On information and belief, MultiPlan admits that LD was a participant in an

21   employer-funded benefits plan offered by Tesla.  MultiPlan otherwise lacks knowledge and

22   information sufficient to admit or deny the allegations contained in Paragraph 373 and on that basis

23   denies them.

24   374.    MultiPlan lacks knowledge and information sufficient to admit or deny the

25   allegations contained in Paragraph 374 and on that basis denies them.

26   375.    MultiPlan lacks knowledge and information sufficient to admit or deny the

27   allegations contained in Paragraph 375 and on that basis denies them.

28

376.    To the extent Paragraph 376 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

377.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 377 and on that basis denies it.

378.    To the extent Paragraph 378 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

379.    To the extent Paragraph 379 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

380.    To the extent Paragraph 380 purports to characterize or quote a document, the document speaks for itself and therefore no response is required.

381.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 381 and on that basis denies them.

382.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 382 and on that basis denies them.

383.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 383 and on that basis denies them.

384.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 384 and on that basis denies it.

385.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations about CJ's understandings and expectations contained in Paragraph 385, and on that basis denies them. MultiPlan otherwise denies the allegations in Paragraph 385.

386.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 386 and on that basis denies them

387.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 387 and on that basis denies them.

388.    MultiPlan denies the allegations contained in Paragraph 388.

389.    MultiPlan denies the allegations contained in Paragraph 389.

390.    MultiPlan denies the allegations contained in Paragraph 390.

391.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in the first and second sentences of Paragraph 391 and on that basis denies them.  MultiPlan otherwise denies the remaining allegations contained in Paragraph 391.

392.    MultiPlan denies the allegations contained in Paragraph 392.

393.    MultiPlan admits the first two sentences in Paragraph 393 insofar as some clinicians describe some IOP treatment this way.  MultiPlan otherwise denies the allegations contained in Paragraph 393.

394.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 394 and on that basis denies them.  MultiPlan otherwise denies the allegations contained in Paragraph 394.

395.    MultiPlan denies the allegation contained in Paragraph 395.

396.    MultiPlan denies the allegations contained in Paragraph 396.

397.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 397 and on that basis denies them.

398.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 398 and on that basis denies them.

399.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 399 and on that basis denies them.

**"The 'Patient Advocacy Department' ("PAD") Letters"**

400.    To the extent Paragraph 400 purports to characterize the contents of any documents, including the item depicted in Paragraph 400, those documents speak for themselves, and no response is required.  MultiPlan otherwise denies the allegations contained in Paragraph 400.

401.    MultiPlan admits that PAD letters were sent to some United members related to claims, although it lacks knowledge and information sufficient to admit or deny the number of years that has occurred.  Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 401.

402.    MultiPlan lacks knowledge and information sufficient to admit or deny the allegation contained in Paragraph 402 and on that basis denies it.

403.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 403 and on that basis denies them.

404.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 404 and on that basis denies them.

405.   MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 405 and on that basis denies them.

406.   MultiPlan denies the allegations contained in Paragraph 406.

407.   MultiPlan denies the allegations contained in Paragraph 407.

408.   MultiPlan denies the allegations contained in Paragraph 408.

409.   MultiPlan denies the allegations contained in Paragraph 409.

410.   To the extent Paragraph 410 purports to characterize the contents of a document, that document speaks for itself, and no response is required.

411.   To the extent Paragraph 411 purports to characterize the contents of any documents, those documents speak for themselves, and no response is required.  To the extent any response is required, MultiPlan lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 411 and on that basis denies them.

412.   MultiPlan denies the allegations contained in Paragraph 412.

413.   MultiPlan denies the allegations contained in Paragraph 413.

414.   MultiPlan denies the allegations contained in Paragraph 414.

415.   MultiPlan denies the allegations contained in Paragraph 415.

416.   MultiPlan denies the allegations contained in Paragraph 416.

417.   MultiPlan denies the allegations contained in Paragraph 417.

418.   To the extent Paragraph 418 asserts legal conclusions, no response is required.  Except as otherwise responded to, MultiPlan denies the allegations contained in Paragraph 418.

419.   MultiPlan denies the allegations contained in Paragraph 419.

420.   MultiPlan denies the allegations contained in Paragraph 420.

421.   MultiPlan denies the allegations contained in Paragraph 421.

1

**"RICO Proximate Cause"**

2          422.    MultiPlan denies the allegations contained in Paragraph 422.

