LAUREN M. BLAS, SBN 296823
    lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:   213.229.7520

GEOFFREY SIGLER (*pro hac vice*)
    gsigler@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.99.8500
Facsimile:  202.467.0539

Attorneys for Defendant UNITED BEHAVIORAL HEALTH

MATTHEW M. LAVIN (*pro hac vice*)
    mlavin@napolilaw.com
AARON R. MODIANO (*pro hac vice*)
    amodiano@napolilaw.com
NAPOLI SHKOLNIK, PLLC
1750 Tysons Boulevard, Suite 1500
McLean, VA  22102
Telephone: 212.397.1000
Facsimile:  646.843.7603

DAVID M. LILIENSTEIN, SBN 218923
    david@dllawgroup.com
KATIE J. SPIELMAN, SBN 252209
    katie@dllawgroup.com
DL LAW GROUP
345 Franklin Street
San Francisco, CA 94102
Telephone: 415. 678.5050
Facsimile: 415.358.8484

Attorneys for PLAINTIFFS

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LD, DB, BW, RH and CJ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN, INC., a New York corporation,<br><br>Defendants. | CASE NO. 4:20-cv-02254<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: Monday, April 26, 2021<br>Time: 2:00 pm<br>Judge: Hon Yvonne Gonzalez Rogers<br><br>Complaint filed: April 2, 2020 |

Plaintiffs LD, DB, BW, RH and CJ and Defendants United Behavioral Health ("UBH") and Multiplan, Inc. ("Defendants"), collectively the "Parties," to the above-entitled action, having met and conferred through counsel on April 5, 2021 regarding the matters set forth herein, jointly submit this Joint Case Management Statement pursuant to the Court's March 11, 2021 Scheduling Order (Dkt. 81) and Civil Local Rule 16-9.

**I. Jurisdiction and Service**

Plaintiffs allege that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because allegedly at least one Plaintiff is diverse from the Defendants and the amount in controversy exceeds $5,000,000. Plaintiffs also allege that the claims asserted involve matters of interstate and national interest, and the claims at issue arise under federal law.

Defendants agree that the Court has federal question jurisdiction because Plaintiffs' claims arise under ERISA and RICO. Defendants also agree that jurisdiction exists under the Class Action Fairness Act based on Plaintiffs' allegations in the Second Amended Complaint. Defendants reserve all defenses and objections to subject matter jurisdiction (including lack of standing under Article III) with respect to particular Plaintiffs, claims, and forms of relief.

**II. Facts**

A brief chronology of the facts and a statement of the principal factual issues in dispute.

**Plaintiffs' Preliminary Statement**

Plaintiffs are behavioral health patients who received medically necessary behavioral health treatment from out-of-network mental health and/or substance use disorder ("MH/SUD") providers. Plaintiffs were each participants in or beneficiaries of health insurance plans administered and/or insured by UBH at the time they received MH/SUD treatment. Plaintiffs' health plans required United to pay Plaintiffs' claims for out-of-network MH/SUD treatment based on the billed charges of similar MH/SUD providers in the same geographic area, or at the usual, customary, and reasonable ("UCR") rate.

Defendant UBH, together with defendant Multiplan, failed to reimburse Plaintiffs' claims at the UCR rate, leaving Plaintiffs with the obligation to pay their respective providers for the balances due. Specifically, despite assuring Plaintiffs' providers during verification of benefit calls that claims

would be reimbursed based on UCR, UBH and MultiPlan had already established a scheme together to re-price and underpay claims for MH/SUD services utilizing Multiplan's Viant's out-patient repricing ("OPR") methodology. Viant OPR does not take into account the billed charges for MH/SUD services charged by similar providers in the same geographic region in order to calculate reimbursement rates. Despite this, patients, their providers, plans, and others are told that claims are paid based on UCR. Instead, Viant OPR employs a flawed, proprietary database based on Medicare claim data that are not representative of amounts actually charged by or paid to similar medical providers in Plaintiffs' geographic area. The Medicare based data cannot be representative of similar charges from similar providers because Medicare does not provide coverage for the MH/SUD claims at issue in the present litigation. The Viant OPR pricing tool creates reimbursement rates that are only a small fraction of the reimbursement rates that would have been generated if UBH and Multiplan relied on actual billed charges from MH/SUD service providers in the relevant geographic area. Such data were readily available to both UBH and MultiPlan; however, the chose not to use them because accurate data are not as readily manipulated.

