

DC Office<br/>
1775 Pennsylvania Ave. NW, Suite 1000<br/>
Washington, DC 20006<br/>
Phone: 202.677.4030<br/>
Fax: 202.677.4031

September 30, 2021

Hon. Yvonne Gonzalez Rogers
Oakland Courthouse, Courtroom 1 – 4th Floor
1301 Clay Street
Oakland, CA  94612

Re:   Joint Letter Brief Seeking Discovery Relief in the matter of *LD et al. v UnitedHealthCare Insurance Company, et al.* Case No. 4:20-cv-02254-YGR

Hon. Judge Gonzalez Rogers,

Pursuant to this Court's *Standing Order in Civil Cases*, the Parties to the above-styled matter are seeking this Court's assistance as to the discovery dispute set forth below. Prior to the filing of this joint letter brief to the Court, the parties met and conferred and were unable to resolve the issues set out below among themselves. With the Court's approval, the parties will provide the Court with the Administrative Services Agreement discussed below for *in camera* review.

*Plaintiffs' Statement:* Plaintiffs request an Order (1) compelling Defendants United Behavioral Health and United Healthcare Insurance Company (collectively "the United Defendants") to provide complete, unredacted copies of the Administrative Services Agreements ("ASA") pursuant to which Plaintiffs' employee benefit plans were administered; (2) prohibiting the United Defendants from unilaterally redacting discovery materials produced in this case for any reason other than assertion of attorney-client or attorney work product privilege; and (3) requiring that any discovery materials produced with redactions be accompanied by a privilege log. The instant dispute arises out of United's redaction of ASA sections that outline the very program at the heart of this litigation: Facility Reasonable & Customary Charge Determinations.

1.   *Procedural Background*: Plaintiffs' motion as to the applicable standard of review for their benefits claims against the United defendants under 29 U.S.C. § 1132(a)(1)(b) was originally due to be filed on September 1, 2021 [ECF 85] and was subsequently extended to September 20, 2021 by joint stipulation [ECF 88]. Plaintiffs agreed to this stipulation based upon representations made by United as to the documents they would be producing, including the ASA between United and Plaintiffs' employers. Plaintiffs received heavily redacted, incomprehensible documents only three days before Plaintiffs' September 20 briefing deadline. Plaintiffs immediately raised their concerns regarding United's wholesale, unilateral redactions and advised that the redactions were unsupportable in light of the documents' Confidential AEO designations. After a meet and confer on the issue, the Plaintiffs agreed to a further continuance to allow United to produce unredacted documents needed by Plaintiffs to fully brief the standard of review issue as to Plaintiffs' 1132(a)(1)(b) claims [ECF 92].

In the joint stipulation [ECF 92], the Parties agreed to resolve these issues by September 30, 2021. However, on September 29, 2021, United made a supplemental production that still contained significant redaction of the Tesla ASA. While the redactions themselves make it impossible for Plaintiffs to determine exactly what terms United has hidden, it is clear that many of the redacted portions bear directly on United's financial incentives under the ASA for minimizing and reducing out-of-network claim costs such as those directly at issue in this case.  United cannot be permitted to designate itself the sole arbiter of what is relevant to this case, and demand that Plaintiffs and the Court simply trust its judgment without being allowed to know what has been withheld. The parties met and conferred the same day as to these redactions and again on September 30. Over the course of all these meet and confers, United has provided no privilege log or any legal



September 30, 2021
Page 2

authority to support its redactions. The information redacted by United is necessary to the Plaintiffs for the upcoming motion on standard of review and for the Court to consider in ruling upon said motion.

    2.    <u>*Legal Standard*</u>: Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Evasive or incomplete disclosure, answers or responses to discovery are equivalent to failures to disclose, answer, or respond. *See* Fed. R. Civ. P. 37(a)(4). Rule 37 "authorizes the Court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir. 1983). The court also has the inherent power to sanction a party or attorney for acting in bad faith, vexatiously, wantonly, or for oppressive reasons. *See, for example, Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 & n. 10 (1991).

