1   Matthew M. Lavin, Esq. (*pro hac vice*)
    Matt.lavin@agg.com
2   Aaron Modiano, Esq. (*pro hac vice*)
    Aaron.modiano@agg.com
3   **ARNALL GOLDEN GREGORY, LLP**
    1775 Pennsylvania Ave NW, Suite 1000
4   Washington, DC  20006
    (202) 677-4030
5

6   David M. Lilienstein, Esq. (CA SBN 218923)
    Katie J. Spielman, Esq. (CA SBN 252209)
7   **DL LAW GROUP**
    345 Franklin Street
8   San Francisco, CA 94102
    (415) 678-5050 / (415) 358-8484
9

10  *Attorneys for Plaintiffs and Putative Class*

11
                     **UNITED STATES DISTRICT COURT**
12                  **NORTHERN DISTRICT OF CALIFORNIA**

13

14  LD, DB, BW, RH AND CJ on behalf of          Case No.: 4:20-cv-02254-YGR
    themselves and all others similarly
15  situated,                                    **REDACTED VERSION OF DOCUMENT**
                                                 **SOUGHT TO BE SEALED**
16          Plaintiffs,

17      vs.                                      **PLAINTIFFS' MOTION FOR SUMMARY**
                                                 **ADJUDICATION ESTABLISHING THE**
18                                               **STANDARD OF REVIEW AS *DE NOVO***
    UNITEDHEALTHCARE INSURANCE
19  COMPANY, a Connecticut Corporation,
    UNITED BEHAVIORAL HEALTH, a
20  California Corporation, and
    MULTIPLAN, INC., a New York
21  Corporation
                    Defendants.
22

23

24

25

26

27

28

**TO THE COURT AND ALL PARTIES**:

PLEASE TAKE NOTICE that on a date of the Court's choosing Plaintiffs LD, DB, BW, RH and CJ will and hereby do bring this Motion for Summary Adjudication Establishing the Standard of Review as *De Novo*.

In support of this Motion, Plaintiffs rely on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Katie Spielman and attached Exhibits, all relevant arguments advanced by the parties at hearing, all relevant findings by the Court, and all other relevant matters presented to the Court in connection with this Motion.

Dated:  October 6, 2021                       Respectfully submitted,


                                              **ARNALL GOLDEN GREGORY, LLP**


                                              By:____*/S/* Matthew M. Lavin____
                                               Matthew M. Lavin
                                               Aaaron Modiano


                                              **DL LAW GROUP**


                                              By:____*/S/* Katie Spielman_____
                                               David M. Lilienstein
                                               Katie J. Spielman

**PLAINTIFF'S MOTION FOR SUMMARY**                   **Case No. 4:20-cv-02254-YGR**
**ADJUDICATION ESTABLISHING THE**
**STANDARD OF REVIEW AS *DE NOVO***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................ 1

II.   Pertinent Plan Language ............................................................................. 3

   A.   The Apple Plans .................................................................................... 3

   B.   The Tesla Plan ....................................................................................... 5

   C.   Administrative Services Agreements Between UHIC and the Plan Sponsors ................. 6

   D.   UHIC-Multiplan Network Access Agreement ................................................. 9

   E.   Multiplan Reprices Claims Unilaterally With No Involvement from UHIC or UBH ........ 9

III.  LEGAL ARGUMENT .................................................................................. 11

   A.   *De Novo* Review Applies Because the Payment Decisions Were Made by Multiplan – An Entity That Undisputedly Was Not Given Discretionary Authority in the Plan ................. 11

   B.   *De Novo* Review Applies Because The Plans Do Not Clearly and Unambiguously Delegate Discretion to UHIC or UBH .................................................................. 15

   C.   UHIC and UBH's Significant Financial Conflict of Interest in the "Repricing" of Out-of-Network Claims Compels *De Novo* review, or at the Very Least that  a Deferential Review be Tempered by Heightened Skepticism .......................................................... 16

   D.   The Reasonably Prudent Man Standard Applies to Plaintiffs' Claims for Breach of Fiduciary Duty, ERISA 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a) ...................... 17

IV.   CONCLUSION .......................................................................................... 17

1

2

## **TABLE OF AUTHORITIES**

3

**Cases**

*Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) ........................................ 15

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989) ................................................ 11, 12

