**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
MOE KESHAVARZI, SBN 223759
　E-Mail: mkeshavarzi@sheppardmullin.com
DAVID DWORSKY, SBN 272167
　E-Mail: ddworsky@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone: 213.620.1780
Facsimile: 213.620.1398

ERROL J. KING, JR. (*admitted pro hac vice*)
**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197
Errol.King@phelps.com

*Attorneys for Defendant, MultiPlan, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD, DB, BW, RH, and CJ on behalf of themselves and all others similarly situated,<br><br>　　Plaintiffs,<br><br>vs.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, UNITED BEHAVIORAL HEALTH, a California Corporation and MULTIPLAN, INC., a New York Corporation,<br><br>　　Defendants. | Case No. 4:20-cv-02254-YGR<br><br>(Hon. Yvonne Gonzalez-Rogers)<br><br>**MULTIPLAN'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION ESTABLISHING THE STANDARD OF REVIEW AS *DE NOVO***<br><br>SAC Filed:　January 25, 2021<br>Trial Date:　Not set |

## I. INTRODUCTION

Defendant MultiPlan, Inc. ("MultiPlan") respectfully submits its Opposition to Plaintiffs' Motion for Summary Adjudication Establishing the Standard of Review as *De Novo* ("Plaintiffs' Motion"). [Doc. 98]. Plaintiffs' Motion, along with its Exhibits, which were filed under seal, contains several fundamental misstatements of fact regarding MultiPlan, the correction of which is critical to this Court's ability to consider the issue raised. Although MultiPlan itself is not an ERISA fiduciary, as it does not adjudicate claims, it nevertheless supports the position of its co-Defendants, United Healthcare Insurance Company and United Behavioral Health (collectively, the "United Defendants"), that the proper standard of review to be applied in this case is the abuse of discretion standard.

Plaintiffs argue that *de novo* should be the standard of review in this instance because MultiPlan and not the United Defendants determines the reimbursement amount for Plaintiffs' claims and the operative plans do not delegate discretionary authority to MultiPlan.[1] In staking out this bold position, Plaintiffs make gross misrepresentations regarding MultiPlan, its business, and its business relationship with the United Defendants. Plaintiffs' misrepresentations regarding MultiPlan are as follows:

- … MultiPlan determines how much is paid on a given claim. *Id.* at p. 9.
- UHIC's only responsibility when it comes to R&C repricing is to remit payment to the provider at the amount MultiPlan instructs. *Id.* at p. 10.
- MultiPlan also determines all appeals. The Agreement makes clear that in the event a plan participant or their provider takes issue with the "reprice" reimbursement amount, MultiPlan, not UHIC, has the final say…. *Id.* at p. 9.
- … Viant through MultiPlan, has the exclusive authority, but not the discretion, to determine all benefit amounts, both initially and on appeal. *Id.* at p. 15.

---

[1] Despite making this accusation, Plaintiffs hedge their bet with the alternative argument that perhaps a United entity does in fact make the pricing determinations. *See* Plaintiffs' Motion, pp. 15-17.

- MultiPlan has a conflict of interest because of the manner in which it is compensated by United under the Network Access Agreement (the "Agreement"). *Id.* at pp. 16-17.

None of these conclusory allegations are correct, and each will be refuted by MultiPlan below. Accordingly, because the plans of the Plaintiffs grant discretionary authority to the claims administrator,[2] in this case the United Defendants, the standard of review in this proceeding should be the abuse of discretion standard.

## II. ARGUMENT

MultiPlan will not go into detail how the two self-funded health plans at issue here, Apple and Tesla, grant discretionary authority to United thus warranting the standard of review to be abuse of discretion. MultiPlan will instead focus on its business and what it does for clients like United, and will adopt the United Defendants' arguments made in its response to Plaintiffs' Motion.

### A. MultiPlan And Viant's Business Operations As PPOs And Cost Containment Companies.

Attached as **Exhibit "A"** is the Declaration of Marjorie G. Wilde, Senior Counsel for MultiPlan, Inc. and Viant, Inc. ("Wilde Decl.").[3] MultiPlan and Viant are both known in the healthcare industry as what is referred to as non-risk bearing preferred provider organizations ("PPOs"). As non-risk bearing PPOs, MultiPlan operates a provider network that does business nationwide by contracting on one hand with healthcare providers such as hospitals, physician groups and ancillary providers. *See* Wilde Decl., ¶ 3. These contracted providers agree to give discounts off of medical services rendered to the beneficiaries of clients of MultiPlan such as United. *Id.* at ¶ 3. On the other hand, MultiPlan contracts with its clients who include health insurance

---

[2] The two self-funded health plans for the five Plaintiffs at issue in this case are the Apple Plan and the Tesla Plan. As Plaintiffs admit, both self-funded health plans grant discretionary authority.

