HEATHER L. RICHARDSON, SBN 246517
  hrichardson@gibsondunn.com
LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

GEOFFREY SIGLER (*admitted pro hac vice*)
  gsigler@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:    202.995.8500
Facsimile:    202.467.0539

Attorneys for Defendants
UNITED HEALTHCARE INSURANCE COMPANY
and UNITED BEHAVIORAL HEALTH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH, and CJ, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>               Defendants. | Case No. 4:20-cv-02254-YGR<br><br>**DEFENDANT UNITED HEALTHCARE INSURANCE COMPANY'S AND UNITED BEHAVIORAL HEALTH'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION**<br><br>Date: To be set by Court<br>Time: To be set by Court<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Crtrm: Courtroom 1, Fourth Floor<br><br>Complaint Filed: April 2, 2020<br>Third Amended Complaint Filed: September 1, 2021 |

***PUBLIC DOCUMENT***
***REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED***

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ................................................................................. 1

II. FACTUAL BACKGROUND .................................................................. 3

    A.    The Apple Plan ................................................................................. 3

    B.    The Tesla Plan ................................................................................. 5

    C.    Plaintiffs' "Administrative Record" Documents ........................... 7

    D.    UHC's Network Services Contract with MultiPlan ...................... 8

III. ARGUMENT ....................................................................................... 10

    A.    UHC, Not Multiplan, Made the Relevant Benefits Determinations ........... 10

    B.    The Apple and Tesla Plans Clearly and Unambiguously Delegated Discretion to UHC ................................................................................. 12

    C.    Plaintiffs Misstate the Law and Facts in Arguing That a "Conflict of Interest" Supports *De Novo* Review. ........................................... 14

    D.    The Standard of Review for Plaintiffs' Breach-of-Fiduciary Duty Claim Is Also Abuse of Discretion. ........................................... 17

IV. CONCLUSION ................................................................................... 18

UHC'S AND UBH'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abatie v. Alta Health & Life Ins. Co.,*
458 F.3d 955 (9th Cir. 2006)...........................................................................2, 10, 12, 13, 15, 16

*Atwood v. Newmont Gold Co.,*
45 F.3d 1317 (9th Cir. 1995)...........................................................................................15

*Collins v. Teamsters Benefit Tr.,*
2013 WL 12343709 (N.D. Cal. Dec. 27, 2013) ..............................................................11

*Conkright v. Frommert,*
559 U.S. 506 (2010)........................................................................................................17

*Demer v. IBM Corp. LTD Plan,*
835 F.3d 893 (9th Cir. 2016)..........................................................................................16

*Firestone Tire & Rubber Co. v. Bruch,*
489 U.S. 101 (1989)........................................................................................................17

*Grosz–Salomon v. Paul Revere Life Ins. Co.,*
237 F.3d 1154 (9th Cir. 2001).........................................................................................12

*Hinshaw v. Unum Life Ins. Co. of Am.,*
2015 WL 2127085 (C.D. Cal. May 6, 2015) ..................................................................15

*Kearney v. Std. Ins. Co.,*
175 F.3d 1084 (9th Cir. 1999).........................................................................................12

*Kyle Railways, Inc. v. Pac. Admin. Servs., Inc.,*
990 F.2d 513 (9th Cir. 1993)...........................................................................................10

*Lang v. Long-Term Disability Plan of Sponsor Applied Remote Tech., Inc.,*
125 F.3d 794 (9th Cir. 1997)......................................................................................12, 15

*Martinez v. Beverly Hills Hotel,*
695 F. Supp. 2d 1085 (C.D. Cal. 2010)...........................................................................13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
475 U.S. 574 (1986)........................................................................................................10

*Metro. Life Ins. Co. v. Glenn,*
554 U.S. 105 (2008)........................................................................................................15

*Montour v. Hartford Life & Acc. Ins. Co.,*
588 F.3d 623 (9th Cir. 2009)..........................................................................................16

UHC'S AND UBH'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION
CASE NO. 4:20-CV-02254-YGR

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Renfro v. Funky Door Long Term Disability Plan*,
  686 F.3d 1044 (9th Cir. 2012)........................................................................................16

*Robertson v. Blue Cross & Blue Shield of Tex.*,
  99 F. Supp. 3d 1249 (D. Mont. 2015) ............................................................................15

*Shane v. Albertson's Inc.*,
  381 F. Supp. 2d 1196 (C.D. Cal. 2005)..........................................................................12

*Shane v. Albertson's Inc.*,
  504 F.3d 1166 (9th Cir. 2007)....................................................................................2, 12

*Simms v. Univ. Health All.*,
  2010 WL 1712001 (D. Haw. Apr. 2, 2010) ....................................................................15

