1 Matthew M. Lavin, Esq. (*pro hac vice*)
Matt.lavin@agg.com
2 Aaron Modiano, Esq. (*pro hac vice*)
Aaron.modiano@agg.com
3 **ARNALL GOLDEN GREGORY, LLP**
1775 Pennsylvania Ave NW, Suite 1000
4 Washington, DC 20006
5 (202) 677-4030

6 David M. Lilienstein, Esq. (CA SBN 218923)
Katie J. Spielman, Esq. (CA SBN 252209)
7 **DL LAW GROUP**
345 Franklin Street
8 San Francisco, CA 94102
9 (415) 678-5050 / (415) 358-8484

10 *Attorneys for Plaintiffs and Putative Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LD, DB, BW, RH AND CJ on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN, INC., a New York Corporation<br><br>Defendants. | Case No.: 4:20-cv-02254-YGR<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION ESTABLISHING THE STANDARD OF REVIEW AS *DE NOVO*** |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION ESTABLISHING THE STANDARD OF REVIEW AS *DE NOVO***

Case No. 4:20-cv-02254-YGR

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. THE PERTINENT PLAN LANGUAGE DOES NOT CLEARLY OR UNAMBIGUOUSLY CONFER DISCRETION ON UHIC OR UBH ......................................... 2

    A. Defendants' Attempt to Include Unlimited United Health Group Subsidiaries and Affiliates in a Discretionary Clause Through Deliberately Ambiguous Terminology Fails under ERISA ........................................................................................................... 2

    B. The Tesla Plan Defines "UnitedHealthcare" as United Healthcare, Inc. While the Apple Plan Does not Define "UnitedHealthcare" at all ................................................................. 3

    C. The Apple Plan does not delegate discretionary authority from the plan administrator to the claims administrator ........................................................................................... 4

    D. The Apple and Tesla Plans Do Not Authorize "UnitedHealthcare" To Designate Another Entity as Fiduciary ............................................................................................ 6

III. VIANT, NOT UNITED, DOES ALL PRICING, RE-PRICING, AND APPEALS ........... 7

    A. Multiplan Reprices Claims Unilaterally With No Involvement From UHIC or UBH .... 7

    B. UHIC and UBH's Proffered Evidence Establishes that Multiplan, through Viant, is Solely and Exclusively In Charge of Repricing Claims ............................................................. 8

    C. Viant Decides All Appeals of Repriced, Vianted, Claims ............................................. 9

    D. UHIC's Internal Notes Directly Implicate Viant as the Sole Authority in the Repricing of Vianted Claims ...................................................................................................... 10

IV. UHIC AND UBH'S SIGNIFICANT FINANCIAL CONFLICT OF INTEREST IN THE "REPRICING" OF OUT-OF-NETWORK CLAIMS COMPELS *DE NOVO* REVIEW, OR AT THE VERY LEAST THAT A DEFERENTIAL REVIEW BE TEMPERED BY HEIGHTENED SKEPTICISM .................................................................................................................. 12

V. THE REASONABLY PRUDENT MAN STANDARD APPLIES TO PLAINTIFFS' CLAIMS FOR BREACH OF FIDUCIARY DUTY, ERISA 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a) ............................................................................................................................. 13

VI. ERISA STANDARD OF REVIEW ANALYSIS HAS NO BEARING ON THE EVIDENTIARY STANDARD APPLICABLE TO THE RICO CAUSES OF ACTION ........... 14

VII. CONCLUSION ............................................................................................................. 15

