# EXHIBIT A

MATTHEW M. LAVIN (*pro hac vice*)
  mlavin@napolilaw.com
AARON R. MODIANO (*pro hac vice*)
  amodiano@napolilaw.com
NAPOLI SHKOLNIK, PLLC
1750 Tysons Boulevard, Suite 1500
McLean, VA  22102
Telephone: 212.397.1000
Facsimile: 646.843.7603

DAVID M. LILIENSTEIN, SBN 218923
  david@dllawgroup.com
KATIE J. SPIELMAN, SBN 252209
  katie@dllawgroup.com
DL LAW GROUP
345 Franklin Street
San Francisco, CA 94102
Telephone: 415. 678.5050
Facsimile: 415.358.8484

Attorneys for PLAINTIFFS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| LD, DB, BW, RH and CJ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN, INC., a New York corporation,<br><br>Defendants. | CASE NO. 4:20-cv-02254<br><br>**RULE 26(A)(1) INITIAL DISCLOSURES ON BEHALF OF PLAINTIFFS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Complaint filed: April 2, 2020 |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs, LD, *et al.*, hereby submits their Initial Disclosures. This case is in its early stages, and these disclosures are based upon information reasonably available to Plaintiffs at the present time. These disclosures are provided without waiver of the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or doctrine. Plaintiffs reserve the right to object to the production and/or introduction into evidence of any document or evidence within the categories described herein or testimony by any of the disclosed witnesses on the basis of privilege, relevance, or otherwise, as appropriate. Plaintiffs also reserve the right to add to, or amend, these disclosures as appropriate and necessary.

**A.     Individuals Likely To Have Discoverable Information.**

Pursuant to Rule 26(a)(1)(A)(i), and based on the information reasonably available to Plaintiffs at the present time, Plaintiffs hereby disclose, upon information and belief, the following individuals likely to have discoverable information — along with the subject of that information — that Plaintiffs may use to support their claims, other than solely for impeachment:

1. *Individuals Associated with Plaintiffs*
   a. Plaintiffs
   b. Any and all experts identified by Plaintiffs.
   c. Any other individual(s) identified and/or called to testify by Plaintiffs during the course of this litigation.
   d. Representatives from Plaintiffs' treating healthcare providers.
2. *Individuals Related to / Affiliated with MultiPlan*
   a. Any and all experts identified by MultiPlan.
   b. Any and all individual(s) listed by MultiPlan in its Rule 26(a)(1) disclosures.
   c. Any other individual(s) identified and/or called to testify by MultiPlan during the course of this litigation.
3. *Individuals Associated with United*
   a. Any and all experts identified by United.
   b. Any and all individual(s) listed by United in its Rule 26(a)(1) disclosures.

      c. Any other individual(s) identified and/or called to testify by United during the course of this litigation.

4. *Individuals Associated with Third Parties*

      a. Any and all individual(s) needed to authenticate documents.

Plaintiffs expressly reserves the right to call any witnesses as necessary for the purpose of rebuttal and/or impeachment, and to supplement these disclosures as additional information becomes known or is made available through the course of discovery in this litigation.

**B.    Documents, Electronically Stored Information, and Tangible Things.**

Pursuant to Rule 26(a)(1)(A)(ii), and based on the information reasonably available to Plaintiffs at the present time, Plaintiffs hereby provides a description — by category and location — of the following categories of documents, electronically stored information, and tangible things that Plaintiffs may use to support its claims and defenses, other than solely for impeachment:

1. Correspondence and documents sent between Defendants and Plaintiffs.
2. Plaintiffs' employer benefit plans.
3. Communications including phone calls, written correspondence and other materials between Defendants, Plaintiffs and Plaintiffs' healthcare providers.
4. Records related to the care received by Plaintiffs from their treating healthcare providers.
5. Any and all documents produced by Plaintiffs in response to discovery requests from Defendants.
6. Any and all documents otherwise produced and/or identified by MultiPlan, United, or any other party.
7. Relevant documents and other materials identified during discovery, which is ongoing.

In identifying these documents, electronically stored information, and/or tangible things that Plaintiffs may rely upon at trial, Plaintiffs do not concede that any such documents, electronically stored information, and/or tangible things are admissible at trial, and Plaintiffs expressly reserves its right to object to their admissibility at the appropriate time.

**C.    Damages**

Pursuant to Rule 26(a)(1)(A)(iii), Plaintiffs state that they are seeking damages and relief as set forth in their Second Amended Complaint:

1. Certification of the Class and their claims, as set forth in this Complaint, for class treatment;
2. Appointing the Plaintiffs as Class Representatives for the Class;
3. Designating the law firm of Napoli Shkolnik, PLLC, as counsel for the Class;
4. For general, special, restitutionary and compensatory damages in an amount according to proof.
5. For treble damages for those claims arising under the Federal RICO Act;
6. For prejudgment interest on amounts benefits wrongfully withheld.
7. Injunctive and equitable relief enjoining Defendants from the conduct alleged herein and/or other appropriate equitable relief;
8. Declaring that United's payments were improper underpayments,
9. Declaring that United's payment methodologies were and are improper;
10. Ordering payment of benefits in accordance with the Plans;
11. Declaring that MultiPlan's benefit determination and negotiation methodologies are improper;
12. Declaring that United and MultiPlan have engaged in an illegal, prohibited, RICO enterprise;
13. Ordering United to reprocess all underpaid claims using an appropriate methodology;
14. Ordering United and MultiPlan to provide transparency as to the methodology applied in reprocessing claims and that the methodology be approved by the Court;
15. For attorney's fees and costs pursuant to statute;
16. Other and further relief as the Court may deem appropriate, including but not limited to awarding a surcharge, disgorging Defendants unjust enrichments from their wrongful conduct.

1  **D.     Insurance**

2  Pursuant to Rule 26(a)(1)(A)(iv) and based on the information reasonably available to

3  Plaintiffs at the present time: None.

4  Dated: April 23, 2021                                   NAPOLI SHKOLNIK, PLLC

6                                                          By:  /s/ *Matthew M. Lavin*
7                                                                       Matthew M. Lavin

8
9                                                          DL LAW GROUP

10
11                                                         By:  /s/ *David Lilienstein*
                                                                       David Lilienstein
12
13                                                         Attorneys for PLAINTIFFS