Chief Magistrate Judge Joseph C. Spero
San Francisco Courthouse, Courtroom F – 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

      RE:    Supplemental Letter Brief Seeking Discovery Relief in the matter of *LD et al. v. United Behavioral Health Company et al.*: Case No. 4:20-cv-02254-YGR-JCS

Chief Magistrate Judge Spero:

    Pursuant to your Civil Standing Orders, Plaintiffs are seeking the Court's permission to supplement the joint discovery letter submitted to the Court on June 21, 2022 [Dkts. 137, 138]. In light of this Court's recent Order [Dkt. 140], Plaintiffs request that they be permitted to incorporate the following additional matters in the upcoming briefing or that the Court hold a status conference regarding these issues. Lead counsel for the parties have met and conferred in an effort to resolve these matters and have been unable to do so.

*Plaintiffs' Statement*

    Non-expert discovery related to class certification is currently set to conclude on July 15, 2022. (Dkt. No. 130) On the eve of the deposition of Mr. Radames Lopez, a key United witness, set to take place on Monday, June 27, 2022, United initiated the transfer of documents bearing bates numbers UHC000197061 to UHC000205513, over 8,000 pages of documents along with a 100-page privilege log with over 1,200 entries, at 10:58 p.m. edt on Thursday, June 23, 2022. United had previously represented that all custodial records were produced to Plaintiffs, but many of documents from this offending production involve Mr. Lopez and his role in matters central to the disposition of this case. Plaintiffs review of the aforementioned privilege log revealed that hundreds of documents associated with Mr. Lopez were withheld in their entirety and that the log did not include the June 23, 2022 production. These actions are consistent with United's obstructionist discovery practices that have caused Plaintiffs to seek court intervention on many occasions (See Dkts. 94, 117, 120, and 137). Again, at 6:49 p.m. edt on Thursday June 30, 2022, United served another lengthy 118 page privilege log with 1,875 additional privilege claims, most involving individuals who are currently set to be deposed over the next two weeks. Because of the volume of documents withheld, Plaintiffs request that they be permitted to brief this issue to the Court and request *in camera* review of a representative sample of documents from the most recent privilege logs (Plaintiffs suggest 50 documents) so as not to overburden the Court in conducting sufficient review to determine whether United's privilege claims are made in good faith.

    Regarding third-party, plan sponsor Apple, over the past several months the parties have had ongoing meet and confers with Apple's counsel to discuss both the document and deposition subpoenas. Apple has refused to produce *any* responsive documents and has not moved to quash Plaintiffs' subpoenas. Several of the named Plaintiffs were members of Apple's employee benefit plan and well over 100 Apple plan members are members of the putative class. United's reference to "improper service" is one that should have been brought to the Court by Apple in a motion to quash. The allegation of "improper service" is that the subpoena should have been directed to the Apple Inc. Health & Welfare Benefit Plan and not the entity, Apple. Plaintiffs' subpoena, directed

to the Director of Benefits or person with the most knowledge at Apple, Inc. *is* the correct party, as Plaintiffs' subpoena topics make clear, but Plaintiffs are more than willing to issue another subpoena if necessary. Apple, the entity, is the party that entered into an Administrative Services Agreement ("ASA") and subsequent amendments thereto, and the ASA includes Apple's Director of Benefits as a party to be noticed under the relevant provisions of the ASA. As such, Plaintiffs request that briefing be permitted on compelling Apple to appear for deposition or submit to a written deposition.

### *United Defendants' Statement*

Plaintiffs have not identified any ripe "matters" meriting inclusion in the briefing ordered by the Court. The Court already set a briefing schedule for the parties to brief the pending privilege disputes, and any rulings on those issues will be applied to all privilege logs and documents withheld or redacted based on privilege. As always was expected (and repeatedly previewed on multiple meet and confers), the United Defendants have served two additional privilege logs since the original log that was discussed in the previous dispute letter, and the United Defendants agree (and have told Plaintiffs very clearly in the meet and confer this week) that Plaintiffs can address these new logs in the upcoming briefing and that any rulings by the Court will be applied to these logs as well. Likewise, if this Court believes *in camera* review is necessary upon reviewing the briefing, it can decide the scope of that review (and the parties can also address this issue in their brief). There is no additional "issue" with respect to the privilege logs that needs to be addressed in the briefing.

Rather than identify any new issues, Plaintiffs' letter appears to be yet another improper vehicle to make baseless accusations of "obstructionist discovery practices" without any cause to do so. As previously described, the United Defendants have been working tirelessly to complete discovery in compliance with the schedule set by the Court; by way of example, the United Defendants already have substantially completed a massive custodial ESI production, and are now working to close out a relatively small subset of Plaintiffs' several hundred document requests that implicate non-custodial sources and thus are not as relevant to the upcoming depositions (*e.g.*, plan documents for a sample of plans implicated by Plaintiffs' proposed class definition). The United Defendants have also worked cooperatively with Plaintiffs on deposition scheduling; although not mentioned in Plaintiffs' portion of this letter, the United Defendants *voluntarily agreed* to push back the deposition of Radames Lopez, so that Plaintiffs would have time to review the "eleventh hour" supplemental production (which is not nearly as interesting or significant as Plaintiffs suggest, but in any event they now have plenty of time to decide for themselves). It is unclear what Plaintiffs are asking this Court to do that the parties have not already agreed to do.

Plaintiffs' request to add briefing compelling Apple to appear for deposition is also premature. Remarkably, Plaintiffs are asking this Court to reconsider its previous denial of this dispute on June 29 as unripe *without taking any steps to make it ripe*, and indeed, acknowledging that they may need to serve another subpoena to a different entity. Upon receiving this letter from Plaintiffs, the United Defendants checked with Apple's counsel, and they confirmed that they have not heard anything from Plaintiffs since this Court declined to weigh in on the previous dispute. Plaintiffs still have not addressed Apple's detailed written objections

(including improper service) with the central party to those discussions—Apple. Plaintiffs' arguments above regarding service (which Plaintiffs added to this letter shortly before filing) miss the point: Plaintiffs were required to meet and confer on these issues and try to resolve them *before* bringing them to the Court. The United Defendants remain willing to participate in a three-way meet and confer with Plaintiffs and Apple's counsel, but Plaintiffs are again trying to bypass Apple's objections and the meet and confer process. Having failed to take even the most basic steps to resolve their disagreement with Apple, their request for briefing compelling Apple to appear for deposition should be denied.

Dated: July 1, 2022          Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

*/s/ Matthew M. Lavin*
Matthew M. Lavin
Aaron R. Modiano
*Counsel for Plaintiff and the Putative Class*

DL LAW GROUP

*/s/ David M Lilienstein*
David M. Lilienstein
Katie J. Spielman
*Counsel for Plaintiffs and the Putative Class*

GIBSON, DUNN & CRUTCHER LLP

*/s/ Geoffrey Sigler*
Geoffrey Sigler
*Counsel for United Defendants*