Chief Magistrate Judge Joseph C. Spero
San Francisco Courthouse, Courtroom F – 15th Floor
450 Golden Gate Avenue
San Francisco, CA   94102

July 11, 2022

      RE:    Joint Letter Brief Seeking Discovery Relief in the matter of *LD et al. v. United Behavioral Health Company et al.*: Case No. 4:20-cv-02254-YGR-JCS

Chief Magistrate Judge Spero:

    Pursuant to your Civil Standing Orders, the parties are seeking the Court's assistance in the resolution of the discovery dispute set forth below. This letter is submitted pursuant to the Court's July 5, 2022 order [Dkt. 142]. Lead counsel for the Plaintiffs, Apple, and the United defendants met and conferred on July 7, 2020 in an effort to resolve these matters and have been unable to do so.

### *Plaintiffs' Statement*

    Plaintiffs ask the court to compel third party Apple to comply with the subpoena that was served on them May 6, 2022 which Apple has not moved to quash (subpoena and proof of service attached as Exhibit "A") and appear for deposition or submit to a written deposition on the subjects identified in the subpoena. Apple's plan includes at least 118 putative class members and several named Plaintiffs.

    Apple's assertion that Plaintiffs' subpoena is invalid as mileage fees were not included at the time the subpoena was served has several flaws. First, from the subpoena and further discussed at the July 7 meet and confer, Plaintiffs' subpoena seeks to depose either a person or person(s) from Apple with knowledge on the topics identified in Schedule A to the subpoena. At the time the subpoena was served on Apple's registered agent, as counsel for Apple informed Plaintiffs that they were not authorized to accept service, the witness fee of $40 was tendered along with the subpoena. Mileage fees were not included as there was no reasonable means of determining the estimated mileage fee. Apple has multiple locations and Plaintiffs had no knowledge of who Apple would designate for the deposition and where such individuals were located in order to calculate estimated mileage fees. Further undercutting Apple's objection on mileage fees, Apple cashed the $40 witness fee check at some point on or before June 23, 2022, as confirmed by the process server. As Apple received and cashed the check, it is unclear why they now need additional time to research this matter, considering the check could have easily been returned to counsel if Apple truly intended to rely on the position that the lack of mileage fees that could not be reasonably calculated at the time rendered the subpoena invalid. Further, as the Plaintiffs have agreed that any in-person deposition would be remote, no mileage fees are required.

    At the July 7, 2022 meet and confer, consistent with prior correspondence between the parties, the Plaintiffs offered to further tailor the topics, limit the deposition to a total of no more

1

than two hours, provide any documents to be used as exhibits in advance, and to conduct the deposition remotely, or, in the alternative, to provide written deposition questions derived from the narrowed deposition topics (see July 8, 2022 correspondence to Apple attached as exhibit "B"). Apple's timeline claiming Plaintiffs declined to meaningfully engage with Apple to resolve this matter is incorrect and misleading; for example, when Apple suggested that the parties meet and confer on June 21, 2022, Plaintiffs responded within hours offering to meet and confer later that today or as soon as Apple was available to do so. This response is included in Apple's Exhibit "C" yet they represent to the court that Plaintiffs did not respond to their requests. Regardless of the finger pointing and to avoid various representations of who said what when, Plaintiffs memorialized their position and sent it to Apple in writing to avoid confusion or the vagaries of memory.

Further, by offering to have the deposition occur remotely, any technical defects as to mileage fees are moot or have been cured. Many courts have found that such technical defects may be cured. *See*, *for example*, *In re New England Compounding Pharmacy, Inc. Products Liab. Litig.*, 2013 WL 6058483, at *5 (D.Mass. Nov. 13, 2013) (finding that failure to tender the fees does not invalidate the subpoenas); *PHE, Inc. v. Dep't of Justice*, 139 F.R.D. 249, 255 (D.D.C.1991) (finding, "to the extent that the failure to accompany the Rule 45 subpoena ... with a check rendered the subpoenas technically defective, the subsequent tender of the check corrected any deficiency ..."); *Meyer v. Foti*, 720 F.Supp. 1234, 1244 (E.D.La.1989) (recognizing that the subpoena was invalid because no fee was tendered, but concluding that such "technical defect may be cured"). Here, the witness fee was tendered and cashed. Any remaining technical defect as to the mileage fee has been cured.

The information sought by Plaintiffs is well within the scope of discovery permitted under the federal rules of civil procedure. The topics are directly relevant to both Plaintiffs' ERISA claims under § 502(a)(3) and Plaintiffs' RICO claims. Plaintiffs' are entitled to conduct discovery as to these claims within the scope permitted under the federal rules of civil procedure. Plaintiffs have provided narrowly tailored topics and agreed to limit the deposition to no more than two hours to minimize the burden on Apple.

