1   LAUREN M. BLAS, SBN 296823
      lblas@gibsondunn.com
2   NICOLE R. MATTHEWS, SBN 328977
      nmatthews@gibsondunn.com
3   GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
4   Los Angeles, CA  90071-3197
    Telephone:  213.229.7000
5   Facsimile:  213.229.7520

6   GEOFFREY SIGLER,(admitted pro hac vice)
      gsigler@gibsondunn.com
7   GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, N.W.
8   Washington, DC  20036-5306
    Telephone:  202.955.8500
9   Facsimile:  202.467.0539

10  Attorneys for Defendant
    UNITED BEHAVIORAL HEALTH and
11  UNITED HEALTHCARE INSURANCE COMPANY

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                   OAKLAND DIVISION

15  LD, DB, BW, RH and CJ, on behalf of          CASE NO. 4:20-cv-02254
    themselves and all others similarly situated,
16                                                **DEFENDANT UNITED BEHAVIORAL
                  Plaintiffs,                     HEALTH'S AND UNITED HEALTHCARE
17                                                INSURANCE COMPANY'S RESPONSES
           v.                                     AND OBJECTIONS TO PLAINTIFF'S
18                                                FOURTH SET OF REQUESTS FOR
    UNITED HEALTHCARE INSURANCE                   PRODUCTION OF DOCUMENTS**
19  COMPANY, a Connecticut Corporation,
    UNITED BEHAVIORAL HEALTH, a
20  California Corporation, and MULTIPLAN
    INC., a New York corporation,
21
                  Defendants.
22

23  PROPOUNDING PARTY:        LD, DB, BW, RH and CJ

24  RESPONDING PARTY:         UNITED BEHAVIORAL HEALTH and UNITED

25                            HEALTHCARE INSURANCE COMPANY

26  SET NUMBER:               Four (4)

27

28

Gibson, Dunn &
Crutcher LLP

## PRELIMINARY STATEMENT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Northern District of California, Defendant United Behavioral Health ("UBH") and United Healthcare Insurance Co. ("UHC") respond to Plaintiffs' Fourth Set of Requests for Production of Documents (the "Requests" and each individual "Request"). Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B).  As discussed with Plaintiffs' counsel on multiple calls, including calls on January 18, 2022 (before these Requests were served) and February 14, 2022 (shortly thereafter), and as the United Defendants again reminded Plaintiffs in email correspondence on February 28, for the United Defendants to search for and produce call records Plaintiffs need to target a reasonable number of calls (*i.e.*, 25 calls) and provide specific information about those calls in Plaintiffs' possession (*i.e.*, date, time, incoming phone number, and CSA identity).  Even though Plaintiffs have represented repeatedly that they would provide this information, they have yet to do so.  Instead, Plaintiffs' Requests are for "phone records" related to 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Additionally, it appears that Plaintiffs have "cherry-picked" particular member/provider combinations, and the Requests are objectionable on this basis as well. As framed, Plaintiffs' Requests are objectionable for all of the reasons stated herein, but the United Defendants remain willing to conduct a reasonable, good faith search if Plaintiffs can reasonably tailor their Requests and provide the necessary information that they previously represented they would provide.  UBH and UHC reserve the right to amend, supplement, and correct its objections or responses as necessary.

## GENERAL OBJECTIONS

1.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent it purports to impose obligations on UBH and UHC greater than or beyond those required under the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Civil Rules of the United

Gibson, Dunn & Crutcher LLP

2

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

States District Court for the Northern District of California ("Local Rules"), or the Parties'

anticipated ESI Protocol.

2.      UBH and UHC objects to each and every Request, Definition, and Instruction as

overly broad to the extent it seeks discovery on merits issues outside the scope of the administrative

record for the claims at issue in this case.  Plaintiffs' case involves claims for benefits under ERISA,

and therefore discovery should generally be limited to the administrative record for the claims at

issue.  *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3.      UBH and UHC object to each and every Request, Definition, and Instruction to the

extent that it seeks information that is exempt from discovery and protected from disclosure by the

attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other

applicable privilege, doctrine, or protection.

4.      UBH and UHC object to each and every Request, Definition, and Instruction as overly

broad to the extent it seeks information not relevant to the claims or defenses of any party, or

information disproportionate to the needs of the case and of such marginal relevance that its probative

value is substantially outweighed by the burden imposed on UBH and UHC in having to search for

and provide such information.

5.      UBH and UHC object to each and every Request, Definition, and Instruction to the

extent that it seeks proprietary or other confidential information.  To the extent any confidential

health information or other sensitive or protected business information is non-privileged and

responsive to the Requests for Production of Documents and not otherwise objectionable, UBH and

UHC will provide such information pursuant to the protections stipulated in the Parties' protective

order and in accordance with such other procedures as the Parties or Court may establish to protect

sensitive or confidential information.  UBH and UHC also reserve the right to redact discrete

categories of especially sensitive information that are not directly relevant to the issues in this case.

6.      UBH and UHC object to each and every Request, Definition, and Instruction to the

extent that the documents requested are already in Plaintiffs' possession or are available to Plaintiffs

from another source that is more convenient, less burdensome, or less expensive.

Gibson, Dunn &
Crutcher LLP

3
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

7.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent it calls for production of documents or electronic information that would be unduly burdensome.

8.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent it calls for production of electronic information that is not reasonably accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore.

9.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it implicates the privacy interests of third parties established by law, contract, or custom. This includes, but is not limited to, information covered by the Health Insurance Portability and Accountability Act, and in particular sensitive health information regarding the mental health and substance abuse conditions and treatments of participants and beneficiaries who are not named Plaintiffs in this case.  To the extent any confidential health information is non-privileged and responsive to the Requests and not otherwise objectionable, UBH and UHC will provide such documents and information pursuant to the Protective Order, and reserves the right to redact identifiers and other patient-specific information as well.

10.     UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it seeks documents outside of UBH's and UHC's possession, custody, and control, including to the extent any Requests seek information from a "United" entity other than UBH and UHC.

11.     Nothing contained herein or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Requests.  By indicating that it will produce non-objectionable, non-privileged responsive documents, UBH and UHC does not make a representation that such documents exist or are in UBH's and UHC's possession, but only that UBH and UHC will conduct the reasonable searches indicated for the documents sought.

12.     UBH and UHC objects to each and every Request, Definition, and Instruction to the extent that it seeks documents outside of the relevant scope of discovery and statute of limitations for this case which is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims.

Gibson, Dunn & Crutcher LLP

4

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

*See Withrow v. Halsey*, 655 F.3d 1032, 1035–36 (9th Cir. 2011); *see also Pincay v. Andrews*, 238 F.3d 1006, 1108 (9th Cir. 2001).  In the event that UBH and UHC agree to produce documents outside of the April 2, 2016 to present timeframe—the governing statute of limitations in this case— such agreement should be deemed limited to that specific Request and is not to be construed as a waiver or admission of any kind.

13.     UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it is overly broad, unduly burdensome, and imposes substantial, unjustifiable, and significant discovery costs and search burdens on UBH and UHC.

14.     Inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery shall not constitute a waiver of any such claim with respect to the disclosed documents or communications or any other documents or communications or of the right of UBH and UHC to object to the use of any such documents or the subject matter thereof during subsequent proceedings.  In the event of inadvertent disclosure of such documents, Plaintiff will return the documents to UBH and UHC and will be precluded from disclosing or relying upon such documents in any way.

15.     All the General Objections contained herein and Objections to Definitions and Instructions are expressly incorporated into each of the responses set forth below.

## OBJECTIONS TO DEFINITIONS

1.     UBH and UHC object to Plaintiffs' definition of "Defendants" on the ground that it is vague and ambiguous.  In particular, Plaintiffs purport to exclude Defendant United Healthcare Insurance Company.  UBH and UHC will respond to these Requests for Production of Documents on behalf of United Behavioral Health and UnitedHealthcare Insurance Company, which are the named defendants in this case.

2.     UBH and UHC object to Plaintiffs' definition of "United" (as well as "You" and "Your") on the ground that it is vague, ambiguous, overly broad and unduly burdensome. In particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition who are not proper parties to this case and not properly subject to discovery.  UBH and UHC will

Gibson, Dunn &
Crutcher LLP

respond to these Requests for Production of Documents on behalf of United Behavioral Health and UnitedHealthcare Insurance Company, which are the named defendants in this case

3.      UBH and UHC object to Plaintiffs' definition of "person" on the ground that it is overly broad and unduly burdensome.  In particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition who are not proper parties to this case and not properly subject to discovery.  UBH and UHC will respond to these Requests for Production of Documents on behalf of United Behavioral Health and UnitedHealthcare Insurance Company, which are the named defendants in this case

4.      UBH and UHC object to Plaintiffs' definition of "document(s)" to the extent that it seeks to impose obligations on UBH and UHC beyond those required by the Federal rules. UBH and UHC further object to this definition to the extent it calls for production of electronic information that is not reasonably accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore. UBH and UHC will use the definition of "documents" set out in Federal Rule 34.

5.      UBH and UHC object to Plaintiffs' definition of "Verification of benefits" and "VOB" to the extent it assumes that benefits were "verified."  UBH and UHC further object that this definition is vague, ambiguous, and overly broad in that it appears to refer to unlimited forms of communication.

6.      UBH and UHC object to Plaintiffs' definition of "Prior authorization" to the extent it assumes that "approval" or "authorization" was obtained.  UBH and UHC further object that this definition is vague, ambiguous, and overly broad in that it appears to refer to unlimited forms of communication.

7.      UBH and UHC object to Plaintiffs' definition of "Utilization review" on the grounds that this definition is vague, ambiguous, and overly broad in that it appears to refer to unlimited forms of communication.

Gibson, Dunn &
Crutcher LLP

6
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

## OBJECTIONS TO INSTRUCTIONS

1.      UBH and UHC object to Plaintiffs' failure to number the Instructions.  For purposes of clarity in responding and objecting to Plaintiffs' Instructions, UBH and UHC have assigned a number to each Instruction based on the Instruction's paragraph break.

2.      UBH and UHC object to Plaintiffs' Instruction 1 to the extent it seeks documents that are exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine or protection.

3.      UBH and UHC object to Plaintiffs' Instruction 2 that Defendants "must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives" to the extent that this Instruction seeks to impose obligations on UBH and UHC beyond those required by the Federal Rules.  UBH and UHC further object to Instruction 2 to the extent it calls for the production of information outside of UBH's and UHC's possession, custody, and control and includes documents that may already be in Plaintiffs' possession or are available to Plaintiffs from another source that is more convenient, less burdensome, or less expensive.

4.      UBH and UHC object to Plaintiffs' Instruction 4 to the extent it requires Defendants to "[i]dentify the portion to which you cannot respond; state the reason for your inability to respond to it; and provide whatever materials you possess regarding that portion."  Where UBH and UHC are unable to fully respond to a request, UBH and UHC will state the reason for its inability to respond, and otherwise reserves the right to meet and confer.

5.      UBH and UHC object to Plaintiffs' Instruction 5 to the extent it purports to confer obligations on UBH and UHC beyond what the Parties have agreed to in their ESI protocol.

6.      UBH and UHC object to Plaintiffs' Instruction 6 to the extent that this Instruction seeks to impose obligations on UBH and UHC beyond those required by the Federal Rules.

7.      UBH and UHC object to Plaintiffs' Instruction 7 that "you should identify the relevant Bates or reference number (or range of numbers) that corresponds" on the ground that such obligation would be unduly burdensome given the broad scope and number of the requests.

Gibson, Dunn &
Crutcher LLP

7
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

8.      UBH and UHC object to Plaintiffs' Instruction 8 that the "time period encompassed by each Request for Production is the same as the time period relevant to the allegations in the Complaint" to the extent that this Instruction includes periods outside the relevant scope of discovery and statute of limitations for this case which, unless otherwise noted in the specific responses below, is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims.  *See Withrow v. Halsey*, 655 F.3d 1032, 1035–36 (9th Cir. 2011); *see also Pincay v. Andrews*, 238 F.3d 1006, 1108 (9th Cir. 2001).

9.      UBH and UHC object to Plaintiffs' Instruction 9 that each request be deemed "continuing in nature" on the ground that such obligation would be unduly burdensome given the broad scope and number of the requests.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Any and all recordings of phone calls between United and THE EDGE TREATMENT CENTER, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00000371574. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 1:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn & Crutcher LLP

8

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 2:**

Any and all recordings of phone calls between United and WESTSIDE TREATMENT, or its representatives, related to the member identified on your claims report production with

Gibson, Dunn & Crutcher LLP

1   MEMBER_ALT_ID 00001314949. This request includes the verification/eligibility of benefits call

2   and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3   calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4   received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 2:**

6          UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

10

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 3:**

Any and all recordings of phone calls between United and SILICON BEACH OP LLC, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00023139900. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 3:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

ground that it seeks information about phone calls not involving Plaintiffs or any putative class

members, and instead seeks information about phone calls by providers (or unidentified

"representatives") even though they are not parties to this case and provider claims previously were

dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

the phone numbers, dates, and other specific information that could be used to search for particular

phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

the data summary produced in this case, and it would not be feasible to search for, review, and

produce this many call recordings, particularly in the remaining time available for discovery under

the schedule in the case.  Furthermore, the member/provider combinations appear to have been

"cherrypicked" based on counsel's relationships with particular treatment centers and/or provider

organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a

manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available

details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore

what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC

remain willing to meet and confer with Plaintiffs on a potential search and production of available

call recordings in the manner previously discussed, as described above.

**REQUEST NO. 4:**

Any and all recordings of phone calls between United and SILICON BEACH OP LLC, or its

representatives, related to the member identified on your claims report production with

Gibson, Dunn &
Crutcher LLP

12

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

MEMBER_ALT_ID 00023139903. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 4:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product. By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name). Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn & Crutcher LLP

13

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 5:**

Any and all recordings of phone calls between United and RECOVERY UNPLUGGED ENCORE, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00049856700. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 5:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn & Crutcher LLP

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 6:**

Any and all recordings of phone calls between United and EMBARK RECOVERY, or its representatives, related to the member identified on your claims report production with

MEMBER_ALT_ID 00611584800. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 6:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

1  the data summary produced in this case, and it would not be feasible to search for, review, and

2  produce this many call recordings, particularly in the remaining time available for discovery under

3  the schedule in the case.  Furthermore, the member/provider combinations appear to have been

4  "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider

5  organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a

6  manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available

7  details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore

8  what can be located and produced relevant to the claims at issue in this case and these Requests.

9       Subject to and without waiving the foregoing general and specific objections, UBH and UHC

10 remain willing to meet and confer with Plaintiffs on a potential search and production of available

11 call recordings in the manner previously discussed, as described above.

12 **REQUEST NO. 7:**

13      Any and all recordings of phone calls between United and OCEAN BREEZE RECOVERY

14 LLC LLC, or its representatives, related to the member identified on your claims report production

15 with MEMBER_ALT_ID 00803377277. This request includes the verification/eligibility of benefits

16 call and all subsequent utilization review, pre-certification or prior authorization calls, as well any

17 other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services

18 they received from this provider in your possession.

19 **RESPONSE TO REQUEST NO. 7:**

20      UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

21 Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

22 ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

23 calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

24 calls about topics other than the reimbursement amount for out-of-network claims for intensive

25 outpatient programs to treat substance abuse for which reimbursement rates were calculated using

26 Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

27 requests not only are objectionable under the Federal Rules, but they are also objectionable under

28 HIPAA for seeking information about irrelevant treatments to putative class members who are not

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name). Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations. Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 8:**

Any and all recordings of phone calls between United and HIGH WATCH RECOVERY CENTER INC, or its representatives, related to the member identified on your claims report

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   production with MEMBER_ALT_ID 00803433562. This request includes the verification/eligibility

2   of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as

3   well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the

4   services they received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 8:**

6       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

19

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 9:**

Any and all recordings of phone calls between United and TRANSFORMATION TREATMENT CENTER INC INC, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00806080045. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 9:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 10:**

Any and all recordings of phone calls between United and OCEAN BREEZE RECOVERY LLC LLC, or its representatives, related to the member identified on your claims report production

1   with MEMBER_ALT_ID 00808361210. This request includes the verification/eligibility of benefits

2   call and all subsequent utilization review, pre-certification or prior authorization calls, as well any

3   other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services

4   they received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 10:**

6          UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

22

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 11:**

Any and all recordings of phone calls between United and SHORELINE RECOVERY CENTER, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00810273004. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 11:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 12:**

Any and all recordings of phone calls between United and PACIFIC RECOVERY SOLUTIONS, or its representatives, related to the member identified on your claims report

Gibson, Dunn &
Crutcher LLP

1   production with MEMBER_ALT_ID 00823248387. This request includes the verification/eligibility

2   of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as

3   well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the

4   services they received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 12:**

6        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

1  the data summary produced in this case, and it would not be feasible to search for, review, and

2  produce this many call recordings, particularly in the remaining time available for discovery under

3  the schedule in the case.  Furthermore, the member/provider combinations appear to have been

4  "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider

5  organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a

6  manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available

7  details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore

8  what can be located and produced relevant to the claims at issue in this case and these Requests.

9  Subject to and without waiving the foregoing general and specific objections, UBH and UHC

10  remain willing to meet and confer with Plaintiffs on a potential search and production of available

11  call recordings in the manner previously discussed, as described above.

12  **REQUEST NO. 13:**

13  Any and all recordings of phone calls between United and ARISE RECOVERY CENTERS

14  OF AMERICA LLC, or its representatives, related to the member identified on your claims report

15  production with MEMBER_ALT_ID 00829849663. This request includes the verification/eligibility

16  of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as

17  well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the

18  services they received from this provider in your possession.

19  **RESPONSE TO REQUEST NO. 13:**

20  UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

21  Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

22  ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

23  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

24  calls about topics other than the reimbursement amount for out-of-network claims for intensive

25  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

26  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

27  requests not only are objectionable under the Federal Rules, but they are also objectionable under

28  HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn &
Crutcher LLP

26
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 14:**

Any and all recordings of phone calls between United and SUMMIT ESTATE RECOVERY CENTER, or its representatives, related to the member identified on your claims report production

with MEMBER_ALT_ID 00831138754. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 14:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

1    the data summary produced in this case, and it would not be feasible to search for, review, and

2    produce this many call recordings, particularly in the remaining time available for discovery under

3    the schedule in the case.  Furthermore, the member/provider combinations appear to have been

4    "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider

5    organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a

6    manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available

7    details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore

8    what can be located and produced relevant to the claims at issue in this case and these Requests.

9         Subject to and without waiving the foregoing general and specific objections, UBH and UHC

10   remain willing to meet and confer with Plaintiffs on a potential search and production of available

11   call recordings in the manner previously discussed, as described above.

12   **REQUEST NO. 15:**

13        Any and all recordings of phone calls between United and SUMMIT AT FLORHAM PARK

14   LLC, or its representatives, related to the member identified on your claims report production with

15   MEMBER_ALT_ID 00836327606. This request includes the verification/eligibility of benefits call

16   and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

17   calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

18   received from this provider in your possession.

19   **RESPONSE TO REQUEST NO. 15:**

20        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

21   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

22   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

23   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

24   calls about topics other than the reimbursement amount for out-of-network claims for intensive

25   outpatient programs to treat substance abuse for which reimbursement rates were calculated using

26   Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

27   requests not only are objectionable under the Federal Rules, but they are also objectionable under

28   HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn &
Crutcher LLP

29

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 16:**

Any and all recordings of phone calls between United and BRIDGING THE GAPS, or its representatives, related to the member identified on your claims report production with

1  MEMBER_ALT_ID 00838324198. This request includes the verification/eligibility of benefits call

2  and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3  calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4  received from this provider in your possession.

5  **RESPONSE TO REQUEST NO. 16:**

6        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7  Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8  ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

31

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 17:**

Any and all recordings of phone calls between United and AUGUSTINE RECOVERY CENTER, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00843472685. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 17:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 18:**

Any and all recordings of phone calls between United and HIGH WATCH RECOVERY CENTER INC, or its representatives, related to the member identified on your claims report

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

production with MEMBER_ALT_ID 00843696068. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 18:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

34

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 19:**

Any and all recordings of phone calls between United and SAGEBRUSH, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00867126787. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 19:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn & Crutcher LLP

35

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 20:**

Any and all recordings of phone calls between United and MONARCH SHORES, or its representatives, related to the member identified on your claims report production with

Gibson, Dunn &
Crutcher LLP

36

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

MEMBER_ALT_ID 00876698069. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 20:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 21:**

Any and all recordings of phone calls between United and AQUILA RECOVERY INC, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00877312318. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 21:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn & Crutcher LLP

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 22:**

Any and all recordings of phone calls between United and 449 RECOVERY INC, or its representatives, related to the member identified on your claims report production with

1  MEMBER_ALT_ID 00900605473. This request includes the verification/eligibility of benefits call

2  and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3  calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4  received from this provider in your possession.

5  **RESPONSE TO REQUEST NO. 22:**

6       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7  Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8  ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 23:**

Any and all recordings of phone calls between United and FOOTPRINTS TO RECOVERY, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00900713556. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 23:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn &
Crutcher LLP

41

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 24:**

Any and all recordings of phone calls between United and SUMMIT ESTATE RECOVERY CENTER, or its representatives, related to the member identified on your claims report production

Gibson, Dunn &
Crutcher LLP

with MEMBER_ALT_ID 00903573655. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 24:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product. By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name). Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 25:**

Any and all recordings of phone calls between United and AQUILA RECOVERY INC, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00906146417. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 25:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn & Crutcher LLP

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 26:**

Any and all recordings of phone calls between United and WESTSIDE TREATMENT, or its representatives, related to the member identified on your claims report production with

1    MEMBER_ALT_ID 00906519368. This request includes the verification/eligibility of benefits call

2    and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3    calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4    received from this provider in your possession.

5    **RESPONSE TO REQUEST NO. 26:**

6          UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7    Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8    ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9    calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10   calls about topics other than the reimbursement amount for out-of-network claims for intensive

11   outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12   Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13   requests not only are objectionable under the Federal Rules, but they are also objectionable under

14   HIPAA for seeking information about irrelevant treatments to putative class members who are not

15   named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16   ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17   members, and instead seeks information about phone calls by providers (or unidentified

18   "representatives") even though they are not parties to this case and provider claims previously were

19   dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20   and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21   certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22   that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23   available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24   provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25   the phone numbers, dates, and other specific information that could be used to search for particular

26   phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27   on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28   member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

46

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 27:**

Any and all recordings of phone calls between United and SUMMIT ESTATE RECOVERY CENTER, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00907326522. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 27:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 28:**

Any and all recordings of phone calls between United and OCEAN BREEZE RECOVERY LLC LLC, or its representatives, related to the member identified on your claims report production

with MEMBER_ALT_ID 00909309712. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 28:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product. By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name). Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

1  the data summary produced in this case, and it would not be feasible to search for, review, and

2  produce this many call recordings, particularly in the remaining time available for discovery under

3  the schedule in the case.  Furthermore, the member/provider combinations appear to have been

4  "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider

5  organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a

6  manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available

7  details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore

8  what can be located and produced relevant to the claims at issue in this case and these Requests.

9       Subject to and without waiving the foregoing general and specific objections, UBH and UHC

10  remain willing to meet and confer with Plaintiffs on a potential search and production of available

11  call recordings in the manner previously discussed, as described above.

12  **REQUEST NO. 29:**

13       Any and all recordings of phone calls between United and MONARCH SHORES, or its

14  representatives, related to the member identified on your claims report production with

15  MEMBER_ALT_ID 00910388432. This request includes the verification/eligibility of benefits call

16  and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

17  calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

18  received from this provider in your possession.

19  **RESPONSE TO REQUEST NO. 29:**

20       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

21  Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

22  ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

23  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

24  calls about topics other than the reimbursement amount for out-of-network claims for intensive

25  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

26  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

27  requests not only are objectionable under the Federal Rules, but they are also objectionable under

28  HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn &
Crutcher LLP

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 30:**

Any and all recordings of phone calls between United and CASA RECOVERY INC, or its representatives, related to the member identified on your claims report production with

1   MEMBER_ALT_ID 00910503370. This request includes the verification/eligibility of benefits call

2   and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3   calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4   received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 30:**

6       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

1   the data summary produced in this case, and it would not be feasible to search for, review, and

2   produce this many call recordings, particularly in the remaining time available for discovery under

3   the schedule in the case.  Furthermore, the member/provider combinations appear to have been

4   "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider

5   organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a

6   manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available

7   details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore

8   what can be located and produced relevant to the claims at issue in this case and these Requests.

9       Subject to and without waiving the foregoing general and specific objections, UBH and UHC

10  remain willing to meet and confer with Plaintiffs on a potential search and production of available

11  call recordings in the manner previously discussed, as described above.

12  **REQUEST NO. 31:**

13      Any and all recordings of phone calls between United and SEA CHANGE STA MONICA

14  LP, or its representatives, related to the member identified on your claims report production with

15  MEMBER_ALT_ID 00913267265. This request includes the verification/eligibility of benefits call

16  and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

17  calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

18  received from this provider in your possession.

19  **RESPONSE TO REQUEST NO. 31:**

20      UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

21  Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

22  ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

23  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

24  calls about topics other than the reimbursement amount for out-of-network claims for intensive

25  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

26  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

27  requests not only are objectionable under the Federal Rules, but they are also objectionable under

28  HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn &
Crutcher LLP

53

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 32:**

Any and all recordings of phone calls between United and BUCKEYE RECOVERY NETWORK LLC, or its representatives, related to the member identified on your claims report

Gibson, Dunn & Crutcher LLP

54

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   production with MEMBER_ALT_ID 00914028074. This request includes the verification/eligibility

2   of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as

3   well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the

4   services they received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 32:**

6          UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

55

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 33:**

Any and all recordings of phone calls between United and AUGUSTINE RECOVERY CENTER, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00914150600. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 33:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 34:**

Any and all recordings of phone calls between United and SUMMIT ESTATE RECOVERY CENTER, or its representatives, related to the member identified on your claims report production

with MEMBER_ALT_ID 00916273392. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 34:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 35:**

Any and all recordings of phone calls between United and ARISE RECOVERY CENTERS OF AMERICA LLC, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00916825497. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 35:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn & Crutcher LLP

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 36:**

Any and all recordings of phone calls between United and PACIFIC RECOVERY SOLUTIONS, or its representatives, related to the member identified on your claims report

Gibson, Dunn & Crutcher LLP

60

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   production with MEMBER_ALT_ID 00919034770. This request includes the verification/eligibility

2   of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as

3   well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the

4   services they received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 36:**

6       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response. UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product. By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization." UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name). Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

61

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 37:**

Any and all recordings of phone calls between United and SUMMIT ESTATE RECOVERY CENTER, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00919776590. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 37:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn &
Crutcher LLP

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 38:**

Any and all recordings of phone calls between United and OMEGA RECOVERY, or its representatives, related to the member identified on your claims report production with

1   MEMBER_ALT_ID 00920103417. This request includes the verification/eligibility of benefits call

2   and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3   calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4   received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 38:**

6        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10   calls about topics other than the reimbursement amount for out-of-network claims for intensive

11   outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12   Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13   requests not only are objectionable under the Federal Rules, but they are also objectionable under

14   HIPAA for seeking information about irrelevant treatments to putative class members who are not

15   named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16   ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17   members, and instead seeks information about phone calls by providers (or unidentified

18   "representatives") even though they are not parties to this case and provider claims previously were

19   dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20   and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21   certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22   that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23   available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24   provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25   the phone numbers, dates, and other specific information that could be used to search for particular

26   phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27   on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28   member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

64

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 39:**

Any and all recordings of phone calls between United and SALS RECOVERY CENTER LLC, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00920195984. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 39:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn &
Crutcher LLP

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 40:**

Any and all recordings of phone calls between United and PATHWAY TO HOPE, or its representatives, related to the member identified on your claims report production with

MEMBER_ALT_ID 00920940449. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 40:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn & Crutcher LLP

67

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 41:**

Any and all recordings of phone calls between United and PCI WEST LAKE CENTER, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00921842279. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 41:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 42:**

Any and all recordings of phone calls between United and PATHWAY TO HOPE, or its representatives, related to the member identified on your claims report production with

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

MEMBER_ALT_ID 00922024974. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 42:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product. By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name). Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn & Crutcher LLP

70

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 43:**

Any and all recordings of phone calls between United and TRANSFORMATION TREATMENT CENTER INC INC, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00924458450. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 43:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn & Crutcher LLP

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 44:**

Any and all recordings of phone calls between United and AQUILA RECOVERY CLINIC, or its representatives, related to the member identified on your claims report production with

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   MEMBER_ALT_ID 00925194151. This request includes the verification/eligibility of benefits call

2   and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3   calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4   received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 44:**

6           UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

Gibson, Dunn &
Crutcher LLP

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 45:**

Any and all recordings of phone calls between United and TRANSFORMATIONS BY THE GULF, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00926400679. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 45:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 46:**

Any and all recordings of phone calls between United and STEPPING STONE OF SAN DIEGO, INC., or its representatives, related to the member identified on your claims report

Gibson, Dunn &
Crutcher LLP

75

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

production with MEMBER_ALT_ID 00926598613. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 46:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product. By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name). Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 47:**

Any and all recordings of phone calls between United and DESERT COVE RECOVERY CENTER LLC, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00927338851. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 47:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 48:**

Any and all recordings of phone calls between United and DESERT COVE RECOVERY CENTER LLC, or its representatives, related to the member identified on your claims report

production with MEMBER_ALT_ID 00928705921. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 48:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 49:**

Any and all recordings of phone calls between United and CALIFORNIA PRIME RECOVERY SERVICES INC, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00929014421. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 49:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn & Crutcher LLP

80

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 50:**

Any and all recordings of phone calls between United and SHORELINE RECOVERY CENTER, or its representatives, related to the member identified on your claims report production

Gibson, Dunn &
Crutcher LLP

with MEMBER_ALT_ID 00929341187. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 50:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product. By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name). Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

82

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 51:**

Any and all recordings of phone calls between United and SUMMIT ESTATE RECOVERY CENTER, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00929466977. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 51:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 52:**

Any and all recordings of phone calls between United and CLEAR RECOVERY INC, or its representatives, related to the member identified on your claims report production with

Gibson, Dunn &
Crutcher LLP

84
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   MEMBER_ALT_ID 00929724242. This request includes the verification/eligibility of benefits call

2   and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3   calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4   received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 52:**

6       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

85

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 53:**

Any and all recordings of phone calls between United and SEA CHANGE RECOVERY, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00930025361. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 53:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 54:**

Any and all recordings of phone calls between United and EMBARK RECOVERY, or its representatives, related to the member identified on your claims report production with

1 MEMBER_ALT_ID 00932031073. This request includes the verification/eligibility of benefits call

2 and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3 calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4 received from this provider in your possession.

5 **RESPONSE TO REQUEST NO. 54:**

6       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7 Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8 ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9 calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10 calls about topics other than the reimbursement amount for out-of-network claims for intensive

11 outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12 Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13 requests not only are objectionable under the Federal Rules, but they are also objectionable under

14 HIPAA for seeking information about irrelevant treatments to putative class members who are not

15 named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16 ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17 members, and instead seeks information about phone calls by providers (or unidentified

18 "representatives") even though they are not parties to this case and provider claims previously were

19 dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20 and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21 certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22 that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23 available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24 provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25 the phone numbers, dates, and other specific information that could be used to search for particular

26 phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27 on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28 member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 55:**

Any and all recordings of phone calls between United and WEST COAST RECOVERY CENTER LLC, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00933053310. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 55:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 56:**

Any and all recordings of phone calls between United and THE EDGE TREATMENT CENTER, or its representatives, related to the member identified on your claims report production

Gibson, Dunn & Crutcher LLP

with MEMBER_ALT_ID 00933073093. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 56:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn & Crutcher LLP

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 57:**

Any and all recordings of phone calls between United and PATHWAY TO HOPE, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00935433322. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 57:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn & Crutcher LLP

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 58:**

Any and all recordings of phone calls between United and WESTSIDE TREATMENT, or its representatives, related to the member identified on your claims report production with

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

MEMBER_ALT_ID 00936471950. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 58:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product. By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name). Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 59:**

Any and all recordings of phone calls between United and THE EDGE TREATMENT CENTER, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00943979982. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 59:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn & Crutcher LLP

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 60:**

Any and all recordings of phone calls between United and MONARCH SHORES, or its representatives, related to the member identified on your claims report production with

1  MEMBER_ALT_ID 00945068167. This request includes the verification/eligibility of benefits call

2  and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3  calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4  received from this provider in your possession.

5  **RESPONSE TO REQUEST NO. 60:**

6        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7  Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8  ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

97

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 61:**

Any and all recordings of phone calls between United and SAGEBRUSH, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00946646309. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 61:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 62:**

Any and all recordings of phone calls between United and OCEAN BREEZE RECOVERY LLC LLC, or its representatives, related to the member identified on your claims report production

with MEMBER_ALT_ID 00947615779. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 62:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

1    the data summary produced in this case, and it would not be feasible to search for, review, and

2    produce this many call recordings, particularly in the remaining time available for discovery under

3    the schedule in the case.  Furthermore, the member/provider combinations appear to have been

4    "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider

5    organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a

6    manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available

7    details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore

8    what can be located and produced relevant to the claims at issue in this case and these Requests.

9         Subject to and without waiving the foregoing general and specific objections, UBH and UHC

10   remain willing to meet and confer with Plaintiffs on a potential search and production of available

11   call recordings in the manner previously discussed, as described above.

12   **REQUEST NO. 63:**

13        Any and all recordings of phone calls between United and EMBARK RECOVERY, or its

14   representatives, related to the member identified on your claims report production with

15   MEMBER_ALT_ID 00947646442. This request includes the verification/eligibility of benefits call

16   and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

17   calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

18   received from this provider in your possession.

19   **RESPONSE TO REQUEST NO. 63:**

20        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

21   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

22   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

23   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

24   calls about topics other than the reimbursement amount for out-of-network claims for intensive

25   outpatient programs to treat substance abuse for which reimbursement rates were calculated using

26   Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

27   requests not only are objectionable under the Federal Rules, but they are also objectionable under

28   HIPAA for seeking information about irrelevant treatments to putative class members who are not

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 64:**

Any and all recordings of phone calls between United and OMEGA RECOVERY, or its representatives, related to the member identified on your claims report production with

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

MEMBER_ALT_ID 00948253331. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 64:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product. By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name). Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 65:**

Any and all recordings of phone calls between United and BRIDGING THE GAPS, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00949489123. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 65:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn &
Crutcher LLP

104

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 66:**

Any and all recordings of phone calls between United and SUMMIT ESTATE RECOVERY CENTER, or its representatives, related to the member identified on your claims report production

with MEMBER_ALT_ID 00949798800. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 66:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn & Crutcher LLP

106

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1  the data summary produced in this case, and it would not be feasible to search for, review, and

2  produce this many call recordings, particularly in the remaining time available for discovery under

3  the schedule in the case.  Furthermore, the member/provider combinations appear to have been

4  "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider

5  organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a

6  manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available

7  details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore

8  what can be located and produced relevant to the claims at issue in this case and these Requests.

9        Subject to and without waiving the foregoing general and specific objections, UBH and UHC

10  remain willing to meet and confer with Plaintiffs on a potential search and production of available

11  call recordings in the manner previously discussed, as described above.

12  **REQUEST NO. 67:**

13        Any and all recordings of phone calls between United and THE EDGE TREATMENT

14  CENTER, or its representatives, related to the member identified on your claims report production

15  with MEMBER_ALT_ID 00951448603. This request includes the verification/eligibility of benefits

16  call and all subsequent utilization review, pre-certification or prior authorization calls, as well any

17  other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services

18  they received from this provider in your possession.

19  **RESPONSE TO REQUEST NO. 67:**

20        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

21  Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

22  ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

23  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

24  calls about topics other than the reimbursement amount for out-of-network claims for intensive

25  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

26  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

27  requests not only are objectionable under the Federal Rules, but they are also objectionable under

28  HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn &
Crutcher LLP

107

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 68:**

Any and all recordings of phone calls between United and CALIFORNIA PRIME RECOVERY SERVICES INC, or its representatives, related to the member identified on your claims

Gibson, Dunn & Crutcher LLP

1   report production with MEMBER_ALT_ID 00952120516. This request includes the

2   verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior

3   authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to

4   this member and the services they received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 68:**

6         UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

109
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 69:**

Any and all recordings of phone calls between United and SUMMIT ESTATE RECOVERY CENTER, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00952777284. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 69:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn & Crutcher LLP

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 70:**

Any and all recordings of phone calls between United and FOOTPRINTS TO RECOVERY, or its representatives, related to the member identified on your claims report production with

Gibson, Dunn &
Crutcher LLP

111

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   MEMBER_ALT_ID 00954754083. This request includes the verification/eligibility of benefits call

2   and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3   calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4   received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 70:**

6        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

1   the data summary produced in this case, and it would not be feasible to search for, review, and

2   produce this many call recordings, particularly in the remaining time available for discovery under

3   the schedule in the case.  Furthermore, the member/provider combinations appear to have been

4   "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider

5   organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a

6   manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available

7   details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore

8   what can be located and produced relevant to the claims at issue in this case and these Requests.

9           Subject to and without waiving the foregoing general and specific objections, UBH and UHC

10  remain willing to meet and confer with Plaintiffs on a potential search and production of available

11  call recordings in the manner previously discussed, as described above.

12  **REQUEST NO. 71:**

13          Any and all recordings of phone calls between United and GOOD LANDING RECOVERY

14  CORP, or its representatives, related to the member identified on your claims report production with

15  MEMBER_ALT_ID 00958510794. This request includes the verification/eligibility of benefits call

16  and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

17  calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

18  received from this provider in your possession.

19  **RESPONSE TO REQUEST NO. 71:**

20          UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

21  Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

22  ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

23  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

24  calls about topics other than the reimbursement amount for out-of-network claims for intensive

25  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

26  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

27  requests not only are objectionable under the Federal Rules, but they are also objectionable under

28  HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn &
Crutcher LLP

113
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name). Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations. Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 72:**

Any and all recordings of phone calls between United and WESTSIDE TREATMENT, or its representatives, related to the member identified on your claims report production with

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1    MEMBER_ALT_ID 00959501384. This request includes the verification/eligibility of benefits call

2    and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3    calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4    received from this provider in your possession.

5    **RESPONSE TO REQUEST NO. 72:**

6        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7    Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8    ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9    calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10   calls about topics other than the reimbursement amount for out-of-network claims for intensive

11   outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12   Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13   requests not only are objectionable under the Federal Rules, but they are also objectionable under

14   HIPAA for seeking information about irrelevant treatments to putative class members who are not

15   named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16   ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17   members, and instead seeks information about phone calls by providers (or unidentified

18   "representatives") even though they are not parties to this case and provider claims previously were

19   dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20   and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21   certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22   that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23   available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24   provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25   the phone numbers, dates, and other specific information that could be used to search for particular

26   phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27   on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28   member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

115
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 73:**

Any and all recordings of phone calls between United and CASA RECOVERY INC, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00959885725. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 73:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn &
Crutcher LLP

116

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name). Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations. Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 74:**

Any and all recordings of phone calls between United and FOOTPRINTS TO RECOVERY, or its representatives, related to the member identified on your claims report production with

1  MEMBER_ALT_ID 00960459791. This request includes the verification/eligibility of benefits call

2  and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3  calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4  received from this provider in your possession.

5  **RESPONSE TO REQUEST NO. 74:**

6       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7  Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8  ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   the data summary produced in this case, and it would not be feasible to search for, review, and

2   produce this many call recordings, particularly in the remaining time available for discovery under

3   the schedule in the case.  Furthermore, the member/provider combinations appear to have been

4   "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider

5   organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a

6   manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available

7   details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore

8   what can be located and produced relevant to the claims at issue in this case and these Requests.

9         Subject to and without waiving the foregoing general and specific objections, UBH and UHC

10  remain willing to meet and confer with Plaintiffs on a potential search and production of available

11  call recordings in the manner previously discussed, as described above.

12  **REQUEST NO. 75:**

13        Any and all recordings of phone calls between United and BRIDGING THE GAPS, or its

14  representatives, related to the member identified on your claims report production with

15  MEMBER_ALT_ID 00960679481. This request includes the verification/eligibility of benefits call

16  and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

17  calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

18  received from this provider in your possession.

19  **RESPONSE TO REQUEST NO. 75:**

20        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

21  Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

22  ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

23  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

24  calls about topics other than the reimbursement amount for out-of-network claims for intensive

25  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

26  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

27  requests not only are objectionable under the Federal Rules, but they are also objectionable under

28  HIPAA for seeking information about irrelevant treatments to putative class members who are not

**119**

1  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

2  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

3  members, and instead seeks information about phone calls by providers (or unidentified

4  "representatives") even though they are not parties to this case and provider claims previously were

5  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

6  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

7  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

8  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

9  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

10  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

11  the phone numbers, dates, and other specific information that could be used to search for particular

12  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

13  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

14  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

15  the data summary produced in this case, and it would not be feasible to search for, review, and

16  produce this many call recordings, particularly in the remaining time available for discovery under

17  the schedule in the case.  Furthermore, the member/provider combinations appear to have been

18  "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider

19  organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a

20  manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available

21  details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore

22  what can be located and produced relevant to the claims at issue in this case and these Requests.

23      Subject to and without waiving the foregoing general and specific objections, UBH and UHC

24  remain willing to meet and confer with Plaintiffs on a potential search and production of available

25  call recordings in the manner previously discussed, as described above.

26  **REQUEST NO. 76:**

27      Any and all recordings of phone calls between United and OCEAN BREEZE RECOVERY

28  LLC LLC, or its representatives, related to the member identified on your claims report production

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

with MEMBER_ALT_ID 00965503758. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 76:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product. By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name). Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 77:**

Any and all recordings of phone calls between United and PACIFIC RECOVERY SOLUTIONS, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00966703288. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 77:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name). Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations. Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 78:**

Any and all recordings of phone calls between United and PATHWAY TO HOPE, or its representatives, related to the member identified on your claims report production with

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   MEMBER_ALT_ID 00966743694. This request includes the verification/eligibility of benefits call

2   and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3   calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4   received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 78:**

6          UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

1    the data summary produced in this case, and it would not be feasible to search for, review, and

2    produce this many call recordings, particularly in the remaining time available for discovery under

3    the schedule in the case.  Furthermore, the member/provider combinations appear to have been

4    "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider

5    organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a

6    manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available

7    details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore

8    what can be located and produced relevant to the claims at issue in this case and these Requests.

9         Subject to and without waiving the foregoing general and specific objections, UBH and UHC

10   remain willing to meet and confer with Plaintiffs on a potential search and production of available

11   call recordings in the manner previously discussed, as described above.

12   **REQUEST NO. 79:**

13        Any and all recordings of phone calls between United and SUMMIT AT FLORHAM PARK

14   LLC, or its representatives, related to the member identified on your claims report production with

15   MEMBER_ALT_ID 00968736096. This request includes the verification/eligibility of benefits call

16   and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

17   calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

18   received from this provider in your possession.

19   **RESPONSE TO REQUEST NO. 79:**

20        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

21   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

22   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

23   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

24   calls about topics other than the reimbursement amount for out-of-network claims for intensive

25   outpatient programs to treat substance abuse for which reimbursement rates were calculated using

26   Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

27   requests not only are objectionable under the Federal Rules, but they are also objectionable under

28   HIPAA for seeking information about irrelevant treatments to putative class members who are not

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 80:**

Any and all recordings of phone calls between United and CASA RECOVERY INC, or its representatives, related to the member identified on your claims report production with

Gibson, Dunn & Crutcher LLP

1   MEMBER_ALT_ID 00969266183. This request includes the verification/eligibility of benefits call

2   and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

3   calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

4   received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 80:**

6          UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  calls about topics other than the reimbursement amount for out-of-network claims for intensive

11  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13  requests not only are objectionable under the Federal Rules, but they are also objectionable under

14  HIPAA for seeking information about irrelevant treatments to putative class members who are not

15  named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16  ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17  members, and instead seeks information about phone calls by providers (or unidentified

18  "representatives") even though they are not parties to this case and provider claims previously were

19  dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20  and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21  certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22  that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23  available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24  provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25  the phone numbers, dates, and other specific information that could be used to search for particular

26  phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27  on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28  member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

1  the data summary produced in this case, and it would not be feasible to search for, review, and

2  produce this many call recordings, particularly in the remaining time available for discovery under

3  the schedule in the case.  Furthermore, the member/provider combinations appear to have been

4  "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider

5  organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a

6  manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available

7  details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore

8  what can be located and produced relevant to the claims at issue in this case and these Requests.

9       Subject to and without waiving the foregoing general and specific objections, UBH and UHC

10  remain willing to meet and confer with Plaintiffs on a potential search and production of available

11  call recordings in the manner previously discussed, as described above.

12  **REQUEST NO. 81:**

13       Any and all recordings of phone calls between United and RECOVER INTEGRITY LLC, or

14  its representatives, related to the member identified on your claims report production with

15  MEMBER_ALT_ID 00971763607. This request includes the verification/eligibility of benefits call

16  and all subsequent utilization review, pre-certification or prior authorization calls, as well any other

17  calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they

18  received from this provider in your possession.

19  **RESPONSE TO REQUEST NO. 81:**

20       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

21  Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

22  ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

23  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

24  calls about topics other than the reimbursement amount for out-of-network claims for intensive

25  outpatient programs to treat substance abuse for which reimbursement rates were calculated using

26  Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

27  requests not only are objectionable under the Federal Rules, but they are also objectionable under

28  HIPAA for seeking information about irrelevant treatments to putative class members who are not

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 82:**

Any and all recordings of phone calls between United and THE EDGE TREATMENT CENTER, or its representatives, related to the member identified on your claims report production

with MEMBER_ALT_ID 00971990746. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 82:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 83:**

Any and all recordings of phone calls between United and SUMMIT ESTATE RECOVERY CENTER, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00975814665. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 83:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 84:**

Any and all recordings of phone calls between United and TRANSFORMATION TREATMENT CENTER INC INC, or its representatives, related to the member identified on your

1   claims report production with MEMBER_ALT_ID 00977839683. This request includes the

2   verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior

3   authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to

4   this member and the services they received from this provider in your possession.

5   **RESPONSE TO REQUEST NO. 84:**

6          UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10   calls about topics other than the reimbursement amount for out-of-network claims for intensive

11   outpatient programs to treat substance abuse for which reimbursement rates were calculated using

12   Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs'

13   requests not only are objectionable under the Federal Rules, but they are also objectionable under

14   HIPAA for seeking information about irrelevant treatments to putative class members who are not

15   named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the

16   ground that it seeks information about phone calls not involving Plaintiffs or any putative class

17   members, and instead seeks information about phone calls by providers (or unidentified

18   "representatives") even though they are not parties to this case and provider claims previously were

19   dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague

20   and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-

21   certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds

22   that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily

23   available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by

24   provider or member name).  Plaintiffs' counsel previously stated that they could and would provide

25   the phone numbers, dates, and other specific information that could be used to search for particular

26   phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object

27   on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different

28   member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

133

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 85:**

Any and all recordings of phone calls between United and PATHWAY TO HOPE, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00978022192. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 85:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

Gibson, Dunn & Crutcher LLP

134

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 86:**

Any and all recordings of phone calls between United and FOOTPRINTS TO RECOVERY, or its representatives, related to the member identified on your claims report production with

Gibson, Dunn & Crutcher LLP

135

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

MEMBER_ALT_ID 00978534002. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 86:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product. By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name). Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so. UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to

Gibson, Dunn &
Crutcher LLP

136
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

**REQUEST NO. 87:**

Any and all recordings of phone calls between United and TRANSFORMATIONS BY THE GULF, or its representatives, related to the member identified on your claims report production with MEMBER_ALT_ID 00979839706. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from this provider in your possession.

**RESPONSE TO REQUEST NO. 87:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about calls about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant calls and treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not

named plaintiffs or otherwise parties in the case.  UBH and UHC further object to this Request on the ground that it seeks information about phone calls not involving Plaintiffs or any putative class members, and instead seeks information about phone calls by providers (or unidentified "representatives") even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "verification/eligibility of benefits call," "utilization review," "pre-certification," and "prior authorization."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "recordings of phone calls" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request (*i.e.*, by provider or member name).  Plaintiffs' counsel previously stated that they could and would provide the phone numbers, dates, and other specific information that could be used to search for particular phone calls that Plaintiffs view as relevant, but they have yet to do so.  UBH and UHC further object on the basis that, as framed, Plaintiffs appear to be seeking "phone records" for 87 different member/provider combinations, who collectively submitted more than 1,200 IOP claims according to the data summary produced in this case, and it would not be feasible to search for, review, and produce this many call recordings, particularly in the remaining time available for discovery under the schedule in the case.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  Counsel previously have discussed that Plaintiffs' counsel should identify a manageable and appropriate subset (25 calls) to prioritize in any search, and provide the available details in Plaintiffs' counsel's possession related to these calls, so that UBH and UHC can explore what can be located and produced relevant to the claims at issue in this case and these Requests.

Subject to and without waiving the foregoing general and specific objections, UBH and UHC remain willing to meet and confer with Plaintiffs on a potential search and production of available call recordings in the manner previously discussed, as described above.

Gibson, Dunn & Crutcher LLP

Dated: February 28, 2022

GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Geoffrey Sigler*
          Geoffrey Sigler (admitted *pro hac vice*)

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH and UNITED
HEALTHCARE INSURANCE COMPANY

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

Gibson, Dunn &
Crutcher LLP

## CERTIFICATE OF SERVICE

I, hereby certify that on this 28th day of February 2022, pursuant to an agreement of the parties dated April 23, 2021, a copy of the foregoing was served via email to the following:

**Matthew M. Lavin, Esq. (*pro hac vice*)**
**Aaron Richard Modiano (*pro hac vice*)**
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 2006
matt.lavin@agg.com
aaron.modiano@agg.com

**David M. Lilienstein**
**Katie J. Spielman**
DL Law Group
345 Franklin St.
San Francisco, CA 94102
david@dllawgroup.com
katie@dllawgroup.com

*/s/ Geoffrey Sigler*
Geoffrey M. Sigler

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

Gibson, Dunn & Crutcher LLP

HEATHER L. RICHARDSON, SBN 246517
  hrichardson@gibsondunn.com
LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
NICOLE R. MATTHEWS, SBN 328977
  nmatthews@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

GEOFFREY SIGLER (*admitted pro hac vice*)
  gsigler@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500
Facsimile:  202.467.0539

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH and
UNITED HEALTHCARE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH and CJ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN INC., a New York corporation,<br><br>Defendants. | CASE NO. 4:20-cv-02254<br><br>**DEFENDANT UNITED BEHAVIORAL HEALTH'S AND UNITED HEALTHCARE INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:      LD, DB, BW, RH and CJ

RESPONDING PARTY:       UNITED BEHAVIORAL HEALTH and UNITED

HEALTHCARE INSURANCE COMPANY

SET NUMBER:             Five (5)

Gibson, Dunn &
Crutcher LLP

## PRELIMINARY STATEMENT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Northern District of California, Defendant United Behavioral Health ("UBH") and United Healthcare Insurance Co. ("UHC") respond to Plaintiffs' Fifth Set of Requests for Production of Documents (the "Requests" and each individual "Request"). Plaintiffs' Requests are objectionable for all of the reasons stated herein but in particular, because they seek information and documents already sought from third parties via Rule 45 subpoenas, as well as through discovery requests previously propounded by Plaintiffs on UBH and UHC.  To the extent Plaintiffs' Requests seek documents already requested from Defendants, UBH and UHC will continue the rolling production of documents UBH and UHC have already agreed to produce, as described in the responses below.  UBH and UHC remain willing to promptly and reasonably resolve the objections and other issues set out below through a meet-and-confer that should be scheduled shortly after Plaintiffs' counsel have had an opportunity to review these responses.  UBH and UHC reserve the right to amend, supplement, and correct their objections or responses as necessary.

## GENERAL OBJECTIONS

1.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent it purports to impose obligations on UBH and UHC greater than or beyond those required under the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Civil Rules of the United States District Court for the Northern District of California ("Local Rules"), or the Parties' anticipated ESI Protocol.

2.      UBH and UHC objects to each and every Request, Definition, and Instruction as overly broad to the extent it seeks discovery on merits issues outside the scope of the administrative record for the claims at issue in this case.  Plaintiffs' case involves claims for benefits under ERISA, and therefore discovery should generally be limited to the administrative record for the claims at issue. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it seeks information that is exempt from discovery and protected from disclosure by the

attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or protection.

4.      UBH and UHC object to each and every Request, Definition, and Instruction as overly broad to the extent it seeks information not relevant to the claims or defenses of any party, or information disproportionate to the needs of the case and of such marginal relevance that its probative value is substantially outweighed by the burden imposed on UBH and UHC in having to search for and provide such information.

5.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it seeks proprietary or other confidential information.  To the extent any confidential health information or other sensitive or protected business information is non-privileged and responsive to the Requests for Production of Documents and not otherwise objectionable, UBH and UHC will provide such information pursuant to the protections stipulated in the Parties' protective order and in accordance with such other procedures as the Parties or Court may establish to protect sensitive or confidential information.  UBH and UHC also reserve the right to redact discrete categories of especially sensitive information that are not directly relevant to the issues in this case.

6.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent that the documents requested are already in Plaintiffs' possession or are available to Plaintiffs from another source that is more convenient, less burdensome, or less expensive.

7.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent it calls for production of documents or electronic information that would be unduly burdensome.

8.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent it calls for production of electronic information that is not reasonably accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore.

9.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it implicates the privacy interests of third parties established by law, contract, or custom. This includes, but is not limited to, information covered by the Health Insurance Portability and Accountability Act, and in particular sensitive health information regarding the mental health and

Gibson, Dunn & Crutcher LLP

3

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

substance abuse conditions and treatments of participants and beneficiaries who are not named Plaintiffs in this case.  To the extent any confidential health information is non-privileged and responsive to the Requests and not otherwise objectionable, UBH and UHC will provide such documents and information pursuant to the Protective Order, and reserves the right to redact identifiers and other patient-specific information as well.

10.     UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it seeks documents outside of UBH's and UHC's possession, custody, and control, including to the extent any Requests seek information from a "United" entity other than UBH and UHC.

11.     Nothing contained herein or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Requests.  By indicating that it will produce non-objectionable, non-privileged responsive documents, UBH and UHC does not make a representation that such documents exist or are in UBH's and UHC's possession, but only that UBH and UHC will conduct the reasonable searches indicated for the documents sought.

12.     UBH and UHC objects to each and every Request, Definition, and Instruction to the extent that it seeks documents outside of the relevant scope of discovery and statute of limitations for this case which is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims. *See Withrow v. Halsey*, 655 F.3d 1032, 1035–36 (9th Cir. 2011); *see also Pincay v. Andrews*, 238 F.3d 1006, 1108 (9th Cir. 2001).  In the event that UBH and UHC agree to produce documents outside of the April 2, 2016 to present timeframe—the governing statute of limitations in this case— such agreement should be deemed limited to that specific Request and is not to be construed as a waiver or admission of any kind.

13.     UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it is overly broad, unduly burdensome, and imposes substantial, unjustifiable, and significant discovery costs and search burdens on UBH and UHC.

14.     Inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery shall not constitute a waiver of any such claim with

Gibson, Dunn &
Crutcher LLP

4

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   respect to the disclosed documents or communications or any other documents or communications or

2   of the right of UBH and UHC to object to the use of any such documents or the subject matter thereof

3   during subsequent proceedings.  In the event of inadvertent disclosure of such documents, Plaintiff

4   will return the documents to UBH and UHC and will be precluded from disclosing or relying upon

5   such documents in any way.

6          15.    All the General Objections contained herein and Objections to Definitions and

7   Instructions are expressly incorporated into each of the responses set forth below.

8                          **OBJECTIONS TO DEFINITIONS**

9          1.     UBH and UHC object to Plaintiffs' definition of "Defendants" on the ground that it is

10   vague and ambiguous.

11          2.     UBH and UHC object to Plaintiffs' definition of "United" (as well as "You" and

12   "Your") on the ground that it is vague, ambiguous, overly broad and unduly burdensome. In

13   particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition

14   who are not proper parties to this case and not properly subject to discovery.  UBH and UHC will

15   respond to these Requests for Production of Documents on behalf of United Behavioral Health and

16   UnitedHealthcare Insurance Company, which are the named defendants in this case.

17          3.     UBH and UHC object to Plaintiffs' definition of "person" on the ground that it is

18   overly broad and unduly burdensome.  In particular, Plaintiffs purport to sweep in various distinct

19   persons and entities through this definition who are not proper parties to this case and not properly

20   subject to discovery.  UBH and UHC will respond to these Requests for Production of Documents on

21   behalf of United Behavioral Health and UnitedHealthcare Insurance Company, which are the named

22   defendants in this case.

23          4.     UBH and UHC object to Plaintiffs' definition of "document(s)" to the extent that it

24   seeks to impose obligations on UBH and UHC beyond those required by the Federal rules. UBH and

25   UHC further object to this definition to the extent it calls for production of electronic information that

26   is not reasonably accessible, including any archived data or backup tapes that would be unduly

27   burdensome to search or restore. UBH and UHC will use the definition of "documents" set out in

28   Federal Rule 34.

Gibson, Dunn &
Crutcher LLP

5
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

5.      UBH and UHC object to Plaintiffs' definition of "Administrative Service Agreement" on the grounds that this definition is vague, ambiguous, and overly broad.  For example, the definition uses the phrase "including affiliated and associated entities," and could be interpreted as seeking amendments irrelevant to the issues in the case.  Any productions of Administrative Services Agreements by UBH or UHC will be focused on the agreements and amendments in its own possession, for its own customers, referring to Facility R&C.

## OBJECTIONS TO INSTRUCTIONS

1.      UBH and UHC object to Plaintiffs' failure to number the Instructions.  For purposes of clarity in responding and objecting to Plaintiffs' Instructions, UBH and UHC have assigned a number to each Instruction based on the Instruction's paragraph break.

2.      UBH and UHC object to Plaintiffs' Instruction 1 to the extent it seeks documents that are exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine or protection.

3.      UBH and UHC object to Plaintiffs' Instruction 2 that Defendants "must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives" to the extent that this Instruction seeks to impose obligations on UBH and UHC beyond those required by the Federal Rules.  UBH and UHC further object to Instruction 2 to the extent it calls for the production of information outside of UBH's and UHC's possession, custody, and control and includes documents that may already be in Plaintiffs' possession or are available to Plaintiffs from another source that is more convenient, less burdensome, or less expensive.

4.      UBH and UHC object to Plaintiffs' Instruction 4 to the extent it requires Defendants to "[i]dentify the portion to which you cannot respond; state the reason for your inability to respond to it; and provide whatever materials you possess regarding that portion."  Where UBH and UHC are unable to fully respond to a request, UBH and UHC will state the reason for its inability to respond, and otherwise reserves the right to meet and confer.

Gibson, Dunn & Crutcher LLP

6

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

5.      UBH and UHC object to Plaintiffs' Instruction 5 to the extent it purports to confer obligations on UBH and UHC beyond what the Parties have agreed to in their ESI protocol.

6.      UBH and UHC object to Plaintiffs' Instruction 6 to the extent that this Instruction seeks to impose obligations on UBH and UHC beyond those required by the Federal Rules.

7.      UBH and UHC object to Plaintiffs' Instruction 7 that "you should identify the relevant Bates or reference number (or range of numbers) that corresponds" on the ground that such obligation would be unduly burdensome given the broad scope and number of the requests.

8.      UBH and UHC object to Plaintiffs' Instruction 8 that the "time period encompassed by each Request for Production is the same as the time period relevant to the allegations in the Complaint" to the extent that this Instruction includes periods outside the relevant scope of discovery and statute of limitations for this case which, unless otherwise noted in the specific responses below, is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims.  *See Withrow v. Halsey*, 655 F.3d 1032, 1035–36 (9th Cir. 2011); *see also Pincay v. Andrews*, 238 F.3d 1006, 1108 (9th Cir. 2001).  UBH and UHC further object to Plaintiffs' Instruction 8 that each request be deemed "continuing in nature" on the ground that such obligation would be unduly burdensome given the broad scope and number of the requests.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Any and all documents produced in response to subpoenas issued by United counsel to third party healthcare providers in connection with this litigation.

**RESPONSE TO REQUEST NO. 1:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, UBH and UHC will share any third party productions received from the healthcare providers subpoenaed by UBH or UHC in this action.

Gibson, Dunn & Crutcher LLP

7

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**REQUEST NO. 2:**

Any and all communications with third party healthcare providers relating to subpoenas issued to them by counsel for United in connection with this litigation

**RESPONSE TO REQUEST NO. 2:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks "communications" that are irrelevant to the issues in the case.  Additionally, this Request exceeds UBH and UHC's obligations under Judge Spero's civil minutes from the parties' April 1, 2022 hearing.  *See* Dkt. 125.  Per the Court's instructions, UBH and UHC will give notice in advance to Plaintiffs of any scheduled meet and confer conference with the subpoenaed providers at issue in the parties' joint letter "regarding substantive scope of document production by the subpoenaed parties."

**REQUEST NO. 3:**

Any and all documents and correspondence, from January 1, 2015 to present, in your possession referencing "OPR Percentile Reduction" or "Percentile Reduction", "Fac60th", "Fac40th", or "Fac30th".

**RESPONSE TO REQUEST NO. 3:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  This Request could be interpreted as seeking documents that use the listed terms even though they have nothing to do with the reimbursement program and claims at issue in the case.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within a broadly-defined category that includes programs not at issue in this action.  UBH and UHC

Gibson, Dunn &
Crutcher LLP

8
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery

requests and/or purports to require UBH or UHC to re-review documents already subject to review in

accordance with the parameters disclosed on December 20, 2021.  UBH and UHC object to this

Request on the grounds that it seeks information which is subject to a claim of privilege or which is

otherwise protected from disclosure by, including without limitation, the attorney-client privilege or

the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks

documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations

in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and

Instructions, or the foregoing specific objections, UBH and UHC refers Plaintiffs to the documents

they are already producing in response to Plaintiffs' previous requests, pursuant to the parameters

disclosed to Plaintiffs on December 20, 2021, which are anticipated to include relevant documents

responsive to this new Request as well.  UBH and UHC will also meet and confer with Plaintiffs to

discuss any specific issues or proposed modifications sought through this Request, to extent they are

reasonably tailored to the issues in the case and do not require re-review of documents already

reviewed in connection with Plaintiffs' previous requests.

**REQUEST NO. 4:**

Any and all documents, from January 1, 2015 to present, reflecting United's formulation and

implementation of the Facility R&C program (also sometimes known as "OPR", "Facility

Reasonable & Customary", "SSP VIANT" and "SSP Facility R&C") as well as the language used by

United in its Administrative Service Agreements.

**RESPONSE TO REQUEST NO. 4:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

that it seeks information not relevant to the claims or defenses of any party and not reasonably

calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

claims other than out-of-network claims for intensive outpatient programs for which reimbursement

rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

Gibson, Dunn &
Crutcher LLP

overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within a broadly-defined category that includes programs not at issue in this action. UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests and/or purports to require UBH or UHC to re-review documents already subject to review in accordance with the parameters disclosed on December 20, 2021.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC refers Plaintiffs to the documents they are already producing in response to Plaintiffs' previous requests, pursuant to the parameters disclosed to Plaintiffs on December 20, 2021, which are anticipated to include relevant documents responsive to this new Request as well.  UBH and UHC will also meet and confer with Plaintiffs to discuss specific issues or proposed modifications sought through this Request, to extent they are reasonably tailored to the issues in the case and do not require re-review of documents already reviewed in connection with Plaintiffs' previous requests.

**REQUEST NO. 5:**

Any and all documents and correspondence, from January 1, 2015 to present, relating to the creation, development and existence of sales and marketing materials for the Facility R&C program. This request includes PowerPoint presentations and .pdfs reflecting suggested "elevator pitches", printed marketing materials, and other similar resources and strategies.

**RESPONSE TO REQUEST NO. 5:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

Gibson, Dunn &
Crutcher LLP

10
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests, including Request No. 28 in Plaintiffs' Third Set of Requests for Production, and/or purports to require UBH or UHC to re-review documents already subject to review in accordance with the parameters disclosed on December 20, 2021.  UBH and UHC further object that the terms "sales and marketing materials," "elevator pitches," and "similar resources and strategies" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC refers Plaintiffs to the documents they are already producing in response to Plaintiffs' previous requests, pursuant to the parameters disclosed to Plaintiffs on December 20, 2021, which are anticipated to include relevant documents responsive to this new Request as well.  UBH and UHC will also meet and confer with Plaintiffs to discuss specific issues or proposed modifications sought through this Request, to extent they are reasonably tailored to the issues in the case and do not require re-review of documents already reviewed in connection with Plaintiffs' previous requests.

**REQUEST NO. 6:**

Documents sufficient to show any and all civil lawsuits, administrative proceedings, or investigations in which You have been a party and/or given any sworn statements, depositions, or

Gibson, Dunn &
Crutcher LLP

11
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1    trial testimony during the last five (5) years related to billing, coding, claims submission, or payment

2    for services related to intensive outpatient mental health or substance abuse treatments.

3    **RESPONSE TO REQUEST NO. 6:**

4        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

5    Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

6    that it seeks information not relevant to the claims or defenses of any party and not reasonably

7    calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

8    claims other than out-of-network claims for intensive outpatient programs for which reimbursement

9    rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

10   overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

11   unduly burdensome to the extent it purports to require UBH and UHC to produce "documents

12   sufficient to show any and all civil lawsuits, administrative proceedings, or investigations" within a

13   broadly-defined category that includes programs not at issue in this action.  UBH and UHC further

14   object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests,

15   including Request Nos. 77 and 90 in Plaintiffs' First Set of Requests for Production, and/or purports

16   to require UBH or UHC to re-review documents already subject to review in accordance with the

17   parameters disclosed on December 20, 2021.  UBH and UHC object to the extent this Request seeks

18   information subject to protective orders in other cases.  UBH and UHC object to this Request to the

19   extent that it requests documents that are publicly available and equally accessible to Plaintiffs.  UBH

20   and UHC object to this Request on the grounds that it seeks information which is subject to a claim of

21   privilege or which is otherwise protected from disclosure by, including without limitation, the

22   attorney-client privilege or the attorney work product doctrine.  UBH and UHC further object that the

23   terms "billing," "coding," "claims submission," and "payment for services" are vague and

24   ambiguous.  UBH and UHC also object to the extent this Request seeks documents outside the time

25   period properly subject to discovery for Plaintiffs' claims and allegations in this case.

26        Subject to and without waiving the General Objections, the Objections to Definitions and

27   Instructions, or the foregoing specific objections, UBH and UHC refers Plaintiffs to the documents

28   they are already producing in response to Plaintiffs' previous requests, pursuant to the parameters

Gibson, Dunn &
Crutcher LLP

12
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

disclosed to Plaintiffs on December 20, 2021, which are anticipated to include relevant documents responsive to this new Request as well.  UBH and UHC will also meet and confer with Plaintiffs to discuss specific issues or proposed modifications sought through this Request, to extent they are reasonably tailored to the issues in the case and do not require re-review of documents already reviewed in connection with Plaintiffs' previous requests.

**REQUEST NO. 7:**

All documents regarding any communications with any media outlet, advocacy organization, educational institution, or government entity regarding balance bills, surprise bills, out of network reimbursement rates, and/or alleged insurer underpayments for intensive outpatient mental health or substance abuse treatments.

**RESPONSE TO REQUEST NO. 7:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all documents" within a broadly-defined category that includes programs and/or claims not at issue in this action. UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests and/or purports to require UBH or UHC to re-review documents already subject to review in accordance with the parameters disclosed on December 20, 2021.  UBH and UHC object to this Request to the extent that it requests documents that are publicly available and equally accessible to Plaintiffs.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC further object that the terms "surprise bills," "advocacy organization," "balance bills," and "insurer

1    underpayments" are vague and ambiguous.  UBH and UHC also object to the extent this Request

2    seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and

3    allegations in this case.

4         Subject to and without waiving the General Objections, the Objections to Definitions and

5    Instructions, or the foregoing specific objections, UBH and UHC refers Plaintiffs to the documents

6    they are already producing in response to Plaintiffs' previous requests, pursuant to the parameters

7    disclosed to Plaintiffs on December 20, 2021, which are anticipated to include relevant documents

8    responsive to this new Request as well.  UBH and UHC will also meet and confer with Plaintiffs to

9    discuss specific issues or proposed modifications sought through this Request, to extent they are

10   reasonably tailored to the issues in the case and do not require re-review of documents already

11   reviewed in connection with Plaintiffs' previous requests.

12   **REQUEST NO. 8:**

13        Any and all documents and correspondence, from January 1, 2015 to present, relating to the

14   creation, development and existence of policies and procedures for responding to appeals, balance

15   bills and member claims for intensive outpatient or substance abuse treatments.  This request

16   includes, but is not limited to, 'hold member harmless' or similarly termed policies and procedures.

17   **RESPONSE TO REQUEST NO. 8:**

18        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

19   Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

20   that it seeks information not relevant to the claims or defenses of any party and not reasonably

21   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

22   claims other than out-of-network claims for intensive outpatient programs for which reimbursement

23   rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

24   overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

25   unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all

26   documents" within a broadly-defined category that does include the programs and/or claims at issue

27   in this action.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs'

28   previously-served discovery requests and/or purports to require UBH or UHC to re-review

Gibson, Dunn &
Crutcher LLP

14

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

documents already subject to review in accordance with the parameters disclosed on December 20, 2021.  UBH and UHC further object that the terms "policies and procedures for responding to appeals, balance bills and member claims" and "hold member harmless" are vague and ambiguous. UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC refers Plaintiffs to the documents they are already producing in response to Plaintiffs' previous requests, pursuant to the parameters disclosed to Plaintiffs on December 20, 2021, which are anticipated to include relevant documents responsive to this new Request as well.  UBH and UHC will also meet and confer with Plaintiffs to discuss specific issues or proposed modifications sought through this Request, to extent they are reasonably tailored to the issues in the case and do not require re-review of documents already reviewed in connection with Plaintiffs' previous requests.

**REQUEST NO. 9:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, American Airlines:

a)	The administrative services agreement, including all amendments thereto, between United and this customer;

b)	Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility  R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

Gibson, Dunn & Crutcher LLP

15

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 9:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s) are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Gibson, Dunn & Crutcher LLP

16
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 10:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, American Express Company:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

Gibson, Dunn &
Crutcher LLP

17
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 10:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

Gibson, Dunn &
Crutcher LLP

1   regarding a reasonably tailored sample of customers for which UHC could produce documents

2   sufficient to show the Administrative Services Agreement, any relevant amendments discussing

3   Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary

4   showing fees paid by the customer for Facility R&C.

5   **REQUEST NO. 11:**

6       Any and all documents from the following categories, from January 1, 2015 to present,

7   relating the group healthcare plan(s) administered by United for its customer, Apple:

8       a)      The administrative services agreement, including all amendments thereto, between

9   United and this customer;

10      b)      Correspondence and documents relating to or discussing the adoption, selection,

11  application and administration of United's Facility R&C (also known as the "Facility Reasonable &

12  Customary") savings program for this customer, this request includes both internal and external

13  correspondence related to inquiries from this customer regarding claims paid under the Facility R&C

14  program;

15      c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

16  estimates, or other materials provided between United and this customer regarding United's Facility

17  R&C or similar savings program(s);

18      d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other

19  savings program evaluations, between United and this customer referencing United's Facility R&C or

20  similar savings program(s).

21  **RESPONSE TO REQUEST NO. 11:**

22      UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

23  Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

24  that it seeks information not relevant to the claims or defenses of any party and not reasonably

25  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

26  claims other than out-of-network claims for intensive outpatient programs for which reimbursement

27  rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

28  overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

Gibson, Dunn &
Crutcher LLP

19
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 12:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Cisco Systems, Inc.:

Gibson, Dunn &
Crutcher LLP

20
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1       a)     The administrative services agreement, including all amendments thereto, between

2  United and this customer;

3       b)     Correspondence and documents relating to or discussing the adoption, selection,

4  application and administration of United's Facility R&C (also known as the "Facility Reasonable &

5  Customary") savings program for this customer, this request includes both internal and external

6  correspondence related to inquiries from this customer regarding claims paid under the Facility R&C

7  program;

8       c)     Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

9  estimates, or other materials provided between United and this customer regarding United's Facility

10  R&C or similar savings program(s);

11       d)     Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other

12  savings program evaluations, between United and this customer referencing United's Facility R&C or

13  similar savings program(s).

14  **RESPONSE TO REQUEST NO. 12:**

15       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

16  Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

17  that it seeks information not relevant to the claims or defenses of any party and not reasonably

18  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

19  claims other than out-of-network claims for intensive outpatient programs for which reimbursement

20  rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

21  overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

22  unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all

23  documents" within broadly-defined categories that do not concern the claims and/or program at issue

24  in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and

25  allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To

26  the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC

27  object to the extent Plaintiffs seek these categories from multiple sources regarding a long and

28  shifting list of customers, all of whom require individualized searches within UHC and intrusive

Gibson, Dunn &
Crutcher LLP

21
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 13:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Coca-Cola:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 13:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case.  UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Gibson, Dunn & Crutcher LLP

23
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 14:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Deloitte, LLP:

a)       The administrative services agreement, including all amendments thereto, between United and this customer;

b)       Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c)       Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)       Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

Gibson, Dunn & Crutcher LLP

24

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 14:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

Gibson, Dunn & Crutcher LLP

25
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   regarding a reasonably tailored sample of customers for which UHC could produce documents

2   sufficient to show the Administrative Services Agreement, any relevant amendments discussing

3   Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary

4   showing fees paid by the customer for Facility R&C.

5   **REQUEST NO. 15:**

6        Any and all documents from the following categories, from January 1, 2015 to present,

7   relating the group healthcare plan(s) administered by United for its customer, Delta Airlines, Inc.:

8        a)     The administrative services agreement, including all amendments thereto, between

9   United and this customer;

10        b)     Correspondence and documents relating to or discussing the adoption, selection,

11   application and administration of United's Facility R&C (also known as the "Facility Reasonable &

12   Customary") savings program for this customer, this request includes both internal and external

13   correspondence related to inquiries from this customer regarding claims paid under the Facility R&C

14   program;

15        c)     Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

16   estimates, or other materials provided between United and this customer regarding United's Facility

17   R&C or similar savings program(s);

18        d)     Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other

19   savings program evaluations, between United and this customer referencing United's Facility R&C or

20   similar savings program(s).

21   **RESPONSE TO REQUEST NO. 15:**

22        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

23   Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

24   that it seeks information not relevant to the claims or defenses of any party and not reasonably

25   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

26   claims other than out-of-network claims for intensive outpatient programs for which reimbursement

27   rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

28   overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

Gibson, Dunn &
Crutcher LLP

26
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 16:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Discovery, Inc.:

Gibson, Dunn &
Crutcher LLP

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 16:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive

Gibson, Dunn & Crutcher LLP

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 17:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Fidelity Investments:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

Gibson, Dunn & Crutcher LLP

29
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 17:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period

Gibson, Dunn & Crutcher LLP

30
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also

2   object that this plan sponsor is not one of the 25 plan sponsors Plaintiffs subpoenaed pursuant to the

3   parties' discussions about third party discovery.

4          Subject to and without waiving the General Objections, the Objections to Definitions and

5   Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

6   regarding a reasonably tailored sample of customers for which UHC could produce documents

7   sufficient to show the Administrative Services Agreement, any relevant amendments discussing

8   Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary

9   showing fees paid by the customer for Facility R&C.

10  **REQUEST NO. 18:**

11         Any and all documents from the following categories, from January 1, 2015 to present,

12  relating the group healthcare plan(s) administered by United for its customer, Geico Corporation:

13         a)     The administrative services agreement, including all amendments thereto, between

14  United and this customer;

15         b)     Correspondence and documents relating to or discussing the adoption, selection,

16  application and administration of United's Facility R&C (also known as the "Facility Reasonable &

17  Customary") savings program for this customer, this request includes both internal and external

18  correspondence related to inquiries from this customer regarding claims paid under the Facility R&C

19  program;

20         c)     Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

21  estimates, or other materials provided between United and this customer regarding United's Facility

22  R&C or similar savings program(s);

23         d)     Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other

24  savings program evaluations, between United and this customer referencing United's Facility R&C or

25  similar savings program(s).

26  **RESPONSE TO REQUEST NO. 18:**

27         UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

28  Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

Gibson, Dunn &
Crutcher LLP

31
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also object that this plan sponsor is not one of the 25 plan sponsors Plaintiffs subpoenaed pursuant to the parties' discussions about third party discovery.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

Gibson, Dunn &
Crutcher LLP

32
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**REQUEST NO. 19:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, General Dynamics:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 19:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To

Gibson, Dunn &
Crutcher LLP

the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 20:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Georgia Pacific, LLC:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external

Gibson, Dunn &
Crutcher LLP

34

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

        c)     Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

        d)     Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 20:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case.  UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks

1   information which is subject to a claim of privilege or which is otherwise protected from disclosure

2   by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

3   UBH and UHC also object to the extent this Request seeks documents outside the time period

4   properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also

5   restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding

6   the subpoenas previously served on this third party plan sponsor.

7          Subject to and without waiving the General Objections, the Objections to Definitions and

8   Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

9   regarding a reasonably tailored sample of customers for which UHC could produce documents

10  sufficient to show the Administrative Services Agreement, any relevant amendments discussing

11  Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary

12  showing fees paid by the customer for Facility R&C.

13  **REQUEST NO. 21:**

14         Any and all documents from the following categories, from January 1, 2015 to present,

15  relating the group healthcare plan(s) administered by United for its customer, Goldman Sachs &

16  Company, LLC:

17         a)      The administrative services agreement, including all amendments thereto, between

18  United and this customer;

19         b)      Correspondence and documents relating to or discussing the adoption, selection,

20  application and administration of United's Facility R&C (also known as the "Facility Reasonable &

21  Customary") savings program for this customer, this request includes both internal and external

22  correspondence related to inquiries from this customer regarding claims paid under the Facility R&C

23  program;

24         c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

25  estimates, or other materials provided between United and this customer regarding United's Facility

26  R&C or similar savings program(s);

27

28

Gibson, Dunn &
Crutcher LLP

36
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 21:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also

Gibson, Dunn &
Crutcher LLP

37
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 22:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, JPMorgan Chase & Company:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 22:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

Gibson, Dunn & Crutcher LLP

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing

Gibson, Dunn &
Crutcher LLP

39
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 23:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, L'Oreal, USA:

a) The administrative services agreement, including all amendments thereto, between United and this customer;

b) Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c) Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d) Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 23:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. UBH and UHC further object to this Request as overly broad and unduly burdensome. By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue

Gibson, Dunn & Crutcher LLP

40

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 24:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, MasterCard:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 24:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case.  UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on

Gibson, Dunn & Crutcher LLP

42

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 25:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, McMaster-Carr Supply Company:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

Gibson, Dunn & Crutcher LLP

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1    c)    Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

2    estimates, or other materials provided between United and this customer regarding United's Facility

3    R&C or similar savings program(s);

4    d)    Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other

5    savings program evaluations, between United and this customer referencing United's Facility R&C or

6    similar savings program(s).

7    **RESPONSE TO REQUEST NO. 25:**

8        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

9    Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

10   that it seeks information not relevant to the claims or defenses of any party and not reasonably

11   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

12   claims other than out-of-network claims for intensive outpatient programs for which reimbursement

13   rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

14   overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

15   unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all

16   documents" within broadly-defined categories that do not concern the claims and/or program at issue

17   in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and

18   allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To

19   the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC

20   object to the extent Plaintiffs seek these categories from multiple sources regarding a long and

21   shifting list of customers, all of whom require individualized searches within UHC and intrusive

22   interactions with third parties for which the burden far exceeds their limited relevance to the case.

23   UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on

24   third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch

25   materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)"

26   are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks

27   information which is subject to a claim of privilege or which is otherwise protected from disclosure

28   by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Gibson, Dunn &
Crutcher LLP

44
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   UBH and UHC also object to the extent this Request seeks documents outside the time period

2   properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also

3   object that this plan sponsor is not one of the 25 plan sponsors Plaintiffs subpoenaed pursuant to the

4   parties' discussions about third party discovery.

5          Subject to and without waiving the General Objections, the Objections to Definitions and

6   Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

7   regarding a reasonably tailored sample of customers for which UHC could produce documents

8   sufficient to show the Administrative Services Agreement, any relevant amendments discussing

9   Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary

10  showing fees paid by the customer for Facility R&C.

11  **REQUEST NO. 26:**

12          Any and all documents from the following categories, from January 1, 2015 to present,

13  relating the group healthcare plan(s) administered by United for its customer, Morgan Stanley:

14          a)      The administrative services agreement, including all amendments thereto, between

15  United and this customer;

16          b)      Correspondence and documents relating to or discussing the adoption, selection,

17  application and administration of United's Facility R&C (also known as the "Facility Reasonable &

18  Customary") savings program for this customer, this request includes both internal and external

19  correspondence related to inquiries from this customer regarding claims paid under the Facility R&C

20  program;

21          c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

22  estimates, or other materials provided between United  and this customer regarding United's Facility

23  R&C or similar savings program(s);

24          d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other

25  savings program evaluations, between United and this customer referencing United's Facility R&C or

26  similar savings program(s).

27

28

Gibson, Dunn &
Crutcher LLP

45
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 26:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

1    regarding a reasonably tailored sample of customers for which UHC could produce documents

2    sufficient to show the Administrative Services Agreement, any relevant amendments discussing

3    Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary

4    showing fees paid by the customer for Facility R&C.

5    **REQUEST NO. 27:**

6           Any and all documents from the following categories, from January 1, 2015 to present,

7    relating the group healthcare plan(s) administered by United for its customer, National Educational

8    Association:

9           a)      The administrative services agreement, including all amendments thereto, between

10   United and this customer;

11          b)      Correspondence and documents relating to or discussing the adoption, selection,

12   application and administration of United's Facility R&C (also known as the "Facility Reasonable &

13   Customary") savings program for this customer, this request includes both internal and external

14   correspondence related to inquiries from this customer regarding claims paid under the Facility R&C

15   program;

16          c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

17   estimates, or other materials provided between United and this customer regarding United's Facility

18   R&C or similar savings program(s);

19          d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other

20   savings program evaluations, between United and this customer referencing United's Facility R&C or

21   similar savings program(s).

22   **RESPONSE TO REQUEST NO. 27:**

23          UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

24   Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

25   that it seeks information not relevant to the claims or defenses of any party and not reasonably

26   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

27   claims other than out-of-network claims for intensive outpatient programs for which reimbursement

28   rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

Gibson, Dunn &
Crutcher LLP

47
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also object that this plan sponsor is not one of the 25 plan sponsors Plaintiffs subpoenaed pursuant to the parties' discussions about third party discovery.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 28:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Nestle USA, Inc.:

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

Gibson, Dunn & Crutcher LLP

a)     The administrative services agreement, including all amendments thereto, between United and this customer;

b)     Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c)     Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)     Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 28:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive

Gibson, Dunn & Crutcher LLP

49

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 29:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Nokia:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

Gibson, Dunn & Crutcher LLP

50

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 29:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

1   UBH and UHC also object to the extent this Request seeks documents outside the time period

2   properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also

3   object that this plan sponsor is not one of the 25 plan sponsors Plaintiffs subpoenaed pursuant to the

4   parties' discussions about third party discovery.

5       Subject to and without waiving the General Objections, the Objections to Definitions and

6   Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

7   regarding a reasonably tailored sample of customers for which UHC could produce documents

8   sufficient to show the Administrative Services Agreement, any relevant amendments discussing

9   Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary

10  showing fees paid by the customer for Facility R&C.

11  **REQUEST NO. 30:**

12      Any and all documents from the following categories, from January 1, 2015 to present,

13  relating the group healthcare plan(s) administered by United for its customer, Oracle, Inc.:

14      a)      The administrative services agreement, including all amendments thereto, between

15  United and this customer;

16      b)      Correspondence and documents relating to or discussing the adoption, selection,

17  application and administration of United's Facility R&C (also known as the "Facility Reasonable &

18  Customary") savings program for this customer, this request includes both internal and external

19  correspondence related to inquiries from this customer regarding claims paid under the Facility R&C

20  program;

21      c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

22  estimates, or other materials provided between United and this customer regarding United's Facility

23  R&C or similar savings program(s);

24      d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other

25  savings program evaluations, between United and this customer referencing United's Facility R&C or

26  similar savings program(s).

27

28

Gibson, Dunn &
Crutcher LLP

**RESPONSE TO REQUEST NO. 30:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

Gibson, Dunn &
Crutcher LLP

53
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   regarding a reasonably tailored sample of customers for which UHC could produce documents

2   sufficient to show the Administrative Services Agreement, any relevant amendments discussing

3   Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary

4   showing fees paid by the customer for Facility R&C.

5   **REQUEST NO. 31:**

6       Any and all documents from the following categories, from January 1, 2015 to present,

7   relating the group healthcare plan(s) administered by United for its customer, PayPal, Inc.:

8       a)      The administrative services agreement, including all amendments thereto, between

9   United and this customer;

10      b)      Correspondence and documents relating to or discussing the adoption, selection,

11  application and administration of United's Facility R&C (also known as the "Facility Reasonable &

12  Customary") savings program for this customer, this request includes both internal and external

13  correspondence related to inquiries from this customer regarding claims paid under the Facility R&C

14  program;

15      c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

16  estimates, or other materials provided between United and this customer regarding United's Facility

17  R&C or similar savings program(s);

18      d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other

19  savings program evaluations, between United and this customer referencing United's Facility R&C or

20  similar savings program(s).

21  **RESPONSE TO REQUEST NO. 31:**

22      UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

23  Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

24  that it seeks information not relevant to the claims or defenses of any party and not reasonably

25  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

26  claims other than out-of-network claims for intensive outpatient programs for which reimbursement

27  rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

28  overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

Gibson, Dunn &
Crutcher LLP

54

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case.  UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 32:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Raytheon Company:

Gibson, Dunn & Crutcher LLP

a)       The administrative services agreement, including all amendments thereto, between United and this customer;

b)       Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c)       Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)       Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 32:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive

Gibson, Dunn &
Crutcher LLP

56
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 33:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Rite Aid Corporation:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

Gibson, Dunn & Crutcher LLP

57

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 33:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case.  UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Gibson, Dunn & Crutcher LLP

58
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also object that this plan sponsor is not one of the 25 plan sponsors Plaintiffs subpoenaed pursuant to the parties' discussions about third party discovery.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 34:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Saab:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

Gibson, Dunn & Crutcher LLP

59
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 34:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also object that this plan sponsor is not one of the 25 plan sponsors Plaintiffs subpoenaed pursuant to the parties' discussions about third party discovery.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

Gibson, Dunn & Crutcher LLP

60

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 35:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Textron:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 35:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

Gibson, Dunn &
Crutcher LLP

61
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also object that this plan sponsor is not one of the 25 plan sponsors Plaintiffs subpoenaed pursuant to the parties' discussions about third party discovery.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 36:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, SalesForce.com, Inc.:

Gibson, Dunn & Crutcher LLP

62

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 36:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive

Gibson, Dunn & Crutcher LLP

63

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 37:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Target Corporation:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

Gibson, Dunn & Crutcher LLP

64

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1    c)    Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

2    estimates, or other materials provided between United and this customer regarding United's Facility

3    R&C or similar savings program(s);

4    d)    Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other

5    savings program evaluations, between United and this customer referencing United's Facility R&C or

6    similar savings program(s).

7    **RESPONSE TO REQUEST NO. 37:**

8    UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

9    Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

10   that it seeks information not relevant to the claims or defenses of any party and not reasonably

11   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

12   claims other than out-of-network claims for intensive outpatient programs for which reimbursement

13   rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

14   overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

15   unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all

16   documents" within broadly-defined categories that do not concern the claims and/or program at issue

17   in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and

18   allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To

19   the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC

20   object to the extent Plaintiffs seek these categories from multiple sources regarding a long and

21   shifting list of customers, all of whom require individualized searches within UHC and intrusive

22   interactions with third parties for which the burden far exceeds their limited relevance to the case.

23   UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on

24   third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch

25   materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)"

26   are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks

27   information which is subject to a claim of privilege or which is otherwise protected from disclosure

28   by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Gibson, Dunn &
Crutcher LLP

65

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 38:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Tesla:

a) The administrative services agreement, including all amendments thereto, between United and this customer;

b) Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c) Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d) Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

1   **RESPONSE TO REQUEST NO. 38:**

2       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

3   Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

4   that it seeks information not relevant to the claims or defenses of any party and not reasonably

5   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

6   claims other than out-of-network claims for intensive outpatient programs for which reimbursement

7   rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

8   overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

9   unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all

10  documents" within broadly-defined categories that do not concern the claims and/or program at issue

11  in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and

12  allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To

13  the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC

14  object to the extent Plaintiffs seek these categories from multiple sources regarding a long and

15  shifting list of customers, all of whom require individualized searches within UHC and intrusive

16  interactions with third parties for which the burden far exceeds their limited relevance to the case.

17  UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on

18  third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch

19  materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)"

20  are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks

21  information which is subject to a claim of privilege or which is otherwise protected from disclosure

22  by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

23  UBH and UHC also object to the extent this Request seeks documents outside the time period

24  properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also

25  restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding

26  the subpoenas previously served on this third party plan sponsor.

27      Subject to and without waiving the General Objections, the Objections to Definitions and

28  Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

Gibson, Dunn &
Crutcher LLP

67
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1  regarding a reasonably tailored sample of customers for which UHC could produce documents

2  sufficient to show the Administrative Services Agreement, any relevant amendments discussing

3  Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary

4  showing fees paid by the customer for Facility R&C.

5  **REQUEST NO. 39:**

6        Any and all documents from the following categories, from January 1, 2015 to present,

7  relating the group healthcare plan(s) administered by United for its customer, Union Pacific

8  Corporation:

9        a)     The administrative services agreement, including all amendments thereto, between

10  United and this customer;

11        b)     Correspondence and documents relating to or discussing the adoption, selection,

12  application and administration of United's Facility R&C (also known as the "Facility Reasonable &

13  Customary") savings program for this customer, this request includes both internal and external

14  correspondence related to inquiries from this customer regarding claims paid under the Facility R&C

15  program;

16        c)     Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

17  estimates, or other materials provided between United and this customer regarding United's Facility

18  R&C or similar savings program(s);

19        d)     Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other

20  savings program evaluations, between United and this customer referencing United's Facility R&C or

21  similar savings program(s).

22  **RESPONSE TO REQUEST NO. 39:**

23        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

24  Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

25  that it seeks information not relevant to the claims or defenses of any party and not reasonably

26  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

27  claims other than out-of-network claims for intensive outpatient programs for which reimbursement

28  rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

Gibson, Dunn &
Crutcher LLP

68

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 40:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, US Bank:

Gibson, Dunn & Crutcher LLP

69

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1    a)    The administrative services agreement, including all amendments thereto, between

2  United and this customer;

3    b)    Correspondence and documents relating to or discussing the adoption, selection,

4  application and administration of United's Facility R&C (also known as the "Facility Reasonable &

5  Customary") savings program for this customer, this request includes both internal and external

6  correspondence related to inquiries from this customer regarding claims paid under the Facility R&C

7  program;

8    c)    Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

9  estimates, or other materials provided between United and this customer regarding United's Facility

10  R&C or similar savings program(s);

11    d)    Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other

12  savings program evaluations, between United and this customer referencing United's Facility R&C or

13  similar savings program(s).

14  **RESPONSE TO REQUEST NO. 40:**

15    UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

16  Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

17  that it seeks information not relevant to the claims or defenses of any party and not reasonably

18  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

19  claims other than out-of-network claims for intensive outpatient programs for which reimbursement

20  rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

21  overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

22  unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all

23  documents" within broadly-defined categories that do not concern the claims and/or program at issue

24  in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and

25  allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To

26  the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC

27  object to the extent Plaintiffs seek these categories from multiple sources regarding a long and

28  shifting list of customers, all of whom require individualized searches within UHC and intrusive

Gibson, Dunn &
Crutcher LLP

70
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also object that this plan sponsor is not one of the 25 plan sponsors Plaintiffs subpoenaed pursuant to the parties' discussions about third party discovery.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 41:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Viacom, Inc.:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

Gibson, Dunn & Crutcher LLP

71

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

**RESPONSE TO REQUEST NO. 41:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s) are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Gibson, Dunn & Crutcher LLP

72

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 42:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, ViacomCBS, Inc.:

a)      The administrative services agreement, including all amendments thereto, between United and this customer;

b)      Correspondence and documents relating to or discussing the adoption, selection, application and administration of United's Facility R&C (also known as the "Facility Reasonable & Customary") savings program for this customer, this request includes both internal and external correspondence related to inquiries from this customer regarding claims paid under the Facility R&C program;

c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings' estimates, or other materials provided between United and this customer regarding United's Facility R&C or similar savings program(s);

d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other savings program evaluations, between United and this customer referencing United's Facility R&C or similar savings program(s).

Gibson, Dunn & Crutcher LLP

73
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 42:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

Gibson, Dunn & Crutcher LLP

74

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1  regarding a reasonably tailored sample of customers for which UHC could produce documents

2  sufficient to show the Administrative Services Agreement, any relevant amendments discussing

3  Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary

4  showing fees paid by the customer for Facility R&C.

5  **REQUEST NO. 43:**

6      Any and all documents from the following categories, from January 1, 2015 to present,

7  relating the group healthcare plan(s) administered by United for its customer, VMware, Inc.:

8      a)    The administrative services agreement, including all amendments thereto, between

9  United and this customer;

10     b)    Correspondence and documents relating to or discussing the adoption, selection,

11  application and administration of United's Facility R&C (also known as the "Facility Reasonable &

12  Customary") savings program for this customer, this request includes both internal and external

13  correspondence related to inquiries from this customer regarding claims paid under the Facility R&C

14  program;

15     c)    Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

16  estimates, or other materials provided between United and this customer regarding United's Facility

17  R&C or similar savings program(s);

18     d)    Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other

19  savings program evaluations, between United and this customer referencing United's Facility R&C or

20  similar savings program(s).

21  **RESPONSE TO REQUEST NO. 43:**

22     UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

23  Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

24  that it seeks information not relevant to the claims or defenses of any party and not reasonably

25  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

26  claims other than out-of-network claims for intensive outpatient programs for which reimbursement

27  rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

28  overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

Gibson, Dunn & Crutcher LLP

75
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within broadly-defined categories that do not concern the claims and/or program at issue in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC object to the extent Plaintiffs seek these categories from multiple sources regarding a long and shifting list of customers, all of whom require individualized searches within UHC and intrusive interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also restate and incorporate the objections outlined in their February 1, 2022 letter to Plaintiffs regarding the subpoenas previously served on this third party plan sponsor.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.

**REQUEST NO. 44:**

Any and all documents from the following categories, from January 1, 2015 to present, relating the group healthcare plan(s) administered by United for its customer, Wells Fargo:

Gibson, Dunn &
Crutcher LLP

1      a)      The administrative services agreement, including all amendments thereto, between

2  United and this customer;

3      b)      Correspondence and documents relating to or discussing the adoption, selection,

4  application and administration of United's Facility R&C (also known as the "Facility Reasonable &

5  Customary") savings program for this customer, this request includes both internal and external

6  correspondence related to inquiries from this customer regarding claims paid under the Facility R&C

7  program;

8      c)      Marketing materials, "pitch" materials, correspondence, presentations, 'savings'

9  estimates, or other materials provided between United and this customer regarding United's Facility

10 R&C or similar savings program(s);

11     d)      Monthly invoices, bills, quarterly or other savings reconciliations, quarterly or other

12 savings program evaluations, between United and this customer referencing United's Facility R&C or

13 similar savings program(s).

14 **RESPONSE TO REQUEST NO. 44:**

15     UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

16 Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

17 that it seeks information not relevant to the claims or defenses of any party and not reasonably

18 calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

19 claims other than out-of-network claims for intensive outpatient programs for which reimbursement

20 rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

21 overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

22 unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all

23 documents" within broadly-defined categories that do not concern the claims and/or program at issue

24 in this action.  Additionally, communications with customers are irrelevant to Plaintiffs' claims and

25 allegations in this case, as Plaintiffs assert claims on behalf of members and not plan sponsors.  To

26 the extent the customers are relevant at all, they are only marginally relevant, and UBH and UHC

27 object to the extent Plaintiffs seek these categories from multiple sources regarding a long and

28 shifting list of customers, all of whom require individualized searches within UHC and intrusive

Gibson, Dunn &
Crutcher LLP

77
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

interactions with third parties for which the burden far exceeds their limited relevance to the case. UBH and UHC further object to the extent this Request is duplicative of requests Plaintiffs served on third parties to this action.  UBH and UHC further object that the terms "marketing materials," "pitch materials," "reconciliations," "other saving program evaluations," and "similar savings program(s)" are vague and ambiguous.  UBH and UHC further object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH and UHC also object that this plan sponsor is not one of the 25 plan sponsors Plaintiffs subpoenaed pursuant to the parties' discussions about third party discovery.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs regarding a reasonably tailored sample of customers for which UHC could produce documents sufficient to show the Administrative Services Agreement, any relevant amendments discussing Facility R&C, any readily available marketing materials regarding Facility R&C, and a summary showing fees paid by the customer for Facility R&C.


Dated: April 21, 2022

GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Geoffrey Sigler*
          Geoffrey Sigler (admitted *pro hac vice*)


Attorneys for Defendant
UNITED BEHAVIORAL HEALTH and UNITED
HEALTHCARE INSURANCE COMPANY

Gibson, Dunn &
Crutcher LLP

78
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1

## CERTIFICATE OF SERVICE

2

I, hereby certify that on this 21st day of April 2022, pursuant to an agreement of the parties dated April 23, 2021, a copy of the foregoing was served via email to the following:

3

4

**Matthew M. Lavin, Esq. (*pro hac vice*)**
**Aaron Richard Modiano (*pro hac vice*)**
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 2006
matt.lavin@agg.com
aaron.modiano@agg.com

5

6

7

8

**David M. Lilienstein**
**Katie J. Spielman**
DL Law Group
345 Franklin St.
San Francisco, CA 94102
david@dllawgroup.com
katie@dllawgroup.com

9

10

11

12

13

14

*/s/ Geoffrey Sigler*
Geoffrey M. Sigler

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

HEATHER L. RICHARDSON, SBN 246517
  hrichardson@gibsondunn.com
LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
NICOLE R. MATTHEWS, SBN 328977
  nmatthews@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

GEOFFREY SIGLER (*admitted pro hac vice*)
  gsigler@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500
Facsimile:  202.467.0539

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH and
UNITED HEALTHCARE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH and CJ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN INC., a New York corporation,<br><br>Defendants. | CASE NO. 4:20-cv-02254<br><br>**DEFENDANT UNITED BEHAVIORAL HEALTH'S AND UNITED HEALTHCARE INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:      LD, DB, BW, RH and CJ

RESPONDING PARTY:      UNITED BEHAVIORAL HEALTH and UNITED

HEALTHCARE INSURANCE COMPANY

SET NUMBER:      Six (6)

## PRELIMINARY STATEMENT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Northern District of California, Defendant United Behavioral Health ("UBH") and United Healthcare Insurance Co. ("UHC") respond to Plaintiffs' Sixth Set of Requests for Production of Documents (the "Requests" and each individual "Request"). Plaintiffs' Requests are objectionable for all of the reasons stated herein but in particular, because they seek information and documents already sought through discovery requests previously propounded by Plaintiffs on UBH and UHC and because they seek information and documents irrelevant to this case which concerns reimbursement of IOP claims using Viant's OPR product.  To the extent Plaintiffs' Requests seek documents already requested from Defendants, UBH and UHC will continue the rolling production of documents UBH and UHC have already agreed to produce, as described in the responses below.  UBH and UHC remain willing to promptly and reasonably resolve the objections and other issues set out below through a meet-and-confer that should be scheduled shortly after Plaintiffs' counsel have had an opportunity to review these responses.  UBH and UHC reserve the right to amend, supplement, and correct their objections or responses as necessary.

## GENERAL OBJECTIONS

1.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent it purports to impose obligations on UBH and UHC greater than or beyond those required under the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Civil Rules of the United States District Court for the Northern District of California ("Local Rules"), or the Parties' anticipated ESI Protocol.

2.      UBH and UHC objects to each and every Request, Definition, and Instruction as overly broad to the extent it seeks discovery on merits issues outside the scope of the administrative record for the claims at issue in this case.  Plaintiffs' case involves claims for benefits under ERISA, and therefore discovery should generally be limited to the administrative record for the claims at issue.  *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it seeks information that is exempt from discovery and protected from disclosure by the

Gibson, Dunn &
Crutcher LLP

2
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1    attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other

2    applicable privilege, doctrine, or protection.

3         4.      UBH and UHC object to each and every Request, Definition, and Instruction as overly

4    broad to the extent it seeks information not relevant to the claims or defenses of any party, or

5    information disproportionate to the needs of the case and of such marginal relevance that its probative

6    value is substantially outweighed by the burden imposed on UBH and UHC in having to search for

7    and provide such information.

8         5.      UBH and UHC object to each and every Request, Definition, and Instruction to the

9    extent that it seeks proprietary or other confidential information.  To the extent any confidential

10   health information or other sensitive or protected business information is non-privileged and

11   responsive to the Requests for Production of Documents and not otherwise objectionable, UBH and

12   UHC will provide such information pursuant to the protections stipulated in the Parties' protective

13   order and in accordance with such other procedures as the Parties or Court may establish to protect

14   sensitive or confidential information.  UBH and UHC also reserve the right to redact discrete

15   categories of especially sensitive information that are not directly relevant to the issues in this case.

16        6.      UBH and UHC object to each and every Request, Definition, and Instruction to the

17   extent that the documents requested are already in Plaintiffs' possession or are available to Plaintiffs

18   from another source that is more convenient, less burdensome, or less expensive.

19        7.      UBH and UHC object to each and every Request, Definition, and Instruction to the

20   extent it calls for production of documents or electronic information that would be unduly

21   burdensome.

22        8.      UBH and UHC object to each and every Request, Definition, and Instruction to the

23   extent it calls for production of electronic information that is not reasonably accessible, including any

24   archived data or backup tapes that would be unduly burdensome to search or restore.

25        9.      UBH and UHC object to each and every Request, Definition, and Instruction to the

26   extent that it implicates the privacy interests of third parties established by law, contract, or custom.

27   This includes, but is not limited to, information covered by the Health Insurance Portability and

28   Accountability Act, and in particular sensitive health information regarding the mental health and

Gibson, Dunn &
Crutcher LLP

3
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

substance abuse conditions and treatments of participants and beneficiaries who are not named Plaintiffs in this case. To the extent any confidential health information is non-privileged and responsive to the Requests and not otherwise objectionable, UBH and UHC will provide such documents and information pursuant to the Protective Order, and reserves the right to redact identifiers and other patient-specific information as well.

10. UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it seeks documents outside of UBH's and UHC's possession, custody, and control, including to the extent any Requests seek information from a "United" entity other than UBH and UHC.

11. Nothing contained herein or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Requests. By indicating that it will produce non-objectionable, non-privileged responsive documents, UBH and UHC does not make a representation that such documents exist or are in UBH's and UHC's possession, but only that UBH and UHC will conduct the reasonable searches indicated for the documents sought.

12. UBH and UHC objects to each and every Request, Definition, and Instruction to the extent that it seeks documents outside of the relevant scope of discovery and statute of limitations for this case which is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims. *See Withrow v. Halsey*, 655 F.3d 1032, 1035–36 (9th Cir. 2011); *see also Pincay v. Andrews*, 238 F.3d 1006, 1108 (9th Cir. 2001). In the event that UBH and UHC agree to produce documents outside of the April 2, 2016 to present timeframe—the governing statute of limitations in this case— such agreement should be deemed limited to that specific Request and is not to be construed as a waiver or admission of any kind.

13. UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it is overly broad, unduly burdensome, and imposes substantial, unjustifiable, and significant discovery costs and search burdens on UBH and UHC.

14. Inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery shall not constitute a waiver of any such claim with

Gibson, Dunn & Crutcher LLP

4

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

respect to the disclosed documents or communications or any other documents or communications or of the right of UBH and UHC to object to the use of any such documents or the subject matter thereof during subsequent proceedings.  In the event of inadvertent disclosure of such documents, Plaintiff will return the documents to UBH and UHC and will be precluded from disclosing or relying upon such documents in any way.

15.     All the General Objections contained herein and Objections to Definitions and Instructions are expressly incorporated into each of the responses set forth below.

**OBJECTIONS TO DEFINITIONS**

1.     UBH and UHC object to Plaintiffs' definition of "Defendants" on the ground that it is vague and ambiguous.

2.     UBH and UHC object to Plaintiffs' definition of "United" (as well as "You" and "Your") on the ground that it is vague, ambiguous, overly broad and unduly burdensome. In particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition who are not proper parties to this case and not properly subject to discovery.  UBH and UHC will respond to these Requests for Production of Documents on behalf of United Behavioral Health and UnitedHealthcare Insurance Company, which are the named defendants in this case.

3.     UBH and UHC object to Plaintiffs' definition of "person" on the ground that it is overly broad and unduly burdensome.  In particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition who are not proper parties to this case and not properly subject to discovery.  UBH and UHC will respond to these Requests for Production of Documents on behalf of United Behavioral Health and UnitedHealthcare Insurance Company, which are the named defendants in this case.

4.     UBH and UHC object to Plaintiffs' definition of "document(s)" to the extent that it seeks to impose obligations on UBH and UHC beyond those required by the Federal rules. UBH and UHC further object to this definition to the extent it calls for production of electronic information that is not reasonably accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore. UBH and UHC will use the definition of "documents" set out in Federal Rule 34.

5.      UHB and UHC object to Plaintiffs' definition of "Verification of Benefits" and "VOB" on the grounds that this definition is vague and ambiguous.

6.      UHB and UHC object to Plaintiffs' definition of "utilization review" on the grounds that this definition is vague, ambiguous, and to the extent it assumes prior approval was obtained or authorized.

7.      UHB and UHC object to Plaintiffs' definition of "utilization review" on the grounds that this definition is vague and ambiguous.

8.      UBH and UHC object to Plaintiffs' definition of "Administrative Service Agreement" on the grounds that this definition is vague, ambiguous, and overly broad.  For example, the definition uses the phrase "including affiliated and associated entities," and could be interpreted as seeking amendments irrelevant to the issues in the case.  Any productions of Administrative Services Agreements by UBH or UHC will be focused on the agreements and amendments in its own possession, for its own customers, referring to Facility R&C.

9.      UHB and UHC object to Plaintiffs' definition of "administrative record" on the grounds that this definition is vague and ambiguous.

## OBJECTIONS TO INSTRUCTIONS

1.      UBH and UHC object to Plaintiffs' failure to number the Instructions.  For purposes of clarity in responding and objecting to Plaintiffs' Instructions, UBH and UHC have assigned a number to each Instruction based on the Instruction's paragraph break.

2.      UBH and UHC object to Plaintiffs' Instruction 1 to the extent it seeks documents that are exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine or protection.

3.      UBH and UHC object to Plaintiffs' Instruction 2 that Defendants "must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives" to the extent that this Instruction seeks to impose obligations on UBH and UHC beyond those required by the Federal Rules.  UBH and UHC further object to Instruction 2 to the extent it calls for the production of information outside of UBH's and UHC's possession,

Gibson, Dunn & Crutcher LLP

6
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

custody, and control and includes documents that may already be in Plaintiffs' possession or are available to Plaintiffs from another source that is more convenient, less burdensome, or less expensive.

4.      UBH and UHC object to Plaintiffs' Instruction 4 to the extent it requires Defendants to "[i]dentify the portion to which you cannot respond; state the reason for your inability to respond to it; and provide whatever materials you possess regarding that portion."  Where UBH and UHC are unable to fully respond to a request, UBH and UHC will state the reason for its inability to respond, and otherwise reserves the right to meet and confer.

5.      UBH and UHC object to Plaintiffs' Instruction 5 to the extent it purports to confer obligations on UBH and UHC beyond what the Parties have agreed to in their ESI protocol.

6.      UBH and UHC object to Plaintiffs' Instruction 6 to the extent that this Instruction seeks to impose obligations on UBH and UHC beyond those required by the Federal Rules.

7.      UBH and UHC object to Plaintiffs' Instruction 7 that "you should identify the relevant Bates or reference number (or range of numbers) that corresponds" on the ground that such obligation would be unduly burdensome given the broad scope and number of the requests.

8.      UBH and UHC object to Plaintiffs' Instruction 8 that the "time period encompassed by each Request for Production is the same as the time period relevant to the allegations in the Complaint" to the extent that this Instruction includes periods outside the relevant scope of discovery and statute of limitations for this case which, unless otherwise noted in the specific responses below, is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims.  *See Withrow v. Halsey*, 655 F.3d 1032, 1035–36 (9th Cir. 2011); *see also Pincay v. Andrews*, 238 F.3d 1006, 1108 (9th Cir. 2001).

9.      UBH and UHC object to Plaintiffs' Instruction 9 that each request be deemed "continuing in nature" on the ground that such obligation would be unduly burdensome given the broad scope and number of the requests.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

Gibson, Dunn &
Crutcher LLP

7

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

The complete Administrative Record for the member claim with CLAIM_ID 795249968901, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00831138754 for treatment at SUMMIT ESTATE RECOVERY CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 07/29/19 to 07/29/19.

3. Any statements of policy of guidance or Claims manuals of APPLE INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

Gibson, Dunn & Crutcher LLP

8

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1        6. Documents sufficient to show the name and address of the registered agent for service of

2    process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

3        7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

4    **RESPONSE TO REQUEST NO. 1:**

5        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

6    Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

7    ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

8    calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

9    topics other than the reimbursement amount for out-of-network claims for intensive outpatient

10    programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR

11    product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are

12    objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking

13    information about irrelevant treatments to putative class members who are not named plaintiffs or

14    otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is

15    overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested

16    documents and information not limited to the claims and services at issue in this case, and to the

17    extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient

18    programs.  UBH and UHC further object to this Request on the ground that it seeks information not

19    involving Plaintiffs or any putative class members, and instead seeks information by providers even

20    though they are not parties to this case and provider claims previously were dismissed by the Court.

21    UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the

22    terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any

23    specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds

24    that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily

25    available, searchable, or producible in the manner requested by Plaintiffs in this Request.

26    Furthermore, the member/provider combinations appear to have been "cherrypicked" based on

27    counsel's relationships with particular treatment centers and/or provider organizations.  UBH and

28    UHC further object to this Request to the extent it seeks documents and information outside of

Gibson, Dunn & Crutcher LLP

9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 2:**

The complete Administrative Record for the member claim with CLAIM_ID 793057983401, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00919776590 for treatment at SUMMIT ESTATE RECOVERY CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

Gibson, Dunn &
Crutcher LLP

10
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 07/01/19 to 07/01/19.

3. Any statements of policy of guidance or Claims manuals of APPLE INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 2:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the

Gibson, Dunn & Crutcher LLP

11
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations. UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 3:**

The complete Administrative Record for the member claim with CLAIM_ID 793057985301, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00903573655 for treatment at SUMMIT ESTATE RECOVERY CENTER. This request specifically includes, but is not limited to:

Gibson, Dunn & Crutcher LLP

12

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 07/08/19 to 07/08/19.

3. Any statements of policy of guidance or Claims manuals of APPLE INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

Gibson, Dunn & Crutcher LLP

13
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 3**:

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be

Gibson, Dunn &
Crutcher LLP

14
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

identified and produced.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 4:**

The complete Administrative Record for the member claim with CLAIM_ID 749902899601, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00952777284 for treatment at SUMMIT ESTATE RECOVERY CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 11/26/18 to 11/26/18.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

3. Any statements of policy of guidance or Claims manuals of APPLE INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 4:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even

Gibson, Dunn & Crutcher LLP

16

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 5:**

The complete Administrative Record for the member claim with CLAIM_ID 774722115901, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00907326522 for treatment at SUMMIT ESTATE RECOVERY CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare

Gibson, Dunn & Crutcher LLP

17

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 04/08/19 to 04/08/19.

3. Any statements of policy of guidance or Claims manuals of TESLA; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 5:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

Gibson, Dunn &
Crutcher LLP

18
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be

Gibson, Dunn &
Crutcher LLP

located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 6:**

The complete Administrative Record for the member claim with CLAIM_ID CA6270678601, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00843696068 for treatment at HIGH WATCH RECOVERY CENTER INC. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 04/02/20 to 04/07/20.

3. Any statements of policy of guidance or Claims manuals of GENERAL DYNAMICS; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

Gibson, Dunn & Crutcher LLP

20
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

5. Documents sufficient to show the official name of the Employee Benefits Plan and name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 6:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product. By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request.

Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations. UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 7:**

The complete Administrative Record for the member claim with CLAIM_ID CY2407231801, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00955375640 for treatment at HIGH WATCH RECOVERY CENTER INC. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim

Gibson, Dunn &
Crutcher LLP

22
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 09/23/21 to 09/27/21.

3. Any statements of policy of guidance or Claims manuals of GENERAL DYNAMICS; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 7:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product. By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC object to this Request on the grounds that it is

Gibson, Dunn &
Crutcher LLP

23
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 8:**

The complete Administrative Record for the member claim with CLAIM_ID 747910143001, consisting of all documents, records, and other information relevant to the claim for treatment of the

Gibson, Dunn & Crutcher LLP

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

United's member with MEMBER_ALT_ID 00960679481 for treatment at BRIDGING THE GAPS. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 11/08/18 to 11/09/18.

3. Any statements of policy of guidance or Claims manuals of APPLE INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

Gibson, Dunn & Crutcher LLP

25

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 8:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be

Gibson, Dunn & Crutcher LLP

26
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

identified and produced.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 9:**

The complete Administrative Record for the member claim with CLAIM_ID 666642653101, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00939384471 for treatment at BRIDGING THE GAPS. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 07/31/17 to 08/04/17.

Gibson, Dunn & Crutcher LLP

27

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

3. Any statements of policy of guidance or Claims manuals of SAAB, INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

8. Any and all recordings of phone calls between You and the healthcare provider identified in this request, or its representatives, related to the member identified in this request. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from the healthcare provider in your possession.

**RESPONSE TO REQUEST NO. 9:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or

Gibson, Dunn & Crutcher LLP

otherwise parties in the case. UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations. UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

Gibson, Dunn & Crutcher LLP

29
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**REQUEST NO. 10:**

The complete Administrative Record for the member claim with CLAIM_ID 744201493701, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00921842279 for treatment at PCI WEST LAKE CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 10/22/18 to 10/29/18.

3. Any statements of policy of guidance or Claims manuals of GEICO CORPORATION; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

Gibson, Dunn &
Crutcher LLP

30
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 10:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  UBH and UHC further object to this Request to the extent it seeks documents and information outside of

Gibson, Dunn &
Crutcher LLP

31

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 11:**

The complete Administrative Record for the member claim with CLAIM_ID 690601996701, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00913267265 for treatment at PCI WEST LAKE CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

Gibson, Dunn & Crutcher LLP

32
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 12/08/17 to 12/11/17.

3. Any statements of policy of guidance or Claims manuals of ORACLE, INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 11:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the

Gibson, Dunn &
Crutcher LLP

33
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations. UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 12:**

The complete Administrative Record for the member claim with CLAIM_ID 624099128001, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00818711860 for treatment at DESERT COVE RECOVERY CENTER LLC. This request specifically includes, but is not limited to:

1.    A copy of the entire claim file, which includes, but is not limited to:

a.    all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b.    all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2.    The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 11/07/16 to 11/11/16.

3.    Any statements of policy of guidance or Claims manuals of NOKIA; the Defendants including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4.    Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5.    Documents sufficient to show the official name of the Employee Benefits Plan and name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6.    Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7.    A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

8.    Any and all recordings of phone calls between You and the healthcare provider identified in this request, or its representatives, related to the member identified in this request. This request

Gibson, Dunn &
Crutcher LLP

35
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   includes the verification/eligibility of benefits call and all subsequent utilization review, pre-

2   certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or

3   inquiry calls), related to this member and the services they received from the healthcare provider in

4   your possession.

5   **RESPONSE TO REQUEST NO. 12:**

6         UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

8   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10   topics other than the reimbursement amount for out-of-network claims for intensive outpatient

11   programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR

12   product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are

13   objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking

14   information about irrelevant treatments to putative class members who are not named plaintiffs or

15   otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is

16   overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested

17   documents and information not limited to the claims and services at issue in this case, and to the

18   extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient

19   programs.  UBH and UHC further object to this Request on the ground that it seeks information not

20   involving Plaintiffs or any putative class members, and instead seeks information by providers even

21   though they are not parties to this case and provider claims previously were dismissed by the Court.

22   UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the

23   terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any

24   specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds

25   that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily

26   available, searchable, or producible in the manner requested by Plaintiffs in this Request.

27   Furthermore, the member/provider combinations appear to have been "cherrypicked" based on

28   counsel's relationships with particular treatment centers and/or provider organizations.  UBH and

Gibson, Dunn &
Crutcher LLP

36
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 13:**

The complete Administrative Record for the member claim with CLAIM_ID 625043583601, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00934387561 for treatment at DESERT COVE RECOVERY CENTER LLC. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

Gibson, Dunn &
Crutcher LLP

37
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 10/10/16 to 10/14/16.

3. Any statements of policy of guidance or Claims manuals of TEXTRON; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

8. Any and all recordings of phone calls between You and the healthcare provider identified in this request, or its representatives, related to the member identified in this request. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from the healthcare provider in your possession.

**RESPONSE TO REQUEST NO. 13:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR

Gibson, Dunn &
Crutcher LLP

38
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows

Gibson, Dunn &
Crutcher LLP

39

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 14:**

The complete Administrative Record for the member claim with CLAIM_ID CA5576055101, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00935433322 for treatment at PATHWAY TO HOPE. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 04/08/20 to 04/10/20.

3. Any statements of policy of guidance or Claims manuals of CISCO SYSTEMS, INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents the requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

Gibson, Dunn & Crutcher LLP

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product. By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on

Gibson, Dunn &
Crutcher LLP

1  counsel's relationships with particular treatment centers and/or provider organizations.  UBH and

2  UHC further object to this Request to the extent it seeks documents and information outside of

3  UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third

4  party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months

5  to identify a sample of claims and now there is limited time left in which this information can be

6  identified and produced.  UBH and UHC also object to this Request to the extent that it seeks

7  information which is subject to a claim of privilege or which is otherwise protected from disclosure

8  by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

9      Subject to and without waiving the foregoing objections, the United Defendants will search

10  for and produce any non-privileged administrative record materials and plan documents that can be

11  located following a reasonable, good faith search in remaining time left in fact discovery that shows

12  the amounts reimbursed and information considered by the United Defendants in determining these

13  amounts for the IOP services in the identified claim.

14  **RESPONSE TO REQUEST NO. 14:**

15      UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

16  Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

17  ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

18  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

19  topics other than the reimbursement amount for out-of-network claims for intensive outpatient

20  programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR

21  product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are

22  objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking

23  information about irrelevant treatments to putative class members who are not named plaintiffs or

24  otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is

25  overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested

26  documents and information not limited to the claims and services at issue in this case, and to the

27  extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient

28  programs.  UBH and UHC further object to this Request on the ground that it seeks information not

Gibson, Dunn &
Crutcher LLP

42

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 15:**

The complete Administrative Record for the member claim with CLAIM_ID AY9855962001, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00920940449 for treatment at PATHWAY TO HOPE. This request specifically includes, but not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 03/06/20 to 03/06/20.

3. Any statements of policy of guidance or Claims manuals of RITE AID CORPORATION; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 15:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the

Gibson, Dunn &
Crutcher LLP

44
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 16:**

The complete Administrative Record for the member claim with CLAIM_ID 761206939101, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00975029724 for treatment at OCEAN BREEZE RECOVERY LLC. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 01/30/19 to 01/30/19.

3. Any statements of policy of guidance or Claims manuals of RAYTHEON COMPANY; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

Gibson, Dunn & Crutcher LLP

46

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 16:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds

Gibson, Dunn &
Crutcher LLP

that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations. UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 17:**

The complete Administrative Record for the member claim with CLAIM_ID 661228944101, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00932720081 for treatment at OCEAN BREEZE RECOVERY LLC. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

Gibson, Dunn &
Crutcher LLP

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 07/05/17 to 07/06/17.

3. Any statements of policy of guidance or Claims manuals of NESTLE USA, INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 17:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are

Gibson, Dunn & Crutcher LLP

objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations. UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

Gibson, Dunn &
Crutcher LLP

50
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**REQUEST NO. 18:**

The complete Administrative Record for the member claim with CLAIM_ID CR4734681501, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00809490519 for treatment at PALM BEACH RECOVERY. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 05/31/21 to 05/31/21.

3. Any statements of policy of guidance or Claims manuals of NATIONAL EDUCATION ASSOCIATION {NEA}; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

Gibson, Dunn &
Crutcher LLP

51
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

8. Any and all recordings of phone calls between You and the healthcare provider identified in this request, or its representatives, related to the member identified in this request. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from the healthcare provider in your possession.

**<u>RESPONSE TO REQUEST NO. 18</u>:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any

Gibson, Dunn &
Crutcher LLP

52
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

specific rule, guideline, or protocol." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations. UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 19:**

The complete Administrative Record for the member claim with CLAIM_ID CA9733607301, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00000526414 for treatment at PACIFIC RECOVERY SOLUTIONS. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the

Gibson, Dunn &
Crutcher LLP

53
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 04/30/20 to 04/30/20.

3. Any statements of policy of guidance or Claims manuals of US BANK; the Defendants including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

8. Any and all recordings of phone calls between You and the healthcare provider identified in this request, or its representatives, related to the member identified in this request. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from the healthcare provider in your possession.

1   **RESPONSE TO REQUEST NO. 19:**

2          UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

3   Instructions in their entirety into this response.  UBH and UHC further object to this Request on the

4   ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

5   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

6   topics other than the reimbursement amount for out-of-network claims for intensive outpatient

7   programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR

8   product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are

9   objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking

10  information about irrelevant treatments to putative class members who are not named plaintiffs or

11  otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is

12  overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested

13  documents and information not limited to the claims and services at issue in this case, and to the

14  extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient

15  programs.  UBH and UHC further object to this Request on the ground that it seeks information not

16  involving Plaintiffs or any putative class members, and instead seeks information by providers even

17  though they are not parties to this case and provider claims previously were dismissed by the Court.

18  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the

19  terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any

20  specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds

21  that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily

22  available, searchable, or producible in the manner requested by Plaintiffs in this Request.

23  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on

24  counsel's relationships with particular treatment centers and/or provider organizations.  UBH and

25  UHC further object to this Request to the extent it seeks documents and information outside of

26  UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third

27  party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months

28  to identify a sample of claims and now there is limited time left in which this information can be

Gibson, Dunn &
Crutcher LLP

55
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

identified and produced.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 20:**

The complete Administrative Record for the member claim with CLAIM_ID 769556074501, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00966703288 for treatment at PACIFIC RECOVERY SOLUTIONS. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 02/18/19 to 02/20/19.

Gibson, Dunn & Crutcher LLP

56
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

3. Any statements of policy of guidance or Claims manuals of MCMASTER-CARR SUPPLY COMPANY; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

8. Any and all recordings of phone calls between You and the healthcare provider identified in this request, or its representatives, related to the member identified in this request. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from the healthcare provider in your possession.

**RESPONSE TO REQUEST NO. 20:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or

Gibson, Dunn & Crutcher LLP

otherwise parties in the case. UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations. UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 21:**

The complete Administrative Record for the member claim with CLAIM_ID 794566171401, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00920520108 for treatment at NEW LIFE TREATMENT CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 07/31/19 to 08/01/19.

3. Any statements of policy of guidance or Claims manuals of TESLA; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

Gibson, Dunn &
Crutcher LLP

59
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 21:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court.  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request.  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations.  UBH and UHC further object to this Request to the extent it seeks documents and information outside of

Gibson, Dunn &
Crutcher LLP

60
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1  UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third

2  party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months

3  to identify a sample of claims and now there is limited time left in which this information can be

4  identified and produced.  UBH and UHC also object to this Request to the extent that it seeks

5  information which is subject to a claim of privilege or which is otherwise protected from disclosure

6  by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

7       Subject to and without waiving the foregoing objections, the United Defendants will search

8  for and produce any non-privileged administrative record materials and plan documents that can be

9  located following a reasonable, good faith search in remaining time left in fact discovery that shows

10  the amounts reimbursed and information considered by the United Defendants in determining these

11  amounts for the IOP services in the identified claim.

12  **REQUEST NO. 22:**

13       The complete Administrative Record for the member claim with CLAIM_ID 737594321501,

14  consisting of all documents, records, and other information relevant to the claim for treatment of the

15  United's member with MEMBER_ALT_ID 00963715513 for treatment at NEW LIFE

16  TREATMENT CENTER. This request specifically includes, but is not limited to:

17       1. A copy of the entire claim file, which includes, but is not limited to:

18       a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant

19  messages, activity logs, correspondence with medical reviewers, correspondence with healthcare

20  providers (including provider remittance advices), correspondence with plan member (including

21  explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and

22  communications with any third party including Multiplan regarding the pricing of the claims;

23       b. all medical records, paper and electronic, including, but not limited to, records of diagnostic

24  tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications

25  lists, prognosis, third party records, any correspondence with the claimant, third parties, claim

26  policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved

27  in determining claim eligibility, and any other claimant documents.

28

Gibson, Dunn &
Crutcher LLP

61

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 09/17/18 to 09/18/18.

3. Any statements of policy of guidance or Claims manuals of WELLS FARGO; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 22:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the

extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations. UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be identified and produced. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 23:**

The complete Administrative Record for the member claim with CLAIM_ID 604360045001, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00926598613 for treatment at STEPPING STONE OF SAN DIEGO, INC. This request specifically includes, but is not limited to:

Gibson, Dunn & Crutcher LLP

63
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 06/20/16 to 06/24/16.

3. Any statements of policy of guidance or Claims manuals of APPLE INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 23:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product. By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case. UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even though they are not parties to this case and provider claims previously were dismissed by the Court. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any specific rule, guideline, or protocol." UBH and UHC further object to this Request on the grounds that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily available, searchable, or producible in the manner requested by Plaintiffs in this Request. Furthermore, the member/provider combinations appear to have been "cherrypicked" based on counsel's relationships with particular treatment centers and/or provider organizations. UBH and UHC further object to this Request to the extent it seeks documents and information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to identify a sample of claims and now there is limited time left in which this information can be

Gibson, Dunn &
Crutcher LLP

65
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

identified and produced.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the United Defendants will search for and produce any non-privileged administrative record materials and plan documents that can be located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

**REQUEST NO. 24:**

The complete Administrative Record for the member claim with CLAIM_ID CL3731426201, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00928097365 for treatment at ARISE RECOVERY CENTERS OF AMERICA LLC. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 02/18/21 to 02/18/21.

Gibson, Dunn & Crutcher LLP

3. Any statements of policy of guidance or Claims manuals of GEICO CORPORATION; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 24:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking information about irrelevant treatments to putative class members who are not named plaintiffs or otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH and UHC further object to this Request on the ground that it seeks information not involving Plaintiffs or any putative class members, and instead seeks information by providers even

Gibson, Dunn &
Crutcher LLP

1   though they are not parties to this case and provider claims previously were dismissed by the Court.

2   UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the

3   terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any

4   specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds

5   that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily

6   available, searchable, or producible in the manner requested by Plaintiffs in this Request.

7   Furthermore, the member/provider combinations appear to have been "cherrypicked" based on

8   counsel's relationships with particular treatment centers and/or provider organizations.  UBH and

9   UHC further object to this Request to the extent it seeks documents and information outside of

10  UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third

11  party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months

12  to identify a sample of claims and now there is limited time left in which this information can be

13  identified and produced.  UBH and UHC also object to this Request to the extent that it seeks

14  information which is subject to a claim of privilege or which is otherwise protected from disclosure

15  by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

16  Subject to and without waiving the foregoing objections, the United Defendants will search

17  for and produce any non-privileged administrative record materials and plan documents that can be

18  located following a reasonable, good faith search in remaining time left in fact discovery that shows

19  the amounts reimbursed and information considered by the United Defendants in determining these

20  amounts for the IOP services in the identified claim.

21  **REQUEST NO. 25:**

22  The complete Administrative Record for the member claim with CLAIM_ID 702867372201,

23  consisting of all documents, records, and other information relevant to the claim for treatment of the

24  United's member with MEMBER_ALT_ID 00903502669 for treatment at ARISE RECOVERY

25  CENTERS OF AMERICA LLC. This request specifically includes, but is not limited to:

26  1. A copy of the entire claim file, which includes, but is not limited to:

27  a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant

28  messages, activity logs, correspondence with medical reviewers, correspondence with healthcare

Gibson, Dunn &
Crutcher LLP

68
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 03/01/18 to 03/01/18.

3. Any statements of policy of guidance or Claims manuals of FIDELITY INVESTMENTS; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**RESPONSE TO REQUEST NO. 25:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

Gibson, Dunn & Crutcher LLP

69

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   topics other than the reimbursement amount for out-of-network claims for intensive outpatient

2   programs to treat substance abuse for which reimbursement rates were calculated using Viant's OPR

3   product.  By requesting information about irrelevant treatments, Plaintiffs' requests not only are

4   objectionable under the Federal Rules, but they are also objectionable under HIPAA for seeking

5   information about irrelevant treatments to putative class members who are not named plaintiffs or

6   otherwise parties in the case.  UBH and UHC object to this Request on the grounds that it is

7   overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested

8   documents and information not limited to the claims and services at issue in this case, and to the

9   extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient

10  programs.  UBH and UHC further object to this Request on the ground that it seeks information not

11  involving Plaintiffs or any putative class members, and instead seeks information by providers even

12  though they are not parties to this case and provider claims previously were dismissed by the Court.

13  UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the

14  terms "claim file," "Claims manual," "official plan document," "peer review companies," and "any

15  specific rule, guideline, or protocol."  UBH and UHC further object to this Request on the grounds

16  that it is overbroad and unduly burdensome in that "Administrative Record[s]" are not readily

17  available, searchable, or producible in the manner requested by Plaintiffs in this Request.

18  Furthermore, the member/provider combinations appear to have been "cherrypicked" based on

19  counsel's relationships with particular treatment centers and/or provider organizations.  UBH and

20  UHC further object to this Request to the extent it seeks documents and information outside of

21  UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third

22  party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months

23  to identify a sample of claims and now there is limited time left in which this information can be

24  identified and produced.  UBH and UHC also object to this Request to the extent that it seeks

25  information which is subject to a claim of privilege or which is otherwise protected from disclosure

26  by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

27          Subject to and without waiving the foregoing objections, the United Defendants will search

28  for and produce any non-privileged administrative record materials and plan documents that can be

Gibson, Dunn &
Crutcher LLP

located following a reasonable, good faith search in remaining time left in fact discovery that shows the amounts reimbursed and information considered by the United Defendants in determining these amounts for the IOP services in the identified claim.

Dated: June 3, 2022

GIBSON, DUNN & CRUTCHER LLP


By: _/s/ Geoffrey Sigler_
      Geoffrey Sigler (admitted *pro hac vice*)

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH and UNITED
HEALTHCARE INSURANCE COMPANY

Gibson, Dunn &
Crutcher LLP

71
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1

## CERTIFICATE OF SERVICE

2

I, hereby certify that on this 3rd day of June 2022, pursuant to an agreement of the parties dated April 23, 2021, a copy of the foregoing was served via email to the following:

3

4

**Matthew M. Lavin, Esq. (*pro hac vice*)**
**Aaron Richard Modiano (*pro hac vice*)**
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 2006
matt.lavin@agg.com
aaron.modiano@agg.com

5

6

7

8

**David M. Lilienstein**
**Katie J. Spielman**
DL Law Group
345 Franklin St.
San Francisco, CA 94102
david@dllawgroup.com
katie@dllawgroup.com

9

10

11

12

13

14

*/s/ Geoffrey Sigler*
_____
Geoffrey M. Sigler

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1  HEATHER L. RICHARDSON, SBN 246517
     hrichardson@gibsondunn.com
2  LAUREN M. BLAS, SBN 296823
     lblas@gibsondunn.com
3  NICOLE R. MATTHEWS, SBN 328977
     nmatthews@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
5  Los Angeles, CA  90071-3197
   Telephone: 213.229.7000
6  Facsimile:  213.229.7520

7  GEOFFREY SIGLER (*admitted pro hac vice*)
     gsigler@gibsondunn.com
8  GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.
9  Washington, DC  20036-5306
   Telephone: 202.955.8500
10 Facsimile:  202.467.0539

11 Attorneys for Defendants
   UNITED BEHAVIORAL HEALTH and
12 UNITED HEALTHCARE INSURANCE COMPANY

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                          OAKLAND DIVISION

16 LD, DB, BW, RH and CJ, on behalf of          CASE NO. 4:20-cv-02254
   themselves and all others similarly situated,
17                                               **DEFENDANTS UNITED BEHAVIORAL
                 Plaintiffs,                      HEALTH'S AND UNITED HEALTHCARE
18                                               INSURANCE COMPANY'S RESPONSES
          v.                                     AND OBJECTIONS TO PLAINTIFFS'
19                                               SEVENTH SET OF REQUESTS FOR
   UNITED HEALTHCARE INSURANCE                   PRODUCTION OF DOCUMENTS**
20 COMPANY, a Connecticut Corporation,
   UNITED BEHAVIORAL HEALTH, a
21 California Corporation, and MULTIPLAN
   INC., a New York corporation,
22
                 Defendants.
23

24 PROPOUNDING PARTY:        LD, DB, BW, RH and CJ

25 RESPONDING PARTY:         UNITED BEHAVIORAL HEALTH and UNITED

26                           HEALTHCARE INSURANCE COMPANY

27 SET NUMBER:               Seven (7)

28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. 4:20-CV-02254

**PRELIMINARY STATEMENT**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Northern District of California, Defendants United Behavioral Health ("UBH") and United Healthcare Insurance Co. ("UHC") respond to Plaintiffs' Seventh Set of Requests for Production of Documents (the "Requests" and each individual "Request"). Plaintiffs' Requests are objectionable for all of the reasons stated herein but in particular, because they seek information and documents already sought through discovery requests previously propounded by Plaintiffs on UBH and UHC and because they seek information and documents irrelevant to this case which concerns reimbursement of IOP claims using Viant's OPR product. To the extent Plaintiffs' Requests seek documents already requested from Defendants, UBH and UHC will continue the rolling production of documents UBH and UHC have already agreed to produce, as described in the responses below. UBH and UHC remain willing to promptly and reasonably resolve the objections and other issues set out below through a meet-and-confer that should be scheduled shortly after Plaintiffs' counsel have had an opportunity to review these responses. UBH and UHC reserve the right to amend, supplement, and correct their objections or responses as necessary.

## <u>GENERAL OBJECTIONS</u>

1. UBH and UHC object to each and every Request, Definition, and Instruction to the extent it purports to impose obligations on UBH and UHC greater than or beyond those required under the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Civil Rules of the United States District Court for the Northern District of California ("Local Rules"), or the Parties' anticipated ESI Protocol.

2. UBH and UHC object to each and every Request, Definition, and Instruction as overly broad to the extent it seeks discovery on merits issues outside the scope of the administrative record for the claims at issue in this case. Plaintiffs' case involves claims for benefits under ERISA, and therefore discovery should generally be limited to the administrative record for the claims at issue. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

Gibson, Dunn &
Crutcher LLP

3.     UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it seeks information that is exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or protection.

4.     UBH and UHC object to each and every Request, Definition, and Instruction as overly broad to the extent it seeks information not relevant to the claims or defenses of any party, or information disproportionate to the needs of the case and of such marginal relevance that its probative value is substantially outweighed by the burden imposed on UBH and UHC in having to search for and provide such information.

5.     UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it seeks proprietary or other confidential information.  To the extent any confidential health information or other sensitive or protected business information is non-privileged and responsive to the Requests for Production of Documents and not otherwise objectionable, UBH and UHC will provide such information pursuant to the protections stipulated in the Parties' protective order and in accordance with such other procedures as the Parties or Court may establish to protect sensitive or confidential information.  UBH and UHC also reserve the right to redact discrete categories of especially sensitive information that are not directly relevant to the issues in this case.

6.     UBH and UHC object to each and every Request, Definition, and Instruction to the extent that the documents requested are already in Plaintiffs' possession or are available to Plaintiffs from another source that is more convenient, less burdensome, or less expensive.

7.     UBH and UHC object to each and every Request, Definition, and Instruction to the extent it calls for production of documents or electronic information that would be unduly burdensome.

8.     UBH and UHC object to each and every Request, Definition, and Instruction to the extent it calls for production of electronic information that is not reasonably accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore.

9.     UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it implicates the privacy interests of third parties established by law, contract, or custom.

Gibson, Dunn &
Crutcher LLP

3
UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. 4:20-CV-02254

This includes, but is not limited to, information covered by the Health Insurance Portability and Accountability Act, and in particular sensitive health information regarding the mental health and substance abuse conditions and treatments of participants and beneficiaries who are not named Plaintiffs in this case. To the extent any confidential health information is non-privileged and responsive to the Request and not otherwise objectionable, UBH and UHC will provide such documents and information pursuant to the Protective Order, and reserves the right to redact identifiers and other patient-specific information as well.

10. UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it seeks documents outside of UBH's and UHC's possession, custody, and control, including to the extent any Requests seek information from a "United" entity other than UBH and UHC.

11. Nothing contained herein or provided in response to the Request consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Request. By indicating that it will produce non-objectionable, non-privileged responsive documents, UBH and UHC does not make a representation that such documents exist or are in UBH's and UHC's possession, but only that UBH and UHC will conduct the reasonable searches indicated for the documents sought.

12. UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it seeks documents outside of the relevant scope of discovery and statute of limitations for this case which is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims. *See Withrow v. Halsey*, 655 F.3d 1032, 1035–36 (9th Cir. 2011); *see also Pincay v. Andrews*, 238 F.3d 1006, 1108 (9th Cir. 2001). In the event that UBH and UHC agree to produce responsive documents outside of the April 2, 2016 to present timeframe—the governing statute of limitations in this case—such agreement should be deemed limited to that specific Request and is not to be construed as a waiver or admission of any kind.

13. UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it is overly broad, unduly burdensome, and imposes substantial, unjustifiable, and significant discovery costs and search burdens on UBH and UHC.

UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. 4:20-CV-02254

14.     Inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery shall not constitute a waiver of any such claim with respect to the disclosed documents or communications or any other documents or communications or of the right of UBH and UHC to object to the use of any such documents or the subject matter thereof during subsequent proceedings.  In the event of inadvertent disclosure of such documents, Plaintiffs will return the documents to UBH and UHC and will be precluded from disclosing or relying upon such documents in any way.

15.     All the General Objections contained herein and Objections to Definitions and Instructions are expressly incorporated into each of the responses set forth below.

**OBJECTIONS TO DEFINITIONS**

1.     UBH and UHC object to Plaintiffs' definition of "Defendants" on the ground that it is vague and ambiguous.

2.     UBH and UHC object to Plaintiffs' definition of "person" on the ground that it is overly broad and unduly burdensome.  In particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition who are not proper parties to this case and not properly subject to discovery.  UBH and UHC will respond to these Requests for Production of Documents on behalf of United Behavioral Health and UnitedHealthcare Insurance Company, which are the named defendants in this case.

3.     UBH and UHC object to Plaintiffs' definition of "document(s)" to the extent that it seeks to impose obligations on UBH and UHC beyond those required by the Federal Rules.  UBH and UHC further object to this definition to the extent it calls for production of electronic information that is not reasonably accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore.  UBH and UHC will use the definition of "documents" set out in Federal Rule 34.

**OBJECTIONS TO INSTRUCTIONS**

1.     UBH and UHC object to Plaintiffs' Instruction 1 to the extent it seeks documents that are exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney

Gibson, Dunn & Crutcher LLP

work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or protection.

2.      UBH and UHC object to Plaintiffs' Instruction 2 that Defendants "must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives" to the extent that this Instruction seeks to impose obligations on UBH and UHC beyond those required by the Federal Rules.  UBH and UHC further object to Instruction 2 to the extent it calls for the production of information outside of UBH's and UHC's possession, custody, and control and includes documents that may already be in Plaintiffs' possession or are available to Plaintiffs from another source that is more convenient, less burdensome, or less expensive.

3.      UBH and UHC object to Plaintiffs' Instruction 4 to the extent it requires Defendants to "[i]dentify the portion to which you cannot respond; state the reason for your inability to respond to it; and provide whatever materials you possess regarding that portion."  Where UBH and UHC are unable to fully respond to a request, UBH and UHC will state the reason for its inability to respond, and otherwise reserve the right to meet and confer.

4.      UBH and UHC object to Plaintiffs' Instruction 5 to the extent it purports to confer obligations on UBH and UHC beyond what the Parties have agreed to in their ESI protocol.

5.      UBH and UHC object to Plaintiffs' Instruction 6 to the extent that this Instruction seeks to impose obligations on UBH and UHC beyond those required by the Federal Rules.

6.      UBH and UHC object to Plaintiffs' Instruction 7 that "you should identify the relevant Bates or reference number (or range of numbers) that corresponds" on the ground that such obligation would be unduly burdensome given the broad scope and number of the requests.

7.      UBH and UHC object to Instruction 8 that the "time period relevant to the allegations in the Complaint" to the extent that this Instruction includes periods outside the relevant scope of discovery and statute of limitations for this case which, unless otherwise noted in the specific responses below, is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims.  *See Withrow v. Halsey*, 655 F.3d 1032, 1035–36 (9th Cir. 2011); *see also Pincay v. Andrews*, 238 F.3d 1006, 1108 (9th Cir. 2001).

UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. 4:20-CV-02254

8.     UBH and UHC object to Plaintiffs' Instruction 9 that each request be deemed "continuing in nature" on the ground that such obligation would be unduly burdensome given the broad scope and number of the requests.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

Any and all documents relied upon by You in responding to Interrogatory 1 in Plaintiffs' first set of interrogatories served on You.

**RESPONSE TO REQUEST NO. 1:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings, as well as plans whose members did not have any of the claims at issue.  UBH and UHC further object to this Request on the ground that the referenced interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "all" plans of a certain category.  In particular, Plaintiffs' request that UBH and UHC identify "all employee welfare health benefit plans insured and/or administered by" UBH and UHC which would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to the terms "employee welfare health benefit plans insured and/or administered by you" and "identify."  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is

7

1   limited time left in which this information can be identified and produced before the close of

2   discovery.  UBH and UHC further object to this Request on the grounds that the referenced

3   interrogatory exceeds the scope of the parties' agreed-upon claims and plan sample, which was

4   negotiated many months ago.  UBH and UHC also object to this Request to the extent that the

5   referenced interrogatory seeks information which is subject to a claim of privilege or which is

6   otherwise protected from disclosure.  UBH and UHC further object to this Request on the grounds

7   that the referenced interrogatory seeks information outside the statute of limitations.

8         Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

9   follows:  No documents were relied upon in responding to Interrogatory No. 1.

10  **REQUEST NO. 2:**

11        Any and all documents relied upon by You in responding to Interrogatory 2 in Plaintiffs' first

12  set of interrogatories served on You.

13  **RESPONSE TO REQUEST NO. 2:**

14        UBH and UHC hereby incorporate their General Objections in their entirety into this

15  response.  UBH and UHC further object to this Request on the ground that the referenced

16  interrogatory seeks information about topics other than the reimbursement amount for out-of-network

17  claims for intensive outpatient programs to treat substance abuse for which rates were calculated

18  using Viant's OPR product, including plans that did not include Viant's OPR product in its program

19  offerings, as well as plans whose members did not have any of the claims at issue.  UBH and UHC

20  further object to this Request on the grounds that the referenced interrogatory is overly broad and

21  unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "all"

22  plans of a certain category.  In particular, Plaintiffs' request that UBH and UHC identify "all

23  employee welfare health benefit plans insured and/or administered by" UBH and UHC involving

24  particular plan language, which would require UBH and UHC to review thousands of client

25  relationships and health plans individually, most of which are completely irrelevant to the allegations

26  in this action.  UBH and UHC further object to the extent the referenced interrogatory is suggesting

27  that all of the listed phrases mean the same thing, or that they all require reimbursement based on

28  provider charges, as opposed to competitive fees, amounts accepted, or other reimbursement

Gibson, Dunn &
Crutcher LLP

8

UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. 4:20-CV-02254

methodologies.  UBH and UHC further object to this Request on the ground that the referenced

interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it

seeks information about plans that did not include Viant's OPR product.  UBH and UHC further

object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to

the terms "employee welfare health benefit plans insured and/or administered by you" and "identify."

UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or

UHC's possession, custody, or control, or more reasonably obtained from a party or third party other

than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve

their first set of interrogatories and now there is limited time left in which this information can be

identified and produced before the close of discovery.  UBH and UHC further object to this Request

on the grounds that the referenced interrogatory exceeds the scope of the parties' agreed-upon claims

sample, which was negotiated months ago.  UBH and UHC further object to this Request as the

referenced interrogatory seeks information contained in documents that have been produced in

discovery, in searchable form, so therefore Plaintiffs can search for and identify any specific words

and phrases they wish to identify.  UBH and UHC also object to this Request to the extent that it

seeks information which is subject to a claim of privilege or which is otherwise protected from

disclosure.  UBH and UHC further object to this Request on the grounds that the referenced

interrogatory seeks information outside the statute of limitations.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

follows:  UBH000029 (Apple 2018 SPD); UBH000634 (Apple 2019 SPD); UHC000208108

(American Express 2015); UHC000208280 (American Express 2016); UHC000208650 (American

Express 2017); UHC000208451 (American Express 2018); UHC000209937 (Cisco 2018);

UHC000210186-10286 (Cisco 2019); UHC000210286-UHC000210594 (Cisco 2020);

UHC000210594 to UHC000210857 (Cisco 2021); UHC000211462-UHC000212016 (Deloitte 2017);

UHC000219215-UHC000220054, UHC000220220-UHC000221094 and UHC000221260-

UHC000226409 (Discovery Inc 2016-2022); UHC000233907-UHC000237003 and UHC000237005-

UHC000237621 (Goldman Sachs 2017-2021); UHC000239211-UHC000240136 and

UHC000240149-UHC000246809 (Mastercard 2017-2021); UHC000250706-UHC000251255 and

9

UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. 4:20-CV-02254

UHC000252088-UHC000255728 (Nestle USA); UHC000255771-UHC000258818 (Paypal 2017-2022); UHC000261348-UHC000262193; UHC000262353-UHC000262522; UHC000262684-UHC000264034; UHC000264194-UHC000264363; UHC000264525-UHC000265875; UHC000266035-UHC000266208; UHC000266374-UHC000267238; UHC000267403-UHC000268089; UHC000268255-UHC000269632 (Salesforce 2021-2022); UHC000269797-UHC000269960; UHC000270674-UHC000271353; UHC000272100-UHC000272814; UHC000273510-UHC000274182; UHC000274527-UHC000274853; UHC000275196-UHC000275521; UHC000275900-UHC000276783 (Target 2018-2021); UHC000277823-UHC000278374; UHC000278547-UHC000279069; UHC000279242-UHC000279762; UHC000279933-UHC000280100; UHC000280271-UHC000282948 (Tesla 2018-2020); and UHC000288877-UHC000289793 (Viacom 2016).

**REQUEST NO. 3:**

Any and all documents relied upon by You in responding to Interrogatory 3 in Plaintiffs' first set of interrogatories served on You.

**RESPONSE TO REQUEST NO. 3:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "all" plans of a certain category.  In particular, Plaintiffs' request that UBH and UHC identify "all employee welfare health benefit plans insured and/or administered by" UBH and UHC which would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that

did not include Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to the terms "employee welfare health benefit plans insured and/or administered by you" and "identify."  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory exceeds the scope of the parties' agreed-upon claims sample, which was negotiated months ago.  UBH and UHC further object to this Request as the referenced interrogatory seeks information contained in documents that have been produced in discovery, in searchable form, so therefore Plaintiffs can search for and identify any specific words and phrases they wish to identify.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory seeks information outside the statute of limitations.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows:  UHC000083532 (Apple 2016), UHC000083873 (Apple 2017), UBH000029 (Apple 2018), UHC000247252 (Morgan Stanley 2016), UHC000251396 (Oracle 2016), and UHC000251357 (American Express 2016).  *See also* UHC000233632 (Georgia-Pacific 2019 SPD) (similar language section); UHC000215509 (Delta 2019 SPD) (similar language section).

**REQUEST NO. 4**:

Any and all documents relied upon by You in responding to Interrogatory 4 in Plaintiffs' first set of interrogatories served on You.

**RESPONSE TO REQUEST NO. 4**:

UBH and UHC hereby incorporate their General Objections in their entirety into this response.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information  about UBH and UHC hereby incorporate their General Objections in

11

their entirety into this response.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "all" plans of a certain category.  In particular, Plaintiffs' request that UBH and UHC identify "all employee welfare health benefit plans insured and/or administered by" UBH and UHC which would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to the terms "employee welfare health benefit plans insured and/or administered by you" and "identify."  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory exceeds the scope of the parties' agreed-upon claims sample, which was negotiated months ago.  UBH and UHC further object to this Request as the referenced interrogatory seeks information contained in documents that have been produced in discovery, in searchable form, so therefore Plaintiffs can search for and identify any specific words and phrases they wish to identify. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory seeks information outside the statute of limitations.

UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. 4:20-CV-02254

Gibson, Dunn &
Crutcher LLP

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows:  UBH000634 (Apple 2019 SPD); UHC000013594; UHC000208108 (American Express 2015); UHC000208280 (American Express 2016); UHC000208650 (American Express 2017); UHC000208451 (American Express 2018); Cisco 2018 UHC000209850-10095 (Cisco 2018); UHC000210186-10286 (Cisco 2019); UHC000210286-UHC000210594 (Cisco 2020); UHC000210594 to UHC000210857 (Cisco 2021); UHC000211462-UHC000212016 (Deloitte 2017); UHC000219215-UHC000220054, UHC000220220-UHC000221094 and UHC000221260-UHC000226409 (Discovery Inc 2016-2022); UHC000233907-UHC000237003 and UHC000237005-UHC000237621 (Goldman Sachs 2017-2021); UHC000239211-UHC000240136 and UHC000240149-UHC000246809 (Mastercard 2017-2021); UHC000250706-UHC000251255 and UHC000252088-UHC000255728 (Nestle USA); UHC000251537 (Oracle 2019 SPD); UHC000255771-UHC000258818 (Paypal 2017-2022); UHC000258978 (Raytheon 2016 SPD); UHC000261348-UHC000262193; UHC000262353-UHC000262522; UHC000262684-UHC000264034; UHC000264194-UHC000264363; UHC000264525-UHC000265875; UHC000266035-UHC000266208; UHC000266374-UHC000267238; UHC000267403-UHC000268089; UHC000268255-UHC000269632 (Salesforce 2021-2022); UHC000269797-UHC000269960; UHC000270674-UHC000271353; UHC000272100-UHC000272814; UHC000273510-UHC000274182; UHC000274527-UHC000274853; UHC000275196-UHC000275521; UHC000275900-UHC000276783 (Target 2018-2021); UHC000277823-UHC000278374; UHC000278547-UHC000279069; UHC000279242-UHC000279762; UHC000279933-UHC000280100; UHC000280271-UHC000282948 (Tesla 2018-2020); and UHC000288877-UHC000289793 (Viacom 2016).

**REQUEST NO. 5:**

Any and all documents relied upon by You in responding to Interrogatory 5 in Plaintiffs' first set of interrogatories served on You.

**RESPONSE TO REQUEST NO. 5:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response.  UBH and UHC further object to this Request on the ground that the referenced

13

interrogatory seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings. UBH and UHC further object to this Request on the grounds that the referenced interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "all Persons" of a certain category to determine who may have been involved in drafting plan language for each one of potentially thousands of plans. In particular, Plaintiffs' Request would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action. Moreover, each plan document is customized and varies from plan to plan, and most or all of the ASO plans (which account for most or all of the putative class) control their own plan design and language. UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product. UBH and UHC further object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to the terms "Identify" and "Persons." UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure. UBH and UHC further object to this Request on the grounds that the referenced interrogatory seeks information outside the statute of limitations.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows: No documents were relied upon in responding to Interrogatory No. 5.

**REQUEST NO. 6:**

Any and all documents relied upon by You in responding to Interrogatory 6 in Plaintiffs' first set of interrogatories served on You.

Gibson, Dunn & Crutcher LLP

14

UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 6:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to the terms "underwriting analyses," "considered," "conducted," "reviewed," and "implications."  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure, including but not limited to the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or protection.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory seeks information outside the statute of limitations.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows:  UHC000089628, UHC000089886, UHC000199259, UHC000097146, UHC000097182, UHC000097224, UHC000097226, UHC000047103, UHC000047105, UHC000047109, UHC000017763, UHC000202919, UHC000185868, and UHC000096196.

**REQUEST NO. 7:**

Any and all documents relied upon by You in responding to Interrogatory 7 in Plaintiffs' first set of interrogatories served on You.

**RESPONSE TO REQUEST NO. 7:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to the terms "actuarial analyses," "considered," "conducted," "reviewed," and "implications."  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure, including but not limited to the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or protection.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory seeks information outside the statute of limitations.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows:  UHC000089628, UHC000089886, UHC000199259, UHC000097146, UHC000097182, UHC000097224, UHC000097226, UHC000047103, UHC000047105, UHC000047109, UHC000017763, UHC000202919, UHC000185868, and UHC000096196.

**REQUEST NO. 8:**

Any and all documents relied upon by You in responding to Interrogatory 8 in Plaintiffs' first set of interrogatories served on You.

16

Gibson, Dunn &
Crutcher LLP

**RESPONSE TO REQUEST NO. 8:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response. UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings. UBH and UHC further object to this Request on the grounds that the referenced interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "all committees and committee members" of a certain category to determine who may have been involved in drafting plan language for each one of potentially thousands of plans. In particular, Plaintiffs' Request would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action. Moreover, each plan document is customized and varies from plan to plan, and most or all of the ASO plans (which account for most or all of the putative class) control their own plan design and language. UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product. UBH and UHC further object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to the terms "Identify" and "committees." UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure. UBH and UHC further object to this Request on the grounds that the referenced interrogatory seeks information outside the statute of limitations.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows:  No documents were relied upon in responding to Interrogatory No. 8.

**REQUEST NO. 9:**

Any and all documents relied upon by You in responding to Interrogatory 9 in Plaintiffs' first set of interrogatories served on You.

**RESPONSE TO REQUEST NO. 9:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "processes and procedures" of a certain category to determine involved in drafting plan language for each one of potentially thousands of plans.  In particular, Plaintiffs' Request would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action.  Moreover, each plan document is customized and varies from plan to plan, and most or all of the ASO plans (which account for most or all of the putative class) control their own plan design and language.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to the terms "Describe" and "processes."  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery.  UBH and UHC also object

18

Gibson, Dunn & Crutcher LLP

1   to this Request to the extent that it seeks information which is subject to a claim of privilege or which

2   is otherwise protected from disclosure.  UBH and UHC further object to this Request on the grounds

3   that the referenced interrogatory seeks information outside the statute of limitations.

4   　　　　Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

5   follows:  No documents were relied upon in responding to Interrogatory No. 9.

6   **REQUEST NO. 10:**

7   　　　　Any and all documents relied upon by You in responding to Interrogatory 10 in Plaintiffs'

8   first set of interrogatories served on You.

9   **RESPONSE TO REQUEST NO. 10:**

10   　　　　UBH and UHC hereby incorporate their General Objections in their entirety into this

11   response.  UBH and UHC further object to this Request on the ground that the referenced

12   interrogatory seeks information about topics other than the reimbursement amount for out-of-network

13   claims for intensive outpatient programs to treat substance abuse for which rates were calculated

14   using Viant's OPR product, including plans that did not include Viant's OPR product in its program

15   offerings.  UBH and UHC further object to this Request on the grounds that the referenced

16   interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force

17   UHC and UBH to identify "all Persons" who had certain responsibilities for each one of potentially

18   thousands of plans.  UBH and UHC further object to this Request on the grounds that the referenced

19   interrogatory is vague and ambiguous as to the terms "out of network savings" and "vendor

20   programs."  UBH and UHC further object to this Request to the extent it seeks information outside of

21   UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third

22   party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months

23   to serve their first set of interrogatories and now there is limited time left in which this information

24   can be identified and produced before the close of discovery.  UBH and UHC also object to this

25   Request to the extent that it seeks information which is subject to a claim of privilege or which is

26   otherwise protected from disclosure, including but not limited to the attorney-client privilege, the

27   attorney work-product doctrine, confidentiality agreements, or any other applicable privilege,

28

UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. 4:20-CV-02254

doctrine, or protection.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory seeks information outside the statute of limitations.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows:  No documents were relied upon in responding to Interrogatory No. 10.

**REQUEST NO. 11:**

Any and all documents relied upon by You in responding to Interrogatory 11 in Plaintiffs' first set of interrogatories served on You.

**RESPONSE TO REQUEST NO. 11:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "all" plans of a certain category.  In particular, Plaintiffs' request that UBH and UHC identify "all employee welfare health benefit plans insured and/or administered by" UBH and UHC which would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to the terms "employee welfare health benefit plans insured and/or administered by you."  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of

discovery.  UBH and UHC further object to this Request as the referenced interrogatory seeks information contained in documents that have been produced in discovery, in searchable form, so therefore Plaintiffs can search for and identify any specific words and phrases they wish to identify. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory seeks information outside the statute of limitations.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows:  UHC000013594; UHC000208051-UHC000208063 (American Express ASA); UHC00208946 and UHC000209050 (American Express SPD 2021); UHC000209101 (Cisco ASA); UHC000210104 (2018 Cisco SPD), UHC000210297-98UHC209861 (2019 Cisco SPD); UHC000210349 (Cisco 2020 SPD);  UHC000210608 (Cisco SPD 2021); UHC000211002 (Coca-Cola ASA); UHC000211239 (Deloitte ASA); UHC000211485 and UHC000211434 (Deloitte 2017 SPD); UHC000212127 (Delta ASA); UHC000214523-524 (Delta SPD);  UHC000228001 (General Dynamics ASA); UHC000228268 (General Dynamics 2017 SPD) UHC000229433 (General Dynamics 2018 SPD); UHC000233919 (Goldman Sachs 2017 SPD); UHC000237752 (JP Morgan Chase ASA); UHC000246860 (Morgan Stanley ASA); UHC000248125 (Morgan Stanley 2018 SPD); UHC000248572 (Nestle SPD); UHC000258828 (Raytheon ASA); UHC000252422 (PayPal 2017 SPD); and UHC000263039 (Salesforce 2020 SPD); UHC000287082 (Union Pacific SPD 2018); UHC000288853 (Viacom 2018 ASA);  UHC000293645 (VMWare 2019 SPD).

**REQUEST NO. 12:**

Any and all documents relied upon by You in responding to Interrogatory 12 in Plaintiffs' first set of interrogatories served on You.

**RESPONSE TO REQUEST NO. 12:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated

using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "all" plans of a certain category.  In particular, Plaintiffs' request that UBH and UHC identify "all employee welfare health benefit plans insured and/or administered by" UBH and UHC which would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to the terms "employee welfare health benefit plans insured and/or administered by you."  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery.  UBH and UHC further object to this Request as the referenced interrogatory seeks information contained in documents that have been produced in discovery, in searchable form, so therefore Plaintiffs can search for and identify any specific words and phrases they wish to identify. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory seeks information outside the statute of limitations.  UBH and UHC further object to the extent this Request is duplicative of other Requests.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows:  No documents were relied upon in responding to Interrogatory No. 12.

**REQUEST NO. 13:**

Any and all documents relied upon by You in responding to Interrogatory 13 in Plaintiffs' first set of interrogatories served on You.

**RESPONSE TO REQUEST NO. 13:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response. UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings. UBH and UHC further object to this Request on the grounds that the referenced interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "all" plans of a certain category. In particular, Plaintiffs' request that UBH and UHC identify "all employee welfare health benefit plans insured and/or administered by" UBH and UHC which would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action. UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product. UBH and UHC further object to this Request on the grounds that it is vague and ambiguous as to the terms "employee welfare health benefit plans insured and/or administered by you." UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery. UBH and UHC further object to this Request as the referenced interrogatory seeks information contained in documents that have been produced in discovery, in searchable form, so therefore Plaintiffs can search for and identify any specific words and phrases they wish to identify. UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure. UBH and UHC further object to this Request on the grounds that the referenced interrogatory seeks information outside the statute of limitations.

UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. 4:20-CV-02254

Gibson, Dunn &
Crutcher LLP

1  Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

2  follows:  UHC000260999.

3  **REQUEST NO. 14:**

4  Any and all documents relied upon by You in responding to Interrogatory 14 in Plaintiffs'

5  first set of interrogatories served on You.

6  **RESPONSE TO REQUEST NO. 14:**

7  UBH and UHC hereby incorporate their General Objections in their entirety into this

8  response.  UBH and UHC further object to this Request on the ground that the referenced

9  interrogatory seeks information about topics other than the reimbursement amount for out-of-network

10  claims for intensive outpatient programs to treat substance abuse for which rates were calculated

11  using Viant's OPR product, including plans that did not include Viant's OPR product in its program

12  offerings.  UBH and UHC further object to this Request on the ground that the referenced

13  interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it

14  seeks information about plans that did not include Viant's OPR product.  UBH and UHC further

15  object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to

16  the terms "actuarial, underwriting, or other analyses," "considered," "conducted," "reviewed," and

17  "implications."  UBH and UHC further object to this Request to the extent it seeks information

18  outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a

19  party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs

20  waited months to serve their first set of interrogatories and now there is limited time left in which this

21  information can be identified and produced before the close of discovery.  UBH and UHC also object

22  to this Request to the extent that it seeks information which is subject to a claim of privilege or which

23  is otherwise protected from disclosure, including but not limited to the attorney-client privilege, the

24  attorney work-product doctrine, confidentiality agreements, or any other applicable privilege,

25  doctrine, or protection.  UBH and UHC further object to this Request on the grounds that the

26  referenced interrogatory seeks information outside the statute of limitations.

27  Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

28  follows:  UHC000089628, UHC000089886, UHC000199259, UHC000097146, UHC000097182,

1  UHC000097224, UHC000097226, UHC000047103, UHC000047105, UHC000047109,

2  UHC000017763, UHC000202919, UHC000185868, and UHC000096196.

3  **REQUEST NO. 15:**

4       Any and all documents relied upon by You in responding to Interrogatory 15 in Plaintiffs'

5  first set of interrogatories served on You.

6  **RESPONSE TO REQUEST NO. 15:**

7       UBH and UHC hereby incorporate their General Objections in their entirety into this

8  response.  UBH and UHC further object to this Request on the ground that the referenced

9  interrogatory seeks information about topics other than the reimbursement amount for out-of-network

10  claims for intensive outpatient programs to treat substance abuse for which rates were calculated

11  using Viant's OPR product, including plans that did not include Viant's OPR product in its program

12  offerings.  UBH and UHC further object to this Request on the grounds that the referenced

13  interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force

14  UHC and UBH to describe in detail "any and all actuarial, underwriting, or other analyses" for each

15  one of potentially thousands of plans.  In particular, Plaintiffs' Request would require UBH and UHC

16  to review thousands of client relationships and health plans, most of which are completely irrelevant

17  to the allegations in this action.  UBH and UHC further object to this Request on the ground that the

18  referenced interrogatory seeks information not involving Plaintiffs or any putative class members to

19  the extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC

20  further object to this Request on the grounds that the referenced interrogatory is vague and

21  ambiguous as to the terms "actuarial, underwriting, or other analyses," "considered," "conducted,"

22  "reviewed," and "implications," and "rates recommended by Viant to pay out-of-network benefits."

23  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or

24  UHC's possession, custody, or control, or more reasonably obtained from a party or third party other

25  than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve

26  their first set of interrogatories and now there is limited time left in which this information can be

27  identified and produced before the close of discovery.  UBH and UHC also object to this Request to

28  the extent that it seeks information which is subject to a claim of privilege or which is otherwise

1   protected from disclosure, including but not limited to the attorney-client privilege, the attorney

2   work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or

3   protection.  UBH and UHC further object to this Request on the grounds that the referenced

4   interrogatory seeks information outside the statute of limitations.

5        Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

6   follows:  UHC000089628, UHC000089886, UHC000199259, UHC000097146, UHC000097182,

7   UHC000097224, UHC000097226, UHC000047103, UHC000047105, UHC000047109,

8   UHC000017763, UHC000202919, UHC000185868, and UHC000096196.

9   **REQUEST NO. 16:**

10       Any and all documents relied upon by You in responding to Interrogatory 16 in Plaintiffs'

11  first set of interrogatories served on You.

12  **RESPONSE TO REQUEST NO. 16:**

13       UBH and UHC hereby incorporate their General Objections in their entirety into this

14  response.  UBH and UHC further object to this Request on the ground that the referenced

15  interrogatory seeks information about topics other than the reimbursement amount for out-of-network

16  claims for intensive outpatient programs to treat substance abuse for which rates were calculated

17  using Viant's OPR product, including any changes to percentiles that did not impact the claims at

18  issue in this case (*e.g.*, changes to the percentiles for reimbursement of ambulatory surgical centers,

19  which are not at issue in this case).  UBH and UHC further object to this Request on the ground that

20  the referenced interrogatory seeks information not involving Plaintiffs or any putative class members

21  to the extent it seeks information about plans that did not include Viant's OPR product.  UBH and

22  UHC further object to this Request on the grounds that the referenced interrogatory is vague and

23  ambiguous as to the terms "actuarial, underwriting, or other analyses," "considered," "conducted,"

24  "reviewed," and "implications."  UBH and UHC further object to this Request to the extent it seeks

25  information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained

26  from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that

27  Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in

28  which this information can be identified and produced before the close of discovery.  UBH and UHC

1  also object to this Request to the extent that it seeks information which is subject to a claim of

2  privilege or which is otherwise protected from disclosure, including but not limited to the attorney-

3  client privilege, the attorney work-product doctrine, confidentiality agreements, or any other

4  applicable privilege, doctrine, or protection.  UBH and UHC further object to this Request on the

5  grounds that the referenced interrogatory seeks information outside the statute of limitations.

6          Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

7  follows:  UHC000205524-UHC000205528, and UHC000207874-UHC000207875.

8  **REQUEST NO. 17:**

9          Any and all documents relied upon by You in responding to Interrogatory 17 in Plaintiffs'

10  first set of interrogatories served on You.

11  **RESPONSE TO REQUEST NO. 17:**

12          UBH and UHC hereby incorporate their General Objections in their entirety into this

13  response.  UBH and UHC further object to this Request on the ground that the referenced

14  interrogatory seeks information about topics other than the reimbursement amount for out-of-network

15  claims for intensive outpatient programs to treat substance abuse for which rates were calculated

16  using Viant's OPR product, including plans that did not include Viant's OPR product in its program

17  offerings.  UBH and UHC further object to this Request on the ground that the referenced

18  interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it

19  seeks information about plans that did not include Viant's OPR product.  UBH and UHC further

20  object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to

21  the terms "underwriting analyses," "considered," "conducted," "reviewed," and "implications."  UBH

22  and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's

23  possession, custody, or control, or more reasonably obtained from a party or third party other than

24  UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their

25  first set of interrogatories and now there is limited time left in which this information can be

26  identified and produced before the close of discovery.  UBH and UHC also object to this Request to

27  the extent that it seeks information which is subject to a claim of privilege or which is otherwise

28  protected from disclosure, including but not limited to the attorney-client privilege, the attorney

Gibson, Dunn &
Crutcher LLP

1   work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or

2   protection.  UBH and UHC further object to this Request on the grounds that the referenced

3   interrogatory seeks information outside the statute of limitations.

4          Subject to and without waiving the foregoing objections, UBH and UHC hereby responds as

5   follows:  UHC000205524-UHC000205528, and UHC000207874-UHC000207875.

6   **REQUEST NO. 18:**

7          Any and all documents relied upon by You in responding to Interrogatory 18 in Plaintiffs'

8   first set of interrogatories served on You.

9   **RESPONSE TO REQUEST NO. 18:**

10          UBH and UHC hereby incorporate their General Objections in their entirety into this

11   response.  UBH and UHC further object to this Request on the ground that the referenced

12   interrogatory seeks information about topics other than the reimbursement amount for out-of-network

13   claims for intensive outpatient programs to treat substance abuse for which rates were calculated

14   using Viant's OPR product, including plans that did not include Viant's OPR product in its program

15   offerings.  UBH and UHC further object to this Request on the ground that the referenced

16   interrogatory seeks information not involving Plaintiffs or any putative class members to the extent it

17   seeks information about plans that did not include Viant's OPR product.  UBH and UHC further

18   object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to

19   the terms "actuarial analyses," "considered," "conducted," "reviewed," and "implications."  UBH and

20   UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's

21   possession, custody, or control, or more reasonably obtained from a party or third party other than

22   UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their

23   first set of interrogatories and now there is limited time left in which this information can be

24   identified and produced before the close of discovery.  UBH and UHC also object to this Request to

25   the extent that it seeks information which is subject to a claim of privilege or which is otherwise

26   protected from disclosure, including but not limited to the attorney-client privilege, the attorney

27   work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or

28

protection.  UBH and UHC further object to this Request on the grounds that the referenced

interrogatory seeks information outside the statute of limitations.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

follows:  UHC000205524-UHC000205528, and UHC000207874-UHC000207875.

**REQUEST NO. 19:**

Any and all documents relied upon by You in responding to Interrogatory 19 in Plaintiffs'

first set of interrogatories served on You.

**RESPONSE TO REQUEST NO. 19:**

UBH and UHC hereby incorporate their General Objections in their entirety into this

response.  UBH and UHC further object to this Request on the ground that the referenced

interrogatory seeks information about topics other than the reimbursement amount for out-of-network

claims for intensive outpatient programs to treat substance abuse for which rates were calculated

using Viant's OPR product, including plans that did not include Viant's OPR product in its program

offerings.  UBH and UHC further object to this Request on the grounds that the referenced

interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force

UHC and UBH to "describe in detail."  UBH and UHC further object to this Request on the grounds

that the referenced interrogatory is vague and ambiguous as to the terms "describe," "detail," "cost,"

and "processing," particularly to the extent this Request is asking for a generalized "cost" associated

with "an out-of-network claim," when these costs can vary widely from claim to claim and based on

various factors.  UBH and UHC further object to this Request to the extent it seeks information

outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a

party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs

waited months to serve their first set of interrogatories and now there is limited time left in which this

information can be identified and produced before the close of discovery.  UBH and UHC also object

to this Request to the extent that it seeks information which is subject to a claim of privilege or which

is otherwise protected from disclosure, including but not limited to the attorney-client privilege, the

attorney work-product doctrine, confidentiality agreements, or any other applicable privilege,

doctrine, or protection.

Gibson, Dunn &
Crutcher LLP

1      Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

2  follows:  No documents were relied upon in responding to Interrogatory No. 19.

3  **REQUEST NO. 20:**

4      Any and all documents relied upon by You in responding to Interrogatory 20 in Plaintiffs'

5  first set of interrogatories served on You.

6  **RESPONSE TO REQUEST NO. 20:**

7      UBH and UHC hereby incorporate their General Objections in their entirety into this

8  response.  UBH and UHC further object to this Request on the ground that the referenced

9  interrogatory seeks information about topics other than the reimbursement amount for out-of-network

10  claims for intensive outpatient programs to treat substance abuse for which rates were calculated

11  using Viant's OPR product, including plans that did not include Viant's OPR product in its program

12  offerings.  UBH and UHC further object to this Request on the grounds that the referenced

13  interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force

14  UHC and UBH to "describe in detail."  UBH and UHC further object to this Request on the grounds

15  that the referenced interrogatory is vague and ambiguous as to the terms "describe," "detail,"

16  "reference numbers," "verification of benefits," "authorization of benefits," "utilization review," and

17  "similar calls."  UBH and UHC further object to this Request to the extent it seeks information

18  outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a

19  party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs

20  waited months to serve their first set of interrogatories and now there is limited time left in which this

21  information can be identified and produced before the close of discovery.  UBH and UHC also object

22  to this Request to the extent that it seeks information which is subject to a claim of privilege or which

23  is otherwise protected from disclosure, including but not limited to the attorney-client privilege, the

24  attorney work-product doctrine, confidentiality agreements, or any other applicable privilege,

25  doctrine, or protection.

26      Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

27  follows:  No documents were relied upon in responding to Interrogatory No. 20.

28

UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. 4:20-CV-02254

**REQUEST NO. 21**:

Any and all documents relied upon by You in responding to Interrogatory 21 in Plaintiffs' first set of interrogatories served on You.

**RESPONSE TO REQUEST NO. 21**:

UBH and UHC hereby incorporate their General Objections in their entirety into this response.  UBH and UHC further object to this Request on the ground that the referenced interrogatory seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to "describe in detail."  UBH and UHC further object to this Request on the grounds that the referenced interrogatory is vague and ambiguous as to the terms "describe," "detail," "steps," "actions," "United," and "agents"  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery.  UBH and UHC also object to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure, including but not limited to the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, the United Defendants hereby respond as follows:  PLTFIRSTPROD0000001, PLTFIRSTPROD0000447, PLTFIRSTPROD0000984, UHC000088195, and UHC000296557.

**REQUEST NO. 22**:

Any and all documents relied upon by You in responding to Interrogatory 22 in Plaintiffs' first set of interrogatories served on You.

Gibson, Dunn &
Crutcher LLP

1   **RESPONSE TO REQUEST NO. 22**:

2          UBH and UHC hereby incorporate their General Objections in their entirety into this

3   response.  UBH and UHC further object to this Request on the ground that the referenced

4   interrogatory seeks information about topics other than the reimbursement amount for out-of-network

5   claims for intensive outpatient programs to treat substance abuse for which rates were calculated

6   using Viant's OPR product, including plans that did not include Viant's OPR product in its program

7   offerings.  UBH and UHC further object to this Request on the grounds that the referenced

8   interrogatory is overly broad and unduly burdensome, including to the extent that it seeks to force

9   UHC and UBH to identify "any studies, analysis, or projects" regarding plan language for each one

10  of potentially thousands of plans.  In particular, Plaintiffs' Request would require UBH and UHC to

11  review thousands of client relationships and health plans, most of which are completely irrelevant to

12  the allegations in this action.  UBH and UHC further object to this Request on the ground that the

13  referenced interrogatory seeks information not involving Plaintiffs or any putative class members to

14  the extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC

15  further object to this Request on the grounds that the referenced interrogatory is vague and

16  ambiguous as to the terms "Describe" and "projects."  UBH and UHC further object to this Request

17  to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more

18  reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object

19  on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is

20  limited time left in which this information can be identified and produced before the close of

21  discovery.  UBH and UHC also object to this Request to the extent that it seeks information which is

22  subject to a claim of privilege or which is otherwise protected from disclosure.  UBH and UHC

23  further object to this Request on the grounds that the referenced interrogatory seeks information

24  outside the statute of limitations.

25          Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

26  follows:  No documents were relied upon in responding to Interrogatory No. 22.

27

28

Gibson, Dunn &
Crutcher LLP

UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. 4:20-CV-02254

1    Dated: July 7, 2022

2                                GIBSON, DUNN & CRUTCHER LLP

3

4                                By:   */s/ Geoffrey Sigler*
                                       Geoffrey Sigler (admitted *pro hac vice*)
5

6                                Attorneys for Defendant
                                 UNITED BEHAVIORAL HEALTH and UNITED
7                                HEALTHCARE INSURANCE COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

**CERTIFICATE OF SERVICE**

I, hereby certify that on this 7th day of July 2022, pursuant to an agreement of the parties dated April 23, 2021, a copy of the foregoing was served via email to the following:

**Matthew M. Lavin, Esq. (*pro hac vice*)**
**Aaron Richard Modiano (*pro hac vice*)**
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 2006
matt.lavin@agg.com
aaron.modiano@agg.com

**David M. Lilienstein**
**Katie J. Spielman**
DL Law Group
345 Franklin St.
San Francisco, CA 94102
david@dllawgroup.com
katie@dllawgroup.com

*/s/ Geoffrey Sigler*
Geoffrey M. Sigler

Gibson, Dunn &
Crutcher LLP

34
UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. 4:20-CV-02254

1  HEATHER L. RICHARDSON, SBN 246517
     hrichardson@gibsondunn.com
2  LAUREN M. BLAS, SBN 296823
     lblas@gibsondunn.com
3  NICOLE R. MATTHEWS, SBN 328977
     nmatthews@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
5  Los Angeles, CA  90071-3197
   Telephone: 213.229.7000
6  Facsimile:  213.229.7520

7  GEOFFREY SIGLER (*admitted pro hac vice*)
     gsigler@gibsondunn.com
8  GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.
9  Washington, DC  20036-5306
   Telephone: 202.955.8500
10  Facsimile:  202.467.0539

11  Attorneys for Defendants
   UNITED BEHAVIORAL HEALTH and
12  UNITED HEALTHCARE INSURANCE COMPANY

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                   OAKLAND DIVISION

16  LD, DB, BW, RH and CJ, on behalf of         CASE NO. 4:20-cv-02254
    themselves and all others similarly situated,
17                                              **DEFENDANTS UNITED BEHAVIORAL**
                        Plaintiffs,             **HEALTH'S AND UNITED HEALTHCARE**
18                                              **INSURANCE COMPANY'S RESPONSES**
            v.                                  **AND OBJECTIONS TO PLAINTIFFS'**
19                                              **FIRST SET OF INTERROGATORIES**
   UNITED HEALTHCARE INSURANCE
20  COMPANY, a Connecticut Corporation,
   UNITED BEHAVIORAL HEALTH, a
21  California Corporation, and MULTIPLAN
   INC., a New York corporation,
22
23                      Defendants.

24  PROPOUNDING PARTY:          LD, DB, BW, RH and CJ

25  RESPONDING PARTY:           UNITED BEHAVIORAL HEALTH and UNITED

26                              HEALTHCARE INSURANCE COMPANY

27  SET NUMBER:                 One (1)

28

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules

2    for the United States District Court for the Northern District of California, Defendants United

3    Behavioral Health ("UBH") and United Healthcare Insurance Co. ("UHC") ("United Defendants")

4    respond to Plaintiffs' First Set of Interrogatories (the "Interrogatories" and each individual

5    "Interrogatory").

## PRELIMINARY STATEMENT

7    1.    UBH's and UHC's responses to the Interrogatories are made to the best of United

8    Defendants' current knowledge, information, and belief.  United Defendants reserve the right to

9    supplement or amend any of their responses should future investigation indicate that such

10   supplementation or amendment is necessary.

11   2.    UBH's and UHC's responses to the Interrogatories are made solely for the purpose of

12   and in relation to this action.  Each response is given subject to all appropriate objections (including,

13   but not limited to, objections concerning privilege, competency, relevancy, materiality, propriety and

14   admissibility).  All objections are reserved and may be interposed at any time.

15   3.    UBH's and UHC's responses are based on their understanding that Plaintiffs seek only

16   information that is within United Defendants' possession, custody, and control.

17   4.    UBH's and UHC incorporate by reference each and every general objection set forth

18   into each and every specific response.  From time to time, a specific response may repeat a general

19   objection for emphasis or some other reason.  The failure to include any general objection in any

20   specific response shall not be interpreted as a waiver of any general objection to that response.

21   5.    Nothing contained in these objections or provided in response to the Interrogatories

22   consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or

23   nonexistence of any alleged facts or information references in any Interrogatory.

## GENERAL OBJECTIONS

25   1.    UBH and UHC object to each and every Interrogatory, Definition, and Instruction to

26   the extent it purports to impose obligations on UBH and UHC greater than or beyond those required

27   under the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Civil Rules of the United

28

UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES
CASE NO. 4:20-CV-02254

Gibson, Dunn &
Crutcher LLP

States District Court for the Northern District of California ("Local Rules"), or the Parties' anticipated ESI Protocol.

2.      UBH and UHC object to each and every Interrogatory, Definition, and Instruction as overly broad to the extent it seeks discovery on merits issues outside the scope of the administrative record for the claims at issue in this case.  Plaintiffs' case involves claims for benefits under ERISA, and therefore discovery should generally be limited to the administrative record for the claims at issue.  *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3.      UBH and UHC object to each and every Interrogatory, Definition, and Instruction to the extent that it seeks information that is exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or protection.

4.      UBH and UHC object to each and every Interrogatory, Definition, and Instruction as overly broad to the extent it seeks information not relevant to the claims or defenses of any party, or information disproportionate to the needs of the case and of such marginal relevance that its probative value is substantially outweighed by the burden imposed on UBH and UHC in having to search for and provide such information.

5.      UBH and UHC object to each and every Interrogatory, Definition, and Instruction to the extent that it seeks proprietary or other confidential information.  To the extent any confidential health information or other sensitive or protected business information is non-privileged and responsive to these Interrogatories and not otherwise objectionable, UBH and UHC will provide such information pursuant to the protections stipulated in the Parties' protective order and in accordance with such other procedures as the Parties or Court may establish to protect sensitive or confidential information.  UBH and UHC also reserve the right to redact discrete categories of especially sensitive information that are not directly relevant to the issues in this case.

6.      UBH and UHC object to each and every Interrogatory, Definition, and Instruction to the extent that the information requested is already in Plaintiffs' possession or are available to Plaintiffs from another source that is more convenient, less burdensome, or less expensive.

7.      UBH and UHC object to each and every Interrogatory, Definition, and Instruction to the extent it calls for information, the retrieval of which would be unduly burdensome.

8.      UBH and UHC object to each and every Interrogatory, Definition, and Instruction to the extent it calls for production of electronic information that is not reasonably accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore.

9.      UBH and UHC object to each and every Interrogatory, Definition, and Instruction to the extent that it implicates the privacy interests of third parties established by law, contract, or custom.  This includes, but is not limited to, information covered by the Health Insurance Portability and Accountability Act, and in particular sensitive health information regarding the mental health and substance abuse conditions and treatments of participants and beneficiaries who are not named Plaintiffs in this case.  To the extent any confidential health information is non-privileged and responsive to the Interrogatory and not otherwise objectionable, UBH and UHC will provide such information pursuant to the Protective Order, and reserves the right to redact identifiers and other patient-specific information as well.

10.     UBH and UHC object to each and every Interrogatory, Definition, and Instruction to the extent that it seeks information outside of UBH's and UHC's possession, custody, and control, including to the extent any Requests seek information from a "United" entity other than UBH and UHC.

11.     Nothing contained herein or provided in response to the Interrogatory consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Interrogatory.  By indicating that it will produce non-objectionable, non-privileged responses, UBH and UHC do not make a representation that such information exists or are in UBH's and UHC's possession, but only that UBH and UHC will conduct the reasonable searches indicated for the information sought.

12.     UBH and UHC object to each and every Interrogatory, Definition, and Instruction to the extent that it seeks information outside of the relevant scope of discovery and statute of limitations for this case which is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims.  *See Withrow v. Halsey*, 655 F.3d 1032, 1035–36 (9th Cir. 2011); *see also Pincay v.*

*Andrews*, 238 F.3d 1006, 1108 (9th Cir. 2001).  In the event that UBH and UHC agree to produce responses outside of the April 2, 2016 to present timeframe—the governing statute of limitations in this case—such agreement should be deemed limited to that specific Interrogatory and is not to be construed as a waiver or admission of any kind.

13.     UBH and UHC object to each and every Interrogatory, Definition, and Instruction to the extent that it is overly broad, unduly burdensome, and imposes substantial, unjustifiable, and significant discovery costs and search burdens on UBH and UHC.

14.     Inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery shall not constitute a waiver of any such claim with respect to the disclosed documents or communications or any other documents or communications or of the right of UBH and UHC to object to the use of any such documents or the subject matter thereof during subsequent proceedings.  In the event of inadvertent disclosure of such documents, Plaintiffs will return the documents to UBH and UHC and will be precluded from disclosing or relying upon such documents in any way.

15.     All the General Objections contained herein and Objections to Definitions and Instructions are expressly incorporated into each of the responses set forth below.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all employee welfare health benefit plans insured and/or administered by You, by plan sponsor and plan year, indicating whether the plan is Administrative Services Only ("ASO") or Fully Insured ("FI") in force from January 1, 2015 to present.

**RESPONSE TO INTERROGATORY NO. 1:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings, as well as plans whose members did not have any of the claims at issue.  UBH and UHC further object to this

Interrogatory on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "all" plans of a certain category.  In particular, Plaintiffs' request that UBH and UHC identify "all employee welfare health benefit plans insured and/or administered by" UBH and UHC which would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action.  UBH and UHC further object to this Interrogatory on the ground that it seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC further object to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "employee welfare health benefit plans insured and/or administered by you" and "identify."  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery.  UBH and UHC further object to this Interrogatory on the grounds that it exceeds the scope of the parties' agreed-upon claims and plan sample, which was negotiated many months ago. UBH and UHC also object to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure.  UBH and UHC further object to this Interrogatory on the grounds that it seeks information outside the statute of limitations.

Subject to and without waiving the foregoing objections, consistent with Rule 33(d), UBH and UHC will produce to Plaintiffs a supplemental claims data production, consistent with previously-discussed parameters designed to capture putative class claims (see letters dated November 29, 2021, December 20, 2021, and June 1, 2022), that will include fields identifying the plan corresponding to each claim line and state whether the plan is "ASO" (*i.e.*, self-funded") or fully insured.

**INTERROGATORY NO. 2:**

Identify all employee welfare health benefit plans insured and/or administered by You, by plan sponsor and plan year, from January 1, 2015 to present that state that out-of-network benefits are

1   paid based on a percentage of usual, customary, and reasonable ("UCR") rates or amounts,

2   reasonable and customary amounts, the prevailing rate, or other similar terms that base the rate of

3   payment on what other healthcare providers in a geographic area charge for their services.

4   **RESPONSE TO INTERROGATORY NO. 2:**

5           UBH and UHC hereby incorporate their General Objections in their entirety into this

6   response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

7   about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

8   programs to treat substance abuse for which rates were calculated using Viant's OPR product,

9   including plans that did not include Viant's OPR product in its program offerings, as well as plans

10  whose members did not have any of the claims at issue.  UBH and UHC further object to this

11  Interrogatory on the grounds that it is overly broad and unduly burdensome, including to the extent

12  that it seeks to force UHC and UBH to identify "all" plans of a certain category.  In particular,

13  Plaintiffs' request that UBH and UHC identify "all employee welfare health benefit plans insured

14  and/or administered by" UBH and UHC involving particular plan language, which would require

15  UBH and UHC to review thousands of client relationships and health plans individually, most of

16  which are completely irrelevant to the allegations in this action.  UBH and UHC further object to the

17  extent this Interrogatory is suggesting that all of the listed phrases mean the same thing, or that they

18  all require reimbursement based on provider charges, as opposed to competitive fees, amounts

19  accepted, or other reimbursement methodologies.  UBH and UHC further object to this Interrogatory

20  on the ground that it seeks information not involving Plaintiffs or any putative class members to the

21  extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC

22  further object to this Interrogatory on the grounds that it is vague and ambiguous as to the terms

23  "employee welfare health benefit plans insured and/or administered by you" and "identify."  UBH

24  and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's

25  possession, custody, or control, or more reasonably obtained from a party or third party other than

26  UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their

27  first set of interrogatories and now there is limited time left in which this information can be

28  identified and produced before the close of discovery.  UBH and UHC further object to this

Interrogatory on the grounds that it exceeds the scope of the parties' agreed-upon claims sample, which was negotiated months ago.  UBH and UHC further object to this Interrogatory as seeking information contained in documents that have been produced in discovery, in searchable form, so therefore Plaintiffs can search for and identify any specific words and phrases they wish to identify. UBH and UHC also object to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure.  UBH and UHC further object to this Interrogatory on the grounds that it seeks information outside the statute of limitations.  UBH and UHC further object to the extent this Interrogatory is duplicative of other Interrogatories, including Interrogatory No. 1.

Subject to and without waiving the foregoing objections, consistent with Rule 33(d), UBH and UHC will produce to Plaintiffs a supplemental claims data production, consistent with previously-discussed parameters designed to capture putative class claims (see letters dated November 29, 2021, December 20, 2021, and June 1, 2022), that will include fields identifying the plan corresponding to each claim line.  UBH and UHC also refer Plaintiffs to the plan documents produced by UHC in response to Plaintiffs' previous requests and the parties' negotiated parameters for a claims sample.  Although the terms of these plans vary widely and they do not all use the words and phrases listed in this Interrogatory, these plans correspond to one or more putative class claims in the claim data production discussed in response to Interrogatory No. 1 (which generally were reimbursed based on Viant OPR's charge-based data and/or fee negotiations).  *See* UBH000029 (Apple 2018 SPD);UBH000634 (Apple 2019 SPD); UHC000208108 (American Express 2015); UHC000208280 (American Express 2016); UHC000208650 (American Express 2017); UHC000208451 (American Express 2018); UHC000209937 (Cisco 2018); UHC000210186-10286 (Cisco 2019); UHC000210286-UHC000210594 (Cisco 2020); UHC000210594 to UHC000210857 (Cisco 2021); UHC000211462-UHC000212016 (Deloitte 2017); UHC000219215-UHC000220054, UHC000220220-UHC000221094 and UHC000221260-UHC000226409 (Discovery Inc. 2016-2022) UHC000233907-UHC000237003 and UHC000237005-UHC000237621 (Goldman Sachs 2017-2021); UHC000239211-UHC000240136 and UHC000240149-UHC000246809 (Mastercard 2017-2021); UHC000250706-UHC000251255 and UHC000252088-UHC000255728 (Nestle USA);

1   UHC000255771-UHC000258818 (Paypal 2017-2022); UHC000261348-UHC000262193;

2   UHC000262353-UHC000262522; UHC000262684-UHC000264034; UHC000264194-

3   UHC000264363; UHC000264525-UHC000265875; UHC000266035-UHC000266208;

4   UHC000266374-UHC000267238; UHC000267403-UHC000268089; UHC000268255-

5   UHC000269632 (Salesforce 2021-2022); UHC000269797-UHC000269960; UHC000270674-

6   UHC000271353; UHC000272100-UHC000272814; UHC000273510-UHC000274182;

7   UHC000274527-UHC000274853; UHC000275196-UHC000275521; UHC000275900-

8   UHC000276783 (Target 2018-2021); UHC000277823-UHC000278374; UHC000278547-

9   UHC000279069; UHC000279242-UHC000279762; UHC000279933-UHC000280100;

10   UHC000280271-UHC000282948 (Tesla 2018-2020); UHC000288877-UHC000289793 (Viacom

11   2016).

12          The foregoing list identifies examples of documents produced in the case based on

13   previously-discussed parameters memorialized in the above correspondence.  However, the above list

14   is not intended to be exhaustive, because each plan contains its own out-of-network reimbursement

15   provision, these provisions differ from plan to plan, and in many cases they changed over time even

16   for the same plan.  Accordingly, it would not be possible to list all provisions for all plans here.

17   Additionally, the United Defendants' productions of plan documents are ongoing, and Plaintiffs

18   should also refer to the out-of-network provisions contained in additional plan documents that will be

19   produced over the next several weeks.

20   **INTERROGATORY NO. 3:**

21          Identify all employee welfare health benefit plans insured and/or administered by You, by

22   plan sponsor and plan year, from January 1, 2015 to present, that contain the following language:

23   "UCR stands for the usual, customary, and reasonable rates for health care services provided in your

24   geographic region."

25   **RESPONSE TO INTERROGATORY NO. 3:**

26          UBH and UHC hereby incorporate their General Objections in their entirety into this

27   response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

28   about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

Gibson, Dunn &
Crutcher LLP

programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings. UBH and UHC further object to this Interrogatory on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "all" plans of a certain category. In particular, Plaintiffs' request that UBH and UHC identify "all employee welfare health benefit plans insured and/or administered by" UBH and UHC which would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action. UBH and UHC further object to this Interrogatory on the ground that it seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product. UBH and UHC further object to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "employee welfare health benefit plans insured and/or administered by you" and "identify." UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery. UBH and UHC further object to this Interrogatory on the grounds that it exceeds the scope of the parties' agreed-upon claims sample, which was negotiated months ago. UBH and UHC further object to this Interrogatory as seeking information contained in documents that have been produced in discovery, in searchable form, so therefore Plaintiffs can search for and identify any specific words and phrases they wish to identify. UBH and UHC also object to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure. UBH and UHC further object to this Interrogatory on the grounds that it seeks information outside the statute of limitations. UBH and UHC further object to the extent this Interrogatory is duplicative of other Interrogatories, including Interrogatories Nos. 1-2.

Subject to and without waiving the foregoing objections, consistent with Rule 33(d), UBH and UHC refer Plaintiffs to the following plans produced in connection with the parties' negotiated

1   samples.  *See* UHC000083532 (Apple 2016), UHC000083873 (Apple 2017) and UBH000029

2   (Apple 2018).  Additionally, although the following plans vary and do not contain the specific

3   language used in this Interrogatory, because they define UCR using some of the same words and

4   phrases, the United Defendants also refer Plaintiffs to the following:  UHC000247252 (Morgan

5   Stanley 2016), UHC000251396 (Oracle 2016), and UHC000251357 (American Express 2016).  *See*

6   *also* UHC000233632 (Georgia-Pacific 2019 SPD) (similar language section); UHC000215509 (Delta

7   2019 SPD) (similar language section).

8          The foregoing list identifies examples of documents produced in the case based on

9   previously-discussed parameters memorialized in the above correspondence.  However, the above list

10  is not intended to be exhaustive, because each plan contains its own out-of-network reimbursement

11  provision, these provisions differ from plan to plan, and in many cases they changed over time even

12  for the same plan.  Accordingly, it would not be possible to list all provisions for all plans here.

13  Additionally, the United Defendants' productions of plan documents are ongoing, and Plaintiffs

14  should also refer to the out-of-network provisions contained in additional plan documents that will be

15  produced over the next several weeks.

16  **INTERROGATORY NO. 4:**

17         Identify all employee welfare health benefit plans insured and/or administered by You, by

18  plan sponsor and plan year, from January 1, 2015 to present, that contain the following language:

19  "For Covered Health Services other than Pharmaceutical Products, Eligible Expenses are determined

20  based on available data resources of competitive fees in that geographic area."

21  **RESPONSE TO INTERROGATORY NO. 4:**

22         UBH and UHC hereby incorporate their General Objections in their entirety into this

23  response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

24  about UBH and UHC hereby incorporate their General Objections in their entirety into this response.

25  UBH and UHC further object to this Interrogatory on the ground that it seeks information about

26  topics other than the reimbursement amount for out-of-network claims for intensive outpatient

27  programs to treat substance abuse for which rates were calculated using Viant's OPR product,

28  including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC

11

further object to this Interrogatory on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "all" plans of a certain category.  In particular, Plaintiffs' request that UBH and UHC identify "all employee welfare health benefit plans insured and/or administered by" UBH and UHC which would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action.  UBH and UHC further object to this Interrogatory on the ground that it seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC further object to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "employee welfare health benefit plans insured and/or administered by you" and "identify."  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery.  UBH and UHC further object to this Interrogatory on the grounds that it exceeds the scope of the parties' agreed-upon claims sample, which was negotiated months ago.  UBH and UHC further object to this Interrogatory as seeking information contained in documents that have been produced in discovery, in searchable form, so therefore Plaintiffs can search for and identify any specific words and phrases they wish to identify.  UBH and UHC also object to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure.  UBH and UHC further object to this Interrogatory on the grounds that it seeks information outside the statute of limitations.  UBH and UHC further object to the extent this Interrogatory is duplicative of other Interrogatories, including Interrogatory No. 1.

Subject to and without waiving the foregoing objections, consistent with Rule 33(d), UBH and UHC hereby refer Plaintiffs to the following plans produced in connection with the parties' negotiated samples: UBH000634 (Apple 2019 SPD); UHC000013594; UHC000208108 (American Express 2015); UHC000208280 (American Express 2016); UHC000208650 (American Express

2017); UHC000208451 (American Express 2018); Cisco 2018 UHC000209850-10095 (Cisco 2018);

UHC000210186-10286 (Cisco 2019); UHC000210286-UHC000210594 (Cisco 2020);

UHC000210594 to UHC000210857 (Cisco 2021); UHC000211462-UHC000212016 (Deloitte 2017);

UHC000219215-UHC000220054, UHC000220220-UHC000221094 and UHC000221260-

UHC000226409 (Discovery Inc 2016-2022); UHC000233907-UHC000237003 and UHC000237005-

UHC000237621 (Goldman Sachs 2017-2021); UHC000239211-UHC000240136 and

UHC000240149-UHC000246809 (Mastercard 2017-2021); UHC000250706-UHC000251255 and

UHC000252088-UHC000255728 (Nestle USA); UHC000251537 (Oracle 2019 SPD)

UHC000255771-UHC000258818 (Paypal 2017-2022); UHC000258978 (Raytheon 2016 SPD);

UHC000261348-UHC000262193; UHC000262353-UHC000262522; UHC000262684-

UHC000264034; UHC000264194-UHC000264363; UHC000264525-UHC000265875;

UHC000266035-UHC000266208; UHC000266374-UHC000267238; UHC000267403-

UHC000268089; UHC000268255-UHC000269632 (Salesforce 2021-2022); UHC000269797-

UHC000269960; UHC000270674-UHC000271353; UHC000272100-UHC000272814;

UHC000273510-UHC000274182; UHC000274527-UHC000274853; UHC000275196-

UHC000275521; UHC000275900-UHC000276783 (Target 2018-2021); UHC000277823-

UHC000278374; UHC000278547-UHC000279069; UHC000279242-UHC000279762;

UHC000279933-UHC000280100; UHC000280271-UHC000282948 (Tesla 2018-2020);

UHC000288877-UHC000289793 (Viacom 2016).

The foregoing list identifies examples of documents produced in the case based on

previously-discussed parameters memorialized in the above correspondence.  However, the above list

is not intended to be exhaustive, because each plan contains its own out-of-network reimbursement

provision, these provisions differ from plan to plan, and in many cases they changed over time even

for the same plan.  Accordingly, it would not be possible to list all provisions for all plans here.

Additionally, the United Defendants' productions of plan documents are ongoing, and Plaintiffs

should also refer to the out-of-network provisions contained in additional plan documents that will be

produced over the next several weeks.

1  **INTERROGATORY NO. 5:**

2        Identify all Persons involved in drafting the plan language quoted in Interrogatory No. 4.

3  **RESPONSE TO INTERROGATORY NO. 5:**

4        UBH and UHC hereby incorporate their General Objections in their entirety into this

5  response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

6  about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

7  programs to treat substance abuse for which rates were calculated using Viant's OPR product,

8  including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC

9  further object to this Interrogatory on the grounds that it is overly broad and unduly burdensome,

10  including to the extent that it seeks to force UHC and UBH to identify "all Persons" of a certain

11  category to determine who may have been involved in drafting plan language for each one of

12  potentially thousands of plans.  In particular, Plaintiffs' Interrogatory would require UBH and UHC

13  to review thousands of client relationships and health plans, most of which are completely irrelevant

14  to the allegations in this action.  Moreover, each plan document is customized and varies from plan to

15  plan, and most or all of the ASO plans (which account for most or all of the putative class) control

16  their own plan design and language.  UBH and UHC further object to this Interrogatory on the

17  ground that it seeks information not involving Plaintiffs or any putative class members to the extent it

18  seeks information about plans that did not include Viant's OPR product.  UBH and UHC further

19  object to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "Identify"

20  and "Persons."  UBH and UHC further object to this Request to the extent it seeks information

21  outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a

22  party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs

23  waited months to serve their first set of interrogatories and now there is limited time left in which this

24  information can be identified and produced before the close of discovery.  UBH and UHC also object

25  to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or

26  which is otherwise protected from disclosure.  UBH and UHC further object to this Interrogatory on

27  the grounds that it seeks information outside the statute of limitations.

28

1    Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

2    follows:  for most plans, plan design and language are controlled by the third party ASO plan

3    sponsor, as reflected in the administrative services contracts produced as part of the plan samples

4    discussed above (*see, e.g.*, UHC000296542), though they will sometimes receive recommendations

5    or input from UHC personnel.  The specific personnel involved will vary from plan to plan and based

6    on the period at issue, but could include account personnel (which vary from plan to plan), various

7    UHC in-house counsel and regulatory affairs personnel, the out-of-network programs group (which

8    reports to Becky Paradise) insofar as the language involves these programs, and potentially others as

9    well.

10   **INTERROGATORY NO. 6:**

11    Describe in detail the results of any and all underwriting analyses You conducted, considered,

12   and/or reviewed regarding the implications of using the plan language quoted in Interrogatory No. 4

13   in employee welfare health benefit plans insured and/or administered by You.

14   **RESPONSE TO INTERROGATORY NO. 6:**

15    UBH and UHC hereby incorporate their General Objections in their entirety into this

16   response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

17   about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

18   programs to treat substance abuse for which rates were calculated using Viant's OPR product,

19   including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC

20   further object to this Interrogatory on the ground that it seeks information not involving Plaintiffs or

21   any putative class members to the extent it seeks information about plans that did not include Viant's

22   OPR product.  UBH and UHC further object to this Interrogatory on the grounds that it is vague and

23   ambiguous as to the terms "underwriting analyses," "considered," "conducted," "reviewed," and

24   "implications."  UBH and UHC further object to this Request to the extent it seeks information

25   outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a

26   party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs

27   waited months to serve their first set of interrogatories and now there is limited time left in which this

28   information can be identified and produced before the close of discovery.  UBH and UHC also object

Gibson, Dunn &
Crutcher LLP

to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure, including but not limited to the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or protection.  UBH and UHC further object to this Interrogatory on the grounds that it seeks information outside the statute of limitations.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows:  based on a reasonable, good faith search using the parties' negotiated ESI parameters, no responsive underwriting analyses have been identified.  Although not precisely the type of analysis sought through this request, various cost analyses of the Facility R&C program can be found in UHC's document productions; by way of example only, *see* UHC000089628, UHC000089886, UHC000199259, UHC000097146, UHC000097182, UHC000097224, UHC000097226, UHC000047103, UHC000047105, UHC000047109, UHC000017763, UHC000202919, UHC000185868, and UHC000096196.

**INTERROGATORY NO. 7:**

Describe in detail the results of any and all actuarial analyses You conducted, considered, and/or reviewed regarding the implications of using the plan language quoted in Interrogatory No. 4 in employee welfare health benefit plans insured and/or administered by You.

**RESPONSE TO INTERROGATORY NO. 7:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC further object to this Interrogatory on the ground that it seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC further object to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "actuarial analyses," "considered," "conducted," "reviewed," and "implications."  UBH and UHC further object to this Request to the extent it seeks information

16

1  outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a

2  party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs

3  waited months to serve their first set of interrogatories and now there is limited time left in which this

4  information can be identified and produced before the close of discovery.  UBH and UHC also object

5  to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or

6  which is otherwise protected from disclosure, including but not limited to the attorney-client

7  privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable

8  privilege, doctrine, or protection.  UBH and UHC further object to this Interrogatory on the grounds

9  that it seeks information outside the statute of limitations.  UBH and UHC further object to this

10  Interrogatory to the extent it is duplicative of other Interrogatories, including Interrogatory No. 6.

11      Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

12  follows:  based on a reasonable, good faith search using the parties' negotiated ESI parameters, no

13  responsive actuarial analyses have been identified.  Although not precisely the type of analysis sought

14  through this request, other cost analyses of the Facility R&C program can be found in the

15  productions, including UHC000089628, UHC000089886, UHC000199259, UHC000097146,

16  UHC000097182, UHC000097224, UHC000097226, UHC000047103, UHC000047105,

17  UHC000047109, UHC000017763, UHC000202919, UHC000185868, and UHC000096196.

18  **INTERROGATORY NO. 8:**

19      Identify any and all committees and committee members, including their position, role, and

20  title, at United responsible for proposing, evaluating and/or approving changes to employee welfare

21  health benefit plan language regarding payment of out-of-network benefits from January 1, 2015 to

22  present.

23  **RESPONSE TO INTERROGATORY NO. 8:**

24      UBH and UHC hereby incorporate their General Objections in their entirety into this

25  response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

26  about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

27  programs to treat substance abuse for which rates were calculated using Viant's OPR product,

28  including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC

further object to this Interrogatory on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "all committees and committee members" of a certain category to determine who may have been involved in drafting plan language for each one of potentially thousands of plans.  In particular, Plaintiffs' Interrogatory would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action.  Moreover, each plan document is customized and varies from plan to plan, and most or all of the ASO plans (which account for most or all of the putative class) control their own plan design and language.  UBH and UHC further object to this Interrogatory on the ground that it seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product. UBH and UHC further object to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "Identify" and "committees."  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery.  UBH and UHC also object to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure.  UBH and UHC further object to this Interrogatory on the grounds that it seeks information outside the statute of limitations.  UBH and UHC further object to the extent this Interrogatory is duplicative of other Interrogatories, including Interrogatory No. 1.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows:  for most plans, plan design and language are controlled by the third party ASO plan sponsor, as reflected in the administrative services contracts produced as part of the plan samples discussed above (*see*, *e.g.*, UHC000296542), though they will sometimes receive recommendations or input from UHC personnel.  The specific personnel involved will vary from plan to plan and based on the period at issue, but could include account personnel (which vary from plan to plan), various UHC in-house counsel and regulatory affairs personnel, the out-of-network programs group (which

Gibson, Dunn & Crutcher LLP

1   reports to Becky Paradise) insofar as the language involves these programs, and potentially others as

2   well.

3   **INTERROGATORY NO. 9:**

4        Describe in detail Your processes and procedures from January 1, 2015 to present for

5   proposing, drafting, evaluating and/or approving changes to employee welfare health benefit plan

6   language regarding payment of out-of-network benefits.

7   **RESPONSE TO INTERROGATORY NO. 9:**

8        UBH and UHC hereby incorporate their General Objections in their entirety into this

9   response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

10   about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

11   programs to treat substance abuse for which rates were calculated using Viant's OPR product,

12   including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC

13   further object to this Interrogatory on the grounds that it is overly broad and unduly burdensome,

14   including to the extent that it seeks to force UHC and UBH to describe "processes and procedures" of

15   a certain category involved in drafting plan language for each one of potentially thousands of plans.

16   In particular, Plaintiffs' Interrogatory would require UBH and UHC to review thousands of client

17   relationships and health plans, most of which are completely irrelevant to the allegations in this

18   action.  Moreover, each plan document is customized and varies from plan to plan, and most or all of

19   the ASO plans (which account for most or all of the putative class) control their own plan design and

20   language.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

21   not involving Plaintiffs or any putative class members to the extent it seeks information about plans

22   that did not include Viant's OPR product.  UBH and UHC further object to this Interrogatory on the

23   grounds that it is vague and ambiguous as to the terms "describe" and "procedures."  UBH and UHC

24   further object to this Request to the extent it seeks information outside of UBH's or UHC's

25   possession, custody, or control, or more reasonably obtained from a party or third party other than

26   UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their

27   first set of interrogatories and now there is limited time left in which this information can be

28   identified and produced before the close of discovery.  UBH and UHC also object to this

Gibson, Dunn &
Crutcher LLP

1   Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which

2   is otherwise protected from disclosure.  UBH and UHC further object to this Interrogatory on the

3   grounds that it seeks information outside the statute of limitations.

4          Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

5   follows:  for most plans, plan design and language are controlled by the third party ASO plan

6   sponsor, as reflected in the administrative services contracts produced as part of the plan samples

7   discussed above (*see*, *e.g.*, UHC000296542), though they will sometimes receive recommendations

8   or input from UHC personnel.  For the minority of plans that are fully-insured and regulated by state

9   insurance laws, UHC also needs to prepare filings and receive approval from state regulators, and this

10  process varies from state to state.  The specific personnel involved and process will vary from plan to

11  plan and based on the period at issue, but could include account personnel, various UHC in-house

12  counsel and regulatory affairs personnel, the out-of-network programs group (which reports to Becky

13  Paradise) insofar as the language involves these programs, and potentially others as well.

14  **INTERROGATORY NO. 10:**

15         Identify all Persons at United involved in designing and/or implementing out of network

16  savings and vendor programs.

17  **RESPONSE TO INTERROGATORY NO. 10:**

18         UBH and UHC hereby incorporate their General Objections in their entirety into this

19  response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

20  about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

21  programs to treat substance abuse for which rates were calculated using Viant's OPR product,

22  including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC

23  further object to this Interrogatory on the grounds that it is overly broad and unduly burdensome,

24  including to the extent that it seeks to force UHC and UBH to identify "all Persons" who had certain

25  responsibilities for each one of potentially thousands of plans.  UBH and UHC further object to this

26  Interrogatory on the grounds that it is vague and ambiguous as to the terms "out of network savings"

27  and "vendor programs."  UBH and UHC further object to this Request to the extent it seeks

28  information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained

UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES
CASE NO. 4:20-CV-02254

1   from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that

2   Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in

3   which this information can be identified and produced before the close of discovery.  UBH and UHC

4   also object to this Interrogatory to the extent that it seeks information which is subject to a claim of

5   privilege or which is otherwise protected from disclosure, including but not limited to the attorney-

6   client privilege, the attorney work-product doctrine, confidentiality agreements, or any other

7   applicable privilege, doctrine, or protection.  UBH and UHC further object to this Interrogatory on

8   the grounds that it seeks information outside the statute of limitations.

9        Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

10   follows:  Various members of the out-of-network program group had some role in designing or

11   implementing the Facility R&C program, including Viant OPR, including Rebecca Paradise, Jolene

12   Bradley, Radames Lopez, John Haben, and Sarah Peterson.  In addition, the OON programs group

13   consults with other impacted groups depending on the change to the program to discuss proposed

14   changes.  Consistent with Rule 33(d), Defendants further refer Plaintiffs to UHC's document

15   productions, which identify these and other persons involved in these programs and show each

16   individual's involvement in particular projects or functions related to the Facility R&C program.

17   **INTERROGATORY NO. 11:**

18        Identify all employee welfare health benefit plans insured and/or administered by You, by

19   plan sponsor and plan year, in force from January 1, 2015 to present that contain language granting

20   discretionary authority to United.

21   **RESPONSE TO INTERROGATORY NO. 11:**

22        UBH and UHC hereby incorporate their General Objections in their entirety into this

23   response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

24   about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

25   programs to treat substance abuse for which rates were calculated using Viant's OPR product,

26   including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC

27   further object to this Interrogatory on the grounds that it is overly broad and unduly burdensome,

28   including to the extent that it seeks to force UHC and UBH to identify "all" plans of a certain

Gibson, Dunn &
Crutcher LLP

category.  In particular, Plaintiffs' request that UBH and UHC identify "all employee welfare health benefit plans insured and/or administered by" UBH and UHC which would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action.  UBH and UHC further object to this Interrogatory on the ground that it seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC further object to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "employee welfare health benefit plans insured and/or administered by you."  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery.  UBH and UHC further object to this Interrogatory as seeking information contained in documents that have been produced in discovery, in searchable form, so therefore Plaintiffs can search for and identify any specific words and phrases they wish to identify.  UBH and UHC also object to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure.  UBH and UHC further object to this Interrogatory on the grounds that it seeks information outside the statute of limitations.

Subject to and without waiving the foregoing objections, consistent with Rule 33(d), UBH and UHC refer Plaintiffs to the following plan documents produced in connection with the parties' negotiated samples.  UHC000013594; UHC000208051-UHC000208063 (American Express ASA); UHC00208946 and UHC000209050 (American Express SPD 2021); UHC000209101 (Cisco ASA); UHC000210104 (2018 Cisco SPD), UHC000210297-98UHC209861 (2019 Cisco SPD); UHC000210349 (Cisco 2020 SPD);  UHC000210608 (Cisco SPD 2021); UHC000211002 (Coca-Cola ASA); UHC000211239 (Deloitte ASA); UHC000211485 and UHC000211434 (Deloitte 2017 SPD); UHC000212127 (Delta ASA); UHC000214523-524 (Delta SPD);  UHC000228001 (General Dynamics ASA); UHC000228268 (General Dynamics 2017 SPD) UHC000229433 (General Dynamics 2018 SPD); UHC000233919 (Goldman Sachs 2017 SPD); UHC000237752 (JP Morgan

1  Chase ASA); UHC000246860 (Morgan Stanley ASA); UHC000248125 (Morgan Stanley 2018

2  SPD); UHC000248572 (Nestle SPD); UHC000258828 (Raytheon ASA); UHC000252422 (PayPal

3  2017 SPD); UHC000263039 (Salesforce 2020 SPD); UHC000287082 (Union Pacific SPD 2018);

4  UHC000288853 (Viacom 2018 ASA);  UHC000293645 (VMWare 2019 SPD).

5          The foregoing list identifies examples of documents produced in the case based on

6  previously-discussed parameters memorialized in the above correspondence.  However, the above list

7  is not intended to be exhaustive, because each plan contains its own discretion-granting provisions,

8  these provisions differ from plan to plan, and in many cases they changed over time even for the

9  same plan.  Accordingly, it would not be possible to list all provisions for all plans here.

10  Additionally, the United Defendants' productions of plan documents are ongoing, and Plaintiffs

11  should also refer to the discretion-granting provisions contained in additional plan documents that

12  will be produced over the next several weeks.  As a general matter, most or all ASO plans should

13  contain discretion-granting provisions, though not all fully-insured plans contain such language.

14  **INTERROGATORY NO. 12:**

15          Identify all employee welfare health benefit plans insured and/or administered by You, by

16  plan sponsor and plan year, in force from January 1, 2015 to present that do not contain language

17  granting discretionary authority to United.

18  **RESPONSE TO INTERROGATORY NO. 12:**

19          UBH and UHC hereby incorporate their General Objections in their entirety into this

20  response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

21  about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

22  programs to treat substance abuse for which rates were calculated using Viant's OPR product,

23  including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC

24  further object to this Interrogatory on the grounds that it is overly broad and unduly burdensome,

25  including to the extent that it seeks to force UHC and UBH to identify "all" plans of a certain

26  category.  In particular, Plaintiffs' request that UBH and UHC identify "all employee welfare health

27  benefit plans insured and/or administered by" UBH and UHC which would require UBH and UHC to

28  review thousands of client relationships and health plans, most of which are completely irrelevant to

UNITED DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES
CASE NO. 4:20-CV-02254

the allegations in this action.  UBH and UHC further object to this Interrogatory on the ground that it seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product.  UBH and UHC further object to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "employee welfare health benefit plans insured and/or administered by you."  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery.  UBH and UHC further object to this Interrogatory as seeking information contained in documents that have been produced in discovery, in searchable form, so therefore Plaintiffs can search for and identify any specific words and phrases they wish to identify.  UBH and UHC also object to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure.  UBH and UHC further object to this Interrogatory on the grounds that it seeks information outside the statute of limitations.  UBH and UHC further object to the extent this Interrogatory is duplicative of other Interrogatories.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows:  UBH and UHC have not identified any plans in the productions to date that do not grant discretion to UBH or UHC; however, given the breadth of the putative class, there may be some plans in the putative class that do not grant discretion (*e.g.*, fully insured plans in states for which the state insurance regulators do not allow discretion-granting provisions).  As a general matter, most or all ASO plans should contain discretion-granting provisions, though not all fully-insured plans contain such language.  Plaintiffs stated in meet and confers that they do not intend to include fully-insured plans in the putative class, but in the event that this position has shifted the United Defendants are available to meet and confer to discuss how to address this category of plans.

**INTERROGATORY NO. 13:**

Identify all employee welfare health benefit plans insured and/or administered by You, by plan sponsor and plan year, from January 1, 2015 to present that state that out-of-network benefits are or may be paid based on a rate recommended by Viant.

**RESPONSE TO INTERROGATORY NO. 13:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response. UBH and UHC further object to this Interrogatory on the ground that it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings. UBH and UHC further object to this Interrogatory on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks to force UHC and UBH to identify "all" plans of a certain category. In particular, Plaintiffs' request that UBH and UHC identify "all employee welfare health benefit plans insured and/or administered by" UBH and UHC which would require UBH and UHC to review thousands of client relationships and health plans, most of which are completely irrelevant to the allegations in this action. UBH and UHC further object to this Interrogatory on the ground that it seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product. UBH and UHC further object to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "employee welfare health benefit plans insured and/or administered by you." UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery. UBH and UHC further object to this Interrogatory as seeking information contained in documents that have been produced in discovery, in searchable form, so therefore Plaintiffs can search for and identify any specific words and phrases they wish to identify. UBH and UHC also object to this Interrogatory to the extent that it seeks information which is subject to a

Gibson, Dunn &
Crutcher LLP

1  claim of privilege or which is otherwise protected from disclosure.  UBH and UHC further object to

2  this Interrogatory on the grounds that it seeks information outside the statute of limitations.  UBH and

3  UHC further object to the extent this Interrogatory is duplicative of other Interrogatories.

4  Subject to and without waiving the foregoing objections, consistent with Rule 33(d), UBH

5  and UHC refer Plaintiffs to the following plan documents produced in connection with the parties'

6  negotiated samples.  UHC000260999.  The foregoing is an example of documents produced in the

7  case using the terms specified in this Interrogatory, based on previously-discussed parameters

8  memorialized in the above correspondence.  However, the above example is not intended to be

9  exhaustive, because each plan contains its own out-of-network reimbursement provisions, these

10  provisions differ from plan to plan, and in many cases they changed over time even for the same plan.

11  Accordingly, it would not be possible to list all provisions for all plans here.  Additionally, the United

12  Defendants' productions of plan documents are ongoing, and Plaintiffs should also refer to the

13  provisions contained in additional plan documents that will be produced over the next several weeks.

14  **INTERROGATORY NO. 14:**

15  Describe in detail the results of any and all actuarial, underwriting, or other analyses You

16  conducted, considered, and/or reviewed regarding the implications of using language stating that out-

17  of-network benefits are or may be paid based on a rate recommended by Viant in employee welfare

18  health benefit plans insured and/or administered by You.

19  **RESPONSE TO INTERROGATORY NO. 14:**

20  UBH and UHC hereby incorporate their General Objections in their entirety into this

21  response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

22  about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

23  programs to treat substance abuse for which rates were calculated using Viant's OPR product,

24  including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC

25  further object to this Interrogatory on the ground that it seeks information not involving Plaintiffs or

26  any putative class members to the extent it seeks information about plans that did not include Viant's

27  OPR product.  UBH and UHC further object to this Interrogatory on the grounds that it is vague and

28  ambiguous as to the terms "actuarial, underwriting, or other analyses," "considered," "conducted,"

"reviewed," and "implications."  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in which this information can be identified and produced before the close of discovery.  UBH and UHC also object to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure, including but not limited to the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or protection.  UBH and UHC further object to this Interrogatory on the grounds that it seeks information outside the statute of limitations.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows:  based on a reasonable, good faith search using the parties' negotiated ESI parameters, no responsive underwriting analyses have been identified.  Although not precisely the type of analysis sought through this request, other cost analyses of the Facility R&C program can be found in the productions, including UHC000089628, UHC000089886, UHC000199259, UHC000097146, UHC000097182, UHC000097224, UHC000097226, UHC000047103, UHC000047105, UHC000047109, UHC000017763, UHC000202919, UHC000185868, and UHC000096196.

**INTERROGATORY NO. 15:**

Describe in detail the results of any and all actuarial, underwriting, or other analyses You conducted, considered, and/or reviewed regarding the implications of using rates recommended by Viant to pay out-of-network benefits.

**RESPONSE TO INTERROGATORY NO. 15:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC further object to this Interrogatory on the grounds that it is overly broad and unduly burdensome,

1  including to the extent that it seeks to force UHC and UBH to describe in detail "any and all

2  actuarial, underwriting, or other analyses" for each one of potentially thousands of plans.  In

3  particular, Plaintiffs' Interrogatory would require UBH and UHC to review thousands of client

4  relationships and health plans, most of which are completely irrelevant to the allegations in this

5  action.  UBH and UHC further object to this Interrogatory on the ground that it seeks information not

6  involving Plaintiffs or any putative class members to the extent it seeks information about plans that

7  did not include Viant's OPR product.  UBH and UHC further object to this Interrogatory on the

8  grounds that it is vague and ambiguous as to the terms "actuarial, underwriting, or other analyses,"

9  "considered," "conducted," "reviewed," and "implications," and "rates recommended by Viant to pay

10  out-of-network benefits."  UBH and UHC further object to this Interrogatory to the extent it seeks

11  information outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained

12  from a party or third party other than UBH or UHC.  UBH and UHC also object on the basis that

13  Plaintiffs waited months to serve their first set of interrogatories and now there is limited time left in

14  which this information can be identified and produced before the close of discovery.  UBH and UHC

15  also object to this Interrogatory to the extent that it seeks information which is subject to a claim of

16  privilege or which is otherwise protected from disclosure, including but not limited to the attorney-

17  client privilege, the attorney work-product doctrine, confidentiality agreements, or any other

18  applicable privilege, doctrine, or protection.  UBH and UHC further object to this Interrogatory on

19  the grounds that it seeks information outside the statute of limitations.  UBH and UHC further object

20  to this Interrogatory to the extent it is duplicative of other Interrogatories, including Interrogatory

21  Nos. 6, 7, and 14.

22       Subject to and without waiving the foregoing objections, consistent with Rule 33(d), UBH

23  and UHC hereby respond as follows:  UBH and UHC refer Plaintiffs to various documents in their

24  production involving various types of analyses including, for example, UHC000089628,

25  UHC000089886, UHC000199259, UHC000097146, UHC000097182, UHC000097224,

26  UHC000097226, UHC000047103, UHC000047105, UHC000047109, UHC000017763,

27  UHC000202919, UHC000185868, and UHC000096196.  The foregoing list identifies examples of

28  documents produced in the case based on previously-discussed parameters memorialized in the above

Gibson, Dunn &
Crutcher LLP

1    correspondence.  However, the above example is not intended to be exhaustive, because this

2    Interrogatory is broadly worded and there have been various "analyses" of Facility R&C and/or Viant

3    OPR throughout the multiple years at issue in this case.  Accordingly, it would not be possible to list

4    all "analyses" here.  Additionally, the United Defendants' productions of plan documents are

5    ongoing, and Plaintiffs should also refer to additional documents that will be produced over the next

6    several weeks.

7    **INTERROGATORY NO. 16:**

8         Describe in detail the results of any and all actuarial, underwriting, or other analyses You

9    conducted, considered, and/or reviewed regarding the implications of changes to the Facility R&C

10   Program percentile used to pay out-of-network benefits.

11   **RESPONSE TO INTERROGATORY NO. 16:**

12        UBH and UHC hereby incorporate their General Objections in their entirety into this

13   response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

14   about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

15   programs to treat substance abuse for which rates were calculated using Viant's OPR product,

16   including any changes to percentiles that did not impact the claims at issue in this case (*e.g.*, changes

17   to the percentiles for reimbursement of ambulatory surgical centers, which are not at issue in this

18   case).  UBH and UHC further object to this Interrogatory on the ground that it seeks information not

19   involving Plaintiffs or any putative class members to the extent it seeks information about plans that

20   did not include Viant's OPR product.  UBH and UHC further object to this Interrogatory on the

21   grounds that it is vague and ambiguous as to the terms "actuarial, underwriting, or other analyses,"

22   "considered," "conducted," "reviewed," and "implications."  UBH and UHC further object to this

23   Request to the extent it seeks information outside of UBH's or UHC's possession, custody, or

24   control, or more reasonably obtained from a party or third party other than UBH or UHC.  UBH and

25   UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories

26   and now there is limited time left in which this information can be identified and produced before the

27   close of discovery.  UBH and UHC also object to this Interrogatory to the extent that it seeks

28   information which is subject to a claim of privilege or which is otherwise protected from disclosure,

1   including but not limited to the attorney-client privilege, the attorney work-product doctrine,

2   confidentiality agreements, or any other applicable privilege, doctrine, or protection.  UBH and UHC

3   further object to this Interrogatory on the grounds that it seeks information outside the statute of

4   limitations.

5         Subject to and without waiving the foregoing objections, consistent with Rule 33(d), UBH

6   and UHC hereby refer Plaintiffs to the following documents (and others like them in the

7   productions):  *See*, e.g., UHC000205524-UHC000205528; UHC000207874-UHC000207875  This

8   list is not intended to be exhaustive, as there may be other documents in the productions discussing

9   these or other cost analyses.

10   **INTERROGATORY NO. 17:**

11         Describe in detail the results of any and all underwriting analyses You conducted, considered,

12   and/or reviewed regarding the implications of modifying plan language to reflect changes to the

13   Facility R&C Program/Viant OPR percentile used to pay out-of-network benefits (e.g.: changing

14   from 60th to 40th percentile of Viant OPR).

15   **RESPONSE TO INTERROGATORY NO. 17:**

16         UBH and UHC hereby incorporate their General Objections in their entirety into this

17   response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

18   about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

19   programs to treat substance abuse for which rates were calculated using Viant's OPR product,

20   including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC

21   further object to this Interrogatory on the ground that it seeks information not involving Plaintiffs or

22   any putative class members to the extent it seeks information about plans that did not include Viant's

23   OPR product.  UBH and UHC further object to this Interrogatory on the grounds that it is vague and

24   ambiguous as to the terms "underwriting analyses," "considered," "conducted," "reviewed," and

25   "implications."  UBH and UHC further object to this Request to the extent it seeks information

26   outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a

27   party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs

28   waited months to serve their first set of interrogatories and now there is limited time left in which this

Gibson, Dunn &
Crutcher LLP

information can be identified and produced before the close of discovery. UBH and UHC also object to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure, including but not limited to the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or protection. UBH and UHC further object to this Interrogatory on the grounds that it seeks information outside the statute of limitations.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows: based on a reasonable, good faith search using the parties' negotiated ESI parameters, no responsive underwriting analyses have been identified. Although not precisely the type of analysis sought through this request, other analyses of the potential cost impact of changing the Viant percentiles for claims that included (but were not limited to) the IOP services at issue in this case: *See*, e.g., UHC000205524-UHC000205528; UHC000207874-UHC000207875. This list is not intended to be exhaustive, as there may be other documents in the productions discussing these or other cost analyses.

**INTERROGATORY NO. 18:**

Describe in detail the results of any and all actuarial analyses You conducted, considered, and/or reviewed regarding the implications of modifying plan language to reflect changes to the Facility R&C Program percentile used to pay out-of-network benefits.

**RESPONSE TO INTERROGATORY NO. 18:**

UBH and UHC hereby incorporate their General Objections in their entirety into this response. UBH and UHC further object to this Interrogatory on the ground that it seeks information about topics other than the reimbursement amount for out-of-network claims for intensive outpatient programs to treat substance abuse for which rates were calculated using Viant's OPR product, including plans that did not include Viant's OPR product in its program offerings. UBH and UHC further object to this Interrogatory on the ground that it seeks information not involving Plaintiffs or any putative class members to the extent it seeks information about plans that did not include Viant's OPR product. UBH and UHC further object to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "actuarial analyses," "considered," "conducted," "reviewed," and

1  "implications."  UBH and UHC further object to this Request to the extent it seeks information

2  outside of UBH's or UHC's possession, custody, or control, or more reasonably obtained from a

3  party or third party other than UBH or UHC.  UBH and UHC also object on the basis that Plaintiffs

4  waited months to serve their first set of interrogatories and now there is limited time left in which this

5  information can be identified and produced before the close of discovery.  UBH and UHC also object

6  to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or

7  which is otherwise protected from disclosure, including but not limited to the attorney-client

8  privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable

9  privilege, doctrine, or protection.  UBH and UHC further object to this Interrogatory on the grounds

10 that it seeks information outside the statute of limitations.

11       Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

12 follows:  based on a reasonable, good faith search using the parties' negotiated ESI parameters, no

13 responsive analyses have been identified.  Although not precisely the type of analysis sought through

14 this request, other analyses of the potential cost impact of changing the Viant percentiles for claims

15 that included (but were not limited to) the IOP services at issue in this case:  *See*, e.g.,

16 UHC000205524-UHC000205528; UHC000207874-UHC000207875.  This list is not intended to be

17 exhaustive, as there may be other documents in the productions discussing these or other cost

18 analyses.

19 **INTERROGATORY NO. 19:**

20       Describe in detail the cost to United of processing an out-of-network claim for benefits

21 through United's Facility R&C Program.

22 **RESPONSE TO INTERROGATORY NO. 19:**

23       UBH and UHC hereby incorporate their General Objections in their entirety into this

24 response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

25 about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

26 programs to treat substance abuse for which rates were calculated using Viant's OPR product,

27 including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC

28 further object to this Interrogatory on the grounds that it is overly broad and unduly burdensome,

including to the extent that it seeks to force UHC and UBH to "describe in detail."  UBH and UHC

further object to this Interrogatory on the grounds that it is vague and ambiguous as to the terms

"describe," "detail," "cost," and "processing," particularly to the extent this Interrogatory is asking

for a generalized "cost" associated with "an out-of-network claim," when these costs can vary widely

from claim to claim and based on various factors.  UBH and UHC further object to this Interrogatory

to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more

reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object

on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is

limited time left in which this information can be identified and produced before the close of

discovery.  UBH and UHC also object to this Interrogatory to the extent that it seeks information

which is subject to a claim of privilege or which is otherwise protected from disclosure, including but

not limited to the attorney-client privilege, the attorney work-product doctrine, confidentiality

agreements, or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

follows:  UBH and UHC will meet and confer with Plaintiffs to understand what information is

sought, and what documents or information, if any, can be reasonably provided.

**INTERROGATORY NO. 20:**

Describe in detail how reference numbers given on verification of benefits, authorization of

benefits, utilization review, or other similar calls are generated, where such data are stored, and how

such numbers may be used to then locate and/or identify recordings, notes, or other material relating

to those calls.

**RESPONSE TO INTERROGATORY NO. 20:**

UBH and UHC hereby incorporate their General Objections in their entirety into this

response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

programs to treat substance abuse for which rates were calculated using Viant's OPR product,

including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC

further object to this Interrogatory on the grounds that it is overly broad and unduly burdensome,

1   including to the extent that it seeks to force UHC and UBH to "describe in detail."  UBH and UHC

2   further object to this Interrogatory on the grounds that it is vague and ambiguous as to the terms

3   "describe," "detail," "reference numbers," "verification of benefits," "authorization of benefits,"

4   "utilization review," and "similar calls."  UBH and UHC further object to this Interrogatory to the

5   extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more

6   reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object

7   on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is

8   limited time left in which this information can be identified and produced before the close of

9   discovery.  UBH and UHC also object to this Interrogatory to the extent that it seeks information

10   which is subject to a claim of privilege or which is otherwise protected from disclosure, including but

11   not limited to the attorney-client privilege, the attorney work-product doctrine, confidentiality

12   agreements, or any other applicable privilege, doctrine, or protection.

13       Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

14   follows:  UBH and UHC will meet and confer with Plaintiffs to understand what information is

15   sought, and what documents or information, if any, can be reasonably provided.

16   **INTERROGATORY NO. 21:**

17       Describe in detail what steps, actions, policies, and/or procedures are taken by United or its

18   agents with regard to members who receive balance bills for out-of-network claims priced through

19   United's Facility R&C program from January 1, 2015 to present.

20   **RESPONSE TO INTERROGATORY NO. 21:**

21       UBH and UHC hereby incorporate their General Objections in their entirety into this

22   response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

23   about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

24   programs to treat substance abuse for which rates were calculated using Viant's OPR product,

25   including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC

26   further object to this Interrogatory on the grounds that it is overly broad and unduly burdensome,

27   including to the extent that it seeks to force UHC and UBH to "describe in detail."  UBH and UHC

28   further object to this Interrogatory on the grounds that it is vague and ambiguous as to the terms

Gibson, Dunn &
Crutcher LLP

1  "describe," "detail," "steps," "actions," "United," and "agents." UBH and UHC further object to this

2  Interrogatory to the extent it seeks information outside of UBH's or UHC's possession, custody, or

3  control, or more reasonably obtained from a party or third party other than UBH or UHC. UBH and

4  UHC also object on the basis that Plaintiffs waited months to serve their first set of interrogatories

5  and now there is limited time left in which this information can be identified and produced before the

6  close of discovery. UBH and UHC also object to this Interrogatory to the extent that it seeks

7  information which is subject to a claim of privilege or which is otherwise protected from disclosure,

8  including but not limited to the attorney-client privilege, the attorney work-product doctrine,

9  confidentiality agreements, or any other applicable privilege, doctrine, or protection.

10  Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as

11  follows: for the out-of-network IOP services at issue in this case, involving claims for which allowed

12  amounts were calculated based on Viant OPR through the Facility R&C program, when a member

13  informs UBH or UHC that he or she is being balance billed by the provider, UHC will generally

14  engage with the member, as well as MultiPlan/Viant, to try to protect the member from paying

15  unnecessary amounts on any balance bill. The specific workflow and results can vary based on a

16  variety of factors; for example, in some cases, UHC may be able to educate the member about the

17  plan, balance-billing, or related topics, and through this discussion it may become clear that no

18  further steps are needed (*e.g.*, sometimes the discussion reveals that a member actually has not

19  received a balance bill from the provider and therefore does not owe any outstanding balance). In

20  other cases, when the member actually has received a balance bill, a negotiated resolution can be

21  reached with the provider (generally by Viant through its fee negotiation/patient advocacy service)

22  and through the negotiated resolution the provider agrees not to balance bill the member in exchange

23  for an increased payment on the claim. In other cases when the member has received a balance bill,

24  no negotiated resolution can be reached with the provider, and in the event the provider pursues its

25  balance bill the member may need to pay some or all of the balance bill (a possibility that is generally

26  explained in the members' plan documents). Members also have the option of appealing an adverse

27  determination through the plan's administrative appeals process, and the resolution of the appeal will

28  depend on various plan-specific and claim-specific factors, as well as any information submitted with

1   the appeal.  Consistent with Rule 33(d), the United Defendants also refer Plaintiffs to documents

2   produced regarding the fee negotiation/patient advocacy process described above (*see*, *e.g.*,

3   PLTFIRSTPROD0000001, PLTFIRSTPROD0000447, and PLTFIRSTPROD0000984;

4   UHC000088195; UHC000296557).

5   **INTERROGATORY NO. 22:**

6       Describe in detail any studies, analysis, or projects to determine whether the Facility R&C

7   program as administered, implemented, and/or utilized by United complied with the terms of the

8   plans insured and/or administered by United along with the dates, findings, and individuals associated

9   with such studies, analysis, or projects.

10  **RESPONSE TO INTERROGATORY NO. 22:**

11      UBH and UHC hereby incorporate their General Objections in their entirety into this

12  response.  UBH and UHC further object to this Interrogatory on the ground that it seeks information

13  about topics other than the reimbursement amount for out-of-network claims for intensive outpatient

14  programs to treat substance abuse for which rates were calculated using Viant's OPR product,

15  including plans that did not include Viant's OPR product in its program offerings.  UBH and UHC

16  further object to this Interrogatory on the grounds that it is overly broad and unduly burdensome,

17  including to the extent that it seeks to force UHC and UBH to identify "any studies, analysis, or

18  projects" regarding plan language for each one of potentially thousands of plans.  In particular,

19  Plaintiffs' Interrogatory would require UBH and UHC to review thousands of client relationships and

20  health plans, most of which are completely irrelevant to the allegations in this action.  UBH and UHC

21  further object to this Interrogatory on the ground that it seeks information not involving Plaintiffs or

22  any putative class members to the extent it seeks information about plans that did not include Viant's

23  OPR product.  UBH and UHC further object to this Interrogatory on the grounds that it is vague and

24  ambiguous as to the terms "Describe" and "projects."  UBH and UHC further object to this Request

25  to the extent it seeks information outside of UBH's or UHC's possession, custody, or control, or more

26  reasonably obtained from a party or third party other than UBH or UHC.  UBH and UHC also object

27  on the basis that Plaintiffs waited months to serve their first set of interrogatories and now there is

28  limited time left in which this information can be identified and produced before the close of

discovery.  UBH and UHC also object to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure.  UBH and UHC further object to this Interrogatory on the grounds that it seeks information outside the statute of limitations.  UBH and UHC further object to this Interrogatory to the extent it is duplicative of other Interrogatories, including Interrogatory Nos. 6, 7, 14, 15, 16, 17, and 18.

Subject to and without waiving the foregoing objections, UBH and UHC hereby respond as follows:  various UHC in-house counsel and regulatory affairs personnel were involved on an ongoing basis with reviewing plan language and ensuring that it supported UHC's out-of-network programs, including Facility R&C, as well as changes to this program over time.  Analyses by these in-house lawyers generally are privileged.

Dated: July 7, 2022

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Geoffrey Sigler*
_____
Geoffrey Sigler (admitted *pro hac vice*)

Attorneys for Defendants
UNITED BEHAVIORAL HEALTH and UNITED
HEALTHCARE INSURANCE COMPANY

1

2

CERTIFICATION

3    I, Rebecca Paradise, certify that I have reviewed the foregoing Objections and Responses on

4 behalf of UBH and UHC in the above-captioned matter; and with respect to UBH and UHC's

5 answers to these Interrogatories that I have either personal knowledge of the factual information or

6 have reviewed as UBH and UHC's agent information that is contained in, or contained within the

7 non-objectionable parts, of UBH and UHC's answers, except to the extent information is being

8 provided through business records pursuant to Federal Rule 33(d), and that these responses, subject to

9 inadvertent or undiscovered errors, are based upon and, therefore, limited by the records and

10 information still in existence, presently recollected, and thus far discovered in the course of the

11 preparation of these answers; that consequently, I reserve, on behalf of UBH and UHC's, the right to

12 make changes in the answers if it appears at any time that omissions or errors have been made therein

13 or that more accurate information is available; and that subject to the limitations set forth herein, the

14 said answers are true to the best of my knowledge, information and belief.

15

16    Executed on ___July 6, 2022___.

17

18    _Rebecca Paradise_

19    Rebecca Paradise

20    Authorized Agent

21

22

23

24

25

26

27

28

1
2

**CERTIFICATE OF SERVICE**

3
   I, hereby certify that on this 7th day of July 2022, pursuant to an agreement of the parties dated April 23, 2021, a copy of the foregoing was served via email to the following:

4
   **Matthew M. Lavin, Esq. (*pro hac vice*)**
5
   **Aaron Richard Modiano (*pro hac vice*)**
   ARNALL GOLDEN GREGORY LLP
6
   1775 Pennsylvania Ave. NW, Suite 1000
   Washington, DC 2006
7
   matt.lavin@agg.com
   aaron.modiano@agg.com
8

   **David M. Lilienstein**
9
   **Katie J. Spielman**
   DL Law Group
10
   345 Franklin St.
   San Francisco, CA 94102
11
   david@dllawgroup.com
   katie@dllawgroup.com
12

13

14
                                    */s/ Geoffrey Sigler*
15
                                                    Geoffrey M. Sigler

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
CASE NO. 4:20-CV-02254

1  LAUREN M. BLAS, SBN 296823
   lblas@gibsondunn.com
2  NICOLE R. MATTHEWS, SBN 328977
   nmatthews@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
  333 South Grand Avenue
4  Los Angeles, CA  90071-3197
  Telephone: 213.229.7000
5  Facsimile:  213.229.7520

6  GEOFFREY SIGLER (*admitted pro hac vice*)
   gsigler@gibsondunn.com
7  GIBSON, DUNN & CRUTCHER LLP
  1050 Connecticut Avenue, N.W.
8  Washington, DC 20036-5306
  Telephone: 202.995.8500
9  Facsimile:  202.467.0539

10  Attorneys for Defendant
   UNITED BEHAVIORAL HEALTH

11

              UNITED STATES DISTRICT COURT
12
          NORTHERN DISTRICT OF CALIFORNIA
13
               OAKLAND DIVISION
14

15  LD, DB, BW, RH and CJ, on behalf of | CASE NO. 4:20-cv-02254
   themselves and all others similarly situated,

16              Plaintiffs,

17       v.

18  UNITED BEHAVIORAL HEALTH, a
  California Corporation, and MULTIPLAN
19  INC., a New York corporation,

20            Defendants.

21

22  PROPOUNDING PARTY:     LD, DB, BW, RH and CJ

23  RESPONDING PARTY:      UNITED BEHAVIORAL HEALTH

24  SET NUMBER:          One

25

26

27

28

**DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Gibson, Dunn &
Crutcher LLP

1

**PRELIMINARY STATEMENT**

2          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules

3  for the United States District Court for the Northern District of California, Defendant United

4  Behavioral Health ("UBH") responds to Plaintiffs' First Set of Requests for Production of Documents

5  (the "Requests" and each individual "Request").  Pursuant to Federal Rule of Civil Procedure

6  34(b)(2)(B), UBH plans to begin a rolling production of documents UBH has agreed to produce, as

7  described in the responses below, shortly after entry of an Electronic Stored Information ("ESI")

8  protocol, and plans to produce substantially all of the non-custodial documents it has agreed to

9  produce below by September 30, 2021, and to produce the remainder (including custodial data) by

10  the close of fact discovery.  However, meeting this target will depend on prompt and reasonable

11  resolution of the objections and other issues set out below, through a meet-and-confer that should be

12  scheduled shortly after Plaintiffs' counsel have had an opportunity to review these responses.  UBH

13  reserves the right to amend, supplement, and correct its objections or responses as necessary.

14

**GENERAL OBJECTIONS**

15          1.          UBH objects to each and every Request, Definition, and Instruction to the extent it

16  purports to impose obligations on UBH greater than or beyond those required under the Federal Rules

17  of Civil Procedure ("Federal Rules"), and the Local Civil Rules of the United States District Court for

18  the Northern District of California ("Local Rules"), or the Parties' anticipated ESI Protocol.

19          2.          UBH objects to each and every Request, Definition, and Instruction as overly broad to

20  the extent it seeks discovery on merits issues outside the scope of the administrative record for the

21  claims at issue in this case.  Plaintiffs' case involves claims for benefits under ERISA, and therefore

22  discovery should generally be limited to the administrative record for the claims at issue.  *See*

23  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

24          3.          UBH objects to each and every Request, Definition, and Instruction to the extent that

25  it seeks information that is exempt from discovery and protected from disclosure by the attorney-

26  client privilege, the attorney work-product doctrine, confidentiality agreements, or any other

27  applicable privilege, doctrine, or protection.

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

4.      UBH objects to each and every Request, Definition, and Instruction as overly broad to the extent it seeks information not relevant to the claims or defenses of any party, or information disproportionate to the needs of the case and of such marginal relevance that its probative value is substantially outweighed by the burden imposed on UBH in having to search for and provide such information.

5.      UBH objects to each and every Request, Definition, and Instruction to the extent that it seeks proprietary or other confidential information.  To the extent any confidential health information or other sensitive or protected business information is non-privileged and responsive to the Requests for Production of Documents and not otherwise objectionable, UBH will provide such information pursuant to the protections stipulated in the Parties' protective order and in accordance with such other procedures as the Parties or Court may establish to protect sensitive or confidential information.  UBH also reserves the right to redact discrete categories of especially sensitive information that are not directly relevant to the issues in this case (e.g., fee schedules and other compensation information in contracts with third parties, discussions of products, third parties, and services not at issue in the case).

6.      UBH objects to each and every Request, Definition, and Instruction to the extent that the documents requested are already in Plaintiffs' possession or are available to Plaintiffs from another source that is more convenient, less burdensome, or less expensive.

7.      UBH objects to each and every Request, Definition, and Instruction to the extent it calls for production of documents or electronic information that would be unduly burdensome.

8.      UBH objects to each and every Request, Definition, and Instruction to the extent it calls for production of electronic information that is not reasonably accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore.

9.      UBH objects to each and every Request, Definition, and Instruction to the extent that it implicates the privacy interests of third parties established by law, contract, or custom.  This includes, but is not limited to, information covered by the Health Insurance Portability and Accountability Act, and in particular sensitive health information regarding the mental health and substance abuse conditions and treatments of participants and beneficiaries who are not named

Gibson, Dunn & Crutcher LLP

3

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

Plaintiffs in this case.  To the extent any confidential health information is non-privileged and responsive to the Requests and not otherwise objectionable, UBH will provide such documents and information pursuant to the Protective Order, and reserves the right to redact identifiers and other patient-specific information as well.

10. UBH objects to each and every Request, Definition, and Instruction to the extent that it seeks documents outside of UBH's possession, custody, and control, including to the extent any Requests seek information from a "United" entity other than UBH.  For those Requests seeking documents from UnitedHealthcare Insurance Company, as stated in previous correspondence to Plaintiffs, UBH's counsel will work with Plaintiffs to facilitate a subpoena that may be served on UnitedHealthcare Insurance Company to obtain the relevant information.

11. Nothing contained herein or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Requests.  By indicating that it will produce non-objectionable, non-privileged responsive documents, UBH does not make a representation that such documents exist or are in UBH's possession, but only that UBH will conduct the reasonable searches indicated for the documents sought.

12. UBH objects to each and every Request, Definition, and Instruction to the extent that it seeks documents outside of the relevant scope of discovery and statute of limitations for this case which is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims.  *See Withrow v. Halsey*, 655 F.3d 1032, 1035–36 (9th Cir. 2011); *see also Pincay v. Andrews*, 238 F.3d 1006, 1108 (9th Cir. 2001).  In the event that UBH agrees to produce documents outside of the April 2, 2016 to present timeframe—the governing statute of limitations in this case—such agreement should be deemed limited to that specific Request and is not to be construed as a waiver or admission of any kind.

13. UBH objects to each and every Request, Definition, and Instruction to the extent that it is overly broad, unduly burdensome, and imposes substantial, unjustifiable, and significant discovery costs and search burdens on UBH.

Gibson, Dunn &
Crutcher LLP

4

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

14.     Inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery shall not constitute a waiver of any such claim with respect to the disclosed documents or communications or any other documents or communications or of the right of UBH to object to the use of any such documents or the subject matter thereof during subsequent proceedings.  In the event of inadvertent disclosure of such documents, Plaintiff will return the documents to UBH and will be precluded from disclosing or relying upon such documents in any way.

15.     All the General Objections contained herein and Objections to Definitions and Instructions are expressly incorporated into each of the responses set forth below.

## **OBJECTIONS TO DEFINITIONS**

1.     UBH objects to Plaintiffs' definition of "United" (as well as "You" and "Your") on the ground that it is vague, ambiguous, overly broad and unduly burdensome.  In particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition who are not proper parties to this case and not properly subject to discovery.  UBH will respond to these Requests for Production of Documents on behalf of United Behavioral Health, which is the named defendant in this case.

2.     UBH objects to Plaintiffs' definition of "person" on the ground that it is overly broad and unduly burdensome.  In particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition who are not proper parties to this case and not properly subject to discovery.  UBH will respond to these Requests for Production of Documents on behalf of United Behavioral Health, which is the named defendant in this case.

3.     UBH objects to the definition of SSPe on the ground that it is overly broad and unduly burdensome in that it seeks information about programs that are not relevant to Plaintiffs' claims and allegations in this case, which challenge Viant's OPR pricing for intensive outpatient programs.

4.     UBH objects to the definition of "Facility R&C" on the ground that it is overly broad and unduly burdensome in that it seeks information about programs that are not relevant to Plaintiffs' claims and allegations in this case, which challenge Viant's OPR pricing for intensive outpatient programs.

Gibson, Dunn & Crutcher LLP

5

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

5.      UBH objects to Plaintiffs' definition of "document(s)" to the extent that it seeks to impose obligations on UBH beyond those required by the Federal rules.  UBH further objects to this definition to the extent it calls for production of electronic information that is not reasonably accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore.  UBH will use the definition of "documents" set out in Federal Rule 34.

## OBJECTIONS TO INSTRUCTIONS

1.      UBH objects to Plaintiffs' failure to number the Instructions.  For purposes of clarity in responding and objecting to Plaintiffs' Instructions, UBH has assigned a number to each Instruction based on the Instruction's paragraph break.

2.      UBH objects to Plaintiffs' Instruction 1 as vague, ambiguous, and unduly burdensome because it calls for the production of documents within Plaintiffs' possession, and not Defendant UBH.  UBH will interpret this Instruction as referring to documents in UBH's possession and not documents in Plaintiffs' possession.  UBH further objects to Plaintiffs' Instruction 1 to the extent it seeks documents that are exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine or protection.

3.      UBH objects to Plaintiffs' Instruction 2 that "these requests refer to the time, place, and circumstances of the occurrence described in the Complaint" to the extent that this Instruction includes periods outside the relevant scope of discovery and statute of limitations for this case which is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims.  See *Withrow v. Halsey*, 655 F.3d 1032, 1035–36 (9th Cir. 2011); *see also Pincay v. Andrews*, 238 F.3d 1006, 1108 (9th Cir. 2001).  Subject to and without waiving these objections in responding to these Requests, absent further agreement between the Parties, UBH will use April 2, 2016 to present as the relevant discovery period in responding to these Requests.  However, as stated above, UBH is willing to meet and confer with Plaintiffs in an attempt to reach an agreed approach to a relevant period for discovery.  UBH also objects to Plaintiff's Instruction 2 to the extent it seeks documents and information irrelevant to the claims at issue in the Complaint, including to the extent it seeks documents and information irrelevant to IOP services.  Plaintiffs' Complaint alleges that Defendants

Gibson, Dunn &
Crutcher LLP

6

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1    "den[ied] proper payment for the IOP treatment services that Plaintiffs received" and "under-

2    reimburse[d] Plaintiffs' claims for medically necessary IOP services provided to them."  See, e.g.,

3    Second Amended Complaint ("SAC") ¶¶ 5, 29; *see also* SAC ¶¶ 437–38 (noting that the alleged

4    harm is limited to "underpa[yment]" of the "IOP claims of the Plaintiffs and the class").

5          4.     UBH objects to Plaintiffs' Instruction 5 that each request "refer[s] to all documents

6    that are either known by Defendant to exist or that can be located or discovered by reasonably

7    diligent efforts of the Defendant" to the extent that this Instruction seeks to impose obligations on

8    UBH beyond those required by the Federal Rules.  UBH further objects to Instruction 5 to the extent

9    it calls for the production of information outside of UBH's possession, custody, and control and

10    includes documents that may already be in Plaintiffs' possession or are available to Plaintiffs from

11    another source that is more convenient, less burdensome, or less expensive.

12          5.     UBH objects to Plaintiffs' Instruction 6 that each request be deemed "continuing," on

13    the ground that such obligation would be unduly burdensome given the broad scope and number of

14    the requests.  UBH further objects to Instruction 6 as vague, ambiguous, and nonsensical on the

15    ground that this Instruction purports to require UBH to "seasonably supplement the production."

16          6.     UBH objects to Plaintiffs' Instruction 8 to the extent it purports to confer obligations

17    on UBH beyond what the Parties have agreed to in their ESI protocol (e.g., subpart (a)).  UBH further

18    objects to Instruction 8 to the extent that this Instruction seeks to impose obligations on UBH beyond

19    those required by the Federal Rules.

20          7.     UBH objects to Plaintiffs' Instruction 9 to the extent it purports to confer obligations

21    beyond what the Parties have agreed to in their ESI protocol (e.g., subparts (a) and (b)).  By way of

22    example only, the Parties' ESI protocol does not reference or call for the maintenance of an "online

23    repository . . . maintained by an independent vendor."  UBH further objects to Instruction 9 to the

24    extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal

25    Rules.

26          8.     UBH objects to Plaintiffs' Instruction 10 to the extent it purports to confer obligations

27    beyond what the Parties have agreed to in their ESI protocol.  By way of example only, there is no

28    reference to requirements for hard copy productions in the ESI protocol.  UBH further objects to

Gibson, Dunn &
Crutcher LLP

7

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

Instruction 10 to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules.

9.      UBH objects to Plaintiffs' Instruction 11 to the extent it purports to confer obligations on UBH beyond what the Parties have agreed to in their ESI protocol (e.g., subpart (1)(b)(5)).  UBH further objects to Instruction 11 to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules.

10.      UBH objects to Plaintiffs' Instruction 12 to the extent it purports to confer obligations on UBH beyond what the Parties have agreed to in their ESI protocol.  By way of example only, the Instruction purports to require UBH to "identif[y]" and "enter[] separately" attachments to a document, but the Parties' ESI protocol states that "[a]ttachments to privileged email messages do not need to be identified on the Privilege Log separately from, or in addition to the privilege email." UBH further objects to Instruction 12 to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules.

11.      UBH objects to Plaintiffs' Instruction 13 to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules.  UBH further objects to Instruction 13 to the extent the Instruction calls for the information exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine or protection.

12.      UBH objects to Plaintiffs' Instruction 14 to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules, including to the extent it purports to require UBH to "ventur[e] beyond the parties to the litigation and include non-parties." UBH further objects to Instruction 14 to the extent the Instruction calls for the information exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine or protection.

13.      UBH objects to Plaintiffs' Instruction 15 that "any objections as to an alleged burden shall clearly set out the nature of the alleged burden by affidavit or other reliable evidence" to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules.

Gibson, Dunn &
Crutcher LLP

8
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

14.     UBH objects to Plaintiffs' Instruction 16 to the extent it requires UBH to "set forth . . . the interpretation that [it] [has] chosen to use in responding to the request."  Where a request is ambiguous UBH will provide its interpretation to the extent possible, and otherwise reserves the right to meet and confer.

15.     UBH objects to Plaintiffs' Instruction 17 that each Request be deemed "continuing in nature" on the ground that such obligation would be unduly burdensome given the broad scope and number of the Requests.  UBH further objects to Instruction 17 to the extent it is duplicative of Instruction 6.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

For the period January 1, 2015, to present, produce a claims report identifying all OON claims paid or adjudicated by United for claims with HCPCS Code H0015, H2036, and S9480.

**RESPONSE TO REQUEST NO. 1:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH to "produce" a "claims report" specifically for this litigation containing "all" claims within a broadly-defined category that includes multiple codes, including HCPCS Code H2036, that have no apparent connection to the IOP services at issue in the case.  Furthermore, as framed, this Request is overly broad because it is not limited to claims "paid or adjudicated" using the Viant OPR data that Plaintiffs challenge in the Complaint.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Gibson, Dunn &
Crutcher LLP

9
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs regarding the parameters of a claim data summary regarding the putative class members' claims involving IOP services priced using Viant's OPR data that can be reasonably be produced by UBH to satisfy this request.

**REQUEST NO. 2:**

For the period January 1, 2015, to present, produce a claims report identifying all OON outpatient claims with HCPCS Code H0015, H2036 and S9480 that were priced using Viant OPR and were paid by United, including data on any adjustments to the initial pricing and whether the plan was ASO or Fl.

**RESPONSE TO REQUEST NO. 2:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as vague and ambiguous, particularly with respect to the phrase "adjustments to the initial pricing."   UBH further objects to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports require UBH to "produce" a "claims report" specifically for this litigation containing "all" claims within a broadly-defined category that includes multiple codes, including HCPCS Code H2036, that have no apparent connection to the IOP services at issue in the case.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs regarding the parameters of a claim data summary regarding the putative class members' claims involving IOP

10

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

Gibson, Dunn & Crutcher LLP

services priced using Viant's OPR data that can be reasonably be produced by UBH to satisfy this request.

**REQUEST NO. 3:**

A full and complete copy of the Network Access Agreement between UnitedHealthcare Insurance Company and MultiPlan Inc, including the original agreement and all subsequent amendments thereto through present.

**RESPONSE TO REQUEST NO. 3:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH objects to this Request as seeking information outside its possession, custody, and control, in that the agreement at issue involves a separate entity, UnitedHealthcare Insurance Company. UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek amendments having nothing to do with the Viant OPR data that Plaintiffs challenge in this case. UBH further objects to this Request as overly broad and unduly burdensome, in that it seeks information about agreements that are not relevant to Plaintiffs' claims and allegations in this case, which challenge Viant's OPR pricing for intensive outpatient programs. UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will search for and produce non-privileged, responsive contracts and amendments regarding Viant's OPR data relevant to the claims at issue that were in effect during the putative class period pursuant to this Request, subject to the completion of a meet and confer with Plaintiffs regarding a subpoena that may be served on UnitedHealthcare Insurance Company to obtain these documents.

**REQUEST NO. 4:**

For the period January 1, 2015, to present, produce a report of all fees and all internal operating income derived by United's SSP/SSPe.

Gibson, Dunn & Crutcher LLP

11
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 4:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH. UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. By way of example only, UBH objects to this Request as seeking to impose a broad search for documents related to UBH's SSP/SSPe that is not related to Viant's OPR pricing for intensive outpatient programs. UBH further objects to this Request as overly broad and unduly burdensome, to the extent it asks UBH to "produce" a report of "all" fees and internal operating income regarding broadly defined programs not limited to the claims and services at issue in the case. UBH also objects to this Request as duplicative of Request No. 5. UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

**REQUEST NO. 5:**

For the period January 1, 2015, to present, produce a report of all internal operating income derived from/by United's SSP/SSPe, specifically from its use of the Viant OPR solution.

**RESPONSE TO REQUEST NO. 5:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH. UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. By way of example only, UBH objects to this Request as seeking to impose a broad search for documents related to UBH's SSP/SSPe that is not related to Viant's OPR pricing for intensive outpatient programs. UBH further objects to this Request as overly broad and unduly burdensome, in that it seeks information about

Gibson, Dunn &
Crutcher LLP

12

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1    programs that are not relevant to Plaintiffs' claims and allegations in this case, which challenge

2    Viant's pricing methods for intensive outpatient programs.  UBH also objects to the extent this

3    Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims

4    and allegations in this case.

5    **REQUEST NO. 6:**

6         For the period January 1, 2015, to present, produce a report showing all actual fees paid to

7    Multiplan under the Network Access Agreement.

8    **RESPONSE TO REQUEST NO. 6:**

9         UBH hereby incorporates its General Objections and Objections to Definitions and

10    Instructions in their entirety into this response.  UBH objects to this Request as seeking information

11    outside its possession, custody, and control, to the extent that this Request seeks information from a

12    "United" entity other than UBH.  UBH objects to this Request on the ground that it seeks information

13    not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

14    discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data

15    used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request

16    as overly broad and unduly burdensome.  By way of example only, this Request seeks information

17    about fees that are not limited to claims and allegations related to Viant's OPR pricing for intensive

18    outpatient programs.  UBH also objects to the extent this Request seeks documents outside the time

19    period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH further

20    objects to this Request to the extent it seeks information outside of UBH's possession, custody, and

21    control, including but not limited to any documents that may be in the possession of MultiPlan but

22    not UBH.

23         Subject to and without waiving the General Objections, the Objections to Definitions and

24    Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

25    what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

26    provided.

27

28

Gibson, Dunn &
Crutcher LLP

13
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   **REQUEST NO. 7:**

2        For the period January 1, 2015, to present, produce a report showing all actual fees paid to

3   Multiplan specifically related to United's use of the Viant OPR solution.

4   **RESPONSE TO REQUEST NO. 7:**

5        UBH hereby incorporates its General Objections and Objections to Definitions and

6   Instructions in their entirety into this response.  UBH objects to this Request as seeking information

7   outside its possession, custody, and control, to the extent that this Request seeks information from a

8   "United" entity other than UBH.  UBH objects to this Request on the ground that it seeks information

9   not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

10  discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data

11  used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request

12  on the grounds that the term "solution" is vague and undefined.  UBH further objects to this Request

13  as overly broad and unduly burdensome.  By way of example only, this Request seeks information

14  about fees that are not limited to claims and allegations related to Viant's OPR pricing for intensive

15  outpatient programs.  UBH also objects to the extent this Request seeks documents outside the time

16  period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH further

17  objects to this Request to the extent it seeks information outside of UBH's possession, custody, and

18  control, including but not limited to any documents that may be in the possession of MultiPlan but

19  not UBH.

20       Subject to and without waiving the General Objections, the Objections to Definitions and

21  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

22  what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

23  provided.

24  **REQUEST NO. 8:**

25       For the period January 1, 2015, to the present, produce any and all quarterly update / quarter

26  in review PowerPoint slide deck presentations prepared by MultiPlan for United.

27

28

Gibson, Dunn &
Crutcher LLP

14
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 8:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as vague and ambiguous, in that the "quarterly update / quarter in review" documents are not defined or tied to the topics or services at issue in the case.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome.  By way of example only, this Request seeks presentations that are that are not related to Viant's OPR pricing for intensive outpatient programs.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 9:**

For the period of January 1, 2015, to present, any and all correspondence relating to the regular quarterly meetings between United and MultiPlan.

**RESPONSE TO REQUEST NO. 9:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH objects to this Request on the ground that it seeks information

1  not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

2  discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data

3  used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request

4  as overly broad and unduly burdensome.  By way of example only, this Request seeks information

5  about meetings that are not related to Viant's OPR pricing for intensive outpatient programs.  UBH

6  objects to this Request as vague and ambiguous, in that the "quarterly meeting" documents are not

7  defined or tied to the topics or services at issue in the case.  UBH also objects to the extent this

8  Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims

9  and allegations in this case.  UBH further objects to this Request to the extent it seeks information

10  outside of UBH's possession, custody, and control, including but not limited to any documents that

11  may be in the possession of MultiPlan but not UBH.

12       Subject to and without waiving the General Objections, the Objections to Definitions and

13  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

14  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

15  identify non-privileged documents in its possession, custody, and control that are responsive to this

16  Request.

17  **REQUEST NO. 10:**

18       For the period of January 1, 2015, to present, any and all WebEx or other recordings of

19  quarterly meetings between United and MultiPlan covering the period of January 1, 2015 to present.

20  **RESPONSE TO REQUEST NO. 10:**

21       UBH hereby incorporates its General Objections and Objections to Definitions and

22  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

23  outside its possession, custody, and control, to the extent that this Request seeks information from a

24  "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

25  information not relevant to the claims or defenses of any party and not reasonably calculated to lead

26  to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

27  data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

28  Request as overly broad and unduly burdensome.  By way of example only, this Request seeks

Gibson, Dunn &
Crutcher LLP

16

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   information about meetings that are not related to Viant's OPR pricing for intensive outpatient

2   programs.  UBH objects to this Request as vague and ambiguous, in that the "quarterly meeting"

3   documents are not defined or tied to the topics or services at issue in the case.  UBH also objects to

4   the extent this Request seeks documents outside the time period properly subject to discovery for

5   Plaintiffs' claims and allegations in this case.  UBH further objects to this Request to the extent it

6   seeks information outside of UBH's possession, custody, and control, including but not limited to any

7   documents that may be in the possession of MultiPlan but not UBH.

8        Subject to and without waiving the General Objections, the Objections to Definitions and

9   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

10  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

11  identify non-privileged documents in its possession, custody, and control that are responsive to this

12  Request.

13  **REQUEST NO. 11:**

14       For the period of January 1, 2015, to present, any and all agendas prepared for any meetings,

15  including quarterly meetings, between United and MultiPlan covering the period of January 1, 2015

16  to present.

17  **RESPONSE TO REQUEST NO. 11:**

18       UBH hereby incorporates its General Objections and Objections to Definitions and

19  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

20  outside its possession, custody, and control, to the extent that this Request seeks information from a

21  "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

22  information not relevant to the claims or defenses of any party and not reasonably calculated to lead

23  to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

24  data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

25  Request as overly broad and unduly burdensome.  By way of example only, this Request seeks

26  information about meetings that are not related to Viant's pricing methods for intensive outpatient

27  programs.  UBH objects to this Request as vague and ambiguous, in that the "quarterly meeting"

28  documents are not defined or tied to the topics or services at issue in the case.  UBH also objects to

1  the extent this Request seeks documents outside the time period properly subject to discovery for

2  Plaintiffs' claims and allegations in this case.  UBH further objects to this Request to the extent it

3  seeks information outside of UBH's possession, custody, and control, including but not limited to any

4  documents that may be in the possession of MultiPlan but not UBH.

5         Subject to and without waiving the General Objections, the Objections to Definitions and

6  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

7  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

8  identify non-privileged documents in its possession, custody, and control that are responsive to this

9  Request.

10 **REQUEST NO. 12:**

11        For the period of January 1, 2015, to present, any and all "white papers," documents entitled

12 "Viant Facility U&C Review — Outpatient Review (OPR) Module" or summaries of methodologies

13 prepared by MultiPlan concerning or applicable to OON outpatient claim pricing that includes or

14 relates to MultiPlan's Viant OPR medical reimbursement analysis solution or the pricing of OON

15 outpatient and Facility R&C claims and any related correspondence

16 **RESPONSE TO REQUEST NO. 12:**

17        UBH hereby incorporates its General Objections and Objections to Definitions and

18 Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

19 seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

20 lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant

21 OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

22 Request as vague, ambiguous, overly broad, and unduly burdensome.  By way of example only, the

23 term "white papers" is undefined and, as written, could encompass reports or summaries regarding

24 any and all issues in UBH's possession.  UBH also objects to the extent this Request seeks

25 documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations

26 in this case.  UBH further objects to this Request to the extent it seeks information outside of UBH's

27 possession, custody, and control, including but not limited to any documents that may be in the

28 possession of MultiPlan but not UBH.

Gibson, Dunn &
Crutcher LLP

18

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   Subject to and without waiving the General Objections, the Objections to Definitions and

2   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

3   what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

4   provided.

5   **REQUEST NO. 13:**

6   For the period January 1, 2015, to the present, any and all documents related to United's

7   selection of Multiple Procedure Parameters ("MPR") to be used by Multiplan in pricing Facility

8   R&C, Viant OPR and/or OON outpatient claims and all related correspondence.

9   **RESPONSE TO REQUEST NO. 13:**

10   UBH hereby incorporates its General Objections and Objections to Definitions and

11   Instructions in their entirety into this response.  UBH objects to this Request as seeking information

12   outside its possession, custody, and control, to the extent that this Request seeks information from a

13   "United" entity other than UBH.  UBH objects to this Request on the ground that it seeks information

14   not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

15   discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data

16   used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request

17   as overly broad and unduly burdensome, in that it seeks information about programs that are not

18   relevant to Plaintiffs' claims and allegations in this case, which challenge Viant's OPR pricing for

19   intensive outpatient programs.  UBH further objects to this Request as vague and ambiguous.  By

20   way of example only, the term "Multiple Procedure Parameters" is vague and ambiguous because it

21   is undefined.  UBH also objects to the extent this Request seeks documents outside the time period

22   properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH further objects

23   to this Request to the extent it seeks information outside of UBH's possession, custody, and control,

24   including but not limited to any documents that may be in the possession of MultiPlan but not UBH.

25   Subject to and without waiving the General Objections, the Objections to Definitions and

26   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

27   what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

28   provided.

Gibson, Dunn &
Crutcher LLP

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**REQUEST NO. 14:**

For the period of January 1, 2015, to present, any and all documents, both internal and external, relating to Facility R&C Default Rates applied to OON mental health / behavioral health claims when the Facility R&C methodology does not have a rate available.

**RESPONSE TO REQUEST NO. 14:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome, in that it seeks information about programs that are not relevant to Plaintiffs' claims and allegations in this case, which challenge Viant's OPR pricing for intensive outpatient programs.  UBH further objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH further objects to the phrase "Facility R&C Default Rates" and "Facility R&C methodology" as vague and ambiguous because those phrases are undefined.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 15:**

For the period of January 1, 2015, to present, any and all reports in United's custody prepared by or relating to Dr. Bernard Siskin and any correspondence related to or referencing such reports.

**RESPONSE TO REQUEST NO. 15:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH objects to this Request on the ground that it seeks information

Gibson, Dunn &
Crutcher LLP

20
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1  not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

2  discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data

3  used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request

4  as overly broad and unduly burdensome, to the extent it purports to request reports that are not

5  relevant to Plaintiffs' claims and allegations in this case, which challenge Viant's OPR pricing for

6  intensive outpatient programs.  UBH also objects to the extent this Request seeks documents outside

7  the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH

8  further objects to this Request to the extent it seeks information outside of UBH's possession,

9  custody, and control, including but not limited to any documents that may be in the possession of

10  MultiPlan but not UBH.

11      Subject to and without waiving the General Objections, the Objections to Definitions and

12  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

13  what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

14  provided.

15  **REQUEST NO. 16:**

16      For the period of January 1, 2015, to present, all correspondence from Emma Johnson to

17  Rebecca Paradise or Sarah Peterson referencing reports by Dr. Siskin.

18  **RESPONSE TO REQUEST NO. 16:**

19      UBH hereby incorporates its General Objections and Objections to Definitions and

20  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

21  outside its possession, custody, and control, to the extent that this Request seeks information from a

22  "United" entity other than UBH.  UBH objects to this Request on the ground that it seeks information

23  not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

24  discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data

25  used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request

26  as overly broad and unduly burdensome, to the extent it purports to request correspondence and

27  reports that are not relevant to Plaintiffs' claims and allegations in this case, which challenge Viant's

28  OPR pricing for intensive outpatient programs.  UBH also objects to the extent this Request seeks

documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 17:**

For the period January 1, 2015, to present, produce all documents and correspondence related to United's SSP/SSPe fees and internal operating income earned by United.

**RESPONSE TO REQUEST NO. 17:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all documents and correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  By way of example only, UBH objects to this Request as seeking to impose a broad search for documents related to UBH's SSP/SSPe that is not related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request to the extent it is duplicative of Request No. 18.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

**REQUEST NO. 18**:

For the period January 1, 2015, to present, produce all internal presentations including PowerPoint slide decks and spreadsheets related to United's SSP/SSPe fees and internal operating income earned by United.

**RESPONSE TO REQUEST NO. 18**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all internal presentations . . . and spreadsheets" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  By way of example only, UBH objects to this Request as seeking to impose a broad search for documents related to UBH's SSP/SSPe that is not related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects that this Request is duplicative of Request No. 17.  UBH further objects to this Request as vague and ambiguous, particularly with respect to the phrase "internal presentations."  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

**REQUEST NO. 19**:

For the period January 1, 2015, to the present, any and all presentations prepared by MultiPlan relating to enhancing United's competitive position in the healthcare market, or "landscape", and any related correspondence.

**RESPONSE TO REQUEST NO. 19**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information

Gibson, Dunn & Crutcher LLP

23

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all presentations" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  By way of example only, this Request is overly broad and unduly burdensome because the phrase "any and all presentations prepared by MultiPlan relating to enhancing United's competitive position in the healthcare market, or 'landscape'" is not limited to materials related to Viant's OPR pricing for intensive outpatient programs.  Additionally, UBH objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any presentations that may be in the possession of MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

**REQUEST NO. 20:**

For the period January 1, 2015, to present, any and all correspondence, presentation, PowerPoint slide decks or reports, either internal or external, relating to changes in OPR percentiles and/or the pricing of OON outpatient claims. This request includes email correspondence to, from or including any of the following: Rebecca Paradise, John Haben, Sarah Peterson, Ray Lopez, Jacqueline Kienzle, Emma Johnson, Mark Edwards, Dale White, and Tina Smith.

**RESPONSE TO REQUEST NO. 20:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

data used to price IOP services that Plaintiffs challenge in this case. UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seek "any and all correspondence, presentation[s], PowerPoint slide decks or reports" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. By way of example only, this Request is overly broad and unduly burdensome because the Request, which asks for documents involving, among other things, "the pricing of OON outpatient claims," is not limited to materials related to Viant's OPR pricing for intensive outpatient programs. UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH. UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this request and what documents, if any, can reasonably be provided.

**REQUEST NO. 21:**

For the period January 1, 2015, to present, any and all internal PowerPoint slide deck presentations, models, spreadsheets or projections relating to changes in Facility R&C pricing and/or Viant OPR percentiles applied to OON outpatient claims.

**RESPONSE TO REQUEST NO. 21:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. By way of example only, the Request seeks information about "presentations, models, spreadsheets or projections" that are not limited to claims and allegations related to Viant's pricing methods for intensive outpatient programs. UBH further objects to this Request as overly broad and unduly burdensome on the ground that it

seeks "any and all . . . presentations, models, spreadsheets or projections" and to the extent it seeks information not related to Viant's OPR pricing for intensive outpatient programs.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 22:**

For the period January 1, 2015, to present, any and all internal presentations, PowerPoint slide decks, spreadsheets, models or projections relating to Shared Savings Program fees resulting from changes in Facility R&C pricing and/or Viant OPR percentiles applied by United to OON outpatient claims.

**RESPONSE TO REQUEST NO. 22:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH also objects that this Request is duplicative of Request No. 21.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all . . . presentations . . . slide decks, spreadsheets, models or projections" and to the extent it seeks information not related to Viant's OPR pricing for intensive outpatient programs.  By way of example only, UBH objects to this Request as seeking to impose a broad search for documents related to UBH's "Shared Savings Program," which Plaintiffs have defined to include "SSP/SSPe," that is not related to Viant's OPR pricing for intensive

Gibson, Dunn &
Crutcher LLP

1  outpatient programs.  UBH also objects to the extent this Request seeks documents outside the time

2  period properly subject to discovery for Plaintiffs' claims and allegations in this case.

3  Subject to and without waiving the General Objections, the Objections to Definitions and

4  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

5  what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

6  provided.

7  **REQUEST NO. 23:**

8  For the period of January 1, 2015, to present, any and all internal presentations or projections

9  relating to changes in OON outpatient, Facility R&C and/or OPR percentiles prepared by any

10  individuals employed in United's Out of Network Payment Strategy department.

11  **RESPONSE TO REQUEST NO. 23:**

12  UBH hereby incorporates its General Objections and Objections to Definitions and

13  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

14  outside its possession, custody, and control, to the extent that this Request seeks information from a

15  "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

16  information not relevant to the claims or defenses of any party and not reasonably calculated to lead

17  to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

18  data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

19  Request as overly broad and unduly burdensome on the ground that it seeks "any and all internal

20  presentations or projections" and to the extent it seeks information not related to Viant's OPR pricing

21  for intensive outpatient programs.  By way of example only, UBH objects to this Request as seeking

22  to impose a broad search for documents related to "Facility R&C" or "OON outpatient" or "OPR

23  percentiles" that is not related to Viant's OPR pricing for intensive outpatient programs.  UBH

24  further objects to this Request on the grounds that the term "Out of Network Payment Strategy

25  department" is vague and undefined.  UBH also objects to the extent this Request seeks documents

26  outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this

27  case.

28

Gibson, Dunn & Crutcher LLP

27

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1    Subject to and without waiving the General Objections, the Objections to Definitions and

2    Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

3    what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

4    provided.

5    **REQUEST NO. 24:**

6    For the period January 1, 2015, to present, any and all communications and documents

7    relating to changing Facility R&C and OPR percentiles, including for the Facility R&C and Viant

8    OPR percentile reduction changes occurring in 2018 and 2020, and the Facility R&C Compare

9    implementation occurring in 2018.

10   **RESPONSE TO REQUEST NO. 24:**

11   UBH hereby incorporates its General Objections and Objections to Definitions and

12   Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

13   seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

14   lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant

15   OPR data used to price IOP services that Plaintiffs challenge in this case.  By way of example only,

16   the Request seeks information about "Facility R&C" and "OPR Percentiles" that is not limited to

17   claims and allegations related to Viant's OPR pricing for intensive outpatient programs.  UBH also

18   objects that this Request is duplicative of Request No. 23.  UBH further objects to this Request as

19   overly broad and unduly burdensome on the ground that it seeks "any and all communications or

20   documents" and to the extent it seeks information not related to Viant's OPR pricing for intensive

21   outpatient programs.  UBH further objects to this Request on the grounds that the term "Facility R&C

22   Compare" is vague and undefined.  UBH further objects to this Request to the extent it seeks

23   information outside of UBH's possession, custody, and control, including but not limited to any

24   documents that may be in the possession of MultiPlan but not UBH.  UBH also objects to the extent

25   this Request seeks documents outside the time period properly subject to discovery for Plaintiffs'

26   claims and allegations in this case.

27   Subject to and without waiving the General Objections, the Objections to Definitions and

28   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

Gibson, Dunn &
Crutcher LLP

28

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1  what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

2  provided.

3  **REQUEST NO. 25:**

4       For the period January 1, 2015, to present, all Change Request Forms, and related

5  correspondence with attachments, prepared by United and transmitted to Multiplan regarding

6  reductions in OPR percentiles and Facility Benchmark Pricing.

7  **RESPONSE TO REQUEST NO. 25:**

8       UBH hereby incorporates its General Objections and Objections to Definitions and

9  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

10 outside its possession, custody, and control, to the extent that this Request seeks information from a

11 "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

12 information not relevant to the claims or defenses of any party and not reasonably calculated to lead

13 to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

14 data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

15 Request as overly broad and unduly burdensome on the ground that it seeks "all Change Request

16 Forms and related correspondence" to the extent it seeks information not related to Viant's OPR

17 pricing for intensive outpatient programs.  UBH further objects to this Request on the grounds that

18 the term "Change Request Form" is vague and undefined.  UBH also objects to the extent this

19 Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims

20 and allegations in this case.

21      Subject to and without waiving the General Objections, the Objections to Definitions and

22 Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

23 what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

24 provided.

25 **REQUEST NO. 26:**

26      For the period January 1, 2015, to present, any and all correspondence, both internal and

27 external, and documents related to the appeal of OON outpatient and Facility R&C claims, i.e., rules

28 regarding appeals and appeal negotiation parameters set by United, for Facility R&C claims.

Gibson, Dunn &
Crutcher LLP

29
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 26:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH. UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. By way of example only, the Request seeks information about "correspondence" and "documents related to the appeal" that is not limited to claims and allegations related to Viant's OPR pricing for intensive outpatient programs. UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all correspondence . . . and documents" and to the extent it seeks information not related to Viant's OPR pricing for intensive outpatient programs. UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 27:**

For the period January 1, 2015, to present, all scripts used by United customer service to address disputes of Viant OPR priced claims.

**RESPONSE TO REQUEST NO. 27:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH. UBH further objects to this Request on the ground that it seeks

1   information not relevant to the claims or defenses of any party and not reasonably calculated to lead

2   to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

3   data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

4   Request as overly broad and unduly burdensome on the ground that it seeks "all scripts" and to the

5   extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient

6   programs.  UBH also objects to the extent this Request seeks documents outside the time period

7   properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH objects to this

8   Request on the grounds that it seeks information which is subject to a claim of privilege or which is

9   otherwise protected from disclosure by, including without limitation, the attorney-client privilege or

10  the attorney work product doctrine.

11          Subject to and without waiving the General Objections, the Objections to Definitions and

12  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

13  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

14  identify non-privileged documents in its possession, custody, and control that are responsive to this

15  Request.

16  **REQUEST NO. 28:**

17          For the period January 1, 2015, to present, produce a report showing all disputed OON

18  outpatient and Facility R&C claims that had been initially priced by Viant OPR but were later

19  adjusted and paid at either billed charges or the R&C amount.

20  **RESPONSE TO REQUEST NO. 28:**

21          UBH hereby incorporates its General Objections and Objections to Definitions and

22  Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

23  seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

24  lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant

25  OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

26  Request as overly broad and unduly burdensome to the extent the Request is not limited to Viant's

27  OPR pricing for intensive outpatient programs and to the extent it purports to require to UBH to

28  produce a "report" specifically for this litigation beyond what is required by the Federal Rules.  UBH

Gibson, Dunn &
Crutcher LLP

31
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1 objects to the extent this Request seeks documents outside the time period properly subject to

2 discovery for Plaintiffs' claims and allegations in this case.

3      Subject to and without waiving the General Objections, the Objections to Definitions and

4 Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

5 what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

6 provided.

7 **REQUEST NO. 29:**

8      For the period January 1, 2015, to present, any and all documents related to dispute

9 procedures is response to provider balance billing for OON outpatient and Facility R&C claims.

10 **RESPONSE TO REQUEST NO. 29:**

11      UBH hereby incorporates its General Objections and Objections to Definitions and

12 Instructions in their entirety into this response.  UBH further objects to this Request on the ground

13 that it seeks information not relevant to the claims or defenses of any party and not reasonably

14 calculated to lead to the discovery of admissible evidence, in that it appears to seek information

15 beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH

16 further objects to this Request as vague and ambiguous, particularly with respect to the term "dispute

17 procedures."  UBH further objects to this Request as overly broad and unduly burdensome on the

18 ground that it seeks "any and all documents" and to the extent the Request is not limited to

19 documents related to Viant's OPR pricing for intensive outpatient programs.  UBH also objects to the

20 extent this Request seeks documents outside the time period properly subject to discovery for

21 Plaintiffs' claims and allegations in this case.

22      Subject to and without waiving the General Objections, the Objections to Definitions and

23 Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

24 what documents Plaintiffs seek through this request and what documents, if any, can reasonably be

25 provided.

26

27

28

Gibson, Dunn & Crutcher LLP

32
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1  **REQUEST NO. 30:**

2      For the period of January 1, 2015, to present, any and all documents related to policies and

3  procedures to hold members harmless for OON outpatient and Facility R&C claims, including, but

4  not limited to, claim negotiation and legal action by United.

5  **RESPONSE TO REQUEST NO. 30:**

6      UBH hereby incorporates its General Objections and Objections to Definitions and

7  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

8  outside its possession, custody, and control, to the extent that this Request seeks information from a

9  "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

10  information not relevant to the claims or defenses of any party and not reasonably calculated to lead

11  to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

12  data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

13  Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents"

14  and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive

15  outpatient programs.  By way of example only, this Request is overly broad and unduly burdensome

16  to the extent it seeks information about "policies and procedures to hold members harmless for OON

17  outpatient and Facility R&C claims" that is not related to Viant's OPR pricing for intensive

18  outpatient programs.  UBH also objects to the extent this Request seeks documents outside the time

19  period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH objects

20  to this Request on the grounds that it seeks information which is subject to a claim of privilege or

21  which is otherwise protected from disclosure by, including without limitation, the attorney-client

22  privilege or the attorney work product doctrine.

23      Subject to and without waiving the General Objections, the Objections to Definitions and

24  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

25  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

26  identify non-privileged documents in its possession, custody, and control that are responsive to this

27  Request.

28

Gibson, Dunn &
Crutcher LLP

33
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**REQUEST NO. 31:**

For the period of January 1, 2015, to present, all documents relating to the Remark Code 'CY'.

**RESPONSE TO REQUEST NO. 31:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all documents relating to the Remark Code 'CY' and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. By way of example only, this Request is overly broad and unduly burdensome because it requests information about the Remark Code 'CY' that is not limited to documents related to intensive outpatient programs or Viant's OPR pricing for intensive outpatient programs, but rather any and all documents related to the Remark Code 'CY" made on wholly unrelated bases. UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 32:**

For the period of January 1, 2015, to present, any and all documents, correspondence, PowerPoint slide decks and spreadsheets, both internal and external, relating to Facility R&C Default Rates applied to OON mental health / behavioral health claims when the Facility R&C/Viant OPR methodology does not have a rate available.

**RESPONSE TO REQUEST NO. 32**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents, correspondence, PowerPoint slide decks and spreadsheets" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  By way of example only, UBH objects to this Request as overly broad and unduly burdensome to the extent it seeks documents related to "Facility R&C Default Rates" and "Facility R&C/Viant OPR methodology" that is not related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to the phrase "Facility R&C Default Rates" and "Facility R&C/Viant OPR methodology" as vague and ambiguous because those phrases are undefined.  UBH further objects because this Request is duplicative of Request No. 14.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 33**:

For the period of January 1, 2015, to present, any and all documents relating to any pricing methodology applied to OON UB claims that either contained HCPS / CPT code H0015 or had HCPS / CPT code H0015 appended after the claims were submitted.

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

Gibson, Dunn & Crutcher LLP

**RESPONSE TO REQUEST NO. 33**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request as vague and ambiguous, particularly with respect to the phrase "pricing methodology."  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 34:**

For the period of January 1, 2015, to present, any and all documents relating to the methodology or solution applied to BMP-eligible claims sent to Viant Facility U&C where the Viant Facility U&C allowed amount exceeded the Benchmark Pricing Target amount returned from MultiPlan's DUKE system with 043 or 044 return codes.

**RESPONSE TO REQUEST NO. 34:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

1   lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant

2   OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

3   Request as overly broad and unduly burdensome on the ground that it seeks "any and all policy and

4   procedure manuals or similar documents" and to the extent the Request is not limited to documents

5   related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this

6   Request as vague and ambiguous, on the ground that the terms "BMP-eligible claims," "MultiPlan's

7   DUKE system," and "Viant Facility U&C" are undefined.  UBH further objects to this Request to the

8   extent it seeks information outside of UBH's possession, custody, and control, including but not

9   limited to any presentations that may be in the possession of MultiPlan but not UBH.  UBH also

10   objects to the extent this Request seeks documents outside the time period properly subject to

11   discovery for Plaintiffs' claims and allegations in this case.

12         Subject to and without waiving the General Objections, the Objections to Definitions and

13   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

14   what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

15   identify non-privileged documents in its possession, custody, and control that are responsive to this

16   Request.

17   **REQUEST NO. 35:**

18         For the period of January 1, 2015, to present, any and all presentations, PowerPoint slide

19   decks, and spreadsheets, prepared for regular Governance Meetings between United and Multiplan.

20   **RESPONSE TO REQUEST NO. 35:**

21         UBH hereby incorporates its General Objections and Objections to Definitions and

22   Instructions in their entirety into this response.  UBH objects to this Request as seeking information

23   outside its possession, custody, and control, to the extent that this Request seeks information from a

24   "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

25   information not relevant to the claims or defenses of any party and not reasonably calculated to lead

26   to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

27   data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

28   Request as overly broad and unduly burdensome on the ground that it seeks "any and all

Gibson, Dunn &
Crutcher LLP

37

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

presentations, PowerPoint slide decks, and spreadsheets" and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request on the grounds that the term "Governance Meetings" is vague and undefined.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 36:**

For the period of January 1, 2015, to present, any and all agendas for United and MultiPlan's Governance Meetings.

**RESPONSE TO REQUEST NO. 36:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all agendas" and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request on the grounds that the term "Governance Meetings" is vague and undefined.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession,

Gibson, Dunn & Crutcher LLP

38
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 37:**

For the period of January 1, 2015, to present, any and all correspondence concerning United and MultiPlan's Governance Meetings.

**RESPONSE TO REQUEST NO. 37:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all correspondence" and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request on the grounds that the term "Governance Meetings" is vague and undefined.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

Gibson, Dunn &
Crutcher LLP

1  what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

2  provided.

3  **REQUEST NO. 38:**

4  For the period of January 1, 2015, to present, any and all WebEx or other recordings of

5  United and MultiPlan's Governance Meetings from 2015 to present.

6  **RESPONSE TO REQUEST NO. 38:**

7  UBH hereby incorporates its General Objections and Objections to Definitions and

8  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

9  outside its possession, custody, and control, to the extent that this Request seeks information from a

10  "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

11  information not relevant to the claims or defenses of any party and not reasonably calculated to lead

12  to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

13  data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

14  Request as overly broad and unduly burdensome on the ground that it seeks "any and all WebEx or

15  other recordings" and to the extent it seeks information not related Viant's OPR pricing for intensive

16  outpatient programs.  UBH further objects to this Request on the grounds that the term "Governance

17  Meetings" is vague and undefined.  UBH further objects to this Request to the extent it seeks

18  information outside of UBH's possession, custody, and control, including but not limited to any

19  documents that may be in the possession of MultiPlan but not UBH.  UBH also objects to the extent

20  this Request seeks documents outside the time period properly subject to discovery for Plaintiffs'

21  claims and allegations in this case.

22  Subject to and without waiving the General Objections, the Objections to Definitions and

23  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

24  what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

25  provided.

26  **REQUEST NO. 39:**

27  For the period of January 1, 2015, to present, any and all documents or correspondence

28  concerning any meetings between United and Multiplan occurring from January 1, 2015, to present.

Gibson, Dunn &
Crutcher LLP

40

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1  **RESPONSE TO REQUEST NO. 39**:

2  UBH hereby incorporates its General Objections and Objections to Definitions and

3  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

4  outside its possession, custody, and control, to the extent that this Request seeks information from a

5  "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

6  information not relevant to the claims or defenses of any party and not reasonably calculated to lead

7  to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

8  data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

9  Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents

10  or correspondence concerning any meetings" and to the extent it seeks information not related to

11  Viant's pricing methods for intensive outpatient programs.  UBH further objects to this request to the

12  extent it is duplicative of Request No. 37.  UBH further objects to this Request to the extent it seeks

13  information outside of UBH's possession, custody, and control, including but not limited to any

14  documents that may be in the possession of MultiPlan but not UBH.  UBH also objects to the extent

15  this Request seeks documents outside the time period properly subject to discovery for Plaintiffs'

16  claims and allegations in this case.

17  Subject to and without waiving the General Objections, the Objections to Definitions and

18  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

19  what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

20  provided.

21  **REQUEST NO. 40**:

22  For the period of January 1, 2015, to present, any and all documents, presentations,

23  PowerPoint slide decks, prepared by MultiPlan for United that include, relate to, or pertain to any

24  'Savings Analysis' of Facility R&C/Viant OPR from 2015 to the present.

25  **RESPONSE TO REQUEST NO. 40:**

26  UBH hereby incorporates its General Objections and Objections to Definitions and

27  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

28  outside its possession, custody, and control, to the extent that this Request seeks information from a

Gibson, Dunn &
Crutcher LLP

41

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

"United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents, presentations, [and] PowerPoint slide decks" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request on the grounds that the term "Savings Analysis" is vague and undefined.  UBH further objects to this Request to the extent it is duplicative of other Requests, including Request No. 35.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any presentations that may be in the possession of MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 41:**

For the period of January 1, 2015, to present, any and all internal presentations, documents, and correspondence, that include, relate to, or pertain to OON outpatient and Facility R&C claims and/or 'savings' related to OON outpatient and Facility R&C claims.

**RESPONSE TO REQUEST NO. 41:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all internal

Gibson, Dunn & Crutcher LLP

42

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

presentations, documents, and correspondence" and is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. UBH further objects to the extent this Request is duplicative of other Requests, including Request No. 22. UBH further objects to this Request on the grounds that the term "savings" is vague and undefined. UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 42:**

For the period of January 1, 2015, to present, any and all internal presentations, documents and correspondence, that include, relate to, or pertain to Vaint OPR claims and/or 'savings' related to Viant OPR claims.

**RESPONSE TO REQUEST NO. 42:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all internal presentations, documents, and correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. UBH further objects to the extent this Request is duplicative of other Requests, including Request No. 40. UBH further objects to this Request on the grounds that the term "savings" is vague and undefined. UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Gibson, Dunn &
Crutcher LLP

43

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   Subject to and without waiving the General Objections, the Objections to Definitions and

2   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

3   what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

4   provided.

5   **REQUEST NO. 43:**

6   For the period of January 1, 2015, to present, any and all correspondence and documents

7   relating to the language used in PAD letters for claims priced using OON outpatient and Facility

8   R&C and/or Viant OPR claims, including external correspondence with Multiplan.

9   **RESPONSE TO REQUEST NO. 43:**

10   UBH hereby incorporates its General Objections and Objections to Definitions and

11   Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

12   seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

13   lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant

14   OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

15   Request as overly broad and unduly burdensome to the extent it seeks "any and all" documents and

16   correspondence and to the extent it seeks information not related Viant's OPR pricing for intensive

17   outpatient programs.  UBH further objects to this Request to the extent it seeks information outside of

18   UBH's possession, custody, and control, including but not limited to any presentations that may be in

19   the possession of MultiPlan but not UBH.  UBH also objects to the extent this Request seeks

20   documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations

21   in this case.  UBH objects to this Request to the extent it seeks information which is subject to a

22   claim of privilege or which is otherwise protected from disclosure by, including without limitation,

23   the attorney-client privilege or the attorney work product doctrine.

24   Subject to and without waiving the General Objections, the Objections to Definitions and

25   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

26   what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

27   provided.

28

Gibson, Dunn &
Crutcher LLP

44
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**REQUEST NO. 44:**

For the period of January 1, 2015, to present, any and all correspondence and documents relating to the language used in EOBs for claims priced using OON outpatient and Facility R&C and/or Viant OPR, including external correspondence with Multiplan.

**RESPONSE TO REQUEST NO. 44:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all correspondence and documents" and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs. UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any presentations that may be in the possession of MultiPlan but not UBH. UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case. UBH further objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 45:**

For the period of January 1, 2015, to present, any and all correspondence and documents relating to the language used in PRAs for claims priced using Facility R&C and/or Viant OPR, including external correspondence with Multiplan.

**RESPONSE TO REQUEST NO. 45:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  By way of example only, UBH objects that the term "PRAs" and concerns providers which are not at issue in this matter because this Action concerns claims brought by members and the related Provider action brought by Summit Estate was dismissed by the Court.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all correspondence and documents" and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs. UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH further objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

**REQUEST NO. 46:**

For the period of January 1, 2015, to present, any and all correspondence and documents relating to Summary Plan Description (SPD), Certificate of Coverage (CoC) or other benefit plan language used to support or describe claims priced using Facility R&C and/or Viant OPR, including external correspondence with Multiplan.

**RESPONSE TO REQUEST NO. 46:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant

OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all correspondence and documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request on the grounds that the terms "Summary Plan Description" and "Certificate of Coverage" are vague and undefined.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH further objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 47:**

For the period of January 1, 2015, to present, any and all internal correspondence, presentations, reports, and documents relating to the drafting of plan language in SPDs and CoCs to describe or support the pricing of OON outpatient, Facility R&C claims and "Eligible Expenses".

**RESPONSE TO REQUEST NO. 47:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all internal correspondence, presentation, reports, and documents" and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims

Gibson, Dunn & Crutcher LLP

1   and allegations in this case.  UBH further objects to this Request to the extent it seeks information

2   which is subject to a claim of privilege or which is otherwise protected from disclosure by, including

3   without limitation, the attorney-client privilege or the attorney work product doctrine.

4   **REQUEST NO. 48:**

5     For the period of January 1, 2015, to present, all internal analysis and reports prepared by You

6   regarding plan language in SPDs and CoCs regarding and whether existing language supports Facility

7   R&C, Viant OPR, and BMP pricing.

8   **RESPONSE TO REQUEST NO. 48:**

9     UBH hereby incorporates its General Objections and Objections to Definitions and

10  Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

11  seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

12  lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant

13  OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

14  Request as overly broad and unduly burdensome on the ground that it seeks "all internal analysis and

15  reports" and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient

16  programs.  UBH further objects to the extent this Request is duplicative of other Requests, including

17  Request No. 47.  UBH also objects to the extent this Request seeks documents outside the time period

18  properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH further objects

19  to this Request to the extent it seeks information which is subject to a claim of privilege or which is

20  otherwise protected from disclosure by, including without limitation, the attorney-client privilege or

21  the attorney work product doctrine.

22    Subject to and without waiving the General Objections, the Objections to Definitions and

23  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

24  what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

25  provided.

26

27

28

Gibson, Dunn &
Crutcher LLP

48
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**REQUEST NO. 49**:

For the period of January 1, 2015, to present, any and all correspondence, PowerPoint slide decks, spreadsheets, presentations, documents prepared by MultiPlan for United concerning, relating to, or referring to OON outpatient and/or Facility R&C and/or OPR.

**RESPONSE TO REQUEST NO. 49**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all correspondence, PowerPoint slide decks, spreadsheets, presentations, documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any presentations that may be in the possession of MultiPlan but not UBH.  UBH further objects to the extent this Request is duplicative of other Requests, including Request No. 12.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 50**:

For the period of January 1, 2015, to present, any and all documents prepared by MultiPlan for United relating to or concerning savings related to OON outpatient and Facility R&C claims.

Gibson, Dunn &
Crutcher LLP

49

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 50**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's pricing methods for intensive outpatient programs.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any presentations that may be in the possession of MultiPlan but not UBH.  UBH further objects to this Request as vague and ambiguous, particularly with respect to the phrase "savings."  UBH further objects to the extent this Request is duplicative of other Requests, including Request No. 40.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 51**:

For the period of January 1, 2015, to present, any and all documents concerning or relating to the percentile used by the Viant OPR methodology.

**RESPONSE TO REQUEST NO. 51**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request

Gibson, Dunn & Crutcher LLP

1   is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH

2   further objects to the extent this Request is duplicative of other Requests, including Requests No. 21,

3   22 and 24.  UBH further objects to this Request to the extent it seeks information outside of UBH's

4   possession, custody, and control, including but not limited to any documents that may be in the

5   possession of MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents

6   outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this

7   case.

8         Subject to and without waiving the General Objections, the Objections to Definitions and

9   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

10   what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

11   provided.

12   **REQUEST NO. 52:**

13         For the period of January 1, 2015, to present, any and all documents concerning or relating to

14   the comparing of MultiPlan network pricing to a percentile used by the Viant OPR methodology.

15   **RESPONSE TO REQUEST NO. 52:**

16         UBH hereby incorporates its General Objections and Objections to Definitions and

17   Instructions in their entirety into this response.  UBH further objects to this Request on the ground

18   that it seeks information not relevant to the claims or defenses of any party and not reasonably

19   calculated to lead to the discovery of admissible evidence, in that it appears to seek information

20   beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH

21   objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and

22   all documents" and to the extent the Request is not limited to documents related to Viant's OPR

23   pricing for intensive outpatient programs.  UBH further objects to the request as overly broad because

24   it seeks information regarding MultiPlan network pricing which is not at issue in this matter.  UBH

25   further objects to the extent this Request is duplicative of other Requests, including Request No. 51.

26   UBH further objects to this Request to the extent it seeks information outside of UBH's possession,

27   custody, and control, including but not limited to any documents that may be in the possession of

28

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

Gibson, Dunn &
Crutcher LLP

MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

**REQUEST NO. 53:**

For the period of January 1, 2015, to present, any and all correspondence between MultiPlan and United involving Benefit Plan Language.

**RESPONSE TO REQUEST NO. 53:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request on the grounds that the term "benefit plan language" is vague and undefined.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.  UBH also objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**REQUEST NO. 54:**

For the period of January 1, 2015, to present, any and all correspondence between MultiPlan and United involving EOB language requirements.

**RESPONSE TO REQUEST NO. 54:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH. UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. UBH further objects to the extent this Request is duplicative of other Requests, including Request No. 44. UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case. UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH. UBH objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

Gibson, Dunn &
Crutcher LLP

53
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   **REQUEST NO. 55:**

2         For the period of January 1, 2015, to present, any and all United internal correspondence and

3   documents relating to plan benefit language and/or language in EOBs to support claims priced using

4   the Viant OPR methodology.

5   **RESPONSE TO REQUEST NO. 55:**

6         UBH hereby incorporates its General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH objects to this Request as seeking information

8   outside its possession, custody, and control, to the extent that this Request seeks information from a

9   "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

10  information not relevant to the claims or defenses of any party and not reasonably calculated to lead

11  to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

12  data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

13  Request as overly broad and unduly burdensome on the ground that it seeks "any and all United

14  internal correspondence and documents" and to the extent the Request is not limited to documents

15  related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to the extent

16  this Request is duplicative of other Requests, including Request Nos. 44 and 54.  UBH also objects to

17  the extent this Request seeks documents outside the time period properly subject to discovery for

18  Plaintiffs' claims and allegations in this case.  UBH objects to this Request to the extent that it seeks

19  information which is subject to a claim of privilege or which is otherwise protected from disclosure

20  by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

21        Subject to and without waiving the General Objections, the Objections to Definitions and

22  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

23  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

24  identify non-privileged documents in its possession, custody, and control that are responsive to this

25  Request.

26  **REQUEST NO. 56:**

27        For the period of January 1, 2015, to present, any and all documents or correspondence

28  relating to the Viant U&C solution.

Gibson, Dunn &
Crutcher LLP

54
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 56:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents or correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request on the grounds that the term "Viant U&C solution" is vague and undefined.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 57:**

For the period of January 1, 2015, to present, any and all documents relating to the Viant OPR methodology's geozip grouping.

**RESPONSE TO REQUEST NO. 57:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this

Gibson, Dunn & Crutcher LLP

55
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1    Request to the extent it seeks information outside of UBH's possession, custody, and control,

2    including but not limited to any documents that may be in the possession of MultiPlan but not UBH.

3    UBH further objects to this Request as overly broad and unduly burdensome on the ground that it

4    seeks "any and all documents" and to the extent the Request is not limited to documents related to

5    Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request on the

6    grounds that the term "geozip grouping" is vague and undefined.  UBH also objects to the extent this

7    Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims

8    and allegations in this case.

9         Subject to and without waiving the General Objections, the Objections to Definitions and

10   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

11   what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

12   identify non-privileged documents in its possession, custody, and control that are responsive to this

13   Request.

14   **REQUEST NO. 58:**

15        For the period of January 1, 2015, to present, any and all documents relating to Viant's

16   Facility Outpatient Usual and Customary (U&C) Review Service.

17   **RESPONSE TO REQUEST NO. 58:**

18        UBH hereby incorporates its General Objections and Objections to Definitions and

19   Instructions in their entirety into this response.  UBH further objects to this Request on the ground

20   that it seeks information not relevant to the claims or defenses of any party and not reasonably

21   calculated to lead to the discovery of admissible evidence, in that it appears to seek information

22   beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH

23   objects to this Request to the extent it seeks information outside of UBH's possession, custody, and

24   control, including but not limited to any documents that may be in the possession of MultiPlan but

25   not UBH.  UBH further objects to this Request as overly broad and unduly burdensome on the

26   ground that it seeks "any and all documents" and to the extent the Request is not limited to

27   documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to

28   this Request on the grounds that the term "Viant's Facility Outpatient Usual and Customary (U&C)

Gibson, Dunn & Crutcher LLP

56

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

Review Service" is vague and undefined.  UBH further objects to the extent this Request is duplicative of other Requests, including Request No. 34.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 59:**

For the period of January 1, 2015, to present, any and all documents relating to Viant's Outpatient Review Service.

**RESPONSE TO REQUEST NO. 59:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request on the grounds that the term "Viant's Outpatient Review Service" is vague and undefined.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

Gibson, Dunn & Crutcher LLP

57
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

2   identify non-privileged documents in its possession, custody, and control that are responsive to this

3   Request.

4   **REQUEST NO. 60:**

5       For the period of January 1, 2015, to present, any and all documents relating to the provider

6   charge data used in the Viant OPR methodology.

7   **RESPONSE TO REQUEST NO. 60:**

8       UBH hereby incorporates its General Objections and Objections to Definitions and

9   Instructions in their entirety into this response.  UBH further objects to this Request on the ground

10  that it seeks information not relevant to the claims or defenses of any party and not reasonably

11  calculated to lead to the discovery of admissible evidence, in that it appears to seek information

12  beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH

13  objects to this Request to the extent it seeks information outside of UBH's possession, custody, and

14  control, including but not limited to any presentations that may be in the possession of MultiPlan but

15  not UBH.  UBH further objects to this Request as overly broad and unduly burdensome on the

16  ground that it seeks "any and all documents" and to the extent the Request is not limited to

17  documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to

18  the extent this Request is duplicative of other Requests, including Request Nos. 32, 51, and 52.  UBH

19  also objects to the extent this Request seeks documents outside the time period properly subject to

20  discovery for Plaintiffs' claims and allegations in this case.

21      Subject to and without waiving the General Objections, the Objections to Definitions and

22  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

23  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

24  identify non-privileged documents in its possession, custody, and control that are responsive to this

25  Request.

26  **REQUEST NO. 61:**

27      For the period of January 1, 2015, to present, any and all documents relating to the Standard

28  Analytical Outpatient File data used in Viant OPR.

Gibson, Dunn &
Crutcher LLP

58
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 61:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any presentations that may be in the possession of MultiPlan but not UBH.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 62:**

For the period of January 1, 2015, to present, any and all documents relating to the Status Indicators assigned through the CMS crosswalk used in the Viant OPR.

**RESPONSE TO REQUEST NO. 62:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request to the extent it seeks information outside of UBH's possession, custody, and

Gibson, Dunn & Crutcher LLP

1   control, including but not limited to any presentations that may be in the possession of MultiPlan but

2   not UBH.  UBH further objects to this Request as overly broad and unduly burdensome on the

3   ground that it seeks "any and all documents" and to the extent the Request is not limited to

4   documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to

5   this Request on the grounds that the terms "status indicators" and "CMS crosswalk" are vague and

6   undefined.  UBH also objects to the extent this Request seeks documents outside the time period

7   properly subject to discovery for Plaintiffs' claims and allegations in this case.

8         Subject to and without waiving the General Objections, the Objections to Definitions and

9   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

10   what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

11   identify non-privileged documents in its possession, custody, and control that are responsive to this

12   Request.

13   **REQUEST NO. 63:**

14         For the period of January 1, 2015, to present, any and all documents relating to the

15   comparison of a facility's billed charge and facility charges for the same service within the

16   geographic area used by Viant to determine the Usual and Customary (U&C) value of charges.

17   **RESPONSE TO REQUEST NO. 63:**

18         UBH hereby incorporates its General Objections and Objections to Definitions and

19   Instructions in their entirety into this response.  UBH further objects to this Request on the ground

20   that it seeks information not relevant to the claims or defenses of any party and not reasonably

21   calculated to lead to the discovery of admissible evidence, in that it appears to seek information

22   beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH

23   objects to this Request to the extent it seeks information outside of UBH's possession, custody, and

24   control, including but not limited to any presentations that may be in the possession of MultiPlan but

25   not UBH.  UBH further objects to this Request as overly broad and unduly burdensome on the

26   ground that it seeks "any and all documents" and to the extent the Request is not limited to

27   documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to

28   this Request as vague and ambiguous, particularly with respect to the phrases "comparison of a

Gibson, Dunn &
Crutcher LLP

60
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   facility's billed charge" and "facility charges for the same service within the geographic area used by

2   Viant."  UBH also objects to the extent this Request seeks documents outside the time period

3   properly subject to discovery for Plaintiffs' claims and allegations in this case.

4        Subject to and without waiving the General Objections, the Objections to Definitions and

5   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

6   what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

7   identify non-privileged documents in its possession, custody, and control that are responsive to this

8   Request.

9   **REQUEST NO. 64:**

10       For the period of January 1, 2015, to present, any and all documents related to United's

11  selection of the percentile to be used by Viant OPR in pricing OON outpatient and Facility R&C

12  claims.

13  **RESPONSE TO REQUEST NO. 64:**

14       UBH hereby incorporates its General Objections and Objections to Definitions and

15  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

16  outside its possession, custody, and control, to the extent that this Request seeks information from a

17  "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

18  information not relevant to the claims or defenses of any party and not reasonably calculated to lead

19  to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

20  data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request as

21  overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the

22  extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient

23  programs.  UBH further objects to this Request to the extent it seeks information outside of UBH's

24  possession, custody, and control, including but not limited to any documents that may be in the

25  possession of MultiPlan but not UBH.  UBH further objects to the extent this Request is duplicative

26  of other Requests, including Request Nos. 20, 22, 23 and 24 among others.  UBH also objects to the

27  extent this Request seeks documents outside the time period properly subject to discovery for

28  Plaintiffs' claims and allegations in this case.

Gibson, Dunn &
Crutcher LLP

61
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1    Subject to and without waiving the General Objections, the Objections to Definitions and

2    Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

3    what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

4    provided.

5    **REQUEST NO. 65:**

6    For the period of January 1, 2015, to present, any and all documents related to United's

7    selection of Claim Dollar Thresholds to be used by Viant in pricing OON outpatient and Facility

8    R&C claims.

9    **RESPONSE TO REQUEST NO. 65:**

10    UBH hereby incorporates its General Objections and Objections to Definitions and

11    Instructions in their entirety into this response.  UBH objects to this Request as seeking information

12    outside its possession, custody, and control, to the extent that this Request seeks information from a

13    "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

14    information not relevant to the claims or defenses of any party and not reasonably calculated to lead

15    to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

16    data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request as

17    overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the

18    extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient

19    programs.  UBH further objects to this Request on the grounds that the term "Claim Dollar

20    Threshold" is vague and undefined.  UBH also objects to the extent this Request seeks documents

21    outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this

22    case.

23    Subject to and without waiving the General Objections, the Objections to Definitions and

24    Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

25    what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

26    provided.

27

28

Gibson, Dunn &
Crutcher LLP

62
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**REQUEST NO. 66**:

For the period of January 1, 2015, to present, any and all documents related to United's selection of Multiplan Patient Advocacy options to be used by Viant in relation to OON outpatient and Facility R&C claims.

**RESPONSE TO REQUEST NO. 66**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  By way of example only, the Request seeks information about "Multiplan Patient Advocacy options" that are not limited to claims and allegations related to Viant's pricing methods for intensive outpatient programs.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request on the grounds that the term "Patient Advocacy" is vague and undefined.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 67**:

For the period of January 1, 2015, to present, any and all documents related to United's selection of Provider U&C Inquiry Management services to be used in relation to OON outpatient and Facility R&C claims.

Gibson, Dunn &
Crutcher LLP

**RESPONSE TO REQUEST NO. 67**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request on the grounds that the term "Provider U&C Inquiry Management" is vague and undefined.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 68**:

For the period of January 1, 2015, to present, any and all documents related to the Patient Advocacy Process to be used in relation to Facility R&C claims.

**RESPONSE TO REQUEST NO. 68**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents"

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1  and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive

2  outpatient programs. UBH further objects to this Request on the grounds that the term "Patient

3  Advocacy Process" is vague and undefined. UBH further objects to the extent this Request is

4  duplicative of other Requests, including Request No. 66. UBH further objects to this Request to the

5  extent it seeks information outside of UBH's possession, custody, and control, including but not

6  limited to any documents that may be in the possession of MultiPlan but not UBH. UBH also objects

7  to the extent this Request seeks documents outside the time period properly subject to discovery for

8  Plaintiffs' claims and allegations in this case.

9         Subject to and without waiving the General Objections, the Objections to Definitions and

10  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

11  what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

12  provided.

13  **REQUEST NO. 69:**

14         For the period of January 1, 2015, to present, any and all documents relating to Appealed

15  Savings for claims priced through Viant OPR and Facility R&C for OON outpatient claims.

16  **RESPONSE TO REQUEST NO. 69:**

17         UBH hereby incorporates its General Objections and Objections to Definitions and

18  Instructions in their entirety into this response. UBH further objects to this Request on the ground

19  that it seeks information not relevant to the claims or defenses of any party and not reasonably

20  calculated to lead to the discovery of admissible evidence, in that it appears to seek information

21  beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. By way

22  of example only, the Request seeks information about "Appealed Savings" for claims that are not

23  limited to claims and allegations related to Viant's pricing methods for intensive outpatient programs.

24  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any

25  and all documents" and to the extent the Request is not limited to documents related to Viant's OPR

26  pricing for intensive outpatient programs. UBH further objects to this Request on the grounds that

27  the term "Appealed Savings" is vague and undefined. UBH also objects to the extent this Request

28

Gibson, Dunn &
Crutcher LLP

65
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 70:**

For the period of January 1, 2015, to present, any and all documents relating to the use of Stand on Data (SOD) in appeals of claims priced through Viant OPR / Facility R&C.

**RESPONSE TO REQUEST NO. 70:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. UBH further objects to this Request on the grounds that the term "Stand on Data" is vague and undefined. UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 71:**

For the period of January 1, 2015, to present, any and all documents relating to United's standard operating procedure (SOP) for appeals of claims priced through Viant OPR / Facility R&C.

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 71**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent it seeks information not related to Viant's OPR pricing for intensive outpatient programs. UBH further objects to this Request on the grounds that the term "standard operating procedure" is vague and undefined.  UBH further objects to the extent this Request is duplicative of other Requests, including Request Nos. 26 and 70, among others.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 72**:

For the period of January 1, 2015, to present, any and all documents relating to the application of Viant's proprietary fee schedule to United's SSP/SSPe and OON outpatient and/or Facility R&C programs

**RESPONSE TO REQUEST NO. 72**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a

1   "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

2   information not relevant to the claims or defenses of any party and not reasonably calculated to lead

3   to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

4   data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request as

5   overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the

6   extent it seeks information not related to Viant's OPR pricing for intensive outpatient programs.  By

7   way of example only, UBH objects to this Request as seeking to impose a broad search for

8   documents related to UBH's SSP/SSPe that is not related to Viant's OPR pricing for intensive

9   outpatient programs.  UBH further objects to this Request on the grounds that the term "proprietary

10  fee schedule" is vague and undefined.  UBH further objects to the extent this Request is duplicative

11  of other Requests, including Request Nos. 4, 5, 17, and 18 among others.  UBH also objects to the

12  extent this Request seeks documents outside the time period properly subject to discovery for

13  Plaintiffs' claims and allegations in this case.  UBH further objects to this Request to the extent it

14  seeks information outside of UBH's possession, custody, and control, including but not limited to any

15  documents that may be in the possession of MultiPlan but not UBH.

16      Subject to and without waiving the General Objections, the Objections to Definitions and

17  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

18  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

19  identify non-privileged documents in its possession, custody, and control that are responsive to this

20  Request.

21  **REQUEST NO. 73:**

22      For the period of January 1, 2015, to present, any and all documents, including claims

23  flowcharts, relating to the reimbursement hierarchy for OON claims with HCPCS Code H0015,

24  H2036, and/or S9480.

25  **RESPONSE TO REQUEST NO. 73:**

26      UBH hereby incorporates its General Objections and Objections to Definitions and

27  Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

28  seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

Gibson, Dunn &
Crutcher LLP

lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent it seeks information not related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to seek information within a broadly-defined category that includes multiple codes, including HCPCS Code H2036, that have no apparent connection to the IOP services at issue in the case.  Furthermore, as framed, this Request is overly broad because it is not limited to claims "paid or adjudicated" using the Viant OPR data that Plaintiffs challenge in the Complaint.  UBH further objects to this Request on the grounds that the term "reimbursement hierarchy" is vague and undefined.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 74:**

For the period of January 1, 2015, to present, any and all documents relating to UB / Facility claim OPR Target Pricing.

**RESPONSE TO REQUEST NO. 74:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this

1   Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents"

2   and to the extent it seeks information not related to Viant's OPR pricing for intensive outpatient

3   programs.  UBH further objects to this Request on the grounds that the term "target pricing" is vague

4   and undefined.  UBH also objects to the extent this Request seeks documents outside the time period

5   properly subject to discovery for Plaintiffs' claims and allegations in this case.

6        Subject to and without waiving the foregoing objections, UBH is willing to meet and confer

7   with Plaintiffs to determine what specific, relevant documents Plaintiffs are seeking and what non-

8   privileged documents are in UBH's possession, custody, and control and can be reasonably provided

9   in response to this Request.

10  **REQUEST NO. 75:**

11       For the period of January 1, 2015, to present, any and all documents that relate to or compare

12  Viant OPR / Facility R&C/OON outpatient reimbursement amounts and FAIR Health, UCR, R&C or

13  any other charge-based metric.

14  **RESPONSE TO REQUEST NO. 75:**

15       UBH hereby incorporates its General Objections and Objections to Definitions and

16  Instructions in their entirety into this response.  UBH further objects to this Request on the ground

17  that it seeks information not relevant to the claims or defenses of any party and not reasonably

18  calculated to lead to the discovery of admissible evidence, in that it appears to seek information

19  beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH

20  objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and

21  all documents" and to the extent it seeks information not related to Viant's OPR pricing for intensive

22  outpatient programs.  UBH further objects to this Request to the extent it seeks information outside of

23  UBH's possession, custody, and control, including but not limited to any documents that may be in

24  the possession of MultiPlan but not UBH.  UBH further objects to this Request on the grounds that

25  the term "charge-based metric" is vague and undefined.  UBH also objects to the extent this Request

26  seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and

27  allegations in this case.

28

1    Subject to and without waiving the foregoing objections, UBH is willing to meet and confer

2    with Plaintiffs to determine what specific, relevant documents Plaintiffs are seeking and what non-

3    privileged documents are in UBH's possession, custody, and control and can be reasonably provided

4    in response to this Request.

5    **REQUEST NO. 76:**

6    For the period of January 1, 2015, to present, samples of any 'cease and desist' letters sent by

7    United to any healthcare provider for claims with HCPCS Code H0015, H20136, and/or S9480.

8    **RESPONSE TO REQUEST NO. 76:**

9    UBH hereby incorporates its General Objections and Objections to Definitions and

10   Instructions in their entirety into this response.  UBH objects to this Request as seeking information

11   outside its possession, custody, and control, to the extent that this Request seeks information from a

12   "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

13   information not relevant to the claims or defenses of any party and not reasonably calculated to lead

14   to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

15   data used to price IOP services that Plaintiffs challenge in this case.  By way of example only, there

16   are no allegations pertaining to any "cease and desist" letters in Plaintiffs' complaint.  UBH further

17   objects to this Request as overly broad and unduly burdensome.  By way of example only, this

18   Request is overly broad and unduly burdensome to the extent it purports to seek information within a

19   broadly-defined category that includes multiple codes, including HCPCS Code H2036, that have no

20   apparent connection to the IOP services at issue in the case.  UBH also objects to the extent this

21   Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims

22   and allegations in this case.

23   Subject to and without waiving the foregoing objections, UBH is willing to meet and confer

24   with Plaintiffs to determine what specific, relevant documents Plaintiffs are seeking and what non-

25   privileged documents are in UBH's possession, custody, and control and can be reasonably provided

26   in response to this Request.

27

28

Gibson, Dunn &
Crutcher LLP

71
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**REQUEST NO. 77**:

For the period of January 1, 2015, to present, any and all non-privileged documents relating to lawsuits filed by United or on their behalf for claims with HCPCS Code H0015, H2036, and/or S9480.

**RESPONSE TO REQUEST NO. 77**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH objects to this Request to the extent that it requests documents that are publicly available and equally accessible to Plaintiffs.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

**REQUEST NO. 78**:

For the period of January 1, 2015, to present, all documents and correspondence relating to the Apple, Inc. ASO plans / package options - including the ASO agreement and all amendments - between United and Apple, as well as a report of all fees, including SSP/SSPe/Facility R&C fees, earned by United pursuant to that agreement.

**RESPONSE TO REQUEST NO. 78**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents and correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  By way of example only, UBH objects to this Request as

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1 seeking to impose a broad search for documents related to UBH's SSP/SSPe that is not related to

2 Viant's OPR pricing for intensive outpatient programs and to the extent the Request purports to

3 require UBH to produce a "report" specifically for this litigation beyond what is required by the

4 Federal Rules.  UBH further objects to this Request on the grounds that it seeks information which is

5 subject to a claim of privilege or which is otherwise protected from disclosure by, including without

6 limitation, the attorney-client privilege or the attorney work product doctrine.  UBH also objects to

7 the extent this Request seeks documents outside the time period properly subject to discovery for

8 Plaintiffs' claims and allegations in this case.

9 **REQUEST NO. 79:**

10     Produce a report and all communications and documents relating to charges to Apple by

11 United that are related to the Apple employees whose claims are at issue in this matter, including for

12 claims submitted to United by Summit Estate.

13 **RESPONSE TO REQUEST NO. 79:**

14     UBH hereby incorporates its General Objections and Objections to Definitions and

15 Instructions in their entirety into this response.  UBH objects to this Request as seeking information

16 outside its possession, custody, and control, to the extent that this Request seeks information from a

17 "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

18 information not relevant to the claims or defenses of any party and not reasonably calculated to lead

19 to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

20 data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

21 Request as overly broad and unduly burdensome on the ground that it seeks "all communications and

22 documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing

23 for intensive outpatient programs.  By way of example only, this Request is overly broad and unduly

24 burdensome to the extent it purports to require UBH to produce a "report" specifically for this

25 litigation beyond what is required by the Federal Rules.  UBH further objects to this Request as

26 vague and ambiguous, particularly with respect to the phrase "relating to charges to Apple by

27 United."  UBH further objects to the extent this Request is duplicative of other Requests, including

28 Request No. 78.  UBH further objects to this Request on the grounds that it seeks information which

1   is subject to a claim of privilege or which is otherwise protected from disclosure by, including

2   without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH also

3   objects to the extent this Request seeks documents outside the time period properly subject to

4   discovery for Plaintiffs' claims and allegations in this case.

5        Subject to and without waiving the General Objections and Objections to Definitions and

6   Instructions in their entirety, UBH will produce records related to the Apple employees whose claims

7   are at issue in this matter pursuant to this Request that are in UBH's possession, custody, or control.

8   **REQUEST NO. 80:**

9        For the period of January 1, 2015 to present, all documents and correspondence relating to the

10  Tesla, Inc. ASO plans / package options - including the ASO agreement and all amendments -

11  between United and Tesla, as well as a report of all fees, including SSP/SSPe/Facility R&C fees,

12  earned by United pursuant to that agreement.

13  **RESPONSE TO REQUEST NO. 80:**

14       UBH hereby incorporates its General Objections and Objections to Definitions and

15  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

16  outside its possession, custody, and control, to the extent that this Request seeks information from a

17  "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

18  information not relevant to the claims or defenses of any party and not reasonably calculated to lead

19  to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

20  data used to price IOP services that Plaintiffs challenge in this case.  UBH objects to this Request as

21  overly broad and unduly burdensome on the ground that it seeks "any and all documents and

22  correspondence" and to the extent the Request is not limited to documents related to Viant's OPR

23  pricing for intensive outpatient programs.  By way of example only, UBH objects to this Request as

24  seeking to impose a broad search for documents related to UBH's SSP/SSPe that is not related to

25  Viant's OPR pricing for intensive outpatient programs and to the extent the Request purports to

26  require UBH to produce a "report" specifically for this litigation beyond what is required by the

27  Federal Rules.  UBH further objects to this Request on the grounds that it seeks information which is

28  subject to a claim of privilege or which is otherwise protected from disclosure by, including without

Gibson, Dunn &
Crutcher LLP

74

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

limitation, the attorney-client privilege or the attorney work product doctrine.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections and Objections to Definitions and Instructions in their entirety, UBH will produce records related to the Apple employees whose claims are at issue in this matter pursuant to this Request that are in UBH's possession, custody, or control.

**REQUEST NO. 81:**

Produce a report and all communications and documents relating to charges to Tesla by United that are related to the Tesla employee whose claims are at issue in this matter, including for claims submitted to United by Summit Estate.

**RESPONSE TO REQUEST NO. 81:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all communications and documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH to produce a "report" specifically for this litigation beyond what is required by the Federal Rules.  UBH further objects to this Request as vague and ambiguous, particularly with respect to the phrase "relating to charges to Tesla by United." UBH further objects to the extent this Request is duplicative of other Requests, including Request No. 80.  UBH further objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH also objects to

Gibson, Dunn & Crutcher LLP

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections and Objections to Definitions and Instructions in their entirety, UBH will produce records related to the Tesla employee whose claims are at issue in this matter pursuant to this Request that are in UBH's possession, custody, or control.

**REQUEST NO. 82:**

For the period of January 1, 2015, to present, produce all correspondence between United and Apple and United and Tesla regarding OON outpatient and/or Facility R&C benefit changes and/or Viant OPR percentile reductions.

**RESPONSE TO REQUEST NO. 82:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to the extent this Request is duplicative of other Requests, including Request Nos. 78 and 80.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

**REQUEST NO. 83:**

For the period of January 1, 2015, to present, produce all correspondence between United and Plaintiffs notifying them of OON outpatient and/or Facility R&C benefit changes and/or Viant OPR percentile reductions.

Gibson, Dunn & Crutcher LLP

1  **RESPONSE TO REQUEST NO. 83**:

2     UBH hereby incorporates its General Objections and Objections to Definitions and

3  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

4  outside its possession, custody, and control, to the extent that this Request seeks information from a

5  "United" entity other than UBH.  UBH objects to this Request on the ground that it seeks information

6  not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

7  discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data

8  used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request

9  as overly broad and unduly burdensome on the ground that it seeks "all correspondence" and to the

10  extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient

11  programs.  UBH further objects to the extent this Request is duplicative of other Requests, including

12  Request No. 24.  UBH further objects to this Request to the extent it seeks documents and

13  information more reasonably obtained from a party or third party other than UBH, including to the

14  extent such documents or information are in Plaintiffs' possession.  UBH also objects to the extent

15  this Request seeks documents outside the time period properly subject to discovery for Plaintiffs'

16  claims and allegations in this case.

17     Subject to and without waiving the General Objections and Objections to Definitions and

18  Instructions in their entirety, UBH will produce correspondence with Plaintiffs pursuant to this

19  Request and to the extent Plaintiffs are requesting something different via this Request, UBH is

20  willing to meet and confer with Plaintiffs to determine what specific, relevant documents Plaintiffs

21  are seeking and what non-privileged documents are in UBH's possession, custody, and control and

22  can be reasonably provided in response to this Request.

23  **REQUEST NO. 84**:

24     For the period of January 1, 2015, to present, produce all correspondence between United and

25  its "key account" and "national account" ASO customers notifying them of OON outpatient and/or

26  Facility R&C benefit changes and/or Viant OPR percentile reductions.

27

28

Gibson, Dunn &
Crutcher LLP

77
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1

**RESPONSE TO REQUEST NO. 84:**

2   UBH hereby incorporates its General Objections and Objections to Definitions and

3   Instructions in their entirety into this response.  UBH objects to this Request as seeking information

4   outside its possession, custody, and control, to the extent that this Request seeks information from a

5   "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

6   information not relevant to the claims or defenses of any party and not reasonably calculated to lead

7   to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

8   data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

9   Request as overly broad and unduly burdensome on the ground that it seeks "all correspondence" and

10  to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive

11  outpatient programs.  UBH further objects to this Request on the ground that the terms "key account"

12  and "national account" are vague and undefined.  UBH further objects to the extent this Request is

13  duplicative of other Requests, including Request No. 24.  UBH also objects to the extent this Request

14  seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and

15  allegations in this case.

16  Subject to and without waiving the General Objections, the Objections to Definitions and

17  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

18  what documents Plaintiffs seek through this request and what documents, if any, can reasonably be

19  provided.

20  **REQUEST NO. 85:**

21  For the period of January 1, 2015, to present, produce all correspondence between United and

22  its "key account" and "national account" ASO customers discussing opt-outs from OON outpatient or

23  Facility R&C benefit changes and/or Viant OPR percentile reductions.

24  **RESPONSE TO REQUEST NO. 85:**

25  UBH hereby incorporates its General Objections and Objections to Definitions and

26  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

27  outside its possession, custody, and control, to the extent that this Request seeks information from a

28  "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

Gibson, Dunn &
Crutcher LLP

78
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request on the ground that the terms "key account" and "national account" are vague and undefined.  UBH further objects to the extent this Request is duplicative of other Requests, including Request Nos. 24 and 84, among others.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 86:**

For the period of January 1, 2015, to present, produce a spreadsheet indicating ASO customer opt-outs from OON outpatient or Facility R&C benefit changes and/or Viant OPR percentile reductions.

**RESPONSE TO REQUEST NO. 86:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it purports to require UBH to produce a "spreadsheet" specifically for this litigation beyond what is required by the Federal Rules and to the extent the Request is not limited to documents and information related to Viant's OPR pricing for intensive outpatient programs.  UBH also objects to the extent this Request seeks

Gibson, Dunn &
Crutcher LLP

79

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations

2   in this case.

3          Subject to and without waiving the General Objections, the Objections to Definitions and

4   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

5   what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

6   provided.

7   **REQUEST NO. 87:**

8          For the period of January 1, 2015, to present, produce correspondence between United and its

9   members notifying them of OON outpatient and Facility R&C changes and/or Viant OPR percentile

10  reductions. This request applies to members of ASO and FI plans.

11  **RESPONSE TO REQUEST NO. 87:**

12         UBH hereby incorporates its General Objections and Objections to Definitions and

13  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

14  outside its possession, custody, and control, to the extent that this Request seeks information from a

15  "United" entity other than UBH.  UBH objects to this Request on the ground that it seeks information

16  not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

17  discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data

18  used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request

19  as overly broad and unduly burdensome.  By way of example only, UBH objects to the extent the

20  Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.

21  UBH further objects to the extent this Request is duplicative of other Requests, including Request

22  Nos. 24 and 83.  UBH also objects to the extent this Request seeks documents outside the time period

23  properly subject to discovery for Plaintiffs' claims and allegations in this case.

24         Subject to and without waiving the General Objections and Objections to Definitions and

25  Instructions in their entirety, UBH will produce a sample of EOBs and appeal correspondence with

26  its members that is in its possession, custody, or control, pursuant to this Request.

27

28

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**REQUEST NO. 88**:

For the period of January 1, 2015, to present, produce all communications of United's ASO sales team related to OON outpatient and Facility R&C changes and/or Viant OPR percentile reductions.

**RESPONSE TO REQUEST NO. 88**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all communications" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request as vague and ambiguous, particularly with respect to the phrase "all communications" as it does not identify with whom the communications occurred.  UBH further objects to the extent this Request is duplicative of other Requests, including Request Nos. 20, 24, 78, 80, 83, 84, and 85, among others.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

**REQUEST NO. 89**:

All documents relating to Your process and procedures for responding to patients who have reported receiving balance bills from OON mental health / behavioral health providers from January 1, 2015, to present.

**RESPONSE TO REQUEST NO. 89**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

Gibson, Dunn &
Crutcher LLP

81

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1    calculated to lead to the discovery of admissible evidence, in that it appears to seek information

2    beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH

3    further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all

4    documents" and to the extent it seeks information not related Viant's OPR pricing for intensive

5    outpatient programs.  UBH also objects to the extent this Request seeks documents outside the time

6    period properly subject to discovery for Plaintiffs' claims and allegations in this case.

7         Subject to and without waiving the General Objections, the Objections to Definitions and

8    Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

9    what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be

10   provided.

11   **REQUEST NO. 90:**

12        All documents, other than those specifically prepared for or in response to litigation, relating

13   to legal or regulatory concerns relating to Viant OPR and/or OON outpatient and Facility R&C from

14   January 1, 2015 to present.

15   **RESPONSE TO REQUEST NO. 90:**

16        UBH hereby incorporates its General Objections and Objections to Definitions and

17   Instructions in their entirety into this response.  UBH further objects to this Request on the ground

18   that it seeks information not relevant to the claims or defenses of any party and not reasonably

19   calculated to lead to the discovery of admissible evidence, in that it appears to seek information

20   beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH

21   further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all

22   documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing

23   for intensive outpatient programs.  UBH further objects to this Request on the grounds that it seeks

24   information which is subject to a claim of privilege or which is otherwise protected from disclosure

25   by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

26        Subject to and without waiving the General Objections, the Objections to Definitions and

27   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

28   what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

Gibson, Dunn &
Crutcher LLP

82
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 91:**

Complete copies of the outbound EDI files sent by United to MultiPlan that contain the claims of LD, DB, BW, RH, and CJ identified in the Complaint sent as part of a regular batch process.

**RESPONSE TO REQUEST NO. 91:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH. UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "complete copies of the outbound EDI files" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 92:**

Complete copies of the inbound EDT files received by United from MultiPlan that contain the claims of LD, DB, BW, RH, and CJ identified in the Complaint sent as part of a regular batch process.

**RESPONSE TO REQUEST NO. 92:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "complete copies of the inbound EDI files" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request

**REQUEST NO. 93:**

Complete copies of the inbound EDT files received by United from MultiPlan that contain the claims of LD, DB, BW, RH, and CJ identified in the Complaint.

**RESPONSE TO REQUEST NO. 93:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

Gibson, Dunn & Crutcher LLP

1    data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this

2    Request on the grounds that it is duplicative of Request No. 92.  UBH further objects to this Request

3    as overly broad and unduly burdensome on the ground that it seeks "complete copies of the inbound

4    EDI files" and to the extent the Request is not limited to documents related to Viant's OPR pricing

5    for intensive outpatient programs.  UBH further objects to this Request to the extent it seeks

6    information outside of UBH's possession, custody, and control, including but not limited to any

7    documents that may be in the possession of MultiPlan but not UBH.

8         Subject to and without waiving the General Objections, the Objections to Definitions and

9    Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

10   what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

11   identify non-privileged documents in its possession, custody, and control that are responsive to this

12   Request.

13   **REQUEST NO. 94**:

14        Any and all Pricing Statements created by the MultiPlan Client Portal website for the

15   Plaintiffs' claims as set forth in the Complaint.

16   **RESPONSE TO REQUEST NO. 94**:

17        UBH hereby incorporates its General Objections and Objections to Definitions and

18   Instructions in their entirety into this response.  UBH further objects to this Request on the ground

19   that it seeks information not relevant to the claims or defenses of any party and not reasonably

20   calculated to lead to the discovery of admissible evidence, in that it appears to seek information

21   beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH

22   further objects to this Request on the grounds that it is vague and ambiguous as to the terms "Pricing

23   Statements" and "MultiPlan Client Portal."  UBH further objects to this Request to the extent it seeks

24   information outside of UBH's possession, custody, and control, including but not limited to any

25   documents that may be in the possession of MultiPlan but not UBH.  UBH further objects to this

26   Request as overbroad and unduly burdensome on the ground that it seeks "any and all Pricing

27   Statements" And to the extent the Request is not limited to documents related to Viant's OPR pricing

28   for intensive outpatient programs.

Gibson, Dunn &
Crutcher LLP

85
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1    Subject to and without waiving the General Objections, the Objections to Definitions and

2  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

3  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

4  identify non-privileged documents in its possession, custody, and control that are responsive to this

5  Request.

6  **REQUEST NO. 95:**

7    Any and all recordings and transcripts of the verification of benefits calls relative to the

8  claims of LD, DB, BW, RH, and CJ identified in the Complaint.

9  **RESPONSE TO REQUEST NO. 95:**

10    UBH hereby incorporates its General Objections and Objections to Definitions and

11  Instructions in their entirety into this response.  UBH further objects to this Request on the grounds

12  that it is overbroad and unduly burdensome including to the extent it seeks "any and all" recordings

13  and transcripts.

14    Subject to and without waiving the General Objections, the Objections to Definitions and

15  Instructions, or the foregoing specific objections, UBH will produce documents titled "BH Notes" or

16  "Case Notes" which reflect the caller, as well as dates, times, and subjects of calls, and will update

17  this information as appropriate.

18  **REQUEST NO. 96:**

19    Any and all recordings and transcripts of the prior authorization calls relative to the claims of

20  LD, DB, BW, RH, and CJ identified in the Complaint.

21  **RESPONSE TO REQUEST NO. 96:**

22    UBH hereby incorporates its General Objections and Objections to Definitions and

23  Instructions in their entirety into this response.  UBH further objects to this Request on the grounds

24  that it is overbroad and unduly burdensome including to the extent that it seeks "any and all"

25  recordings and transcripts.

26    Subject to and without waiving the General Objections, the Objections to Definitions and

27  Instructions, or the foregoing specific objections, UBH will produce documents titled "BH Notes" or

28

Gibson, Dunn &
Crutcher LLP

86
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

"Case Notes" which reflect the caller, as well as dates, times, and subjects of calls, and will update this information as appropriate.

**REQUEST NO. 97:**

Any and all documents pertaining or relating to Summit Estate treatment center in Your possession.

**RESPONSE TO REQUEST NO. 97:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  By way of example only, this Action concerns claims brought by members and the related Provider action brought by Summit Estate was dismissed by the Court.  UBH objects to this Request on the grounds that it is vague and ambiguous including as to the terms "pertaining to" and "relating to."  UBH further objects to this Request on the grounds that it is overbroad and unduly burdensome including to the extent it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.  UBH also objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

Gibson, Dunn &
Crutcher LLP

87
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**REQUEST NO. 98**:

Any and all recordings and transcripts of telephone calls between Plaintiffs and United, including, but not limited to, calls between Plaintiffs and United's customer service agents.

**RESPONSE TO REQUEST NO. 98**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "any and all" recordings and transcripts and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to the extent this Request is duplicative of other Requests, including Request No. 95 and 96.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will produce documents titled "BH Notes" or "Case Notes" which reflect the caller, as well as dates, times, and subjects of calls.

**REQUEST NO. 99**:

Any and all recordings and transcripts of telephone calls between Summit Estate treatment center and United, including, but not limited to, calls between Plaintiffs' Providers and United's customer service agents.

**RESPONSE TO REQUEST NO. 99**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead

Gibson, Dunn &
Crutcher LLP

88

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   to the discovery of admissible evidence, to the extent it seeks information about claims other than

2   out-of-network claims for intensive outpatient programs for which reimbursement rates were

3   calculated using Viant's OPR product.  By way of example only, the Request seeks information about

4   telephone calls that are not limited to claims and allegations related to Viant's pricing methods for

5   intensive outpatient programs.  Moreover, this Action concerns claims brought by members and the

6   related Provider action brought by Summit Estate was dismissed by the Court.  UBH further objects

7   to this Request on the grounds that it is vague and ambiguous as to the terms "recordings,"

8   "transcripts," "Providers," and "customer service agents."  UBH further objects to this Request on the

9   grounds that it is overbroad and unduly burdensome including to the extent that it seeks "any and all"

10  recordings and transcripts and to the extent the Request is not limited to documents related to Viant's

11  OPR pricing for intensive outpatient programs.  UBH further objects to the extent this Request is

12  duplicative of other Requests, including Request Nos. 95, 96, and 97.

13          Subject to and without waiving the General Objections, the Objections to Definitions and

14  Instructions, or the foregoing specific objections UBH will produce documents titled "BH Notes" or

15  "Case Notes" which reflect the caller, as well as dates, times, and subjects of calls.

16  **REQUEST NO. 100:**

17          Any and all recordings of telephone calls or documents relating to any appeals of Plaintiffs

18  claims in United's possession, custody, or control.

19  **RESPONSE TO REQUEST NO. 100:**

20          UBH hereby incorporates its General Objections and Objections to Definitions and

21  Instructions in their entirety into this response.  UBH objects to this Request as seeking information

22  outside its possession, custody, and control, to the extent that this Request seeks information from a

23  "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks

24  information not relevant to the claims or defenses of any party and not reasonably calculated to lead

25  to the discovery of admissible evidence, to the extent it seeks information about claims other than

26  out-of-network claims for intensive outpatient programs for which reimbursement rates were

27  calculated using Viant's OPR product.  By way of example only, the Request seeks information about

28  appeals that are not limited to claims and allegations related to Viant's pricing methods for intensive

Gibson, Dunn &
Crutcher LLP

89
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

outpatient programs.  UBH further objects to this Request on the grounds that it is vague and ambiguous as to the terms "recordings" and "appeals."  UBH further objects to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "any and all" recordings or documents and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to the extent this Request is duplicative of other Requests, including Request Nos. 95, 96, 97, and 98.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 101:**

Complete copies of any records for the claims of LD, DB, BW, RH, and CJ identified in the Complaint submitted by United to MultiPlan using MultiPlan's Repricing Webservice.

**RESPONSE TO REQUEST NO. 101:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH objects to this Request on the grounds that it is vague and ambiguous as to the terms "records," "claims," and "Repricing Webservice."  UBH further objects to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "complete copies" and "any" records regarding broadly defined programs not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 102:**

For each and every Plaintiff (LD, DB, BW, RH and CJ as identified in the Complaint):

a.      A copy of Your entire claim file. This includes, but is not limited to, all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, and medical reports. This also includes, but is not limited to, all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents;

b.      The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect on the dates of service for the claims;

c.      Any statements of policy of guidance or Claims manuals of the Plaintiffs' employers, of United Behavioral Health and its parent and subsidiary companies; any peer review companies; the Plan Administrator; or any of their affiliates with respect to the Plaintiffs' diagnoses. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

d.      The date on which the actual contents of the policy coverage or the Summary Plan Description was made available to plan participants;

e.      The official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

f.      The name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

Gibson, Dunn & Crutcher LLP

91

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

g.      A copy of any specific rule, guideline, or protocol relied upon in processing the claims.

h.      All appeals or disputes raised or submitted by the member and/or the member's provider and Your response to the appeal or dispute.

i.       All communications between You and the member and the member's provider, including all EOBs, PRAs, PAD letters, and any other communications.

**RESPONSE TO REQUEST NO. 102:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH objects to this Request on the grounds that it is vague and ambiguous as to the terms "notes," "activity logs," "medical reviewers," "medical reports," "medical records," "doctors' notes," "nurses' notes," "office notes," "third party records," "third parties,"  "claim handling manual and/or guidelines," "claimant documents," "statements of policy of guidance," "peer review companies," "Employee Benefits Plan," "Plan Administrator," and "Claims Administrator."  UBH further objects to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "all" or "any" of the requested documents and information regarding broadly defined programs not limited to the claims and services at issue in this case, and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request to the extent it seeks documents and information outside of UBH's possession, custody, or control, or more reasonably obtained from a party or third party other than UBH.  UBH also objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH is willing to produce the following documents

Gibson, Dunn &
Crutcher LLP

92

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

for the IOP claims at issue:  claim forms, explanations of benefits, appeals correspondence, summary plan descriptions, BH notes and case notes, and certain call recordings.  UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 103:**

Any and all documents to or from Dale White pertaining to the claims at issue in this action including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE TO REQUEST NO. 103:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

Gibson, Dunn &
Crutcher LLP

93
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   **REQUEST NO. 104:**

2       Any and all documents to or from Mark Tabak pertaining to the claims at issue in this action

3   including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR, and FAIR

4   Health from January 1, 2015, to present.

5   **RESPONSE TO REQUEST NO. 104:**

6       UBH hereby incorporates its General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

8   seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

9   lead to the discovery of admissible evidence, to the extent it seeks information about claims other

10   than out-of-network claims for intensive outpatient programs for which reimbursement rates were

11   calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and

12   unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request

13   is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH

14   further objects to this Request to the extent it seeks information outside of UBH's possession,

15   custody, and control, including but not limited to any documents that may be in the possession of

16   MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents outside the

17   time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

18       Subject to and without waiving the General Objections, the Objections to Definitions and

19   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

20   what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

21   identify non-privileged documents in its possession, custody, and control that are responsive to this

22   Request.

23   **REQUEST NO. 105:**

24       Any and all documents to or from Michael Ferrante pertaining to the claims at issue in this

25   action including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR, and

26   FAIR Health from January 1, 2015, to present.

27

28

**RESPONSE TO REQUEST NO. 105:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 106:**

Any and all documents to or from Mark Edwards pertaining to the claims at issue in this action including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE TO REQUEST NO. 106:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were

Gibson, Dunn & Crutcher LLP

95
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1  calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and

2  unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request

3  is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH

4  further objects to this Request to the extent it seeks information outside of UBH's possession,

5  custody, and control, including but not limited to any documents that may be in the possession of

6  MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents outside the

7  time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

8       Subject to and without waiving the General Objections, the Objections to Definitions and

9  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

10  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

11  identify non-privileged documents in its possession, custody, and control that are responsive to this

12  Request.

13  **REQUEST NO. 107:**

14       Any and all documents to or from Tina Smith pertaining to the claims at issue in this action

15  including OON outpatient, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to

16  present.

17  **RESPONSE TO REQUEST NO. 107:**

18       UBH hereby incorporates its General Objections and Objections to Definitions and

19  Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

20  seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

21  lead to the discovery of admissible evidence, to the extent it seeks information about claims other

22  than out-of-network claims for intensive outpatient programs for which reimbursement rates were

23  calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and

24  unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request

25  is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH

26  further objects to this Request to the extent it seeks information outside of UBH's possession,

27  custody, and control, including but not limited to any documents that may be in the possession of

28

Gibson, Dunn &
Crutcher LLP

1   MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents outside the

2   time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

3          Subject to and without waiving the General Objections, the Objections to Definitions and

4   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

5   what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

6   identify non-privileged documents in its possession, custody, and control that are responsive to this

7   Request.

8   **REQUEST NO. 108:**

9          Any and all documents to or from Susan Mohler pertaining to the claims at issue in this action

10  including OON outpatient, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to

11  present.

12  **RESPONSE TO REQUEST NO. 108:**

13         UBH hereby incorporates its General Objections and Objections to Definitions and

14  Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

15  seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

16  lead to the discovery of admissible evidence, to the extent it seeks information about claims other

17  than out-of-network claims for intensive outpatient programs for which reimbursement rates were

18  calculated using Viant's OPR product.  UBH objects to this Request as overly broad and unduly

19  burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not

20  limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further

21  objects to this Request to the extent it seeks information outside of UBH's possession, custody, and

22  control, including but not limited to any documents that may be in the possession of MultiPlan but

23  not UBH.  UBH also objects to the extent this Request seeks documents outside the time period

24  properly subject to discovery for Plaintiffs' claims and allegations in this case.

25         Subject to and without waiving the General Objections, the Objections to Definitions and

26  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

27  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

28

Gibson, Dunn &
Crutcher LLP

97
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 109:**

Any and all documents to or from Bill Ginther pertaining to the claims at issue in this action including OON outpatient, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE TO REQUEST NO. 109:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 110:**

Any and all documents to or from Emma Johnson pertaining to the claims at issue in this action including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE TO REQUEST NO. 110:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 111:**

Any and all documents to or from Mike McEttrick pertaining to the claims at issue in this action including OON outpatient, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE TO REQUEST NO. 111:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and

2   unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request

3   is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH

4   further objects to this Request to the extent it seeks information outside of UBH's possession,

5   custody, and control, including but not limited to any documents that may be in the possession of

6   MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents outside the

7   time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

8           Subject to and without waiving the General Objections, the Objections to Definitions and

9   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

10  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

11  identify non-privileged documents in its possession, custody, and control that are responsive to this

12  Request.

13  **REQUEST NO. 112:**

14          Any and all documents to or from Sean Crandell pertaining to the claims at issue in this action

15  including OON outpatient, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to

16  present.

17  **RESPONSE TO REQUEST NO. 112:**

18          UBH hereby incorporates its General Objections and Objections to Definitions and

19  Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

20  seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

21  lead to the discovery of admissible evidence, to the extent it seeks information about claims other

22  than out-of-network claims for intensive outpatient programs for which reimbursement rates were

23  calculated using Viant's OPR product.  UBH objects to this Request as overly broad and unduly

24  burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not

25  limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further

26  objects to this Request to the extent it seeks information outside of UBH's possession, custody, and

27  control, including but not limited to any documents that may be in the possession of MultiPlan but

28

Gibson, Dunn &
Crutcher LLP

100
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1  not UBH.  UBH also objects to the extent this Request seeks documents outside the time period

2  properly subject to discovery for Plaintiffs' claims and allegations in this case.

3       Subject to and without waiving the General Objections, the Objections to Definitions and

4  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

5  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

6  identify non-privileged documents in its possession, custody, and control that are responsive to this

7  Request.

8  **REQUEST NO. 113:**

9       Any and all documents to or from Ben Fuchsen pertaining to the claims at issue in this action

10 including OON outpatient, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to

11 present.

12 **RESPONSE TO REQUEST NO. 113:**

13      UBH hereby incorporates its General Objections and Objections to Definitions and

14 Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

15 seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

16 lead to the discovery of admissible evidence, to the extent it seeks information about claims other

17 than out-of-network claims for intensive outpatient programs for which reimbursement rates were

18 calculated using Viant's OPR product.  UBH objects to this Request as overly broad and unduly

19 burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not

20 limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further

21 objects to this Request to the extent it seeks information outside of UBH's possession, custody, and

22 control, including but not limited to any documents that may be in the possession of MultiPlan but

23 not UBH.  UBH also objects to the extent this Request seeks documents outside the time period

24 properly subject to discovery for Plaintiffs' claims and allegations in this case.

25      Subject to and without waiving the General Objections, the Objections to Definitions and

26 Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

27 what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

28

Gibson, Dunn &
Crutcher LLP

101
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1    identify non-privileged documents in its possession, custody, and control that are responsive to this

2    Request.

3    **REQUEST NO. 114:**

4        Any and all documents to or from Jacqueline Kienzle pertaining to the claims at issue in this

5    action including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR, and

6    FAIR Health from January 1, 2015, to present.

7    **RESPONSE TO REQUEST NO. 114:**

8        UBH hereby incorporates its General Objections and Objections to Definitions and

9    Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

10   seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

11   lead to the discovery of admissible evidence, to the extent it seeks information about claims other

12   than out-of-network claims for intensive outpatient programs for which reimbursement rates were

13   calculated using Viant's OPR product.  UBH objects to this Request as overly broad and unduly

14   burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not

15   limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further

16   objects to this Request to the extent it seeks information outside of UBH's possession, custody, and

17   control, including but not limited to any documents that may be in the possession of MultiPlan but

18   not UBH.  UBH also objects to the extent this Request seeks documents outside the time period

19   properly subject to discovery for Plaintiffs' claims and allegations in this case.

20       Subject to and without waiving the General Objections, the Objections to Definitions and

21   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

22   what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

23   identify non-privileged documents in its possession, custody, and control that are responsive to this

24   Request.

25   **REQUEST NO. 115:**

26       Any and all documents to or from Kim Dugan pertaining to the claims in this action including

27   the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR, and FAIR Health from

28   January 1, 2015, to present.

Gibson, Dunn &
Crutcher LLP

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 115:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 116:**

Any and all documents for which Rebecca Paradise was the custodian pertaining to the claims in this action including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE TO REQUEST NO. 116:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

calculated using Viant's OPR product.  UBH further objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 117:**

Any and all documents for which Radames (Ray) Lopez was the custodian pertaining to the claims in this action including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE TO REQUEST NO. 117:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH also

objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 118:**

Any and all documents for which Sarah Peterson was the custodian pertaining to the claims in this action including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE TO REQUEST NO. 118:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

Gibson, Dunn & Crutcher LLP

105
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   identify non-privileged documents in its possession, custody, and control that are responsive to this

2   Request.

3   **REQUEST NO. 119:**

4       Any and all documents for which Jolene Bradley was the custodian pertaining to the claims in

5   this action including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR,

6   and FAIR Health from January 1, 2015, to present.

7   **RESPONSE TO REQUEST NO. 119:**

8       UBH hereby incorporates its General Objections and Objections to Definitions and

9   Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

10  seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

11  lead to the discovery of admissible evidence, to the extent it seeks information about claims other

12  than out-of-network claims for intensive outpatient programs for which reimbursement rates were

13  calculated using Viant's OPR product.  UBH further objects to this Request as seeking information

14  outside its possession, custody, and control, to the extent that this Request seeks information from a

15  "United" entity other than UBH.  UBH further objects to this Request as overly broad and unduly

16  burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not

17  limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH also

18  objects to the extent this Request seeks documents outside the time period properly subject to

19  discovery for Plaintiffs' claims and allegations in this case.

20      Subject to and without waiving the General Objections, the Objections to Definitions and

21  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

22  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

23  identify non-privileged documents in its possession, custody, and control that are responsive to this

24  Request.

25  **REQUEST NO. 120:**

26      Any and all documents for which Kelly Valentine was the custodian pertaining to the claims

27  in this action including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR,

28  and FAIR Health from January 1, 2015, to present.

**RESPONSE TO REQUEST NO. 120**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 121**:

Any and all documents for which Marie Rickmyer was the custodian pertaining to the claims in this action including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE TO REQUEST NO. 121**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were

Gibson, Dunn &
Crutcher LLP

107
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

calculated using Viant's OPR product.  UBH further objects to this Request as seeking information

outside its possession, custody, and control, to the extent that this Request seeks information from a

"United" entity other than UBH.  UBH further objects to this Request as overly broad and unduly

burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not

limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH also

objects to the extent this Request seeks documents outside the time period properly subject to

discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and

Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

identify non-privileged documents in its possession, custody, and control that are responsive to this

Request.

**REQUEST NO. 122:**

Any and all documents for which Lisa LaMaster was the custodian pertaining to the claims in

this action including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR,

and FAIR Health from January 1, 2015, to present.

**RESPONSE TO REQUEST NO. 122:**

UBH hereby incorporates its General Objections and Objections to Definitions and

Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

lead to the discovery of admissible evidence, to the extent it seeks information about claims other

than out-of-network claims for intensive outpatient programs for which reimbursement rates were

calculated using Viant's OPR product.  UBH further objects to this Request as seeking information

outside its possession, custody, and control, to the extent that this Request seeks information from a

"United" entity other than UBH.  UBH further objects to this Request as overly broad and unduly

burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not

limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH also

Gibson, Dunn &
Crutcher LLP

108
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   objects to the extent this Request seeks documents outside the time period properly subject to

2   discovery for Plaintiffs' claims and allegations in this case.

3        Subject to and without waiving the General Objections, the Objections to Definitions and

4   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

5   what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

6   identify non-privileged documents in its possession, custody, and control that are responsive to this

7   Request.

8   **REQUEST NO. 123:**

9        Any and all documents for which Jacqueline Buccini was the custodian pertaining to the

10  claims in this action including the Network Access Agreement, OON outpatient, Facility R&C, Viant

11  OPR, and FAIR Health from January 1, 2015, to present.

12  **RESPONSE TO REQUEST NO. 123:**

13       UBH hereby incorporates its General Objections and Objections to Definitions and

14  Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

15  seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

16  lead to the discovery of admissible evidence, to the extent it seeks information about claims other

17  than out-of-network claims for intensive outpatient programs for which reimbursement rates were

18  calculated using Viant's OPR product.  UBH further objects to this Request as seeking information

19  outside its possession, custody, and control, to the extent that this Request seeks information from a

20  "United" entity other than UBH.  UBH objects to this Request as overly broad and unduly

21  burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not

22  limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH also

23  objects to the extent this Request seeks documents outside the time period properly subject to

24  discovery for Plaintiffs' claims and allegations in this case.

25       Subject to and without waiving the General Objections, the Objections to Definitions and

26  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

27  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

28

Gibson, Dunn &
Crutcher LLP

109
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1  identify non-privileged documents in its possession, custody, and control that are responsive to this

2  Request.

3  **REQUEST NO. 124:**

4      Any and all documents for which Carolyn Larson was the custodian pertaining to the claims

5  in this action including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR,

6  and FAIR Health from January 1, 2015, to present.

7  **RESPONSE TO REQUEST NO. 124:**

8      UBH hereby incorporates its General Objections and Objections to Definitions and

9  Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

10  seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

11  lead to the discovery of admissible evidence, to the extent it seeks information about claims other

12  than out-of-network claims for intensive outpatient programs for which reimbursement rates were

13  calculated using Viant's OPR product.  UBH further objects to this Request as seeking information

14  outside its possession, custody, and control, to the extent that this Request seeks information from a

15  "United" entity other than UBH.  UBH further objects to this Request as overly broad and unduly

16  burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not

17  limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH also

18  objects to the extent this Request seeks documents outside the time period properly subject to

19  discovery for Plaintiffs' claims and allegations in this case.

20      Subject to and without waiving the General Objections, the Objections to Definitions and

21  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

22  what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

23  identify non-privileged documents in its possession, custody, and control that are responsive to this

24  Request.

25  **REQUEST NO. 125:**

26      Any and all documents for which John Haben was the custodian pertaining to the claims in

27  this action including the Network Access Agreement, OON outpatient, Facility R&C, Viant OPR,

28  and/or FAIR Health from January 1, 2015, to present.

Gibson, Dunn &
Crutcher LLP

110
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1    **RESPONSE TO REQUEST NO. 125**:

2    UBH hereby incorporates its General Objections and Objections to Definitions and

3    Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

4    seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

5    lead to the discovery of admissible evidence, to the extent it seeks information about claims other

6    than out-of-network claims for intensive outpatient programs for which reimbursement rates were

7    calculated using Viant's OPR product.  UBH further objects to this Request as seeking information

8    outside its possession, custody, and control, to the extent that this Request seeks information from a

9    "United" entity other than UBH.  UBH further objects to this Request as overly broad and unduly

10   burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not

11   limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH also

12   objects to the extent this Request seeks documents outside the time period properly subject to

13   discovery for Plaintiffs' claims and allegations in this case.

14   Subject to and without waiving the General Objections, the Objections to Definitions and

15   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

16   what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

17   identify non-privileged documents in its possession, custody, and control that are responsive to this

18   Request.

19   **REQUEST NO. 126**:

20   Any and all documents for which Patricia Olson pertaining to the claims in this action

21   including the Network Access Agreement, OON outpatient, OON outpatient, Facility R&C, Viant

22   OPR, and FAIR Health from January 1, 2015, to present.

23   **RESPONSE TO REQUEST NO. 126**:

24   UBH hereby incorporates its General Objections and Objections to Definitions and

25   Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

26   seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

27   lead to the discovery of admissible evidence, to the extent it seeks information about claims other

28   than out-of-network claims for intensive outpatient programs for which reimbursement rates were

Gibson, Dunn &
Crutcher LLP

111
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   calculated using Viant's OPR product.  UBH further objects to this Request as seeking information

2   outside its possession, custody, and control, to the extent that this Request seeks information from a

3   "United" entity other than UBH.  UBH objects to this Request as overly broad and unduly

4   burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not

5   limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH also

6   objects to the extent this Request seeks documents outside the time period properly subject to

7   discovery for Plaintiffs' claims and allegations in this case.

8          Subject to and without waiving the General Objections, the Objections to Definitions and

9   Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

10   what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to

11   identify non-privileged documents in its possession, custody, and control that are responsive to this

12   Request.

13   **REQUEST NO. 127:**

14          For the period January 1, 2015, to present, any and all policy and procedure manuals or

15   similar documents pertaining or relating to the verification of member benefits for out of network

16   mental/behavioral health claims in effect on the dates Plaintiffs received services as set forth in the

17   Complaint.

18   **RESPONSE TO REQUEST NO. 127:**

19          UBH hereby incorporates its General Objections and Objections to Definitions and

20   Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

21   seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

22   lead to the discovery of admissible evidence, to the extent it seeks information about claims other

23   than out-of-network claims for intensive outpatient programs for which reimbursement rates were

24   calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and

25   unduly burdensome on the ground that it seeks "any and all policy and procedure manuals or similar

26   documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing

27   for intensive outpatient programs.  UBH further objects to the Request as vague and ambiguous.  By

28   way of example only, the Request is vague and ambiguous because the phrase "similar documents" is

1   undefined.  UBH also objects to the extent this Request seeks documents outside the time period

2   properly subject to discovery for Plaintiffs' claims and allegations in this case and to the extent this

3   Request seeks documents and information outside of UBH's possession, custody, or control.

4          Subject to and without waiving the General Objections, the Objections to Definitions and

5   Instructions, or the foregoing specific objections, UBH will produce Plaintiffs' Summary Plan

6   Descriptions and will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek

7   through this Request and what documents, if any, can reasonably be provided.

8   **REQUEST NO. 128:**

9          Any and all policy and procedure manuals or similar documents pertaining or relating to the

10  authorization of member benefits for out of network mental/behavioral health claims in effect on the

11  dates Plaintiffs received services as set forth in the Complaint.

12  **RESPONSE TO REQUEST NO. 128:**

13         UBH hereby incorporates its General Objections and Objections to Definitions and

14  Instructions in their entirety into this response.  UBH objects to this Request on the ground that it

15  seeks information not relevant to the claims or defenses of any party and not reasonably calculated to

16  lead to the discovery of admissible evidence, to the extent it seeks information about claims other

17  than out-of-network claims for intensive outpatient programs for which reimbursement rates were

18  calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and

19  unduly burdensome on the ground that it seeks "any and all policy and procedure manuals or similar

20  documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing

21  for intensive outpatient programs.  UBH further objects to the Request as vague and ambiguous.  By

22  way of example only, the Request is vague and ambiguous because the phrase "similar documents" is

23  undefined.  UBH further objects to this Request to the extent it is duplicative of other Requests

24  including Request Nos. 129 and 130.  UBH also objects to the extent this Request seeks documents

25  outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this

26  case.

27         Subject to and without waiving the General Objections, the Objections to Definitions and

28  Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

Gibson, Dunn &
Crutcher LLP

113
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 129:**

Any and all internal training manuals or similar documents pertaining or relating to the verification of member benefits for out of network mental/behavioral health claims in effect on the dates Plaintiffs received services as set forth in the Complaint.

**RESPONSE TO REQUEST NO. 129:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all internal training manuals or similar documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects UBH further objects to the Request as vague and ambiguous.  By way of example only, the Request is vague and ambiguous because the phrase "similar documents" is undefined.  UBH further objects to this Request to the extent it is duplicative of other Requests including Request Nos. 128 and 130.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 130:**

Gibson, Dunn & Crutcher LLP

114
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

Any and all internal manuals or similar documents pertaining or relating to the authorization of member benefits for out of network mental/behavioral health claims in effect on the dates Plaintiffs received services as set forth in the Complaint.

**RESPONSE TO REQUEST NO. 130**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all internal manuals or similar documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH further objects to the Request as vague and ambiguous.  By way of example only, the Request is vague and ambiguous because the phrase "similar documents" is undefined.  UBH further objects to this Request to the extent it is duplicative of other Requests including Request Nos. 128 and 129.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 131**:

Produce all documents and internal correspondence related to United's internal Project resulting in the creation of Naviguard.

**RESPONSE TO REQUEST NO. 131**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information

Gibson, Dunn & Crutcher LLP

115
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and unduly burdensome to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs.  UBH further objects to the Request to the extent it seeks information regarding Naviguard that is not relevant to Plaintiffs' claims and allegations in this case.  UBH also objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine, and to the extent it seeks trade secrets or proprietary or confidential business information.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

**REQUEST NO. 132:**

Produce all documents, presentations and correspondence relating to the internal Project culminating in United's June 2021 statement to the public that it would no longer provide OON coverage for non-emergent, non-hospital and non-network facility-based services.

**RESPONSE TO REQUEST NO. 132:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  By way of example only, this Requests seeks irrelevant

Gibson, Dunn & Crutcher LLP

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

information because by its terms it applies to facility services outside of the service area and therefore should not apply to outpatient services for which one would need to be near his or her home.  UBH objects to this Request as overly broad and unduly burdensome to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs.  UBH also objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

**REQUEST NO. 133:**

Produce a report showing all actions taken by United relating to the collection of ESI and documents responsive to Plaintiffs' requests contained herein.

**RESPONSE TO REQUEST NO. 133:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH to produce a "report" specifically for this litigation beyond what is required by the Federal Rules.  UBH further objects to this Request as vague and ambiguous, particularly with respect to the phrase "all actions taken."  UBH further objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Gibson, Dunn &
Crutcher LLP

117
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 134:**

Produce a report showing all procedures, software, and search terms used to filter or cull ESI for production to Plaintiffs.

**RESPONSE TO REQUEST NO. 134:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH to produce a "report" specifically for this litigation beyond what is required by the Federal Rules.  UBH further objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 135:**

Produce a report showing all databases and other systems used to produce the information requested herein.

**RESPONSE TO REQUEST NO. 135:**

Gibson, Dunn & Crutcher LLP

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH to produce a "report" specifically for this litigation containing "all" databases and systems within a broadly-defined category and beyond what is required by the Federal Rules.  UBH also objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

**REQUEST NO. 136:**

Produce any and all ESI or event data records that involves the Plaintiffs or their healthcare providers including:

a.      Email communications;

b.      Computer applications or programs such as customer order forms or customer service forms;

c.      Instant messaging;

d.      Short Message Service (SMS) systems;

e.      Work phone, home phone, cell phone, or pager records;

f.      Voicemail systems;

g.      IVR systems and recordings therefrom;

h.      Any data reflecting Plaintiffs' claims;

i.      Any data reflecting claims submission from United;

j.      Word processing systems, spreadsheet, and database systems;

k.      System history files;

1.      Claims tracking databases;

m.      E-mail tracking databases;

n.      Member databases;

o.      Calendar systems;

p.      Intranet systems used or accessed that relate to MultiPlan;

**RESPONSE TO REQUEST NO. 136:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  By way of example only, this requests seeks information and documents that involves Plaintiffs' healthcare providers but this Action concerns claims brought by members and the related Provider action brought by Summit Estate was dismissed by the Court.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all ESI or event data records" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  UBH objects to this Request to the extent it is duplicative of Request No. 134 and other Requests.  UBH also objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH further objects to this Request to the extent it seeks information outside of UBH's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan but not UBH.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss

Gibson, Dunn & Crutcher LLP

120

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.

**REQUEST NO. 137:**

Any and all documents relating to the retention, collection, and production of documents (electronic and physical) related to Plaintiffs' litigation:

a.      Scope of the Litigation hold;

b.      Steps taken by United to advise their employees, including, but not limited to, "Key Custodians" with respect to the facts underlying the litigation, and information systems personnel, of the substantive principles governing

c.      Collection of ESI and documents responsive to Plaintiffs' document requests;

d.      Procedures, software, and search terms used to filter or cull ESI for production to Plaintiffs;

e.      Databases used to produce the information demanded by Plaintiffs' Discovery Demands;

f.      United's archival and backup systems, including those onsite, offsite and maintained by third party vendors;

g.      United's document retention policies.

**RESPONSE TO REQUEST NO. 137:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request as seeking information outside its possession, custody, and control, to the extent that this Request seeks information from a "United" entity other than UBH.  UBH further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive

outpatient programs.  UBH objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.

Dated: August 27, 2021

GIBSON, DUNN & CRUTCHER LLP

By:   /s/ *Geoffrey M. Sigler*
Geoffrey Sigler (admitted *pro hac vice*)
Lauren M. Blas
Nicole R. Matthews

Attorney for Defendant UNITED BEHAVIORAL HEALTH

Gibson, Dunn & Crutcher LLP

122
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**CERTIFICATE OF SERVICE**

I, hereby certify that on this 27th day of August 2021, pursuant to an agreement of the parties dated April 23, 2021, a copy of the foregoing was served via email to the following:

**Matthew M. Lavin, Esq. (*pro hac vice*)**
**Aaron Richard Modiano (*pro hac vice*)**
Napoli Shkolnick, PLLC
5757 W. Century Boulevard, Suite 680
Los Angeles, CA 90045
MLavin@napolilaw.com
amodiano@napolilaw.com

**David M. Lilienstein**
**Katie J. Spielman**
DL Law Group
345 Franklin St.
San Francisco, CA 94102
david@dllawgroup.com
katie@dllawgroup.com


*/s/ Geoffrey M. Sigler*
                    Geoffrey M. Sigler

Gibson, Dunn &
Crutcher LLP

1   LAUREN M. BLAS, SBN 296823
      lblas@gibsondunn.com
2   NICOLE R. MATTHEWS, SBN 328977
      nmatthews@gibsondunn.com
3   GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
4   Los Angeles, CA  90071-3197
    Telephone: 213.229.7000
5   Facsimile:  213.229.7520

6   GEOFFREY SIGLER (*admitted pro hac vice*)
      gsigler@gibsondunn.com
7   GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, N.W.
8   Washington, DC 20036-5306
    Telephone: 202.995.8500
9   Facsimile:  202.467.0539

10  Attorneys for Defendant
    UNITED BEHAVIORAL HEALTH

11                  UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                      OAKLAND DIVISION

14

15  LD, DB, BW, RH and CJ, on behalf of         CASE NO. 4:20-cv-02254
    themselves and all others similarly situated,
16                                              **DEFENDANT UNITED BEHAVIORAL**
                    Plaintiffs,                 **HEALTH'S RESPONSES AND**
17                                              **OBJECTIONS TO PLAINTIFFS' SECOND**
          v.                                    **SET OF REQUESTS FOR PRODUCTION**
18
    UNITED BEHAVIORAL HEALTH, a
19  California Corporation, and MULTIPLAN
    INC., a New York corporation,
20
                    Defendants.
21

22  PROPOUNDING PARTY:      LD, DB, BW, RH and CJ

23  RESPONDING PARTY:       UNITED BEHAVIORAL HEALTH

24  SET NUMBER:             Two

25

26

27

28

Gibson, Dunn &
Crutcher LLP

---

## PRELIMINARY STATEMENT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Northern District of California, Defendant United Behavioral Health ("UBH") responds to Plaintiffs' Second Set of Requests for Production of Documents (the "Requests" and each individual "Request").  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), UBH will continue the rolling production of documents UBH has agreed to produce, as described in the responses below.  However, meeting this target will depend on prompt and reasonable resolution of the objections and other issues set out below, through a meet-and-confer that should be scheduled shortly after Plaintiffs' counsel have had an opportunity to review these responses.  UBH reserves the right to amend, supplement, and correct its objections or responses as necessary.

## GENERAL OBJECTIONS

1.     UBH objects to each and every Request, Definition, and Instruction to the extent it purports to impose obligations on UBH greater than or beyond those required under the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Civil Rules of the United States District Court for the Northern District of California ("Local Rules"), or the Parties' anticipated ESI Protocol.

2.     UBH objects to each and every Request, Definition, and Instruction as overly broad to the extent it seeks discovery on merits issues outside the scope of the administrative record for the claims at issue in this case.  Plaintiffs' case involves claims for benefits under ERISA, and therefore discovery should generally be limited to the administrative record for the claims at issue.  *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3.     UBH objects to each and every Request, Definition, and Instruction to the extent that it seeks information that is exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or protection.

4.     UBH objects to each and every Request, Definition, and Instruction as overly broad to the extent it seeks information not relevant to the claims or defenses of any party, or information disproportionate to the needs of the case and of such marginal relevance that its probative value is

substantially outweighed by the burden imposed on UBH in having to search for and provide such information.

5. UBH objects to each and every Request, Definition, and Instruction to the extent that it seeks proprietary or other confidential information. To the extent any confidential health information or other sensitive or protected business information is non-privileged and responsive to the Requests for Production of Documents and not otherwise objectionable, UBH will provide such information pursuant to the protections stipulated in the Parties' protective order and in accordance with such other procedures as the Parties or Court may establish to protect sensitive or confidential information. UBH also reserves the right to redact discrete categories of especially sensitive information that are not directly relevant to the issues in this case.

6. UBH objects to each and every Request, Definition, and Instruction to the extent that the documents requested are already in Plaintiffs' possession or are available to Plaintiffs from another source that is more convenient, less burdensome, or less expensive.

7. UBH objects to each and every Request, Definition, and Instruction to the extent it calls for production of documents or electronic information that would be unduly burdensome.

8. UBH objects to each and every Request, Definition, and Instruction to the extent it calls for production of electronic information that is not reasonably accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore.

9. UBH objects to each and every Request, Definition, and Instruction to the extent that it implicates the privacy interests of third parties established by law, contract, or custom. This includes, but is not limited to, information covered by the Health Insurance Portability and Accountability Act, and in particular sensitive health information regarding the mental health and substance abuse conditions and treatments of participants and beneficiaries who are not named Plaintiffs in this case. To the extent any confidential health information is non-privileged and responsive to the Requests and not otherwise objectionable, UBH will provide such documents and information pursuant to the Protective Order, and reserves the right to redact identifiers and other patient-specific information as well.

Gibson, Dunn &
Crutcher LLP

3
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

10.     UBH objects to each and every Request, Definition, and Instruction to the extent that it seeks documents outside of UBH's possession, custody, and control, including to the extent any Requests seek information from a "United" entity other than UBH.

11.     Nothing contained herein or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Requests.  By indicating that it will produce non-objectionable, non-privileged responsive documents, UBH does not make a representation that such documents exist or are in UBH's possession, but only that UBH will conduct the reasonable searches indicated for the documents sought.

12.     UBH objects to each and every Request, Definition, and Instruction to the extent that it seeks documents outside of the relevant scope of discovery and statute of limitations for this case which is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims.  *See Withrow v. Halsey*, 655 F.3d 1032, 1035–36 (9th Cir. 2011); *see also Pincay v. Andrews*, 238 F.3d 1006, 1108 (9th Cir. 2001).  In the event that UBH agrees to produce documents outside of the April 2, 2016 to present timeframe—the governing statute of limitations in this case—such agreement should be deemed limited to that specific Request and is not to be construed as a waiver or admission of any kind.

13.     UBH objects to each and every Request, Definition, and Instruction to the extent that it is overly broad, unduly burdensome, and imposes substantial, unjustifiable, and significant discovery costs and search burdens on UBH.

14.     Inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery shall not constitute a waiver of any such claim with respect to the disclosed documents or communications or any other documents or communications or of the right of UBH to object to the use of any such documents or the subject matter thereof during subsequent proceedings.  In the event of inadvertent disclosure of such documents, Plaintiff will return the documents to UBH and will be precluded from disclosing or relying upon such documents in any way.

Gibson, Dunn & Crutcher LLP

4
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

15.     All the General Objections contained herein and Objections to Definitions and Instructions are expressly incorporated into each of the responses set forth below.

## OBJECTIONS TO DEFINITIONS

1.     UBH objects to Plaintiffs' definition of "United" (as well as "You" and "Your") on the ground that it is vague, ambiguous, overly broad and unduly burdensome.  In particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition who are not proper parties to this case and not properly subject to discovery.  UBH will respond to these Requests for Production of Documents on behalf of United Behavioral Health, which is the named defendant in this case.

2.     UBH objects to Plaintiffs' definition of "person" on the ground that it is overly broad and unduly burdensome.  In particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition who are not proper parties to this case and not properly subject to discovery.  UBH will respond to these Requests for Production of Documents on behalf of United Behavioral Health, which is the named defendant in this case.

3.     UBH objects to Plaintiffs' definition of "Complaint" on the ground that there is a new operative complaint in this action—the Third Amended Complaint ("TAC") filed on September 10, 2021 (Dkt. 91).  UBH will interpret this definition as referring to the TAC.

4.     UBH objects to Plaintiffs' definition of "document(s)" to the extent that it seeks to impose obligations on UBH beyond those required by the Federal rules.  UBH further objects to this definition to the extent it calls for production of electronic information that is not reasonably accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore.  UBH will use the definition of "documents" set out in Federal Rule 34.

## OBJECTIONS TO INSTRUCTIONS

1.     UBH objects to Plaintiffs' failure to number the Instructions.  For purposes of clarity in responding and objecting to Plaintiffs' Instructions, UBH has assigned a number to each Instruction based on the Instruction's paragraph break.

2.     UBH objects to Plaintiffs' Instruction 1 as vague, ambiguous, and unduly burdensome because it calls for the production of documents within Plaintiffs' possession, and not Defendant

Gibson, Dunn & Crutcher LLP

5

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

UBH.  UBH will interpret this Instruction as referring to documents in UBH's possession and not documents in Plaintiffs' possession.  UBH further objects to Plaintiffs' Instruction 1 to the extent it seeks documents that are exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine or protection.

3.      UBH objects to Plaintiffs' Instruction 2 that "these requests refer to the time, place, and circumstances of the occurrence described in the Complaint" to the extent that this Instruction includes periods outside the relevant scope of discovery and statute of limitations for this case which, unless otherwise noted in the specific responses below, is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims.  *See Withrow v. Halsey*, 655 F.3d 1032, 1035–36 (9th Cir. 2011); see also *Pincay v. Andrews*, 238 F.3d 1006, 1108 (9th Cir. 2001).  UBH also objects to Plaintiffs' Instruction 2 to the extent it seeks documents and information irrelevant to the claims at issue in the Complaint, including to the extent it seeks documents and information irrelevant to IOP services.  Plaintiffs' Complaint alleges that Defendants "den[ied] proper payment for the IOP treatment services that Plaintiffs received" and "under-reimburse[d] Plaintiffs' claims for medically necessary IOP services provided to them."  *See, e.g.*, TAC ¶¶ 4, 28; see also *id*. ¶¶ 447–48 (noting that the alleged harm is limited to "underpa[yment]" of the "IOP claims of the Plaintiffs and the class").

4.      UBH objects to Plaintiffs' Instruction 5 that each request "refer to all documents that are either known by Defendant to exist or that can be located or discovered by reasonably diligent efforts of the Defendant" to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules.  UBH further objects to Instruction 5 to the extent it calls for the production of information outside of UBH's possession, custody, and control and includes documents that may already be in Plaintiffs' possession or are available to Plaintiffs from another source that is more convenient, less burdensome, or less expensive.

5.      UBH objects to Plaintiffs' Instruction 6 that each request be deemed "continuing," on the ground that such obligation would be unduly burdensome given the broad scope and number of

Gibson, Dunn & Crutcher LLP

6

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

the requests.  UBH further objects to Instruction 6 as vague, ambiguous, and nonsensical on the ground that this Instruction purports to require UBH to "seasonably supplement the production."

6.     UBH objects to Plaintiffs' Instruction 8 to the extent it purports to confer obligations on UBH beyond what the Parties have agreed to in their ESI protocol (e.g. subpart (a)).  UBH further objects to Instruction 8 to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules.

7.     UBH objects to Plaintiffs' Instruction 9 to the extent it purports to confer obligations beyond what the Parties have agreed to in their ESI protocol (e.g. subparts (a) and (b)).  By way of example only, the Parties' ESI protocol does not reference or call for the maintenance of an "online repository . . . maintained by an independent vendor."  UBH further objects to Instruction 9 to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules.

8.     UBH objects to Plaintiffs' Instruction 10 to the extent it purports to confer obligations beyond what the Parties have agreed to in their ESI protocol.  By way of example only, there is no reference to requirements for hard copy productions in the ESI protocol.  UBH further objects to Instruction 10 to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules.

9.     UBH objects to Plaintiffs' Instruction 11 to the extent it purports to confer obligations on UBH beyond what the Parties have agreed to in their ESI protocol (e.g., subpart (1)(b)(5)).  UBH further objects to Instruction 11 to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules.

10.     UBH objects to Plaintiffs' Instruction 12 to the extent it purports to confer obligations on UBH beyond what the Parties have agreed to in their ESI protocol.  By way of example only, the Instruction purports to require UBH to "identif[y]" and "enter[] separately" attachments to a document, but the Parties' ESI protocol states that "[a]ttachments to privileged email messages do not need to be identified on the Privilege Log separately from, or in addition to the privilege email."  UBH further objects to Instruction 12 to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules.

Gibson, Dunn &
Crutcher LLP

7
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

11.     UBH objects to Plaintiffs' Instruction 13 to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules.  UBH further objects to Instruction 13 to the extent the Instruction calls for the information exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine or protection

12.     UBH objects to Plaintiffs' Instruction 14 to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules, including to the extent it purports to require UBH to "ventur[e] beyond the parties to the litigation and include non-parties." UBH further objects to Instruction 14 to the extent the Instruction calls for the information exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine or protection.

13.     UBH objects to Plaintiffs' Instruction 15 that "any objections as to an alleged burden shall clearly set out the nature of the alleged burden by affidavit or other reliable evidence" to the extent that this Instruction seeks to impose obligations on UBH beyond those required by the Federal Rules.

14.     UBH objects to Plaintiffs' Instruction 16 to the extent it requires UBH to "set forth . . . the interpretation that [it] [has] chosen to use in responding to the request."  Where a request is ambiguous UBH will provide its interpretation to the extent possible, and otherwise reserves the right to meet and confer.

15.     UBH objects to Plaintiffs' Instruction 17 that each request be deemed "continuing in nature" on the ground that such obligation would be unduly burdensome given the broad scope and number of the requests.  UBH further objects to Instruction 17 to the extent it is duplicative of Instruction 6.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

For the period of January 1, 2015 to present, for those United members and/or beneficiaries who had a claim submitted by United or any of its affiliates to MultiPlan, for HCPCS Code H0015, S9480, and/or Revenue Codes 0905/0906, for those claims for which MultiPlan returned a price to

Gibson, Dunn & Crutcher LLP

8

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

United that was calculated by MultiPlan using its Viant OPR methodology, for those members and/or beneficiaries contained in the aforementioned set; for the three months preceding the initial date of service for each of those member's Viant priced claims, all claims submitted by or on behalf of those members to United that include any of the following: Revenue Code 0126, 1002, 0913, 0912; HCPCS H0010, H0012, H0018, H0019, H2036, S0201[1], produce a spreadsheet report containing:

- The Claim number
- The Bill Type (HCFA UB, and Bill Type Code, 131, 111 etc.)
- Service Dates (to and from)
- Service zip code
- Provider Name, address, and TIN
- Total Charge and Line Data submitted by the Provider
- Line Number
- Line Charge
- Revenue Code
- Units
- HCPCS/CPT Codes
- Any and all Modifiers
- Any line exclude amounts
- Any non-covered amounts
- Any indicators denoting exclusion in whole or in part
- Any line notes indicating how the line was handled
- Any diagnosis codes and procedure codes on the claim (e.g. ICD10 codes).
- Please indicate any edits taken to reduce the claim, any CCI edits, Proprietary edits, and/or unit reductions.

---

[1] Revenue Code 0126 and HCPCS H0010/H0012 represent Detox treatment. Revenue Code 1002 and HCPCS H0018/H0019 represent Residential treatment. Revenue Codes 0912/0913 and HCPCS H2036/S0201 represent Partial Hospitalization treatment.

9

Gibson, Dunn & Crutcher LLP

- Identification of the methodology used to price the claim (e.g., Billed Charges, third-party network agreement, Viant, Data iSight, Negotiation, % of CMS, or other method or tool).
- The entity that applied the pricing methodology (e.g United, MultiPlan, Zelis or other)
- The allowed amount for each claim
- Any "Savings Amount" taken by United off of the provider's billed charges.
- Any Shared Savings Fees or other fees charged by United as part of an ASA / ASO or other agreement.
- The date the date and amounts withdrawn from each ERISA plan's trust account associated with the above claims.
- Any other factors applied to the final price such as Override, Caps, Benchmark Pricing, Target Pricing, or Amount Change on Appeal.
- The Fair Health usual and customary benchmark amount for the same time period at the 70th and 80th percentile for each claim responsive to this request.
- Whether any appeals were made as to those claims.
- The additional amount, if any, paid following appeals.
- The final allowed amount.

**RESPONSE TO REQUEST NO. 1:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH further objects to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH to "produce" a "spreadsheet report" specifically for this litigation containing "all" claims within a broadly-defined category that includes multiple codes, including HCPCS Code H2036, that have no apparent connection to the IOP services at issue in the

case.  Assembling a three-month history for many thousands of claims would be incredibly burdensome and require extensive manual effort to match class member claims to three-month histories that are not in scope for the putative class.  Additionally, as the Request acknowledges, Revenue Codes 0126, 1002, 0913, and 0912, and HCPCS H0010, H0012, H0018, H0019, and H2036, S0201, relate to other levels of care not involving the IOP services at issue in this case.  Further, as framed the Request appears to seek detailed information about claims and payments not involving Viant's OPR product.  This Request also appears to seek numerous specific data fields that are not readily available in the relevant systems of UBH, and that do not appear to be relevant to the issues in this case.  UBH also objects to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will continue to meet and confer with Plaintiffs regarding the parameters of a claims data summary for the putative class members' claims involving IOP services priced using Viant's OPR data that can be reasonably be produced by UBH to satisfy this request.

**REQUEST NO. 2:**

Please produce any and all documents supporting your contention in Paragraph 1 of your Answer wherein You stated United "denies any alleged scheme to underpay valid, medically necessary claims; denies Plaintiffs suffered any legally compensable injury; and denies that Plaintiffs' claims can be properly pursued as a class action as alleged in Paragraph 1.".

**RESPONSE TO REQUEST NO. 2:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

1    Subject to and without waiving the General Objections, the Objections to Definitions and

2   Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

3   produce, if it has not already done so or if such documents have not already been produced by other

4   parties or third parties, any responsive, non-privileged documents sufficient to support the contention

5   listed in this Request.

6   **REQUEST NO. 3:**

7    Please produce any and all documents supporting your contention in Paragraph 95 of your

8   Answer wherein You stated that United "denies that it transitioned to ASAM following a ruling in the

9   Wit litigation that previous guidelines were "illegal.""

10   **RESPONSE TO REQUEST NO. 3:**

11    UBH hereby incorporates its General Objections and Objections to Definitions and

12   Instructions in their entirety into this response.  UBH further objects to this Request on the ground

13   that it is premature at this early phase in the case.  UBH further objects to this Request as overly

14   broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

15   objects to this Request to the extent that it seeks information which is subject to a claim of privilege

16   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

17   privilege or the attorney work product doctrine.

18    Subject to and without waiving the General Objections, the Objections to Definitions and

19   Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

20   produce, if it has not already done so or if such documents have not been produced be other parties or

21   third parties, any responsive, non-privileged documents sufficient to support the contention listed in

22   this Request.

23   **REQUEST NO. 4:**

24    Please produce any and all documents supporting your contention in Paragraph 491 of your

25   Answer wherein You stated "UBH denies that Plaintiffs or any putative class is entitled to any of the

26   relief requested."

27

28

Gibson, Dunn &
Crutcher LLP

**RESPONSE TO REQUEST NO. 4:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the contention listed in this Request.

**REQUEST NO. 5:**

Please produce any and all documents supporting your contention in Paragraph 491 of your Answer wherein You stated "UBH denies that Plaintiffs or any putative class is entitled to any of the relief requested."

**RESPONSE TO REQUEST NO. 5:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH further objects that this Request is identical to Request No. 4.

Gibson, Dunn &
Crutcher LLP

13

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   **REQUEST NO. 6:**

2      Please produce any and all documents supporting your contention in Paragraph 492 of your

3   Answer wherein You stated "UBH denies that Plaintiffs are entitled to any of the relief requested."

4   **RESPONSE TO REQUEST NO. 6:**

5      UBH hereby incorporates its General Objections and Objections to Definitions and

6   Instructions in their entirety into this response.  UBH further objects to this Request on the ground

7   that it is premature at this early phase in the case.  UBH further objects to this Request as overly

8   broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

9   objects to this Request to the extent that it seeks information which is subject to a claim of privilege

10  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

11  privilege or the attorney work product doctrine.

12      Subject to and without waiving the General Objections, the Objections to Definitions and

13  Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

14  produce, if it has not already done so or if such documents have not already been produced by other

15  parties or third parties, any responsive, non-privileged documents sufficient to support the contention

16  listed in this Request.

17  **REQUEST NO. 7:**

18      Please produce any and all documents supporting your First Affirmative Defense (Statutory

19  Compliance).

20  **RESPONSE TO REQUEST NO. 7:**

21      UBH hereby incorporates its General Objections and Objections to Definitions and

22  Instructions in their entirety into this response.  UBH further objects to this Request on the ground

23  that it is premature at this early phase in the case.  UBH further objects to this Request as overly

24  broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

25  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

26  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

27  privilege or the attorney work product doctrine.

28

Gibson, Dunn &
Crutcher LLP

14
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1    Subject to and without waiving the General Objections, the Objections to Definitions and

2    Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

3    produce, if it has not already done so or if such documents have not already been produced by other

4    parties or third parties, any responsive and non-privileged documents sufficient to support the defense

5    listed in this Request.

6    **REQUEST NO. 8:**

7    Please produce any and all documents supporting your Second Affirmative Defense (Full

8    Contractual Performance).

9    **RESPONSE TO REQUEST NO. 8:**

10    UBH hereby incorporates its General Objections and Objections to Definitions and

11    Instructions in their entirety into this response.  UBH further objects to this Request on the ground

12    that it is premature at this early phase in the case.  UBH further objects to this Request as overly

13    broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

14    objects to this Request to the extent that it seeks information which is subject to a claim of privilege

15    or which is otherwise protected from disclosure by, including without limitation, the attorney-client

16    privilege or the attorney work product doctrine.

17    Subject to and without waiving the General Objections, the Objections to Definitions and

18    Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

19    produce, if it has not already done so or if such documents have not already been produced by other

20    parties or third parties, any responsive, non-privileged documents sufficient to support the defense

21    listed in this Request.

22    **REQUEST NO. 9:**

23    Please produce any and all documents supporting your Third Affirmative Defense (Lack of

24    Article III Standing).

25    **RESPONSE TO REQUEST NO. 9:**

26    UBH hereby incorporates its General Objections and Objections to Definitions and

27    Instructions in their entirety into this response.  UBH further objects to this Request on the ground

28    that it is premature at this early phase in the case.  UBH further objects to this Request as overly

Gibson, Dunn &
Crutcher LLP

15

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

broad and unduly burdensome on the ground that it seeks "any and all documents." UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows: UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 10:**

Please produce any and all documents supporting your Fourth Affirmative Defense (Redress).

**RESPONSE TO REQUEST NO. 10:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH further objects to this Request on the ground that it is premature at this early phase in the case. UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents." UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows: UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 11:**

Please produce any and all documents supporting your Fifth Affirmative Defense (Improper Defendant).

Gibson, Dunn &
Crutcher LLP

**RESPONSE TO REQUEST NO. 11:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 12:**

Please produce any and all documents supporting your Sixth Affirmative Defense (UBH as Distinct Entity).

**RESPONSE TO REQUEST NO. 12:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other

Gibson, Dunn &
Crutcher LLP

parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 13:**

Please produce any and all documents supporting your Seventh Affirmative Defense (Exclusive Remedies - ERISA).

**RESPONSE TO REQUEST NO. 13:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 14:**

Please produce any and all documents supporting your Eighth Affirmative Defense (No Fiduciary Duty).

**RESPONSE TO REQUEST NO. 14:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege

1   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

2   privilege or the attorney work product doctrine.

3          Subject to and without waiving the General Objections, the Objections to Definitions and

4   Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

5   produce, if it has not already done so or if such documents have not already been produced by other

6   parties or third parties, any responsive, non-privileged documents sufficient to support the defense

7   listed in this Request.

8   **REQUEST NO. 15:**

9          Please produce any and all documents supporting your Ninth Affirmative Defense

10  (Comparative Fault of Third Parties/No Vicarious Liability).

11  **RESPONSE TO REQUEST NO. 15:**

12         UBH hereby incorporates its General Objections and Objections to Definitions and

13  Instructions in their entirety into this response.  UBH further objects to this Request on the ground

14  that it is premature at this early phase in the case.  UBH further objects to this Request as overly

15  broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

16  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

17  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

18  privilege or the attorney work product doctrine.

19         Subject to and without waiving the General Objections, the Objections to Definitions and

20  Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

21  produce, if it has not already done so or if such documents have not already been produced by other

22  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

23  listed in this Request.

24  **REQUEST NO. 16:**

25         Please produce any and all documents supporting your Tenth Affirmative Defense (Lack of

26  Causation).

27

28

19

**RESPONSE TO REQUEST NO. 16**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 17**:

Please produce any and all documents supporting your Eleventh Affirmative Defense (Fraud/Improper Conduct by Third Parties).

**RESPONSE TO REQUEST NO. 17**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other

1  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

2  listed in this Request.

3  **REQUEST NO. 18:**

4       Please produce any and all documents supporting your Twelfth Affirmative Defense

5  (Assignment).

6  **RESPONSE TO REQUEST NO. 18:**

7       UBH hereby incorporates its General Objections and Objections to Definitions and

8  Instructions in their entirety into this response.  UBH further objects to this Request on the ground

9  that it is premature at this early phase in the case.  UBH further objects to this Request as overly

10 broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

11 objects to this Request to the extent that it seeks information which is subject to a claim of privilege

12 or which is otherwise protected from disclosure by, including without limitation, the attorney-client

13 privilege or the attorney work product doctrine.

14      Subject to and without waiving the General Objections, the Objections to Definitions and

15 Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

16 produce, if it has not already done so or if such documents have not already been produced by other

17 parties or third parties, any responsive, non-privileged documents sufficient to support the defense

18 listed in this Request.

19 **REQUEST NO. 19:**

20      Please produce any and all documents supporting your Thirteenth Affirmative Defense

21 (Breach of Contract/Failure to Perform).

22 **RESPONSE TO REQUEST NO. 19:**

23      UBH hereby incorporates its General Objections and Objections to Definitions and

24 Instructions in their entirety into this response.  UBH further objects to this Request on the ground

25 that it is premature at this early phase in the case.  UBH further objects to this Request as overly

26 broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

27 objects to this Request to the extent that it seeks information which is subject to a claim of privilege

28

Gibson, Dunn &
Crutcher LLP

21
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 20:**

Please produce any and all documents supporting your Fourteenth Affirmative Defense (No Exhaustion).

**RESPONSE TO REQUEST NO. 20:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 21:**

Please produce any and all documents supporting your Fifteenth Affirmative Defense (Set-Off).

Gibson, Dunn & Crutcher LLP

22

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1  **RESPONSE TO REQUEST NO. 21:**

2      UBH hereby incorporates its General Objections and Objections to Definitions and

3  Instructions in their entirety into this response.  UBH further objects to this Request on the ground

4  that it is premature at this early phase in the case.  UBH further objects to this Request as overly

5  broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

6  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

7  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

8  privilege or the attorney work product doctrine.

9      Subject to and without waiving the General Objections, the Objections to Definitions and

10  Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

11  produce, if it has not already done so or if such documents have not already been produced by other

12  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

13  listed in this Request.

14  **REQUEST NO. 22:**

15      Please produce any and all documents supporting your Sixteenth Affirmative Defense (Claims

16  Barred by the Statute of Limitations).

17  **RESPONSE TO REQUEST NO. 22:**

18      UBH hereby incorporates its General Objections and Objections to Definitions and

19  Instructions in their entirety into this response.  UBH further objects to this Request on the ground

20  that it is premature at this early phase in the case.  UBH further objects to this Request as overly

21  broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

22  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

23  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

24  privilege or the attorney work product doctrine.

25      Subject to and without waiving the General Objections, the Objections to Definitions and

26  Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

27  produce, if it has not already done so or if such documents have not already been produced by other

28

Gibson, Dunn &
Crutcher LLP

parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 23:**

Please produce any and all documents supporting your Seventeenth Affirmative Defense (Claims Barred by Contractual Limitations).

**RESPONSE TO REQUEST NO. 23:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 24:**

Please produce any and all documents supporting your Eighteenth Affirmative Defense (Equitable Doctrines).

**RESPONSE TO REQUEST NO. 24:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege

Gibson, Dunn & Crutcher LLP

24
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

2   privilege or the attorney work product doctrine.

3        Subject to and without waiving the General Objections, the Objections to Definitions and

4   Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

5   produce, if it has not already done so or if such documents have not already been produced by other

6   parties or third parties, any responsive, non-privileged documents sufficient to support the defense

7   listed in this Request.

8   **REQUEST NO. 25:**

9        Please produce any and all documents supporting your Nineteenth Affirmative Defense (No

10  Reliance).

11  **RESPONSE TO REQUEST NO. 25:**

12       UBH hereby incorporates its General Objections and Objections to Definitions and

13  Instructions in their entirety into this response.  UBH further objects to this Request on the ground

14  that it is premature at this early phase in the case.  UBH further objects to this Request as overly

15  broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

16  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

17  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

18  privilege or the attorney work product doctrine.

19       Subject to and without waiving the General Objections, the Objections to Definitions and

20  Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

21  produce, if it has not already done so or if such documents have not already been produced by other

22  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

23  listed in this Request.

24  **REQUEST NO. 26:**

25       Please produce any and all documents supporting your Twentieth Affirmative Defense

26  (Presumed Knowledge).

27

28

Gibson, Dunn &
Crutcher LLP

25
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 26:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 27:**

Please produce any and all documents supporting your Twenty-First Affirmative Defense (No Scienter).

**RESPONSE TO REQUEST NO. 27:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other

Gibson, Dunn & Crutcher LLP

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 28:**

Please produce any and all documents supporting your Twenty-Second Affirmative Defense (No Duty to Disclose).

**RESPONSE TO REQUEST NO. 28:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 29:**

Please produce any and all documents supporting your Twenty-Third Affirmative Defense (No Primary Jurisdiction).

**RESPONSE TO REQUEST NO. 29:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege

Gibson, Dunn &
Crutcher LLP

1   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

2   privilege or the attorney work product doctrine.

3       Subject to and without waiving the General Objections, the Objections to Definitions and

4   Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

5   produce, if it has not already done so or if such documents have not already been produced by other

6   parties or third parties, any responsive, non-privileged documents sufficient to support the defense

7   listed in this Request.

8   **REQUEST NO. 30:**

9       Please produce any and all documents supporting your Twenty-Fourth Affirmative Defense

10  (No Exclusive Jurisdiction).

11  **RESPONSE TO REQUEST NO. 30:**

12      UBH hereby incorporates its General Objections and Objections to Definitions and

13  Instructions in their entirety into this response.  UBH further objects to this Request on the ground

14  that it is premature at this early phase in the case.  UBH further objects to this Request as overly

15  broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

16  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

17  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

18  privilege or the attorney work product doctrine.

19      Subject to and without waiving the General Objections, the Objections to Definitions and

20  Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

21  produce, if it has not already done so or if such documents have not already been produced by other

22  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

23  listed in this Request.

24  **REQUEST NO. 31:**

25      Please produce any and all documents supporting your Twenty-Fifth Affirmative Defense

26  (Filed Rate Doctrine).

27

28

Gibson, Dunn &
Crutcher LLP

28
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 31**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH further objects to this Request on the ground that it is premature at this early phase in the case. UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents." UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows: UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 32**:

Please produce any and all documents supporting your Twenty-Sixth Affirmative Defense (Reverse Preemption McCarran-Ferguson Act).

**RESPONSE TO REQUEST NO. 32**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH further objects to this Request on the ground that it is premature at this early phase in the case. UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents." UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows: UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other

Gibson, Dunn & Crutcher LLP

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 33:**

Please produce any and all documents supporting your Twenty-Seventh Affirmative Defense (Release).

**RESPONSE TO REQUEST NO. 33:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 34:**

Please produce any and all documents supporting your Twenty-Eighth Affirmative Defense (Constitutional Defenses).

**RESPONSE TO REQUEST NO. 34:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege

Gibson, Dunn & Crutcher LLP

1    or which is otherwise protected from disclosure by, including without limitation, the attorney-client

2    privilege or the attorney work product doctrine.

3         Subject to and without waiving the General Objections, the Objections to Definitions and

4    Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

5    produce, if it has not already done so or if such documents have not already been produced by other

6    parties or third parties, any responsive, non-privileged documents sufficient to support the defense

7    listed in this Request.

8    **REQUEST NO. 35:**

9         Please produce any and all documents supporting your Twenty-Ninth Affirmative Defense

10   (Failure to Mitigate).

11   **RESPONSE TO REQUEST NO. 35:**

12        UBH hereby incorporates its General Objections and Objections to Definitions and

13   Instructions in their entirety into this response.  UBH further objects to this Request on the ground

14   that it is premature at this early phase in the case.  UBH further objects to this Request as overly

15   broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

16   objects to this Request to the extent that it seeks information which is subject to a claim of privilege

17   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

18   privilege or the attorney work product doctrine.

19        Subject to and without waiving the General Objections, the Objections to Definitions and

20   Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

21   produce, if it has not already done so or if such documents have not already been produced by other

22   parties or third parties, any responsive, non-privileged documents sufficient to support the defense

23   listed in this Request.

24   **REQUEST NO. 36:**

25        Please produce any and all documents supporting your Thirtieth Affirmative Defense

26   (Speculative Damages).

27

28

Gibson, Dunn &
Crutcher LLP

31
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 36**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 37:**

Please produce any and all documents supporting your Thirty-First Affirmative Defense (Adequate Remedy at Law).

**RESPONSE TO REQUEST NO. 37:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 38:**

Please produce any and all documents supporting your Thirty-Second Affirmative Defense (No Imminent Harm).

**RESPONSE TO REQUEST NO. 38:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 39:**

Please produce any and all documents supporting your Thirty-Third Affirmative Defense (No Attorneys' Fees).

**RESPONSE TO REQUEST NO. 39:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege

or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 40:**

Please produce any and all documents supporting your Thirty-Fourth Affirmative Defense (Failure to Meet Particularity).

**RESPONSE TO REQUEST NO. 40:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 41:**

Please produce any and all documents supporting your Thirty-Fifth Affirmative Defense (Lack of Predicate Act).

**RESPONSE TO REQUEST NO. 41**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 42:**

Please produce any and all documents supporting your Thirty-Sixth Affirmative Defense (No RICO Conspiracy).

**RESPONSE TO REQUEST NO. 42:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other

Gibson, Dunn & Crutcher LLP

35

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 43:**

Please produce any and all documents supporting your Thirty-Seventh Affirmative Defense (No RICO Enterprise).

**RESPONSE TO REQUEST NO. 43:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH further objects to this Request on the ground that it is premature at this early phase in the case. UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents." UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows: UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 44:**

Please produce any and all documents supporting your Thirty-Eighth Affirmative Defense (No RICO Statutory Standing).

**RESPONSE TO REQUEST NO. 44:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH further objects to this Request on the ground that it is premature at this early phase in the case. UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents." UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege

Gibson, Dunn & Crutcher LLP

or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 45:**

Please produce any and all documents supporting your Thirty-Ninth Affirmative Defense (Improperly Joined Plaintiffs).

**RESPONSE TO REQUEST NO. 45:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 46:**

Please produce any and all documents supporting your Fortieth Affirmative Defense (Class Requirements Not Met).

Gibson, Dunn & Crutcher LLP

37

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1   **RESPONSE TO REQUEST NO. 46:**

2   UBH hereby incorporates its General Objections and Objections to Definitions and

3   Instructions in their entirety into this response.  UBH further objects to this Request on the ground

4   that it is premature at this early phase in the case.  UBH further objects to this Request as overly

5   broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

6   objects to this Request to the extent that it seeks information which is subject to a claim of privilege

7   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

8   privilege or the attorney work product doctrine.

9   Subject to and without waiving the General Objections, the Objections to Definitions and

10  Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

11  produce, if it has not already done so or if such documents have not already been produced by other

12  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

13  listed in this Request.

14  **REQUEST NO. 47:**

15  Please produce any and all documents supporting your Forty-First Affirmative Defense

16  (Improper Expansion of Rule 23).

17  **RESPONSE TO REQUEST NO. 47:**

18  UBH hereby incorporates its General Objections and Objections to Definitions and

19  Instructions in their entirety into this response.  UBH further objects to this Request on the ground

20  that it is premature at this early phase in the case.  UBH further objects to this Request as overly

21  broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

22  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

23  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

24  privilege or the attorney work product doctrine.

25  Subject to and without waiving the General Objections, the Objections to Definitions and

26  Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

27  produce, if it has not already done so or if such documents have not already been produced by other

28

Gibson, Dunn &
Crutcher LLP

parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 48:**

Please produce any and all documents supporting your Forty-Second Affirmative Defense (Fourteenth Amendment).

**RESPONSE TO REQUEST NO. 48:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request

**REQUEST NO. 49:**

Please produce any and all documents supporting your Forty-Third Affirmative Defense (Jury Trial).

**RESPONSE TO REQUEST NO. 49:**

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege

Gibson, Dunn &
Crutcher LLP

39
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

2  privilege or the attorney work product doctrine.

3      Subject to and without waiving the General Objections, the Objections to Definitions and

4  Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

5  produce, if it has not already done so or if such documents have not already been produced by other

6  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

7  listed in this Request.

8  **REQUEST NO. 50:**

9      Please produce any and all documents supporting your Forty-Fourth Affirmative Defense

10 (Conflict of Interest).

11 **RESPONSE TO REQUEST NO. 50:**

12     UBH hereby incorporates its General Objections and Objections to Definitions and

13 Instructions in their entirety into this response.  UBH further objects to this Request on the ground

14 that it is premature at this early phase in the case.  UBH further objects to this Request as overly

15 broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further

16 objects to this Request to the extent that it seeks information which is subject to a claim of privilege

17 or which is otherwise protected from disclosure by, including without limitation, the attorney-client

18 privilege or the attorney work product doctrine.

19     Subject to and without waiving the General Objections, the Objections to Definitions and

20 Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and

21 produce, if it has not already done so or if such documents have not already been produced by other

22 parties or third parties, any responsive, non-privileged documents sufficient to support the defense

23 listed in this Request.

24 **REQUEST NO. 51:**

25     Please produce any and all documents supporting your Forty-Fifth Affirmative Defense (Res

26 Judicata and Collateral Estoppel).

27

28

Gibson, Dunn &
Crutcher LLP

40
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 51**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 52**:

Please produce any and all documents supporting your Forty-Sixth Affirmative Defense (Additional Defenses).

**RESPONSE TO REQUEST NO. 52**:

UBH hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH further objects to this Request on the ground that it is premature at this early phase in the case.  UBH further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UBH further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH responds as follows:  UBH will search for and produce, if it has not already done so or if such documents have not already been produced by other

Gibson, Dunn &
Crutcher LLP

parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.


Dated: September 27, 2021

                                        GIBSON, DUNN & CRUTCHER LLP


                                        By:   /s/ *Geoffrey M. Sigler*
                                              Geoffrey Sigler (admitted *pro hac vice*)
                                              Lauren M. Blas
                                              Nicole R. Matthews

                                        Attorney for Defendant UNITED BEHAVIORAL HEALTH

Gibson, Dunn & Crutcher LLP

42
DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

1

**CERTIFICATE OF SERVICE**

2

I, hereby certify that on this 27th day of September 2021, pursuant to an agreement of the
parties dated April 23, 2021, a copy of the foregoing was served via email to the following:

3

4

**Matthew M. Lavin, Esq. (*pro hac vice*)**

5

**Aaron Richard Modiano (*pro hac vice*)**
ARNALL GOLDEN GREGORY LLP

6

1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 2006

7

matt.lavin@agg.com
aaron.modiano@agg.com

8

9

**David M. Lilienstein**
**Katie J. Spielman**

10

DL Law Group
345 Franklin St.

11

San Francisco, CA 94102
david@dllawgroup.com

12

katie@dllawgroup.com

13

14

*/s/ Geoffrey M. Sigler*

15

Geoffrey M. Sigler

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION – CASE NO. 4:20-CV-02254

LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
NICOLE R. MATTHEWS, SBN 328977
  nmatthews@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

GEOFFREY SIGLER,(*admitted pro hac vice*)
  gsigler@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500
Facsimile:  202.467.0539

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH and
UNITED HEALTHCARE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH and CJ, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN INC., a New York corporation,<br><br>                    Defendants. | CASE NO. 4:20-cv-02254<br><br>**DEFENDANT UNITED BEHAVIORAL HEALTH'S AND UNITED HEALTHCARE INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:          LD, DB, BW, RH and CJ

RESPONDING PARTY:          UNITED BEHAVIORAL HEALTH and UNITED HEALTHCARE INSURANCE CO.

SET NUMBER:          Three (3)

Gibson, Dunn & Crutcher LLP

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**PRELIMINARY STATEMENT**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Northern District of California, Defendant United Behavioral Health ("UBH") and United Healthcare Insurance Co. ("UHC") respond to Plaintiffs' Third Set of Requests for Production of Documents (the "Requests" and each individual "Request"). Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), UBH and UHC will continue the rolling production of documents UBH and UHC have agreed to produce, as described in the responses below.  However, meeting this target will depend on prompt and reasonable resolution of the objections and other issues set out below, through a meet-and-confer that should be scheduled shortly after Plaintiffs' counsel have had an opportunity to review these responses.  UBH and UHC reserve the right to amend, supplement, and correct its objections or responses as necessary.  UBH and UHC further note that Plaintiffs have now served 282 requests for production on UBH and UHC.

**GENERAL OBJECTIONS**

1.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent it purports to impose obligations on UBH and UHC greater than or beyond those required under the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Civil Rules of the United States District Court for the Northern District of California ("Local Rules"), or the Parties' anticipated ESI Protocol.

2.      UBH and UHC object to each and every Request, Definition, and Instruction as overly broad to the extent it seeks discovery on merits issues outside the scope of the administrative record for the claims at issue in this case.  Plaintiffs' case involves claims for benefits under ERISA, and therefore discovery should generally be limited to the administrative record for the claims at issue. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it seeks information that is exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine, or protection.

Gibson, Dunn & Crutcher LLP

2
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

4.      UBH and UHC object to each and every Request, Definition, and Instruction as overly broad to the extent it seeks information not relevant to the claims or defenses of any party, or information disproportionate to the needs of the case and of such marginal relevance that its probative value is substantially outweighed by the burden imposed on UBH and UHC in having to search for and provide such information.

5.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it seeks proprietary or other confidential information.  To the extent any confidential health information or other sensitive or protected business information is non-privileged and responsive to the Requests for Production of Documents and not otherwise objectionable, UBH and UHC will provide such information pursuant to the protections stipulated in the Parties' protective order and in accordance with such other procedures as the Parties or Court may establish to protect sensitive or confidential information.  UBH and UHC also reserve the right to redact discrete categories of especially sensitive information that are not directly relevant to the issues in this case.

6.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent that the documents requested are already in Plaintiffs' possession or are available to Plaintiffs from another source that is more convenient, less burdensome, or less expensive.

7.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent it calls for production of documents or electronic information that would be unduly burdensome.

8.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent it calls for production of electronic information that is not reasonably accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore.

9.      UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it implicates the privacy interests of third parties established by law, contract, or custom. This includes, but is not limited to, information covered by the Health Insurance Portability and Accountability Act, and in particular sensitive health information regarding the mental health and substance abuse conditions and treatments of participants and beneficiaries who are not named Plaintiffs in this case.  To the extent any confidential health information is non-privileged and

Gibson, Dunn &
Crutcher LLP

3
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

responsive to the Requests and not otherwise objectionable, UBH and UHC will provide such documents and information pursuant to the Protective Order, and reserves the right to redact identifiers and other patient-specific information as well.

10.     UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it seeks documents outside of UBH's and UHC's respective possession, custody, and control, including to the extent any Requests seek information from a "United" entity other than UBH or UHC.

11.     Nothing contained herein or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Requests.  By indicating that they will produce non-objectionable, non-privileged responsive documents, UBH and UHC do not make a representation that such documents exist or are in UBH's or UHC's respective possession, but only that UBH and UHC will conduct the reasonable searches indicated for the documents sought.

12.     UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it seeks documents outside of the relevant scope of discovery and statute of limitations for this case which is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims. *See Withrow v. Halsey*, 655 F.3d 1032, 1035–36 (9th Cir. 2011); *see also Pincay v. Andrews*, 238 F.3d 1006, 1108 (9th Cir. 2001).  In the event that UBH and/or UHC agree to produce documents outside of the April 2, 2016 to present timeframe—the governing statute of limitations in this case— such agreement should be deemed limited to that specific Request and is not to be construed as a waiver or admission of any kind.

13.     UBH and UHC object to each and every Request, Definition, and Instruction to the extent that it is overly broad, unduly burdensome, and imposes substantial, unjustifiable, and significant discovery costs and search burdens on UBH and UHC.

14.     Inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery shall not constitute a waiver of any such claim with respect to the disclosed documents or communications or any other documents or communications or of the rights of UBH and UHC to object to the use of any such documents or the subject matter

Gibson, Dunn &
Crutcher LLP

4
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

thereof during subsequent proceedings.  In the event of inadvertent disclosure of such documents, Plaintiff will return the documents to UBH and/or UHC and will be precluded from disclosing or relying upon such documents in any way.

15.     All the General Objections contained herein and Objections to Definitions and Instructions are expressly incorporated into each of the responses set forth below.

## OBJECTIONS TO DEFINITIONS

1.     UBH and UHC object to Plaintiffs' definition of "United" (as well as "You" and "Your") on the ground that it is vague, ambiguous, overly broad and unduly burdensome.  In particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition who are not proper parties to this case and not properly subject to discovery.  UBH and UHC will respond to these Requests for Production of Documents on behalf of United Behavioral Health and UnitedHealthcare Insurance Company, which are the named defendants in this case.

2.     UBH and UHC object to Plaintiffs' definition of "Complaint" on the ground that there is a new operative complaint in this action—the Third Amended Complaint ("TAC") filed on September 10, 2021 (Dkt. 91).  UBH and UHC will interpret this definition as referring to the TAC.

3.     UBH and UHC object to Plaintiffs' definition of "document(s)" to the extent that it seeks to impose obligations on UBH and UHC beyond those required by the Federal rules.  UBH and UHC further object to this definition to the extent it calls for production of electronic information that is not reasonably accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore.  UBH and UHC will use the definition of "documents" set out in Federal Rule 34.

4.     UBH and UHC object to the definition of "Facility R&C" on the ground that it is overly broad and unduly burdensome in that it seeks information about programs that are not relevant to Plaintiffs' claims and allegations in this case, which challenge Viant's OPR pricing for intensive outpatient programs.

Gibson, Dunn & Crutcher LLP

5
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

## **OBJECTIONS TO INSTRUCTIONS**

1.      UBH and UHC object to Plaintiffs' failure to number the Instructions.  For purposes of clarity in responding and objecting to Plaintiffs' Instructions, UBH and UHC have assigned a number to each Instruction based on the Instruction's paragraph break.

2.      UBH and UHC object to Plaintiffs' Instruction 1 to the extent it seeks documents that are exempt from discovery and protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, confidentiality agreements, or any other applicable privilege, doctrine or protection.

3.      UBH and UHC object to Plaintiffs' Instruction 2 that Defendants "must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives" to the extent that this Instruction seeks to impose obligations on UBH and UHC beyond those required by the Federal Rules.  UBH and UHC further objects to Instruction 2 to the extent it calls for the production of information outside of UBH's and UHC's possession, custody, and control and includes documents that may already be in Plaintiffs' possession or are available to Plaintiffs from another source that is more convenient, less burdensome, or less expensive.

4.      UBH and UHC object to Plaintiffs' Instruction 4 to the extent it requires Defendants to "[i]dentify the portion to which you cannot respond; state the reason for your inability to respond to it; and provide whatever materials you possess regarding that portion."  Where UBH and UHC are unable to fully respond to a request, UBH and UHC will state the reason for its inability to respond, and otherwise reserves the right to meet and confer.

5.      UBH and UHC object to Plaintiffs' Instruction 5 to the extent it purports to confer obligations on UBH and UHC beyond what the Parties have agreed to in their ESI protocol.

6.      UBH and UHC object to Plaintiffs' Instruction 6 to the extent that this Instruction seeks to impose obligations on UBH and UHC beyond those required by the Federal Rules.

7.      UBH and UHC object to Plaintiffs' Instruction 7 that "you should identify the relevant Bates or reference number (or range of numbers) that corresponds" on the ground that such obligation would be unduly burdensome given the broad scope and number of the requests.

Gibson, Dunn &
Crutcher LLP

6
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

8.      UBH and UHC object to Plaintiffs' Instruction 8 that the "time period encompassed by each Request for Production is the same as the time period relevant to the allegations in the Complaint" to the extent that this Instruction includes periods outside the relevant scope of discovery and statute of limitations for this case which, unless otherwise noted in the specific responses below, is four years for Plaintiffs' ERISA claims and four years for Plaintiffs' RICO claims.  *See Withrow*, 655 F.3d at 1035–36; *see also Pincay*, 238 F.3d at 1108.  UBH and UHC also object to Plaintiffs' Instruction 8 to the extent it seeks documents and information irrelevant to the claims at issue in the Complaint, including to the extent it seeks documents and information irrelevant to IOP services. Plaintiffs' Complaint alleges that Defendants "den[ied] proper payment for the IOP treatment services that Plaintiffs received" and "under-reimburse[d] Plaintiffs' claims for medically necessary IOP services provided to them."  *See, e.g.*, Third Amended Complaint ("TAC") ¶¶ 4, 28; *see also* TAC ¶¶ 447–48 (noting that the alleged harm is limited to "underpa[yment]" of the "IOP claims of the Plaintiffs and the class").

9.      UBH and UHC object to Plaintiffs' Instruction 9 that each request be deemed "continuing in nature" on the ground that such obligation would be unduly burdensome given the broad scope and number of the requests.

10.      UBH and UHC object to Plaintiffs' Instruction 10 that "[c]opies, if authenticated, of the original documents may be supplied in response" and that "[i]f the documents are provided electronically as TIFF images, they should be accompanied by OCR" to the extent it purports to confer obligations on UBH and UHC beyond what the Parties have agreed to in their ESI protocol.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Any and all documents relating to Facility R&C Program pricing for claims with HCPCS Code H0015, S9480, and/or Revenue Codes 0905/0906.

**RESPONSE TO REQUEST NO. 1:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

Gibson, Dunn & Crutcher LLP

7

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within a broadly-defined category that includes multiple codes.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests. UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 2:**

Any and all documents provided to MultiPlan relating to Facility R&C Program pricing for claims with HCPCS Code H0015, S9480, and/or Revenue Codes 0905/0906.

**RESPONSE TO REQUEST NO. 2:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all

documents" within a broadly-defined category that includes multiple codes.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests and to the extent it is duplicative of Request No. 1.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan, but not UBH or UHC.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 3:**

Any and all documents related to the Facility R&C Program.

**RESPONSE TO REQUEST NO. 3:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests and to the extent it is duplicative of Request Nos. 1 and 2.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product

Gibson, Dunn & Crutcher LLP

doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 4**:

Any and all documents for packages and product configurations provided to/for United, its subsidiaries, and/or affiliates, which included the Facility R&C Program.

**RESPONSE TO REQUEST NO. 4**:

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the terms "packages" and "product configurations" are vague and undefined.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within a broadly-defined category.  UBH and UHC further object to this Request to the extent it seeks documents about entities, i.e. "subsidiaries, and/or affiliates" which are not parties to or at issue in this case.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties, but not UBH or UHC.

Gibson, Dunn & Crutcher LLP

10
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1  UHC also object to the extent this Request seeks documents outside the time period properly subject

2  to discovery for Plaintiffs' claims and allegations in this case.

3       Subject to and without waiving the General Objections, the Objections to Definitions and

4  Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

5  to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

6  reasonably provided.

7  **REQUEST NO. 5:**

8       Any and all documents that relate to or compare the Facility R&C Program reimbursement

9  amounts and FAIR Health.

10  **RESPONSE TO REQUEST NO. 5:**

11       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

12  Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

13  that it seeks information not relevant to the claims or defenses of any party and not reasonably

14  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

15  claims other than out-of-network claims for intensive outpatient programs for which reimbursement

16  rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request on

17  the grounds that the term "reimbursement amounts" is vague and undefined.  UBH and UHC further

18  object to this Request as overly broad and unduly burdensome.  By way of example only, this

19  Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to

20  produce "any and all documents" within a broadly-defined category.  UBH and UHC further object to

21  the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and

22  UHC object to this Request on the grounds that it seeks information which is subject to a claim of

23  privilege or which is otherwise protected from disclosure by, including without limitation, the

24  attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the

25  extent this Request seeks documents outside the time period properly subject to discovery for

26  Plaintiffs' claims and allegations in this case.

27       Subject to and without waiving the General Objections, the Objections to Definitions and

28  Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

Gibson, Dunn &
Crutcher LLP

11

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

2   reasonably provided.

3   **REQUEST NO. 6:**

4       Any and all documents relating to 'plan language' and the Facility R&C Program.

5   **RESPONSE TO REQUEST NO. 6:**

6       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

7   Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

8   that it seeks information not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

10  claims other than out-of-network claims for intensive outpatient programs for which reimbursement

11  rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request on

12  the grounds that the term "plan language" is vague and undefined.  UBH and UHC further object to

13  this Request as overly broad and unduly burdensome.  By way of example only, this Request is

14  overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce

15  "any and all documents" within a broadly-defined category.  UBH and UHC further object to the

16  extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC

17  object to this Request on the grounds that it seeks information which is subject to a claim of privilege

18  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

19  privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request

20  seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and

21  allegations in this case.

22      Subject to and without waiving the General Objections, the Objections to Definitions and

23  Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

24  to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

25  reasonably provided.

26  **REQUEST NO. 7:**

27      All documents relating to Facility R&C Program plan language exchanged by United and

28  MultiPlan.

Gibson, Dunn &
Crutcher LLP

12
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 7:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this request to the extent that it assumes that there is standard "plan language" about "Facility R&C."  UBH and UHC further object to this Request on the grounds that the term "plan language" is vague and undefined.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all documents" within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests and to the extent it is duplicative of Request No. 6.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of MultiPlan, but not UBH or UHC.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

Gibson, Dunn & Crutcher LLP

13
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1     **REQUEST NO. 8:**

2        All documents relating to payments from United to MultiPlan for 'savings' provided by

3     MultiPlan related to the Facility R&C Program.

4     **RESPONSE TO REQUEST NO. 8:**

5        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

6     Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it

7     is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH

8     and UHC further object to this Request on the ground that it seeks information not relevant to the

9     claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible

10    evidence, to the extent it seeks information about claims other than out-of-network claims for

11    intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR

12    product.  UBH and UHC further object to this Request on the grounds that the term "savings" is

13    vague and undefined.  UBH and UHC further object to this Request as overly broad and unduly

14    burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the

15    extent it purports to require UBH and UHC to produce "all documents" within a broadly-defined

16    category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs'

17    previously-served discovery requests.  UBH and UHC further object to this Request to the extent it

18    seeks information outside of UBH's and UHC's possession, custody, and control, including but not

19    limited to any documents that may be in the possession of MultiPlan, but not UBH or UHC.  UBH

20    and UHC object to this Request on the grounds that it seeks information which is subject to a claim of

21    privilege or which is otherwise protected from disclosure by, including without limitation, the

22    attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the

23    extent this Request seeks documents outside the time period properly subject to discovery for

24    Plaintiffs' claims and allegations in this case.

25        Subject to and without waiving the General Objections, the Objections to Definitions and

26    Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

27    to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

28    reasonably provided.

Gibson, Dunn &
Crutcher LLP

14

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**REQUEST NO. 9:**

Any and all invoices sent by United to the Tesla plan related to the Facility R&C Program.

**RESPONSE TO REQUEST NO. 9:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the term "Tesla plan" is vague and undefined.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties, but not UBH or UHC.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 10:**

Records of all payments received by United from Tesla for fees related to the Facility R&C Program.

**RESPONSE TO REQUEST NO. 10**:

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests and to the extent it is duplicative of Request No. 9.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties, but not UBH or UHC.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 11**:

Any and all correspondence between United and Tesla related to the Facility R&C Program.

**RESPONSE TO REQUEST NO. 11**:

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the

claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties, but not UBH or UHC.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 12:**

Any and all invoices sent by United to the Apple plan related to the Facility R&C Program.

**RESPONSE TO REQUEST NO. 12:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the term "Apple plan" is vague and undefined.  UBH and UHC further object to this Request as overly broad and unduly

Gibson, Dunn & Crutcher LLP

17

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the

2   extent it purports to require UBH and UHC to produce "any and all documents" within a broadly-

3   defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs'

4   previously-served discovery requests.  UBH and UHC further object to this Request to the extent it

5   seeks information outside of UBH's and UHC's possession, custody, and control, including but not

6   limited to any documents that may be in the possession of third parties, but not UBH or UHC.  UBH

7   and UHC also object to the extent this Request seeks documents outside the time period properly

8   subject to discovery for Plaintiffs' claims and allegations in this case.

9           Subject to and without waiving the General Objections, the Objections to Definitions and

10  Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

11  to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

12  reasonably provided.

13  **REQUEST NO. 13:**

14          Records of all payments received by United from Apple for fees related to the Facility R&C

15  Program.

16  **RESPONSE TO REQUEST NO. 13:**

17          UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

18  Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it

19  is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH

20  and UHC further object to this Request on the ground that it seeks information not relevant to the

21  claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible

22  evidence, to the extent it seeks information about claims other than out-of-network claims for

23  intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR

24  product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By

25  way of example only, this Request is overly broad and unduly burdensome to the extent it purports to

26  require UBH and UHC to produce "all" within a broadly-defined category.  UBH and UHC further

27  object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests and

28  to the extent it is duplicative of Request No. 12.  UBH and UHC further object to this Request to the

Gibson, Dunn &
Crutcher LLP

18
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties, but not UBH or UHC. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 14:**

Any and all correspondence between United and Apple related to the Facility R&C Program.

**RESPONSE TO REQUEST NO. 14:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all documents" within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties, but not UBH or UHC.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

1  Subject to and without waiving the General Objections, the Objections to Definitions and

2  Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

3  to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

4  reasonably provided.

5  **REQUEST NO. 15:**

6  All documents relating to ASO plans / packages options that include the Facility R&C

7  Program from January 1, 2015 to present.

8  **RESPONSE TO REQUEST NO. 15:**

9  UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

10  Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

11  that it seeks information not relevant to the claims or defenses of any party and not reasonably

12  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

13  claims other than out-of-network claims for intensive outpatient programs for which reimbursement

14  rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

15  overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

16  unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents

17  within a broadly-defined category.  UBH and UHC further object to the extent this Request is

18  duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this

19  Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and

20  control, including but not limited to any documents that may be in the possession of third parties, but

21  not UBH or UHC.  UBH and UHC object to this Request on the grounds that it seeks information

22  which is subject to a claim of privilege or which is otherwise protected from disclosure by, including

23  without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and

24  UHC also object to the extent this Request seeks documents outside the time period properly subject

25  to discovery for Plaintiffs' claims and allegations in this case.

26  Subject to and without waiving the General Objections, the Objections to Definitions and

27  Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

28

Gibson, Dunn &
Crutcher LLP

20
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

2   reasonably provided.

3   **REQUEST NO. 16:**

4       All documents relating to FI plans / package options that include the Facility R&C Program

5   from January 1, 2015 to present.

6   **RESPONSE TO REQUEST NO. 16:**

7       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

8   Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

9   that it seeks information not relevant to the claims or defenses of any party and not reasonably

10  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

11  claims other than out-of-network claims for intensive outpatient programs for which reimbursement

12  rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

13  overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

14  unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all

15  documents" within a broadly-defined category.  UBH and UHC further object to the extent this

16  Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further

17  object to this Request to the extent it seeks information outside of UBH's and UHC's possession,

18  custody, and control, including but not limited to any documents that may be in the possession of

19  third parties, but not UBH or UHC.  UBH and UHC object to this Request on the grounds that it

20  seeks information which is subject to a claim of privilege or which is otherwise protected from

21  disclosure by, including without limitation, the attorney-client privilege or the attorney work product

22  doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time

23  period properly subject to discovery for Plaintiffs' claims and allegations in this case.

24      Subject to and without waiving the General Objections, the Objections to Definitions and

25  Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

26  to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

27  reasonably provided.

28

Gibson, Dunn &
Crutcher LLP

21
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**REQUEST NO. 17:**

All documents relating to the Facility R&C Program for Mental Health and/or Substance Use Disorder and/or Behavioral Health claims.

**RESPONSE TO REQUEST NO. 17:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. UBH and UHC further object to this Request as overly broad and unduly burdensome. By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined category. UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests. UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties, but not UBH or UHC. UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 18:**

All documents relating to the fee agreement between You and MultiPlan related to the Facility R&C Program.

Gibson, Dunn & Crutcher LLP

**RESPONSE TO REQUEST NO. 18:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "You."  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the term "fee agreement" is vague and undefined.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of Multiplan and/or third parties, but not UBH or UHC.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 19:**

All documents relating to the PRAs and remark codes sent by Defendants relating to the Facility R&C Program.

Gibson, Dunn &
Crutcher LLP

**RESPONSE TO REQUEST NO. 19:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the term "remark code" is vague and undefined.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties and/or MultiPlan, but not UBH or UHC.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 20:**

All documents relating to the EOBs and remark codes sent by Defendants relating to the Facility R&C Program.

Gibson, Dunn & Crutcher LLP

24

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 20:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the term "remark code" is vague and undefined.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties and/or MultiPlan, but not UBH or UHC.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 21:**

All documents relating to the PAD letters (including drafts) sent by Defendants relating to the Facility R&C Program.

Gibson, Dunn &
Crutcher LLP

25
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 21**:

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties and/or MultiPlan, but not UBH or UHC.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 22:**

All documents relating to the Facility R&C Program Provider dispute process(es).

**RESPONSE TO REQUEST NO. 22:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably

Gibson, Dunn & Crutcher LLP

calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the term "dispute process(es)" is vague and undefined.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties, but not UBH or UHC.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 23:**

All documents relating to the application of Fair Health's database for the pricing of Facility R&C Program claims.

**RESPONSE TO REQUEST NO. 23:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

Gibson, Dunn & Crutcher LLP

27

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   claims other than out-of-network claims for intensive outpatient programs for which reimbursement

2   rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request on

3   the grounds that the term "Fair Health's database" is vague and undefined.  UBH and UHC further

4   object to this Request as overly broad and unduly burdensome.  By way of example only, this

5   Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to

6   produce "all" documents within a broadly-defined category.  UBH and UHC further object to the

7   extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC

8   further object to this Request to the extent it seeks information outside of UBH's and UHC's

9   possession, custody, and control, including but not limited to any documents that may be in the

10  possession of third parties, but not UBH or UHC.  UBH and UHC also object to the extent this

11  Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims

12  and allegations in this case.

13      Subject to and without waiving the General Objections, the Objections to Definitions and

14  Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

15  to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

16  reasonably provided.

17  **REQUEST NO. 24:**

18      All documents relating to the application of the Facility R&C Program for the pricing of

19  facility claims.

20  **RESPONSE TO REQUEST NO. 24:**

21      UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

22  Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

23  that it seeks information not relevant to the claims or defenses of any party and not reasonably

24  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

25  claims other than out-of-network claims for intensive outpatient programs for which reimbursement

26  rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

27  overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

28  unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents

Gibson, Dunn &
Crutcher LLP

28
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties, but not UBH or UHC.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 25:**

Any and all documents relating to the 'percentile standard' for Facility R&C Program claims.

**RESPONSE TO REQUEST NO. 25:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the term "percentile standard" is vague and undefined.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "any and all" documents within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's

Gibson, Dunn &
Crutcher LLP

29

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1  possession, custody, and control, including but not limited to any documents that may be in the

2  possession of third parties, but not UBH or UHC.  UBH and UHC object to this Request on the

3  grounds that it seeks information which is subject to a claim of privilege or which is otherwise

4  protected from disclosure by, including without limitation, the attorney-client privilege or the

5  attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks

6  documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations

7  in this case.

8      Subject to and without waiving the General Objections, the Objections to Definitions and

9  Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

10  to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

11  reasonably provided.

12  **REQUEST NO. 26:**

13      Any and all documents relating to the Facility R&C Program percentile values and Fair

14  Health percentile values.

15  **RESPONSE TO REQUEST NO. 26:**

16      UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

17  Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

18  that it seeks information not relevant to the claims or defenses of any party and not reasonably

19  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

20  claims other than out-of-network claims for intensive outpatient programs for which reimbursement

21  rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request on

22  the grounds that the term "percentile values" is vague and undefined.  UBH and UHC further object

23  to this Request as overly broad and unduly burdensome.  By way of example only, this Request is

24  overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce

25  "any and all" documents within a broadly-defined category.  UBH and UHC further object to the

26  extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC

27  further object to this Request to the extent it seeks information outside of UBH's and UHC's

28  possession, custody, and control, including but not limited to any documents that may be in the

30

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

Gibson, Dunn &
Crutcher LLP

1  possession of third parties, but not UBH or UHC.  UBH and UHC object to this Request on the

2  grounds that it seeks information which is subject to a claim of privilege or which is otherwise

3  protected from disclosure by, including without limitation, the attorney-client privilege or the

4  attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks

5  documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations

6  in this case.

7       Subject to and without waiving the General Objections, the Objections to Definitions and

8  Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

9  to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

10  reasonably provided.

11  **REQUEST NO. 27:**

12       All documents relating to reducing reimbursement amounts of the Facility R&C Program

13  behavioral health reimbursements to amounts less than or equal to those of participating provider

14  levels.

15  **RESPONSE TO REQUEST NO. 27:**

16       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

17  Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

18  that it seeks information not relevant to the claims or defenses of any party and not reasonably

19  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

20  claims other than out-of-network claims for intensive outpatient programs for which reimbursement

21  rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

22  overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

23  unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents

24  within a broadly-defined category.  UBH and UHC further object to the extent this Request assumes

25  there was a "reduc[tion] [of] reimbursement amounts."  UBH and UHC further object to the extent

26  this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC

27  further object to this Request to the extent it seeks information outside of UBH's and UHC's

28  possession, custody, and control, including but not limited to any documents that may be in the

Gibson, Dunn &
Crutcher LLP

possession of third parties, but not UBH or UHC.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 28:**

All documents relating to the marketing of products containing the Facility R&C Program.

**RESPONSE TO REQUEST NO. 28:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined category.  UBH and UCH further object to this Request on the grounds that the phrase "marketing of products" is vague and unintelligible.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties, but not UBH or UHC.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise

1   protected from disclosure by, including without limitation, the attorney-client privilege or the

2   attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks

3   documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations

4   in this case.

5         Subject to and without waiving the General Objections, the Objections to Definitions and

6   Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

7   to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

8   reasonably provided.

9   **REQUEST NO. 29:**

10        All documents received from MultiPlan relating to the Facility R&C Program.

11  **RESPONSE TO REQUEST NO. 29:**

12        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

13  Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

14  that it seeks information not relevant to the claims or defenses of any party and not reasonably

15  calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

16  claims other than out-of-network claims for intensive outpatient programs for which reimbursement

17  rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

18  overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

19  unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents

20  within a broadly-defined category.  UBH and UHC further object to the extent this Request is

21  duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this

22  Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and

23  control, including but not limited to any documents that may be in the possession of third parties

24  and/or MultiPlan, but not UBH or UHC.  UBH and UHC object to this Request on the grounds that it

25  seeks information which is subject to a claim of privilege or which is otherwise protected from

26  disclosure by, including without limitation, the attorney-client privilege or the attorney work product

27  doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time

28  period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Gibson, Dunn &
Crutcher LLP

33

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1    Subject to and without waiving the General Objections, the Objections to Definitions and

2    Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

3    to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

4    reasonably provided.

5    **REQUEST NO. 30:**

6    All documents received from MultiPlan relating to 'savings' on Facility R&C Program claims

7    priced by MultiPlan.

8    **RESPONSE TO REQUEST NO. 30:**

9    UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

10   Instructions in their entirety into this response. UBH and UHC object to this Request on the ground

11   that it seeks information not relevant to the claims or defenses of any party and not reasonably

12   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

13   claims other than out-of-network claims for intensive outpatient programs for which reimbursement

14   rates were calculated using Viant's OPR product. UBH and UHC further object to this Request on

15   the grounds that the term "savings" is vague and undefined. UBH and UHC further object to this

16   Request as overly broad and unduly burdensome. By way of example only, this Request is overly

17   broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all"

18   documents within a broadly-defined category. UBH and UHC further object to the extent this

19   Request is duplicative of Plaintiffs' previously-served discovery requests. UBH and UHC further

20   object to this Request to the extent it seeks information outside of UBH's and UHC's possession,

21   custody, and control, including but not limited to any documents that may be in the possession of

22   third parties and/or MultiPlan, but not UBH or UHC. UBH and UHC object to this Request on the

23   grounds that it seeks information which is subject to a claim of privilege or which is otherwise

24   protected from disclosure by, including without limitation, the attorney-client privilege or the

25   attorney work product doctrine. UBH and UHC also object to the extent this Request seeks

26   documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations

27   in this case.

28

Gibson, Dunn & Crutcher LLP

34
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1    Subject to and without waiving the General Objections, the Objections to Definitions and

2    Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

3    to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

4    reasonably provided.

5    **REQUEST NO. 31:**

6    All documents, other than those specifically prepared for or in response to litigation, relating

7    to legal or regulatory concerns relating to the Facility R&C Program.

8    **RESPONSE TO REQUEST NO. 31:**

9    UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

10   Instructions in their entirety into this response.  UBH and UHC object to this Request on the ground

11   that it seeks information not relevant to the claims or defenses of any party and not reasonably

12   calculated to lead to the discovery of admissible evidence, to the extent it seeks information about

13   claims other than out-of-network claims for intensive outpatient programs for which reimbursement

14   rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as

15   overly broad and unduly burdensome.  By way of example only, this Request is overly broad and

16   unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents

17   within a broadly-defined category.  UBH and UHC further object to the extent this Request is

18   duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this

19   Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and

20   control, including but not limited to any documents that may be in the possession of third parties, but

21   not UBH or UHC.  UBH and UHC object to this Request on the grounds that it seeks information

22   which is subject to a claim of privilege or which is otherwise protected from disclosure by, including

23   without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and

24   UHC also object to the extent this Request seeks documents outside the time period properly subject

25   to discovery for Plaintiffs' claims and allegations in this case.

26   Subject to and without waiving the General Objections, the Objections to Definitions and

27   Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

28

Gibson, Dunn &
Crutcher LLP

35
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

2   reasonably provided.

3   **REQUEST NO. 32:**

4       For the period January 1, 2015 to the present, all internal communications (including through

5   email, Salesforce and instant messaging platforms such as Microsoft Lync) and documents

6   concerning the pricing of United claims for behavioral health and the Facility R&C Program.

7   **RESPONSE TO REQUEST NO. 32:**

8       UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

9   Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it

10  is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH

11  and UHC further object to this Request on the ground that it seeks information not relevant to the

12  claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible

13  evidence, to the extent it seeks information about claims other than out-of-network claims for

14  intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR

15  product.  UBH and UHC further object to this Request on the grounds that the term "pricing" is

16  vague and undefined.  UBH and UHC further object to this Request as overly broad and unduly

17  burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the

18  extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined

19  category.  UBH and UHC further object to this Request to the extent the documents and information

20  sought are not reasonably available or accessible and/or unduly burdensome to capture, collect, and

21  produce in light of the file format or platform.  UBH and UHC further object to the extent this

22  Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further

23  object to this Request to the extent it seeks information outside of UBH's and UHC's possession,

24  custody, and control, including but not limited to any documents that may be in the possession of

25  third parties, but not UBH or UHC.  UBH and UHC also object to the extent this Request seeks

26  documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations

27  in this case.

28

Gibson, Dunn &
Crutcher LLP

36
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 33:**

For the period January 1, 2015 to the present, all United-elected overrides related to the Facility R&C Program suggested or applied on behalf of United or any United owned entity such as Optum, United Healthcare Insurance Company; United Health Care Services Inc. dba UnitedHealthcare; UMR, Inc. d/b/a United Medical Resources; and/or Oxford Health Plans, Inc. for any mental health and/or behavioral health claim sent to MultiPlan.

**RESPONSE TO REQUEST NO. 33:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC object to this Request to the extent it is directed at nonparties and not UBH and UHC. UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. UBH and UHC further object to this Request to the extent it assumes there were "United-elected overrides" relating to the Facility R&C Program. UBH and UHC further object to this Request on the grounds that the term "United-elected overrides" is vague and undefined. UBH and UHC further object to this Request as overly broad and unduly burdensome. By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined category. UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests. UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties, but not UBH or UHC. UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of

Gibson, Dunn &
Crutcher LLP

1    privilege or which is otherwise protected from disclosure by, including without limitation, the

2    attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the

3    extent this Request seeks documents outside the time period properly subject to discovery for

4    Plaintiffs' claims and allegations in this case.

5         Subject to and without waiving the General Objections, the Objections to Definitions and

6    Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

7    to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

8    reasonably provided.

9    **REQUEST NO. 34:**

10        For the period January 1, 2015 to the present, all external and internal communications

11   (including through email, Salesforce and instant messaging platforms such as Microsoft Lync) and

12   documents connected with or concerning MultiPlan's meetings with United that discussed, among

13   other topics, the Facility R&C Program and Multiplan's repricing methodologies and potential

14   savings and profits from those program(s).

15   **RESPONSE TO REQUEST NO. 34:**

16        UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

17   Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it

18   is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH

19   and UHC object to this Request on the ground that it seeks information not relevant to the claims or

20   defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence,

21   to the extent it seeks information about claims other than out-of-network claims for intensive

22   outpatient programs for which reimbursement rates were calculated using Viant's OPR product.

23   UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of

24   example only, this Request is overly broad and unduly burdensome to the extent it purports to require

25   UBH and UHC to produce "all" documents within a broadly-defined category.  UBH and UHC

26   further object to this Request to the extent the documents and information sought are not reasonably

27   available or accessible and/or unduly burdensome to capture, collect, and produce in light of the file

28   format or platform.  UBH and UHC further object to the extent this Request is duplicative of

Gibson, Dunn &
Crutcher LLP

38

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties and/or Multiplan, but not UBH or UHC.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 35:**

For the period January 1, 2015 to the present, produce all external and internal communications (including through email, Salesforce and instant messaging platforms such as Microsoft Lync) and documents connected with or concerning MultiPlan's meetings with United that discussed, among other topics, MultiPlan's repricing methodologies and potential savings and profits from those programs, related to United's Facility R&C Program.

**RESPONSE TO REQUEST NO. 35:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request on the grounds that the term "savings" is vague and undefined.  UBH and UHC further object to this Request as overly broad and unduly burdensome.

By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined category. UBH and UHC further object to this Request to the extent the documents and information sought are not reasonably available or accessible and/or unduly burdensome to capture, collect, and produce in light of the file format or platform. UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests and to the extent it is duplicative of Request No. 34. UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties and/or Multiplan, but not UBH or UHC. UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 36:**

For the period January 1, 2015 to the present, produce all documents, tables, summaries or slide presentations presented to United at any meeting between representatives of MultiPlan and United, including presentations on the Facility R&C Program, including slide decks used at the quarterly meetings. This request includes meetings conducted in person, on the phone, or over video-conference.

**RESPONSE TO REQUEST NO. 36:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response. UBH and UHC object to this Request to the extent it is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United." UBH

Gibson, Dunn & Crutcher LLP

40

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties and/or Multiplan, but not UBH or UHC.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 37:**

Produce the savings reports showing total savings by month for all United claims related to the Facility R&C Program, for the period July 1, 2015 to the present, including United's Internal Operating Income ("IOI") related to the Facility R&C Program.

**RESPONSE TO REQUEST NO. 37:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH

Gibson, Dunn & Crutcher LLP

41

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined category.  UBH and UHC further object to this Request on the grounds that the terms "savings reports" and  "United's Internal Operating Income ('IOI')" is vague and undefined.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests and to the extent it is duplicative of Request No. 36.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties, but not UBH or UHC.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 38:**

Produce all records relating to IOI earned by United related to the Facility R&C Program for the period January 1, 2015 to the present.

**RESPONSE TO REQUEST NO. 38:**

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it

Gibson, Dunn &
Crutcher LLP

1   is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH

2   and UHC object to this Request on the ground that it seeks information not relevant to the claims or

3   defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence,

4   to the extent it seeks information about claims other than out-of-network claims for intensive

5   outpatient programs for which reimbursement rates were calculated using Viant's OPR product.

6   UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of

7   example only, this Request is overly broad and unduly burdensome to the extent it purports to require

8   UBH and UHC to produce "all" documents within a broadly-defined category.  UBH and UHC

9   further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery

10  requests and to the extent it is duplicative of Request No. 37.  UBH and UHC object to this Request

11  on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise

12  protected from disclosure by, including without limitation, the attorney-client privilege or the

13  attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks

14  documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations

15  in this case.

16          Subject to and without waiving the General Objections, the Objections to Definitions and

17  Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

18  to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

19  reasonably provided.

20  **REQUEST NO. 39:**

21          Produce all records showing all actual fees earned by United as a result of its Facility R&C

22  Program for the period January 1, 2015 to the present.

23  **RESPONSE TO REQUEST NO. 39:**

24          UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

25  Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it

26  is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH

27  and UHC object to this Request on the ground that it seeks information not relevant to the claims or

28  defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence,

Gibson, Dunn &
Crutcher LLP

43
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1  to the extent it seeks information about claims other than out-of-network claims for intensive

2  outpatient programs for which reimbursement rates were calculated using Viant's OPR product.

3  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of

4  example only, this Request is overly broad and unduly burdensome to the extent it purports to require

5  UBH and UHC to produce "all" documents within a broadly-defined category.  UBH and UHC

6  further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery

7  requests.  UBH and UHC object to this Request on the grounds that it seeks information which is

8  subject to a claim of privilege or which is otherwise protected from disclosure by, including without

9  limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also

10  object to the extent this Request seeks documents outside the time period properly subject to

11  discovery for Plaintiffs' claims and allegations in this case.

12  Subject to and without waiving the General Objections, the Objections to Definitions and

13  Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs

14  to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be

15  reasonably provided.

16  **REQUEST NO. 40:**

17  Produce all internal presentations (whether in PowerPoint, excel or other) created by United

18  related to or including discussion of the Facility R&C Program for the period January 1, 2015 to the

19  present.

20  **RESPONSE TO REQUEST NO. 40:**

21  UBH and UHC hereby incorporate their General Objections and Objections to Definitions and

22  Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it

23  is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH

24  and UHC object to this Request on the ground that it seeks information not relevant to the claims or

25  defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence,

26  to the extent it seeks information about claims other than out-of-network claims for intensive

27  outpatient programs for which reimbursement rates were calculated using Viant's OPR product.

28  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of

Gibson, Dunn &
Crutcher LLP

44

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 41**:

Produce all internal correspondence by United related to or including discussion of the Facility R&C Program for the period January 1, 2015 to the present.

**RESPONSE TO REQUEST NO. 41**:

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH and UHC object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require UBH and UHC to produce "all" documents within a broadly-defined category.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of

Gibson, Dunn & Crutcher LLP

45

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties, but not UBH or UHC. UBH and UHC object to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can be reasonably provided.

**REQUEST NO. 42:**

This request is directed to healthcare claims for which United administered and/or provided services to Self-funded employee benefit plans ("ERISA" plans). Further, this request applies only to those plans whose Administrative Services Agreements provided that the plan pay United fees as compensation for the services that United provided in connection with United's 'Facility R&C Charge Determination Program', 'Facility R&C Program', 'Facility R&C Bill Management', 'Facility Reasonable & Customary Program', 'FR&C', and/or similar programs and/or package options.

For the period of January 1, 2015 to present, for those United members and/or beneficiaries who had a claim submitted by United or any of its affiliates to MultiPlan, for HCPCS Code H0015, S9480, and/or Revenue Codes 0905/0906, for those claims for which MultiPlan returned a price to United, for those members and/or beneficiaries contained in the aforementioned set; for the three months preceding the initial date of service for each of those member's MultiPlan priced claims, all claims submitted by or on behalf of those members to United that include any of the following: Revenue Code 0126, 1002, 0913, 0912; HCPCS H0010, H0012, H0018, H0019, H2036, S0201 (Revenue Code 0126 and HCPCS H0010/H0012 represent Detox treatment. Revenue Code 1002 and

Gibson, Dunn &
Crutcher LLP

HCPCS H0018/H0019 represent Residential treatment. Revenue Codes 0912/0913 and HCPCS H2036/S0201 represent Partial Hospitalization treatment.), produce a spreadsheet report containing:

- The Claim number
- The Bill Type (HCFA UB, and Bill Type Code, 131, 111 etc.)
- Service Dates (to and from)
- Service zip code
- Provider Name, address, and TIN
- Total Charge and Line Data submitted by the Provider
- Line Number
- Line Charge
- Revenue Code
- Units
- HCPCS/CPT Codes
- Any and all Modifiers
- Any line exclude amounts
- Any non-covered amounts
- Any indicators denoting exclusion in whole or in part
- Any line notes indicating how the line was handled
- Any diagnosis codes and procedure codes on the claim (e.g. ICD10 codes).
- Identify any edits taken to reduce the claim, any CCI edits, Proprietary edits, and/or unit reductions.
- Identification of the methodology used to price the claim (e.g., Billed Charges, thirdparty network agreement, Viant, Data iSight, Negotiation, % of CMS, or other method or tool).
- The entity that applied the pricing methodology (e.g. United, MultiPlan, Zelis or other)
- The allowed amount for each claim
- Any "Savings Amount" taken by United off of the provider's billed charges.

Gibson, Dunn & Crutcher LLP

- Any Shared Savings Fees or other fees charged by United as part of an ASA / ASO or other agreement.

- The date the date and amounts withdrawn from each ERISA plan's trust account associated with the above claims.

- Any other factors applied to the final price such as Override, Caps, Benchmark Pricing, Target Pricing, or Amount Change on Appeal.

- The Fair Health usual and customary benchmark amount for the same time period at the 70th and 80th percentile for each claim responsive to this request.

- Whether any appeals were made as to those claims.

- The additional amount, if any, paid following appeals.

- The final allowed amount.

## RESPONSE TO REQUEST NO. 42:

UBH and UHC hereby incorporate their General Objections and Objections to Definitions and Instructions in their entirety into this response.  UBH and UHC object to this Request to the extent it is directed at nonparties and not UBH and UHC based on Plaintiffs' definition of "United."  UBH and UHC further object to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.  UBH and UHC further object to this Request as overly broad and unduly burdensome.  By way of example only, this Request is overly broad and unduly burdensome to the extent it purports to require to UBH and UHC to "produce" a "spreadsheet report" specifically for this litigation containing a broadly-defined category of claims that includes multiple codes, including HCPCS Code H2046, that have no apparent connection to the IOP services at issue in the case.  Assembling a three-month history for many thousands of claims would be incredibly burdensome and require extensive manual effort to match claims member claims to three-month histories that are not in scope for the putative class.  Additionally, as the Request acknowledges, Revenue Codes 0126, 1002, 0913, and 0912, and HCPCS H0010, H0012, H0018, H0019, and H2036, S0201, relate to other levels of care not involving the IOP services at issue in this case.  Further, as framed the Request appears to seek

Gibson, Dunn &
Crutcher LLP

detailed information about claims and payments not involving Viant's OPR product.  This Request also appears to seek numerous specific data fields that are not readily available in the relevant systems of UBH and UHC, and that do not appear to be relevant to the issues in this case.  UBH and UHC further object that this Request implicates third party privacy concerns by seeking confidential patient health information ("PHI") about persons who are not relevant to the case and/or irrelevant services for persons, who are, at most, absent class members.  UBH and UHC further object to the extent this Request is duplicative of Plaintiffs' previously-served discovery requests.  UBH and UHC further object to this Request to the extent it seeks information outside of UBH's and UHC's possession, custody, and control, including but not limited to any documents that may be in the possession of third parties, but not UBH or UHC.  UBH and UHC also object to the extent this Request seeks documents outside the time period properly subject to discovery for Plaintiffs' claims and allegations in this case.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UBH and UHC will continue to meet and confer with Plaintiffs regarding the parameters of a claims data summary for the putative class members' claims involving IOP services priced using Viant's OPR data that can be reasonably produced by UBH and UHC to satisfy this Request.

**REQUEST NO. 43:**

Please produce any and all documents supporting your contention in Paragraph 1 of your Answer wherein You stated United "denies any alleged scheme to underpay valid, medically necessary claims; denies Plaintiffs suffered any legally compensable injury; and denies that Plaintiffs' claims can be properly pursued as a class action as alleged in Paragraph 1.".

**RESPONSE TO REQUEST NO. 43:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege

Gibson, Dunn &
Crutcher LLP

49
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the contention listed in this Request.

**REQUEST NO. 44:**

Please produce any and all documents supporting your contention in Paragraph 95 of your Answer wherein You stated that United "denies that it transitioned to ASAM following a ruling in the Wit litigation that previous guidelines were "illegal.""

**RESPONSE TO REQUEST NO. 44:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the contention listed in this Request.

**REQUEST NO. 45:**

Please produce any and all documents supporting your contention in Paragraph 491 of your Answer wherein You stated "UBH denies that Plaintiffs or any putative class is entitled to any of the relief requested."

**RESPONSE TO REQUEST NO. 45:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the contention listed in this Request.

**REQUEST NO. 46:**

Please produce any and all documents supporting your contention in Paragraph 491 of your Answer wherein You stated "UBH denies that Plaintiffs or any putative class is entitled to any of the relief requested."

**RESPONSE TO REQUEST NO. 46:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other

Gibson, Dunn &
Crutcher LLP

51
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1  parties or third parties, any responsive, non-privileged documents sufficient to support the contention

2  listed in this Request.

3  **REQUEST NO. 47:**

4  Please produce any and all documents supporting your contention in Paragraph 492 of your

5  Answer wherein You stated "UBH denies that Plaintiffs are entitled to any of the relief requested."

6  **RESPONSE TO REQUEST NO. 47:**

7  UHC hereby incorporates its General Objections and Objections to Definitions and

8  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

9  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

10  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

11  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

12  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

13  privilege or the attorney work product doctrine.

14  Subject to and without waiving the General Objections, the Objections to Definitions and

15  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

16  produce, if it has not already done so or if such documents have not already been produced by other

17  parties or third parties, any responsive, non-privileged documents sufficient to support the contention

18  listed in this Request.

19  **REQUEST NO. 48:**

20  Please produce any and all documents supporting your First Affirmative Defense (Statutory

21  Compliance).

22  **RESPONSE TO REQUEST NO. 48:**

23  UHC hereby incorporates its General Objections and Objections to Definitions and

24  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

25  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

26  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

27  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

28

Gibson, Dunn &
Crutcher LLP

52
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1    or which is otherwise protected from disclosure by, including without limitation, the attorney-client

2    privilege or the attorney work product doctrine.

3      Subject to and without waiving the General Objections, the Objections to Definitions and

4    Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

5    produce, if it has not already done so or if such documents have not already been produced by other

6    parties or third parties, any responsive, non-privileged documents sufficient to support the defense

7    listed in this Request.

8    **REQUEST NO. 49:**

9      Please produce any and all documents supporting your Second Affirmative Defense (Full

10   Contractual Performance).

11   **RESPONSE TO REQUEST NO. 49:**

12     UHC hereby incorporates its General Objections and Objections to Definitions and

13   Instructions in their entirety into this response.  UHC further objects to this Request on the ground

14   that it is premature at this early phase in the case.  UHC further objects to this Request as overly

15   broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

16   objects to this Request to the extent that it seeks information which is subject to a claim of privilege

17   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

18   privilege or the attorney work product doctrine.

19     Subject to and without waiving the General Objections, the Objections to Definitions and

20   Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

21   produce, if it has not already done so or if such documents have not already been produced by other

22   parties or third parties, any responsive, non-privileged documents sufficient to support the defense

23   listed in this Request.

24   **REQUEST NO. 50:**

25     Please produce any and all documents supporting your Third Affirmative Defense (Lack of

26   Article III Standing).

27

28

Gibson, Dunn &
Crutcher LLP

53
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   **RESPONSE TO REQUEST NO. 50:**

2       UHC hereby incorporates its General Objections and Objections to Definitions and

3   Instructions in their entirety into this response.  UHC further objects to this Request on the ground

4   that it is premature at this early phase in the case.  UHC further objects to this Request as overly

5   broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

6   objects to this Request to the extent that it seeks information which is subject to a claim of privilege

7   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

8   privilege or the attorney work product doctrine.

9       Subject to and without waiving the General Objections, the Objections to Definitions and

10  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

11  produce, if it has not already done so or if such documents have not already been produced by other

12  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

13  listed in this Request.

14  **REQUEST NO. 51:**

15      Please produce any and all documents supporting your Fourth Affirmative Defense (Redress).

16  **RESPONSE TO REQUEST NO. 51:**

17      UHC hereby incorporates its General Objections and Objections to Definitions and

18  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

19  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

20  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

21  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

22  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

23  privilege or the attorney work product doctrine.

24      Subject to and without waiving the General Objections, the Objections to Definitions and

25  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

26  produce, if it has not already done so or if such documents have not already been produced by other

27  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

28  listed in this Request.

Gibson, Dunn &
Crutcher LLP

54
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   **REQUEST NO. 52:**

2        Please produce any and all documents supporting your Fifth Affirmative Defense (Improper

3   Defendant).

4   **RESPONSE TO REQUEST NO. 52:**

5        UHC hereby incorporates its General Objections and Objections to Definitions and

6   Instructions in their entirety into this response.  UHC further objects to this Request on the ground

7   that it is premature at this early phase in the case.  UHC further objects to this Request as overly

8   broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

9   objects to this Request to the extent that it seeks information which is subject to a claim of privilege

10  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

11  privilege or the attorney work product doctrine.

12       Subject to and without waiving the General Objections, the Objections to Definitions and

13  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

14  produce, if it has not already done so or if such documents have not already been produced by other

15  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

16  listed in this Request.

17  **REQUEST NO. 53:**

18       Please produce any and all documents supporting your Sixth Affirmative Defense (UBH as

19  Distinct Entity).

20  **RESPONSE TO REQUEST NO. 53:**

21       UHC hereby incorporates its General Objections and Objections to Definitions and

22  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

23  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

24  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

25  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

26  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

27  privilege or the attorney work product doctrine.

28

Gibson, Dunn &
Crutcher LLP

55
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1    Subject to and without waiving the General Objections, the Objections to Definitions and

2    Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

3    produce, if it has not already done so or if such documents have not already been produced by other

4    parties or third parties, any responsive, non-privileged documents sufficient to support the defense

5    listed in this Request.

6    **REQUEST NO. 54:**

7    Please produce any and all documents supporting your Seventh Affirmative Defense

8    (Exclusive Remedies - ERISA).

9    **RESPONSE TO REQUEST NO. 54:**

10    UHC hereby incorporates its General Objections and Objections to Definitions and

11    Instructions in their entirety into this response.  UHC further objects to this Request on the ground

12    that it is premature at this early phase in the case.  UHC further objects to this Request as overly

13    broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

14    objects to this Request to the extent that it seeks information which is subject to a claim of privilege

15    or which is otherwise protected from disclosure by, including without limitation, the attorney-client

16    privilege or the attorney work product doctrine.

17    Subject to and without waiving the General Objections, the Objections to Definitions and

18    Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

19    produce, if it has not already done so or if such documents have not already been produced by other

20    parties or third parties, any responsive, non-privileged documents sufficient to support the defense

21    listed in this Request.

22    **REQUEST NO. 55:**

23    Please produce any and all documents supporting your Eighth Affirmative Defense (No

24    Fiduciary Duty).

25    **RESPONSE TO REQUEST NO. 55:**

26    UHC hereby incorporates its General Objections and Objections to Definitions and

27    Instructions in their entirety into this response.  UHC further objects to this Request on the ground

28    that it is premature at this early phase in the case.  UHC further objects to this Request as overly

Gibson, Dunn &
Crutcher LLP

56
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

broad and unduly burdensome on the ground that it seeks "any and all documents." UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows: UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 56:**

Please produce any and all documents supporting your Ninth Affirmative Defense (Comparative Fault of Third Parties/No Vicarious Liability).

**RESPONSE TO REQUEST NO. 56:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UHC further objects to this Request on the ground that it is premature at this early phase in the case. UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents." UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows: UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 57:**

Please produce any and all documents supporting your Tenth Affirmative Defense (Lack of Causation).

Gibson, Dunn & Crutcher LLP

57
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 57:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 58:**

Please produce any and all documents supporting your Eleventh Affirmative Defense (Fraud/Improper Conduct by Third Parties).

**RESPONSE TO REQUEST NO. 58:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

2  listed in this Request.

3  **REQUEST NO. 59:**

4      Please produce any and all documents supporting your Twelfth Affirmative Defense

5  (Assignment).

6  **RESPONSE TO REQUEST NO. 59:**

7      UHC hereby incorporates its General Objections and Objections to Definitions and

8  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

9  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

10  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

11  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

12  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

13  privilege or the attorney work product doctrine.

14      Subject to and without waiving the General Objections, the Objections to Definitions and

15  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

16  produce, if it has not already done so or if such documents have not already been produced by other

17  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

18  listed in this Request.

19  **REQUEST NO. 60:**

20      Please produce any and all documents supporting your Thirteenth Affirmative Defense

21  (Breach of Contract/Failure to Perform).

22  **RESPONSE TO REQUEST NO. 60:**

23      UHC hereby incorporates its General Objections and Objections to Definitions and

24  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

25  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

26  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

27  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

28

Gibson, Dunn &
Crutcher LLP

59
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

2   privilege or the attorney work product doctrine.

3        Subject to and without waiving the General Objections, the Objections to Definitions and

4   Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

5   produce, if it has not already done so or if such documents have not already been produced by other

6   parties or third parties, any responsive, non-privileged documents sufficient to support the defense

7   listed in this Request.

8   **REQUEST NO. 61:**

9        Please produce any and all documents supporting your Fourteenth Affirmative Defense (No

10  Exhaustion).

11  **RESPONSE TO REQUEST NO. 61:**

12       UHC hereby incorporates its General Objections and Objections to Definitions and

13  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

14  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

15  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

16  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

17  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

18  privilege or the attorney work product doctrine.

19       Subject to and without waiving the General Objections, the Objections to Definitions and

20  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

21  produce, if it has not already done so or if such documents have not already been produced by other

22  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

23  listed in this Request.

24  **REQUEST NO. 62:**

25       Please produce any and all documents supporting your Fifteenth Affirmative Defense (Set-

26  Off).

27

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   **RESPONSE TO REQUEST NO. 62:**

2       UHC hereby incorporates its General Objections and Objections to Definitions and

3   Instructions in their entirety into this response.  UHC further objects to this Request on the ground

4   that it is premature at this early phase in the case.  UHC further objects to this Request as overly

5   broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

6   objects to this Request to the extent that it seeks information which is subject to a claim of privilege

7   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

8   privilege or the attorney work product doctrine.

9       Subject to and without waiving the General Objections, the Objections to Definitions and

10  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

11  produce, if it has not already done so or if such documents have not already been produced by other

12  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

13  listed in this Request.

14  **REQUEST NO. 63:**

15      Please produce any and all documents supporting your Sixteenth Affirmative Defense (Claims

16  Barred by the Statute of Limitations).

17  **RESPONSE TO REQUEST NO. 63:**

18      UHC hereby incorporates its General Objections and Objections to Definitions and

19  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

20  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

21  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

22  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

23  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

24  privilege or the attorney work product doctrine.

25      Subject to and without waiving the General Objections, the Objections to Definitions and

26  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

27  produce, if it has not already done so or if such documents have not already been produced by other

28

Gibson, Dunn &
Crutcher LLP

61

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 64:**

Please produce any and all documents supporting your Seventeenth Affirmative Defense (Claims Barred by Contractual Limitations).

**RESPONSE TO REQUEST NO. 64:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UHC further objects to this Request on the ground that it is premature at this early phase in the case. UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents." UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows: UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 65:**

Please produce any and all documents supporting your Eighteenth Affirmative Defense (Equitable Doctrines).

**RESPONSE TO REQUEST NO. 65:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UHC further objects to this Request on the ground that it is premature at this early phase in the case. UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents." UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege

Gibson, Dunn & Crutcher LLP

62
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1    or which is otherwise protected from disclosure by, including without limitation, the attorney-client

2    privilege or the attorney work product doctrine.

3        Subject to and without waiving the General Objections, the Objections to Definitions and

4    Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

5    produce, if it has not already done so or if such documents have not already been produced by other

6    parties or third parties, any responsive, non-privileged documents sufficient to support the defense

7    listed in this Request.

8    **REQUEST NO. 66:**

9        Please produce any and all documents supporting your Nineteenth Affirmative Defense (No

10   Reliance).

11   **RESPONSE TO REQUEST NO. 66:**

12       UHC hereby incorporates its General Objections and Objections to Definitions and

13   Instructions in their entirety into this response.  UHC further objects to this Request on the ground

14   that it is premature at this early phase in the case.  UHC further objects to this Request as overly

15   broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

16   objects to this Request to the extent that it seeks information which is subject to a claim of privilege

17   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

18   privilege or the attorney work product doctrine.

19       Subject to and without waiving the General Objections, the Objections to Definitions and

20   Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

21   produce, if it has not already done so or if such documents have not already been produced by other

22   parties or third parties, any responsive, non-privileged documents sufficient to support the defense

23   listed in this Request.

24   **REQUEST NO. 67:**

25       Please produce any and all documents supporting your Twentieth Affirmative Defense

26   (Presumed Knowledge).

27

28

Gibson, Dunn &
Crutcher LLP

**RESPONSE TO REQUEST NO. 67:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UHC further objects to this Request on the ground that it is premature at this early phase in the case. UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents." UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows: UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 68:**

Please produce any and all documents supporting your Twenty-First Affirmative Defense (No Scienter).

**RESPONSE TO REQUEST NO. 68:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UHC further objects to this Request on the ground that it is premature at this early phase in the case. UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents." UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows: UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other

Gibson, Dunn & Crutcher LLP

64

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 69:**

Please produce any and all documents supporting your Twenty-Second Affirmative Defense (No Duty to Disclose).

**RESPONSE TO REQUEST NO. 69:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 70:**

Please produce any and all documents supporting your Twenty-Third Affirmative Defense (No Primary Jurisdiction).

**RESPONSE TO REQUEST NO. 70:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege

1  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

2  privilege or the attorney work product doctrine.

3      Subject to and without waiving the General Objections, the Objections to Definitions and

4  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

5  produce, if it has not already done so or if such documents have not already been produced by other

6  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

7  listed in this Request.

8  **REQUEST NO. 71:**

9      Please produce any and all documents supporting your Twenty-Fourth Affirmative Defense

10  (No Exclusive Jurisdiction).

11  **RESPONSE TO REQUEST NO. 71:**

12      UHC hereby incorporates its General Objections and Objections to Definitions and

13  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

14  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

15  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

16  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

17  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

18  privilege or the attorney work product doctrine.

19      Subject to and without waiving the General Objections, the Objections to Definitions and

20  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

21  produce, if it has not already done so or if such documents have not already been produced by other

22  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

23  listed in this Request.

24  **REQUEST NO. 72:**

25      Please produce any and all documents supporting your Twenty-Fifth Affirmative Defense

26  (Filed Rate Doctrine).

27

28

Gibson, Dunn &
Crutcher LLP

66
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1  **RESPONSE TO REQUEST NO. 72:**

2      UHC hereby incorporates its General Objections and Objections to Definitions and

3  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

4  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

5  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

6  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

7  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

8  privilege or the attorney work product doctrine.

9      Subject to and without waiving the General Objections, the Objections to Definitions and

10  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

11  produce, if it has not already done so or if such documents have not already been produced by other

12  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

13  listed in this Request.

14  **REQUEST NO. 73:**

15      Please produce any and all documents supporting your Twenty-Sixth Affirmative Defense

16  (Reverse Preemption McCarran-Ferguson Act).

17  **RESPONSE TO REQUEST NO. 73:**

18      UHC hereby incorporates its General Objections and Objections to Definitions and

19  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

20  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

21  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

22  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

23  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

24  privilege or the attorney work product doctrine.

25      Subject to and without waiving the General Objections, the Objections to Definitions and

26  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

27  produce, if it has not already done so or if such documents have not already been produced by other

28

Gibson, Dunn & Crutcher LLP

67

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   parties or third parties, any responsive, non-privileged documents sufficient to support the defense

2   listed in this Request.

3   **REQUEST NO. 74:**

4       Please produce any and all documents supporting your Twenty-Seventh Affirmative Defense

5   (Release).

6   **RESPONSE TO REQUEST NO. 74:**

7       UHC hereby incorporates its General Objections and Objections to Definitions and

8   Instructions in their entirety into this response.  UHC further objects to this Request on the ground

9   that it is premature at this early phase in the case.  UHC further objects to this Request as overly

10  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

11  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

12  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

13  privilege or the attorney work product doctrine.

14      Subject to and without waiving the General Objections, the Objections to Definitions and

15  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

16  produce, if it has not already done so or if such documents have not already been produced by other

17  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

18  listed in this Request.

19  **REQUEST NO. 75:**

20      Please produce any and all documents supporting your Twenty-Eighth Affirmative Defense

21  (Constitutional Defenses).

22  **RESPONSE TO REQUEST NO. 75:**

23      UHC hereby incorporates its General Objections and Objections to Definitions and

24  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

25  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

26  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

27  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

28

Gibson, Dunn &
Crutcher LLP

68
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

2   privilege or the attorney work product doctrine.

3   Subject to and without waiving the General Objections, the Objections to Definitions and

4   Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

5   produce, if it has not already done so or if such documents have not already been produced by other

6   parties or third parties, any responsive, non-privileged documents sufficient to support the defense

7   listed in this Request.

8   **REQUEST NO. 76:**

9   Please produce any and all documents supporting your Twenty-Ninth Affirmative Defense

10  (Failure to Mitigate).

11  **RESPONSE TO REQUEST NO. 76:**

12  UHC hereby incorporates its General Objections and Objections to Definitions and

13  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

14  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

15  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

16  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

17  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

18  privilege or the attorney work product doctrine.

19  Subject to and without waiving the General Objections, the Objections to Definitions and

20  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

21  produce, if it has not already done so or if such documents have not already been produced by other

22  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

23  listed in this Request.

24  **REQUEST NO. 77:**

25  Please produce any and all documents supporting your Thirtieth Affirmative Defense

26  (Speculative Damages).

27

28

Gibson, Dunn &
Crutcher LLP

69
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 77:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 78:**

Please produce any and all documents supporting your Thirty-First Affirmative Defense (Adequate Remedy at Law).

**RESPONSE TO REQUEST NO. 78:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other

parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 79:**

Please produce any and all documents supporting your Thirty-Second Affirmative Defense (No Imminent Harm).

**RESPONSE TO REQUEST NO. 79:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UHC further objects to this Request on the ground that it is premature at this early phase in the case. UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents." UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows: UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 80:**

Please produce any and all documents supporting your Thirty-Third Affirmative Defense (No Attorneys' Fees).

**RESPONSE TO REQUEST NO. 80:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response. UHC further objects to this Request on the ground that it is premature at this early phase in the case. UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents." UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege

Gibson, Dunn & Crutcher LLP

1   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

2   privilege or the attorney work product doctrine.

3         Subject to and without waiving the General Objections, the Objections to Definitions and

4   Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

5   produce, if it has not already done so or if such documents have not already been produced by other

6   parties or third parties, any responsive, non-privileged documents sufficient to support the defense

7   listed in this Request.

8   **REQUEST NO. 81:**

9         Please produce any and all documents supporting your Thirty-Fourth Affirmative Defense

10   (Failure to Meet Particularity).

11   **RESPONSE TO REQUEST NO. 81:**

12         UHC hereby incorporates its General Objections and Objections to Definitions and

13   Instructions in their entirety into this response.  UHC further objects to this Request on the ground

14   that it is premature at this early phase in the case.  UHC further objects to this Request as overly

15   broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

16   objects to this Request to the extent that it seeks information which is subject to a claim of privilege

17   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

18   privilege or the attorney work product doctrine.

19         Subject to and without waiving the General Objections, the Objections to Definitions and

20   Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

21   produce, if it has not already done so or if such documents have not already been produced by other

22   parties or third parties, any responsive, non-privileged documents sufficient to support the defense

23   listed in this Request.

24   **REQUEST NO. 82:**

25         Please produce any and all documents supporting your Thirty-Fifth Affirmative Defense

26   (Lack of Predicate Act).

27

28

1    **RESPONSE TO REQUEST NO. 82**:

2         UHC hereby incorporates its General Objections and Objections to Definitions and

3    Instructions in their entirety into this response.  UHC further objects to this Request on the ground

4    that it is premature at this early phase in the case.  UHC further objects to this Request as overly

5    broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

6    objects to this Request to the extent that it seeks information which is subject to a claim of privilege

7    or which is otherwise protected from disclosure by, including without limitation, the attorney-client

8    privilege or the attorney work product doctrine.

9         Subject to and without waiving the General Objections, the Objections to Definitions and

10   Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

11   produce, if it has not already done so or if such documents have not already been produced by other

12   parties or third parties, any responsive, non-privileged documents sufficient to support the defense

13   listed in this Request.

14   **REQUEST NO. 83**:

15        Please produce any and all documents supporting your Thirty-Sixth Affirmative Defense (No

16   RICO Conspiracy).

17   **RESPONSE TO REQUEST NO. 83**:

18        UHC hereby incorporates its General Objections and Objections to Definitions and

19   Instructions in their entirety into this response.  UHC further objects to this Request on the ground

20   that it is premature at this early phase in the case.  UHC further objects to this Request as overly

21   broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

22   objects to this Request to the extent that it seeks information which is subject to a claim of privilege

23   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

24   privilege or the attorney work product doctrine.

25        Subject to and without waiving the General Objections, the Objections to Definitions and

26   Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

27   produce, if it has not already done so or if such documents have not already been produced by other

28

Gibson, Dunn &
Crutcher LLP

parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 84:**

Please produce any and all documents supporting your Thirty-Seventh Affirmative Defense (No RICO Enterprise).

**RESPONSE TO REQUEST NO. 84:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 85:**

Please produce any and all documents supporting your Thirty-Eighth Affirmative Defense (No RICO Statutory Standing).

**RESPONSE TO REQUEST NO. 85:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege

1    or which is otherwise protected from disclosure by, including without limitation, the attorney-client

2    privilege or the attorney work product doctrine.

3            Subject to and without waiving the General Objections, the Objections to Definitions and

4    Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

5    produce, if it has not already done so or if such documents have not already been produced by other

6    parties or third parties, any responsive, non-privileged documents sufficient to support the defense

7    listed in this Request.

8    **REQUEST NO. 86:**

9            Please produce any and all documents supporting your Thirty-Ninth Affirmative Defense

10   (Improperly Joined Plaintiffs).

11   **RESPONSE TO REQUEST NO. 86:**

12           UHC hereby incorporates its General Objections and Objections to Definitions and

13   Instructions in their entirety into this response.  UHC further objects to this Request on the ground

14   that it is premature at this early phase in the case.  UHC further objects to this Request as overly

15   broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

16   objects to this Request to the extent that it seeks information which is subject to a claim of privilege

17   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

18   privilege or the attorney work product doctrine.

19           Subject to and without waiving the General Objections, the Objections to Definitions and

20   Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

21   produce, if it has not already done so or if such documents have not already been produced by other

22   parties or third parties, any responsive, non-privileged documents sufficient to support the defense

23   listed in this Request.

24   **REQUEST NO. 87:**

25           Please produce any and all documents supporting your Fortieth Affirmative Defense (Class

26   Requirements Not Met).

27

28

Gibson, Dunn &
Crutcher LLP

75
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

1  **RESPONSE TO REQUEST NO. 87:**

2          UHC hereby incorporates its General Objections and Objections to Definitions and

3  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

4  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

5  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

6  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

7  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

8  privilege or the attorney work product doctrine.

9          Subject to and without waiving the General Objections, the Objections to Definitions and

10  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

11  produce, if it has not already done so or if such documents have not already been produced by other

12  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

13  listed in this Request.

14  **REQUEST NO. 88:**

15          Please produce any and all documents supporting your Forty-First Affirmative Defense

16  (Improper Expansion of Rule 23).

17  **RESPONSE TO REQUEST NO. 88:**

18          UHC hereby incorporates its General Objections and Objections to Definitions and

19  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

20  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

21  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

22  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

23  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

24  privilege or the attorney work product doctrine.

25          Subject to and without waiving the General Objections, the Objections to Definitions and

26  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

27  produce, if it has not already done so or if such documents have not already been produced by other

28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 89:**

Please produce any and all documents supporting your Forty-Second Affirmative Defense (Fourteenth Amendment).

**RESPONSE TO REQUEST NO. 89:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 90:**

Please produce any and all documents supporting your Forty-Third Affirmative Defense (Jury Trial).

**RESPONSE TO REQUEST NO. 90:**

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege

Gibson, Dunn & Crutcher LLP

1   or which is otherwise protected from disclosure by, including without limitation, the attorney-client

2   privilege or the attorney work product doctrine.

3   Subject to and without waiving the General Objections, the Objections to Definitions and

4   Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

5   produce, if it has not already done so or if such documents have not already been produced by other

6   parties or third parties, any responsive, non-privileged documents sufficient to support the defense

7   listed in this Request.

8   **REQUEST NO. 91:**

9   Please produce any and all documents supporting your Forty-Fourth Affirmative Defense

10  (Conflict of Interest).

11  **RESPONSE TO REQUEST NO. 91:**

12  UHC hereby incorporates its General Objections and Objections to Definitions and

13  Instructions in their entirety into this response.  UHC further objects to this Request on the ground

14  that it is premature at this early phase in the case.  UHC further objects to this Request as overly

15  broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further

16  objects to this Request to the extent that it seeks information which is subject to a claim of privilege

17  or which is otherwise protected from disclosure by, including without limitation, the attorney-client

18  privilege or the attorney work product doctrine.

19  Subject to and without waiving the General Objections, the Objections to Definitions and

20  Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and

21  produce, if it has not already done so or if such documents have not already been produced by other

22  parties or third parties, any responsive, non-privileged documents sufficient to support the defense

23  listed in this Request.

24  **REQUEST NO. 92:**

25  Please produce any and all documents supporting your Forty-Fifth Affirmative Defense (Res

26  Judicata and Collateral Estoppel).

27

28

Gibson, Dunn &
Crutcher LLP

78
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

**RESPONSE TO REQUEST NO. 92**:

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

**REQUEST NO. 93**:

Please produce any and all documents supporting your Forty-Sixth Affirmative Defense (Additional Defenses).

**RESPONSE TO REQUEST NO. 93**:

UHC hereby incorporates its General Objections and Objections to Definitions and Instructions in their entirety into this response.  UHC further objects to this Request on the ground that it is premature at this early phase in the case.  UHC further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents."  UHC further objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections, the Objections to Definitions and Instructions, or the foregoing specific objections, UHC responds as follows:  UHC will search for and produce, if it has not already done so or if such documents have not already been produced by other

Gibson, Dunn & Crutcher LLP

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254

parties or third parties, any responsive, non-privileged documents sufficient to support the defense listed in this Request.

Dated: October 20, 2021

GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Geoffrey M. Sigler*
         Geoffrey Sigler (admitted *pro hac vice*)

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH and UNITED
HEALTHCARE INSURANCE COMPANY

UBH_LD - DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF RFPS.DOCX

**CERTIFICATE OF SERVICE**

I, hereby certify that on this 20th day of October 2021, pursuant to an agreement of the parties dated April 23, 2021, a copy of the foregoing was served via email to the following:

**Matthew M. Lavin, Esq. (*pro hac vice*)**
**Aaron Richard Modiano (*pro hac vice*)**
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 2006
matt.lavin@agg.com
aaron.modiano@agg.com

**David M. Lilienstein**
**Katie J. Spielman**
DL Law Group
345 Franklin St.
San Francisco, CA 94102
david@dllawgroup.com
katie@dllawgroup.com

*/s/ Geoffrey M. Sigler*
Geoffrey M. Sigler

Gibson, Dunn &
Crutcher LLP

81
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-02254