**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
MOE KESHAVARZI, SBN 223759
E-Mail: mkeshavarzi@sheppardmullin.com
DAVID E. DWORSKY, SBN 272167
E-Mail: ddworsky@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, CA  90071
Telephone: (213) 620-1780
Fax:  (213) 620-1398

ERROL J. KING, JR. (*admitted pro hac vice*)
**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone:  (225) 376-0207
Fax:  (225) 381-9197
Errol.King@phelps.com

*Attorneys for Defendant, MultiPlan, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD, DB, BW, RH, and CJ on behalf of themselves and all others similarly situated,<br><br>  *Plaintiffs*,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH, INC., a California Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>  *Defendants*. | Case No. 4:20-cv-02255-YGR<br>Related Case: 4:20-cv-02249-YGR<br><br>**MULTIPLAN'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS TO PRODUCE TO DEFENDANT MULTIPLAN, INC.** |

Defendant MultiPlan, Inc. ("MultiPlan"), by and through its undersigned counsel, hereby responds to Plaintiffs' Third Set of Requests to Produce to Defendant MultiPlan, Inc. (the "Requests").

## PRELIMINARY STATEMENT AND OBJECTIONS

MultiPlan has made diligent effort to respond to the Requests, but reserves the right to change, amend, or supplement its responses and objections. MultiPlan also reserves the right to use discovered documents and documents now known, but whose relevance, significance, or applicability has not yet been ascertained. Additionally, MultiPlan does not waive its right to assert any and all applicable

- 1 -

privileges, doctrines, and protections, and hereby expressly states its intent and reserves its right to withhold responsive information on the basis of any and all applicable privileges, doctrines, and protections.

MultiPlan's responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving, its right, in this litigation or any subsequent proceeding, to object on any grounds to the use of documents produced in response to the Requests, including objecting on the basis of authenticity, foundation, relevancy, materiality, privilege, and admissibility of any documents produced in response to the Requests.

MultiPlan objects to a large number of the Requests on the basis that they are unintelligible. MultiPlan is a cost-containment company that contracts with third-party payors, such as insurance companies, employee benefit plans, self-funded insurance plans, health maintenance organizations, and third-party administrators ("TPAs"), to provide health care cost-management solutions, including network, negotiation, claim pricing, and/or payment accuracy services. However, MultiPlan itself is _not_ an insurance company, TPA, or other third-party payor. MultiPlan does not market, sell, sponsor, insure, issue, or administer health benefit plans or programs to or for any consumers.  MultiPlan does not assume any of the financial risk associated with the payment of any medical expenses incurred by members of its clients' health plans or programs. MultiPlan also does not determine eligibility, verify benefits, adjudicate or pay claims, or authorize services under any health benefit plans or programs in connection with any of the cost-containment services that it provides. Such financial and other obligations are solely those of the health plans with which MultiPlan contracts. Thus, a significant portion of Plaintiffs' Requests, insofar as they are directed towards MultiPlan, make no sense. MultiPlan is not required to, and will not, engage in Plaintiffs' unfounded fishing expedition.

MultiPlan also objects to the Requests insofar as they seek information pertaining to products, services, and pricing methodologies not at issue in this case.  As currently pled, Plaintiffs' Complaint challenges the legitimacy of payments received on out-of-network claims for intensive outpatient ("IOP") programs for which reimbursement rates were calculated using Viant's OPR product. Therefore, MultiPlan objects to many Requests on the grounds that they seek information not relevant

- 2 -

Case No. 4:20-cv-02254-YGR
DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS TO PRODUCE

PD.37694691.1

to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

Likewise, a significant portion of the documents requested are in the possession, custody, or control of the Plaintiffs and/or other Defendants in this action.  To request them from MultiPlan is inappropriate, disproportionate, and a waste of resources.  Additionally, MultiPlan has already produced to Plaintiffs thousands of documents in this case, with more on the way, and many of which are directly responsive to Plaintiffs' duplicative Requests.

Furthermore, many of the Requests are overbroad and unduly burdensome and would require MultiPlan to conduct individualized research on each and every potential claim and/or to search multiple systems and e-mail accounts for an unknown number of unidentified custodians in order to locate potentially responsive information and to potentially review thousands, if not tens or even hundreds of thousands, of pages of documents. Such a search would likely require numerous employees and hundreds of hours to complete, which would be clearly unduly burdensome and disproportionate to the needs of the case. Accordingly, MultiPlan's production of any non-privileged, responsive documents will be reasonably tailored to the needs of this specific case.

MultiPlan objects to each and every Request, Definition, and Instruction to the extent it purports to impose obligations on MultiPlan greater than or beyond those required under the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Civil Rules of the United States District Court for the Northern District of California ("Local Rules"), or the Parties' ESI Protocol.

MultiPlan objects to the Requests to the extent they do not define the Relevant Time Period. Many of the Requests request the production of documents from January 1, 2015 to the present, which MultiPlan objects to as overly broad and unduly burdensome.  During a prior meet and confer, Plaintiffs stated that the Relevant Time Period in this action should begin January 1, 2015 because RICO is subject to a five-year statute of limitations.  However, civil RICO claims are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987). Likewise, the statute of limitations for an ERISA claim for benefits, as supplied by California state law, is four years. *Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d

643, 648 (9th Cir. 2000). Plaintiffs filed this action on April 2, 2020, meaning the Relevant Time Period should begin, at the absolute earliest, on April 2, 2016. With very limited exceptions, MultiPlan does not believe that documents created earlier than April 2, 2016 are reasonably calculated to lead to the discovery of admissible evidence at this time. As such, in responding and objecting to these Requests, MultiPlan will consider the Relevant Time Period to be April 2, 2016 to the present.

Finally, as stated throughout, MultiPlan reserves the right to amend, supplement, and correct its objections or responses as necessary.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. MultiPlan objects to Plaintiffs' definition of "Defendants" (as well as "You" and "Your") on the ground that it is vague, ambiguous, overly broad and unduly burdensome. In particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition. MultiPlan will respond to these Requests for Production of Documents only on behalf of MultiPlan, Inc. MultiPlan will not search for or produce materials beyond its possession, custody, or control. MultiPlan will answer the Requests only based upon its knowledge, materials and information in its possession, and belief formed after reasonable inquiry.

2. MultiPlan objects to Plaintiffs' definition of "person" on the ground that it is overly broad and unduly burdensome. In particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition who are not proper parties to this case and not properly subject to discovery. MultiPlan will respond to these Requests for Production of Documents on behalf of MultiPlan, Inc., which is the named defendant in this case. MultiPlan will not search for or produce materials beyond its possession, custody, or control. MultiPlan will answer the Requests only based upon its knowledge, materials and information in its possession, and belief formed after reasonable inquiry.

3. MultiPlan objects to Plaintiffs' definition of "document(s)" to the extent that it seeks to impose obligations on MultiPlan beyond those required by the Federal Rules. MultiPlan further objects to this definition to the extent it calls for production of electronic information that is not reasonably

accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore. MultiPlan will use the definition of "documents" set out in Federal R. Civ. P. 34.

4.     MultiPlan objects to the "Instructions" accompanying the Requests to the extent they purport to impose any obligation on MultiPlan different from or greater than those imposed by the Federal Rules of Civil Procedure.

5.     MultiPlan objects to the "Instructions" to the extent they seek to impose obligations on MultiPlan beyond what is contemplated by the Parties' Protective Order and the ESI Protocol. MultiPlan will produce documents in compliance with the Protective Order and the ESI Protocol.

## RESPONSES AND OBJECTIONS TO

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Any and all documents relied upon by You in responding to Interrogatory 1 in Plaintiffs' first set of interrogatories served on You.

### RESPONSE:

Subject to and without waiving its Preliminary Statement and Objections, Objections to Definitions and Instructions, and its specific objections and answer to Interrogatory No. 1 in Plaintiffs' Special Interrogatories to MultiPlan (which is specifically incorporated as if fully set forth herein), MultiPlan states that no documents were relied upon in responding to Interrogatory No. 1. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

### REQUEST FOR PRODUCTION NO. 2:

Any and all documents relied upon by You in responding to Interrogatory 2 in Plaintiffs' first set of interrogatories served on You.

### RESPONSE:

Subject to and without waiving its Preliminary Statement and Objections, Objections to Definitions and Instructions, and its specific objections and answer to Interrogatory No. 2 in Plaintiffs' Special Interrogatories to MultiPlan (which is specifically incorporated as if fully set forth herein),

1  MultiPlan states that no documents were relied upon in responding to Interrogatory No. 2. MultiPlan

2  reserves the right to timely supplement and/or amend its response to this Request.

3  **REQUEST FOR PRODUCTION NO. 3:**

4  Any and all documents relied upon by You in responding to Interrogatory 3 in Plaintiffs' first

5  set of interrogatories served on You.

6  **RESPONSE:**

7  Subject to and without waiving its Preliminary Statement and Objections, Objections to

8  Definitions and Instructions, and its specific objections and answer to Interrogatory No. 3 in Plaintiffs'

9  Special Interrogatories to MultiPlan (which is specifically incorporated as if fully set forth herein),

10  MultiPlan refers Plaintiffs to its Viant Facility U&C Outpatient Review (OPR) Module *i.e.*,

11  "whitepapers," which were previously produced at MPI-0005523 and MPI-0006010. MultiPlan

12  reserves the right to timely supplement and/or amend its response to this Request.

13  **REQUEST FOR PRODUCTION NO. 4:**

14  Any and all documents relied upon by You in responding to Interrogatory 4 in Plaintiffs' first

15  set of interrogatories served on You.

16  **RESPONSE:**

17  Subject to and without waiving its Preliminary Statement and Objections, Objections to

18  Definitions and Instructions, and its specific objections and answer to Interrogatory No. 4 in Plaintiffs'

19  Special Interrogatories to MultiPlan (which is specifically incorporated as if fully set forth herein),

20  MultiPlan refers Plaintiffs to its Viant Facility U&C Outpatient Review (OPR) Module *i.e.*,

21  "whitepapers," which were previously produced at MPI-0005523 and MPI-0006010. MultiPlan

22  reserves the right to timely supplement and/or amend its response to this Request.

23  **REQUEST FOR PRODUCTION NO. 5:**

24  Any and all documents relied upon by You in responding to Interrogatory 5 in Plaintiffs' first

25  set of interrogatories served on You.

26

27

28

**RESPONSE:**

Subject to and without waiving its Preliminary Statement and Objections, Objections to Definitions and Instructions, and its specific objections and answer to Interrogatory No. 5 in Plaintiffs' Special Interrogatories to MultiPlan (which is specifically incorporated as if fully set forth herein), MultiPlan refers Plaintiffs to the documents it has already produced in this case, including but not limited to, the documents produced at MPI-0007754. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents relied upon by You in responding to Interrogatory 6 in Plaintiffs' first set of interrogatories served on You.

**RESPONSE:**

Subject to and without waiving its Preliminary Statement and Objections, Objections to Definitions and Instructions, and its specific objections and answer to Interrogatory No. 6 in Plaintiffs' Special Interrogatories to MultiPlan (which is specifically incorporated as if fully set forth herein), MultiPlan refers Plaintiffs to the documents it has already produced in this case, including but not limited to, the documents produced at MPI-0000553, MPI-0001884, MPI-0002892, MPI-0005523, MPI-0005644,  MPI-0005887, MPI-0005889, MPI-0006010, MPI-0006884, MPI-0007876, MPI-0007942, and MPI-0011261. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documents relied upon by You in responding to Interrogatory 7 in Plaintiffs' first set of interrogatories served on You.

**RESPONSE:**

Subject to and without waiving its Preliminary Statement and Objections, Objections to Definitions and Instructions, and its specific objections and answer to Interrogatory No. 7 in Plaintiffs' Special Interrogatories to MultiPlan (which is specifically incorporated as if fully set forth herein),

1  MultiPlan states that no documents were relied upon in responding to Interrogatory No. 7. MultiPlan

2  reserves the right to timely supplement and/or amend its response to this Request.

3  **REQUEST FOR PRODUCTION NO. 8:**

4      Any and all documents relied upon by You in responding to Interrogatory 8 in Plaintiffs' first

5  set of interrogatories served on You.

6      **RESPONSE:**

7      Subject to and without waiving its Preliminary Statement and Objections, Objections to

8  Definitions and Instructions, and its specific objections and answer to Interrogatory No. 8 in Plaintiffs'

9  Special Interrogatories to MultiPlan (which is specifically incorporated as if fully set forth herein),

10  MultiPlan refers Plaintiffs to the documents it has already produced in this case, including but not

11  limited to, the documents produced at MPI-0007754. MultiPlan reserves the right to timely supplement

12  and/or amend its response to this Request.

13  **REQUEST FOR PRODUCTION NO. 9:**

14      Any and all documents relied upon by You in responding to Interrogatory 9 in Plaintiffs' first

15  set of interrogatories served on You.

16      **RESPONSE:**

17      Subject to and without waiving its Preliminary Statement and Objections, Objections to

18  Definitions and Instructions, and its specific objections and answer to Interrogatory No. 9 in Plaintiffs'

19  Special Interrogatories to MultiPlan (which is specifically incorporated as if fully set forth herein),

20  MultiPlan refers Plaintiffs to the documents it has already produced in this case, including but not

21  limited to, the documents produced at MPI-0000161, MPI-0000183, MPI-0000191, MPI-0000197,

22  MPI-0000224, MPI-0000234, MPI-0000236, MPI-0000237, MPI-0000239, MPI-0000257, MPI-

23  0000279, MPI-0000291, MPI-0000303, MPI-0000327, MPI-0000340, MPI-0000341, MPI-0000343,

24  MPI-0000360, MPI-0000373, MPI-0000403, MPI-0000404, MPI-0000417, MPI-0000428, MPI-

25  0000446, MPI-0000464, MPI-0000465, MPI-0002321, MPI-0002894, MPI-0002928, MPI-0002933,

26  MPI-0006471, MPI-0006894, MPI-0006936, MPI-0007515, MPI-0007877, MPI-0007947, MPI-

27  0008716, MPI-0008717, MPI-0008719, MPI-0008720, MPI-0008722, MPI-0008723, MPI-0008725,

28

1  MPI-0008726, MPI-0008738, MPI-0008739, MPI-0008740, MPI-0008741, MPI-0008785, MPI-

2  0009042, MPI-0009074, MPI-0009179, MPI-0009223, MPI-0009269, MPI-0009569, MPI-0009939,

3  MPI-0010516, MPI-0010956, MPI-0011084, MPI-0011120, MPI-0011345, MPI-0011672, and MPI-

4  0011804. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

5  **REQUEST FOR PRODUCTION NO. 10:**

6      Any and all documents relied upon by You in responding to Interrogatory 10 in Plaintiffs' first

7  set of interrogatories served on You.

8      **RESPONSE:**

9      Subject to and without waiving its Preliminary Statement and Objections, Objections to

10  Definitions and Instructions, and its specific objections and answer to Interrogatory No. 10 in

11  Plaintiffs' Special Interrogatories to MultiPlan (which is specifically incorporated as if fully set forth

12  herein), MultiPlan states that no documents were relied upon in responding to Interrogatory No. 10.

13  Furthermore, MultiPlan will meet and confer with Plaintiffs to understand what information is actually

14  sought by Plaintiffs, and what documents or information, if any, can be reasonably provided.

15  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

16  **REQUEST FOR PRODUCTION NO. 11:**

17      Any and all documents relied upon by You in responding to Interrogatory 11 in Plaintiffs' first

18  set of interrogatories served on You.

19      **RESPONSE:**

20      Subject to and without waiving its Preliminary Statement and Objections, Objections to

21  Definitions and Instructions, and its specific objections and answer to Interrogatory No. 11 in

22  Plaintiffs' Special Interrogatories to MultiPlan (which is specifically incorporated as if fully set forth

23  herein), MultiPlan states that no documents were relied upon in responding to Interrogatory No. 11.

24  Furthermore, MultiPlan states that the substantial burden of producing any call recordings far

25  outweighs their probative value, if they have any probative value at all.  MultiPlan reserves the right

26  to timely supplement and/or amend its response to this Request.

27

28

PD.37694691.1

DATED:  July 8, 2022

By:   /s/ Errol J. King, Jr.
      Errol J. King, Jr. *(admitted pro hac vice)*
      Phelps Dunbar LLP
      II City Plaza
      400 Convention Street, Suite 1100
      Baton Rouge, Louisiana 70802
      Telephone: (225) 376-0207
      Fax: (225) 381-9197

      and

      Moe Keshavarzi
      David E. Dworsky
      Sheppard, Mullin, Richter & Hampton LLP
      333 South Hope Street, 43rd Floor
      Los Angeles, CA 90071
      Telephone: (213) 620-1780
      Fax: (213) 620-1398

      Attorneys for Defendant, MultiPlan, Inc.

