# EXHIBIT B

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Geoffrey Sigler
Direct: +1 202.887.3752
Fax: +1 202.530.9635
GSigler@gibsondunn.com

June 1, 2022

VIA ELECTRONIC MAIL

Matthew M. Lavin
Arnall Golden Gregory LLP
1775 Pennsylvania Ave NW, Suite 1000
Washington, DC 20006

David M. Lilienstein
DL Law Group
345 Franklin Street
San Francisco, CA 94102

Re:   Document Categories and Search Terms Relating to Plaintiffs' Requests for Production

Dear Counsel:

    I write on behalf of United Behavioral Health ("UBH") and UnitedHealthcare Insurance Company ("UHC") (collectively, the "United Defendants") to update you on our document review and production efforts, in advance of the upcoming depositions that he parties are currently scheduling. After you have reviewed, please promptly let us know if you would like to discuss any of the matters in this letter.

    As explained in our December 20, 2021 letter, the United Defendants have undertaken a significant ESI collection, review, and production in response to Plaintiffs' discovery requests. We have already made several substantial productions, and we are on track to make a few more productions in the coming weeks. We expect to have our ESI productions done prior to your depositions of the United Defendants' witnesses. We will also be producing some additional categories outside of our ESI/search term process, in response to certain requests and categories, as explained below. Our goal is to complete these productions in advance of these depositions as well, though some of them may take longer to complete (because they involve going to different parts of the company), so we will update you as this process continues. Of course, we reserve the right to supplement our productions at any time, and to rely on any information necessary to respond to Plaintiffs' claims and allegations.

    Finally, we note that at various points the parties have discussed ESI protocols and parameters. This letter (along with our December 20, 2021 letter) is intended to memorialize

Matthew M. Lavin
David M. Lilienstein
June 1, 2022
Page 2


and explain the United Defendants' approach, taking into account all of these discussions, consistent with best practices regarding ESI discovery and applicable rules in the Northern District of California.  We also believe providing this information in writing (and if necessary discussing any follow-up questions you may have afterwards) is a more efficient way to ensure the parties understand each other's discovery parameters and processes than conducting depositions or serving discovery requests on these topics. *See* Plaintiffs' Topic 1 in 30(b)(6) Notice to United Defendants; Plaintiffs' First Set of RFPs  Nos. 133 to 135.  This letter (and any follow-up discussions as needed among counsel) is intended to satisfy these topics and requests.

### ESI Sources / Search Terms / Protocol

As discussed in our December 20, 2021 letter and the attachment listing our search terms, we have been reviewing emails and other ESI collected from the custodians listed in our October 1, 2021 letter, the PIG drive, as well as a SharePoint we have identified as containing responsive documents.  Based on that collection and review, we have been producing responsive, non-privileged documents and will continue to do so.  We have also reviewed subsequent requests from Plaintiffs (served after our December 20 letter) and do not intend to add any new custodians, search terms, or review categories to our ESI review, for the reasons explained in our written responses at the time (and as explained below).  However, as discussed below, we will be conducting several additional searches, outside of our ESI review, to satisfy several of Plaintiffs' requests that we do not anticipate will be addressed by our ESI review.

Because the parties could not agree on TAR protocols, we have been relying on document reviewers, rather than TAR, to identify responsive documents from the ESI identified by our collections and search terms.  Although the parties never executed the ESI protocol that was circulated multiple times several months ago, our understanding is that we generally are aligned on the latest version that was circulated on February 11, 2022, and we have been operating in accordance with those provisions.  Please let us know if you would like to execute this version of the protocol and we can do so.

### ESI Categories

As explained in our December 20, 2021 letter, due to the objections and practical challenges posed by Plaintiffs' numerous overlapping document requests, we distilled Plaintiffs' requests into seven categories for our review and production.  These seven categories have been the focus of our ESI searches and reviews since December. We recognize that Plaintiffs served several additional rounds of discovery after our review began in December, and as explained below we believe many of these requests are encompassed by the

Matthew M. Lavin
David M. Lilienstein
June 1, 2022
Page 3

existing seven categories (taking into account the United Defendants' reasonable objections and clarifications to Plaintiffs' requests, as explained on our written responses to each request). Below are the categories from our December 20 letter, along with the corresponding subsequent requests underlined to show which requests go with which category.

1. **Documents Showing The Design, Implementation, and Changes to MultiPlan/Viant's Facility R&C Methodology/Database.** *See* Plaintiffs' First Set of Requests for Production ("Plaintiffs' First Set of RFPs") Nos. 8 to 13, 15 to 16, 19, 34, 35 to 39, 49, 56 to 63, 65, 74, & 103 to 126; Plaintiffs' Third Set of Requests for Production ("Plaintiffs' Third Set of RFPs") Nos. 1 to 4, 17, 24, 27 to 29, 31 to 33, 36, & 40 to 41; Plaintiffs' Fifth Set of Requests for Production ("Plaintiffs' Fifth Set of RFPs") Nos. 3 to 5, 7.

