UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LD, et al.,

          Plaintiffs,

    v.

UNITED BEHAVIORAL HEALTH, et al.,

          Defendants.

Case No.  20-cv-02254-YGR   (JCS)

**ORDER RE JOINT DISCOVERY LETTER**

Re: Dkt. No. 159

In the parties' July 31, 2022 joint discovery letter ("Joint Discovery Letter"), Plaintiffs seek relief with respect to the following: 1) United's alleged failure to fully comply with Plaintiffs' request for production of itemized reports of fees collected by United from all plan sponsors pursuant to the Shared Savings and Reasonable and Customary programs, including the R&C Program, and copies of all invoices sent by United to Apple, Tesla, Oracle, Union Pacific, JP Morgan, and Raytheon, which they contend they asked for in their First Set of Requests for Production to United, in July 2021; 2) United's alleged failure to produce complete, certified administrative records despite Plaintiffs' requests for them; 3) United's production of "thousands" of documents after the close of discovery, which deprived Plaintiffs' of the opportunity to rely on them in depositions and warrants permitting additional depositions; 4) MultiPlan's production of its privilege log on July 22, 2022, after the close of discovery, and the allegedly "haphazard" way the privilege log was done; 5) MultiPlan's clawback of documents at the July 14, 2022 deposition of Sean Crandell, some of which Plaintiffs planned to use in that deposition and which Plaintiffs contend are not privileged; 6) allegedly improper objections by MultiPlan and United in response

to Plaintiffs' discovery requests.[1]

Plaintiffs contend their requests for relief are timely under Civil Local Rule 37-3,[2] even though the formal non-expert discovery cut-off was July 15, 2022, because the parties stipulated to allow a handful of depositions after that date and the district judge approved that stipulation. *See* Dkt. 143 (Order approving Joint Stipulation to Permit Certain Depositions Following Close of Discovery). Plaintiffs argue that that stipulation extended the cut-off for fact discovery to July 29, 2022. In the alternative, they assert that there is good cause for the Court to consider the issues raised in the Joint Discovery Letter, even if untimely, in light of "Defendants' malfeasance in withholding such materials and producing tens of thousands of pages of documents at and after the eleventh hour, as recently as July 29, 2022." Joint Letter at 3. Plaintiffs contend they did not receive MultiPlan's privilege log until July 22, 2022. *Id.*

The undersigned rejects Plaintiffs' assertion that the fact discovery deadline was extended by stipulation until July 29, 2022. In the stipulation cited by Plaintiffs (dkt. 143), the parties agreed to "permit certain depositions following close of discovery" and expressly stated that "granting leave to take these depositions after the close of non-expert discovery [would] not alter any other dates in the schedule this Court set by its Order of April 21, 2022 (Dkt. 130)[.]" Dkt.

---

[1] United's responses are attached to the Joint Discovery Letter as Exhibit A. This composite exhibit contains responses dated October 20, 2021, February 28, 2022, April 21, 2022, June 3, 2022 and July 7, 2022. Dkt. 159-1. MultiPlan's responses are attached to the Joint Discovery Letter as Exhibit B. This composite exhibit contains responses dated September 16, 2021 and July 8, 2022. Dkt. 159-2.

[2] Rule 37-3 provides as follows:

> Unless otherwise ordered, as used in any order of this Court or in these Local Rules, a "discovery cut-off" is the date by which all responses to written discovery are due and by which all depositions must be concluded.
>
> Where the Court has set a single discovery cut-off for both fact and expert discovery, no motions to compel discovery may be filed more than 7 days after the discovery cut-off.
>
> Where the Court has set separate deadlines for fact and expert discovery, no motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off, and no motions to compel expert discovery may be filed more than 7 days after the expert discovery cut-off.
>
> Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown.

Civ.L.R. 37-3.

143. On its face, the stipulation does not change the discovery cut-off date. In contrast, the parties previously expressly stipulated to extend the discovery cut-off, and the district judge made clear when she approved the second such extension, moving the cut-off date to July 15, 2022, that "[n]o further extensions [would] be granted absent extraordinary and compelling reasons." *See* Dkt. 130.

Therefore, the Court concludes that the deadline to bring their request for Court intervention as to the issues raised in the Joint Discovery Letter was July 22, 2022 and that Plaintiffs must demonstrate good cause for waiting until July 31, 2022 to bring these issues to the Court's attention. Plaintiffs have not demonstrated good cause as to the first, second, fourth, fifth or sixth category of documents described above. The Court notes that the fee reports, invoices, and administrative records were the subject of longstanding requests for production and the clawback demand was made on July 14, 2022, before the close of fact discovery. Likewise, all of the discovery responses containing the allegedly improper objections were dated before July 15, 2022 and therefore, Plaintiffs' challenges to those responses could have been brought by the July 22, 2022 deadline.

On the other hand, MultiPlan's late production of its privilege log, on July 22, 2022, establishes good cause as to Plaintiffs' challenges to the adequacy of the log and the propriety of MultiPlan's privilege claims. The Court also notes that Plaintiffs brought this issue to the Court's attention at the July 29, 2022 motion hearing, within 7 days of receipt of the MultiPlan privilege log. The Court also finds that to the extent United and/or MultiPlan's late production (*ie*., after the July 15, 2022 discovery cut-off) of any document materially and significantly prejudiced Plaintiffs with respect to their ability to effectively depose any witness, the late production establishes good cause for Plaintiffs' delay in seeking Court intervention.

With respect to the two issues where there is good cause for Plaintiffs' failure to meet the deadline under Civil Local Rule 37-3, discussed above, the parties are ordered to provide full briefing as follows: Plaintiffs shall file a motion to compel no later than **August 11, 2022**. Defendants United and MultiPlan shall fill their opposition briefs by **August 18, 2022.** While United and MultiPlan may file separate opposition briefs, it is expected that they will ensure that

3

their briefs are not duplicative.  Plaintiffs' reply shall be filed by **August 22, 2022**.

**IT IS SO ORDERED.**

Dated:  August 4, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge