Exhibit "C"

MATTHEW M. LAVIN (*pro hac vice*)
matt.lavin@agg.com
AARON R. MODIANO (*pro hac vice*)
aaron.modiano@agg.com
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 20006
Telephone:    202.677.4030
Facsimile:    202.677.4031

DAVID M. LILIENSTEIN, SBN 218923
david@dllawgroup.com
KATIE J. SPIELMAN, SBN 252209
katie@dllawgroup.com
DL LAW GROUP
345 Franklin Street
San Francisco, CA 94102
Telephone: 415. 678.5050
Facsimile: 415.358.8484

*Attorneys for Plaintiffs & the Putative Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD, DB, BW, RH and CJ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York corporation,<br><br>Defendants. | Case No. 4:20-cv-02254-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**PLAINTIFFS' SIXTH REQUEST TO PRODUCE TO UNITED DEFENDANTS** |

1    Plaintiffs, LD *et al.*, by and through their undersigned counsel, pursuant to Rule 26 and
2    34 of the Federal Rules of Civil Procedure, the Local Rules of this Court and all applicable
3    standing orders, in the time and manner prescribed by the aforementioned rules, hereby
4    propound the following Sixth Requests for Production of Documents upon Defendants, United
5    Behavioral Health and UnitedHealthcare Insurance Company (collectively "United"), to produce
6    the documents requested below for inspection and copying at the offices of DL LAW GROUP,
7    345 Franklin Street, San Francisco, CA 94102, in accordance with the Definitions and
8    Instructions set forth hereinafter.

## Definitions

10    Each word or term used in these Requests to Produce ("requests") is intended to have the
11    broadest meaning permitted under the Federal Rules of Civil Procedure. Furthermore, these
12    Requests shall be interpreted by reference to the Definitions set forth below.

13    1    The term "Defendants" shall mean Defendant United Behavioral Health,
14         Defendant UnitedHealthcare Insurance Company, and Defendant MultiPlan, Inc.
15    2    The term "you", "your", and/or "United" shall mean collectively Defendants
16         United Behavioral Health, UnitedHealthcare Insurance Company, their domestic
17         and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships
18         and joint ventures, and all directors, officers, employees, agents and
19         representatives of the foregoing. The terms "subsidiary," "affiliate" and "joint
20         venture" refer to any person in which there is partial (25 percent or more) or total
21         ownership or control between any Defendant and any other person.
22    3    The term "person" shall mean any natural person, partnership, corporation, or
23         other legal entity.
24    4    The term "relating to" means in whole or in part constituting, containing,
25         concerning, discussing, describing, analyzing, identifying, or stating.
26    5    The terms "and" and "or" have both conjunctive and disjunctive meanings.
27    6    The terms "communication" or "communications" shall mean the oral or written
28         transmittal of information in the form of facts, ideas, inquiries, or otherwise and

-2-

1      evidence thereof, no matter how that information is stored, memorialized, or

2      fixed. These terms also include, without limitation, any summaries, reviews,

3      reports, notes, logs, records, journals, minutes, or outlines regarding or

4      memorializing the transmittal of information.

5    7    The term "document(s)" refers to all writings of any kind, including the originals

6      and all non-identical copies, whether different from the original by reason of any

7      notation made on such copies or otherwise, including without limitation

8      correspondence; memoranda; notes; diaries; statistics; letters; materials; invoices;

9      orders; directives; interviews; telegrams; minutes; reports; studies; statements;

10     transcripts; summaries; pamphlets; books; interoffice and intra-office

11     communications, notations of any sort of conversations, telephone calls, meetings

12     or other communications; bulletins; printed matter; teletype; telefax; worksheets;

13     and all drafts, alterations, modifications, changes and amendments of any of the

14     foregoing; graphic or aural recordings or representations of any kind, including

15     without limitation, photographs, charts, graphs, microfiche, microfilm, videotape,

16     records, motion pictures; and electronic, mechanical, or electrical recordings or

17     representations of any kind, including without limitation, tapes, cassettes,

18     cartridges, discs, chips, and records.

19    8    The term "each" shall mean each and every; "every" means each and every.

20    9    The term "including" shall mean including, but not limited to.

21    10    The terms "regarding" and/or "concerning" shall mean, relating to, referring to,

22     pertaining to, describing, evidencing, and/or constituting.

