1    LAUREN M. BLAS, SBN 296823
       lblas@gibsondunn.com
2    GIBSON, DUNN & CRUTCHER LLP
     333 South Grand Avenue
3    Los Angeles, CA  90071-3197
     Telephone: 213.229.7000
4    Facsimile:  213.229.7520

5    GEOFFREY SIGLER (*pro hac vice*)
       gsigler@gibsondunn.com
6    MATTHEW GUICE AIKEN (*pro hac vice*)
       maiken@gibsondunn.com
7    GIBSON, DUNN & CRUTCHER LLP
     1050 Connecticut Avenue, N.W.
8    Washington, D.C. 20036-5306
     Telephone: 202.99.8500
9    Facsimile:  202.467.0539

10   Attorneys for Defendants UNITED
     BEHAVIORAL HEALTH and UNITED
11   HEALTHCARE INSURANCE COMPANY

MOE KESHAVARZI, SBN 223759
  mkeshavarzi@sheppardmullin.com
DAVID DWORSKY, SBN 272167
  ddworsky@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
  HAMILTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone: 213.620.1780
Facsimile: 213.620.1398

ERROL J. KING, JR. (*pro hac vice*)
  errol.king@phelps.com
CRAIG L. CAESAR (*pro hac vice*)
  craig.caesar@phelps.com
KATIE C. MANNINO (*pro hac vice*)
  katie.mannino@phelps.com
PHELPS DUNBAR LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Facsimile: (225) 381-9197

Attorneys for Defendant MULTIPLAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH and CJ, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>       v.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York corporation,<br><br>            Defendants. | CASE NO. 4:20-cv-02254-YGR<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO L.R. 7-11 AND L.R. 6-3**<br><br>Hon. Yvonne Gonzalez Rogers<br><br><br>Complaint filed: April 2, 2020<br>Third Amended Complaint filed: Sept. 10, 2021 |

**INTRODUCTION**

Pursuant to Civil Local Rules 6-3 and 7-11, Defendants United Healthcare Insurance Company ("UHC") and United Behavioral Health ("UBH") and Defendant MultiPlan, Inc. (collectively, "Defendants") respectfully request a two-week extension of the deadline to file their opposition to Plaintiffs' Motion for Class Certification (including rebuttal expert reports), which is currently set for September 28, 2022 (Dkt. 130).[1]  As explained below, Plaintiffs' delays in producing their class certification experts for deposition, as well as their outright refusal to produce some of the key materials considered by these experts, necessitate this short extension, so that Defendants can respond fully to Plaintiffs' experts in Defendants' rebuttal expert reports and opposition brief.  Defendants respectfully submit that Plaintiffs' refusals and delays constitute extraordinary and compelling reasons to extend Defendants' opposition deadline from September 28 until October 12.  No further changes to the current schedule are requested.  Defendants acted diligently and attempted over the course of multiple meet and confers to obtain earlier deposition dates or an agreed extension, but Plaintiffs refused, claiming Defendants are not entitled to take class expert depositions prior to Defendants' filing deadline.  *See* attached Declaration of Matthew Guice Aiken ("Aiken Decl."), ¶¶ 4–7.

**ARGUMENT**

The Court entered the operative scheduling order on April 21, 2022, based on a stipulation agreed to by all parties, setting the deadline for Plaintiffs' Motion for Class Certification and supporting expert reports as August 17, 2022, and setting the deadline for Defendants' Opposition to Class Certification and rebuttal expert reports as September 28, 2022.  In doing so, the Court also stated: "[n]o further extensions will be granted absent extraordinary and compelling reasons."  Dkt. 130 at 6.

Defendants have acted diligently to comply with this schedule, but Plaintiffs' refusals make a limited extension of the September 28 deadline necessary.  On August 18, 2022, Plaintiffs filed an amended Motion for Class Certification (Dkt. 171), accompanied by a Declaration of Aaron Modiano

---

[1]   Pursuant to Civil Local Rule 6-3(a)(5), United Defendants note that the Court has granted two previous stipulated extensions to the deadline that is the subject of this motion (Dkt. 115, Dkt. 130).

MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO L.R. 7-11 AND L.R. 6-3 – CASE NO. 4:20-CV-02254

Gibson, Dunn & Crutcher LLP

(Dkt. 171-1) and 28 exhibits.[2]  Three of those exhibits—Exhibits W, X, and Z—are reports prepared by expert witnesses Robert Ohsfeldt, Mark Hall, and Alexandra Lahav.  Dkt. 171-24, 171-25, 171-27. The experts provide multiple opinions specifically focused on class certification issues, and Plaintiffs cite these expert reports at least sixteen times in their motion, sometimes quoting whole paragraphs verbatim.  *See, e.g.*, Dkt. 171 at 8–10, 12–14, 16–18, 21, 23–25.  Defendants are entitled to subject Plaintiffs' experts to rigorous scrutiny in contesting Plaintiffs' motion for class certification.  *See Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018) ("[I]n evaluating challenged expert testimony in support of class certification, a district court should evaluate admissibility under the standard set forth in *Daubert*."); *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC.*, 31 F.4th 651, 655 & n.7 (9th Cir. 2022) (noting that "defendants may challenge the reliability of an expert's evidence under *Daubert*").

By way of example: Dr. Ohsfeldt purports to analyze Viant's pricing methodology using computer code and data analysis that is reflected in multiple summary tables in his report, but the specific data parameters, rules/code, assumptions, and methodology are not fully disclosed or described—and to date Plaintiffs have refused to disclose them.  He also discusses alternative reimbursement methodologies, without explaining how he identified these alternatives or whether he considered any others.  Professors Hall and Lahav rely on various assumptions (and inaccurate factual assertions) fed to them by Plaintiffs' counsel to opine on whether Plaintiffs' requested remedies are manageable on a classwide basis, and whether the claims can proceed on a classwide basis at all.  These experts also cite to vaguely described "literature" that seemingly undermines (rather than supports) their opinions.  To fully understand these reports and the basis for the proposed experts' opinions, and to rebut them, Defendants and their own experts must have the opportunity to probe all facts and materials considered by Plaintiffs' experts in forming their opinions.  The time to do this is now, so that Defendants can address any critiques and shortcomings of Plaintiffs' expert reports in Defendants' rebuttal reports and opposition to class certification, which are currently due on September 28.  *See*

---

[2]  Plaintiffs filed their initial motion on August 17, 2021 (Dkt. 168), but subsequently asked that it be removed from the docket, as they had incorrectly failed to file it under seal.

*Stoba v. Saveology.com, LLC*, 2016 WL 3356796, at \*3 (S.D. Cal. June 3, 2016) (compelling depositions of class certification experts).

To that end, beginning shortly after receiving the reports, Defendants have repeatedly requested that Plaintiffs provide dates on which their expert witnesses may be deposed in early to mid-September, so that there would be sufficient time to incorporate their testimony into Defendants' class certification opposition and any rebuttal expert reports on September 28.  Aiken Decl., ¶¶ 4–5.  Plaintiffs responded first with foot-dragging and then with meritless objections.  Aiken Decl., ¶ 6.  Plaintiffs initially ignored Defendants' requests, then insisted on a call that they could not have for several more days.  *Id.*  On the call, they told Defendants they objected to all of Defendants' requests.  *Id.*  It was only when Defendants had prepared a joint letter to Magistrate Judge Spero teeing up a dispute that Plaintiffs eventually provided deposition dates—all of which were extremely close to or after Defendants' September 28 deadline to respond.  Aiken Decl., ¶ 7.

