LAUREN M. BLAS, SBN 296823
   lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

GEOFFREY SIGLER (*pro hac vice*)
   gsigler@gibsondunn.com
MATTHEW GUICE AIKEN (*pro hac vice*)
   maiken@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.995.8500
Facsimile: 202.467.0539

Attorneys for Defendants
UNITED HEALTHCARE INSURANCE COMPANY
and UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH, and CJ, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>        Defendants. | Case No. 4:20-cv-02254-YGR<br><br>**DECLARATION OF MATTHEW GUICE AIKEN IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO L.R. 7-11 AND L.R. 6-3**<br><br>Hon. Yvonne Gonzalez Rogers |

1

I, Matthew Guice Aiken, state and declare as follows:

1. I am an associate attorney at Gibson, Dunn & Crutcher LLP, and counsel of record for Defendants United Healthcare Insurance Company ("UHC") and United Behavioral Health ("UBH") (together, "United Defendants") in the above-captioned case. I have personal knowledge of the facts set forth in this Declaration, and, if called as a witness, could and would testify competently to such facts under oath.

2. I submit this declaration under Local Rules 6-3 and 7-11 in support of the Motion for Administrative Relief filed by United Defendants and Defendant MultiPlan, Inc. (collectively, "Defendants").

3. On April 19, 2021, counsel for United Defendants informed counsel for Plaintiffs in a written comment on a draft of a joint case management statement exchanged with Plaintiffs that United Defendants would need time to depose Plaintiffs' experts after Plaintiffs' filing of their class certification motion and before Defendants' opposition. The parties subsequently agreed on a schedule that would allow sufficient time for this to occur.

4. On August 26, 2022, counsel for United Defendants emailed counsel for Plaintiffs to request dates on which their three expert witnesses, Dr. Robert Ohsfeldt, Professor Mark Hall, and Professor Alexandra Lahav, may be deposed. United Defendants did not receive a response.

5. On August 30, 2022, counsel for United Defendants sent a letter to counsel for Plaintiffs again requesting potential deposition dates during the week of September 12, and also identifying various materials that appeared to be missing from Plaintiffs' expert reports (and that should have been served on August 17 with the reports). United Defendants did not receive a response.

6. On September 1, 2022, counsel for Plaintiffs asked counsel for Defendants to meet and confer. During the parties' meeting on September 6, 2022, counsel for Plaintiffs told counsel for Defendants that they objected to these requests by Defendants. The parties exchanged emails explaining their positions and met and conferred again on September 9, 2022. Plaintiffs still did not provide deposition dates for their experts or the requested materials and said they were "reserving" objections.

7. On September 12, 2022, after Defendants indicated that they intended to raise these issues with Magistrate Judge Spero, Plaintiffs offered a single date (September 26) for a full-day deposition of Dr. Ohsfeldt, just two days before Defendants' current deadline to oppose Plaintiffs' class certification motion. Plaintiffs offered only one date prior to Defendants' deadline—September 23—for Professor Lahav. On September 13, 2022, Plaintiffs offered four dates for a half-day deposition with Professor Hall, none of which are before Defendants' current deadline to oppose Plaintiffs' class certification motion. Counsel for Plaintiffs also informed counsel for United Defendants that they would not agree to an extension of the briefing schedule so as to allow the depositions of all of Plaintiffs' experts to take place prior to Defendants' deadline.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 14, 2022

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Matthew Guice Aiken*
Matthew Guice Aiken

*Counsel for Defendants United Healthcare Insurance Company and United Behavioral Health*