MATTHEW M. LAVIN
matt.lavin@agg.com
AARON R. MODIANO
aaron.modiano@agg.com
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave., NW
Suite 1000
Washington, DC  20006
Telephone:     202.677.4030
Facsimile:     202.677.4031

DAVID M. LILIENSTEIN, SBN 218923
david@dllawgroup.com
KATIE J. SPIELMAN, SBN 252209
katie@dllawgroup.com
DL LAW GROUP
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484

Attorneys for Plaintiffs and the Putative Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LD. et al., | Case No. 4:20-cv-02254-YGR-JCS |
| Plaintiffs, | Hon. Yvonne Gonzalez Rogers |
| v. | **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF** |
| United Behavioral Health et al., | |
| Defendants. | |

# I. INTRODUCTION

Plaintiffs respectfully request that this Court deny Defendants' Administrative Motion [dkts. 188 & 189] requesting a two-week extension for their deadline to file their opposition to Plaintiffs' Motion for Class Certification [dkt. 130]. Plaintiffs have provided all expert material contemplated by the Federal Rules to Defendants and have proceeded according to the Joint Case Management Statement and following joint stipulations and orders. For Defendants now to claim prejudice, relying upon several incorrect representations to the Court, is disingenuous and unsupportable.

Despite Defendants' assertions to the contrary, Plaintiffs have promptly obtained deposition dates from their expert witnesses and provided them to Defendants. Defendants waited nearly two weeks from when Plaintiffs filed their motion for class certification and disclosed their expert reports to request dates for depositions (Modiano Declaration ¶3). Those depositions have now been noticed by Defendants with Professor Lahav's deposition noticed for September 23, 2022, Dr. Ohsfeldt's deposition noticed for September 26, 2022, and Professor Hall's deposition noticed for October 6, 2022. Likewise, Plaintiffs have never refused to produce any material considered by or relied upon by these experts in forming their opinions. This is contrasted by Defendants' own actions where, despite Plaintiffs requesting deposition dates at the beginning of September for Defendants' rebuttal experts, were provided with the date of November 4, 2022 for Defendants' expert on September 19, 2022 (Modiano Declaration ¶15). Defendants' actions are no more than gamesmanship that should not be sanctioned by the Court.

## II. ARGUMENT

The Joint Case Management Statement filed by the Parties [dkt. 83] specified a single deadline for Plaintiffs' motion for class certification and expert reports in support of the motion. It likewise specified a single deadline for Defendants' response in opposition and expert reports supporting the response. Defendants' response has always had a deadline approximately one month after Plaintiffs' motion. Plaintiffs' motion was prepared and filed without the benefit of Defendants' expert reports or any other expert discovery. Despite this, and that the schedule makes no provisions for conducting expert depositions prior to class certification briefing,

1    Defendants now claim to be prejudiced as the result of Plaintiffs actions that have been in accord

2    with the case management schedule and all following orders.

3         Next, Defendants' assertion as to Plaintiffs' expert Dr. Ohsfeldt that in his report "the

4    specific data parameters, rules/code, assumptions, and methodology are not fully disclosed or

5    described" (Def. Mot. pg. 3) is patently false.  Dr. Ohsfeldt's report [dkt. 171-24] goes into

6    significant detail and explanation as to all of the matters raised by Defendants. Despite his report

7    already containing all of the requested and necessary information, Plaintiffs have also provided

8    Defendants with the ".do" files used by the Stata program for the analysis and opinions contained

9    within his report. Further, the data analyzed in the report is the same data that was provided by

10   the Defendants to the Plaintiffs previously in this litigation.

11        As to Professors Lahav and Hall, Defendants inaccurately state that they "cite to vaguely

12   described 'literature' that seemingly undermines (rather than supports) their opinions" (Def. Mot.

13   pg. 3). This is patently false. All literature relied upon by them is disclosed in their expert reports

14   [dkt. 171-25, Expert Report of Mark Hall, dkt. 171-27, Expert Report of Alexandra Lahav], a

15   fact that Plaintiffs' counsel confirmed to Defendants during a meet and confer between the

16   Parties.

17        Aside from Defendants' factual misstatements about the reports and material provided to

18   them, Defendants' case law does not support their argument that they are entitled to depose

19   Plaintiffs' experts prior to the deadline to respond to Plaintiffs' motion for class certification.

20   *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996 (9th Cir. 2018) says nothing to support Defendants'

21   assertion that they would be prejudiced if they cannot take the depositions of Plaintiffs' experts

22   prior to filing their response to Plaintiffs' motion. Instead, *Sali*, discusses the admissibility

23   standard to apply under *Daubert* when evaluating Rule 23(a) requirements. *Id.* at 1005. In *Sali*,

