| | |
|---|---|
| LAUREN M. BLAS, SBN 296823<br>　lblas@gibsondunn.com<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone:　213.229.7000<br>Facsimile:　213.229.7520<br><br>GEOFFREY SIGLER (*pro hac vice*)<br>　gsigler@gibsondunn.com<br>MATTHEW GUICE AIKEN (*pro hac vice*)<br>　maiken@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>Telephone: 202.887.3752<br>Facsimile:　202.530.9635<br><br>Attorneys for Defendants UNITED BEHAVIORAL HEALTH and UNITED HEALTHCARE INSURANCE COMPANY | MOE KESHAVARZI, SBN 223759<br>　mkeshavarzi@sheppardmullin.com<br>DAVID DWORSKY, SBN 272167<br>　ddworsky@sheppardmullin.com<br>SHEPPARD, MULLIN, RICHTER &<br>　HAMPTON LLP<br>333 South Hope Street, 43rd Floor<br>Los Angeles, California 90071<br>Telephone: 213.620.1780<br>Facsimile: 213.620.1398<br><br>ERROL J. KING, JR. (*pro hac vice*)<br>　errol.king@phelps.com<br>CRAIG L. CAESAR (*pro hac vice*)<br>　craig.caesar@phelps.com<br>KATHERINE C. MANNINO (*pro hac vice*)<br>　katie.mannino@phelps.com<br>TAYOR J. CROUSILLAC (*pro hac vice*)<br>　taylor.crousillac@phelps.com<br>BRITTANY H. ALEXANDER (*pro hac vice*)<br>　brittany.alexander@phelps.com<br>PHELPS DUNBAR LLP<br>II City Plaza<br>400 Convention Street, Suite 1100<br>Baton Rouge, Louisiana 70802<br>Telephone: (225) 376-0207<br>Fax: (225) 381-9197<br><br>Attorneys for Defendant MULTIPLAN, INC. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD, DB, BW, RH, and CJ on behalf of themselves and all others similarly situated,<br><br>　　Plaintiffs,<br><br>vs.<br><br>UNITED BEHAVIORAL HEALTH, INC., a California Corporation, UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>　　Defendants. | Case No. 4:20-cv-02254-YGR<br>Related Case No. 4:20-cv-02249-YGR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE EXPERT OPINION AND DECLARATION OF PROFESSOR ALEXANDRA D. LAHAV**<br><br>Hon. Yvonne Gonzalez Rogers<br><br><u>Hearing</u>:　None set |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on _____, at _____, or as soon thereafter as this matter may be heard, before the Honorable Yvonne Gonzalez Rogers in Courtroom 1 on the Fourth Floor of the Oakland Federal District Courthouse, located at 1301 Clay Street, Oakland, California 94612, Defendants United Behavioral Health and UnitedHealthcare Insurance Company (collectively, "United") and MultiPlan, Inc. ("MultiPlan") (United and MultiPlan are collectively referred to herein as "Defendants"), will and hereby do move this Court to exclude the expert opinion and declaration of Professor Alexandra Lahav offered on behalf of Plaintiffs LD, DB, BW, RH, and CJ ("Plaintiffs") for purposes of the Motion for Class Certification.[1]

Defendants make this Motion pursuant to Federal Rule of Evidence 702 and the standard articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). This Motion is based on this Notice of Motion and Motion; the accompanying memorandum in support; the Declaration of Errol J. King; Defendants' Opposition to Plaintiffs' Motion for Class Certification; all evidence, records and pleadings in this action; oral argument that may be presented at the hearing of this Motion; and all other matters that the Court deems proper.

DATED: October 12, 2022

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Geoffrey Sigler*
        Geoffrey Sigler

Attorney for Defendants UNITED BEHAVIORAL HEALTH and UNITED HEALTHCARE INSURANCE COMPANY

-AND-

PHELPS DUNBAR, LLP

---

[1] Subject to this Court's preferences and availability, Defendants submit that any hearing on this Administrative Motion be set for the same time as any hearing on Plaintiff's Motion for Class Certification (Dkt. 170).

-1-    Case No. 4:20-CV-02254-YGR
DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE EXPERT
OPINION AND DECLARATION OF PROFESSOR ALEXANDRA D. LAHAV

By: */s/ Errol J. King, Jr.*
      Errol J. King, Jr.

Attorney for Defendant MULTIPLAN, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants United Behavioral Health and UnitedHealthcare Insurance Company (collectively, "United") and MultiPlan, Inc. ("MultiPlan") (United and MultiPlan are collectively referred to herein as "Defendants"), respectfully submit this Memorandum of Points and Authorities in support of their Motion to Exclude the Expert Opinion and Declaration of Alexandra D. Lahav which was filed by Plaintiffs LD, DB, BW, RH, and CJ ("Plaintiffs"), in support of their Motion for Class Certification.

**BACKGROUND**

In support of their Motion for Class Certification, Plaintiffs submitted the declaration of Alexandra D. Lahav, a law professor and expert on "class actions and aggregate litigation." Pls.' Ex. Z ¶ 1. Professor Lahav's declaration purports to apply Rule 23 and related jurisprudence to the facts of this case, ultimately concluding that certification of an ERISA and RICO class is appropriate.[2] It is axiomatic that such testimony is improper because it invades the province of the Court. Professor Lahav's declaration should be excluded.

