# EXHIBIT

**DECLARATION OF ERROL J. KING, JR. IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE EXPERT OPINION AND DECLARATION OF PROFESSOR ALEXANDRA D. LAHAV**

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3                  OAKLAND DIVISION
 4                     ---oOo---
 5    LD, DB, BW, RH, and CJ, on
      behalf of themselves and all
 6    others similarly situated,
 7              Plaintiffs,
 8                vs.            No. 4:20-cv-02254-YGR
 9    UNITED HEALTHCARE INSURANCE
      COMPANY, a Connecticut
10    Corporation, UNITED
      BEHAVIORAL HEALTH, a
11    California Corporation, and
      MULTIPLAN, INC., a New York
12    Corporation,
13              Defendants.
      _____/
14
15
16
17         REMOTE VIDEOTAPED DEPOSITION OF
18                 ALEXANDRA LAHAV
19    _____
20          FRIDAY, SEPTEMBER 23, 2022
21
22
23    REPORTED BY:  HOLLY THUMAN, CSR No. 6834, RMR, CRR
24    JOB NUMBER 5468099
25
```

| | | |
|---|---|---|
| 1 | Q. Okay. So you've never met Mr. Mark Hall, | 14:31:31 |
| 2 | who's one of the experts in this case? | 14:31:36 |
| 3 | A. I have not met him. | 14:31:38 |
| 4 | Q. Okay. You have not spoken with him or | 14:31:40 |
| 5 | communicated with him? | 14:31:42 |
| 6 | A. No. | 14:31:43 |
| 7 | Q. Okay. And have you ever communicated with | 14:31:44 |
| 8 | Dr. Robert Ohsfeldt? | 14:31:46 |
| 9 | THE COURT REPORTER: I'm sorry. Please | 14:31:50 |
| 10 | say that name again. | 14:31:50 |
| 11 | THE WITNESS: I'm sorry. Can you repeat | 14:31:51 |
| 12 | the name? | 14:31:52 |
| 13 | BY MS. BLAS: | 14:31:54 |
| 14 | Q. I believe it's Dr. Robert Ohsfeldt. | 14:31:54 |
| 15 | A. No. | 14:31:58 |
| 16 | Q. All right. I promise you we'll start | 14:32:14 |
| 17 | talking about your report shortly, and then we'll | 14:32:16 |
| 18 | move things along here. | 14:32:19 |
| 19 | Do you consider yourself to be an expert | 14:32:21 |
| 20 | in particular subject areas? | 14:32:23 |
| 21 | A. Yes. | 14:32:24 |
| 22 | Q. What subject areas are those? | 14:32:25 |
| 23 | A. Complex litigation, class actions, | 14:32:28 |
| 24 | multi-district litigation, cross-jurisdictional | 14:32:31 |
| 25 | litigation in the United States -- though not | 14:32:38 |

Page 85

| | | |
|---|---|---|
| 1 | international though, though I'd like to learn more | 14:32:39 |
| 2 | about that -- bellwether trials and other | 14:32:43 |
| 3 | innovative procedures in complex litigation.  And, | 14:32:46 |
| 4 | to some extent, torts. | 14:32:49 |
| 5 | Q.  What do you mean by "to some extent"? | 14:32:55 |
| 6 | A.  So causation issues in toxic torts, I | 14:32:59 |
| 7 | would say, is an area -- a strong area of | 14:33:03 |
| 8 | expertise. | 14:33:06 |
| 9 | And I developed an expertise in certain | 14:33:08 |
| 10 | kinds of causes of action as a result of the Soto | 14:33:11 |
| 11 | case, negligent entrustment, but -- it's not a very | 14:33:16 |
| 12 | useful area of expertise, but I would say I now | 14:33:21 |
| 13 | have it. | 14:33:24 |
| 14 | Q.  All right.  Anything else?  Any other | 14:33:26 |
| 15 | areas in which you consider yourself to be an | 14:33:32 |
| 16 | expert? | 14:33:36 |
| 17 | A.  I don't think so. | 14:33:36 |
| 18 | Q.  Okay.  And would you agree that all of the | 14:33:38 |
| 19 | areas that you have just described, you're an | 14:33:41 |
| 20 | expert -- a legal expert in those areas? | 14:33:45 |
| 21 | Is that fair to say? | 14:33:48 |
| 22 | MR. MODIANO:  Object to the form. | 14:33:50 |
| 23 | Mischaracterizes prior testimony. | 14:33:51 |
| 24 | THE WITNESS:  Yes.  I would -- I would say | 14:33:53 |
| 25 | that.  I mean, I -- I'm an expert on the law of | 14:33:54 |

Page 86

| | | |
|---|---|---|
| 1 | class actions, and there -- oh, you know what I | 14:33:58 |
| 2 | didn't mention?  Litigation risk analysis. | 14:34:04 |
| 3 | BY MS. BLAS: | 14:34:07 |
| 4 | Q.  Okay. | 14:34:07 |
| 5 | A.  That's also one of my areas of expertise. | 14:34:08 |
| 6 | Q.  All right.  Anything else that you can | 14:34:11 |
| 7 | think of now? | 14:34:12 |
| 8 | A.  No, but I reserve the right to add other | 14:34:16 |
| 9 | areas of expertise. | 14:34:18 |
| 10 | Q.  Okay.  Fair enough.  Yes, just let me know | 14:34:20 |
| 11 | if any pop to mind. | 14:34:23 |
| 12 | Would you consider yourself to be an | 14:34:25 |
| 13 | expert on healthcare? | 14:34:27 |
| 14 | MR. MODIANO:  Object to the form. | 14:34:29 |
| 15 | THE WITNESS:  Healthcare in general? | 14:34:31 |
| 16 | BY MS. BLAS: | 14:34:32 |
| 17 | Q.  In general. | 14:34:33 |
| 18 | A.  No.  I mean, I have some knowledge of it, | 14:34:36 |
| 19 | but I'm not a doctor. | 14:34:39 |
| 20 | Q.  Okay.  Would you consider yourself to be | 14:34:40 |
| 21 | an expert on healthcare law? | 14:34:42 |
| 22 | A.  No. | 14:34:44 |
| 23 | Q.  Would you consider yourself to be an | 14:34:45 |
| 24 | expert on ERISA? | 14:34:47 |
| 25 | A.  No. | 14:34:50 |

Page 87

