**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
MOE KESHAVARZI, SBN 223759
  E-Mail: mkeshavarzi@sheppardmullin.com
DAVID DWORSKY, SBN 272167
  E-Mail: ddworsky@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone: 213.620.1780
Facsimile: 213.620.1398

**PHELPS DUNBAR LLP**
ERROL J. KING, JR. (*admitted pro hac vice*)
  E-Mail: errol.king@phelps.com
CRAIG L. CAESAR (*admitted pro hac vice*)
  E-mail: craig.caesar@phelps.com
KATIE C. MANNINO (*admitted pro hac vice*)
  E-mail: katie.mannino@phelps.com
TAYOR J. CROUSILLAC (*admitted pro hac vice*)
  E-mail: taylor.crousillac@phelps.com
BRITTANY H. ALEXANDER (*admitted pro hac vice*)
  E-mail: brittany.alexander@phelps.com
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197

*Attorneys for Defendant MultiPlan, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD, DB, BW, RH, and CJ on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED BEHAVIORAL HEALTH, INC., a California Corporation, UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>Defendants. | Case No. 4:20-cv-02254-YGR<br>Related Case No. 4:20-cv-02249-YGR<br><br>**MULTIPLAN, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY AND WRITTEN REPORT PURSUANT TO OCTOBER 3, 2022 ORDER RE MOTION TO COMPEL [DKT. 201]** |

Defendant, MultiPlan, Inc. ("MultiPlan"), respectfully submits this Notice of Supplemental Authority and Written Report regarding the results of MultiPlan's meet-and-confer efforts with Plaintiffs, L.D., D.B., B.W., R.H., and C.J. ("Plaintiffs"), pursuant to the Court's Order Re Motion to Compel (MultiPlan) dated October 3, 2022 [Dkt. 201] (the "October 3, 2022 Order" or "Order").

## BACKGROUND

On August 11, 2022, Plaintiffs filed a motion to compel the production of certain documents that MultiPlan had withheld as privileged [Dkt. 165], which motion MultiPlan opposed on August 18, 2022, including by filing a Declaration of MultiPlan's Senior Counsel, Marjorie Wilde, supporting MultiPlan's assertions of privilege [Dkt. 174], and to which opposition Plaintiffs replied on August 22, 2022. [Dkt. 175]. A hearing was then held on September 30, 2022, after which this Court issued its Order Re Motion to Compel (MultiPlan) dated October 3, 2022, in which it: (i) required MultiPlan "to produce to Plaintiffs a revised privilege log that takes into account the guidance in this Order no later than **October 14, 2022**;" (ii) directed the parties to "meet and confer to determine whether the scope of their discovery dispute can be narrowed and report to the Court on the results of their efforts no later than **October 24, 2022**;" and (iii) instructed that, "to the extent the parties are unable to resolve all of their disputes related to MultiPlan's privilege log, Plaintiffs by the same date"—*i.e.*, October 24, 2022—"shall identify to the Court fifty documents withheld by MultiPlan on the basis of privilege and/or work product for potential *in camera* review, along with a brief explanation of the basis for their selection," and gave MultiPlan until October 28, 2022, in which to submit any such documents to the Court. [Dkt. 201, pp. 21–22].

In accordance with the Court's October 3, 2022 Order, MultiPlan provided Plaintiffs with a revised privilege log on October 14, 2022; however, due to scheduling constraints, the parties were unable to conduct the required meet and confer until October 24, 2022. Accordingly, the parties sought and obtained an extension of the remaining deadlines in the Court's October 3, 2022 Order. [Dkt. 230]. Thereafter, on October 26, 2022, MultiPlan provided Plaintiffs with a further revised privilege log (the "October 26, 200 Privilege Log"), which attempted to address the issues raised by Plaintiffs during the initial meet and confer. The parties also engaged in a second meet and confer

on that same date to determine whether there were any remaining issues with respect to MultiPlan's assertions of privilege and whether such issues could be further narrowed or resolved.

