MATTHEW M. LAVIN (*pro hac vice*)
matt.lavin@agg.com
AARON R. MODIANO (*pro hac vice*)
aaron.modiano@agg.com
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 20006
Telephone: 202.677.4030
Facsimile: 202.677.4031

DAVID M. LILIENSTEIN, SBN 218923
david@dllawgroup.com
KATIE J. SPIELMAN, SBN 252209
katie@dllawgroup.com
**DL LAW GROUP**
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484

*Attorneys for Plaintiffs and Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH and CJ on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York Corporation<br><br>*Defendants*. | Case No. 4:20-cv-02254-YGR-JCS<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**PLAINTIFFS IDENTIFICATION OF DOCUMENTS FOR POTENTIAL IN CAMERA REVIEW** |

**Plaintiffs Identification of Documents for Potential *in Camera* Review**

Pursuant to this Court's Order of October 3, 2022 (dkt. 201) and joint stipulation of the parties (dkt. 230), MultiPlan has submitted to Plaintiffs' a revised Privilege Log (the most recent and final revised Privilege Log received by Plaintiffs on October 28, 2022, is attached hereto). The Parties have also met and conferred on October 24 & 26, 2022; however, Plaintiffs find that many assertions of privilege and the accompanying descriptions fail to comply with the clear directives from the Court set out in its prior Orders of August 5, 2022 (dkt. 162) and October 3, 2022 (dkt. 201). Therefore, as directed by the Court, Plaintiffs have identified the fifty withheld documents for potential *in camera* review by the Court along with a brief statement as to the basis for the documents' selection.

| Privilege ID | Brief Explanation of Selection |
|---|---|
| PRIV-000003, PRIV-000007, PRIV-000010, PRIV-000012, PRIV-000020, PRIV-000026 | Privilege(s) asserted: attorney client & work product<br><br>Explanation of selection: The description is insufficient as to both attorney-client and work product assertions of privilege since, as stated in the Court's prior order, "there is no privilege that offers broad protection from disclosure for communications related to a government investigation" (dkt. 201, p. 11). The description is also insufficient as to the "primary purpose" requirement as a dual-purpose communication is only protected by the attorney-client privilege when the primary purpose of the communication is to give or receive legal advice. (dkt. 162, p. 19 citing to *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). Further, the identified author, Marjorie Wilde, in in-house counsel and assertions of attorney-client privilege between a corporate client and in-house counsel require a clear showing that the advice was given in a professional, legal capacity (dkt. 162, p. 20 citing to *United States v. Chevron Corp.*, No. C-94-1885 SBA, 1996 WL 264769, at *4 (N.D. Cal. May 30, 1996), amended, No. C. 94-1885 SBA, 1996 WL 444597 (N.D. Cal. May 30, 1996). The description also is insufficient to overcome the fiduciary exception as this court has previously stated that communications that relate to out-of-network reimbursement methodology involve plan administration and therefore fall within the fiduciary exception (dkt. 162, p. 30). Further, work product applies to material that was created for specific litigation that is imminent or pending (dkt. 201, p. 10) and that does not appear to apply to this claim. |
| PRIV-000023 | Privilege(s) asserted: attorney client & work product |

