MATTHEW M. LAVIN (*pro hac vice*)
matt.lavin@agg.com
AARON R. MODIANO (*pro hac vice*)
aaron.modiano@agg.com
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 20006
Telephone: 202.677.4030
Facsimile: 202.677.4031

DAVID M. LILIENSTEIN, SBN 218923
david@dllawgroup.com
KATIE J. SPIELMAN, SBN 252209
katie@dllawgroup.com
**DL LAW GROUP**
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484

*Attorneys for Plaintiffs and Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD. et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>United Behavioral Health Inc. et al.,<br><br>          Defendants. | Case No. 4:20-cv-02254-YGR (JCS)<br><br>Yvonne Gonzalez Rogers<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF FROM MULTIPLAN'S IMPROPER NOTICE OF SUPPLEMENTAL AUTHORITY, DKT. NO. 239** |

-1-

Case No. 4:20-cv-02254-YGR            PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF FROM MULTIPLAN'S IMPROPER NOTICE OF SUPPLEMENTAL AUTHORITY, DKT. NO. 239

1    Pursuant to Civil Local Rule 7-11, Plaintiffs hereby move for relief from MultiPlan's improper filing. On October 28, 2022, Defendant Multiplan filed a document entitled "Multiplan, Inc.'s Notice of Supplemental Authority and Written Report Pursuant to October 3, 2022 Order Re Motion to Compel [Dkt. 201]" [Dkt. 239] which is an improper sur-reply, an improper motion for reconsideration, improper filing of supplemental material, and an improper objection after the fourteen days permitted by Fed. R. Civ. P. 72. Specifically, MultiPlan's filing violates Civil Local Rules 7-3(c), 7-3(d)(2), 7-9, and 72-2.

MultiPlan's filing violates Local Rule 7-3(c) and 7-3(d)(2) because the Northern District Local Rules provide for a motion, an opposition, and a reply, not a sur-reply without leave of court (Local Rule 7-2, 7-3). Neither the Northern District Local Rules nor the Federal Rules of Civil Procedure provide the right to file a sur-reply. Indeed, the Northern District Local Rules expressly prohibit filing supplementary material once a reply is filed absent court approval, except to object to new evidence submitted in the reply, or *before the noticed hearing date* to bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed (a "Statement of Recent Decision"). Local Rule 7-3(d). Multiplan's "Notice of Supplemental Authority" was well after the hearing date. Plaintiffs filed a Motion to Compel and for Sanctions against Multiplan on August 11, 2022 [Dkt. 165]; Multiplan filed its Opposition on August 25, 2022 [Dkt. 179]; Plaintiffs filed their Reply on September 2, 2022 [Dkt. 183]; The Court heard argument on Plaintiffs' Motion on September 30, 2022, and issued its Order Granting Plaintiffs' Motion in Part on October 3, 2022 [Dkt. 201]. MultiPlan's improper filing comes nearly one month after the Court heard arguments and issued its ruling.

Furthermore, the Local Rules provide that any Statement of Recent Decision "shall contain a citation to and copy of the new opinion *without argument*" (emphasis added). Local Rule 7-3(d)(2). Even if MultiPlan's filing had been timely, which it is not, it still runs afoul of the local rule in its inclusion of a nine-page memorandum of points and authorities setting forth argument related to its "Supplemental Authority." Here, Multiplan neither sought nor received leave of court to file supplemental briefing regarding Plaintiff's Motion to Compel [Dkt. 165].

At the conclusion of MultiPlan's supplemental briefing filed without leave of court, MultiPlan asks the court to 'reevaluate' its October 3, 2022 Order [Dkt. 201]. In asking the court to 'reevaluate' its prior order, MultiPlan violates Local Rule 7-9(a) that requires leave of court be sought prior to the filing of any motion for reconsideration. No leave of court has been sought by MultiPlan. Further, MultiPlan has asserted no valid grounds for reconsideration as required by Local Rule 7-9(b). Local Rule 7-9(c) states, "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions." MultiPlan has also violated this rule by repeating arguments made, and rejected, by this court prior to this issuance of its order on these issues.

MultiPlan's untimely filing also violates Local Rule 72-2. Local Rule 72-2(a) that states, "[a]ny objection filed pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) must be made as a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge." Fed. R. Civ. P. 72(a) requires that objections be served within 14 days from receipt of the order and MultiPlan has not done so. Local Rule 72-2(b) states the required contents such a motion and that such motion may not exceed five pages. MultiPlan's filing does not contain the required information and exceeds five pages.

Therefore, Plaintiffs respectfully request that the Court strike Defendant Multiplan's Notice of Supplemental Authority and Written Report at Dkt. 239 as well as any other such relief, including sanctions, it deems appropriate.

Respectfully submitted,

[SIGNATURE PAGE FOLLOWS]

| | | |
|---|---|---|
| Dated: October 31, 2022 | | ARNALL GOLDEN GREGORY LLP |
| | By: | */s/ Aaron R. Modiano*<br>MATTHEW M. LAVIN<br>AARON R. MODIANO |
| | | DL LAW GROUP |
| | | */s/ Katie J. Spielman*<br>DAVID M. LILIENSTEIN<br>KATIE J. SPIELMAN |
| | | *Attorneys for Plaintiffs LD. et al.,* |

## CERTIFICATE OF SERVICE

I, Aaron R. Modiano, hereby certify that on October 31, 2022, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

<u>/s/ Aaron R. Modiano</u>
Aaron R. Modiano