MATTHEW M. LAVIN (PRO HAC VICE)
matt.lavin@agg.com
AARON R. MODIANO (PRO HAC VICE)
aaron.modiano@agg.com
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 20006
Telephone:    202.677.4030
Facsimile:    202.677.4031

DAVID M. LILIENSTEIN, SBN 218923
david@dllawgroup.com
KATIE J. SPIELMAN, SBN 252209
katie@dllawgroup.com
DL LAW GROUP
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LD et al.,<br><br>Plaintiffs,<br><br>v.<br><br>United Behavioral Health Company, et al.,<br><br>Defendants. | Case No. 4:20-cv-02254-YGR-JCS<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**PLAINTIFFS' RESPONSE TO MULTIPLAN, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY AND WRITTEN REPORT PURSUANT TO OCTOBER 3, 2022 ORDER RE MOTION TO COMPEL [DKT 239]** |

Case No. 4:20-cv-02254-YGR-JCS

PLAINTIFFS' RESPONSE TO MULTIPLAN, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY AND WRITTEN REPORT PURSUANT TO OCTOBER 3, 2022 ORDER RE MOTION TO COMPEL [DKT 239]

# I. INTRODUCTION

Plaintiffs file this memorandum in response to Defendant Multiplan, Inc.'s Notice of Supplemental Authority and Written Report Pursuant to October 3, 2022 Order re Motion to Compel (Dkt. 239) in accordance with the Court's Order Denying Plaintiff's Administrative Motion and For Response (Dkt. 245). Multiplan, Inc.'s Notice of Supplemental Authority pertained to an unpublished district court decision from the Central District of California granting summary judgment for Multiplan in an unrelated matter, *In re: Out of Network Substance Use Disorder Claims Against UnitedHealthCare*, Case No. 8:19-cv-02075-JVS(DFMx), the court's *October 14, 2022 MINUTES [IN CHAMBERS] Order Regarding Motion for Summary Judgment on Plaintiff-Providers' Claims Against MultiPlan and Viant by Judge James V. Selna granting 142 for Summary Judgment Order Regarding Motion for Summary Judgment on Plaintiff-Providers' Claims Against MultiPlan and Viant* [dkt. 281] (hereinafter "*In re: OON SUD Claims*"). Setting aside the absence of any precedential or persuasive authority of *In re: OON SUD Claims*, the factual and legal distinctions between *In re: OON SUD Claims* and the instant action are myriad. *In re: OON SUD Claims* was brought by healthcare providers, whereas the plaintiffs in the instant action are the healthcare plan participants and beneficiaries to whom fiduciary duties are actually owed. *In re: OON SUD Claims* did not include a cause of action for breach of fiduciary duty under ERISA (29 U.S.C. § 1132(a)(3)), while the instant action does. *In re: OON SUD Claims* involved Multiplan's negotiation services, preferred provider network, and execution of single case agreements for negotiated fees with providers on all types of claims, while the instant action is limited to Multiplan's Viant repricing tool as applied to intensive outpatient substance use disorder claims. Most importantly, the summary judgment order in *In re: OON SUD Claims* does not articulate the law of the case in this action, wherein the court has found that Plaintiffs have adequately pleaded a breach of fiduciary duty action against Multiplan based on its use of its Viant product to reprice allowable reimbursement amounts for United plan participants and beneficiaries who have received intensive outpatient substance use disorder services.

1

Case No. 4:20-cv-02254-YGR-JCS

PLAINTIFFS' RESPONSE TO MULTIPLAN, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY AND WRITTEN REPORT PURSUANT TO OCTOBER 3, 2022 ORDER RE MOTION TO COMPEL [DKT 239]

ARNALL GOLDEN GREGORY LLP
LIMITED LIABILITY PARTNERSHIP
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 20006
Telephone: 202.677.4030
WWW.AGG.COM

## II. RESPONSE

**A. Multiplan's Supplemental Authority is Inapposite and Factually Distinguishable**

The recent decision filed by Defendant MultiPlan as supplemental authority, *In re: Out of Network Substance Use Disorder Claims Against UnitedHealthCare*, Case No. 8:19-cv-02075-JVS(DFMx), the court's *October 14, 2022 MINUTES [IN CHAMBERS] Order Regarding Motion for Summary Judgment on Plaintiff-Providers' Claims Against MultiPlan and Viant by Judge James V. Selna granting 142 for Summary Judgment Order Regarding Motion for Summary Judgment on Plaintiff-Providers' Claims Against MultiPlan and Viant* [dkt. 281], in addition to having no precedential value and not being a published decision, is factually distinguishable.

