| | |
|---|---|
| LAUREN M. BLAS, SBN 296823<br>  lblas@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile:   213.229.7520<br><br>GEOFFREY SIGLER (*pro hac vice*)<br>  gsigler@gibsondunn.com<br>MATTHEW GUICE AIKEN (*pro hac vice*)<br>  maiken@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>Telephone: 202.887.3752<br>Facsimile:  202.530.9635<br><br>Attorneys for Defendants UNITED BEHAVIORAL HEALTH and UNITED HEALTHCARE INSURANCE COMPANY | MOE KESHAVARZI, SBN 223759<br>  mkeshavarzi@sheppardmullin.com<br>DAVID DWORSKY, SBN 272167<br>  ddworsky@sheppardmullin.com<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>333 South Hope Street, 43rd Floor<br>Los Angeles, California 90071<br>Telephone: 213.620.1780<br>Facsimile: 213.620.1398<br><br>ERROL J. KING, JR. (*pro hac vice*)<br>  errol.king@phelps.com<br>CRAIG L. CAESAR (*pro hac vice*)<br>  craig.caesar@phelps.com<br>KATHERINE C. MANNINO (*pro hac vice*)<br>  katie.mannino@phelps.com<br>TAYLOR J. CROUSILLAC (*pro hac vice*)<br>  taylor.crousillac@phelps.com<br>BRITTANY H. ALEXANDER (*pro hac vice*)<br>  brittany.alexander@phelps.com<br>PHELPS DUNBAR LLP<br>II City Plaza<br>400 Convention Street, Suite 1100<br>Baton Rouge, Louisiana 70802<br>Telephone: (225) 376-0207<br>Fax: (225) 381-9197<br><br>Attorneys for Defendant MULTIPLAN, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH and CJ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York corporation,<br><br>Defendants. | CASE NO. 4:20-cv-02254-YGR-JCS<br><br>**DEFENDANTS' OBJECTION TO EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION PURSUANT TO L.R. 7-3(D)**<br><br>Complaint filed: April 2, 2020<br>Third Amended Complaint filed: Sept. 10, 2021 |

1    Pursuant to Local Rule 7-3(d)(1), Defendants hereby submit this objection to two new declara-
2  tions on which Plaintiffs purport to rely in their Reply in Support of Plaintiffs' Motion for Class Certi-
3  fication ("Reply"): (1) the declaration of Thomas P. Ralston (Dkt. 250-3) and (2) the supplemental
4  expert report of Mark A. Hall (Dkt. 250-2).  The Ralston declaration and Hall supplemental expert
5  report should be excluded, under the rules and case law discussed below.  Alternatively, if the Court
6  decides to consider the evidence, Defendants respectfully request the opportunity to depose these wit-
7  nesses and submit a seven-page sur-reply addressing the new assertions and opinions.

**ARGUMENT**

**I.    The Ralston Declaration Should Be Excluded**

Thomas Ralston is a former MultiPlan employee who retired at the beginning of 2019 and who—until the filing of his declaration with Plaintiffs' Reply—had not been identified by any party as a potential witness in this case (in Initial Disclosures, Supplemental Disclosures, or otherwise).  Because Ralston was never identified as a witness, and fact discovery closed fourth months ago, Defendants have not had the opportunity to depose him or otherwise test the assertions and opinions in his declaration.  Ralston's declaration primarily addresses Plaintiffs' merits challenge to a particular aspect of the Viant methodology that changed in 2018, and Plaintiffs purport to rely on it in their Reply.  Because Plaintiffs filed the Ralston declaration in contravention of the rules governing discovery and reply evidence, it should be excluded.

**A.    Plaintiffs Never Disclosed Ralston As A Fact Witness**

Rule 26(a)(1) requires parties to disclose "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).  Parties have a continuing obligation to supplement their initial disclosures upon learning of new information.  *See* Fed. R. Civ. P. 26(e)(1).  "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion . . . , unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiffs never identified Ralston as a witness on whom they intended to rely—at any point throughout a year of fact discovery involving thousands of documents and numerous depositions.  In

Plaintiffs' Initial Disclosures served on April 23, 2021, Plaintiffs only identified themselves. Plaintiffs later amended their disclosures on July 15, 2022 (the last day of fact discovery), but they still did not identify Ralston. To the extent Plaintiffs intend to rely on an oblique reference in their supplemental disclosures on the final day of discovery to "individual(s) identified by Multiplan, Inc. during the course of discovery, including in documents, materials or testimony," this reference is plainly insufficient under the rules, which require identification by "name." Fed. R. Civ. P. 26(a)(1)(A)(i).

