ERROL J. KING, JR. (*admitted pro hac vice*)
  Errol.King@phelps.com
CRAIG L. CAESAR (*admitted pro hac vice*)
  Craig.Caesar@phelps.com
KATHERINE CICARDO MANNINO (*admitted pro hac vice*)
  Katie.Mannino@phelps.com
PHELPS DUNBAR LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone:   225.376.0207
Facsimile:    225.381.9197

*Attorneys for Defendant MultiPlan, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD, DB, BW, RH, and CJ on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED BEHAVIORAL HEALTH, INC., a California Corporation, UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>Defendants. | Case No. 4:20-cv-02254-YGR-JCS<br>(Hon. Yvonne Gonzalez Rogers)<br><br>**DEFENDANT MULTIPLAN, INC.'S EMERGENCY ADMINISTRATIVE MOTION FOR STAY OF DISCOVERY ORDER PENDING REVIEW AND FOR AN ADMINISTRATIVE STAY PENDING DECISION ON MOTION TO STAY**<br><br>Date:      TBD<br>Time:     TBD<br>Ctrm:     1<br>Location: 1301 Clay Street, Oakland, CA<br>Judge:    Hon. Yvonne Gonzalez Rogers |

Pursuant to Local Rule 7-11, Defendant MultiPlan, Inc. ("MultiPlan") hereby moves this Court for an emergency stay of Magistrate Judge Spero's Order of December 2, 2022 (ECF No. 266) ("the December 2nd Order") pending this Court's review. MultiPlan respectfully requests an immediate order granting the stay, or, in the alternative, an administrative stay of the December 2nd Order pending a decision on this motion to stay.

## I.     INTRODUCTION

Plaintiffs contend that MultiPlan failed to justify its assertions of privilege with regard to certain documents withheld from production and described in MultiPlan's revised privilege log. Following numerous meet-and-confer efforts and submissions, on December 2, 2022, Magistrate Judge Spero determined that MultiPlan had waived all attorney-client privilege and work product protection for the documents listed in its revised Privilege Log privilege log, and ordered MultiPlan to produce all of the documents on the log by no later than December 16, 2022.  (ECF No. 266, at p. 33). MultiPlan is disputing this finding, as well as Judge Spero's other adverse determinations on multiple grounds, including his erroneous determination to apply the "fiduciary exception" to the attorney-client privilege claims when MultiPlan has been found not to be an ERISA fiduciary, s*ee In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare*, No. 819CV02075JVSDFMX, 2022 WL 17080378, at *6 (C.D. Cal. Oct. 14, 2022); his application of the "primary purpose" doctrine to MultiPlan's privilege claims when that issue is presently before the United States Supreme Court for review, *see  In re: Grand Jury*, No. 21-1397 (U.S. Sup. Ct.., *cert. granted*, October 3, 2022, *to be argued* January 9, 2023); and his rejection of work product immunity claims for materials prepared for an ongoing, confidential government investigation. These substantive issues, as well as his failure to hold a hearing and allow further supplementation of MultiPlan's support for its claims, permit oral argument, or require plaintiffs to meet their evidentiary burdens, *see United States v. Mett*, 178 F.3d 1058, 1062-66 (9th Cir. 1999), all justify this Court's granting a stay to avoid MultiPlan's losing its privilege and work product immunity without sufficient time for the Court to consider them.

Judge Spero's December 2nd Order addresses hotly disputed legal issues involving the application of the attorney-client privilege and attorney work product protections. MultiPlan is filing

objections to the December 2nd Order pursuant to Federal Rule of Civil Procedure 72 concurrently with this motion for an emergency stay. However, given the December 2nd Order's impending deadline of December 16 to produce certain documents over which MultiPlan claims privilege, this Court's intervention is warranted.[1]

## II.     JUSTIFICATION FOR A STAY

MultiPlan requests an emergency stay of the December 2nd Order to allow for meaningful review of its objections. Absent a stay, MultiPlan will be effectively denied the right to seek relief. That fact alone justifies granting a stay pending review of its Rule 72 objections. *See Alvarez v. Larose*, No. 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020) (granting a stay because denying it "might preclude the district judge's ability to review [movants'] anticipated Rule 72 objection" and "effectively deprive [movants] of their right to reconsideration of the Discovery Order by the district judge altogether"); *see also Gamino v. KPC Healthcare Holdings, Inc.*, 2021 WL 2309972, at *1 (C.D. Cal. May 10, 2021) (granting a stay in part because "absent a stay [movants] would be deprived of any meaningful right to reconsideration of the discovery order by this Court").

