| | |
|---|---|
| LAUREN M. BLAS, SBN 296823<br>　lblas@gibsondunn.com<br>NICOLE R. MATTHEWS, SBN 328977<br>　nmatthews@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile:  213.229.7520<br><br>GEOFFREY SIGLER (*pro hac vice*)<br>　gsigler@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>Telephone: 202.887.3752<br>Facsimile:  202.530.9635<br><br>Attorneys for Defendants UNITED BEHAVIORAL HEALTH and UNITEDHEALTHCARE INSURANCE COMPANY | ERROL J. KING, JR. (*pro hac vice*)<br>　errol.king@phelps.com<br>CRAIG L. CAESAR (*pro hac vice*)<br>　craig.caesar@phelps.com<br>KATHERINE C. MANNINO (*pro hac vice*)<br>　katie.mannino@phelps.com<br>TAYLOR J. CROUSILLAC (*pro hac vice*)<br>　taylor.crousillac@phelps.com<br>BRITTANY H. ALEXANDER (*pro hac vice*)<br>　brittany.alexander@phelps.com<br>PHELPS DUNBAR LLP<br>II City Plaza<br>400 Convention Street, Suite 1100<br>Baton Rouge, Louisiana 70802<br>Telephone: (225) 376-0207<br>Fax: (225) 381-9197<br><br>Attorneys for Defendant MULTIPLAN, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH, and CJ, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>　　　　　Defendants. | Case No. 4:20-cv-02254-YGR<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING *WIT V. UNITED BEHAVIORAL HEALTH*** <br><br>Hon. Yvonne Gonzalez Rogers<br><br>Complaint filed: April 2, 2020<br>Third Amended Complaint filed: Sept. 10, 2021 |

The Ninth Circuit's recent decision in *Wit v. United Behavioral Health*, --- F.4th ----, 2023 WL 411441 (9th Cir. Jan. 26, 2023), confirms that class certification should be denied in this case. *First*, the carefully reasoned decision shows that plaintiffs cannot avoid individualized issues and data modeling by framing the relief sought as "reprocessing," rather than seeking benefits directly under ERISA. *Second*, because the Ninth Circuit recognized that reprocessing is not "equitable" relief—but rather part of a legal claim for damages—Plaintiffs would have to base their class action under Federal Rule of Civil Procedure 23(b)(3), rather than (b)(1) and (b)(2). *Third*, the Ninth Circuit ruled that contractual exhaustion requirements—*i.e.*, plan provisions requiring members to exhaust administrative appeals before filing suit under ERISA—are enforceable against class members, not just named plaintiffs, precluding class certification (and retrospective relief) for any class member who did not satisfy those requirements. By contrast, the only claim that survived the Ninth Circuit's ruling in *Wit*—a prospective claim for injunctive relief based on alleged fiduciary breaches arising from state mandates—is not present here. As explained below and in Defendants' opposition brief (ECF No. 205), no class can be certified for these and other reasons.

**A.   "Reprocessing" Cannot Be Used to Avoid Individualized Issues In An ERISA Class Action.**

The Ninth Circuit's rehearing decision confirmed that "reprocessing" cannot be used to avoid individualized issues in an ERISA class action. Here, as in *Wit*, Plaintiffs have alleged that putative class members are owed benefits on a class-wide basis. But proving this with evidence, on a class-wide basis, would implicate numerous individualized issues—*e.g.*, widely-varying plan terms governing the dispute, unknown impacts of any alternative "UCR" data source or calculation on putative class members (some positive, some negative, some none at all), assignments of benefits to non-party providers, failure to exhaust administrative remedies, and many other issues addressed in Defendants' opposition brief. Plaintiffs' response to many of these issues has been to argue these issues may be deferred to a "reprocessing"—*i.e.*, that this Court could certify the class, order Defendants to "reprocess" the class's claims, and then Defendants (or an unidentified third party) could work through these individualized issues as part of the reprocessing. *E.g.*, ECF No. 171 at 21.

