1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11   LD, DB, BW, RH, and CJ, on behalf of        Case No.: 4:20-cv-02254-YGR
     themselves and all others similarly situated,
12
                                                  **DEFENDANTS' OMNIBUS [PROPOSED]**
13            Plaintiffs,                         **ORDER RE ADMINISTRATIVE**
                                                  **MOTIONS TO FILE UNDER SEAL [176],**
14        v.                                      **[177], [215], [227], [242], [AND [265]**

15   UNITED HEALTHCARE INSURANCE
     COMPANY, a Connecticut Corporation,
16   UNITED BEHAVIORAL HEALTH, a
     California Corporation, and MULTIPLAN,
17   INC., a New York Corporation,

18            Defendants.

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

# OMNIBUS [PROPOSED] ORDER

The Court, having considered Defendants United Healthcare Insurance Company's and United Behavioral Health's (collectively "United Defendants") and Defendant MultiPlan, Inc. (together, "Defendants") Administrative Motions to File Under Seal and supporting documents at ECF Nos. 176, 177, 215, 227, 242, and 265, and Plaintiffs' non-opposition to the sealing of certain documents as detailed at ECF Nos. 170, 229, 251, and 263 thereby **GRANTS** Defendants' request and orders the following documents **SEALED** as described below.[1]

In particular, the Court **ORDERS** as follows:

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Plaintiffs' Exhibit A, Methodology document titled "Behavioral Outpatient Health – Standard Missing Value Approach" | Internal document from 2015, kept confidential within MultiPlan, that provides information concerning the process by which MultiPlan supplies missing values that are required to price outpatient claims. This particular document is focused on behavioral outpatient claims. The methodology it sets forth is proprietary to MultiPlan; public disclosure would allow others to copy MultiPlan's approach, to its detriment (Crandell Decl. (Dkt. 176-2) ¶ 9). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is | |

---

[1] All documents in this Omnibus [Proposed] Order are less than three years old unless otherwise indicated.

