| | |
|---|---|
| LAUREN M. BLAS, SBN 296823<br>  lblas@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile:  213.229.7520<br><br>GEOFFREY SIGLER (*pro hac vice*)<br>  gsigler@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>Telephone: 202.887.3752<br>Facsimile:  202.530.9635<br><br>Attorneys for Defendants UNITED BEHAVIORAL HEALTH and UNITED HEALTHCARE INSURANCE COMPANY | ERROL J. KING, JR. (*pro hac vice*)<br>  errol.king@phelps.com<br>CRAIG L. CAESAR (*pro hac vice*)<br>  craig.caesar@phelps.com<br>KATHERINE C. MANNINO (*pro hac vice*)<br>  katie.mannino@phelps.com<br>TAYLOR J. CROUSILLAC (*pro hac vice*)<br>  taylor.crousillac@phelps.com<br>BRITTANY H. ALEXANDER (*pro hac vice*)<br>  brittany.alexander@phelps.com<br>PHELPS DUNBAR LLP<br>II City Plaza<br>400 Convention Street, Suite 1100<br>Baton Rouge, Louisiana 70802<br>Telephone: (225) 376-0207<br>Fax: (225) 381-9197<br><br>Attorneys for Defendant MULTIPLAN, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH, and CJ, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>           Defendants. | Case No. 4:20-cv-02254-YGR<br><br>**DEFENDANTS' RENEWED ADMINISTRATIVE MOTION TO SEAL**<br><br>[*Declaration of Jeff Schneewind; Declaration of Rebecca Paradise; Declaration of Craig Caesar; Declaration of Lauren Blas; Declaration of Non-Party Cisco Systems; Declaration of Non-Party Delta Air Lines; Declaration of Non-Party Oracle Corporation; Declaration of Non-Party Raytheon Company; Declaration of Non-Party McMaster-Carr Supply Company; and [Proposed] Order filed concurrently herewith*]<br><br>Hon. Yvonne Gonzalez Rogers<br><br><u>Hearing</u>:  None set |

## INTRODUCTION

Pursuant to the Court's March 31, 2023 order (Dkt. 301) and L.R. 79-5(c), Defendants United Healthcare Insurance Company ("UHC"), United Behavioral Health ("UBH") (together, "United Defendants"), and MultiPlan, Inc. ("MultiPlan") (collectively, "Defendants") hereby submit a "renewed" motion to seal certain documents submitted with their opposition to Plaintiffs' motion for class certification (Dkt. 215) as well as certain documents filed by Plaintiffs as part of their reply (Dkt. 251). All other exhibits have either been previously addressed by the Court or will be filed publicly.[1]

In submitting this renewed request to seal, Defendants have dropped 50 exhibits from their initial requests to seal (*see* Dkts. 215 and 265) and narrowed their proposed redactions for many other exhibits. The exhibits that Defendants still seek to seal are those that (1) contain either competitively sensitive information that is less than three years old, or if older, are supported by additional declarations describing their sensitive nature; or (2) contain patient health information ("PHI") or personal identifying information ("PII"). The documents also contain redactions for certain sensitive information consistent with Fed. R. Civ. P. 5-2 and this District's guidance. Defendants respectfully submit there is good cause to seal these materials as detailed in the [Proposed] Order, and the Court should exercise its discretion and seal these limited portions of the record. *See generally Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978). For the Court's convenience, because many exhibits contain information designated by multiple parties, Defendants are submitting a combined motion under Local Rules 79-5(c) and (f).

## RELEVANT BACKGROUND

In their opening motion, Plaintiffs filed 28 exhibits and sought to seal all but one of them, along with portions of that motion. *See* Dkt. 170. Defendants each filed a statement in support of sealing and sought to keep 24 of Plaintiffs' 28 exhibits, along with portions of the opening motion, under seal. *See* Dkts. 176 & 177. This Court granted Plaintiffs' request to seal in full. Dkt. 301 at 11. Defendants jointly filed over 270 exhibits with their opposition to Plaintiffs' motion for class certification, and

---

[1] To avoid burdening the court with duplicate papers and filings, Defendants submit with this filing only (1) documents that Defendants previously sought to seal or redact that Defendants are now filing publicly and (2) documents that Defendants previously sought to seal or redact and have since revised their redactions. However, Defendants will resubmit the documents Defendants continue to seek to seal in full if the Court so requests. Defendants refer to the documents that are the subject of this renewed sealing request by their prior "Dkt." number.

