| | |
|---|---|
| LAUREN M. BLAS, SBN 296823<br>  lblas@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>GEOFFREY SIGLER (*pro hac vice*)<br>  gsigler@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>Telephone: 202.99.8500<br>Facsimile: 202.467.0539<br><br>Attorneys for Defendants UNITED BEHAVIORAL HEALTH and UNITED HEALTHCARE INSURANCE COMPANY | MATTHEW M. LAVIN (*pro hac vice*)<br>  Matt.Lavin@agg.com<br>AARON R. MODIANO (*pro hac vice*)<br>  Aaron.Modiano@agg.com<br>ARNALL GOLDEN GREGORY LLP<br>2100 Pennsylvania Ave NW, Suite 350S<br>Washington, DC 20037<br>Telephone: 202.677.4030<br>Facsimile: 202.677.4031<br><br>DAVID M. LILIENSTEIN, SBN 218923<br>  david@dllawgroup.com<br>KATIE J. SPIELMAN, SBN 252209<br>  katie@dllawgroup.com<br>DL LAW GROUP<br>345 Franklin Street<br>San Francisco, CA 94102<br>Telephone: 415. 678.5050<br>Facsimile: 415.358.8484<br><br>Attorneys for PLAINTIFFS<br><br>[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE] |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH and CJ, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York corporation,<br><br>　　　　　Defendants. | CASE NO. 4:20-cv-02254-YGR<br><br>**JOINT STATEMENT RE SCHEDULING PURSUANT TO DKT. 301**<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Complaint filed: April 2, 2020<br>Third Amended Complaint filed: Sept. 10, 2021 |

Plaintiffs LD, DB, BW, RH and CJ, United Behavioral Health and UnitedHealth Insurance Company ("United Defendants") and MultiPlan, Inc. ("MultiPlan"), collectively the "parties" to the above-entitled action, having met and conferred through counsel regarding the matters set forth herein, jointly submit this statement pursuant to the Court's directive in its March 31, 2023 Order denying class certification, resolving certain other pending matters, and asking the parties to submit a statement regarding a schedule for the remainder of the action (Dkt. No. 301). Though the parties agree that summary judgment motions should be included in any schedule (subject to the Court's approval) and that Plaintiffs' ERISA and RICO claims should be tried by the bench and jury, respectively, the parties otherwise disagree on several aspects of how the case should proceed, and therefore set out their positions below.

**Plaintiffs' Position:**

Following this Court's direction in Dkt. No. 301, Plaintiffs propose the following:

*Motions:*

Motion to Stay: Plaintiffs have timely filed a Petition for Permission for Leave to Appeal under Federal Rule of Civil Procedure Rule 23(f) with the Ninth Circuit Court of Appeals (case no. 23-80032). Plaintiffs met and conferred with Defendants on May 3, 2023 as to whether they would consent to a joint stipulation requesting a stay of proceedings pending the outcome of Plaintiffs' Petition. Defendants did not consent, and Plaintiffs believe that a stay is appropriate for reasons to be set forth in Plaintiffs' forthcoming motion and that further deadlines should be determined following the Ninth Circuit Court of Appeals' disposition of Plaintiffs' Petition. Plaintiffs anticipate filing this motion no later than May 10, 2023.

Renewed Motion for Class Certification: Following the decision of the Ninth Circuit on Plaintiffs' Rule 23(f) petition and potential appeal, Plaintiffs intend to file a renewed motion for class certification incorporating newly discovered evidence and addressing the deficiencies identified by this Court regarding Plaintiffs' motion for class certification in the same order. In previous matters, this Court has incorporated deadlines for a renewed class certification motion in its case management orders and it is Plaintiffs' position that it is appropriate to do so in this matter. *See, e.g., In re Lithium Ion*

*Batteries Antitrust Litig.*, No. 13-MD02420-YGR-DMR, 2018 WL 4215573, at *3 (N.D. Cal. Sept. 4, 2018).

<u>Motion for Summary Judgment</u>: Plaintiffs anticipate filing a motion for summary judgment prior to trial in this matter and are aware of this Court's requirements as to a Motion for Summary Judgment, including the requirements of a pre-filing conference and submission of a letter to the Court seeking leave to file a motion for summary judgment pursuant to Rule 56.

