Matthew M. Lavin (pro hac vice)
matt.lavin@agg.com
Aaron R. Modiano (pro hac vice)
aaron.modiano@agg.com
**Arnall Golden Gregory LLP**
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone:     202.677.4030
Facsimile:     202.677.4031

David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
**DL Law Group**
345 Franklin St.
San Francisco, CA 94102
Telephone:     415.678.5050
Facsimile:     415.358.8484

Attorneys for LD, DB, BW, RH, CJ, and the Putative Class

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISIONS

| | |
|---|---|
| LD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> United Behavioral Health, Inc., et al., <br><br> Defendants. | Case No. 4:20-cv-02254-YGR-JCS <br><br> Hon. Yvonne Gonzalez Rogers <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION** |

Pursuant to Local Rule 7-11 and/or Rule 23(c)(1)(C), Plaintiffs respectfully move this Court for an order granting leave for Plaintiffs to file a renewed motion for class certification, attached as Ex. A. This renewed motion is not a reworked or rehashed version of Plaintiffs' original motion. It is a completely redrafted motion that responds to changes in law since the original motion, addresses the deficiencies identified in this Court's Certification Order, and incorporates formerly withheld documents that were newly produced by Defendant MultiPlan.

I.   **Background**

A.   **Procedural History**

On August 17, 2022, Plaintiffs filed their motion for class certification. Dkt. No. 168. On March 31, 2023, this Court denied Plaintiffs' motion. *See* Dkt. No. 301 ("Certification Order") at 6–8. The Court's reasoning was brief—approximately two pages—and its basis for denial narrow. The Court held: (1) Plaintiffs failed to provide a damages model, and (2) the Ninth Circuit's recent decision in *Wit* barred the primary relief (reprocessing) Plaintiffs sought. *Id*. The Court did not specify whether dismissal was with or without prejudice. *See id.* at 12. On April 14, 2023, Plaintiffs timely filed their Petition for interlocutory appeal of this Court's Certification Order. *See* Dkt. No. 307; No. 23-80032, ECF No. 1 (9th Cir.). That application was stayed by the Ninth Circuit *sua sponte* pending issuance of the mandate in *Wit*.[1] No. 23-80032, ECF No. 10 (June 2, 2023). On May 5, 2023, Plaintiffs filed a Joint Case Management Statement and a motion for a stay pending the outcome of Plaintiffs' Petition. *See* Dkt. Nos. 310–11. In both filings, Plaintiffs indicated their intent to file a renewed motion for class certification incorporating newly discovered evidence and addressing the deficiencies identified in the Certification Order. *See id*. The Court denied the motion to stay on June 20, 2023 and issued a Pretrial Scheduling Order on June 23, 2023. *See* Dkt. Nos. 318–19.

B.   **Material Changes in Circumstances**

Since Plaintiffs first moved for certification, material changes in facts, law, and circumstances occurred. Two changes matter most. First, the day before the class certification

---

[1] The Ninth Circuit has also ordered a response from United to the petition for rehearing in *Wit*. No. 20-17363, ECF No. 141.

Plaintiffs' Motion for Leave to File

ARNALL GOLDEN GREGORY LLP
LIMITED LIABILITY PARTNERSHIP
2100 Pennsylvania Ave., NW
Suite 350S
Washington, DC 20037
Telephone: 202.677.4040

ARNALL GOLDEN GREGORY LLP
LIMITED LIABILITY PARTNERSHIP
2100 Pennsylvania Ave., NW
Suite 350S
Washington, DC 20037
Telephone: 202.677.4040

1 hearing, the Ninth Circuit issued *Wit*, which, at least in this Court's estimation, changed the legal

2 landscape regarding ERISA class certification, most significantly by barring the very remedy

3 Plaintiffs sought in this case. *See Wit v. United Behav. Health*, 58 F.4th 1080, 1094 (9th Cir.

4 2023). Second, Multiplan—in response to this Court's Certification Order—produced formerly

5 withheld documents that: (1) enabled Plaintiffs to create a detailed damages model that addresses

6 *Wit* and the deficiencies discussed in the Certification Order; and (2) allows Plaintiffs to

7 calculate damages themselves without reprocessing or other actions from Defendants.

8        Both of these material changes have merits consequences and warrant another

9 opportunity for Plaintiffs to establish class certification. Simply put, when Plaintiffs filed their

10 original motion, *Wit* had not been decided and reprocessing was widely considered an available

11 and adequate remedy.[2] *See, e.g.*, *Lacko v. United of Omaha Life Ins.*, 926 F.3d 432, 447 (7th Cir.

