# EXHIBIT 16

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD, DB, BW, RH, and CJ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>Defendants. | Case No. 4:20-cv-02254-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**DECLARATION OF CREYNA FRANCO IN SUPPORT OF PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR A DE NOVO STANDARD OF REVIEW** |

Exhibit 0013

# DECLARATION OF CREYNA FRANCO

I, CREYNA FRANCO, declare under penalty of perjury as follows:

1. I have personal knowledge of each of the facts set forth in this declaration and can testify competently thereto except as to the matters stated on information and belief, as to such matters, I believe them to be true.

2. I am the Senior Auditor at Summit Estate of Summit Estate Recovery Center ("Summit Estate"), the behavioral facility that provided treatment for behavioral health disorders to the Plaintiffs in this matter.

3. As part of my regular job duties as senior Auditor, over the past 7 years I have handled dozens of individual claims priced by Multiplan / Viant, which I refer to in this Declaration as Viant.

4. The claims process begins with a Verification of Benefits (VOB) phone call to United. During this call United informs me that claims will be paid as a percentage of the usual and customary rate for our geographic location, during which United also informs me of the exact percentile according to which out-of-network claims such as those from Summit Estate will be paid.

5. The percentile given by the United representative during these calls is often given as a percentage of the 80th percentile, the usual and customary rate in the same geographic location. Based on my experience, this amount is understood by both parties to be the "UCR" or Usual, Customary and Reasonable rate.

6. For every claim at issue, Summit Estate submitted claims to United electronically, and received payment through an automatic, electronic process.

7. For every claim at issue, Summit Estate received corresponding Provider Remittance Advice (PRA) documents that contained the 'CY' remark code.

8. It is my understanding, based upon my dealings with Viant in my capacity as the Senior Auditor for Summit Estate, that the CY remark code indicates that the payment amount received by Summit Estate was an amount calculated and determined by Viant, and not United.

9. The payment amounts that were calculated and determined by Viant grossly

-1-

Case No. 4:20-cv-02254-YGR  
17317813v1

DECLARATION OF CYRENA FRANCO

1  underpaid that billed amount. I know this because for many claims at issue, after receiving the
2  automated underpayment payment and PRA, I contacted United and asked who had processed
3  the claim.

4      10.    For all of these claims, I was one of the individuals at Summit Estate responsible
5  for following up on any underpayments, including phone calls and emails with Viant and United.

6      11.    In each instance, I was told by the United representative that Viant, not United,
7  had priced the claims.

8      12.    For many claims, I asked the United representative to speak to a United
9  supervisor about the underpayment of the claim.

10      13.    After asking to speak to a United representative, I was put on hold and the call
11  was transferred directly to a Viant representative. In some cases, rather than transfer my call, the
12  United representative would give me the number for Viant and instruct me to call them.

13      14.    For the Plaintiffs' claims and for other claims priced by Viant, I have requested
14  that the claims be returned to United and that they be processed according to the plan terms and
15  benefits, however, this has never happened once in my experience. In my role as Senior Auditor,
16  of the dozens of Viant-priced claims I have handled and appealed, Viant-priced claims are never
17  reprocessed or repriced by United, the Viant pricing is upheld. There is never any additional
18  payment.

19      15.    On a few occasions, after appeals to Viant, Viant has offered to pay some nominal
20  additional amount (such as $25.00) on the claims. Summit Estate has never accepted these offers
21  because they are always still far below what we were quoted on our Verifications of Benefits call
22  with United for that patient.

23      16.    On occasion, I have been told by Viant representatives that Viant does not have
24  access to plan terms, and Viant does not use plan terms in the pricing of the claims.

25      17.    Despite Summit Estate's repeated requests that the Viant claims be processed as
26  quoted on the VOB calls by United, United has never offered to negotiate the claim
27  underpayments; instead, I have been repeatedly told that the claim was priced correctly by Viant,
28  and that the decision was final, and no additional payment would be issued. When I contacted

-2-

United regarding these claims and asked them to reconsider the Viant pricing, I was told that the decision made by Viant was final and would not be reconsidered or reprocessed by United.

18. In my experience, United has never changed the payment amount of claims priced by Viant.

19. Because of their apparent control of the pricing process, I actually wondered if United was owned by Viant.

20. The only entity that has negotiated claim pricing with me for the underpaid claims at issue in this lawsuit is Viant and not United.

I declare under penalty of perjury under the laws of the United States of America and California that the foregoing is true and correct, and that this declaration was executed on November 3, 2021 at Sherman Oaks, California.

Dated: November 3, 2021

By: *Creyna Franco* (signature)
Creyna Franco