Matthew M. Lavin (pro hac vice)
matt.lavin@agg.com
Aaron R. Modiano (pro hac vice)
aaron.modiano@agg.com
**Arnall Golden Gregory LLP**
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone:   202.677.4030
Facsimile:   202.677.4031

David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
**DL Law Group**
345 Franklin St.
San Francisco, CA 94102
Telephone:   415.678.5050
Facsimile:   415.358.8484

Attorneys for LD, DB, BW, RH, CJ, and the Putative Class

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| LD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> United Behavioral Health, Inc., et al., <br><br> Defendants. | Case No. 4:20-cv-02254-YGR-JCS <br><br> Hon. Yvonne Gonzalez Rogers <br><br> **Plaintiffs' Reply to Defendants' Response to Plaintiffs' Administrative Motion to File Material Designated as Confidential Under Seal (Dkt. 324)** |

Pursuant to ECF No. 334, Plaintiffs LD, et al. ("Plaintiffs") on behalf of themselves and all others similarly situated hereby file this reply to the Declarations of Lauren M. Blas, Marjorie Wilde, and Rebecca Paradise in Support of Defendants' Response to Plaintiffs' Administrative Motion to File Material Designated as Confidential Under Seal (Dkt. 337).

The parties have entered into a protective order in this action prior to the commencement

of discovery. (Dkt. 25.) The protective order was intended to cover information subject to the protections of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), personally identifiable information ("PII"), patient health information ("PHI"), and information protectable as a trade secret. (See id.)

In this instance, and in opposition to the general history of access and public policies favoring disclosure, Defendants have opposed Plaintiffs' motion to file unredacted and/or unsealed documents on the docket in connection with Plaintiffs' Renewed Motion for Class Certification. The compelling reasons standard applies to motions to seal documents related to class certification, *see, e.g., Yan Mei Zheng v. Toyota Motor Corp.*, 17-CV-06591-BLF, 2019 WL 6841324, at *1 (N.D. Cal. Dec. 16, 2019), and Defendants have failed to articulate compelling reasons that such records should remain sealed. As the party seeking to seal documents, Defendants have the burden of identifying the specific harms that would come from disclosure or describe them with particularity to justify sealing. *See Martin v. Wells Fargo Bank, N.A.*, No. CV 12-06030 SI, 2013 WL 5441973, at *2 (N.D. Cal. Sept. 30, 2013). Sealing motions in this district also must be "narrowly tailored to seek sealing only of sealable material," Civil L.R. 79-5(c)(3), and a party moving to seal a document in whole or in part must explain "why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1)(iii). Critically, a "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c)." *Simpson Strong-Tie Co. Inc. v. MiTek Inc.*, 20-CV-06957-VKD, 2023 WL 350401, at *1 (N.D. Cal. Jan. 20, 2023).

It has become clear during discovery in this case that Defendants' have applied confidentiality designations under the guise of protecting trade secrets, when in fact, Defendants seek to shield evidence concerning Plaintiffs' theory of the case from the general public. *See*

*Velasco v. Chrysler Grp. LLC*, CV1308080DDPVBK, 2017 WL 445241, at *4 (C.D. Cal. Jan. 30, 2017), aff'd sub nom. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 Fed. Appx. 463 (9th Cir. 2018) (finding a statement describing Plaintiff's theory of the defect was not evidence of a proprietary trade secret "but instead a statement of one party's position").

Plaintiffs' do not object to redacting PII and PHI; however, Defendants have failed to identify a true trade secret warranting sealing or redacting. Further, simply stating that "the Court previously ordered the same or a similar composite document sealed" is not enough to justify sealing here. *See Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 2003) (holding that "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order.").

Plaintiffs contend that no compelling reasons exists to seal many of the materials Defendants have designated, as there is a public interest in this information and disclosure of the sealed information will not result in improper use for "scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010). The mere fact that disclosure of this information may lead to further litigation for the Defendants is not cause enough to seal. *Miller v. RP On-Site, LLC*, 2021 WL 624175, at *1 (N.D. Cal. Jan. 8, 2021).

## CONCLUSION

Attached hereto is an appendix detailing Plaintiffs' responses to each of Defendants' 153 requests to seal or redact and Defendants' corresponding bases for sealing. In addition to paper Chamber Copies, Plaintiffs' will also provide the Court with a thumb drive with an electronic version of the attached appendix in Excel format.

For all the reasons stated above, Plaintiffs respectfully ask the Court grant the above motion.

Dated: August 7, 2023

Arnall Golden Gregory LLP

By: /s/ Matthew M. Lavin
Matthew M. Lavin
Aaron R. Modiano

DL Law Group

By: /s/ David M. Lilienstein
David M. Lilienstein
Katie J. Spielman

Attorneys for Plaintiffs RJ, SJ, LW, MW, DS and the putative Class