1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                            OAKLAND DIVISION

11  LD, DB, BW, RH, and CJ, on behalf of          Case No.: 4:20-cv-02254-YGR
    themselves and all others similarly situated,
12
                                                   **ORDER GRANTING IN PART**
13              Plaintiffs,                         **DEFENDANTS' RENEWED**
                                                   **ADMINISTRATIVE MOTION TO SEAL**
14          v.

15  UNITED HEALTHCARE INSURANCE
    COMPANY, a Connecticut Corporation,
16  UNITED BEHAVIORAL HEALTH, a
    California Corporation, and MULTIPLAN,
17  INC., a New York Corporation,

18              Defendants.

19
20
21
22
23
24
25
26
27
28

**ORDER**

The Court, having considered defendants United Healthcare Insurance Company's and United Behavioral Health's (collectively "United Defendants") and defendant MultiPlan, Inc. (together, "Defendants") Renewed Administrative Motion to File Under Seal, the Declarations of Rebecca Paradise, Jeffrey Schneewind, Lauren Blas, Craig Caesar, Marjorie Wilde, and Sean Crandell; the Declarations of Non-Party Plan Sponsors Cisco Systems, Inc., Union Pacific Railroad Company, Delta Air Lines, Inc., Oracle Corporation, Raytheon Company, and McMaster-Carr Supply Company; and plaintiffs' non-opposition to the sealing of certain documents as detailed at ECF Nos. 170, 229, 251, and 263, hereby **ORDERS** sealing as laid out in the chart which follows.[1]

As set forth herein, the Court requires additional information for some requests. This is particularly important in light of the communication referenced below. The parties shall submit this information with ten (10) days of this Order.

The parties are advised that the Court is in receipt of a letter from the New York Times (included as Attachment A) which emphasizes the importance and value of open information in our legal system. The Court concurs with that proposition and works diligently to ensure transparency while balancing the needs identified in requests to seal. The Court reminds parties that any requests to seal must be *narrow*. Broad requests to seal whole documents with old, no longer used agreements or nonproprietary information will be denied unless sufficient reasons exist to do otherwise.

Moreover, the public should be aware of the significant resources required to evaluate extensive sealing requests which frequently are done in a complicated and non-user-friendly manner. The Court is working to find a more streamlined approach to address the requests.

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 48 to the Declaration of Jeff Schneewind (Dkt. 207-1), excerpts from the ASA between | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance | Tentatively denied as overbroad. No indication of which if any provisions remain competitive in 2023. |

---

[1] Given the procedural posture, certain requests are granted which may not be if this case is ever tried.

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| UHC and Apple Computer, Inc and subsequent amendments. | Company and a plan sponsor, which reflects commercially sensitive and proprietary information. Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5; Renewed Schneewind Decl. ¶¶ 4-5. | Some of these documents are unsigned and are drafts. Many provisions are generic. More specific information is required. |
| Exhibit 49 to the Declaration of Jeff Schneewind (Dkt. 207-1), excerpts from the ASA between UHC and Cisco Systems, Inc. and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information. Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5; Renewed Schneewind Decl. ¶¶ 4-5. *See also* Cisco Decl., ¶¶ 8-18. | Tentatively denied as overbroad. No indication of which if any provisions remain competitive in 2023.<br><br>Some of these documents are unsigned and are drafts. Many provisions are generic. More specific information is required. |
| Exhibit 50 to the Declaration of Jeff Schneewind (Dkt. 207-1), excerpts from the ASA between UHC and Delta Air Lines, Inc. and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information. Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5 and Renewed Schneewind Decl. ¶¶ 4-5. *See also* Delta Decl. ¶¶ 6-10. | Tentatively denied as overbroad. No indication of which if any provisions remain competitive in 2023.<br><br>Some of these documents are unsigned and are drafts. Many provisions are generic. More specific information is required. |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 51 to the Declaration of Jeff Schneewind (Dkt. 207-1), excerpts from the ASA between UHC and General Dynamics Corporation and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information.  Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5; Renewed Schneewind Decl. ¶¶ 4-5. | Tentatively denied as overbroad. No indication of which if any provisions remain competitive in 2023.  Some of these documents are unsigned and are drafts. Many provisions are generic. More specific information is required. |
| Exhibit 52 to the Declaration of Jeff Schneewind (Dkt. 207-1), excerpts from the ASA between UHC and JP Morgan Chase Bank, N.A., and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information.  Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5; Renewed Schneewind Decl. ¶¶ 4-5. | Granted as to version on Dkt. No. 338. |
| Exhibit 53 to the Declaration of Jeff Schneewind (Dkt. 207-1), excerpts from the ASA between UHC and McMaster-Carr Supply Company and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information.  Details | Tentatively denied as overbroad. No indication of which if any provisions remain competitive in 2023.  Some of these documents are unsigned and are drafts. Many provisions are generic. More specific information is required. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5; Renewed Schneewind Decl. ¶¶ 4-5. *See also* McMaster-Carr Decl. ¶¶ 6-10. | |
| Exhibit 54 to the Declaration of Jeff Schneewind (Dkt. 207-1), excerpts from the ASA between UHC and Nestle USA, Inc. and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information.  Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5; Renewed Schneewind Decl. ¶¶ 4-5. | Granted as to version on Dkt. No. 338. |
| Exhibit 55 to the Declaration of Jeff Schneewind (Dkt. 207-1), excerpts from the ASA between UHC and Oracle Corporation and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information.  Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5; Renewed Schneewind Decl. ¶¶ 4-5. *See also* Oracle Decl. ¶¶ 6-10. | Tentatively denied as overbroad. No indication of which if any provisions remain competitive in 2023.<br><br>Some of these documents are unsigned and are drafts. Many provisions are generic. More specific information is required. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 56 to the Declaration of Jeff Schneewind (Dkt. 207-1), excerpts from the ASA between UHC and Raytheon Company and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information.  Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5; Renewed Schneewind Decl. ¶¶ 4-5.  *See also* Raytheon Decl. ¶¶ 4-8. | Granted as to version on Dkt. No. 338. |
| Exhibit 57 to the Declaration of Jeff Schneewind (Dkt. 207-1), excerpts from the ASA between UHC and Tesla, Inc. and subsequent amendments. | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects commercially sensitive and proprietary information.  Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5; Renewed Schneewind Decl. ¶¶ 4-5. | Tentatively denied as overbroad. No indication of which if any provisions remain competitive in 2023.<br><br>Some of these documents are unsigned and are drafts. Many provisions are generic. More specific information is required. |
| Exhibit 70 to the Declaration of Rebecca Paradise (Dkt. 208-1), communications to UHC plan sponsor account teams. | Contains commercially sensitive information regarding United's internal discussions about out-of-network programs (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). Contains specific savings projections and changes to fees charged to customers, which became effective January 1, 2021 and is still operative | Granted. |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | today. *See* Renewed Paradise Decl. ¶ 4. | |
| Exhibit 71 to the Declaration of Rebecca Paradise (Dkt. 208-1), communications to UHC plan sponsor account teams. | Contains commercially sensitive information regarding United's internal discussions about out-of-network programs, including detailing recommendations to clients about updated out-of-network reimbursement plans, which became effective January 1, 2021 and is still operative today. *See* Renewed Paradise Decl. ¶ 4; *see also* Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5. | Denied. |
| Exhibit 72 to the Declaration of Rebecca Paradise (Dkt. 208-1), example of a PAD letter. | Contains protected health information (PII/PHI, Renewed Blas Decl. ¶ 4; *see also* Second Blas Decl. (Dkt. 227) ¶ 5). *See also* Modiano Dec. (Dkt. 229). | Granted. |
| Exhibit 73 to the Declaration of Rebecca Paradise (Dkt. 208-1), excerpt from UHC's Performance Summary for Facility R&C for 2020. | Contains proprietary information regarding UHC's out of-network programs' operations, performance, and procedures, detailing specific savings figures and Facility R&C negotiation success rates during the fourth quarter of 2020. *See* Renewed Paradise Decl. ¶ 4; *see also* (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5)). | Granted. |
| Exhibit 110 to the Declaration of Geoffrey Sigler (Dkt. 209-2), documents introduced as Exhibits 9, 19, and 22 to the deposition of Radames Lopez. | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes, including proposed changes to an internal repository of information maintained by UHC, and specifically referencing particular out-of- | Granted. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | network programs and strategy regarding influencing customers' choices between these plans.  *See* Renewed Paradise Decl. ¶ 4; *see also* (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | |
| Exhibit 112 to the Declaration of Geoffrey Sigler (Dkt. 209-2), document introduced as Exhibit 8 to the deposition of Sarah Peterson.<br><br>*Narrowed version refiled concurrently herewith.* | Contains commercially sensitive information regarding United's internal discussions about out-of-network programs, including sensitive communications with a plan sponsor about their considerations and United's pricing methodology (Renewed Paradise Decl. ¶ 4; *see also* Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | Granted. |
| Exhibit 128 to the Declaration of Geoffrey Sigler (Dkt. 209-3), email thread produced by UnitedHealthcare Insurance Company in this action as UHC000070704–10. | Contains information about fee arrangements with UHC customers (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's business strategy, client relationships and proprietary processes, including sensitive communications with a plan sponsor about their considerations and United's pricing methodology (Renewed Paradise Decl. ¶ 4; *see also* Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | Granted. |
| Exhibit 129 to the Declaration of Geoffrey Sigler (Dkt. 209-3), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |

