LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
NICOLE R. MATTHEWS, SBN 328977
  nmatthews@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

GEOFFREY SIGLER (*pro hac vice*)
  gsigler@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.887.3752
Facsimile:  202.530.9635

Attorneys for Defendants UNITED
BEHAVIORAL HEALTH and
UNITEDHEALTHCARE INSURANCE
COMPANY

ERROL J. KING, JR. (*pro hac vice*)
  errol.king@phelps.com
CRAIG L. CAESAR (*pro hac vice*)
  craig.caesar@phelps.com
KATHERINE C. MANNINO (*pro hac vice*)
  katie.mannino@phelps.com
TAYLOR J. CROUSILLAC (*pro hac vice*)
  taylor.crousillac@phelps.com
BRITTANY H. ALEXANDER (*pro hac vice*)
  brittany.alexander@phelps.com
PHELPS DUNBAR LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197

Attorneys for Defendant MULTIPLAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH, and CJ, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>            Defendants. | Case No. 4:20-cv-02254-YGR<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING *WIT II***<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Complaint filed: April 2, 2020<br>Third Amended Complaint filed: Sept. 10, 2021 |

The Ninth Circuit's recent decision in *Wit v. United Behavioral Health*, — F.4th —, 2023 WL 5356640 (9th Cir. Aug. 22, 2023) ("*Wit II*") provides no basis to reconsider this Court's order denying class certification, ECF No. 205.  Instead, like the panel decision it replaced, 58 F.4th 1080 (9th Cir. 2023) ("*Wit I*"), *Wit II* provides further support for the Court's ruling that Plaintiffs' ERISA claims and claim for "reprocessing" of their benefits cannot proceed on a classwide basis.  *First*, *Wit II* confirms that Plaintiffs cannot avoid individualized issues and the need for a damages model by framing the relief sought as "reprocessing."  *Second*, *Wit II* recognizes that "reprocessing" is not "equitable" or "injunctive" relief but rather part of a legal claim for damages that must be analyzed under Rule 23(b)(3) and its demanding predominance requirement.  *Third*, *Wit II* confirms that all of Plaintiffs' ERISA claims must be exhausted unless excused.  These claims cannot be excused for the reasons stated in *Wit I*—which remains persuasive—and this determination requires individualized inquiries that renders certification inappropriate.

Because *Wit II* is fully aligned with this Court's grounds for denying class certification as to Plaintiffs' ERISA benefits claims (and does not address Plaintiffs' other claims), it does not amount to the type of "intervening change in the controlling law" from *Wit I* that would be necessary to grant Plaintiffs the "extraordinary remedy" of leave to file a renewed motion for class certification.  *Bailey v. Rite Aid Corp.*, 2021 WL 4469638, at *1 (N.D. Cal. May 26, 2021) (Gonzalez Rogers, J.) (first quoting *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); and then *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).  For these reasons and for the reasons given in prior filings (e.g., ECF Nos. 205, 289, 332), this Court should leave in place its decision denying class certification and exercise its "sound discretion" to deny Plaintiffs' request to file a renewed motion for class certification.  *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## A.    *Wit II* Confirms That Reprocessing Cannot Be Used to Avoid Individualized Issues In An ERISA Class Action

Most relevant here, *Wit II* preserves the key conclusions of *Wit I* that this Court cited in denying class certification.  In *Wit I*, the Ninth Circuit reversed certification of classes seeking reprocessing because it concluded that "reprocessing" is available only as part of a claim for benefits, and only upon an "individualized" showing that reprocessing "may" result in a "positive benefits determination"—

*i.e.*, entitlement to greater benefits.  58 F.4th at 1094.  At the Court's request, Defendants submitted a supplemental brief on *Wit I* and argued that this holding precluded class certification here because "proving an entitlement to benefits would implicate 'numerous individualized questions'" that Plaintiffs "cannot make . . . on a class-wide basis."  ECF No. 289 at 2.  This Court agreed, citing Defendants' supplemental brief and the same portion of the *Wit I* decision in concluding that "reprocessing" is "unavailable" here.  ECF No. 301 at 6 & n.4 (citing *Wit I*, 58 F.4th at 1080; and ECF Nos. 289, 292).

*Wit II* likewise confirms that reprocessing does not allow Plaintiffs to end-run the numerous individualized issues that preclude class certification.  The panel maintained its previous reversal of class certification for claims seeking reprocessing, because a court may "orde[r] remand for claim reprocessing" only "where a plaintiff has shown that his or her claim was denied based on the wrong standard *and* that he or she might be entitled to benefits under the proper standard."  2023 WL 5356640, at *9 (emphasis in original).  A plaintiff thus cannot be "entitled to reprocessing without a showing that application of the wrong standard could have prejudiced the claimant."  *Id*.  Based on this principle, the panel did not change its original conclusion that the classes seeking reprocessing should be decertified, reasoning that the plaintiffs had "fallen short of demonstrating that all class members were denied a full and fair review of their claims or that such a common showing is possible."  *Id.* at *10.

