Matthew M. Lavin (pro hac vice)
matt.lavin@agg.com
**Arnall Golden Gregory LLP**
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone:   202.677.4030
Facsimile:   202.677.4031

David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
**DL Law Group**
345 Franklin St.
San Francisco, CA 94102
Telephone:   415.678.5050
Facsimile:   415.358.8484

Attorneys for LD, DB, BW, RH, CJ, and the Putative Class

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| LD, et al., | Case No. 4:20-cv-02254-YGR-JCS |
| Plaintiffs, | Hon. Yvonne Gonzalez Rogers |
| v. | **PLAINTIFFS' SUPPLEMENTAL BRIEF RE: WIT V. UNITED BEHAVIORAL HEALTH, 2023 WL 5356640 (9TH CIR. AUG. 22, 2023)** |
| United Behavioral Health, Inc., et al., | |
| Defendants. | |

Pursuant to the Court's order dated August 28, 2023, Dkt. No. 343, Plaintiffs submit this supplemental briefing regarding the Ninth Circuit's recent decision, *Wit v. United Behav. Health*, 2023 WL 5356640, at *2 (9th Cir. Aug. 22, 2023) ("*Wit 3*"). That decision withdrew the Ninth Circuit's prior decision, *Wit v. United Behav. Health*, 58 F.4th 1080 (9th Cir. 2023) ("*Wit 2*"), upon which the parties and the Court have relied.

The significance of *Wit 3* is plain: Reprocessing is still available as an ERISA remedy in the Ninth Circuit for cases, like this one, where the class members are entitled to benefits. This has significance for both Plaintiffs' original motion for class certification and renewed motion, as discussed below.

I.  **Background**

Plaintiffs' original class certification motion sought primarily a "reprocessing" remedy under Rules 23(b)(1) and (b)(2) for violations under ERISA § 502(a)(1)(B) and (a)(3).[1] Dkt. No. 168 at 21. Plaintiffs sought this remedy because it was routinely permitted in similar actions. But the day before the class certification hearing, the Ninth Circuit issued *Wit 2*. Although the parties disagreed as to the scope and interpretation of that case, it held that a reprocessing remedy for the *Wit* plaintiffs' denial-of-benefits claim would "enlarge[e] or modif[y] their substantive rights" under ERISA in violation of the Rules Enabling Act. 58 F.4th at 1095.

This Court ordered the parties to file supplemental briefing on the significance of *Wit 2*. *See* Dkt. No. 301 ("Certification Order") at 6 n.4. Defendants argued that *Wit 2* barred reprocessing as a remedy under ERISA more generally and that to the extent reprocessing was available at all, it required a class to be certified under Rule 23(b)(3) as a money damages class. Dkt. No. 289 at 1, 3. Plaintiffs argued that *Wit 2* did not bar reprocessing where, as in this case, there are no individualized questions of whether class members are entitled to benefits. Dkt. No. 292 at 1–4.

On March 31, 2023, this Court denied Plaintiffs' motion for class certification. The Court

---

[1] Plaintiffs also sought certification under Rule 23(b)(3), a money damages class (*see* Dkt. No. 168 at 21), but the District Court did not separately address that theory in its opinion denying certification, presumably because it found reprocessing was the only remedy sought by Plaintiffs and reprocessing is an equitable remedy. Dkt. No. 301 at 7–8.

found that: (1) Plaintiffs' reprocessing remedy was barred by *Wit 2*, (2) absent reprocessing the Plaintiffs had no adequate damages model under *Comcast*, and (3) class certification was therefore inappropriate. Certification Order at 6–8; *see Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). The Court adopted the Defendants' broader interpretation of *Wit 2* as barring reprocessing as an ERISA remedy more generally. Certification Order at 7 (noting "main form of relief plaintiffs seek [(reprocessing)] would violate the Rules Enabling Act").

On April 14, 2023, Plaintiffs timely filed a petition for interlocutory appeal of the Court's Certification Order. No. 23-80032 (9th. Cir.), ECF No. 1. They argued primarily that the Court erred in finding that *Wit 2* barred Plaintiffs' reprocessing remedy. On June 2, 2023, the Ninth Circuit *sua sponte* stayed Plaintiffs' Petition "pending issuance of the mandate in *Wit*." *Id.* ECF No. 10.

