UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH, et al.,<br><br>    Defendants. | Case No. 20-cv-02254-YGR   (JCS)<br><br>**ORDER RE JOINT DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 364, 370 |

Presently before the Court are the parties' joint discovery letters addressing disputes related to the expert reports of Jessica Schmor (Defendants' expert) and RPC (Plaintiffs' expert). Dkt. nos. 364, 370. The Court's rulings are set forth below.

<u>Untimely amendments and corrections to expert reports</u>: Plaintiffs complain that they were prejudiced by the late disclosure of an amendment to Schmor's rebuttal report, which was produced less than 24 hours before her deposition. They ask the Court to strike the amendment and any deposition testimony related to it, as a sanction. Likewise, Defendants assert that they were prejudiced by Plaintiffs' production of a corrected expert report by RPC (Plaintiffs' expert) two weeks after they produced the original report and approximately a month before RPC's two analysts (Dr. Brian Piper and Dr. Ronald Luke) were deposed. They request that "[t]o the extent this Court is inclined to exclude any portion of MultiPlan's rebuttal expert report(s) and/or corresponding rebuttal expert testimony, including that provided by Jessica Schmor, MultiPlan is entitled to the same relief as it concerns RPC's Report and corresponding deposition testimony." As the Court noted at the hearing, after each of these amended or corrected reports were served, the opposing party took the deposition of the experts and had the opportunity to ask questions about the new reports. No party was able to show any prejudice from the late disclosure.

For the reasons stated on the record, and as stipulated by the parties at oral argument, the Court DENIES the parties' requests to strike the amendments/corrections to the expert reports and related testimony without prejudice to raising the issue with the district judge, who may wish to take a stricter approach to the parties' failure to adhere to the Court's deadlines.

CMS OPSAF data:  Plaintiffs contend that to the extent MultiPlan (and not counsel) provided a "curated" subset of OPSAF data to its expert, Jessica Schmor, they are entitled to know (1) what data was provided to Ms. Schmor and (2) any related analysis that was communicated by MultiPlan to Schmor along with the data.  Defendants, in turn, assert that they are entitled to the OPSAF data underlying RPC's analysis and the disclosure of the queries run by RPC in preparing its report.

For the reasons stated on the record and pursuant to the stipulation of the parties at oral argument, the Court ORDERS as follows: 1) both sides will produce to the other side the complete queries (including all search terms and identification of the portion of the OPSAF database that was searched if the query was not run on the entire database) that were used to obtain the OPSAF data that was relied upon in the reports of their experts (Jessica Schmor, Dr. Brian Piper and Dr. Ronald Luke), including the queries that were used by MultiPlan to obtain the data that was supplied by MultiPlan to Ms. Schmor; 2) Ms. Schmor shall provide a declaration, sworn under penalty of perjury, confirming that the only communication she received from MultiPlan in connection with the sharing of OPSAF data was an Excel spreadsheet from Mr. Schill that contained the raw data, along with one additional field identifying the Metropolitan Service Area for the data; 3) with respect to data obtained by Plaintiffs' experts from the CMS Outpatient Carrier File that was relied upon in RPC's November 1, 2023 rebuttal expert report, Plaintiffs shall produce, in addition to the queries, the data that they obtained from searching this file.  That data shall be subject to the protective order in this case as CONFIDENTIAL information.  In addition, Defendants are ordered to treat this data in a manner that is consistent with their DUA agreement with CMS.

Disclosure of individuals involved in preparation of expert reports: Each side complains that the other side has not provided complete information about who was involved in preparing

their expert reports. For the reasons stated on the record and as stipulated by the parties, the Court ORDERS both sides to disclose the identities of all individuals who participated in the preparation of the expert reports (other than counsel) by providing declarations, sworn under penalty of perjury, by the named testifying experts (Ms. Schmor, Dr. Piper and Dr. Luke) that list the individuals who participated in the preparation of their reports and provide information about each individual's employment and a detailed narrative description of what each person did with respect to the reports. Following the production of these declarations, the parties shall meet and confer on whether those individuals should be deposed.

The disclosures ordered by the Court herein shall be completed no later than **November 15, 2023.**

**IT IS SO ORDERED.**

Dated: November 8, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge