| | |
|---|---|
| Lauren M. Blas, SBN 296823<br>LBlas@gibsondunn.com<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Telephone:   213.229.7000<br>Facsimile:    213.229.7520<br><br>Geoffrey Sigler (pro hac vice)<br>GSigler@gibsondunn.com<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone:   202.995.8500<br>Facsimile:    202.467.0539<br><br>Attorneys for Defendants United Behavioral Health and United Healthcare Insurance Company | Matthew M. Lavin (pro hac vice)<br>matt.lavin@agg.com<br>Arnall Golden Gregory LLP<br>1775 Pennsylvania Ave NW,<br>Suite 1000<br>Washington, DC 20006<br>Telephone: 202.677.4030<br>Facsimile: 202.677.4031<br><br>David M. Lilienstein<br>SBN 218923<br>david@dllawgroup.com<br>KATIE J. SPIELMAN<br>SBN 252209<br>katie@dllawgroup.com<br>DL Law Group<br>345 Franklin Street<br>San Francisco, CA 94102<br>Telephone: 415.678.5050<br>Facsimile: 415.358.8484<br><br>Attorneys for Plaintiffs<br><br>[Additional Counsel Listed On Signature Page] |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| LD, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>United Behavioral Health, Inc., et al.,<br><br>         Defendants. | Case No. 4:20-cv-02254-YGR-JCS<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**Further Joint Case Management Statement**<br><br>Date: December 11, 2023<br>Time: 2pm<br><br>Location: Oakland Courthouse Courtroom 1 – 4th Floor 1301 Clay Street Oakland, CA 94612<br><br>Third Amended Complaint filed: August 10, 2021 |

Plaintiffs LD, DB, BW, RH and CJ, Defendants United Behavioral Health and UnitedHealth Insurance Company ("United Defendants") and Defendants MultiPlan, Inc. ("MultiPlan"), collectively the "Parties," to the above-entitled action, having met and conferred through counsel on November 27, 2023, regarding the matters set forth herein, jointly submit this Further Joint Case Management Statement pursuant to the Court's October 26, 2023 Scheduling Order (Dkt. 319, as modified Dkt. 361), Clerk's Notice Setting Case Management Conference (Dkt. 320), and Civil Local Rule 16-9.

## I. Jurisdiction and Service

### A. Plaintiffs' Position

With respect to its pending motion for leave to file a renewed class certification motion (Dkt. 323) and its prior class certification motion on appeal (No. 23-80032 (9th. Cir.), ECF No. 1), the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because at least one Plaintiff is diverse from the Defendants and the amount in controversy exceeds $5,000,000. With respect to the claims of the individual named Plaintiffs, this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)

### B. Defendants' Position

The Court continues to have federal question jurisdiction because Plaintiffs' claims arise under ERISA and RICO. Jurisdiction no longer exists under the Class Action Fairness Act, because the Court denied Plaintiffs' motion for class certification. *See* Dkt. 301. Defendants continue to reserve all defenses and objections to subject matter jurisdiction (including lack of standing under Article III) with respect to particular Plaintiffs, claims, and forms of relief.

## II. Facts

### A. Plaintiffs' Preliminary Statement

Plaintiffs are patients who had health insurance through ERISA health plans sponsored by Apple or Tesla. Each health plan was administered by United or its subsidiaries. Each Patient received valid, medically necessary out-of-network ("OON") treatment for intensive outpatient services ("IOP") relating to mental health or substance use disorders ("MH/SUD"). Their provider, Summit Estate Recovery Center ("Summit"), submitted claims to United under HCPCS

1  code H0015. United reimbursed each claim based on an amount determined by Defendant
2  MultiPlan, Inc. ("MultiPlan"). MultiPlan, a "repricer," determined the reimbursement amounts
3  using its "cost-containment" tool, Viant OPR ("Viant").

4  Each of Plaintiffs' health plans required United to reimburse Plaintiffs' OON IOP claims
5  based on a usual, customary, and reasonable ("UCR") amount. "Usual, customary, and
6  reasonable" is a term of art, regularly used and commonly understood within the industry. It
7  means what it sounds like: UCR amounts reflect the usual charges associated with a particular
8  service. Despite differences in wordings in the Plaintiffs' plans, each plan was part of United's
9  Reasonable and Customary ("R&C") program. That program required UCR reimbursement for
10 all OON claims—including claims for IOP services.

