# EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RJ, as the representative of her beneficiary son; DS, an individual, and on behalf of and all others similarly situated,

Plaintiffs,

v.

CIGNA HEALTH AND LIFE INSURANCE COMPANY, and MULTIPLAN, INC.,,

Defendants.

Case No. 20-cv-02255-EJD

**ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE RENEWED MOTION FOR CLASS CERTIFICATION**

Re: ECF No. 230

Plaintiffs brought this lawsuit as a putative class action based on Defendants Cigna Health & Life Insurance Company and MultiPlan, Inc.'s ("Defendants") alleged failure to reimburse covered mental health provider claims at usual, customary, and reasonable ("UCR") rates. Plaintiff "RJ" as the representative of her beneficiary son and Plaintiff "DS" (collectively with RJ, "Plaintiffs") are participants in employee benefits plans that are administered by Defendants and subject to the Employee Retirement Income Security Act of 1974 ("ERISA").

On February 12, 2024, the Court denied Plaintiffs' class certification motion, finding that Plaintiffs "ha[d] not demonstrated by a preponderance of the evidence that their proposed class definition exhibited a common contention 'of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" Order Denying Class Cert. ("Class Cert. Order") 27 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)), ECF No. 227. Plaintiffs petitioned the Ninth Circuit for permission to appeal the Class Certification Order on February 27, 2024; the petition was denied on March 27, 2024. *See* ECF Nos. 229, 233.

While Plaintiffs' petition to appeal was pending, Plaintiffs filed before this Court an Administrative Motion for Leave to File a Renewed Motion for Class Certification (the "Motion"). *See* Mot., ECF No. 230. Plaintiffs requested that the Court exercise its broad authority under Federal Rule of Civil Procedure 23 to grant Plaintiffs leave to file a renewed motion for class certification based on "narrower subclasses" that Plaintiffs would identify in the future. *See id.* at 4. Plaintiffs argued that the Court should not apply the standard used to evaluate leave to file a motion for reconsideration—*i.e.*, an analysis of whether reconsideration is warranted based on an intervening change in controlling law, the availability of new evidence, or a failure to consider material facts or dispositive legal arguments which were presented to it—but that the Court should grant leave to file a renewed motion for class certification even under the reconsideration standard. *See id.* at 3–5. Defendants oppose the Motion, arguing that the reconsideration standard should apply and provides no basis for relief; that Plaintiffs have shown no other basis for relief; and that the scheduling order entered in this action contemplated only one motion for class certification. *See* ECF No. 231.

This Court, having fully reviewed and considered all papers and arguments submitted regarding Plaintiffs' Motion, finds that a renewed motion for class certification is not warranted. As discussed at oral argument on Plaintiffs' motion for class certification and in the Court's Class Certification Order, "every court asked to certify a class based on alleged ERISA § 502(a)(1)(B) violations of UCR obligations has consistently denied certification." Class Cert. Order 14. Plaintiffs have not shown an intervening change in controlling law, emergence of new material facts, or clear error in the Court's order denying class certification, and the Court finds that Plaintiffs have not established any other basis justifying a renewed class certification motion.

Accordingly, the Court hereby DENIES Plaintiffs' Administrative Motion for Leave to File a Renewed Motion for Class Certification. The Court will set a status conference in this case.

**IT IS SO ORDERED.**

Dated: April 1, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 20-cv-02255-EJD
ORDER DENYING PLS.' ADMIN. MOT. TO FILE RENEWED MOT. FOR CLASS CERT.
2