LAUREN M. BLAS, SBN 296823
   lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

GEOFFREY SIGLER (*pro hac vice*)
   gsigler@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.887.3752
Facsimile:  202.530.9635

Attorneys for Defendants UNITED BEHAVIORAL HEALTH and UNITEDHEALTHCARE INSURANCE COMPANY

MATTHEW M. LAVIN (pro hac vice)
   Matt.Lavin@agg.com
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave NW, Suite 1000
Washington, DC 20006
Telephone: 202.677.4030
Facsimile: 202.677.4031

DAVID M. LILIENSTEIN, SBN 218923
   david@dllawgroup.com
KATIE J. SPIELMAN, SBN 252209
   katie@dllawgroup.com
DL LAW GROUP
345 Franklin Street
San Francisco, CA 94102
Telephone: 415. 678.5050
Facsimile: 415.358.8484

Attorneys for PLAINTIFFS

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH, and CJ, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>  v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>          Defendants. | Case No. 4:20-cv-02254-YGR<br><br>**OMNIBUS SEALING STIPULATION**<br><br>[*Chart of all sealing requests; Declaration of Jeff Schneewind; Declaration of Rebecca Paradise; Declaration of Craig Caesar; Declaration of Marjorie Wilde; Declaration of Emily Smith; Declarations of Non-Parties Cisco Systems, Inc., Delta Air Lines, Inc., and Tesla, Inc.; modified redacted versions of documents subject to sealing requests; and [Proposed] Order filed concurrently herewith*]<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Hearing:  October 15, 2024<br><br>Complaint filed: April 2, 2020<br>Third Amended Complaint filed: Sept. 10, 2021 |

## INTRODUCTION

Pursuant to the Court's Standing Order in Civil Cases, Civil Local Rules 79-5(c) and (f), and the parties' Joint Stipulation Modifying Sealing Procedures, ordered as proposed at Dkt. 399, Defendants UnitedHealthcare Insurance Company ("UHC"), United Behavioral Health ("UBH") (together, "United Defendants"), and MultiPlan, Inc. ("MultiPlan") (collectively, "Defendants") and Plaintiffs LD *et al.* hereby submit this Omnibus Sealing Stipulation in connection with requests to seal documents (or portions thereof) submitted in connection with Plaintiffs' Renewed Motion for Class Certification (Dkt. 397-1, "Renewed Motion"), Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification (Dkt. 414-1, "Opposition"), Plaintiffs' Reply in Support of their Renewed Motion for Class Certification (Dkt. 427-2, "Reply"), Defendants' Sur-Reply to Plaintiffs' Reply in Support of the Renewed Motion for Class Certification (Dkt. 435-3, "Sur-Reply"), and Plaintiffs' Motion to Exclude Defendants' Experts and the briefing thereto (Dkts. 429-1, 429-2, 432-1, 437-2 ).

Attached hereto is a chart listing all documents requested to be sealed (the "Chart," Exhibit 1 to this Omnibus Sealing Stipulation). The Chart contains some undisputed sealing requests (including undisputed requests to unseal certain material), and some requests which are disputed by Plaintiffs. The undisputed sealing requests address patient health information ("PHI") or personal identifying information ("PII"), and redactions for certain sensitive information consistent with Fed. R. Civ. P. 5-2 and this District's guidance.[1] In addition, the undisputed sealing requests also include a sub-set of documents from MultiPlan's privilege log that were ordered produced by Magistrate Judge Spero. These documents contain privileged information and communications, including work-product and attorney consultation and advice. The disputed sealing requests are separately addressed in Defendants' Omnibus Motions on Sealing Disputes, pursuant to this Court's Standing Order.

Declarations supporting the requests to seal and modified redacted versions of documents subject to the parties' sealing requests are also attached as exhibits to this Omnibus Sealing Stipulation.

---

[1] *See* Redacting Sensitive Information, U.S. District Court N. District Cal., *available at* https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information (last visited Aug. 9, 2024).

## RELEVANT BACKGROUND

This Court denied class certification on March 31, 2023 (Dkt. 301), and in the same order granted some of the parties' sealing requests and denied other requests without prejudice. *See* Dkt. 301 at 11. The Court's order did not address Defendants' sealing requests in connection with Plaintiffs' reply in support of class certification (Dkt. 265) or Defendants' omnibus proposed order (Dkt. 291). Defendants subsequently filed a renewed omnibus motion to seal (Dkts. 305, 306) narrowing and clarifying their prior sealing requests.

