# EXHIBIT 1
## CHART OF SEALING REQUESTS TO OMNIBUS SEALING STIPULATION

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | **Undisputed Requests to Maintain Sealing and/or Provisional Redactions** | | |
| Pls.' Ex. 28 | Plaintiffs' Exhibit 28, MultiPlan Emails, MPI0016819-MPI-0016826 (Dkts. 396-30, 397-27). | Sealing requested in full (Dkt. 337) | Privileged; the document contains non-public, confidential and propriety information of MultiPlan the disclosure of which would adversely affect its business. It also reflects attorney consultation and advice concerning a government investigation that should remain confidential. Wilde Decl. (337-3), ¶¶ 5 (b); 21. | Seal in full.[1] | Undisputed. |
| Pls.' Ex. 29 | Plaintiffs' Exhibit 29, Viant OPR Pricing Logic, MPI-0014879-81 (Dkts. 396-31, 397-28). | Sealing requested in full (Dkt. 337 at 32-33) | Privileged; the document contains nonpublic, confidential and propriety information of MultiPlan the disclosure of which would adversely affect its business. It also was prepared in connection with a confidential government investigation. Wilde Decl. (337-3), ¶¶ 5 (b); 21. | Seal in full. | Undisputed. |
| Pls.' Ex. 30 | Plaintiffs' Exhibit 30, MultiPlan 2018 H0015 Emails, MPI0016580-16585 (Dkts. 396-32, 397-29). | Sealing requested in full (Dkt. 337 at 33) | The document contains attorney-client privileged information, including non-public, confidential and propriety information of MultiPlan the disclosure of which would adversely affect its business. Wilde Decl. (337-3), ¶¶ 5 (b); 22. | Seal in full. | Undisputed. |
| Pls.' Ex. 31 | Plaintiffs' Exhibit 31, MultiPlan Counsel Memo, MPI0014844-14854 (Dkts. 396-33, 397-30). | Sealing requested in full (Dkt. 337 at 33) | Attorney-client and work product privilege; the document contains non-public, confidential and propriety information of MultiPlan the disclosure of | Seal in full. | Undisputed. |

---

[1] For some exhibits, the parties are seeking to seal/redact only portions of the stated bates ranges or pages/lines, rather than the entirety of the range. The precise scope of each sealing request is shown in the highlighted, unredacted versions of the documents that have been submitted to chambers, and in the redacted versions filed on the docket.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | which would adversely affect its business. It also reflects attorney consultation and advice concerning a government investigation that should remain confidential. Wilde Decl. (337-3), ¶¶ 5 (b); 21. | | |
| Pls.' Ex. 32 | Plaintiffs' Exhibit 32, MultiPlan R&C Reduction Emails, MPI0015753-15755 (Dkts. 396-34, 397-31). | Sealing of requested in full (Dkt. 337 at 33) | This document contains attorney-client privileged information; The document contains nonpublic, confidential and propriety information of MultiPlan the disclosure of which would adversely affect its business. Wilde Decl. (337-3), ¶¶ 5 (b); 23. | Seal in full. | Undisputed. |
| Pls.' Ex. 33 | Plaintiffs' Exhibit 33, MultiPlan 2021 Proposed Responses, MPI0015933-15934 (Dkts. 396-35, 397-32). | Sealing requested in full (Dkt. 337 at 33-34) | Privileged; the document contains nonpublic, confidential and propriety information of MultiPlan the disclosure of which would adversely affect its business. It also reflects attorney consultation and advice concerning a government investigation that should remain confidential. Wilde Decl. (337-3), ¶¶ 5 (b); 21. | Seal in full. | Undisputed. |
| Pls.' Ex. 34 | Plaintiffs' Exhibit 34, Draft Beckstead Declaration Draft, MPI0016593-16601 (Dkts. 396-36, 397-33). | Sealing requested in full (Dkt. 337 at 34) | Privileged; the document contains nonpublic, confidential and propriety information of MultiPlan the disclosure of which would adversely affect its business. It also discusses the review of a patient's claim not relevant to this lawsuit. Wilde Decl. (337-3), ¶¶ 5 (b); 24. | Seal in full. | Undisputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Pls.' Ex. 35 | Plaintiffs' Exhibit 35, IPR and OPR Repricing Talking Points, dated April 5, 2021, MPI0016794-16797 (Dkts. 396-37, 397-34). | Sealing requested in full (Dkt. 337 at 34) | Privileged; the document contains non-public, confidential and propriety information of MultiPlan the disclosure of which would adversely affect its business. It also reflects attorney consultation and advice concerning a government investigation that should remain confidential. Wilde Decl. (337-3), ¶¶ 5 (b); 21. | Seal in full. | Undisputed. |
| Defs.' Ex. 105 | Exhibit 105 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Jolene Bradley taken in this matter on July 6, 2022, at 7:7, 7:9, and 7:12 (Dkts. 408-5, 416-4). | Sealing of specified excerpts granted (Dkt. 301) | Contains names of member of putative class (PII), redacted pursuant to Fed R. Civ. Pro. 5-2, *see* Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information. | Portions to redact. | Undisputed. |
| Defs. Ex. 154 | Exhibit 154 to the Declaration of Geoffrey Sigler (Dkt. 408), Summit Estate Appeal Letter, UBH000003010–13 (Dkt. 408-54). | Sealing requested in full (Dkt. 337 at 35) | Contains sensitive information regarding medical treatments sought or obtained and name of a member in the putative class (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Maintain PHI/PII redactions. | Undisputed. |
| Defs.' Ex. 191 | Exhibit 191 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the | Sealing requested in full (Dkt. | Contains name of member of putative class (PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. | Portions to redact. | Undisputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 30(b)(6) deposition of Creyna Franco taken in this matter on July 28, 2022, at 4:10, 12, 14, 16, 18; 5: 2-6 (Dkt. 408-91). | 215 at 4); sealing portions of document requested (Dkt. 305 at 3) | DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Defs.' Ex. 194 | Exhibit 194 to the Declaration of Geoffrey Sigler (Dkt. 408), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants as SUMMIT 07036 and introduced as Exhibit 8 to the deposition of Summit Estate (Creyna Franco) taken in this matter on June 28, 2022 (Dkts. 408-94, 403). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 17) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  See Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Undisputed. |
| Defs.' Ex. 196 | Exhibit 196 to the Declaration of Geoffrey Sigler (Dkt. 408), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants in this action as SUMMIT 07037 (Dkts. 408-96, 403). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 17) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  See Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Undisputed. |
| Defs.' Ex. 198 | Exhibit 198 to the Declaration of Geoffrey Sigler (Dkt. 408), spreadsheets produced by Summit Estate in response to a subpoena from | Sealing requested (Dkt. 305 at 3) and granted in | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  See Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., | Seal in full. | Undisputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | United Defendants in this action as SUMMIT 07038 (Dkts. 408-98, 403). | full (Dkt. 352 at 17) | available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Defs.' Ex. 200 | Exhibit 200 to the Declaration of Geoffrey Sigler (Dkt. 408), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants in this action as SUMMIT 07039 (Dkts. 408-100, 403). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 17) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Undisputed. |
| Defs.' Ex. 202 | Exhibit 202 to the Declaration of Geoffrey Sigler (Dkt. 408), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants in this action as SUMMIT 07040 (Dkts. 408-102, 403). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 17) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Undisputed. |
| Defs.' Ex. 205 | Exhibit 205 to the Declaration of Geoffrey Sigler (Dkt. 408), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants as SUMMIT 7077 and introduced as Exhibit 35 to the deposition of Joan Borsten taken in this | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 18) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e- | Seal in full. | Undisputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | matter on July 28, 2022 (Dkts. 408-105, 403). | | filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Defs.' Ex. 206 | Exhibit 206 to the Declaration of Geoffrey Sigler (Dkt. 408), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants as SUMMIT 7078 and introduced as Exhibit 36 to the deposition of Joan Borsten taken in this matter on July 28, 2022 (Dkts. 408-106, 403). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 18) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Undisputed. |
| Defs.' Ex. 207 | Exhibit 207 to the Declaration of Geoffrey Sigler (Dkt. 408), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants in this action as SUMMIT 7079 and introduced as Exhibit 37 to the deposition of Joan Borsten taken in this matter on July 28, 2022 (Dkts. 408-107, 403). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 18) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Undisputed. |
| Defs.' Ex. 208 | Exhibit 208 to the Declaration of Geoffrey Sigler (Dkt. 408), spreadsheets produced by Summit Estate in response to a subpoena from United Defendants as SUMMIT 7080 and introduced as Exhibit 38 to the deposition of Joan Borsten taken in this matter on July 28, 2022 (Dkts. 408-108, 403). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 18) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Undisputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Defs.' Ex. 230 | Exhibit 230 to the Declaration of Geoffrey Sigler (Dkt. 408), chart listing the random sample selected by the United Defendants, using RAT-STATS (Dkts. 408-130, 403). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 24) | Contains names of third parties and sensitive information regarding medical treatments sought or obtained.  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Undisputed. |
| Comp. Ex. 16 | Exhibit 16 to the Compendium (Dkt. 413), a true and correct copy of a spreadsheet bates numbered OBR000087 and produced by Ocean Breeze Recovery in response to a subpoena issued by the United Defendants in this action (Dkt. 413-16). | Sealing requested (Dkts. 215 at 3, 306 at 23) and granted in full (Dkts. 301 at 11, 352 at 32) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Undisputed. |
| Comp. Ex. 23 | Exhibit 23 to the Compendium (Dkt. 413), a true and correct copy of a spreadsheet produced by Pathway to Hope in response to a subpoena issued by the United Defendants in this action, PTH000101 (Dkts. 413-23, 417-7). | Sealing requested (Dkts. 215 at 3, 305 at 3) and granted in full (Dkts. 301 at 11, 352 at 33-34) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Undisputed. |
| Comp. Ex. 27 | Exhibit 27 to the Compendium (Dkt. 413), a true and correct copy of a spreadsheet produced by PCI West | Sealing requested (Dkts. 215 at | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; | Seal in full. | Undisputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | Lake Centers in response to a subpoena issued by the United Defendants in this action, PCI Confidential (Dkt. 413-27). | 3, 305 at 3) and granted in full (Dkts. 301 at 11, 352 at 34) | Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Comp. Ex. 33 | Exhibit 33 to the Compendium (Dkt. 413), a spreadsheet produced by South Miami Recovery Center in response to a subpoena issued by the United Defendants in this action on June 29, 2022 without bates numbers (Dkt. 413-33). | Sealing requested (Dkts. 215 at 3, 305 at 3) and granted (Dkts. 301 at 11, 352 at 35) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Undisputed. |
| Comp. Ex. 36 | Exhibit 36 to the Compendium (Dkt. 413), a true and correct copy of a spreadsheet that was produced by Stepping Stone of San Diego in response to a subpoena issued by the United Defendants in this action on May 31, 2022 without bates numbers (Dkt. 413-36). | Sealing requested (Dkts. 215 at 3, 305 at 3) and granted in full (Dkts. 301 at 11, 352 at 35) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Undisputed. |
| Comp. Ex. 37 | Exhibit 37 to the Compendium (Dkt. 413), a true and correct copy of a spreadsheet that was produced by Stepping Stone of San Diego in response to a subpoena issued by the United Defendants in this action on | Sealing requested (Dkts. 215 at 3, 305 at 3) and granted in full (Dkts. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at | Seal in full. | Undisputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | July 15, 2022 without bates numbers (Dkt. 413-37). | 301 at 11, 352 at 35) | https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| **Undisputed Requests to Modify Extent of Sealing and/or Provisional Redactions** | | | | | |
| Pls.' Ex. 1 | Plaintiffs' Exhibit 1, Expert Report of Research and Planning Consultants, January 24, 2024, at Attachment 5 (Dkts. 396-3, 397-2). | N/A | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Pls.' Ex. 2 | Plaintiffs' Exhibit 2, Expert Report of Mark Hall, July 10, 2023 (Dkts. 396-4, 397-3). | N/A | N/A | Unseal. | Undisputed. |
| Pls.' Ex. 8 | Plaintiffs' Exhibit 8, certified transcript of the Rule 30(b)(6) deposition of Summit Estate, by its designee Joan Borsten, taken in this matter on July 28, 2022, at 4:14, 16, 18, 20, 22, 24; 5:2, 4, 9, 12, 14-15, 17, 19-24; 6:2-3, 5-6, 8-12; 116:4; 136:8, 12; 139:19; 141:19; 142:18; 146:17; 164:5; 165:3; 166:19; 168:20; 170:18; 177:20; 179:14; 181:8; 188:17; 194:23; 197:6, 10; 202:11; 203:4, 20; 204:5, 9; 205:2, 14; 206:12; 208:3, 4, 10; 209:11; 210:10, 15, 20; 211:17; 213:16; 215:19; 217:20, 23; 218:6, 12, 19, 21, 22; 219:3; 220:17, | Sealing of portions of document requested (Dkt. 305 at 3) and granted (Dkt. 352 at 16); Sealing requested in full (Dkt. 337 at 26) | Contains name of member of putative class (PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 23; 222:11; 225:16, 19; 226:15; 228:18; 239:15, 17; 240:17; 241:8; 244:20, 23; 245:1, 9, 14, 25; 246:8, 15; 247:17; 248:4, 13; 249:13; 254:3, 6-7; 255:8; 268:12; 270:20; 271:2-3; 306:24-25; 321:1, 16; 322:15, 19; 323:17, 22, 25; 324:12, 22; 325:1, 7; 330:7; 333:2; 337:1 (Dkts. 396-10, 397-9). | | | | |
| Pls.' Ex. 9[2] | Plaintiffs' Exhibit 9, excerpts from the certified transcript of the deposition of Jolene Bradley taken in this matter on July 6, 2022, at 7:7, 7:9, 7:12, 158:23-159:4, 162:19, 165:1, 167:7, 169:14, 200:19,170:13, 172:20, 197:1, 198:8, 200:19 (Dkts. 396-11, 397-10). | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 26) | Contains sensitive information regarding medical treatments sought or obtained and name of member of putative class (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Pls.' Ex. 10[3] | Plaintiffs' Exhibit 10, certified transcript of the deposition of Radames | Sealing of portions of | Contains deponent's personally identifiable information (PII).  *See* Fed. R. | Portions to redact. | Undisputed. |

[2] In their first class certification motion, Plaintiffs filed excerpts from the deposition transcript of Jolene Bradley as Exhibit K.  Dkt. 171-1 at 3.  The Court granted sealing in full for the excerpted deposition, which included pages 1-5, 43, 44, 48, 49, 59, 167, 168, 175, and 176.  Dkt. 301 at 11.  In their reply in support of their first motion for class certification, Plaintiffs filed this transcript as Exhibit 6.  The Court granted sealing for 135:12-25.  Dkt. 352 at 358.

[3] In their first class certification motion, Plaintiffs filed excerpts from the deposition transcript of Radames Lopez as Exhibit J.  Dkt. 301 at 11.  The Court granted sealing in full for the excerpted deposition, which included pages 1-3, 23, 32, 33, 37, 56, 57, 74, 91-100, 212, and 225.  Dkt. 301 at 11.  In their reply in support of the class certification motion, Plaintiffs filed this transcript as Exhibit 5.  Dkt. 252-10.  The Court granted sealing for 76:1–85:15, 81:11-88:25, 89:23-90:19, 103:18–110:17, 149:21–151:4, 161:20–167:11, and 292:22–294:1.  Dkt. 352 at 37.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | Lopez taken in this matter on July 18, 2022, at 10:18-10:19 (Dkts. 396-12, 397-11). | document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 26-28) | Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Pls.' Ex. 11 | Plaintiffs' Exhibit 11, excerpts from the certified transcript of the 30(b)(6) deposition of Creyna Franco taken in this matter on July 28, 2022, at 4:10, 12, 14, 16, 18; 5: 2-6; 26:6, 8, 11; 46:8-9, 13; 53:17; 55:22; 61:12; 68:9, 89:1, 11; 96:8-9; 97:7; 99:6, 12; 103:9 (Dkts. 396-13, 397-12). | Sealing requested in full (Dkt. 337 at 28) | Contains name of member of putative class (PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Pls.' Ex. 12[4] | Plaintiffs' Exhibit 12, certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 128:21, 131:5-6, 131:9 (Dkts. 396-14, 397-13). | Sealing of portions of document requested (Dkts. 215 at 1 and 4, 305 at 3) and | Contains name of member of putative class (PII).  *See*  Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e- | Portions to redact. | Undisputed. |

---

[4] In the opposition to Plaintiffs' first class certification motion, Defendants filed excerpts from the deposition transcript of Denise Strait as Exhibit 107.  The Court granted sealing as to 116:1-117:7, 117:16-19, 117:23-25, 127:18-21, 127:23-25, 148:23-25, 149:2-11, 149:13-15, and 149:17.  Dkt. 301 at 11.  In their reply in support of the first class certification motion, Plaintiffs filed the deposition of Denise Strait as Exhibit 42.  Court granted sealing for 64:22-25, 159:7–186:21, and 193:16–204:6.  Dkt. 352 at 43.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | granted (Dkts. 301 at 11, 352 at 43); Sealing of portions of document requested (Dkt. 337 at 28-29) | filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Pls.' Ex. 13 | Plaintiffs' Exhibit 13, certified transcript of the deposition of named Plaintiff BW taken in this matter on June 9, 2022, at 1:18, 2:17, 5:3, 8:10, 9:11, 9:18, 12:20, 12:22, 12:24-25, 13:2, 15:18-19, 15:23, 52:21, 52:25, 63:5, 63:8, 63:12, 64:7, 68:5, 71:16, 72:16, 80:6, 80:11, 80:13-14, 80:20, 96:13-15, 98:14, 119:11, 178:19, 179:11, 222:15, 231:3, 231:25, 232:9, 233:2, 235:3, 237:5, 238:5, 240:2  (Dkt. 396-15). | Sealing request tentatively denied (Dkt. 301 at 11); Sealing requested in full (Dkt. 337 at 30) | Contains name and other identifying and sensitive information like address, birthdate, credit card number, about a named plaintiff (PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Pls. Ex. 14[5] | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 311:20 (Dkts. 396-16, 397-14). | Sealing portions of transcript requested (Dkts. 170- | Contains name of member of putative class (PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at | Portions to redact. | Undisputed. |

[5] In their first class certification motion, Plaintiffs filed excerpts from the deposition transcript of Rebecca Paradise as Exhibit F.  Dkt. 170-1 at 7.  The Court granted sealing in full for the excerpted deposition, which included pages 27, 28, 46, 47, 64, 68, 69, 106, 107, 121, 122, 129, 170, 216, 244, 265, and 275.  Dkt. 301 at 11.  In their reply in support of their first class certification motion, Plaintiffs filed this transcript as Exhibit 3.  Dkt. 250-1 at 2.  The Court granted sealing as to 73:12–78:25, 160:20–163:25, 179:6–182:2, 104:22–106:4, and 229:17–232:2.  Dkt. 352 at 36-37.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | 29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Pls.' Ex. 21[6] | Plaintiffs' Exhibit 21, Explanation of Benefits Statement, October 9, 2019, UHC000305947-5951, UHC000306250-6255, UHC000306453-6457, UHC000306795-6801, UHC000306909-6914, UHC000307846-7851, UHC000307254-7259, UHC000307127-7131, UHC000006726-6736, UHC000306331-6335, UHC000306056-6061, UHC000300772-0777, UHC000301177-1184, UHC000303164-3169, UHC000303443-3448  (Dkts. 396-23, 397-20) | Sealing requested (Dkt. 170-29 at 2) and granted in full (Dkt. 301 at 11); Sealing requested in full (Dkt. 337 at 31) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Pls.' Ex. 22[7] | Plaintiffs' Exhibit 22, Provider Remittance Advice composite, PLD0000826-833, PLD0000942-943, PLD0000948-949, PLD0003160, | Sealing requested (Dkt. 170-29 at 2) and | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. | Portions to redact. | Undisputed. |

---

[6] In the first motion for class certification, Plaintiffs filed this document as Exhibit P.  Dkt. 171-1 at 3.

[7] In the first motion for class certification, Plaintiffs filed this document as Exhibit Q.  Dkt. 171-1 at 3.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | PLD0003946, DCR0025-26 (Dkts. 396-24, 397-21) | granted in full (Dkt. 301 at 11); Sealing requested in full (Dkt. 337 at 31) | DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Pls.' Ex. 23 | Plaintiffs' Exhibit 23, Patient Advocate Department letters, PLD0000001-04, PLD0003947-3958, PLD0003962-03967, PLD0003974-3980, PLD0001485-1495, PLD0002752-2761, PLD0002790-2792, PLD0002848-2857 (Dkts. 396-25, 397-22) | Sealing requested in full (Dkt. 337 at 31) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Pls.' Ex. 24[8] | Plaintiffs' Exhibit 24, Viant Explanations of Methodology Composite, MPI-0012126, UHC000070824-70825, UHC000070879 (Dkts. 396-26, 397-23) | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing requested in full (Dkt. 337 at 31) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |

---

[8] In their first motion for class certification, Plaintiffs filed this exhibit as Exhibit R. Dkt. 171-1 at 3.

