ERROL J. KING, JR. (*admitted pro hac vice*)
  Errol.King@phelps.com
CRAIG L. CAESAR (*admitted pro hac vice*)
  Craig.Caesar@phelps.com
KATHERINE CICARDO MANNINO (*admitted pro hac vice*)
  Katie.Mannino@phelps.com
TAYLOR J. CROUSILLAC (*admitted pro hac vice*)
  Taylor.Crousillac@phelps.com
BRITTANY HOLT ALEXANDER (*admitted pro hac vice*)
  Brittany.Alexander@phelps.com
**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone:    225.376.0207
Facsimile:    225.381.9197

*Attorneys for Defendant MultiPlan, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LD, DB, BW, RH, and CJ on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED BEHAVIORAL HEALTH, INC., a California Corporation, UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>Defendants. | Case No. 4:20-cv-02254-YGR-JCS<br><br>(Hon. Yvonne Gonzalez Rogers)<br><br>**DECLARATION OF CRAIG L. CAESAR IN SUPPORT OF MULTIPLAN'S REQUESTS IN OMNIBUS SEALING STIPULATION** |

I, CRAIG L. CAESAR, hereby declare and state as follows:

1. I am counsel at Phelps Dunbar LLP, one of the law firms representing MultiPlan, Inc. ("MultiPlan") in this matter, and have been enrolled pro hac vice to act as one of MultiPlan's attorneys.

1

2. I have been a licensed attorney since November 1978. I am a member in good standing of the state bars of Illinois, Louisiana, and Texas, and am also admitted to practice in the federal district courts in those states, as well in the United States Courts of Appeal for the Fourth, Fifth, and Ninth Circuits, as well as the United States Supreme Court.

3. I make this declaration in support of MultiPlan's requests in the Omnibus Sealing Stipulation (the "Omnibus Motion to Seal").[1] The Omnibus Motion to Seal is being presented to the Court pursuant to the Stipulation and Order agreed to by the parties and adopted by the Court. [Dkt. 399]. The Omnibus Motion to Seal addresses portions of the parties' filings in connection with the Renewed Motion for Class Certification [Dkts. 396, 404, 426, 434], including (a) MultiPlan, United, and third-party documents, (b) expert reports, and (c) deposition transcripts. Some of these materials have been the subject of prior Administrative Motions to Seal; others are being presented to the Court for the first time. MultiPlan is seeking to seal and/or redact certain of the materials in order to maintain their confidentiality, as public disclosure of the proprietary information sought to be protected would cause substantial harm both to MultiPlan and its client, United.

4. I make the statements in this declaration based upon my personal knowledge and information acquired during my representation of MultiPlan and involvement in this case, and I would testify truthfully to them if called on to do so.

5. Among the materials that MultiPlan seeks to maintain under seal (either in full or as to certain redacted portions) are deposition transcripts of MultiPlan employees for which Confidentiality Designations have been made and served upon Plaintiffs' counsel. Also included are portions of deposition transcripts of certain United employees, as well as representatives of Summit Estate.

6. In addition, there are several MultiPlan documents which contain confidential, proprietary information which require sealing and/or redaction.

7. Also, there are a number of expert reports and multiple transcripts of the depositions

---

[1] MultiPlan has also this day filed and Administrative Motion in Connection with Omnibus Motion to Seal.

of the experts who created those expert reports that contain and /or discuss confidential, proprietary information of Multiplan and its client, United, as well as licensed third-party information subject to contractual confidentiality provisions.  Such materials also require sealing and/or redaction. MultiPlan's Confidentiality Designations have been previously served on Plaintiffs' counsel.

8.     Public disclosure of the information contained in these materials (or in portions sought to be redacted) will cause irreparable harm to MultiPlan and its client, United, as was shown by the Declaration of Marjorie G. Wilde, Assistant Counsel of MultiPlan, which was previously submitted to the Court [Dkt. 337-3], as well as the Declaration of Emily Smith, Assistant Counsel of MultiPlan, which is also being submitted in support of the Omnibus Motion to Seal.

9.     Ms. Wilde's and Ms. Smith's Declarations provide the requisite substantive support for sealing and/or redaction of the exhibits identified in the Omnibus Motion to Seal.

