1  ERROL J. KING, JR. (admitted pro hac vice)
     Errol.King@phelps.com
2  CRAIG L. CAESAR (admitted pro hac vice)
     Craig.Caesar@phelps.com
3  KATHERINE CICARDO MANNINO (admitted pro hac vice)
     Katie.Mannino@phelps.com
4  TAYLOR J. CROUSILLAC (admitted pro hac vice)
     Taylor.Crousillac@phelps.com
5  BRITTANY H. ALEXANDER (admitted pro hac vice)
     Brittany.Alexander@phelps.com
6  **PHELPS DUNBAR LLP**
   II City Plaza
7  400 Convention Street, Suite 1100
   Baton Rouge, Louisiana 70802
8  Telephone:    225.376.0207
   Facsimile:    225.381.9197
9
   Attorneys for Defendant MultiPlan, Inc.
10
                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
                          OAKLAND DIVISION
13

14  LD, DB, BW, RH and CJ, on behalf of          CASE NO. 4:20-cv-02254-YGR-JCS
    themselves and all others similarly situated,
15                                                **DECLARATION OF EMILY CLAIRE**
                        Plaintiffs,               **SMITH IN SUPPORT OF MULTIPLAN'S**
16                                                **REQUESTS IN OMNIBUS SEALING**
           v.                                     **STIPULATION**
17
18  UNITED BEHAVIORAL HEALTH, a
    California Corporation,
19  UNITEDHEALTHCARE INSURANCE
    COMPANY, a Connecticut Corporation, and
20  MULTIPLAN, INC., a New York corporation,

21                      Defendant.

22

23

24

25

26

27

28

                                              1

I, EMILY CLAIRE SMITH, hereby declare and state as follows:

1.      I am an assistant counsel for MultiPlan, Inc. ("MultiPlan").

2.      In my capacity as an assistant counsel, I have personal knowledge of the general business practices of MultiPlan and its subsidiaries and affiliated entities, including Viant, Inc. ("Viant" or, collectively with MultiPlan, "MultiPlan"), and I have access to and am familiar with the corporate and business records of MultiPlan, which are maintained by MultiPlan in the ordinary course of business.

3.      I make the statements in this Declaration based upon my personal knowledge and information acquired during the ordinary course of my official duties at MultiPlan, and I would testify truthfully to them if called on to do so.

4.      I submit this Declaration pursuant to the Court's Standing Order in Civil Cases, Local Rule 79-5, the parties' Joint Stipulation Modifying Sealing Procedures, and in support of MultiPlan's Requests in Omnibus Sealing Stipulation. The items identified below that have been submitted to the Court should be sealed either in their entirety or redacted in part as explained more fully below.

5.      In the ordinary course of business, MultiPlan uses several methods to protect its highly competitive and commercially sensitive proprietary and non-public information. Along with published internal company confidentiality policies (available in hard copy form and through internal postings accessible by MultiPlan employees), employee training, written employee confidentiality commitments entered into upon initial employment and periodically reaffirmed while employed, restricted access, and the placement of "confidential and proprietary" logos on many of the documents and information in question, MultiPlan strives to ensure that these materials, as well as the information they contain, remain protected from disclosure.

6.      Each of the below-identified items contains or refers to highly confidential, proprietary information involving MultiPlan. Public disclosure of such information would cause immediate and irreparable harm to MultiPlan's business, as well as its relationship with United, one of its clients. In particular, and as more specifically explained below, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services.

2

DECLARATION OF EMILY CLAIRE SMITH IN SUPPORT OF MULTIPLAN'S REQUESTS IN OMNIBUS SEALING STIPULATION

7.      For purposes of the instant filing, MultiPlan has gone through each of the below referenced documents and testimony and MultiPlan's prior confidentiality designations to each of these items (pursuant to the Stipulated Protective Order that agreed to by the parties to this litigation) and has attempted to further limit and narrow the documents and information that MultiPlan now seeks to seal.

