LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

GEOFFREY SIGLER (*pro hac vice*)
  gsigler@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:     202.995.8500
Facsimile:   202.467.0539

Attorneys for Defendants
UNITED HEALTHCARE INSURANCE COMPANY
and UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH, and CJ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>　　　　　　Defendants. | Case No. 4:20-cv-02254-YGR<br><br>**DECLARATION OF NON-PARTY TESLA, INC. IN SUPPORT OF OMNIBUS SEALING MOTION** |

DocuSign Envelope ID: FBC119B5-0F74-49E7-981C-C67BC5DBAD3D

I, Franchesca Bush, declare as follows:

1.  I make this declaration in connection with the above-captioned litigation and the omnibus sealing motion regarding Plaintiffs' Renewed Motion for Class Certification. I have personal knowledge of the facts set forth in this Declaration, and, if called as a witness, could and would testify competently to such facts under oath.

2.  I am employed as Benefits Manager at Tesla, Inc ("Tesla"). I have been employed by Tesla in this role since February 5, 2024. In my current role, I am responsible for the administration of all health and wellness programs, related vendor relationships, and plan design implementation.

3.  I understand that excerpts of the Administrative Services Agreement ("ASA") and amendments between UnitedHealthcare ("UHC" or "United") and Tesla were filed with the Court in this case as Exhibit 25 to the Declaration of Matt Lavin in support of Plaintiffs' Renewed Motion for Class Certification (Dkt 397-24) ("Plaintiffs' Exhibit 25") and Exhibit 57 to the Declaration of Jeff Schneewind in Support of Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification (Dkt. 415-24) ("Defendants' Exhibit 57"). I have reviewed those excerpts and I am submitting this declaration to support sealing of this ASA and amendments.

4.  These documents consist of a draft ASA between Tesla and United entity(ies) with an effective date of January 1, 2018. Tesla was a plan sponsor between January 2018 and December 2021. Though Tesla's ASA in Plaintiffs' Exhibit 25 and Defendants' Exhibit 57 was not executed and contains redlines and comments, it remains sensitive for several reasons, detailed below. The fact that an ASA lacks a signature does not negate the sensitivity of the ASA or change the harm that would result to United or a plan sponsor if the ASA were publicly disclosed.

5.  Over the years, Tesla vigorously negotiated its contracts with United before it stopped using United's services, such that Tesla's ASA contains unique provisions in addition to all of the sensitive types of information typically found in ASAs (e.g., pricing and rate information, performance guarantees, security procedures and proprietary program offerings).

6.  Tesla keeps the ASA and its amendments confidential and does not share the ASA outside of its business relationship with United. Tesla also takes steps to protect the ASA and

amendments from third-party disclosure.  This is because Tesla views the ASA and amendments as its confidential and proprietary business information.  Therefore, public disclosure of Tesla's confidential business information in the ASAs would cause Tesla competitive harm, regardless of when the ASA was originally executed.  The paragraphs that follow detail specific examples of the competitive harm that Tesla would suffer if the ASA and amendments were publicly disclosed.

7. Tesla competes with other companies to hire employees based on its health coverage and other benefits.  If the ASA's confidential terms were publicly disclosed, it would allow Tesla's competitors to gain valuable insights into Tesla's confidential benefits program strategies, which in turn could have a negative impact on Tesla's efforts to recruit and retain employees.  For example, Tesla's competitors could uncover information about Tesla's benefits offerings that it would not otherwise have access to and use that information to compete with Tesla's offerings in an effort to recruit employees.

8. Public disclosure of Tesla's ASA and amendments would also harm Tesla's efforts to competitively bid and contract with claims administrators.  For example, public disclosure of Tesla's ASAs would allow UHC's competitors to gain an unfair insight into what UHC has agreed to provide and its compensation terms for these services.  Specifically, Tesla's ASA and amendments contain sensitive information about UHC's monthly administrative services and charges, optional additional services and charges, and UHC's performance standards and Tesla's evaluation of those standards.  Showing these terms to UHC's competitors, through a public filing, would allow these competitors to tailor their bids in ways that undermine this process.

9. Public disclosure of the ASA and amendments would also cause competitive harm to Tesla by revealing Tesla's sensitive financial information and business arrangements.  What Tesla pays UHC for its plan administration services, including the component parts of those administration services, and the other terms of condition of this relationship, are significant from a financial perspective and therefore significant to Tesla's overall business.  Moreover, even if the underlying fees or payment amounts change, the component parts that describe the contracted-for services often do not change from year to year.

10. For the reasons mentioned above, the ASA and amendment excerpted in Plaintiffs' Exhibit 25 and Defendants' Exhibit 57 contain competitively sensitive, proprietary information that would harm Tesla if publicly disclosed, regardless of the ASA's or amendment's age.

1  I declare under penalty of perjury that the foregoing is true and correct.

DocuSigned by:

*Franchesca Bush*

D930F0522199439...

Franchesca Bush

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED: June 24, 2024                          GIBSON, DUNN & CRUTCHER LLP

                                              By:    */s/ Geoffrey Sigler*
                                                      Geoffrey Sigler