LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

GEOFFREY SIGLER (*pro hac vice*)
  gsigler@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:    202.995.8500
Facsimile:   202.467.0539

Attorneys for Defendants
UNITED HEALTHCARE INSURANCE COMPANY
and UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH, and CJ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>Defendants. | Case No. 4:20-cv-02254-YGR<br><br>**DECLARATION OF NON-PARTY DELTA AIR LINES, INC. IN SUPPORT OF OMNIBUS SEALING MOTION** |

I, Janet Brunk, declare as follows:

1. I make this declaration in connection with the above-captioned litigation and the omnibus sealing motion regarding Plaintiffs' Renewed Motion for Class Certification. I have personal knowledge of the facts set forth in this Declaration, and, if called as a witness, could and would testify competently to such facts under oath.

2. I am employed as Director of Global Benefits at Delta Air Lines, Inc. I have been employed by Delta in this role since April 2, 2023; prior to that time, I was the General Manager, Health and Welfare Plans, which position I held since 2019. In my current role, I am responsible for the planning, operations and employee engagement for Delta's health benefits, which includes responsibility for compliance and vendor management.

3. I understand that excerpts of the Administrative Services Agreement ("ASA") and amendments between UnitedHealthcare ("UHC" or "United") and Delta Air Lines, Inc. were filed with the Court in this case as Exhibit 50 to the Declaration of Jeff Schneewind in Support of Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification (Dkt. 415-17) ("Exhibit 50"). I have reviewed those excerpts and I am submitting this declaration to support sealing of this ASA and amendments. Although the ASA was first entered into in 2001, it remains in effect and commercially sensitive today. Moreover, although Exhibit 50 contains only excerpts of the ASA, I am aware that the full version was signed by Delta and United, although those signature pages are not contained within the excerpts filed with the Court.

4. Delta has been a United customer since 2001 and over the years, has carefully negotiated its contracts with United to ensure it is providing the best benefits offerings possible to its employees. Delta has also hired benefits consultants to advise on the customized terms and conditions within the ASA. As explained in my previous declarations at Dkt. 305-5 and Dkt. 355-4, Delta keeps the ASA and its amendments confidential. Delta does not share the ASA outside of its business relationship with United. Delta also takes steps to protect the ASA and amendments from third-party disclosure. This is because Delta views the ASA and amendments as its confidential and proprietary business information. Therefore, public disclosure of Delta's confidential business

Gibson, Dunn & Crutcher LLP

2
DECLARATION OF NON-PARTY DELTA AIR LINES, INC. IN SUPPORT OF JOINT OMNIBUS SEALING STIPULATION - CASE NO. 4:20-CV-2254-YGR

information in the ASAs would cause Delta competitive harm, regardless of when the ASA was originally executed. The paragraphs that follow detail specific examples of the competitive harm that Delta would suffer if the ASA and amendments were publicly disclosed.

5. Delta competes with other companies to hire employees based on its health coverage and other benefits. If the ASA's confidential terms were publicly disclosed, it would allow Delta's competitors to gain valuable insights into Delta's confidential benefits program strategies, which in turn could have a negative impact on Delta's efforts to recruit and retain employees. For example, Delta's competitors could uncover information about Delta's benefits offerings that it would not otherwise have access to and use that information to compete with Delta's offerings in an effort to recruit employees.

6. Public disclosure of Delta's ASA and amendments would also harm Delta's efforts to competitively bid and contract with claims administrators. For example, public disclosure of Delta's ASAs would allow UHC's competitors to gain an unfair insight into what UHC has agreed to provide and its compensation terms for these services. Specifically, Delta's ASA and amendments contain sensitive information about UHC's monthly administrative services and charges, optional additional services and charges, and UHC's performance standards and Delta's evaluation of those standards. Showing these terms to UHC's competitors, through a public filing, would allow these competitors to tailor their bids in ways that undermine this process.

7. Public disclosure of the ASA and amendments would also cause competitive harm to Delta by revealing Delta's sensitive financial information and business arrangements. What Delta pays UHC for its plan administration services, including the component parts of those administration services, and the other terms of condition of this relationship, are significant from a financial perspective and therefore significant to Delta's overall business. Moreover, even if the underlying fees or payment amounts change, the component parts that describe the contracted-for services often do not change from year to year.

8. For the reasons mentioned above, the ASA and amendment excerpted in Exhibit 50 contain competitively sensitive, proprietary information that would harm Delta if publicly disclosed, regardless of the ASA's or amendment's age.

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF NON-PARTY DELTA AIR LINES, INC. IN SUPPORT OF JOINT OMNIBUS SEALING STIPULATION - CASE NO. 4:20-CV-2254-YGR

1  I declare under penalty of perjury that the foregoing is true and correct.

*Janet Brunk*
Janet Brunk

Gibson, Dunn & Crutcher LLP

4
DECLARATION OF NON-PARTY DELTA AIR LINES, INC. IN SUPPORT OF JOINT OMNIBUS SEALING STIPULATION - CASE NO. 4:20-CV-2254-YGR

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED: June 24, 2024                GIBSON, DUNN & CRUTCHER LLP

                                    By:   */s/ Geoffrey Sigler*
                                              Geoffrey Sigler