Matthew M. Lavin (pro hac vice)
matt.lavin@agg.com
**Arnall Golden Gregory LLP**
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone:    202.677.4030
Facsimile:    202.677.4031

David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
**DL Law Group**
345 Franklin St.
San Francisco, CA 94102
Telephone:    415.678.5050
Facsimile:    415.358.8484

*Attorneys for Plaintiffs and Putative Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| LD, et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>United Behavioral Health, Inc., et al.,<br><br>          Defendants. | Case No.: 4:20-cv-02254-YGR<br><br>**Declaration of Nicole Wemhoff in Support of Plaintiffs' Opposition to Defendants' Motion Re: Disputed Sealing Requests** |

1

Pursuant to Civil Local Rule 79-5, I, Nicole E. Wemhoff, declare as follows:

1.      I am an attorney at Arnall Golden Gregory LLP, which is counsel of record for Plaintiffs LD, *et al*., in the above captioned case. I submit this Declaration in support of the Plaintiffs' Opposition to Defendants' Sealing Requests.  I have personal knowledge of the facts set forth in this Declaration, and if called as witness, could and would testify competently to such facts under oath:

2.      Following the Court's decision to grant in part and deny in part, without prejudice, Defendants' Motion to Seal on March 31, 2023, the parties have engaged in numerous meet and confers and email exchanges regarding the sealing of documents in order to streamline this process and ensure that confidential information was appropriately sealed.

3.      While United and MultiPlan (collectively, "Defendants") agreed to narrow some of their redactions, such as generic references to shared savings fees, the existence of the shared savings program, and the APC that has been used to crosswalk the claims at issue in this case, they continue to maintain that large portions of the record are confidential and must be kept under seal.

4.       Defendants have stated, among other reasons, that the materials in dispute are confidential because:

a.  The document(s) contains nonpublic, confidential and propriety information of MultiPlan, the disclosure of which would adversely affect its business;

b.  Internal document(s) that contains commercially sensitive, proprietary and non-public information that would harm United's business advantage, if publicly disclosed (*e.g.*, the information concerns plan sponsors that have an ongoing business relationship with United);

c.  Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and

Declaration of Nicole Wemhoff in Support of Plaintiffs'
Opposition to Defendants' Motion Re: Disputed Sealing Requests

irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific, step-by-step processes for calculating claims re-imbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by Multi-Plan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology; and

d.  Reflects proprietary internal United process logic and processes that, if publicly disclosed, would provide United's competitors with insights into United's proprietary processes as they relate to out-of-network reimbursement that they would not otherwise have access to, thereby putting United at a competitive disadvantage.

5.    Documents containing substantially similar, and in some cases *identical*, materials that Defendants seek to seal in this case, have been unsealed due to heightened public interest or filed publicly since the first motion for class certification was filed in 2022 and the court granted in part and denied in part, without prejudice, Defendants Motion to Seal on March 31, 2023.

6.    Shortly after the Motion to Seal was granted in part and denied in part, without prejudice, the New York Times expressed interest in this case. A true and correct copy of a Letter from Chris Hamby, Reporter, Investigations, The New York Times, dated Aug. 4, 2023 is attached at **Exhibit 1**. Mr. Hamby has since written numerous articles regarding MultiPlan's relationship with United and other payors and shared savings fees.

7.    Before the parties began to brief the renewed motion for class certification, Judge Carter, in the *TML Recovery v. Cigna Corporation et al*, Case 8:20-cv-00269-DOC-JDE, issued a

Declaration of Nicole Wemhoff in Support of Plaintiffs'
Opposition to Defendants' Motion Re: Disputed Sealing Requests

ruling on the sealing of documents, which dealt with documents similar, and in some cases identical, to those at issue in this case. *See* attached Order at **Exhibit 2** (*TML Recovery*, Dkt**.** 463**)**.