3          423.    MultiPlan denies the allegations contained in Paragraph 423.

4          424.    MultiPlan denies the allegations contained in Paragraph 424.  MultiPlan further avers

5     that neither it nor Viant pays, or is responsible to pay, any healthcare claims.

6          425.    MultiPlan denies the allegations contained in Paragraph 425.  MultiPlan further avers

7     that neither it nor Viant pays, or is responsible to pay, any healthcare claims.

8          426.    MultiPlan denies the allegations contained in Paragraph 426.

9          427.    MultiPlan denies the allegations contained in Paragraph 427.

10         **"The Continuing Nationwide Pattern and Other Victims Affected"**

11         428.    MultiPlan denies the allegations contained in Paragraph 428.

12         429.    MultiPlan denies the allegations contained in Paragraph 429.

13         430.    MultiPlan denies the allegations contained in Paragraph 430.

14         431.    MultiPlan denies the allegations contained in Paragraph 431.

15                       **"General Allegations to All Counts"**

16         432.    MultiPlan lacks knowledge or information sufficient to admit or deny the allegations

17    contained in paragraph 432 and on that basis denies them.

18         433.    MultiPlan denies the allegations contained in Paragraph 433.

19         434.    MultiPlan denies the allegations contained in Paragraph 434.

20         435.    MultiPlan denies the allegations contained in Paragraph 435.

21         436.    MultiPlan lacks knowledge and information sufficient to admit or deny the

22    allegations contained in Paragraph 436 that relate to the terms of United plan terms and on that basis

23    denies them.  MultiPlan otherwise denies the allegations contained in Paragraph 436.

24                 **"The Direct Harm Caused to the Plaintiffs and Class"**

25         437.    MultiPlan denies the allegations contained in Paragraph 437.  MultiPlan further avers

26    that neither it nor Viant pays, or is responsible to pay, any healthcare claims.

27         438.    MultiPlan denies the allegations contained in Paragraph 438.  MultiPlan further avers

28    that neither it nor Viant pays, or is responsible to pay, any healthcare claims.

1    439.    MultiPlan denies the allegations contained in Paragraph 439.

2    440.    MultiPlan denies the allegations contained in Paragraph 440.

3    441.    MultiPlan denies the allegations contained in Paragraph 441.  MultiPlan further avers

4    that neither it nor Viant pays, or is responsible to pay, any healthcare claims.

5    442.    MultiPlan denies the allegations contained in Paragraph 442.

6                              **"CLASS ACTION ALLEGATIONS"**

7                                 **"The Plaintiff Class"**

8    443.    MultiPlan denies that this action may or should be maintained or properly prosecuted

9    as a class action, denies that the putative class defined by Plaintiffs may be certified, and further

10   denies that any putative class may or should be certified in this action.

11   444.    To the extent Paragraph 444 asserts legal conclusions or purports to characterize this

12   action, no response is required.  Except as expressly admitted, MultiPlan otherwise denies the

13   allegations contained in Paragraph 444.

14   445.    To the extent Paragraph 445 asserts legal conclusions or purports to characterize this

15   action, no response is required.  MultiPlan otherwise denies the allegation contained in Paragraph

16   445.  MultiPlan further avers that neither it nor Viant pays, or is responsible to pay, any healthcare

17   claims.

18                                   **"Rule 23(a)"**

19                                  **"Numerosity"**

20   446.    To the extent Paragraph 446 asserts legal conclusions or purports to characterize this

21   action, no response is required.  Except as expressly admitted, MultiPlan otherwise denies the

22   allegations contained in Paragraph 446.

23                                  **"Commonality"**

24   447.    To the extent Paragraph 447 and its subparagraphs assert legal conclusions or purport

25   to characterize this action, no response is required.  Except as expressly admitted, MultiPlan

26   otherwise denies the allegation contained in Paragraph 447, including all of its subparagraphs.

27                                   **"Typicality"**

28   448.    MultiPlan denies the allegations contained in Paragraph 448.

**"Adequacy"**

449.    To the extent Paragraph 449 asserts legal conclusions or purports to characterize this action, no response is required.   Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 449.

450.    To the extent Paragraph 450 asserts legal conclusions or purports to characterize this action, no response is required.   Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 450.

**"Rule 23(b)"**

451.    To the extent Paragraph 451 asserts legal conclusions or purports to characterize this action, no response is required.   Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 451.