**Defendant UBH's Preliminary Statement**

Defendant UBH disputes Plaintiffs' claims and allegations in the Second Amended Complaint. Plaintiffs' claims that they were under-reimbursed by UBH for IOP services is unsupported by the terms of their health plans, most of which calculate reimbursement rates based on "Eligible Expenses." Those that use a different method define "UCR" differently than Plaintiffs do, and the reimbursements for Plaintiffs' services comply with all of the relevant plan terms. Defendant UBH also disputes Plaintiffs' claims and allegations about UBH's relationship with Defendant MultiPlan. MultiPlan has a legitimate commercial relationship with certain health plans to renegotiate and reprice certain benefits claims. UBH denies that it had any fraudulent communications with MultiPlan. There is no basis for any of Plaintiffs' claims, or for their allegations that there should be any class in this case. Plaintiffs' claims are without merit, which UBH will demonstrate as the case progresses.

**Defendant MultiPlan's Preliminary Statement**

Defendant MultiPlan joins in Defendant UBH's Preliminary Statement.

## III. Legal Issues

Without waiving their respective positions and arguments, the Parties agree that disputed points of law remaining in this litigation include, but are not limited to:

1. Whether Defendant UBH (1) violated 18 U.S.C. § 1962(c); (2) violated 18 U.S.C. § 1962(d); (3) underpaid benefits under group plans governed by ERISA in violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); (4) breached plan provisions in violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); (5) violated fiduciary duties under 29 U.S.C. § 1132(a)(3); and whether Plaintiffs (6) are entitled to equitable relief.

2. Whether Defendant Multiplan (1) violated 18 U.S.C. § 1962(c); (2) violated 18 U.S.C. § 1962(d); and whether Plaintiffs (3) are entitled to equitable relief.

3. Whether the reimbursements on the claims at issue complied with the terms of the relevant health plans.

4. Whether there were any fraudulent communications as alleged in the Second Amended Complaint.

5. Whether Defendants participated in and/or managed a RICO enterprise.

6. Whether Plaintiffs were injured in their business or property by the RICO enterprise.

7. Whether Plaintiffs have standing to seek relief on any of the claims alleged in the Second Amended Complaint and, if so, which ones.

8. Whether this action can be maintained as a class action under Fed. R. Civ. P. 23.

9. Whether Plaintiffs have suffered a cognizable injury under Article III, ERISA, and/or RICO.

## IV. Motions

There are no pending motions. Defendants previously moved to dismiss Plaintiffs' Complaint (Dkts. 33–35, 48–49), which the Court granted (Dkt. 55), and moved to dismiss the First Amended Complaint (Dkts. 65–67, 71–72), which the Court denied granted in part and denied in part (Dkt. 73). Following the Court's order, UBH answered Plaintiffs' Second Amended Complaint (Dkt. 76) and subsequently filed an Amended Answer (Dkt. 79). Following two prior motions to dismiss (Dkts. 33 & 48; Dkts. 65 &71), Defendant MultiPlan moved to dismiss Plaintiffs' Second Amended Complaint

(Dkts. 75 & 78), which the Court denied in its March 16, 2021 Order (Dkt. 80). Following that Order, Defendant MultiPlan answered Plaintiffs' Second Amended Complaint (Dkt. 82).

Plaintiffs anticipate filing a motion for class certification, and reserve their right to file a motion for summary adjudication.