    A claim for benefits challenged under 1132(a)(1)(b) is reviewed under a *de novo* standard of review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In such cases, the applicable standard of review is abuse of discretion. *Id.* However, and of importance in this litigation, the presence of conflicts of interest, including structural conflicts of interest, can affect the applicable standard of review to be a tempered abuse of discretion standard or even *de novo. See, for example, Prado v. Allied Domecq Spirits & Wine Grp. Disability Income Pol'y*, 800 F. Supp. 2d 1077 (N.D. Cal. 2011); *Sabatino v. Liberty Life Assurance Co. of Bos.*, 286 F. Supp. 2d 1222 (N.D. Cal. 2003). The ASAs at issue here bear directly on the standard of review analysis: they define which United entities or affiliates are responsible for adjudicating claims under the employee benefit plans, they may contain language purporting to grant or retain discretionary authority to certain parties, and they set forth the financial terms and incentives under which United administers the employee benefit plan.

    United redacted portions of the Tesla ASA that are directly relevant to the issue before the Court. At UHC000008073-4, United redacted portions of the terms of the Facility Reasonable and Customary Charge Determination Program. This program is central to all of Plaintiffs' claims and directly relevant to United's financial conflict for purposes of determining the standard of review. United has done the same at UHC000008076-81 in redacting material related to its fees. A large redaction made at UHC000008058 hides text about whether the Plan is obligated to indemnify United, again, a matter directly relevant to United's financial interest. UHC000008108-15 and are entirely redacted as are many entire pages that follow with no explanation or justification. None of United's redactions are appropriate, necessary, or fit within the limited exceptions to producing complete documents.

    3.    <u>*United's Redactions Are Contrary to the Intent of the Protective Order and the Rules*</u>: The inappropriate redactions made by United were made for purely tactical reasons and do nothing "to expedite the flow of information, [and] to facilitate the prompt resolution of disputes over confidentiality of discovery materials…." as contemplated by the protective order [ECF 25]. United claims its redactions are the result of concerns about competitively sensitive information, and the possibility of disclosure. These concerns ring hollow in light of the protective order in place in this action along with United's AEO designation on each of the documents. Plaintiffs are bound by the protective order, and will not violate it. Moreover, Plaintiffs are individual plan members and beneficiaries, not commercial competitors, United has no justification for redacting documents that are directly relevant to Plaintiffs' claims. Rule 34 states that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request" Fed. R. Civ. P. 34(b)(E)(i). Redactions of portions of documents for relevance are nowhere contemplated in Rule 34 or elsewhere in the Federal Rules. Courts treat documents in their entirety as relevant or irrelevant and even in the exceptional cases where portions of a document are permitted to be redacted for relevance, such decisions are not permitted to be made unilaterally by the producing party. *See, for example, Francisco v. Emeritus Corp.*, No. CV 17-2871 BRO (SSX), 2017 WL 11036693, at *6 (C.D. Cal. Sept. 5, 2017) (collecting cases); *Live Nation Merch., Inc. v. Miller*, No. 13-CV-03936 CW (NC), 2014 WL 1877912, at *3 (N.D. Cal. May 9, 2014) (collecting cases); *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-



September 30, 2021
Page 3

2509-LHK, 2013 WL 12230960, at *1 (N.D. Cal. Mar. 15, 2013). To the extent that the ASAs are "drafts" and United seeks to assert attorney-client privilege over certain of the reductions (presently unknown to Plaintiffs as no Privilege Log has been provided), as the Ninth Circuit recently held, "we reject Appellants' invitation to extend the 'because of' test to the attorney-client privilege context, and hold that the 'primary purpose' test applies to dual-purpose communications." *In re Grand Jury*, No. 21-55085, 2021 WL 4143102, at *5 (9th Cir. Sept. 13, 2021), and any such assertions by United should be so identified.