*Gritzer v. CBS, Inc.*, 275 F.3d 291 (3d Cir. 2002) ...................................................................... 13

*Hinshaw v. Unum Life Ins. Co. of Am.*, 2015 WL 2127085 (C.D.Cal. May 6, 2015) ................... 3

*Jebian v. Hewlett-Packard Co Employee Benefits Organization Income Protection*, 349 F.3d
     1098 (9th Cir. 2003) ............................................................................................................. 12

*Lang v. Long-Term Disability Plan of Sponsor Applied Remote Technology, Inc.,* 125 F.3d 794
     (9th Cir. 1997) ........................................................................................................................ 3

*Noah U. v. Tribune Co. Med. Plan*, 138 F. Supp. 3d 1134 (C.D. Cal. 2015) ............................. 13

*Shane v. Albertsons, Inc.*, 504 F.3d 1166 (9th Cir. 2007) ............................................... 2, 12, 16

**Statutes**

29 U.S.C. § 1102(a)(1) ................................................................................................................ 7

29 U.S.C. § 1132(a)(3) ................................................................................................................ 1

29 U.S.C. § 1132(a)(1)(B)……………………………………………………………………...1

29 U.S.C. § 1104…………………………………………………………………………………1

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MOTION FOR SUMMARY**          **Case No. 4:20-cv-02254-YGR**
**ADJUDICATION ESTABLISHING THE**
**STANDARD OF REVIEW AS DE NOVO**

## I.   INTRODUCTION

Plaintiffs bring this motion to establish the standard of review with respect to their cause of action for wrongful denial/underpayment of ERISA benefits as *de novo*.  In the alternative, Plaintiffs ask that the court temper any abuse of discretion review with the highest degree of skepticism, based on the United Defendants' ("United") extreme and almost unprecedented financial conflict of interest, and the evidence provided herein that the United defendants acted in their self-interest.

This putative class action involves an alleged scheme whereby Defendants United and MultiPlan substantially underpaid claims for outpatient substance abuse treatment.  In essence, and as discussed in further detail below, United used MultiPlan to "reprice" previously approved claims, resulting in a dramatic underpayment.  The term "reprice" is merely a euphemism for intentional underpayments, to the point where claims worth more than $2,000 were "repriced" to less than $300.  United and MultiPlan turned the savings into profits, and in so doing transformed the claims approval process into a profit center.  The losers in this scheme were the underpaid substance abuse treatment providers and their patients, who were left to figure out how to make up the thousands of dollars, per claim, in repriced underpayments.   To be clear, this action, and the instant motion, is not about approving or denying claims.  Here all claims were approved by United.  At issue herein is the benefit amounts that were, and were not paid.  Plaintiffs bring causes of action under RICO and ERISA Sections 1132(a)(1)(B) and (a)(3).  This motion concerns the standard of review applicable to the ERISA claims.

As to the standard of review for Plaintiffs' ERISA §1132(a)(3) claims for breach of fiduciary duty, Plaintiffs request the Court confirm that the reasonably prudent person standard shall be applied.  See ERISA §1104(a).

The standard of review on Plaintiffs' ERISA benefits claim should be *de novo* for several reasons.  First, Plaintiffs' employee benefits plans do not contain language that clearly and unambiguously grants discretion to United Healthcare Insurance Company (UHIC) or United Behavioral Health (UBH) to set reimbursement rates for health benefits.  In contrast, the employee benefits plans do contain clear and unambiguous language granting full discretionary

authority to administrators of other employee benefit programs, such as the short-term disability administrator.  The presence of clear and unambiguous discretionary language in the disability portions of the plans, and lack thereof to determine the amount of benefits to be paid for United health care claims demonstrates that the plan authors were capable of including such language and chose not to grant the same discretionary authority to the United Defendants.

An evaluation of plan terms is not necessary for the Court to decide this motion, however. This is because, more fundamentally, United did not make the benefits calculations, or repricing determinations.  Multiplan, by and through its subsidiary Viant, did, and there is no grant of discretion to Multiplan to justify a shift from the default *de novo* standard of review.