[3] Viant is a wholly-owned subsidiary of MultiPlan. Although MultiPlan is the Defendant in this litigation (originally Viant was the Defendant before Plaintiff substituted MultiPlan), Viant was the company which priced the claims of the Plaintiffs on a usual and customary (U&C) basis. The pricing of out-of-network claims is one of the services provided by MultiPlan and Viant under the Network Access Agreement ("Agreement") between United and MultiPlan.

carriers, health maintenance organizations, self-funded health plans and third party administrators who have members and beneficiaries who receive medical services from the provider network assembled by MultiPlan. *Id.* at ¶ 4. Thus, MultiPlan is a "middle man" between healthcare providers on the one hand and MultiPlan's clients on the other hand. *Id.* at ¶ 5. MultiPlan is not licensed in any state in the United States as either a health insurance company, an HMO or a TPA. *Id.* at ¶ 8. MultiPlan does not issue health care coverage, does not sell healthcare coverage, does not collect premiums, and does not have insureds, members or beneficiaries. *Id.* at ¶ 9. In the State of California, MultiPlan is not licensed as an insurance company, HMO, TPA or any other healthcare company that processes or reimburses claims of healthcare providers. *Id.* at ¶ 12.

In addition to operating as a non-risk bearing PPO, MultiPlan also provides healthcare cost management services to its clients. *Id.* at ¶ 5. One such cost management service provided by MultiPlan to its clients is to make pricing recommendations for provider claims in accordance with proprietary databases operated by MultiPlan and Viant. *Id.* at ¶ 10. One of these proprietary databases is the Viant U&C pricing which is at issue in this case. *Id.* at ¶ 14.

As set forth in Plaintiffs' Motion, United and MultiPlan entered into an agreement called the "Network Access Agreement" (the "Agreement"). This Agreement does not represent a scheme as alleged by Plaintiffs but rather is an independent contractual relationship between MultiPlan and United under which MultiPlan is a vendor for United and for United's clients such as Tesla and Apple. The Agreement does not establish a scheme but rather a legitimate business relationship common in the healthcare industry.

**B.     MultiPlan Does Not Determine How Much Is Paid On Claims.**

In their Motion, Plaintiffs claim that,

> United did not make . . . benefits calculations, or repricing determinations, MultiPlan, by and through its subsidiary, Viant, did, and there is no grant of discretion to MultiPlan to justify a shift from the default *de novo* standard of review.

Plaintiffs' Motion, at p. 2. Plaintiff then argues, consistent with its allegations of a scheme and unlawful enterprise, that the role of the United Defendants is a limited one, that they only transmit claims information to MultiPlan, and that thereafter, MultiPlan does the rest – repricing, communication with insureds, and handling appeals. *Id*. As a result, Plaintiffs claim, the standard

-3-    Case No. 4:20-cv-02254-YGR

of review is *de novo*, "for the simple reason that MultiPlan, not United makes all payment determinations, . . . there is no discretionary grant to United to decide the amount of benefits, [and] there is no delegation of discretion to MultiPlan." *Id.*, at p. 13.

However, proceeding as it does from a false premise, this argument must be rejected. As shown in the accompanying Declaration of Ms. Wilde, the following is the true state of affairs:

- MultiPlan and Viant do not determine the reimbursement of any claims of any providers nor do they process reimbursements to any providers. The determination and processing of reimbursement s is done by the clients of MultiPlan and Viant. Wilde Decl., ¶ 11.
- MultiPlan has never determined how much will be paid on any given claim. How much is paid on any claim is determined by MultiPlan's clients such as United. *Id.* at ¶¶ 14, 18.
- Consistent with Viant's limited role in performing the calculations and making a pricing recommendation, the United/UHIC-MultiPlan Network Access Agreement states, "[u]se of the R&C Repricing Services Rates to pay Facility Claims shall be at the discretion of United." *Id.* at ¶ 14.
- Viant's Facility U&C Review provides a pricing recommendation to clients such as United. It is then up to United to determine whether to pay the pricing recommendation or pay some other amount as determined by United. *Id.* at ¶¶ 16, 18.

Based on the foregoing, Plaintiffs' assertion that the *de novo* standard of review should apply is without merit. MultiPlan and Viant are decidedly <u>not</u> making payment determinations – United is. That fact alone should resolve the matter. Nevertheless, Plaintiffs further argue that "when MultiPlan reprices out-of-network claims for . . . [United] . . it (a) sets the price without regard to . . . Plan terms . . . ; (b) sets the price without input from United; and (c) handles appeals without input from United." Plaintiffs' Motion, at p. 10. As has been and will be shown, none of that is true. Therefore, to the extent Plaintiffs try to use such claims to justify shifting from the proper standard of review, *i.e.*, abuse of discretion, that attempt must fail.