*Steven M. v. United Behavioral Health*,
  2021 WL 1238302 (N.D. Cal. Apr. 2, 2021) ..............................................................2, 12

*Tibble v. Edison Int'l*,
  729 F.3d 1110 (9th Cir. 2013).............................................................................2, 17, 18

**REGULATIONS**

29 C.F.R. § 2509.75-8 ............................................................................................................10

**RULES**

Fed. R. Civ. P. 56(a)....................................................................................................................9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UHC'S AND UBH'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn &
Crutcher LLP

## I. INTRODUCTION

Plaintiffs challenge "UCR" benefits determinations—the reimbursement rates for their covered out-of-network services—under ERISA. *See, e.g.,* Dkt. 91, TAC ¶ 155. As the claims administrator for Plaintiffs' health plans, UnitedHealthcare (or "UHC") was explicitly delegated discretion, in the plan documents, to make these determinations. Plaintiffs' "administrative records" show that UHC did exactly this. Under multiple controlling authorities, the standard of review is "abuse of discretion," not *de novo* as Plaintiffs contend.

Plaintiffs use their motion to repeat their baseless attacks on UHC's supposedly "dramatic underpayment" of their claims. Mot. 1. Plaintiffs cite no evidentiary support for their attacks, and they have yet to produce any support in discovery, despite repeated requests by Defendants. In any event, because the Court specifically requested briefing on the standard of review, Defendants will reserve their responses to Plaintiffs' baseless attacks until they are properly before the Court.

Plaintiffs make four arguments against the "abuse of discretion" standard, and all of them should be rejected. *First*, Plaintiffs argue that "United did not make the benefits calculations," MultiPlan did, so the *de novo* standard applies. Mot. 2. But all of the evidence—Plaintiffs' plans, EOBs, appeal correspondence, and the various agreements attached to Plaintiffs' brief—shows that UHC made the benefits determinations. UHC's reliance on fee data from MultiPlan in making these determinations does not transform MultiPlan into the responsible decision-maker or fiduciary under ERISA or Plaintiffs' plans. Plaintiffs cannot reconcile their argument with the evidence, ERISA, or with their own allegations that "United" is "the party which exercised all discretionary authority and control over the administration of the plan of each Plaintiff" (TAC ¶ 499), and "United's issuing of the actual under-payment for the Plaintiffs' and other IOP claims shows [United's] management over the scheme" (*id.* ¶ 124).

*Second*, Plaintiffs argue that their plans' delegations to UHC were not sufficiently clear. But the plans explicitly and repeatedly delegate authority to UHC to review claims and appeals, and grant UHC discretion to interpret plan terms in doing so. Because Plaintiffs' plans directly delegate authority to UHC, which made the benefits determinations at issue in this case, there is no need here to delve into other agreements or downstream delegations, as in some other cases on which Plaintiffs purport to

rely. *See, e.g., Shane v. Albertson's Inc.*, 504 F.3d 1166 (9th Cir. 2007) (analysis of triple delegation to entity not named in plan); *Steven M. v. United Behavioral Health*, 2021 WL 1238302 (N.D. Cal. Apr. 2, 2021) (analysis of double delegation to entity not named in plan). Even if this Court were to look beyond the plan terms delegating discretion to UHC, the administrative services agreements between Plaintiffs' plans and UHC also compel the same conclusion: the plans delegated discretion to UHC. The plans and administrative services agreements also show that the delegation to "UnitedHealthcare," as opposed to a particular corporate entity, is intentionally broad and intended to encompass all UnitedHealthcare entities and affiliates involved in the relevant benefits determinations.

*Third*, Plaintiffs argue that the plans' compensation to UHC, and UHC's compensation to MultiPlan, ███████████████████████████████████ produces a conflict of interest warranting *de novo* review. The evidence does not show that there was any conflict, or that (even if there was one) it impacted any of the benefits determinations on Plaintiffs' claims. In any event, this Court need not resolve any factual disputes on these "conflict of interest" issues to set the standard of review: "Abuse of discretion review applies to a discretion-granting plan even if the administrator has a conflict of interest." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006).

*Fourth*, Plaintiffs argue that their breach-of-fiduciary duty claim (Count V) should be governed by the "prudent man" standard. But the abuse-of-discretion standard applies to this claim too, under the Ninth Circuit's decision in *Tibble v. Edison International*, 729 F.3d 1110, 1129 (9th Cir. 2013) (overruled on other grounds by *Tibble v. Edison Int'l*, 575 U.S. 523 (2015)). As the Ninth Circuit explained, the "abuse of discretion" standard follows from an ERISA plan's delegation of discretion, not the specific cause of action pled by the plaintiff. As this case amply demonstrates, ERISA's goals would not be served by applying different standards of review to essentially the same dispute, simply because Plaintiffs pled a breach-of-fiduciary duty claim (Count V) as an alternative to their claim for benefits under Section 502(a)(1)(B) (Counts III-IV).[1]

---

[1] Plaintiffs do not seek a determination of the standard of review for their RICO claims (*see* Mot. 1 (expressly limiting motion to ERISA claims only)), but the same logic applies: UHC's benefits determinations should be subject to the same abuse-of-discretion standard, regardless of the specific legal theory or cause of action.