i

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION ESTABLISHING THE STANDARD OF REVIEW AS *DE NOVO*

Case No. 4:20-cv-02254-YGR

# TABLE OF AUTHORITIES

**Cases**

*Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) ..................................... 13, 14
*Andrew C. v. Oracle America Inc. Flexible Benefit Plan, et al.* 474 F.Supp.3d 1066 (N.D. Cal. Jul. 27, 2020 YGR ........................................................................................................................ 3
*Demer v. IBM Corporation LTD Plan*, 835 F.3d 893 (9th Cir. 2016) ......................................... 14
*Donovan v. Mazzola*, 716 F.2d 1226 (9th Cir. 1983) ................................................................... 15
*Feibusch v. Integrated Device Technology Inc. Employee Ben. Plan*, 463 F.3d 880, 883-84 (9th Cir. 2006) .................................................................................................................................. 6
*Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989) ................................................... 13
*Ingram v. Martin Marietta Long Term Disability Income Plan*, 244 F.3d 1109 (9th Cir. 2001)... 7
*Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999)(en banc) .............................. 4
*Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279 (9th Cir. 1990) ........................................................................................................................................ 7
*NMB Air Operations Corp. v. McEvoy*, 194 F.3d 1317 (9th Cir. 1999) ...................................... 17
*Sandy v. Reliance Standard Life Ins. Co.*, 222 F.3d 1202, 1207 (9th Cir. 2000) .......................... 5
*Shane v. Albertsons, Inc.*, 504 F.3d 1166 (9th Cir. 2007) ............................................................. 7
*Stephanie C. v. Blue Cross Blue Shield of Massachusetts, HMO Blue, Inc.*, 813 F.3d 420 (1st Cir. 2016) ......................................................................................................................................... 5
*Steven M. v. United Behavioral Health*, 2021 WL 1238302 (N.D. Cal. Apr. 2, 2021 PJH) .......... 3
*Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991, 994 (9th Cir. 2000) ................................... 4
*Tibble v. Edison Int'l.*, 135 S. Ct. 1823 (2015) ............................................................................ 16
*Tibble v. Edison Int'l.*, 729 F.3d 1110 (9th Cir. 2013) ................................................................. 15
*Tibble v. Edison Int'l.*, 843 F.3d 1187 (9th Cir. 2016) ............................................................ 1, 16

**Statutes**

18 U.S.C. § 1961 ........................................................................................................................... 16
18 U.S.C. §§ 1341 ......................................................................................................................... 16
29 U.S.C. § 1102(a)(2) .................................................................................................................... 7
29 U.S.C. § 1104(a) ...................................................................................................................... 15
29 U.S.C. § 1105 ............................................................................................................................. 7
29 U.S.C. § 1105(c)(1) ............................................................................................................... 7, 8
29 U.S.C. § 1132(a)(3) .................................................................................................................. 15
29 U.S.C. §1104 ........................................................................................................................ 1, 15
29 U.S.C. §1132(a)(1)(B) ...................................................................................................... 1, 9, 15

ii

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFFS'  Case No. 4:20-cv-02254-YGR
MOTION FOR SUMMARY ADJUDICATION ESTABLISHING
THE STANDARD OF REVIEW AS *DE NOVO*

## I. INTRODUCTION

Plaintiffs hereby submit their Reply regarding their motion to confirm the standard of review as *de novo*. Although Plaintiffs' moving papers only address their claim for benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), the United Defendants go for broke by responding that the abuse of discretion standard—and not the reasonably prudent person standard—also applies to Plaintiffs' claims for breach of fiduciary duty, and--amazingly--also to Plaintiffs' RICO claims. This last position is beyond the pale: the United Defendants believe that they should be given discretion to commit the crimes of wire fraud and racketeering.

As to the standard of review for the breach of fiduciary duty claims, UHIC and UBH rely on a Ninth Circuit case, *Tibble v. Edison International*, that was overruled by the Supreme Court, remanded to back to the Ninth Circuit, and heard *en banc*. The final opinion reaffirmed that, under the ERISA statutes, the reasonably prudent standard applies. See ERISA §404, 29 U.S.C. §1104.

For its part, Multiplan did not join in UHIC and UBH's fanciful interpretation of *Tibble* and did not challenge the application of the reasonably prudent person standard to the breach of fiduciary duty causes of action. Instead, it joined the United Defendants' attempts to minimize its role in the mental health substance abuse claims repricing scheme at issue in this action.

As discussed below, these attempts fail, on multiple bases. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ This is a substantial concession that impacts not only the standard of review analysis, but the entire case. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ To the extent the Court feels further evidence on this subject is necessary to determine the standard of review, Plaintiffs' request leave under Rule 56(d) to conduct discovery.

Such discovery should not be necessary, however, because the evidence submitted so far belies Defendants' attempts to downplay Multiplan's repricing authority and discretion. Defendants do not

1

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFFS'**        Case No. 4:20-cv-02254-YGR
**MOTION FOR SUMMARY ADJUDICATION ESTABLISHING**
**THE STANDARD OF REVIEW AS *DE NOVO***

challenge that Viant holds itself out to plan participants as the Patient Review Advocate. 

 They even provide a telephone number for Viant.

United is nowhere to be found in this repricing process. Indeed, as set forth by a provider billing manager (in a Declaration filed concurrently with this Reply), United directs all challenges or appeals concerning a Vianted claim right back to Viant. For repricing, all roads lead to Viant.