Apple's reference to their objections *are* addressed in the narrowed topics Plaintiffs provided to Apple. Plaintiffs seek to depose Apple on topics that are well within the scope of discovery under Rule 26 and concerning matters that are within their knowledge. In this way, the cases cited by Apple are readily distinguished. Unlike *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003) cited by Apple, Plaintiffs have provided narrowed topics, agreed to limit the deposition to two hours, and are not seeking to compel the production of documents at the deposition. *Jones v. Raymond Corp.*, 2022 WL 1304025 (N.D. Cal. May 2, 2022) involves a party seeking to compel a deposition after the close of expert discovery and after *Daubert* motions had been filed. The situation is not analogous and Plaintiffs have tailored their deposition topics after meeting and conferring with Apple. In not seeking to compel the production of documents at deposition, limiting the topics, and limiting the total deposition time, all of Apple's substantive objections are addressed.

A nonparty seeking to avoid subpoenaed discovery bears the burden of showing why it should not be permitted. *See Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966). Even

in the context of a nonparty deposition, as here, a "strong showing" is required before a party will be denied entirely the right to take that deposition. *Cardinali v. Plusfour, Inc.*, 2018 WL 7502644, *2 (D. Nev. Oct. 9, 2018) (citing, *inter alia*, *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Apple has not made such a showing.

For the reasons asserted, Plaintiffs ask that court find any technical deficiencies, if any, as cured and order Apple to comply with Plaintiffs' subpoena as to the narrowed topics referred to above.

### *Third Party Apple Inc.'s Statement*

Apple Inc. ("Apple") respectfully requests that the Court either hold that Plaintiffs' deposition subpoena that Apple received on May 6, 2022 is invalid and unenforceable or, alternatively, provide the parties and Apple additional time to meet and confer to resolve the dispute regarding the deposition subpoena.

Plaintiffs admit they attempted to serve a subpoena for an in-person deposition of a "Director of Benefits or Person with the Most Knowledge" on Apple without tendering the required mileage fees, rendering such subpoena unenforceable.[1] Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law"); 28 U.S.C. § 1821 (requiring attendance fee of $40 per day and travel allowance).  As raised in Apple's May 20, 2022 response and objection letter, courts in the Ninth Circuit have repeatedly held that failure to tender estimated mileage at the time of service renders a deposition subpoena invalid and unenforceable, and that the deposition testimony sought by the subpoena cannot be compelled.  *See CF & I Steel Corp. v. Mitsui & Co.* (U.S.A.), 713 F.2d 494, 496 (9th Cir. 1983) ("Rule 45(c) requires **simultaneous** tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena." (emphasis added)); *Lynch v. Burnett,* No. 18CV01677DMSJLB, 2020 WL 5517577, at *1 (S.D. Cal. Sept. 14, 2020) (requiring plaintiff to tender witness fees and mileage fees); *Fujikura Ltd. v. Finisar Corp.,* No. 15MC80110HRLJSC, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) ("A failure to tender fees **at the time of service** invalidates the subpoena and the deposition testimony will not be compelled." (emphasis added)) (citing *Wallis v. Centennial Ins. Co.,* No. 2:08-cv-2558 WBS AC, 2013 WL 434441, at *4 (E.D. Cal. Feb. 1, 2013)).  Plaintiffs rely entirely on out-of-circuit district court cases to raise – for the first time – their position that the deposition subpoena's defective service can be cured without properly serving a new subpoena.[2]  In its May 20, 2022 objection letter, Apple's counsel notified Plaintiffs' counsel that the deposition subpoena was unenforceable as improperly served and provided sufficient information for Plaintiffs to cure those defects (either by serving a deposition subpoena for a remote deposition, a written deposition, or properly serving an in-person deposition subpoena with mileage from Apple's Elk Grove, California office).  Plaintiffs made no attempt to serve a remote deposition or written deposition subpoena on Apple to cure the defective service,

---

[1] Note, at no point did Plaintiffs' counsel seek information needed to ascertain the mileage fees. Plaintiffs' counsel only asked Apple's counsel if they would accept the deposition subpoena on Apple's behalf, effectively waiving service, which Apple declined.