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS TO PRODUCE

PD.37694691.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July 2022 a copy of the foregoing was served via electronic mail upon all counsel of record:

Matthew M. Lavin, Esq. (pro hac vice) (Matt.Lavin@agg.com)

Aaron R. Modiano, Esq. (pro hac vice) (Aaron.Modiano@agg.com)

**ARNALL GOLDEN GREGORY LLP**

1775 Pennsylvania Avenue NW, Suite 1000

Washington, DC 20006

David M. Lilienstein, Esq. (CA SBN 218923) (david@dllawgroup.com)

Katie J. Spielman, Esq. (CA SBN 252209) (katie@dllawgroup.com)

**DL LAW GROUP**

345 Franklin Street

San Francisco, CA 94102

**Attorneys for Plaintiffs and Putative Class**

Lauren M. Blas, Esq. (CA SBN 296823) (lblas@gibsondunn.com)

Nicole R. Matthews, Esq. (CA SBN 328977) (nmatthews@gibsondunn.com)

**GIBSON, DUNN & CRUTCHER LLP**

333 South Grand Avenue

Los Angeles, CA 90071-3197

Geoffrey Sigler (pro hac vice) (gsigler@gibsondunn.com)

**GIBSON, DUNN & CRUTCHER LLP**

1050 Connecticut Avenue, N.W.

Washington, DC 20036-5306

**Attorneys for Defendant**

**UNITED BEHAVIORAL HEALTH**

*/s/    Errol J. King, Jr.*

1  **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
MOE KESHAVARZI, SBN 223759
2  E-Mail: mkeshavarzi@sheppardmullin.com
DAVID E. DWORSKY, SBN 272167
3  E-Mail: ddworsky@sheppardmullin.com
333 South Hope Street, 43rd Floor
4  Los Angeles, CA  90071
Telephone: (213) 620-1780
5  Fax:  (213) 620-1398

6  ERROL J. KING, JR. (*admitted pro hac vice*)
7  **PHELPS DUNBAR LLP**
II City Plaza
8  400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
9  Telephone:  (225) 376-0207
Fax:  (225) 381-9197
10  Errol.King@phelps.com

11  *Attorneys for Defendant, MultiPlan, Inc.*

12              **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14

15  LD, DB, BW, RH, and CJ on behalf of      Case No. 4:20-cv-02255-YGR
themselves and all others similarly situated,  Related Case: 4:20-cv-02249-YGR

16              *Plaintiffs,*                **MULTIPLAN'S OBJECTIONS AND
ANSWERS TO PLAINTIFFS' SPECIAL**
17  v .                                       **INTERROGATORIES TO DEFENDANT
MULTIPLAN, INC.**
18  UNITED BEHAVIORAL HEALTH, INC.,
a California Corporation, and
19  MULTIPLAN, INC., a New York
Corporation,
20
              *Defendants.*
21

22

23          Defendant MultiPlan, Inc. ("MultiPlan"), by and through its undersigned counsel, hereby

24  answers Plaintiffs' Special Interrogatories to Defendant MultiPlan, Inc. (the "Interrogatories"),

25  without waiving or intending to waive, and expressly preserving as follows:

26  1.      All objections to the competency, relevancy, materiality, privilege and admissibility of the

27  answers to the Interrogatories and the subject matter thereof, as evidence for any purpose in any further

28  proceeding in this action, including any trial of the action and any other action;

2.     The right to object to the use of any such answers or documents, or the subject matter thereof, on any ground in any further proceeding of this action, including the trial of this action and in any other action;

3.     The right to object on any ground at any time, to a request for further answers to the Interrogatories, or any other demand or document request or other discovery proceeding involving or relating to the subject matter of this controversy;

4.     The right at any time to revise, correct, add, supplement, or clarify any of the Answers contained herein; and

## **GENERAL OBJECTIONS**

1.     MultiPlan objects to the Interrogatories to the extent that they conflict with or exceed the scope of discovery permitted by federal law. MultiPlan will provide its Answers to the Interrogatories in accordance with the Federal Rules of Civil Procedure.

2.     MultiPlan objects to the Interrogatories to the extent that they seek the disclosure of materials protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege or protected doctrine herein.  Such privileges are explicitly preserved and are not waived or limited by its Answers herein.

3.      MultiPlan objects to the Interrogatories to the extent that they seek information that is not relevant to any party's claims or defenses.

4.     MultiPlan objects to the Interrogatories to the extent that developing a response would be oppressive, unduly burdensome, unreasonably expensive or requiring unreasonable investigation on the part of MultiPlan.

5.     MultiPlan objects to the Interrogatories to the extent that they are ambiguous, confusing, misleading, vague and/or unclear.

6.     MultiPlan objects to the Interrogatories to the extent that they call for confidential, proprietary, or trade secret information.

7.    MultiPlan objects to the Interrogatories to the extent they seek information that is outside of MultiPlan's possession, custody, or control and/or that is equally available to Plaintiff as to MultiPlan.

8.    MultiPlan objects to the Interrogatories to the extent they do not define a Relevant Time Period.  Many of the Interrogatories request information from January 1, 2015 to the present, which MultiPlan objects to as overly broad and unduly burdensome.  During a prior meet and confer, Plaintiffs stated that the Relevant Time Period in this action should begin January 1, 2015 because RICO is subject to a five-year statute of limitations.  However, civil RICO claims are subject to a four-year statute of limitations.  *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987). Likewise, the statute of limitations for an ERISA claim for benefits, as supplied by California state law, is four years.  *Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 648 (9th Cir. 2000).  Plaintiffs filed this action on April 2, 2020, meaning the Relevant Time Period should begin, at the absolute earliest, on April 2, 2016.  With very limited exceptions, MultiPlan does not believe that any information or documents created earlier than April 2, 2016 are reasonably calculated to lead to the discovery of admissible evidence at this time.  As such, in responding and objecting to these Interrogatories, MultiPlan will consider the Relevant Time Period to be April 2, 2016 to the present.

9.    In addition to these General Objections, MultiPlan may set forth further objections with its specific Answers below.  By setting forth such specific objections, MultiPlan does not intend to limit or restrict these General Objections, which are incorporated by reference into its Answers.  By referring to one or more of these General Objections in its specific Answers, MultiPlan does not intend to limit or restrict the applicability of these General Objections to any specific Interrogatory.

10.    To the extent that MultiPlan responds to Interrogatories to which it objects, no objections are waived.  These Answers are made without waiver of and with full preservation of, all issues as to competency, relevancy, materiality, privilege and/or admissibility of these Answers for any purposes.

DEFENDANT MULTIPLAN, INC.'S ANSWERS TO SPECIAL INTERROGATORIES

PD.37695642.1

## ANSWERS TO SPECIAL INTERROGATORIES

### INTERROGATORY NO. 1:

Describe in detail the results of any and all efforts by MultiPlan to obtain, analyze, or undertake any review of the language contained in member's healthcare plans and whether MultiPlan's actions and use of Viant's OPR (often referred to as Facility R&C by the United Defendants) were consistent and/or permitted under said plans from January 1, 2015 to present.

### ANSWER:

MultiPlan objects to Interrogatory No. 1 as being vague and ambiguous, particularly with respect to the terms and/or phrases "results," "any and all efforts," "language contained in member's healthcare plans," "MultiPlan's actions," and "consistent and/or permitted," all of which are undefined and subject to differing interpretations.  MultiPlan also objects to this Interrogatory as overbroad and unduly burdensome, including on the ground that the phrase "member's healthcare plans" is not limited in any way. MultiPlan also objects to the extent this Interrogatory calls for a legal conclusion, is argumentative, unintelligible, and improperly assumes certain facts.  MultiPlan is not an insurance company, TPA, or other third-party payor, and it has no "members."  MultiPlan also does not administer health benefit plans or programs, nor does it adjudicate claims, pay claims, determine eligibility, allowed amounts, or rates of reimbursement.  MultiPlan further objects to the extent this Interrogatory assumes MultiPlan has access to or knowledge of any "healthcare plans," which assumption MultiPlan specifically denies. Similarly, MultiPlan objects to the extent this Interrogatory suggests that MultiPlan had obligations to take certain acts.  MultiPlan also objects to this Interrogatory on the grounds that it calls for a legal conclusion and privileged attorney work product by seeking information requiring legal analysis to determine whether something was "consistent and/or permitted" under certain contracts or agreements, which MultiPlan is not a party to and are the best evidence of their contents and speak for themselves.  Finally, objects to this Interrogatory insofar as information relating to "member's healthcare plans" would likely be in the possession, custody or control of other parties and is equally available to Plaintiffs as to MultiPlan.

- 4 -

Subject to and without waiving the General Objections or the foregoing specific objections, MultiPlan states that, as a general matter, it does not have access to or knowledge of any of its clients', including United's, plan documents.  Thus, it does not "obtain, analyze, or undertake any review of the language contained in member's healthcare plans."  Any such obligations, to the extent they exist, are those of MultiPlan's clients who administer health benefit plans or programs, adjudicate claims, pay claims, determine eligibility, allowed amounts, or rates of reimbursement. MultiPlan reserves the right to timely supplement and/or amend its answer to this Interrogatory.

**INTERROGATORY NO. 2:**

Describe in detail the results of any and all efforts by MultiPlan to obtain, analyze, or undertake any review of the language contained in member's healthcare plans and whether MultiPlan's actions and the PAD letters directing patients and their providers to contact You were consistent and/or permitted under said plans from January 1, 2015 to present.

**ANSWER:**

MultiPlan objects to Interrogatory No. 2 as being vague and ambiguous, particularly with respect to the terms and/or phrases "results," "any and all efforts," "language contained in member's healthcare plans," "MultiPlan's actions," and "consistent and/or permitted," all of which are undefined and subject to differing interpretations.  MultiPlan also objects to this Interrogatory as overbroad and unduly burdensome, including on the ground that the phrase "member's healthcare plans" is not limited in any way.  MultiPlan also objects to the extent this Interrogatory calls for a legal conclusion, is argumentative, unintelligible, and improperly assumes certain facts.  MultiPlan is not an insurance company, TPA, or other third-party payor, and it has no "members."   MultiPlan also does not administer health benefit plans or programs, nor does it adjudicate claims, pay claims, determine eligibility, allowed amounts, or rates of reimbursement.  MultiPlan further objects to the extent this Interrogatory assumes MultiPlan has access to or knowledge of any "healthcare plans," which assumption MultiPlan specifically denies. Similarly, MultiPlan objects to the extent this Interrogatory suggests that MultiPlan had obligations to take certain acts.  MultiPlan also objects to this Interrogatory on the grounds that it calls for a legal conclusion and privileged attorney work product by seeking

- 5 -

information requiring legal analysis to determine whether something was "consistent and/or permitted" under certain contracts or agreements, which MultiPlan is not a party to and are the best evidence of their contents and speak for themselves.  Finally, information relating to "member's healthcare plans" would likely be in the possession, custody or control of other parties and is equally available to Plaintiffs as to MultiPlan.

Subject to and without waiving the General Objections or the foregoing specific objections, MultiPlan states that, as a general matter, it does not have access to or knowledge of any of its clients', including United's, plan documents.  Thus, it does not "obtain, analyze, or undertake any review of the language contained in member's healthcare plans."  Any such obligations, to the extent they exist, are those of MultiPlan's clients who administer health benefit plans or programs, adjudicate claims, pay claims, determine eligibility, allowed amounts, or rates of reimbursement. Moreover, the language in the "PAD letters" speak for themselves. MultiPlan reserves the right to timely supplement and/or amend its answer to this Interrogatory.

**INTERROGATORY NO. 3:**

Describe in detail the results of any and all analysis, undertakings, in determining pricing rates using Viant OPR (including the data set, sample size, geographic distribution, *etc.*) for intensive outpatient claims from January 1, 2015 to present.

**ANSWER:**

MultiPlan objects to Interrogatory No. 3 as being vague and ambiguous, particularly with respect to the terms and/or phrases "results," "any and all analysis," "undertakings," and "determining pricing rates," all of which are undefined and subject to differing interpretations.  MultiPlan also objects to the extent this Interrogatory is argumentative and improperly assumes certain facts, including that MultiPlan "determine[s] pricing rates."  MultiPlan also objects to the extent this Interrogatory suggests that MultiPlan had obligations to take certain acts.  MultiPlan also objects to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections or the foregoing specific objections, MultiPlan states that intensive outpatient claims are priced the same by Viant as any other outpatient claims.  MultiPlan has already provided Plaintiffs in discovery, multiple times, with its Viant Facility U&C Outpatient Review (OPR) Module i.e., "whitepapers," which explain in detail the relevant Viant pricing process.  Thus, in accordance with Fed. R. Civ. P. 33(d), see documents previously produced. MultiPlan reserves the right to timely supplement and/or amend its answer to this Interrogatory.

**INTERROGATORY NO. 4:**

Describe in detail any and all efforts undertaken by You to obtain charge data for intensive outpatients (IOP) services from January 1, 2015 to present as well as any results or outcomes of such efforts.

**ANSWER:**

MultiPlan objects to Interrogatory No. 4 as being vague and ambiguous, particularly with respect to the terms and/or phrases "any and all efforts," "obtain charge data," and "results or outcomes," all of which are undefined and subject to differing interpretations.  MultiPlan also objects to this Interrogatory as overbroad and unduly burdensome on the ground that it seeks information relating to "any and all" such "efforts." MultiPlan also objects to the extent this Interrogatory suggests that MultiPlan had obligations to take certain acts.  MultiPlan further objects to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections or the foregoing specific objections, MultiPlan states that intensive outpatient claims are priced the same by Viant as any other outpatient claims.  MultiPlan has already provided Plaintiffs in discovery, multiple times, with its Viant Facility U&C Outpatient Review (OPR) Module i.e., "whitepapers," which explain in detail the relevant Viant pricing process, including the charge data it utilizes.  Thus, in accordance with Fed. R. Civ. P. 33(d), see documents previously produced. Moreover, and as more fully explained in the referenced documents, Viant OPR uses CMS' Standard Analytical Outpatient file, which includes data from

charges that providers submit to CMS.  This charge data comes from more than 5,800 hospitals and over 30,000 other outpatient facility providers. Viant purchases the Standard Analytical Outpatient File on an annual basis promptly after it becomes available and incorporates the new data into the Viant OPR database as soon as is practical. MultiPlan reserves the right to timely supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 5:**

Describe in detail Your processes and procedures from January 1, 2015 to present for negotiation services offered by Viant for IOP claims sent by United to You.

**ANSWER:**

MultiPlan objects to Interrogatory No. 5 as being vague and ambiguous, particularly with respect to the terms and/or phrases "processes and procedures" and "negotiation services," both of which are undefined and subject to differing interpretations. MultiPlan also objects to the extent this Interrogatory is argumentative and improperly assumes certain facts.  Viant does not offer "negotiation services" with members or patients as this Interrogatory suggests.  MultiPlan further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case.

Subject to and without waiving the General Objections or the foregoing specific objections, MultiPlan states that Viant offers services to address inquiries from both providers and United's members relating to priced claims and balance billing concerns. Viant's only involvement with individual members, like the Plaintiffs in this case, occurs when a member becomes aware of a potential balance bill after his or her receipt of a Patient Advocacy ("PAD") letter.  The services are initiated when a member contacts Viant's customer service unit with a question either via a phone call or e-mail.  After receiving an inquiry from a member relating to a balance bill, generally, the next step is that one of Viant's customer service representatives will reach out to the member to determine whether in fact the member is truly being balance billed.  If it is determined that the member is in fact being balance billed, Viant opens an inquiry and assigns it to its provider inquiry team to contact the

provider to attempt a resolution with the intent being obtaining the deepest savings for the member and reducing the balance bill. Once the Viant provider inquiry team members gets in touch with the provider, they explain to the provider the methodology and how the pricing was derived.  The provider inquiry team's negotiation parameters are based on the specific claim(s) at issue and the client's elections.  Following the negotiation with the provider, Viant sends a follow up letter to the member to outline the outcome of the attempt.  MultiPlan has also already provided Plaintiffs in discovery with documents regarding this process. Thus, in accordance with Fed. R. Civ. P. 33(d), see documents previously produced. MultiPlan reserves the right to timely supplement and/or amend its answer to this Interrogatory.