2. **Documents Showing The Design, Implementation, and Changes to MultiPlan/Viant's Fee Negotiation Services for Facility R&C Claims.** *See* Plaintiffs' First Set of RFPs Nos. 8 to 11, 15 to 16, 19, 26, 35 to 39, 43, 49, 69 to 71, & 103 to 126; Plaintiffs' Third Set of RFPs Nos. 1 to 4, 17, 21 to 22, 24, 27 to 29, 31 to 33, 36, & 40 to 41; Plaintiffs' Fifth Set of RFPs Nos. 3 to 5, 7.

3. **Documents Showing Design, Implementation, and Changes to United's Facility R&C Program, Including Any Default Rates and Percentiles.** *See* Plaintiffs' First Set of RFPs Nos. 8 to 11, 14 to 16, 19 to 21, 23 to 25, 32 to 33, 35 to 39, 49, 51 to 52, 64, 73, & 103 to 126; Plaintiffs' Third Set of RFPs Nos. 1 to 4, 17, 24 to 25, 27 to 29, 31 to 33, 36, & 40 to 41; Plaintiffs' Fifth Set of RFPs Nos. 3 to 5, 7.

4. **Documents Comparing Viant/Facility R&C Methodology and/or Rates to Other Reimbursement Methodologies.** *See* Plaintiffs' First Set of RFPs Nos. 8 to 11, 15 to 16, 19, 35 to 39, 49, 52, 75, & 103 to 126; Plaintiffs' Third Set of RFPs Nos. 1 to 5, 17, 23 to 24, 26 to 27 to 29, 31 to 33, 36, & 40 to 41; Plaintiffs' Fifth Set of RFPs Nos. 3 to 5, 7.

5. **Documents Reporting Or Analyzing Savings or Fees Paid to UHC or MultiPlan/Viant, or Income to UHC or MultiPlan/Viant From the Viant/Facility R&C Program.** *See* Plaintiffs' First Set of RFPs Nos. 6 to 11, 15 to 16, 19, 22, 35 to 42, 49 to 50, 69, & 103 to 126; Plaintiffs' Third Set of RFPs Nos. 1 to 4, 8, 17 to 18, 24, 27 to 30, 31 to 41; Plaintiffs' Fifth Set of RFPs Nos. 3 to 4, 7.

6. **Documents Showing Communications With Providers and Members About Facility R&C.** *See* Plaintiffs' First Set of RFPs Nos. 8 to 11, 15 to 16, 19, 26 to 27, 29 to 31, 35 to 39, 43 to 45, 49, 54 to 55, 66 to 68, 70 to 71, 76, 89, 97, & 103 to 130; Plaintiffs'

Matthew M. Lavin
David M. Lilienstein
June 1, 2022
Page 4


Third Set of RFPs Nos. 1 to 4, 17, 19 to 22, 24, 27 to 29, 31 to 33, 36, & 40 to 41; <u>Plaintiffs' Fifth Set of RFPs No. 3, 7</u>.

7. **Documents Showing Communications With Health Plans and Plan Sponsors About Facility R&C**. *See* Plaintiffs' First Set of RFPs Nos. 8 to 11, 15 to 16, 19, 35 to 39, 46 to 49, 53, 55, 84 to 86, 87 to 88, & 103 to 126; Plaintiffs Third Set of RFPs Nos. 1 to 4, 6 to 7, 15 to 17, 24, 27 to 29, 31 to 33, 36, & 40 to 41; <u>Plaintiffs' Fifth Set of RFPs Nos. 3 to 5, 7</u>.

Reserving all objections, we have been using a January 1, 2015 cut-off for the above ESI categories and review.

### Additional Document Categories/Targeted Searches

As discussed above, we are conducting several additional searches, outside of our ESI review, to satisfy several of Plaintiffs' requests that we do not anticipate will be addressed by our ESI review. We have already produced some of these materials, and other efforts remain ongoing. Below is an update regarding several of these categories discussed in our December 20 letter:

1. **Claim Data Reports**. *See* Plaintiffs' First Set of RFPs Nos. 1 to 2, 6 to 7, 28; Plaintiffs' Second Set of RFPs No. 1; Plaintiffs' Third Set of RFPs No. 42. As you know, we have already produced a responsive claims report consistent with the parameters we outlined in our November 19, 2021 letter. We anticipate supplementing this claims report with a production of archived data (mostly 2016 and 2017 dates of service) using the same parameters/fields, to the extent possible. Because archived data are not as readily available as the live data, this process has taken longer, but we are hopeful it can be completed relatively soon.