23    11    "Verification of Benefits" and "VOB" shall refer to the verification of member

24     benefits conducted by the member, member's treating provider, or any agent or

25     authorized representatives acting on the aforementioned behalves, for the purpose

26     of verifying the member's benefits, as well as any prior authorization and

27     utilization review requirements, prior to the member receiving treatment.

28

12    "Prior authorization" shall refer to the process by which prior approval for treatment is obtained from United or its agents for those procedures and treatments that require prior approval from United or its agents prior to the member receiving treatment.

13    "Utilization review" shall refer to process communications between a provider and United pertaining to the continuing treatment of a member.

14    "Administrative Services Agreement" shall refer to the agreement, including all amendments thereto, between United, including affiliated and associated entities, and a customer to provide administrative and other services in connection with that customer's self-funded employee benefit(s) plan.

15    "Administrative record" shall refer to all materials considered with regard to Defendants' claim determinations including all claims policies, procedures, and guidelines; evidence of safeguards it uses to ensure fair, accurate, and consistent claims handling; and anything else that is "relevant" to the claims determination consistent with the regulations set forth at 29 C.F.R. § 2560.503-1. Under 29 C.F.R. § 2560.503-1(m)(8), a document, record, or other information is "relevant to a claim for benefits" if it:

(i) Was relied upon in making the benefit determination;

(ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;

(iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or

(iv) In the case of a group health plan . . . constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

## Instructions

2          In responding to these document requests, you are required to furnish all information that

3   is available to you or subject to your reasonable inquiry, including information in the possession

4   of your attorneys, accountants, contractors, consultants, advisors or other persons directly or

5   indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise

6   subject to your control, as well as information referenced, reviewed and/or relied upon by you

7   and/or your respective counsel.

8          In responding to these document requests, you must make a diligent search of your

9   records and of other papers and materials in your possession or available to you or your

10  representatives.

11         If a document request has subparts, respond to each part separately and to the fullest

12  extent possible. Do not limit your response to the document request as a whole.

13         If you cannot respond to a document request or a subpart thereof fully, then respond to

14  the extent possible. Identify the portion to which you cannot respond; state the reason for your

15  inability to respond to it; and provide whatever materials you possess regarding that portion.

16         If you object to a document request or any portion thereof on the grounds of any

17  privilege, then please provide a privilege log as required by Rule 26(b)(5) of the Federal Rules of

18  Civil Procedure and consistent with the orders for Discovery.

19         If any document requested herein has been lost, discarded, or destroyed, then describe it

20  separately, stating: (1) the date of its disposal or destruction; (2) the manner of its disposal or

21  destruction; (3) all persons having knowledge of its disposal or destruction; (4) the persons

22  authorizing its disposal or destruction; and (5) the persons disposing or destroying it.

23         If you contend that Plaintiffs are already in possession of documents responsive to the

24  Requests contained herein, then for each Request (for which you contend that Plaintiffs are

25  already in possession of responsive documents) you should identify the relevant Bates or

26  reference number (or range of numbers) that corresponds and is responsive to the respective

27  Request for Production (and each corresponding subpart or subsection of the Request for

28  Production, as applicable).

1       Unless otherwise specified, the time period encompassed by each Request for Production

2  is the same as the time period relevant to the allegations in the Complaint.

3       These requests are continuing in nature. These requests therefore require further and

4  supplemental production of any additional documents, writings or objects originating or falling

5  within the scope of these requests between the date of initial production and the conclusion of

6  this litigation.

# REQUESTS

**REQUEST 1**. The complete Administrative Record for the member claim with CLAIM_ID 795249968901, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00831138754 for treatment at SUMMIT ESTATE RECOVERY CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 07/29/19 to 07/29/19.

3. Any statements of policy of guidance or Claims manuals of APPLE INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 2**. The complete Administrative Record for the member claim with CLAIM_ID 793057983401, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00919776590 for treatment at SUMMIT ESTATE RECOVERY CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 07/01/19 to 07/01/19.

3. Any statements of policy of guidance or Claims manuals of APPLE INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 3**. The complete Administrative Record for the member claim with CLAIM_ID 793057985301, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00903573655 for treatment at SUMMIT ESTATE RECOVERY CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries,

medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 07/08/19 to 07/08/19.

3. Any statements of policy of guidance or Claims manuals of APPLE INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 4**. The complete Administrative Record for the member claim with CLAIM_ID 749902899601, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00952777284 for treatment at SUMMIT ESTATE RECOVERY CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare

-10-

providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 11/26/18 to 11/26/18.