Specifically, the earliest offered date for Dr. Ohsfeldt (September 26) is just two days before Defendants' filing deadline; the earliest offered date for Dr. Lahav (September 23) is just five days before that deadline; and all of the offered dates offered for Professor Hall (October 6, 7, 13, and 14) are after the September 28 deadline.  Aiken Decl., ¶ 7.  Defendants have accepted the earliest dates offered by Plaintiffs for these depositions, but to properly incorporate the deposition testimony into their September 28 rebuttal reports and filing requires a two-week extension (to approximately one week after the final deposition can be completed). Plaintiffs have cited their experts' busy academic schedules as an explanation for their supposedly very limited availability, but Plaintiffs have known about the case schedule for months, they have not provided any specific conflicts on earlier dates, and in any event Defendants should not be prejudiced by the limited availability of Plaintiffs' experts when they easily could have and should have planned ahead for this.  Remarkably, Plaintiffs have refused to agree to any extension of Defendants' September 28 deadline—the most obvious fix for this problem of Plaintiffs' own making.  *Id.*

Completing these expert depositions before Defendants' rebuttal reports and class certification opposition are due, so that they can be folded into these filings, is fully consistent with the case schedule and efficiency.  Indeed, dating back to the parties' initial joint scheduling proposal and case

management conference, Defendants made clear in the parties' discussions that they would want to depose Plaintiffs' experts before filing rebuttal reports—and the parties negotiated a schedule that would allow sufficient time for this to occur.  Aiken Decl., ¶ 3.  The schedule eventually set by the Court—and the operative schedule today—allowed time for this to occur, if Plaintiffs had complied by providing dates for their experts in early to mid-September as requested.  The case schedule also specified a deadline for "non-expert" (or "fact") discovery (July 15, 2022), but explicitly left room for expert discovery to occur during class certification briefing.  *See* Dkt. 130 at 6.

The depositions are also consistent with practice in this Circuit.  For example, in *Stoba v. Saveology.com, LLC*, the court granted the defendants' request to compel depositions of expert witnesses disclosed along with a class certification motion, stating that "while the scheduling order does not parse out expert discovery, it is implicit that class discovery includes any discovery that will be used in support of the class certification motion" and that "under the Federal Rules, it is inconceivable that a party can rely on expert witnesses in a dispositive motion without affording any opportunity to the other side to conduct discovery on that expert."  2016 WL 3356796, at *3.

The limited proposed extension of Defendants' opposition and rebuttal expert deadline from September 28, 2022 to October 12, 2022 need not affect the reply or hearing dates specified in this Court's April 21, 2022 Order (Dkt. 130), and thus would not impact the Court's calendar or delay the resolution of this case.  Even with the two-week extension, Plaintiffs would still have four weeks to draft a reply in support of class certification, and therefore would suffer no prejudice.[3]

For the foregoing reasons, Defendants respectfully request that the deadline for their opposition to Plaintiffs' Motion for Class Certification and supporting materials and expert reports be extended by two weeks, from September 28, 2022 to October 12, 2022.

---

[3]  Furthermore, any prejudice to Plaintiffs from having slightly less time to prepare a reply brief would be self-inflicted and result directly from Plaintiffs' own refusal either to make their experts available for discovery on the Court's timeline or to stipulate to a revised timeline that will accommodate those experts' schedules.  In any event, any concerns about prejudice could be alleviated by extending Plaintiffs' reply deadline (currently set at November 9, 2022) without altering the scheduled hearing date of December 6, 2022.  Dkt. 130.

Gibson, Dunn &
Crutcher LLP

MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO L.R. 7-11 AND L.R. 6-3 – CASE NO. 4:20-CV-02254

1   DATED: September 14, 2022        Respectfully submitted,

2

3                                    By:   /s/  *Geoffrey Sigler*

4                                    Geoffrey Sigler

5                                    GIBSON, DUNN & CRUTCHER LLP

6                                    Counsel for Defendants UNITED BEHAVIORAL HEALTH and UNITED HEALTHCARE INSURANCE COMPANY

7

8                                    Moe Keshavarzi
                                   David E. Dworsky

9                                    SHEPPARD, MULLIN, RICHTER & HAMILTON LLP

10                                   Errol J. King, Jr. (*admitted pro hac vice*)

11                                    Katie C. Mannino (*admitted pro hac vice*)
                                   Craig L. Caesar (*admitted pro hac vice*)

12                                    PHELPS DUNBAR LLP

13                                    Counsel for Defendant MULTIPLAN, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28