24   the Ninth Circuit held:

25              [w]e agree with the Eighth Circuit, however, which has held that a
                district court is not limited to considering only admissible evidence
26              in evaluating whether Rule 23's requirements are met. *Zurn Pex*,
                644 F.3d at 612–13. Contrary to other courts' conclusory
27              presumptions that Rule 23 proof must be admissible, the Eighth
                Circuit probed the differences between Rule 23, summary
28              judgment and trial that warrant greater evidentiary freedom at the
                class certification stage. *Id.*

-3-

1     Likewise, *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651

2 (9th Cir. 2022) addresses the admissibility of evidence and *Daubert* in the context of Rule

3 23(b)(3). *Id.* at 665. Again, nowhere in the Ninth Circuit's holding does it support Defendants'

4 assertion that they will be prejudiced if they cannot take the depositions of Plaintiffs' experts

5 prior to filing their response to Plaintiffs' motion. Next, Defendants' reliance on *Stoba v.*

6 *Saveology.com, LLC*, 2016 WL 3356796 (S.D. Cal. June 3, 2016) is readily distinguished from

7 the present situation. Unlike *Stoba*, Plaintiffs have followed the joint case management statement

8 and subsequent joint stipulations and orders (dkts. 83, 85, 115, & 130), provided deposition dates

9 to the Defendants, Defendants have noticed the depositions of Plaintiffs' experts, and Plaintiffs

10 have provided all material considered or relied upon by the experts to Defendants.

11     At the class certification stage the Court is not bound by the 'admissibility' of the

12 evidence at trial in making its determination. *See, e.g., Magadia v. Wal-Mart Assocs., Inc.*, 2018

13 WL 5923449, *3 & *6 n.2 (N.D. Cal. 2018) (stating that "[i]nadmissibility alone is not a proper

14 basis to reject evidence submitted in support of class certification" and overruling objections to

15 declaration submitted on reply); *Dawson v. Hertz Transporting, Inc.*, 2018 WL 6112623, *2

16 (C.D. Cal. 2018) (holding that "[a]t this preliminary stage, a district court may not decline to

17 consider evidence solely on the basis that the evidence is inadmissible at trial" and may consider

18 "any material necessary to its determination"). This is consistent with the cases cited by

19 Defendants. None of Defendants' cited cases stand for the proposition that, with a case

20 management schedule as in this case, where Defendants are not precluded from raising *Daubert*

21 challenges in an appropriate motion, prejudice or irreparable harm attaches from not taking a

22 deposition prior to filing a response to a motion for class certification.

23     Plaintiffs are in no way preventing discovery from being conducted on their experts as is

24 shown by having provided all required materials and making them available for depositions that

25 Defendants have already noticed and that will occur shortly.

26     Instead, Defendants make numerous arguments related to *Daubert* when they are in no

27 way prejudiced or prevented from raising challenges to Plaintiffs' experts in an appropriate

28 motion with ample time prior to the hearing presently set in December on Plaintiffs' motion for

class certification. However, by only now providing November 4, 2022 as the earliest date that their expert is available for deposition, Defendants are not affording the Plaintiffs the same consideration.

Defendants also ignore the inherent flexibility of the *Daubert* standard and that such flexibility is important when evaluating expert evidence at the class certification stage of litigation compared to the trial stage of litigation. As stated by a sister court in this circuit, "[t]he Court should satisfy itself that the expert opinions it will consider in regards to class certification are reliable and relevant. This would be somewhat different than consideration of expert testimony to be presented in evidence to a jury, but the process is the same. *See In re Zurn Pex Plumbing Products Liability Litigation*, 644 F.3d 604, 613 (8th Cir. 2011) ("'There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself [or herself.]") (*quoting U.S. v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005)). *Hartmann v. Uponor, Inc.*, 2013 WL 12315163, at *3 (D. Nev. Nov. 25, 2013). Nothing prevents the Court from evaluating Plaintiffs' experts' opinions under this standard and this standard does not require that Defendants' take the depositions of Plaintiffs' experts well in advance of their deadline to file their response to Plaintiffs' motion for class certification.

### III. CONCLUSION

For all of the reasons stated above, Defendants cannot demonstrate that they will suffer any "substantial harm or prejudice" as required by Local Rule 6-3 and their motion should be denied in its entirety.

Dated: September 19, 2022

ARNALL GOLDEN GREGORY LLP

/s/ Matthew M. Lavin

By:      MATTHEW M. LAVIN
         AARON R. MODIANO

DL LAW GROUP

/s/ David M. Lilienstein

By:      DAVID M. LILIENSTEIN
         KATIE J. SPIELMAN

*Attorneys for Plaintiffs*