**LAW AND ANALYSIS**

The Court should exclude Professor Lahav's declaration because it consists solely of inadmissible legal opinions. While Rule 702 provides for the admission of expert testimony to assist the trier of fact in understanding the evidence or to determine a fact in issue, "matters of law for the court's determination" are "inappropriate subjects for expert testimony." *Aguilar v. Int'l Longshoremen's Union Loc. No. 10*, 966 F.2d 443, 447 (9th Cir. 1992). "The principle that legal opinion evidence concerning the law is inadmissible is 'so well-established that it is often deemed a basic premise or assumption of evidence law -- a kind of axiomatic principle.'" *Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005) (quoting *In re Initial Public Offering Sec. Litigation*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001)). "Accordingly, federal courts

---

[2]   Notably, Professor Lahav considers herself an expert on class actions, not on healthcare law, ERISA, RICO, or on how to administer or interpret healthcare benefit plans. Deposition of Professor Alexandra Lahav ("Lahav Depo.", taken in this case on September 23, 2022, at pp. 85-88, included in Exhibit "1" to the Declaration of Errol J. King, which is attached hereto as Exhibit "A."

typically prohibit lawyers, professors, and other experts from interpreting the law for the court or from advising the court about how the law should apply to the facts of a particular case." *Id.* (collecting cases).

Though presented as an expert "declaration," Professor Lahav's declaration is in fact a second brief in support of class certification. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 n.13 (N.D. Cal. 1999) (characterizing a law professor's declaration as a disguised *amicus curiae* brief). By her own admission, her "methodology" is "analysis and analogizing . . . to other class actions that have been certified." Lahav Depo., at p. 133. This is no different than what attorneys are tasked with in their legal briefing to the Court. Her declaration is replete with legal arguments and conclusions, and admittedly serves to usurp the Court's role in deciding Plaintiffs' Motion. *See* Pls.' Ex. Z ¶ 1 (stating that she is providing an "expert opinion on whether a class should be certified in this case"); Lahav Depo., at p. 130 ("But I understand the question for me to answer is: Does the law support certifying a class under these circumstances, with this class definition? And that is what I explained."). The declaration plainly constitutes an impermissible legal opinion and should be excluded from consideration.

In *Romero v. Allstate Ins. Co.*, 52 F. Supp. 3d 715, 723 (E.D. Pa. 2014), for example, the court struck a law professor's declaration on class certification issues, noting that it was "nothing more than a legal opinion":

> Professor Redish's Declaration can either be considered an additional brief in support of Allstate's Opposition to the Motion for Class Certification—one not authorized by Court rules—or a proposed judicial opinion. While the Court acknowledges that Professor Redish likely possesses both a fine grasp of these legal issues and an awareness that Rule 23 concerns present several unique challenges to jurists, the Court is specifically charged with conducting its own individual analysis of the issues. Were his Declaration to be given weight as an "expert" opinion, the Court would essentially be abdicating its duties and permitting Professor Redish to usurp the Court's role as the legal expert.

The same result should follow here. Professor Lahav's declaration does not elucidate the facts;[3] it endeavors to provide instruction on the applicable law and then reaches conclusions reserved for the Court. *See, e.g.*, Pls.' Ex. Z ¶ 24 ("class certification is appropriate"); ¶ 30 ("This class definition describes a class that has Article III standing"); ¶ 40 ("the implicit requirements of Rule 23(a) . . . are met here"); ¶ 58 ("the requirements of Rule 23(b)(3) are easily met here"). Because this is wholly inappropriate, the Court should find that her declaration is inadmissible. *See Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 835 (C.D. Cal. 2010), *aff'd sub nom. Gable v. Nat'l Broad. Co.*, 438 F. App'x 587 (9th Cir. 2011) (excluding an expert report because it contained legal conclusions, as such opinions "invade the province of the judge"); *Pinal Creek*, 352 F. Supp. 2d at 1044 (excluding professor's expert testimony and report where the "report offer[ed] nothing other than a discussion of the law and an application of the law"); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1247 (N.D. Cal. 2000) (striking three declarations from law professors because they addressed questions of law).

## CONCLUSION

Professor Lahav's declaration should be stricken, as it impermissibly "invade[s] the province of the judge" and, as a practical matter, circumvents the Court's page limitations on legal briefing. *Gable*, 727 F. Supp. 2d at 835. Her opinions are not the proper subject of expert testimony and should be excluded in their entirety.

---

[3] Nor could it, considering the minimal materials considered by Lahav in forming her opinion. *See* Pls.' Ex. Z ¶ 8. She did not review the named Plaintiffs' deposition testimony, the benefit plans, summary plan descriptions, or administrative service agreements. Lahav Depo., at pp. 120-21, 126-27, 147.

DATED: October 12, 2022

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Geoffrey Sigler*
Geoffrey Sigler

Attorney for Defendants UNITED BEHAVIORAL HEALTH and UNITED HEALTHCARE INSURANCE COMPANY

-AND-

PHELPS DUNBAR, LLP

By: */s/ Errol J. King, Jr.*
Errol J. King, Jr.

Attorney for Defendant MULTIPLAN, INC.

*****

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED: October 12, 2022                     GIBSON, DUNN & CRUTCHER LLP

By: */s/ Geoffrey Sigler*
Geoffrey Sigler