```
1        Q.   Consider yourself to be an expert on RICO?       14:34:51

2        A.   No.                                              14:34:54

3        Q.   Consider yourself to be an expert on how         14:34:55

4   to administer, interpret, or otherwise deal with           14:34:59

5   healthcare benefit plans?                                  14:35:03

6            MR. MODIANO:  Object to the form.                 14:35:06

7            THE WITNESS:  No.                                 14:35:07

8            So all those things you mentioned                 14:35:10

9   intersect with my area of expertise, which is class        14:35:12

10  action.  So you can't analyze a class action               14:35:15

11  without knowing something about the underlying law         14:35:17

12  because of the requirements of the rule that I'm           14:35:20

13  sure we'll talk about.                                     14:35:21

14           So, in that sense, I have to familiarize          14:35:23

15  myself with the law, but only to the extent that it        14:35:25

16  impacts the class action analysis; the Rule 23            14:35:28

17  analysis.                                                  14:35:34

18  BY MS. BLAS:                                               14:35:35

19       Q.   Okay.  Prior to your work on this case,          14:35:35

20  had you had any occasion to familiarize yourself           14:35:37

21  with ERISA?                                                14:35:39

22       A.   A little bit.                                    14:35:44

23       Q.   Okay.  Tell me about that.                       14:35:45

24       A.   So I have a -- I had a colleague at UConn         14:35:46

25  who's, I think, maybe the national expert or one of        14:35:49
```

Page 88

| | | |
|---|---|---|
| 1 | MS. BLAS:  I'm trying to understand the | 15:12:09 |
| 2 | basis for her opinion.  I'm entitled to understand | 15:12:10 |
| 3 | the facts and assumptions she relied on -- | 15:12:12 |
| 4 | MR. MODIANO:  She is given -- | 15:12:15 |
| 5 | MS. BLAS:  I'm not saying she's not.  I'm | 15:12:16 |
| 6 | entitled to ask my question. | 15:12:18 |
| 7 | MR. MODIANO:  Yes.  But you're not allowed | 15:12:20 |
| 8 | to ask the same question 20 times. | 15:12:21 |
| 9 | MS. BLAS:  Well, I don't believe I'm | 15:12:23 |
| 10 | asking the same question 20 times.  We haven't | 15:12:24 |
| 11 | spoken about the named plaintiffs. | 15:12:27 |
| 12 | Q.  Professor Lahav, is there some reason you | 15:12:30 |
| 13 | decided not to consider the testimony of the named | 15:12:31 |
| 14 | plaintiffs in this case? | 15:12:33 |
| 15 | MR. MODIANO:  Same objection. | 15:12:35 |
| 16 | THE WITNESS:  I don't think there's a -- | 15:12:36 |
| 17 | like, I didn't have a reason.  It just didn't seem | 15:12:37 |
| 18 | that that was critical to the questions that I was | 15:12:39 |
| 19 | trying to answer. | 15:12:44 |
| 20 | BY MS. BLAS: | 15:12:45 |
| 21 | Q.  Well, one of the questions that you're | 15:12:46 |
| 22 | asked to analyze is whether the plaintiffs are | 15:12:48 |
| 23 | adequate and typical. | 15:12:51 |
| 24 | Is there some reason you didn't think | 15:12:53 |
| 25 | their depositions would be germane to that issue -- | 15:12:54 |

Page 120