During these meet-and-confer discussions, MultiPlan informed Plaintiffs of a recent decision from the Central District of California, which supports the conclusion that MultiPlan is not an ERISA fiduciary and thus is not subject to the fiduciary exception to attorney-client privilege. MultiPlan also informed Plaintiffs of the U.S. Supreme Court's recent grant of certiorari in a Ninth Circuit case relied upon by this Court in applying the primary purpose test to determine whether MultiPlan's assertions of privilege were sufficient with respect to communications involving MultiPlan's in-house counsel. However, Plaintiffs declined to consider the impact of these recent decisions on their objections to MultiPlan's assertions of privilege, resulting in an impasse between the parties. Plaintiffs have also failed to respond to MultiPlan's requests to identify the specific entries on MultiPlan's October 26, 2022 Privilege Log, if any, that Plaintiffs are still disputing and the nature of Plaintiffs' concerns with respect to those entries. Nevertheless, prior to filing the instant report, MultiPlan provided to Plaintiffs a third revised privilege log, as well as an initial production of documents that have been de-privileged and no longer appear on MultiPlan's log.

## DISCUSSION

As noted above, in its October 3, 2022 Order, this Court instructed the parties to, among other things, "meet and confer to determine whether the scope of their discovery dispute can be narrowed and report to the Court on the results of their efforts." [Dkt. 201, p. 21]. In accordance with this directive, MultiPlan hereby reports that, despite good faith efforts, the parties were unable to fully narrow or resolve all of their disputes with respect to MultiPlan's privilege log. In particular, the parties disagree on the following issues: (i) whether the fiduciary exception applies to MultiPlan in light of recent supplemental authority from the U.S. District Court for the Central District of California; and (ii) whether the primary purpose test applies to determine the scope of attorney-client privilege for communications involving MultiPlan's in-house counsel in light of the Supreme Court's decision to grant certiorari in the Ninth Circuit case, *In Re Grand Jury*. MultiPlan's position on both of these issues is set forth in more detail below.

A.  **Whether the Fiduciary Exception Applies to MultiPlan**

The District Court has summarized the allegations in Plaintiffs' Third Amended Complaint [Dkt. 91] ("TAC") as follows:

> Plaintiffs are participants in employer-sponsored benefits plans (the "Plans"), which are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 28 U.S.C. § 1001, *et seq*.[…] Plaintiffs allege that United[1] administered the Plans' healthcare benefits. (TAC ¶¶ 250, 281, 323, 353, 383.) MultiPlan is a cost-management company that allegedly helps insurers reduce the amounts they pay providers by "repricing" claims based on comparable claims for similar providers in the same geographical area. (*Id.* ¶¶ 11, 218.) Each plaintiff sought treatment at Summit Health, Inc., an out-of-network behavioral health provider, claims for which United allegedly underpaid. (*Id.* ¶¶ 266, 309, 339, 369, 397.) Based on allegations that United worked with MultiPlan (through its subsidiary Viant) to establish fraudulent rates to yield the lower, repriced claims, plaintiffs assert causes of action for, inter alia, violations of ERISA and violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act.

[January 12, 2022 Order re: Standard of Review, Dkt. 116, pp. 1–2].[2] The District Court has also recognized that four of the five named Plaintiffs were employed by Apple, Inc. ("Apple"), whereas the fifth named Plaintiff was employed by Tesla, Inc. ("Tesla"), and that the Plan documents for the relevant Apple and Tesla Plans "specifically refer to 'UnitedHealthcare' or 'UHC'"—not MultiPlan or its subsidiary, Viant, Inc. ("Viant"). [*Id.* at 1, n.1–2].

Notwithstanding the foregoing, this Court—in its October 3, 2022 Order—seemingly concluded that the fiduciary exception to the attorney-client privilege, which provides that "an employer acting in the capacity of an ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration," [*see* August 5, 2022 Order, p. 22 (quoting *United States v. Mett*, 178 F.3d 1058, 1063 (9th Cir. 1999))], is applicable to MultiPlan, such that MultiPlan has the burden of showing that "it is entitled to claim attorney-client

---

[1] UnitedHealthcare Insurance Company and United Behavioral Health, Inc. are collectively referred to herein as "United" or the "United Defendants."

[2] *See also* August 5, 2022 Order Re Motion to Compel, Dkt. 162 ("August 5, 2022 Order"), pp. 1–2.