| | |
|---|---|
| | Explanation of selection: The description is insufficient as to both attorney client and work product assertions of privilege. The description identifies the document as "Spreadsheet of claims data and pricing calculations in order to respond to specific questions from U.S. Department of Labor as part of investigation". The description is insufficient to support a claim of attorney client privilege as it does not appear to involve the giving or receiving of legal advice. Further, as it involves claims data and pricing calculations as this court has previously stated that communications that relate to out-of-network reimbursement methodology involve plan administration and therefore fall within the fiduciary exception (dkt. 162, p. 30). Also, claims of privilege for attachments are held to the same standard as other claims of privilege (dkt. 201 p. 13) and the court has already found similar descriptions regarding email chains and attachments in its prior order (*e.g.*, dkt. 201 p. 13). |
| PRIV-000042 | Privilege(s) asserted: attorney client & common interest<br><br>Explanation of selection: For the common interest doctrine to apply there must be a common *legal* interest and the communication must be in further of that interest. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 579 (N.D. Cal. 2007). The description is insufficient to find common interest. The description also refers to 'expert's opinions' that appear unlikely to be privileged under the two privileges asserted as the description specifically refers to "expert's opinions" that are not generally protected by attorney client or common interest privileges. |
| PRIV-000046, PRIV-000344, PRIV-000577, PRIV-000578, PRIV-000582, PRIV-000590 | Privilege(s) asserted: attorney client & work product<br><br>Explanation of selection: The description is insufficient as to both attorney-client and work product assertions of privilege to justify the complete withholding of the document instead of redacting privileged communications. As at least some of the material in the document relates to the Department of Labor and since, as stated in the Court's prior order, "there is no privilege that offers broad protection from disclosure for communications related to a government investigation" (dkt. 201, p. 11). The description is also insufficient as to the "primary purpose" requirement as a dual purpose communication is only protected by the attorney-client privilege when the primary purpose of the communication is to give or receive legal advice. (dkt. 162, p. 19 citing to *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). Further, the identified author, Marjorie Wilde, in in-house counsel and assertions of attorney-client privilege between a corporate client and in-house counsel require a clear showing that the advice was given in a professional, legal capacity (dkt. 162, p. 20 citing to *United States v. Chevron Corp.*, No. C-94-1885 SBA, 1996 WL 264769, at *4 (N.D. Cal. May 30, 1996), amended, No. C. 94-1885 SBA, 1996 WL 444597 (N.D. Cal. May 30, 1996). The description also is insufficient to overcome the fiduciary exception as this court has |

Case No. 4:20-cv-02254-YGR-JCS

PLAINTIFFS IDENTIFICATION OF DOCUMENTS FOR POTENTIAL IN CAMERA REVIEW

| | |
|---|---|
| | previously stated that communications that relate to out-of-network reimbursement methodology involve plan administration and therefore fall within the fiduciary exception (dkt. 162, p. 30). Further, work product applies to material that was created for specific litigation that is imminent or pending (dkt. 201, p. 10) and that does not appear to apply to this claim. |
| PRIV-000049, PRIV-000501, PRIV-000506, PRIV-000509, PRIV-000516 | Privilege(s) asserted: attorney client, common interest, & work product<br><br>Explanation of selection: The description is insufficient as to both attorney-client and work product assertions of privilege to justify the complete withholding of the document instead of redacting privileged communications. As at least some of the material in the document relates to pricing methodology or may relate to pricing methodology, the fiduciary exception may apply as the Court has already held that communications that relate to out-of-network reimbursement methodology involve plan administration and therefore fall within the fiduciary exception (dkt. 162, p. 30). There is also insufficient information as to the common interest privilege being asserted.<br><br>The description lacks the detail required to support an assertion of attorney client privilege as clearly set forth by this Court including, "(c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)" (dkt. 201, p. 3). |
| PRIV-000173, PRIV-000179, PRIV-000183, PRIV-000357, PRIV-000469, PRIV-000470, PRIV-000533, PRIV-000535, PRIV-000537 | Privilege(s) asserted: attorney client<br><br>Explanation of selection: The description is insufficient as to attorney-client privilege. As the document relates to pricing methodology, the fiduciary exception may apply. The Court has already held that communications that relate to out-of-network reimbursement methodology involve plan administration and therefore fall within the fiduciary exception (dkt. 162, p. 30). There is also insufficient information to determine whether the primary purpose of the document is the giving or seeking of legal advice. Dual purpose communications are only protected by the attorney-client privilege when the primary purpose of the communication is to give or receive legal advice. (dkt. 162, p. 19 citing to *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). Also, assertions of attorney-client privilege between a corporate client and in-house counsel require a clear showing that the advice was given in a professional, legal capacity (dkt. 162, p. 20 citing to *United States v. Chevron Corp.*, No. C-94-1885 SBA, 1996 WL 264769, at *4 (N.D. Cal. May 30, 1996), amended, No. C. 94-1885 SBA, 1996 WL 444597 (N.D. Cal. May 30, 1996). |