The *In re: Out of Network Substance Use Disorder Claims Against UnitedHealthCare* case involves MultiPlan's negotiation services for single case and global claim agreements and MultiPlan's preferred provider network. None of the claims at issue in the present litigation involve MultiPlan's negotiation services or preferred provider network.

The two matters are further differentiated by their Plaintiffs. *In re: Out of Network Substance Use Disorder Claims Against UnitedHealthCare* is brought by healthcare providers whereas the Plaintiffs in this matter are all individual plan members, who are directly owed fiduciary duties.

*In re: Out of Network Substance Use Disorder Claims Against UnitedHealthCare* is further distinguished by the causes of action asserted. Plaintiffs in this matter have brought ERISA claims pursuant to ERISA §§ 502(a)(1)(B) and 502(a)(3) while the providers in the other matter brought their ERISA claims pursuant to ERISA §§ 502(a)(1)(B) alone.

Further distinguishing the two matters, the court in *In re: Out of Network Substance Use Disorder Claims Against UnitedHealthCare* arrived at its decision following summary judgment briefing and basing its decision on facts that were undisputed by the parties. That is not the case in the present matter.

Facts that are disputed in this matter that were undisputed and/or are readily distinguishable in include: "After a claim is referred to MPI for negotiation, a claim resolution

specialist contacts the provider and attempts to negotiate a discounted rate . . ." (pg. 14-15) is significantly different from Plaintiffs' allegations in the operative, Third Amended Complaint [dkt. 91] that directly point to fiduciary duties breached by MultiPlan (*see, e.g.,* TAC ¶¶ 181-219).  The court in *In re: OON SUD Claims* also based its findings on the undisputed fact that "MultiPlan will obtain a written single case agreement signed by the provider documenting acceptance of the proposed negotiated amount." (pg. 5). None of the claims at issue in the present case involve single case agreements.  It was undisputed in *In re: OON SUD Claims* that "MultiPlan then discloses the terms of that proposed offer to United, which may choose whether to accept or reject the proposed negotiated reimbursement amount at its sole discretion." (pg. 5). In the present case, Plaintiffs have alleged a joint enterprise where both United and MultiPlan have fabricated and implemented a fraudulent reimbursement rate. (*see, e.g.,* TAC ¶¶ 219-236).Further, *In re: Out of Network Substance Use Disorder Claims Against UnitedHealthCare* involves all levels of care provided to patients as opposed to the present case that deals solely with claims for intensive outpatient treatment ("IOP"). Also, the minute order filed by defendant MultiPlan does not address the breaches of fiduciary duty that were alleged to have been committed by United or any co-scheming or delegation of duties to MultiPlan. In this case, Plaintiffs have incorporated a 'patient advocacy department' ("PAD") letter sent to one of the Plaintiffs with 'Viant' on the letterhead, the signature line, and directing them to call Viant for matters of claim reimbursement ((*see* TAC ¶ 410).

**B.  Multiplan is a Functional Fiduciary**

While Multiplan offers one unpublished opinion granting summary judgment under the unique set of undisputed facts at issue in that particular matter, the weight of authority holds that entities like Multiplan who perform fiduciary functions in which they exert control or authority over disposition of plan assets and/or administration of the plan, are ERISA fiduciaries.  In *RJ et al. v. Cigna Health and Life Ins. Co., et al.*, 2021 WL 1110261, (N.D. Cal. 2022), a case proceeding essentially in parallel with the instant action, involving the use of the Multiplan Viant product at Cigna, the court found that Viant was operating as an ERISA fiduciary. The court noted that a person is a fiduciary with respect to an ERISA plan under three different

-3-

circumstances:

> to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 USC § 1002(21)(A).  Despite the fact that Viant was not a named fiduciary in any of the plans, the court nevertheless found that it exercised responsibility and authority over plan assets through its repricing tool.

Similarly, here, Multiplan had responsibility and authority over Plan assets by virtue of repricing patient claims. In *Monterey Peninsula Horticulture, Inc. v. Emp. Benefit Mgmt. Servs. Inc.*, the plaintiff asserted a similar theory of fiduciary liability (2020 WL 2747846 (N.D. Cal. May 27, 2020)). The plaintiff there asserted that the defendant had authority and control over the plan assets "by determining the amount and recipient of benefit payments," issuing checks, and paying approved claims. *Id* at 3. The *Monterey Peninsula Horticulture* court held that the allegations plausibly suggested the defendant had control over disposition of plan assets, and therefore denied defendant's motion to dismiss the breach of fiduciary duty claim.