That Ralston's name came up in passing during a few depositions does not satisfy Plaintiffs' disclosure obligation, and instead shows that Plaintiffs should have identified him (or sought an extension) *during fact discovery* if they viewed him as a witness. "That another witness has made a passing reference in a deposition to a person with knowledge or responsibilities who could conceivably be a witness does not satisfy a party's disclosure obligations," because "[a]n adverse party should not have to guess which undisclosed witnesses may be called to testify." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014); *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *2 (N.D. Cal. Mar. 31, 2021) (failure to disclose not excused where the witnesses' "names appeared in deposition testimony or in [the defendant's] discovery responses"); *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 2018 WL 10476581, at *1 (N.D. Cal. Dec. 10, 2018) (failure to disclose not excused where "Mr. Reed was previously disclosed through numerous citations and references to Mr. Reed's company").

Additionally, the Ralston declaration is not "solely for impeachment" under Rule 26(a)(1)(A)(i), so that exception does not apply here. Although Plaintiffs assert that the declaration is to rebut misrepresentations in Defendants' opposition to class certification, the Ralston declaration does not identify any misrepresentations, let alone anything relevant to class certification. Instead, the declaration appears primarily intended to bolster Plaintiffs' merits arguments, particularly as they relate to a particular aspect of Viant OPR that changed in 2018. Plaintiffs discussed this aspect of the methodology cursorily in their opening brief, and devote only a few more sentences to it in in their Reply.

Exclusion of the Ralston declaration is therefore automatic absent substantial justification or harmless error, and neither exists here. *See* Fed. R. Civ. P. 37(c)(1); *see also Drenckhahn v. Costco Wholesale Corp.*, 2010 WL 11506641, at *9–10 (C.D. Cal. Mar. 31, 2010). Plaintiffs' failure to identify Ralston is not substantially justified, because they have known of him dating back to the beginning

of fact discovery. On August 3, 2021, Plaintiffs served a targeted document request to MultiPlan for "[a]ny and all documents to or from Thomas Ralston pertaining to Facility R&C, Viant OPR, and/or FAIR Health from January 1, 2015 to present." Plaintiffs also asked about Ralston in at least three depositions (on June 22, July 14, and July 26 of this year). Yet, Plaintiffs did not identify him to Defendants as a potential witness; nor did they seek an extension of fact discovery, if they thought it was necessary, to explore whether he should be a witness. Defendants learned that Plaintiffs were relying on Ralston for the first time when they received Plaintiffs' reply filing this past Friday, when Plaintiffs served Defendants (the day after their under-seal filing with the Court on November 24).[1]

Nor was Plaintiffs' failure to disclose Ralston harmless. Because Ralston was never identified as a witness on any topic, Defendants had no opportunity to depose him or subject his assertions to the "rigors of . . . discovery." *Fitzhenry-Russell*, 2018 WL 10476581, at *1; *see also Bagwell v. CBS Broad. Inc.*, 2022 WL 2035965, at *6 (C.D. Cal. Apr. 18, 2022) ("That CBS . . . was aware of the names of the [newly disclosed witnesses] is meaningless if the company was otherwise unaware that the employees had relevant discoverable information or would be called on as a witness in this case."). Among the many topics on which Defendants would be entitled to question Ralston are:

- The basis for his recollection and understanding of all of the matters in his declaration, given that Ralston retired in 2019 and identifies no specific documents or information on which he relied to refresh his recollection;

- The extent to which his recollections or opinions were influenced in any way by discussions with Plaintiffs' counsel;

- The basis for his assertions about what United may have thought or done, given the complete absence of any indication that Ralston communicated directly with United or had any other basis for these assertions;

- The basis for his internally inconsistent assertions about his understanding of plan language, along with his later statements that MultiPlan never received or reviewed plan language (*compare* Ralston Decl. ¶ 7 (asserting that various phrases from United plans "have never been ambiguous" and "all have precisely the same meaning"), *with id.* ¶ 29 ("To my knowledge, plan language is never sent to MultiPlan or considered by MultiPlan.");

- The basis for his assertions about practices after his retirement in 2019 (*see id.*

---

[1] Plaintiffs filed their reply on November 24 (a day late), and this objection therefore is timely under Local Rule 7-3(d).

¶ 25); and

- The basis for his "understanding" that witnesses for United in this action have identified him in their testimony as an individual with knowledge of Viant, the Facility R&C program, and the pricing of H0015, (*id*. ¶ 4), when the United Defendants cannot find any reference in any testimony by their witnesses referring to Ralston, and he does not identify any United employees with whom he ever communicated in his declaration.