A motion to stay the effect of a magistrate judge's order pending Rule 72 objections "is akin to a motion for stay pending appeal." *In re Republic of Ecuador*, 2012 WL 13187177, at *2 (N.D. Cal. Mar. 30, 2012). Therefore, when considering motions to stay the effect of a magistrate judge's non-dispositive order, this Court applies the same four-factor test that applies to a stay of a district court's order pending appellate review. *Id.; see also Alvarez*, 2020 WL 5632659, at *2. Those factors are: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." *Alvarez*, 2020 WL 5632659, at *2.

---

[1] MultiPlan is seeking this Court's intervention directly because this Court will address the December 2nd Order's merits in ruling on MultiPlan's Rule 72 objections, which are being filed concurrently with this emergency motion. The request for a stay and the objections are intertwined, particularly given the short window for complying with the December 2nd Order.

"[I]n the stay context," courts in this circuit adopt a "flexible approach" to the four-factor test, balancing them on a "sliding scale." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). The Court may thus order a stay if there are "serious questions" going to the merits and "the balance of hardships tips sharply in [the movant's] favor." *Id.; see also Apple Inc. v. Samsung Elec. Co.*, 2015 WL 13711858, at *1 (N.D. Cal. Apr. 7, 2015).

That test is easily satisfied here. The balance of hardships overwhelmingly favors a stay. The harm MultiPlan would suffer from complying with the December 2nd Order before review can occur is significant and irreversible. By contrast, the harm to Plaintiffs of staying the December 2nd Order pending review is minimal to none. Similarly, the public interest strongly supports a stay. And MultiPlan's objections to the December 2nd Order raise significant questions going to the heart of the attorney-client privilege's application and the merits of the December 2nd Order.

### A.   *The balance of hardships strongly favors a stay because MultiPlan will suffer irreparable harm if it has to disclose privileged materials.*

There is no denying that MultiPlan will suffer irreparable injury if it is forced to comply with the December 2nd Order. Disclosure of privileged materials and communications is a textbook example of harm that cannot be undone: Once the privileged documents are surrendered, confidentiality is lost forever. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010); *see also Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1088-89 (D.C. Cir. 2017) (finding challenge to subpoena-enforcement order to be moot following disclosure of privileged documents); *In re BankAmerica Corp. Sec. Litig.*, 270 F.3d 639, 641 (8th Cir. 2001) (issuing a writ of mandamus directing vacatur of stayed disclosure order because "an appeal after disclosure of the privileged communication is an inadequate remedy" (internal quotation marks and citation omitted)). Put simply, the status quo could not be restored. The "privilege[] … would be irreparably harmed if the information in question were released prior to an appeal." *Connaught Labs., Inc. v. SmithKline Beecham PLC*, 165 F.3d 1368, 1370 (Fed. Cir. 1999) (cited by Samsung, 2015 WL 13711858, at *1). The magnitude of this injury alone justifies a stay.

What is more, denying MultiPlan the right to seek relief from the December 2nd Order is itself an irreparable harm. *See Samsung*, 2015 WL 13711858, at *1 (characterizing denial of

meaningful right to seek relief of order compelling production of attorney-client privileged material as an irreparable injury for purposes of granting a stay). Indeed, the very "purpose of [a] stay proceeding" "is to preserve critical rights from being lost irretrievably pending objections or to maintain the status quo when a close question of law is involved in [a] nondispositive matter." *Dayco Prod., Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992).