The Ninth Circuit's decision conclusively rejects this approach. *Wit*, 2023 WL 411441 at \*9. Under ERISA, reprocessing is not itself a remedy; rather, it "is a *means* to the ultimate remedy," namely, monetary relief and benefits. *Id.* at \*8. Plaintiffs can seek these remedies under the terms of their plans, under Section 502(a)(1)(B). In appropriate cases, reprocessing (or remand) may be available as an interim step in an individual plaintiff's claim for benefits, but before any reprocessing the plaintiff needs to "show that she may be entitled to a positive benefits determination if outstanding factual determinations were resolved in her favor." *Id*. Here, as in *Wit*, Plaintiffs cannot make this showing on a class-wide basis, because proving an entitlement to benefits would implicate "numerous individualized questions" that Plaintiffs have sought to avoid by seeking reprocessing. *Id.* Certifying a reprocessing class in these circumstances would violate the Rules Enabling Act by "modify[ing] [members'] ERISA rights to obtain the benefits of proceeding as a class action." *Id.* at \*9 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011)). Plaintiffs likewise cannot avoid individualized issues by framing their "denial-of-benefits claims as seeking a procedural remedy only," such as fair or proper processing of their claims. *Id.* at \*8.

At the recent hearing, Plaintiffs attempted to distinguish *Wit* on the basis that it involved complete denials, as opposed to alleged underpayments, but that distinction is immaterial to the Ninth Circuit's reasoning and the issues presented here. Regardless of the basis of their claim, "reprocessing" is only available as part of a claim for benefits, and only upon an affirmative showing that reprocessing "may" result in a "positive benefits determination"—*i.e.*, greater benefits. *Wit*, 2023 WL 411441 at \*8. If anything, the obstacles to certification of a class seeking reprocessing are *greater* in the context of an underpayment claim because there has been no denial of benefits and Plaintiffs cannot establish an Article III injury unless they were actually underpaid. Throughout this case, Plaintiffs have argued that reprocessing is the primary relief they seek on a class-wide basis. ECF No. 171 at 21. Plaintiffs' commitment to this reprocessing theory is also reflected in their evidentiary submissions, which do not include any class-wide model or evidence by which Plaintiffs can prove injury/underpayments, or other essential elements of their claims. Under *Wit*, class certification should be denied.

B.      *Wit* Precludes Any Attempt To Seek "Equitable" Relief Under Section 502(a)(3) or Rules 23(b)(1) or (b)(2).

*Wit*'s discussion of reprocessing precludes class certification for an additional reason: It undercuts Plaintiffs' reliance on Rule 23(b)(1) and (b)(2). Plaintiffs' request for certification under those subsections is premised entirely on prospective injunctive relief and reprocessing. ECF No. 171 at 21-23. But as explained in Defendants' opposition to class certification and at the recent hearing, Plaintiffs lack standing or any viable claim for injunctive relief. ECF No. 205 at 29-30. "Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina,* 199 F.3d 1037, 1045 (9th Cir. 1999). "'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). And the named Plaintiffs here have no risk of future injury because their plans are not administered by United or do not use Viant, and Plaintiffs have not demonstrated intent to seek IOP in the future. ECF No. 205 at 29. Plaintiffs are thus left with their request for reprocessing. But *Wit* makes clear that claims for reprocessing must proceed through Rule 23(b)(3)—which Plaintiffs cannot satisfy—not through Rule 23(b)(1) or (b)(2).

In *Wit*, as here, the plaintiffs brought claims under ERISA Sections 502(a)(1)(B) (a claim for benefits) and 502(a)(3) (a claim for breach of fiduciary duty seeking injunctive or other equitable relief). The Ninth Circuit not only rejected a reprocessing class in a claim for benefits under Section 502(a)(1)(B), but it also rejected any attempt to characterize reprocessing as "appropriate equitable relief" that may be sought under Section 502(a)(3). This is because reprocessing is not "relief that was typically available in equity," which is the controlling principle in applying Section 502(a)(3). *Wit*, 2023 WL 411441 at *9; *see Castillo v. Metro. Life Ins. Co.*, 970 F.3d 1224, 1228-29 (9th Cir. 2020) (equitable relief sought in breach of fiduciary duty claim under § 1132(a)(3) must be of the kind "typically available in equity"). The Ninth Circuit allowed the plaintiffs' separate breach of fiduciary duty claims to remain certified, but those claims were limited to declaratory and injunctive relief; and the Ninth Circuit rejected the main theory of liability on the merits, so the claims were further limited to a small class that alleged breaches of mandates in four states. *See Wit*, 2023 WL 411441, at *4, *12.