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | consistent with current practices. | |
| Plaintiffs' Exhibit B, Methodology document titled "Viant Facility U&C Review Outpatient Review (OPR) Module, September 2018" | Document describing and explaining MultiPlan's proprietary Viant OPR product design and repricing methodology. It contains specific, step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant product and methodology, as well as an explanation of how the methodology was developed and how it works. It also contains line-level details of sample Viant claims reimbursement recommendation calculations, which information, if disclosed, could be used by MultiPlan's competitors to "reverse engineer" MultiPlan's proprietary Viant OPR methodology (Crandell Decl. (Dkt. 176-2) ¶ 10). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Plaintiffs' Exhibit D, summary excerpts from transcripts of verification of benefit calls | Document contains names of members of putative class (PII) (Blas Decl. (Dkt. 177) ¶ 5). | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| produced by United (Dkt. 171-4), pp. 1-6 | | |
| Plaintiffs' Exhibit E, UHC000197899 (Dkt. 171-5) | Document contains proprietary information regarding UHC's out-of-network programs' operations and procedures (Category 4—Paradise Decl. (Dkt. 177-19) ¶ 12). | |
| Plaintiffs' Exhibit F, excerpts of Rule 30(b)(6) deposition of Rebecca Paradise (Dkt. 171-6), 106:11-19 | Deposition testimony regarding calculation of fees paid by UHC to third-party vendor reflecting proprietary and competitively sensitive information for current programs and operations (Category 1— Paradise Decl. (Dkt. 177-19) ¶ 6). | |
| Plaintiffs' Exhibit F, excerpts of Rule 30(b)(6) deposition of Rebecca Paradise (Dkt. 171-6), 106:21-107:25 | Deposition testimony regarding calculation of fees paid by UHC to third-party vendor reflecting proprietary and competitively sensitive information for current programs and operations (Category 1— Paradise Decl. (Dkt. 177-19) ¶ 6). | |
| Plaintiffs' Exhibit F, excerpts of Rule 30(b)(6) deposition of Rebecca Paradise (Dkt. 171-6), 121:1-122:10 | Deposition testimony regarding calculation of fees paid by UHC to third-party vendor reflecting proprietary and competitively sensitive information for current programs and operations (Category 1— Paradise Decl. (Dkt. 177-19) ¶ 6). | |
| Plaintiffs' Exhibit F, excerpts of Rule 30(b)(6) deposition of Rebecca Paradise (Dkt. 171-6), 129: 2-11 | Deposition testimony regarding calculation of fees paid by UHC to third-party vendor (Category 1— Paradise Decl. (Dkt. 177-19) ¶ 6). | |
| Plaintiffs' Exhibit F, excerpts of Rule 30(b)(6) deposition of | Deposition testimony regarding calculation of fees paid by | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Rebecca Paradise (Dkt. 171-6), 129:14-21 | UHC to third-party vendor reflecting proprietary and competitively sensitive information for current programs and operations (Category 1— Paradise Decl. (Dkt. 177-19) ¶ 6). | |
| Plaintiffs' Exhibit G, summary excerpts from IBAAG screenshots produced by United (Dkt. 171-7), p. 1 | Internal document containing commercially sensitive information regarding out-of-network programs for specific plan sponsors (Category 6—*see generally* Schneewind Decl. (Dkt. 177-40); Paradise Decl. (Dkt. 177-19) ¶ 8). | |
| Plaintiffs' Exhibit G, summary excerpts from IBAAG screenshots produced by United (Dkt. 171-7), p. 3 | Internal document containing commercially sensitive information regarding out-of-network programs for specific plan sponsors (Category 6—*see generally* Schneewind Decl. (Dkt. 177-40); Paradise Decl. (Dkt. 177-19) ¶ 8). | |
| Plaintiffs' Exhibit G, summary excerpts from IBAAG screenshots produced by United (Dkt. 171-7), p. 4 | Internal document containing commercially sensitive information regarding out-of-network programs for specific plan sponsors (Category 6—*see generally* Schneewind Decl. (Dkt. 177-40); Paradise Decl. (Dkt. 177-19) ¶ 8). | |
| Plaintiffs' Exhibit G, summary excerpts from IBAAG screenshots produced by United (Dkt. 171-7), p. 6 | Internal document containing commercially sensitive information regarding out-of-network programs for specific plan sponsors (Category 6—*see generally* Schneewind Decl. (Dkt. 177-40); Paradise Decl. (Dkt. 177-19) ¶ 8). | |
| Plaintiffs' Exhibit G, summary excerpts from IBAAG screenshots produced by United (Dkt. 171-7), p. 8 | Internal document containing commercially sensitive information regarding out-of-network programs for specific | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | plan sponsors (Category 6—*see generally* Schneewind Decl. (Dkt. 177-40); Paradise Decl. (Dkt. 177-19) ¶ 8). | |
| Plaintiffs' Exhibit G, summary excerpts from IBAAG screenshots produced by United (Dkt. 171-7), p. 9 | Internal document containing commercially sensitive information regarding out-of-network programs for specific plan sponsors (Category 6—*see generally* Schneewind Decl. (Dkt. 177-40); Paradise Decl. (Dkt. 177-19) ¶ 8). | |
| Plaintiffs' Exhibit G, summary excerpts from IBAAG screenshots produced by United (Dkt. 171-7), p. 10 | Internal document containing commercially sensitive information regarding out-of-network programs for specific plan sponsors (Category 6—*see generally* Schneewind Decl. (Dkt. 177-40); Paradise Decl. (Dkt. 177-19) ¶ 8). | |
| Plaintiffs' Exhibit H, UHC000131784 (Dkt. 171-8), UHC000131783-84 | Internal discussion regarding out of network program commercially sensitive and proprietary features (Category 4—Paradise Decl. (Dkt. 177-19) ¶ 11). | |
| Plaintiffs' Exhibit H, UHC000131784 (Dkt. 171-8), UHC000131786-89 | Internal discussion regarding out of network program commercially sensitive and proprietary features (Category 4—Paradise Decl. (Dkt. 177-19) ¶ 11). | |
| Plaintiffs' Exhibit I, excerpts of the deposition of Creyna Franco (Dkt. 171-9), 46:8-10 | Document contains names of members of putative class (PII) (Blas Decl. (Dkt. 177) ¶ 5). | |
| Plaintiffs' Exhibit I, excerpts of the deposition of Creyna Franco (Dkt. 171-9), 46:13 | Document contains names of members of putative class (PII) (Blas Decl. (Dkt. 177) ¶ 5). | |
| Plaintiffs' Exhibit J, excerpts of the deposition of Radames Lopez (Dkt. 171-10), 91: 11-18 | Document contains commercially sensitive information regarding United's internal discussions about out- | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | of-network programs (Category 4—Paradise Decl. (Dkt. 177-19) ¶ 11). | |
| Plaintiffs' Exhibit J, excerpts of the deposition of Radames Lopez (Dkt. 171-10), 91: 21-92:17 | Document contains commercially sensitive information regarding United's internal discussions about out-of-network programs (Category 4—Paradise Decl. (Dkt. 177-19) ¶ 11). | |
| Plaintiffs' Exhibit J, excerpts of the deposition of Radames Lopez (Dkt. 171-10), 212:1-25 | Document contains commercially sensitive information regarding United's internal discussions about out-of-network programs (Category 4—Paradise Decl. (Dkt. 177-19) ¶ 11). | |
| Plaintiffs' Exhibit J, excerpts of the deposition of Radames Lopez (Dkt. 171-10), 225: 13-19 | Document contains commercially sensitive information regarding United's internal discussions about out-of-network programs (Category 4—Paradise Decl. (Dkt. 177-19) ¶ 11). | |
| Plaintiffs' Exhibit K, excerpts of the deposition of Jolene Bradley (Dkt. 171-11), 167: 7 | Deposition testimony discussing PII (Blas Decl. (Dkt. 177) ¶ 5). | |
| Plaintiffs' Exhibit M, Excerpts from the July 14, 2022 deposition of MultiPlan's Vice President of Healthcare Economics, Sean Crandell. | Public disclosure of the information set forth in the excerpts will cause MultiPlan financial and competitive harm (Crandell Decl. (Dkt. 176-2) ¶ 15). | |
| Plaintiffs' Exhibit M, excerpts of the deposition of Sean Crandell (Dkt. 171-13), 90:20-91:12 | Deposition testimony regarding calculation of fees paid to UHC by plan sponsors and reflecting competitively sensitive and proprietary information (Category 3—Paradise Decl. (Dkt. 177-19) ¶¶ 5, 7). | |
| Plaintiffs' Exhibit M, excerpts of the deposition of Sean | Deposition testimony regarding calculation of fees paid to UHC | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Crandell (Dkt. 171-13), 91:14-16 | by plan sponsors and reflecting competitively sensitive and proprietary information (Category 3— Paradise Decl. (Dkt. 177-19) ¶¶ 5, 7). | |
| Plaintiffs' Exhibit N, UHC000007268 (Dkt. 171-14) | Contains Administrative Services Agreement between United HealthCare Insurance Company and a plan sponsor, which reflects sensitive and proprietary information (Category 6—Schneewind Decl. (Dkt. 177-40) ¶ 4). | |
| Plaintiffs' Exhibit O, UHC000091544 (Dkt. 171-15), UHC000091544-1546 | Internal discussion regarding the proper pricing for specific claims and reflecting sensitive and proprietary information (Category 2—Paradise Decl. (Dkt. 177-19) ¶¶ 10, 11) and PII (Blas Decl. (Dkt. 177) ¶ 5). | |
| Plaintiffs' Exhibit O, UHC000091544 (Dkt. 171-15), UHC00009157 | Internal discussion regarding the proper pricing for specific claims and reflecting sensitive and proprietary information (Category 2—Paradise Decl. (Dkt. 177-19) ¶¶ 10, 11) and PII (Blas Decl. (Dkt. 177) ¶ 5). | |
| Plaintiffs' Exhibit P, composite explanations of benefits produced by United (Dkt. 171-16) | Document contains names of members of putative class (PII) (Blas Decl. (Dkt. 177) ¶ 5). | |
| Plaintiffs' Exhibit Q, composite provider remittance advices produced by United (Dkt. 171-17) | Document contains names of members of putative class (PII) (Blas Decl. (Dkt. 177) ¶ 5). | |
| Plaintiffs' Exhibit R, composite explanations of methodology produced by United and MultiPlan (Dkt. 171-18) | Document contains names of members of putative class (PII) (Blas Decl. (Dkt. 177) ¶ 5). | |
| Plaintiffs' Exhibit S, Excerpts from the July 12, 2022 deposition of MultiPlan's | Public disclosure of the information set forth in the excerpts will cause MultiPlan | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Senior Vice President of Sales and Account Management, Jacqueline Kienzle | financial and competitive harm (Crandell Decl. (176-2) ¶ 15). | |
| Plaintiffs' Exhibit T, UHC0009435 (Dkt. 171-20), MPl-0009434-440 | Internal commercially sensitive discussion regarding UHC's out-of-network offerings to plan sponsors (Category 5—Paradise Decl. (Dkt. 177-19) ¶ 8; Category 6—Schneewind Decl. (Dkt. 177-40) ¶ 4). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Plaintiffs' Exhibit U, UHC00091861 (Dkt. 171-21), UHC000091861-862 | Internal discussion regarding communications with plan sponsors and reflecting commercially sensitive information (Category 2—Paradise Decl. (Dkt. 177-19) ¶¶ 10, 11). | |
| Plaintiffs' Exhibit V, Internal MultiPlan e-mail discussing proprietary pricing issues and potential solutions to the same | Internal MultiPlan e-mail that sets forth a proposed crosswalk to allow local pricing for behavioral health claims, and the potential impact of adopting the same. The information set forth in this e-mail is proprietary to MultiPlan; public disclosure would allow others to copy MultiPlan's approach, to its detriment (Crandell Decl. (176-2) ¶ 13). | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Plaintiffs' Exhibit W, Expert Report of Robert L. Ohsfeldt, PhD | This report is replete with details of MultiPlan's Viant OPR methodology and relies on other documents that MultiPlan seeks to keep sealed (including, it appears, Plaintiffs' Exhibit B and M). For the same reasons that Exhibits B and M should remain under seal, so too should this document. Public disclosure of the details set forth in this report, as well as the opinions regarding those details, would harm MultiPlan if its competitors or its clients obtained access to the same (Crandell Decl. ¶ 14) (ECF 176-2) | |
| Plaintiffs' Exhibit Y, UHC000178695 (Dkt. 171-25), UHC000178693-700 | Internal commercially sensitive discussion regarding UHC's out-of-network offerings to plan sponsors (Category 4—Paradise Decl. (Dkt. 177-19) ¶ 11). | |
| Plaintiffs' Exhibit AB, UHC00008889 (Dkt. 171-28), UHC000008889-891 | Internal discussion regarding communications with treatment providers and reflecting commercially sensitive and proprietary information (Category 2—Paradise Decl. (Dkt. 177-19) ¶ 10) and out of network program design | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | (Category 4—Paradise Decl. (Dkt. 177-19) ¶ 11). | |
| Plaintiffs' Notice of Plaintiffs' Notice of Motion, Motion, and Memorandum of Points and Authorities In Support of Motion for Class Certification, 2:26-28 | Contains and discusses information designated Confidential and Confidential – Attorneys' Eyes Only by MultiPlan; discussing and quoting from Exhibit A. See bases for Exhibit A, addressed herein. | |
| Plaintiffs' Notice of Motion, Motion, and Memorandum of Points and Authorities In Support of Motion for Class Certification, 4:15-16 | References internal discussion regarding communications on behalf of members of United-administered plans about commercially sensitive and proprietary information (Category 2—Paradise Decl. (Dkt. 177-19) ¶ 10). | |
| Plaintiffs' Notice of Motion, Motion, and Memorandum of Points and Authorities In Support of Motion for Class Certification, 5: fn.5 | References commercially sensitive internal discussion regarding the proper pricing for specific claims (Category 1—Paradise Decl. (Dkt. 177-19) ¶ 5). | |
| Plaintiffs' Notice of Motion, Motion, and Memorandum of Points and Authorities In Support of Motion for Class Certification, 6: fn.7 | References internal discussion regarding communications with plan sponsors about proprietary and commercially sensitive information (Category 2—Paradise Decl. (Dkt. 177-19) ¶ 10). | |