sought to seal many of their exhibits along with portions of their Opposition. *See* Dkts. 205 to 227. This Court granted Defendants' motion to seal in part and ordered Exs. 101, 103, 105 to 107, 109, 111, and 122 to the Sigler Declaration, Exs. 16, 23, 27, 30, 33, and 36 to 37 to the Compendium of Provider Documents, and Defendants' requested portions of the Opposition to be sealed. *See* Dkt. 301 at 11. Plaintiffs filed 43 exhibits in connection with their reply and sought to seal all of them, along with portions of their reply. *See* Dkt. 251. Defendants filed a statement in support of sealing and sought to keep fewer than 20 of Plaintiffs' 43 exhibits under seal, along with portions of the reply. *See* Dkt. 265. Multiple third parties also filed statements in support of sealing. *See, e.g.*, Dkts. 231, 227-1, 227-2 & 265-4. Defendants then filed an Omnibus Proposed Order re Sealing. *See* Dkt. 291. The current sealing request further narrows the universe of materials sought to be sealed.

## LEGAL STANDARD

"Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598–99. Therefore, courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Courts apply the "compelling reasons" standard to motions to seal documents relating to class certification. *See Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). Among other things, "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Competitive standing can be harmed by disclosure of sensitive, non-public material concerning business operations, internal decision making, or relationships with third parties. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008). Moreover, courts "recognize the important public and private interests in protecting medical records from wholesale public disclosure." *Fischer v. City of Portland*, 2003 WL 23537981, at *3 (D. Or. Aug. 22, 2003).

## ARGUMENT

In light of the Ninth Circuit's heightened standard for sealing documents relating to class certification, Defendants seek only to affirmatively seal: (1) PHI and PII relating to Plaintiffs and other plan members, and (2) documents that, if disclosed, would place MultiPlan and the United Defendants

2

at a competitive disadvantage, as detailed below. Defendants have narrowly tailored their request to capture only these specific categories of information.

### A. Plaintiffs' Patient Health Information and Personally Identifiable Information

Defendants respectfully seek to seal Exhibits 129 to 140, 143, 146, 150 to 153, 155 to 157, 159, 162 to 163, 166, 169, 172 to 176, 178 to 183, 189, 191 to 194, 196, 198, 200, 202, 205 to 208, 210 to 226, and 230 to the Sigler Declaration, Exhibit 72 to the Paradise Declaration, the Kessler Report and accompanying exhibits, Exhibits 10 to 11, 13, 15, 17 to 19, 22 to 27, 29, 31 to 37, and 45 to 46 of the Provider Compendium, and Exhibits 10 and 42 to the Modiano Declaration.[2] *See* Blas Decl. ¶¶ 8-9, 13; Wilde Decl. (227-4) ¶¶ 5-9. These exhibits contain PHI or PII of the named Plaintiffs and members of the putative class. Courts in this Circuit "recognize the important public and private interests in protecting medical records from wholesale public disclosure" (*Fischer v. City of Portland*, 2003 WL 23537981, at *3 (D. Or. Aug. 22, 2003)) and consistently hold that harm resulting from the disclosure of private medical records outweighs the public policies favoring disclosure, even under the higher "compelling reasons" standard for dispositive motions. *See, e.g.*, *Doe v. United Behavioral Health*, 523 F. Supp. 3d 1119, 1122 n.1 (N.D. Cal. 2021) (Gonzalez Rogers, J.); Blas Decl. ¶¶ 4, 8-9, 11.

### B. Confidential Documents Containing Competitively Sensitive Information

Exhibits 48 to 57 to the Schneewind Declaration and Exhibits 30 to 36 to the Modiano Declaration are confidential administrative services agreements (all but one of which are still in effect) between UHC/its affiliate and its customers concerning services UHC provides as part of their employee benefits plans. These agreements are kept confidential because they contain pricing information, compensation schedules, performance guarantees, detailed descriptions of capabilities and services, and other confidential terms between the United Defendants and their customers. Schneewind Sealing Decl. ¶¶ 4-5. This Court previously agreed to seal similar documents. Dkt. 116 at 8.

Similarly, Exhibits 70 to 71 and 73 to the Paradise Declaration, Exhibits 110, 112, 128, 227, and 228 to the Sigler Declaration, and Exhibits 3 to 6 and 39 to 42 to the Modiano Declaration include discussions of highly confidential and proprietary business records, correspondence with customers,

---

[2] Ms. Paradise and Mr. Schneewind also offer declarations in support of Defendants' administrative motion to seal. For clarity, those declarations are referred to herein as the Renewed Schneewind Sealing Declaration or Renewed Paradise Sealing Declaration.

pricing information, and plan terms, including detailed descriptions of rates, fees, services, and systems as well as specific details regarding fee negotiations and arrangements with vendors or customers. Defendants closely reviewed these documents to account for the Court's guidance at the January 27, 2023 hearing on class certification that documents more than three years old generally do not warrant sealing and have further explained why any such documents remain commercially sensitive notwithstanding their age. These materials are not disseminated publicly. If not filed under seal, disclosure of this information would cause competitive harm to the United Defendants, undermine their role in the highly competitive market for administration of health benefits plans, and harm their client relationships. Paradise Renewed Sealing Decl. ¶ 4; Schneewind Renewed Sealing Decl. ¶¶ 4-5.