<u>Daubert Motions</u>: Plaintiffs anticipate that they may file motions pursuant to the *Daubert* standard with regard to any and/or all of Defendants' experts following the close of merits expert discovery. The Plaintiffs are mindful of this Court's standing order prohibiting the filing of more than three *Daubert* motions in a matter absent leave of Court.

<u>Motions *in Limine*</u>: Plaintiffs anticipate the filing of motions *in limine* prior to trial in this matter.

***Discovery:***

It is Plaintiffs' position that discovery in this matter is not closed. The joint stipulation submitted by the Parties on April 1, 2022 and ordered by the Court on April 21, 2022 [Dkt. No. 130], refers to class discovery, not all discovery. *See, e.g.,* pg 3, "Non-Expert Discovery Cutoff related to class certification." Further, the production of additional material by Defendant MultiPlan following this Court's Order [Dkt. No. 301] has revealed additional, relevant information that Plaintiffs were not in possession of when they submitted their briefing for class certification. It is Plaintiffs' position that discovery has not closed, or, if it has, that it should be re-opened to permit discovery on further issues of merit, including written discovery and the taking of further depositions.

In addition, during the hearing on Plaintiffs' motion for class certification before this Court, the Court stated, "I can guarantee you if this goes further, I will open discovery so you can depose him [Thomas Ralston]." (Tr. Pg. 100, Ln. 12-13). The Court did not indicate that that would be the sole purpose for which discovery would proceed. Likewise, Defendants' misrepresent the intent of Plaintiffs' counsel's statements to the Court (Tr. Pgs. 60 & 90) as Plaintiffs' counsel's statement that "[w]e don't need any more" is referring to class discovery and the discovery conducted for purposes of class certification briefing, not any and all fact discovery in this matter. Also, Defendant MultiPlan

produced an additional 778 documents following this Court's order [Dkt. No. 301] and the issues and matters discussed in those documents reflect that there are merits issues concerning Viant OPR and Defendants' conduct that bear on both Plaintiffs' ERISA and RICO claims, and Plaintiffs should be permitted to conduct discovery, including written discovery and by the taking of depositions.

In addition to merits fact-discovery, Plaintiffs anticipate that both sides will retain experts to opine on the merits of their respective positions. Plaintiffs' proposal regarding discovery deadlines is contained in the table that follows.

*Trial:*

Plaintiffs agree that their ERISA claims are appropriate for a bench trial and that their RICO claims are entitled to a trial by jury. At this time, Plaintiffs do not believe that more than one trial is needed and that the Court can manage any issues that arise; however, pending the resolution of the issues likely to be addressed in the motions and matters described above, it is Plaintiffs' position that it is premature to set a trial date or predict the number of days needed for trial. Such matters can easily be addressed by the Parties and the Court following its resolution of the Parties' motions for summary judgment.

*Plaintiffs' Proposed Schedule:*

| Event | Deadline |
|---|---|
| Close of Written, Fact Discovery | September 4, 2023 |
| Deadline for Non-Expert Depositions | September 25, 2023 |
| Plaintiffs' Expert Reports | October 27, 2023 |
| Plaintiffs' Renewed Motion for Class Certification | October 27, 2023 |
| Deadline for Deposition of Plaintiffs' Experts | November 24, 2023 |
| Defendants' Expert Reports | December 29, 2023 |
| Defendants' Response to Renewed Motion for Class Certification | December 29, 2023 |
| Deadline for Depositions of Defendants' Experts | January 24, 2023 |
| Deadline for Plaintiffs' Reply in Support of Renewed Class Certification Motion | February 24, 2024 |
| Hearing on Renewed Motion for Class Certification | March 5, 2024 at 2:00 pm |
| Submission to Court of Pre-Filing Summary Judgment Letters | May 17, 2024 |
| Submission to Court of Parties Responses to Pre-Filing Summary Judgment Letters | May 22, 2024 |

| | |
|---|---|
| Pre-Filing Conference for Dispositive Motions | May 24, 2023 at 2:00 p.m. |
| Defendants' Motion for Summary Judgment | June 14, 2024 |
| Plaintiffs' Opposition to Defendants' Motion for Summary Judgment/Cross-Motion for Summary Judgment | July 12, 2024 |
| Defendants' Reply ISO their Motion for Summary Judgment/Opposition to Plaintiffs' Cross-Motion for Summary Judgment | August 2, 2024 |
| Plaintiffs' Reply ISO their Cross-Motion for Summary Judgment | August 23, 2024 |
| Hearing on Cross-Motions for Summary Judgment | September 12, 2024 at 2:00 p.m. |
| Mediation Deadline | September 27, 2024 |
| *Daubert* Motions | TBD |
| Motions *in Limine* | TBD |
| Pre-Trial Conference | TBD |
| Trial Begins | TBD |