12 2019) (describing reprocessing as the "most common remedy when an ERISA plan

13 administrator's benefits decision is deemed arbitrary"); *see also Miller v. United Welfare Fund*,

14 72 F.3d 1066, 1073–74 (2d Cir. 1995). It was therefore appropriate at that time for Plaintiffs to

15 seek reprocessing and to focus their certification efforts on Rule 23(b)(1) and (b)(2). *Wit* (or at

16 least this Court's reliance and application of *Wit*) changed that. Accordingly, the Court should

17 give Plaintiffs another chance to seek certification with the benefit of those decisions.  In

18 addition, even if Plaintiffs *had* had the benefit of the *Wit* decision, Multiplan improperly

19 withheld documents that enable the creation of a damages model that addresses the deficiencies

20 identified by the Certification Order and otherwise contains extremely probative information.

21 Those documents were provided to Plaintiffs only after this Court's order denying Defendants'

22 challenge to the Magistrate's decision requiring the production of these documents. *See*

23 Certification Order at 8–10. These documents proved probative to Plaintiffs' case and damages

24 model and are relied upon extensively in the renewed motion. *See*, *e.g.*, Renewed Motion (Ex.

25 A.), Exs. 28–33.

26

27

28     

---

[2] Of course, Plaintiffs still believe the "reprocessing" remedy sought in the original motion was distinguishable in nature and in context from the remedy sought in *Wit*, and Plaintiffs continue to pursue their Ninth Circuit appeal of the Certification Order for that reason.

ARNALL GOLDEN GREGORY LLP
LIMITED LIABILITY PARTNERSHIP
2100 Pennsylvania Ave., NW
Suite 350S
Washington, DC 20037
Telephone 202.677.4040

## II.   <u>Legal Standard</u>

The Ninth Circuit has not yet ruled on the specific standard for review for renewed motions for class certification. *Stemmelin v. Matterport, Inc.*, 2022 WL 4843089, at *1 (N.D. Cal. Oct. 3, 2022). Some judges in the Northern District apply the "reconsideration standard."[3] *See id.*; *In re Lithium Ion Batteries Antitrust Litig.*, 2018 WL 4215573 at *3–4 (N.D. Cal. Sept. 4, 2018) (Gonzalez Rogers, J.); *English v. Apple Inc*, 2016 WL 1108929 at *5 (N.D. Cal. Mar. 22, 2016); *Daniel F. v. Blue Shield of California*, 2015 WL 3866212 at *3 (N.D. Cal., June 22, 2015). Under the reconsideration standard, a district court "will grant a motion for reconsideration if (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) the court failed to consider material facts or dispositive legal arguments which were presented to the court." *Stemmelin*, 2022 WL 4843089 at *1.

In *Lithium Ion Batteries*, this Court appeared to adopt the reconsideration standard. It held that the movant in a renewed motion for class certification must show there is a material change in the facts, law, or circumstances that would justify the renewed motion. 2018 WL 4215573 at *3–*4. The Court emphasized that the renewed motion cannot be an attempt to re-litigate issues that a court has already decided or to circumvent a court's previous rulings. *Id*. Notably, the Court indicated that motions for leave to file renewed motions to certify are favored where, as here, the district court did not expressly invite a renewed motion. *See id.* at *3 n.1.

## III.   <u>Analysis</u>

### A.   **There has been a significant change in law.**

The Ninth Circuit's ruling in *Wit*, rendered on the eve of the class certification hearing in this case, represents an "intervening change in controlling law." S*ee Lithium Ion Batteries*, 2018 WL 4215573, at *4; *Wit*, 58 F.4th at 1094. As determined by the Court in its Certification Order, *Wit* redefined the legal landscape regarding ERISA class certification and addressed the very relief that Plaintiffs sought here—reprocessing. *See* Certification Order at 6. This novel decision

---

[3] Other courts have applied more lenient standards. The Third Circuit, for instance, has held that even absent new evidence or changes in law, a plaintiff can succeed on a renewed motion "if they more clearly define their proposed class." *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 477 (3rd Cir. 2020).

was a departure from longstanding case law establishing reprocessing as an available remedy in the ERISA class action context. *See, e.g.*, *Lacko*, 926 F.3d at 447; *Miller*, 72 F.3d at 1073–74. Had *Wit* been issued prior to Plaintiffs' motion for certification, Plaintiffs would not have sought reprocessing or focused their efforts on Rule 23(b)(1) and (b)(2). Indeed, Plaintiffs' focus on reprocessing was precisely the ground on which the Court denied certification. Certification Order at 6 (focusing on reprocessing and specifying its decision arose "*in light of* the Ninth Circuit's Decision in *Wit*"). For these reasons, Plaintiffs should have the opportunity to pursue certification under a different damages theory. Plaintiffs' renewed motion does not seek reprocessing as a remedy and will seek to certify primarily under Rule 23(b)(3) for monetary damages as outlined in the expert damages report accompanying the renewed motion.