Gibson, Dunn & Crutcher LLP

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| UBH3449 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | | |
| Exhibit 130 to the Declaration of Geoffrey Sigler (Dkt. 209-3), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3459 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 131 to the Declaration of Geoffrey Sigler (Dkt. 209-4), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3352 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4l Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 132 to the Declaration of Geoffrey Sigler (Dkt. 209-4), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3461 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4l Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 133 to the Declaration of Geoffrey Sigler (Dkt. 209-4), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3462 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 134 to the Declaration of Geoffrey Sigler (Dkt. 209-4), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3463 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4l Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 135 to the Declaration of Geoffrey Sigler (Dkt. 209-4), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3465 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 136 to the Declaration of Geoffrey Sigler (Dkt. 209-4), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3430 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 137 to the Declaration of Geoffrey Sigler (Dkt. 209-4), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3431 and submitted as an attachment to the Declaration of Ngoc Han Nguyen. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 139 to the Declaration of Geoffrey Sigler (Dkt. 209-4), | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, | Granted. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| document introduced as Exhibit 3 to the deposition of named plaintiff BW and bates numbered PLD0000711-13. | Renewed Blas Decl. ¶ 4; ; Second Blas Decl. (Dkt. 227) ¶ 5.  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | |
| Exhibit 140 to the Declaration of Geoffrey Sigler (Dkt. 209-4), letter introduced as Exhibit 9 to the deposition of named plaintiff BW and bates numbered PLD0000001. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Granted. |
| Exhibit 143 to the Declaration of Geoffrey Sigler (Dkt. 209-5), invoice introduced as Exhibit 12 to the deposition of named plaintiff BW and bates numbered PLTFIRSTPROD0000394-95. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Granted. |
| Exhibit 146 to the Declaration of Geoffrey Sigler (Dkt. 209-5) at 38:16-25, 42:6-22, 153:8, certified transcript of the deposition of named plaintiff RH taken in this matter on June 8, 2022.<br><br>*Narrowed version refiled concurrently herewith.* | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 150 to the Declaration of Geoffrey Sigler (Dkt. 209-5), letter introduced as Exhibit 10 to the deposition of named plaintiff RH and bates numbered PLTFIRSTPROD0000984–85. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Granted. |
| Exhibit 151 to the Declaration of Geoffrey Sigler (Dkt. 209-6), letter introduced as Exhibit 11 to the deposition of named plaintiff RH and bates numbered PLTFIRSTPROD0000920–21. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5.)  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Granted. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 152 to the Declaration of Geoffrey Sigler (Dkt. 209-6), document introduced as Exhibit 12 to the deposition of named plaintiff RH and bates numbered PLTFIRSTPROD0001014-15; PLTFIRSTPROD0000978–79. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Granted. |
| Exhibit 153 to the Declaration of Geoffrey Sigler (Dkt. 209-6), invoice introduced as Exhibit 13 to the deposition of named plaintiff RH and bates numbered PLTFIRSTPROD0000919. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Granted. |
| Exhibit 155 to the Declaration of Geoffrey Sigler (Dkt. 209-6) 23:17-24:7, 27:1-28:25, 125:24-25, 134: 9-24, certified transcript of the deposition of named plaintiff LD taken in this matter on June 14, 2022.<br><br>*Narrowed version refiled concurrently herewith.* | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 156 to the Declaration of Geoffrey Sigler (Dkt. 209-6), letter introduced as Exhibit 7 to the deposition of named plaintiff LD and bates numbered PLD0001492–93. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Granted. |
| Exhibit 157 to the Declaration of Geoffrey Sigler (Dkt. 209-6), invoice introduced as Exhibit 9 to the deposition of named plaintiff LD and bates numbered PLTFIRSTPROD0000901. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Granted. |
| Exhibit 158 to the Declaration of Geoffrey Sigler (Dkt. 209-6), | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, | Granted. |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| receipt introduced as Exhibit 10 to the deposition of named plaintiff LD and bates numbered PLTFIRSTPROD0000484–85. | Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5.  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | |
| Exhibit 159 to the Declaration of Geoffrey Sigler (Dkt. 209-6), letter introduced as Exhibit 13 to the deposition of named plaintiff LD and bates numbered PLD0001531–41. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Granted. |
| Exhibit 162 to the Declaration of Geoffrey Sigler (Dkt. 209-7) at 110:10-16, 22-25, certified transcript of Volume I of the deposition of named plaintiff DB taken in this matter on June 7, 2022.  *Narrowed version refiled concurrently herewith.* | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 163 to the Declaration of Geoffrey Sigler (Dkt. 209-7) at 136:1-137:11, 150:24-151:8, 151:16-25, 168:17-25; 213:1-4, 21-25, certified transcript of Volume II of the deposition of named plaintiff DB taken in this matter on June 28, 2022.  *Narrowed version refiled concurrently herewith.* | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 169 to the Declaration of Geoffrey Sigler (Dkt. 209-7), letter introduced as Exhibit 11 to the deposition of named plaintiff DB and bates numbered PLTFIRSTPROD0000001–178. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Granted. |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 172 to the Declaration of Geoffrey Sigler (Dkt. 209-8) at 25:6-11, 25:16-23, 26:2-5, 26:20-23, certified transcript of the deposition of named plaintiff CJ taken in this matter on June 15, 2022.<br><br>*Narrowed version refiled concurrently herewith.* | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 173 to the Declaration of Geoffrey Sigler (Dkt. 209-8), document introduced as Exhibit 2 to the deposition of named plaintiff CJ and bates PLD0003380–3382. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Granted. |
| Exhibit 174 to the Declaration of Geoffrey Sigler (Dkt. 209-8), letter introduced as Exhibit 5 to the deposition of named plaintiff CJ and bates numbered PLTFIRSTPROD0000447. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). *See also* Modiano Decl. (Dkt. 229) ¶ 5.. | Granted. |
| Exhibit 175 to the Declaration of Geoffrey Sigler (Dkt. 209-8), invoice introduced as Exhibit 6 to the deposition of named plaintiff CJ and bates numbered PLTFIRSTPROD0000471. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Granted. |
| Exhibit 176 to the Declaration of Geoffrey Sigler (Dkt. 209-8), receipt introduced as Exhibit 8 to the deposition of named plaintiff CJ and bates numbered PLD0003386–88. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Granted. |
| Exhibit 178 to the Declaration of Geoffrey Sigler (Dkt. 209-8), letter introduced as Exhibit 10 to the deposition of named | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) | Granted. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| plaintiff CJ and bates numbered UBH000002426. | ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | |
| Exhibit 179 to the Declaration of Geoffrey Sigler (Dkt. 209-8), named plaintiff BW's supplemental response to UBH's first set of interrogatories, dated July 15, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Denied as overbroad. |
| Exhibit 180 to the Declaration of Geoffrey Sigler (Dkt. 209-8), named plaintiff RH's supplemental response to UBH's first set of interrogatories, dated July 15, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Denied as overbroad. |