Although stated slightly differently, the core reasoning in *Wit II* with respect to reprocessing remains the same:  Plaintiffs cannot avoid the individualized issues that arise in evaluating an individual claim for benefits by framing their claim as simply seeking "reprocessing."  As before, *Wit II*'s holding that reprocessing cannot end-run Rule 23(b)(3)'s requirements is fatal to class certification because proving that putative class members are owed additional benefits on a class-wide basis would implicate numerous individualized issues—e.g., interpretation of widely-varying plan terms governing the dispute, unknown impacts of any alternative "UCR" data source or calculation on putative class members (some positive, some negative, some none at all), assignments of benefits to non-party providers, failure to exhaust administrative remedies, and many other issues addressed in Defendants' opposition brief.  ECF No. 205 at 12-21, 34-35.  *Wit II* provides no license to ignore these issues.  Because *Wit II* did not alter the core holding of *Wit I* on this point, *Wit II* does not represent an

"intervening change in the controlling law." *Bailey*, 2021 WL 4469638, at *1, and this Court's prior decision denying class certification remains correct.

**B.** ***Wit II* Forecloses Plaintiffs' Attempt To Avoid Rule 23(b)(3)'s Procedural Protections By Using Rule 23(b)(1) Or (b)(2) To Certify Their Reprocessing Claims**

Like *Wit I*, *Wit II* also precludes Plaintiffs' attempt to avoid these individual issues and the "greater procedural protections" of Rule 23(b)(3)—including predominance, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011)—by bringing their class action under Rule 23(b)(1) or (b)(2). *See* ECF No. 289 at 3-4 (discussing *Wit I*). Reprocessing claims cannot be certified under Rules 23(b)(1) and (b)(2) for two reasons:

*First*, like *Wit I*, *Wit II*'s holdings limiting reprocessing class actions are premised on the Rules Enabling Act. 2023 WL 5356640, at *8-9. "[T]he Rules Enabling Act forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right.'" *Dukes*, 564 U.S. at 367 (quoting 28 U.S.C. § 2072(b)). That prohibition applies equally to Rule 23(b)(1), (b)(2), and (b)(3). *See id.* at 367; *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845–46 (1999). Under any provision of Rule 23, therefore, *Wit II*'s holding on the Rule Enabling Act is dispositive: Certifying a reprocessing class without requiring "all class members" to prove their entitlement to reprocessing as a remedy would "enlarg[e] or modif[y] Plaintiffs' substantive rights in violation of the Rules Enabling Act." *Wit II*, 2023 WL 5356640, at *10.

*Second*, *Wit II* also makes clear that reprocessing cannot be considered "injunctive" relief under Rule 23(b)(2). As in *Wit I*, *Wit II* not only rejected a reprocessing class in a claim for benefits under Section 502(a)(1)(B) of ERISA, it also rejected any attempt to characterize reprocessing as "appropriate equitable relief" that may be sought under Section 502(a)(3). *See* ECF No. 289 at 3-4 (discussing *Wit I*); *Wit II*, 2023 WL 5356640, at *11. This is because reprocessing is not "relief that was typically available in equity," and equity is the driving consideration behind granting relief pursuant to Section 502(a)(3). *Wit II*, 2023 WL 5356640, at *11; *see Castillo v. Metro Life Ins. Co.*, 970 F.3d 1224, 1229 (9th Cir. 2020) (equitable relief sought in breach of fiduciary duty claim under § 1132(a)(3) must be of the kind "typically available in equity"). In other words, the panel plainly understood reprocessing as a *legal* remedy under Section 502(a)(1)(B)—a *step* in the process of obtaining "benefits due" under ERISA—rather than an equitable remedy such as an injunction. *See* 29 U.S.C. § 1132(a)(1)(B).

Reprocessing therefore cannot qualify as final injunctive relief under Rule 23(b)(2), and Plaintiffs must instead satisfy Rule 23(b)(3)'s "greater procedural protections," including predominance. *Dukes*, 564 U.S. at 362. For the reasons stated above, in Defendants' opposition brief, and in this Court's decision denying class certification, they cannot make that showing.

## C.     *Wit II* Supports That All Class Members Must Satisfy Their Plans' Exhaustion Requirements

*Wit II* also continues to support the conclusion that *all* putative class members must satisfy their plans' contractual exhaustion requirements. This Court did not reach this issue in denying class certification, so any change in law cannot be "controlling" so as to justify a renewed class certification motion. *Bailey*, 2021 WL 4669638, at *1. But exhaustion nonetheless is an additional reason to deny class certification.