On May 5, 2023, given the significance of the issues raised in their interlocutory appeal and the uncertain status of *Wit 2* and its application, Plaintiffs asked this Court to stay all proceedings in the District Court pending the Ninth Circuit's resolution of Plaintiffs' Petition. Dkt. No. 310. Plaintiffs noted their concern about the possibility of "two outstanding motions to certify the same class" or the "need for [even] additional motions to certify." *Id.* at 6. On June 20, 2023, this Court denied Plaintiffs' motion for a stay. Dkt. No. 318. The Court found that *Wit 2* was "[s]ettled law" but noted that if the Ninth Circuit granted a pending petition for a rehearing of *Wit 2*, "the analysis would be different." *Id.* at 3.

On May 5, 2023, the parties also filed a Joint Scheduling Statement. Dkt. No. 311. In that statement, Plaintiffs indicated their intent to file a renewed motion for class certification incorporating new evidence and addressing the deficiencies identified by the Court relating to *Wit 2* (i.e., the reprocessing remedy). *Id.* at 2–3. The Plaintiffs included a proposed renewed motion deadline of October 27, 2023. *Id.* at 4.

On June 23, 2023, the Court issued a Scheduling and Pretrial Order. Dkt. No. 319. This

order did not include a deadline for a renewed motion for class certification.[2] Accordingly, on July 16, 2023, Plaintiffs filed an administrative motion for leave to file a renewed motion for class certification and attached a proposed renewed motion. Dkt. Nos. 323–29. In Plaintiffs' proposed renewed motion, they include money damages models that calculate classwide damages based on Defendants' underpayments and savings fees. As explicitly stated in the renewed motion, these damages models are designed to avoid the reprocessing remedy "rejected in *Wit [2]* and this Court." Dkt. No. 323-2 at 30. Indeed, Plaintiffs state that, although they seek damages under Rules 23(b)(1) and (b)(2), they "seek damages *primarily* under Rule 23(b)(3)." *Id* (emphasis added). Plaintiffs also request the Court to grant "any other relief" that it deems "just and proper." *Id.* at 31. That motion is still pending.

## II. Analysis

### A. *Wit 3* makes clear that reprocessing is available as a remedy in circumstances like those here.

Although the parties have disagreed about the scope and application of *Wit 2*, at least in this Court's determination, *Wit 2* barred Plaintiffs from seeking reprocessing as a remedy under ERISA. That was the basis for this Court's denial of Plaintiffs' original motion for class certification, which is still up for appeal in the Ninth Circuit, and the basis for Plaintiffs seeking leave to file a renewed motion after the Court's denial of their original motion.

In a major reversal of *Wit 2*, *Wit 3* makes clear, however, that reprocessing *is* an available remedy under ERISA. It states in plain terms that reprocessing is available under ERISA at least where, as here, the member may be entitled to benefits and the issue is whether the plan failed to adjudicate a benefit as required by the terms of a plan. *Wit 3*, 2023 WL 5356640 at *9.

---

[2] Notably, the Scheduling Order indicates that the Court has scheduled a bench trial only. Plaintiff has pending RICO claims, however, for which it is entitled to a jury trial. *See*, *e.g.*, *Gardner v. Boettcher & Co.*, 872 F.2d 427 (9th Cir. 1989) (describing "right to jury trial for . . . RICO claims"). Plaintiffs included RICO claims in their operative Complaint and demanded a jury trial. Dkt. No. 91 at ps. 70–73 (RICO counts), 79 (jury trial demand). The court may bifurcate the proceedings to include a bench trial on Plaintiffs' ERISA and equitable claims, and a jury trial on Plaintiffs' RICO claims. *See*, *e.g.*, *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 79 (3d Cir. 2012) (noting district court's bifurcation of ERISA and RICO claims). Given the uncertainty in this case, Plaintiffs have not moved to modify the scheduling order, but will do so if the Court does not modify the scheduling order itself as the case progresses.

ARNALL GOLDEN GREGORY LLP
LIMITED LIABILITY PARTNERSHIP
2100 Pennsylvania Ave., NW
Suite 350S
Washington, DC 20037
Telephone: 202.677.4040

The key language in *Wit 2* suggesting a broader bar of reprocessing is absent in *Wit 3*. *Wit 2* provided that under ERISA, reprocessing is not itself a remedy; rather, it "is a means to the ultimate remedy." 58 F.4th at 1094. Defendants seized on this language in their prior supplemental briefing, *see* Dkt. No. 289 at 2, and the Court cited to the page in which this language appears in its Certification Order, at 6 n.4.