11 The Viant amounts United used to reimburse Plaintiffs' IOP claims, however, were not
12 consistent with proper UCR reimbursement. MultiPlan's Viant methodology was simply
13 incapable of producing a legitimate UCR amount because its chosen dataset did not include
14 statistically valid, representative, or relevant charge data necessary to price H0015 claims.
15 Instead, Defendants used charge data associated with a completely inappropriate and irrelevant
16 billing code—APC 5823—in order to minimize its reimbursement of Plaintiffs' claims, leaving
17 Plaintiffs with the obligation to pay their respective providers for the balances due. They did so
18 because Plaintiffs' plans paid United a "savings fee" measured by the difference between the
19 amount providers billed and Defendants' Viant-determined reimbursements. United charged the
20 "savings fee" to plans and paid a portion of that fee to MultiPlan.

21 **B. Defendants' Preliminary Statement**

22 Plaintiffs' individual claims fail for multiple reasons. As a threshold matter, Plaintiffs
23 misstate the controlling health plan terms by asserting (as stated above) that their plans required
24 reimbursement based on "UCR," which is a "term of art, regularly used and commonly
25 understood within the industry." The undisputed record shows that Plaintiffs' plans required
26 reimbursement not based on Plaintiffs' definition of "UCR," but rather based on a distinct plan-
27 specific definition of "Eligible Expenses" determined based on "competitive fees" in the
28 geographic area—a standard that experts on both sides agreed is meaningfully different than

Plaintiffs' definition of "UCR." Applying the proper legal standard to the evidence, Defendants acted reasonably and complied with all governing plan terms in calculating reimbursements for Plaintiffs' claims. Moreover, Defendants and their experts have demonstrated (1) that Plaintiffs' critiques of the Viant database (maintained by MultiPlan and relied on by UHC in calculating Plaintiffs' reimbursements) are misguided and (2) that the specific rates reimbursed on Plaintiffs' claims were reasonable.

Defendants also have various other defenses to Plaintiffs' claims, such as (1) Plaintiffs cannot prove any fraudulent statements by Defendants or any other elements of their RICO claims; (2) Plaintiffs failed to exhaust their administrative remedies before filing suit, as required by their plans and ERISA; (3) Plaintiffs lack standing under RICO, ERISA, and Article III; and (4) MultiPlan is not a health plan or a fiduciary and therefore is not a proper defendant under ERISA.

### III.   Legal Issues

Without waiving their respective positions and arguments, the Parties agree that disputed points of law remaining in this litigation include, but are not limited to:

1. Whether United Defendants (1) violated 18 U.S.C. § 1962(c); (2) violated 18 U.S.C. § 1962(d); (3) underpaid benefits under plans governed by ERISA in violation of 29 U.S.C. § 1132(a)(1)(B), ERISA § 502(a)(1)(B); (4) breached plan provisions in violation of 29 U.S.C. § 1132(a)(1)(B), ERISA § 502(a)(1)(B); (5) violated fiduciary duties under 29 U.S.C. § 1132(a)(3); and whether Plaintiffs (6) are entitled to equitable relief.

2. Whether Defendant Multiplan (1) violated 18 U.S.C. § 1962(c); (2) violated 18 U.S.C. § 1962(d); and whether Plaintiffs (3) are entitled to equitable relief.

3. Whether the reimbursements on the claims at issue complied with the terms of the relevant health plans.

4. Whether there were any fraudulent communications as alleged in the Third Amended Complaint.

5. Whether Defendants participated in and/or managed a RICO enterprise.

6.     Whether Plaintiffs were injured in their business or property by the alleged RICO enterprise.

7.     Whether Plaintiffs have standing to seek relief on any of the claims alleged in the Third Amended Complaint and, if so, which claims.

8.     Whether MultiPlan is a fiduciary or otherwise is a proper defendant under ERISA.

9.     Plaintiffs also contend that, with respect to Plaintiffs' pending class motion and original class motion pending appeal, a disputed issue is whether this action can be maintained as a class action under Fed. R. Civ. P. 23. Defendants' position is that this issue has been resolved and is not a live issue before the Court, as further discussed below.