On July 16, 2023, Plaintiffs filed an administrative motion seeking leave to file a renewed motion for class certification, along with a proposed motion and 56 exhibits. Defendants subsequently filed a statement identifying portions of the documents or testimony that should remain sealed. *See* Dkt 337.

The Court ruled on Defendants' renewed omnibus motion to seal (Dkts. 305, 306) on September 21, 2023 (Dkt. 352), granting some requests, denying others, and "tentatively" denying others pending "[m]ore specific information" regarding the confidentiality of the information sought to be sealed. *See, e.g.*, Dkt. 352 at 2. The United Defendants filed a statement in response the Court's request for additional information (Dkt. 355), and Plaintiffs made supplemental filings in response to the Court's September 21, 2023 sealing order (Dkts. 356, 359, 362, 363, 374, 375).

Following a December 13, 2023 case management conference, the Court ordered the parties to "meet and confer and file a stipulation and proposed or[der]" setting a briefing schedule for a renewed motion for class certification. Dkt. 386. On December 18, 2023, the Court granted the parties' proposed order and set a briefing schedule for Plaintiffs' Renewed Motion. Dkt. 389. Plaintiffs filed their Renewed Motion and a related motion to exclude Defendants' experts, and those motions are now fully briefed. Some of those briefs and related filings were filed provisionally under seal pursuant to the Parties' Joint Stipulation to Modify Sealing Procedures. Dkt. 399. This Omnibus Sealing Stipulation and its exhibits address the materials filed provisionally under seal in connection with the Parties' briefing on Plaintiffs' Renewed Motion and Plaintiffs' motion to exclude Defendants' experts.

## LEGAL STANDARD

"Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598–99. Therefore, courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information." *Phillips ex rel. Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). This Court has applied the "compelling reasons" standard to motions to seal documents relating to class certification. Dkt. 301 at 10.

## ARGUMENT

The Parties respectfully seek to seal PHI and PII of the named Plaintiffs and members of the putative class. Courts in this Circuit "recognize the important public and private interests in protecting medical records from wholesale public disclosure" (*Fischer v. City of Portland*, 2003 WL 23537981, at *3 (D. Or. Aug. 22, 2003)) and consistently hold that harm resulting from the disclosure of private medical records outweighs the public policies favoring disclosure, even under the higher "compelling reasons" standard for dispositive motions. *See, e.g.*, *Doe v. United Behavioral Health*, 523 F. Supp. 3d 1119, 1122 n.1 (N.D. Cal. 2021) (Gonzalez Rogers, J.). In addition, the Parties respectfully seek to seal documents from MultiPlan's privilege log that were ordered produced by Magistrate Judge Spero. These documents contain privileged information and communications, including work-product and attorney consultation and advice. Plaintiffs do not dispute MultiPlan's request to maintain these privileged communications under seal.

## CONCLUSION

The Court should grant the Parties' undisputed sealing requests.

**IT IS SO STIPULATED.**

| | |
|---|---|
| DATED: August 9, 2024 | Respectfully submitted, |
| | GIBSON, DUNN & CRUTCHER LLP |
| | By: /s/ Geoffrey Sigler |
| | Geoffrey Sigler |
| | Attorneys for Defendants UNITED BEHAVIORAL HEALTH and UNITEDHEALTHCARE INSURANCE COMPANY |
| DATED: August 9, 2024 | PHELPS DUNBAR LLP |
| | By: /s/ Errol King |
| | Errol King |
| | Attorneys for Defendant MULTIPLAN, INC. |
| | ERROL J. KING, JR. (*admitted pro hac vice*) |
| | PHELPS DUNBAR LLP |
| | II City Plaza, 400 Convention Street, Suite 1100 |
| | Baton Rouge, Louisiana 70802 |
| | Telephone: (225) 376-0207 |
| | Facsimile: (225) 381-9197 |
| | Errol.King@phelps.com |
| Dated: August 9, 2024 | ARNALL GOLDEN GREGORY LLP |
| | By: /s/ Matthew Lavin |
| | Matthew M. Lavin |
| Dated: August 9, 2024 | DL LAW GROUP |
| | By: /s/ David Lilienstein |
| | David Lilienstein |
| | Attorneys for PLAINTIFFS |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED: August 9, 2024                    GIBSON, DUNN & CRUTCHER LLP

                                         By: */s/ Geoffrey Sigler*
                                              Geoffrey Sigler