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Pls.' Ex. 27 | Plaintiffs' Exhibit 27, Non-IOP Explanations of Benefits and Provider Remittance Advices, UHC000005289-5292, PLD0000944-947, PLD0003147-3151, PLD0003155-3157  (Dkts. 396-29, 397-26) | Sealing requested in full (Dkt. 337 at 32) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Pls.' Ex. 39 | Plaintiffs' Exhibit 39, Summit Estate Appeal Letter, UBH000003011–13 (Dkts. 396-41, 397-38). | Sealing requested in full (Dkt. 337 at 35) | Contains sensitive information regarding medical treatments sought or obtained and name of a member in the putative class (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Pls.' Ex. 52 | Plaintiffs' Exhibit 52, 2020 Olson Email, UHC000091861–62, at UHC000091861 (Dkts. 396-53, 397-50). | Sealing requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 36) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Pls.' Ex. 56 | Plaintiffs' Exhibit 56, 2020 Tunnel Emails, UHC000091543–50, at UHC000091543-44, UHC000091546-49 (Dkts. 396-57, 397-54). | Sealing requested (Dkt. 170-29 at 2) and granted in full (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 37) | Contains PII.  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Defs.' Ex. 71 | Exhibit 71 to the Declaration of Rebecca Paradise (Dkt. 407), Opt-Out Process Facility Reasonable & Customary Reimbursement Formula Changes, UHC000207876-7877 (Dkts. 407-2, 415-12). | Sealing requested in full (Dkt. 305 at 3); Sealing (Dkt. 352 at 7) | N/A | Unseal | Undisputed. |
| Defs.' Ex. 107 | Exhibit 107 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 210:9-10, 210:13, 210:16-17 (Dkts. 408-7, 416-6). | Sealing of portions of document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Contains name of member of putative class.  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Defs.' Ex. 109 | Exhibit 109 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the | Sealing of portions of document | Contains deponent's personally identifiable information (PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive | Portions to redact. | Undisputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | deposition of Radames Lopez taken in this matter on July 18, 2022, at 10:18-10:19 (Dkts. 408-9, 419-7). | requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Defs.' Ex. 123 | Exhibit 123 to the Declaration of Geoffrey Sigler (Dkt. 408), document titled "Out-of-Network Affordability Programs: Tier 3: Facility Reasonable & Customary (FR&C)", UHC000300172–73 (Dkts. 408-23, 416-13). | Sealing requested in full (Dkt. 215 at 4) and denied without prejudice (Dkt. 301 at 11) | N/A | Unseal. | Undisputed. |
| Defs.' Ex. 138 | Exhibit 138 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of named Plaintiff BW taken in this matter on June 9, 2022, at 1:18, 2:17, 5:3, 8:10, 9:11, 9:18, 240:2. (Dkt. 421-1). | Full sealing requested (Dkt. 215 at 4), denied without prejudice (Dkt. 301); renewed request to seal in full (Dkt. 305), order on renewed request does not address this | Contains sensitive identifying information regarding a putative class member (PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | deposition transcript. | | | |
| Defs.' Ex. 146 | Exhibit 146 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of named Plaintiff RH taken in this matter on June 8, 2022, at 1:18, 2:19, 8:8, 9:10, and 9:15 (Dkts. 408-46, 416-28). | Sealing of portions of document requested (Dkt. 305 at 3) and granted (Dkt. 352 at 11) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Defs.' Ex. 155 | Exhibit 155 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of named Plaintiff LD taken in this matter on June 14, 2022, at 1:18, 2:17, 5:3, and 8:13 (Dkts. 408-55, 416-33). | Sealing of portions of document requested (Dkt. 305 at 3) and granted (Dkt. 352 at 12) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Defs.' Ex. 162 | Exhibit 162 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of Volume I of the deposition of named Plaintiff DB taken in this matter on June 7, 2022, at 1:18 and 2:19 (Dkts. 421-2, 422-1). | Sealing of portions of document requested (Dkt. 305 at 3) and granted (Dkt. 352 at 13) | Contains sensitive information regarding medical treatments sought or obtained and the name of a putative class member (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Defs.' Ex. 163 | Exhibit 163 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of Volume II of the deposition of named Plaintiff DB taken in this matter on June 28, 2022, at 128:3 (Dkts. 408-63, 416-39). | Sealing of portions of document requested (Dkt. 305 at 3) and granted (Dkt. 352 at 13) | Contains sensitive information regarding medical treatments sought or obtained and the name of a putative class member (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Defs.' Ex. 169 | Exhibit 169 to the Declaration of Geoffrey Sigler (Dkt. 408), document introduced as Exhibit 11 to the deposition of named Plaintiff DB taken in this matter on June 28, 2022, PLTFIRSTPROD0000001–178 (Dkts. 408-69, 416-40). | Sealing requested (Dkt. 305 at 3) and granted (Dkt. 352 at 13) | Contains sensitive information regarding medical treatments sought or obtained and the name of a putative class member (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Unseal, but maintain PHI/PII redactions. | Undisputed. |
| Defs.' Ex. 172 | Exhibit 172 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of named Plaintiff CJ taken in this matter on June 15, 2022, at 1:19, 2:1, 4:3 and 4:17 (Dkts. 421-3, 422-2). | Sealing of portions of document requested (Dkt. 305 at 3) and granted (Dkt. 352 at 14) | Contains sensitive information regarding medical treatments sought or obtained and the name of a putative class member (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Defs.' Ex. 185 | Exhibit 185 to the Declaration of Geoffrey Sigler (Dkt. 408), Exhibit 16 (Article - Context4Healthcare Usual, Customary and Reasonable Fee) and Exhibit 17 (Context4Healthcare - UCR Fee Data) to the deposition of Robert L. Ohsfeldt taken in this matter on September 26, 2022 (Dkts. 408-85, 416-48). | N/A | N/A | Unseal | Undisputed. |
| Defs.' Ex. 189 | Exhibit 189 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of Volume I of the Rule 30(b)(6) deposition of Summit Estate, by its designee Joan Borsten, taken in this matter on July 28, 2022, at 4:14, 4:16, 4:18, 4:20, 4:22, 4:24, 5:2, 5:4, 5:9, 5:12, 5:14-15, 5:17, 5:19-24, 6:2-3, 6:5-6, 6:8-12, and 194:23  (Dkts. 408-89, 416-50). | Sealing of portions of document requested (Dkt. 305 at 3) and granted (Dkt. 352 at 16) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Defs.' Ex. 227 | Exhibit 227 to the Declaration of Geoffrey Sigler (Dkt. 408), presentation titled "JPMC Out- Of- Network Programs" produced by third-party plan sponsor JPMorgan Chase Bank, N.A., in this action in response to a subpoena by Plaintiffs, JPMorgan Chase_000130–000145 (Dkts. 408-127, 416-59). | Sealing requested in full (Dkt. 305 at 3-4) Sealing request tentatively denied (Dkt. 352 at 22) | N/A | Unseal. | Undisputed. |
| Defs.' Ex. 237 | Exhibit 237 to the Declaration of Geoffrey Sigler (Dkt. 408), Responsive | N/A | Contains sensitive information regarding medical treatments sought or obtained | Portions to redact. | Undisputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | Expert Report of Daniel P. Kessler, September 26, 2023, at App'x B (Dkts. 408-137, 416-64). | | (PHI/PII). See Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Kessler III | Third Expert Report of Daniel P. Kessler, March 10, 2023, at App'x B; App'x F (Dkts. 411, 415-25). | N/A | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Schmor Rebuttal Report | Rebuttal Expert Report of Jessica Schmor, dated March 13, 2024, at selected redactions to Attachment 4, p. 2 (Dkts. 412, 415-26). | N/A | Contains name of member of putative class (PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Undisputed. |
| Reply | Plaintiffs' Reply in Support of Renewed Motion for Class Certification (Dkts. 426, 427-2). | N/A | N/A | Unseal. | Undisputed. |
| Daubert | Plaintiffs' Motion to Exclude Expert Opinions of Professor Daniel Kessler | N/A | N/A | Unseal. | Undisputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | and Ms. Jessica Schmor (Dkts. 428, 429-2). | | | | |
| Daubert Proposed Order | Plaintiffs' Proposed Order in Support of Motion to Exclude Expert Opinions of Professor Daniel Kessler and Ms. Jessica Schmor (Dkts. 428-1, 429-1). | N/A | N/A | Unseal. | Undisputed. |
| Sur-reply | Defendants' Sur-reply in Opposition to Plaintiffs' Renewed Motion for Class Certification (Dkt. 435-3). | N/A | N/A | Unseal. | Undisputed. |
| Daubert Reply | Plaintiffs' Reply in Support of Motion to Exclude Expert Opinions of Professor Daniel Kessler and Ms. Jessica Schmor (Dkt. 432-1). | N/A | N/A | Unseal. | Undisputed. |
| Opposition to Sur-reply | Plaintiffs' Opposition to Defendants' Sur-reply (Dkts. 436, 437-2) | N/A | N/A | Unseal. | Undisputed. |
| Pls. Ex. 1 to Opp. to Sur-reply | Plaintiffs' Exhibit 1 to Opposition to Sur-reply, excerpts from the certified transcript of the deposition of Dr. Brian Piper taken in this matter on May 16, 2024 (Dkts. 436-1, 437-3). | N/A | N/A | Unseal. | Undisputed. |
| **Disputed Requests (Requested Action is from Defendants)** | | | | | |
| Renewed Motion | Plaintiffs' Renewed Motion for Class Certification, at 13:2-6 (Dkts. 396, 397-1). | N/A | Contains commercially sensitive information regarding specific features of out-of-network programs, including details of how claim reimbursement is calculated. *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Renewed Motion | Plaintiffs' Renewed Motion for Class Certification, at 25 n.17 (Dkts. 396, 397-1). | N/A | Contains commercially sensitive information regarding specific features of out-of-network programs, including details of how claim reimbursement is calculated. *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. | Portions to redact. | Disputed. |
| Renewed Motion | Plaintiffs' Renewed Motion for Class Certification, at 8 n.7; 9:2, 10, 14, 16-17; 10:1, 5-6, 24-25, 28; 11:1-11, 18-24; 12:17, 19-22; 13:2-6; 14:9-12; 16:18; 18:9; 25 n.17 (Dkts. 396, 397-1). | N/A | Contains reference to MultiPlan's privileged documents; details of commercially sensitive proprietary and non-public information regarding MultiPlan's pricing methodology. *See* Smith Sealing Decl. ¶ 9. | Portions to redact. | Disputed. |
| Pls.' Ex. 1 | Plaintiffs' Exhibit 1, Expert Report of Research and Planning Consultants, January 24, 2024, at ¶¶ 64, 88 (Dkts. 396-3, 397-2). | N/A | Contains commercially sensitive information regarding specific features of out-of-network programs, including details of how claim reimbursement is calculated and the timing of changes to reimbursement calculations. *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. | Portions to redact. | Disputed. |
| Pls.' Ex. 1 | Plaintiffs' Exhibit 1, Expert Report of Research and Planning Consultants, January 24, 2024, ¶¶ 100-102 (Dkts. 396-3, 397-2). | N/A | Reflects contractual terms and financial terms between United and plan sponsors, including sensitive and proprietary information that would undermine United's competitive advantage in the marketplace if publicized. *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Pls.' Ex. 1 | Plaintiffs' Exhibit 1, Expert Report of Research and Planning Consultants, | N/A | Reflects contractual terms and financial terms between United and plan sponsors, including sensitive and proprietary | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | January 24, 2024, at Attachment 8, last row of pages 1-6 (Dkts. 396-3, 397-2). | | information that would undermine United's competitive advantage in the marketplace if publicized. *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | | |
| Pls.' Ex. 1 | Plaintiffs' Exhibit 1, Expert Report of Research and Planning Consultants, January 24, 2024, at p. 8, ¶22; p. 9, ¶23-24; p. 19, ¶44; p. 20, ¶¶44-46; p. 22, ¶51, fn. 24; p. 23, ¶53; p. 24, ¶55 p. 25, ¶58; p. 27, ¶62; p. 28, ¶¶63, 64; p. 29, ¶66, fn. 36; p. 30, chart, ¶67; p. 33, ¶¶77, 79; p. 34, ¶80, chart, ¶81, ¶82; p. 38, ¶¶87, 88; p. 39, ¶88; p. 41, ¶92, chart; p. 44, ¶100; Select redactions in Attachment 2; Bibliography, p. 2; Attachment 3; Attachment 4; Attachment 8, Figures 8.1-8.6, redact line 9 on each (Dkts. 396-3, 397-2). | N/A | Contains details of commercially sensitive proprietary and non-public information regarding MultiPlan's pricing methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. *See* Smith Sealing Decl. ¶ 10. | Portions to redact. | Disputed. |
| Pls.' Ex. 3 | Plaintiffs' Exhibit 3, Expert Report of Robert Ohsfeldt, dated August 15, 2022, in full, or in the alternative as follows: ¶ 1.3.6 (percents/percentiles only); ¶ 1.3.7 (parenthetical only); ¶ 1.3.8 (percentiles); ¶ 5.8 (percentile); Table 5-1; ¶ 5.10 (percentiles); ¶ 5.12 (percentiles); ¶ 5.13 (percentiles); ¶ 6.3; ¶ 6.4; ¶ 6.5; ¶ 6.6; ¶ 6.7; ¶ 6.8; ¶ 6.10; ¶ 6.11; ¶ 6.12; ¶ 7.2 (percentiles); ¶ 7.3; Table 7-1; ¶ 7.7 (percentiles); Table 7-2; ¶ 7.8 (percentile and dollar amounts); p. 15, chart; p. 16, chart; ¶ | Sealing requested in full (Dkt. 337 at 14) | References competitively sensitive percentiles and details regarding MultiPlan's proprietary pricing methodology. | Seal in full, or in the alternative, portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 8.5 (dollar amounts); p. 17, chart; p. 18, chart; ¶ 8.8 (percentages); p. 19, chart; Table 8-1; p. 20, chart; ¶ 8.10 (percentages), ¶ 9.4 (percentiles); p. 21, right chart; ¶ 9.8 (percentages); p. 22, first chart on right; ¶ 9.11 (dollar amounts); ¶ 10.4; Table 10-1; ¶ 10.8 (dollar amount) (Dkts. 396-5, 397-4). | | | | |
| Pls.' Ex. 4 | Plaintiffs' Exhibit 4, Expert Report of Lamon Willis, AAPC, dated January 25, 2024, at ¶¶74, 75, 76, 79, 102 (Dkts. 396-6, 397-5). | N/A | Contains details regarding highly confidential and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. *See* Smith Sealing Decl. ¶ 11. | Portions to redact. | Disputed. |
| Pls.' Ex. 5 | Plaintiffs' Exhibit 5, certified transcript of the deposition of Kathy Praxmarer taken in this matter on July 26, 2022, at 42:10-45:16; 46:17-47:11; 47:21-49:25; 51:5-51:12; 68:5-70:5; 75:25-76:2; 78:18-78:24; 82:12-83:1; 85:1-92:12; 93:2-95:17; 95:18-95:25; 96:1-97:2; 98:3-98:20; 104:14-108:24; 109:11-109:22; 110:23-118:5; 119:5-119:18; 124:12-127:22; 137:13-144:15; 149:15- | Sealing of portions of document requested (Dkt. 337 at 23-24) | Contains testimony concerning confidential and proprietary MultiPlan business practices and other information the disclosure of which will cause financial and competitive injury to MultiPlan. Wilde Decl. (337-3), ¶¶ 6, 19 (a) & (b). | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 154:12; 155:3-159:20; 165:9-167:9; 168:6-170:18; 171:15-172:13; 174:18-181:17; 183:18-185:21; 192:22-193:7 (Dkts. 396-7, 397-6). | | | | |
| Pls.' Ex. 6[9] | Plaintiffs' Exhibit 6, certified transcript of the deposition of Jacqueline Kienzle taken in this matter on July 12, 2022, at 31:22-33:12; 78:17-82:22; 83:5-83:12; 104:23-106:18; 107:22-110:24; 112:6-112:11; 114:24-115:9; 116:3-117:17; 118:1-127:9; 128:1-129:15; 130:8-131:1; 137:3-141:14; 143:230-148:22; 151:22-152:10; 173:18-177:21; 178:22-180:8; 196:22-199:16; 201:25-203:3; 212:20-214:23; 215:2-215:3; 215:23-219:12; 220:2-220:13; 221:10-222:19; 233:5-237:3; 242:15-245:19; 246:6-246:10; 247:5-247:17; 248:13-251:21; 254:3-256:8; 259:22-260:9; 262:10-270:10; 271:22-274:18; 275:2-279:7; 279:21-281:10; 284:21-288:20; 308:3-309:13; 309:19-310:14; 310:16-310:22; 316:3-319:2 (Dkts. 396-8, 397-7). | Sealing of portions of document requested (Dkts. 170-29 at 2, 305 at 4-5) and granted (Dkts. 301 at 11, 352 at 44); Sealing of portions of document requested (Dkt. 337 at 24-25) | Contains testimony from MultiPlan's executive responsible for the Company's relationship with its client, United (and affiliates) regarding highly confidential, proprietary information regarding that relationship, including but not limited to, discussions of contract terms, product and service offerings and strategies, and other business details, the public disclosure of which will cause substantial competitive and other harm to both MultiPlan and United. | Portions to redact. | Disputed. |
| Pls.' Ex. 6 | Plaintiffs' Exhibit 6, certified transcript of the deposition of Jacqueline Kienzle taken in this matter on July 12, 2022, at 36:18-38:1; 48:4-55:13; 56:1-56:6; | Sealing of portions of document requested | Contains testimony regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant | Portions to redact. | Disputed. |

[9] In their first class certification motion, Plaintiffs filed excerpts of the deposition of Jacqueliene Kienzle as Exhibit S. The Court granted sealing in full for the excerpted deposition, which included pages 1, 2, 21, 34, 41, 42, 95, 102, 103, 115, 136, 196, 197, 273, and 327. Dkt. 301 at 11. Further, the Court granted sealing for 95:14-25, 102:1-13, 196:22-25, 197:1-25, and 273:1-25. Dkt. 352 at 44.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 59:9-60:2; 63:2-64:5; 73:1-73:13; 73:25-75:25; 85:7-89:4; 90:21-93:14; 94:9-94:24; 95:14-97:18; 99:14-100:2; 101:12-102:13; 131:14-134:7; 134:24-135:25; 181:16-183:5; 184:15-184:20; 189:20-190:4; 192:8-193:9; 223:16-226:1; 230:11-232:1; 252:20-253:6; 282:6-283:11; 291:22-292:22; 293:15-295:2 (Dkts. 396-8, 397-7). | (Dkts. 170-29 at 2, 305 at 4-5) and granted (Dkts. 301 at 11, 352 at 44); Sealing of portions of document requested (Dkt. 337 at 24-25) | OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. | | |
| Pls.' Ex. 6 | Plaintiffs' Exhibit 6, certified transcript of the deposition of Jacqueline Kienzle taken in this matter on July 12, 2022, at 209:13-212:19 (Dkts. 396-8, 397-7). | Sealing of portions of document requested (Dkts. 170-29 at 2, 305 at 4-5) and granted (Dkts. 215 at 2, 352 at 44); Sealing of portions of document requested (Dkt. 337 at 24-25) | Contains testimony regarding confidential work performed by an expert consultant retained by MultiPlan to assist in its cost-containment activities, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. | Portions to redact. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Pls.' Ex. 7[10] | Plaintiffs' Exhibit 7, certified transcript of the deposition of Sean Crandell taken in this matter on July 14, 2022, at 25:19-22; 31:3-37:24; 39:6-40:7; 40:16-42:8; 43:7-46:15; 46:20- 50:23; 51:10-53:4; 53:15-54:24; 55:14-21; 56:14-59:5; 59:11-23; 63:16-64:9; 64:14-65:24; 69:1-69:18; 72:9-74:22; 75:1-15; 76:19-78:2; 78:11-79:23; 80:5-21; 81:4-82:13; 82:17-84:8; 85:11-22; 86:3-13; 87:11-20; 87:24-89:11; 89:24-90:8; 90:20-93:13; 94:11-95:22; 97:10-98:19; 99:3-4; 99:6-8; 99:11-100:10; 101:1-4; 101:7-102:15; 103:18-105:6; 105:14-107:6; 107:19-108:18; 114:6-117:20; 117:23-120:13; 120:18-122:15; 122:18-20; 122:22-125:1; 125:17-126:8; 126:17-127:17; 127:21-128:4; 132:3-133:2; 133:7-17; 133:19-134:3; 134:10-18; 134:22-135:6; 135:8-20; 135:22-136:3; 136:10-137:6; 137:8-16; 138:5-140:1 (Dkts. 396-9, 397-8). | Sealing of portions of document requested (Dkts. 170-29 at 2, 305 at 4-5) and granted (Dkts. 301 at 11, 352 at 38-39); Sealing of portions of document requested (Dkt. 337 at 25) | Contains testimony that would cause MultiPlan financial and competitive harm if publicly disclosed. *See* Wilde Decl. (Dkt 265-3) ¶ 11; Contains discussion of the details of MultiPlan's proprietary methodology, which, if disclosed, could cause competitive harm to MultiPlan. Crandell Decl. (Dkt. 176-2) ¶ 15; Wilde Decl. (265-3) ¶ 11. | Portions to redact. | Disputed. |
| Pls.' Ex. 8[11] | Plaintiffs' Exhibit 8, certified transcript of the Rule 30(b)(6) deposition of Summit Estate, by its designee Joan | Sealing of portions of document | Contains competitively sensitive information regarding MultiPlan's | Portions to redact. | Disputed. |

[10]   In their first class certification motion, Plaintiffs filed excerpts from the deposition transcript of Sean Crandell as Exhibit M. Dkt. 171-1 at 3.  The Court granted sealing in full for the excerpted deposition, which included pages 1, 2, 3, 4, 66, 67, 68, 90, 91, 94, 95, 114, 115, 116, 125, 127, and 136.  Dkt. 301 at 11.  In their reply in support of the first class certification motion, Plaintiffs filed excerpts of this exhibit as Exhibit 11.  Dkt. 250-1 at 2.  The Court granted sealing as to the same pages and lines currently requested.  Dkt. 352 at 38-39.