10.    As noted previously, some of the items included in the Omnibus Motion to Seal have previously been presented to the Court and have been ruled upon; others were presented to the Court in prior sealing motion(s) but have not been ruled on.  These include:

Documents Previously Ruled On:

- Plaintiffs' Exhibit No. 3 (Expert Report of Robert Ohsfeldt, PhD, dated August 15, 2022) – sealing granted [Dkt. 301]
- Plaintiffs' Exhibit No. 6 (Excerpts of 7/12/2022 Deposition of Jacqueline Kienzle) – sealing of portions granted [Dkt. 352]
- Plaintiffs' Exhibit No. 7 (Excerpts of 7/14/2022 Deposition of Sean Crandell) – sealing of portions granted [Dkt. 352]
- Plaintiff's Exhibit No. 10 (7/18/2022 Deposition of Radames Lopez) – sealing of portions granted [Dkt. 301 and Dkt. 352]
- Declaration of Sean Crandell in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification (also Plaintiffs' Exhibit No. 15) – sealing granted [Dkt. 352]
- Plaintiffs' Exhibit No. 37 ("Viant Standard Missing Value Approach" – MPI0008890-91) – sealing granted [Dkt. 352]

- Defendants' Exhibit No. 101 (7/13/2022 Deposition of Rebecca Paradise (excerpts)) – sealing of portions granted [Dkt. 301]
- Defendants' Exhibit No. 103 (7/14/2022 Deposition of Rebecca Paradise (excerpts)) – sealing of portions granted [Dkt. 301]
- Defendants' Exhibit No. 109 (7/18/2022 Deposition of Radames Lopez (excerpts)) – sealing granted [Dkt. 301and Dkt. 352]
- Defendants' Exhibit No. 111 (7/11/2022 Deposition of Sarah Peterson (excerpts)) – sealing granted [Dkt. 301 and Dkt. 352]
- Defendants' Exhibit No. 184 (9/26/2022 Deposition of Robert Ohsfeldt, PhD (excerpts)) – sealing granted [Dkt. 352]
- Declaration of Kathy Praxmarer in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification – sealing grated (as modified by Court) [Dkt. 352]
- Praxmarer Declaration Ex. A ("Viant OPR Explanation of Methodology," June 2009 – MPI0007803-12) – sealing granted [Dkt. 352][2]
- Praxmarer Declaration Ex. B ("Viant Facility Outpatient U&C Review Service Explanation of Methodology," June 2016 – MPI0000488-98) – sealing granted [Dkt. 352][3]
- Praxmarer Declaration Ex. C ("Viant Facility U&C Review OPR Module," September 2018 – MPI0006010-18) – sealing granted [Dkt. 352][4]
- Crandell Declaration Ex. D ("Viant Behavioral Outpatient Health – Standard Missing Value Approach," dated February 12, 2015 – MPI009021-22) – sealing granted [Dkt. 352]
- Crandell Declaration Ex. E ("MultiPlan 2012 Facility Usual & Customary Review Services Presentation" – MPI0008151-71) – sealing previously granted

---

[2] This is the same document as Crandell Declaration Exhibit A and Exhibit 45.

[3] This is the same document as Crandell Declaration Exhibit B and Exhibit 44.

[4] This is the same document as Crandell Declaration Exhibit C.

DECLARATION OF CRAIG L. CAESAR

PD.45794836.1

[Dkt. 352]Compendium

- Ex. 32 - Silicon Beach Outpatient Treatment Center Production – sealing granted [Dkt. 352]
- Compendium Ex. 45 – Windmill Wellness Ranch Production – sealing granted [Dkt. 352]

<u>Documents for Which Sealing And/Or Redaction Previously Sought But Not Yet Ruled On</u>:

- Plaintiff's Exhibit No. 5 (9/26/2022 Deposition of Kathy Praxmarer (excerpts)) – sealing of identified portions sought [*See* Dkt. 337-3, ¶¶ 6, 19 (a) & (b)]
- Plaintiffs' Exhibit No. 26 ("United Healthcare Q# 2016 Performance Initiative for Consideration," December 7, 2016 – MPI0002933-2978, MPI0006509-93, MPI0006894-928) – sealing in full previously sought [*See* Dkt. 337-3, ¶¶ 5 (a), 20]
- Plaintiffs' Exhibit Nos. 28 (MPI0016819-26); 29 (MPI0014879-81); 30 (MPI0016580-85); 31 (MPI0014844-14854); 32 (MPI0015753-55); 33 (MPI0015933-34); 34 (MPI0016593-601); 35 (MPI0016794-97) – privileged documents ordered produced in discovery [Dkts. 266, 301] – sealing in full previously sought [*See* Dkt. 337-3, ¶¶ 5 (b); 21, 22, 23]
- Plaintiffs' Exhibit 43 ("Viant Facility U&C Review Outpatient Review (OPR) Model," June 2016 – MPI0008643-51) – sealing of identified portions previously sought [*See* Dkt. 337-3, ¶¶ 5 (d); 17; *see also* Dkt. 215-5]
- Plaintiff's Exhibit No. 44 ("Viant Facility Outpatient U&C Review Service Explanation of Methodology," June 2016 – MPI0000488-98) – sealing previously sought [*See* Dkt. 337-3, ¶¶ 5 (d); 17; *see also* Dkt. 215-5][5]
- Plaintiff's Exhibit No. 45 ("Viant Facility Outpatient U&C Review Service Explanation of Methodology," June 2009 – MPI0007803-12) – sealing