8.      Also, for clarity and completeness, some proposed redactions to items like deposition transcripts have been proposed to cover an entire line of questioning. Thus, there may be items like attorney objections and colloquy contained within MultiPlan's proposed redactions, which are not confidential, but their inclusion within the proposed redactions allow for better flow and less of a piecemeal approach to proposed redaction cites. Similarly, for some of the deposition cites, it is not necessarily the answers given by the deponents, but the questions themselves that were asked by the attorneys that contain MultiPlan's confidential information that should be protected.

## I.      PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AND SUPPORTING EXHIBITS

9.      Plaintiffs' Renewed Motion for Class Certification, [Dkts. 396, 397-1], contains references to Confidential Information of MultiPlan that was obtained directly from the confidential documents and materials discussed herein. These limited references and selected portions need to be redacted to reflect MultiPlan's confidentiality designations as to this information. Specifically, Plaintiffs' Renewed Motion should be redacted at pages 8 n.7; 9:2, 10, 14, 16-17; 10:1, 5-6, 24-25, 28; 11:1-11, 18-24; 12:17, 19-22; 13:2-6; 14:9-12; 16:18; 18:9; 25 n.17 on the basis that these portions of the briefing directly reflect details of MultiPlan's privileged documents, commercially sensitive proprietary and non-public information regarding MultiPlan's pricing methodology. This information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. Accordingly, the selected portions Plaintiffs' Renewed Motion for Class Certification should be sealed.

10.      Exhibit 1 to Plaintiffs' Renewed Motion for Class Certification is the expert report of Plaintiffs' experts in this case, RPC (Drs. Luke and Piper), that is dated January 24, 2024. [Dkts. 396-3, 397-2]. There are portions of this expert report that discuss or refer to information that has been

DECLARATION OF EMILY CLAIRE SMITH IN SUPPORT OF MULTIPLAN'S REQUESTS IN OMNIBUS SEALING STIPULATION

designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions of this expert report, including certain attachments, need to be redacted to reflect those designations. In particular, RPC's January 24, 2024 expert report should be redacted as follows p. 8, ¶22; p. 9, ¶¶23-24; p. 19, ¶44; p. 20, ¶¶44-46; p. 22, ¶51, fn. 24; p. 23, ¶ 53; p. 24, ¶55; p. 25, ¶ 58; p. 27, ¶62; p. 28, ¶¶63, 64; p. 29 ¶66, fn. 36; p. 30, chart, ¶67; p. 33, ¶¶77, 79; p. 34, ¶80, chart, ¶81, ¶82; p. 38, ¶¶87, 88; p. 39, ¶88; p. 41, ¶92, chart; p. 44, ¶100; select redactions in Attachment 2: Bibliography, p. 2; Attachment 3; Attachment 4; Attachment 8, Figures 8.1-8.6, redact line 9 on each on that basis that these paragraphs and attachments contain details of commercially sensitive proprietary and non-public information regarding MultiPlan's pricing methodology. the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. Accordingly, the selected portions of Plaintiffs' Exhibit 1 should be sealed.

11.    Exhibit 4 to Plaintiffs' Renewed Motion for Class Certification is the expert report of one of Plaintiffs' experts in this case, Lamon Willis, that is dated January 25, 2024. [Dkts. 396-6, 397-5]. There are portions of this expert report that discuss or refer to information that has been designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions of this expert report need to be redacted to reflect those designations. In particular, Mr. Willis's January 25, 2024 expert report should be redacted at ¶74, ¶75, ¶76, ¶79, and ¶102 on the basis that these paragraphs contain details regarding highly confidential and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. This information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. Accordingly, the selected portions of Plaintiffs' Exhibit 4 should be sealed.