      8.    Some examples of documents that have been made public[1] include:

    a.    Multiplan's Viant Facility U&C Review Outpatient Review (OPR Module), attached hereto as **Exhibit 3** (*TML Recovery*, Dkt**.** 464-2**)**, which Defendants seek to seal in its entirety here at Pls. Ex. 43. (Dkt. 396-45, 397-42)

    b.    Multiplan witness Sean Crandell Declaration about Multiplan Viant processes, included at **Exhibit 3**, which Defendants filed similar declaration in this case at Dkt. 409.

    c.    True and correct copies of MultiPlan Global Agreements, included at **Exhibit 4** (*TML Recovery*, Dkts**.** 459-25, 459-26), which contains information regarding provider rates paid by MultiPlan. Similar rates sought to be sealed discussed at Pls. Ex. 8, deposition of Summit Estate, by its designee Joan Borsten at 127:4-9; 153:22-156:21; 200:19-201:3; 287:1-7; 302:3; 303:23-304:17; 305:1-3; 306:22-23; 364:1. (Dkt. 396-10, 397-9).

    d.    A true and correct copy of MultiPlan's Master Services Agreement No. MSA107409-MultiPlan-2014, *(TML Recovery*, Dkt**.** 461-37) containing descriptions of MultiPlan's pricing, service offerings, and fees. Attached as **Exhibit 5.**

    e.    Viant "offers" to providers. Sample attached as **Exhibit 6** (*TML Recovery*, Dkt**.** 459-22**)**. *Compare* Defs. Ex 72 Patient Advocate Department letter (Dkts. 407-3, 415-13)

---

[1]

Declaration of Nicole Wemhoff in Support of Plaintiffs'
Opposition to Defendants' Motion Re: Disputed Sealing Requests

f.  Deposition Transcripts of MultiPlan and Payor witnesses generally discussing claims history, claims processing, internal procedures, and appeals process Attached as Composite **Exhibit 7**.

    i.  A true and correct copy of a portion of MultiPlan's witness, Kathy Praxmarer's March 14, 2023, deposition transcript (*TML Recovery*, Dkt. 459-11) discussing claims history.

    ii.  A true and correct copy of a portion of MultiPlan's witness, Sean Crandell's March 22, 2023, deposition transcript (*TML Recovery*, Dkt. 461-31) discussing Cigna's target price for claims.

    iii.  A true and correct copy of a portion of Cigna's witness, Mike Callahan's March 1, 2023, deposition transcript (*TML Recovery*, Dkts.461-42) discussing the lack of information on Cigna's appeals process.

g.  Administrative Services Agreements, including all cost containment/shared savings fees. Sample attached at **Exhibit 8**. *Compare* Pls. Ex. 25, Composite of Administrative Services Agreements, (*TML Recovery*, Dkts. 474-1, 474-2, 474-3, 474-4, 474-5). Similar fees and terms are referenced throughout the Renewed Motion for Class Certification, Defendants' Brief in Opposition to Renewed Class Certification,, Ohsfeldt Expert Report, and the RPC Expert Report and Rebuttal Report which Defendants seek to maintain sealing. *See, e.g.*, Dkts. 396, 397-1, Pls. Ex. 1, (Dkts. 396-3, 397-2), Pls.' Ex. 3 (Dkts. 396-5, 397-4), Pls. Ex. 65 (Dkts. 426-2, 427-3).

h.  True and correct copies of email chains between payor executives regarding underlying methodology and pricing of substance use disorder claims. *TML Recovery*, Dkts 460-4, 460-6, 460-12). Attached as **Exhibit 9.** *Compare* Pls. Ex.

36, Lopez Emails (Dkts. 396-38, 397-35), Pls. Ex. 46 Beckstead 2018 Mapping Email (Dkts. 396-47, 397-45), Pls. Ex. 47 Crandell Schill Emails (Dkts. 396-48, 397-46), among others.

9.      Client Names and other categories of PHI/PII should retain strict confidentiality protections. Plaintiffs proposed a number of redactions to documents which contained PHI. Defendants refused to review the redactions, despite having a week to do so. Many of the documents that Defendants objected to the proposed sealing measures were previously redacted and required no further edits.

I declare under the penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct, and I signed this declaration on August 16, 2024 in Washington, D.C.

_/s/ Nicole E. Wemhoff_
Nicole E. Wemhoff, Esq.

Case No. 4:20-cv-02254-YGR-JCS
4894-9659-2601.v3

Declaration of Nicole Wemhoff in Support of Plaintiffs'
Opposition to Defendants' Motion Re: Disputed Sealing Requests