452.    To the extent Paragraph 452 asserts legal conclusions or purports to characterize this action, no response is required.   Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 452.

453.    To the extent Paragraph 453 asserts legal conclusions or purports to characterize this action, no response is required.   Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 453.

454.    To the extent Paragraph 454 asserts legal conclusions or purports to characterize this action, no response is required.   Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 454.

**"Causes of Action"**

**"COUNT I: Violation of RICO, 18 U.S.C. § 1962(c)"**

455.    In response to Paragraph 455, MultiPlan incorporates by reference all preceding answers as though fully set forth herein.

456.    To the extent Paragraph 456 asserts legal conclusions, no response is required. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 456.

457.    To the extent Paragraph 457 asserts legal conclusions, no response is required. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 457.

458.    To the extent Paragraph 458 asserts legal conclusions, no response is required. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 458.

459.    To the extent Paragraph 459 asserts legal conclusions, no response is required. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 459.

460.    To the extent Paragraph 460 asserts legal conclusions, no response is required. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 460.

461.    To the extent Paragraph 461 asserts legal conclusions, no response is required. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 461.

462.    MultiPlan denies the allegations contained in Paragraph 462.

463.    MultiPlan denies the allegations contained in Paragraph 463.

464.    MultiPlan denies the allegations contained in Paragraph 464.

465.    MultiPlan denies the allegations contained in Paragraph 465.

466.    To the extent Paragraph 466 asserts legal conclusions, no response is required. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 466.

467.    MultiPlan denies the allegations contained in Paragraph 467.

468.    To the extent Paragraph 468 asserts a legal conclusion, no response is required. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 468.

469.    MultiPlan denies the allegation contained in Paragraph 469.

470.    MultiPlan denies the allegations contained in Paragraph 470.

471.     MultiPlan denies the allegations contained in Paragraph 471.

472.     To the extent Paragraph 472 asserts a legal conclusion, no response is required. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 472.

473.     MultiPlan denies the allegations contained in Paragraph 473.

474.     MultiPlan denies the allegations contained in Paragraph 474.

**"COUNT II: Violation of RICO Conspiracy, 18 U.S.C. § 1962(d)"**

475.     In response to Paragraph 475, MultiPlan incorporates by reference all preceding answers as though fully set forth herein.

476.     To the extent Paragraph 476 asserts legal conclusions, no response is required. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 476.

477.     To the extent Paragraph 477 asserts legal conclusions, no response is required. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 477.

478.     MultiPlan denies the allegations contained in Paragraph 478.

479.     MultiPlan denies the allegations contained in Paragraph 479.

480.     MultiPlan denies the allegations contained in Paragraph 480.

**"COUNT III: Claim for Underpaid Benefits Under Group Plans Governed by ERISA"**

481.     The allegations contained in Paragraphs 481 to 492 that encompass Count IV are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response by MultiPlan to Paragraph 481 is deemed to be required, MultiPlan incorporates by reference all preceding answers as though fully set forth herein.

482.     The allegations contained in Paragraph 482 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 482.

483.    The allegations contained in Paragraph 483 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 483.

484.    The allegations contained in Paragraph 484 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 484.

485.    The allegations contained in Paragraph 485 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 485.

486.    The allegations contained in Paragraph 486 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 486.

487.    The allegations contained in Paragraph 487 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the contained in paragraph 487

488.    The allegations contained in Paragraph 488 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 488.

489.    The allegations contained in Paragraph 489 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 489.

490.    The allegations contained in Paragraph 490 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 490.

491.    The allegations contained in Paragraph 491 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 491.

492.    The allegations contained in Paragraph 492 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 492.

**"COUNT IV: Breach of Plan Provisions in Violation of ERISA § 502(A)(1)(B)"**

493.    The allegations contained in Paragraphs 493 to 500 that encompass Count IV are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response by MultiPlan to Paragraph 493 is deemed to be required, MultiPlan incorporates by reference all preceding answers as though fully set forth herein.

494.    The allegations contained in Paragraph 494 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 494.

495.    The allegations contained in Paragraph 495 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 495.

496.    The allegations contained in Paragraph 496 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, to the extent Paragraph 496 purports to characterize certain health plans, the plan documents speak for themselves and therefore no response is required.  MultiPlan otherwise denies the allegations contained in Paragraph 496.

497.    The allegations contained in Paragraph 497 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, to the extent Paragraph 497 purports to characterize certain health plans, the plan documents speak for themselves and therefore no response is required.  MultiPlan otherwise denies the allegations contained in Paragraph 497.