Defendants intend to oppose any motion for class certification and anticipate filing motions for summary judgment at an appropriate point. Defendants may also file *Daubert* motions to challenge any experts. Defendants also anticipate filing pretrial motions if the matter were to proceed to trial.

**V. Amendment of Pleadings**

Plaintiffs do not presently intend to amend the Second Amended Complaint but reserve their rights to do so. Defendants' position is that any further amendment should be by motion, and they reserve all rights to oppose any further amendment of the pleadings.

**VI. Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have begun the meet and confer process pursuant to Fed. R. Civ. P. 26(f). The Parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation and production of relevant evidence.

The Parties will exchange and negotiate an ESI Protocol and will work to finalize agreed-upon versions which will be presented to the Court for review and approval. The Parties filed, and the Court approved, a stipulated Protective Order for this action. *See* Dkts. 24 & 25.

**VII. Disclosures**

The Parties will serve initial disclosures by April 19, 2021. The disclosures will include the topics enumerated in Fed. R. Civ. P. 26(a)(1). The Parties do not believe that any changes need to be made in the form or requirement of the disclosures.

**VIII. Discovery**

During motion to dismiss briefing, the Parties shared certain claims information and summary plan descriptions related to Plaintiffs. The Parties have not yet served formal discovery requests, but they have discussed the areas subject to discovery and will be serving formal requests soon.

**Plaintiffs' Position**

No discovery has yet occurred. Discovery in this matter will involve the specific functioning of the Enterprise and of United and MultiPlan as fiduciaries and administrators of ERISA plans. Plaintiffs have no objection to producing all of the claims data in her possession to Defendants at this early stage of litigation.

Defendants should be required to produce full records for Plaintiffs' claims. Defendants should produce the recording of calls between healthcare providers and United and all EOBs, ERAs, PAD letters and other similar communications between United and healthcare providers and with its members.

Defendants should be required to produce their full records regarding relevant Out-Patient Review pricing methodologies and Explanations of Methodology and any other materials, communications or data utilized to determine facility claim reimbursement amounts. For class discovery, documentation regarding the methodology shall include spreadsheets of all claims priced by MultiPlan for United for code H0015, with a breakdown of the pricing logic and codes applied. Plaintiffs will also seek facility pricing modules, reports of consultants, information as to the underlying data used to price the claims, internal correspondence and presentations of "savings" and "discounts" and of Out-Patient Review in general.

Plaintiffs also seeks the unredacted Network Access Agreement between United and MultiPlan, including all exhibits. Plaintiffs will take discovery on the United Shared Savings Program, how that program was marketed to Plan Sponsors and MultiPlan's involvement in that program. Plaintiffs will take discovery on Outlier Cost Management at United as well as internal presentations regarding that topic. Plaintiffs will seek discovery of all individuals at United involved in payment strategies for out-of-network providers.

Plaintiffs will take discovery on MultiPlan's creation, marketing, and management of "targeted benchmark pricing" as well as of the Viant pricing tool.

As Plaintiffs have brought RICO claims, discovery is also appropriate as to the materials presented to Plans and Plan Sponsors discussing "savings," "savings techniques" "shared savings program" and such similar terms as well as marketing and communications regarding these programs.

Plaintiffs will seek discovery of phone calls, emails, Lync instant messaging, Salesforce, Citrix ShareDrive and any other platforms used by Defendants to communicate with each other.

Plaintiffs will seek discovery of the Administrative Services Agreements between United and the Plan Sponsors for the class representatives in this matter as well as for other Plan Sponsors involved in the Shared Savings Program. Plaintiffs will take discovery of Plans involved in the Shared Savings Program.

Plaintiff reserves the right to modify its position as additional materials and information come to light during the discovery process.

**Defendant's Position**

Defendants do not envision formal bifurcated discovery, but expect that early in the case, the Parties will work together to prioritize discovery relevant to Plaintiffs' anticipated motion for class certification. Defendants also anticipate that some discovery—*i.e.*, information that would be needed only if a class is certified—can be deferred until after a ruling on class certification to efficiently use the Parties' (and the Court's) time and resources. Defendants anticipate working through these issues cooperatively with Plaintiffs' counsel, and do not anticipate disputes arising from the above prioritization.