   4.  *Conclusion*: United's repeated failure to produce the readily accessible documents required by Plaintiffs to brief the standard of review motion to the Court is without any legal justification. Plaintiffs have clearly and repeatedly communicated to United the necessity of producing the documents unredacted. The documents sought by Plaintiffs contain no privileged or work product material and the Confidential-AEO designation more than satisfies any concerns Defendants may have as to the confidentiality of the material being sought. Plaintiffs are bringing this matter to the Court's attention both because complete, unredacted production of documents is necessary to properly brief the standard of review issue in this ERISA matter, and to ensure that Defendants will not be permitted to engage in similar gamesmanship in the future with respect to midnight-hour productions of redacted and/or withheld documents based on assertions of relevance, confidentiality, or any other bases aside from attorney-client or attorney work product privilege.

**UHC's Position:**

   This dispute concerns Plaintiffs' challenges to UHC's narrowly-tailored redactions of its Administrative Services Agreement ("ASA") with a particular health plan customer, Tesla. The redactions are proper and should be upheld, because the redacted text is completely irrelevant to the issues before this Court *and* is extremely sensitive in light of ongoing negotiations between UHC and Tesla on these specific lines of the agreement. Because the redactions are a proper way to address this unique situation, Plaintiffs' request for this Court to compel unredacted copies of the Tesla ASA should be denied. This Court should also reject Plaintiffs' attempt to parlay this isolated dispute about a single agreement, presenting unique issues, into broader rulings beyond this specific document.

   UHC produced its Administrative Services Agreement ("ASA") with Tesla in discovery, because parts of this agreement are potentially relevant to the question of what standard of review this Court should apply to Plaintiffs' claims in this case. The parties will be briefing this issue over the next several weeks, and UHC will demonstrate that the proper standard is abuse of discretion. In those briefs, both sides likely will discuss particular portions of the ASA showing that Tesla delegated authority and discretion to UHC to make "R&C" determinations (*i.e.*, to determine the "reasonable and customary" reimbursement rates under the Tesla plan). One of the five named plaintiffs in this case, CJ, is a Tesla plan member who contends that UHC's "R&C" reimbursements were too low for covered services CJ received in 2019. UHC also produced the ASA for another health plan covering the four other Plaintiffs, and that ASA is unaffected by any dispute about redactions.

   The redacted portions of the Tesla ASA have no bearing on these standard-of-review issues, and the provisions addressing these issues are entirely unaffected by the redactions. The provisions delegating authority and discretion to UHC (and its affiliates) are untouched by any redactions, redlines, or comment boxes. "[C]ourts have found redaction appropriate where the information redacted was not relevant to the issues in the case." *Bear Creek Cranberry Co., LLC v. Cliffstar Corp.*, 2011 WL 2882078, at *3 (W.D.N.Y. July 15, 2011); *Holley v. Gilead Sciences, Inc.*, 2020 WL 2097602, at *3 (N.D. Cal. May 1, 2020) (permitting parties to redact irrelevant information "given [its] commercially sensitive nature"); *Knoll, Inc. v. Moderno, Inc.*, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012) (holding that "Google may redact sensitive and private information . . . which [is] not relevant to the underlying litigation."); *Diak v. Dwyer, Costello, & Knox, P.C.*, 33 F.3d 809, 813 (7th Cir. 1994) (upholding district court's denial of request for unredacted tax returns after finding that redacted material was irrelevant to issues at hand).


UHC has only made limited redactions to the ASA: the specific redlines and comment boxes reflecting the parties' negotiating positions. These redactions of irrelevant portions are completely proper, because disclosure of the parties' negotiating positions and related competitively sensitive information would be extremely harmful to UHC's customer relationship with Tesla, as well as UHC's relationship with other customers. Indeed, the parties' negotiations have been ongoing for multiple years, so disclosure could allow an interested person to see how the negotiation has evolved over time (*e.g.*, where UHC and Tesla have given ground). If any of this information were disclosed to competitors—or to anyone associated with competitors, such as industry consultants, contractors, brokers, or others—they could easily use this information to undermine UHC's relationship with Tesla, or to gain a competitive advantage at UHC's expense. Likewise, disclosure could harm UHC's relationships with other customers. Any of these potential harms would be significant, and there is no reason UHC should need to face this risk given that the redacted provisions are completely irrelevant to the standard of review issues before the Court.