This goes to the heart of the alleged scheme and unlawful enterprise at issue in this action. ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████ The lower the payment, the greater MultiPlan and United both profit.  United's only role is to electronically transmit claim information—the name of the insured, the facility or provider providing treatment, and the billed charges—to Multiplan.  Multiplan does the repricing—it determines how much, or in truth how little, to pay on each claim.  Multiplan (by and through Viant) communicates this information to all insureds, through Viant's Patient Advocate Department.  All appeals go through Multiplan. As a result, under well-settled authority, since Multiplan "was not properly vested with . . . discretion, its decision to terminate . . . would not be subject to the deferential standard of review of abuse of discretion."  *Shane v. Albertsons, Inc.*, 504 F.3d 1166, 1170 (9th Cir. 2007).

Finally, *de novo* review is proper because of the self-dealing that is at the heart of this action. ██████████████████████████████████████████ Multiplan's entire task is to underpay, or reprice claims.  Both United and Multiplan profit from this underpricing.  This is not the commonplace financial conflict of interest where the entity that decides claims pay claims.  It is much worse.  United approves claims, and then makes money by paying less, dramatically less, than it is obligated to by virtue of the usual and customary rate.

Such a scheme calls into question whether the Multiplan repricing calculations should be afforded any deference at all.  United and Multiplan are so conflicted as to constitute a breach of fiduciary duty, warranting *de novo* review.  See *Hinshaw v. Unum Life Ins. Co. of Am.*, 2015 WL 2127085 at *3 (C.D.Cal. May 6, 2015).  Put alternatively, where the entire purpose of the repricing scheme is to underpay claims, the entire process is laced with self-interest, triggering the *de novo* standard of review.  See *Lang v. Long-Term Disability Plan of Sponsor Applied Remote Technology, Inc.*, 125 F.3d 794, 798 (9th Cir. 1997).

## II.    PERTINENT PLAN LANGUAGE
### A.  The Apple Plans

Plaintiffs LD, DB, BW and RH's employer, Apple, sponsored the Apple employee benefit plan ("the Apple Plan").  The Plan names the Benefits Administrative Committee as the plan administrator .  See Exhibit A attached to the Declaration of Katie Joy Spielman in Support of Plaintiffs' Motion Establishing the Standard of Review as De Novo (hereinafter referred to as "Spielman Dec.") - UBH000305-6.  The Plan states that:

> The Benefits Administrative Committee (or its authorized delegate) is the plan administrator for each plan has the **sole and absolute** discretionary authority to construe and interpret the plan, supply omissions, correct any defect, and determine all questions regarding the eligibility for as well as the **amount of benefits**

Exhibit A, Spielman Dec. - UBH000306 (2018 Plan); Exhibit B, Spielman Dec. - UBH000904 (2019 Plan) (emphasis added).  The medical benefit plan under which Plaintiffs were insured was self-funded by Apple, and administered by "UnitedHealthcare."

With respect specifically to payment amounts under the medical benefits plan, the Plan states: "Amounts payable under the plan may be used to make direct payments to providers **solely in the plan administrator's discretion**."  Exhibit A, Spielman Dec. - UBH000072; Exhibit B, Spielman Dec. UBH000671 (emphasis added).  It further states that "[n]o benefit under the plan shall be subject in any way to assignment, alienation, sale, transfer, pledge, attachment, garnishment, exception, or encumbrance of any kind, and any attempt to accomplish the same shall be void."  *Id.*

The Plan contains another provision regarding claims filing procedures, in which it, and not United, again retains the sole and absolute authority to interpret the plan and determine the amount of benefits, stating in relevant part:

> The plan administrator (or its delegate) for each plan has the **sole and absolute** discretionary authority to construe and interpret the plan, supply omissions, correct any defect, and determine all questions regarding eligibility for as well as the **amount of benefits**. In this regard, the plan administrator's decisions shall be conclusive and binding on all persons. Decisions shall be made in accordance with the governing plan documents, and where appropriate, plan provisions will be applied consistently with respect to similarly situated claimants in similar circumstances. The plan administrator shall have the discretion to determine which claimants are similarly situated in similar circumstances.
>
> Benefits will be paid only if the plan administrator or its delegate determines, in its discretion, that the applicant is entitled to them.

Exhibit A, Spielman Dec. - UBH000307-308; Exhibit B, Spielman Dec. - UBH000906.