### C. MultiPlan Does Not Determine Appeal Of Benefits Under ERISA Plans.

Plaintiffs allege at Page 9 of their Motion that MultiPlan "determines all appeals" equating the word "appeals" to appeals of benefit determinations under ERISA qualified plans. Plaintiffs cite to the Agreement for this authority and appear to rest their position on the fact that the word "appeals" is used in the Agreement when referring to repriced reimbursement amounts. However, usage of the word "appeal" in the Agreement does not reference an appeal of a benefit determination under an ERISA qualified plan. Rather, just the opposite. As part of the cost containment services provided to clients like United, MultiPlan also provides services on the backend where it will negotiate with a participant or the participant's provider on resolution of an amount to be reimbursed by United. This vendor service does not equate to an appeal under the plan language of an ERISA qualified plan.

As Ms. Wilde's Declaration makes clear, the word "Appeal" in the UHIC-MultiPlan Network Access Agreement is defined in Section 1.30 as a request "by a provider, to resolve any issues of dissatisfaction with the repriced amount or by a Participant or United to resolve the balance billing of Participant by the provider." *Id.* at ¶ 15. Ms. Wilde goes on to state that as used in the UHIC-MultiPlan Network Access Agreement, "Appeal" pertains simply to an aspect of the service whereby at client's election, Viant responds to a provider's inquiry or challenge regarding the repriced amount and negotiates the repriced amount in accordance with client pre-determined thresholds to obtain a proposal signed by the provider not to balance bill the participant. *Id.* at ¶ 15. Responding to the provider inquiry regarding a repriced amount and the negotiation process is part of the service that is provided by MultiPlan, through Viant, to clients such as United. *Id.* at ¶ 15. This aspect of the service is separate from any ERISA benefit plan mandated appeals for which United has responsibility. *Id.* at ¶ 15. Accordingly, in providing this aspect of the service, Viant's Facility U&C Review does not determine any appeals under ERISA qualified plans. *Id.* at ¶ 15. Plaintiffs' attempt to equate the word "appeal" as used in the Agreement as an appeal under an ERISA qualified plan is clearly misguided.

### D. The Compensation Arrangement Between MultiPlan And United Under The Agreement Does Not Establish A Conflict Of Interest.

Plaintiffs also argue that the *de novo* standard of review should apply "because of the self-dealing that is at the heart of this action," which allegedly creates a conflict of interest that constitutes a breach of fiduciary duty. Plaintiffs' Motion at pp. 2-3. While Plaintiffs may contend that "where the entire purpose of the repricing scheme is to underpay claims, the entire process is laced with self-interest, triggering the *de novo* standard of review," *Id.*, at p. 3, such contention arises from their mischaracterization of a process that is anything but one involving self-dealing. There is no goal to underpay, but instead only a process by which MultiPlan provides repricing recommendations, based on legitimate, well-supported methodology available through Viant, to United so that it may make payments to out-of- network providers, within the scope of its authority and discretion, as a plan fiduciary. That such services result in savings, and fees calculated from such savings, does not result in anything remotely inappropriate.

Moreover, when Viant's U&C repricing is used, Viant personnel who oversee calculation of the pricing recommendations do not have knowledge of the terms of the Agreement between MultiPlan and United and are not knowledgeable of the compensation arrangement between United and MultiPlan as is set forth in the Agreement. Wilde Decl., ¶ 17. While it is true that MultiPlan is compensated by United under the Agreement, as it should be in any legitimate business relationship, it is untrue that such compensation in this case establishes a conflict of interest. The claims of the Plaintiffs were priced by MultiPlan employees without knowledge of the compensation arrangement between the two companies. There simply is no conflict of interest.

The various cases that Plaintiffs cite through Motion for Summary Judgment are, in a word, inapposite. The facts of the case before the Court do not fit the result that Plaintiffs seek to justify. The correct standard of review is abuse of discretion, and not *de novo*. Plaintiffs' summary adjudication motion should be denied.

///
///
///

## III. CONCLUSION

Indeed, the entire basis of Plaintiffs' Motion appears to rest upon its mischaracterization and misrepresentation of what it is that MultiPlan does for United under the Agreement, an Agreement which establishes a legitimate vendor relationship between the two companies. Given MultiPlan's role as a vendor and not as a plan fiduciary or as a claims administrator, no discretionary authority is needed to be bestowed upon MultiPlan as indeed it makes no reimbursement decisions on any claims including the claims of Plaintiffs in this case. Accordingly, the abuse of discretion standard of review should apply.

DATED: October 27, 2021

By: _____/s/ David E. Dworsky_____

Moe Keshavarzi
David E. Dworsky
Sheppard Mullin
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone: (213) 620-1780
Fax: (213) 620-1398

and

Errol J. King, Jr. (*admitted pro hac vice*)
Phelps Dunbar LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197

Attorneys for Defendant, MultiPlan, Inc.