Under a straightforward application of controlling authorities to the claims and plans in this case, the proper standard of review is "abuse of discretion."

## II. FACTUAL BACKGROUND

Plaintiffs' motion rests on numerous unsupported assertions and misrepresentations of the evidence. All of the evidence submitted by both sides—Plaintiffs' plans (the employee benefits plans for Apple and Tesla), the administrative services agreements for these plans, UHC's network agreement with MultiPlan, and the "administrative records" for Plaintiffs' claims—shows: (1) UHC made the benefits decisions that Plaintiffs challenge in this case (*i.e.*, the "UCR" determinations that Plaintiffs contend were too low for out-of-network services they received), and (2) in doing so, UHC acted within the scope of its delegated discretion under the terms of the Apple and Tesla plans.[2]

### A. The Apple Plan

Four of the five named plaintiffs (LD, DB, BW, and RH) challenge "United's" UCR determinations under the Apple plan. In both plan documents relevant to this case (the 2018 and 2019 versions), the Apple plan clearly and unambiguously delegates discretion to UHC to make these determinations, as described below.

Multiple provisions of the Apple plan state that its Benefits Administrative Committee ***and its authorized delegates*** are given "discretionary authority to construe and interpret the plan," and to determine "the amount of benefits," among other things. For example:

> The Benefits Administrative Committee ***(or its authorized delegate)*** is the plan administrator for each plan has the ***sole and absolute discretionary authority to construe and interpret the plan***, supply omissions, correct any defect, and determine all questions regarding the eligibility for ***as well as the amount of benefits***. In this regard, the plan administrator's decisions shall be conclusive and binding on all persons.

Spielman Decl. Ex. A at UBH000306 (2018 version); Spielman Decl. Ex. B at UBH000904 (2019 version) (emphases added). Another provision similarly provides:

---

[2] Plaintiffs do not seek any determination about the standard of review for any plans or claims other than their own, nor could they. As demonstrated by the arguments being made by both sides, these issues are inherently plan-specific and claim-specific. The Court's rulings should focus on the named Plaintiffs' plans and claims at this phase of the case, and any arguments about the standard-of-review for any putative class members, in any future motion for class certification, can be guided by this Court's ruling.

The plan administrator (***or its [authorized] delegate***) for each plan has the **sole and absolute discretionary authority to construe and interpret the plan**, supply omissions, correct any defect, and determine all questions regarding eligibility for **as well as the amount of benefits**. . . . Benefits will be paid only if the plan administrator or its delegate, determines, in its discretion, that the applicant is entitled to them.

Spielman Decl. Ex. A at UBH000307-08; Spielman Decl. Ex. B at UBH000906 (emphases added).

Because the plan has multiple parts (*e.g.*, health, life, disability) and different administrators for each part, the generally applicable provisions discussed above (contained a section titled "General Information") do not name each "authorized delegate." However, other parts of the plan identify "UnitedHealthcare" as the claims administrator with "delegated authority to review claims and appeals" related to health benefits:

With regard to self-funded plans [including the PPO health plan in which all Plaintiffs were enrolled] and Flexible Spending Accounts, **the plan administrator has delegated authority to review claims and appeals to the plans' claims administrators**.

Spielman Decl. Ex. A at UBH000307; Spielman Decl. Ex. B at UBH000905 (emphasis added).[3] Just below this provision, the plan identifies "UnitedHealthcare" as the "Medical Claims Administrator." *Id*. Accordingly, UHC is an "authorized delegate" with delegated discretion to interpret and apply plan terms, and to determine the amount of benefits, in connection with its review of "claims and appeals" for the plan.

The plan also states specifically that UHC's delegated authority includes determination of "Eligible Expenses"—*i.e.*, the specific "UCR" rate determinations that Plaintiffs challenge in this case:

**UnitedHealthcare (UHC)** administers the Apple Saver PPO Plan and determines what is a Covered Health Service **and how Eligible Expenses will be covered**. Eligible Expenses are the amounts UHC determines that UHC will pay for coverage. **Eligible Expenses are the amounts UHC determines** that UHC will pay for coverage.