The same is evidenced from United's own internal claim records. Once again, United is nowhere to be found. In fact, the United Defendants failed to produce one document showing any involvement in the repricing process, whether initially or on appeal. Once a claim is sent to Viant for repricing, it stays with Viant.

For all these reasons, the standard of review for Plaintiffs' claims for benefits is *de novo*.

## II. THE PERTINENT PLAN LANGUAGE DOES NOT CLEARLY OR UNAMBIGUOUSLY CONFER DISCRETION ON UHIC OR UBH

### A. Defendants' Attempt to Include Unlimited United Health Group Subsidiaries and Affiliates in a Discretionary Clause Through Deliberately Ambiguous Terminology Fails under ERISA

The United defendants in this action are United Behavioral Health (UBH) and United Healthcare Insurance Company (UHIC). UBH and UHIC are the defendants because they were the United entities involved in handling and adjudicating the substance use treatment claims at issue in this action. As they have done many times before, UBH and UHIC attempt to convert a grant of discretion to a single United entity into a grant to the vast world of any and all "United-affiliated" entities. Such a delegation is the opposite of the clear and unambiguous standard required under ERISA.

This is not the first time a United entity has tried to impermissibly broaden the scope of a discretionary grant. Previously, before this Court and others, United has contended that a grant of discretion authority to one United entity encompasses *all* United entities. This purported grant exists, according to United, even when the entity is not named or identified in the plan documents, either as a principal or as a delegee. This grant also exists when the Plan contains no discretionary grant. In such situations, United relies on language in a confidential administrative services agreement between the

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION ESTABLISHING THE STANDARD OF REVIEW AS *DE NOVO***  Case No. 4:20-cv-02254-YGR

Plan sponsor and either that United entity, which contains vague references that other "United affiliates" can "perform services."

Courts have repeatedly rejected this argument. *See Andrew C. v. Oracle America Inc. Flexible Benefit Plan*, *et al.* 474 F.Supp.3d 1066, 1068 (N.D. Cal. Jul. 27, 2020 YGR) (applying *de novo* review where similar arguments were advanced by UHIC as claims administrator). In another action, *Steven M. v. United Behavioral Health*, 2021 WL 1238302 (N.D. Cal. Apr. 2, 2021 PJH) the court rejected similar arguments from UBH, and held the *de novo* standard of review would govern the claims in question. That court held that "[t]he ASA's allowance for one of the United Healthcare entities to utilize its affiliates to perform services on its behalf does not amount to a clear and unambiguous delegation of discretionary authority to this defendant." *Id.* at *2. It also noted that "delegation is not clear and unambiguous where the delegation can only be discerned through careful assessment of at least two confidential documents [the ASA and Behavioral Health Services Agreement] withheld from plan participants." *Id.*

Here, UHIC and UBH have do not even pretend there is a delegation of discretionary authority on down the United line, that encompasses these United Defendants, much less Multiplan or Viant. Instead, they now contend that the authority to delegate set forth in the governing Plans is "deliberately broad." This does not come close to meeting the clear and unambiguous requirement.

The United Defendants' position is that deferential review is proper because the Apple and Tesla plans clearly and unambiguously delegated discretion not to them, but to the entity referred to as "UHC." Yet not only is UHC is not a party to this action, UHC made no decisions on Plaintiffs' claims payments or benefit amounts. In fact, to the extent this particular acronym has not been defined in either Defendants' opposition papers or the Apple Plan, UHC does not exist.

### B. The Tesla Plan Defines "UnitedHealthcare" as United Healthcare, Inc. While the Apple Plan Does not Define "UnitedHealthcare" at all

The Tesla Plan, as Defendants themselves admit, defines "UnitedHealthcare" as "United Healthcare, Inc., on behalf of itself and its affiliated companies." Dkt. 106, Opp. at 6:6. But United Healthcare, Inc., did not make any decisions – pricing or otherwise – on Plaintiffs' claims. The EOBs

the United Defendants attach fail to establish that United, rather than Multiplan, made the decisions on Plaintiffs' claims. Instead, they were sent by "United Healthcare Services, Inc." See Sigler Decl. Exhs. D, F, H, J, L. Here again, UHC is nowhere to be found.