[2] The out-of-circuit cases Plaintiffs cite require that Plaintiffs cure the defect by providing the mileage fee and, while that is not sufficient to cure in the Ninth Circuit, Plaintiffs failed to even do that.

and Apple has not waived the requirement for Plaintiffs to properly serve a deposition subpoena.[3] Plaintiffs' arguments in this joint letter seek to change the in-person deposition subpoena to a remote deposition or written deposition which does not "cure" the defect under Ninth Circuit law. Unless and until Apple agrees to waive its objections to service, the deposition subpoena remains unenforceable. If Plaintiffs wanted to "cure" the defective deposition subpoena, they could have done so at any time by properly serving a deposition subpoena after receiving Apple's May 20, 2022 response and objection letter. Plaintiffs have not done so. Plaintiffs' arguments that Apple has a burden to show the discovery should not be permitted necessarily assumes that a valid deposition subpoena was served. For these reasons, the Plaintiffs' deposition subpoena as written and sent to Apple is unenforceable and Apple cannot be compelled to appear for a deposition.

In addition to the defects in service, Apple raised a number of other objections to the deposition subpoena that Plaintiffs still have not responded to, including, but not limited to, that the information sought should be obtained from Defendants and seeking such information from Apple poses an undue burden and expense on a non-party.[4] *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (upholding grant of non-party's motion to quash where "no attempt had been made to try to tailor the information request to the immediate needs of the case"); *Jones v. Raymond Corp.,* No. 22-MC-80074-JSC, 2022 WL 1304025, at *1 (N.D. Cal. May 2, 2022) (granting motion to quash finding that deposition subpoena is not proportional to the needs of the case when "[p]reparing a witness to respond to the topics and the details Plaintiffs seek would take days, if not weeks, and require investigation into [the subpoenaed company's] national operations."); *Elec. Scripting Prod., Inc. v. HTC Am. Inc.*, No. 17-CV-05806-RS (RMI), 2021 WL 3773607, at *4 (N.D. Cal. Aug. 25, 2021) (granting motion to quash deposition subpoena and issuing protective order when plaintiffs "complain that it asked for this information from [defendants] but was denied, the correct remedy was a motion to compel [this information from defendants], not a campaign to impermissibly saddle a non-party with the unjustified expense and burden of providing discovery that could have been – but was not – secured from a party to the litigation."); *Gonzales v. Google, Inc.,* 234 F.R.D. 674 (N.D. Cal. 2006) (limiting the scope of the third-party subpoena; noting "underlying the protections of Rule 45 is the recognition that 'the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery.'").

Further, to the extent the deposition subpoena seeks information from Apple that is not available from Defendants, such internal communications, records, impressions, and analyses are irrelevant to the claims in, and defenses to, the Third Amended Complaint (Dkt. 91). *Sabre GLBL, Inc. v. Kimpton Hotel & Rest. Grp., LLC,* No. 19-CV-01860-MMC, 2021 WL 1839689, at *3 (N.D. Cal. May 6, 2021) (burden is on party issuing subpoena to demonstrate information sought

---

[3] In this letter, Plaintiffs raise for the first time that Apple cashed the deposition subpoena check for the $40 witness fee. Apple is a large company that uses a third party registered agent to process subpoenas it receives before they are submitted to Apple to review. Apple needs additional time to research whether the $40 witness fee check provided with the deposition subpoena was cashed. But even if it were, it was inadvertent and such funds will be returned to Plaintiffs if Apple is not deposed. Apple timely objected to the deposition subpoena and raised objections, including to service, on May 20, 2022, 14 days after the subpoena was received on May 6, 2022. No mileage fees were included in the check that accompanied the deposition subpoena.

[4] Apple was not required to move for a protective order or to quash the deposition subpoena as the deposition subpoena was improperly served and unenforceable.

is relevant and material to allegations and claims); *Unsworth v. Musk,* No. 19-MC-80224-JSC, 2019 WL 5550060, at *6 (N.D. Cal. Oct. 28, 2019) (citing *Compaq Computer Corp. v. Packard Bell Elec., Inc.,* 163 F.R.D. 329, 335-36 (N.D. Cal. 1995)). Plaintiffs have never responded to Apple's May 20, 2022 response and objection letter, wherein Apple objects to the topics probing Apple's internal communications, records, impressions, and analyses. Nor have they explained why Apple's deposition would be unique, narrowly tailored, or required for this litigation and why the same information cannot be obtained from Defendants.

Even though the deposition subpoena is unenforceable and contains numerous other defects, as described in detail in its May 20, 2022 response and objection letter, Apple has repeatedly offered to meet and confer with Plaintiffs' counsel to resolve these issues. Despite Apple's numerous attempts to meet and confer, Plaintiffs' counsel has failed to meaningfully engage.