**INTERROGATORY NO. 6:**

Describe in detail the results of any and all analyses You conducted, considered, and/or reviewed regarding the implications of modifying or changing the percentile used by Viant in the pricing of IOP claims sent by United from January 1, 2015 to present.

**ANSWER:**

MultiPlan objects to Interrogatory No. 6 as being vague and ambiguous, particularly with respect to the terms and/or phrases "results," "any and all analysis," "implications," "modifying or changing," and "percentile used," which are undefined and subject to differing interpretations. MultiPlan also objects to the extent this Interrogatory is argumentative and improperly assumes certain facts.  MultiPlan also objects to the extent this Interrogatory suggests that MultiPlan had obligations to take certain acts.  MultiPlan also objects to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections or the foregoing specific objections, MultiPlan states that it has already provided Plaintiffs in discovery, multiple times, with its Viant Facility U&C Outpatient Review (OPR) Module i.e., "whitepapers," which explain in detail the relevant Viant pricing process, including the application of client selected percentiles.  Thus, in accordance with Fed. R. Civ. P. 33(d), see documents previously produced. Moreover, and as more

fully explained in the referenced documents, MultiPlan's clients select the percentile that will determine Viant's reimbursement recommendation and by establishing other review parameters to suit their needs.  Thus, MultiPlan will, upon request, present its clients with data and analyses regarding various percentiles in order for the clients to make an educated decision on the percentile that best suits their needs.  MultiPlan has also already provided Plaintiffs in discovery with documents regarding this subject. Thus, in accordance with Fed. R. Civ. P. 33(d), see documents previously produced. MultiPlan reserves the right to timely supplement and/or amend its answer to this Interrogatory.

**INTERROGATORY NO. 7:**

Describe in detail the cost to MultiPlan of processing an IOP claim sent by United to MultiPlan using Viant OPR from January 1, 2015 to present.

**ANSWER:**

MultiPlan objects to Interrogatory No. 7 as being vague and ambiguous, particularly with respect to the terms and/or phrases "the cost" and "processing," both of which are undefined and subject to differing interpretations.  MultiPlan also objects to the extent this Interrogatory is argumentative, unintelligible, and improperly assumes certain facts.  MultiPlan does not "process" any claims.  Subject to and without waiving the General Objections or the foregoing specific objections, MultiPlan states that it keeps no records of the cost of processing an IOP claim, and accordingly, has no "details" to provide. MultiPlan reserves the right to timely supplement and/or amend its answer to this Interrogatory.

**INTERROGATORY NO. 8:**

Describe in detail what steps, actions, policies, and/or procedures are taken by MultiPlan or its agents with regard to inquiries received by You from or regarding United's members who receive balance bills for out-of-network claims priced through Viant OPR from January 1, 2015 to present.

**ANSWER:**

MultiPlan objects to Interrogatory No. 8 as being vague and ambiguous, particularly with respect to the terms and/or phrases "steps," "actions," "policies, and/or procedures," and "inquiries"

- 10 -

all of which are undefined and subject to differing interpretations. MultiPlan also objects to the extent this Interrogatory is duplicative of Interrogatory No. 5, which MultiPlan fully answered above. MultiPlan further objects to this interrogatory as being overly broad as "agents" is undefined. MultiPlan further objects to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections or the foregoing specific objections, see MultiPlan's Answer to Interrogatory No. 5.  MultiPlan reserves the right to timely supplement and/or amend its answer to this Interrogatory.

**INTERROGATORY NO. 9:**

Describe in detail Your presentations, meetings, and/or discussions with United regarding the out-of-network market, including discussions of United's competitors, covering out-of-network mental health / substance use disorder claims from January 1, 2015 to present.

**ANSWER:**

 MultiPlan objects to Interrogatory No. 9 as being vague and ambiguous, particularly with respect to the phrase "discussions of United's competitors." MultiPlan also objects to this Interrogatory as overbroad and unduly burdensome on the ground that it seeks information relating to "presentations, meetings, and/or discussions" with one of MultiPlan's biggest clients over a seven-year period.  MultiPlan also objects to the extent this Interrogatory is argumentative and improperly assumes certain facts.  MultiPlan has contractual relationships with many of "United's competitors" and it does not share any specific confidential or proprietary information about its other clients with United.

Subject to and without waiving the General Objections or the foregoing specific objections, MultiPlan states that United is one of MultiPlan's largest clients, and thus, there are many meetings and discussions amongst the parties on a wide variety of topics. MultiPlan has already produced to Plaintiffs in discovery substantial documentation relating to its Client Advisory Board meetings, annual meetings, quarterly meetings, and other communications with United.  Thus, in accordance

with Fed. R. Civ. P. 33(d), see documents previously produced. MultiPlan reserves the right to timely supplement and/or amend its answer to this Interrogatory.

**INTERROGATORY NO. 10:**

Describe in detail any analysis, study, or other efforts undertaken by you to determine the frequency or rate that You received fees from United from the use of Viant OPR price including, but not limited to, the proportion of claims returned to United with a Viant OPR that applied the Viant OPR price from January 1, 2015 to present.

**ANSWER:**

MultiPlan objects to Interrogatory No. 10 as being vague and ambiguous, particularly with respect to the terms and/or phrases "analysis, study, or other efforts undertaken," "frequency or rate," "received fees," and "proportion of claims returned," all of which are undefined and subject to differing interpretations.  MultiPlan further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case. MultiPlan also objects to the extent this Interrogatory is argumentative, unintelligible, and improperly assumes certain facts, including that any such "analysis, study, or other efforts" have been undertaken. MultiPlan further objects to the extent this Interrogatory suggests that MultiPlan had obligations to take certain acts. Finally, MultiPlan also objects to this Interrogatory to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Objections or the foregoing specific objections, MultiPlan states that while its finance department keeps track of billing records for accounting purposes, it does not run any analyses or reports "to determine the frequency or rate that [MultiPlan] receives fees from United from the use of Viant OPR" as suggested by this Interrogatory. MultiPlan reserves the right to timely supplement and/or amend its answer to this Interrogatory.

**INTERROGATORY NO. 11:**

Describe in detail how telephonic member and/or provider inquiries or other similar calls to You are recorded stored, indexed, utilized, and how such recordings may be later retrieved and reviewed.

**ANSWER:**

MultiPlan objects to Interrogatory No. 11 as being vague and ambiguous, particularly with respect to the terms and/or phrases "telephonic […] inquiries," and "other similar calls," which are undefined and subject to differing interpretations. MultiPlan further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case. MultiPlan also objects to the extent this Interrogatory is argumentative and improperly assumes certain facts, including that there is a "storing" of any such recordings that "may be later retrieved and reviewed."  MultiPlan further objects to the extent this Interrogatory suggests that MultiPlan had obligations to take certain acts.

Subject to and without waiving the General Objections or the foregoing specific objections, MultiPlan states that some calls are recorded and indexed based on the date of the call, time of the call, the agent who handled the call, and the toll-free number used.  The call recordings reside on two systems of record, Cisco/OnviSource and Aspect/AQM.  MultiPlan's systems produce thousands of call recordings on a monthly basis, and the recordings are utilized for training and quality assurance purposes only. Due to the significant call volume, any search of these systems using the previously mentioned indexing information would result in thousands of results.  MultiPlan reserves the right to timely supplement and/or amend its answer to this Interrogatory.

1

2

3

4

5    DATED:  July 8, 2022

6                                              By:_____/s/ Errol J. King, Jr._____
                                                  Errol J. King, Jr. *(admitted pro hac vice)*
7                                                 Phelps Dunbar LLP
                                                  II City Plaza
8                                                 400 Convention Street, Suite 1100
                                                  Baton Rouge, Louisiana 70802
9                                                 Telephone: (225) 376-0207
                                                  Fax: (225) 381-9197
10

11                                                and

12                                                Moe Keshavarzi
                                                  David E. Dworsky
13                                                Sheppard, Mullin, Richter & Hampton LLP
                                                  333 South Hope Street, 43rd Floor
14                                                Los Angeles, CA 90071
                                                  Telephone: (213) 620-1780
15                                                Fax: (213) 620-1398

16                                                Attorneys for Defendant, MultiPlan, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MULTIPLAN, INC.'S ANSWERS TO SPECIAL INTERROGATORIES
PD.37695642.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July 2022 a copy of the foregoing was served via electronic mail upon all counsel of record .

Matthew M. Lavin, Esq. (pro hac vice) (Matt.Lavin@agg.com)

Aaron R. Modiano, Esq. (pro hac vice) (Aaron.Modiano@agg.com)

**ARNALL GOLDEN GREGORY LLP**

1775 Pennsylvania Avenue NW, Suite 1000

Washington, DC 20006

David M. Lilienstein, Esq. (CA SBN 218923) (david@dllawgroup.com)

Katie J. Spielman, Esq. (CA SBN 252209) (katie@dllawgroup.com)

**DL LAW GROUP**

345 Franklin Street

San Francisco, CA 94102

**Attorneys for Plaintiffs and Putative Class**

Lauren M. Blas, Esq. (CA SBN 296823) (lblas@gibsondunn.com)

Nicole R. Matthews, Esq. (CA SBN 328977) (nmatthews@gibsondunn.com)

**GIBSON, DUNN & CRUTCHER LLP**

333 South Grand Avenue

Los Angeles, CA 90071-3197

Geoffrey Sigler (pro hac vice) (gsigler@gibsondunn.com)

**GIBSON, DUNN & CRUTCHER LLP**

1050 Connecticut Avenue, N.W.

Washington, DC 20036-5306

**Attorneys for Defendant**

**UNITED BEHAVIORAL HEALTH**

/s/    *Errol J. King, Jr.*

PD.37695642.1

1
2
3
4
5

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
MOE KESHAVARZI, SBN 223759
E-Mail: mkeshavarzi@sheppardmullin.com
DAVID E. DWORSKY, SBN 272167
E-Mail: ddworsky@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, CA  90071
Telephone: (213) 620-1780
Fax:  (213) 620-1398

6
7
8
9

ERROL J. KING, JR. (*admitted pro hac vice*)
**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone:  (225) 376-0207
Fax:  (225) 381-9197
Errol.King@phelps.com

10

*Attorneys for Defendant, MultiPlan, Inc.*

11

### UNITED STATES DISTRICT COURT

12

### NORTHERN DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19
20

LD, DB, BW, RH, and CJ on behalf of
themselves and all others similarly situated,

       *Plaintiffs*,

v .

UNITED BEHAVIORAL HEALTH, INC.,
a California Corporation, and
MULTIPLAN, INC., a New York
Corporation,

       *Defendants*.

Case No. 4:20-cv-02255-YGR
Related Case: 4:20-cv-02249-YGR

**MULTIPLAN'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET
OF REQUESTS TO PRODUCE TO
DEFENDANT MULTIPLAN, INC.**

21
22
23

      Defendant MultiPlan, Inc. ("MultiPlan"), by and through its undersigned counsel, hereby

responds to Plaintiffs' First Set of Requests to Produce to Defendant MultiPlan, Inc. (the "Requests").

### PRELIMINARY STATEMENT AND OBJECTIONS

24
25
26
27
28

      MultiPlan has made diligent effort to respond to the Requests, but reserves the right to change,

amend, or supplement its responses and objections. MultiPlan also reserves the right to use discovered

documents and documents now known, but whose relevance, significance, or applicability has not yet

been ascertained. Additionally, MultiPlan does not waive its right to assert any and all applicable

privileges, doctrines, and protections, and hereby expressly states its intent and reserves its right to withhold responsive information on the basis of any and all applicable privileges, doctrines, and protections.

MultiPlan's responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving, its right, in this litigation or any subsequent proceeding, to object on any grounds to the use of documents produced in response to the Requests, including objecting on the basis of authenticity, foundation, relevancy, materiality, privilege, and admissibility of any documents produced in response to the Requests.

MultiPlan objects to a large number of the Requests on the basis that they are unintelligible. MultiPlan is a cost-containment company that contracts with third-party payors, such as insurance companies, employee benefit plans, self-funded insurance plans, health maintenance organizations, and third-party administrators ("TPAs"), to provide health care cost-management solutions, including network, negotiation, claim pricing, and/or payment accuracy services. However, MultiPlan itself is _not_ an insurance company, TPA, or other third-party payor. MultiPlan does not market, sell, sponsor, insure, issue, or administer health benefit plans or programs to or for any consumers.  MultiPlan does not assume any of the financial risk associated with the payment of any medical expenses incurred by members of its clients' health plans or programs. MultiPlan also does not determine eligibility, verify benefits, adjudicate or pay claims, or authorize services under any health benefit plans or programs in connection with any of the cost-containment services that it provides. Such financial and other obligations are solely those of the health plans with which MultiPlan contracts. Thus, a significant portion of Plaintiffs' Requests, insofar as they are directed towards MultiPlan, makes absolutely no sense. MultiPlan is not required to, and will not, engage in Plaintiffs' unfounded fishing expedition.

MultiPlan also objects to the Requests insofar as they seek information pertaining to products, services, and pricing methodologies not at issue in this case.  As currently pled, Plaintiffs' Complaint challenges the legitimacy of payments received on out-of-network claims for intensive outpatient ("IOP") programs for which reimbursement rates were calculated using Viant's OPR product. Accordingly, no other MultiPlan product, service, or pricing methodology is at issue in this case,

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

including, for example, Data iSight, as to which Plaintiffs seek information.  Therefore, MultiPlan objects to many Requests on the grounds that they seek information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

Likewise, a significant portion of the documents requested are in the possession, custody, or control of the Plaintiffs and/or other Defendants in this action.  To request them from MultiPlan is inappropriate, disproportionate, and a waste of resources,

Furthermore, many of the Requests are overbroad and unduly burdensome and would require MultiPlan to conduct individualized research on each and every potential claim and/or to search multiple systems and e-mail accounts for an unknown number of unidentified custodians in order to locate potentially responsive information and to potentially review thousands, if not tens or even hundreds of thousands, of pages of documents. Such a search would likely require numerous employees and hundreds of hours to complete, which would be clearly unduly burdensome and disproportionate to the needs of the case. Accordingly, MultiPlan's production of any non-privileged, responsive documents will be reasonably tailored to the needs of this specific case.

MultiPlan objects to each and every Request, Definition, and Instruction to the extent it purports to impose obligations on MultiPlan greater than or beyond those required under the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Civil Rules of the United States District Court for the Northern District of California ("Local Rules"), or the Parties' anticipated ESI Protocol.

MultiPlan objects to the Requests to the extent they do not define the Relevant Time Period. Many of the Requests request the production of documents from January 1, 2015 to the present, which MultiPlan objects to as overly broad and unduly burdensome.  Based on its current understanding of the facts, counsel for MultiPlan does not believe that Cigna began using the Viant OPR product for behavioral health outpatient facility claims until April 2016.  Moreover, during a meet and confer, Plaintiffs stated that the Relevant Time Period in this action should begin January 1, 2015 because RICO is subject to a five-year statute of limitations.  However, civil RICO claims are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987). Likewise, the statute of limitations for an ERISA claim for benefits, as supplied by California state

- 3 -

law, is four years.  *Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 648 (9th Cir. 2000).  Plaintiffs filed this action on April 2, 2020, meaning the Relevant Time Period should begin, at the absolute earliest, on April 2, 2016.  With very limited exceptions, MultiPlan does not believe that documents created earlier than April 2, 2016 are reasonably calculated to lead to the discovery of admissible evidence at this time.  As such, in responding and objecting to these Requests, MultiPlan will consider the Relevant Time Period to be April 2, 2016 to the present.

Finally, as stated throughout, MultiPlan reserves the right to amend, supplement, and correct its objections or responses as necessary.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. MultiPlan objects to Plaintiffs' definition of "Defendants" (as well as "You" and "Your") on the ground that it is vague, ambiguous, overly broad and unduly burdensome. In particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition. MultiPlan will respond to these Requests for Production of Documents only on behalf of MultiPlan, Inc. MultiPlan will not search for or produce materials beyond its possession, custody, or control. MultiPlan will answer the Requests only based upon its knowledge, materials and information in its possession, and belief formed after reasonable inquiry.

2. MultiPlan objects to Plaintiffs' definition of "person" on the ground that it is overly broad and unduly burdensome. In particular, Plaintiffs purport to sweep in various distinct persons and entities through this definition who are not proper parties to this case and not properly subject to discovery. MultiPlan will respond to these Requests for Production of Documents on behalf of MultiPlan, Inc., which is the named defendant in this case.  MultiPlan will not search for or produce materials beyond its possession, custody, or control. MultiPlan will answer the Requests only based upon its knowledge, materials and information in its possession, and belief formed after reasonable inquiry.