2. **Named Plaintiff Documents.** *See* Plaintiffs' First Set of RFPs Nos. 83, 91 to 96, 98 to 102, & 136. As explained in our December 20, 2021 letter, we have already produced substantially all of the administrative records for Plaintiffs, and we intend to make a supplemental production of a few additional documents. We do not anticipate producing the EDI files, as our understanding is that it would be impossible to identifying which EDI files go with Plaintiffs' claims, particular this many years later, but we anticipate explaining this process at the Rule 30(b)(6) deposition and can discuss a potential stipulation regarding specific facts you think you need concerning EDI exchanges beyond the deposition.

Matthew M. Lavin
David M. Lilienstein
June 1, 2022
Page 5


3. **Affirmative Defenses.**  *See* Plaintiffs' Second Set of RFPs Nos. 2 to 52; Plaintiffs' Third Set of RFPs Nos. 43 to 93.  As explained in our December 20, 2021 letter, we intend to rely on all of the information and data produced in the case, including the claims data, sample files, and documents produced by any party or third party in this case.  We also reserve the right to supplement with additional at any point as is appropriate.

4. **Plan-Specific Documents.**  We are sending you a separate letter addressing these topics and requests, and incorporate that letter by reference here.

5. **Related Litigation**.  *See* Plaintiffs' First Set of RFPs Nos. 77 & 90; Plaintiffs' Fifth Set of RFPs No. 6.  These requests raise issues of privilege, as framed, but without waiving privilege, we will be producing any publicly-filed complaints showing litigation brought against United Defendants concerning Facility R&C that we can locate based on a reasonable, good faith search.

As explained in prior correspondence, the United Defendants have already made productions responsive to Request Nos. 3, 95, 96, 98, 99, 100 and 102 of Plaintiffs' First Set of Requests for Production, so they are not included in the above lists.

In addition to the above-listed requests, Plaintiffs have propounded requests in their Fourth, Fifth, and Sixth set of Requests for Production that United Defendants intend to satisfy, consistent with the parties' discussions, as follows:

1. **Verification-of-Benefits ("VOB") Call Records.**  *See* Plaintiffs' Fourth Set of Requests for Production ("Plaintiffs' Fourth Set of RFPs") Nos. 1 to 87.  As previously discussed, the United Defendants have been attempting to locate for production any call recordings of the 25 specific VOB phone calls Plaintiffs identified in the chart dated April 20, 2022, based on information provided by Plaintiffs.  As discussed during the parties' February 14, 2022 meet and confers and email correspondence from February 28, 2022 and March 25, 2022, locating this information is extremely difficult based on the limited information available, so it is unlikely we will be able to locate call recordings for all of these calls.  As we have also discussed on several phone calls, please also promptly produce any call recordings you have, either for these specific phone calls or any others involving putative class members, as having these calls may be useful in helping us to locate any records we have—and of course they are also responsive to our requests.

2. **Claims Sample Administrative Records.**  *See* Plaintiffs' Sixth Set of Requests for Production ("Plaintiffs' Sixth Set of RFPs") Nos. 1 to 25.  We just recently received these requests, and the United Defendants will be serving their responses and objections to Plaintiffs' Sixth Set of RFPs within the time provided for under the Federal Rules of

Matthew M. Lavin
David M. Lilienstein
June 1, 2022
Page 6

Civil Procedure.  However, as discussed on our May 25 call, the United Defendants anticipate producing the administrative records for the twenty-five members and claims listed in the requests, which we understand Plaintiffs' counsel have hand-picked based on information available to Plaintiffs' counsel.  We will also be producing administrative records for a random sample of plan members, in addition to those selected by Plaintiffs' counsel.

For reasons previously discussed, we are generally using a cut-off of April 2, 2016 for the above categories.

Finally, as previously discussed in our December 20 letter and our written responses to particular requests, the following requests seek information that is outside the scope of this action: Request Nos. 4 to 5, 17, 18, 72, 131 & 132 in Plaintiffs' First Set of Requests for Production.  The United Defendants will also not be producing documents in response to Plaintiffs' Fifth Set of RFPs No. 2, as it is objectionable for reasons stated in our written responses and exceeds our obligations under Judge Spero's civil minutes from the parties' April 1, 2022 hearing.  *See* Dkt. 125.

*       *       *

Please let us know if you would like to discuss and we will make ourselves available for another meet and confer.  Thank you for your prompt attention to these matters.

Sincerely,

/s/ Geoffrey Sigler


cc: All counsel of record