3. Any statements of policy of guidance or Claims manuals of APPLE INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 5**. The complete Administrative Record for the member claim with CLAIM_ID 774722115901, consisting of all documents, records, and other information relevant

to the claim for treatment of the United's member with MEMBER_ALT_ID 00907326522 for treatment at SUMMIT ESTATE RECOVERY CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 04/08/19 to 04/08/19.

3. Any statements of policy of guidance or Claims manuals of TESLA; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 6**. The complete Administrative Record for the member claim with CLAIM_ID CA6270678601, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00843696068 for treatment at HIGH WATCH RECOVERY CENTER INC. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 04/02/20 to 04/07/20.

3. Any statements of policy of guidance or Claims manuals of GENERAL DYNAMICS; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the

Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 7**. The complete Administrative Record for the member claim with CLAIM_ID CY2407231801, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00955375640 for treatment at HIGH WATCH RECOVERY CENTER INC. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third

parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 09/23/21 to 09/27/21.

3. Any statements of policy of guidance or Claims manuals of GENERAL DYNAMICS; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 8**. The complete Administrative Record for the member claim with CLAIM_ID 747910143001, consisting of of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00960679481 for treatment at BRIDGING THE GAPS. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including

explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 11/08/18 to 11/09/18.

3. Any statements of policy of guidance or Claims manuals of APPLE INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 9**. The complete Administrative Record for the member claim with CLAIM_ID 666642653101, consisting of all documents, records, and other information relevant

to the claim for treatment of the United's member with MEMBER_ALT_ID 00939384471 for treatment at BRIDGING THE GAPS. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 07/31/17 to 08/04/17.

3. Any statements of policy of guidance or Claims manuals of SAAB, INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

-17-

1      7. A copy of any specific rule, guideline, or protocol relied upon in determining the

2 claims.

3      8. Any and all recordings of phone calls between You and the healthcare provider

4 identified in this request, or its representatives, related to the member identified in this request.

5 This request includes the verification/eligibility of benefits call and all subsequent utilization

6 review, pre-certification or prior authorization calls, as well any other calls (such as claim

7 dispute, appeal or inquiry calls), related to this member and the services they received from the

8 healthcare provider in your possession.

9

10      **REQUEST 10**. The complete Administrative Record for the member claim with

11 CLAIM_ID 744201493701, consisting of all documents, records, and other information relevant

12 to the claim for treatment of the United's member with MEMBER_ALT_ID 00921842279 for

13 treatment at PCI WEST LAKE CENTER. This request specifically includes, but is not limited

14 to:

15      1. A copy of the entire claim file, which includes, but is not limited to:

16      a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant

17 messages, activity logs, correspondence with medical reviewers, correspondence with healthcare

18 providers (including provider remittance advices), correspondence with plan member (including

19 explanations of benefits, patient advocacy letters and similar correspondence), medical reports,

20 and communications with any third party including Multiplan regarding the pricing of the

21 claims;

22      b. all medical records, paper and electronic, including, but not limited to, records of

23 diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries,

24 medications lists, prognosis, third party records, any correspondence with the claimant, third

25 parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical

26 professionals involved in determining claim eligibility, and any other claimant documents.

27

28

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 10/22/18 to 10/29/18.

3. Any statements of policy of guidance or Claims manuals of GEICO CORPORATION; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 11**. The complete Administrative Record for the member claim with CLAIM_ID 690601996701, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00913267265 for treatment at PCI WEST LAKE CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the

claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 12/08/17 to 12/11/17.

3. Any statements of policy of guidance or Claims manuals of ORACLE, INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 12**. The complete Administrative Record for the member claim with CLAIM_ID 624099128001, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00818711860 for treatment at DESERT COVE RECOVERY CENTER LLC. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 11/07/16 to 11/11/16.

3. Any statements of policy of guidance or Claims manuals of NOKIA; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

-21-

8. Any and all recordings of phone calls between You and the healthcare provider identified in this request, or its representatives, related to the member identified in this request. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from the healthcare provider in your possession.

**REQUEST 13**. The complete Administrative Record for the member claim with CLAIM_ID 625043583601, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00934387561 for treatment at DESERT COVE RECOVERY CENTER LLC. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 10/10/16 to 10/14/16.