```
 1   those issues?                                      15:12:57

 2          MR. MODIANO:  Same objection.               15:12:59

 3          THE WITNESS:  Yeah.  That's an interesting   15:13:00

 4   question.                                          15:13:01

 5          You know, I guess I could have reviewed      15:13:02

 6   them, but I think sometimes there's a focus that's  15:13:03

 7   inaccurate on how much does the plaintiff really    15:13:11

 8   know about the niceties of the law or something     15:13:14

 9   like that.                                          15:13:17

10          Like, there's this expectation that          15:13:18

11   instead of being typical, this named class rep is   15:13:20

12   supposed to be some kind of, you know, superperson  15:13:23

13   who understands the law as well as a -- you know,   15:13:26

14   you do.                                             15:13:29

15          And that's not what I see the class          15:13:30

16   representative as being.  The point of the class    15:13:32

17   representative is, are they willing to participate  15:13:34

18   and spend the time and effort, and is there any     15:13:40

19   structural problem that makes us worry that they're 15:13:42

20   going to, for want of a better term, "sell out" the 15:13:45

21   class?                                              15:13:48

22          Is there some reason -- like we saw, for     15:13:49

23   example, in Amchem where a present injured person   15:13:51

24   might say, "I would like to get money now, and the  15:13:54

25   fact that future injured persons are out there, I   15:13:57
```

Page 121

| | | |
|---|---|---|
| 1 | facts were accurate? | 15:18:17 |
| 2 | MR. MODIANO:  Object to the form. | 15:18:20 |
| 3 | THE WITNESS:  I did look at these | 15:18:21 |
| 4 | depositions to see -- to evaluate them. | 15:18:23 |
| 5 | But other than that, I was counting on | 15:18:26 |
| 6 | counsel, who does have an obligation for candor | 15:18:30 |
| 7 | before the court, that they were making accurate | 15:18:34 |
| 8 | representations about the case. | 15:18:37 |
| 9 | BY MS. BLAS: | 15:18:40 |
| 10 | Q.  Okay.  Did you read any summary plan | 15:18:41 |
| 11 | descriptions in connection with rendering your | 15:18:47 |
| 12 | report on this matter? | 15:18:49 |
| 13 | MR. MODIANO:  Object to the form. | 15:18:50 |
| 14 | THE WITNESS:  I don't think so.  If it's | 15:18:51 |
| 15 | not -- | 15:18:52 |
| 16 | BY MS. BLAS: | 15:18:52 |
| 17 | Q.  You don't -- | 15:18:53 |
| 18 | A.  -- in the -- I didn't read it. | 15:18:54 |
| 19 | Q.  Okay.  Didn't read any administrative | 15:18:56 |
| 20 | services agreements? | 15:18:58 |
| 21 | MR. MODIANO:  Object to the form. | 15:18:59 |
| 22 | Plaintiff has testified -- I'm sorry, not | 15:19:00 |
| 23 | plaintiff -- the witness -- | 15:19:02 |
| 24 | THE WITNESS:  I know.  I'm not -- | 15:19:04 |