MULTIPLAN, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY AND
WRITTEN REPORT PURSUANT TO OCTOBER 3, 2022 ORDER RE
MOTION TO COMPEL [DKT. 201]
PD.40273377.1

privilege because it was not acting as a fiduciary." [Dkt. 201, p. 15]. In so ruling, this Court noted that, "[a]lthough MultiPlan apparently takes the position that it is not a fiduciary and therefore is not subject to the fiduciary exception, the [D]istrict [C]ourt appears to have reached the opposite conclusion, at least as a matter of pleading," pointing to the December 18, 2020 Order Granting in Part and Denying in Part Motions to Dismiss with Leave to Amend [Dkt. 73], in which the District Court held that Plaintiffs' allegations were sufficient to raise the inference that MultiPlan knowingly participated in a breach of fiduciary duties. [Dkt. 201, pp. 15–16]. This Court also noted that, because Plaintiffs' allegations were deemed sufficient for purposes of Fed. R. Civ. P. 12(b)(6) to support such an inference, "the [District] Court in this case has [necessarily] recognized that MultiPlan's pricing of plan members' claims for reimbursement may implicate fiduciary duties owed to plan members by MultiPlan." [*Id.* at 16].

However, the key to applying the fiduciary exception in the ERISA context depends upon whether the allegedly privileged communication concerns fiduciary conduct, and ***there has been no definitive determination in this case that MultiPlan and/or Viant were engaged in any fiduciary function or that MultiPlan and/or Viant otherwise qualify as an ERISA fiduciary***. In fact, in a decision issued less than three weeks ago, Judge Selna of the U.S. District Court for the Central District of California directly addressed the question presented here—namely, whether MultiPlan's conduct in pricing claims on behalf of United subjects MultiPlan to status as a fiduciary under ERISA. And, in the first judicial opinion to decide this issue, Judge Selna reached the opposite conclusion than the one suggested by this Court, squarely holding that "MultiPlan is ***not*** an ERISA fiduciary." *In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare*, Case No. 8:19-cv-02075-JVS(DFMx), Dkt. 281, pp. 7–10 (Oct. 14, 2022) (granting summary judgment in favor of MultiPlan and dismissing out-of-network providers' claims against MultiPlan) (emphasis added). Judge Selna reasoned that,

> [w]hile MultiPlan generated price recommendations, it lacked the authority to bind United to that recommendation. MultiPlan was not receiving plan documents, and instead was negotiating and recommending rates based on the parameters provided to it by United. In every instance, the claim was referred back to United to make the ultimate determination of what to pay on the claim. [Therefore, b]ecause United,

> not MultiPlan retained the right to exercise discretionary authority over any claim, MultiPlan was not acting as a fiduciary.

*Id.* at 9.[3]

So, too, in the instant case. Here, Plaintiffs' allegations similarly establish that United—not MultiPlan—had the ultimate discretion to determine whether and how much it would pay for Plaintiffs' claims, as well as which claims it would forward to MultiPlan for pricing through its Viant OPR service and the specific percentiles and target amounts that would be applied and/or used by Viant OPR to determine recommended reimbursement rates for Plaintiffs' claims. [*See, e.g.*, TAC, ¶¶ 192–93, 200–01, 210, 216–17]. There are no allegations—much less any evidence—to suggest that MultiPlan had or otherwise exercised discretionary authority or control with respect to final reimbursement determinations and/or claim payments to be considered an ERISA fiduciary, nor are there allegations or evidence to suggest that MultiPlan had authority to bind United to any reimbursement recommendation. In this regard, this case is also akin to *Mciver v. Metropolitan Life Insurance Company*, in which Judge Carter of the U.S. District Court for the Central District of California held that Boeing, the employer and sponsor of the ERISA plan at issue, was not engaged in a fiduciary function when it instructed MetLife, the administrator and underwriter of the ERISA plan, to deny the plaintiff-beneficiary's claim for benefits because there was "no indication that Boeing was the ultimate decisionmaker, or that MetLife was not free to disregard its instruction." 2022 WL 3013199, at *4 (C.D. Cal. May 23, 2022).