| | |
|---|---|
| PRIV-000180, PRIV-000355 | Privilege(s) asserted: attorney client & work product<br><br>Explanation of selection: The description is insufficient as to both attorney-client and work product assertions of privilege. The description, "concerning legal matters involving United" is insufficient and falls far short of what the Court requires of a privilege log. As stated in this Court's prior order, ""[t]his kind of boilerplate assertion of privilege falls far short of what is required to claim attorney-client privilege" (dkt. 201, p. 12). Likewise, Plaintiffs cannot determine based upon the description whether the fiduciary exception or dual-purpose principle applies. |
| PRIV-000239, PRIV-000250, PRIV-000288, PRIV-000530 | Privilege(s) asserted: attorney client & common interest<br><br>Explanation of selection: The description lacks the detail required to support an assertion of attorney client privilege as clearly set forth by this Court including, "(c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)" (dkt. 201, p. 3). The description is also insufficient as to the common interest assertion of privilege. For the common interest doctrine to apply there must be a common *legal* interest and the communication must be in further of that interest. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 579 (N.D. Cal. 2007). The description is insufficient to find common interest. |
| PRIV-000287 | Privilege(s) asserted: attorney client & common interest<br><br>Explanation of selection: The description is insufficient as to both the attorney client and common interest privileges being asserted. The assertion, "concerning a draft response to a state agency" lacks the detail required by the Court. As stated in the Court's prior order, "there is no privilege that offers broad protection from disclosure for communications related to a government investigation" (dkt. 201, p. 11). It is also unclear whether the fiduciary exception applies or whether the primary purpose of the document was the giving or receiving of legal advice. As to the common interest privilege, for the common interest doctrine to apply there must be a common *legal* interest and the communication must be in further of that interest. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 579 (N.D. Cal. 2007). The description is insufficient to find common interest. The description also refers to 'expert's opinions' that appear unlikely to be privileged under the two privileges asserted as the description specifically refers to "expert's opinions" that are not generally protected by attorney client or common interest privileges. |

| | |
|---|---|
| PRIV-000298 | Privilege(s) asserted: attorney client<br><br>Explanation of selection: The description lacks the detail required to support an assertion of attorney client privilege as clearly set forth by this Court including, "(c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)" (dkt. 201, p. 3). Further, the description, "potential existence of legal obligations" is insufficient to show that the primary purpose of the document was the giving or receiving of legal advice and that the entire document should be withheld. |
| PRIV-000311,<br>PRIV-000363,<br>PRIV-000593,<br>PRIV-000607,<br>PRIV-000610 | Privilege(s) asserted: attorney client<br><br>Explanation of selection: The description lacks the detail required to support an assertion of attorney client privilege as clearly set forth by this Court including, "(c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)" (dkt. 201, p. 3). Further, the description is insufficient to determine whether MultiPlan was acting in the capacity of a settlor or a fiduciary as to the contents of the document. |
| PRIV-000317<br>PRIV-000337<br>PRIV-000340 | Privilege(s) asserted: attorney client & work product<br><br>Explanation of selection: The description is insufficient as to both attorney-client and work product assertions of privilege to justify the complete withholding of the document instead of redacting privileged communications. As at least some of the material in the document relates to the Department of Labor and since, as stated in the Court's prior order, "there is no privilege that offers broad protection from disclosure for communications related to a government investigation" (dkt. 201, p. 11). Further, as the description mentions "Viant services," as this court has previously stated that communications that relate to out-of-network reimbursement methodology involve plan administration and therefore fall within the fiduciary exception (dkt. 162, p. 30). The description is also insufficient as to the "primary purpose" requirement as a dual purpose communication is only protected by the attorney-client privilege when the primary purpose of the communication is to give or receive legal advice. (dkt. 162, p. 19 citing to *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021).<br><br>Additionally, Marjorie Wilde, is in-house counsel and assertions of attorney-client privilege between a corporate client and in-house counsel |