As Multiplan itself notes, the key inquiry in determining whether fiduciary status, and consequentially, whether the fiduciary exception applies, revolves around the specific function being performed. "A person's actions determine whether he is a fiduciary, even if the plan documents do not assign fiduciary duties to the person." *Del Prete v. Magellan Behavioral Health, Inc.*, 112 F.Supp.3d 942 (2015) *citing Parker v. Bain*, 68 F.3d 1131, 1139 (9th Cir. 1996) Here, there is no dispute that Multiplan, through the Viant product, repriced Plaintiff's claims, and those repriced amounts were used to generate EOBs and PAD letters, the latter of which were mailed directly from Multiplan to patients. Patients were directed in those EOB and PAD letters to contact Viant, not United, if they wished to dispute the allowable amount. Multiplan thus had authority and control over plan assets. MPI argues that its authority and control was allegedly not absolute because it was operating within parameters set by United.  However, the

court in *RJ* noted "there is nothing in section 1002(21)(A) to suggest that a person or entity with limited control over plan assets cannot be considered a fiduciary." *RJ, supra*, at *7.

Similarly, in *Josef K. v. California Physicians' Service*, 2019 WL 2342245 at 7 (N.D. Cal. YGR) in finding that a non-named fiduciary nevertheless had functional fiduciary status in an ERISA action, the court noted that "Congress commodiously imposed fiduciary standards on persons whose actions affect the amount of benefits retirement plan participants will receive… Thus, although fiduciary status does not attach to a party who 'merely perform[s] ministerial duties or processes claims, a party may qualify as a fiduciary if it has the authority to grant, deny, or review denied claims." (citations omitted). There, again, the court held that a person's authority or control over plan assets or administration need not be absolute in order to be found to have fiduciary status. In *Josef K.*, the court held that an independent medical review organization that performed a medical necessity analysis of a health care claim and recommended upholding the claim administrator's denial decision – a recommendation that the claim administrator could have rejected – was a functional fiduciary.  The independent review organization in *Josef K.* was not named in any plan documents, but nevertheless the court noted that non-named fiduciaries falling within the definition of 29 U.S.C. § 1002(21)(A) are sometimes referred to as "functional fiduciaries." *Josef K.* citing *Santomenno v. Transamerica Life Ins. Co.*, 883 F.3d 833, 837 (9th Cir. 2018).

As the court in *Josef K.* observed that "[b]oth the U.S. Supreme Court and the Ninth Circuit have suggested that fiduciary status under ERISA is to be construed liberally, consistent with ERISA's policies and objectives."  *Id.* citing *John Hancock Mut. Life Ins. v. Harris Trust & Sav. Bank*, 510 U.S. 86, 96 (1993) and *Credit Managers Ass'n v. Kenneaw Life & Accident Ins. Co.*, 809 F.2d 617, 625 (9th Cir. 1987) (finding that 29 U.S.C. section 1002(21) sets forth a "broad definition" of fiduciary).

**C.  The Fiduciary Exception Applies to Multiplan**

The functions that Multiplan performed under the Plan, using the Viant repricing tool, were fiduciary in nature. It exercised discretion and authority to generate allowable amounts on out of network IOP claims using a database and methodologies known only to it, not United.

1. Plan participants and beneficiaries were directed to contact Viant, not United, if they wished to
2. dispute the allowable amounts Viant generated. Thus, communications with counsel concerning
3. those fiduciary functions, fall within the fiduciary exception. The fiduciary exception to the
4. attorney-client privilege derives from the law of trusts. "When a trustee obtains legal advice
5. relating to the exercise of fiduciary duties . . . [,] the trustee cannot withhold attorney-client
6. communications from the beneficiary of the trust." *United Statees v. Jicarilla Apache Nation*,
7. 564 U.S. 162, 165 (2011). The "exception is rooted in two distinct rationales." *United States v.*
8. *Mett*, 178 F.3d 1058, 1063 (9th Cir. 1999). Under one rationale, some courts have reasoned that
9. "because the ERISA fiduciary is 'a representative for the beneficiaries of the trust which he is
10. administering,' it is not the fiduciary, but rather the plan beneficiary that is the 'real client." *Mett*,
11. 178 F.3d at 1063.  On this view, the fiduciary exception is not really an exception at all.
12. Attorney-client privilege is maintained; there is only a different understanding of the identity of
13. the client.  *Stephan v. Unum Life Ins. Co. of America*, 697 F.3d 917, 931 (9th Cir. 2012) (citing
14. *Mett*).