These are just a few examples, without Defendants having yet had the opportunity to review other documents or information that could be relevant to Ralston. The United Defendants, in particular, first learned Ralston's views on the matters in his declaration after receiving the unsealed version of it last Friday, the day after Thanksgiving. If Plaintiffs had wanted to rely on Ralston, it was their responsibility to identify him under the rules. "The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier*, 768 F.3d at 862.

### B.     The Ralston Declaration Is Not Proper Rebuttal/Reply Evidence

Even if Ralston had been properly disclosed, his declaration is improper reply evidence, because it does not actually rebut any evidence presented by Defendants in their opposition. A moving party may not "introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000); *see also Evans Hotels, LLC v. United Here! Local 30*, 2022 WL 272009, at *5 (S.D. Cal. Jan. 28, 2022) (similar). New evidence may be excluded by the court as improper, *see, e.g.*, *Ward v. Sutter Valley Hosps.*, 2022 WL 2805965, at *5 (E.D. Cal. July 18, 2022); *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018), or the court may instead give the adverse party an opportunity to respond, *see, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (stating that it would be "unfair" to allow the submission of new evidence in a reply without affording the other party an opportunity to respond); *United States v. Venture One Mortg. Corp.*, 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015) (similar).

Plaintiffs suggest that they are offering the Ralston declaration to rebut the declaration of Sean Crandell (filed with Defendants' opposition brief), MultiPlan's Vice President of Healthcare Economics, who described Viant OPR and its methodology at a high level (Dkt. 211). But a

comparison of the two declarations defeats that characterization. The Ralston declaration does not impeach or otherwise refute Mr. Crandell's explanation of the proprietary Viant OPR logic and instead appears to agree with Mr. Crandell in many respects. *Compare, e.g.*, Ralston Decl. ¶¶ 6, 8, 17, *with* Crandell Decl. ¶¶ 20–21, 45. For example, Ralston agrees with Mr. Crandell regarding the facts of how H0015 was grouped into ACP 5823, and he also agrees that this change in 2018 resulted in *an increase* in the reimbursement rates for H0015. *Compare* Ralston Decl. ¶ 21, *with* Crandell Decl. ¶ 53. Far from rebutting Defendants' evidence, the Ralston declaration is little more than a former employee's revisionist assessment of this change, coupled with unsupported and often speculative opinions. The declaration therefore should be excluded in its entirety, or in the alternative Defendants should be given an opportunity to depose Ralston and submit a sur-reply addressing his declaration.

## II. Professor Hall's Supplemental Expert Report Is Also Improper

Plaintiffs also submitted a supplemental expert report from Professor Hall that is four times the length of his original expert report. It contains various new opinions and sources that he did not offer in his opening report and that are not proper rebuttals to the Defendant expert (who was in turn rebutting Professor Hall's opening report). Rather, Professor Hall offers five new opinions and cites numerous additional sources that were not in his opening report. At a minimum, Defendants should be permitted to depose Professor Hall and file a short sur-reply responding to his new opinions and sources. For example, Professor Hall cites 37 new sources that he says "define UCR or its equivalents consistent with [his] opinions"—yet the listed sources appear to be have been selectively quoted and cherry-picked, and even the quoted portions involve various "UCR" definitions with different terms. Hall Supp. Rep. 13–24. Also, several of Professor Hall's new assertions and opinions conflict with his own previous published articles.[2] If the Court intends to consider those portions of his supplemental report, Defendants respectfully request the opportunity to depose him and to submit a sur-reply that addresses those new opinions.

---

[2] For example, Professor Hall's critique of Professor Kessler's opinion that inflated insurance costs are shifted to plan sponsors and consumers is contradicted by his own published work. *See* Mark Hall et al., *Rep. Ruiz's Arbitration Proposal for Surprising Billing (H.R. 3502) Would Lead to Much Higher Costs and Deficits*, USC-Brookings Schaeffer on Health Policy (July 16, 2019), https://perma.cc/MZ4T-J5EW.

DATED: December 1, 2022

          GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Geoffrey Sigler*
       Geoffrey Sigler

Attorney for Defendants UNITED BEHAVIORAL HEALTH and UNITED HEALTHCARE INSURANCE COMPANY

-AND-

PHELPS DUNBAR, LLP

By:   */s/ Errol J. King, Jr.*
       Errol J. King, Jr.

Attorney for Defendant MULTIPLAN, INC.

\* \* \* \* \* \* \* \* \*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED:  December 1, 2022        GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Geoffrey Sigler*
       Geoffrey Sigler