On the other side of the scale, a stay pending review would not cause Plaintiffs significant injury. If MultiPlan is successful in challenging the December 2nd Order, Plaintiffs will suffer no harm at all; they simply will not receive privileged material to which they will have had no right. *See Samsung*, 2015 WL 13711858 at *1; *see also id.* at *2 (noting that Apple did not oppose Samsung's stay motion). And if MultiPlan loses its challenge, Plaintiffs' only injury would be "a short delay," which "'does not constitute substantial harm.'" *Id.* (quoting *United States v. Philip Morris*, 314 F.3d 612, 622 (D.D.C. 2003), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 104 n.1 (2009)). Balanced against the outsized and irreparable harm to MultiPlan absent a stay, the insignificant potential harm to Plaintiffs pales in comparison.

### B.  *The public interest favors a stay.*

As the *Samsung* court recognized, "[t]he attorney-client privilege advances 'broader public interests in the observance of law and administration of justice,'" and those broader interests weigh in favor of staying the disclosure of privileged materials pending review. 2015 WL 13711858 at *2 (quoting *Upjohn Co. v. United States*, 448 U.S. 383, 389 (1981)). "The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn*, 448 U.S. at 389.

Compelled disclosure of privileged information in an order that is contrary to law undermines those public ends by eroding trust in the ability to rely on the privilege. A stay preserves the sanctity of the privilege while its precise—and highly disputed—contours are determined by the presiding judge and, potentially, an appellate court.

### C.  *MultiPlan will likely succeed on the merits of its objections.*

In addition to the overwhelming balance of hardships and public interest favoring a stay, MultiPlan has a strong likelihood of prevailing on the merits. The December 2nd Order presents

important questions of law regarding the scope and application of the attorney-client privilege. As explained in the concurrently-filed Motion for Relief, Magistrate Judge Spero made numerous factual and legal errors in the December 2nd Order, including: (1) that MultiPlan did not comply with Magistrate Judge Spero's prior order dated October 3, 2022 (when in fact it did); (2) that MultiPlan is an ERISA fiduciary (which other courts have found it is not); and (3) that documents created for or in connection with a government investigation are not afforded work product immunity (when in fact they are). (See MultiPlan's concurrently filed Motion for Relief). MultiPlan believes that, for the reasons detailed in the concurrently filed Motion (which it will not repeat here), this Court will grant the Motion and set aside Magistrate Judge Spero's December 2nd Order.

For these reasons, MultiPlan respectfully requests that the Court grant this Emergency Motion and stay Magistrate Judge Spero's December 2nd Order pending this Court's review of MultiPlan's Rule 72 Motion for Relief, or, alternatively, administratively stay Magistrate Judge Spero's December 2nd Order pending a decision on the Emergency Motion.

DATED: December 14, 2022　　　　By:/s/ Craig L. Caesar
　　　　　　　　　　　　　　　　　　　Errol J. King, Jr. (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　Katie C. Mannino (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　Phelps Dunbar LLP
　　　　　　　　　　　　　　　　　　　II City Plaza
　　　　　　　　　　　　　　　　　　　400 Convention Street, Suite 1100
　　　　　　　　　　　　　　　　　　　Baton Rouge, Louisiana 70802
　　　　　　　　　　　　　　　　　　　Telephone: (225) 376-0207
　　　　　　　　　　　　　　　　　　　Fax: (225) 381-9197

　　　　　　　　　　　　　　　　　　　And

　　　　　　　　　　　　　　　　　　　Craig L. Caesar (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　Phelps Dunbar LLP
　　　　　　　　　　　　　　　　　　　365 Canal Street, Suite 2000
　　　　　　　　　　　　　　　　　　　New Orleans, Louisiana 70130
　　　　　　　　　　　　　　　　　　　Telephone: (504) 584-9272
　　　　　　　　　　　　　　　　　　　Fax: (504) 568-9130

　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant, MultiPlan, Inc.*

　　　　　　　　　　　　　　　　　　　Moe Keshavarzi
　　　　　　　　　　　　　　　　　　　David E. Dworsky
　　　　　　　　　　　　　　　　　　　Sheppard Mullin
　　　　　　　　　　　　　　　　　　　333 South Hope Street, 43rd Floor
　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90071
　　　　　　　　　　　　　　　　　　　Telephone: (213) 620-1780
　　　　　　　　　　　　　　　　　　　Fax: (213) 620-1398