*Wit*'s reasoning makes clear that reprocessing cannot be considered "injunctive" relief under Rule 23(b)(2). *Wit* also overruled many of the cases cited by Plaintiffs in support of Rule 23(b)(2) certification under a reprocessing theory. For example, Plaintiffs argue that *Des Roches v. California Physicians Service* "rejected" Defendants' argument that reprocessing is not final injunctive relief and instead held that a "reprocessing injunction meets the requirements of Rule 23(b)(2)" and "would not require the Court to engage in individual determinations of class members' claims." ECF No. 250 at 17 (quoting *Des Roches v. Cal. Physicians Serv.*, 320 F.R.D. 486, 510 (N.D. Cal. 2017)). But *Des Roches* relied on the now-reversed trial court decisions in *Wit*, *Des Roches*, 320 F.R.D. at 510, and the Ninth Circuit's reasoning now shows that reprocessing cannot be considered injunctive relief under Rule 23(b)(2), *Wit*, 2023 WL 411441, at *8, so *Des Roches* has been overruled. The same is true of *Kazda v. Aetna Life Insurance Co.*, 2022 WL 1225032 (N.D. Cal. Apr. 26, 2022) and *Jones v. United Behavioral Health*, 2021 WL 1318679 (Mar. 11, 2021).

Accordingly, Plaintiffs are required to satisfy the "greater procedural protections" of Rule 23(b)(3), including predominance. *Dukes*, 564 U.S. at 362. Plaintiffs have not satisfied this standard, for the reasons more fully discussed in Defendants' opposition brief. *See* ECF No. 205 at 35. Indeed, Plaintiffs' expert *admitted* that the potential monetary relief owed to each putative class member is an "individual issue." ECF No. 168-1, Ex. Z ¶ 54.

The Ninth Circuit in *Wit* held that it was an abuse of discretion to certify the denial-of-benefits claims because they were premised on reprocessing as an appropriate classwide remedy. *Id.* at *9. To the extent that Plaintiffs seek to travel the same path here for their denial of benefits and breach of fiduciary duty claims, certification must be denied.

**C.   Whether Class Members Exhausted Their Administrative Appeals Is Not Capable of Classwide Resolution.**

*Wit* also independently supports Defendants' argument that exhaustion requirements preclude class certification of the ERISA claims, because *all* putative class members—not just named plaintiffs—need to satisfy contractual exhaustion requirements contained in their plans. *See* ECF No. 205 at 21. "When an ERISA plan . . . explicitly mandates exhaustion of [administrative] procedures before bringing suit in federal court and, importantly, provides no exceptions," these judicially created

exceptions "conflict with the written terms of the plan." *Wit*, 2023 WL 411441 at *12. Therefore, if exhaustion of administrative review "is a contractual limitation," a court cannot "excus[e] all absent class members' failure to exhaust." *Id.* Otherwise, a court abridges the "affirmative defense of failure to exhaust and expand[s] many absent class members' rights to seek judicial remedies," in violation of the Rules Enabling Act. *Id.* Applying these principles, the Ninth Circuit held it was error for the district court to excuse the failure of absent class members to exhaust their administrative remedies under their plans. *Id.*

As the evidence shows, many of the plans in this case include contractual exhaustion requirements that class members would need to satisfy before they could obtain any relief—and many putative class members have not satisfied these requirements. *See* ECF No. 206-1, Ex. 2 at *39 (example filed under seal). Determining which plans require exhaustion,[1] and which members have met this requirement, would require individualized analysis—and Plaintiffs have not identified means to do this on a classwide basis. Plaintiffs' central argument was to argue that this requirement should be waived for absent class members, ECF No. 250 at 10, but the Ninth Circuit has conclusively rejected that argument. *Wit*, 2023 WL 411441 at *12.

Dated:  February 6, 2023

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Geoffrey Sigler*
Geoffrey Sigler

*Attorneys for Defendants UnitedHealthcare Insurance Company and United Behavioral Health*

---

[1] Some plans mandate administrative exhaustion of denial of benefits claims before filing suit. *E.g.*, ECF No. 206-1, Ex. 1 at 11, Ex. 4 at 12; ECF No. 250-20 at 106. Others mandate administrative exhaustion for a broader set of claims, such as misappropriation of funds or any claim against the plan. *E.g.*, ECF No. 250-18 at 80-81; ECF No. 250-19 at 100-02. Plaintiffs may have arguments that some plans do not require exhaustion of certain claims, but this would be a plan-specific inquiry.

-AND-

PHELPS DUNBAR, LLP

By:    */s/ Errol J. King, Jr.*
        Errol J. King, Jr.

*Attorney for Defendant MULTIPLAN, INC*

**ATTESTATION PURSUANT TO LOCAL RULE 5-1**

I, Geoffrey Sigler, am the ECF user whose identification and password are being used to file this document.  Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories hereto.

Dated: February 6, 2023

                                            */s/ Geoffrey Sigler*

                                            Geoffrey Sigler