| Plaintiffs' Notice of Motion, Motion, and Memorandum of Points and Authorities In Support of Motion for Class Certification, 7:17-19 | Contains and discusses information designated Confidential and Confidential – Attorneys' Eyes Only by MultiPlan; discussing and citing to testimony from Exh. M. and quoting Exhs. V and W. See bases for Exhibits M, V, and W, addressed herein. | |
| Plaintiffs' Notice of Motion, Motion, and Memorandum of Points and Authorities In | Contains and discusses information designated Confidential and Confidential – | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Support of Motion for Class Certification, 7:27-28 | Attorneys' Eyes Only by MultiPlan; discussing and citing to testimony from Exh. M. and quoting Exhs. V and W. See bases for Exhibits M, V, and W, addressed herein. | |
| Plaintiffs' Notice of Motion, Motion, and Memorandum of Points and Authorities In Support of Motion for Class Certification, 8:2-11 | Contains and discusses information designated Confidential and Confidential – Attorneys' Eyes Only by MultiPlan; discussing and citing from Exhs. M, S, V, and W. See bases for Exhibits M, S, V, and W, addressed herein. | |
| Plaintiffs' Notice of Motion, Motion, and Memorandum of Points and Authorities In Support of Motion for Class Certification, 8:14-20 | Contains and discusses information designated Confidential and Confidential – Attorneys' Eyes Only by MultiPlan; discussing and citing from Exh. W. See bases for Exhibit W, addressed herein. | |
| Plaintiffs' Notice of Motion, Motion, and Memorandum of Points and Authorities In Support of Motion for Class Certification, 8:25-27 | Contains and discusses information designated Confidential and Confidential – Attorneys' Eyes Only by MultiPlan; discussing and citing from Exh. V. See basis for Exhibit V, addressed herein. | |
| Plaintiffs' Notice of Motion, Motion, and Memorandum of Points and Authorities In Support of Motion for Class Certification, 9: fn.11. | Contains commercially sensitive and specific information regarding calculation of fees paid by UHC to third-party vendor (Categories 1 and 4— Paradise Decl. (Dkt. 177-19) ¶¶ 6, 11).<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | this document is more than 3 years old, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Plaintiffs' Notice of Motion, Motion and Memorandum of Points and Authorities In Support of Motion for Class Certification, 9: fn.12 | References deposition testimony regarding internal discussions of commercially sensitive and proprietary out-of-network programs (Category 2— Paradise Decl. (Dkt. 177-19) ¶ 10; and Category 3— Paradise Decl. (Dkt. 177-19) ¶ 5). | |
| Plaintiffs' Notice of Motion, Motion, and Memorandum of Points and Authorities In Support of Motion for Class Certification, 18: fn.14 | References internal commercially sensitive discussion regarding UHC's out-of-network offerings to plan sponsors (Category 5— Paradise Decl. (Dkt. 177-19) ¶ 8; and Category 6— Schneewind Decl. (Dkt. 177-40) ¶ 4)<br><br>Further, the information contained in the documents referenced therein continues to be proprietary and confidential. While the date of the referenced documents are more than 3 years old, the documents as a whole remain relevant and reflect and are consistent with current practices. | |
| Plaintiffs' Notice of Motion, Motion, and Memorandum of Points and Authorities In Support of Motion for Class Certification, 19: fn.15 | References internal commercially sensitive discussion regarding UHC's out-of-network offerings to plan sponsors (Category 5— Paradise Decl. (Dkt. 177-19) ¶ 8; and Category 6— Schneewind Decl. (Dkt. 177-40) ¶ 4). | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Exhibit 48 to the Declaration of Jeff Schneewind, excerpts from the ASA between UHC and Apple Computer, Inc and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information (Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5).<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and operative. | |
| Exhibit 49 to the Declaration of Jeff Schneewind, excerpts from the ASA between UHC and Cisco Systems, Inc. and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information (Second Schneewind Decl. (Dkt. 215-3) ¶¶ 4-6).<br><br>Further, the information contained in this document continues to be proprietary and | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and operative. | |
| Exhibit 50 to the Declaration of Jeff Schneewind, excerpts from the ASA between UHC and Delta Air Lines, Inc. and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information (Second Schneewind Decl. (Dkt. 215-3) ¶¶ 4-6).<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and operative. | |
| Exhibit 51 to the Declaration of Jeff Schneewind, excerpts from the ASA between UHC and General Dynamics Corporation and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information (Second Schneewind Decl. (Dkt. 215-3) ¶¶ 4-6).<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | whole remains relevant and operative. | |
| Exhibit 52 to the Declaration of Jeff Schneewind, excerpts from the ASA between UHC and JP Morgan Chase Bank, N.A., and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information (Second Schneewind Decl. (Dkt. 215-3) ¶¶ 4-6).<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and operative. | |
| Exhibit 53 to the Declaration of Jeff Schneewind, excerpts from the ASA between UHC and McMaster-Carr Supply Company and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information (Second Schneewind Decl. (Dkt. 215-3) ¶¶ 4-6).<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and operative. | |
| Exhibit 54 to the Declaration of Jeff Schneewind, excerpts from | Contains confidential Administrative Services | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| the ASA between UHC and Nestle USA, Inc. and subsequent amendments. | Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information (Second Schneewind Decl. (Dkt. 215-3) ¶¶ 4-6).<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and operative. | |
| Exhibit 55 to the Declaration of Jeff Schneewind, excerpts from the ASA between UHC and Oracle Corporation and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information (Second Schneewind Decl. (Dkt. 215-3) ¶¶ 4-6).<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and operative. | |
| Exhibit 56 to the Declaration of Jeff Schneewind, excerpts from the ASA between UHC and Raytheon Company and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information (Second | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | Schneewind Decl. (Dkt. 215-3) ¶¶ 4-6). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and operative. | |
| Exhibit 57 to the Declaration of Jeff Schneewind, excerpts from the ASA between UHC and Tesla, Inc. and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information (Second Schneewind Decl. (Dkt. 215-3) ¶¶ 4-6). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and consistent with present practices. | |
| Exhibit 70 to the Declaration of Rebecca Paradise, communications to UHC plan sponsor account teams. | Contains commercially sensitive information regarding United's internal discussions about out-of-network programs (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 71 to the Declaration of Rebecca Paradise, communications to UHC plan sponsor account teams. | Contains commercially sensitive information regarding United's internal discussions about out-of-network programs (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 72 to the Declaration of Rebecca Paradise, example of a PAD letter. | Contains protected health information (PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 73 to the Declaration of Rebecca Paradise, excerpt from UHC's Performance Summary for Facility R&C for 2020. | Contains proprietary information regarding UHC's out of-network programs' operations, performance, and procedures (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 101 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of Volume I of the deposition of Rebecca Paradise as Rule 30(b)(6) designee for UnitedHealthcare taken in this matter on July 13, 2022, at 106:17-108:10. | Contains commercially sensitive information about fee arrangements with UHC customers and vendors (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4). | |
| Exhibit 101 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of Volume I of the deposition of Rebecca Paradise as Rule 30(b)(6) designee for UnitedHealthcare taken in this matter on July 13, 2022, at 121:1-122:5. | Contains commercially sensitive information about fee arrangements with UHC customers and vendors (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 101 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of Volume I of the deposition of Rebecca Paradise as Rule 30(b)(6) designee for UnitedHealthcare taken in this matter on July 13, 2022, at 122:9-10. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 101 to the Declaration of Geoffrey Sigler, excerpts | Contains information about fee arrangements with UHC customers and vendors | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| from the certified transcript of Volume I of the deposition of Rebecca Paradise as Rule 30(b)(6) designee for UnitedHealthcare taken in this matter on July 13, 2022, at 122:21-22. | (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 101 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of Volume I of the deposition of Rebecca Paradise as Rule 30(b)(6) designee for UnitedHealthcare taken in this matter on July 13, 2022, at 124:1-13. | Contains information about fee arrangements with UHC customers and vendors (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 101 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of Volume I of the deposition of Rebecca Paradise as Rule 30(b)(6) designee for UnitedHealthcare taken in this matter on July 13, 2022, at 125:5-7. | Contains information about fee arrangements with UHC customers and vendors (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 101 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of Volume I of the deposition of Rebecca Paradise as Rule 30(b)(6) designee for UnitedHealthcare taken in this matter on July 13, 2022, at 125:10-16. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 101 to the Declaration of Geoffrey Sigler, excerpts | Contains commerically sensitive information about fee | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| from the certified transcript of Volume I of the deposition of Rebecca Paradise as Rule 30(b)(6) designee for UnitedHealthcare taken in this matter on July 13, 2022, at 151:25-152:5. | arrangements with UHC customers and vendors (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4). | |
| Exhibit 101 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of Volume I of the deposition of Rebecca Paradise as Rule 30(b)(6) designee for UnitedHealthcare taken in this matter on July 13, 2022, at 152:10-12. | Contains information about fee arrangements with UHC customers and vendors (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 103 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Rebecca Paradise in her individual capacity pursuant to Rule 30(b)(1), taken in this matter on July 14, 2022, at 11:2-6. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 103 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Rebecca Paradise in her individual capacity pursuant to Rule 30(b)(1), taken in this matter on July 14, 2022, at 11:8-13:9. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 103 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Rebecca Paradise in her individual capacity pursuant to Rule 30(b)(1), taken in this matter on July 14, 2022, at 13:12-14. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 103 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Rebecca Paradise in her individual capacity pursuant to Rule 30(b)(1), taken in this matter on July 14, 2022, at 13:16-25. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 103 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Rebecca Paradise in her individual capacity pursuant to Rule 30(b)(1), taken in this matter on July 14, 2022, at 14:2-10. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 103 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Rebecca Paradise in her individual capacity pursuant to Rule 30(b)(1), taken in this matter on July 14, 2022, at 14:12-15:18. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 103 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Rebecca Paradise in her individual capacity pursuant to Rule 30(b)(1), taken in this matter on July 14, 2022, at 80:13-82:14. | Contains information about fee arrangements with UHC customers and vendors (Category 1, Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 103 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Rebecca Paradise in her individual capacity pursuant to Rule | Contains information about fee arrangements with UHC customers and vendors (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| 30(b)(1), taken in this matter on July 14, 2022, at 82:16-25. | internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 105 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Jolene Bradley taken in this matter on June 28, 2022, at 229:20-230:12. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 106 to the Declaration of Geoffrey Sigler, document introduced as Exhibit 6 to the deposition of Jolene Bradley. | Contains information about fee arrangements with UHC customers (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5).

Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Exhibit 108 to the Declaration of Geoffrey Sigler, document introduced as Exhibit 15 to the deposition of Denise Strait. | Contains information regarding medical services obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 10:18-19. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 65:6-8. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 65:10. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 134:1-4. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 134:20-24. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 135:1-3. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts | Contains commercially sensitive information regarding United's internal | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 135:17-20. | communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 135:23-24. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 136:1-2. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 136:4-6. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 143:2-3. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 143:5-18. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 143:21-24. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 211:2-4. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 211:17-20. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 211:21-212:25. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 226:1-6. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 226:9-11. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 226:13-228:6. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 228:10-13. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 228:16-19. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 228:21-25. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 229:3-6. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 229:9-12. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts | Contains commercially sensitive information regarding United's business strategy, | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 229:15-18. | client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 229:20-21. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 229:24-230:1. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 234:3-4. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 234:6-13. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 234:16-21. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Lopez taken in this matter on June 28, 2022, at 248:2-3. | (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 248:5-21. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 248:24-25. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 261:1-262:3. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 262:6-21. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 262:24-25. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 267:5-8. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | Further, the information contained in the document referenced therein continues to be proprietary and confidential. While the date of the referenced document is more than 3 years old, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 267:24-25. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). Further, the information contained in the document referenced therein continues to be proprietary and confidential. While the date of the referenced document is more than 3 years old, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 279:13-16. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). Further, the information contained in the document referenced therein continues to be proprietary and confidential. While the date of the referenced document is more than 3 years old, the document as a whole remains relevant | |