Paragraphs 9–19, 22, 25–43, 47–55, 57–61, and 64–67 of the Crandell Declaration, and paragraphs 9-17 of the Praxmarer Declaration, as well as Exhibits A-C to the Crandell and Praxmarer Declarations include highly confidential and sensitive documents describing in detail MultiPlan's proprietary Viant OPR product design and methodology. Each of these exhibits contain specific, step-by-step processes for calculating claims reimbursement recommendations using Viant OPR, as well as explanations of how the methodology was developed and works. *See* Wilde Decl. (Dkt. 215-5) ¶¶ 13-15, 19-21 Likewise, Exhibit D to the Crandell Declaration is an internal document, kept confidential within MultiPlan, that provides information concerning the proprietary process by which MultiPlan supplies missing values that are required to price outpatient behavioral health claims.[3] *Id.* ¶ 16. Public disclosure of these documents, and the extremely sensitive and proprietary nature of the methodology described therein, would allow others to copy MultiPlan's approach, to its detriment. *Id.* ¶ 20. Exhibit E to the Crandell Declaration is a confidential marketing presentation made by MultiPlan to United that contains details about Viant's proprietary methodology as well as sensitive analyses about product design features and reveals client-specific strategy. These materials are not disseminated publicly, and if not filed under seal could put MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. *Id.* ¶¶ 10-12. Similarly, excerpts from the depositions of MultiPlan employees Jacqueline Kienzle, Sean Crandell, and Mark

---

[3] The Court already sealed Exhibits C and D to the Crandell Declaration and Exhibit C to the Praxmarer Declaration. Dkt. 170.

Edwards, as well as from the deposition of Dr. Robert Ohsfeldt, previously designated as confidential pursuant to the Stipulated Protective Order in this matter, contain discussion of the details of MultiPlan's proprietary methodology, as well as confidential business terms which, if disclosed, could cause competitive harm to MultiPlan and United. *See* Crandell Decl. (Dkt. 176-2] ¶ 15; Caesar Decl. (Dkt. 265-2) ¶ 4; Wilde Decl. (Dkt. 265-3 ) ¶¶ 5-6, 11; Wilde Decl. (227-4) ¶¶ 5-9.

Finally, Defendants seek to seal portions Ralston Declaration (Dkt. 251-4) as well as the Ralston Compendium (Dkt. 263-5, 263-6, & 263-7). The redacted portions of the Ralston Declaration discuss highly confidential and commercially sensitive information about, among other things, the Viant OPR methodology, as well as MultiPlan's business dealings with United, that are held confidential to one or both Defendants and the disclosure of which would cause Defendants financial and competitive harm. Wilde Decl. (Dkt. 265-3) ¶ 9. The Ralston Compendium contains documents related to the United-MultiPlan business relationship that are not shared outside of that relationship, and the disclosure of which would not only harm MultiPlan but would also adversely affect its relationship with United. *Id.* ¶ 10.

Under the "compelling reasons" standard, a district court balances "relevant factors" including the harm of disclosing the information against the "public interest in understanding the judicial process." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010). As explained more fully in the Sealing Declarations, compelling reasons exist to support the requested sealing because public disclosure of the foregoing categories of sensitive business information would undermine the Defendants' role in the healthcare marketplace and harm their relationships with their clients and vendors. Schneewind Sealing Decl. ¶¶ 4-5; Paradise Sealing Decl. ¶¶ 4; Cisco Decl., ¶¶ 8-18; Delta Decl. ¶¶ 6-10; Oracle Decl. ¶¶ 6-10; McMaster-Carr Decl. ¶¶ 6-10; Raytheon Decl. ¶¶ 4-8; *see also Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018).

## CONCLUSION

Good cause exists to grant Defendants' renewed sealing request.

Dated:  April 14, 2023                    Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Lauren Blas*
Lauren Blas

*Attorneys for Defendants United Healthcare Insurance Company and United Behavioral Health*

-AND-

PHELPS DUNBAR, LLP

By:   */s/ Errol J. King, Jr.*
Errol J. King, Jr.

*Attorney for Defendant MULTIPLAN, INC.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED: April 14, 2022          GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Lauren M. Blas*
Lauren M. Blas