**DEFENDANTS' POSITION:**

Following this Court's denial of class certification, this case is limited to the claims of five individual plan members who are asserting claims for benefits under ERISA, as well as claims under RICO. Defendants propose the following schedule (in the chart below), for reasons explained in this section.

***Fact Discovery Is Closed***. Fact discovery is complete and should not be re-opened unless (1) the parties agree particular supplemental discovery is warranted on a particular witness or issue or (2) the Court finds that the party seeking supplemental discovery has demonstrated good cause. This Court's orders reflect that the July 15, 2022 discovery deadline applied to all fact discovery (not just class certification), and therefore the parties conducted all fact discovery—both class certification and merits—prior to that deadline. *See* Dkt. 130 (ordering "July 15, 2022" as the "Non-Expert Discovery Cutoff").[1]

---

[1] *See also* Dkt. 192 at 1, 5, 20 (order granting Plaintiffs' request that United Defendants be precluded from relying on certain materials they produced after the "July 15, 2022 fact discovery cut-off" absent stipulation); Dkt. 85 (April 26, 2021 civil minutes setting November 16, 2021 as the "Non-Expert Discovery Cutoff" following the parties' April 26, 2021 case management conference); Dkt. 112 (November 14, 2021 joint stipulation requesting that the "Non-Expert Discovery Cutoff" be extended from November 16, 2021 to April 18, 2022); Dkt. 115 (December 8, 2021 order extending

Though Plaintiffs now claim that they need more discovery, they identify no specific need—let alone any explanation of why more than a year's worth of discovery was not enough. During discovery, Plaintiffs obtained hundreds of thousands of pages of emails and other documents, voluminous data, and numerous depositions on wide-ranging *merits* topics covering Plaintiffs' individual claims as well as their class claims. At the hearing before this Court on class certification, counsel for Plaintiffs represented, in response to the Court's question:

> THE COURT: I thought that discovery was closed, and in fact that was a point of contention. So there is no more discovery to be done, I thought.
>
> MR. LAVIN: We don't need any more.

*See, e.g.* Jan. 27, 2023 Hearing Tr. at 60:1-4; *see also id*. at 90:21-22 (Plaintiffs' counsel explaining on the record that "a lot of that evidence was stricken by Judge Spero because it was produced well after [sic] discovery deadline in this case").[2] Plaintiffs were correct when they told this Court just a few months ago that they "don't need any more" fact discovery. Moreover, their proposal—that there be another five months of "written" discovery and depositions—is deliberately vague and lacks any specific reason or purpose. It is unclear what Plaintiffs have in mind, but any supplemental fact discovery needed by any party should be identified immediately with specificity, and completed by agreement of the parties or by Court order, so there is no need for any dedicated additional fact discovery period to be built into the schedule.[3]

***Merits Experts***. All parties agree that there is a need for merits experts. Defendants respectfully request that the Court set a schedule for merits expert disclosures (including reports) and depositions.

---

"Non-Expert Discovery Cutoff" from November 16, 2021 to April 18, 2022); Dkt. 139 (June 28, 2022 joint stipulation seeking leave to take certain "depositions after the close of discovery" due to scheduling constraints, even though "the parties [we]re on track to substantially complete fact discovery by the [then-]existing deadline" of July 15, 2022); Dkt. 143 (July 8, 2022 order granting the parties' request to take certain "depositions after the close of discovery until July 29, 2022").

[2] This transcript was filed under seal at Dkts. 288-2 and 288-3 to preserve the court reporter's statutory right to exclusive preparation of the transcript. *See* Dkt. 288-1 at 2 n.1.