In addition, Plaintiffs sought class certification primarily under Rule 23(b)(1) and (b)(2) given the presumed availability of reprocessing at that time. They did not focus their efforts on a Rule 23(b)(3) monetary damages class because reprocessing is primarily an injunctive remedy and not monetary damages. *See, e.g.*, *Des Roches v. California Physicians' Serv.*, 320 F.R.D. 486, 508 (N.D. Cal. 2017) (describing reprocessing as an "injunction" and rejecting to characterize reprocessing as "monetary damages"); *Meidl v. Aetna, Inc.*, 346 F. Supp. 3d 223, 241 (D. Conn. 2018) (describing reprocessing as "a form of retrospective injunctive relief"). Presumably because of the focus in Plaintiffs' certification motion on injunctive relief, the Court's Certification Order did not consider Plaintiffs' ERISA Rule 23(b)(3) theory. *See* Certification Order 6–8. A renewed motion for class certification will allow Plaintiffs to seek monetary damages under Rule 23(b)(3) given *Wit*. In short, *Wit* compels a reevaluation of class certification based on a renewed motion that has an opportunity to respond to *Wit*, primarily by seeking a new type of damages that does not involve reprocessing and satisfies the requirements of Rule 23(b)(3). A change in the law is grounds for filing a renewed motion for class certification, and in line with the significant shift of *Wit*, the Court should grant leave for Plaintiffs to file their renewed motion for class certification.

**B.    New evidence has become available.**

Following this Court's Certification Order, Defendant Multiplan produced documents

ARNALL GOLDEN GREGORY LLP
LIMITED LIABILITY PARTNERSHIP
2100 Pennsylvania Ave., NW
Suite 350S
Washington, DC 20037
Telephone: 202.677.4040

that were previously withheld. These documents provide substantial new evidence that strongly supports Plaintiffs' allegations. They provide categorically new information that enables Plaintiffs' to create a detailed damages model that addresses *Wit* and the deficiencies identified in the Certification Order. These documents were not available to Plaintiffs at the time of the original motion for class certification, their introduction justifies a renewed motion, and the renewed motion relies on them heavily. *See, e.g.*, Renewed Motion (Ex. A.), Exs. 28–33.

These documents were provided only after a dispute over Defendant MultiPlan's privilege log. On July 31, 2022, and subsequently on a motion to compel, Plaintiffs questioned the adequacy of MultiPlan's privilege log, asserting that the withheld documents were potentially crucial for the certification of the proposed class. *See* Dkt. Nos. 159, 165. After extensive litigation and multiple Court orders, the Court found that MultiPlan had ignored rulings and failed to support their claims for withholding, leading to a finding that MultiPlan waived all privilege and work product protection as to the documents listed on its privilege log. *See* Dkt. No. 266 (Second Order re: Motion to Compel); *see also* Dkt. No. 162; *LD v. United Behav. Health*, 2022 WL 4878726, at *12 (N.D. Cal. Oct. 3, 2022). The Court confirmed its motion to compel ruling in the Certification Order, and only then—*after* the certification briefing—did Multiplan produce the withheld documents. Certification Order 8–9. The Court's order to disclose these documents, previously improperly withheld, has led to the availability of new evidence pertinent to Plaintiffs' renewed motion. This "new evidence" justifies a renewed class certification motion. *Stemmelin*, 2022 WL 4843089 at *1.

## IV.  <u>Conclusion</u>

Given the timing of the *Wit* decision and the withholding of key documents by Multiplan, the Court could not consider material facts and arguments because those facts and arguments could not have been included in Plaintiffs' original motion for class certification. These facts and arguments are crucial to Plaintiffs' ability to present an adequately detailed damages model and to argue for class certification that aligns with the changed legal landscape. Plaintiffs respectfully request that this Court grants leave for them to file a renewed motion for class certification.

ARNALL GOLDEN GREGORY LLP

LIMITED LIABILITY PARTNERSHIP
2100 Pennsylvania Ave., NW
Suite 350S
Washington, DC 20037
Telephone: 202.677.4040

Plaintiffs' Motion for Leave to File

Dated: July 16, 2023

Arnall Golden Gregory LLP

By:   */s/ Matthew M. Lavin*
      Matthew M. Lavin
      Aaron R. Modiano

DL Law Group

By:   */s/ David M. Lilienstein*
      David M. Lilienstein
      Katie J. Spielman

Attorneys for Plaintiffs