| Exhibit 181 to the Declaration of Geoffrey Sigler (Dkt. 209-9), named plaintiff LD's supplemental response to UBH's first set of interrogatories, dated July 15, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 5. | Denied as overbroad. |
| Exhibit 182 to the Declaration of Geoffrey Sigler (Dkt. 209-9), named plaintiff DB's supplemental response to UBH's first set of interrogatories, dated July 15, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 4. | Denied as overbroad. |
| Exhibit 183 to the Declaration of Geoffrey Sigler (Dkt. 209-9), named plaintiff CJ's supplemental response to UBH's first set of interrogatories, dated July 15, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5).  *See also* Modiano Decl. (Dkt. 229) ¶ 4. | Denied as overbroad. |
| Portions of Exhibit 184 to the Declaration of Geoffrey Sigler (Dkt. 209-9), a transcript of the September 26, 2022 deposition of Plaintiffs' proposed expert, | Contains highly confidential and commercially-sensitive information about MultiPlan's proprietary Viant OPR product. The public disclosure of such | Granted as to the specified citations only. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Dr. Robert L. Ohsfeldt, 83:7-87:20; 88:18-89:19; 92:2-12; 92:15-93:10; 94:2-96:12; 97:15-98:17; 99:2-19; 107:4-108:16; 113:21-116:17; 118:24-120:4; 122:4-125:4; 128:16-19; 128:21-129:23; 133:1-136:1; 161:2-162:24; 163:4-164:6; 198:17-200:13; 203:15-204:25. | information would cause immediate and irreparable harm to MultiPlan's business, as well as its relationship with United, one of its clients. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services (Supp. Wilde Decl. (227-4) ¶¶ 7-9). | |
| Exhibit 189 to the Declaration of Geoffrey Sigler (Dkt. 209-9) 131:1-10, 131:15-22, 132:20-25, excerpts from the certified transcript of Volume I of the Rule 30(b)(6) deposition of Summit Estate, by its designee Joan Borsten, taken in this matter on July 28, 2022.<br><br>*Narrowed version refiled concurrently herewith.* | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 190 to the Declaration of Geoffrey Sigler (Dkt. 209-9), excerpts from the certified transcript of Volume I of the Rule 30(b)(6) deposition of Summit Estate, by its designee Joan Borsten, taken in this matter on July 28, 2022. | Document intentionally withdrawn because it was not cited to or relied upon in the briefing.  *See* Renewed Blas Decl., Appendix. | |
| Exhibit 192 to the Declaration of Geoffrey Sigler (Dkt. 209-10), documents introduced as Exhibits 4–30 to the deposition of Summit Estate (Joan Borsten). | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 193 to the Declaration of Geoffrey Sigler (Dkt. 209- | Contains sensitive information regarding medical treatments | Granted. |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| 10), documents introduced as Exhibits 1–7 and 9–14 to the deposition of Summit Estate (Creyna Franco). | sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 194 to the Declaration of Geoffrey Sigler (Dkt. 209-10), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants as SUMMIT 07036 and introduced as Exhibit 8 to the deposition of Summit Estate (Creyna Franco) taken in this matter on June 28, 2022. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 196 to the Declaration of Geoffrey Sigler (Dkt. 209-10), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants in this action as SUMMIT 07037. | Spreadsheet contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 198 to the Declaration of Geoffrey Sigler (Dkt. 209-10), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants in this action as SUMMIT 07038. | Spreadsheet contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 200 to the Declaration of Geoffrey Sigler (Dkt. 209-10), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants in this action as SUMMIT 07039. | Spreadsheet contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 202 to the Declaration of Geoffrey Sigler (Dkt. 209-11), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants in this action as SUMMIT 07040. | Spreadsheet contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 205 to the Declaration of Geoffrey Sigler (Dkt. 209-11), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants as SUMMIT 7077 and introduced as Exhibit 35 to the deposition of Joan Borsten taken in this matter on July 28, 2022. | Spreadsheet contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5 Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 206 to the Declaration of Geoffrey Sigler (Dkt. 209-11), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants as SUMMIT 7078 and introduced as Exhibit 36 to the deposition of Joan Borsten taken in this matter on July 28, 2022. | Spreadsheet contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 207 to the Declaration of Geoffrey Sigler (Dkt. 209-11), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants in this action as SUMMIT 7079 and introduced as Exhibit 37 to the deposition of Joan Borsten taken in this matter on July 28, 2022. | Spreadsheet contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 208 to the Declaration of Geoffrey Sigler (Dkt. 209-11), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants as SUMMIT 7080 and introduced as Exhibit 38 to the deposition of Joan Borsten taken in this matter on July 28, 2022. | Spreadsheet contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 210 to the Declaration of Geoffrey Sigler (Dkt. 209- | Contains names of third parties and sensitive information regarding medical treatments | Granted as to PHI/PII only. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| 11), transcript by the court reporting service, Veritext, of a call recording separately produced by third party Ocean Breeze Recovery as an audio file bates numbered OBR000089. | sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 211 to the Declaration of Geoffrey Sigler (Dkt. 209-12), transcript by the court reporting service, Veritext, of a call recording separately produced by third party Ocean Breeze Recovery as an audio file bates numbered OBR000090. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |
| Exhibit 212 to the Declaration of Geoffrey Sigler (Dkt. 209-12), transcript by the court reporting service, Veritext, of a call recording separately produced by third party Ocean Breeze Recovery as an audio file bates numbered OBR000091. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |
| Exhibit 213 to the Declaration of Geoffrey Sigler (Dkt. 209-12), transcript by the court reporting service, Veritext, of a call recording separately produced by third party Ocean Breeze Recovery as an audio file bates numbered OBR000092. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |
| Exhibit 214 to the Declaration of Geoffrey Sigler (Dkt. 209-12), transcript by the court reporting service, Veritext, of a call recording separately produced by third party Ocean Breeze Recovery as an audio file bates numbered OBR000093. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 215 to the Declaration of Geoffrey Sigler (Dkt. 209-12), transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000102. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |
| Exhibit 216 to the Declaration of Geoffrey Sigler (Dkt. 209-12), transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000103. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |
| Exhibit 217 to the Declaration of Geoffrey Sigler (Dkt. 209-12), transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000104. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |
| Exhibit 218 to the Declaration of Geoffrey Sigler (Dkt. 209-12), transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000105. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |
| Exhibit 219 to the Declaration of Geoffrey Sigler (Dkt. 209-12), transcript by the court reporting service, Veritext, of a call recording separately produced by third party | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Pathway to Hope as an audio file bates numbered PTH000106. | | |
| Exhibit 220 to the Declaration of Geoffrey Sigler (Dkt. 209-12), transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000107. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |
| Exhibit 221 to the Declaration of Geoffrey Sigler (Dkt. 209-13), transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000108. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |
| Exhibit 222 to the Declaration of Geoffrey Sigler (Dkt. 209-13), transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000109. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |
| Exhibit 223 to the Declaration of Geoffrey Sigler (Dkt. 209-13), transcript by the court reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000110. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |
| Exhibit 224 to the Declaration of Geoffrey Sigler (Dkt. 209-13), transcript by the court | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, | Granted as to PHI/PII only. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| reporting service, Veritext, of a call recording separately produced by third party Pathway to Hope as an audio file bates numbered PTH000111. | Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | |
| Exhibit 225 to the Declaration of Geoffrey Sigler (Dkt. 209-13), transcript by the court reporting service, Veritext, of a call recording separately produced by third party PCI West Lake as an audio file bates numbered CSVOB225. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |
| Exhibit 226 to the Declaration of Geoffrey Sigler (Dkt. 209-13), transcript by the court reporting service, Veritext, of a call recording separately produced by third party PCI West Lake as an audio file bates numbered JMVOB224. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII only. |
| Exhibit 227 to the Declaration of Geoffrey Sigler (Dkt. 209-13), presentation titled "JPMC Out-Of-Network Programs" produced by JPMorganChase in this action in response to a subpoena by Plaintiffs as JPMorgan Chase_000130–000145. | Contains information about fee arrangements with UHC customers (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's proprietary out-of-network programs, including specific details of financial arrangements that are still in effect between UHC and a third party plan sponsor, plan features, and handwritten notes made by a third party plan sponsor (Renewed Paradise Decl. ¶ 4; *see also* Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5). | Tentatively denied as overbroad. No indication of which if any provisions remain competitive in 2023. Some of these documents are unsigned and are drafts. Many provisions are generic. More specific information is required. |
| Exhibit 228 to the Declaration of Geoffrey Sigler (Dkt. 209-13), written answers to | Contains information about fee arrangements with UHC customers (Category 1, Second Paradise Decl. (Dkt. ¶ ) and | Granted. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| deposition questions provided by a third-party plan sponsor, Union Pacific, in response to a deposition subpoena by Plaintiffs, 2:17-22.<br><br>*Narrowed version refiled concurrently herewith.* | commercially sensitive information regarding United's proprietary out-of-network programs (Category 2, Second Paradise Decl. ¶ 5).  *See also* Renewed Sullivan Decl. ¶ 14(d);  Sullivan Decl. (Dkt. 231) ¶ 14(a). | |
| Exhibit 228 to the Declaration of Geoffrey Sigler (Dkt. 209-13), written answers to deposition questions provided by a third-party plan sponsor, Union Pacific, in response to a deposition subpoena by Plaintiffs, 3:8-18.<br><br>*Narrowed version refiled concurrently herewith.* | Contains information about fee arrangements with UHC customers (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4).  *See also* Renewed Sullivan Decl. ¶ 14(d); Sullivan Decl. (Dkt. 231) ¶ 14(b). | Granted. |
| Exhibit 228 to the Declaration of Geoffrey Sigler (Dkt. 209-13), written answers to deposition questions provided by a third-party plan sponsor, Union Pacific, in response to a deposition subpoena by Plaintiffs, 6:3-15.<br><br>*Narrowed version refiled concurrently herewith.* | Contains information about fee arrangements with UHC customers (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's proprietary out-of-network programs (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5).  *See also* Renewed Sullivan Decl. ¶ 14(d); Sullivan Decl. (Dkt. 231) ¶ 14(c). | Granted. |
| Exhibit 228 to the Declaration of Geoffrey Sigler (Dkt. 209-13), written answers to deposition questions provided by a third-party plan sponsor, Union Pacific, in response to a deposition subpoena by Plaintiffs, 7:1-25. | Contains information about fee arrangements with UHC customers (Category 1, Second Paradise Decl. (Dkt. 215-4) ¶ 4) and commercially sensitive information regarding United's proprietary out-of-network programs (Category 2, Second Paradise Decl. (Dkt. 215-4) ¶ 5).  *See also* Renewed | Granted. |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| *Narrowed version refiled concurrently herewith.* | Sullivan Decl. ¶ 14(d); Sullivan Decl. (Dkt. 231) ¶ 14(d). | |
| Exhibit 230 to the Declaration of Geoffrey Sigler (Dkt. 209-13), chart listing the random sample selected by the United Defendants, using RAT-STATS. | Contains names of third parties and sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Excerpts from the Declaration of Sean Crandell (Dkt. 211), ¶¶ 9–19, 22, 25–43, 47–55, 57–61, and 64–67. | Contains highly detailed, proprietary information regarding the Viant OPR product design and methodology that, if disclosed, could allow others to copy MultiPlan's approach and could undermine MultiPlan's competitive advantage in the marketplace (Wilde Decl. (Dkt. 215-5) ¶¶ 19-21)). | Granted. |
| Exhibit A to the Declaration of Sean Crandell, the Viant OPR Explanation of Methodology dated June 2009. | Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to | Granted. |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
|  | "reverse engineer" its proprietary Viant OPR product and methodology (Wilde Decl. (Dkt. 215-5) ¶¶ 10, 13, 15; Crandell Decl. (Dkt. 211) ¶¶ 13, 25).<br><br>Further, the information contained in this document continues to be proprietary and confidential.  While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. |  |
| Exhibit B to the Declaration of Sean Crandell, the Viant OPR Explanation of Methodology dated June 2016. | Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology (Wilde Decl. | Granted. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | (Dkt. 215-5) ¶¶ 10, 13, 15; Crandell Decl. (Dkt. 211) ¶¶ 13, 25).<br><br>Further, the information contained in this document continues to be proprietary and confidential.  While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Exhibit C to the Declaration of Sean Crandell, the Viant OPR Module, or "whitepaper," dated September 2018. | Provides a detailed explanation of the proprietary Viant OPR product design and methodology, including how it was developed and how it works (Wilde Decl. (Dkt. 215-5) ¶¶ 14, 15; Crandell Decl. (Dkt. 211) ¶¶ 13, 25).<br><br>Further, the information contained in this document continues to be proprietary and confidential.  While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. | Granted. |
| Exhibit D to the Declaration of Sean Crandell, a document titled "Behavioral Outpatient Health—Standard Missing Value Approach | Contains commercially sensitive information describing the various components of Viant's proprietary OPR methodology (Crandell Decl. (Dkt. 211) ¶ 43).  Internal document from 2015, kept confidential within MultiPlan, that provides information concerning the | Granted. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | process by which MultiPlan supplies missing values that are require to price certain outpatient claims.  This particular document and the methodology it sets forth is proprietary to MultiPlan. Public disclosure of this document, and the proprietary methodology described therein, would allow others to copy MultiPlan's approach, to its commercial and competitive detriment (Wilde Decl. (Dkt. 215-5) ¶ 16).<br><br>Further, the information contained in this document continues to be proprietary and confidential.  While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Exhibit E to the Declaration of Sean Crandell, MultiPlan PowerPoint presentation. | Contains commercially sensitive information describing the various components of Viant's proprietary OPR methodology (Crandell Decl. (Dkt. 111) ¶ 64 n.9). Confidential marketing presentation made by MultiPlan to United, which presentation is replete with details about the proprietary Viant OPR methodology and contains sensitive analyses about product design features, and reveals client-specific strategy. Presentation materials, like Exhibit E, which is unique to United, are not | Granted. |