In *Wit*, as here, the plaintiffs brought both denial of benefits claims seeking reprocessing and breach of fiduciary duty claims seeking forward-looking injunctive and declaratory relief. *Wit II*, 2023 WL 5356640, at *4. The trial court in *Wit* held that absent class members were not required to demonstrate exhaustion for either claim because all of the class representatives had exhausted their administrative remedies. *Id.* at *6. In *Wit I*, the panel rejected that holding because excusing contractual exhaustion for the class would "conflict with the written terms of the plan" and doing so would "expand many absent class members' right to seek judicial remedies." 58 F.4th at 1098. The *Wit II* panel withdrew that part of the decision, but did not cast doubt on its previous reasoning. Instead, the panel concluded that the issue was not relevant to the denial of benefits class claims (which had been decertified), and its application to the fiduciary duty claims—which remained certified as a class seeking injunctive and declaratory relief—depended on an antecedent question that the district court had not answered: whether those fiduciary duty claims are really "disguised claim[s] for benefits." 2023 WL 5356640, at *13. The panel thus remanded for further proceedings on that question.

Together, these decisions support the conclusion that all ERISA claims must be exhausted before pursuing fiduciary duty claims seeking reprocessing. The claims here are "disguised claim[s] for benefits," *Wit II*, 2023 WL 5356640, at *13, because they seek the exact same remedy as their denial of benefits claims do and based on the same theory that United improperly calculated benefits.

Under *Witt II*, therefore, they must be exhausted unless excused. *Id.* But they cannot be excused for the reasons stated in *Wit I*, which remains persuasive (even if no longer binding). This exhaustion issue requires individualized inquiries and is yet another reason that preclude certification of the ERISA claims.

## D.   *Wit II* Has No Bearing On Class Certification As To Any Other Claim Or Remedy

Outside of *Wit II*'s holdings on reprocessing—which confirm that this Court correctly denied certification as to Plaintiffs' reprocessing claims—*Wit II* has no bearing on class certification of any other claim or remedy at issue in this case. It thus provides no basis to revisit the Court's class certification ruling.

The Court's order denying class certification, for example, held that Plaintiffs' claims for forward-looking relief failed for reasons unrelated to *Wit I*: The named Plaintiffs have no risk of future injury because their plans are no longer administered by United or no longer use Viant. ECF No. 205 at 29-30. Similarly, Plaintiffs' RICO claims do not seek reprocessing, so the Court's decision not to certify those claims had nothing to do with *Wit*—and neither *Wit* decision says anything about RICO or the remedies sought for that claim. The Court also denied certification as to those claims under Rule 23(b)(3) based on Plaintiffs' failure to offer a damages model. ECF No. 301 at 6, 8. While Plaintiffs belatedly offer one now (ECF No. 323), Plaintiffs elected not to present such a model in their initial motion. In fact, they acknowledge that they chose not to pursue a damages model because they were "not focus[ed] . . . on a Rule 23(b)(3) monetary damages class." ECF No. 323 at 4. Even after *Wit I*, Plaintiffs elected not to present a damages model. Nothing in *Wit II* provides any basis to revisit that decision or give Plaintiffs a second bite at the apple. *See* ECF No. 332 at 3-4.

*          *          *

The Court's denial of class certification was correct after *Wit I*, and it remains correct after *Wit II*. The key holdings remain the same, and there is thus no intervening change in authority. The Court should deny Plaintiffs' motion for leave to file a renewed motion for class certification.

1   Dated:  September 25, 2023           Respectfully submitted,

2                                        GIBSON, DUNN & CRUTCHER LLP

3                                        By:    */s/ Geoffrey Sigler*
4                                               Geoffrey Sigler

5                                        *Attorneys for Defendants UnitedHealthcare Insurance*
                                         *Company and United Behavioral Health*
6
                                         -AND-
7
8                                        PHELPS DUNBAR, LLP

9                                        By:    */s/ Errol J. King, Jr.*
                                                Errol J. King, Jr.
10
11                                       *Attorney for Defendant MULTIPLAN, INC*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING *WIT II*
CASE NO. 4:20-CV-2254

## <u>ATTESTATION PURSUANT TO LOCAL RULE 5-1</u>

I, Geoffrey Sigler, am the ECF user whose identification and password are being used to file this document.  Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories hereto.

Dated: September 25, 2023

*/s/ Geoffrey Sigler*

Geoffrey Sigler

DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING *WIT II*
CASE NO. 4:20-CV-2254