That language is absent in *Wit 3*. Instead, *Wit 3* provides a less restrictive interpretation of reprocessing as an ERISA remedy. The decision makes clear that the problem with reprocessing in *Wit* is that: (1) some plaintiffs were not "denied based only on the challenged provisions," 2023 WL 5356640 at *10; (2) some plaintiffs had "individual circumstances" that determine whether they were entitled to benefits, *id.* at *9; and (3) the standards plaintiffs challenged encompassed "many provisions," some of which were not challenged, including unchallenged provisions that applied to putative class members, *id*. Those factual circumstances do not apply here. As Plaintiffs have repeatedly argued, every putative class member's claims were paid, so there is no dispute as to class members' entitlements to benefit. The only issue is the *method* used to determine payment which was the same for each class members. In other words, each plaintiff was "entitled to benefits under the proper standard" but their claims were underpaid "based on the wrong standard"—exactly the circumstance the Ninth Circuit indicated warrants reprocessing in *Wit 3*. *Id.* at *9.

Indeed, the Ninth Circuit repeatedly stated that reprocessing may be an available remedy:

- A reprocessing "remand may be an appropriate remedy *in some cases* where an administrator has applied an incorrect standard." *Id*. (emphasis added).
- "We have ordered remand for claim reprocessing where a plaintiff has shown that his or her claim was denied based on the wrong standard *and* that he or she might be entitled to benefits under the proper standard." *Id.* (emphasis original)
- "An individual plaintiff who demonstrated an error in the Guidelines would not be eligible for reprocessing *without at least some showing* that UBH employed an errant portion of the Guidelines that related to his or her claim." *Id.* (emphasis added).

**B.  The Court should grant Plaintiffs' motion for leave to file a renewed motion.**

The complex procedural posture of this case arises from the Ninth Circuit's changing

4

Case No. 4:20-cv-02254-YGR-JCS

Plaintiffs' Supplemental Brief re: Wit v. United Behavioral Health

decisions in *Wit*. As Plaintiffs feared when they filed their motion for a stay, they now have competing pending motions for class certification: (1) an original motion still pending (and stayed) in the Ninth Circuit,[3] and (2) a renewed motion pending a motion for leave to file.[4] Plaintiffs respectfully suggest that these circumstances leave the Court with several choices on how to proceed. Although Plaintiffs cannot brief all the possible permutations in a five-page supplemental brief, the Court may consider: (1) granting the renewed motion and allowing Plaintiffs to pursue both a Rule 23(b)(3) money damages class through their damages model and also a reprocessing remedy as "just and equitable relief";[5] or (2) permitting Plaintiffs to file a revised renewed motion to certify that takes into account the changing *Wit* landscape.[6]

Plaintiffs respectfully request that this Court grant Plaintiffs' motion seeking leave to file its renewed motion. Plaintiffs believe they are entitled to relief, particularly under Rule 23(b)(3), for the reasons stated therein—regardless of *Wit*. In their renewed motion, Plaintiffs primarily seek a Rule 23(b)(3) money damages class and set forth appropriate damages models that do not require reprocessing. This avoids *Wit* altogether.

However, although the Plaintiffs do not ask directly for reprocessing, the Court may still grant a reprocessing remedy as relief it deems "just and proper." This would not prejudice the Defendants who have briefed the reprocessing issue in their opposition to Plaintiffs' original motion and have yet to file an opposition to Plaintiffs' renewed motion given that leave to file is still pending.[7] This is particularly so given that at the certification stage, the merits questions of what damages are available to Plaintiffs need not be resolved conclusively. *See*, *e.g.*, *Leyva v. Medline Indus.*, 716 F.3d 510, 514 (9th Cir. 2013); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978) (describing certification as "inherently tentative").

---

[3] Neither the parties nor the Court need yet decide what to do with the pending Rule 23(f) petition. It is currently stayed pending *Wit* and could be mooted by this Court's decision.
[4] The parties are now conducting expert discovery on the individual merits claims pursuant to the Scheduling Order.
[5] Plaintiffs do seek class certification under Rule 23(b)(1) and (b)(2) in their renewed motion, which are appropriate avenues for a reprocessing remedy. Dkt. No. 323-2 at 25–27.
[6] For example, Plaintiffs could more explicitly pursue both its money damages class theory (under Rule 23(b)(3)) and reprocessing remedy theory (under Rule 23(b)(1) and (b)(2)).
[7] Plaintiffs can also address reprocessing in their reply.

5

Case No. 4:20-cv-02254-YGR-JCS

Plaintiffs' Supplemental Brief re: Wit v. United Behavioral Health

Dated: September 25, 2023

Arnall Golden Gregory LLP

By: */s/ Matthew M. Lavin*
Matthew M. Lavin

DL Law Group

By: */s/ David M. Lilienstein*
David M. Lilienstein
Katie J. Spielman

Attorneys for Plaintiffs LD, DB, BW, RH, CJ and the putative class

6