## IV.  Motions

### A.  Past Motions Already Decided By The Court

***Defendants' Motions to Dismiss***. Defendants previously moved to dismiss Plaintiffs' Complaint (Dkts. 33–35, 48–49), which the Court granted (Dkt. 55), and moved to dismiss the First Amended Complaint (Dkts. 65–67, 71–72), which the Court granted in part and denied in part (Dkt. 73). Following the Court's order, UBH answered Plaintiffs' Second Amended Complaint (Dkt. 76) and subsequently filed an Amended Answer (Dkt. 79). Following two prior motions to dismiss (Dkts. 33 & 48; Dkts. 65 &71), Defendant MultiPlan moved to dismiss Plaintiffs' Second Amended Complaint (Dkts. 75 & 78), which the Court denied in its March 16, 2021 Order (Dkt. 80). Following that Order, Defendant MultiPlan answered Plaintiffs' Second Amended Complaint (Dkt. 82). Pursuant to a stipulation between the Parties, Plaintiffs filed a Third Amended Complaint, which added UnitedHealthcare Insurance Company as a defendant. Dkts. 89 & 91. As part of the stipulation, Defendants' previously-filed answers were deemed effective in response to the Third Amended Complaint. Dkt. 89.

***Plaintiffs' Motion for Partial Summary Adjudication as to the Standard of Review***. Plaintiffs moved for summary adjudication to establish the standard of review as *de novo* (Dkts. 100, 104, 106, 108, 109, 113–114), which the Court denied without prejudice and deferred ruling on until a more complete record was developed (Dkt. 116).

***Plaintiffs' Original Motion for Class Certification***. Plaintiffs moved for class

4

certification (Dkts. 168, 171, 205, 249, 250), which the Court denied in March 2023 (Dkt. 301). On April 14, 2023, Plaintiffs timely filed a petition for interlocutory appeal of the Court's Certification Order. No. 23-80032 (9th. Cir.), ECF No. 1. On June 2, 2023, the Ninth Circuit sua sponte stayed Plaintiffs' Petition "pending issuance of the mandate in Wit." *Id*. ECF No. 10. Plaintiffs' petition remains pending before the Ninth Circuit.

***Plaintiffs' Motion to Stay.*** On May 5, 2023, Plaintiffs asked this Court to stay proceedings pending a ruling on their Rule 23(f) petition filed in the Ninth Circuit, and Defendants opposed. Dkts. 310, 312, & 313. On June 20, 2023, this Court denied Plaintiffs' motion to stay. Dkt. 318.

### B. Pending Motions Before The Court

***Plaintiffs' Administrative Motion for Leave to File Renewed Motion for Class Certification***: Plaintiffs filed an administrative motion for leave to file a renewed motion for class certification and attached a proposed renewed motion (Dkts. 323–329), which Defendants opposed (Dkt. 332). This Court also ordered the Parties to submit supplemental briefing regarding the Ninth Circuit's decision, *Wit v. United Behav. Health*, 2023 WL 5356640, at *2 (9th Cir. Aug. 22, 2023) ("*Wit 3*"). *See* Dkt. 343 (Order). The Parties filed their briefs on September 25, 2023. Dkts. 353, 354. Plaintiffs' motion for leave remains pending.

***Defendants' Administrative Motion for Leave to Take Third-Party Deposition***. On August 31, 2023, Defendants filed a motion for administrative relief requesting that the Court direct Plaintiffs to make their third-party witness Thomas P. Ralston (who Defendants contend was not identified as a witness until after the close of discovery) available for deposition, or alternatively, bar Plaintiffs from relying on his declarations or other testimony in any subsequent motions or at trial. Plaintiffs opposed on the grounds that: (1) discovery is closed, (2) Defendants long ago declined an opportunity to take his deposition, (3) Defendants produced dozens of documents with his name on them and therefore knew about him, and (4) Ralston so far has been offered as a rebuttal witness in reply only. *See* Dkts. 344 & 348. Defendants' motion is pending with the Court.

***Defendants' Motions to Seal***. Although this Court has already ruled on most of the

motions to seal portions of the Parties' various filings, a few discrete sealing issues remain pending before the Court. Specifically:

- In accordance with the Court's order dated September 21, 2023, in which the Court ruled on certain sealing issues but also authorized Defendants to submit additional information to support sealing (Dkt. 352), Defendants filed a supplemental brief on October 2, 2023 (Dkt. 355) addressing 22 specific exhibits related to the original class certification briefing that Defendants maintain should be partially redacted or sealed for reasons explained in that submission. Plaintiffs filed a supplemental brief opposing additional sealing. Dkt. 356.