[11]   In the opposition for the first class certification motion, Defendants filed excerpts from the deposition transcript of Joan Borsten as Exhibit 189.  Dkt. 209-9.  The Court granted sealing for 131:1-10, 131:15-22, and 132:20-25.  Dkt. 352 at 16.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | Borsten, taken in this matter on July 28, 2022, at 127:4-9; 133:20-134:18; 149:18-25; 153:22-156:21; 160:9-161:4; 200:19-201:3; 287:1-7; 302:3; 303:23-304:17; 305:1-3; 306:22-23; 364:1-4 (Dkts. 396-10, 397-9). | requested (Dkt. 305 at 3) and granted (Dkt. 352 at 16); Sealing requested in full (Dkt. 337 at 26) | confidential contract rates and Viant OPR. *See* Smith Sealing Decl. ¶ 12. | | |
| Pls.' Ex. 9 | Plaintiffs' Exhibit 9, excerpts from the certified transcript of the deposition of Jolene Bradley taken in this matter on July 6, 2022, at 167:15-169:13, 169:15-170:12, 170:14-170:15, 172:11-19 (Dkts. 396-11, 397-10). | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 26) | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns a non-party's non-public, sensitive information. Moreover, the information contained in this document continues to be confidential. *See id.* ¶ 7(e). | Portions to redact. | Disputed. |
| Pls.' Ex. 9 | Plaintiffs' Exhibit 9, excerpts from the certified transcript of the deposition of Jolene Bradley taken in this matter on July 6, 2022, at 41:7-42:19, 42:21-42:24, 43:3-43:12, 43:15-43:22, 44:10-44:12, 44:15-45:4, 46:13-46:16, 46:19-47:3, 47:5-47:10, 78:2-83:8, 130:18- | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); | Contains testimony of a commercially sensitive and proprietary nature regarding UHC proprietary internal processes and standard operating procedures. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 131:6, 178:20-178:21, 178:24-179:18 (Dkts. 396-11, 397-10). | Sealing of portions of document requested (Dkt. 337 at 26) | | | |
| Pls.' Ex. 9 | Plaintiffs' Exhibit 9, excerpts from the certified transcript of the deposition of Jolene Bradley taken in this matter on July 6, 2022, at 129:4-130:13, 134:15-135:4, 135:7-135:14, 135:17-136:3, 175:20-176:20, 176:24-177:9, 178:20-178:21, 178:24-179:18, (Dkts. 396-11, 397-10). | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 26) | Contains testimony regarding UHC proprietary internal processes and standard operating procedures, including changes to proprietary internal processes that reflect business strategy. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns a non-party's non-public, sensitive information. Moreover, the information contained in this document continues to be confidential. *See id.* ¶ 7(e). | Portions to redact. | Disputed. |
| Pls.' Ex. 9 | Plaintiffs' Exhibit 9, excerpts from the certified transcript of the deposition of Jolene Bradley taken in this matter on July 6, 2022, at 55:21-56:2, 64:7-65:13, 84:10-85:2, 116:1-116:10, 116:13-117:17, 117:19-118:3, 118:5-118:9, 118:11-119:4, 120:8-120:10, 120:21-121:4, 121:7-122:1, 122:4-122:10, 122:13-122:15, 126:1-126:10, 136:6-136:15, 171:7-171:15, 171:18-172:8, 179:20-180:2, 192:9-192:15, 192:18- | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 193:13, 193:16-193:25, 194:3-194:7, 194:13-194:23, 195:3-195:5, 195:7-195:20, 200:25-201:14, 202:3-202:8, 202:20-202:23, 202:25-203:4, 203:14-205:1, 205:4-205:20, 205:23-206:10, 206:13-207:11, 207:14-207:22, 207:25-208:25, 209:5-209:25, 211:21-212:15, 212:19-213:6, 213:9-213:20, 213:23-214:7, 214:9-214:12, 214:15-215:3, 215:6-216:1, 216:4-216:14, 216:18-217:5, 217:8-217:25, 218:4-218:7, 218:10-218:15, 218:18-218:24, 219:2-220:21, 220:22-221:15, 221:18-221:21, 221:23-222:16, 222:19-222:24, 223:2-223:13, 223:15-224:5, 224:8-224:17, 224:21-225:6, 225:9-225:25, 226:3-226:14, 226:20-227:6, 227:9-227:11, 229:23-230:12 (Dkts. 396-11, 397-10). | requested (Dkt. 337 at 26) | | | |
| Pls.' Ex. 9 | Plaintiffs' Exhibit 9, excerpts from the certified transcript of the deposition of Jolene Bradley taken in this matter on July 6, 2022, at 68:22-71:20, 74:15-74:16, 77:3-77:20, 98:3-98:21, 98:24-99:12, 99:15-99:22, 101:22-102:4, 104:10-105:11, 105:23-107:8, 107:10-107:14, 107:16-107:19, 107:22-107:24, 108:1-109:6, 109:19-109:25, 110:4-110:13, 110:16-111:5, 111:8-112:5, 112:8-113:14, 113:17-115:1, 115:5-115:24, 123:25-125:13, 125:16-127:7, 127:10-127:15, 127:18-128:14, 131:8-134:8, 138:11-138:12, 138:19-139:25, | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 26) | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns a non-party's non-public, sensitive information.  Moreover, the information contained in this document continues to be confidential. *See id.* ¶ 7(e). | Portions to redact. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 140:18-141:7, 141:11-141:18, 141:21-142:3, 142:6-142:11, 142:14-142:18, 142:20-143:9, 143:12-144:17, 144:20-145:8, 146:8-147:16, 147:20-148:9, 148:13-148:25, 149:2-149:21, 149:24-150:21, 150:25-151:10, 151:13-151:22, 151:25-152:6, 152:24-153:2, 153:4-154:1, 154:4-154:13, 154:16-154:22, 155:1-155:13, 155:16-156:1, 156:4-156:14, 156:17-156:25, 157:3-157:16, 157:18-158:6, 170:18-171:4, 174:5-174:19, 183:6-183:19, 183:22-184:9, 184:12-184:22, 184:25-185:12, 185:15-186:12, 186:15-186:19, 186:22-188:5, 188:8-189:7, 189:10-190:7, 190:9-191:2, 191:13-192:6 (Dkts. 396-11, 397-10). | | | | |
| Pls.' Ex. 9 | Plaintiffs' Exhibit 9, certified transcript of the deposition of Jolene Bradley taken in this matter on July 6, 2022, at 64:7-65:13; 68:22-71:20; 77:3-77:20; 78:2-83:8; 84:10-85:2; 108:1-109:6; 121:10-122:15; 123:25-125:8; 126:20-128:6; 140:18-142:14; 146:8-150:13; 150:15-152:2; 153:9-154:9; 156:7-157:11; 190:13-191:2; 195:11-195:19; 211:21-222:12; 224:3-224:13; 225:5-225:6 (Dkts. 396-11, 397-10). | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 26) | Contains testimony concerning the MultiPlan-United relationship including confidential, proprietary information regarding that relationship, including but not limited to, discussions of contract terms, product and service offerings and strategies, and other business details, as well as certain information concerning Viant OPR methodology and output, the public disclosure of which will cause substantial competitive and other harm to both MultiPlan and United. *See* Smith Sealing Decl. ¶ 13. | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Pls.' Ex. 10 | Plaintiffs' Exhibit 10, certified transcript of the deposition of Radames Lopez taken in this matter on July 18, 2022, at 15:16-15:18, 15:21-15:22, 16:1-16:6, 55:21-56:10, 56:13-57:2, 57:7-57:19, 57:23-58:2, 58:5-59:6, 59:11-59:17, 59:21-60:2, 61:11-61:12, 61:15-61:15, 62:4-62:6, 62:9-62:13, 62:18-62:19, 62:22-62:24, 63:1-63:6, 63:9-63:9, 64:4-64:8, 64:11-64:15, 64:17-64:18, 64:22-65:1, 65:3-65:8, 65:10-65:10, 65:12-66:8, 66:11-66:15, 66:17-66:19, 66:22-67:1, 67:3-67:4, 67:6-67:6, 67:8-67:12, 72:1-72:6, 72:9-73:2, 73:5-73:12, 73:16-73:17, 73:19-73:20, 73:23-74:19, 74:22-74:25, 75:3-75:3, 75:9-75:16, 75:19-75:20, 75:22-76:7, 76:9-76:16, 76:18-76:22, 76:25-77:4, 77:6-77:8, 77:11-77:12, 77:14-77:17, 77:20-78:1, 78:3-78:10, 78:14-78:20, 78:22-79:5, 79:8-79:15, 79:17-79:20, 79:23-80:2, 80:4-80:4, 80:6-80:7, 80:10-80:16, 80:19-81:5, 81:8-81:13, 81:16-81:22, 81:25-82:7, 82:16-83:10, 83:16-83:18, 83:21-84:11, 84:15-84:22, 84:25-85:3, 85:17-85:20, 85:22-86:2, 110:16-111:4, 111:20-112:13, 112:16-112:22, 124:6-125:2, 125:5-125:6, 127:18-128:6, 128:9-128:13, 128:15-128:17, 128:20-129:3, 129:8-129:19, 129:23-129:23, 130:13-131:1, 131:3-131:5, 131:16-132:9, | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 26-28) | Contains testimony regarding commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 132:11-132:24, 133:5-133:6, 133:8-133:12, 133:14-134:4, 134:11-134:17, 134:20-135:3, 135:17-135:20, 135:23-136:2, 136:4-136:6, 136:16-136:21, 154:4-155:20, 155:22-156:13, 156:24-157:2, 157:4-157:10, 157:12-157:15, 157:17-157:22, 157:25-158:11, 158:13-158:18, 159:18-159:21, 159:23-160:1, 160:3-161:10, 161:13-161:23, 162:2-162:17, 162:20-163:2, 257:1-257:2, 257:5-257:8, 257:11-258:3, 258:6-258:18, 261:3-262:3, 262:6-262:18, 294:5-294:19, 294:21-295:6, 295:9-295:10, 295:12-295:16, 296:4-296:9, 296:12-296:15, 296:18-296:20, 297:11-297:20, 297:22-298:2, 298:4-298:8, 298:10-298:14 (Dkts. 396-12, 397-11) | | | | |
| Pls.' Ex. 10 | Plaintiffs' Exhibit 10, certified transcript of the deposition of Radames Lopez taken in this matter on July 18, 2022, at 23:8-24:1, 24:5-24:7, 24:10-24:14, 25:1-25:4, 27:8-28:9, 28:11-28:13, 28:15-28:17, 28:24-29:8, 33:10-34:4, 34:7-34:10, 34:13-34:21, 34:24-35:1, 35:3-35:5, 36:2-36:14, 36:19-36:22, 36:24-37:3, 37:7-37:11, 37:13-37:21, 37:23-37:25, 38:3-38:6, 38:8-38:9, 38:15-38:18, 38:21-38:22, 38:24-38:25, 39:2-39:8, 39:10-40:12, 40:15-40:18, 40:20-40:20, 41:11-41:12, 41:14-42:7, 42:10-42:15, 42:18-43:1, 43:4-43:15, 43:17-43:18, 43:20-43:25, | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 26-28) | Contains testimony regarding highly competitive or commercially sensitive proprietary and non-public information regarding out-of-network program features and processes that would harm United's business advantage if publicized. *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 44:3-44:8, 44:12-44:15, 44:21-45:14, 45:17-45:17, 45:20-45:22, 54:19-55:1, 55:7-55:18, 86:4-86:20, 86:24-86:25, 87:15-87:22, 87:25-88:7, 88:10-88:13, 88:16-88:22, 90:11-90:13, 90:17-91:1, 91:4-91:18, 91:21-93:1, 93:4-93:21, 94:5-94:17, 94:20-95:11, 95:14-95:21, 95:23-96:4, 96:8-96:19, 96:22-97:1, 97:3-97:13, 97:18-97:23, 98:1-98:1, 99:3-99:24, 100:2-100:7, 100:12-100:19, 100:22-100:22, 100:24-101:1, 101:10-101:15, 101:18-101:24, 102:2-102:6, 102:9-103:4, 103:7-103:13, 103:15-103:16, 103:18-103:20, 103:24-104:3, 104:6-104:7, 108:12-108:22, 109:1-109:12, 109:15-110:8, 114:18-114:22, 114:24-115:3, 115:5-115:8, 115:10-115:19, 115:21-116:18, 116:22-117:12, 122:3-122:5, 151:17-152:8, 164:15-165:2, 165:4-165:4, 165:10-165:15, 165:19-165:23, 165:25-166:14, 166:17-166:25, 167:3-167:5, 167:8-167:10, 167:20-167:22, 167:24-168:5, 169:16-169:19, 169:21-170:1, 170:3-170:8, 170:11-170:24, 171:2-171:13, 171:16-171:19, 174:10-175:7, 175:9-175:15, 175:19-175:23, 264:14-265:6, 266:14-267:2, 267:5-267:15, 267:18-268:6, 268:9-268:16, 269:7-269:8, 269:11-269:15, 269:17-270:5, 270:8-270:17, 270:19-271:4, 271:6-271:13, 271:16-271:21, 271:23-272:5, 272:8- | | | | |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 272:17, 272:20-273:1, 273:4-273:12, 273:15-273:19, 273:21-274:8, 274:11-274:19, 274:22-275:6, 275:9-275:25, 276:4-276:10, 276:12-276:18, 276:22-277:14, 277:16-277:25, 278:3-278:6, 279:13-279:20, 279:25-281:1, 281:9-281:16, 281:20-282:9, 282:14-282:15, 282:17-282:23, 282:25-283:1. 292:22 (Dkts. 396-12, 397-11) | | | | |
| Pls.' Ex. 10 | Plaintiffs' Exhibit 10, certified transcript of the deposition of Radames Lopez taken in this matter on July 18, 2022, at 108:7-108:9, 114:2-114:16, 118:20-121:1, 121:7-121:24, 171:21-172:15, 172:17-172:20, 172:23-173:3, 173:6-174:1, 174:7-174:8, 176:4-177:21, 179:20-180:8 (Dkts. 396-12, 397-11). | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 26-28) | Contains testimony regarding highly competitive or commercially sensitive proprietary and non-public information regarding out-of-network program features and processes that would harm United's business advantage if publicized. *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8.  Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices.  *See id.* ¶ 8(b). | Portions to redact. | Disputed. |
| Pls.' Ex. 10 | Plaintiffs' Exhibit 10, certified transcript of the deposition of Radames Lopez taken in this matter on July 18, 2022, at 118:13-118:18, 123:23-124:4, 126:22-127:13, 137:8-137:25, 138:2-138:15, 138:17-139:2, 139:5-139:15, | Sealing of portions of document requested (Dkt. 170-29 at 2) and | Contains testimony regarding commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes. *See* Category 2(a), Paradise Renewed | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 139:17-139:19, 139:22-140:13, 140:15-140:20, 140:23-141:17, 141:20-142:2, 142:4-142:10, 142:14-142:24, 143:2-143:18, 143:21-144:6, 144:8-147:6, 147:9-148:14, 148:16-149:7, 149:12-150:3, 150:6-150:13, 150:15-151:2, 151:4 -151:6, 151:9-151:15, 159:4-159:15, 180:14-181:2, 181:20-182:1, 182:10-183:12, 183:18-184:1, 184:3-184:7, 184:9-184:19, 184:21-185:15, 185:17-185:22, 185:24-186:12, 186:14-187:8, 187:10-187:22, 188:2-188:8, 188:11-188:22, 189:1-189:4, 189:8-189:8, 189:12-189:12, 189:14-189:18, 189:20-190:1, 190:4-190:18, 191:18-192:6, 193:8-193:20, 193:25-194:5, 196:12-197:10, 197:13-197:17, 198:5-198:10, 198:12-198:13, 200:2-201:8, 201:12-201:13, 201:20-202:7, 202:9-203:1, 203:4-203:10, 203:13-203:16, 203:19-204:16, 204:19-205:4, 205:10-206:8, 206:11-206:20, 206:23-207:19, 207:22-208:3, 208:6-209:14, 209:17-210:18, 210:22-211:4, 211:17-213:10, 213:13-213:24, 214:1-215:23, 215:25-216:24, 217:4-219:2, 219:4-220:13, 220:15-220:20, 220:24-222:13, 222:15-223:4, 223:8-223:15, 223:19-223:25, 224:2-224:19, 224:24-226:6, 226:9-228:6, 228:8-228:13, 228:16-228:25, 229:3-229:6, 229:9-229:12, 229:14-229:21, 229:24-230:5, 230:7-230:18, | granted (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 26-28) | Sealing Decl. ¶ 7. Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. *See id.* ¶ 7(e). | | |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 230:22-231:9, 231:12-231:13, 231:15-232:6, 232:8-232:17, 232:19-233:14, 233:17-233:24, 234:6-234:13, 234:16-234:19, 235:10-236:7, 236:10-236:14, 236:17-236:21, 236:23-237:2, 237:14-238:2, 238:13-238:17, 238:21-239:5, 239:8-239:14, 239:17-239:18, 240:8-241:2, 241:4-241:14, 241:16-242:5, 242:7-242:18, 243:13-245:8, 245:10-245:14, 245:16-245:23, 245:25-246:8, 246:10-246:15, 246:19-246:22, 246:24-247:11, 247:15-247:25, 248:7-248:21, 248:24-249:8, 249:10-249:14, 249:16-249:21, 250:7-251:2, 251:4-251:7, 251:9-251:21, 252:6-252:10, 252:12-252:14, 252:16-253:1, 253:4-253:10, 253:13-253:16, 254:5-255:11, 255:14-256:8, 256:11-256:18, 256:20-256:24, 258:21-259:4, 259:7-259:14, 259:16-259:22, 259:24-260:6, 260:9-260:16, 262:24-263:5 (Dkts. 396-12, 397-11) | | | | |
| Pls.' Ex. 10 | Plaintiffs' Exhibit 10, certified transcript of the deposition of Radames Lopez taken in this matter on July 18, 2022, at 285:16-285:17, 286:2-286:10, 286:15-287:6, 287:11-288:7 (Dkts. 396-12, 397-11). | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document | Contains sensitive information regarding medical treatments sought or obtained and name of member of putative class (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | requested (Dkt. 337 at 26-28) | | | |
| Pls.' Ex. 10 | Plaintiffs' Exhibit 10, certified transcript of the deposition of Radames Lopez taken in this matter on July 18, 2022, at 14:7-16:10; 34:7-35:1; 35:3-35:5; 36:2-36:14; 36:19-37:23; 38:24-40:15; 41:11-43:1; 43:6-44:15; 91:14-93:15; 101:23-103:16; 103:18-103:25; 114:2-117:12; 127:21-129:12; 142:20-143:14; 145:6-146:16; 146:21-147:2; 148:4-148:6; 149:12-151:12; 158:24-159:18; 159:25-160:12; 164:15-164:24; 166:2-167:10; 172:3-173:23; 174:23-175:24; 176:9-177:21; 178:6-181:2; 181:19-181:24; 182:24-183:12; 185:7-190:1; 197:5-197:13; 199:25-202:5; 205:22-207:24; 209:5-211:4; 219:10-220:20; 223:19-230:14; 235:12-236:23; 241:10-242:16; 247:9-247:17; 247:19-249:21; 250:7-251:19; 252:18-253:7; 254:17-256:24; 274:4-276:23 (Dkts. 396-12, 397-11). | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 26-28) | Contains testimony concerning the MultiPlan-United relationship including confidential, proprietary information regarding that relationship, including but not limited to, discussions of contract terms, product and service offerings and strategies, and other business details, as well as certain information concerning Viant OPR methodology and output, the public disclosure of which will cause substantial competitive and other harm to both MultiPlan and United. | Portions to redact. | Disputed. |
| Pls.' Ex. 11 | Plaintiffs' Exhibit 11, excerpts from the certified transcript of the 30(b)(6) deposition of Creyna Franco taken in this matter on July 28, 2022, at 74:10-77:10 (Dkts. 396-13, 397-12). | Sealing requested in full (Dkt. 337 at 28) | Contains testimony concerning confidential communications and negotiations between healthcare service provider and MultiPlan personnel, including discussions concerning rates, individual claims, and other details, the public disclosure of which would allow | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | industry participants access to information that could be used to the competitive detriment of MultiPlan. *See* Smith Sealing Decl. ¶ 14. | | |
| Pls.' Ex. 12 | Plaintiffs' Exhibit 12, certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 38:18-41:20, 42:2-11, 42:13-43:12, 43:14, 155:1-6, 155:7-14, 155:16-20, 203:7-20, 203:23-204:6 (Dkts. 396-14, 397-13). | Sealing of portions of document requested (Dkts. 215 at 1 and 4, 305 at 3) and granted (Dkts. 301 at 11, 352 at 43); Sealing of portions of document requested (Dkt. 337 at 28-29) | Contains testimony of a sensitive and proprietary nature regarding substantive internal discussions regarding the pricing of particular claims, or responding to inquiries from plan sponsors, members, or healthcare service providers.  *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. | Portions to redact. | Disputed. |
| Pls.' Ex. 12 | Plaintiffs' Exhibit 12, certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 56:19-58:11, 59:20-60:17, 60:19-61:23, 61:25-62:15, 63:2-7, 63:9-22, 63:24-25, 72:6-72:8, 72:10 (Dkts. 396-14, 397-13). | Sealing of portions of document requested (Dkts. 215 at 1 and 4, 305 at 3) and granted (Dkts. 301 at 11, 352 at 43); Sealing | Contains testimony regarding commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | of portions of document requested (Dkt. 337 at 28-29) | | | |
| Pls.' Ex. 12 | Plaintiffs' Exhibit 12, certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 134:2-12, 134:15-135:4, 135:6-136:1, 136:3-138:11, 138:13-139:6, 139:9-17, 139:19-140:1, 140:3-142:1, 142:3-9, 142:13-15, 142:17-19, 154:1-19, 154:21-25 (Dkts. 396-14, 397-13). | Sealing of portions of document requested (Dkts. 215 at 1 and 4, 305 at 3) and granted (Dkts. 301 at 11, 352 at 43); Sealing of portions of document requested (Dkt. 337 at 28-29) | Contains testimony regarding commercially sensitive information regarding United's internal communications, business strategy, client relationships, and proprietary processes. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  Though the testimony concerns a document that is more than 3 years old, the document remains relevant and concerns United's non-public, sensitive information.  Moreover, the information contained in this document continues to be confidential.  *See id.* ¶ 7(e). | Portions to redact. | Disputed. |
| Pls.' Ex. 12 | Plaintiffs' Exhibit 12, certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 77:12-78:9, 78:11-16, 80:6-10, 80:13-14 (Dkts. 396-14, 397-13). | Sealing of portions of document requested (Dkts. 215 at 1 and 4, 305 at 3) and granted (Dkts. 301 at 11, 352 at | Contains testimony of a sensitive and proprietary nature regarding substantive internal discussions regarding the pricing of particular claims or discusses the calculation of fees paid to United by plan sponsors as well as savings related to out-of-network programs.  *See* Categories 1 and 2(b), Paradise Renewed Sealing Decl. ¶¶ 5, 8.  Though the testimony concerns a document that is more than 3 years old, | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | 43); Sealing of portions of document requested (Dkt. 337 at 28-29) | the document remains relevant and concerns United's non-public, sensitive information.  Moreover, the information contained in this document continues to be confidential.  *See id.* ¶¶ 5(d), 8(b). | | |
| Pls.' Ex. 12 | Plaintiffs' Exhibit 12, certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 87:3-89:6, 89:12-90:14, 90:18-91:5, 91:7-17, 91:21-92:13, 92:17-93:2 (Dkts. 396-14, 397-13). | Sealing of portions of document requested (Dkts. 215 at 1 and 4, 305 at 3) and granted (Dkts. 301 at 11, 352 at 43); Sealing of portions of document requested (Dkt. 337 at 28-29) | Contains testimony of a sensitive and proprietary nature regarding substantive internal discussions regarding UHC proprietary internal processes and standard operating procedures, including changes to proprietary internal processes that reflect business strategy.  *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  Though the testimony concerns a document that is more than 3 years old, the document remains relevant and concerns United's non-public, sensitive information.  Moreover, the information contained in this document continues to be confidential.  *See id.* ¶ 7(e). | Portions to redact. | Disputed. |
| Pls.' Ex. 12 | Plaintiffs' Exhibit 12, certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 93:24-94:8, 94:11-95:15, 95:17-23, 96:1-5, 96:6-97:2, 124:14-19, 124:21-125:7, 125:9-10, 155:22-156:2, 156:13-17 (Dkts. 396-14, 397-13). | Sealing of portions of document requested (Dkts. 215 at 1 and 4, 305 at 3) and granted (Dkts. 301 at | Contains testimony of a sensitive and proprietary nature regarding UHC proprietary internal processes and standard operating procedures, including changes to proprietary internal processes that reflect business strategy.  *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. | Portions to redact. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | 11, 352 at 43); Sealing of portions of document requested (Dkt. 337 at 28-29) | | | |
| Pls.' Ex. 12 | Plaintiffs' Exhibit 12, certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 98:9-100:1, 100:4-101:13, 101:15-102:16, 103:17-104:7, 104:9-18, 104:21-105:13, 105:15-106:6, 106:9-107:5, 107:9-16, 107:18-112:14, 112:20-113:7, 113:11-114:3, 114:5-6, 115:19-24, 121:2-122:10, 122:13-19 (Dkts. 396-14, 397-13). | Sealing of portions of document requested (Dkts. 215 at 1 and 4, 305 at 3) and granted (Dkts. 301 at 11, 352 at 43); Sealing of portions of document requested (Dkt. 337 at 28-29) | Contains testimony of a sensitive and proprietary nature regarding substantive internal discussions regarding the pricing of particular claims, or responding to inquiries from plan sponsors, members, or healthcare services providers.  Further contains testimony regarding UHC proprietary internal processes and standard operating procedures, including changes to proprietary internal processes that reflect business strategy.  *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  Though the testimony concerns a document that is more than 3 years old, the document remains relevant and concerns United's non-public, sensitive information.  Moreover, the information contained in this document continues to be confidential.  *See id.* ¶ 7(e). | Portions to redact. | Disputed. |
| Pls.' Ex. 12 | Plaintiffs' Exhibit 12, certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 116:1-117:7, 156:19-25 (Dkts. 396-14, 397-13). | Sealing of portions of document requested (Dkts. 215 at | Contains testimony of a sensitive and proprietary nature regarding substantive internal discussions regarding the pricing of particular claims, or responding to inquiries from plan sponsors, members, or | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | 1 and 4, 305 at 3) and granted (Dkts. 301 at 11, 352 at 43); Sealing of portions of document requested (Dkt. 337 at 28-29) | healthcare service providers.  *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  Though the testimony concerns a document that is more than 3 years old, the document remains relevant and concerns United's non-public, sensitive information.  Moreover, the information contained in this document continues to be confidential.  *See id.* ¶ 7(e). | | |
| Pls.' Ex. 12 | Plaintiffs' Exhibit 12, certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 118:13-16, 118:18-22, 118:24-119:3, 119:5-13, 119:15-18, 119:20, 122:22-123:4, 123:6-19, 123:21-124:12, 127:18-21, 127:23-128:4, 128:6-16 (Dkts. 396-14, 397-13). | Sealing of portions of document requested (Dkts. 215 at 1 and 4, 305 at 3) and granted (Dkts. 301 at 11, 352 at 43); Sealing of portions of document requested (Dkt. 337 at 28-29) | Contains testimony of a sensitive and proprietary nature regarding substantive internal discussions regarding the pricing of particular claims, or responding to inquiries from plan sponsors, members, or healthcare services providers.  *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  Further contains testimony regarding UHC proprietary internal processes and standard operating procedures, including changes to proprietary internal processes that reflect business strategy.  *See id.* | Portions to redact. | Disputed. |
| Pls.' Ex. 12 | Plaintiffs' Exhibit 12, certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 150:1-12, 150:14-21, 150:23- | Sealing of portions of document requested | Contains testimony of a sensitive and proprietary nature regarding substantive internal discussions regarding the pricing of particular claims, or responding to | Portions to redact. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 151:3, 151:5-11, 157:2-10, 157:12-21, 157:23-158:6, 158:8-13 (Dkts. 396-14, 397-13). | (Dkts. 215 at 1 and 4, 305 at 3) and granted (Dkts. 301 at 11, 352 at 43); Sealing of portions of document requested (Dkt. 337 at 28-29) | inquiries from plan sponsors, members, or healthcare services providers– *see* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  Though the testimony concerns a document that is more than 3 years old, the document remains relevant and concerns United's non-public, sensitive information.  Moreover, the information contained in this document continues to be confidential.  *See* Paradise Renewed Sealing Decl. ¶ 7(e). | | |
| Pls.' Ex. 12 | Plaintiffs' Exhibit 12, certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 159:18-161:19, 162:2-165:5, 165:22-166:13, 167:9-180:9, 181:13-182:1, 182:4-14, 182:20-22, 182:24-183:2, 183:5-11, 183:13-184:13, 184:16-185:5, 185:8-14, 185:16-186:5, 186:8-21, 193:16-202:2, 202:11-23, 202:25-203:5 (Dkts. 396-14, 397-13). | Sealing of portions of document requested (Dkts. 215 at 1 and 4, 305 at 3) and granted (Dkts. 301 at 11, 352 at 43); Sealing of portions of document requested (Dkt. 337 at 28-29) | Contains testimony of a sensitive and proprietary nature regarding substantive internal discussions regarding the pricing of particular claims, or responding to inquiries from plan sponsors, members, or healthcare services providers– *see* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7–and discussions of private health information.  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Portions to redact. | Disputed. |
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, | Sealing portions of transcript | Contains testimony regarding commercially sensitive information regarding United's propriety internal | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 2022, at 20:24-26:4, 27:22-30:14, 31:11-31:25, 59:10-62:5, 76:4-78:25, 85:20-86:22, 87:12-88:20, 89:22-89:24, 90:4-90:14, 90:18-102:3, 135:16-138:4, 260:18-262:4, 316:2-317:3 (Dkts. 396-16, 397-14). | requested (Dkts. 170-29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | processes, changes to those processes, standard operation procedures, and pricing methodologies (including specific data on pricing claims) reflecting proprietary and competitively sensitive information for current programs and operations that would harm United's business advantage and its business relationships if disclosed. See Category 1, Paradise Renewed Sealing Decl. ¶ 5. Though some of the testimony concerns documents that are more than three years old, these documents remain relevant and concern United's confidential financial information and business strategy. Moreover, the information contained in these documents continues to be confidential. See id. ¶ 5(d). | | |
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 45:14-57:10 (Dkts. 396-16, 397-14). | Sealing portions of transcript requested (Dkts. 170-29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | Contains testimony regarding commercially sensitive information about internal discussions regarding responding to inquiries from plan sponsors, members, and providers, as well as testimony regarding highly competitive or commercially sensitive proprietary and nonpublic information that would harm United's business advantage, such as internal strategic discussions about out-of-network program features and processes. *See* Categories 1 and 2(b), Paradise Renewed Sealing Decl. ¶¶ 5, 8. | Portions to redact. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 62:21-66:9 (Dkts. 396-16, 397-14). | Sealing portions of transcript requested (Dkts. 170-29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | Contains testimony regarding commercially sensitive information about United's proprietary current internal processes and standard operating procedures, and calculation of fees paid by United to third-party vendor reflecting proprietary and competitively sensitive information for current programs and operations that would harm United's business advantage and its business relationships if disclosed. *See* Categories 1 and 2(a), Paradise Renewed Sealing Decl. ¶¶ 5, 7. | Portions to redact. | Disputed. |
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 68:11-69:5 (Dkts. 396-16, 397-14). | Sealing portions of transcript requested (Dkts. 170-29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | Contains testimony regarding commercially sensitive information about United's proprietary internal processes and standard operating procedures, and discussions about out-of-network program features that would harm United's business advantage and its business relationships if disclosed. *See* Categories 1 and 2(b), Paradise Renewed Sealing Decl. ¶¶ 5, 8. | Portions to redact. | Disputed. |
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 69:24-75:11, 282:9-286:9 (Dkts. 396-16, 397-14). | Sealing portions of transcript requested (Dkts. 170-29 at 2, 305 at 3-4) and | Contains testimony regarding commercially sensitive information about fee arrangements and negotiations between UHC and its customers, or UHC and its vendors, as well as testimony regarding highly competitive or commercially sensitive proprietary | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | granted (Dkts. 301 at 11, 352 at 36-37) | internal processes and procedures that would harm United's business advantage and its business relationships with customers and vendors like MultiPlan if disclosed. See Categories 1 and 2(a), Paradise Renewed Sealing Decl. ¶¶ 5, 7. Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns United's confidential internal processes and business strategy. Moreover, the information contained in this document continues to be confidential.  See id. ¶¶ 5(d), 7(e). | | |
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 103:4-105:25, 106:17-19, 106:21-107:1, 107:4, 107:6-107:16, 107:20-107:25, 108:5, 109:1-120:15 (Dkts. 396-16, 397-14). | Sealing portions of transcript requested (Dkts. 170-29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | Contains testimony regarding substantive internal discussions regarding arrangements with UHC customers and vendors, strategic discussions about out-of-network program features, as well as testimony reflecting proprietary and competitively sensitive information for current programs and operations that would harm United's business advantage and its business relationships with customers and vendors if disclosed. See Categories 1 and 2(a), Paradise Renewed Sealing Decl. ¶¶ 5, 7. Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns United's confidential financial information and business strategy. | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | Moreover, the information contained in this document continues to be confidential. See id. ¶¶ 5(d), 7(e). | | |
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 120:18-122:5,122:9-10, 122:21-22, 122:24-124:13, 125:5-125:7, 125:10-125:16, 125:21-125:23, 151:25-152:5, 152:10-152:12, 152:15, 153:1-156:12 (Dkts. 396-16, 397-14). | Sealing portions of transcript requested (Dkts. 170-29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | Contains testimony regarding commercially sensitive information about United client relationships, fee arrangements with United customers or vendors, and/or proprietary internal processes that reflect business strategy and competitively sensitive information for current programs and operation, which would harm United's business advantage and its business relationships with customers and vendors if disclosed. See Categories 1 and 2(a), Paradise Renewed Sealing Decl. ¶¶ 5, 7. Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns United's confidential financial information and business strategy. Moreover, the information contained in this document continues to be confidential. See id. ¶¶ 5(d), 7(e). | Portions to redact. | Disputed. |
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 138:9-151:10, 262:9-269:8, | Sealing portions of transcript requested (Dkts. 170- | Contains highly detailed, proprietary information regarding internal processes, the pricing of particular claims, or responding to inquiries from plan sponsors, members, or healthcare services | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 269:15-280:23, 281:7-281:19 (Dkts. 396-16, 397-14). | 29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | providers as well as testimony regarding highly competitive or commercially sensitive proprietary and non-public information that would harm United's business advantage and its business relationships with customers and vendors like MultiPlan, such as internal strategic discussions about out-of-network program features, strategic initiatives, and its vendors' methodologies.  See Categories 1 and 2(b), Paradise Renewed Sealing Decl. ¶¶ 5, 8.<br>Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns United's confidential internal processes and business strategy. Moreover, the information contained in this document continues to be confidential. See id. ¶¶ 5(d), 8(b). | | |
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 156:16-163:25, 165:2-170:3, 318:4-321:25 (Dkts. 396-16, 397-14). | Sealing portions of transcript requested (Dkts. 170-29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | Contains highly detailed, proprietary information regarding the pricing of particular claims (including specific reimbursement percentages), or responding to inquiries from plan sponsors, members, or healthcare services providers as well as testimony regarding highly competitive or commercially sensitive proprietary and non-public information that would harm United's business advantage and its business relationships with vendors like MultiPlan; | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | such information may also include internal strategic discussions about out-of-network program features, strategic initiatives, its vendors' methodologies, and substantive internal discussions regarding pricing of particular claims. See Categories 1, 2(a), and 2(b), Paradise Renewed Sealing Decl. ¶¶ 5, 7-8. Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns United's confidential internal processes, including pricing methodology. Moreover, the information contained in this document continues to be confidential.  See id. ¶¶ 5(d), 7(e), 8(b). | | |
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 171:13-183:14. (Dkts. 396-16, 397-14). | Sealing portions of transcript requested (Dkts. 170-29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | Contains testimony regarding substantive internal discussions regarding the pricing of particular claims, internal processes, or responding to inquiries from plan sponsors, members, or healthcare services providers as well as testimony regarding highly competitive or commercially sensitive proprietary and nonpublic information that would harm United's business advantage if disclosed. See Categories 1 and 2(a), Paradise Renewed Sealing Decl. ¶¶ 5, 7. Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns a non-party's non-public, | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | sensitive information. Moreover, the information contained in this document continues to be confidential. See id. ¶¶ 5(d), 7(e). | | |
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 183:19-187:13 (Dkts. 396-16, 397-14). | Sealing portions of transcript requested (Dkts. 170-29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | Contains testimony regarding commercially sensitive information regarding United's internal communications, business strategy, and communications with healthcare providers that would harm United's business advantage and its business relationships if disclosed. See Categories 1 and 2(a), Paradise Renewed Sealing Decl. ¶¶ 5, 7. Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns United's confidential internal processes, including pricing methodology. Moreover, the information contained in this document continues to be confidential. See id. ¶¶ 5(d), 7(e). | Portions to redact. | Disputed. |
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 187:20-195:5 (Dkts. 396-16, 397-14). | Sealing portions of transcript requested (Dkts. 170-29 at 2, 305 at 3-4) and granted (Dkts. 301 at | Contains testimony regarding commercially sensitive information about United proprietary internal processes and standard operating procedures, including confidential information about United's revenue and cost structure such as calculation of savings and client revenue related to out-of-network programs, and also including details regarding fees, rates, and fee negotiations, which is | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | 11, 352 at 36-37) | highly competitive or commercially sensitive proprietary and non-public information that would harm United's business advantage and its business relationships with customers and vendors like MultiPlan. See Categories 1 and 2(a), Paradise Renewed Sealing Decl. ¶¶ 5, 7. Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns third parties' confidential financial data.  Moreover, the information contained in this document continues to be confidential. See id. ¶¶ 5(d), 7(e). | | |
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 208:25-225:12, 225:23-242:18, 243:7-254:22 (Dkts. 396-16, 397-14). | Sealing portions of transcript requested (Dkts. 170-29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | Contains testimony regarding substantive internal discussions regarding responding to inquiries from plan sponsors, members, and providers, as well as testimony regarding highly competitive or commercially sensitive proprietary and nonpublic information that would harm United's business advantage, such as internal strategic discussions about out-of-network program features and processes, plan language, proprietary information on pricing of particular claims, or responding to inquiries, which could harm United's business relationships with vendors and customers.  See Categories 1 and 2(b), Paradise Renewed Sealing Decl. ¶¶ 5, 8. Though the testimony concerns a document that is more than three years | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | old, the document remains relevant and concerns a non-party's non-public, sensitive information.  Moreover, the information contained in this document continues to be confidential. See id. ¶¶ 5(d), 8(b). | | |
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 287:14-298:20, 301:1-306:12 (Dkts. 396-16, 397-14). | Sealing portions of transcript requested (Dkts. 170-29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | Contains testimony regarding commercially sensitive information regarding United's propriety and internal processes and procedures, and United's revenue and cost structure such as calculation of savings and client revenue related to out-of-network programs, discussions about out-of-network program features and processes, and details regarding fees, rates, and fee negotiations, which is highly competitive or commercially sensitive and nonpublic information that would harm United's business advantage if disclosed.  See Categories 1, 2(a), and 2(b), Paradise Renewed Sealing Decl. ¶¶ 5, 7-8.  Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns a non-party's confidential agreement or communications with United.  Moreover, the information contained in this document continues to be confidential. See id. ¶¶ 5(d), 7(e), 8(b). | Portions to redact. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 307:5-311:19, 311:21-314:19 (Dkts. 396-16, 397-14). | Sealing portions of transcript requested (Dkts. 170-29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | Contains highly detailed, proprietary information regarding the pricing of particular claims (including specific reimbursement percentages), or responding to inquiries from plan sponsors, members, or healthcare services providers as well as testimony regarding highly competitive or commercially sensitive proprietary and non-public information that would harm United's business advantage and its business relationships with vendors like MultiPlan; such information may also include internal strategic discussions about out-of-network program features, strategic initiatives, its vendors' methodologies, and substantive internal discussions regarding pricing of particular claims. See Categories 1, 2(a), and 2(b), Paradise Renewed Sealing Decl. ¶¶ 5, 7-8. Though the testimony concerns documents that are more than three years old, the documents remain relevant and concern negotiations with clients, confidential internal United communications, and patient PHI and PII. Moreover, the information contained in this document continues to be confidential. See id. ¶¶ 5(d), 7(e), 8(b). | Portions to redact. | Disputed. |
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, | Sealing portions of transcript | Contains testimony concerning the MultiPlan-United relationship including confidential, proprietary information | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 2022, at 59:10- 62:5; 69:24- 72:7; 72:8- 72:24; 72:25-75:11; 76:4-78:25; 91:3- 91:24; 95:7- 96:18; 103:4- 104:10; 106:17-19; 106:21-107:1; 107:4; 107:6-16; 107:20-108:10; 109:1- 112:13; 112:14- 118:9; 118:10- 119:25; 129:2- 130:7; 130:24- 132:9; 132:22- 135:11; 136:11- 137:12; 143:2- 143:20; 146:12- 148:14; 151:25- 152:5; 156:16- 163:25; 165:15- 170:3; 216:17- 218:17; 220:11- 224:13; 225:23- 229:1; 232:5- 234:6; 234:7- 242:18; 254:19; 260:19- 262:4; 262:5- 269:8; 284:13- 285:5; 310:1-311:5; 318:22- 320:2; 320:3- 321:25 (Dkts. 396-16, 397-14). | granted (Dkts. 301, 352); sealing portions of transcript requested (Dkt. 291) | regarding that relationship, including but not limited to, discussions of contract terms, product and service offerings and strategies, and other business details, as well as certain information concerning Viant OPR methodology and output, the public disclosure of which will cause substantial competitive and other harm to both MultiPlan and United. | | |
| Pls.' Ex. 15 | Declaration of Sean Crandell in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification, at ¶¶ 9– 19, 22, 25–43, 47–55, 57–61, and 64– 67 (Dkts. 396-17, 396-15). | Sealing of portions of document requested (Dkt. 305 at 4) and granted (Dkt. 352 at 24); Sealing requested in full (Dkt. 337 at 24) | Contains highly detailed, proprietary information regarding the Viant OPR product design and methodology that, if disclosed, could allow others to copy MultiPlan's approach and could undermine MultiPlan's competitive advantage in the marketplace (Wilde Decl. (Dkt. 215-5) ¶¶ 19-21)). | Portions to redact. | Disputed. |
| Pls.' Ex. 18 | Plaintiffs' Exhibit 18, documents produced by Summit Estate Recovery Center, SUMMIT 01092 - SUMMIT 1097, SUMMIT 00465 - SUMMIT | Sealing requested (Dkt. 305 at 3) and | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 00468, SUMMIT 01226 - SUMMIT 01229, SUMMIT 00285 - SUMMIT 00288, and SUMMIT 00882 - SUMMIT 00885 (Dkts. 396-20, 397-17). | granted in full (Dkt. 352 at 16) | DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Pls.' Ex. 19[12] | Plaintiffs' Exhibit 19, IBAAG Summary, UHC000207314, UHC000323384, UHC000207402, UHC000207690, UHC000321841, UHC000323384, UHC000325374, UHC000327876, UHC000328108 (Dkts. 396-21, 397-18). | Sealing requested (Dkt. 170-29 at 2) and granted in full (Dkt. 301 at 11); Sealing requested in full (Dkt. 337 at 30) | Contains sensitive information about internal processes and procedures relating to how United responds to inquiries from members, plan sponsors, and/or providers regarding pricing out-of-network claims, and includes highly confidential information about specific terms of plan sponsor agreements with United the public disclosure of which would cause competitive harm to United and the relevant plan sponsors.  *See* Categories 1 and 2(a), Paradise Renewed Sealing Decl. ¶¶ 5, 7. | Portions to redact. | Disputed. |
| Pls.' Ex. 20[13] | Plaintiffs' Exhibit 20, a summary of transcripts of call recordings originally produced as UBH000003449, UBH000003352, UBH000003461, UBH000011776, UBH000011728, CS VOB 225, UBH000003462, UBH000003465, UBH000003463 (Dkts. 396-22, 397-19). | Sealing requested (Dkt. 170-29 at 2) and granted in full (Dkt. 301 at 11); Sealing requested in | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |

---

[12] In the first motion for class certification, Plaintiffs filed this document as Exhibit G.  Dkt. 171-1 at 2.

[13] In the first motion for class certification, Plaintiffs filed this document as Exhibit D.  Dkt. 171-1 at 2.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | full (Dkt. 337 at 31) | | | |
| Pls.' Ex. 25[14] | Plaintiffs' Exhibit 25, Composite of Administrative Services Agreements, UHC000007610-7646, NUSA-UBH-00000001-60, UHC000008308-8388, UHC000227920-8031, UHC000258819-8885, UHC000209094-9119 (Dkts. 396-24, 396-27) | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); sealing requested in full (Dkt. 337 at 31-32) | Contains United Defendants' and non-party plan sponsors' confidential business information, including plan sponsor-specific pricing and rate information, performance guarantees, audit procedures, security procedures, proprietary program offerings, indemnification provisions, and dispute resolution mechanisms between United and plan sponsors (including mediation, litigation, and settlement arrangements). Public disclosure of the ASAs and amendments would cause United and the plan sponsors competitive harm—for example, by causing existing plan sponsors to seek to renegotiate longstanding contracts based on provisions negotiated in light of a different plan sponsor's particular needs and business considerations (for United) and interfering with employee retention and recruitment (for plan sponsors). This is true even though portions of the ASAs and amendments are unsigned, contain redlines, and/or were executed more than three years ago or concern effective periods from more than three years ago, because such ASAs reflect confidential | Seal in full. | Disputed. |

---

[14] In their first motion for class certification, Plaintiffs filed a portion of this exhibit as Exhibit N.  Dkt. 171-1 at 3. The Court granted sealing in full as to UHC000007610-7646 and UHC000007968-98 (Tesla ASA similar to UHC000008308-88).  Dkt. 301 at 11.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | terms and arrangements carefully negotiated with individual plan sponsors based on each plan sponsor's unique circumstances and business relationships. Schneewind Sealing Decl. ¶¶14-15, 17, 20, 22-23; Dkt. 355-2 (Naomi Canova (Apple) Sealing Decl.) ¶¶3-7; Scott Floyd (Cisco) Sealing Decl. ¶¶5-17; Dkt. 305-8 (Daniel Condon (Raytheon) Sealing Decl.) ¶¶4-8; Franchesca Busch (Tesla) Sealing Decl. ¶¶4-10. | | |
| Pls.' Ex. 26 | Plaintiffs' Exhibit 26, United Healthcare Q3 2016 Performance Initiative for Consideration, dated December 7, 2016 (Viant Savings), MPI-0002894-2916, MPI-0002933-2978, MPI-0006059-6093, MPI-0006894-6928 (Dkts. 396-28, 397-25). | Sealing requested in full (Dkt. 337 at 32) | MultiPlan presentations created for United's review (but also with draft comments internal to MultiPlan) which contain highly competitive or commercially sensitive proprietary and non-public information, the disclosure of which would harm United's and/or MultiPlan's business advantage, including: information about vendor negotiations, financial reporting relating to certain United out-of-network programs or product offerings; discussions with MultiPlan about program modifications and procedures; and information regarding MultiPlan's product and service offerings and business strategies in dealing with clients. *See* [MP Decl.]; Category 1, Paradise Renewed Sealing Decl. ¶ 5. Though some of the documents within the composite exhibit are more than three years old, they concern | Seal in full. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | programs and strategic initiatives that still exist today and if revealed publicly, information regarding the financial forecasts associated with those programs or strategic initiatives could be used by United's or MultiPlan's competitors to refine or adjust the pricing on their own product offerings in ways they could not do otherwise, thereby putting United and/or MultiPlan at a competitive disadvantage. *See id.* ¶ 5(d). | | |
| Pls.' Ex. 36 | Plaintiffs' Exhibit 36, 2020 Lopez Emails, UHC000015587–88 (Dkts. 396-38, 397-35). | Sealing requested in full (Dkt. 337 at 34) | Internal document that contains commercially sensitive and proprietary information, including competitively sensitive figures and program components that are not shared publicly and could be used by United's competitors to undermine United's competitive position in the marketplace if revealed publicly. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. *See id.* ¶ 7(e). | Seal in full. | Disputed. |
| Pls.' Ex. 37 | Plaintiffs' Exhibit 37, Viant Standard Missing Value Approach, | Sealing requested in | Contains commercially sensitive information describing the various | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | MPI0008890-8891 (Dkts. 396-39, 397-36). | full (Dkt. 337 at 34) | components of Viant's proprietary OPR methodology (Crandell Decl. (Dkt. 211) ¶ 43). Internal document from 2015, kept confidential within MultiPlan, that provides information concerning the process by which MultiPlan supplies missing values that are required to price certain outpatient claims. This particular document and the methodology it set forth is proprietary to MultiPlan. Public disclosure of this document, and the proprietary methodology described therein, would allow others to copy MultiPlan's approach, to its commercial and competitive detriment (Wilde Decl. (Dkt. 215-5) ¶ 16). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. | | |
| Pls.' Ex. 38 | Plaintiffs' Exhibit 38, presentation titled "OON Program Ops Team High Level Overview," UHC000038587–90 (Dkts. 396-40, 397-37). | Sealing requested in full (Dkt. 337 at 34) | Internal document that contains commercially sensitive and proprietary information that if shared publicly could provide United's competitors with insights into United's strategic decision-making relating to proprietary products and programs that they would not otherwise have access to, thereby putting | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | United at a competitive disadvantage. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. *See id.* ¶ 7(e). | | |
| Pls.' Ex. 40 | Plaintiffs' Exhibit 40, Summit Estate Recovery Center Financial Addendum Intensive Outpatient, PLD0003006-3009 (Dkts. 396-42, 397-39). | Sealing requested in full (Dkt. 337 at 35) | Contains sensitive information regarding medical treatments sought or obtained and name of a member in the putative class (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Pls.' Ex. 41[15] | Plaintiffs' Exhibit 41, United's Out-of-Network Procedures, UHC000197899–958 (Dkts. 396-43, 397-40). | Sealing requested (Dkt. 170-29 at 2) and granted in full (Dkt. 301 at 11); Sealing requested in | Contains sensitive information regarding UHC proprietary internal processes and standard operating processes. Further contains sensitive information regarding substantive instructions regarding pricing out-of-network claims, or responding to inquiries from plan sponsors, members, or healthcare services providers. *See* Category 2(b), Paradise Renewed Sealing | Seal in full. | Disputed. |