---

[5] This is the same document as Crandell Declaration Ex. B ("Viant OPR Explanation of Methodology," June 2016 – MPI0000488-98) – sealing ***granted*** [Dkt. 352].

previously sought [*See* Dkt. 337-3, ¶¶ 5 (d); 17; *see also* Dkt. 215-5][6]

- Plaintiffs' Exhibit No. 46 (Beckstead 2018 Mapping E-mail – MPI0012799-800) – sealing in full previously sought [*See* Dkt. 337-3, ¶¶ 5 (e); 25]
- Plaintiffs' Exhibit No. 47 (Crandell Schill E-mails – MPI0002008-09) – sealing in full previously sought [*See* Dkt. 337-3, ¶¶ 5 (e); 21]
- Plaintiffs' Exhibit No. 48 (Beckstead Crandell e-mail – MPI0014299-14301) – sealing in full previously sought [*See* Dkt. 337-3, ¶¶ 5 (e); 21]
- Plaintiffs' Exhibit No. 50 ("Shared Savings Fee Revenue – MPI0009603) – sealing in full previously sought [*See* Dkt. 337-3, ¶¶ 5 (e); 26]
- Plaintiffs' Exhibit No. 53 (Edwards e-mail – MPI09434-440) – sealing in full previously sought [*See* Dkt. 337-3, ¶ 17]

11.   With respect to the above-identified exhibits that fall into the "Documents Previously Ruled On" category, MultiPlan submits that, although they should be included in the Omnibus Motion to Seal, the Court has already determined how they should be treated based on prior supporting declarations submitted[7] and can reaffirm its prior determinations concerning sealing and/or redaction. Such actions are set forth in the proposed order that has been submitted with the Omnibus Motion to Seal, along with summaries of the specific bases for sealing and/or redaction on which the Court relied.

12.   With respect to the above-identified exhibits that fall into the "Documents for Which Sealing and/or Redaction Previously Sought But Not Yet Ruled On" category, the vast majority of those items were submitted in connection with the July 27, 2023 Administrative Motion to File Under Seal in Support of Motion to File Under Seal filed by United Behavioral Health [Dkt. 324] and were supported by the Declaration of Marjorie Wilde [Dkt. 337-3]. In sum, Ms. Wilde makes clear that the information sought to be protected: (a) contains confidential and

---

[6] This is the same document as Crandell Declaration Ex. A ("Viant OPR Explanation of Methodology," June 2009 – MPI0007803-12) – sealing **granted** [Dkt. 352].

[7] *See* Declarations of Marjorie G. Wilde, Senior Counsel of MultiPlan, which were previously submitted to the Court [Dkts. 215-5, 227-4, 265-3, and 337-3], Declarations of Sean Crandell, Vice President of Healthcare Economics for MultiPlan [Dkt. 176-2, 211], as well as declarations from the undersigned [Dkts. 176-1, 265-2, and 298-1].

proprietary MultiPlan business practices and other information the disclosure of which will cause financial and competitive injury to MultiPlan, such as the identified portions of the depositions of MultiPlan employees Sean Crandell, Jacqueline Kienzle, and Kathy Praxmarer; (b) contains highly confidential and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business, placing it at a commercial disadvantage in the highly competitive marketplace for the provision for cost-containment services; (c) contains confidential information concerning MultiPlan's relationship with its client, United; and (d) attorney-client communications and work product which, while disclosed to Plaintiffs' counsel, nevertheless should be shielded from public disclosure.

13. Finally, there are other documents that have not yet been submitted to the Court for review for a determination as to whether they should be sealed/redacted. Most of these are materials that came into existence in connection with Plaintiffs' Renewed Motion for Class Certification, the extensive briefing by the parties concerning that Motion, and the expert reports and related depositions. Such materials contain information that overlaps with that described above, as well as including new confidential and proprietary information that MultiPlan is seeking the Court's assent to shield from public disclosure. These include:

- The Parties' briefing on Plaintiffs' Renewed Motion for Class Certification [Dkts. 396, 397-1; Dkts. 404, 414-1] – sealing of identified portions (*See* Smith Decl., ¶¶ 9, 22)
- Plaintiff's Exhibit No. 1 (RPC Report, dated January 24, 2024) – sealing of identified portions (*See* Smith Decl., ¶ 10)
- Plaintiff's Exhibit No. 4 (Lamon Willis/AAPC Report, dated January 25, 2024) – sealing of identified portions (*See* Smith Decl., ¶ 11)
- Plaintiffs' Exhibit No. 8 (7/28 2022 Rule 30(b)(6) Deposition of Summit Estate (Joan Borsten)) – sealing of identified portions (*See* Smith Decl., ¶ 12)
- Plaintiffs' Exhibit No. 9 (7/6/2022 Deposition of Jolene Bradley) – sealing of identified portions (*See* Smith Decl., ¶ 13)

- Plaintiffs' Exhibit No. 11 (Rule 30(b)(6) Deposition of Summit Estate (Creyna Franco)) – sealing of identified portions (*See* Smith Decl., ¶ 14)
- Plaintiff's Exhibit No. 57 (Jessica Schmor Rebuttal Report, dated September 26, 2023) – sealing of identified portions (*See* Smith Decl., ¶ 15)
- Plaintiffs' Exhibit No. 58 (Jessica Schmor Amended Report, dated October 8, 2023) – sealing of certain portions (*See* Smith Decl., ¶ 16)
- Plaintiffs' Exhibit No. 59 (List of FAIR Health Benchmarks provided by Jessica Schmor) – sealing in full (*See* Smith Decl., ¶ 17)
- Plaintiffs' Exhibit No. 60 (10/10/2023 Deposition of Jessica Schmor) – sealing of certain portions (*See* Smith Decl., ¶ 18)
- Plaintiffs' Exhibit No. 61 (10/6/2023 Deposition of Daniel Kessler, PhD) – sealing of certain portions (*See* Smith Decl., ¶ 19)
- Plaintiffs' Exhibit No. 62 (Bernard Siskin, PhD, Rebuttal Report, dated September 26, 2023) – sealing of certain portions (*See* Smith Decl., ¶ 20)
- Plaintiffs' Exhibit No. 63 (10/25/2023 Deposition of Bernard Siskin, PhD) – sealing of certain portions (*See* Smith Decl., ¶ 21)
- Plaintiffs' Exhibit 65 (listed in Declaration of Matthew Lavin accompanying Plaintiffs' Reply Brief [Dkt. 426-1] – RPC Analysis of Underpayment of HCPCS Code H0015 by UHC Rebuttal, dated May 2, 2024) – sealing of certain portions (*See* Smith Decl., ¶ 30)
- Plaintiffs Exhibit No. 69 (listed in Declaration of Matthew Lavin accompanying Plaintiffs' Reply Brief [Dkt. 426-1] – 4/14/2024 Deposition of Daniel Kessler, PhD) – sealing of certain portions (*See* Smith Decl., ¶ 31)
- Plaintiffs' Exhibit No. 70 (listed in Declaration of Matthew Lavin accompanying Plaintiffs' Reply Brief [Dkt. 426-1] – 4/9/2024 Deposition of Jessica Schmor) – sealing of certain portions (*See* Smith Decl., ¶ 32)
- Defendants' Exhibit No. 104 (9/15/2023 Deposition of Ronald Luke, PhD) – sealing of certain portions (*See* Smith Decl., ¶ 23)

- Defendants' Exhibit No. 119 (2/15/2024 Deposition of Ronald Luke, PhD) – sealing of certain portions (*See* Smith Decl., ¶ 24)
- Defendants' Exhibit No. 126 (9/11/2023 Deposition of Brian Piper, PhD) – sealing of certain portions (*See* Smith Decl., ¶ 25)
- Defendants' Exhibit No. 195 (2/22/2024 Deposition of Brian Piper, PhD) – sealing of certain portions (*See* Smith Decl., ¶ 26)
- Defendants' Exhibit No. 197 (2/20/2024 Deposition of Lamon Willis) – sealing of certain portions (*See* Smith Decl., ¶ 27)
- Defendants' Exhibit No. 237 (Daniel Kessler, PHD, Responsive Report, dated September 26, 2023) – sealing of certain portions (*See* Smith Decl., ¶ 28)
- Rebuttal Expert Report of Jessica Schmor, dated March 13, 2024 – sealing of certain portions (*See* Smith Decl., ¶ 29)

14. All of the items in paragraph 13 will be addressed in the Declaration of Emily Smith, Assistant Counsel of MultiPlan, dated August 9, 2024. In that declaration, Ms. Smith establishes the confidential and proprietary nature of the information contained in those materials, public disclosure of which would cause competitive and commercial harm to MultiPlan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury and the laws of the United States and the State of California that the foregoing statements are true and correct, and that this Declaration was executed on the 9th day of August, 2024, in Morgantown, West Virginia.

/s/ Craig L. Caesar
_____
Craig L. Caesar