DECLARATION OF EMILY CLAIRE SMITH IN SUPPORT OF MULTIPLAN'S REQUESTS IN OMNIBUS SEALING STIPULATION

PD.46415591.1

12.    Exhibit 8 to Plaintiffs' Renewed Motion for Class Certification is the certified transcript of the 30(b)(6) deposition of Summit Estate (the behavioral health provider that provided IOP services to the named plaintiffs), by its designee Joan Borsten, that took place on July 28, 2022. [Dkts. 396-10, 397-9]. There are portions of this transcript that were designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions need to be redacted to reflect those designations. MultiPlan has designated Ms. Borsten's testimony at 127:4-9; 133:20-134:18; 149:18-25; 153:22-156:21; 160:9-161:4; 200:19-201:3; 287:1-7; 302:3; 303:23-304:17; 305:1-3; 306:22-23; 364:1-4 as needing protection on the basis that the identified portions of Ms. Borsten's deposition contains competitively sensitive information regarding MultiPlan's confidential contract rates with Summit Estate and the Viant OPR methodology that, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. Accordingly, the selected portions of Plaintiffs' Exhibit 8 should be sealed.

13.    Exhibit 9 to Plaintiffs' Renewed Motion for Class Certification is the certified transcript of Jolene Bradley, a representative of United, that took place on July 6, 2022. [Dkts. 396-11, 397-10]. There are portions of this transcript that were designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions need to be redacted to reflect those designations. MultiPlan has designated Ms. Bradley's testimony at 64:7-65:13; 68:22-71:20; 77:3-77:20; 78:2-83:8; 84:10-85:2; 108:1-109:6; 121:10-122:15; 123:25-125:8; 126:20-128:6; 140:18-142:14; 146:8-150:13; 150:15-152:2; 153:9-154:9; 156:7-157:11; 190:13-191:2; 195:11-195:19; 211:21-222:12; 224:3-224:13; and 225:5-225:6 as needing protection on the basis that the identified portions of Ms. Bradley's deposition contains testimony concerning the MultiPlan-United relationship including confidential, proprietary information regarding that relationship, including but not limited to, discussions of contract terms, product and service offerings and strategies, and other business details, as well as certain information concerning Viant OPR methodology and output, the public disclosure of

which will cause substantial competitive and other harm to both MultiPlan and United. Accordingly, the selected portions of Plaintiffs' Exhibit 9 should be sealed.

14.     Exhibit 11 to Plaintiffs' Renewed Motion for Class Certification is the certified transcript of Creyna Franco, a representative of Summit Estate (the behavioral health provider that provided IOP services to the named plaintiffs), that took place on July 28, 2022. [Dkts. 396-13, 397-12]. There are portions of this transcript that were designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions need to be redacted to reflect those designations. MultiPlan has designated Ms. Franco's testimony at 74:10-77:10 as needing protection on the basis that the identified portions of Ms. Franco's deposition contains testimony concerning confidential communications and negotiations between healthcare service provider and MultiPlan personnel, including discussions concerning rates, individual claims, and other details, the public disclosure of which would allow industry participants access to information that could be used to the competitive detriment of MultiPlan. Accordingly, the selected portions of Plaintiffs' Exhibit 11 should be sealed.

15.     Exhibit 57 to Plaintiffs' Renewed Motion for Class Certification is the expert report of one of MultiPlan's experts in this case, Jessica Schmor, that is dated September 26, 2023. [Dkts. 396-58, 397-55]. There are portions of this expert report that discuss or refer to information that has been designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions of this expert report, including certain attachments, need to be redacted to reflect those designations. In particular, Ms. Schmor's September 26, 2023 expert report should be redacted at fn. 10, ¶8(3), ¶43, ¶44, ¶88, ¶93 (tables), and selected redactions to Attachment 4, p. 2 on that basis that these paragraphs and attachments contain information regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design, methodology, and cross-walking decisions, as well as providing Ms. Schmor's analysis of issues derived from confidential information concerning the same, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if

DECLARATION OF EMILY CLAIRE SMITH IN SUPPORT OF MULTIPLAN'S REQUESTS IN OMNIBUS SEALING STIPULATION

PD.46415591.1

disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. Accordingly, the selected portions of Plaintiffs' Exhibit 57 should be sealed.