498.    The allegations contained in Paragraph 498 are directed solely at United and therefore do not require a response from MultiPlan. Nevertheless, if a response is deemed to be required, to the extent Paragraph 498 purports to characterize certain health plans, the plan

documents speak for themselves, and therefore no response is required. MultiPlan otherwise denies the allegations contained in Paragraph 498.

499.   The allegations contained in Paragraph 499 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 499.

500.   The allegations contained in Paragraph 500 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 500.

## "COUNT V: Violation of Fiduciary Duties of Loyalty and Due
## Care and Request for Declaratory and Injunctive Relief"

501.   The allegations contained in Paragraphs 501 to 514 that encompass Count V are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response by MultiPlan to Paragraph 501 is deemed to be required, MultiPlan incorporates by reference all preceding answers as though fully set forth herein.

502.   The allegations contained in Paragraph 502 are directed solely at United and therefore do not require a response from MultiPlan.  Further, to the extent Paragraph 502 asserts legal conclusions, no response is required.

503.   The allegations contained in Paragraph 503 are directed solely at United and therefore do not require a response from MultiPlan.  Further, to the extent Paragraph 503 asserts legal conclusions, no response is required.

504.   The allegations contained in Paragraph 504 are directed solely at United and therefore do not require a response from MultiPlan.  Further, to the extent Paragraph 504 asserts legal conclusions, no response is required.

505.   The allegations contained in Paragraph 505 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 505.

506.    The allegations contained in Paragraph 506 are directed solely at United and therefore do not require a response from MultiPlan.  Further, to the extent Paragraph 506 asserts legal conclusions, no response is required.

507.    The allegations contained in Paragraph 507 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 507.

508.    The allegations contained in Paragraph 508 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, to the extent Paragraph 508 purports to characterize certain health plans, the plan documents speak for themselves, and therefore no response is required.  MultiPlan otherwise denies the allegations contained in Paragraph 508.

509.    The allegations contained in Paragraph 509 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, to the extent Paragraph 509 purports to characterize certain health plans, the plan documents speak for themselves, and therefore no response is required.  MultiPlan otherwise denies the allegations contained in Paragraph 509.

510.    The allegations contained in Paragraph 510 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 510.

511.    The allegations contained in Paragraph 511 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 511.

512.    The allegations contained in Paragraph 512 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 512.

513.    The allegations contained in Paragraph 513 are directed solely at United and therefore do not require a response from MultiPlan.  Nevertheless, if a response is deemed to be required, MultiPlan denies the allegations contained in Paragraph 513.

514. The allegations contained in Paragraph 514 are directed solely at United and therefore do not require a response from MultiPlan. Further, to the extent Paragraph 514 asserts legal conclusions, no response is required.

**"COUNT VI: Claim for Equitable Relief to Enjoin Acts and/or Practices"**

515. In response to Paragraph 515, MultiPlan incorporates by reference all preceding answers as though fully set forth herein.

516. MultiPlan denies that this action may or should be maintained or properly prosecuted as a class action, denies that the putative class defined by Plaintiffs may be certified, and further denies that any putative class may or should be certified in this action. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 516.

517. To the extent Paragraph 517 asserts legal conclusions, no response is required. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 517.

518. To the extent Paragraph 518 asserts legal conclusions, no response is required. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 518.

519. To the extent Paragraph 519 asserts legal conclusions, no response is required.

520. To the extent Paragraph 520 asserts legal conclusions, no response is required. To the extent a response is deemed required, MultiPlan denies the allegations contained in Paragraph 520.

521. MultiPlan denies the allegations contained in Paragraph 521.

**"COUNT VII: Claim for Other Appropriate Equitable Relief"**

522. In response to Paragraph 522, MultiPlan incorporates by reference all preceding answers as though fully set forth herein.

523. MultiPlan denies that this action may or should be maintained or properly prosecuted as a class action, denies that the putative class defined by Plaintiffs may be certified, and further denies that any putative class may or should be certified in this action. Except as expressly admitted, MultiPlan otherwise denies the allegations contained in Paragraph 523.