Unrelated to the proper prioritization of discovery, some of the categories listed by Plaintiffs above appear to involve practices, claims, and issues not relevant to the claims and allegations in this case. Defendants will work with Plaintiffs to understand their requests and relevance arguments in connection with particularly discovery requests when served. Defendants anticipate seeking discovery into the basis for Plaintiffs' claims, as well as their alleged injuries and/or damages.

**IX. Class Actions**

Plaintiffs bring this class action on behalf of themselves and all those similarly situated who were directly injured by UBH and Multiplan's scheme to underpay valid, medically necessary claims. Plaintiffs bring this class action on behalf of the Plaintiff class, defined as any member of a health benefit plan either administered or insured by UBH whose claims for out-of-network behavioral health treatment, including MH/SUD, were underpaid or repriced by Defendants.

1  Defendants dispute that there is any basis for class certification, or that Plaintiffs will be able to show entitlement to damages or equitable/injunctive relief on a class-wide basis.

The Parties' specific proposals for discovery and briefing on a Motion for Class Certification are set forth in the proposed schedule below. The Parties have reviewed the Northern District of California's Procedural Guidance for Class Action Settlements.

**X. Related Cases**

On April 1, 2021, this Court dismissed the related action brought by Plaintiffs' treatment centers, *Pacific Recovery Solutions v. United Behavioral Health*, No. 20-cv-02249, and entered judgment (Dkts. 91, 92). Counsel do not believe that there are any pending related actions, though some overlap with other cases may become apparent as discovery proceeds. The Parties will apprise the Court if any opportunities for coordination with other cases arise.

**XI. Relief**

Plaintiffs seek an order requiring UBH to reprocess all underpaid claims using an appropriate reimbursement methodology based on actual UCR. Plaintiffs further seek an order requiring UBH and MultiPlan to provide transparency as to the methodology applied in reprocessing claims and that the methodology be approved by the court. Plaintiffs seek certification of the Plaintiff Class as set forth above. Plaintiffs pray for general, special, restitutionary and compensatory damages in an amount according to proof; treble damages for those claims arising under the Federal RICO act; prejudgment interest on amounts being wrongfully withheld; and injunctive and equitable relief enjoining Defendants from the conduct alleged in the Second Amended Complaint. Plaintiffs seek declaratory relief declaring (1) that UBH's payments were improper underpayments, that UBH's payment methodologies were and are improper, that Multiplan's benefit determination methodologies were and are improper, and that UBH and MultiPlan have engaged in an illegal, prohibited, RICO enterprise. Plaintiffs seek attorneys' fees and costs pursuant to statute, and such other and further relief as the Court may deem appropriate.

Defendants dispute that Plaintiffs are entitled to any relief, or that Plaintiffs will be able to establish a class-wide basis for awarding damages or obtaining injunctive or equitable relief.

Defendants reserve all of their respective defenses to particular claims and remedies (assuming Plaintiffs are able to establish liability, which Defendants dispute).

## XII. Settlement and ADR

To date, the Parties have not engaged in any settlement discussions. Plaintiffs and Defendants filed their ADR certifications last year selecting private mediation. *See* Dkts. 39, 41, & 43. The Parties anticipate engaging in private mediation at an appropriate point, but believe it is premature to do so at this time.

## XIII. Consent to Magistrate Judge for All Purposes

The Parties respectfully decline to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

## XIV. Other References

At this time, the Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. Narrowing of Issues

At this time, the Parties agree that it is premature to address any narrowing of issues for trial, but they will continue to confer on this topic as the case progresses.

## XVI. Expedited Trial Procedure

The Parties agree that this action is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64.