Tesla's interests, as a third party, also weigh in favor of the redactions  The redacted portions also contain competitively sensitive information of Tesla, including its negotiating positions and confidential details of its benefits program for its employees, so disclosure would harm Tesla as well. Because of the agreement's sensitivity to both parties, it contains a confidentiality provision (Section 4.2) that prohibits unauthorized disclosure of confidential information. Tesla has not authorized disclosure of the redacted portions of the agreement.

The protective order in this case, while helpful, is not a complete answer to these potential harms, in light of the unique issues posed by the ongoing UHC/Tesla negotiation. As numerous courts have recognized, inadvertent disclosures cannot "be adequately forestalled in the design of a protective order." *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). And here, the number of persons who may see produced documents, even under an "Attorneys' Eyes Only" designation (the highest available level in the protective order)—multiple law firms, experts (whose identities and competitive affiliations are known only to Plaintiffs' counsel), and witnesses—increases the risk of disclosure. Any disclosure (inadvertent or otherwise) would be extremely harmful, and this risk outweighs Plaintiffs' non-existent (or at best negligible) interest in having access to the redacted portions, all of which are completely irrelevant to the standard-of-review issues before the Court. *See Intel Corp. v. VIA Techs., Inc*., 198 F.R.D. 525, 531 (N.D. Cal. 2000). As many courts have recognized, redactions are proper even when a protective order exists, if circumstances warrant, as they do here. *Eclat Pharms., LLC v. W. Ward Pharm. Corp.*, 2014 WL 12591094, at *4-5 (C.D. Cal. Apr. 3, 2014); *Knoll*, 2012 WL 4466543, at *2. Accordingly, this Court should uphold UHC's narrowly-tailored redactions of irrelevant portions of the Tesla ASA subject to ongoing negotiations between UHC and Tesla.

This Court should also reject the two other rulings requested by Plaintiffs, which are completely premature, unsupported by any record, and undeveloped through any meaningful meet and confer process. First, Plaintiffs request an order prohibiting redactions "for any reason other than assertion of attorney-client or attorney work product privilege," but there is no basis for a blanket prohibition based on the above dispute about a single document, presenting a unique situation not likely to be repeated in this case. But given the issues in the case (substance abuse treatment) and breadth of discovery sought by Plaintiffs, there may very well be a need for non-privilege redactions—for example, patient privacy/HIPAA redactions for information about non-parties, or other unforeseen issues that arise in the voluminous documents and data sought by Plaintiffs. If these situations arise, a prophylactic blanket prohibition would require a motion and Court order to be modified, whereas without one the parties could (and should) promptly raise the issues and address it cooperatively consistent with the Local Rules. Second, Plaintiffs ask this Court to order privilege logs for redactions, but there is no dispute on this issue or any need for an order. The parties have already negotiated and agreed to various detailed requirements for privilege logs in their ESI protocol, including privilege logs to address redactions. All relief requested by Plaintiffs should be denied.

Respectfully submitted,

ARNALL GOLDEN GREGORY, LLP

/s/ Matthew M. Lavin
Matthew M. Lavin
Aaron R. Modiano
*Counsel for Plaintiffs and the Putative Class*

DL LAW GROUP

/s/ David M. Lilienstein
David M. Lilienstein
Katie J. Spielman
*Counsel for Plaintiffs and the Putative Class*

GIBSON DUNN & CRUTCHER, LLP

/s/ Geoffrey Sigler
Geoffrey Sigler
Nicole Matthews
*Counsel for the United Defendants*