The Plan contains a *limited* delegation of discretion to the self-funded medical plan administrator, UnitedHealthcare.  This delegation does not include the discretion to determine of the amount of benefits; it is limited only to reviewing claims and appeals.  It states in relevant part:

> With regard to self-funded plans and Flexible Spending Accounts, the plan administrator has delegated **authority to review claims and appeals** to the plans' claims administrators:
>
> Medical Claims Administrator:
>
> UnitedHealthcare
> Appeals and Grievances
> P.O. Box 740800
> Atlanta, GA 30374-0800
>
> Exhibit A, Spielman Dec. - UBH000307; Exhibit B, Spielman Dec. - UBH000905. (emphasis added).

The Plan does not mention Viant or Multiplan at any point, and does not contain any language purporting to delegate authority of any kind to Viant or Multiplan.

This lack of delegation of authority to United stands in contrast to language in the Short Term Disability Benefits portion of the Apple benefits plan.  That section contains a much broader delegation of discretionary authority to Apple's STD benefit administrator:

> Under the Apple STD Plan, Sedgwick is the claim fiduciary or "claims administrator" for STD benefits and has been delegated the discretionary authority to determine if you are eligible for disability benefits based on objective medical evidence.  All decisions made by Sedgwick as claims administrator shall be final and binding on all participants and beneficiaries to the full extent permitted by law.

Exhibit A, Spielman Dec. - UBH000142; Exhibit B, Spielman Dec. - UBH000743-744.

So, while the Plan empowers the STD claim administrator benefits eligibility and further provides that "*all decisions* made by Sedgwick as claims administrator shall be final and binding . . . ," the discretionary grant to UHIC is much more limited, relating only to "review claims and appeals." *Id.*  Similarly, the Apple Plan's grant of discretion to its Long-Term Disability administrator uses identical language.  Exhibit A, Spielman Dec. - UBH000188; Exhibit B, Spielman Dec. - UBH000788. This shows that the Plan administrator is capable of drafting a plan that includes broad discretionary grants to claims administrators to make "all decisions" final and binding, and that it is capable of reserving for itself the "sole[]" discretion.  Exhibit A, Spielman Dec. - UBH000072; Exhibit B, Spielman Dec. - UBH000671; See also Exhibit A, Spielman Dec. - UBH000306; Exhibit B, Spielman Dec. - UBH000904. The lack of such a grant to UHIC is no accident.  Apple knew how to draft broad discretionary authority to UHIC, but did not do so.

**B.  The Tesla Plan**

Plaintiff CJ's employer, Tesla, sponsored the Tesla, Inc. PPO Plus Plan ("the Tesla Plan").  Tesla, Inc. is the Plan Administrator of the Tesla Health and Welfare Plan generally, and the Medical Plan specifically.  Exhibit C, Spielman Dec. - UBH000578.  The Plan states that Tesla "has the discretionary authority to interpret the Plan." *Id.*  The Tesla medical plan is self-funded, with United Healthcare Services, Inc. acting as the claims administrator.  Exhibit C, Spielman Dec. - UBH000578-579.

The Tesla Plan has a discretionary authority provision, which states in pertinent part:

> Tesla and UnitedHealthcare have the sole and exclusive discretion to:
>
> - Interpret Benefits under the Plan
> - Interpret the other terms, conditions, limitations and exclusions of the Plan, including this SPD and any Summary of Material Modifications and/or Amendments.
> - Make factual determinations related to the Plan and its Benefits
>
> Tesla and UnitedHealthcare may delegate this discretionary authority to other persons or entities that provide services in regard to administration of the Plan.

Exhibit A, Spielman Dec. - UBH000527.

Nowhere is there a grant of authority to Defendant MultiPlan.

### C. Administrative Services Agreements Between UHIC and the Plan Sponsors

At the heart of this case is the enterprise between defendants UHIC and Multiplan to grossly underpay out-of-network health claims, specifically Intensive Outpatient (IOP) substance use claims.  It should go without saying that both UHIC and Multiplan profit richly from this scheme. ███████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ Usually, an "administrative services only" claims administrator for a self-funded employee benefit plan is thought to be free from the kind of financial or structural conflict of interest present where the payor of benefits and decision-maker is the same entity.