Sigler Decl. Ex. M at UBH000035; Sigler Decl. Ex. N at UBH000634 (emphases added); *see also id*. at UBH0000931. This specific question—"how Eligible Expenses will be covered"—is at the center of this case, because Plaintiffs contend UHC breached these plan provisions by relying on  in determining Eligible Expenses for the claims at issue. *See*, *e.g.*, TAC ¶ 254.

---

[3] The plan also indicates that the Apple PPO plan at issue in this case is self-funded, as Plaintiffs acknowledge in their brief. *See* Spielman Decl. Ex. A at UBH000307 (noting that the plan is "self-funded"); Spielman Decl. Ex. B at UBH000906 (same).

The above plan provisions are more than sufficient to establish UHC's delegated authority and discretion in reference to the specific claims at issue in this case. In the event that the Court is inclined to look further, ███████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

**B.    The Tesla Plan**

The fifth Plaintiff (CJ) challenges "United's" claims payments under the Tesla plan. The terms of the Tesla plan differ somewhat from the Apple plan, but they also clearly and unambiguously delegate discretion to UHC to make the benefit determinations at issue in this case.

For example, the Tesla plan broadly delegates discretion to UHC through the following provision:

Tesla and UnitedHealthcare have the sole and exclusive discretion to:

- Interpret Benefits under the Plan

5

Gibson, Dunn &
Crutcher LLP

- Interpret the other terms, conditions, limitations and exclusions of the Plan, including this SPD and any Summary of Material Modifications and/or Amendments.

- Make factual determinations related to the Plan and its Benefits. . . .

Sigler Decl. Ex. C at UBH000527.  The plan also states that its delegation to "UnitedHealthcare," as the claims administrator, is not limited to a particular corporate entity; rather, it broadly refers to "UnitedHealthcare, Inc., on behalf of itself and its affiliated companies."  *Id.*; *see also id.* at UBH000507 ("Tesla and UnitedHealthcare may delegate this discretionary authority to other persons or entities that provide services in regard to the administration of the Plan.").

The Tesla plan also states that UHC's delegated discretion includes determinations of "Non-Network Benefits" and "Eligible Expenses"—the specific areas of dispute in this case.  *Id.* at UHB000640 ("Tesla has delegated to UnitedHealthcare the discretion and authority to decide whether a treatment or supply is a Covered Health Service and how the Eligible Expenses will be determined and otherwise covered under the Plan.  Eligible Expenses are the amount UnitedHealthcare determines that UnitedHealthcare will pay for Benefits."); *id.* at UBH000540 ("Eligible Expenses are determined solely in accordance with UnitedHealthcare's reimbursement policy guidelines. UnitedHealthcare develops the reimbursement policy guidelines, in UnitedHealthcare's discretion, following evaluation and validation of all provider billings in accordance with one or more of the following methodologies. . . .").  Again, these are the specific plan terms and benefits determinations that Plaintiffs put at issue in this lawsuit.  *See* Mot. 8, 10, 11; TAC ¶ 386.

The above plan provisions are sufficient to establish UHC's delegated authority and discretion in reference to the claims at issue in this case. ████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████

Gibson, Dunn &
Crutcher LLP

[redacted]

## C.    Plaintiffs' "Administrative Record" Documents

Plaintiffs' claims-related documentation—*i.e.*, the "administrative records" for their claims—also shows that UHC acted within the scope of its delegated discretion in making the benefit calculations and payments at issue in this case. [redacted]

[redacted]

---

[4] [redacted] UHC understands that the ASA reflects the parties' understandings and practices.  In any event, the Tesla plan itself is sufficiently clear about the delegation to UHC that this Court need not rely on the ASA to conclude the proper standard is abuse of discretion.

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    **D.    UHC's Network Services Contract with MultiPlan**

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████        This exercise of UHC's discretion is also consistent with Plaintiffs' plan terms, which state that UHC will determine "Eligible Expenses" based on "available data resources of competitive fees in that geographic area." Sigler Decl. Ex. M at UBH0000036 (2019 Apple SPD); Sigler Decl. Ex. C at UBH000370 (Tesla SPD). It is completely within UHC's discretion, therefore, ███████████████████████████

████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████

9

Gibson, Dunn &
Crutcher LLP

**III. ARGUMENT**

Plaintiffs' motion is framed as a motion for partial summary judgment, asking this Court to rule that the proper standard of review is *de novo*. Summary judgment is proper only when there is "no genuine dispute as to any material fact" (Fed. R. Civ. P. 56(a)), meaning, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotations omitted). Here, as described above, the undisputed facts show (1) that the Apple and Tesla plans delegated discretion to UHC, and (2) that the benefits determinations at issue in this case fell squarely within the scope of UHC's delegated discretion and authority. Applying well-established authorities to these undisputed facts, the proper standard of review is abuse of discretion, not *de novo*. *See, e.g., Abatie v. Alta Health Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006).