Recognizing their problem, the United Defendants contend that the term "UnitedHealthcare" in the Plans is "deliberately broad." Deliberately ambiguous is the better characterization, and such vague grants of discretion are neither clear nor unambiguous. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999)(*en banc*). It is the administrator's burden to show that the plan clearly and unambiguously gives it discretionary authority in order to receive judicial deference to its decision. *Id.* at 1089. ERISA ambiguities are construed in favor of the insured. *Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991, 994 (9th Cir. 2000) Defendants' use of this catchall undefined acronym of "UHC" is a deliberate attempt to obfuscate and confuse the Court, not to mention plan participants.

United Health Group is the largest insurance company in the world. It has well over 500 subsidiaries.[1] Dozens of these subsidiaries are named or do business as "UnitedHealthcare" or some variant thereof.[2] The position that a grant of discretion to one United-affiliated entity creates a grant of discretion to every United entity would, if accepted, give deferential treatment to the most attenuated United relationship . Such a construction would swallow the rule whole, and is contradicted by abundant case law.

### C. The Apple Plan does not delegate discretionary authority from the plan administrator to the claims administrator

The proffered discretionary grant in the Apple plan is even worse that in the Tesla plan. *Compare* Tesla Plan Sigler Decl. Exh. C at UBH000640 ("Tesla has **delegated** to UnitedHealthcare the **discretion and authority** to decide whether a treatment or supply is a covered Health Service and how the Eligible Expenses will be determined and otherwise covered under the Plan) *with* Apple Plan Sigler Decl. Exh. M at UBH000035 ("UnitedHealthcare (UHC) administers the Apple Saver PPO plan

---

[1] See Exhibit 21.1 to UnitedHealth Group Incorporated's 2021 SEC 10-K filing, listing its subsidiaries as of December 31, 2020, available at
https://www.sec.gov/Archives/edgar/data/731766/000073176621000013/unhex21112312020.htm
Last accessed 11/3/2021.

[2] Id.

4

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFFS'**  Case No. 4:20-cv-02254-YGR
**MOTION FOR SUMMARY ADJUDICATION ESTABLISHING**
**THE STANDARD OF REVIEW AS** *DE NOVO*

and **determines** what is a Covered Health Service and how Eligible Expenses will be covered")(emphases added). Courts have repeatedly rejected that language stating that a claim administrator "decides" or "determines" is sufficient to establish an abuse of discretion standard of review. *See Sandy v. Reliance Standard Life Ins. Co.*, 222 F.3d 1202, 1207 (9th Cir. 2000) (holding plan language requiring claimant to submit "satisfactory proof" to claim administrator for "full and fair review" before claim administrator renders "final decision" does not confer discretion); *See also Stephanie C. v. Blue Cross Blue Shield of Massachusetts, HMO Blue, Inc.*, 813 F.3d 420, 428 (1st Cir. 2016) (holding plan language stating claim administrator "decides" which health care services will be covered "falls well short of what is needed for a clear grant of discretionary authority.")

The Apple Plan reserves "sole and absolute" discretionary authority to construe and interpret the plan to the plan administrator (or its delegate). Spielman Decl. Exh. A at UBH000307-308; Exh. B at UBH000906. For benefit programs other than health care, the plan administrator does delegate discretionary authority to the claims administrator. The short-term disability program is one example. It states that "Sedgwick . . . has been delegated discretionary authority to determine if you are eligible for disability benefits . . . ." Id. at UBH000142; UBH000743-44. This language does satisfy the clear and unambiguous requirement for a discretionary grant. Apple thus knows how to include a proper grant, if it chooses to do so.

As to health care, it does not do so. The clauses Defendants identify to support their position that the Apple Plan delegates discretion to United do not contain the word "discretion" or similar language. See Dkt. 105 at 4:10-13 and 4:20-23. ERISA requires far clearer language in conferring discretion in claim administrators than the provisions found in the Apple and Tesla Plans.

Even assuming that the Apple plan had identified a specific United entity as claims administrator, the language cited by Defendants falls far short of a clear and unambiguous grant from the plan administrator to UHIC or UBH as the claims administrators. Indeed, as the Ninth Circuit has repeatedly stated

> If an insurance company seeking to sell and administer an ERISA plan wants to have discretion in making claims decisions, it should say so. It is not difficult to write 'The plan administrator has discretionary authority to grant or deny benefits under the plan.' . . . [I]t is easy enough to confer

5

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION ESTABLISHING THE STANDARD OF REVIEW AS *DE NOVO*

Case No. 4:20-cv-02254-YGR

discretion unambiguously if plan sponsors, administrators, or fiduciaries
want benefits decisions to be reviewed for abuse of discretion.