- In the May 20, 2022 letter, Apple invited Plaintiffs' counsel to meet and confer within 5 days if they disagreed with its assessment that the deposition subpoena is invalid and unenforceable. Plaintiffs' counsel responded one month later, on June 20, 2022 (a federal holiday), when it informed Apple that it intended – *on that very same day* – to file a joint letter to the Court seeking to compel Apple's deposition.
- The following day, June 21, 2022, Apple reiterated to Plaintiffs' counsel it was willing to meet and confer on these issues. Instead, Plaintiffs' counsel filed a joint letter with the Court, asking to compel Apple's deposition (Dkt. 137).
- On June 22, 2022, Apple again communicated a willingness to meet and confer, and requested that Plaintiffs' counsel respond to Apple's May 20, 2022 responses and objections in writing. However, Plaintiffs' counsel did not respond to Apple. (*see* June 20, 2022 to June 22, 2022 correspondence between Plaintiffs' counsel and Apple's counsel attached as Exhibit "C").
- When the Court denied their request to compel Apple's deposition on June 29, 2022 (Dkt. 140), Plaintiffs submitted a supplemental letter to the Court, dated July 1, 2022 (Dkt. 141), again seeking to compel Apple's deposition and without attempting to meet and confer with (or even notify) Apple. Even worse, in that letter, Plaintiffs misrepresented Apple's position to this Court and falsely asserted the parties and Apple repeatedly conferred on these issues.[5]
- On July 5, 2022, the Court ordered the parties and Apple to meet and confer and submit this joint letter by July 11, 2022 (Dkt. 142). Only then did Plaintiffs – for the first time – schedule a meet and confer call with Apple regarding this deposition subpoena.
- On that July 7, 2022 call, Plaintiffs' counsel made a number of verbal offers to Apple, including allowing Apple to choose between answering a maximum of 10 written deposition questions or designating an Apple witness for a remote deposition that was 2 hours maximum. Plaintiffs' counsel originally agreed to send the written proposal and deposition questions later that day, but instead sent Apple a written offer on Friday, July 8, 2022 that was inconsistent with what they offered Apple verbally and included only proposed deposition topics, not written questions (*see* July 8, 2022 to July 11, 2022 correspondence between Plaintiffs' counsel and Apple's counsel attached as Exhibit "D").

---

[5] Apple and the parties met and conferred regarding a separate document subpoena Plaintiffs issued to Apple, served January 24, 2022, but the parties and Apple resolved that subpoena by having United search for and produce responsive documents. Plaintiffs' counsel has assured Apple they are not seeking to compel document productions from Apple.

- That same day, Apple asked Plaintiffs' counsel in writing to confirm that the verbal terms Plaintiffs offered still apply, but Plaintiffs' counsel responded today, in the afternoon of July 11, 2022, with a vague email that did not confirm the original terms discussed during the meet and confer.

Apple is not willing to reach an agreement with Plaintiffs' counsel until the terms and conditions of that agreement are clear to Apple and all parties, and Apple has had an opportunity to review the proposed written deposition questions, as Plaintiffs originally offered on July 7, 2022.

For these reasons, Apple requests that this Court deny Plaintiffs' request for an order compelling Apple's deposition. Apple requests that this Court either hold that the deposition subpoena Apple received on May 6, 2022 is invalid and unenforceable, or order the parties and Apple to further meet and confer to resolve this dispute. Apple has been and remains willing to meet and confer with Plaintiffs and was interested in the terms Plaintiffs offered verbally on Thursday, July 7, 2022, but now appear to be walking back. Apple and Plaintiffs have not reached any agreement yet and are still negotiating. Plaintiffs have failed to meaningfully engage in meet and confer efforts before raising these issues with the Court.

*United Defendants' Statement*

We do not believe an Apple deposition is necessary, but if Apple agrees and is willing to forgo its objections we will not oppose.

Dated: July 11, 2022                                Respectfully Submitted,

ARNALL GOLDEN GREGORY, LLP

*/s/ Matthew M. Lavin*
Matthew M. Lavin
Aaron R. Modiano
*Counsel for Plaintiffs and the Putative Class*

DL LAW GROUP, PA

*/s/ David Lilienstein*
David Lilienstein
*Counsel for Plaintiffs and the Putative Class*

GIBSON DUNN & CRUTCHER, LLP

*/s/ Geoffrey Sigler*
Geoffrey Sigler
*Counsel for United Defendants*

TRUCKER HUSS APC

*/s/ Clarissa Kang*
Clarissa Kang
*Counsel for Third Party Apple Inc.*