3. MultiPlan objects to the definition of "Facility R&C" on the grounds that it is vague, overly broad, and unduly burdensome in that it seeks information about programs that are not relevant to

- 4 -

Plaintiffs' claims and allegations in this case, which challenge Viant's OPR pricing for intensive outpatient programs.

4. MultiPlan objects to the definition of "Viant Facility UCR" on the grounds that it is vague, overly broad, and unduly burdensome in that it seeks information about programs that are not relevant to Plaintiffs' claims and allegations in this case, which challenge Viant's OPR pricing for intensive outpatient programs.

5. MultiPlan objects to Plaintiffs' definition of "document(s)" to the extent that it seeks to impose obligations on MultiPlan beyond those required by the Federal Rules. MultiPlan further objects to this definition to the extent it calls for production of electronic information that is not reasonably accessible, including any archived data or backup tapes that would be unduly burdensome to search or restore. MultiPlan will use the definition of "documents" set out in Federal R. Civ. P. 34.

6. MultiPlan objects to the "Instructions" accompanying the Requests to the extent they purport to impose any obligation on MultiPlan different from or greater than those imposed by the Federal Rules of Civil Procedure.

7. MultiPlan objects to the "Instructions" to the extent they seek to impose obligations on MultiPlan beyond what is contemplated by the Parties' Protective Order and the ESI Protocol. MultiPlan will produce documents in compliance with the Protective Order and the ESI Protocol.

8. MultiPlan objects to the Instructions to the extent they seek to impose an obligation on MultiPlan to "enter best estimates" if MultiPlan is unable to locate "accurate answers." It is unclear what Plaintiffs envision for this instruction, but regardless, if no responsive, non-privileged documents are in MultiPlan's possession, custody, or control, MultiPlan has no obligation – under the Federal Rules of Civil Procedure, the Local Rules, applicable case law, or Stipulated Order Regarding Discovery of Electronically Stored Information – to provide any "estimates."

**<u>RESPONSES AND OBJECTIONS TO</u>**

**<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

**<u>REQUEST FOR PRODUCTION NO. 1:</u>**

A spreadsheet identifying any and all claims from received from United with HCPCS Code H0015, H2036, S9480, from January 1, 2015 to present. For each individual healthcare claim at issue indicate in a spreadsheet:

a. The United and MultiPlan's Claim numbers;

b. Bill Type (HCFA UB, and Bill type Code, 131, 111, *etc.*);

c. Patient Information, Name, ID, Service Dates (to and from);

d. Provider Name and information

e. Service Zip code

f. Total Charge, and relevant Line Data that includes Line number, Line Charge, Revenue Code, Units, HCPCS/CPT codes, modifiers, service dates, any Line Exclude Amounts, non-covered amounts, or indicators denoting exclusion in whole or in part, and any and all line notes on how the line was handled;

g. Any Diagnosis Codes and Procedure Codes on the claim (*e.g.* ICD9 / ICD10 codes);

h. Any edits applied to reduce the claim including, but not limited to, any CCI edits, Proprietary edits, and/or unit reductions;

i. Denote any "assumed" information or codes applied or overwritten;

j. Denote any Missing Value Adds, assumed zip codes, assumed HCPCS/CPT codes, assumed Revenue Codes, any Default Codes applied, or similar;

k. Any UCR/UNC/U&C amount recommended by the Payer or Calculated for the Payer (*e.g.* any benchmark prices and their application);

l. Indicate the methodology/methodologies that priced the claim (*e.g.,* DiP, Negotiation, Viant, or other method or tool);

m. Indicate the hierarchy applied to the claim in processing;

- 6 -

n. For claims priced with DiP or DiS, the "pure" or "raw" Data iSight amount prior to the application of overrides or other rules as well as after;

o. For Viant claims, the percentile used to price the claim as well as the other prices / percentiles that were available to price the claim (*e.g.,* 50th, 60th, 70th, 80th, *etc.*) prior to the application of any overrides or other rules as well as after.

p. The 'target price' of the claim and source of the 'target price', if applicable, for the claims;

q. If Viant, indicate IPR, OPR, or Other;

r. If Viant OPR, indicate markups and markdowns used for each line;

s. The Multiplan priced amount returned to the Payer and the "Savings Amount" as calculated and indicated to the payer;

t. The underlying data used (CMS, IMS or other);

u. If priced using SAF, indicate the raw SAF amount for the claim before application of percentile;

v. List the percentile used or applied for with Markups or Calculation of factors;

w. For Viant what percentile was used from the data for each claim;

x. List Conversion factors used, RVU factor, Status code indicators (CMS), any inflation factors, adjustments used to localize the data (GPCIs, Wage indexes etc.), any add on allowances (outliers, indigent care factors, *etc.*);

y. Any other factors applied to the final price such as Overrides, Caps, Benchmark Pricing, Target Pricing, or amount changed on appeal, *etc.*;

z. All relevant underlying data sets related to the HCPCS that were applied to the claims at issue along with an indication of the dates those data sets were in use;

aa. For claims priced by Viant, the level of data (National, State or Local) that was used for the claim HCPCS/CPT code;

bb. For claims priced by Viant, the number of units or occurrences in the benchmark that were used; *i.e.* the number of occurrences for the HCPCS / CPT code in the underlying data and at what level (national, state, local);

cc. The corresponding Fair Health U&C amount for the same claim and same time period at the 70th and 80th percentile for each claim at issue;

dd. Any service codes for any pricing, *e.g.* bundling, packaging, not paid, primary procedure, secondary procedure, or similar;

ee. Any codes used in the pricing of the claims' lines or at the claim level.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product—no other MultiPlan product, service, or pricing methodology is at issue in this case, including MultiPlan's Data iSight product. MultiPlan further objects to this Request as overly broad and unduly burdensome. For example, this Request is overly broad and unduly burdensome to the extent it purports to require MultiPlan to create a "spreadsheet" specifically for this litigation containing "all" claims within a broadly defined category that includes multiple codes, including HCPCS Code H2036, that have no apparent connection to the IOP services at issue in the case. Furthermore, as framed, this Request is overly broad because it is not limited to claims "paid or adjudicated" using the Viant OPR data that Plaintiffs challenge in the Complaint. MultiPlan also objects to this Request as overly broad and unduly burdensome to the extent it purports to require MultiPlan to create a "spreadsheet" specifically for this litigation, which is beyond what is required by the Federal Rules. MultiPlan objects to this Request as vague and ambiguous, in that several of the terms used, including but not limited to "modifiers," "edits," "unit reductions," "assumed information," "missing value adds," "recommended," "benchmark pricing," "overrides," "percentile used," "hierarchy applied," "target price," "markups and markdowns," and "savings amount," are not defined or tied to the topics or services at issue in the case.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs regarding the parameters of a claim data summary regarding the putative class members' claims involving IOP services priced using Viant's OPR data that can be reasonably be produced by MultiPlan to satisfy this Request.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents, communications, records or data related to the named Plaintiffs in this action or their healthcare claims.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan further objects to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "[a]ny and all documents, communications, records or data" to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to the extent this Request is duplicative of other Requests. MultiPlan also objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are

- 9 -

Case No. 4:20-cv-02254-YGR
DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

1  responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its

2  response to this Request.

3  **REQUEST FOR PRODUCTION NO. 3:**

4      Any and all quarterly update/quarter in review PowerPoint presentations prepared by

5  MultiPlan for United covering the period of January 1, 2015, to present and any related

6  communications and correspondence.

7  **RESPONSE:**

8      MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

9  Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as

10 vague and ambiguous, in that the "quarterly update/quarter in review" documents are not defined or

11 tied to the topics or services at issue in the case. MultiPlan objects to this Request on the ground that

12 it seeks information not relevant to the claims or defenses of any party and not reasonably calculated

13 to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant

14 OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to

15 this Request as overly broad and unduly burdensome. By way of example only, this Request seeks

16 presentations that are that are not related to Viant's OPR pricing for intensive outpatient programs.

17 MultiPlan also objects to this Request on the grounds that it is overbroad, unduly burdensome, and

18 seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and

19 not proportional to the needs of the case to the extent it seeks "any" communications and

20 correspondence relating to such "presentations," such that is impossible for MultiPlan to know or

21 represent that all such documents have been or would be produced

22     Subject to and without waiving the Preliminary Statement and Objections, Objections to

23 Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

24 Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

25 can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

26 response to this Request.

27

28

1

**REQUEST FOR PRODUCTION NO. 4:**

2       A full and complete copy of the Network Access Agreement between UnitedHealthcare

3    Insurance Company and MultiPlan Inc, including the original agreement dated January 1, 2010 and

4    all subsequent amendments thereto.

5    **RESPONSE:**

6       MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

7    Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

8    the grounds that it seeks information not relevant to the claims or defenses of any party and not

9    reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

10    amendments having nothing to do with the Viant OPR data that Plaintiffs challenge in this case.

11    MultiPlan further objects to this Request as overly broad and unduly burdensome, in that it seeks

12    information about agreements that are not relevant to Plaintiffs' claims and allegations in this case,

13    which challenge Viant's OPR pricing for intensive outpatient programs. MultiPlan also objects to the

14    extent this Request seeks documents outside the time period properly subject to discovery for

15    Plaintiffs' claims and allegations in this case.

16       Subject to and without waiving the Preliminary Statement and Objections, Objections to

17    Definitions and Instructions, MultiPlan states that it will search for and produce non-privileged,

18    responsive contracts and amendments regarding Viant's OPR data relevant to the claims at issue that

19    were in effect during the putative class period pursuant to this Request.  MultiPlan reserves the right

20    to timely supplement and/or amend its response to this Request.

21    **REQUEST FOR PRODUCTION NO. 5:**

22       For the period January 1, 2015, to present, produce a report of all fees and/or revenue derived

23    from United's use of MultiPlan's Viant solution (OPR/IPR).

24    **RESPONSE:**

25       MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

26    Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as

27    being vague and ambiguous, particularly with respect to the phrase "fees and/or revenue derived,"

28

which is undefined and subject to differing interpretations such that MultiPlan is unable to determine what documents are potentially responsive to this Request. This vagueness, in turn, makes the Request unduly burdensome for MultiPlan to search for or locate responsive documents or to even understand the nature of the documents that Plaintiffs are requesting.  MultiPlan further objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody, and control, including but not limited to any documents that may be in the possession of United but not MultiPlan.  MultiPlan further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not proportional to the needs of the case to the extent it seeks a report showing "all" alleged "fees and/or revenue."  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan also objects to this Request as overly broad and unduly burdensome to the extent it purports to require MultiPlan to produce a "report" specifically for this litigation, which is beyond what is required by the Federal Rules.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

For the period January 1, 2015, to present, produce a report showing all actual fees paid and revenue to Multiplan specifically related to United's use of the Viant OPR solution.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as being vague and ambiguous, particularly with respect to the phrase "actual fees paid and revenue,"

which is undefined and subject to differing interpretations such that MultiPlan is unable to determine what documents are potentially responsive to this Request. This vagueness, in turn, makes the Request unduly burdensome for MultiPlan to search for or locate responsive documents or to even understand the nature of the documents that Plaintiffs are requesting.  MultiPlan further objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody, and control, including but not limited to any documents that may be in the possession of United but not MultiPlan.  MultiPlan further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not proportional to the needs of the case to the extent it seeks a report showing "all" alleged "fees paid and revenue."  MultiPlan also objects to this Request as overly broad and unduly burdensome to the extent it purports to require MultiPlan to produce a "report" specifically for this litigation, which is beyond what is required by the Federal Rules.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

For the period January 1, 2015, to present, produce a report showing all actual fees paid and revenue to Multiplan under the Network Access Agreement.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome as this Request seeks information about fees that are not limited to claims and allegations related to Viant's OPR

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

pricing for intensive outpatient programs. MultiPlan also objects to this Request as being vague and ambiguous, particularly with respect to the phrase "actual fees paid and revenue," which is undefined and subject to differing interpretations such that MultiPlan is unable to determine what documents are potentially responsive to this Request. This vagueness, in turn, makes the Request unduly burdensome for MultiPlan to search for or locate responsive documents or to even understand the nature of the documents that Plaintiffs are requesting. MultiPlan further objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody, and control, including but not limited to any documents that may be in the possession of United but not MultiPlan. MultiPlan also objects to this Request as overly broad and unduly burdensome to the extent it purports to require MultiPlan to produce a "report" specifically for this litigation, which is beyond what is required by the Federal Rules.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all "white papers" or modules pertaining to Facility R&C and/or Viant OPR from January 1, 2015 to present and all related communications and correspondence, both internal and external.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request as vague and ambiguous. By way of example only, the terms "white papers" and "modules" are undefined and, as written, could encompass reports or summaries regarding any and all issues in MultiPlan's possession. MultiPlan further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of

admissible evidence and not proportional to the needs of the case to the extent it seeks "Any and all whitepapers pertaining" to Viant OPR, without any further limitation, such that is impossible for MultiPlan to know or represent that all such documents have been or would be produced.  MultiPlan also objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all reports prepared by or relating to Dr. Bernard Siskin from January 1, 2015 to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan further objects to this Request as overly broad and unduly burdensome, to the extent it purports to request reports that are not relevant to Plaintiffs' claims and allegations in this case, which challenge Viant's OPR pricing for intensive outpatient programs. To the extent applicable, MultiPlan also objects to this Request on the grounds that it is premature.  In the event MultiPlan chooses to retain an expert witness in this case, it will disclose any expert reports in accordance with the Federal Rules of Civil Procedure, Local Rules, and any applicable case management order.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all communications either internally at Multiplan, or externally with United, relating to Dr. Bernard Siskin from January 1, 2015 to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request to the extent that it is duplicative of Request No. 9.  MultiPlan also objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan further objects to this Request as overly broad and unduly burdensome, to the extent it purports to request reports that are not relevant to Plaintiffs' claims and allegations in this case, which challenge Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  To the extent applicable, MultiPlan also objects to this Request on the grounds that it is premature.  In the event MultiPlan chooses to retain an expert witness in this case, it will disclose any expert reports in accordance with the Federal Rules of Civil Procedure, Local Rules, and any applicable case management order.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

- 16 -

1   can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

2   response to this Request.

3   **REQUEST FOR PRODUCTION NO. 11:**

4   Any and all correspondence or communications with Dr. Bernard Siskin from January 1, 2015

5   to present.

6   **RESPONSE:**

7   MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

8   Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request to

9   the extent that it is duplicative of Requests No. 9 and 10.  MultiPlan also objects to this Request on

10  the ground that it seeks information not relevant to the claims or defenses of any party and not

11  reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

12  information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this

13  case.  MultiPlan further objects to this Request as overly broad and unduly burdensome, to the extent

14  it purports to request reports that are not relevant to Plaintiffs' claims and allegations in this case,

15  which challenge Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to

16  this Request on the grounds that it seeks information which is subject to a claim of privilege or which

17  is otherwise protected from disclosure by, including without limitation, the attorney-client privilege

18  or the attorney work product doctrine.  To the extent applicable, MultiPlan also objects to this Request

19  on the grounds that it is premature.  In the event MultiPlan chooses to retain an expert witness in this

20  case, it will disclose any expert reports in accordance with the Federal Rules of Civil Procedure, Local

21  Rules, and any applicable case management order.

22  Subject to and without waiving the Preliminary Statement and Objections, Objections to

23  Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

24  Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

25  can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

26  response to this Request.

27

28

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

**REQUEST FOR PRODUCTION NO. 12:**

For the period January 1, 2015, all internal communications and correspondence referencing "H0015".

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as vague and ambiguous, particularly with respect to the term "H0015." MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all" such "communications and correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan also objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

For the period January 1, 2015, all external communications and correspondence referencing "H0015."