3. Any statements of policy of guidance or Claims manuals of TEXTRON; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

8. Any and all recordings of phone calls between You and the healthcare provider identified in this request, or its representatives, related to the member identified in this request. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from the healthcare provider in your possession.

**REQUEST 14**. The complete Administrative Record for the member claim with CLAIM_ID CA5576055101, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00935433322 for treatment at PATHWAY TO HOPE. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare

providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 04/08/20 to 04/10/20.

3. Any statements of policy of guidance or Claims manuals of CISCO SYSTEMS, INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 15**. The complete Administrative Record for the member claim with CLAIM_ID AY9855962001, consisting of all documents, records, and other information

-24-

relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00920940449 for treatment at PATHWAY TO HOPE. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 03/06/20 to 03/06/20.

3. Any statements of policy of guidance or Claims manuals of RITE AID CORPORATION; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 16**. The complete Administrative Record for the member claim with CLAIM_ID 761206939101, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00975029724 for treatment at OCEAN BREEZE RECOVERY LLC LLC. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 01/30/19 to 01/30/19.

3. Any statements of policy of guidance or Claims manuals of RAYTHEON COMPANY; the Defendants (including any parent, subsidiary, and/or agent); any peer review

companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 17**. The complete Administrative Record for the member claim with CLAIM_ID 661228944101, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00932720081 for treatment at OCEAN BREEZE RECOVERY LLC LLC. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third

-27-

parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 07/05/17 to 07/06/17.

3. Any statements of policy of guidance or Claims manuals of NESTLE USA, INC.; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 18**. The complete Administrative Record for the member claim with CLAIM_ID CR4734681501, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00809490519 for treatment at PALM BEACH RECOVERY. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including

explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 05/31/21 to 05/31/21.

3. Any statements of policy of guidance or Claims manuals of NATIONAL EDUCATION ASSOCIATION {NEA}; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

8. Any and all recordings of phone calls between You and the healthcare provider identified in this request, or its representatives, related to the member identified in this request. This request includes the verification/eligibility of benefits call and all subsequent utilization

-29-

review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from the healthcare provider in your possession.

**REQUEST 19**. The complete Administrative Record for the member claim with CLAIM_ID CA9733607301, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00000526414 for treatment at PACIFIC RECOVERY SOLUTIONS. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 04/30/20 to 04/30/20.

3. Any statements of policy of guidance or Claims manuals of US BANK; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

8. Any and all recordings of phone calls between You and the healthcare provider identified in this request, or its representatives, related to the member identified in this request. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from the healthcare provider in your possession.

**REQUEST 20**. The complete Administrative Record for the member claim with CLAIM_ID 769556074501, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00966703288 for treatment at PACIFIC RECOVERY SOLUTIONS. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 02/18/19 to 02/20/19.

3. Any statements of policy of guidance or Claims manuals of MCMASTER-CARR SUPPLY COMPANY; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

8. Any and all recordings of phone calls between You and the healthcare provider identified in this request, or its representatives, related to the member identified in this request. This request includes the verification/eligibility of benefits call and all subsequent utilization review, pre-certification or prior authorization calls, as well any other calls (such as claim dispute, appeal or inquiry calls), related to this member and the services they received from the healthcare provider in your possession.

**REQUEST 21**. The complete Administrative Record for the member claim with CLAIM_ID 794566171401, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00920520108 for treatment at NEW LIFE TREATMENT CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 07/31/19 to 08/01/19.

3. Any statements of policy of guidance or Claims manuals of TESLA; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 22**. The complete Administrative Record for the member claim with CLAIM_ID 737594321501, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00963715513 for treatment at NEW LIFE TREATMENT CENTER. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 09/17/18 to 09/18/18.

-34-

3. Any statements of policy of guidance or Claims manuals of WELLS FARGO; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

**REQUEST 23**. The complete Administrative Record for the member claim with CLAIM_ID 604360045001, consisting of all documents, records, and other information relevant to the claim for treatment of the United's member with MEMBER_ALT_ID 00926598613 for treatment at STEPPING STONE OF SAN DIEGO, INC. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries,

medications lists, prognosis, third party records, any correspondence with the claimant, third

parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical

professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan

document, the certificate of insurance, and the Summary Plan Description, which were in effect

during the period from 06/20/16 to 06/24/16.