| 25 | (Unreportable crosstalk.) | 15:19:04 |

Page 126

| | | |
|---|---|---|
| 1 | (The reporter requested that people not | 15:19:04 |
| 2 | speak at once.) | 15:19:04 |
| 3 | MR. MODIANO:  The objection is that the | 15:19:18 |
| 4 | question as to what the deponent has reviewed has | 15:19:19 |
| 5 | been asked and answered numerous times at this | 15:19:23 |
| 6 | point. | 15:19:26 |
| 7 | THE WITNESS:  Could you repeat -- at the | 15:19:33 |
| 8 | risk of making Mr. Modiano go crazy, could you read | 15:19:34 |
| 9 | the question again, and then I will answer it? | 15:19:39 |
| 10 | I don't want to answer it so far from when | 15:19:41 |
| 11 | you asked it that I no longer know what I'm saying. | 15:19:42 |
| 12 | MR. MODIANO:  Madam Court Reporter? | 15:19:43 |
| 13 | (Record read.) | 15:20:28 |
| 14 | THE WITNESS:  So I'm going to take the | 15:20:28 |
| 15 | question as: "Did you read any administrative | 15:20:30 |
| 16 | service agreements?" | 15:20:32 |
| 17 | And the answer is:  "I believe I did not." | 15:20:33 |
| 18 | BY MS. BLAS: | 15:20:34 |
| 19 | Q.  Okay.  Do you know what those are? | 15:20:35 |
| 20 | MR. MODIANO:  Object to the form. | 15:20:38 |
| 21 | THE WITNESS:  I have a basic sense of what | 15:20:38 |
| 22 | I think you're referring to. | 15:20:40 |
| 23 | BY MS. BLAS: | 15:20:41 |
| 24 | Q.  Okay.  What is that basic sense? | 15:20:42 |
| 25 | A.  That it has -- it's an agreement about | 15:20:45 |

Page 127

| | | |
|---|---|---|
| 1 | Okay.  My apologies.  I can't find it. | 15:23:06 |
| 2 | But I understand the question for me to | 15:23:09 |
| 3 | answer is:  Does the law support certifying a class | 15:23:11 |
| 4 | under these circumstances, with this class | 15:23:15 |
| 5 | definition? | 15:23:18 |
| 6 | And that is what I explained. | 15:23:20 |
| 7 | And my opinion is that it is possible to | 15:23:25 |
| 8 | certify a class. | 15:23:26 |
| 9 | And then I -- in my report, I go into some | 15:23:28 |
| 10 | detail about the different types of class actions | 15:23:30 |
| 11 | and what type would be appropriate for the two | 15:23:33 |
| 12 | different causes of action here, one being ERISA | 15:23:36 |
| 13 | and the other being RICO. | 15:23:39 |
| 14 | Q.  Okay.  But I'm asking broadly, like -- | 15:23:42 |
| 15 | fair enough.  Thank you. | 15:23:45 |
| 16 | Broadly speaking, in rendering your | 15:23:46 |
| 17 | overarching opinion that a class action -- | 15:23:49 |
| 18 | understanding there's distinctions between (b)(2), | 15:23:51 |
| 19 | (b)(3), (b)(1), et cetera -- a class action is | 15:23:54 |
| 20 | maintainable in this case. | 15:23:57 |
| 21 | And I'm just trying to understand what | 15:23:58 |
| 22 | methodology -- how you would describe the | 15:24:00 |
| 23 | methodology you used in analyzing that question. | 15:24:01 |
| 24 | A.  I don't know how to answer that question. | 15:24:06 |
| 25 | I -- I'm really sorry.  I feel like I should be | 15:24:09 |

Page 130