MultiPlan respectfully submits that these recent decisions from the Central District of California are persuasive, if not binding, authority that should inform this Court's determination regarding the applicability of the fiduciary exception to MultiPlan's assertions of attorney-client privilege in this case. However, if this Court is inclined to deviate from this precedent based on the

---

[3] A copy of the October 14, 2022 Order Regarding Motion for Summary Judgment on Plaintiff-Providers' Claims Against MultiPlan and Viant issued by Judge Selna is attached hereto as **Exhibit "A."**

District Court's conclusion that Plaintiffs' allegations were sufficient to survive a motion to dismiss under the generous pleading standards of Fed. R. Civ. P. 12(b)(6), then MultiPlan respectfully requests that this Court decline to issue any order requiring MultiPlan to deprivilege and/or produce documents based on application of the fiduciary exception until evidence has been presented and a factual determination has been made regarding whether MultiPlan qualifies as an ERISA fiduciary for purposes of this case.

**B.  Uncertainty Regarding the Scope of Attorney-Client Privilege for Dual-Purpose Communications and the Appropriate Test for Determining Same**

In its October 3, 2022 Order, this Court also discussed MultiPlan's assertions of privilege in light of the Ninth Circuit's decision in *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021), which "decided, as a matter of first impression, that where a communication has a dual purpose, for example to give or receive both legal advice and business advice, the communication is protected by attorney-client privilege only where the 'primary purpose' of the communication is 'to give or receive legal advice, as opposed to business … advice.'" [August 5, 2022 Order, Dkt. 162, p. 19; *see also* Dkt. 201, pp. 13–15]. As to this issue, the Court specifically quoted from its August 5, 2022 Order, wherein it stated that, "[b]ecause communications with in-house counsel relating only to the business operations of the company are not protected by attorney-client privilege, a client seeking to protect communications between a corporate client and in-house counsel must 'make a clear showing that in-house counsel's advice was given in a professional legal capacity,'" [Dkt. 162, p. 20 (quoting *United States v. Chevron Corp.*, No. C-94-1885 SBA, 1996 WL 264769, at *4 (N.D. Cal. Mar. 13, 1996), *amended* 1996 WL 444597 (N.D. Cal. May 30, 1996))], and suggested that, "[a]s to many entries in MultiPlan's privilege log, that burden has not been met." [*Id.*].

However, on the very same day this Court issued its October 3, 2022 Order, the Supreme Court granted certiorari in the case relied upon by this Court, *In Re Grand Jury,* to resolve a circuit split regarding the scope of the attorney-client privilege in protecting dual-purpose communications (*i.e.*, communications involving both legal and non-legal advice). Given the uncertainty among the circuit courts on whether dual-purpose communications are protected under the attorney-client

privilege, and the recent decision by the Supreme Court to grant certiorari for the purpose of clarifying the applicable test for determining the scope of the attorney-client privilege for such communications, MultiPlan respectfully requests that this Court decline to decide whether MultiPlan has adequately supported its claims of privilege under the primary purpose test with respect to communications involving MultiPlan's in-house counsel pending further guidance from the Supreme Court.

## CONCLUSION

In light of the foregoing authorities, and for the reasons discussed above, MultiPlan respectfully requests that this Court reevaluate the findings in its October 3, 2022 Order relating to MultiPlan's assertions of privilege in the context of the fiduciary exception and primary purpose test.

DATED: October 28, 2022

By: */s Errol J. King, Jr.*
Errol J. King, Jr. (*admitted pro hac vice*)
Katie C. Mannino (*admitted pro hac vice*)
Taylor J. Crousillac (*admitted pro hac vice*)
Brittany H. Alexander (*admitted pro hac vice*)
Phelps Dunbar LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197

and

Craig L. Caesar (*admitted pro hac vice*)
Phelps Dunbar LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 584-9272
Fax: (504) 568-9130

and

Moe Keshavarzi
David E. Dworsky
Sheppard Mullin
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone: (213) 620-1780

Fax: (213) 620-1398

Attorneys for Defendant, MultiPlan, Inc.

-10-   Case No. 4:20-CV-02254-YGR
MULTIPLAN, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY AND WRITTEN REPORT PURSUANT TO OCTOBER 3, 2022 ORDER RE MOTION TO COMPEL [DKT. 201]

PD.40273377.1