| | |
|---|---|
| | require a clear showing that the advice was given in a professional, legal capacity (dkt. 162, p. 20 citing to *United States v. Chevron Corp.*, No. C-94-1885 SBA, 1996 WL 264769, at *4 (N.D. Cal. May 30, 1996), amended, No. C. 94-1885 SBA, 1996 WL 444597 (N.D. Cal. May 30, 1996). The description also is insufficient to overcome the fiduciary exception as this court has previously stated that communications that relate to out-of-network reimbursement methodology involve plan administration and therefore fall within the fiduciary exception (dkt. 162, p. 30). Further, work product applies to material that was created for specific litigation that is imminent or pending (dkt. 201, p. 10) and that does not appear to apply to this claim. |
| PRIV-000347 | Privilege(s) asserted: attorney client & common interest<br><br>Explanation of selection: The description is insufficient as to attorney-client privilege and common interest privilege. As the document is "concerning pricing," the fiduciary exception may apply. The Court has already held that communications that relate to out-of-network reimbursement methodology involve plan administration and therefore fall within the fiduciary exception (dkt. 162, p. 30). There is also insufficient information to determine whether the primary purpose of the document is the giving or seeking of legal advice. Dual purpose communications are only protected by the attorney-client privilege when the primary purpose of the communication is to give or receive legal advice. (dkt. 162, p. 19 citing to *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). Also, assertions of attorney-client privilege between a corporate client and in-house counsel require a clear showing that the advice was given in a professional, legal capacity (dkt. 162, p. 20 citing to *United States v. Chevron Corp.*, No. C-94-1885 SBA, 1996 WL 264769, at *4 (N.D. Cal. May 30, 1996), amended, No. C. 94-1885 SBA, 1996 WL 444597 (N.D. Cal. May 30, 1996). The description is insufficient to find common interest. The description also refers to 'expert's opinions' that appear unlikely to be privileged under the two privileges asserted as the description specifically refers to "expert's opinions" that are not generally protected by attorney client or common interest privileges. |
| PRIV-000525 | Privilege(s) asserted: attorney client<br><br>Explanation of selection: The description is insufficient as to attorney-client privilege. The description does not clearly meet "primary purpose" requirement and a dual-purpose communication is only protected by the attorney-client privilege when the primary purpose of the communication is to give or receive legal advice. (dkt. 162, p. 19 citing to *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). Further, the identified author, Marjorie Wilde, in in-house counsel and assertions of attorney-client privilege between a corporate client and in-house counsel require a clear showing that the advice was given in a professional, legal capacity (dkt. |

| | |
|---|---|
| | 162, p. 20 citing to *United States v. Chevron Corp.*, No. C-94-1885 SBA, 1996 WL 264769, at *4 (N.D. Cal. May 30, 1996), amended, No. C. 94-1885 SBA, 1996 WL 444597 (N.D. Cal. May 30, 1996). The description also is insufficient to overcome the fiduciary exception as the description suggests the document may involve plan administration and therefore fall within the fiduciary exception (dkt. 162, p. 30). |
| PRIV-000550, PRIV-000559, PRIV-000563, PRIV-000564 | Privilege(s) asserted: attorney client<br><br>Explanation of selection: The description is insufficient as to attorney-client assertions of privilege to justify the complete withholding of the document instead of redacting privileged communications. The description suggests that the document may relate to out-of-network reimbursement methodology and/or pricing methodology that the Court has already stated may involve plan administration and therefore fall within the fiduciary exception (dkt. 162, p. 30). The description is also insufficient as to the "primary purpose" requirement as a dual-purpose communication is only protected by the attorney-client privilege when the primary purpose of the communication is to give or receive legal advice. (dkt. 162, p. 19 citing to *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021).<br><br>Additionally, Marjorie Wilde, is in-house counsel and assertions of attorney-client privilege between a corporate client and in-house counsel require a clear showing that the advice was given in a professional, legal capacity (dkt. 162, p. 20 citing to *United States v. Chevron Corp.*, No. C-94-1885 SBA, 1996 WL 264769, at *4 (N.D. Cal. May 30, 1996), amended, No. C. 94-1885 SBA, 1996 WL 444597 (N.D. Cal. May 30, 1996). The description also is insufficient to overcome the fiduciary exception as this court has previously stated that communications that relate to out-of-network reimbursement methodology involve plan administration and therefore fall within the fiduciary exception (dkt. 162, p. 30). Further, work product applies to material that was created for specific litigation that is imminent or pending (dkt. 201, p. 10) and that does not appear to apply to this claim. |

Dated: October 28, 2022                                                   ARNALL GOLDEN GREGORY LLP


                                                                          /s/ Aaron R. Modiano
                                                                  By:     MATTHEW M. LAVIN
                                                                          AARON R. MODIANO

## CERTIFICATE OF SERVICE

I, Aaron R. Modiano, hereby certify that on October 28, 2022, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

      /s/ Aaron R. Modiano
      Aaron R. Modiano