15. Under the second rationale, "some courts have held that the exception derives from an
16. ERISA trustee's duty to disclose to plan beneficiaries all information regarding plan
17. administration." *Mett*, 178 F.3d at 1063.  On this view, the attorney-client privilege is
18. subordinated to the fiduciary's disclosure obligation. *Id.* This rationale is particularly compelling
19. in this case because the Viant pricing tool and methodology is known only to Multiplan and
20. Viant. United, the named fiduciary, does not control or even have knowledge of how the Viant
21. pricing tool functions, what data forms the basis of its calculations, how different HCPCS and
22. APC codes are "crosswalked" to generate allowable amounts for the facility-based IOP
23. substance use disorder claims specifically at issue herein. Thus, the only fiduciary capable of
24. fulfilling the "duty to disclose to plan beneficiaries all information regarding plan
25. administration" is Multiplan.

26. For these reasons, MultiPlan has been held to be a fiduciary many times in other
27. litigation. In an earlier ruling in *In re Out-of-Network Substance Use Disorder Claims Against*
28. *UnitedHealthcare*, the court found it sufficient that MultiPlan could ultimately be found to be a

-6-

1  fiduciary because "Plaintiffs assert that MultiPlan used a pricing database in determining the
2  amounts of benefits owed that consisted of unrepresentative amounts charged and relied on
3  methodologies different from those set forth in the plans" (2021 WL 8532067, at *5 (C.D. Cal.
4  Apr. 14, 2021) *citing ILWU-PMA Welfare Plan Bd. of Trustees v. Connecticut Gen. Life Ins. Co.*,
5  No. C 15-02965 WHA, 2015 WL 9300519, at *6 (N.D. Cal. Dec. 22, 2015); *see also, TML*
6  *Recovery, LLC v. Cigna Corp.*, 2021 WL 3730168, at *4 (C.D. Cal. July 26, 2021) ("This is
7  enough, just like it was in ILWU-PMA, for the Court to conclude Multiplan is a fiduciary,
8  making it a proper ERISA defendant.")

**D.  *In re Grand Jury* Remains Binding Precedent in the Ninth Circuit Regarding Dual-Purpose Communications**

11      Last, MultiPlan's request that the Court stay its determination applying the 'dual purpose'
12  test to attorney client privilege claims set forth in *In re Grand Jury*, 23 F.4th 1088 (9th Cir.
13  2021), *cert. granted sub nom. In re Jury*, No. 21-1397, 2022 WL 4651237 (U.S. Oct. 3, 2022)
14  pending the ultimate decision of the U.S. Supreme Court should be disregarded. As stated by a
15  sister court, "the fact that the Supreme Court recently granted certiorari [] has no effect on this
16  Court's obligation to follow Ninth Circuit precedent unless and until the Supreme Court
17  overrules it." *U.S.A. v. Shumilo*, 2016 WL 6302524, at *2 (C.D. Cal. Oct. 24, 2016) *citing Hart*
18  *v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("Binding authority must be followed unless
19  and until overruled by a body competent to do so."). As such, *In re Grand Jury* is binding
20  precedent and should be followed unless and until the U.S. Supreme Court overrules it.

### III. CONCLUSION

22      Based on the foregoing, Plaintiffs respectfully request that the Court deny Defendant
23  Multiplan's request to reevalaute the findings in its October 3, 2022 Order relating to Multiplan's
24  assertions of privilege.

25  //
26  //
27  //
28  //

| | | |
|---|---|---|
| Dated: November 10, 2022 | | ARNALL GOLDEN GREGORY LLP |
| | By: | */s/ Aaron R. Modiano*<br>MATTHEW M. LAVIN<br>AARON R. MODIANO |
| | | DL LAW GROUP |
| | | */s/ Katie J. Spielman*<br>DAVID M. LILIENSTEIN<br>KATIE J. SPIELMAN |
| | | *Attorneys for Plaintiffs LD. et al.,* |

# CERTIFICATE OF SERVICE

I, Aaron R. Modiano, hereby certify that on November 10, 2022, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

  */s/ Aaron R. Modiano*
  Aaron R. Modiano

-9-

Case No. 4:20-cv-02254-YGR-JCS    Plaintiffs' Opposition to Defendant MultiPlan Inc.'s Administrative Motion to Redact and Seal