Gibson, Dunn &
Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | and it reflects and is consistent with current practices | |
| Exhibit 109 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on June 28, 2022, at 280:1-24. | Contains commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 110 to the Declaration of Geoffrey Sigler, documents introduced as Exhibits 9, 19, and 22 to the deposition of Radames Lopez. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). Further, the information contained in the documents referenced therein continues to be proprietary and confidential. While the date of some of the referenced documents is more than 3 years old, the documents as a whole remain relevant and reflects and are consistent with current practices. | |
| Exhibit 112 to the Declaration of Geoffrey Sigler, document introduced as Exhibit 8 to the deposition of Sarah Peterson. | Contains commercially sensitive information regarding United's internal discussions about out-of-network programs (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). Further, the information contained in the document referenced therein continues to be proprietary and confidential. While the date of the referenced document is more than 3 years old, the document as a whole remains relevant and reflects and is consistent with current practices. | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 122 to the Declaration of Geoffrey Sigler, document titled "APPLE INC.: Analysis of Out-of-Network Program Alternatives," produced by UnitedHealthcare Insurance Company in this action as UHC000300171. | Contains calculations of fees paid to UHC by plan sponsor Apple (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding performance projections for alternative programs (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5).. | |
| Exhibit 124 to the Declaration of Geoffrey Sigler, letter produced by UnitedHealthcare Insurance Company in this action as UHC000392968. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 125 to the Declaration of Geoffrey Sigler, letter produced by UnitedHealthcare Insurance Company in this action as UHC000142038. | Contains information regarding medical services obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 128 to the Declaration of Geoffrey Sigler, email thread produced by UnitedHealthcare Insurance Company in this action as UHC000070704–10. | Contains information about fee arrangements with UHC customers (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's business strategy, client relationships and proprietary processes (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 129 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3449 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 130 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3459 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 131 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3352 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 132 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3461 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 133 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3462 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 134 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3463 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 135 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3465 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 136 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3430 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 137 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3431 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 138 to the Declaration of Geoffrey Sigler, certified transcript of the deposition of named plaintiff BW taken in this matter on June 9, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 139 to the Declaration of Geoffrey Sigler, document introduced as Exhibit 3 to the deposition of named plaintiff BW and bates numbered PLD0000711-13. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 140 to the Declaration of Geoffrey Sigler, letter introduced as Exhibit 9 to the deposition of named plaintiff BW and bates numbered PLD0000001. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 141 to the Declaration of Geoffrey Sigler, claims summary, introduced as Exhibit 10 to the deposition of named plaintiff BW and bates numbered UHC000003415-21. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 142 to the Declaration of Geoffrey Sigler, letter introduced as Exhibit 11 to the deposition of named plaintiff BW and bates numbered UBH000001989–90. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 143 to the Declaration of Geoffrey Sigler, invoice introduced as Exhibit 12 to the deposition of named plaintiff BW and bates numbered PLTFIRSTPROD0000394-95. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 144 to the Declaration of Geoffrey Sigler, letter introduced as Exhibit 13 to the deposition of named plaintiff BW and bates numbered UBH000002100. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 145 to the Declaration of Geoffrey Sigler, invoice introduced as Exhibit 15 to the deposition of named plaintiff BW and bates numbered SUMMIT 00367–68. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 146 to the Declaration of Geoffrey Sigler, certified transcript of the deposition of named plaintiff RH taken in this matter on June 8, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 147 to the Declaration of Geoffrey Sigler, document introduced as Exhibit 1 to the deposition of named plaintiff RH and bates numbered SUMMIT00470–72. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 148 to the Declaration of Geoffrey Sigler, invoice introduced as Exhibit 5 to the deposition of named plaintiff RH and bates numbered SUMMIT 00507–08. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 150 to the Declaration of Geoffrey Sigler, letter introduced as Exhibit 10 to the deposition of named plaintiff RH and bates numbered PLTFIRSTPROD0000984–85. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 151 to the Declaration of Geoffrey Sigler, letter introduced as Exhibit 11 to the deposition of named plaintiff RH and bates numbered PLTFIRSTPROD0000920–21. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 152 to the Declaration of Geoffrey Sigler, document introduced as Exhibit 12 to the deposition of named plaintiff RH and bates numbered PLTFIRSTPROD0001014-15; PLTFIRSTPROD0000978–79. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 153 to the Declaration of Geoffrey Sigler, invoice introduced as Exhibit 13 to the deposition of named plaintiff RH and bates numbered PLTFIRSTPROD0000919. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 154 to the Declaration of Geoffrey Sigler, letter introduced as Exhibit 20 to the deposition of named plaintiff RH and bates numbered UBH000003010–13. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 155 to the Declaration of Geoffrey Sigler, certified transcript of the deposition of named plaintiff LD taken in this matter on June 14, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 156 to the Declaration of Geoffrey Sigler, letter introduced as Exhibit 7 to the deposition of named plaintiff LD and bates numbered PLD0001492–93. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 157 to the Declaration of Geoffrey Sigler, invoice introduced as Exhibit 9 to the deposition of named plaintiff LD and bates numbered PLTFIRSTPROD0000901. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 158 to the Declaration of Geoffrey Sigler, receipt introduced as Exhibit 10 to the deposition of named plaintiff LD and bates numbered PLTFIRSTPROD0000484–85. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 159 to the Declaration of Geoffrey Sigler, letter introduced as Exhibit 13 to the deposition of named plaintiff LD and bates numbered PLD0001531–41. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 160 to the Declaration of Geoffrey Sigler, letter introduced as Exhibit 14 to the deposition of named plaintiff LD and bates numbered UBH001534. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 161 to the Declaration of Geoffrey Sigler, invoice introduced as Exhibit 16 to the deposition of named plaintiff LD and bates numbered SUMMIT 00940. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 162 to the Declaration of Geoffrey Sigler, certified transcript of Volume I of the deposition of named plaintiff DB taken in this matter on June 7, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 163 to the Declaration of Geoffrey Sigler, certified transcript of Volume II of the deposition of named plaintiff DB taken in this matter on June 28, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 164 to the Declaration of Geoffrey Sigler, document introduced as Exhibit 5 to the deposition of named plaintiff DB and bates numbered PLD0003000–09. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 165 to the Declaration of Geoffrey Sigler, document introduced as Exhibit 6 to the deposition of named plaintiff DB and bates numbered SUMMIT 01110. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 166 to the Declaration of Geoffrey Sigler, document introduced as Exhibit 7 to the deposition of named plaintiff DB and bates numbered SUMMIT 01098–01111. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 167 to the Declaration of Geoffrey Sigler, invoice introduced as Exhibit 8 to the deposition of named plaintiff DB and bates numbered PLTFIRSTPROD0000370–72. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 168 to the Declaration of Geoffrey Sigler, invoice introduced as Exhibit 9 to the deposition of named plaintiff DB and bates numbered SUMMIT 01164–65. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 169 to the Declaration of Geoffrey Sigler, letter introduced as Exhibit 11 to the deposition of named plaintiff DB and bates numbered PLTFIRSTPROD0000001–178. | Deposition testimony containing sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 170 to the Declaration of Geoffrey Sigler, claims summary introduced as Exhibit 13 to the deposition of named plaintiff DB and bates numbered UHC000002196–2200. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 171 to the Declaration of Geoffrey Sigler, letter introduced as Exhibit 14 to the deposition of named plaintiff DB and bates numbered UBH001621–23. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 172 to the Declaration of Geoffrey Sigler, certified transcript of the deposition of named plaintiff CJ taken in this matter on June 15, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 173 to the Declaration of Geoffrey Sigler, document introduced as Exhibit 2 to the deposition of named plaintiff CJ and bates PLD0003380–3382. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 174 to the Declaration of Geoffrey Sigler, letter introduced as Exhibit 5 to the deposition of named plaintiff | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| CJ and bates numbered PLTFIRSTPROD0000447. | | |
| Exhibit 175 to the Declaration of Geoffrey Sigler, invoice introduced as Exhibit 6 to the deposition of named plaintiff CJ and bates numbered PLTFIRSTPROD0000471. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 176 to the Declaration of Geoffrey Sigler, receipt introduced as Exhibit 8 to the deposition of named plaintiff CJ and bates numbered PLD0003386–88. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 177 to the Declaration of Geoffrey Sigler, invoice introduced as Exhibit 9 to the deposition of named plaintiff CJ and bates numbered SUMMIT 01225. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 178 to the Declaration of Geoffrey Sigler, letter introduced as Exhibit 10 to the deposition of named plaintiff CJ and bates numbered UBH000002426. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 179 to the Declaration of Geoffrey Sigler, named plaintiff BW's supplemental response to UBH's first set of interrogatories, dated July 15, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 180 to the Declaration of Geoffrey Sigler, named plaintiff RH's supplemental response to UBH's first set of interrogatories, dated July 15, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 181 to the Declaration of Geoffrey Sigler, named plaintiff LD's supplemental response to UBH's first set of | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| interrogatories, dated July 15, 2022. | Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 182 to the Declaration of Geoffrey Sigler, named plaintiff DB's supplemental response to UBH's first set of interrogatories, dated July 15, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 183 to the Declaration of Geoffrey Sigler, named plaintiff CJ's supplemental response to UBH's first set of interrogatories, dated July 15, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Portions of Exhibit 184 to the Declaration of Geoffrey Sigler, a transcript of the September 26, 2022 deposition of Plaintiffs' proposed expert, Dr. Robert L. Ohsfeldt, 83:7-87:20; 88:18-89:19; 92:2-12; 92:15-93:10; 94:2-96:12; 97:15-98:17; 99:2-19; 107:4-108:16; 113:21-116:17; 118:24-120:4; 122:4-125:4; 128:16-19; 128:21-129:23; 133:1-136:1; 161:2-162:24; 163:4-164:6; 198:17-200:13; 203:15-204:25. | Contains highly confidential and commercially-sensitive information about MultiPlan's proprietary Viant OPR product. The public disclosure of such information would cause immediate and irreparable harm to MultiPlan's business, as well as its relationship with United, one of its clients. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services (Supp. Wilde Decl. (227-4) ¶¶ 7-9). | |
| Exhibit 189 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of Volume I of the Rule 30(b)(6) deposition of Summit Estate, by its designee Joan Borsten, taken in this matter on July 28, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 190 to the Declaration of Geoffrey Sigler, excerpts from the certified transcript of | Deposition contains sensitive information regarding medical treatments sought or obtained | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Volume II of the Rule 30(b)(6) deposition of Summit Estate, by its designee Joan Borsten, taken in this matter on August 5, 2022. | (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 191 to the Declaration of Geoffrey Sigler, certified transcript of the Rule 30(b)(6) deposition of Summit Estate, by its designee Creyna Franco, taken in this matter on June 28, 2022. | Deposition contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 192 to the Declaration of Geoffrey Sigler, documents introduced as Exhibits 4–30 to the deposition of Summit Estate (Joan Borsten). | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 193 to the Declaration of Geoffrey Sigler, documents introduced as Exhibits 1–7 and 9–14 to the deposition of Summit Estate (Creyna Franco). | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 194 to the Declaration of Geoffrey Sigler, spreadsheets produced by Summit Estate in response to a subpoena from United Defendants as SUMMIT 07036 and introduced as Exhibit 8 to the deposition of Summit Estate (Creyna Franco) taken in this matter on June 28, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 196 to the Declaration of Geoffrey Sigler, spreadsheets produced by Summit Estate in response to a subpoena from United Defendants in this action as SUMMIT 07037. | Spreadsheet contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 198 to the Declaration of Geoffrey Sigler, | Spreadsheet contains sensitive information regarding medical treatments sought or obtained | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| spreadsheets produced by Summit Estate in response to a subpoena from United Defendants in this action as SUMMIT 07038. | (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 200 to the Declaration of Geoffrey Sigler, spreadsheets produced by Summit Estate in response to a subpoena from United Defendants in this action as SUMMIT 07039. | Spreadsheet contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 202 to the Declaration of Geoffrey Sigler, spreadsheets produced by Summit Estate in response to a subpoena from United Defendants in this action as SUMMIT 07040. | Spreadsheet contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 205 to the Declaration of Geoffrey Sigler, spreadsheets produced by Summit Estate in response to a subpoena from United Defendants as SUMMIT 7077 and introduced as Exhibit 35 to the deposition of Joan Borsten taken in this matter on July 28, 2022. | Spreadsheet contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 206 to the Declaration of Geoffrey Sigler, spreadsheets produced by Summit Estate in response to a subpoena from United Defendants as SUMMIT 7078 and introduced as Exhibit 36 to the deposition of Joan Borsten taken in this matter on July 28, 2022. | Spreadsheet contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 207 to the Declaration of Geoffrey Sigler, spreadsheets produced by Summit Estate in response to a | Spreadsheet contains sensitive information regarding medical treatments sought or obtained | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| subpoena from United Defendants in this action as SUMMIT 7079 and introduced as Exhibit 37 to the deposition of Joan Borsten taken in this matter on July 28, 2022. | (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 208 to the Declaration of Geoffrey Sigler, spreadsheets produced by Summit Estate in response to a subpoena from United Defendants as SUMMIT 7080 and introduced as Exhibit 38 to the deposition of Joan Borsten taken in this matter on July 28, 2022. | Spreadsheet contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 210 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party Ocean Breeze Recovery as an audio file bates numbered OBR000089. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 211 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party Ocean Breeze Recovery as an audio file bates numbered OBR000090. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 212 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party Ocean Breeze Recovery as an audio file bates numbered OBR000091. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 213 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, | Contains names of third parties and sensitive information regarding medical treatments | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Veritext, of a call recording separately produced by third party Ocean Breeze Recovery as an audio file bates numbered OBR000092. | sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 214 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party Ocean Breeze Recovery as an audio file bates numbered OBR000093. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 215 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000102. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 216 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000103. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 217 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000104. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 218 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| audio file bates numbered PTH000105. | | |
| Exhibit 219 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000106. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 220 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000107. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 221 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000108. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 222 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000109. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 223 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000110. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 224 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000111. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 225 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party PCI West Lake as an audio file bates numbered CSVOB225. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 226 to the Declaration of Geoffrey Sigler, transcript by the court reporting service, Veritext, of a call recording separately produced by third party PCI West Lake as an audio file bates numbered JMVOB224. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 227 to the Declaration of Geoffrey Sigler, presentation titled "JPMC Out-Of-Network Programs" produced by JPMorganChase in this action in response to a subpoena by Plaintiffs as JPMorgan Chase_000130–000145. | Contains information about fee arrangements with UHC customers (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's proprietary out-of-network programs (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 228 to the Declaration of Geoffrey Sigler, written answers to deposition questions provided by a third-party plan sponsor, Union Pacific, in response to a deposition subpoena by Plaintiffs, 2:17-22. | Contains information about fee arrangements with UHC customers (Category 1, Second Paradise Decl. ¶ ) and commercially sensitive information regarding United's proprietary out-of-network programs (Category 2, Second Paradise Decl. ¶ 5). *See also* | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | Sullivan Decl. (Dkt. 231) ¶ 14(a). | |
| Exhibit 228 to the Declaration of Geoffrey Sigler, written answers to deposition questions provided by a third-party plan sponsor, Union Pacific, in response to a deposition subpoena by Plaintiffs, 3:8-18. | Contains information about fee arrangements with UHC customers (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4). *See also* Sullivan Decl. (Dkt. 231) ¶ 14(b). | |
| Exhibit 228 to the Declaration of Geoffrey Sigler, written answers to deposition questions provided by a third-party plan sponsor, Union Pacific, in response to a deposition subpoena by Plaintiffs, 6:3-15. | Contains information about fee arrangements with UHC customers (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's proprietary out-of-network programs (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). *See also* Sullivan Decl. (Dkt. 231) ¶ 14(c). | |
| Exhibit 228 to the Declaration of Geoffrey Sigler, written answers to deposition questions provided by a third-party plan sponsor, Union Pacific, in response to a deposition subpoena by Plaintiffs, 7:1-25. | Contains information about fee arrangements with UHC customers (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's proprietary out-of-network programs (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). *See also* Sullivan Decl. (Dkt. 231) ¶ 14(d). | |
| Exhibit 230 to the Declaration of Geoffrey Sigler, chart listing the random sample selected by the United Defendants, using RAT-STATS. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Excerpts from the Declaration of Sean Crandell, ¶¶ 9–19, 22, 25–43, 47–55, 57–61, and 64–67 | Contains highly detailed, proprietary information regarding the Viant OPR product design and methodology that, if disclosed, could allow others to copy MultiPlan's approach and | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | could undermine MultiPlan's competitive advantage in the marketplace (Wilde Decl. (Dkt. 215-5) ¶¶ 19-21)). | |
| Exhibit A to the Declaration of Sean Crandell, the Viant OPR Explanation of Methodology dated June 2009. | Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology (Wilde Decl. (Dkt. 215-5) ¶¶ 10, 13; Crandell Decl. (Dkt. 211) ¶ 13). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | consistent with current practices. | |
| Exhibit B to the Declaration of Sean Crandell, the Viant OPR Explanation of Methodology dated June 2016. | Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology (Wilde Decl. (Dkt. 215-5) ¶¶ 10, 13; Crandell Decl. (Dkt. 211) ¶ 13).

Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit C to the Declaration of Sean Crandell, the Viant OPR Module, or "whitepaper," dated September 2018. | Provides a detailed explanation of the proprietary Viant OPR product design and methodology, including how it was developed and how it works (Wilde Decl. (Dkt. 215-5) ¶ 14; Crandell Decl. (Dkt. 211) ¶ 13).<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Exhibit D to the Declaration of Sean Crandell, a document titled 'Behavioral Outpatient Health - Standard Missing Value Approach | Contains commercially sensitive information describing the various components of Viant's proprietary OPR methodology (Crandell Decl. (Dkt. 211) ¶ 43). Internal document from 2015, kept confidential within MultiPlan, that provides information concerning the process by which MultiPlan supplies missing values that are require to price certain outpatient claims. This particular document and the methodology it sets forth is proprietary to MultiPlan. Public disclosure of this document, and the proprietary methodology described therein, would allow others to copy MultiPlan's approach, to its commercial and competitive detriment (Wilde Decl. (Dkt. 215-5) ¶ 16). | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Exhibit E to the Declaration of Sean Crandell, MultiPlan Powerpoint presentation. | Contains commercially sensitive information describing the various components of Viant's proprietary OPR methodology (Crandell Decl. (Dkt. 111) ¶ 64 n.9). Confidential marketing presentation made by MultiPlan to United, which presentation is replete with details about the proprietary Viant OPR methodology and contains sensitive analyses about product design features, and reveals client-specific strategy. Presentation materials, like Exhibit E, which is unique to United, are not disseminated publicly. Disclosure of this highly sensitive and proprietary information could not only harm MultiPlan's relationship with United, but also place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost- containment services. (Wilde Decl. (Dkt. 215-5) ¶ 17). | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Excerpts from the Declaration of Kathleen Praxmarer, ¶¶ 9–17 | Contains highly detailed, proprietary information regarding the Viant OPR product design and methodology that, if disclosed, could allow others to copy MultiPlan's approach and could undermine MultiPlan's competitive advantage in the marketplace (Wilde Decl. (Dkt. 215-5) ¶¶ 19-21). | |
| Exhibit A to the Declaration of Kathleen Praxmarer, Viant Facility Outpatient U&C Review Service: Explanation of Methodology | Contains detailed descriptions of Viant's Patient Advocacy Process and its Provider Inquiry Management Service; describes the various components of Viant's proprietary OPR service and methodology as it existed for the time period at issue in the Lawsuit (Praxmarer Decl. (Dkt. 212) ¶¶ 10, 13 n.1); Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology (Wilde Decl. (Dkt. 215-5) ¶¶ 10, 13).<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices | |
| Exhibit B to the Declaration of Kathleen Praxmarer, Viant Facility Outpatient U&C Review Service: Explanation of Methodology | Contains detailed descriptions of Viant's Patient Advocacy Process and its Provider Inquiry Management Service; describes the various components of Viant's proprietary OPR service and methodology as it existed for the time period at issue in the Lawsuit (Praxmarer Decl. (Dkt. 212) ¶¶ 10, 13 n.1); Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology (Wilde Decl. (215-5) ¶¶ 10, 13 (ECF 215-5))<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Exhibit C to the Declaration of Kathleen Praxmarer, Viant Facility U&C Review: Outpatient Review (OPR) Module | Contains detailed descriptions of Viant's Patient Advocacy Process and its Provider Inquiry Management Service; describes the various components of Viant's proprietary OPR service and methodology as it existed for the time period at issue in the Lawsuit (Praxmarer Decl. (Dkt. 212) ¶¶ 10, 13 n.1). Provides a | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | detailed explanation of the proprietary Viant OPR product design and methodology, including how it was developed and how it works (Wilde Decl. (Dkt. 215-5) ¶ 14).<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Exhibit 1 to the Compendium, a declaration produced by Jeffrey Robbins on behalf of A Better Life Recovery in response to a subpoena issued by the United Defendants in this action. | Filed under provisional seal on behalf of A Better Life Recovery. | |
| Exhibit 2 to the Compendium, billing and verification of benefit documents produced by Arise Recovery Centers of America in response to a subpoena issued by the United Defendants in this action on April 11, 2022 and July 22, 2022 without bates numbers. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Arise Recovery Centers of America. | |
| Exhibit 3 to the Compendium, billing records produced by BOLD Health in response to a subpoena issued by the United Defendants in this action on June 29, 2022 without bates numbers. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of BOLD Health. | |
| Exhibit 10 to the Compendium, excerpts of business records produced by New Life | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Treatment Center in response to a subpoena issued by the United Defendants in this action, bates numbered between NEW LIFE 01041–01044. | ¶ 5).  Remainder of document filed under provisional seal on behalf of New Life Treatment Center. | |
| Exhibit 11 to the Compendium, billing records produced by Northeast Addiction Treatment Center in response to a subpoena issued by the United Defendants in this action on July 19, 2022 without bates numbers. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5).  Remainder of document filed under provisional seal on behalf of Northeast Addiction Treatment Center. | |
| Exhibit 13 to the Compendium, billing records produced by Nova Recovery Center in response to a subpoena issued by the United Defendants in this action, bates numbered CONFIDENTIAL_NRC000001–218. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Nova Recovery Decl. ¶¶ 5-8 (Dkt. 227-2). Remainder of document filed under provisional seal on behalf of Nova Recovery Center. | |
| Exhibit 15 to the Compendium, billing records produced by Ocean Breeze Recovery Center in response to a subpoena issued by the United Defendants in this action, bates numbered CONFIDENTIAL_OBR000001–86. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5).  Remainder of document filed under provisional seal on behalf of Ocean Breeze Recovery Center.  *See also* Ocean Breeze and Pathway to Hope Recovery Centers Decl. (Dkt. 227-3), ¶¶ 5-8. | |
| Exhibit 16 to the Compendium, a spreadsheet bates numbered OBR000087 and produced by Ocean Breeze Recovery in response to a subpoena issued by the United Defendants in this action. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5).  Remainder of document filed under provisional seal on behalf of Ocean Breeze Recovery Center.  *See also* Ocean Breeze and Pathway to | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | Hope Recovery Centers Decl. (Dkt. 227-3), ¶¶ 5-8. | |
| Exhibit 17 to the Compendium, transcripts of call recordings produced by Ocean Breeze Recovery Center in response to a subpoena issued by the United Defendants in this action and transcribed by Veritext, bates numbered OBR000089–93. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Ocean Breeze Recovery Center. *See also* Ocean Breeze and Pathway to Hope Recovery Centers Decl. (Dkt. 227-3), ¶¶ 5-8. | |
| Exhibit 18 to the Compendium, a declaration produced by Ryan Schrier on behalf of Pacific Palms Recovery in response to a subpoena issued by the United Defendants in this action. | Filed under provisional seal on behalf of Pacific Palms Recovery. | |
| Exhibit 19 to the Compendium, billing records produced by Pacific Palms Recovery in response to a subpoena issued by the United Defendants in this action, bates numbered PPR_LD_UBH00000001–162. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Pacific Palms Recovery. | |
| Exhibit 20 to the Compendium, billing records produced by Pacific Recovery Solutions in response to a subpoena issued by the United Defendants in this action, bates numbered PRS 01267–1283. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Pacific Recovery Solutions. | |
| Exhibit 22 to the Compendium, billing records produced by Pathway to Hope in response to a subpoena issued by the United Defendants in this action, bates numbered CONFIDENTIAL_PTH000001 –100. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Pathway to Hope. | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 23 to the Compendium, a spreadsheet produced by Pathway to Hope in response to a subpoena issued by the United Defendants in this action, bates numbered PTH000101. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Pathway to Hope. | |
| Exhibit 24 to the Compendium, transcripts of call recordings produced by Pathway to Hope in response to a subpoena issued by the United Defendants in this action and transcribed by Veritext, bates numbered PTH000102–111. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Pathway to Hope. | |
| Exhibit 25 to the Compendium, billing records from PCI West Lake Center produced in response to a subpoena issued by the United Defendants in this action, documents located within bates numbers PCI 00001–423. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of PCI West Lake Center. | |
| Exhibit 26 to the Compendium, transcripts of call recordings produced by PCI West Lake Center in response to a subpoena issued by the United Defendants in this action and transcribed by Veritext, bates numbered CS VOB 225 and JM VOB 224. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of PCI West Lake Center. | |
| Exhibit 29 to the Compendium, billing records produced by Recovering Champions dba Cape Cod Behavioral Health in response to a subpoena issued by the United Defendants in this action on July 19 without bates numbers. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Recovering Champions dba Cape Cod Behavioral Health. | |
| Exhibit 31 to the Compendium, billing records produced by | Contains sensitive information regarding medical treatments | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Royal Life Centers in response to a subpoena issued by the United Defendants in this action on June 1, 2022 without bates numbers. | sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Royal Life Centers. | |
| Exhibit 32 to the Compendium, billing records produced by Silicon Beach Outpatient Treatment Center in response to a subpoena issued by the United Defendants in this action, bates numbered SB000001–12, SB00013–15. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Silicon Beach Outpatient Treatment Center. | |
| Exhibit 33 to the Compendium, a spreadsheet produced by South Miami Recovery Center in response to a subpoena issued by the United Defendants in this action on June 29, 2022 without bates numbers. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of South Miami Recovery Center. | |
| Exhibit 35 to the Compendium, billing records produced by Stepping Stone of San Diego in response to a subpoena issued by the United Defendants in this action on June 8, 2022 and July 15, 2022 without bates numbers. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Stepping Stone of San Diego. | |
| Exhibit 38 to the Compendium, an email between Matthew Aiken and employees of Stepping Stone of San Diego. | Contains discussion regarding interpretation of business records for medical treatment of putative class member (PHI, Second Blas Decl. ¶ 5). | |
| Exhibit 40 to the Compendium, billing records produced by Summit Wellness Group in response to a subpoena issued by the United Defendants in this action. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Summit Wellness Group. | |