[3] The only specific request for supplemental discovery by Defendants at this time is that, if Plaintiffs intend to rely on third-party Thomas Ralston (who Plaintiffs disclosed for the first time after the close of discovery—*see* Dkt. 264) as a witness on their individual claims, which Plaintiffs have not yet indicated, Defendants would like to depose Mr. Ralston, consistent with this Court's comments at the class certification hearing. Jan. 27, 2023 Hearing Tr. at 100:11-13. That deposition can be scheduled cooperatively and expeditiously without the need for a dedicated period of fact discovery in the schedule.

This can be done promptly in accordance with the schedule proposed below.  Defendants reserve their right to file *Daubert* motions, with leave of Court if necessary, with respect to Plaintiffs' experts.

      ***Dispositive Motions***.  The parties generally agree that the Court should set a schedule for cross-motions for summary judgment.  Plaintiffs' ERISA benefits claims as to United Defendants are to be decided by this Court on the administrative record, and this Court has recognized that many courts conduct this abuse-of-discretion review through a motion for summary judgment.  *See Josef K. v. California Physicians' Serv.*, 477 F. Supp. 3d 886, 896 n.4 (N.D. Cal. 2020) (Gonzalez Rogers, J.).  Defendants anticipate moving for summary judgment under Federal Rule of Civil Procedure 56 that addresses both Plaintiffs' ERISA and RICO claims.  Plaintiffs have indicated they may file a cross-motion, and briefing on that motion can be completed at the same time as Defendants' motion on the schedule proposed below.

      ***Motion for Stay***.  It is neither appropriate nor in the interests of judicial economy or efficiency to stay this action pending the resolution of Plaintiffs' Rule 23(f) petition.  To prevail on a motion to stay Plaintiffs must show that (1) they are likely to succeed on the merits of the appeal; (2) they will be irreparably harmed without the stay; (3) the stay will not substantially injure Defendants; and (4) the stay is in the public interest.  *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011); *Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 6082413, at *1 (N.D. Cal. 2016).  Plaintiffs cannot satisfy any of these factors.  Plaintiffs cannot show that their Rule 23(f) petition is likely to succeed because their petition does not identify any unsettled question of class action law that warrants review nor any manifest error by this Court.  Nor can Plaintiffs show that they will be irreparably harmed absent the stay.  Defendants' proposed schedule would allow for summary judgment briefing (with the Court's permission) in late August.  There is nothing burdensome or prejudicial in requiring Plaintiffs to continue to move the case forward while their petition is pending.  Defendants, in contrast, would be substantially injured by a stay.  This action has been pending for more than three years already and Defendants have an interest in this case "coming to a final determination."  *Williams v. Warner Music Grp. Corp.*, 2020 WL 2303099, at *3 (C.D. Cal. April 14, 2020) (finding risk of injury to party opposing stay was high if stay were granted where case had been "ongoing" for two years and defendant "had an interest in the case coming to a final determination").  Finally, a stay is not in the public interest because it will "delay[]

resolution of this case." *Id*. (finding that "the public interest is better served by the prompt determination" of an action than by a stay). Defendants reserve all rights to raise additional arguments in response to Plaintiffs' stay motion.

***Renewed Motion for Class Certification***.  There is no basis for any renewed motion for class certification and Defendants would oppose any such request or motion.  This action is distinguishable from *In re Lithium Ion Batteries Antitrust Litigation*, 2018 WL 42155873 (N.D. Cal. Sept. 4, 2018), where this Court identified specific defects that the plaintiffs could cure and included deadlines for a renewed motion so that plaintiffs could "cure the defects [the court] identified." *Id.* at *1.  Here, the flaws in Plaintiffs' class theory are incurable, and a vague desire to try again is not sufficient basis for a do-over.  Defendants reserve all rights to raise additional arguments in response to any renewed class certification motion, or request for leave to file such a motion, that Plaintiffs may submit.