Gibson, Dunn & Crutcher LLP

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | disseminated publicly. Disclosure of this highly sensitive and proprietary information could not only harm MultiPlan's relationship with United, but also place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost- containment services.  (Wilde Decl. (Dkt. 215-5) ¶ 17).<br><br>Further, the information contained in this document continues to be proprietary and confidential.  While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. | |
| Excerpts from the Declaration of Kathleen Praxmarer (Dkt. 212), ¶¶ 9–17. | Contains highly detailed, proprietary information regarding the Viant OPR product design and methodology that, if disclosed, could allow others to copy MultiPlan's approach and could undermine MultiPlan's competitive advantage in the marketplace (Wilde Decl. (Dkt. 215-5) ¶¶ 19-21). | *Denied as to ¶¶ 9, 10, and 14. Otherwise granted, but see, supra, n.1.* |
| Exhibit A to the Declaration of Kathleen Praxmarer, Viant Facility Outpatient U&C Review Service: Explanation of Methodology | Contains detailed descriptions of Viant's Patient Advocacy Process and its Provider Inquiry Management Service; describes the various components of Viant's proprietary OPR service and methodology as it existed for the time period at issue in the | *Granted.* |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | Lawsuit (Praxmarer Decl. (Dkt. 212) ¶¶ 10, 13 n.1); Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology (Wilde Decl. (Dkt. 215-5) ¶¶ 10, 13, 15).<br><br>Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices | |
| Exhibit B to the Declaration of Kathleen Praxmarer, Viant | Contains detailed descriptions of Viant's Patient Advocacy Process and its Provider | Granted. |

29

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Facility Outpatient U&C Review Service: Explanation of Methodology | Inquiry Management Service; describes the various components of Viant's proprietary OPR service and methodology as it existed for the time period at issue in the Lawsuit (Praxmarer Decl. (Dkt. 212) ¶¶ 10, 13 n.1); Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology (Wilde Decl. (Dkt. 215-5) ¶¶ 10, 13, 15 )

Further, the information contained in this document continues to be proprietary and confidential.  While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains | |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | relevant and it reflects and is consistent with current practices. | |
| Exhibit C to the Declaration of Kathleen Praxmarer, Viant Facility U&C Review: Outpatient Review (OPR) Module | Contains detailed descriptions of Viant's Patient Advocacy Process and its Provider Inquiry Management Service; describes the various components of Viant's proprietary OPR service and methodology as it existed for the time period at issue in the Lawsuit (Praxmarer Decl. (Dkt. 212) ¶¶ 10, 13 n.1).  Provides a detailed explanation of the proprietary Viant OPR product design and methodology, including how it was developed and how it works (Wilde Decl. (Dkt. 215-5) ¶¶ 14, 15).<br><br>Further, the information contained in this document continues to be proprietary and confidential.  While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. | Granted. |
| Exhibit 10 to the Compendium, excerpts of business records produced by New Life Treatment Center in response to a subpoena issued by the United Defendants in this action, bates numbered between NEW LIFE 01041–01044. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 11 to the Compendium (Dkt. 210-2), billing records produced by Northeast Addiction Treatment Center in | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; | Granted. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| response to a subpoena issued by the United Defendants in this action on July 19, 2022 without bates numbers. | Second Blas Decl. (Dkt. 227) ¶ 5 ). | |
| Exhibit 13 to the Compendium (Dkt. 210-2), billing records produced by Nova Recovery Center in response to a subpoena issued by the United Defendants in this action, bates numbered CONFIDENTIAL_NRC000001–218. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). *See also* Nova Recovery Decl. ¶¶ 5-8 (Dkt. 227-2). | Granted. |
| Exhibit 15 to the Compendium (Dkt. 210-2), billing records produced by Ocean Breeze Recovery Center in response to a subpoena issued by the United Defendants in this action, bates numbered CONFIDENTIAL_OBR000001–86. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). *See also* Ocean Breeze and Pathway to Hope Recovery Centers Decl. (Dkt. 227-3), ¶¶ 5-8. | Granted. |
| Exhibit 16 to the Compendium (Dkt. 210-2), a spreadsheet bates numbered OBR000087 and produced by Ocean Breeze Recovery in response to a subpoena issued by the United Defendants in this action. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). *See also* Ocean Breeze and Pathway to Hope Recovery Centers Decl. (Dkt. 227-3), ¶¶ 5-8. | Granted. |
| Exhibit 17 to the Compendium (Dkt. 210-2), transcripts of call recordings produced by Ocean Breeze Recovery Center in response to a subpoena issued by the United Defendants in this action and transcribed by Veritext, bates numbered OBR000089–93. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). Remainder of document filed under provisional seal on behalf of Ocean Breeze Recovery Center. *See also* Ocean Breeze and Pathway to Hope Recovery Centers Decl. (Dkt. 227-3), ¶¶ 5-8. | Granted as to PHI/PII. |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 18 to the Compendium (Dkt. 210-2), a declaration produced by Ryan Schrier on behalf of Pacific Palms Recovery along with billing records and documents produced by Pacific Palms Recovery in response to a subpoena issued by the United Defendants in this action. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 19 to the Compendium (Dkt. 210-2), billing records produced by Pacific Palms Recovery in response to a subpoena issued by the United Defendants in this action, bates numbered PPR_LD_UBH00000001–162. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 22 to the Compendium (Dkt. 210-4), billing records produced by Pathway to Hope in response to a subpoena issued by the United Defendants in this action, bates numbered CONFIDENTIAL_PTH000001–100. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5. *See also* Ocean Breeze and Pathway to Hope Recovery Centers Decl. (Dkt. 227-3), ¶¶ 5-8. | Granted. |
| Exhibit 23 to the Compendium (Dkt. 210-3), a spreadsheet produced by Pathway to Hope in response to a subpoena issued by the United Defendants in this action, bates numbered PTH000101. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5. *See also* Ocean Breeze and Pathway to Hope Recovery Centers Decl. (Dkt. 227-3), ¶¶ 5-8. | Granted. |
| Exhibit 24 to the Compendium (Dkt. 210-3), transcripts of call recordings produced by Pathway to Hope in response to a subpoena issued by the United Defendants in this action and transcribed by | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5. *See also* Ocean Breeze and Pathway to Hope Recovery | Granted as to PHI/PII. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Veritext, bates numbered PTH000102–111. | Centers Decl. (Dkt. 227-3), ¶¶ 5-8. | |
| Exhibit 25 to the Compendium (Dkt. 210-3), billing records from PCI West Lake Center produced in response to a subpoena issued by the United Defendants in this action, documents located within bates numbers PCI 00001–423. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 26 to the Compendium (Dkt. 210-3), transcripts of call recordings produced by PCI West Lake Center in response to a subpoena issued by the United Defendants in this action and transcribed by Veritext, bates numbered CS VOB 225 and JM VOB 224. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted as to PHI/PII. |
| Exhibit 27 to the Compendium (Dkt. 210-3), a spreadsheet produced by PCI West Lake Centers in response to a subpoena issued by the United Defendants in this action, bates numbered PCI Confidential. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; *see also* Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 29 to the Compendium (Dkt. 210-3), billing records produced by Recovering Champions dba Cape Cod Behavioral Health in response to a subpoena issued by the United Defendants in this action on July 19 without bates numbers. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). . | Granted. |
| Exhibit 31 to the Compendium (Dkt. 210-4), billing records produced by Royal Life Centers in response to a subpoena issued by the United Defendants in this action on | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |

Gibson, Dunn & Crutcher LLP

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| June 1, 2022 without bates numbers. | | |
| Exhibit 32 to the Compendium (Dkt. 210-4), billing records produced by Silicon Beach Outpatient Treatment Center in response to a subpoena issued by the United Defendants in this action, bates numbered SB000001–12, SB00013–15. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 33 to the Compendium (Dkt. 210-4), a spreadsheet produced by South Miami Recovery Center in response to a subpoena issued by the United Defendants in this action on June 29, 2022 without bates numbers. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; *see also* Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 35 to the Compendium (Dkt. 210-4), billing records produced by Stepping Stone of San Diego in response to a subpoena issued by the United Defendants in this action on June 8, 2022 and July 15, 2022 without bates numbers. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 36 to the Compendium (Dkt. 210-4), a spreadsheet that was produced by Stepping Stone of San Diego in response to a subpoena issued by the United Defendants in this action on May 31, 2022 without bates numbers | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; *see also* Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 37 to the Compendium (Dkt. 210-4), a spreadsheet that was produced by Stepping Stone of San Diego in response to a subpoena issued by the United Defendants in this action on July 15, 2022 without bates numbers. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; *see also* Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 38 to the Compendium (Dkt. 210-4), an email between Matthew Aiken and employees of Stepping Stone of San Diego. | Contains discussion regarding interpretation of business records for medical treatment of putative class member (PHI, Renewed Blas Decl. ¶ 4; Second Blas Decl. ¶ 5). | Denied except as to PHI/PII. |
| Exhibit 45 to the Compendium (Dkt. 210-5), documents produced by Windmill Wellness Ranch in response to a subpoena issued by the United Defendants in this action. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Exhibit 46 to the Compendium (Dkt. 210-5), documents produced by Desert Cove Recovery Center in response to a subpoena issued by the United Defendants in this action. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; Second Blas Decl. (Dkt. 227) ¶ 5). | Granted. |
| Expert Report of Daniel Kessler and accompanying exhibits (Dkt. 213). | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII, Renewed Blas Decl. ¶ 4; *see also* Second Blas Decl. (Dkt. 227) ¶ 5). | Denied as overbroad. |
| Plaintiffs' Exhibit 2, the Declaration of Thomas P. Ralston (Dkt. 251-4), ¶¶ 4-30, Exhibit A. | Contains highly confidential and commercially sensitive information that would harm MultiPlan if publicly disclosed. *See* Third Wilde Decl. (Dkt 265-3) ¶ 9.<br><br>Contains competitively sensitive information regarding certain features of United's out-of-network programs. Supplemental Paradise Decl. (Dkt. 265-1) ¶ 4. | Denied as to ¶¶ 4 and 7, otherwise granted. |
| Plaintiffs' Exhibit 3, Deposition transcript of Rebecca Paradise (Dkt. 251-6), in full, or in the alternative as follows—Volume 1:73:12–78:25, 160:20–163:25 | Contains testimony regarding substantive internal discussions regarding the pricing of particular claims, or responding | Granted as to the alternative, narrower request only. |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| 179:6–182:2; Volume 2:104:22–106:4; 229:17–232:2 | to inquiries from plan sponsors, members, or healthcare services providers as well as testimony regarding highly competitive or commercially sensitive proprietary and non-public information that would harm United's business advantage, such as internal strategic discussions about out-of-network program features. *See* Renewed Paradise Decl. ¶ 4; Supplemental Paradise Decl. (Dkt. 265-1) ¶ 5; *see also* Renewed Blas Decl. ¶ 3; Third Blas Decl. (Dkt. 265) ¶ 6 (explaining justification for requesting sealing in full). | |
| Plaintiffs' Exhibit 4, Deposition Transcript of Sarah Peterson (Dkt. 251-8), in full, or in the alternative as follows—126:2-7, 176:13-16 | Contains testimony regarding highly competitive or commercially sensitive proprietary and non-public information that would harm United's business advantage, such as internal strategic discussions about out-of-network program features. *See* Renewed Paradise Decl. ¶ 4; Supplemental Paradise Decl. (Dkt. 265-1) ¶ 5; *see also* Renewed Blas Decl. ¶ 3; Third Blas Decl. (Dkt. 265) ¶ 6 (explaining justification for requesting sealing in full) . | Granted as to the narrower request, otherwise denied. |
| Plaintiffs' Exhibit 5, Deposition Transcript of Radames Lopez (Dkt. 251-10), in full, or in the alternative, as follows—76:1–85:15, 81:11–90:19, 103:18–110:17, 149:21–151:4, 161:20–167:19, 292:22–294:1. | Contains testimony regarding substantive internal discussions regarding the pricing of particular claims, or responding to inquiries from plan sponsors, members, or healthcare services providers as well as testimony regarding highly competitive or commercially proprietary and non- | Granted as to the narrower request with the exception of 89:1-22 and 167:12-19. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | public information that would harm United's business advantage, such as internal strategic discussions about out-of-network program features. *See* Renewed Paradise Decl. ¶ 4; Supplemental Paradise Decl. (Dkt. 265-1) ¶ 5; *see also* Renewed Blas Decl. ¶ 3; Third Blas Decl. (Dkt. 265) ¶ 6 (explaining justification for requesting sealing in full). | |
| Plaintiffs' Exhibit 6, Deposition Transcript of Jolene Bradley (Dkt. 251-12), in full, or in the alternative, as follows—135:12-25. | Contains discussion of highly competitive or commercially sensitive proprietary and non-public information that would harm United's business advantage, such as internal strategic discussions about out-of-network program features. *See* Renewed Paradise Decl. ¶ 4; *see also* Supplemental Paradise Decl. (Dkt. 265-1) ¶ 5; *see also* Renewed Blas Decl. ¶ 3; Third Blas Decl. (Dkt. 265) ¶ 6 (explaining justification for requesting sealing in full). | Granted as to the narrower request. |
| Plaintiffs' Exhibit 10, Compendium of Balance Bills (Dkt. 251-20) | Contains unredacted patient health information and sensitive information regarding medical treatments obtained. *See* Renewed Blas Decl. ¶ 4; Third Blas Decl. (Dkt. 265) ¶ 8. | Granted. |
| Plaintiffs' Exhibit 11, Deposition Transcript of Sean Crandell (Dkt. 251-22). Specifically, and as identified in MultiPlan's confidentiality designations pursuant to the Protective Order: 25:19-22; 31:3-37:24; 39:6-40:7; 40:16-42:8; 43:7-46:15; 46:20- 50:23; 51:10-53:4; 53:15-54:24; 55:14-21; 56:14-59:5; 59:11-23; 63:16-64:9; 64:14-66:3; | Contains testimony that would cause MultiPlan financial and competitive harm if publicly disclosed. *See* Wilde Decl. (Dkt 265-3) ¶ 11. | Granted except as to 76:4-6. |