- The Parties also filed motions to seal exhibits that Plaintiffs filed in connection with their request for leave to file a renewed motion for class certification. *See* Dkts. 323–331, 337–339. On July 16, 2023, Plaintiffs re-filed several of the same materials they had already filed in connection with previous class certification briefing. *See* Dkt. 337 ¶¶ 5–6, Appendix (identifying exhibits and portions of exhibits that were previously submitted in connection with Plaintiffs' original class certification briefing). Because some of the exhibits contained in these filings included the same materials already included in previous filings, this Court's rulings on the previous motions to seal (discussed above) will resolve many of the sealing issues with these re-filings by Plaintiffs, but other sealing issues will not be addressed by rulings on the previous motions to seal.

The Parties are also discussing a proposed stipulation to streamline sealing procedures and anticipate seeking the Court's approval at the case management conference.

**C.      Anticipated Motions**

***The Parties' Motions for Summary Judgment***. Under the Court's Scheduling and Pretrial Order, the deadline to file a dispositive motion/*Daubert* motion is December 22, 2023. Dkt. 319. The Parties anticipate filing cross-motions for summary judgment and will outline their specific arguments in a pre-filing letter in accordance with the Court's rules. In an effort to reduce repetition and reduce burden on the Court, the Parties are willing to work together on a

cross-briefing schedule (*i.e.*, opening motion; opposition/cross-motion; reply/cross-opposition; cross-reply) given the likely overlapping issues in the Parties' briefing. As explained below, Plaintiffs are seeking a modification of the dispositive motion cutoff and other deadlines; Defendants do not believe any extension is necessary at this point.

***Plaintiffs' Motion to Modify Scheduling Order.*** Plaintiffs intend to seek an extension of all deadlines in the current Scheduling and Pretrial Order, Dkt. 319 (as modified Dkt. 361), after the Joint Case Management Conference scheduled December 11, 2023. Plaintiffs propose taking the remaining deadlines off the calendar pending the Court's resolution of the renewed motion—with a scheduling conference to be held within 14 days of the Court's ruling. Defendants do not believe any extension is necessary at this point.

***Other Potential Pre-Trial Motions***. The Parties may file additional pre-trial motions (such as motions *in limine* or *Daubert* motions) depending on the scope of any trial in this case. Currently, the Scheduling and Pretrial Order indicates that the Court has scheduled a bench trial only, for one day. Plaintiffs contend that they are entitled to a jury trial on their RICO claims and intend to file a motion requesting this relief. *See*, *e.g.*, *Gardner v. Boettcher & Co.*, 872 F.2d 427 (9th Cir. 1989) (describing "right to jury trial for . . . RICO claims"). Plaintiffs included RICO claims in their operative Complaint and demanded a jury trial. Dkt. 91 at ps. 70–73 (RICO counts), 79 (jury trial demand). The court may bifurcate the proceedings to include a bench trial on Plaintiffs' ERISA and equitable claims, and a jury trial on Plaintiffs' RICO claims, if available. *See*, *e.g.*, *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 79 (3d Cir. 2012) (noting district court's bifurcation of ERISA and RICO claims).

Defendants will respond to any motion for a jury trial by Plaintiffs, but believe it is premature to set this case for a jury trial on Plaintiffs' RICO claims. This Court's rulings on the forthcoming motions for summary judgment to be filed by both sides, or a defense verdict on Plaintiffs' ERISA claims at the bench trial scheduled for May 6, 2024, could foreclose Plaintiffs' RICO claims and therefore make a jury trial unnecessary.

## V. Amendment of Pleadings

### A. Plaintiffs' Position

Plaintiffs do not presently intend to amend the Third Amended Complaint but reserve their rights to do so.

### B. Defendants' Position

Any further amendment should be by motion at this point. Defendants continue to reserve all rights to oppose any further amendment of the pleadings.

## VI. Evidence Preservation

The Parties addressed these issues prior to and during discovery, which now has closed as further explained below. As explained in the Parties' April 2021 Joint Case Management Statement (Dkt. 83), the Parties reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and met and conferred pursuant to Fed. R. Civ. P. 26(f). The Parties filed, and the Court approved, a stipulated Protective Order for this action. *See* Dkts. 24, 25

## VII. Disclosures

The Parties served initial disclosures in April 2021 in compliance with Rule 26(f) and amended disclosures in July 2022. MultiPlan served further amended additional disclosures in December 2022. The Parties do not anticipate that any changes need to be made in the form or requirement of the disclosures at this time.