---

[15] In the first class certification motion, Plaintiffs filed this document as Exhibit E. Dkt. 171-1 at 2.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | full (Dkt. 337 at 35) | Decl. ¶ 8.  Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices.  *See id.* ¶ 8(b). | | |
| Pls.' Ex. 42 | Plaintiffs' Exhibit 42, United's Remark Code Policies, UHC000071826–37 (Dkts. 396-44, 397-41). | Sealing requested in full (Dkt. 337 at 35) | Reflects proprietary internal United process logic and processes that, if publicly disclosed, would provide United's competitors with insights into United's proprietary processes as they relate to out-of-network reimbursement that they would not otherwise have access to, thereby putting United at a competitive disadvantage.  *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices.  *See id.* ¶ 7(e). | Seal in full. | Disputed. |
| Pls.' Ex. 43 | Plaintiffs' Exhibit 43, Viant Facility U&C Review Outpatient Review (OPR) Model, dated June 2016, MPI-0008643-8651 (Dkts. 396-45, 397-42). | Sealing requested in full (Dkt. 337 at 35) | Provides a detailed explanation of the proprietary Viant OPR product design and methodology, including how it was developed and how it works. Further, the information contained in this document | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant and it reflects and is consistent with current practices. The document contains nonpublic, confidential and propriety information of MultiPlan the disclosure of which would adversely affect its business. Wilde Decl. (337-3), ¶¶ 5 (d); 17. | | |
| Pls.' Ex. 44[16] | Plaintiffs' Exhibit 44, Viant Facility Outpatient U&C Review Service Explanation of Methodology, dated June 2016, MPI-0000488-498 (Dkt. 397-43). | Sealing requested (Dkt. 305 at 4) and granted in full (Dkt. 337 at 29-31); Sealing requested in full (Dkt. 337 at 35) | Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant | Seal in full. | Disputed. |

---

[16] In the opposition to Plaintiffs' first motion for class certification, Defendants filed this document as Exhibit B to the Declaration of Sean Crandell.  Dkt. 221.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | OPR product and methodology (Wilde Decl. (Dkt. 215-5) ¶¶ 10, 13, 15; Crandell Decl. (Dkt. 211) ¶¶ 13, 25). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. | | |
| Pls.' Ex. 45[17] | Plaintiffs' Exhibit 45, Viant Facility Outpatient U&C Review Service Explanation of Methodology, MPI-0007803-7812 (Dkts. 396-46, 397-44). | Sealing requested (Dkt. 305 at 4) and granted in full (Dkt. 352 at 28-29); Sealing requested in full (Dkt. 337 at 35) | Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology (Wilde | Seal in full. | Disputed. |

[17] In the opposition to Plaintiffs' first motion for class certification, Defendants filed this document as Exhibit A to the Declaration of Sean Crandell.  Dkt. 221.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | Decl. (Dkt. 215-5) ¶¶ 10, 13, 15; Crandell Decl. (Dkt. 211) ¶¶ 13, 25. Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. | | |
| Pls.' Ex. 46 | Plaintiffs' Exhibit 46, Beckstead 2018 Mapping Email, MPI0012799-800 (Dkts. 396-47, 397-45). | Sealing requested in full (Dkt. 337 at 35) | The document contains nonpublic, confidential and propriety information of MultiPlan the disclosure of which would adversely affect its business. Wilde Decl. (337-3), ¶¶ 5 (e); 25. | Seal in full. | Disputed. |
| Pls.' Ex. 47 | Plaintiffs' Exhibit 47, Crandell Schill Emails, MPI0002008-2009 (Dkts. 396-48, 397-46). | Sealing requested in full (Dkt. 337 at 36) | The document contains nonpublic, confidential and propriety information of MultiPlan the disclosure of which would adversely affect its business. Wilde Decl. (337-3), ¶¶ 5 (e); 21. | Seal in full. | Disputed. |
| Pls.' Ex. 48 | Plaintiffs' Exhibit 48, Beckstead Crandell Email, MPI0014299-301 (Dkts. 396-49, 397-47). | Sealing requested in full (Dkt. 337 at 36) | The document contains nonpublic, confidential and propriety information of MultiPlan the disclosure of which would adversely affect its business. Wilde Decl. (337-3), ¶¶ 5 (e); 21. | Seal in full. | Disputed. |
| Pls.' Ex. 49 | Plaintiffs' Exhibit 49, printout of United Fee Percentage Data, produced in its native form, UHC000296122 (Dkts. 396-50, 397-48). | Sealing requested in full (Dkt. 337 at 36) | Internal document that contains commercially sensitive proprietary and non-public information that would harm United's business advantage if publicly disclosed, including because it concerns | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | plan sponsors that have an ongoing business relationship with United. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant because some of the clients are still contracted with United.  *See id.* ¶ 7(e). | | |
| Pls.' Ex. 50 | Plaintiffs' Exhibit 50, Shared Savings Fee Revenue, MPI0009603 (Dkt. 396-51, 397-49). | Sealing requested in full (Dkt. 337 at 36) | The document contains nonpublic, confidential and propriety information of MultiPlan, including detailed financial data the disclosure of which would adversely affect its business, including its relationships with clients. Wilde Decl. (337-3), ¶¶ 5 (e); 26. | Seal in full. | Disputed. |
| Pls.' Ex. 52[18] | Plaintiffs' Exhibit 52, 2020 Olson Email, UHC000091861–62 (Dkts. 396-53, 397-50). | Sealing requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document requested | Internal discussion regarding communications with plan sponsors and reflecting commercially sensitive information. Further, the information contained in this document continues to be proprietary and confidential. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, | Portions to redact. | Disputed. |

---

[18] In the first class certification motion, Plaintiffs filed this document as Exhibit U.  Dkt. 171-1 at 3.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | (Dkt. 337 at 36) | and it reflects and is consistent with current practices. *Id.* ¶ 7(e). | | |
| Pls.' Ex. 53[19] | Plaintiffs' Exhibit 53, 2019 Edwards Email, MPI-0009434-9440 (Dkts. 396-54, 397-51). | Sealing requested (Dkt. 170-29 at 2) and granted in full (Dkt. 301 at 11); Sealing requested in full (Dkt. 337 at 36-37) | Includes commercially sensitive discussion regarding UHC's out-of-network offerings to plan sponsors. See Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. The document contains non-public, confidential and propriety information of MultiPlan the disclosure of which would adversely affect its business. Wilde Decl. (337-3), ¶ 17. | Seal in full. | Disputed. |
| Pls.' Ex. 54[20] | Plaintiffs' Exhibit 54, 2018 Lopez Emails, UHC000131783–90 (Dkts. 396-55, 397-52). | Sealing requested (Dkt. 170-29 at 2) and granted in full (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 37) | Contains commercially sensitive internal communications regarding United's proprietary processes and standard operating procedures, including changes to proprietary internal processes that reflect business strategy. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. *See id.* ¶ 7(e). | Portions to redact. | Disputed. |

---

[19] In the first class certification motion, Plaintiffs filed this document as Exhibit T.  Dkt. 171-1 at 3.
[20] In the first class certification motion, Plaintiffs filed this document as Exhibit H.  Dkt. 171-1 at 2.

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Pls.' Ex. 55 | Plaintiffs' Exhibit 55, 2018 IBAAG Emails, UHC000030972–73 (Dkts. 396-56, 397-53).  Additionally, this exhibit is filed as a portion of Exhibit 106 to the Declaration of Geoffrey Sigler (Dkts. 408-6, 416-5). | Sealing requested in full (Dkt. 337 at 37) | Contains commercially sensitive internal communications regarding United's proprietary processes, standard operating procedures, and detailed sensitive internal figures, including changes to proprietary internal processes that reflect business strategy that are not shared publicly and would harm United competitively if disclosed.  *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices.  *See id.* ¶ 7(e). | Seal in full. | Disputed. |
| Pls.' Ex. 56[21] | Plaintiffs' Exhibit 56, 2020 Tunnel Emails, UHC000091543–50 (Dkts. 396-57, 397-54). | Sealing requested (Dkt. 170-29 at 2) and granted in full (Dkt. 301 at 11); Sealing of portions of document requested | Internal discussion regarding the proper pricing for specific claims and reflecting sensitive and proprietary information.  *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  The public disclosure of such information would cause irreparable and immediate harm to United's relationship with one of its clients.  Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the | Portions to redact. | Disputed. |