16.      Exhibit 58 to Plaintiffs' Renewed Motion for Class Certification is an amendment to the expert report of one of MultiPlan's experts in this case, Jessica Schmor, that is dated October 8, 2023. [Dkts. 396-59, 397-56]. There are portions of this amended expert report that discuss or refer to information that has been designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions of this expert report, including certain attachments, need to be redacted to reflect those designations. In particular, Ms. Schmor's October 8, 2023 amendment to her expert report should be redacted at ¶93 (tables), ¶96, fn. 4, fn. 5, ¶97, ¶98, on that basis that these paragraphs and attachments contain information regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design, methodology, and cross-walking decisions, as well as providing Ms. Schmor's analysis of issues derived from confidential information concerning the same, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. Accordingly, the selected portions of Plaintiffs' Exhibit 58 should be sealed.

17.      Exhibit 59 to Plaintiffs' Renewed Motion for Class Certification is list of FAIR Health Benchmarks that were provided to the parties, and designated by MultiPlan as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, by MultiPlan's expert, Jessica Schmor. [Dkts. 396-60, 397-57]. This document should be protected on the basis that it contains commercially sensitive information involving data obtained pursuant to a use agreement with a third-party by which MultiPlan is contractually bound. Thus, this information, if disclosed, would place MultiPlan at a commercial and contractual disadvantage. Accordingly, the selected portions of Plaintiffs' Exhibit 59 should be sealed.

PD.46415591.1

18. <u>Exhibit 60</u> to Plaintiffs' Renewed Motion for Class Certification is the certified transcript of the deposition of one of MultiPlan's experts in this case, Jessica Schmor, that took place on October 10, 2023. [Dkts. 396-61, 397-58]. There are portions of this transcript that were designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions need to be redacted to reflect those designations. MultiPlan's need for confidentiality with respect to the selected portions of Plaintiffs' Exhibit 60 is as follows:

    a. Ms. Schmor's testimony at 112:24-113:9; 113:20-114:25; 115:13-115:20; 183:5-183:20 consists of testimony regarding highly competitive or commercially sensitive proprietary and non-public information that would harm MultiPlan's business advantage and its business relationships with its payor-clients like United, including discussions about specific payor-client billing policies.

    b. Ms. Schmor's testimony at 118:21-119:10; 124:3-124:24; 138:13-138:19; 140:7-140:16; 178:10-178:19; 195:16-195:21; 217:13-220:9; 251:13-253:3; 255:21-259:2 consists of testimony regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services.

    c. Ms. Schmor's testimony at 135:12-137:25; 172:17-173:20; 179:21-180:6; 181:14-182:23; 199:10-200:3; 205:2-205:22; 211:2-212:7; 220:19-221:9; 250:18-251:8 consists of testimony regarding highly confidential, proprietary, and commercially sensitive information involving source data purchased by MultiPlan for use in connection with its Viant OPR product pursuant to a data use agreement with specific confidentiality provisions by which MultiPlan is contractually bound. Thus, this information, if disclosed, would place MultiPlan at a commercial and contractual disadvantage.

8

DECLARATION OF EMILY CLAIRE SMITH IN SUPPORT OF MULTIPLAN'S REQUESTS IN OMNIBUS
SEALING STIPULATION

PD.46415591.1

d. Ms. Schmor's testimony at 125:5-126:1; 184:24-188:8; 230:7-233:25; 267:20-269:16 consists of testimony regarding highly confidential, proprietary, and commercially sensitive information involving source data purchased by MultiPlan for use in connection with its Viant OPR product pursuant to a data use agreement with specific confidentiality provisions by which MultiPlan is contractually bound. Thus, this information, if disclosed, would place MultiPlan at a commercial and contractual disadvantage. These portions also contain testimony regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services.

e. Ms. Schmor's testimony at 235:11-239:4; 241:16-242:12 consists of testimony regarding highly competitive or commercially sensitive proprietary and non-public information that would harm MultiPlan's business advantage and its business relationships with clients like United, such as client policies, and internal client data.

f. Ms. Schmor's testimony at 273:2-274:23; 282:21-283:12 consists of testimony regarding highly confidential, proprietary, and commercially sensitive information involving source data purchased by MultiPlan for use in connection with its Viant OPR product and otherwise pursuant to a data use agreement with specific confidentiality provisions by which MultiPlan is contractually bound. Thus, this information, if disclosed, would place MultiPlan at a commercial and contractual disadvantage.