524.   MultiPlan denies the allegation contained in Paragraph 524.

525.   MultiPlan denies the allegations contained in Paragraph 525.

526.   MultiPlan denies the allegations contained in Paragraph 526.

527.   MultiPlan denies the allegations contained in Paragraph 527.

528.   MultiPlan denies the allegations contained in Paragraph 528.

529.   MultiPlan denies the allegations contained in Paragraph 529.

530.   MultiPlan denies the allegations contained in Paragraph 530.

531.   MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 531, on that basis denies them.

532.   MultiPlan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 532, on that basis denies them.

533.   To the extent Paragraph 533 asserts legal conclusions, no response is required.

534.   To the extent Paragraph 534 asserts legal conclusions, no response is required.

535.   MultiPlan denies the allegations contained in Paragraph 535.

536.   MultiPlan denies the allegations contained in Paragraph 536.

\*      \*      \*

Unless expressly admitted above, MultiPlan denies all stated and implied allegations in Plaintiffs' Second Amended Complaint.

**Prayer For Relief**

MultiPlan responds to the Prayer for Relief as follows: MultiPlan denies that Plaintiffs are entitled to relief against MultiPlan and requests that the Court dismiss all claims against MultiPlan with prejudice and order such further relief as the Court deems just and proper.

**"JURY TRIAL DEMAND"**

Defendant MultiPlan demands a trial by jury for all claims so triable.

**AFFIRMATIVE DEFENSES**

MultiPlan asserts the following affirmative and other defenses.  MultiPlan has not completed its full investigation of the facts of this case; discovery has not even begun in this matter; and, as a result, MultiPlan has not completed its preparation for trial.  The defenses asserted herein are based

on MultiPlan's knowledge, information, and belief at this time.  In asserting these defenses, MultiPlan does not assume the burden of proof or the burden of persuasion with respect to any issue as to which applicable law places the burden of proof upon Plaintiffs.  In addition, MultiPlan specifically and expressly reserves the right to amend these defenses, or to add additional defenses, based upon legal theories, facts, and circumstances that may or will be discovered after further legal analysis of Plaintiffs' positions in this litigation.

## FIRST AFFIRMATIVE DEFENSE
### (Statutory Compliance)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, on the ground that MultiPlan is not liable by reason of its full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the SAC including, as applicable, ERISA.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Article III Standing)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs and the putative class members lack standing under Article III of the Constitution. By way of example only, Plaintiffs and putative class members lack standing insofar as they have not paid balance bills out-of-pocket and/or sustained any injury or damage as a result of any actions taken by Defendants.  Additionally, Plaintiffs and putative class members lack standing to seek injunctive or other prospective relief to the extent they are no longer members of the relevant health plans and/or to the extent there is no real and immediate threat of injury as a result of the challenged practices.

## THIRD AFFIRMATIVE DEFENSE
### (Redress)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent any injury or damage they allegedly suffered has already been redressed.

**FOURTH AFFIRMATIVE DEFENSE**

**(Improper Defendant)**

Plaintiffs' claims and the claims of the putative class members are barred to the extent they did not sue the proper party.

**FIFTH AFFIRMATIVE DEFENSE**

**(MultiPlan As Distinct Entity)**

Plaintiffs' claims and the claims of the putative class members are barred to the extent they did not sue the proper corporate affiliate, and there is no basis to impose liability on MultiPlan for any actions of its corporate affiliates or third parties (such as Viant ) on the ground that such entities are distinct, not alter egos, and there are no facts to support to support any veil-piercing or other vicarious liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(Exclusive Remedies-ERISA)**

Plaintiffs' claims and the claims of the putative class members are barred to the extent they seek any relief under ERISA other than "benefits due" under the terms of the relevant plans, under Section 502(a)(1)(B) of ERISA.  By way of example, any claims seeking restitution, surcharge, disgorgement, constructive trusts and/or any other theory of relief are barred on the ground that these remedies are not "appropriate equitable relief" under Section 502(a)(3) of ERISA.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Fiduciary Duty)**

Plaintiffs' breach-of-fiduciary-duty claims under ERISA and the claims of the putative class members are barred as MultiPlan is not and does not act as a fiduciary under the relevant health benefits plans.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Comparative Fault of Third Parties/No Vicarious Liability)**

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they seek to impose liability on MultiPlan based on actions by MultiPlan's agents or employees, to the extent those actions were unforeseeable and/or outside the course and scope of

1    that person's or entity's agency or employment, and there are no facts to support any vicarious

2    liability.