## XVII. Scheduling

The Parties have discussed the claims and issues in this case, and all agree that it would be most productive and efficient to set a schedule now for class certification discovery and briefing, and to defer setting a schedule for dispositive motions, merits-focused discovery, and trial until after a ruling on class certification, because of the significant impact this Court's class certification ruling will have on the future trajectory of this case. If no class is certified, then the case will proceed solely on the claims of the individual Plaintiffs. If a class is certified, then the case would proceed on the claims of hundreds or thousands of individuals with different plans, claims, and conditions. The Parties also anticipate that this Court's ruling on class certification also will help to define the claims, legal theories, and issues

moving forward in the case, and the Parties anticipate that they will benefit from the Court's guidance on these issues. Deferring summary judgment motions until after this Court rules on class certification is also consistent with the Ninth Circuit law, which generally favors ruling on class certification and allowing class members to opt out before ruling on merits issues. *See*, *e.g.*, *Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995); *Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015).  The Parties therefore jointly propose the following deadlines:

| Event | Proposed Deadline |
| --- | --- |
| Deadline for Initial Disclosures | April 23, 2021 |
| Close of fact discovery related to class certification | November 16, 2021 |
| Deadline for Plaintiffs to file Motion for Class Certification and all supporting declarations, evidence and other papers, including expert reports in support of class certification | December 17, 2021 |
| Deadline for Defendants to file Opposition(s) to Motion for Class Certification and all supporting declarations, evidence and other papers, including expert reports in opposition to class certification | February 8, 2021 |
| Deadline for Plaintiffs to file Reply in Support of Motion for Class Certification | March 22, 2022 |
| Hearing on Motion for Class Certification/ | April 6, 2022 at 2:00 pm or such other time as may be convenient for the Court. |
| Further Status Conference to set a schedule for summary judgment motions, any final discovery, pre-trial proceedings, and trial, among other things | As soon as is convenient for the Court following its ruling on class certification. |

### XVIII.  Trial

To the extent this is an ERISA action, Plaintiffs will seek a Rule 52 bench trial with witnesses. As to the non-ERISA claims, Plaintiffs will seek a jury trial.

Defendants request a jury trial for all matters so triable. Defendants agree that Plaintiffs' ERISA claims are of the type normally subject to a bench trial, based on the administrative record for the claims at issue.

**XIX. Disclosure of Non-Party Interested Entities or Persons**

Defendants submitted their disclosures of non-party interested entities or persons on May 12, 2020 and October 22, 2020. *See* Dkt. 23 and 62.

**XX. Professional Conduct**

All attorneys of record have reviewed the Guidelines of Professional Conduct for the Northern District of California.

**XXI. Such Other Matters As May Facilitate the Just, Speedy, and Inexpensive Disposition of This Matter**

The Parties' Stipulated Protective Order and ESI Protocol also may include other agreements of the Parties.

Dated: April 19, 2021                    GIBSON, DUNN & CRUTCHER LLP


By:  /s/  *Geoffrey Sigler*
             Geoffrey Sigler

Attorneys for Defendant UNITED BEHAVIORAL HEALTH


Dated: April 19, 2021                    PHELPS DUNBAR LLP


By:  /s/ *Errol King*
             Errol King

Attorneys for Defendant MULTIPLAN, INC.

| | | |
|---|---|---|
| 1 | Dated: April 19, 2021 | NAPOLI SHKOLNIK, PLLC |
| 2 | | |
| 3 | | By: /s/ *Matthew M. Lavin* |
| 4 | | Matthew M. Lavin |
| 5 | | |
| 6 | Dated: April 19, 2021 | DL LAW GROUP |
| 7 | | |
| 8 | | By: /s/ *David Lilienstein* |
| | | David Lilienstein |
| 9 | | |
| 10 | | Attorneys for PLAINTIFFS |

**ATTESTATION PURSUANT TO LOCAL RULE 5-1**

I, Aaron Modiano, am the ECF user whose identification and password are being used to file this document. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories hereto.

Dated: April 19, 2021

                                               */s/ Aaron Modiano*

                                               Aaron Modiano