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████████████████████████





To put this in context, taking Plaintiff BW as an example: BW received IOP treatment on ▮▮▮▮▮▮▮ from an out-of-network provider and filed a claim for benefits under his plan. Exhibit G, Spielman Dec. - PLD0000989.  The terms of the Plan state that when BW receives services from an out-of-network provider, Eligible Expenses are determined based on available data resources of competitive fees in that geographic area.  TAC (Dkt. 91) ¶ 327.  BW's provider charged $2,156 per diem for the IOP services.  *Id.* ¶ 335; See also Exhibit G, Spielman Dec. - PLD0000989.  The Fair Health database, which provides data of fees charged by healthcare providers for specific services in specific geographic areas, shows that the 80th percentile for IOP services in BW's geographic area is $2,576 per diem.  *Id.* ¶ 336.  Under the United / Multiplan scheme, the claim was repriced to $291.12.  Exhibit G, Spielman Decl. – PLD0000989.  Thanks to Multiplan's repricing, United underpaid a reasonable and customary charge of $2,576 by $2,284.88, or 89%, sharing the profits with Multiplan. This left United's insured, Plaintiff BW, liable for almost $2,000 to make up the difference. And this was only for one single claim.

Exhibit G, Spielman Dec. - PLD0000989. Every Plaintiff herein submitted many claims.

What's more, this is supposed to be a self-funded plan. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### D.  UHIC-Multiplan Network Access Agreement



### E.  Multiplan Reprices Claims Unilaterally With No Involvement from UHIC or UBH



The claims communications received by Plaintiffs and their providers likewise demonstrate that, when Multiplan reprices out-of-network claims for UHIC it (a) sets the price without regard to the Plan terms concerning eligible expenses for out-of-network expenses; (b) sets the price without input from United; and (c) handles appeals without input from United.

All one must do is compare out-of-network claims that are not repriced by Multiplan to those that are repriced by Multiplan to see that Multiplan reprices claims without regard to Plan terms.  Plaintiffs' plans provide that Eligible Expenses for out-of-network claims will be based on available data resources of competitive fees in the geographic area, also known as usual customary and reasonable rates ("UCR").  Where reimbursement rates are determined in accordance with the Plan terms by UHIC with no repricing by Multiplan, out-of-network claims are reimbursed based on the 80th percentile of UCR.   Plaintiffs' provider, Summit Estate, bills less than the 80th percentile of UCR for its zip code.  Therefore, under the terms of Plaintiffs' plans, Summit Estate's full billed charges should be fully reimbursed.

Taking Plaintiff BW as an example, he received treatment at both the residential treatment and IOP levels of care at Summit Estate.  Residential Treatment is billed using the service code H0018.  IOP treatment is billed using the service code H0015.  ████████ ████ United remitted payment to Summit Estate for IOP treatment received by BW under service code H0015 ████████  Exhibit G, Spielman Decl. - PLD0000989.  United referred BW's IOP claim to Multiplan for repricing, as shown by the "CY" code in the Remark column of the Provider Remittance Advice. See Id. at PLD0000989. The CY remark code is accompanied by a note explaining that "this payment has been reduced by the amount that is above the eligible expense amount for out-of-network services under your plan in your area.  If you are billed for an amount above the eligible amount, please call [Multiplan subsidiary] Viant

directly at 1-800-598-6888." Id. at PLD0000991. Multiplan's repricing resulted in the billed charge of $2,156.25 being reduced to an allowed amount of only $291.12.

In contrast, ██████████████ United remitted payment to the very same provider, Summit Estate, received by the very same patient, BW, for residential treatment received on ██████████ under service code H0018. Id. at PLD0000922. Unlike out-of-network IOP claims, United does not generally refer residential treatment claims to Multiplan for repricing. BW's residential treatment claim, unlike his IOP claim, does not bear the "CY" remark code indicating Multiplan repricing. Instead, it has remark code "NJ" which is accompanied by a note explaining "this claim was processed using your plan's out-of-network benefits. Network benefits are only available when you receive services from a provider in your plan's network." Id. at PLD0000927. There is no mention of Viant or Multiplan, and no instruction to call Viant directly if the patient is billed by the provider for an amount above the allowed amount. Most strikingly, unlike the Multiplan-repriced IOP claim, here United paid 100% of the $4,132.81 billed charge. Id. at PLD0000922.