**A.      UHC, Not Multiplan, Made the Relevant Benefits Determinations**

Plaintiffs' lead argument against the abuse-of-discretion standard rests on a demonstrably false assertion that "United did not make the benefits calculations[] or repricing determinations." Mot. 2. Plaintiffs cite no evidentiary support for this assertion, and there is none. All of the evidence—Plaintiffs' plans, the ASAs, the UHC-MultiPlan Agreement, and Plaintiffs' administrative records—

It is well established, through the Department of Labor's guidance and numerous cases, that third-party service providers (like MultiPlan) can "[m]ak[e] recommendations to others for decisions with respect to plan administration" without becoming fiduciaries themselves. 29 C.F.R. § 2509.75-8; *see also Kyle Railways, Inc. v. Pacific Administration*

10

*Services, Inc.*, 990 F.2d 513, 515 (9th Cir. 1993) (holding that third-party service provider was not a fiduciary because its tasks were ministerial and followed guidance issued by the Department of Labor); *Collins v. Teamsters Benefit Tr.*, 2013 WL 12343709, at *9 (N.D. Cal. Dec. 27, 2013) (Gonzalez Rogers, J.) (similar). For the same reasons, claims administrators and fiduciaries do not forfeit their discretion by relying on third-party vendors, because it is within their discretion to do so. ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

Plaintiffs' assertions about UHC's supposed "passivity" (Mot. 14) not only conflict with the evidence; they also conflict with Plaintiffs' own claims and allegations. One of Plaintiffs' core allegations supporting their ERISA claims is that "***United, as the party which exercised all discretionary authority and control over the administration of the plan of each Plaintiff*** and Class members, including the management and disposition of benefits under the terms of the plan, owed a fiduciary duty to Plaintiffs and the Class." TAC ¶ 499 (emphasis added); *see also id.* ¶ 494 (alleging that, for self-funded plans (like Apple and Tesla), "United makes the final decision on benefit appeals and/or has been given authority, responsibility and discretion (hereinafter 'discretion') with regard to the payment of benefits"); *id.* ¶ 507 (same). The Complaint is also replete with other allegations that UHC made decisions and exercised control over the benefits determinations and practices at issue in this case.[5]

Plaintiffs' allegations that UHC "exercised all discretionary authority," made the relevant decisions to use MultiPlan/Viant for repricing on particular claims, and acted as an ERISA fiduciary are not just ancillary throwaways: They are foundational for Plaintiffs' claims that UHC should be held liable as a fiduciary under ERISA. *See id.* ¶¶ 506, 508, 512, 518, 519. Plaintiffs do not even attempt to reconcile their arguments for *de novo* review with their claims and allegations in the Complaint, and it cannot be done.

---

[5] *See also, e.g.*, TAC ¶ 121 ("*United determined* the fraudulent rates for under-payment that would be presented as UCR, showing its management over the enterprise. . . ."); *id.* ¶ 124 ("United's issuing of the actual under-payment for the Plaintiffs' and other IOP claims *shows [United's] management over the scheme.*"); *id.* ¶ 200 ("*At its sole discretion, United chooses* which claims to price internally, which claims to send for one of MultiPlan's other, legitimate, pricing services, and *which claims to price through Viant.*") (emphases added).

*(Cont'd on next page)*

Plaintiffs' reliance on *Shane v. Albertson's Inc.*, 504 F.3d 1166 (9th Cir. 2007), is misplaced, because this case involved a completely different issue. In *Shane*, it was undisputed that an entity identified nowhere in the plan—the "Albertson's Medical Review Committee (MRC)"—made the actual benefits determination.[6] The disputed issue in *Shane* was whether a ***triple*** delegation of discretion—by the plan to the Trustees (in the plan), by the Trustees to an individual employee (not in the plan), and by the employee to the MRC (also not in the plan)—was valid, such that the MRC had delegated discretion. The Ninth Circuit concluded that the plan did not authorize the third step in this triple delegation, so the MRC did not have delegated discretion. *Shane* has no bearing on this case, because no chain of delegations is needed here: both plans clearly and explicitly delegated discretion to UHC—the entity that made the benefits determinations at issue.[7]

**B.    The Apple and Tesla Plans Clearly and Unambiguously Delegated Discretion to UHC**

Plaintiffs make a half-hearted argument that the delegations to UHC in the Apple and Tesla plans were not clear enough. Mot. 15-16. But it is hard to imagine plan language more clearly delegating discretion to UHC than the Apple and Tesla plan terms. As described in detail above, both plans explicitly delegate discretion to UHC to process claims, decide appeals, and to interpret plan terms in doing so.