*Feibusch v. Integrated Device Technology Inc. Employee Ben. Plan*, 463 F.3d 880, 883-84 (9th Cir. 2006) *quoting Ingram v. Martin Marietta Long Term Disability Income Plan*, 244 F.3d 1109, 1113-14 (9th Cir. 2001).

### D. The Apple and Tesla Plans Do Not Authorize "UnitedHealthcare" To Designate Another Entity as Fiduciary

*Shane v. Albertsons, Inc.,* 504 F.3d 1166 (9th Cir. 2007) and *Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279 (9th Cir. 1990) reflect controlling Ninth Circuit law. For a named fiduciary to transfer its discretionary authority there must be an *express* provision in an ERISA plan conferring the right to delegate its discretionary authority. This is only the first step: once vested with the authority to delegate, that authority must be exercised.

ERISA explicitly states that a party not named in the plan may only be vested with discretionary authority "pursuant to a procedure specified in the plan." ERISA § 402(a)(2), 29 U.S.C. § 1102(a)(2). Pursuant to 29 U.S.C. § 1105, a plan administrator may delegate its fiduciary duties to a third party *if* the plan provides a clear process for such delegation.

ERISA § 405(c)(1); 29 U.S.C. § 1105(c)(1) states in pertinent part:

> The instrument under which a plan is maintained may *expressly provide* for procedures (A) for allocating fiduciary responsibilities (other than trustee responsibilities) among named fiduciaries, and (B) for named fiduciaries to *designate persons other than named fiduciaries* to carry out fiduciary responsibilities.

ERISA § 405(c)(1), 29 U.S.C. § 1105(c)(1). In other words, a court must first determine whether the Plan document even permits the holder of discretionary authority to give that authority to another person or entity. Only if the Plan does permit – or contemplate – such a delegation of authority, does the court turn to the second step of the analysis to evaluate whether there is evidence of actual delegation.

Defendants bear the burden of demonstrating to this Court that the Plan (a) contains a proper grant of discretionary authority to the Plan Administrator; (b) gave the Plan Administrator a proper

grant of authority to delegate its own discretionary authority to a third-party; (c) that the Plan Administrator did, clearly, expressly, and unambiguously, delegate its discretionary authority to a third-party; and (d) that the third-party to whom discretionary authority was <u>delegated</u> properly exercised such authority. Unless all four of these conditions are met, the decision in this action, must be reviewed *de novo*.

To the extent Defendants may contend that an as-yet-unidentified corporate entity knowns as UnitedHealthcare somehow sub-delegated its discretionary authority to UHIC and/or UBH, under ERISA and the terms of the Plan, UnitedHealthcare was neither authorized to, nor did it in fact attempt, to delegate discretionary authority to UHIC or UBH.

Defendants have pointed to nothing in the Plans authorizing "UnitedHealthcare" to delegate its discretionary authority to UHIC, UBH, or any other United entity or affiliate. With no authorization to delegate, no procedure for doing so, and no evidence that this procedure was followed, there is no evidence that UHIC or UBH received or were acting within the scope of any delegated discretion.

## III. VIANT, NOT UNITED, DOES ALL PRICING, RE-PRICING, AND APPEALS

### A. Multiplan Reprices Claims Unilaterally With No Involvement From UHIC or UBH

[redacted] (Exhibit F to the Declaration of Katie J. Spielman, Dkt. 98-8). Defendants, in their respective Oppositions, appear to have decided that their best strategy is to downplay the importance of this Agreement, and of Multiplan's role in the alleged claims underpricing scheme. [redacted]

7

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFFS'  
MOTION FOR SUMMARY ADJUDICATION ESTABLISHING  
THE STANDARD OF REVIEW AS *DE NOVO*

Case No. 4:20-cv-02254-YGR

[REDACTED]

[REDACTED]

It is also undisputed that no discretionary grant exists as to Multiplan, or its subsidiary, Viant. Absent such a discretionary grant, the undisputed facts as they relate to Multiplan, UHC and UBH, [REDACTED] should be more than adequate to conclude that the standard of review for Plaintiffs' ERISA §502(a)(1)(B) (29 U.S.C. §1132(a)(1)(B) claims for benefits is *de novo*.

[REDACTED]

[REDACTED] This interpretation strains credulity. As discovery will show, Multiplan is compensated to the tune of millions, if not hundreds of millions, of dollars, for its repricing activities. Not bad for a mere repricing advisor. [REDACTED]

[REDACTED] Under Rule 56(d), Plaintiffs request leave to conduct discovery on this issue. This should not be necessary, however, as Defendants attempt to minimize Multiplan's role is belied by the evidence before the Court.