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as

vague and ambiguous, particularly with respect to the term "H0015." MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody, and control, including but not limited to any documents that may be in the possession of other parties and/or non-parties. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all" such "communications and correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

For the period January 1, 2015, all external communications and correspondence referencing "SAF" or the Standard Analytical File.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request as vague and ambiguous, particularly with respect to the phrase "Standard Analytical File." MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody, and control, including but not limited to any documents

that may be in the possession of other parties and/or non-parties. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all" such "communications and correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

For the period January 1, 2015, all internal communications and correspondence referencing "SAF" or the Standard Analytical File, including communications regarding the purchase of the file and any analysis undertaken of the file.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as vague and ambiguous, particularly with respect to the phrases "Standard Analytical File," "purchase of the file" and "analysis undertaken." Likewise, MultiPlan objects to the extent this Request is argumentative and assumes facts.  MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody, and control, including but not limited to any documents  that may be in the possession of other parties and/or non-parties. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all" such "communications and correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan also objects

- 20 -

to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

For the period January 1, 2015, all internal or external communications referencing "crosswalk" or "crosswalking" of claims priced through Viant OPR.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all" communications and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the terms "crosswalk" and "crosswalking" are vague and undefined. MultiPlan also objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable

- 21 -

search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all presentations prepared by MultiPlan for United relating to enhancing United's competitive position in the healthcare market and any related correspondence.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as the phrase "competitive position in the healthcare market" is vague and ambiguous.  MultiPlan also objects to the extent this Request is argumentative and assumes fact, including that any such presentations exist.  MultiPlan also objects to this Request as not being limited to a relevant time period.  MultiPlan further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case to the extent it seeks "[a]ny and all" such presentations.  MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan also objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

For the period January 1, 2015, to the present, produce any and all quarterly update/quarter in review PowerPoint slide deck presentations prepared by MultiPlan for United or presented to United.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request to the extent that it is duplicative of Request No. 3. MultiPlan further objects to this Request as vague and ambiguous, in that the "quarterly update/quarter in review" documents are not defined or tied to the topics or services at issue in the case. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome. By way of example only, this Request seeks presentations that are that are not related to Viant's OPR pricing for intensive outpatient programs.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

For the period of January 1, 2015, to present, any and all correspondence relating to the regular quarterly meetings between United and MultiPlan.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

- 23 -

1  information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this

2  case. MultiPlan further objects to this Request as overly broad and unduly burdensome as this Request

3  seeks information about meetings that are not related to Viant's OPR pricing for intensive outpatient

4  programs. MultiPlan objects to this Request as vague and ambiguous, in that the "quarterly meeting"

5  documents are not defined or tied to the topics or services at issue in the case.  MultiPlan also objects

6  to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is

7  not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the

8  needs of the case to the extent it seeks "any and all correspondence" relating to such "quarterly

9  meetings," such that is impossible for MultiPlan to know or represent that all such documents have

10  been or would be produced.

11      Subject to and without waiving the Preliminary Statement and Objections, Objections to

12  Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

13  Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable

14  search protocol to identify non-privileged documents in its possession, custody, and control that are

15  responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its

16  response to this Request.

17  **REQUEST FOR PRODUCTION NO. 20:**

18      For the period of January 1, 2015, to present, any and all WebEx or other recordings of

19  quarterly meetings between United and MultiPlan covering the period of January 1, 2015 to present.

20  **RESPONSE:**

21      MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

22  Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

23  the ground that it seeks information not relevant to the claims or defenses of any party and not

24  reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

25  information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this

26  case. MultiPlan further objects to this Request as overly broad and unduly burdensome as this Request

27  seeks information about meetings that are not related to Viant's OPR pricing for intensive outpatient

28

- 24 -

programs. MultiPlan objects to this Request as vague and ambiguous, in that the phrase "quarterly meeting" is not defined or tied to the topics or services at issue in the case. MultiPlan also objects to this Request on the grounds that it is argumentative and assumes facts, including that any such recordings exist.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, and based on MultiPlan's understanding of what is being requested, MultiPlan states that it has no documents in its possession, custody, or control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

For the period of January 1, 2015, to present, any and all agendas prepared for any meetings, including quarterly meetings, between United and MultiPlan covering the period of January 1, 2015 to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome. For example, this Request seeks information about meetings that are not related to Viant's pricing methods for intensive outpatient programs. MultiPlan objects to this Request as vague and ambiguous in that the phrases "quarterly meetings" and "agendas" are not undefined and subject to differing interpretations such that MultiPlan is unable to determine what documents are potentially responsive to this Request. MultiPlan also objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case to the extent it seeks "any and all" of these alleged "agendas,"

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

1  such that it is impossible for MultiPlan to know or represent that all such documents have been or

2  would be produced.

3      Subject to and without waiving the Preliminary Statement and Objections, Objections to

4  Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

5  Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

6  can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

7  response to this Request.

8  **REQUEST FOR PRODUCTION NO. 22:**

9      For the period of January 1, 2015, to present, any and all "white papers," documents entitled

10  "Viant Facility U&C Review – Outpatient Review (OPR) Module" or summaries of methodologies

11  prepared by MultiPlan concerning or applicable to OON outpatient claim pricing that includes or

12  relates to MultiPlan's Viant OPR medical reimbursement analysis solution or the pricing of Facility

13  R&C claims and any related correspondence.

14  **RESPONSE:**

15      MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

16  Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as

17  vague and ambiguous. By way of example only, the term "white papers" is undefined and, as written,

18  could encompass reports or summaries regarding completely irrelevant issues in MultiPlan's

19  possession. MultiPlan further objects to this Request on the grounds that it is overbroad, unduly

20  burdensome, and seeks information that is not reasonably calculated to lead to the discovery of

21  admissible evidence and not proportional to the needs of the case to the extent it seeks "any and all"

22  such whitepapers, such that is impossible for MultiPlan to know or represent that all such documents

23  have been or would be produced.  MultiPlan also objects to this Request on the grounds that it is

24  argumentative and assumes facts, including that any such relevant "white papers" with such titles exist.

25  MultiPlan further objects to this Request to the extent it seeks information which is subject to a claim

26  of privilege or which is otherwise protected from disclosure by, including without limitation, the

27  attorney-client privilege or the attorney work product doctrine.

28

1    Subject to and without waiving the Preliminary Statement and Objections, Objections to

2   Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

3   Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

4   can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

5   response to this Request.

6   **REQUEST FOR PRODUCTION NO. 23:**

7    For the period January 1, 2015, to the present, any and all documents related to United's

8   selection of Multiple Procedure Parameters ("MPR") to be used by Multiplan in pricing Facility R&C,

9   Viant OPR and/or OON outpatient claims, and all related correspondence.

10  **RESPONSE:**

11   MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

12  Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

13  the ground that it seeks information not relevant to the claims or defenses of any party and not

14  reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

15  information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this

16  case. MultiPlan further objects to this Request as overly broad and unduly burdensome, in that it seeks

17  information about programs that are not relevant to Plaintiffs' claims and allegations in this case,

18  which challenge Viant's OPR pricing for intensive outpatient programs.  MultiPlan further objects to

19  this Request as vague and ambiguous. For example, the term "Multiple Procedure Parameters" is

20  vague and ambiguous because it is undefined.  MultiPlan further objects to this Request to the extent

21  it seeks information outside of MultiPlan's possession, custody, and control, including but not limited

22  to any documents that may be in the possession of United but not MultiPlan.

23   Subject to and without waiving the Preliminary Statement and Objections, Objections to

24  Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

25  Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

26  can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

27  response to this Request.

28

**REQUEST FOR PRODUCTION NO. 24:**

For the period January 1, 2015, to the present, any and all Viant Specialty Reports.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as vague and ambiguous as the term "Viant Specialty Reports" is undefined and, as written, could potentially encompass reports or summaries regarding many irrelevant issues in MultiPlan's possession. MultiPlan further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case to the extent it seeks "[a]ny and all" such "Specialty Reports," without any limitation relating to the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan also objects to the extent this Request is argumentative and assumes facts, including that any such documents called "Viant Specialty Reports" exist.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

For the period of January 1, 2015, to present, any and all documents, both internal and external, relating to Viant OPR/Facility R&C Default Rates applied to OON mental health / behavioral health claims when the Viant OPR/Facility R&C methodology does not have a rate available.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

- 28 -

the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome, in that it seeks information about programs that are not relevant to Plaintiffs' claims and allegations in this case, which challenge Viant's OPR pricing for intensive outpatient programs.  MultiPlan further objects to the phrase "Viant OPR/Facility R&C Default Rates" and "Viant OPR/Facility R&C methodology" as vague and ambiguous because those phrases are undefined.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

For the period of January 1, 2015, to present, all correspondence to or from Emma Johnson, Rebecca Paradise, or Sarah Peterson referencing reports by Dr. Siskin.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request to the extent that it is duplicative of other Requests.  MultiPlan also objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan further objects to this Request as overly broad and unduly burdensome, to the extent it purports to request reports that are not relevant to Plaintiffs' claims and allegations in this case, which challenge Viant's OPR pricing for intensive outpatient programs. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.

MultiPlan further objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. To the extent applicable, MultiPlan also objects to this Request on the grounds that it is premature. In the event MultiPlan chooses to retain an expert witness in this case, it will disclose any expert reports in accordance with the Federal Rules of Civil Procedure, Local Rules, and any applicable case management order.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

For the period January 1, 2015, to present, produce all documents and correspondence related to MultiPlan vendor fees paid by United to MultiPlan.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request to the extent it is duplicative of other Requests. MultiPlan further objects to this Request as being vague and ambiguous, particularly with respect to the phrase "vendor fees," which is undefined and subject to differing interpretations such that MultiPlan is unable to determine what documents are potentially responsive to this Request. This vagueness, in turn, makes the Request unduly burdensome for MultiPlan to search for or locate responsive documents or to even understand the nature of the documents that Plaintiffs are requesting. MultiPlan further objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody, and control, including but not limited to any documents that may be in the possession of United but not MultiPlan. MultiPlan further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not proportional to the needs of the case to the extent it seeks documents and correspondence "related" to

- 30 -

"all" alleged "vendor fees."  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

For the period January 1, 2015, to present, produce all internal presentations including PowerPoint slide decks and spreadsheets related to Viant OPR/Facility R&C fees paid by United.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request to the extent it is duplicative of other Requests. MultiPlan further objects to this Request as vague and ambiguous, in that the phrases "internal presentations" and "fees" are undefined and subject to differing interpretations such that MultiPlan is unable to determine what documents are potentially responsive to this Request. This vagueness, in turn, makes the Request unduly burdensome for MultiPlan to search for or locate responsive documents or to even understand the nature of the documents that Plaintiffs are requesting.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information relating to "fees" beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. Accordingly, MultiPlan further objects to this Request as overly broad and unduly burdensome.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

1    Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

2    can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

3    response to this Request.

4    **REQUEST FOR PRODUCTION NO. 29:**

5        For the period January 1, 2015, to the present, any and all presentations prepared by MultiPlan

6    relating to enhancing United's competitive position in the healthcare market, or "landscape", and any

7    related correspondence.

8    **RESPONSE:**

9        MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

10   Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as

11   being duplicative of Request No. 17.  MultiPlan also objects to the phrases "competitive position in

12   the healthcare market" or "landscape" as being vague and ambiguous.  MultiPlan also objects to the

13   extent this Request is argumentative and assumes facts, including that any such presentations exist.

14   MultiPlan further objects to this Request on the grounds that it is overbroad, unduly burdensome, and

15   seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and

16   not proportional to the needs of the case to the extent it seeks "[a]ny and all" such presentations or

17   related correspondence.  MultiPlan further objects to this Request on the ground that it seeks

18   information not relevant to the claims or defenses of any party and not reasonably calculated to lead

19   to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR

20   data used to price IOP services that Plaintiffs challenge in this case.

21       Subject to and without waiving the Preliminary Statement and Objections, Objections to

22   Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

23   Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

24   can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

25   response to this Request.

26

27

28

**REQUEST FOR PRODUCTION NO. 30:**

For the period January 1, 2015, to present, any and all correspondence, presentation, PowerPoint slide decks or reports, either internal or external, relating to changes in OPR percentiles and/or the pricing of OON outpatient claims. This request includes email correspondence to, from or including any of the following: Rebecca Paradise, John Haben, Sarah Peterson, Ray Lopez, Jacqueline Kienzle, Emma Johnson, Mark Edwards, Dale White, and Tina Smith.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all correspondence, presentation[s], PowerPoint slide decks or reports" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. For example, this Request is overly broad and unduly burdensome because the Request, which asks for documents involving, among other things, "the pricing of OON outpatient claims," is not limited to materials related to Viant's OPR pricing for intensive outpatient programs. MultiPlan also objects to the extent this Request is argumentative and assumes facts, including that any of the individuals named in the Request, some of whom are no longer MultiPlan employees, have either relevant or responsive "e-mail correspondence." Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

- 33 -

1  can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

2  response to this Request.

3  **REQUEST FOR PRODUCTION NO. 31:**

4  For the period January 1, 2015, to present, any and all internal PowerPoint slide deck

5  presentations, models, spreadsheets, or projections relating to changes in Facility R&C pricing and/or

6  Viant OPR percentiles applied to OON outpatient claims.

7  **RESPONSE:**

8  MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

9  Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

10  the ground that it seeks information not relevant to the claims or defenses of any party and not

11  reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

12  information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this

13  case.  For example, the Request seeks information about "presentations, models, spreadsheets or

14  projections" that are not limited to claims and allegations related to Viant's pricing methods for

15  intensive outpatient programs. MultiPlan further objects to this Request as overly broad and unduly

16  burdensome on the ground that it seeks "any and all" such documents and to the extent it seeks

17  information not related to Viant's OPR pricing for intensive outpatient programs.  MultiPlan also

18  objects to the extent this Request is argumentative and assumes facts, including that such presentations

19  exist.

20  Subject to and without waiving the Preliminary Statement and Objections, Objections to

21  Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

22  Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

23  can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

24  response to this Request.

25

26

27

28

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

1

**REQUEST FOR PRODUCTION NO. 32:**

2

3

For the period January 1, 2015, to present, any and all internal presentations, PowerPoint slide decks, spreadsheets, models, or projections relating fees resulting from changes in Facility R&C pricing and/or Viant OPR percentiles applied to United's OON outpatient claims.

4

5

**RESPONSE:**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as vague and ambiguous, in that the phrases "internal presentations" and "fees" are undefined and subject to differing interpretations such that MultiPlan is unable to determine what documents are potentially responsive to this Request. This vagueness, in turn, makes the Request unduly burdensome for MultiPlan to search for or locate responsive documents or to even understand the nature of the documents that Plaintiffs are requesting.  MultiPlan also objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  For example, the Request seeks information about "presentations, models, spreadsheets or projections" that are not limited to claims and allegations related to Viant's pricing methods for intensive outpatient programs. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all" such documents "relating [to] fees" and to the extent it seeks information not related to Viant's OPR pricing for intensive outpatient programs. MultiPlan also objects to the extent this Request is argumentative and assumes facts, including that such documents exist.

22

23

24

25

26

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

27

28

**REQUEST FOR PRODUCTION NO. 33:**

For the period of January 1, 2015, to present, any and all internal presentations or projections relating to changes in Facility R&C and/or OPR percentiles prepared by any individuals employed in MultiPlan's Healthcare Economics department.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as vague and ambiguous, in that the phrases "internal presentations" and "projections" are undefined and subject to differing interpretations such that MultiPlan is unable to determine what documents are potentially responsive to this Request. This vagueness, in turn, makes the Request unduly burdensome for MultiPlan to search for or locate responsive documents or to even understand the nature of the documents that Plaintiffs are requesting.  MultiPlan further objects to this Request on the grounds that the term "Healthcare Economics department" is vague and undefined. MultiPlan also objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  For example, the Request seeks information about "presentations or projections" that are not limited to claims and allegations related to Viant's pricing methods for intensive outpatient programs. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all" such documents and to the extent it seeks information not related to Viant's OPR pricing for intensive outpatient programs. MultiPlan also objects to the extent this Request is argumentative and assumes facts, including that such documents exist.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

1

**REQUEST FOR PRODUCTION NO. 34:**

2

For the period of January 1, 2015, to present, any and all internal presentations or projections

3

relating to changes in Facility R&C and/or OPR percentiles prepared by any individuals employed in

4

MultiPlan's Marketing department.

5

**RESPONSE:**

6

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

7

Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request as

8

vague and ambiguous, in that the phrases "internal presentations" and "projections" are undefined and

9

subject to differing interpretations such that MultiPlan is unable to determine what documents are

10

potentially responsive to this Request. This vagueness, in turn, makes the Request unduly burdensome

11

for MultiPlan to search for or locate responsive documents or to even understand the nature of the

12

documents that Plaintiffs are requesting. MultiPlan further objects to this Request on the grounds that

13

the term "MultiPlan's Marketing department" is vague and undefined. MultiPlan also objects to this

14

Request on the ground that it seeks information not relevant to the claims or defenses of any party and

15

not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

16

information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this

17

case. For example, the Request seeks information about "presentations or projections" that are not

18

limited to claims and allegations related to Viant's pricing methods for intensive outpatient programs.