3. Any statements of policy of guidance or Claims manuals of APPLE INC.; the

Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan

Administrator; or any of their affiliates with respect to the member's. These documents are

requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy

coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the

name and address of the Plan Administrator and the Claim Administrator if not the same as the

Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service

of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the

claims.


**REQUEST 24**. The complete Administrative Record for the member claim with

CLAIM_ID CL3731426201, consisting of all documents, records, and other information relevant

to the claim for treatment of the United's member with MEMBER_ALT_ID 00928097365 for

treatment at ARISE RECOVERY CENTERS OF AMERICA LLC. This request specifically

includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant

messages, activity logs, correspondence with medical reviewers, correspondence with healthcare

providers (including provider remittance advices), correspondence with plan member (including

explanations of benefits, patient advocacy letters and similar correspondence), medical reports,

and communications with any third party including Multiplan regarding the pricing of the

claims;

      b. all medical records, paper and electronic, including, but not limited to, records of

diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries,

medications lists, prognosis, third party records, any correspondence with the claimant, third

parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical

professionals involved in determining claim eligibility, and any other claimant documents.

      2. The applicable health plan and related documents, including the official plan

document, the certificate of insurance, and the Summary Plan Description, which were in effect

during the period from 02/18/21 to 02/18/21.

      3. Any statements of policy of guidance or Claims manuals of GEICO CORPORATION;

the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the

Plan Administrator; or any of their affiliates with respect to the member's. These documents are

requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

      4. Documents sufficient to show the date on which the actual contents of the policy

coverage and/or the Summary Plan Description were made available to plan participants;

      5. Documents sufficient to show the official name of the Employee Benefits Plan and the

name and address of the Plan Administrator and the Claim Administrator if not the same as the

Plan Administrator;

      6. Documents sufficient to show the name and address of the registered agent for service

of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

      7. A copy of any specific rule, guideline, or protocol relied upon in determining the

claims.

**REQUEST 25**. The complete Administrative Record for the member claim with

CLAIM_ID 702867372201, consisting of all documents, records, and other information relevant

to the claim for treatment of the United's member with MEMBER_ALT_ID 00903502669 for treatment at ARISE RECOVERY CENTERS OF AMERICA LLC. This request specifically includes, but is not limited to:

1. A copy of the entire claim file, which includes, but is not limited to:

a. all reports and notes regarding the claims, electronic mail messages (e-mails), instant messages, activity logs, correspondence with medical reviewers, correspondence with healthcare providers (including provider remittance advices), correspondence with plan member (including explanations of benefits, patient advocacy letters and similar correspondence), medical reports, and communications with any third party including Multiplan regarding the pricing of the claims;

b. all medical records, paper and electronic, including, but not limited to, records of diagnostic tests and lab reports, doctors' notes, nurses' notes, office notes, discharge summaries, medications lists, prognosis, third party records, any correspondence with the claimant, third parties, claim policies, claim handling manual and/or guidelines, CVs of doctors or medical professionals involved in determining claim eligibility, and any other claimant documents.

2. The applicable health plan and related documents, including the official plan document, the certificate of insurance, and the Summary Plan Description, which were in effect during the period from 03/01/18 to 03/01/18.

3. Any statements of policy of guidance or Claims manuals of FIDELITY INVESTMENTS; the Defendants (including any parent, subsidiary, and/or agent); any peer review companies; the Plan Administrator; or any of their affiliates with respect to the member's. These documents are requested pursuant to 29 C.F.R. § 2560.503-1(m)(8);

4. Documents sufficient to show the date on which the actual contents of the policy coverage and/or the Summary Plan Description were made available to plan participants;

5. Documents sufficient to show the official name of the Employee Benefits Plan and the name and address of the Plan Administrator and the Claim Administrator if not the same as the Plan Administrator;

6. Documents sufficient to show the name and address of the registered agent for service of process for the Employee Benefits Plan, the Plan Administrator, and the Claim Administrator;

7. A copy of any specific rule, guideline, or protocol relied upon in determining the claims.

DATED: May 4, 2022

ARNALL GOLDEN GREGORY, LLP

By: */s/ Matthew M. Lavin*
Matthew M. Lavin, Esq. (*pro hac vice*)
Aaron R. Modiano, Esq. (*pro hac vice*)

DL LAW GROUP

By: */s/ David M. Lilienstein*
David M. Lilienstein, Esq.
Katie J. Spielman, Esq.

*Attorneys for Plaintiffs and the Putative Class*