```
 1   classes.                                              15:27:47

 2        Q.   Okay.  Any other kind of classes of which   15:27:48

 3   you have been publicly critical?                      15:27:52

 4             MR. MODIANO:  Object to the form.            15:27:54

 5             THE WITNESS:  Can you just say a little      15:27:58

 6   more about what you mean by "publicly critical"?       15:28:00

 7   BY MS. BLAS:                                           15:28:03

 8        Q.   In which you've written -- similar to the    15:28:04

 9   personal injury, are there any other types of class   15:28:07

10   actions that you believe are not sort of              15:28:09

11   certifiable in the ordinary case?                      15:28:11

12             MR. MODIANO:  Object to the form and         15:28:14

13   object to the extent that it mischaracterizes past    15:28:15

14   testimony.                                             15:28:17

15             THE WITNESS:  Yeah, I -- I would say that    15:28:18

16   the only thing I've really written on are, like,      15:28:21

17   the mass tort class actions.  But that -- I have      15:28:24

18   had opinions that I think some classes aren't          15:28:31

19   certifiable that I just didn't write about because    15:28:34

20   it just -- you know, when you write scholarship,       15:28:38

21   it's -- it just wouldn't be interesting to anybody.   15:28:40

22             But I have -- I definitely know of classes   15:28:46

23   that I think shouldn't be certified.                   15:28:49

24   BY MS. BLAS:                                           15:28:51

25        Q.   And do those fall into any broad category?   15:28:58
```

Page 133

1      A.   -- determination.                          16:08:15

2      Q.   Is that statement about no relevant legal   16:08:16

3  differences, that is an assumption provided to you   16:08:19

4  by counsel.  Correct?                                16:08:21

5       You did not do anything to independently        16:08:22

6  verify one way or another whether that was true?     16:08:24

7      A.   I have not read the plans.                 16:08:26

8      Q.   Okay.  Let me ask -- let me ask you a       16:08:27

9  couple questions and see if it alters your view at   16:08:29

10  all.                                                 16:08:32

11       If I told you that some plans -- so we're       16:08:33

12  talking about the SPDs, the plan language, the       16:08:35

13  employer responsive plans; Apple plan, Tesla plan,   16:08:39

14  et cetera -- if some include a distinction for       16:08:43

15  facilities as opposed to professionals with respect  16:08:45

16  to the reimbursement for out-of-network services,    16:08:49

17  would that change your opinion at all about whether   16:08:52

18  there are relevant legal differences in the plan     16:08:54

19  language?                                            16:08:56

20       MR. MODIANO:  Object to the form.              16:08:57

21  Incomplete hypothetical.  Calls for speculation.     16:08:57

22  Outside the scope of the report.                     16:08:59

23       THE WITNESS:  So I would say that it -- I       16:09:03

24  would really need to know more about what that       16:09:04

25  distinction is and whether it's relevant to class    16:09:07

Page 147

```
1                    CERTIFICATE OF REPORTER
2          I, HOLLY THUMAN, a Certified Shorthand Reporter,
3     hereby certify that the witness in the foregoing
4     deposition was by me duly sworn to tell the truth, the
5     whole truth, and nothing but the truth in the
6     within-entitled cause; that said deposition was taken
7     down in shorthand by me, a disinterested person, at the
8     time and place therein stated; and that the testimony
9     of said witness was thereafter reduced to typewriting
10    by computer, to the best of my ability via remote
11    videoconferencing, under my direction and supervision;
12          That before completion of the deposition review of
13    the transcript [X] was [] was not requested/offered.
14    If requested, any changes made by the deponent (and
15    provided to the reporter) during the period allowed are
16    appended hereto.
17          I further certify that I am not of counsel or
18    attorney for either or any of the parties to the said
19    deposition, nor in any way interested in the event of
20    this cause, and that I am not related to any of the
21    parties thereto.
22    DATED: SEPTEMBER 27, 2022
23
24
25                    HOLLY THUMAN, CSR
```

Page 216