Gibson, Dunn &
Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 43 to the Compendium, billing records produced by United Recovery Project in response to a subpoena issued by the United Defendants in this action. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of United Recovery Project. | |
| Exhibit 45 to the Compendium, documents produced by Windmill Wellness Ranch in response to a subpoena issued by the United Defendants in this action. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Windmill Wellness Ranch. | |
| Exhibit 46 to the Compendium, documents produced by Desert Cove Recovery Center in response to a subpoena issued by the United Defendants in this action. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Desert Cove Recovery Center. | |
| Defendants' Opposition to Plaintiffs' Motion for Class Certification at 3:19-27 | Quotes, references, or otherwise relies on documents sought to be sealed. (Blas Decl. (Dkt. 227) ¶ 6). Contains highly detailed, proprietary information regarding the Viant OPR product design and methodology that, if disclosed, could allow others to copy MultiPlan's approach and could undermine MultiPlan's competitive advantage in the marketplace. (Wilde Decl. (Dkt. 215-5) ¶¶ 17, 20-21). | |
| Defendants' Opposition to Plaintiffs' Motion for Class Certification at 9:3-4. | Quotes, references, or otherwise relies on documents sought to be sealed. (Second Blas Decl. (Dkt. 227) ¶ 6). Contains highly detailed, proprietary information regarding the Viant OPR | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | product design and methodology that, if disclosed, could allow others to copy MultiPlan's approach and could undermine MultiPlan's competitive advantage in the marketplace. (Wilde Decl. (Dkt. 215-5) ¶¶ 17, 20-21). | |
| Defendants' Opposition to Plaintiffs' Motion for Class Certification at 15:22-23. | Quotes, references, or otherwise relies on documents sought to be sealed. (Second Blas Decl. (Dkt. 227) ¶ 6). Contains highly detailed, proprietary information regarding the Viant OPR product design and methodology that, if disclosed, could allow others to copy MultiPlan's approach and could undermine MultiPlan's competitive advantage in the marketplace. (Wilde Decl. (Dkt. 215-5) ¶¶ 17, 20-21). | |
| Plaintiffs' Exhibit 2, the Declaration of Thomas P. Ralston (Dkt. 251-4), ¶¶ 4-30, Exhibit A. | Contains highly confidential and commercially sensitive information that would harm MultiPlan if publicly disclosed. *See* Third Wilde Decl. (Dkt 265-3) ¶ 9. Contains competitively sensitive information regarding certain features of United's out-of-network programs. Supplemental Paradise Decl. (Dkt. 265-1) ¶ 4. | |
| Plaintiffs' Exhibit 3, Deposition transcript of Rebecca Paradise (Dkt. 251-6), in full, or in the alternative as follows—Volume 1:73:12–78:25, 160:20–163:25 179:6–182:2; Volume 2:104:22–106:4; 229:17–232:2 | Contains testimony regarding substantive internal discussions regarding the pricing of particular claims, or responding to inquiries from plan sponsors, members, or healthcare services providers as well as testimony regarding highly competitive or commercially | |