***Trial(s)***.  The parties agree that, if any trial(s) are needed, Plaintiffs' ERISA claims would involve a bench trial, whereas Plaintiffs' RICO claims would involve a jury trial. *See* Dkt. 83 at 10–11 ("To the extent this is an ERISA action, Plaintiffs will seek a Rule 52 bench trial with witnesses. As to the non-ERISA claims, Plaintiffs will seek a jury trial . . . Defendants agree that Plaintiffs' ERISA claims are of the type normally subject to a bench trial, based on the administrative record for the claims at issue."); *see also Rodrigues v. Bank of Am.*, 2016 WL 3566950 at *4 (N.D. Cal. July 1, 2016) (stating that "jury trials are not required for ERISA claims") (citing *Thomas v. Or. Fruit Prods. Co.*, 228 F.3d 991, 997 (9th Cir. 2000)); *Sender v. Franklin Resources, Inc.*, 2015 WL 12938944, at *2 (N.D. Cal. Dec. 22, 2015) (stating the same and finding a bench trial to be appropriate for claims brought under ERISA section 502).  The parties further agree that precise sequencing of these trials will depend on how this Court rules on dispositive motions, as described above.  In the event that the Court is inclined to set aside time for trial now, because defense counsel already have a trial scheduled for the weeks of March 11 and 18, Defendants respectfully request that the Court not set trial for these dates.  Defendants also reserve all rights to file motions *in limine*, as appropriate.

**Defendants' Proposed Schedule**:

| Event | Deadline |
|---|---|
| Plaintiffs' Merits Expert Reports | June 15, 2023 |
| Defendants' Merits Expert Reports | August 2, 2023 |
| Close of Merits Expert Discovery/Completion of Expert Depositions | August 23, 2023 |
| Mediation Deadline | August 23, 2023 |
| Pre-Filing Conference for Dispositive Motions | August 30, 2023 at 2:00 p.m. |
| Defendants' Motions for Summary Judgment | September 19, 2023 |
| Plaintiffs' Opposition to Defendants' Motion for Summary Judgment/Cross-Motion for Summary Judgment[4] | October 10, 2023 |
| Defendants' Reply ISO their Motion for Summary Judgment/Opposition to Plaintiffs' Cross-Motion for Summary Judgment | October 30, 2023 |
| Plaintiffs' Reply ISO their Cross-Motion for Summary Judgment | November 14, 2023 |
| Hearing on Cross-Motions for Summary Judgment | December 13, 2023 at 2:00 p.m. |
| Pre-Trial Conference | March 30, 2024 at 9:30 a.m. |
| Trial Begins | April 15, 2024 at 8:00 a.m.[5] |

DATED: May 5, 2023

---

[4] Defendants recognize that the Court's standing order demands that a cross-motion/opposition to summary judgment shall be filed 14 days after the opening motion and the reply/opposition to cross-motion for summary judgment shall be filed 7 days after the filing of the opposition. However, given the two legal theories (ERISA and RICO) and multiple defendants to be covered in a single brief, Defendants respectfully request the Court permit the longer briefing schedule proposed by Defendants.

[5] Defendants recognize that the Court's calendar will dictate scheduling of the trial, but respectfully ask that the Court not schedule trial for the week of March 11 or 18, because of another trial commitment for defense counsel, as noted above.

|  |  |
|---|---|
|  | GIBSON, DUNN & CRUTCHER LLP |
|  | By: /s/ *Geoffrey Sigler* <br> Geoffrey Sigler |
|  | Attorneys for Defendants UNITED BEHAVIORAL HEALTH and UNITED HEALTHCARE INSURANCE COMPANY |
| DATED: May 5, 2023 | PHELPS DUNBAR LLP |
|  | By: /s/ *Errol King* <br> Errol King |
|  | Attorneys for Defendant MULTIPLAN, INC. |
|  | ERROL J. KING, JR. (*admitted pro hac vice*) <br> PHELPS DUNBAR LLP <br> II City Plaza, 400 Convention Street, Suite 1100 <br> Baton Rouge, Louisiana 70802 <br> Telephone: (225) 376-0207 <br> Facsimile: (225) 381-9197 <br> Errol.King@phelps.com |
| Dated: May 5, 2023 | ARNALL GOLDEN GREGORY LLP |
|  | By: /s/ *Matthew M. Lavin* <br> Matthew M. Lavin |
| Dated: May 5, 2023 | DL LAW GROUP |
|  | By: /s/ *David Lilienstein* <br> David Lilienstein |
|  | Attorneys for PLAINTIFFS |

**ATTESTATION PURSUANT TO LOCAL RULE 5-1**

I, Geoffrey Sigler, am the ECF user whose identification and password are being used to file this document.  Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories hereto.

Dated: May 5, 2023

/s/ *Geoffrey Sigler*

Geoffrey Sigler