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-02254-YGR

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| 68:17-69:18; 72:9-74:22; 75:1-15; 76:4-6; 76:19-78:2; 78:11-79:23; 80:5-21; 81:4-82:13; 82:17-84:8; 85:11-22; 86:3-13; 87:11-20; 87:24-89:11; 89:24-90:8; 90:20-93:13; 94:11-95:22; 97:10-98:19; 99:3-4; 99:6-8; 99:11-100:10; 101:1-4; 101:7-102:15; 103:18-105:6; 105:14-107:6; 107:19-108:18; 114:6-117:20; 117:23-120:13; 120:18-122:15; 122:18-20; 122:22-125:1; 125:17-126:8; 126:17-127:17; 127:21-128:4; 132:3-133:2; 133:7-17; 133:19-134:3; 134:10-18; 134:22-135:6; 135:8-20; 135:22-136:3; 136:10-137:6; 137:8-16; 138:5-140:1. | | |
| Plaintiffs' Exhibit 30, Apple Administrative Services Agreement and amendments (Dkt. 258-1) | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects sensitive and proprietary information. Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5 and Renewed Schneewind Decl. ¶¶ 4-5. | <span style="color:red">Tentatively denied as overbroad. No indication of which if any provisions remain competitive in 2023.</span><br><br><span style="color:red">Some of these documents are unsigned and are drafts. Many provisions are generic. More specific information is required.</span> |
| Plaintiffs' Exhibit 31, Tesla's Administrative Services Agreement (Dkt. 258-3) | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects sensitive and proprietary information. Details confidential contractual terms and financial terms which are still in effect | <span style="color:red">Tentatively denied as overbroad. No indication of which if any provisions remain competitive in 2023.</span><br><br><span style="color:red">Some of these documents are unsigned and are drafts. Many provisions are generic. More specific information is required.</span> |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5 and Renewed Schneewind Decl. ¶¶ 4-5. | |
| Plaintiffs' Exhibit 32, General Dynamic's Administrative Service Agreement and amendment (Dkt. 258-5) | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects sensitive and proprietary information. Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5 and Renewed Schneewind Decl. ¶¶ 4-5. | Granted. |
| Plaintiffs' Exhibit 33, Cisco System's Administrative Services Agreement and amendment (Dkt. 259-1) | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects sensitive and proprietary information. Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5 and Renewed Schneewind Decl. ¶¶ 4-5.  *See also* Cisco Decl., ¶¶ 8-18. | Tentatively denied as overbroad. No indication of which if any provisions remain competitive in 2023.<br><br>Some of these documents are unsigned and are drafts. Many provisions are generic. More specific information is required. |
| Plaintiffs' Exhibit 34, Raytheon's Administrative Services Agreement (Dkt. 259-3) | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects sensitive and proprietary information. | Tentatively denied as overbroad. No indication of which if any provisions remain competitive in 2023.<br><br>Some of these documents are unsigned and are drafts. Many |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| | Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5 and Renewed Schneewind Decl. ¶¶ 4-5. *See also* Raytheon Decl. ¶¶ 4-8. | provisions are generic. More specific information is required. |
| Plaintiffs' Exhibit 35, Nestle USA's Administrative Services Agreement (Dkt. 259-5) | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects sensitive and proprietary information. Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5 and Renewed Schneewind Decl. ¶¶ 4-5. | Tentatively denied as overbroad. No indication of which if any provisions remain competitive in 2023. Some of these documents are unsigned and are drafts. Many provisions are generic. More specific information is required. |
| Plaintiffs' Exhibit 36, McMaster-Carr Supply Company's Administrative Services Agreement (Dkt. 259-7) | Contains confidential Administrative Services Agreement between UnitedHealthcare Insurance Company and a plan sponsor, which reflects sensitive and proprietary information. Details confidential contractual terms and financial terms which are still in effect currently. Schneewind Decl. (Dkt. 215-3) ¶¶ 4-5 and Renewed Schneewind Decl. ¶¶ 4-5. *See also* McMaster-Carr Decl. ¶¶ 6-10. | Tentatively denied as overbroad. No indication of which if any provisions remain competitive in 2023. Some of these documents are unsigned and are drafts. Many provisions are generic. More specific information is required. |
| Plaintiffs' Exhibit 37, Ralston Compendium (Dkts. 263-5, 263-6, 263-7) | Contains confidential information, none of which is relevant to Plaintiffs' motion. *See* Blas Decl. (Dkt. 265) ¶ 7. Contains documents that are confidential to the United- | Granted. |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
| --- | --- | --- |
| | MultiPlan business relationship and not shared outside that relationship.  They contain information the disclosure of which would harm not only MultiPlan but also adversely affect its relationship with United if other entities were able to review the same..  *See* Third Wilde Decl. (Dkt 265-3) ¶ 10. | |
| Excerpts of Plaintiffs' Exhibit 39, UHC000018537 (Dkt. 259-11); portions of pages 2 through 9 | Document contains sensitive, substantive discussions about particular claims or program features and marketing materials provided to United customers about those programs.  *See* Renewed Paradise Decl. ¶ 4; Supplemental Paradise Decl. (Dkt. 265-1) ¶ 4; Renewed Blas Decl. ¶ 3. | Granted. |
| Excerpts of Plaintiffs' Exhibit 40, UHC000048508 (Dkt. 259-13); portions of pages 2 through 3 | Document contains sensitive internal communications regarding UHC proprietary internal processes and standard operating procedures, including changes to proprietary internal processes that reflect business strategy.  *See* Renewed Paradise Decl. ¶ 4; Supplemental Paradise Decl. (Dkt. 265-1) ¶ 4; Renewed Blas Decl. ¶ 3. | Granted. |
| Excerpts of Plaintiffs' Exhibit 41, UHC000106755 (Dkt. 259- | Document contains sensitive internal communications | Granted. |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| 15); portions of pages 2 through 6 | regarding UHC proprietary internal processes and standard operating procedures, including future business plans and sensitive internal figures, as well as proprietary processes that are still in existence today. *See* Renewed Paradise Decl. ¶ 4; Supplemental Paradise Decl. (Dkt. 265-1) ¶ 4; Renewed Blas Decl. ¶ 3. | |
| Plaintiffs' Exhibit 42, Deposition Transcript of Denise Strait (Dkt. 259-17), in full, or in the alternative, as follows— 64:22-25, 159:7–186:21, 193:16–204:6 | Contains testimony of a sensitive and proprietary nature regarding substantive internal discussions regarding the pricing of particular claims, or responding to inquiries from plan sponsors, members, or healthcare services providers, *see* Renewed Paradise Decl. ¶ 4 & Supplemental Paradise Decl. (Dkt. 265-1) ¶ 5, and discussions of private health information, *see* Renewed Blas Decl. ¶ 3; Third Blas Decl. (Dkt. 265) ¶ 8.  *See also* Third Blas Decl. (Dkt. 265) ¶ 6 (explaining justification for requesting sealing in full). | Granted as to the narrower, alternative request. |
| Plaintiffs' Exhibit 43, Deposition Transcript of Mark Edwards (Dkt. 259-19). Specifically, and as identified in MultiPlan's confidentiality designations pursuant to the Protective Order: 21:24-22:7; 34:17-21; 34:23-35:4; 35:6-14; 37:14-38:24; 39:9-42:5; 46:12-47:18; 48:14-52:17; 56:18-57:12; 60:16-62:25; 67:14-69:5; 72:5-23; 73:1-13; 78:9-81:7; 85:24-86:12; 91:11-25; 92:4-15; 93:4-16; 94:4-13; | Contains testimony that would cause MultiPlan financial and competitive harm if publicly disclosed.  *See* Wilde Decl. (Dkt 265-3) ¶ 11. | Granted. |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| 94:22-96:25; 98:20-25; 105:13-113:7; 113:21-114:12; 123:22-124:15; 125:13-126:8; 126:21-127:10; 130:25-131:14; 131:21-132:10; 132:21-133:22; 134:7-23; 138: 23-139:13; 141:14-21; 142:4-143:24; 146:14-19; 147:6-13; 149:16-151:5; 156:11-158:16; 166:21-168:1; 169:23-171:11; 175:1-176:1; 184:17-185:22; 192:8-194:1; 195:14-196:4; 198:16-199:9; 200:11-14; 216:14-219:1; 220:6-17; 222:3-14; 232:8-233:19; 237:14-238:25; 240:12-242:6; 246:3-21; 250:15-252:13. | | |
| Excerpts from Exhibit M to Plaintiffs' Motion for Class Certification – Excerpts from the July 14, 2022 deposition of MultiPlan's Vice President of Healthcare Economics, Sean Crandell. Specifically, and as identified in MultiPlan's confidentiality designations pursuant to the Protective Order: 66:1-3; 68:17-24; 90:20-24; 91:1-24; 94:11-24; 95:1-22; 114:6-24; 115:1-24; 116:1-24; 125:17-24; 127:21-24; 136:10-24. | Contain discussion of the details of MultiPlan's proprietary methodology, which, if disclosed, could cause competitive harm to MultiPlan. Crandell Decl. (Dkt. 176-2) ¶ 15; Wilde Decl. (265-3) ¶ 11. | Granted but denied as to 66:1-3 and 68:17-24. |
| Excerpts from Exhibit S to Plaintiffs' Motion for Class Certification- Excerpts from the July 12, 2022 deposition of MultiPlan's Senior Vice President of Sales and Account Management, Jacqueline Kienzle. Specifically, and as identified in MultiPlan's confidentiality designations pursuant to the Protective Order: 95:14-25; 102:1-13; 136:1; 196:22-25; 197:1-25; 273:1-25. | Contain discussion of confidential business terms which, if disclosed, could cause competitive harm to MultiPlan. Crandell Decl. (Dkt. 176-2) ¶ 15 | Granted but denied as to 136:1. |