## VIII. Discovery

### A. Plaintiffs' Position

Discovery is closed as to the merits and expert discovery of the individual Plaintiffs' claims as of November 21, 2023, per the Court's scheduling orders. *See* Dkts. 319, 361. Plaintiffs reserve the right to additional discovery should their pending class certification motions be granted, which would necessitate further discovery as to the class issues.

On May 5, 2023, Plaintiffs filed a Joint Case Management Statement indicating their position that merits discovery was not closed and, in any case, more discovery was warranted by the additional 775+ documents produced by MultiPlan following the Court's Certification Order.

ARNALL GOLDEN GREGORY LLP
LIMITED LIABILITY PARTNERSHIP
2100 Pennsylvania Ave., NW
Suite 350S
Washington, DC 20037
Telephone: 202.677.4040
WWW.AGG.COM

1  Dkt. 311. That same day, Plaintiffs filed a motion to stay the case pending its interlocutory

2  appeal of the Certification Order (Dkt. 310), which this Court denied on June 20, 2023 (Dkt.

3  318). On June 23, the Court issued its Scheduling Order, which deemed non-expert discovery

4  closed absent further Court order. Plaintiffs reserve the right to seek to reopen discovery should

5  the Court certify a class or grant its pending renewed motion for class certification.

6        Regarding a potential deposition of Lamon Willis, as discussed below, Plaintiffs have

7  only tentatively agreed that Defendants may take a limited deposition of Lamon Willis and are

8  currently discussing the subject with Defendants.

9        **B. Defendants' Position**

10        Fact and expert discovery are closed under this Court's orders, absent good cause shown

11  as to any discrete matters warranting an exception. Dkt. 319 (deeming non-expert discovery closed

12  absent "further Court order" and settling close of expert discovery for November 21, 2023), as

13  modified at Dkt. 360; *see also* Dkt. 318 (rejecting Plaintiffs' argument that a stay was necessary

14  to conduct more discovery). Defendants anticipate opposing any requests to reopen discovery,

15  except as to the two discrete areas outlined below.

16        *First*, as discussed above, Defendants have requested that the Court direct Plaintiffs to

17  make their third-party witness Thomas Ralston (available for deposition, or, alternatively bar

18  Plaintiffs from relying on his declaration or other testimony in further briefing or at trial. *See* Dkt.

19  344. Plaintiffs disclosed Ralston for the first time after the close of discovery (*see* Dkt. 264).

20  Defendants' request remains pending before the Court.

21        *Second*, the Parties have agreed that Defendants can take a limited deposition of one of

22  Plaintiffs' experts, Lamon Willis, regarding an "addendum" to his report served by Plaintiffs at

23  9:00 P.M. ET on the last day of expert discovery, November 21.

24  **IX.  Class Action**

25      **A.  Plaintiffs' Position**

26        Plaintiffs brought this action as a class action on behalf of themselves and all those

27  similarly situated who were directly injured by Defendants' scheme to underpay their claims.

28  Plaintiffs bring this class action on behalf of the Plaintiff class, defined as: Any member of a

health benefit plan administered or issued by United and governed by ERISA, where the member's plan utilized United's "Reasonable and Customary" program for out-of-network benefits, and whose claim(s) for intensive outpatient services were billed with HCPCS H0015 and/or revenue code 0906, priced by MultiPlan's Viant methodology, and never adjusted, during the class period January 1, 2015, to the present.

As discussed above, Plaintiffs filed an original class motion which is now pending appeal in the Ninth Circuit.

In addition, also discussed above, Plaintiffs filed an administrative motion for leave to file a renewed motion for class certification and attached a proposed renewed motion. Dkts. 323–29. That motion is still pending.

### B. Defendants' Position

This Court denied Plaintiffs' motion for class certification (Dkt. 301). Plaintiffs' pending administrative motion for leave to file a renewed class certification motion (*see* Dkt. 332) should be denied for reasons explained in Defendants' opposition (see Dkt. 332) and in their supplemental briefing regarding the Ninth Circuit's *Wit* decision (Dkt. 353).

## X. Related Cases

Counsel do not believe that there are any pending related actions but will apprise the Court if that changes.