---

[21] In the first class certification motion, Plaintiffs filed this document as Exhibit O.  Dkt. 171-1 at 3.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | (Dkt. 337 at 37) | document as a whole remains relevant and is consistent with current practices.  *See id.* ¶ 7(e). | | |
| Pls.' Ex. 57 | Plaintiffs' Exhibit 57, Expert Rebuttal Report of Jessica Schmor, dated September 26, 2023, at fn. 10, ¶ 8(3), ¶ 43, ¶ 44, ¶ 88, ¶ 93 (tables); selected redactions to Attachment 4, p. 2 (Dkts. 396-58, 397-55). | N/A | Contains information regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design, methodology, and cross-walking decisions, as well as providing the expert's analysis of issues derived from confidential information concerning the same, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. *See* Smith Sealing Decl. ¶ 15. | Portions to redact. | Disputed. |
| Pls.' Ex. 58 | Plaintiffs' Exhibit 58, Amended Expert Report of Jessica Schmor, dated October 8, 2023, at ¶ 93 (tables), ¶ 96, fn. 4, fn. 5, ¶ 97, ¶ 98 (Dkts. 396-59, 397-56). | N/A | Contains information regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design, methodology, and cross-walking decisions, as well as providing the expert's analysis of issues derived from confidential information concerning the same, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. *See* Smith Sealing Decl. ¶ 16. | | |
| Pls.' Ex. 59 | Plaintiffs' Exhibit 59, List of FAIR Health Benchmarks provided by Defendants' Expert Jessica Schmor without Bates numbers (Dkts. 396-60, 397-57). | N/A | Contains commercially sensitive information involving data obtained pursuant to a use agreement by which MultiPlan is contractually bound. Thus, this information, if disclosed, would place MultiPlan at a commercial and contractual disadvantage. *See* Smith Sealing Decl. ¶ 17. | Seal in full. | Disputed. |
| Pls.' Ex. 60 | Plaintiffs' Exhibit 60, certified transcript of the deposition of Jessica Schmor taken in this matter on October 10, 2023, at 112:24-113:9; 113:20-114:25; 115:13-115:20; 183:5-183:20 (Dkts. 396-61, 397-58). | N/A | Contains testimony regarding highly competitive or commercially sensitive proprietary and non-public information that would harm MultiPlan's business advantage and its business relationships with its payor-clients like United, such as discussions about specific payor-client billing policies. *See* Smith Sealing Decl. ¶ 18(a). | Portions to redact. | Disputed. |
| Pls.' Ex. 60 | Plaintiffs' Exhibit 60, certified transcript of the deposition of Jessica Schmor taken in this matter on October 10, 2023, at 118:21- 119:10; 124:3-124:24; 138:13- 138:19; 140:7- 140:16; 178:10- 178:19; 195:16- 195:21; | N/A | Contains testimony regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 217:13- 220:9; 251:13- 253:3; 255:21-259:2 (Dkts. 396-61, 397-58). | | MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. *See* Smith Sealing Decl. ¶ 18(b). | | |
| Pls.' Ex. 60 | Plaintiffs' Exhibit 60, certified transcript of the deposition of Jessica Schmor taken in this matter on October 10, 2023, at 135:12-137:25; 172:17-173:20; 179:21-180:6; 181:14-182:23; 199:10-200:3; 205:2-205:22;  211:2-212:7; 220:19- 221:9; 250:18- 251:8 (Dkts. 396-61, 397-58). | N/A | Contains testimony regarding highly confidential, proprietary, and commercially sensitive information involving source data purchased by MultiPlan for use in connection with its Viant OPR product pursuant to a data use agreement with specific confidentiality provisions by which MultiPlan is contractually bound. Thus, this information, if disclosed, would place MultiPlan at a commercial and contractual disadvantage. *See* Smith Sealing Decl. ¶ 18(c). | Portions to redact. | Disputed. |
| Pls.' Ex. 60 | Plaintiffs' Exhibit 60, certified transcript of the deposition of Jessica Schmor taken in this matter on October 10, 2023, at 125:5-126:1; 184:24-188:8; 230:7- 233:25; 267:20- 269:16 (Dkts. 396-61, 397-58). | N/A | Contains testimony regarding highly confidential, proprietary, and commercially sensitive information involving source data purchased by MultiPlan for use in connection with its Viant OPR product pursuant to a data use agreement with specific confidentiality provisions by which MultiPlan is contractually bound. Thus, this information, if disclosed, would place MultiPlan at a commercial and contractual | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | disadvantage.<br>Also contains testimony regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. *See* Smith Sealing Decl. ¶ 18(d). | | |
| Pls.' Ex. 60 | Plaintiffs' Exhibit 60, certified transcript of the deposition of Jessica Schmor taken in this matter on October 10, 2023, at 235:11- 239:4; 241:16-242:12 (Dkts. 396-61, 397-58). | N/A | Contains testimony regarding highly competitive or commercially sensitive proprietary and non-public information that would harm MultiPlan's business advantage and its business relationships with clients like United, such as client policies and internal client data. *See* Smith Sealing Decl. ¶ 18(e). | Portions to redact. | Disputed. |
| Pls.' Ex. 60 | Plaintiffs' Exhibit 60, certified transcript of the deposition of Jessica Schmor taken in this matter on October 10, 2023, at 273:2-274:23; 282:21-283:12 (Dkts. 396-61, 397-58). | N/A | Contains testimony regarding highly confidential, proprietary, and commercially sensitive information involving source data purchased by MultiPlan for use in connection with its Viant OPR product and otherwise pursuant to a data use agreement with specific confidentiality provisions by | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | which MultiPlan is contractually bound. Thus, this information, if disclosed, would place MultiPlan at a commercial and contractual disadvantage. *See* Smith Sealing Decl. ¶ 18(f). | | |
| Pls.' Ex. 61 | Plaintiffs' Exhibit 61, certified transcript of the deposition of Daniel P. Kessler taken in this matter on October 6, 2023, at 129:6-11, 198:15-16; 202:22-25; 215:11-18, 216:11-15; 224:2-7, 228:17-19, 247:17-248:15, 249:12-16 (Dkts. 396-62, 397-59) | N/A | Reflects contractual terms and financial terms between United and plan sponsors, and between United and providers, including sensitive and proprietary information that would undermine United's competitive advantage in the marketplace if publicized. *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Pls.' Ex. 61 | Plaintiffs' Exhibit 61, certified transcript of the deposition of Daniel P. Kessler taken in this matter on October 6, 2023, at 92:15-92:22; 93:16-93:24; 94:1-94:17; 98:6-98:16; 100:5-100:10; 106:4-106:14; 106:20-106:23; 165:2-165:6; 188:11-188:25; 189:14-189:21; 190:21-190:22; 215:2-215:24; 216:2-216:15; 216:21-216:24; 251:20-251:25 (Dkts. 396-62, 397-59). | N/A | Contains testimony regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. *See* Smith Sealing Decl. ¶ 19. | Portions to redact. | Disputed. |
| Pls.' Ex. 62 | Plaintiffs' Exhibit 62, Rebuttal Report of Bernard R. Siskin, September 26, | N/A | Contains information regarding highly competitive or commercially sensitive proprietary and non-public information | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 2023, at ¶17:3, ¶22:9 (Dkts. 396-63, 397-60) | | regarding out-of-network program features and processes that would harm United's competitive advantage in the marketplace if publicized. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. | | |
| Pls.' Ex. 62 | Plaintiffs' Exhibit 62, Rebuttal Report of Bernard R. Siskin, September 26, 2023, at ¶¶10, 17, 21, 29, 30, 31, 33, 36, 37, 38, 39, 44, 45, 46, 49, fn. 28-32; p. 20, Table 1; Heading VII(A); Appendix B (December 2009 Report) selected redactions at 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26; November 8, 2016 Letter (selected redactions on pages 1-5) (Dkts. 396-63, 397-60). | N/A | The identified portions of this expert's report detail proprietary and non-public information regarding the Viant OPR methodology and the CMS data and geographic data used within it, the disclosure of which would cause harm to MultiPlan. Also included are descriptions of confidential consulting work performed separately for MultiPlan by this expert. *See* Smith Sealing Decl. ¶ 20. | Portions to redact. | Disputed. |
| Pls.' Ex. 63 | Plaintiffs' Exhibit 63, certified transcript of the deposition of Bernard R. Siskin taken in this matter on October 25, 2023, at 14:1-14:25; 15:1-15:17; 38:20-38:25; 39:1-39:25; 40:1-40:13; 40:24-40:25; 41:1-41:18; 42:1-42:25; 43:1-43:25; 44:18-44:25; 45:1-45:13; 46:1-46:13; 72:1-74:1; 81:1-82:7; 99:21-99:25; 101:17-103:4; 103:11-103:25; 105:4-106:20; 114:4-117:1; 117:12-120:21; 121:22-122:6; 124:3-125:8; 130:10-133:8; 137:23-139:3; 143:2-143:5; 154:10-157:3; 157:23-157:25; 158:3-158:18; 168:4-174:8; 184:5-185:4; 195:3-197:8; | N/A | The identified portions of this expert's deposition discuss the Viant OPR methodology and the non-public OPSAF and geographic data used within it, as well as providing the expert's analysis of issues derived from confidential information drawn from client plans and client directives, the disclosure of which would cause harm both to MultiPlan and such clients. Also included are descriptions of confidential consulting work performed separately for MultiPlan by this expert. *See* Smith Sealing Decl. ¶ 21. | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 202:2-202:6; 203:4-203:10; 227:4-231:1; 235:5-239:3; 239:19-243:24 (Dkts. 396-64, 397-61). | | | | |
| Opposition Brief | Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification, at 10:13-17, 17:23-24 (Dkts. 404, 414-1). | N/A | Reflects contractual terms and financial terms between United and plan sponsors (which can be identified by the citations), including sensitive and proprietary information that would undermine United's competitive advantage in the marketplace if publicized. *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Opposition Brief | Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification, at 19:23-24 (Dkts. 404, 414-1). | N/A | Contains commercially sensitive information regarding specific features of out-of-network programs, including details of how claim reimbursement is calculated. *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. | Portions to redact. | Disputed. |
| Opposition Brief | Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification, at 6:5-9 (Dkts. 404, 414-1). | N/A | Contains details of commercially sensitive proprietary and non-public information regarding MultiPlan's pricing methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. *See* Smith Sealing Decl. ¶ 22. | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Defs.' Ex. 48 | Exhibit 48 to the Declaration of Jeff Schneewind (Dkt. 406), Apple Administrative Services Agreement Excerpts, UHC000007610-7613, UHC000007617-7618, UHC000007621, UHC000007626-7628, UHC000007633, UHC000007730-7736, UHC000007807, UHC000007811-7812, UHC000007873, UHC000296359, UHC000296361-6362, UHC000296625-6632, UHC000296575-6577 (Dkts. 406-1, 415-15). | Sealing requested in full (Dkt. 305 at 3); Sealing tentatively denied (Dkt. 352 at 2-3); Sealing requested in full (Dkt. 355 at 2) | Contains United Defendants' and non-party plan sponsors' confidential business information, including plan sponsor-specific pricing and rate information, performance guarantees, audit procedures, security procedures, proprietary program offerings, indemnification provisions, and dispute resolution mechanisms between United and plan sponsors (including mediation, litigation, and settlement arrangements). Public disclosure of the ASAs and amendments would cause United and the plan sponsors competitive harm—for example, by causing existing plan sponsors to seek to renegotiate longstanding contracts based on provisions negotiated in light of a different plan sponsor's particular needs and business considerations (for United) and interfering with employee retention and recruitment (for plan sponsors). This is true even though portions of the ASAs and amendments are unsigned and/or were executed more than three years ago or concern effective periods from more than three years ago, because such ASAs reflect confidential terms and arrangements carefully negotiated with individual plan sponsors based on each plan sponsor's unique circumstances and business relationships.  Schneewind | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | Sealing Decl. ¶ 14; Dkt. 355-2 (Naomi Canova (Apple) Sealing Decl.) ¶¶ 3-7. | | |
| Defs.' Ex. 49 | Exhibit 49 to the Declaration of Jeff Schneewind (Dkt. 406), CISCO Administrative Services Agreement Excerpts, UHC000209094-9097, UHC000209099- 9102, UHC000209106-9107, UHC000209110, UHC000209120, UHC000209122, UHC000209128, UHC000209130, UHC000209138, UHC000209140, UHC000209148, UHC000209150, UHC000209160, UHC000209162-9163, UHC000209171, UHC000209174, UHC000209190-9192, UHC000209209-9211, UHC000209234-9236, UHC000209259-9262, UHC000209279-9282, UHC000209298-9301, UHC000209320-9324 (Dkts. 406-2, 415-16). | Sealing requested in full (Dkt. 305 at 3); Sealing tentatively denied (Dkt. 352 at 3); Sealing requested in full (Dkt. 355 at 2) | Contains United Defendants' and non-party plan sponsors' confidential business information, including plan sponsor-specific pricing and rate information, performance guarantees, audit procedures, security procedures, proprietary program offerings, indemnification provisions, and dispute resolution mechanisms between United and plan sponsors (including mediation, litigation, and settlement arrangements). Public disclosure of the ASAs and amendments would cause United and the plan sponsors competitive harm—for example, by causing existing plan sponsors to seek to renegotiate longstanding contracts based on provisions negotiated in light of a different plan sponsor's particular needs and business considerations (for United) and interfering with employee retention and recruitment (for plan sponsors). This is true even though portions of the ASAs and amendments are unsigned, contain redlines, and/or were executed more than three years ago or concern effective periods from more than three years ago, because such ASAs reflect confidential terms and arrangements carefully negotiated with individual plan sponsors based on each plan sponsor's unique | Seal in full. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | circumstances and business relationships. Schneewind Sealing Decl. ¶ 15; Scott Floyd (Cisco) Sealing Decl. ¶¶ 5-17. | | |
| Defs.' Ex. 50 | Exhibit 50 to the Declaration of Jeff Schneewind (Dkt. 406), Delta Administrative Services Agreement Excerpts, UHC000212122-124, UHC000212126-127, UHC000212142, UHC000212156, UHC000212157, UHC000212158, UHC000212162, UHC000212447 (Dkts. 406-3, 415-17). | Sealing requested in full (Dkt. 305 at 3); Sealing tentatively denied (Dkt. 352) at 3; Sealing requested in full (Dkt. 355 at 2) | Contains United Defendants' and non-party plan sponsors' confidential business information, including plan sponsor-specific pricing and rate information, performance guarantees, audit procedures, security procedures, proprietary program offerings, indemnification provisions, and dispute resolution mechanisms between United and plan sponsors (including mediation, litigation, and settlement arrangements). Public disclosure of the ASAs and amendments would cause United and the plan sponsors competitive harm—for example, by causing existing plan sponsors to seek to renegotiate longstanding contracts based on provisions negotiated in light of a different plan sponsor's particular needs and business considerations (for United) and interfering with employee retention and recruitment (for plan sponsors). This is true even though portions of the ASAs and amendments were executed more than three years ago or concern effective periods from more than three years ago, because such ASAs reflect confidential terms and arrangements carefully negotiated with individual plan sponsors based on each plan sponsor's unique | Seal in full. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | circumstances and business relationships. Schneewind Sealing Decl. ¶ 16; Janet Brunk (Delta) Sealing Decl. ¶¶ 3-8. | | |
| Defs.' Ex. 51 | Exhibit 51 to the Declaration of Jeff Schneewind (Dkt. 406), General Dynamics Administrative Services Agreement Excerpts, UHC000227766-7767, UHC000227770, UHC000227772-7776, UHC000227778-7782, UHC000227784-7788, UHC000227790-7800, UHC000227823-7826, UHC000227832-7839, UHC000227842, UHC000227845-7856, UHC000227879-7890, UHC000227913-7920, UHC000227924-7926, UHC000227955-7956, UHC000227958, UHC000227962-7978, UHC000228004-8005 (Dkts. 406-4, 415-18). | Sealing requested in full (Dkt. 305 at 3); Sealing tentatively denied (Dkt. 352 at 4); Sealing requested in full (Dkt. 355 at 2) | Contains United Defendants' and non-party plan sponsors' confidential business information, including plan sponsor-specific pricing and rate information, performance guarantees, audit procedures, security procedures, proprietary program offerings, indemnification provisions, and dispute resolution mechanisms between United and plan sponsors (including mediation, litigation, and settlement arrangements). Public disclosure of the ASAs and amendments would cause United and the plan sponsors competitive harm—for example, by causing existing plan sponsors to seek to renegotiate longstanding contracts based on provisions negotiated in light of a different plan sponsor's particular needs and business considerations (for United) and interfering with employee retention and recruitment (for plan sponsors). This is true even though portions of the ASAs and amendments are unsigned, contain redlines, and/or were executed more than three years ago or concern effective periods from more than three years ago, because such ASAs reflect confidential terms and arrangements carefully negotiated with individual plan sponsors | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | based on each plan sponsor's unique circumstances and business relationships. Schneewind Sealing Decl. ¶ 17. | | |
| Defs.' Ex. 52 | Exhibit 52 to the Declaration of Jeff Schneewind (Dkt. 406), JP Morgan Administrative Services Agreement Excerpts, UHC000237792-7795, UHC000237799, UHC000237801, UHC000237806-7807, UHC000237812-7813, UHC000237841, UHC000237845 (Dkts. 406-5, 415-19). | Denied without prejudice (Dkt. 301 at 11); sealing requested in full (Dkt. 305 at 3); sealing granted as to Dkt. 338 version (Dkt. 352 at 4); clarification on Dkt. 352 ruling requested (Dkt. 355 at 4-5) | Contains United Defendants' and non-party plan sponsors' confidential business information, including plan sponsor-specific pricing and rate information, performance guarantees, audit procedures, security procedures, proprietary program offerings, indemnification provisions, and dispute resolution mechanisms between United and plan sponsors (including mediation, litigation, and settlement arrangements). Public disclosure of the ASAs and amendments would cause United and the plan sponsors competitive harm—for example, by causing existing plan sponsors to seek to renegotiate longstanding contracts based on provisions negotiated in light of a different plan sponsor's particular needs and business considerations (for United) and interfering with employee retention and recruitment (for plan sponsors). This is true even though portions of the ASAs and amendments are unsigned, and/or were executed more than three years ago or concern effective periods from more than three years ago, because such ASAs reflect confidential terms and arrangements carefully negotiated with individual plan sponsors based on each | Seal in full. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | plan sponsor's unique circumstances and business relationships.  Schneewind Sealing Decl. ¶ 18. | | |
| Defs.' Ex. 53 | Exhibit 53 to the Declaration of Jeff Schneewind (Dkt. 406), McMaster-Carr Administrative Services Agreement Excerpts, UHC000329635-9639, UHC000329641-9642, UHC000329644-9645, UHC000329650, UHC000329653 (Dkts. 406-6, 415-20). | Sealing requested in full (Dkt. 305 at 3); Sealing tentatively denied (Dkt. 352 at 4-5); Sealing requested in full (Dkt. 355 at 2) | Contains United Defendants' and non-party plan sponsors' confidential business information, including plan sponsor-specific pricing and rate information, performance guarantees, audit procedures, security procedures, proprietary program offerings, indemnification provisions, and dispute resolution mechanisms between United and plan sponsors (including mediation, litigation, and settlement arrangements). Public disclosure of the ASAs and amendments would cause United and the plan sponsors competitive harm—for example, by causing existing plan sponsors to seek to renegotiate longstanding contracts based on provisions negotiated in light of a different plan sponsor's particular needs and business considerations (for United) and interfering with employee retention and recruitment (for plan sponsors). This is true even though portions of the ASAs and amendments are unsigned, contain redlines, and/or were executed more than three years ago or concern effective periods from more than three years ago, because such ASAs reflect confidential terms and arrangements carefully negotiated with individual plan sponsors | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | based on each plan sponsor's unique circumstances and business relationships. Schneewind Sealing Decl. ¶ 19; Dkt. 355-5 (Suseela Marion (McMaster-Carr) Sealing Decl.) ¶¶ 4-11. | | |
| Defs.' Ex. 54 | Exhibit 54 to the Declaration of Jeff Schneewind (Dkt. 406), Nestle Administrative Services Agreement Excerpts, NUSA-UBH-00000001-08, NUSA-UBH-00000016, NUSA-UBH-00000018, NUSA-UBH-00000021, NUSA-UBH-00000025-26, NUSA-UBH-00000035 (Dkts. 406-7, 415-21). | Sealing requested in full (Dkt. 305 at 3); Denied without prejudice (Dkt. 301 at 11); sealing granted as to Dkt. 338 version (Dkt. 352 at 5); clarification on Dkt. 352 ruling requested (Dkt. 355 at 4-5) | Contains United Defendants' and non-party plan sponsors' confidential business information, including plan sponsor-specific pricing and rate information, performance guarantees, audit procedures, security procedures, proprietary program offerings, indemnification provisions, and dispute resolution mechanisms between United and plan sponsors (including mediation, litigation, and settlement arrangements). Public disclosure of the ASAs and amendments would cause United and the plan sponsors competitive harm—for example, by causing existing plan sponsors to seek to renegotiate longstanding contracts based on provisions negotiated in light of a different plan sponsor's particular needs and business considerations (for United) and interfering with employee retention and recruitment (for plan sponsors). This is true even though portions of the ASAs and amendments are unsigned, and/or were executed more than three years ago or concern effective periods from more than three years ago, because such ASAs reflect confidential terms and | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | arrangements carefully negotiated with individual plan sponsors based on each plan sponsor's unique circumstances and business relationships.  Schneewind Sealing Decl. ¶ 20. | | |
| Defs.' Ex. 55 | Exhibit 55 to the Declaration of Jeff Schneewind (Dkt. 406), Oracle Administrative Services Agreement Excerpts, UHC000228032, UHC000228038, UHC000228068-8071, UHC000228074-8077, UHC000297578, UHC000228081, UHC000228083, UHC000297579-7580 (Dkts. 406-8, 415-22). | Sealing requested in full (Dkt. 305 at 3); Sealing tentatively denied (Dkt. 352 at 5); Sealing requested in full (Dkt. 355 at 2) | Contains United Defendants' and non-party plan sponsors' confidential business information, including plan sponsor-specific pricing and rate information, performance guarantees, audit procedures, security procedures, proprietary program offerings, indemnification provisions, and dispute resolution mechanisms between United and plan sponsors (including mediation, litigation, and settlement arrangements). Public disclosure of the ASAs and amendments would cause United and the plan sponsors competitive harm—for example, by causing existing plan sponsors to seek to renegotiate longstanding contracts based on provisions negotiated in light of a different plan sponsor's particular needs and business considerations (for United) and interfering with employee retention and recruitment (for plan sponsors). This is true even though portions of the ASAs and amendments are unsigned, and/or were executed more than three years ago or concern effective periods from more than three years ago, because such ASAs reflect confidential terms and | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | arrangements carefully negotiated with individual plan sponsors based on each plan sponsor's unique circumstances and business relationships.  Schneewind Sealing Decl. ¶ 21; Dkt. 355-6 (Suzanne Hedman (Oracle) Sealing Decl.) ¶¶ 4-10. | | |
| Defs.' Ex. 56 | Exhibit 56 to the Declaration of Jeff Schneewind (Dkt. 406), Raytheon Administrative Services Agreement Excerpts, UHC000258886-8891, UHC000258894-8895, UHC000258906, UHC000258908-8909, UHC000258913-8914, UHC000258925, UHC000258927, UHC000258819-8824, UHC000258827, UHC000258839, UHC000258841-8844, UHC000258846 (Dkts. 406-9, 415-23). | Denied without prejudice (Dkt. 301 at 11); sealing requested in full (Dkt. 305 at 3); sealing granted as to Dkt. 338 version (Dkt. 352 at 6); clarification on Dkt. 352 ruling requested (Dkt. 355 at 4-5) | Contains United Defendants' and non-party plan sponsors' confidential business information, including plan sponsor-specific pricing and rate information, performance guarantees, audit procedures, security procedures, proprietary program offerings, indemnification provisions, and dispute resolution mechanisms between United and plan sponsors (including mediation, litigation, and settlement arrangements). Public disclosure of the ASAs and amendments would cause United and the plan sponsors competitive harm—for example, by causing existing plan sponsors to seek to renegotiate longstanding contracts based on provisions negotiated in light of a different plan sponsor's particular needs and business considerations (for United) and interfering with employee retention and recruitment (for plan sponsors). This is true even though portions of the ASAs and amendments are unsigned, and/or were executed more than three years ago or concern effective periods from more than three years ago, because such ASAs | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | reflect confidential terms and arrangements carefully negotiated with individual plan sponsors based on each plan sponsor's unique circumstances and business relationships.  Schneewind Sealing Decl. ¶ 22; Dkt. 305-8 (Daniel Condon (Raytheon) Sealing Decl.) ¶¶ 4-8. | | |
| Defs.' Ex. 57 | Exhibit 57 to the Declaration of Jeff Schneewind (Dkt. 406), Tesla Administrative Services Agreement Excerpts, UHC000418484-8490, UHC000418501, UHC000418505-8507 (Dkts. 406-10, 415-24). | Sealing requested in full (Dkt. 305 at 3); Sealing tentatively denied (Dkt. 352 at 6); Sealing requested in full (Dkt. 355 at 2) | Contains United Defendants' and non-party plan sponsors' confidential business information, including plan sponsor-specific pricing and rate information, performance guarantees, audit procedures, security procedures, proprietary program offerings, indemnification provisions, and dispute resolution mechanisms between United and plan sponsors (including mediation, litigation, and settlement arrangements). Public disclosure of the ASAs and amendments would cause United and the plan sponsors competitive harm—for example, by causing existing plan sponsors to seek to renegotiate longstanding contracts based on provisions negotiated in light of a different plan sponsor's particular needs and business considerations (for United) and interfering with employee retention and recruitment (for plan sponsors). This is true even though the ASA was not executed and contains redlines and comments, because such ASAs reflect confidential terms and arrangements | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | carefully negotiated with individual plan sponsors based on each plan sponsor's unique circumstances and business relationships. Schneewind Sealing Decl. ¶23; Franchesca Busch (Tesla) Sealing Decl. ¶¶4-10. | | |
| Defs.' Ex. 70 | Exhibit 70 to the Declaration of Rebecca Paradise (Dkt. 407), Frequently Asked Questions Facility Reasonable & Customary Reimbursement Formula Changes, UHC000207874-7875 (Dkts. 407-1, 415-11). | Sealing of portions of document requested (Dkt. 305 at 3) and granted (Dkt. 352 at 6) | Contains commercially sensitive information regarding United's internal discussions about out-of-network programs. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. Further contains specific savings projections and changes to fees charged to customers, which became effective January 1, 2021 and is still operative today. *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Defs.' Ex. 72 | Exhibit 72 to the Declaration of Rebecca Paradise (Dkt. 407), Patient Advocate Department letter, PLD0000001 (Dkts. 407-3, 415-13). | Sealing requested (Dkt. 305 at 3) and granted (Dkt. 352 at 7) | Contains protected health information (PII/PHI). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 73 | Exhibit 73 to the Declaration of Rebecca Paradise (Dkt. 407), Out of Network Programs Q4 2020 Performance Summary, January 2021, UHC000187122, UHC000187128 (Dkts. 407-4, 415-14). | Sealing requested (Dkt. 305 at 3-4) and granted (Dkt. 352 at 7) | Contains proprietary information regarding UHC's out of-network programs' operations, performance, and procedures, detailing specific savings figures and Facility R&C negotiation success rates during the fourth quarter of | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | 2020. *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. | | |
| Defs.' Ex. 101 | Exhibit 101 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 106:17-106:19, 106:21-107:1, 107:4, 107:6-107:16, 107:20-107:25, 108:5 (Dkts. 408-1, 416-1). | Sealing of portions of document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Contains testimony regarding substantive internal discussions regarding arrangements with UHC customers and vendors, specific fee negotiations, strategic discussions about out-of-network program features, as well as testimony reflecting proprietary and competitively sensitive information for current programs and operations that would harm United's business advantage and its business relationships with customers and vendors if disclosed. *See* Categories 1, 2(a) and 2(b), Paradise Renewed Sealing Decl. ¶¶ 5, 7-8. | Portions to redact. | Disputed. |
| Defs.' Ex. 101 | Exhibit 101 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 121:1-122:5, 122:9-122:10, 122:21-122:22, 122:24-122:25, 124:1-124:13, 125:5-125:7, 125:10-125:16, 125:21-125:23, 151:25-152:5, 152:10-152:12, 152:15 (Dkts. 408-1, 416-1). | Sealing of portions of document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Contains testimony regarding commercially sensitive information about United client relationships, fee arrangements with United customers or vendors, and/or proprietary internal processes and standard operating procedures, including proprietary internal processes that reflect business strategy and competitively sensitive information for current programs and operation, which would harm United's business advantage and its business relationships with customers and vendors if disclosed. *See* Categories 1 and 2(a), Paradise Renewed Sealing Decl. ¶¶ 5, 7. | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Defs.' Ex. 101 | Exhibit 101 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 106:17-19; 106:21-107:1; 107:4; 107:6-16; 107:20-108:10; 151:25-152:5 (Dkts. 408-1, 416-1). | Sealing of portions of document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Contains testimony concerning the MultiPlan-United relationship including confidential, proprietary information regarding that relationship, including but not limited to, discussions of contract terms, product and service offerings and strategies, and other business details, as well as certain information concerning Viant OPR methodology and output, the public disclosure of which will cause substantial competitive and other harm to both MultiPlan and United | Portions to redact. | Disputed. |
| Defs.' Ex. 103 | Exhibit 103 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Rebecca Paradise taken in this matter on July 14, 2022, at 11:2-6, 11:15-13:9, 13:12-14, 13:16-25, 14:2-10, 14:12-15:18 (Dkts. 408-3, 416-2). | Sealing of portions of document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships, and proprietary processes. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns United's non-public, sensitive information.  Moreover, the information contained in this document continues to be confidential. *See id.* ¶ 7(e). | Portions to redact. | Disputed. |
| Defs.' Ex. 103 | Exhibit 103 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Rebecca Paradise taken in this matter on July 14, 2022, at 80:13-82:14, 82:16-25 (Dkts. 408-3, 416-2). | Sealing of portions of document requested (Dkt. 215 at 4) and | Contains information about fee arrangements with UHC customers and vendors and commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes. | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | granted (Dkt. 301 at 11) | *See* Category 1 and 2(a), Paradise Renewed Sealing Decl. ¶¶ 5, 7.  Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns United's non-public, sensitive information. Moreover, the information contained in this document continues to be confidential.  *See id.* ¶¶ 5(d), 7(e). | | |
| Defs.' Ex. 103 | Exhibit 103 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Rebecca Paradise taken in this matter on July 14, 2022, at 80:13-82:25 (Dkts. 408-3, 416-2). | Sealing of portions of document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Contains testimony regarding highly competitive or commercially sensitive proprietary and non-public information that would harm MultiPlan's business advantage and its business relationships with its payor-clients like United, such as discussions about specific payor-client billing policies. | Portions to redact. | Disputed. |
| Defs.' Ex. 104 | Exhibit 104 to the Declaration of Geoffrey Sigler (Dkt. 408), certified transcript of the deposition of Ron Luke taken in this matter on September 15, 2023, at 92:9-92:10, 93:11-93:24, 94:19-95:8, 95:9-95:13, 116:18-116:20, 117:12-117:14, 117:16-117:24, 118:3-118:19, 119:9, 120:6-120:7, 120:9-120:17, 120:19-120:22, 121:1-121:5, 121:18-122:15, 122:18-122:20 (Dkts. 408-4, 416-3). | N/A | Contains testimony reflecting confidential contractual terms and financial terms between United and a plan sponsor, which reflects sensitive and proprietary information that would undermine United's competitive advantage in the marketplace if publicized.  *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Defs.' Ex. 104 | Exhibit 104 to the Declaration of Geoffrey Sigler (Dkt. 408), certified | N/A | Contains testimony regarding highly competitive or commercially sensitive | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | transcript of the deposition of Ron Luke taken in this matter on September 15, 2023, at 181:18-181:22, 217:11-217:14, 219:7-219:21, 222:14-222:23, 223:4-223:20 (Dkts. 408-4, 416-3). | | proprietary and non-public information regarding United's contractual arrangements with vendors and customers, and details regarding claims reimbursement, that would harm United's competitive advantage in the marketplace if publicized. *See* Categories 1 and 2(b), Paradise Renewed Sealing Decl. ¶¶ 5, 8. | | |
| Defs.' Ex. 104 | Exhibit 104 to the Declaration of Geoffrey Sigler (Dkt. 408), certified transcript of the deposition of Ron Luke taken in this matter on September 15, 2023, at 46:20-46:25; 47:1-47:25; 75:12-76:1; 109:8-109:25; 114:6-114:19; 181:13-181:25; 182:1-182:9; 184:1-184:25;  193:22-193:25; 194:1-194:16;  203:20-204:24; 205:17-206:23; 222:14-222:23; 223:4-223:20 (Dkts. 408-4, 416-3). | N/A | The identified portions of this expert testimony discuss the Viant OPR methodology and data, client plan documents, as well as providing the expert's analysis of issues derived from confidential information concerning the same, the disclosure of which would cause harm both to MultiPlan and such clients. *See* Smith Sealing Decl. ¶ 23. | Portions to redact. | Disputed. |
| Defs.' Ex. 105 | Exhibit 105 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Jolene Bradley taken in this matter on July 6, 2022, at 229:23-230:12 (Dkts. 408-5, 416-4). | Sealing of portions of document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Contains testimony of a commercially sensitive and proprietary nature regarding UHC proprietary internal processes and standard operating procedures. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. | Portions to redact. | Disputed. |
| Defs.' Ex. 106 | Exhibit 106 to the Declaration of Geoffrey Sigler (Dkt. 408), document introduced as Exhibit 6 to the | Sealing requested in full (Dkt. | Contains commercially sensitive internal communications regarding United's proprietary processes, standard operating | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | deposition of Rebecca Paradise taken in this matter on July 6, 2022, UHC000030972–73 (Dkts. 408-6, 416-5). Additionally, a portion of this exhibit Bates numbered UHC000030972–73 is Plaintiffs' Exhibit 55 (Dkts. 396-56, 397-53). | 215 at 4) and granted (Dkt. 301 at 11) | procedures, and detailed sensitive internal figures, including changes to proprietary internal processes that reflect business strategy that are not shared publicly and would harm United competitively if disclosed. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. *See id.* ¶ 7(e). | | |
| Defs.' Ex. 107 | Exhibit 107 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 116:1-117:7 (Dkts. 408-7, 416-6). | Sealing of portions of document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Contains testimony of a sensitive and proprietary nature regarding substantive internal discussions regarding the pricing of particular claims, or responding to inquiries from plan sponsors, members, or healthcare service providers. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. Though the testimony concerns a document that is more than 3 years old, the document remains relevant and concerns United's non-public, sensitive information. Moreover, the information contained in this document continues to be confidential. *See id.* ¶ 7(e). | Portions to redact. | Disputed. |
| Defs.' Ex. 107 | Exhibit 107 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts | Sealing of portions of | Contains testimony of a sensitive and proprietary nature regarding substantive | Portions to redact. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | from the certified transcript of the deposition of Denise Strait taken in this matter on July 20, 2022, at 127:18-21, 127:23-127:25 (Dkts. 408-7, 416-6). | document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | internal discussions regarding the pricing of particular claims, or responding to inquiries from plan sponsors, members, or healthcare services providers.  *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  Further contains testimony regarding UHC proprietary internal processes and standard operating procedures, including changes to proprietary internal processes that reflect business strategy.  *See id.* | | |
| Defs.' Ex. 109 | Exhibit 109 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on July 18, 2022, at 61:11-61:12, 61:15-61:15, 62:4-62:6, 62:9-62:13, 62:18-62:19, 62:22-62:24, 63:1-63:6, 63:9-63:9, 64:4-64:8, 64:11-64:15, 64:17-64:18, 64:22-65:1, 65:3-65:8, 65:10-65:10, 65:12-66:8, 66:11-66:15, 66:17-66:19, 66:22-67:1, 67:3-67:4, 67:6-67:6, 67:8-67:12, 74:1-74:19, 74:22-74:25, 75:3-75:3, 75:9-75:16, 75:19-75:20, 75:22-75:25, 80:1-80:2, 80:4-80:4, 80:6-80:7, 80:10-80:16, 80:19-81:5, 81:8-81:13, 81:16-81:22, 81:25, 134:1-134:4, 134:11-134:17, 134:20-135:3, 135:17-135:20, 135:23-136:2, 136:4-136:6, 136:16-136:21, 158:1-158:11, 158:13-158:18, 159:18-159:21, 159:23-160:1, 160:3- | Sealing of portions of document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Contains testimony regarding commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. | Portions to redact. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 160:25, 261:3-262:3, 262:6-262:18 (Dkts. 408-9, 419-7). | | | | |
| Defs.' Ex. 109 | Exhibit 109 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on July 18, 2022, at 267:1-267:2, 267:5-267:15, 267:18-267:25, 272:1-272:5, 272:8-272:17, 272:20-227:25, 278:3-278:6, 279:13-279:20, 279:25-281:1, 281:9-281:16, 281:20-281:25 (Dkts. 408-9, 419-7). | Sealing of portions of document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Contains testimony regarding highly competitive or commercially sensitive proprietary and non-public information regarding out-of-network program features and processes that would harm United's business advantage if publicized. *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. | Portions to redact. | Disputed. |
| Defs.' Ex. 109 | Exhibit 109 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on July 18, 2022, at 137:8-137:25, 138:2-138:15, 138:17-139:2, 139:5-139:15, 139:17-139:19, 139:22-139:25, 143:2-143:18, 143:21-143:25, 159:4-159:15, 194:1-194:5, 211:1-211:4, 211:17-212:25, 226:1-226:6, 226:9-228:6, 228:8-228:13, 228:16-228:25, 229:3-229:6, 229:9-229:12, 229:14-229:21, 229:24-230:5, 230:7-230:18, 230:22-230:25, 234:6-234:13, 234:16-234:19, 248:7-248:21, 248:24-248:25, 262:24-262:25 (Dkts. 408-9, 419-7). | Sealing of portions of document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Contains testimony regarding commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices.  *See id.* ¶ 7(e). | Portions to redact. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Defs.' Ex. 109 | Exhibit 109 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Radames Lopez taken in this matter on July 18, 2022, at 143:1-143:14, 158:24-159:18, 159:25-160:12, 211:1-211:4, 226:1-230:14, 248:1-248:25 (Dkts. 408-9, 419-7). | Sealing of portions of document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Contains testimony concerning the MultiPlan-United relationship including confidential, proprietary information regarding that relationship, including but not limited to, discussions of contract terms, product and service offerings and strategies, and other business details, as well as certain information concerning Viant OPR methodology and output, the public disclosure of which will cause substantial competitive and other harm to both MultiPlan and United. | Portions to redact. | Disputed. |
| Defs.' Ex. 110 | Exhibit 110 to the Declaration of Geoffrey Sigler (Dkt. 408), documents introduced as Exhibits 9, 19, and 19 to the deposition of Radames Lopez taken in this matter on July 18, 2022, UHC000008592–93, UHC000022261–71, and UHC000204544–46 (Dkts. 408-10, 416-8) | Sealing of portions of document requested (Dkt. 215 at 4) and granted (Dkt. 352 at 7-8) | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes, including proposed changes to an internal repository of information maintained by United, and specifically referencing particular out-of-network programs and strategy regarding influencing customers' choices between these plans. *See* Categories 2(a) and 2(b)Paradise Renewed Sealing Decl. ¶¶ 7-8. Further, the information contained in this document continues to be proprietary and confidential. While the dates of the documents within this exhibit are more than 3 years old, the documents as a whole remain relevant and are consistent with current practices. *See id.* ¶¶ 7(e), 8(b). | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Defs.' Ex. 111[22] | Exhibit 111 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Sarah Peterson taken in this matter on July 11, 2022, at 57:10-57:19, 87:1-88:25, 107:2-107:18, 122:5-122:25, and 142:1-142:12 (Dkts. 408-11, 416-9). | Sealing of portion of document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes. *See* Category 2, Paradise Renewed Sealing Decl. ¶ 6. | Portions to redact. | Disputed. |
| Defs.' Ex. 111 | Exhibit 111 to the Declaration of Geoffrey Sigler (Dkt. 408), excerpts from the certified transcript of the deposition of Sarah Peterson taken in this matter on July 11, 2022, at 203:6-203:20 and 204:1-205:25 (Dkts. 408-11, 416-9). | Sealing of portion of document requested (Dkt. 215 at 4) and granted (Dkt. 301 at 11) | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7.  Though the testimony concerns a document that is more than 3 years old, the document remains relevant and concerns a non-party's non-public, sensitive information.  Moreover, the information contained in this document continues to be confidential.  *See id.* ¶ 7(e). | Portions to redact. | Disputed. |
| Defs.' Ex. 112 | Exhibit 112 to the Declaration of Geoffrey Sigler (Dkt. 408), document introduced as Exhibit 8 to the deposition of Sarah Peterson taken in this matter on July 11, 2022, UHC000021389–94 (Dkts. 408-12, 416-10). | Sealing of portions of document requested (Dkt. 305 at 3-4) and granted (Dkt. 352 at 8) | Contains commercially sensitive information regarding United's internal discussions about out-of-network programs, including sensitive communications with a plan sponsor about their considerations and United's pricing methodology.  *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. | Portions to redact. | Disputed. |