19. Exhibit 61 to Plaintiffs' Renewed Motion for Class Certification is the certified transcript of the deposition of one of United's experts in this case, Dr. Daniel P. Kessler, that took place on October 6, 2023. [Dkts. 396-62, 397-59]. There are portions of this transcript that were designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected

9

portions need to be redacted to reflect those designations. MultiPlan's need for confidentiality with respect to the selected portions of Plaintiffs' Exhibit 61 is as follows:

      a.   Dr. Kessler's testimony at 92:15-92:22; 93:16-93:24; 94:1-94:17; 98:6-98:16; 100:5-100:10; 106:4-106:14; 106:20-106:23; 165:2-165:6; 188:11-188:25; 189:14-189:21; 190:21-190:22; 215:2-215:24; 216:2-216:15; 216:21-216:24; 251:20-251:25 consists of testimony regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services.

20.    Exhibit 62 to Plaintiffs' Renewed Motion for Class Certification is the expert report of one of MultiPlan's experts in this case, Dr. Bernard Siskin, that is dated September 26, 2023. [Dkts. 396-63, 397-60]. There are portions of this expert report, including in the appendices, that discuss or refer to information that has been designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions of this expert report need to be redacted to reflect those designations. In particular, Dr. Siskin's September 26, 2023 expert report should be redacted at ¶10, ¶17, ¶21, ¶29, ¶30, ¶31, ¶33, ¶36, ¶37, ¶38, ¶39, ¶44, ¶45, ¶46, ¶49, fn. 28-32 and at p. 20, Table 1, Heading VII(A), Appendix B (December 2009 Report) (selected redactions at 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26), and November 8, 2016 Letter (selected redactions on pp. 1-5) on the basis that these portions detail proprietary and non-public information regarding the Viant OPR methodology and the CMS data and geographic data used within it, the disclosure of which would cause harm to MultiPlan.  Also included within these portions are descriptions of confidential consulting work performed separately for MultiPlan (unrelated to this litigation) by Dr. Siskin. Accordingly, the selected portions of Plaintiffs' Exhibit 62 should be sealed.

21.    Exhibit 63 to Plaintiffs' Renewed Motion for Class Certification is the certified transcript of the deposition of one of MultiPlan's experts in this case, Dr. Bernard R. Siskin, that took

place on October 25, 2023. [Dkts. 396-64, 397-61]. There are portions of this transcript that were designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions need to be redacted to reflect those designations. MultiPlan's has designated Dr. Siskin's testimony at 14:1-14:25; 15:1-15:17; 38:20-38:25; 39:1-39:25; 40:1-40:13; 40:24-40:25; 41:1-41:18; 42:1-42:25; 43:1-43:25; 44:18-44:25; 45:1-45:13; 46:1-46:13; 72:1-74:1; 81:1-82:7; 99:21-99:25; 101:17-103:4; 103:11-103:25; 105:4-106:20; 114:4-117:1; 117:12-120:21; 121:22-122:6; 124:3-125:8; 130:10-133:8; 137:23-139:3; 143:2-143:5; 154:10-157:3; 157:23-157:25; 158:3-158:18; 168:4-174:8; 184:5-185:4; 195:3-197:8; 202:2-202:6; 203:4-203:10; 227:4-231:1; 235:5-239:3; 239:19-243:24 as needing protection on the basis that the identified portions of Dr. Siskin's deposition discuss the Viant OPR methodology and the non-public OPSAF and geographic data used within it, as well as providing his analysis of issues derived from confidential information drawn from client plans and client directives, the disclosure of which would cause harm both to MultiPlan and such clients. Also included within these selective portions are descriptions of confidential consulting work performed separately for MultiPlan by Dr. Siskin. Accordingly, the selected portions of Plaintiffs' Exhibit 63 should be sealed.