### NINTH AFFIRMATIVE DEFENSE

#### (Lack of Causation)

5        Plaintiffs' claims and the claims of the putative class members are barred, in whole or in

6    part, to the extent any injury or damage they allegedly suffered was not proximately caused by

7    MultiPlan.  Plaintiffs' claims and the claims of the putative class members are barred, in whole or

8    in part, to the extent any injury or damage they allegedly suffered was proximately caused, in whole

9    or in part, by persons and/or entities that are neither agents nor employees of MultiPlan, and no legal

10   or factual basis exists for imposing liability upon MultiPlan for the acts or omissions of any such

11   other persons and/or entities.

### TENTH AFFIRMATIVE DEFENSE

#### (Fraud/Improper Conduct by Third Parties)

14       Plaintiffs' claims and the claims of the putative class members are barred, in whole or in

15   part, to the extent they relate to services and/or fees improperly billed, coded, or charged by medical

16   providers or other third parties.  By way of example only, such claims are barred to the extent the

17   provider's charges are improper, unreasonable, or excessive for the out-of-network services they

18   rendered to United members, or contrary to law.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Assignment)

21       Plaintiffs' claims and the claims of the putative class members are barred, in whole or in

22   part, to the extent they assigned their benefits to a provider or anyone else relating to the services at

23   issue in this lawsuit.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Breach of Contract/Failure to Perform)

26       Plaintiffs' claims and the claims of the putative class members are barred, in whole or in

27   part, to the extent they failed to satisfy any prerequisites, conditions, or obligations that their health

28   benefits plans require in order to enforce rights and benefits under the terms of those plans, to the

extent that those might impact MultiPlan.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Exhaustion)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they failed to exhaust any applicable administrative and/or contractual appeals processes before pursuing their claims through this litigation.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Set-Off)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part by the doctrine of set-off.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Claims Barred by the Statute of Limitations)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that any applicable statute of limitations has lapsed.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Claims Barred by Contractual Limitations)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that any applicable contractual limitations period has lapsed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Reliance)

Plaintiffs' claims and the claims of the putative class members based on allegations of fraud and/or misrepresentation are barred, in whole or in part, on the ground that there were no material fraudulent statements, misrepresentations, misleading disclosures, and/or omissions made by MultiPlan on which Plaintiffs could have reasonably or justifiably relied and that Plaintiffs did not

in fact rely on any purported fraud and/or misrepresentation.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Presumed Knowledge)**

Plaintiffs' claims and the claims of the putative class members based on allegations of fraud and/or misrepresentation are barred, in whole or in part, by the doctrine of presumed knowledge.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Scienter)**

Plaintiffs' claims and the claims of the putative class members based on allegations of fraud and/or misrepresentation are barred, in whole or in part, because MultiPlan and/or the relevant employees or agents lacked the requisite scienter, including specific intent and/or willfulness, necessary to establish fraud and/or misrepresentation under RICO or any other applicable laws.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Duty to Disclose)**

Plaintiffs' claims and the claims of the putative class members based on allegations of nondisclosure, fraudulent omission, or failure to disclose are barred, in whole or in part, on the ground that MultiPlan lacks any duty to disclose.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Primary Jurisdiction)**

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of primary jurisdiction to the extent they raise issues within the jurisdiction and special expertise of relevant state or federal administrative agencies.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Exclusive Jurisdiction)**

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of exclusive jurisdiction to the extent they raise issues within the exclusive jurisdiction of relevant state or federal administrative agencies.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Release)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they were released in settlements or other agreements.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Constitutional Defenses)

Plaintiffs' claims and the claims of the putative class members for any exemplary damages are barred, in whole or in part, on the ground that their imposition would violate provisions of the United States Constitution, including the First Amendment, the Due Process Clause of the Fifth Amendment, and the Excessive Fines Clause of the Eighth Amendment.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they have failed to mitigate their damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because the damages sought by Plaintiffs and the putative class members are speculative and remote and impossible to ascertain.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs' claims and the claims of the putative class members for equitable relief are barred, in whole or in part, to the extent there is an adequate remedy at law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Imminent Harm)

Plaintiffs and the putative class members are not entitled to equitable relief, in whole or in part, because they have not suffered injury or harm and will not suffer imminent and irreparable injury or harm as a result of any action or conduct by MultiPlan.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(No Attorneys' Fees)**

There is no basis in law or fact for Plaintiffs to recover attorneys' fees, costs, expenses, or interest associated with this litigation.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Meet Particularity)**

Plaintiffs' RICO claims and the claims of putative class members are barred, in whole or in part, for failure to meet the particularity pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Lack of Predicate Act)**