## III.   LEGAL ARGUMENT

### A.  *De Novo* Review Applies Because the Payment Decisions Were Made by Multiplan – An Entity That Undisputedly Was Not Given Discretionary Authority in the Plan

Since ERISA does not specify a standard of review, the default standard is that a denial of benefits is reviewed *de novo*, "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

*De novo* is the default standard of review for district courts reviewing ERISA denial of benefits cases. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006). Only if the ERISA benefit plan expressly gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's terms will the more deferential abuse of discretion standard of review apply at the district court level of review. *Firestone Tire & Rubber Co.*, 489 U.S. 101

at 115.  The plan language purporting to grant discretion must be clear and unambiguous in providing discretion to the administrator.  *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).   Only the entity expressly and unambiguously named in the plan document as the body with discretionary authority is entitled to the benefit of the doubt afforded by a deferential abuse of discretion standard of review.

"When an unauthorized body that does not have discretion to determine benefits eligibility renders such a decision. . . deferential review is not warranted."  *Shane v. Albertson's, Inc.,* 504 F.3d. 1166, 1170 (9th Cir. 2007 (quoting *Jebian v. Hewlett-Packard Co Employee Benefits Organization Income Protection*, 349 F.3d 1098 (9th Cir. 2003)).  Where, as here, an unauthorized entity that is not vested with discretionary authority in the plan documents renders a decision on the claim, the standard of review reverts to the default *de novo*.  In *Shane*, the plaintiff was receiving long term disability benefits under an Albertson's employee benefit plan governed by ERISA.  Her benefits were terminated based on the finding of an entity called the Albertson's Medical Review Committee (MRC).  The Albertson's plan contained a discretionary clause granting authority to the plan fiduciary, which was identified in the plan document as the plan Trustees.

The Ninth Circuit, reviewing the district court's decision to apply the *de novo* standard of review to the plaintiff's claim acknowledged that "had the Trustees made the decision to discontinue Ms. Shane's LTD benefits, the district court would likely have invoked the abuse of discretion standard of review."  *Id.* at 1170.  However, because MRC, and not the Trustees, made the decision to terminate the plaintiff's benefits, the court found that *de novo* was the proper judicial standard of review.  The court found that because the plan did not contain any language authorizing the Trustees to delegate their discretionary authority to MRC, the delegation to MRC was unauthorized.  *Id.* at 1172.

Where, as here, a Plan contains a discretionary clause, but an entity other than the one named in the grant of discretion makes the claim decision, "the issue is whether [Multiplan] properly received and was vested with [United's] discretionary authority to review [Plaintiff's] claim."  *Shane v. Albertson's, Inc.*, 349 F.3d at 1170.  In *Shane*, the plan trustees were the

"identified Plan fiduciary." *Id* As here, a third party and non-fiduciary was "the body that made the decision to terminate Ms. Shane's benefits." *Id*.  Therefore, the court explained, since [the third party] was not properly vested with such discretion, its decision to terminate Ms. Shane's LTD benefits would not be subject to the deferential standard of review of abuse of discretion." *Id.* (citing *Jebian*, supra, 349 F.3d at p. 1105).

In affirming the district court's conclusion that the proper standard of review was *de novo,* the 9th Circuit in *Shane* highlighted that "[w]hile the Trustees did have the power to delegate their discretionary authority, nothing presented to the Court indicates that such authority was properly delegated." *Id.* at p. 1171, see *Noah U. v. Tribune Co. Med. Plan*, 138 F. Supp. 3d 1134, 1147 (C.D. Cal. 2015) (Plan Administrator did not "unambiguously confer discretion upon [claims administrator] to interpret the terms of the Plan or to make final benefits determinations).

A plan administrator "is entitled to deference only when the administrator exercises discretion that the plan grants as a matter of contract." *Abatie*, 458 F.3d at 971.  Courts "review *de novo* a claim for benefits when an administrator fails to exercise discretion." *See id.* at 972. "Where a trustee fails to act or to exercise his or her discretion, *de novo* review is appropriate because the trustee has forfeited the privilege to apply his or her discretion." *Id.* (quoting *Gritzer v. CBS, Inc.*, 275 F.3d 291, 296 (3d Cir. 2002).

The United / Multiplan repricing enterprise is highly opaque. 

Plan participants never see, or are even aware, that these documents and agreements exist.

The standard of review herein is *de novo* for the simple reason that Multiplan, not United makes all payment determinations.  Not only is there no discretionary grant to United to decide the amount of benefits, there is no delegation of discretion to Multiplan whose "repricing" is simply a euphemism for determining the amount that gets paid on a given claim.  As a result, absent discretionary authority, the standard of review is *de novo*.

This conclusion is consistent with the underlying underpayment enterprise.