Under numerous controlling authorities, these delegations to UHC make "abuse of discretion" the proper standard of review for in this case. *Abatie*, 458 F.3d at 963 (emphasis omitted); *Grosz–Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1159 (9th Cir. 2001); *Kearney v. Std. Ins. Co.*, 175 F.3d 1084 (9th Cir. 1999). "There are no 'magic' words" that must appear in the plan to implement

---

[6]  *See id.* at 1170 ("[T]he MRC, not the Trustees, was the body that made the decision to terminate Ms. Shane's LTD benefits."); *Shane v. Albertson's Inc.*, 381 F. Supp. 2d 1196, 1203 (C.D. Cal. 2005) ("Defendants admit that the MRC was the body tasked with determining whether Ms. Shane was eligible for LTD benefits." (citing Defendants' proposed facts)).

[7]  Plaintiffs do not attempt to rely on *Steven M. v. United Behavioral Health*, 2021 WL 1238302 (N.D. Cal. Apr. 2, 2021), which addressed a completely different issue. In *Steven M.*, Judge Hamilton ruled that the plan delegated discretion to United Healthcare Services, but the various agreements did not support a double delegation to another United entity, United Behavioral Health, which made the medical necessity determination at issue in that case. Here, the issues are completely different, because both plans explicitly delegated discretion to UHC, and UHC made the benefits determinations at issue in this case. Although Plaintiffs named United Behavioral Health as a defendant in their original complaint, they subsequently added UHC and now acknowledge (as they must, based on the evidentiary record described above) that the reimbursement rate decisions were made by UHC, not by UBH.

12

Gibson, Dunn &
Crutcher LLP

such a delegation (*Abatie*, 458 F.3d at 963), but words like "discretion" and "interpret"—as used in the Apple and Tesla plans—clearly demonstrate the plan's intent to delegate discretion to UHC. *Martinez v. Beverly Hills Hotel*, 695 F. Supp. 2d 1085, 1096 (C.D. Cal. 2010). ███████████████████████

████████████████████████████████████████████████████████████

Plaintiffs make three arguments against the abuse-of-discretion standard, but none holds water. *First*, Plaintiffs argue that the Apple plan "contains conflicting provisions concerning the grant of discretion, and to whom the grant is made." Mot. 15. According to Plaintiffs, the Apple plan states "in multiple instances that the plan administrator has the 'sole and absolute' discretionary authority to construe and interpret plan terms, and to determine all questions regarding the amount of benefits." *Id.* at 16. But the provisions on which Plaintiffs rely (and many others) actually state that "the plan administrator" *and* "its authorized delegates" have discretion and authority under the plan. *See, e.g.*, Spielman Decl. Ex. A at UBH00306 (stating that the "Benefits Administrative Committee *(or its authorized delegate)* is the plan administrator for each plan has the sole and absolute discretionary authority to construe and interpret the plan") (emphasis added); *id.* at UBH000307-08 (stating that "*the plan administrator has delegated authority to review claims and appeals* to the plans' claims administrators: Medical Claims Administrator: *UnitedHealthcare*" (emphases added)); *id.* at UBH000072 (referring repeatedly to "UHC" as the entity that will "make a benefit determination" in relation to health benefits).[8]

*Second*, Plaintiffs' argument that the Apple plan's delegation to UHC is "intentionally limited" to "review claims and appeals" (Mot. 16) likewise fails, because Plaintiffs are specifically challenging UHC's handling of their "claims and appeals." Additionally, the above provisions show that, as an authorized delegate, UHC has been delegated "discretionary authority to construe and interpret the plan" as well. Spielman Decl. Ex. A at UBH0000306. For similar reasons, the contrast that Plaintiffs attempt to draw between these provisions addressing UHC and other provisions addressing another administrator (Sedgwick, for life and disability coverage, *see* Mot. 5) is irrelevant: What matters is

---

[8] The other plan provision cited by Plaintiffs addresses the plan administrator's discretion to make "direct payment to providers," as opposed to paying the member directly, which is not the issue here. *See* Mot. 3 (citing Spielman Dec. Ex. A at UBH000072).

whether the Apple plan delegated discretion to UHC with respect to Plaintiffs' health benefits claims and appeals.  It plainly did.  *See* p. 4, *supra*.