UHIC and UBH also go to great lengths to obfuscate their own lack of participation. [REDACTED]

### B. UHIC and UBH's Proffered Evidence Establishes that Multiplan, through Viant, is Solely and Exclusively In Charge of Repricing Claims

[REDACTED]

8

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFFS'**　　　　　Case No. 4:20-cv-02254-YGR
**MOTION FOR SUMMARY ADJUDICATION ESTABLISHING**
**THE STANDARD OF REVIEW AS *DE NOVO***

[REDACTED]

(Dkt. 105-12, 105-16, 105-20, 105-24, 105-28). Notably, United is not part of the process.

[REDACTED]

### C. Viant Decides All Appeals of Repriced, Vianted, Claims

[REDACTED] (See *Id.*)

The declaration of Cyrena Franco ("Franco Decl."), confirms Viant's—not United's—exclusive role as claims repricer, claims negotiator, and the entity empowered to decide appeals. Cyrena Franco is the Senior Auditor and has handled dozens of individual claims priced by Multiplan / Viant at Summit Estate Recovery Center ("Summit Estate") over the past seven years. (Franco Decl. ¶¶ 2, 3). For every claim at issue, Ms. Franco first contacted United and was then told that Viant, not United, had processed the claims. (Franco Decl. ¶¶ 9, 11.) When asked to speak to a United supervisor, she was then transferred directly to a Multiplan/Viant representative. (Franco Decl. ¶¶ 12, 13).

9

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFFS'     Case No. 4:20-cv-02254-YGR
MOTION FOR SUMMARY ADJUDICATION ESTABLISHING
THE STANDARD OF REVIEW AS *DE NOVO*

When Ms. Franco requested that the claims be returned to United, this never happened in her seven years of experience handling claims priced by Viant. (Franco Decl. ¶ 14.) When Ms. Franco contacted United to request that they reconsider Viant's processing, she was told by United representatives "that the decision made by Viant was final and would not be reconsidered or reprocessed by United." (Franco Decl., ¶ 17). In Ms. Franco's vast experience handling claims priced by Viant, "United has never changed the payment amount of claims priced by Viant" and the "only entity that has negotiated claim pricing with me for the underpaid, repriced claims at issue in this lawsuit is Viant and not United." (Franco Decl., ¶¶ 18, 20).

Any time a provider calls United to challenge a re-priced, "Vianted" underpayment, they are told by United that United does not handle anything regarding repricing and they are told in no uncertain terms that Viant is the entity to speak with.

This evidence further points to Viant as the entity that decides all appeals. Once again, and despite Defendants' suggestions to the contrary, once a claims is sent to Viant for repricing, neither UHIC nor UBH engage in any further claims payment decisionmaking.

████████████████████████████████████████
████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████ A sampling of this tranche of internal United records is attached as Exhibit A to the Declaration of David M. Lilienstein[3], filed concurrently with this Reply.

These internal notes appear to be different versions of the same boilerplate language. █
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

---

[3] All future references to Exhibit A are to the exhibit attached to the Declaration of David M. Lilienstein filed with this Reply.

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFFS'**      Case No. 4:20-cv-02254-YGR
**MOTION FOR SUMMARY ADJUDICATION ESTABLISHING**
**THE STANDARD OF REVIEW AS** ***DE NOVO***

[REDACTED]

(Exhibit A – UHC 2282). [REDACTED]

[REDACTED]

Another notable deferral to Viant's repricing is found in a United email, which states it

[REDACTED]

---

[4] The extent to which Viant's repricing falls substantially below anything that could be considered reasonable in the subject's geographic market, and the profits generated by this repricing, are the subjects of ongoing discovery. To the extent the court deems it appropriate, in the event the court does not have enough evidence to rule in favor of a de novo standard of review, Plaintiffs, plaintiffs request leave under FRCP 56(d) to complete discovery regarding this repricing scheme and the alleged misrepresentations of regional market rates, and then to supplement this briefing.

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFFS'  
MOTION FOR SUMMARY ADJUDICATION ESTABLISHING  
THE STANDARD OF REVIEW AS *DE NOVO*

Case No. 4:20-cv-02254-YGR

(Exhibit A – UHC 3265).[5] At best, United staff conduct a search to see what action Viant has taken on a claim.