19

MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that

20

it seeks "any and all" such documents and to the extent it seeks information not related to Viant's OPR

21

pricing for intensive outpatient programs. MultiPlan also objects to the extent this Request is

22

argumentative and assumes facts, including that such documents exist.

23

Subject to and without waiving the Preliminary Statement and Objections, Objections to

24

Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

25

Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

26

can reasonably be provided. MultiPlan reserves the right to timely supplement and/or amend its

27

response to this Request.

28

Case No. 4:20-cv-02254-YGR
DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

1

**REQUEST FOR PRODUCTION NO. 35:**

2

3

For the period January 1, 2015, to present, any and all communications and documents relating to changing Facility R&C/Viant OPR percentiles, including for the Facility R&C/Viant OPR percentile reduction changes occurring in 2018 and 2020, and the Facility R&C Compare implementation occurring in 2018.

4

5

6

**RESPONSE:**

7

8

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as vague and ambiguous, in that the phrases "changing Facility R&C/Viant OPR percentiles" and "Facility R&C Compare" is undefined and subject to differing interpretations such that MultiPlan is unable to determine what documents are potentially responsive to this Request. This vagueness, in turn, makes the Request unduly burdensome for MultiPlan to search for or locate responsive documents or to even understand the nature of the documents that Plaintiffs are requesting.  MultiPlan also objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  For example, the Request seeks information that is not limited to claims and allegations related to Viant's pricing methods for intensive outpatient programs. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all" such "communications and documents" and to the extent it seeks information not related to Viant's OPR pricing for intensive outpatient programs. MultiPlan also objects to the extent this Request is argumentative and assumes facts.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are

25

26

27

28

- 38 -

1  responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its

2  response to this Request.

3  **REQUEST FOR PRODUCTION NO. 36:**

4      For the period January 1, 2015, to present, all Change Request Forms, and related

5  correspondence with attachments, prepared by United and transmitted to Multiplan regarding

6  reductions in OPR percentiles and Facility Benchmark Pricing.

7  **RESPONSE:**

8      MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

9  Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

10  the ground that it seeks information not relevant to the claims or defenses of any party and not

11  reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

12  information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this

13  case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground

14  that it seeks "all Change Request Forms, and related correspondence" to the extent it seeks information

15  not related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this

16  Request on the grounds that the terms "Change Request Form" and "OPR percentiles and Facility

17  Benchmark Pricing" are vague and undefined.

18      Subject to and without waiving the Preliminary Statement and Objections, Objections to

19  Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

20  Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

21  can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

22  response to this Request.

23  **REQUEST FOR PRODUCTION NO. 37:**

24      For the period January 1, 2015, to present, any and all correspondence, both internal and

25  external, and documents related to the appeal of Facility R&C/Viant OPR claims, *i.e.*, rules regarding

26  appeals and appeal negotiation parameters set by United, for Facility R&C/Viant OPR claims.

27

28

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE
PD.35438153.1

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all correspondence . . . and documents" and to the extent it seeks information not related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the terms "appeal" and "appeal negotiation parameters" are vague and undefined. MultiPlan further objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

For the period January 1, 2015, to present, all scripts used by MultiPlan claims reviewers, negotiators and call center representatives to address inquiries related to Viant OPR priced claims.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all scripts" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the terms "scripts," "claims reviewers," "negotiators," and "call center representatives" are vague and undefined.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

### REQUEST FOR PRODUCTION NO. 39:

For the period January 1, 2015, to present, all training manuals, procedures, employee handbooks and any others similar materials utilized by MultiPlan claims reviewers, negotiators and call center representatives to address inquiries related to Viant OPR priced claims.

### RESPONSE:

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all training manuals, procedures, employee handbooks and any others similar materials" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the terms "training manuals," "procedures," "employee handbooks," "claims reviewers," "negotiators," and "call center

- 41 -

representatives" are vague and undefined. MultiPlan also objects to the extent this Request is argumentative and assumes facts, including that any such materials exist.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

For the period January 1, 2015, all communications to or from Lisa Miller and Multiplan and/or Viant employees regarding policies, procedures or parameters for addressing inquiries related to claims priced by Viant OPR.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all" such communications to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case. MultiPlan further objects to this Request on the grounds that the terms "policies," "procedures," "parameters," and "inquiries" are vague and undefined. MultiPlan also objects to the extent this Request is argumentative and assumes facts, including that any such materials exist. MultiPlan further objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

For the period January 1, 2015, all communications to or from Susan Dominy and Multiplan and/or Viant employees regarding policies, procedures or parameters for addressing inquiries related claims priced by Viant OPR.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all" such communications to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.  MultiPlan further objects to this Request on the grounds that the terms "policies," "procedures," "parameters," and "inquiries" are vague and undefined.  MultiPlan also objects to the extent this Request is argumentative and assumes facts, including that any such materials exist. MultiPlan further objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

- 43 -

Case No. 4:20-cv-02254-YGR
DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

For the period January 1, 2015, all communications to or from Michael Bandomer and Multiplan/or Viant employees regarding policies, procedures or parameters for addressing inquiries related to claims priced by Viant OPR.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all" such communications to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  Mr. Bandomer deals exclusively with Data iSight, so he is not likely to have information relevant to this case, because based on a plain reading of Plaintiffs' Complaint, MultiPlan's Data iSight product is not at issue in this case. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.  MultiPlan further objects to this Request on the grounds that the terms "policies," "procedures," "parameters," and "inquiries" are vague and undefined.  MultiPlan also objects to the extent this Request is argumentative and assumes facts, including that any such materials exist. MultiPlan further objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

PD.35438153.1

**REQUEST FOR PRODUCTION NO. 43:**

For the period January 1, 2015, to present, produce a report showing all disputed claims that had been initially priced by Viant OPR but were later adjusted and/or negotiated by MultiPlan.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome to the extent the Request is not limited to Viant's OPR pricing for intensive outpatient programs and to the extent it purports to require to MultiPlan to produce a "report" specifically for this litigation beyond what is required by the Federal Rules. MultiPlan further objects to this Request on the grounds that the terms "disputed claims" and "adjusted and/or negotiated" are vague and undefined.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

For the period January 1, 2015, to present, any and all documents related to dispute procedures in response to provider balance billing for Facility R&C claims.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "dispute procedures." MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

## REQUEST FOR PRODUCTION NO. 45:

For the period of January 1, 2015, to present, any and all documents related to Patient Advocacy policies and procedures for Viant OPR / Facility R&C claims.

## RESPONSE:

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the phrase "Patient Advocacy policies and procedures" is vague and undefined.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

- 46 -

can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

For the period of January 1, 2015, to present, any and all documents, correspondence, PowerPoint slide decks and spreadsheets, both internal and external, relating to Viant OPR/Facility R&C Default Rates applied to OON mental health/behavioral health claims when the Viant OPR/Facility R&C methodology does not have a rate available.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the grounds that it is clearly duplicative of Request No. 25.  In fact, it is substantively identical. Accordingly, *see* Multiplan's Responses and Objections to Request No. 25, which are expressly referred to and incorporated herein.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

For the period of January 1, 2015, to present, any and all documents relating to any pricing methodology applied to OON UB claims that either contained HCPS/CPT code H0015 or had HCPS/CPT code H0015 appended after the claims were submitted.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related

- 47 -

to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "pricing methodology."

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.   MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

For the period of January 1, 2015, to present, any and all documents relating to the methodology or solution applied to BMP-eligible claims sent to Viant Facility U&C where the Viant Facility U&C allowed amount exceeded the Benchmark Pricing Target amount returned from MultiPlan's DUKE system with O43 or O44 return codes.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all"  such documents and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request as vague and ambiguous, on the ground that the terms "methodology or solution," "BMP-eligible claims," "MultiPlan's DUKE system," "Viant Facility U&C," and "O43 or O43 return codes" are undefined.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

1  Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable

2  search protocol to identify non-privileged documents in its possession, custody, and control that are

3  responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its

4  response to this Request.

5  **REQUEST FOR PRODUCTION NO. 49:**

6      For the period of January 1, 2015, to present, any and all presentations, PowerPoint slide decks,

7  and spreadsheets, prepared for regular Governance Meetings between United and Multiplan.

8  **RESPONSE:**

9      MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

10  Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

11  the ground that it seeks information not relevant to the claims or defenses of any party and not

12  reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

13  information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this

14  case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground

15  that it seeks "any and all presentations, PowerPoint slide decks, and spreadsheets" and to the extent it

16  seeks information not related Viant's OPR pricing for intensive outpatient programs. MultiPlan further

17  objects to this Request on the grounds that the term "Governance Meetings" is vague and undefined.

18  MultiPlan further objects to this Request to the extent it seeks information outside of MultiPlan's

19  possession, custody, and control, including but not limited to any documents that may be in the

20  possession of United but not MultiPlan.

21      Subject to and without waiving the Preliminary Statement and Objections, Objections to

22  Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

23  Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

24  can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

25  response to this Request.

26

27

28

**REQUEST FOR PRODUCTION NO. 50:**

For the period of January 1, 2015, to present, any and all agendas for United and MultiPlan's Governance and Operations Meetings with United.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all agendas" and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the terms "agendas" and "Governance and Operations Meetings" are vague and undefined. MultiPlan further objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody, and control, including but not limited to any documents that may be in the possession of United but not MultiPlan.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

For the period of January 1, 2015, to present, any and all correspondence concerning United and MultiPlan's Governance and Operations Meetings with United.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on

PD.35438153.1

the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all correspondence" and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the terms "Governance Meetings" and "Operations Meetings" are vague and undefined. MultiPlan further objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody, and control, including but not limited to any documents that may be in the possession of United but not MultiPlan.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

For the period of January 1, 2015, to present, any and all WebEx or other recordings of United and MultiPlan's Governance Meetings from 2015 to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all WebEx or other recordings" and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on

the grounds that the term "Governance Meetings" is vague and undefined. MultiPlan further objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody, and control, including but not limited to any documents that may be in the possession of United but not MultiPlan.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, and based on MultiPlan's understanding of what is being requested, MultiPlan states that it has no documents in its possession, custody, or control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

### REQUEST FOR PRODUCTION NO. 53:

For the period of January 1, 2015, to present, any and all documents or correspondence concerning any meetings between United and Multiplan occurring from January 1, 2015, to present.

### RESPONSE:

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents or correspondence concerning any meetings" and to the extent it seeks information not related to Viant's pricing methods for intensive outpatient programs. MultiPlan further objects to this request to the extent it is duplicative of several of Plaintiffs' other Requests. MultiPlan further objects to this Request on the grounds that the term "meetings" is vague and undefined. MultiPlan further objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody, and control, including but not limited to any documents that may be in the possession of United but not MultiPlan.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

For the period of January 1, 2015, to present, any and all documents, presentations, PowerPoint slide decks, prepared by MultiPlan for United that include, relate to, or pertain to any 'Savings Analysis' of Viant OPR from 2015 to the present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents, presentations, [and] PowerPoint slide decks" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the term "Savings Analysis" is vague and undefined. MultiPlan further objects to this Request to the extent it is duplicative of other Requests.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

1    **REQUEST FOR PRODUCTION NO. 55:**

2        For the period of January 1, 2015, to present, any and all internal presentations, documents,

3    and correspondence, that include, relate to, or pertain to Viant OPR/Facility R&C claims and/or

4    'savings' related to Viant OPR/Facility R&C claims.

5    **RESPONSE:**

6        MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

7    Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

8    the ground that it seeks information not relevant to the claims or defenses of any party and not

9    reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

10   information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this

11   case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground

12   that it seeks "any and all internal presentations, documents, and correspondence" and to the extent the

13   Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.

14   MultiPlan further objects to the extent this Request is duplicative of other Requests.  MultiPlan further

15   objects to this Request on the grounds that the term "savings" is vague and undefined.

16       Subject to and without waiving the Preliminary Statement and Objections, Objections to

17   Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

18   Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

19   can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

20   response to this Request.

21   **REQUEST FOR PRODUCTION NO. 56:**

22       For the period of January 1, 2015, to present, any and all internal presentations, documents and

23   correspondence, that include, relate to, or pertain to OPR claims and/or 'savings' related to OPR

24   claims.

25   **RESPONSE:**

26       MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

27   Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

28

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all internal presentations, documents, and correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to the extent this Request is duplicative of other Requests.  MultiPlan further objects to this Request on the grounds that the term "savings" is vague and undefined.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

For the period of January 1, 2015, to present, any and all correspondence and documents relating to the language used in PAD letters for claims priced using Facility R&C and/or Viant OPR claims, including external correspondence with United.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome to the extent it seeks "any and all" documents and correspondence and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the phrase "relating to the language used" is vague and ambiguous.  MultiPlan also

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 58:**

For the period of January 1, 2015, to present, any and all correspondence and documents relating to the language used in EOBs for claims repriced using Facility R&C and/or Viant OPR, including external correspondence with United.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome to the extent it seeks "any and all" documents and correspondence and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the phrase "relating to the language used" is vague and ambiguous.  MultiPlan also objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

- 56 -

1    Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

2    can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

3    response to this Request.

4    **REQUEST FOR PRODUCTION NO. 59:**

5         For the period of January 1, 2015, to present, any and all correspondence and documents

6    relating to the language used in PRAs for claims repriced using Facility R&C and/or Viant OPR,

7    including external correspondence with United.

8    **RESPONSE:**

9         MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

10   Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

11   the ground that it seeks information not relevant to the claims or defenses of any party and not

12   reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

13   information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this

14   case.  For example, MultiPlan objects that the term "PRAs" and concerns providers which are not at

15   issue in this matter because this Action concerns claims brought by members and the related Provider

16   action brought by Summit Estate was dismissed by the Court. MultiPlan further objects to this Request

17   as overly broad and unduly burdensome to the extent it seeks "any and all" documents and

18   correspondence and to the extent it seeks information not related Viant's OPR pricing for intensive

19   outpatient programs. MultiPlan further objects to this Request on the grounds that the phrase "relating

20   to the language used" is vague and ambiguous.  MultiPlan also objects to this Request to the extent it

21   seeks information which is subject to a claim of privilege or which is otherwise protected from

22   disclosure by, including without limitation, the attorney-client privilege or the attorney work product

23   doctrine.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

24   **REQUEST FOR PRODUCTION NO. 60:**

25        For the period of January 1, 2015, to present, any and all correspondence and documents

26   relating to Summary Plan Description (SPD), Certificate of Coverage (CoC) or other benefit plan

27   language used to support or describe claims repriced using Facility R&C and/or Viant OPR, including

28

- 57 -

1   external correspondence with United, including all such documents created or maintained by Susan

2   Mohler.

3   **RESPONSE:**

4        MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

5   Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

6   the ground that it seeks information not relevant to the claims or defenses of any party and not

7   reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

8   information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this

9   case. MultiPlan also objects to this Request as overly broad and unduly burdensome on the ground

10  that it seeks "any and all correspondence and documents" and to the extent the Request is not limited

11  to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further

12  objects to this Request on the grounds that the terms "Summary Plan Description" and "Certificate of

13  Coverage" are vague and undefined. MultiPlan further objects to this Request to the extent it seeks

14  information which is subject to a claim of privilege or which is otherwise protected from disclosure

15  by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

16       Subject to and without waiving the Preliminary Statement and Objections, Objections to

17  Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

18  Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

19  can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

20  response to this Request.

21  **REQUEST FOR PRODUCTION NO. 61:**

22       Produce all documents contained in the Sales Resource Center, accessible through Multiplan's

23  intranet, as maintained by Susan Mohler and others in Multiplan's marketing department.