DEFENDANTS' OMNIBUS [PROPOSED] ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL
CASE NO. 4:20-CV-02254-YGR

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | sensitive proprietary and non-public information that would harm United's business advantage, such as internal strategic discussions about out-of-network program features. Supplemental Paradise Decl. (Dkt. 265-1) ¶ 5; *see also* Third Blas Decl. (Dkt. 265) ¶ 6 (explaining justification for requesting sealing in full). | |
| Plaintiffs' Exhibit 4, Deposition Transcript of Sarah Peterson (Dkt. 251-8), in full, or in the alternative as follows—126:2-7, 176:13-16 | Contains testimony regarding highly competitive or commercially sensitive proprietary and non-public information that would harm United's business advantage, such as internal strategic discussions about out-of-network program features. Supplemental Paradise Decl. (Dkt. 265-1) ¶ 5; *see also* Third Blas Decl. (Dkt. 265) ¶ 6 (explaining justification for requesting sealing in full). | |
| Plaintiffs' Exhibit 5, Deposition Transcript of Radames Lopez (Dkt. 251-10), in full, or in the alternative, as follows—76:1–85:15, 81:11–90:19, 103:18–110:17, 149:21–151:4, 161:20–167:19, 292:22–294:1. | Contains testimony regarding substantive internal discussions regarding the pricing of particular claims, or responding to inquiries from plan sponsors, members, or healthcare services providers as well as testimony regarding highly competitive or commercially sensitive proprietary and non-public information that would harm United's business advantage, such as internal strategic discussions about out-of-network program features. Supplemental Paradise Decl. (Dkt. 265-1) ¶ 5; *see also* Third Blas Decl. (Dkt. 265) ¶ 6 | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | (explaining justification for requesting sealing in full). | |
| Plaintiffs' Exhibit 6, Deposition Transcript of Jolene Bradley (Dkt. 251-12), in full, or in the alternative, as follows— 135:12-25. | Contains discussion of highly competitive or commercially sensitive proprietary and non-public information that would harm United's business advantage, such as internal strategic discussions about out-of-network program features. Supplemental Paradise Decl. (Dkt. 265-1) ¶ 5; *see also* Third Blas Decl. (Dkt. 265) ¶ 6 (explaining justification for requesting sealing in full). | |
| Plaintiffs' Exhibit 10, Compendium of Balance Bills (Dkt. 251-20) | Contains unredacted patient health information and sensitive information regarding medical treatments obtained. *See* Third Blas Decl. (Dkt. 265) ¶ 8. | |
| Plaintiffs' Exhibit 11, Deposition Transcript of Sean Crandell (Dkt. 251-22). Specifically, and as identified in MultiPlan's confidentiality designations pursuant to the Protective Order: 25:19-22; 31:3-37:24; 39:6-40:7; 40:16-42:8; 43:7-46:15; 46:20- 50:23; 51:10-53:4; 53:15-54:24; 55:14-21; 56:14-59:5; 59:11-23; 63:16-64:9; 64:14-66:3; 68:17-69:18; 72:9-74:22; 75:1-15; 76:4-6; 76:19-78:2; 78:11-79:23; 80:5-21; 81:4-82:13; 82:17-84:8; 85:11-22; 86:3-13; 87:11-20; 87:24-89:11; 89:24-90:8; 90:20-93:13; 94:11-95:22; 97:10-98:19; 99:3-4; 99:6-8; 99:11-100:10; 101:1-4; 101:7-102:15; 103:18-105:6; 105:14-107:6; 107:19-108:18; 114:6-117:20; 117:23-120:13; 120:18-122:15; 122:18-20; 122:22-125:1; 125:17-126:8; 126:17-127:17; 127:21-128:4; 132:3-133:2; 133:7-17; 133:19- | Contains testimony that would cause MultiPlan financial and competitive harm if publicly disclosed. *See* Wilde Decl. (Dkt 265-3) ¶ 11. | |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| 134:3; 134:10-18; 134:22-135:6; 135:8-20; 135:22-136:3; 136:10-137:6; 137:8-16; 138:5-140:1. | | |
| Plaintiffs' Exhibit 30, Apple Administrative Services Agreement and amendments (Dkt. 258-1) | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects sensitive and proprietary information. *See* Second Schneewind Decl. (Dkt. 177-40) ¶¶ 4-5.<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and operative. | |
| Plaintiffs' Exhibit 31, Tesla's Administrative Services Agreement (Dkt. 258-3) | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects sensitive and proprietary information. *See* Second Schneewind Decl. (Dkt. 177-40) ¶¶ 4-5.<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and consistent with present practices. | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Plaintiffs' Exhibit 32, General Dynamic's Administrative Service Agreement and amendment (Dkt. 258-5) | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects sensitive and proprietary information. *See* Second Schneewind Decl. (Dkt. 177-40) ¶¶ 4-5.<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and operative | |
| Plaintiffs' Exhibit 33, Cisco System's Administrative Services Agreement and amendment (Dkt. 259-1) | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects sensitive and proprietary information. *See* Second Schneewind Decl. (Dkt. 177-40) ¶¶ 4-5. | |
| Plaintiffs' Exhibit 34, Raytheon's Administrative Services Agreement (Dkt. 259-3) | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects sensitive and proprietary information. *See* Second Schneewind Decl. (Dkt. 177-40) ¶¶ 4-5. | |
| Plaintiffs' Exhibit 35, Nestle USA's Administrative Services Agreement (Dkt. 259-5) | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects sensitive and | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | proprietary information. *See* Second Schneewind Decl. (Dkt. 177-40) ¶¶ 4-5. | |
| Plaintiffs' Exhibit 36, McMaster-Carr Supply Company's Administrative Services Agreement (Dkt. 259-7) | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects sensitive and proprietary information. *See* Second Schneewind Decl. (Dkt. 177-40) ¶¶ 4-5. | |
| Plaintiffs' Exhibit 37, Ralston Compendium (Dkts. 263-5, 263-6, 263-7) | Contains confidential information, none of which is relevant to Plaintiffs' motion. *See* Blas Decl. (Dkt. 265) ¶ 7.  Contains documents that are confidential to the United-MultiPlan business relationship and not shared outside that relationship. They contain information the disclosure of which would harm not only MultiPlan but also adversely affect its relationship with United if other entities were able to review the same.. *See* Third Wilde Decl. (Dkt 265-3) ¶ 10. | |
| Excerpts of Plaintiffs' Exhibit 39, UHC000018537 (Dkt. 259-11); portions of pages 2 through 9 | Document contains sensitive, substantive discussions about particular claims or program features and marketing materials provided to United customers about those programs. *See* Supplemental Paradise Decl. (Dkt. 265-1) ¶ 4.  Further, the information contained in the document referenced therein continues to be proprietary and confidential. | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | While the date of the referenced document is more than 3 years old, the document as a whole remains relevant and reflects and is consistent with current practices. | |
| Excerpts of Plaintiffs' Exhibit 40, UHC000048508 (Dkt. 259-13); portions of pages 2 through 3 | Document contains sensitive internal communications regarding UHC proprietary internal processes and standard operating procedures. *See* Supplemental Paradise Decl. (Dkt. 265-1) ¶ 4. Further, the information contained in the document referenced therein continues to be proprietary and confidential. While the date of the referenced document is more than 3 years old, the document as a whole remains relevant and reflects and is consistent with current practices | |
| Excerpts of Plaintiffs' Exhibit 41, UHC000106755 (Dkt. 259-15); portions of pages 2 through 6 | Document contains sensitive internal communications regarding UHC proprietary internal processes and standard operating procedures. *See* Supplemental Paradise Decl. (Dkt. 265-1) ¶ 4. Further, the information contained in the document referenced therein continues to be proprietary and confidential. While the date of the referenced document is more than 3 years old, the document as a whole remains relevant | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | and reflects and is consistent with current practices. | |
| Plaintiffs' Exhibit 42, Deposition Transcript of Denise Strait (Dkt. 259-17), in full, or in the alternative, as follows— 64:22-25, 159:7–186:21,, 193:16–204:6 | Contains testimony of a sensitive and proprietary nature regarding substantive internal discussions regarding the pricing of particular claims, or responding to inquiries from plan sponsors, members, or healthcare services providers, *see* Supplemental Paradise Decl. (Dkt. 265-1) ¶ 5, and discussions of private health information, *see* Third Blas Decl. (Dkt. 265) ¶ 8. *See also* Third Blas Decl. (Dkt. 265) ¶ 6 (explaining justification for requesting sealing in full). | |
| Plaintiffs' Exhibit 43, Deposition Transcript of Mark Edwards (Dkt. 259-19). Specifically, and as identified in MultiPlan's confidentiality designations pursuant to the Protective Order: 21:24-22:7; 34:17-21; 34:23-35:4; 35:6-14; 37:14-38:24; 39:9-42:5; 46:12-47:18; 48:14-52:17; 56:18-57:12; 60:16-62:25; 67:14-69:5; 72:5-23; 73:1-13; 78:9-81:7; 85:24-86:12; 91:11-25; 92:4-15; 93:4-16; 94:4-13; 94:22-96:25; 98:20-25; 105:13-113:7; 113:21-114:12; 123:22-124:15; 125:13-126:8; 126:21-127:10; 130:25-131:14; 131:21-132:10; 132:21-133:22; 134:7-23; 138: 23-139:13; 141:14-21; 142:4-143:24; 146:14-19; 147:6-13; 149:16-151:5; 156:11-158:16; 166:21-168:1; 169:23-171:11; 175:1-176:1; 184:17-185:22; 192:8-194:1; 195:14-196:4; 198:16-199:9; 200:11-14; 216:14-219:1; 220:6-17; 222:3-14; 232:8-233:19; 237:14-238:25; 240:12- | Contains testimony that would cause MultiPlan financial and competitive harm if publicly disclosed. *See* Wilde Decl. (Dkt 265-3) ¶ 11. | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| 242:6; 246:3-21; 250:15-252:13. | | |
| Excerpts of Plaintiffs' Reply in Support of Motion for Class Certification (Dkt. 250); 4:6-7. | Contains discussion that would cause irreparable harm to MultiPlan if publicly disclosed. *See* Caesar Decl. (Dkt. 265-2) ¶ 5. | |
| Excerpts of Plaintiffs' Reply in Support of Motion for Class Certification (Dkt. 250); 7:2-3. | Contains discussion that would cause irreparable harm to MultiPlan if publicly disclosed. *See* Caesar Decl. (Dkt. 265-2) ¶ 5. | |
| Excerpts of Plaintiffs' Reply in Support of Motion for Class Certification (Dkt. 250); 12:2-4. | Contains discussion that would cause irreparable harm to MultiPlan if publicly disclosed. *See* Caesar Decl. (Dkt. 265-2) ¶ 5. | |

**IT IS SO ORDERED.**

Dated: _____, 2022

_____
Hon. Yvonne Gonzalez Rogers
United States District Judge