Gibson, Dunn & Crutcher LLP

Further, the Court **DENIES AS MOOT** defendant's request to fix its errata re: Exhibits 52, 54, and 56. (Dkt. No. 338.) The docket reflects that this error has already been fixed.

**IT IS SO ORDERED.**

Dated:  September 21  , 2023

HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART DEFENDANTS' RENEWED AND NARROWED ADMINISTRATIVE MOTION
TO SEAL
CASE NO. 4:20-CV-02254-YGR

# Attachment A

1



**The New York Times Company**

Chris Hamby
Reporter

T 202 862 0411
chris.hamby@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

**BY FEDEX**

August 4, 2023

Hon. Yvonne Gonzalez Rogers
United States District Court
Northern District of California
Ronald V. Dellums Federal Building and United States Courthouse
1301 Clay Street, Courtroom 1 - 4th Floor
Oakland, CA 94612

Re:    <u>LD et al v. United Behavioral Health et al, 4:20-cv-02254</u>

Dear Judge Gonzalez Rogers:

I am an investigative reporter for *The New York Times*, where my
research and writing focuses on public health and healthcare.[1] I am
writing to the Court regarding sealed records in this case. Specifically,
since April the parties have filed dozens of exhibits provisionally under
seal in connection with motions on the issue of class certification. *See*
Dkt. 305 and 324. My understanding is that your Honor has not ruled yet
on whether to actually grant sealing. I ask the Court to promptly and
closely review the parties' requests and ensure that the public right of
access is enforced here.

There is a substantial public interest in understanding these proceedings,
and the extensive sealing and redactions are preventing journalists like
me from meaningfully informing the public about the merits and meaning
of the litigation. A key question at the heart of this case is whether
MultiPlan's reimbursement methodology, as well as United's reliance on
it, is appropriate. In my reporting, I have encountered the same question
from people affected by MultiPlan's practices: doctors who want to know
why their reimbursement was suddenly, and often dramatically, reduced
and patients who want to know why they are receiving larger-than-
anticipated bills because their insurer paid far less than they expected.

---

[1] https://www.nytimes.com/by/chris-hamby.



The New York Times Company

They, as well as the much broader public that may be encountering similar issues without realizing it, deserve to understand – at least at a conceptual level – how MultiPlan arrives at its recommended prices.

The legitimacy of United's use of MultiPlan's repricing tools rests squarely on both parties' claims that these tools provide a fair, objective and independent source of information., The supporting records are essential for patients, medical providers, employer plan sponsors and the broader public whose health and finances are at stake to understand the basis of the Court's decision and the outcome of this case.

It seems fair to assume that if the motion for class certification is denied, it will end most class members' ability to bring a lawsuit, as the cost of litigation may outweigh the potential benefits to them. Therefore, this motion may functionally determine their claims. When a motion is "more than tangential" to the merits of the claims, it should not be sealed unless there are "compelling interests" that outweigh the public interest in openness. *Kamakana v. Honolulu*, 447 F.3d 1172 (9th Cir. 2006). "[M]ost district courts to consider the question have found that a motion for class certification is 'more than tangentially related to the underlying cause of action' and therefore merits application of the 'compelling reasons' standard." *Davidson v. Apple, Inc.*, 2018 U.S. Dist. LEXIS 244893, at *13 (N.D. Cal. Dec. 17, 2018). *AdTrader, Inc. v. Google LLC*, 2020 U.S. Dist. LEXIS 206823 (N.D. Cal. Feb. 24, 2020) ("the compelling reasons standard applies to motions to seal documents relating to class certification.").

I expect some records contain individuals' private healthcare information, which is appropriate to redact and which I am not requesting to access. But it appears that the justification for sealing many other records is "competitive harm" or "confidential business information." While narrow redaction of truly proprietary "trade secrets" might be warranted, blanket sealing would be unjustified. Much of what the defendants seek to have sealed – such as high-level documentation of MultiPlan's methodology or the "savings fees" United charges self-funded employer plans – is unlikely to be news to the companies'



The New York Times Company

competitors. My reporting and other publicly available documents indicate that both companies have voluntarily shared such information with clients, potential clients and others in the industry.

Information already public as part of this case, as well as other similar cases, suggests that much of what United and MultiPlan have asked the court to seal is merely potentially embarrassing, not a legitimate trade secret.[2] But "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana* at p. 1179.

Docket entry 325, as originally filed, is illustrative. While this entry appears to be unavailable in its entirety now, the version initially filed contains what appear to be proposed redactions that seem to have been inadvertently not applied. Thus, for the first six exhibits filed in connection with the plaintiffs' renewed motion for class certification, it is possible to see what the parties propose to seal.

While a few of the proposed redactions, such as patient health information, appear to be legitimate, the vast majority appear to be based on dubious assertions of confidential business information. The defendants seek to redact information as mundane as the names and job titles of United and MultiPlan employees, which those employees have already shared publicly on social media sites such as LinkedIn; language from an archived version of United's public-facing website captured on a publicly available site, archive.org; and the names of out-of-network

---

[2] MultiPlan and United seek to withhold, for example, the specific Ambulatory Payment Classification (APC) code that MultiPlan selected for a "cross-walk" – an attempt to address shortcomings in the source data the company chose to use. Other documents in this case, however, reveal what the code is and raise questions about whether it is an appropriate analogue. Similarly, MultiPlan and United seek to withhold the percentile applied when determining recommended rates through Viant OPR. Here, too, other documents in this case reveal the number and raise questions about its appropriateness. Both concepts – cross-walking to APC codes and selecting a percentile to apply – are well known in the industry. Disclosure of the numbers MultiPlan chose is unlikely to pose a competitive risk, but it would allow an assessment of whether those choices led to inappropriately low reimbursements, a core issue in this case and a matter of significant public interest.



**The New York Times Company**

reimbursement programs that United has disclosed publicly on numerous occasions.

Tellingly, the defendants seek to redact United executive Rebecca Paradise's testimony about her general understanding of MultiPlan's methodology, which includes the following: "I have a high level understanding. I am not an expert in their detailed proprietary methodology. … I'm not going to speak to their detailed proprietary methodology."

The unapplied redactions in docket entry 325, then, evidence an untenably broad approach to sealing and raise serious questions about the propriety of the vast amount of additional sealing the defendants have proposed.

Finally, some of the documents that seem to be at issue here relate to corporate strategies pursued by United and MultiPlan some five or even eight years ago. It is difficult to envision how they would cause competitive harm today.

For all of these reasons, I ask that the Court permit public access to the sealed filings in this to the fullest extent possible. I thank the Court for its consideration of these important issues.

Respectfully,

Chris Hamby
Reporter, Investigations
The New York Times
(202) 862-0411
chris.hamby@nytimes.com


CC: Counsel of Record, via email