## XI. Relief

### A. Plaintiffs' Position

Original Class Motion Pending Appeal: Plaintiffs' original class certification motion seeks primarily a "reprocessing" remedy under Rules 23(b)(1) and (b)(2) for violations under ERISA § 502(a)(1)(B) and (a)(3) based on the under-reimbursement of Plaintiffs' and the putative class members' claim. Plaintiffs also seek certification under Rule 23(b)(3), a money damages class (*see* Dkt. 168 at 21) and an order requiring Defendants to pay damages calculated based on the savings fees unlawfully collected by Defendants arising out of their underpayment of Plaintiffs' and the putative class members' claims. In addition, Plaintiffs pray for general, special, restitutionary and compensatory damages in an amount according to proof; treble

damages for those claims arising under RICO; prejudgment interest on amounts being wrongfully withheld; and injunctive and equitable relief. Plaintiffs seek declaratory relief declaring: (1) that United's payments were improper underpayments, that United's payment methodologies were and are improper, that MultiPlan's benefit determination methodologies were and are improper, and that Defendants have engaged in an illegal, prohibited, RICO enterprise. Plaintiffs seek attorneys' fees and costs pursuant to statute, and such other and further relief as the Court may deem appropriate.

Renewed Motion for Class Certification Pending Leave to File: Plaintiffs' renewed motion for class certification (pending leave to file) does not seek the reprocessing remedy, for the reasons discussed therein and in Plaintiffs' Supplemental Brief re: *Wit v. United Behavioral Health*, 2023 WL 5356640 (9th Cir. Aug. 22, 2023), Dkt. 354. Instead, Plaintiffs seek primarily money damages under Rule 23(b)(3) relating to the under-reimbursement of Plaintiffs' and putative class members' claims ($300,281,744.77) and the savings fees attributable to those under-reimbursements ($105,098,610.67). In addition, Plaintiffs continue to seek the other (non-reprocessing) remedies sought in their original class certification motion, discussed above.

Individual Plaintiffs' Claims: Plaintiffs seek primarily money damages under Rule 23(b)(3) relating to the under-reimbursement of Plaintiffs' claims ($270,297.28) and the savings fees attributable to those under-reimbursements ($96,604.05). *See* Dkts. 323–25. In addition, Plaintiffs pray for general, special, restitutionary and compensatory damages in an amount according to proof; treble damages for those claims arising under RICO; prejudgment interest on amounts being wrongfully withheld; and equitable relief. Plaintiffs seek declaratory relief declaring: (1) that United's payments were improper underpayments, that United's payment methodologies were and are improper, that MultiPlan's benefit determination methodologies were and are improper, and that Defendants have engaged in an illegal, prohibited, RICO enterprise. Plaintiffs seek attorneys' fees and costs pursuant to statute, and such other and further relief as the Court may deem appropriate.

**B.     Defendants' Position**

Plaintiffs are not entitled to any of the relief they seek, for reasons already addressed in

1  Defendants' motions to dismiss, answer, opposition to class certification, and forthcoming
2  motions for summary judgment.

## XII. Settlement and ADR

Plaintiffs and Defendants filed their ADR certifications in June 2020 and selected private mediation. *See* Dkts. 39, 41, & 43. The Parties attended an initial mediation in December 2021, but that effort was unsuccessful.

The Parties' current deadline to mediate is December 8, 2023. The Parties are not currently in active settlement discussions or mediation.

## XIII. Other References

The Parties continue to believe that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. Narrowing of Issues

Both sides intend to move for summary judgment on several issues, and the Parties anticipate that through the course of that briefing they will be able to narrow the issues and remaining factual disputes.

### A. Plaintiffs' Position

Plaintiffs, without waiving their rights to seek summary judgment on additional issues, intend to move for summary judgment on the issues below. Although Plaintiffs intend to seek an extension of the deadlines, including the summary judgment deadline (as discussed herein), in an abundance of caution and in the interest of judicial economy, Plaintiffs intend to file a pre-filing summary judgment letter on December 4, to be discussed with the Court at a pre-trial conference on December 13. However, like Defendants, in the interest of efficiency and judicial economy, Plaintiffs are willing to combine the December 11 Case Management Conference with the pre-filing summary judgment conference so that both conferences are held on December 11, subject to Court approval.