[22] The Court granted sealing for 57:6-8, 57:10-19, 87:1-88:25, 107:2-18, 122:5-12, 142:1-12, 203:6-20, and 204:1-205:25.  Dkt. 301 at 11.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and is consistent with current practices.  *See id.* ¶ 7(e). | | |
| Defs.' Ex. 119 | Exhibit 119 to the Declaration of Geoffrey Sigler (Dkt. 408), certified transcript of the deposition of Ron Luke taken in this matter on February 15, 2024, at 105:11-106:7, 107:18-107:25, 109:2-109:10 (Dkts. 408-19, 416-11). | N/A | Contains testimony regarding contractual terms and financial terms between United and a plan sponsor, which reflects sensitive and proprietary information that would undermine United's competitive advantage in the marketplace if publicized.  *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Defs.' Ex. 119 | Exhibit 119 to the Declaration of Geoffrey Sigler (Dkt. 408), certified transcript of the deposition of Ron Luke taken in this matter on February 15, 2024, at 37:10; 73:6-73:8; 117:19-117:23; 134:18-134:21 (Dkts. 408-19, 416-11). | N/A | The identified portions of this expert testimony discuss the Viant OPR methodology and data, nonpublic vendor fee information, as well as providing the expert's analysis of issues derived from confidential information concerning the same, the disclosure of which would cause harm both to MultiPlan and such clients. *See* Smith Sealing Decl. ¶ 24. | Portions to redact. | Disputed. |
| Defs.' Ex. 122 | Exhibit 122 to the Declaration of Geoffrey Sigler (Dkt. 408), document titled "APPLE INC.: Analysis of Out-of-Network Program Alternatives," UHC000300171 (Dkts. 408-22, 416-12). | Sealing requested (Dkt. 215 at 4) and granted in | Contains calculations of fees paid to UHC by plan sponsor Apple and commercially sensitive information regarding performance projections for alternative programs that would harm United's business advantage and client | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | full (Dkt. 301 at 11) | relationships if publicly disclosed. *See* Categories 1 and 2(a), Paradise Renewed Sealing Decl. ¶¶ 5, 7. Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document remains confidential and competitively sensitive because some of the clients are still contracted with United. *See id.* ¶¶ 5(d), 7(e). | | |
| Defs.' Ex. 126 | Exhibit 126 to the Declaration of Geoffrey Sigler (Dkt. 408), certified transcript of the deposition of Brian D. Piper taken in this matter on September 11, 2023, at 66:7-66:9, 67:2-8, 192:14-192:17, 192:20, 193:2, 193:4-193:9, 193:21-194:13, 194:15-195:10, 196:6, 196:22, 198:4-198:5, 199:4-199:8, 199:11-199:15, 199:20-199:21, 200:9-200:17, 201:1, 201:23, 304:4, 304:7, 304:14, 304:17 (Dkts. 408-26, 416-14). | N/A | Contains testimony regarding contractual terms and financial terms between United and a plan sponsor, which reflects sensitive and proprietary information that would undermine United's competitive advantage in the marketplace if publicized. *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Defs.' Ex. 126 | Exhibit 126 to the Declaration of Geoffrey Sigler (Dkt. 408), certified transcript of the deposition of Brian D. Piper taken in this matter on September 11, 2023, at 134:24-140:17; 162:1-164:4; 166:18-167:10; 168:15-168:22; 186:7-187:8; 219:9-221:17; 222:7-222:24; 227:13-228:15; 248:2-249:11; 250:10-255:2; 259:1-259:25; 261:1- | N/A | The identified portions of this expert testimony discuss the Viant OPR methodology and data, client plan documents, as well as providing the expert's analysis of issues derived from confidential information concerning the same, the disclosure of which would cause harm both to MultiPlan and such clients. *See* Smith Sealing Decl. ¶ 25. | Portions to redact. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 262:24; 267:19-271:22; 273:9-275:20; 283:1-283:16; 284:11-285:18; 287:15-290:24; 295:1-297:6; 301:10; 301:16-301:21 (Dkts. 408-26, 416-14). | | | | |
| Defs.' Ex. 126 | Exhibit 126 to the Declaration of Geoffrey Sigler (Dkt. 408), certified transcript of the deposition of Brian D. Piper taken in this matter on September 11, 2023, at 134:24-135:2, 135:5, 135:9-136:10, 137:17-137:18, 137:20, 137:23, 138:1, 138:9, 302:11 (Dkts. 408-26, 416-14). | N/A | Contains commercially sensitive information regarding specific features of out-of-network programs, including details of how claim reimbursement is calculated and the timing of changes to reimbursement calculations.  *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. | Portions to redact. | Disputed. |
| Defs.' Ex. 128 | Exhibit 128 to the Declaration of Geoffrey Sigler (Dkt. 408), an email thread produced by UnitedHealthcare Insurance, UHC000070704–10 (Dkts. 408-28, 416-15). | Sealing requested (Dkt. 305 at 3-4) and granted in full (Dkt. 352 at 8) | Contains information about fee arrangements with United customers and commercially sensitive information regarding United's business strategy, client relationships and proprietary processes, including sensitive communications with a plan sponsor about their considerations and United's pricing methodology. *See* Categories 1 and 2(a), Paradise Renewed Sealing Decl. ¶¶ 5, 7.  Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and is consistent with current practices.  *See id.* ¶¶ 5(d), 7(e). | Seal in full. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Defs.' Ex. 129 | Exhibit 129 to the Declaration of Geoffrey Sigler (Dkt. 408), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3449 (Dkts. 408-29, 416-16). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 8-9) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 130 | Exhibit 130 to the Declaration of Geoffrey Sigler (Dkt. 408), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3459 (Dkts. 408-30, 416-17). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 9) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 131 | Exhibit 131 to the Declaration of Geoffrey Sigler (Dkt. 408), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3352 (Dkts. 408-31, 416-18). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 9) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 132 | Exhibit 132 to the Declaration of Geoffrey Sigler (Dkt. 408), transcript by the court reporting service, Veritext, | Sealing requested in full (Dkt. | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; | Seal in full. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | of a call recording separately produced by United Defendants as an audio file bates numbered UBH3461 (Dkts. 408-32, 416-19). | 305 at 3) and granted in full (Dkt. 352 at 9) | Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Defs.' Ex. 133 | Exhibit 133 to the Declaration of Geoffrey Sigler (Dkt. 408), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3462 (Dkts. 408-33, 416-20). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 9) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  See Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 134 | Exhibit 134 to the Declaration of Geoffrey Sigler (Dkt. 408), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3463 (Dkts. 408-34, 416-21). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 10) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  See Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 135 | Exhibit 135 to the Declaration of Geoffrey Sigler (Dkt. 408), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file | Sealing requested (Dkt. 305 at 3) and granted in | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  See Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | bates numbered UBH3465 (Dkts. 408-35, 416-22). | full (Dkt. 352 at 10) | https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Defs.' Ex. 136 | Exhibit 136 to the Declaration of Geoffrey Sigler (Dkt. 408), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3430 (Dkts. 408-36, 416-23). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 10) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 137 | Exhibit 137 to the Declaration of Geoffrey Sigler (Dkt. 408), transcript by the court reporting service, Veritext, of a call recording separately produced by United Defendants as an audio file bates numbered UBH3431 (Dkts. 408-37, 416-24). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 10) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 139 | Exhibit 139 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 0003 to the deposition of named plaintiff BW, Patient Responsibility/Power of Attorney for ERISA and Other Claims/Authorized Representative Status/ Assignment of Benefits/Authorization to Release Medical Records - Revision Dec 2018, | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 10-11) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | PLD0000711-713 (Dkts. 408-39, 416-25). | | | | |
| Defs.' Ex. 140 | Exhibit 140 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 00009 to the deposition of named plaintiff BW, Patient Advocate Department letter, PLD0000001 (Dkts. 408-40, 416-26). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 11) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 143 | Exhibit 143 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 0012 to the deposition of named plaintiff BW, Summit Estate Recovery Invoice, PLTFIRSTPROD0000394-395 (Dkts. 408-43, 416-27). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 11) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 150 | Exhibit 150 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 0010 to the deposition of named plaintiff RH, Viant Patient Advocate letter, August 12, 2019, PLTFIRSTPROD0000984-985 (Dkts. 408-50, 416-29). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 11) | Contains sensitive information regarding medical treatments sought or obtained and the name of a putative class member (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Defs.' Ex. 151 | Exhibit 151 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 0011 to the deposition of named plaintiff RH, Viant Patient Advocate letter, October 17, 2019, PLTFIRSTPROD0000920-921 (Dkts. 408-51, 416-30). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 11) | Contains sensitive information regarding medical treatments sought or obtained and the name of a putative class member (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 152 | Exhibit 152 to the Declaration of Geoffrey Sigler (Dkt. 408), document introduced as Exhibit 12 to the deposition of named Plaintiff RH taken in this matter on June 8, 2022, PLTFIRSTPROD0001014–15 and PLTFIRSTPROD0000978–79 (Dkts. 408-52, 416-31). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 12) | Contains sensitive information regarding medical treatments sought or obtained and the name of a putative class member (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 153 | Exhibit 153 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 0013 to the deposition of named plaintiff RH, Summit Estate Recovery Invoice, PLTFIRSTPROD0000919 (Dkts. 408-53, 416-32). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 12) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Defs.' Ex. 156 | Exhibit 156 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 0007 to the deposition of named plaintiff LD, Viant Patient Advocate letter, August 9, 2019, PLD0001492-1493 (Dkts. 408-56, 416-34). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 12) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 157 | Exhibit 157 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 0009 to the deposition of named plaintiff LD, Summit Estate Recovery Invoice, PLTFIRSTPROD0000901 (Dkts. 408-57, 416-35). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 12) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 158 | Exhibit 158 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 0010 to the deposition of named plaintiff LD, Summit Estate Recovery Receipt Confirmation, November 4, 2019, PLTFIRSTPROD0000484-485 (Dkts. 408-58, 416-36). | Sealing requested (Dkt. 306 at 14) and granted (Dkt. 352 at 12-13) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 159 | Exhibit 159 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 0013 to the deposition of | Sealing requested (Dkt. 305 at | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; | Seal in full. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | named plaintiff LD, Appeal letter, March 23, 2020, PLD0001531-1541 (Dkts. 408-59, 416-37). | 3) and granted in full (Dkt. 352 at 13) | Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Defs.' Ex. 173 | Exhibit 173 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 0002 to the deposition of named plaintiff CJ, Patient Responsibility/Power of Attorney for ERISA and Other Claims/Authorized Representative Status/ Assignment of Benefits/Authorization to Release Medical Records - Revision Dec 2018, PLD0003380-3382 (Dkts. 408-73, 416-42). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 14) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 174 | Exhibit 174 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 0005 to the deposition of named plaintiff CJ, Viant Patient Advocate letter, April 25, 2019, PLTFIRSTPROD0000447 (Dkts. 408-74, 416-43). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 14) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 175 | Exhibit 175 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 0006 to the deposition of named plaintiff CJ, Summit Estate | Sealing requested (Dkt. 305 at 3) and | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | Recovery Invoice, February 3, 2020, PLTFIRSTPROD0000471 (Dkts. 408-75, 416-44). | granted in full (Dkt. 352 at 14) | DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Defs.' Ex. 176 | Exhibit 176 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 0008 to the deposition of named plaintiff CJ, Summit Estate Recovery Receipt Confirmation, December 23, 2020, PLD0003386–3388 (Dkts. 408-76, 416-45). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 14) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 178 | Exhibit 178 to the Declaration of Geoffrey Sigler (Dkt. 408), deposition Exhibit 0010 to the deposition of named plaintiff CJ, Patient Formal Appeal letter, May 14, 2020, UBH000002426 (Dkts. 408-78, 416-46). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 14-15) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 184 | Exhibit 184 to the Declaration of Geoffrey Sigler (Dkt. 408), certified transcript of the deposition of Robert L. Ohsfeldt taken in this matter on September 26, 2022, at 83:7-87:20; 88:18-89:19; 92:2-92:12; 92:15-93:10; 94:2-96:12; 97:15-98:17; 99:2-99:19; | Sealing of portions of document requested (Dkt. 305 at 4-5) and | Contains highly confidential and commercially sensitive information about MultiPlan's proprietary Viant OPR product. The public disclosure of such information would cause immediate and irreparable harm to MultiPlan's business, as well as its relationship with United, one | Portions to redact. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