## II.   DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AND SUPPORTING EXHIBITS

22.     Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification, [Dkts. 404, 414-1], contains references to Confidential Information of MultiPlan that was obtained directly from the confidential documents and materials discussed herein. These limited references and selected portions need to be redacted to reflect MultiPlan's confidentiality designations as to this information. Specifically, Defendants' Opposition should be redacted at page 6:5-9 on the basis that these portions of the briefing reflect details of commercially sensitive proprietary and non-public information regarding MultiPlan's pricing methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for

the provision of cost-containment services. Accordingly, the selected portions of Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification should be sealed.

23. <u>Exhibit 104</u> to the Declaration of Geoffrey Sigler in support of Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification (Dkt. 408) is the certified transcript of the deposition of one of Plaintiffs' experts in this case, Dr. Ron Luke, that took place on September 15, 2023. [Dkts. 408-4, 416-3]. There are portions of this transcript that were designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions need to be redacted to reflect those designations. MultiPlan's has designated Dr. Luke's testimony at 46:20-46:25; 47:1-47:25; 75:12-76:1; 109:8-109:25; 114:6-114:19; 181:13-181:25; 182:1-182:9; 184:1-184:25; 193:22-193:25; 194:1-194:16; 203:20-204:24; 205:17-206:23; 222:14-222:23; 223:4-223:20 as needing protection on the basis that the identified portions of Dr. Luke's deposition discuss the Viant OPR methodology and data, client plan documents, as well as providing Dr. Luke's analysis of issues derived from confidential information concerning the same, the disclosure of which would cause harm both to MultiPlan and such clients.  Accordingly, the selected portions of Exhibit 104 to the Declaration of Geoffrey Sigler should be sealed.

24. <u>Exhibit 119</u> to the Declaration of Geoffrey Sigler in support of Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification (Dkt. 408) is the certified transcript of the deposition of one of Plaintiffs' experts in this case, Dr. Ron Luke, that took place on February 15, 2024. [Dkts. 408-19, 416-11]. There are portions of this transcript that were designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions need to be redacted to reflect those designations. MultiPlan's has designated Dr. Luke's testimony at 37:10; 73:6-73:8; 117:19-117:23; and 134:18-134:21 as needing protection on the basis that the identified portions of Dr. Luke's deposition discuss the Viant OPR methodology and data, as well as providing the Dr. Luke's analysis of issues derived from confidential information concerning the same, the disclosure of which would cause harm both to MultiPlan and such clients. Accordingly, the selected portions of Exhibit 119 to the Declaration of Geoffrey Sigler should be sealed.

25. <u>Exhibit 126</u> to the Declaration of Geoffrey Sigler in support of Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification (Dkt. 408) is the certified transcript of the deposition of one of Plaintiffs' experts in this case, Dr. Brian Piper, that took place on September 11, 2023. [Dkts. 408-26, 416-14]. There are portions of this transcript that were designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions need to be redacted to reflect those designations. MultiPlan's has designated Dr. Piper's testimony at 134:24-140:17; 162:1-164:4; 166:18-167:10; 168:15-168:22; 186:7-187:8; 219:9-221:17; 222:7-222:24; 227:13-228:15; 248:2-249:11; 250:10-255:2; 259:1-259:25; 261:1-262:24; 267:19-271:22; 273:9-275:20; 283:1-283:16; 284:11-285:18; 287:15-290:24; 295:1-297:6; 301:10; 301:16-301:21 as needing protection on the basis that the identified portions of Dr. Piper's deposition discuss the Viant OPR methodology and data, client plan documents, as well as providing the Dr. Piper's analysis of issues derived from confidential information concerning the same, the disclosure of which would cause harm both to MultiPlan and such clients. Accordingly, the selected portions of Exhibit 126 to the Declaration of Geoffrey Sigler should be sealed.