Plaintiffs' claims and the claims of putative class members are barred, in whole or in part, because MultiPlan did not commit any predicate act that may give rise to liability under RICO.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(No RICO Conspiracy)**

Plaintiffs' claims and the claims of putative class members are barred, in whole or in part, because Defendants were not engaged in an enterprise or conspiracy that may give rise to liability under RICO.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(No RICO Enterprise)**

Plaintiffs' claims and the claims of putative class members are barred, in whole or in part, because Defendants did not conduct or participate, directly or indirectly, in the conduct of a RICO enterprise's affairs.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(No RICO Statutory Standing)**

Plaintiffs' RICO claims and the claims of the putative class members are barred, in whole or in part, to the extent they have not suffered any injury to business or property as a result of the challenged practices.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Improperly Joined Plaintiffs)**

Plaintiffs' claims cannot be properly joined with the claims of any potential class members because Plaintiffs' claims involve highly individualized facts and circumstances.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Class Requirements Not Met)**

This action may not be maintained as a class action because one or more of the requirements for a class action are not met: (1) joinder of all members of the purported class is not impracticable; (2) there are no questions of fact or law common to all purported members of the class; (3) the claims asserted in the SAC are not typical of the claims of the purported class; (4) the representative party and proposed class counsel will not fairly and adequately protect the interests of the purported class; (5) facts common to the purported class do not predominate over questions affecting only individual members; (6) a class action lawsuit is not superior to other methods for the fair and efficient adjudication of the matter; and (7) the proposed class action would not be manageable.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Improper Expansion of Rule 23)**

Plaintiffs' alleged claims cannot be certified for class-wide adjudication under Federal Rule of Civil Procedure 23 to the extent that such adjudication would enlarge, modify, or abridge any substantive right placed at issue in this case, in violation of the Rules Enabling Act, 28 U.S.C. § 2072.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Fourteenth Amendment)**

Any attempt to require MultiPlan to identify, locate, or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

///

///

///

1

**FORTIETH AFFIRMATIVE DEFENSE**

2

**(Jury Trial)**

3       As a matter of constitutional right and substantive due process, MultiPlan would be entitled

4 to contest by jury trial, in whole or in part, its liability for damages to any particular individual

5 plaintiff, even if the representatives of the purported plaintiff class prevail on their claims. Trying

6 this case as a class action would violate the United States and California Constitutions.

7

**FORTY-FIRST AFFIRMATIVE ADDITIONAL DEFENSE**

8

**(Conflict of Interest)**

9       Plaintiffs may not maintain this lawsuit as a class action because the interests of the

10 purported class members are in conflict with each other.

11

**FORTY-SECOND AFFIRMATIVE DEFENSE**

12

**(Res Judicata and Collateral Estoppel)**

13       Plaintiffs' claims and the claims of the putative class members are barred, in whole or in

14 part,  by the doctrine of res judicata and/or collateral estoppel.  By way of example only, Plaintiffs'

15 claims and those of the putative class members are barred to the extent they assigned their claims to

16 treatment centers or other providers whose claims were dismissed with prejudice in *Pacific Recovery*

17 *Solutions v. United Behavioral Health*, No. 20-cv-02249 (N.D. Cal.), or in any other cases asserting

18 overlapping claims at issue.

19 ///

20 ///

21 ///

22

23

24

25

26

27

28

1

**FORTY-THIRD AFFIRMATIVE DEFENSE**

2

**(Additional Defenses)**

3

MultiPlan expressly and specifically reserves the right to amend this Answer to add, delete,

4

and/or modify defenses based upon legal theories, facts, and circumstances that may or will be

5

divulged through discovery and/or after further legal analysis of Plaintiffs' position in this litigation.

6

7

DATED: March 25, 2021

8

9

By: _____ /s/ David E. Dworsky _____

10

Moe Keshavarzi
David E. Dworsky

11

Sheppard Mullin
333 South Hope Street, 43rd Floor

12

Los Angeles, CA 90071
Telephone: (213) 620-1780

13

Fax: (213) 620-1398

14

and

15

Errol J. King, Jr. (*pro hac vice*)
Phelps Dunbar LLP

16

II City Plaza
400 Convention Street, Suite 1100

17

Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207

18

Fax: (225) 381-9197

19

Attorneys for Defendant, MultiPlan, Inc.

20

21

22

23

24

25

26

27

28