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████

4 ████████

5        Important to this motion is United's passivity in this process.  Logistically, United

6 transmits claims to Multiplan via electronic date interface.  Multiplan then determines the

7 amount of the payment, which is then transmitted back and paid by United.  All calculations and

8 determinations regarding the amount to pay on a given claim is made by Multiplan.  Since no

9 grant of repricing discretion exists to Multiplan, its decisions, and the evaluation of the repricing

10 scheme that constitutes the enterprise that is the subject of Plaintiffs' ERISA §1132(a)(1)(B)

11 cause of action, should be reviewed *de novo*.

12        Evidentiary support for Multiplan's central role in benefits determination is contained in

13 Exhibit G to the Spielman Declaration.  This exhibit is a letter, signed by the Viant "Patient

14 Advocate Department" explaining that only $291.12 of the $2156.25 was allowed.  Viant is a

15 Multiplan entity (indeed, Plaintiff substituted Multiplan, the parent company, for Viant, in their

16 third amended complaint).  The irony of calling the entity that is charged with underpaying a

17 claim, leaving the insured with thousands of dollars in bills, the Patient Advocate Department,

18 should not be lost on this Court.

19 ████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████

21 ██████████████████████████        As set forth in Exhibit G Viant, not United, handles all

22 appeals and questions from insureds.  According to the letter, Viant, not United, is the entity that

23 would "contact your provider and work with them to try to reduce the amount they are charging

24 you."  Here again is the irony—Viant, the patient advocate does not promise to alter its repricing

25 of the claim.  The only advocacy is to pressure the provider to lower its charges.

26 ████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████████

28 ████████████████████████████████████████████████████████

In short, Viant, by and through Multiplan, has the exclusive authority, but not the discretion, to determine all benefit amounts, both initially and on appeal. United simply profits from the process. Under well-settled ERISA law, there is no discretionary grant to Multiplan, requiring a *de novo* standard of review.

**B. *De Novo* Review Applies Because The Plans Do Not Clearly and Unambiguously Delegate Discretion to UHIC or UBH**

Even if it were a United entity instead of Multiplan making these out-of-network pricing decisions, the language in Plaintiffs' plans does not clearly and unambiguously grant either UHIC or UBH the discretionary authority to determine reimbursement amounts.

The Ninth Circuit has held that, for a plan to alter the standard of review from the default of de novo to the more lenient abuse of discretion, the plan must unambiguously provide discretion to the administrator. *Kearney*, 175 F.3d at 1090. Although there are no magic words to delegate discretion, the Ninth Circuit is of the position that to be valid, a grant of discretion must be unambiguous. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963-964 (9th Cir. 2006). What is required to shift away from the *de novo* standard of review is a clear and unambiguous discretion to determine the amount of benefits, after a claim is approved. Neither the Apple or Tesla plans contain such a grant.

Indeed, as to the Apple Plan, it contains conflicting provisions concerning the grant of discretion, and to whom the grant is made. The Plan's purported grant of discretion is far from clear or unambiguous.

Under ERISA,

> Every employee benefit plan shall be established and maintained pursuant to a written instrument. Such instrument shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan.

29 U.S.C. § 1102(a)(1). A "court must examine the specific language of a plan to determine the standard of review; [A]n administrator ha[s] discretion only where discretion was 'unambiguously retained' by the administrator. *Shane v. Albertson's Inc. Employees' Disability*

*Plan*, 381 F. Supp. 2d 1196, 1199 (C.D. Cal. 2005) aff'd sub nom. *Shane v. Albertson's Inc.*, 504 F.3d 1166 (9th Cir. 2007).

The Apple Plans state in multiple instances that the plan administrator has the "sole and absolute" discretionary authority to construe and interpret plan terms, and to determine all questions regarding the amount of benefits.  See Exhibit A, Spielman Decl. at UBH000072; 306; and 307-308.  While reserving to the Plan Administrator (the Apple Benefits Committee) the sole and absolute discretionary authority to construe and interpret plan terms and set benefit amounts, the Apple Plan in contrast contains only a limited delegation of discretionary authority to "UnitedHealthcare" to "review claims and appeals."  Id. at UBH000307.  The intentionally limited scope of the delegation of discretion to UnitedHealthcare is made more apparent when compared with the broad delegation of discretionary authority to the claims administrators for the STD and LTD benefits of the Apple Plan.  Id. at UBH000142 and 188.