*Third*, Plaintiffs argue that the Tesla plan "contains ambiguity," because it "directs participants to contact" UnitedHealthcare Services, Inc., a corporate entity that Plaintiffs say played no part in their benefits determinations.  Mot. 16.  However, the quoted provision (which Plaintiffs neglected to include in the excerpts they submitted to the Court) applies only to civil rights complaints, and identifies UnitedHealthcare Services, Inc. as the "Civil Rights Coordinator"—so this delegation has no relevance to the claims and issues in this case.  Sigler Decl. Ex. C at UBH000586-87.  All of the surrounding text (on the same page and throughout the plan) makes clear that the plan's broad delegations of authority to the "Claims Administrator" and "UHC" refer to "*UnitedHealthcare, Inc., on behalf of itself and its affiliated companies*."  *Id*. (emphasis added).  This delegation is more than sufficient to encompass all of the UHC entities and affiliates that played a role in the benefits determinations at issue.  Plaintiffs' misdirection should be rejected, because both plans clearly and unambiguously delegated discretion to "UnitedHealthcare," and the evidence shows that UnitedHealthcare made the benefits determinations at issue in the case.[9]

## C.    Plaintiffs Misstate the Law and Facts in Arguing That a "Conflict of Interest" Supports *De Novo* Review.

Plaintiffs contend that *de novo* review is warranted because UHC and MultiPlan supposedly have a "conflict of interest."  Mot. 16-17.  Plaintiffs are wrong on the law and the facts.

Plaintiffs do not cite even a single case supporting their argument that paying a claims administrator or third-party service provider based on a percentage of savings to the plan results in a "conflict of interest."  As Plaintiffs recognize, the Apple and Tesla plans are self-funded, meaning that the plan sponsors, not UHC, are financially responsible for paying benefits.  Compensating

---

[9]  UnitedHealthcare Insurance Company, the named Defendant, is an indirect subsidiary of UnitedHealthcare Services, Inc., which Plaintiffs also refer to in their brief. █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

administrators based on a percentage of savings to the plan is fair, reasonable, and ensures that they apply plan terms properly to preserve the assets of self-funded plans by avoiding payment of exorbitant and improper charges for out-of-network services.

Moreover, even if it were hypothetically possible for this type of fee structure to give rise to a "conflict of interest," the standard of review still is abuse of discretion. As the Ninth Circuit held in *Abatie*, "[a]buse of discretion review applies to a discretion-granting plan ***even if the administrator has a conflict of interest***." 458 F.3d 965 (emphasis added). In making this argument, Plaintiffs completely ignore the Ninth Circuit's controlling holding in *Abatie*, as well as the Supreme Court's approval of this same approach two years later in *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105, 116 (2008).

Rather than addressing these controlling authorities, Plaintiffs rely on a case decided approximately ten years earlier, *Lang v. Long-Term Disability Plan of Sponsor Applied Remote Technology, Inc.*, 125 F.3d 794 (9th Cir. 1997), to argue that a conflict of interest should result in *de novo* review. But *Lang* rests primarily on another Ninth Circuit decision, *Atwood v. Newmont Gold Co.*, 45 F.3d 1317 (9th Cir. 1995), which *Abatie* expressly overruled. 458 F.3d at 967. As a result, *Lang* (which relied on *Atwood*) was implicitly overruled by *Abatie*. *See Simms v. Univ. Health All.*, 2010 WL 1712001, at *7 n.5 (D. Haw. Apr. 2, 2010) (questioning whether *Lang* is still good law after *Abatie*); *Robertson v. Blue Cross & Blue Shield of Tex.*, 99 F. Supp. 3d 1249, 1257 n.5 (D. Mont. 2015) (similar).

Plaintiffs also cite a district court decision, *Hinshaw v. Unum Life Insurance Co. of America*, 2015 WL 2127085 (C.D. Cal. May 6, 2015), but this decision relies on *Lang* and appears to have overlooked that *Lang* was implicitly overruled by *Abatie* and *Glenn*. Thus, both of Plaintiffs' cases rely on decisions that were overruled.

Plaintiffs next argue, in the alternative, that if the abuse-of-discretion standard applies, "it will be necessary to determine whether to apply additional skepticism" based on the alleged "scheme" and unidentified "procedural irregularities." Mot. 17. It is unclear from this one-off statement whether Plaintiffs are asking this Court to rule, through this motion, that "skepticism" should be applied; if they are, the motion should be denied. Plaintiffs provide no legal or factual support for "skepticism," as

15

explained above. There is no evidence, for example, of any "malice, of self-dealing, or of a parsimonious claims-granting history." *Abatie*, 458 F.3d at 968-69. Likewise, Plaintiffs' attacks on the rates they were reimbursed on particular claims are based on unsupported assertions, rhetoric, and a purported comparison to a different third-party data source ("FAIRHealth") that Plaintiffs have been unable to back up with any admissible evidence or reliable data support, despite repeated requests in discovery by Defendants.

██████████████████████████████████████████████████████

██████████████████████████████████ unreasonable, gave rise to any conflict, or had any impact on any of Plaintiffs' claims. Plaintiffs fail to present any evidence that the agreement between UHC and MultiPlan had any impact on their claims determinations.