Thus, here again, all roads lead to Viant, not United. At best United confirms Viant's claim repricing, and then directs questions back to Viant. This is precisely what Plaintiffs have alleged throughout this case – that United does not determine the amount to pay on claims, that "all claim payment amounts are determined by Viant". Plaintiffs contend that these documents alone are determinative that an entity with no grant of discretionary authority is determining how much to pay on claims. Since the parties concede that Viant has no discretionary authority, the standard of review can only be *de novo*.

### IV. UHIC AND UBH'S SIGNIFICANT FINANCIAL CONFLICT OF INTEREST IN THE "REPRICING" OF OUT-OF-NETWORK CLAIMS COMPELS *DE NOVO* REVIEW, OR AT THE VERY LEAST THAT A DEFERENTIAL REVIEW BE TEMPERED BY HEIGHTENED SKEPTICISM

The ERISA statute does not set forth a standard of review, but, since ERISA "abounds with the language and terminology of trust law," Federal courts have been "guided by principles of trust law" in determining the appropriate standard of review. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 110-111 (1989) Drawing from trust principles, the Supreme Court and the Ninth Circuit have held that when a fiduciary that would otherwise be afforded discretion by the terms of a plan operates under a conflict of interest, the conflict must be weighed as a factor in an abuse of discretion review. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 966 (9th Cir. 2006) "Key factors in determining whether or not a trustee has abused discretion include 'the motives of the trustee in exercising or refraining from exercising [a power granted to the trustee]; [and] the existence or nonexistence of an interest in the trustee conflicting with that of the benefiaciries.'" *Id. quoting* the Restatement (Second) of Trusts § 187 cmt. d. (1959). *Abatie* directs that a reviewing court "when faced with all the circumstances, must decide in each case how much or how little to credit the plan administrator's reason for denying insurance coverage. An egregious conflict may weigh more heavily (that is, may cause the court to find an abuse of

---

[5] An internal email regarding this member's first level appeal contains nearly identical deferential language and is attached to Exhibit A – UHC 3268

12

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFFS'            Case No. 4:20-cv-02254-YGR
MOTION FOR SUMMARY ADJUDICATION ESTABLISHING
THE STANDARD OF REVIEW AS *DE NOVO*

discretion more readily) than a minor, technical conflict might." *Id.* at 968. Where there is evidence of malice and self-dealing, as here, the conflict will weigh more heavily. *Id.* The lack of a structural conflict does not preclude the finding of a conflict of interest – factors that raise the possibility of a structural conflict relate to many forms of financial incentives to deny or reduce claims. *See Demer v. IBM Corporation LTD Plan*, 835 F.3d 893, 901 (9th Cir. 2016)

Here, the goal, purpose, and object of Defendants' claim repricing scheme is self-dealing. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ See Pltfs.' Mot. Dkt. 98 at 8:23-27. In the face of such a blatant and egregious conflict, any discretionary review of Defendants' determinations must be tempered with skepticism to the vanishing point.

## V. THE REASONABLY PRUDENT MAN STANDARD APPLIES TO PLAINTIFFS' CLAIMS FOR BREACH OF FIDUCIARY DUTY, ERISA 29 U.S.C. § 1132(A)(3), 29 U.S.C. § 1104(A)

The proper standard of review for a breach of fiduciary duty cause of action is the prudent man standard. Multiplan does not contest this standard. Instead, MultiPlan downplays its role in the alleged scheme to support the position that the standard of review in Plaintiffs' ERISA § 502 (29 U.S.C. §1132(a)(1)(B)) cause of action should be for abuse of discretion.

UHIC and UBH do contest the breach of fiduciary duty standard of review, even though these entities were silent when Plaintiffs met and conferred with them prior to filing their motion to confirm this standard of review. Only now do UHIC and UBH contest the applicability of the prudent man standard to Plaintiffs' breach of fiduciary claims.

UBH and UHIC, having changed their position, now contend that the abuse of discretion standard applies, despite the plain language of ERISA §404, 29 U.S.C. §1104. That section, §404(a) is titled "Prudent Man Standard of Care." *Id.* In a passage that goes to the heart of this entire action, it makes clear that plan fiduciaries "shall discharge their duties . . . for the exclusive purpose of . . . providing benefits to participants . . . ." ERISA §404(a). The section further states that plan

fiduciaries must act "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man would use in the conduct of an enterprise of a like character and with like aims . . . ." ERISA §404(A)(1)(b). The United Defendants do not contest their fiduciary status, and this Court previously determined Multiplan / Viant's fiduciary status. Since this action concerns the provision of benefits to plan participants, §404 confirms the applicability of the prudent man standard. See also, *Donovan v. Mazzola*, 716 F.2d 1226 (9th Cir. 1983).