24  **RESPONSE:**

25       MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

26  Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

27  the ground that it seeks information not relevant to the claims or defenses of any party and not

28

- 58 -

reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan also objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the terms "Sales Resource Center," "MultiPlan's intranet," and "MultiPlan's marketing department" are vague and undefined. MultiPlan also objects to the extent this Request is argumentative and assumes facts. MultiPlan further objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 62:**

For the period of January 1, 2015, produce all Multiplan organizational charts.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan also objects to this Request as overly broad and unduly burdensome on the ground that it is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the term "organizational charts" is vague

- 59 -

and undefined. MultiPlan also objects to the extent this Request is argumentative and assumes facts, including that any such responsive "charts" exist.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 63:**

For the period of January 1, 2015, to present, any and all internal correspondence, presentations, reports, and documents relating to the drafting of plan language in SPDs and CoCs to describe or support the pricing of Facility R&C claims and Eligible Expenses.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all internal correspondence, presentations, reports, and documents" and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs.  MultiPlan further objects to the extent this Request is duplicative of other Requests.  MultiPlan further objects to this Request on the grounds that the terms "SPDs," "CoCs," and "Eligible Expenses" are vague and undefined.  MultiPlan further objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 64:**

For the period of January 1, 2015, to present, all internal analysis and reports prepared by You regarding plan language in SPDs and CoCs regarding plan language that supports Facility R&C, Viant OPR, and BMP pricing.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all internal analysis and reports" and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs.  MultiPlan further objects to the extent this Request is duplicative of other Requests.  MultiPlan further objects to this Request on the grounds that the terms "SPDs," "CoCs," and "BMP pricing " are vague and undefined.  MultiPlan further objects to this Request to the extent it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

**REQUEST FOR PRODUCTION NO. 65:**

For the period of January 1, 2015, to present, any and all correspondence, PowerPoint slide decks, spreadsheets, presentations, documents prepared by MultiPlan for or shared with United concerning, relating to, or referring to Facility R&C and/or Viant OPR.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan also objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all correspondence, PowerPoint slide decks, spreadsheets, presentations, documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to the extent this Request is duplicative of other Requests.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 66:**

For the period of January 1, 2015, to present, any and all documents prepared by MultiPlan for United relating to or concerning savings related to Viant OPR/Facility R&C claims.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not

reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan also objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's pricing methods for intensive outpatient programs. MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "savings." MultiPlan further objects to the extent this Request is duplicative of other Requests.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

### REQUEST FOR PRODUCTION NO. 67:

For the period of January 1, 2015, to present, any and all documents concerning or relating to the percentile used by the Viant OPR methodology.

### RESPONSE:

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to the extent this Request is duplicative of other Requests. MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "percentile used."

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

1    can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

2    response to this Request.

3    **REQUEST FOR PRODUCTION NO. 68:**

4         For the period of January 1, 2015, to present, any and all documents concerning or relating to

5    the comparing of MultiPlan network pricing to a percentile used by the Viant OPR methodology.

6    **RESPONSE:**

7         MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

8    Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

9    the ground that it seeks information not relevant to the claims or defenses of any party and not

10   reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

11   information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this

12   case. MultiPlan also objects to this Request as overly broad and unduly burdensome on the ground

13   that it seeks "any and all documents" and to the extent the Request is not limited to documents related

14   to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to the request as

15   overly broad because it seeks information regarding MultiPlan network pricing which is not at issue

16   in this matter. MultiPlan further objects to the extent this Request is duplicative of other Requests.

17   MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the

18   terms "the comparing of" and  "percentile used."

19        Subject to and without waiving the Preliminary Statement and Objections, Objections to

20   Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

21   Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable

22   search protocol to identify non-privileged documents in its possession, custody, and control that are

23   responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its

24   response to this Request.

25   **REQUEST FOR PRODUCTION NO. 69:**

26        For the period of January 1, 2015, to present, any and all correspondence between MultiPlan

27   and United involving benefit plan language.

28

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan also objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the term "benefit plan language" is vague and undefined. MultiPlan further objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody, and control, including but not limited to any documents that may be in the possession of United but not MultiPlan. MultiPlan also objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 70:**

For the period of January 1, 2015, to present, any and all correspondence between MultiPlan and United involving EOB language requirements.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on

- 65 -

the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan also objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to the extent this Request is duplicative of other Requests. MultiPlan further objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody, and control, including but not limited to any documents that may be in the possession of United but not MultiPlan. MultiPlan objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 71:**

For the period of January 1, 2015, to present, any and all MultiPlan internal correspondence and documents relating to plan benefit language and/or language in EOBs to support claims priced using the Viant OPR methodology.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

- 66 -

information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all MultiPlan internal correspondence and documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to the extent this Request is duplicative of other Requests.  MultiPlan objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 72:**

For the period of January 1, 2015, to present, any and all documents or correspondence relating to the Viant U&C solution.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  As currently pled, Plaintiffs' Complaint challenges the legitimacy of payments received on out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. Accordingly, no other MultiPlan product, service, or pricing methodology is at issue in this case, including the "Viant U&C solution."  Therefore, MultiPlan objects to this Request on the grounds that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, and will respond no further to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 73:**

For the period of January 1, 2015, to present, any and all documents relating to the Viant OPR methodology's geozip grouping.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the term "geozip grouping" is vague and undefined.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 74:**

For the period of January 1, 2015, to present, any and all documents relating to Viant's Facility Outpatient Usual and Customary (U&C) Review Service.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  As currently pled, Plaintiffs' Complaint challenges the legitimacy of payments received on out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product.

1  Accordingly, no other MultiPlan product, service, or pricing methodology is at issue in this case,

2  including "Viant's Facility Outpatient Usual and Customary (U&C) Review Service."  Therefore,

3  MultiPlan objects to this Request on the grounds that it seeks information not relevant to the claims or

4  defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence,

5  and will respond no further to this Request. MultiPlan reserves the right to timely supplement and/or

6  amend its response to this Request.

7  **REQUEST FOR PRODUCTION NO. 75:**

8  For the period of January 1, 2015, to present, any and all documents relating to Viant's

9  Outpatient Review Service.

10  **RESPONSE:**

11  MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

12  Definitions and Instructions in their entirety into this response.  As currently pled, Plaintiffs'

13  Complaint challenges the legitimacy of payments received on out-of-network claims for intensive

14  outpatient programs for which reimbursement rates were calculated using Viant's OPR product.

15  Accordingly, no other MultiPlan product, service, or pricing methodology is at issue in this case,

16  including "Viant's Outpatient Review Service."  Therefore, MultiPlan objects to this Request on the

17  grounds that it seeks information not relevant to the claims or defenses of any party and not reasonably

18  calculated to lead to the discovery of admissible evidence, and will respond no further to this Request.

19  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

20  **REQUEST FOR PRODUCTION NO. 76:**

21  For the period of January 1, 2015, to present, any and all documents relating to the provider

22  charge data used in the Viant OPR methodology.

23  **RESPONSE:**

24  MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

25  Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

26  the ground that it seeks information not relevant to the claims or defenses of any party and not

27  reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

28

information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the term "provider charge data" is vague and undefined. MultiPlan further objects to the extent this Request is duplicative of other Requests.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 77:**

For the period of January 1, 2015, to present, any and all documents relating to the Standard Analytical Outpatient File data used in Viant OPR.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request to the extent it is duplicative of other Requests.  MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the term "Standard Analytical Outpatient File data" is vague and undefined. MultiPlan further objects to the extent this Request is duplicative of other Requests.

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 78:**

For the period of January 1, 2015, to present, any and all documents relating to the Status Indicators assigned through the CMS crosswalk used in the Viant OPR.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that the terms "Standard Indicators" and "CMS crosswalk" are vague and undefined.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

PD.35438153.1

**REQUEST FOR PRODUCTION NO. 79:**

For the period of January 1, 2015, to present, any and all documents relating to the comparison of a facility's billed charge and facility charges for the same service within the geographic area used by Viant to determine the Usual and Customary (U&C) value of charges.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrases "comparison of a facility's billed charge" and "facility charges for the same service within the geographic area used by Viant."

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 80:**

For the period of January 1, 2015, to present, any and all documents related to United's selection of the percentile to be used by Viant OPR in pricing United claims.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to the extent this Request is duplicative of other Requests.  MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "United's selection of the percentile to be used."

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

### REQUEST FOR PRODUCTION NO. 81:

For the period of January 1, 2015, to present, any and all documents related to United's selection of Claim Dollar Thresholds to be used by Viant in pricing claims.

### RESPONSE:

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the term "Claim Dollar Thresholds," which is undefined.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 82:**

For the period of January 1, 2015, to present, any and all documents related to United's selection of Multiplan Patient Advocacy options to be used by Viant in relation to United claims.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "Patient Advocacy options," which is vague and undefined.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 83:**

For the period of January 1, 2015, to present, any and all documents related to United's selection of Provider U&C Inquiry Management services to be used in relation to Viant OPR/Facility R&C claims.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "Provider U&C Inquiry Management services," which is vague and undefined.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 84:**

For the period of January 1, 2015, to present, any and all documents related to the Patient Advocacy Process to be used in relation to Viant OPR/Facility R&C claims.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not

reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "Patient Advocacy Process," which is vague and undefined. MultiPlan further objects to the extent this Request is duplicative of other Requests.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 85:**

For the period of January 1, 2015, to present, any and all documents relating to Appealed Savings for claims priced through Viant OPR/Facility R&C.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "Appealed Savings," which is vague and undefined.

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

1    Subject to and without waiving the Preliminary Statement and Objections, Objections to

2    Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

3    Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

4    can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

5    response to this Request.

6    **REQUEST FOR PRODUCTION NO. 86:**

7    For the period of January 1, 2015, to present, any and all documents relating to the use of Stand

8    on Data (SOD) in appeals of claims priced through Viant OPR/Facility R&C.

9    **RESPONSE:**

10   MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

11   Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

12   the ground that it seeks information not relevant to the claims or defenses of any party and not

13   reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek

14   information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this

15   case. MultiPlan objects to this Request as overly broad and unduly burdensome on the ground that it

16   seeks "any and all documents" and to the extent the Request is not limited to documents related to

17   Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request as

18   vague and ambiguous, particularly with respect to the phrase "Stand on Data (SOD)," which is vague

19   and undefined.

20   Subject to and without waiving the Preliminary Statement and Objections, Objections to

21   Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

22   Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

23   can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

24   response to this Request.

25   **REQUEST FOR PRODUCTION NO. 87:**

26   For the period of January 1, 2015, to present, any and all documents relating to MultiPlan's

27   standard operating procedure (SOP) for appeals of claims priced through Viant OPR/Facility R&C.

28

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrases "MultiPlan's standard operating procedure (SOP)" and "appeals," which are vague and undefined. MultiPlan further objects to the extent this Request is duplicative of other Requests.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 88:**

For the period of January 1, 2015, to present, any and all documents relating to the application of Viant's proprietary fee schedule to United claims.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan objects to this Request as overly broad and unduly burdensome on the ground that it

PD.35438153.1

seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "Viant's proprietary fee schedule," which is vague and undefined. MultiPlan further objects to the extent this Request is duplicative of other Requests.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 89:**

For the period of January 1, 2015, to present, any and all documents, including claims flowcharts, relating to the reimbursement hierarchy for OON claims with HCPCS Code H0015, H2036, and/or S9480.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent it seeks information not related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request as overly broad and unduly burdensome. For example, this Request is overly broad and unduly burdensome to the extent it purports to seek information within a broadly defined category that includes multiple codes, including HCPCS Code

- 79 -

H2036, that have no apparent connection to the IOP services at issue in the case. Furthermore, as framed, this Request is overly broad because it is not limited to claims "paid or adjudicated" using the Viant OPR data that Plaintiffs challenge in the Complaint. MultiPlan further objects to this Request on the grounds that the term "reimbursement hierarchy" is vague and undefined.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 90:**

For the period of January 1, 2015, to present, any and all documents relating to UB/Facility claim OPR Target Pricing.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "UB/Facility claim OPR Target Pricing,"

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

which is vague and undefined. MultiPlan further objects to the extent this Request is duplicative of other Requests.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 91:**

For the period of January 1, 2015, to present, any and all documents that relate to or compare Viant OPR/Facility R&C reimbursement amounts and FAIR Health, UCR, R&C or any other charge-based metric.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. Based on a plain reading of Plaintiffs' Complaint, no other MultiPlan product or service is at issue in this case.  MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "charge-based metric," which is vague and undefined. MultiPlan further objects to the extent this Request is duplicative of other Requests.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 92:**

For the period of January 1, 2015, to present, produce all correspondence between MultiPlan and Plaintiffs relating to or concerning Viant OPR.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the grounds that it is overly broad and duplicative of several other Requests. MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan also objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all correspondence" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  MultiPlan further objects to this Request to the extent it seeks information already in Plaintiffs' possession, custody, and control.  MultiPlan further objects to the extent this Request is duplicative of other Requests.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 93:**

For the period of January 1, 2015, to present, produce a spreadsheet indicating ASO plan opt-outs from Facility R&C benefit changes and/or Viant OPR percentile reductions.

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it purports to require MultiPlan to produce a "spreadsheet" specifically for this litigation beyond what is required by the Federal Rules and to the extent the Request is not limited to documents and information related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "Viant OPR percentile reductions," which is vague and undefined. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 94:**

All documents relating to Your process and procedures for responding to patients who have reported receiving balance bills from OON mental health/behavioral health providers from January 1, 2015, to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request as being unintelligible because MultiPlan is not an insurance company and it has no patients or members. MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all documents" and to the extent it seeks information not related Viant's OPR pricing for intensive outpatient programs.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 95:**

All documents, other than those specifically prepared for or in response to litigation, relating to legal or regulatory concerns relating to Viant OPR/Facility R&C from January 1, 2015 to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 96:**

Complete copies of the inbound EDI files sent by United to MultiPlan that contain the claims of LD, DB, BW, RH, and CJ identified in the Complaint sent as part of a regular batch process.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

- 84 -

Case No. 4:20-cv-02254-YGR
DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "[c]omplete copies of the inbound EDI files" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  MultiPlan further objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody, and control, including but not limited to any documents that may be in the possession of United but not MultiPlan.  MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "regular batch process," which is vague and undefined.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 97:**

Complete copies of the outbound EDI files received by United from MultiPlan that contain the claims of LD, DB, BW, RH, and CJ identified in the Complaint sent as part of a regular batch process.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "[c]omplete copies of the outbound EDI files" and to the extent the Request is not limited

1  to documents related to Viant's OPR pricing for intensive outpatient programs.  MultiPlan further

2  objects to this Request to the extent it seeks information outside of MultiPlan's possession, custody,

3  and control, including but not limited to any documents that may be in the possession of United but

4  not MultiPlan.  MultiPlan further objects to this Request as vague and ambiguous, particularly with

5  respect to the phrase "regular batch process," which is vague and undefined.

6        Subject to and without waiving the Preliminary Statement and Objections, Objections to

7  Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

8  Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable

9  search protocol to identify non-privileged documents in its possession, custody, and control that are

10  responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its

11  response to this Request.

12  **REQUEST FOR PRODUCTION NO. 98:**

13        Complete copies of the outbound EDI files received by United from MultiPlan that contain the

14  claims of LD, DB, BW, RH, and CJ identified in the Complaint.

15  **RESPONSE:**

16        MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

17  Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

18  the grounds that it is clearly duplicative of Request No. 97.  Accordingly, *see* Multiplan's Responses

19  and Objections to Request No. 97, which are expressly referred to and incorporated herein.  MultiPlan

20  reserves the right to timely supplement and/or amend its response to this Request.

21  **REQUEST FOR PRODUCTION NO. 99:**

22        Any and all Pricing Statements created by the MultiPlan Client Portal website for the Plaintiffs'

23  claims as set forth in the Complaint.

24  **RESPONSE:**

25        MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

26  Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

27  the ground that it seeks information not relevant to the claims or defenses of any party and not

28

reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request on the grounds that it is vague and ambiguous as to the terms "Pricing Statements" and "MultiPlan Client Portal."  MultiPlan also objects to this Request as overbroad and unduly burdensome on the ground that it seeks "[a]ny and all Pricing Statements" And to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

## REQUEST FOR PRODUCTION NO. 100:

Any and all recordings and transcripts of the verification of benefits calls relative to the claims of LD, DB, BW, RH, and CJ identified in the Complaint.