Whether Defendants reimbursement of Plaintiffs' out-of-network ("OON") claims for intensive outpatient program treatment services ("IOP") based on amounts determined through MultiPlan's Viant OPR ("Viant") methodology:

(1) underpaid Plaintiffs' plan benefits in violation of 29 U.S.C. § 1132(a)(1)(B) (Count 3);

(2) breached the provisions of Plaintiffs' plans for benefits in violation of 29 U.S.C. § 1132(a)(1)(B) (Count 4);

(3) violated Defendants' fiduciary duties of loyalty and due care in violation of 29 U.S.C. § 1132(a)(3) (Count 5); and

(4) entitle Plaintiffs to equitable relief (Count 7).

Plaintiffs will also request that the Court to rule that: (1) Defendants engaged in "conduct" within the meaning of 18 U.S.C. § 1962(c); (2) Defendants entered into an "enterprise" within the meaning of 18 U.S.C. § 1962(c); and (3) Defendants entered into an agreement within the meaning of 18 U.S.C. § 1962(d).

Plaintiffs also intend to seek summary judgment to resolve the issue of the appropriate standard of review to apply to their ERISA claims to the extent this issue has not been resolved by the Court. *See* Dkts. 98, 104, 106, 108, 116.

### B. Defendants' Position

Defendants intend to move for summary judgment on various bases to be presented to this Court in a pre-filing letter on December 4, and to be discussed with the Court at a pre-trial conference on December 13. However, in the interest of efficiency and judicial economy, Defendants are willing to combine the December 11 Case Management Conference with the pre-filing summary judgment conference so that both conferences are held on December 11, subject to Court approval.

## XV. Expedited Trial Procedure

The Parties agree that this action is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64.

## XVI. Scheduling

### A. Plaintiffs' Position

Besides the pending motions for class certification, the Court has already issued a scheduling order in this case relating to the claims of the individual Plaintiffs.

As noted above, Plaintiffs intend to file an administrative motion seeking to postpone the

13

deadlines following the Case Management Conference scheduled December 11, 2023, until the Court's ruling on Plaintiffs' renewed motion for class certification. Deferring summary judgment motions until after this Court rules on class certification is consistent with the Ninth Circuit law, which generally favors ruling on class certification and allowing class members to opt out before ruling on merits issues. *See*, *e.g.*, *Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995); *Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015). Plaintiffs therefore propose the following deadlines:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Mediation Deadline | December 8, 2023 | TBD |
| Case Management Conference | December 11, 2023 | No Change |
| Dispositive Motions' / Daubert Motions To Be Filed By | December 22, 2023 | TBD |
| Compliance Hearing | Friday, March 29, 2024 at 9:01 a.m. | TBD |
| Joint Pretrial Conference Statement | Thursday, April 4, 2024 | TBD |
| Pretrial Conference | Friday, April 19, 2024 at 9:00 a.m. | TBD |
| Trial Date and Length | Monday, May 6, 2024 (Bench Trial) | TBD (Bench and Jury Trial) |
| Post-Certification Ruling Conference | N/A | Within 14 days of a ruling on Plaintiffs' Renewed Motion for Class Certification (pending leave to file) |

B.   **Defendants' Position**

This Court already denied Plaintiffs' previous request for an indefinite stay so that this Court (or the Ninth Circuit) could reconsider class certification, and there is still no reason for any stay on this basis. This Court denied Plaintiffs' motion for class certification (Dkt. 301), and Plaintiffs have identified no new evidence, legal authority, or other rationale to reconsider that ruling. Plaintiffs' pending administrative motion for leave to file a renewed class certification motion (*see* Dkt. 323) should be denied for reasons explained in Defendants' opposition and supplemental briefing regarding the Ninth Circuit's *Wit* decision (*see* Dkts. 332 & 353).

Defendants stand ready to proceed with a one-day bench trial on Plaintiffs' ERISA claims scheduled for May 6, 2024, which—consistent with the rules governing ERISA claims—

Defendants anticipate should focus on Plaintiffs' individual benefits plans and claims, and the administrative records for these claims, which will also be addressed in the forthcoming motions for summary judgment.

## XVII. Trial

### A. Plaintiffs' Position

On their ERISA claims, Plaintiffs seek a Rule 52 bench trial with witnesses. As to their RICO claims, Plaintiffs seek a jury trial. Plaintiffs propose a 7-day jury trial on their RICO claims followed by a 3-day bench trial on their ERISA claims.