Case 4:20-cv-02254-YGR   Document 449-1   Filed 08/09/24   Page 109 of 132

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | 107:4-108:16; 113:21-116:17; 118:24-120:4; 122:4-125:4; 128:16-128:19; 128:21-129:23; 133:1-136:1; 161:2-162:24; 163:4-164:6; 198:17-200:13; 203:15-204:25 (Dkts. 408-84, 416-47). | granted (Dkt. 352 at 15-16) | of its clients. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services (Supp. Wilde Decl. (227-4) ¶¶ 7-9). | | |
| Defs.' Ex. 186 | Exhibit 186 to the Declaration of Geoffrey Sigler (Dkt. 408), Patient Formal Appeal letter, May 14, 2020, UBH000002424-2426 (Dkts. 408-86, 416-49). | N/A | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 190 | Exhibit 190 to the Declaration of Geoffrey Sigler (Dkt. 408), A&G Appeal Notes regarding named Plaintiff DB, UBH001019–30 (Dkts. 408-90, 416-51). | N/A | Contains sensitive information regarding medical treatments sought or obtained and the name of a putative class member (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 192 | Exhibit 192 to the Declaration of Geoffrey Sigler (Dkt. 408), documents introduced as Exhibits 4–30 to the deposition of Summit Estate (Joan | Sealing requested (Dkt. 305 at 3) and | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. | Seal in full. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | Borsten) taken in this matter on June 28, 2022 (Dkts. 408-92, 416-52). | granted in full (Dkt. 352 at 16) | DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Defs.' Ex. 193 | Exhibit 193 to the Declaration of Geoffrey Sigler (Dkt. 408), documents introduced as Exhibits 1–7 and 9–14 to the deposition of Summit Estate (Creyna Franco) taken in this matter on June 28, 2022 (Dkts. 408-93, 416-53). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 16-17) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 195 | Exhibit 195 to the Declaration of Geoffrey Sigler (Dkt. 408), certified transcript of the deposition of Brian Piper taken in this matter on February 22, 2024, at 88:2-3, 102:12-102:13, 192:6-7 (Dkts. 408-95, 416-54). | N/A | Contains testimony regarding contractual terms and financial terms between United and a plan sponsor, which reflects sensitive and proprietary information that would undermine United's competitive advantage in the marketplace if publicized. *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5 | Portions to redact. | Disputed. |
| Defs.' Ex. 195 | Exhibit 195 to the Declaration of Geoffrey Sigler (Dkt. 408), certified transcript of the deposition of Brian Piper taken in this matter on February 22, 2024, at 182:18-185:23 (Dkts. 408-95, 416-54). | N/A | The identified portions of this expert testimony discuss the Viant OPR methodology and data, client plan documents, as well as providing the expert's analysis of issues derived from confidential information concerning the same, the disclosure of which would | Portions to redact. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | cause harm both to MultiPlan and such clients. *See* Smith Sealing Decl. ¶ 26. | | |
| Defs.' Ex. 197 | Exhibit 197 to the Declaration of Geoffrey Sigler (Dkt. 408), certified transcript of the deposition of Lamon Willis taken in this matter on February 20, 2024, at 64:7-64:12; 64:21-65:2; 87:6-87:14; 88:9-88:13; 88:18-88:25; 89:16-90:8; 90:20-90:22; 93:11-93:21; 94:2-94:7; 94:21-95:7; 96:5-96:17; 97:14-97:19; 98:3-99:11; 101:14-102:2; 186:22-187:14; 188:11-188:20; 189:1-189:7; 192:1-192:3; 192:8-192:19; 192:24-193:6; 193:17-194:9 (Dkts. 408-97, 416-55). | N/A | Contains testimony regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design, methodology, and cross-walking decisions, as well as providing the expert's analysis of issues derived from confidential information concerning the same, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. *See* Smith Sealing Decl. ¶ 27. | Portions to redact. | Disputed. |
| Defs.' Ex. 199 | Exhibit 199 to the Declaration of Geoffrey Sigler (Dkt. 408), UnitedHealthcare Response letters to Appeal, UHC000002421-2432 (Dkts. 408-99, 416-56). | N/A | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 203 | Exhibit 203 to the Declaration of Geoffrey Sigler (Dkt. 408), United | N/A | Contains sensitive information regarding medical treatments sought or obtained | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | Behavioral Health letter denying Appeal as untimely, UBH000002221-2222 (Dkts. 408-103, 416-57). | | (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Defs.' Ex. 204 | Exhibit 204 to the Declaration of Geoffrey Sigler (Dkt. 408), Summit Estate Recovery Center Appeal letter, March 18, 2020, UBH001652-1656 (Dkts. 408-104, 416-58). | N/A | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 228 | Exhibit 228 to the Declaration of Geoffrey Sigler (Dkt. 408), Union Pacific Railroad Company's Response to Plaintiffs' Subpoena, July 15, 2022, 2:17-22 (Dkts. 408-128, 416-60). | Sealing of portion of document requested (Dkt. 305 at 3-4) and granted (Dkt. 352 at 22-23) | Contains information about fee arrangements with UHC customers and commercially sensitive information regarding United's proprietary out-of-network programs.  *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Defs.' Ex. 228 | Exhibit 228 to the Declaration of Geoffrey Sigler (Dkt. 408), Union Pacific Railroad Company's Response to Plaintiffs' Subpoena, July 15, 2022, 3:8-18 (Dkts. 408-128, 416-60). | Sealing of portion of document requested (Dkt. 305 at 3-4) and | Contains information about fee arrangements with UHC customers.  *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | granted (Dkt. 352 at 23) | | | |
| Defs.' Ex. 228 | Exhibit 228 to the Declaration of Geoffrey Sigler (Dkt. 408), Union Pacific Railroad Company's Response to Plaintiffs' Subpoena, July 15, 2022, 6:3-15 (Dkts. 408-128, 416-60). | Sealing of portion of document requested (Dkt. 305 at 3-4) and granted(Dkt. 352 at 23) | Contains information about fee arrangements with UHC customers and commercially sensitive information regarding United's proprietary out-of-network programs.  *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Defs.' Ex. 228 | Exhibit 228 to the Declaration of Geoffrey Sigler (Dkt. 408), Union Pacific Railroad Company's Response to Plaintiffs' Subpoena, July 15, 2022, 7:1-25 (Dkts. 408-128, 416-60). | Sealing of portion of document requested (Dkt. 305 at 3-4) and granted (Dkt. 352 at 23-24) | Contains information about fee arrangements with UHC customers and commercially sensitive information regarding United's proprietary out-of-network programs.  *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Defs.' Ex. 232 | Exhibit 232 to the Declaration of Geoffrey Sigler (Dkt. 408), UnitedHealthcare letter denying Appeal, December 27, 2019, UHC000004550 (Dkts. 408-132, 416-61). | N/A | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 233 | Exhibit 233 to the Declaration of Geoffrey Sigler (Dkt. 408), UnitedHealthcare Request for | N/A | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; | Seal in full. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | Authorization to Summit Estate Recovery Center, March 27, 2020, UHC000004540-4541 (Dkts. 408-133, 416-62). | | Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Defs.' Ex. 234 | Exhibit 234 to the Declaration of Geoffrey Sigler (Dkt. 408), UnitedHealthcare Request for Authorization to Summit Estate Recovery Center, March 28, 2020, UHC000004600-4601 (Dkts. 408-134, 416-63). | N/A | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Defs.' Ex. 237 | Exhibit 237 to the Declaration of Geoffrey Sigler (Dkt. 408), Responsive Expert Report of Daniel P. Kessler, September 26, 2023, at 7 ¶ 11; 15-16 ¶ 35 & n.44 & Ex. 1; 16 ¶ 36; 21-22 ¶ 48-49 (Dkts. 408-137, 416-64). | N/A | Reflects contractual terms and financial terms between United and plan sponsors, and between United and providers, including sensitive and proprietary information that would undermine United's competitive advantage in the marketplace if publicized.  *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Defs.' Ex. 237 | Exhibit 237 to the Declaration of Geoffrey Sigler (Dkt. 408), Responsive Expert Report of Daniel P. Kessler, dated September 26, 2023, at ¶36 (Dkts. 408-137, 416-64). | N/A | This expert's report contains highly confidential information derived from the use of MultiPlan's proprietary Viant OPR methodology, as well as information concerning United client plan details, the public disclosure of which would cause harm to MultiPlan's and United's | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | respective businesses. *See* Smith Sealing Decl. ¶ 28. | | |
| Crandell Ex. A | Exhibit A to the Declaration of Sean Crandell (Dkt. 409), Viant's Facility Outpatient U&C Review Service Explanation of Methodology, dated June 2009, MPI-0007803-7812 (Dkts. 409-1, 415-2). | Sealing requested (Dkt. 305 at 4) and granted in full (Dkt. 352 at 24-25) | Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology (Wilde Decl. (Dkt. 215-5) ¶¶ 10, 13, 15; Crandell Decl. (Dkt. 211) ¶¶ 13, 25). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Crandell Ex. B | Exhibit B to the Declaration of Sean Crandell (Dkt. 409), Viant's Facility Outpatient U&C Review Service Explanation of Methodology, dated June 2016, MPI-0000488-498 (Dkts. 409-2, 415-3). | Sealing requested (Dkt. 305 at 4) and granted in full (Dkt. 352 at 25-26) | Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology (Wilde Decl. (Dkt. 215-5) ¶¶ 10, 13, 15; Crandell Decl. (Dkt. 211) ¶¶ 13, 25). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. | Seal in full. | Disputed. |
| Crandell Ex. C | Exhibit C to the Declaration of Sean Crandell (Dkt. 409), Viant's Facility U&C Review Outpatient Review | Sealing requested (Dkt. 305 at | Provides a detailed explanation of the proprietary Viant OPR product design and methodology, including how it was | Seal in full. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | (OPR) Module, dated September 2018, MPI-0006010-6018 (Dkts. 409-3, 415-4). | 4) and granted in full (Dkt. 352 at 26) | developed and how it works (Wilde Decl. (Dkt. 215-5) ¶¶ 14, 15; Crandell Decl. (Dkt. 211) ¶¶ 13, 25).  Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. | | |
| Crandell Ex. D | Exhibit D to the Declaration of Sean Crandell (Dkt. 409), Viant Behavioral Outpatient Health - Standard Missing Value Approach, dated February 12, 2015, MPI-0009021-9022 (Dkts. 409-4, 415-5). | Sealing requested (Dkt. 305 at 4) and granted in full (Dkt. 352 at 26-27) | Contains commercially sensitive information describing the various components of Viant's proprietary OPR methodology (Crandell Decl. (Dkt. 211)¶ 43). Internal document from 2015, kept confidential within MultiPlan, that provides information concerning the process by which MultiPlan supplies missing values that are required to price certain outpatient claims. This particular document and the methodology it set forth is proprietary to MultiPlan. Public disclosure of this document, and the proprietary methodology described therein, would allow others to copy MultiPlan's approach, to its commercial and competitive detriment (Wilde Decl. (Dkt. 215-5) ¶ 16).  Further, the information contained in this document continues to be proprietary and confidential. While the date of this | Seal in full. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. | | |
| Crandell Ex. E | Exhibit E to the Declaration of Sean Crandell (Dkt. 409), MultiPlan 2012 Facility Usual & Customary Review Services Presentation, MPI-0008151-8171 (Dkts. 409-5, 415-6). | Sealing requested (Dkt. 305 at 4) and granted in full (Dkt. 352 at 27-28) | Contains commercially sensitive information describing the various components of Viant's proprietary OPR methodology (Crandell Decl. (Dkt. 111) ¶ 64 n.9). Confidential marketing presentation made by MultiPlan to United, which presentation is replete with details about the proprietary Viant OPR methodology and contains sensitive analyses about product design features and reveals client-specific strategy. Presentation materials, like Exhibit E, which is unique to United, are not disseminated publicly. Disclosure of this highly sensitive and proprietary information could not only harm MultiPlan's relationship with United, but also place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost- containment services. (Wilde Decl. (Dkt. 215-5) ¶ 17). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, | Seal in full. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | the document as a whole remains relevant, and it reflects and is consistent with current practices. | | |
| Praxmarer Declaration | Declaration of Kathleen Praxmarer in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification, at ¶¶ 11-13, 15–17 (Dkt. 410). | Sealing of portions of document requested (Dkt. 305 at 4) and granted (Dkt. 352 at 28). | Contains highly detailed, proprietary information regarding the Viant OPR product design and methodology that, if disclosed, could allow others to copy MultiPlan's approach and could undermine MultiPlan's competitive advantage in the marketplace (Wilde Decl. (Dkt. 215-5) ¶¶ 19-21). | Portions to redact. | Disputed. |
| Praxmarer Ex. A | Exhibit A to the Declaration of Kathleen Praxmarer (Dkt. 410), Viant OPR Explanation of Methodology, dated June 2009, MPI-0007803-7812 (Dkts. 410-1, 415-8). | Sealing requested (Dkt. 305 at 4) and granted in full (Dkt. 352 at 28-29) | Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology (Wilde Decl. (Dkt. 215-5) ¶¶ 10, 13, 15; Crandell | Seal in full. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | Decl. (Dkt. 211) ¶¶ 13, 25). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. | | |
| Praxmarer Ex. B | Exhibit B to the Declaration of Kathleen Praxmarer (Dkt. 410), Viant OPR Explanation of Methodology, June 2016, MPI-0000488-498 (Dkts. 410-2, 415-9). | Sealing requested (Dkt. 305 at 4) and granted in full (Dkt. 352 at 29-31) | Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology (Wilde Decl. (Dkt. 215-5) ¶¶ 10, 13, 15; Crandell Decl. (Dkt. 211) ¶¶ 13, 25). Further, the information contained in this document continues to be proprietary and | Seal in full. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. | | |
| Praxmarer Ex. C | Exhibit C to the Declaration of Kathleen Praxmarer (Dkt. 410), Viant OPR Module, or "whitepaper," dated September 2018, MPI-0006010-6018 (Dkts. 410-3, 415-10). | Sealing requested (Dkt. 305 at 4) and granted in full (Dkt. 352 at 31-32) | Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology (Wilde Decl. (Dkt. 215-5) ¶¶ 10, 13, 15; Crandell Decl. (Dkt. 211) ¶¶ 13, 25). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, | Seal in full. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | the document as a whole remains relevant, and it reflects and is consistent with current practices. | | |
| Kessler III | Third Expert Report of Daniel P. Kessler, March 10, 2023, at ¶ 36 (Dkts. 411, 415-25). | N/A | Contains information regarding highly competitive or commercially sensitive proprietary and non-public information regarding out-of-network program features and processes that would harm United's competitive advantage in the marketplace if publicized.  *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. | Portions to redact. | Disputed. |
| Kessler III | Third Expert Report of Daniel P. Kessler, March 10, 2023, at ¶¶ 39-40 & nn. 61-62; ¶66:2-6; ¶¶ 66, 68-70 & nn. 93-95; App'x E (Dkts. 411, 415-25). | N/A | Contains information regarding confidential contractual terms and financial terms between United and a plan sponsor, which reflects sensitive and proprietary information that would undermine United's competitive advantage in the marketplace if publicized.  *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Schmor Rebuttal Report | Rebuttal Expert Report of Jessica Schmor, dated March 13, 2024, at selected redactions to ¶1(c), ¶12, ¶13, ¶21, fn. 42, fn. 43, fn. 44, fn. 45, ¶23, ¶24, fn. 53, fn. 54, ¶48, ¶51, ¶54, fn. 101, fn. 102, ¶55; Attachment 4, pp. 1, 2 (PHI/PII) and 3 (privileged email) (Dkts. 412, 415-26). | N/A | Contains information regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design, methodology, and cross-walking decisions, as well as providing the expert's analysis of issues derived from confidential information concerning the same, the public disclosure of which would cause immediate and | Portions to redact. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. *See* Smith Sealing Decl. ¶ 29. | | |
| Comp. Ex. 10 | Exhibit 10 to the Compendium (Dkt. 413), a true and correct copy of excerpts of business records produced by New Life Treatment Center in response to a subpoena issued by the United Defendants in this action, NEW LIFE 01041–01044 (Dkts. 413-10, 417-1). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 31) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Comp. Ex. 11 | Exhibit 11 to the Compendium (Dkt. 413), a true and correct copy of billing records produced by Northeast Addiction Treatment Center in response to a subpoena issued by the United Defendants in this action on July 19, 2022 without bates numbers (Dkts. 413-11, 417-2). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 31-32) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Comp. Ex. 13 | Exhibit 13 to the Compendium (Dkt. 413), a true and correct copy of billing records produced by Nova Recovery Center in response to a subpoena issued by the United Defendants in this action, | Sealing requested (Dkt. 305 at 3) and granted in | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., | Seal in full. | Disputed. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | CONFIDENTIAL_NRC000001–218 (Dkts. 413-13, 417-3). | full (Dkt. 352 at 32) | available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Comp. Ex. 15 | Exhibit 15 to the Compendium (Dkt. 413), a true and correct copy of billing records produced by Ocean Breeze Recovery Center in response to a subpoena issued by the United Defendants in this action, CONFIDENTIAL_OBR000001–86 (Dkts. 413-15, 417-4). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 32) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Comp. Ex. 18 | Exhibit 18 to the Compendium (Dkt. 413), a true and correct copy of a declaration produced by Ryan Schrier on behalf of Pacific Palms Recovery along with billing records and documents produced by Pacific Palms Recovery in response to a subpoena issued by the United Defendants in this action (Dkts. 413-18, 417-5). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 33) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Comp. Ex. 19 | Exhibit 19 to the Compendium (Dkt. 413), a true and correct copy of billing records produced by Pacific Palms Recovery in response to a subpoena issued by the United Defendants in this action, PPR_LD_UBH00000001–162 (Dkts. 413-19, 417-6). | Sealing requested (Dkt. 305 at 3) and granted (Dkt. 352 at 33) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e- | Seal in full. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Comp. Ex. 22 | Exhibit 22 to the Compendium (Dkt. 413), a true and correct copy of billing records produced by Pathway to Hope in response to a subpoena issued by the United Defendants in this action, CONFIDENTIAL_PTH000001–100 (Dkt. 413-22). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 33) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Comp. Ex. 25 | Exhibit 25 to the Compendium (Dkt. 413), a true and correct copy of billing records from PCI West Lake Center produced in response to a subpoena issued by the United Defendants in this action, documents located within bates numbers PCI 00001–423 (Dkts. 413-25, 417-8). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 34) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Comp. Ex. 29 | Exhibit 29 to the Compendium (Dkt. 413), a true and correct copy of billing records produced by Recovering Champions dba Cape Cod Behavioral Health in response to a subpoena issued by the United Defendants in this action on July 19, 2022 without bates numbers (Dkts. 413-29, 417-9). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 34) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Comp. Ex. 31 | Exhibit 31 to the Compendium (Dkt. 413), a true and correct copy of billing records produced by Royal Life Centers in response to a subpoena issued by the United Defendants in this action on June 1, 2022 without bates numbers (Dkts. 413-31, 417-10). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 34-35) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Comp. Ex. 32 | Exhibit 32 to the Compendium (Dkt. 413), a true and correct copy of billing records produced by Silicon Beach Outpatient Treatment Center in response to a subpoena issued by the United Defendants in this action, SB000001–12, SB00013–15 (Dkts. 413-32, 417-11). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 35) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/.  Further contains competitively sensitive information regarding MultiPlan's confidential contract rates with provider. *See* [MP Decl.]. | Seal in full. | Disputed. |
| Comp. Ex. 35 | Exhibit 35 to the Compendium (Dkt. 413), billing records produced by Stepping Stone of San Diego in response to a subpoena issued by the United Defendants in this action on June 8, 2022 and July 15, 2022 without bates numbers (Dkts. 413-35, 417-12). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 35) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Comp. Ex. 45 | Exhibit 45 to the Compendium (Dkt. 413), a true and correct copy of documents produced by Windmill Wellness Ranch in response to a subpoena issued by the United Defendants in this action without bates numbers (Dkts. 413-45, 417-13). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 36) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/.  Further contains competitively sensitive information regarding MultiPlan's confidential contract rates with provider. *See* [MP Decl.]. | Seal in full. | Disputed. |
| Comp. Ex. 46 | Exhibit 46 to the Compendium (Dkt. 413), a true and correct copy of documents produced by Desert Cove Recovery Center in response to a subpoena issued by the United Defendants in this action, DCR0001-0078 (Dkts. 413-46, 417-14). | Sealing requested (Dkt. 305 at 3) and granted in full (Dkt. 352 at 36) | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII).  *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | Seal in full. | Disputed. |
| Pls.' Ex. 65 | Exhibit 65 to the Declaration of Matthew M. Lavin in Support of Plaintiffs' Reply Brief (Dkt. 426-1), Analysis of Underpayment of HCPCS Code H0015 by United Healthcare Rebuttal of Defendants' Expert Reports by Ron Luke and Brian Piper, May 2, 2024, at ¶¶ 66, 94 (Dkts. 426-2, 427-3). | N/A | Contains commercially sensitive information regarding specific features of out-of-network programs, including details of how claim reimbursement is calculated.  *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. | Portions to redact. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Pls.' Ex. 65 | Exhibit 65 to the Declaration of Matthew M. Lavin in Support of Plaintiffs' Reply Brief (Dkt. 426-1), Analysis of Underpayment of HCPCS Code H0015 by United Healthcare Rebuttal of Defendants' Expert Reports by Ron Luke and Brian Piper, May 2, 2024, at ¶¶ 113; ¶¶ 115-117 (Dkts. 426-2, 427-3). | N/A | Reflects contractual terms and financial terms between United and plan sponsors, including sensitive and proprietary information that would undermine United's competitive advantage in the marketplace if publicized. *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Pls.' Ex. 65 | Exhibit 65 to the Declaration of Matthew M. Lavin in Support of Plaintiffs' Reply Brief (Dkt. 426-1), Analysis of Underpayment of HCPCS Code H0015 by United Healthcare Rebuttal of Defendants' Expert Reports by Ron Luke and Brian Piper, May 2, 2024, at ¶ 128 (Dkts. 426-2, 427-3). | N/A | Contains commercially sensitive information regarding specific features of out-of-network programs, including details of how claim reimbursement is calculated. *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. | Portions to redact. | Disputed. |
| Pls.' Ex. 65 | Exhibit 65 to the Declaration of Matthew M. Lavin in Support of Plaintiffs' Reply Brief (Dkt. 426-1), Analysis of Underpayment of HCPCS Code H0015 by United Healthcare Rebuttal of Defendants' Expert Reports by Ron Luke and Brian Piper, May 2, 2024, at ¶ 138, last bullet (Dkts. 426-2, 427-3). | N/A | Contains commercially sensitive information regarding specific features of out-of-network programs, including details of how claim reimbursement is calculated. *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. | Portions to redact. | Disputed. |
| Pls.' Ex. 65 | Exhibit 65 to the Declaration of Matthew M. Lavin in Support of Plaintiffs' Reply Brief (Dkt. 426-1), Analysis of Underpayment of HCPCS | N/A | Contains sensitive information regarding medical treatments sought or obtained (PHI/PII). *See* Fed. R. Civ. Pro. 5-2; Redacting Sensitive Information, U.S. | Portions to redact. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | Code H0015 by United Healthcare Rebuttal of Defendants' Expert Reports by Ron Luke and Brian Piper, May 2, 2024, at Attachment 7 (Dkts. 426-2, 427-3). | | DISTRICT COURT N. DISTRICT OF CAL., available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/. | | |
| Pls.' Ex. 65 | Exhibit 65 to the Declaration of Matthew M. Lavin in Support of Plaintiffs' Reply Brief (Dkt. 426-1), Analysis of Underpayment of HCPCS Code H0015 by United Healthcare Rebuttal of Defendants' Expert Reports by Ron Luke and Brian Piper, May 2, 2024, at Attachment 8, last row of Figures 8.1-8.6 (Dkts. 426-2, 427-3). | N/A | Reflects contractual terms and financial terms between United and plan sponsors, including sensitive and proprietary information that would undermine United's competitive advantage in the marketplace if publicized. *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Pls.' Ex. 65 | Exhibit 65 to the Declaration of Matthew M. Lavin in Support of Plaintiffs' Reply Brief (Dkt. 426-1), Analysis of Underpayment of HCPCS Code H0015 by United Healthcare Rebuttal of Defendants' Expert Reports by Ron Luke and Brian Piper, May 2, 2024, at Para. 19, 22, 23, 24, 44, 45, 46, 52, 55, 57, 58, 59, 64, 65, 66, 68; fn. 39; p. 33, table; para. 69, 83, 85, 86; p. 40, table; para. 87, 88, 93, 94, 98; p. 47, table; para. 120, 121, 123, 126, 127, 128, 130, 134, 138; Bibliography, pp. 2, 4, 5, 6; Attachment 5; Attachment 6; Attachment 8, Figures 8.1-8.6, redact line 9 on each (Dkts. 426-2, 427-3). | N/A | Contains details of commercially sensitive proprietary and non-public information regarding MultiPlan's pricing methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. *See* Smith Sealing Decl. ¶ 30. | Portions to redact. | Disputed. |

**EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests**

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| Pls.' Ex. 69 | Exhibit 69 to the Declaration of Matthew M. Lavin in Support of Plaintiffs' Reply Brief (Dkt. 426-1), certified transcript of the deposition of Daniel P. Kessler taken in this matter on April 17, 2024, at 149:23-150:1; 166:14-17; 201:3-5; 204:4-205:22, 205:11-205:15, 205:17-18, 206:21-207:9, 207:13-15, 208:13-18, 262:1-6, 262:17-266:12, 268:1-21, 274:5-19, 275:4-6, 275:15-276:1 (Dkts. 426-6, 427-5). | N/A | Reflects contractual terms and financial terms between United and plan sponsors, and between United and providers, including sensitive and proprietary information that would undermine United's competitive advantage in the marketplace if publicized. *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Pls.' Ex. 69 | Exhibit 69 to the Declaration of Matthew M. Lavin in Support of Plaintiffs' Reply Brief (Dkt. 426-1), certified transcript of the deposition of Daniel P. Kessler taken in this matter on April 17, 2024, at 201:3-5, 204:4-205:22, 205:11-205:15, 205:17-18, 206:21-207:9, 207:13-15, 208:13-18, 262:17-266:12, 268:1-21 (Dkts. 426-6, 427-5). | N/A | Reflects contractual terms and financial terms between United and plan sponsors, including sensitive and proprietary information that would undermine United's competitive advantage in the marketplace if publicized. *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact. | Disputed. |
| Pls.' Ex. 69 | Exhibit 69 to the Declaration of Matthew M. Lavin in Support of Plaintiffs' Reply Brief (Dkt. 426-1), certified transcript of the deposition of Daniel P. Kessler taken in this matter on April 17, 2024, at 114:22-117:11 (Dkts. 426-6, 427-5). | N/A | Contains testimony regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place | Portions to redact. | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. *See* Smith Sealing Decl. ¶ 31. | | |
| Pls.' Ex. 70 | Exhibit 70 to the Declaration of Matthew M. Lavin in Support of Plaintiffs' Reply Brief (Dkt. 426-1), certified transcript of the deposition of Jessica Schmor taken in this matter on April 9, 2024, at 92:1- 93:4; 105:25-106:1; 106:11-107:13; 107:18-107:19; 108:6-110:9; 110:15-112:6; 119:6-121:2; 167:1-168:14 (Dkts. 426-7, 427-6). | N/A | Contains testimony regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design, source data, and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. *See* Smith Sealing Decl. ¶ 32. | Portions to redact | Disputed. |
| Defs.' Ex. 241 | Defendants' Exhibit 241, excerpts from the certified transcript of the deposition of Dr. Brian Piper taken in this matter on May 16, 2024, at 107:4-6, 110:11-12, 110:16 (Dkt. 435-5). | N/A | Reflects contractual terms and financial terms between United and plan sponsors, including sensitive and proprietary information that would undermine United's competitive advantage in the marketplace if publicized. *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | Portions to redact | Disputed. |
| Defs.' Ex. 242 | Defendants' Exhibit 242, excerpts from the certified transcript of the deposition of Dr. Ron Luke taken in this matter on May 13, 2024, at 112:4-9 (Dkt. 435-6). | N/A | Reflects contractual terms and financial terms between United and plan sponsors, including sensitive and proprietary information that would undermine | Portions to redact | Disputed. |

EXHIBIT 1 to Omnibus Sealing Stipulation – Chart of Sealing Requests

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Disputed or Undisputed |
|---|---|---|---|---|---|
| | | | United's competitive advantage in the marketplace if publicized. *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. | | |