26. <u>Exhibit 195</u> to the Declaration of Geoffrey Sigler in support of Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification (Dkt. 408) is the certified transcript of the deposition of one of Plaintiffs' experts in this case, Dr. Brian Piper, that took place on February 22, 2024. [Dkts. 408-95, 416-54]. There are portions of this transcript that were designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions need to be redacted to reflect those designations. MultiPlan's has designated Dr. Piper's testimony at 182:18-185:23 as needing protection on the basis that the identified portions of Dr. Piper's deposition discuss the Viant OPR methodology and data as well as providing the Dr. Piper's analysis of issues derived from confidential information concerning the same, the disclosure of which would cause harm both to MultiPlan and such clients. Accordingly, the selected portions of Exhibit 195 to the Declaration of Geoffrey Sigler should be sealed.

DECLARATION OF EMILY CLAIRE SMITH IN SUPPORT OF MULTIPLAN'S REQUESTS IN OMNIBUS SEALING STIPULATION

PD.46415591.1

27.   <u>Exhibit 197</u> to the Declaration of Geoffrey Sigler in support of Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification (Dkt. 408) is the certified transcript of the deposition of one of Plaintiffs' experts in this case, Lamon Willis, that took place on February 20, 2024. [Dkts. 408-97, 416-55]. There are portions of this transcript that were designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions need to be redacted to reflect those designations. MultiPlan's has designated Mr. Willis's testimony at 64:7-64:12; 64:21-65:2; 87:6-87:14; 88:9-88:13; 88:18-88:25; 89:16-90:8; 90:20-90:22; 93:11-93:21; 94:2-94:7; 94:21-95:7; 96:5-96:17; 97:14-97:19; 98:3-99:11; 101:14-102:2; 186:22-187:14; 188:11-188:20; 189:1-189:7; 192:1-192:3; 192:8-192:19; 192:24-193:6; 193:17-194:9 as needing protection on the basis that the identified portions of Mr. Willis's deposition discuss highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design, methodology, and cross-walking decisions, as well as providing Mr. Willis's analysis of issues derived from confidential information concerning the same, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. Accordingly, the selected portions of Exhibit 197 to the Declaration of Geoffrey Sigler should be sealed.

28.   <u>Exhibit 237</u> to the Declaration of Geoffrey Sigler in support of Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification (Dkt. 408) is the expert report of one of United's experts in this case, Dr. Daniel Kessler, that is dated September 26, 2023. [Dkts. 408-137, 416-64]. There are portions of this expert report that discuss or refer to information that has been designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions of this expert report, including its attachments, need to be redacted to reflect those designations. In particular, Dr. Kessler's September 26, 2023 expert report should be redacted at ¶36 on the basis that these paragraphs and exhibits contain highly confidential information derived from the use of MultiPlan's proprietary Viant OPR methodology the public disclosure of which would cause

competitive harm to MultiPlan's business. Accordingly, the selected portions of Exhibit 237 to the Declaration of Geoffrey Sigler should be sealed.

29.     The Defendants also attached to their Opposition to Plaintiffs' Renewed Motion for Class an additional expert report of one of MultiPlan's experts in this case, Jessica Schmor, that is dated March 13, 2024. [Dkts. 412, 415-26]. There are portions of this expert report that discuss or refer to information that has been designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions of this expert report, including its attachments and appendices, need to be redacted to reflect those designations. In particular, Ms. Schmor's March 13, 2024 expert report should be redacted at ¶1(c), ¶12, ¶13, ¶21, fn. 42, fn. 43, fn. 44, fn. 45, ¶23, ¶24, fn. 53, fn. 54, ¶48, ¶51, 54, fn. 101, fn. 102, ¶55, and Attachment 4, pp. 1, 2 (PHI/PII) and 3 (privileged email) on the basis that these paragraphs and exhibits contain information regarding highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design, methodology, and cross-walking decisions, as well as providing Ms. Schmor's analysis of issues derived from confidential information concerning the same, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. Accordingly, the selected portions of Ms. Schmor's March 13, 2024 expert report should be sealed.