The Tesla Plan also contains ambiguity regarding the delegation of discretionary authority.  The Tesla Plan identifies "UnitedHealthcare" as the claims administrator to whom discretionary authority is delegated, and directs participants to contact UnitedHealthcare at "United Healthcare Services, Inc."  However, to the extent any United entity or affiliate was involved in the repricing alleged herein, it was not United Healthcare Services, Inc., but rather United Healthcare Insurance Company.  UHIC does not appear to be mentioned anywhere in the Tesla Plan, and was not specifically delegated discretionary authority therein.

### C.  UHIC and UBH's Significant Financial Conflict of Interest in the "Repricing" of Out-of-Network Claims Compels *De Novo* review, or at the Very Least that  a Deferential Review be Tempered by Heightened Skepticism

United and Multiplan are so conflicted as to constitute a breach of fiduciary duty, warranting *de novo* review.  See *Hinshaw v. Unum Life Ins. Co. of Am.*, 2015 WL 2127085 at *3 (C.D.Cal. May 6, 2015).  Put alternatively, where the entire purpose of the repricing scheme is to underpay claims, the entire process is laced with self-interest, triggering the *de novo* standard of review.  See *Lang v. Long-Term Disability Plan of Sponsor Applied Remote Technology, Inc.*, 125 F.3d 794, 798 (9th Cir. 1997).

If the court determines that deferential standard of review should apply to this claim rather than *de novo*, it will be necessary to determine whether to apply additional skepticism. Ordinarily, when dealing with "self-funded" plans such as Plaintiffs', where the employer/sponsor funds benefit payments from its own coffers and the claim administrator/"insurer" performs administrative services only, it is thought that a financial conflict is not present.  This is because the payer of benefits is distinct from the claims decision-maker.  Here, however, that presumption has been turned completely on its head.  United and Multiplan, through their scheme to "reprice" out of network benefits, have managed to create a greater financial conflict of interest than ever existed in a traditional fully insured payer-administrator.  This, along with the procedural irregularities abundant in Defendants' scheme, warrant extreme skepticism.

### D.  The Reasonably Prudent Man Standard Applies to Plaintiffs' Claims for Breach of Fiduciary Duty, ERISA 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)

Plaintiffs' third amended complaint also contains a cause of action for equitable relief under ERISA §1132(a)(3), for United's alleged breach of its fiduciary duties.  See Doc. No. 91, ¶¶ 511-546.  According to the ERISA statutes, the standard of review for alleged breaches of fiduciary duty is the prudent man standard.  See ERISA §1104(a).

Plaintiffs met and conferred with Defendants to confirm that the prudent man standard applies to the fiduciary duty claims.  No Defendant disputed that this is the proper standard of review. Accordingly, Plaintiffs respectfully request the Court include in its Order that the standard of review for Plaintiff's claims for equitable relief related to United's alleged breach of its fiduciary duties is the prudent man standard.

## IV.   CONCLUSION

Plaintiffs respectfully request that the Court apply the *de novo* standard of review to the repricing of their behavioral health claims in this ERISA matter.  The operative Plans do not delegate discretionary authority to Multiplan, the entity that determined the reimbursement amounts for Plaintiffs' claims.  Additionally, even if the pricing determinations were made by a United entity, the Apple Plan does not delegate discretion to any United entity to set

reimbursement amounts, and neither the Apple nor the Tesla Plan clearly and unambiguously delegate discretionary authority to UHIC or UBH.  Finally, Defendants' financial conflict of interest requires a *de novo* review.

In the alternative, should the court find that a deferential standard of review applies, Plaintiffs ask that the court temper its review with heightened skepticism in light of the United Defendants' financial conflict of interest when repricing claims pursuant to its scheme with Multiplan, whereby it not only avoids losses, but earns significant profits for each claim it reprices in violation of the plan terms.

Dated:  October 6, 2021                     Respectfully submitted,

                                            **ARNALL GOLDEN GREGORY, LLP**

                                            By:___*/S/ Matthew M. Lavin*____
                                             Matthew M. Lavin
                                             Aaron Modiano

                                            **DL LAW GROUP**

                                            By:___*/S/ Katie Spielman*_____
                                             David M. Lilienstein
                                             Katie J. Spielman

                                            Attorneys for Plaintiffs