Accordingly, there is no basis on this record to rule that "skepticism" is warranted. And it is not necessary to reach these issues anyway to define the standard of review, which is the specific issue before the Court. Under *Abatie*, the standard of review is abuse of discretion, whether a conflict of interest exists or not. Determining the impact of a conflict on the Court's abuse-of-discretion review (*i.e.*, skepticism) is a separate inquiry that "requires a case-by-case balance" based on "all the facts and circumstances" of the case. *Id.* at 968; *see also Demer v. IBM Corp. LTD Plan*, 835 F.3d 893, 900 (9th Cir. 2016) ("A conflict of interest is a factor in the abuse-of-discretion review, the weight of which depends on the severity of the conflict."); *Renfro v. Funky Door Long Term Disability Plan*, 686 F.3d 1044, 1048 (9th Cir. 2012) ("[I]f the plan gives discretion, but the administrator operates under a conflict of interest, then the 'conflict of interest must be weighed as a factor in determining whether there is an abuse of discretion'"); *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 630-31 (9th Cir. 2009) (the extent of a conflict of interest affects its weight in the overall analysis of whether an abuse of discretion occurred).

Plaintiffs' arguments for *de novo* review and alternatively, for "skepticism," should be rejected. The Apple and Tesla plans delegate discretion to UHC, and therefore an abuse-of-discretion standard applies.

**D.** **The Standard of Review for Plaintiffs' Breach-of-Fiduciary Duty Claim Is Also Abuse of Discretion.**

According to Plaintiffs, their breach-of-fiduciary duty claim should be governed by the "prudent man" standard, not abuse of discretion. Mot. 17. Again, they are wrong. The Ninth Circuit has ruled that the abuse-of-discretion standard is not limited to benefits claims, and should be applied to claims for breach of fiduciary duty when warranted by the plan documents. *See Tibble*, 729 F.3d at 1110, 1129 (overruled on other grounds by *Tibble*, 575 U.S. at 523).

The Ninth Circuit gave three reasons why the abuse-of-discretion standard should apply to breach-of-fiduciary claims when warranted by plan terms, and all of these reasons apply with full force here. *First*, the Supreme Court's ruling that the standard of review turns on delegations of authority in the plan, in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989), was not based on the specific cause of action, but instead rested on the general framework of trust law that applies to any ERISA action. *Tibble*, 729 F.3d at 1129. *Second*, applying different standards of review to different causes of action, when the central issues and conduct overlap, would create "uniformity problems," contrary to one of ERISA's key purposes. *Id.* at 1130. That is certainly true here, where Plaintiffs apparently seek to have different standards of review apply to the same set of inquiries into the reasonableness of UHC's out-of-network reimbursements. *Third*, applying the abuse-of-discretion framework to breach-of-fiduciary duty claims in these circumstances makes sense because deference to administrators "preserv[es] the 'careful balancing' on which ERISA is based"—the same rationale that drove the Supreme Court's decision in *Firestone*. *Id.* (citing *Conkright v. Frommert*, 559 U.S. 506, 517 (2010)). The Ninth Circuit went on to explain that this approach does not give rise to any conflict with ERISA's "prudent man" standard, ERISA § 404 (29 U.S.C. § 1104(a)), because this standard also "require[s] that actions be [brought] in line with the plan documents," including provisions delegating discretion. *Tibble*, 729 F.3d at 1129.

Gibson, Dunn & Crutcher LLP

Plaintiffs fail to address *Tibble* in their brief, and this case requires wholesale rejection of their argument and a conclusion that the abuse-of-discretion standard, rather than the prudent man standard, should apply to Plaintiffs' breach-of-fiduciary duty claim.[10]

## IV. CONCLUSION

Plaintiffs' motion for summary judgment, asking this Court to set the standard of review as *de novo* should be denied, because the proper standard of review is abuse of discretion. Both the Apple and Tesla plans explicitly delegate discretion to UHC to make benefits determinations, and that is what happened on the claims at issue in this case. Plaintiffs' arguments provide no way around the numerous controlling authorities holding that, when this type of delegation has occurred, the standard of review is abuse of discretion.

Dated: October 27, 2021

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Geoffrey Sigler*
Geoffrey Sigler

Attorneys for Defendants United Healthcare Insurance Company and United Behavioral Health

---

[10] Plaintiffs' assertion that the parties "met and conferred" and "[n]o Defendant disputed that this is the proper standard of review" is highly misleading (Mot. 17), because there was never any discussion (let alone agreement) on this issue. Defendants have been clear since the Court first raised the standard of review question at the initial status conference that the abuse-of-discretion standard applies.

18