The United Defendants seek to bypass the edicts of Section 404 by reframing this action as solely an issue of plan interpretation, and rely entirely on the first iteration of *Tibble v. Edison Int'l.*, 729 F.3d 1110 (9th Cir. 2013). However, not only was this *Tibble* opinion overruled by the Supreme Court, it was remanded back to the Ninth Circuit, which heard the case *en banc*. See *Tibble v. Edison Int'l.*, 135 S. Ct. 1823 (2015); *Tibble v. Edison Int'l.*, 843 F.3d 1187 (9th Cir. 2016). There, the Ninth Circuit noted that the "Supreme Court tasked us with resolving the scope of Edison's fiduciary duty. . . ." 843 F.3d at p. 1197 (internal quotation omitted). Unlike herein, the *Tibble* action involved pension plan administrative costs, and whether Edison has imprudently passed on certain costs to its employees. The final opinion makes no reference to a discretionary standard of review. The word discretion never made it into this opinion. Instead, the Ninth Circuit, taking its cue from the Supreme Court, reaffirmed longstanding ERISA law that "[i]n fulfilling his duties, a trustee is held to 'the prudent investor rule,' which requires that he 'invest and manage trust assets as a prudent investor would'; that is, by 'exercising reasonable care, skill, and caution . . . .'" *Id*. The same standard of prudence is at issue herein. Thus, the last and final iteration of *Tibble* confirms that the proper standard of review to evaluate this issue, as set forth under ERISA, is the prudent man standard.

## VI. ERISA STANDARD OF REVIEW ANALYSIS HAS NO BEARING ON THE EVIDENTIARY STANDARD APPLICABLE TO THE RICO CAUSES OF ACTION

Defendants' position that an abuse of discretion standard should apply to the racketeering activity alleged by Plaintiffs is unsupported by the applicable law. Racketeering activity is any act indictable under 18 U.S.C. § 1961 and includes the predicate acts alleged in this case of mail fraud and wire fraud under 18 U.S.C. §§ 1341 and 1343. *Id*. This Court previously ruled that Plaintiffs had

14

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION ESTABLISHING THE STANDARD OF REVIEW AS *DE NOVO*

Case No. 4:20-cv-02254-YGR

sufficiently pled their RICO and RICO conspiracy allegations. Defendants' argument asks the Court to apply an abuse of discretion standard as to whether United was granted the discretion to commit a criminal, indictable, act. This position is absurd on its face. Defendants ask the Court to accept that the plan documents grant them discretion to commit indictable, criminal acts. The application of a standard of review imported from ERISA has no bearing on the RICO actions. RICO actions, unlike ERISA, are not quasi-administrative appeals subject to a standard of review. Instead, Plaintiffs have the burden of showing that Defendants committed the alleged acts by a showing of the preponderance of the evidence at trial. *See, for example, NMB Air Operations Corp. v. McEvoy*, 194 F.3d 1317 (9th Cir. 1999). This is the evidentiary standard that will govern Plaintiffs' RICO claims.

## VII. CONCLUSION

Plaintiffs respectfully request that the Court apply the *de novo* standard of review to the repricing of their behavioral health claims in this ERISA matter. The operative Plans do not delegate discretionary authority to Multiplan, the entity that determined the reimbursement amounts for Plaintiffs' claims. Additionally, even if the pricing determinations were made by a United entity, the Apple Plan does not delegate discretion to any United entity to set reimbursement amounts, and neither the Apple nor the Tesla Plan clearly and unambiguously delegate discretionary authority to UHIC or UBH. Finally, Defendants' financial conflict of interest requires a *de novo* review.

In the alternative, should the court find that a deferential standard of review applies, Plaintiffs ask that the court temper its review with heightened skepticism in light of the United Defendants' financial conflict of interest when repricing claims pursuant to its scheme with Multiplan, whereby it not only avoids losses, but earns significant profits for each claim it reprices in violation of the plan terms.

Dated: November 3, 2021          Respectfully submitted,

**ARNALL GOLDEN GREGORY, LLP**

By: /S/ *Matthew M. Lavin*
Matthew M. Lavin
Aaron Modiano

**DL LAW GROUP**

By: /S/ *Katie Spielman*
David M. Lilienstein
Katie J. Spielman

Attorneys for Plaintiffs