## RESPONSE:

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the grounds that it is vague and ambiguous as to the term "verification of benefits calls."  MultiPlan also objects to this Request as overbroad and unduly burdensome on the ground that it seeks "[a]ny and all" recordings and transcripts.  MultiPlan further objects on that basis that it is not an insurance company, TPA, or other third-party payor, and a "verification of benefits call" is a step performed by a payor.  Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, and based on MultiPlan's understanding of what is being requested, MultiPlan states that it has no documents in its possession,

custody, or control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 101:**

Any and all recordings and transcripts of the prior authorization calls relative to the claims of LD, DB, BW, RH, and CJ identified in the Complaint.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the grounds that it is vague and ambiguous as to the term "prior authorization calls." MultiPlan also objects to this Request as overbroad and unduly burdensome on the ground that it seeks "[a]ny and all" recordings and transcripts. MultiPlan further objects on that basis that it is not an insurance company, TPA, or other third-party payor, and a "prior authorization call" is a step performed by a payor. Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, and based on MultiPlan's understanding of what is being requested, MultiPlan states that it has no documents in its possession, custody, or control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 102:**

For the period January 1, 2015, all internal or external communications referencing "Summit Estate" or TIN 27-0244111.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. For example, this Action concerns claims brought by members and the related Provider action

brought by Summit Estate was dismissed by the Court. MultiPlan further objects to this Request on the grounds that it is overbroad and unduly burdensome including to the extent it seeks "all" communications and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan also objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 103:**

For the period January 1, 2015, all internal or external communications referencing "ATAC" or Addiction Treatment Advocacy Coalition.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request on the grounds that it is overbroad and unduly burdensome including to the extent it seeks "all" communications and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan also objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 104:**

Any and all documents pertaining or relating to Summit Estate treatment center in Your possession.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. For example, this Action concerns claims brought by members and the related Provider action brought by Summit Estate was dismissed by the Court. MultiPlan objects to this Request on the grounds that it is vague and ambiguous including as to the terms "pertaining to" and "relating to." MultiPlan further objects to this Request on the grounds that it is overbroad and unduly burdensome including to the extent it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan also objects to this Request to the extent that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 105:**

Any and all recordings and transcripts of telephone calls between Plaintiffs and MultiPlan, including, but not limited to, calls between Plaintiffs and MultiPlan's customer service agents.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan further objects to this Request on the grounds that it is vague and ambiguous as to the terms "recordings," "transcripts," and "MultiPlan's customer service agents." MultiPlan further objects to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "[a]ny and all" recordings and transcripts and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to the extent this Request is duplicative of other Requests.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan states that it is unaware of any such "recordings or transcripts" existing; however, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 106:**

Any and all recordings and transcripts of telephone calls between Summit Estate treatment center and MultiPlan, including, but not limited to, calls between Plaintiffs' Providers and MultiPlan's customer service agents.

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

1    **RESPONSE:**

2        MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

3    Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

4    the ground that it seeks information not relevant to the claims or defenses of any party and not

5    reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information

6    about claims other than out-of-network claims for intensive outpatient programs for which

7    reimbursement rates were calculated using Viant's OPR product. For example, the Request seeks

8    information about telephone calls that are not limited to claims and allegations related to Viant's

9    pricing methods for intensive outpatient programs. Moreover, this Action concerns claims brought by

10   members and the related Provider action brought by Summit Estate was dismissed by the Court.

11   MultiPlan further objects to this Request on the grounds that it is vague and ambiguous as to the terms

12   "recordings," "transcripts," "Plaintiffs' Providers," and "MultiPlan's customer service agents."

13   MultiPlan further objects to this Request on the grounds that it is overbroad and unduly burdensome

14   including to the extent that it seeks "any and all" recordings and transcripts and to the extent the

15   Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.

16   MultiPlan further objects to the extent this Request is duplicative of other Requests.

17       Subject to and without waiving the Preliminary Statement and Objections, Objections to

18   Definitions and Instructions, or the foregoing specific objections, MultiPlan states that it is unaware

19   of any such "recordings or transcripts" existing; however, MultiPlan will meet and confer with

20   Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any,

21   can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its

22   response to this Request.

23   **REQUEST FOR PRODUCTION NO. 107:**

24       Any and all recordings of telephone calls or documents relating to any appeals of Plaintiffs

25   claims in MultiPlan's possession, custody, or control.

26

27

28

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case.  MultiPlan further objects to this Request on the grounds that it is vague and ambiguous as to the terms "recordings," and "appeals." MultiPlan further objects to this Request on the grounds that it is overbroad and unduly burdensome including to the extent that it seeks "[a]ny and all" recordings and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects to the extent this Request is duplicative of other Requests.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan states that it is unaware of any such documents existing; however, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and what documents, if any, can reasonably be provided.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 108:**

Any and all documents to or from Dale White pertaining to the matters at issue in this action including the Network Access Agreement, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the grounds that it unnecessarily seeks confidential business information from one of its senior executives.  Any relevant information potentially responsive to this Request is obtainable through less burdensome means through other Requests. Likewise, MultiPlan objects to Plaintiffs' apparent attempt

Case No. 4:20-cv-02254-YGR
DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case. MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 109:**

Any and all documents to or from Mark Tabak pertaining to the matters at issue in this action including the Network Access Agreement, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the grounds that it unnecessarily seeks confidential business information from one of its senior executives.  Any relevant information potentially responsive to this Request is obtainable through less burdensome means through other Requests. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case. MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

1   Viant's OPR pricing for intensive outpatient programs.  MultiPlan reserves the right to timely

2   supplement and/or amend its response to this Request.

3   **REQUEST FOR PRODUCTION NO. 110:**

4        Any and all documents to or from Michael Ferrante pertaining to the matters at issue in this

5   action including the Network Access Agreement, Facility R&C, Viant OPR, and FAIR Health from

6   January 1, 2015, to present.

7   **RESPONSE:**

8        MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

9   Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

10  the grounds that it unnecessarily seeks confidential business information from one of its senior

11  executives who is no longer an employee of MultiPlan.  Any relevant information potentially

12  responsive to this Request is obtainable through less burdensome means through other Requests.

13  MultiPlan further objects to this Request on the ground that it seeks information not relevant to the

14  claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible

15  evidence, to the extent it seeks information about claims other than out-of-network claims for intensive

16  outpatient programs for which reimbursement rates were calculated using Viant's OPR product.

17  MultiPlan  further objects to this Request as overly broad and unduly burdensome on the ground that

18  it seeks "any and all documents" and to the extent the Request is not limited to documents related to

19  Viant's OPR pricing for intensive outpatient programs. MultiPlan reserves the right to timely

20  supplement and/or amend its response to this Request.

21  **REQUEST FOR PRODUCTION NO. 111:**

22       Any and all documents to or from Mark Edwards pertaining to the matters at issue in this action

23  including the Network Access Agreement, Facility R&C, Viant OPR, and FAIR Health from January

24  1, 2015, to present.

25  **RESPONSE:**

26       MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

27  Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

28
Case No. 4:20-cv-02254-YGR
DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan  further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.  Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 112:**

Any and all documents to or from Tina Smith pertaining to the matters at issue in this action including Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan  further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 113:**

Any and all documents to or from Susan Mohler pertaining to the matters at issue in this action including Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response. MultiPlan objects to this Request on the grounds that it unnecessarily seeks confidential business information from one of its senior executives. Any relevant information potentially responsive to this Request is obtainable through less burdensome means through other Requests. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case. MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 114:**

Any and all documents to or from Bill Ginther pertaining to the matters at issue in this action including Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan  further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 115:**

Any and all documents to or from Emma Johnson pertaining to the matters at issue in this action including the Network Access Agreement, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which

Case No. 4:20-cv-02254-YGR
DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

1  reimbursement rates were calculated using Viant's OPR product. MultiPlan further objects to this

2  Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents"

3  and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive

4  outpatient programs. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select

5  who MultiPlan's ESI custodians, if any, might potentially be in this case.

6      Subject to and without waiving the Preliminary Statement and Objections, Objections to

7  Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

8  Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable

9  search protocol to identify non-privileged documents in its possession, custody, and control that are

10  responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its

11  response to this Request.

12  **REQUEST FOR PRODUCTION NO. 116:**

13

14      Any and all documents to or from Mike McEttrick pertaining to the matters at issue in this

15  action including Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

16  **RESPONSE:**

17      MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to

18  Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on

19  the grounds that it unnecessarily seeks confidential business information from one of its senior

20  executives who is no longer an employee of MultiPlan.  Any relevant information potentially

21  responsive to this Request is obtainable through less burdensome means through other Requests.

22  MultiPlan further objects to this Request on the ground that it seeks information not relevant to the

23  claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible

24  evidence, to the extent it seeks information about claims other than out-of-network claims for intensive

25  outpatient programs for which reimbursement rates were calculated using Viant's OPR product.

26  MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that

27  it seeks "any and all documents" and to the extent the Request is not limited to documents related to

28

Viant's OPR pricing for intensive outpatient programs. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 117:**

Any and all documents to or from Sean Crandell pertaining to the matters at issue in this action including Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan  further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 118:**

Any and all documents to or from Ben Fuchsen pertaining to the matters at issue in this action including Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan  further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.  Subject  to  and  without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 119:**

Any and all documents to or from Jacqueline Kienzle pertaining to the matters at issue in this action including the Network Access Agreement, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.  MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan  further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 120:**

Any and all documents to or from Kim Dugan pertaining to the matters at issue in this action including the Network Access Agreement, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks in-formation about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan  further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with

- 102 -

Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 121:**

Any and all documents to or from Thomas Ralston pertaining to Facility R&C, Viant OPR, and/or FAIR Health from January 1, 2015 to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the grounds that it unnecessarily seeks confidential business information from one of its senior executives who is no longer an employee of MultiPlan.  Any relevant information potentially responsive to this Request is obtainable through less burdensome means through other Requests. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.   MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan  further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 122:**

Any and all documents to or from Lisa Miller pertaining to the matters at issue in this action including the Network Access Agreement, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan  further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.  Subject  to  and  without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 123:**

Any and all documents to or from Susan Dominy pertaining to the matters at issue in this action including the Network Access Agreement, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan  further objects to this

- 104 -

Case No. 4:20-cv-02254-YGR
DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.  Subject  to  and  without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

### REQUEST FOR PRODUCTION NO. 124:

Any and all documents to or from Michael Bandomer pertaining to the matters at issue in this action including the Network Access Agreement, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

### RESPONSE:

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks in-formation about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. Mr. Bandomer deals exclusively with Data iSight, so he is not likely to have information relevant to this case, because based on a plain reading of Plaintiffs' Complaint, MultiPlan's Data iSight product is not at issue in this case.  MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. Likewise, MultiPlan objects to Plaintiffs' apparent attempt to unilaterally select who MultiPlan's ESI custodians, if any, might potentially be in this case.

Subject to and without waiving the Preliminary Statement and Objections, Objections to Definitions and Instructions, or the foregoing specific objections, MultiPlan will meet and confer with Plaintiffs to discuss what documents Plaintiffs seek through this Request and to develop a reasonable search protocol to identify non-privileged documents in its possession, custody, and control that are responsive to this Request. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 125:**

Any and all documents for which Dale White, Mark Tabak, Michael Ferrante, Mark Edwards, Tina Smith, Susan Mohler, Bill Ginther, Emma Johnson, Sean Crandell, Ben Fuchsen, Jacqueline Kienzle, Lisa Miller, Michael Bandomer, Susan Dominy and/or Kim Dugan were custodians pertaining to the maters at issue in this action including the Network Access Agreement, Facility R&C, Viant OPR, and FAIR Health from January 1, 2015, to present.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request as being clearly duplicate of other Requests.  MultiPlan also objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan  further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan further objects on the grounds that such information is covered under, and if applicable, will be addressed through, the parties' ESI protocol. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 126:**

Produce a report showing all actions taken by United relating to the collection of ESI and documents responsive to Plaintiffs' requests contained herein.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan further objects to this Request as overly broad and unduly burdensome to the extent it purports to require MultiPlan to produce a "report" specifically for this litigation beyond what is required by the Federal Rules. MultiPlan further objects to this Request as vague and ambiguous, particularly with respect to the phrase "all actions taken." MultiPlan further objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. MultiPlan further objects on the grounds that such information is covered under, and if applicable, will be addressed through, the parties' ESI protocol. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 127:**

Produce a report showing all databases and other systems used to produce the information requested herein.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. MultiPlan further objects to this Request as overly broad and unduly burdensome to the extent it purports to require MultiPlan to produce a "report" specifically for this litigation containing "all" databases and systems within a broadly defined category and beyond what is required by the Federal Rules. MultiPlan also objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. MultiPlan further objects on the grounds that such information is covered under, and if applicable, will be addressed through, the parties' ESI protocol. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 128:**

Any and all ESI or event data records that involves the Plaintiffs or their healthcare providers including:

    a.  Email communications;

    b.  Computer applications or programs such as customer order forms or customer service forms;

    c.  Instant messaging;

    d.  Short Message Service (SMS) systems;

    e.  Work phone, home phone, cell phone, or pager records;

    f.  Voicemail systems;

    g.  IVR systems and recordings therefrom;

    h.  Any data reflecting Plaintiffs' claims;

    i.  Any data reflecting claims submission from United;

    j.  Word processing systems, spreadsheet and database systems;

    k.  System history files;

    l.  Claims tracking databases;

    m.  E-mail tracking databases;

    n.  Member databases;

o.  Calendar systems;

p.  Intranet systems used or accessed that relate to MultiPlan;

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information about claims other than out-of-network claims for intensive outpatient programs for which reimbursement rates were calculated using Viant's OPR product. For example, this request seeks information and documents that involves Plaintiffs' healthcare providers but this Action concerns claims brought by members and the related Provider action brought by Summit Estate was dismissed by the Court. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all ESI or event data records" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan also objects to this Request to the extent it is duplicative of other Requests. MultiPlan also objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine.  MultiPlan further objects on the grounds that such information is covered under, and if applicable, will be addressed through, the parties' ESI protocol. MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

**REQUEST FOR PRODUCTION NO. 129:**

Any and all documents relating to the retention, collection, and production of documents (electronic and physical) related to Plaintiffs' litigation:

a.  Scope of the Litigation hold;

b.  Steps taken by MultiPlan to advise their employees, including, but not limited to, "Key Custodians" with respect to the facts underlying the litigation, and information systems personnel, of the substantive principles governing

- 109 -

c. Collection of ESI and documents responsive to Plaintiffs' document requests;

d. Procedures, software, and search terms used to filter or cull ESI for production to Plaintiffs;

e. Databases used to produce the information demanded by Plaintiffs' Discovery Demands;

f. MultiPlan's archival and backup systems, including those onsite, offsite and maintained by third-party vendors;

g. MultiPlan's document retention policies.

**RESPONSE:**

MultiPlan hereby incorporates its Preliminary Statement and Objections and Objections to Definitions and Instructions in their entirety into this response.  MultiPlan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence, in that it appears to seek information beyond the Viant OPR data used to price IOP services that Plaintiffs challenge in this case. MultiPlan further objects to this Request as overly broad and unduly burdensome on the ground that it seeks "any and all documents" and to the extent the Request is not limited to documents related to Viant's OPR pricing for intensive outpatient programs. MultiPlan objects to this Request on the grounds that it seeks information which is subject to a claim of privilege or which is otherwise protected from disclosure by, including without limitation, the attorney-client privilege or the attorney work product doctrine. MultiPlan further objects on the grounds that such information is covered under, and if applicable, will be addressed through, the parties' ESI protocol.  MultiPlan reserves the right to timely supplement and/or amend its response to this Request.

\*\*\*

Case No. 4:20-cv-02254-YGR

DEFENDANT MULTIPLAN, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

PD.35438153.1

DATED:  September 16, 2021

By:    /s/ Errol J. King, Jr.

Errol J. King, Jr. *(admitted pro hac vice)*
Phelps Dunbar LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197

and

Moe Keshavarzi
David E. Dworsky
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone: (213) 620-1780
Fax: (213) 620-1398

Attorneys for Defendant, MultiPlan, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September 2021 a copy of the foregoing was served via electronic mail upon all counsel of record .

Matthew M. Lavin, Esq. (pro hac vice) (Matt.Lavin@agg.com)

Aaron R. Modiano, Esq. (pro hac vice) (Aaron.Modiano@agg.com)

**ARNALL GOLDEN GREGORY LLP**

1775 Pennsylvania Avenue NW, Suite 1000

Washington, DC 20006

David M. Lilienstein, Esq. (CA SBN 218923) (david@dllawgroup.com)

Katie J. Spielman, Esq. (CA SBN 252209) (katie@dllawgroup.com)

**DL LAW GROUP**

345 Franklin Street

San Francisco, CA 94102

**Attorneys for Plaintiffs and Putative Class**

Lauren M. Blas, Esq. (CA SBN 296823) (lblas@gibsondunn.com)

Nicole R. Matthews, Esq. (CA SBN 328977) (nmatthews@gibsondunn.com)

**GIBSON, DUNN & CRUTCHER LLP**

333 South Grand Avenue

Los Angeles, CA 90071-3197

Geoffrey Sigler (pro hac vice) (gsigler@gibsondunn.com)

**GIBSON, DUNN & CRUTCHER LLP**

1050 Connecticut Avenue, N.W.

Washington, DC 20036-5306

**Attorneys for Defendant**

**UNITED BEHAVIORAL HEALTH**

/s/   Errol J. King, Jr.