As noted above, the Scheduling Order, Dkt. 319 (as modified in Dkt. 361), indicates that the Court has scheduled a bench trial only. Plaintiffs have pending RICO claims, however, for which they are entitled to a jury trial. *See*, *e.g.*, *Gardner v. Boettcher & Co.*, 872 F.2d 427 (9th Cir. 1989) (describing "right to jury trial for . . . RICO claims"). Plaintiffs included RICO claims in their operative Complaint and demanded a jury trial. Dkt. 91 at ps. 70–73 (RICO counts), 79 (jury trial demand). The court may bifurcate the proceedings to include a bench trial on Plaintiffs' ERISA and equitable claims, and a jury trial on Plaintiffs' RICO claims. *See*, *e.g.*, *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 79 (3d Cir. 2012) (noting district court's bifurcation of ERISA and RICO claims). As noted above, Plaintiffs intend to file an administrative motion to extend the deadlines in this case. In that motion, Plaintiffs intend to move to modify the scheduling order to provide for both a bench and jury trial.

### B. Defendants' Position

Defendants stand ready to proceed with a one-day bench trial on Plaintiffs' ERISA claims scheduled for May 6, 2024, which—consistent with the rules governing ERISA claims—Defendants anticipate should focus on Plaintiffs' individual benefits plans and claims, and the administrative records for these claims, which will also be addressed in the forthcoming motions for summary judgment. Defendants also anticipate that Plaintiffs' RICO claims will be foreclosed by this Court's rulings on summary judgment and/or the bench trial on Plaintiffs' ERISA claims, so there is no need to set the case for a jury trial on RICO claims at this point.

## XVIII. Disclosure of Non-Party Interested Entities or Persons

As explained in the Parties' April 2021 Joint Case Management Statement (Dkt. 83), Defendants submitted their disclosures of non-party interested entities or persons on May 12, 2020, and October 22, 2020. *See* Dkt. 23 & 62. Those disclosures remain up to date.

## XIX. Professional Conduct

As explained in the Parties' April 2021 Joint Case Management Statement (Dkt. 83), all attorneys of record have reviewed the Guidelines of Professional Conduct for the Northern District of California.

## XX. Such Other Matters As May Facilitate the Just, Speedy, and Inexpensive Disposition of This Matter

Defendants have prepared a stipulation to streamline the sealing process for the remainder of the action, and the Parties are discussing whether they can reach agreement and seek the Court's approval of a joint stipulation. The Parties recognize that the Court has indicated it "is working to find a more streamlined approach to address the requests" and stand ready to assist the Court on these issues. Dkt. 352.

| | | |
|---|---|---|
| 1 | Dated: December 4, 2023 | Respectfully submitted, |
| 2 | | Gibson, Dunn & Crutcher LLP |
| 3 | | |
| 4 | | By: */s/ Geoffrey Sigler* |
| | | Geoffrey Sigler |
| 5 | | Attorneys for Defendants United Behavioral Health and United Healthcare Insurance Company |
| 6 | | |
| 7 | Dated: December 4, 2023 | Phelps Dunbar LLP |
| 8 | | |
| 9 | | By: */s/ Errol J. King, Jr.* |
| | | Errol J. King, Jr. |
| 10 | | Attorneys for Defendant MultiPlan, Inc. |
| 11 | | Errol J. King, Jr. (pro hac vice) |
| 12 | | Errol.King@phelps.com Phelps Dunbar LLP |
| 13 | | II City Plaza, 400 Convention Street, Suite 1100 |
| 14 | | Baton Rouge, Louisiana 70802 Telephone: 225.376.0207 |
| 15 | | Facsimile: 225.381.9197 |
| 16 | Dated: December 4, 2023 | Arnall Golden Gregory LLP |
| 17 | | By: */s/ Matthew M. Lavin* |
| 18 | | Matthew M. Lavin |
| 19 | | Attorneys for Plaintiffs |
| 20 | Dated: December 4, 2023 | DL Law Group |
| 21 | | By: */s/ David Lilienstein* |
| 22 | | David Lilienstein |
| 23 | | Attorneys for Plaintiffs |

**ATTESTATION PURSUANT TO LOCAL RULE 5-1**

I am the ECF user whose identification and password are being used to file this document. Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories hereto.

Dated: December 4, 2023

/s/ *Matthew M. Lavin*

Matthew M. Lavin