## III.     PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION AND SUPPORTING EXHIBITS

30.     Exhibit 65 to the Declaration of Matthew Lavin in support of Plaintiffs' Reply Brief (Dkt. 426-1) is the expert report of Plaintiffs' experts in this case, RPC (Drs. Luke and Piper), that is dated May 2, 2024. [Dkts. 426-2, 427-3]. There are portions of this expert report that discuss or refer to information that has been designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions of this expert report, including certain attachments, need to be redacted to reflect those designations. In particular, RPC's May 2, 2024 expert report should

be redacted at ¶19, ¶22, ¶23, ¶24, ¶44, ¶45, ¶46, ¶52, ¶55, ¶57, ¶58, ¶59, ¶60, ¶64, ¶65, ¶66, ¶68; fn. 39; p. 33, table; ¶69, ¶83, ¶85, ¶86; p. 40, table; ¶87, ¶88, ¶93, ¶94, ¶98; p. 47, table; ¶120, ¶121, ¶123, ¶126, ¶127, ¶128, ¶130, ¶134, ¶138; Bibliography, pp. 2, 4, 5, and 6; Attachment 5; Attachment 6; Attachment 8, Figures 8.1-8.6, redact line 9 on each on that basis that these paragraphs and attachments contain details of commercially sensitive proprietary and non-public information regarding MultiPlan's pricing methodology the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. Accordingly, the selected portions of Exhibit 65 to the Declaration of Matthew Lavin should be sealed.

31. Exhibit 69 to the Declaration of Matthew Lavin in support of Plaintiffs' Reply Brief (Dkt. 426-1) is the certified transcript of the deposition of one of United's experts in this case, Dr. Daniel P. Kessler, that took place on April 17, 2024. [Dkts. 426-6, 427-5]. There are portions of this transcript that were designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions need to be redacted to reflect those designations. MultiPlan's has designated Dr. Kessler's testimony at 114:22-117:11 as needing protection on the basis that the identified portions of Dr. Kessler's deposition discuss highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services. Accordingly, the selected portions of Exhibit 69 to the Declaration of Matthew Lavin should be sealed.

32. Exhibit 70 to the Declaration of Matthew Lavin in support of Plaintiffs' Reply Brief (Dkt. 426-1) is the certified transcript of the deposition of one of MultiPlan's experts in this case, Jessica Schmor, that took place on April 9, 2024. [Dkts. 426-7, 427-6]. There are portions of this transcript that were designated by MultiPlan as "CONFIDENTIAL" or "CONFIDENTIAL –

16

ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order that was agreed to by the parties to this litigation, and these selected portions need to be redacted to reflect those designations. MultiPlan's has designated Ms. Schmor's testimony at 92:1-93:4; 105:25-106:1; 106:11-107:13; 107:18-107:19; 108:6-110:9; 110:15-112:6; 119:6-121:2; and 167:1-168:14 as needing protection on the basis that the identified portions of Ms. Schmor's deposition discuss highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design, source data, and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business. In particular, this information, if disclosed, would place MultiPlan at a commercial disadvantage by undermining its role in the highly competitive market for the provision of cost-containment services.  Accordingly, the selected portions of Exhibit 70 to the Declaration of Matthew Lavin should be sealed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury and the laws of the United States and the State of California that the foregoing statements are true and correct to the best of my knowledge, information and belief, and that this Declaration was executed on the 9th day of August 2024, in Quincy, Massachusetts.

*/s/ Emily Claire Smith*
Emily Claire Smith

---

17