# EXHIBIT A

## CHART OF SAMPLE SEALING REQUESTS TO JOINT STATEMENT RE OUTSTANDING SEALING DISPUTES

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Defendants' Suggested Excerpt(s) (if any) and Additional Information re Category[1] |
|---|---|---|---|---|---|
| **Undisputed Requests to Maintain Sealing and/or Provisional Redactions** | | | | | |
| Pls.' Ex. 30 | Plaintiffs' Exhibit 30, MultiPlan 2018 H0015 Emails, MPI0016580-16585 (Dkts. 396-32, 397-29). | Sealing requested in full (Dkt. 337 at 33) | The document contains attorney-client privileged information, including non-public, confidential and propriety information of MultiPlan the disclosure of which would adversely affect its business. Wilde Decl. (337-3), ¶¶ 5 (b); 22. | Seal in full. | **Category:** Crosswalk and pricing analysis<br><br>**Additional Supporting Information:** Omnibus Sealing Stipulation (Dkt. 449) at 4 |
| Pls.' Ex. 35 | Plaintiffs' Exhibit 35, IPR and OPR Repricing Talking Points, dated April 5, 2021, MPI0016794-16797 (Dkts. 396-37, 397-34). | Sealing requested in full (Dkt. 337 at 34) | Privileged; the document contains non-public, confidential and propriety information of MultiPlan the disclosure of which would adversely affect its business. It also reflects attorney consultation and advice concerning a government investigation that should remain confidential. Wilde Decl. (337-3), ¶¶ 5 (b); 21. | Seal in full. | **Category:** Concerning confidential government investigation<br><br>**Additional Supporting Information:** Omnibus Sealing Stipulation (Dkt. 449) at 4 |

---

[1] This chart is reproduced from the parties' previously filed Omnibus Sealing Chart (Dkt. 449-1), with the following exceptions. In the second column, for redacted documents, where necessary, the docket entry has been revised to reflect the location of the under seal version of the document with proposed redactions highlighted. With those edits, the second column contains the location of the under seal version of the document that reflects the scope of the proposed sealing in this chart. In the sixth column, to reduce the burden on the Court, Defendants have suggested excerpts (for voluminous documents) to help focus the Court's review, and have included additional citations identifying the category of dispute for the specific sealing request. Defendants maintain their requests to seal all the information in the Omnibus Sealing Stipulation (Dkt. 449) and Omnibus Sealing Chart.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Defendants' Suggested Excerpt(s) (if any) and Additional Information re Category[1] |
|---|---|---|---|---|---|
| **Disputed Requests to Maintain Sealing and/or Provisional Redactions** | | | | | |
| Pls.' Ex. 38 | Plaintiffs' Exhibit 38, presentation titled "OON Program Ops Team High Level Overview," UHC000038587–90 (Dkts. 396-40, 397-37). | Sealing requested in full (Dkt. 337 at 34) | Internal document that contains commercially sensitive and proprietary information that if shared publicly could provide United's competitors with insights into United's strategic decision-making relating to proprietary products and programs that they would not otherwise have access to, thereby putting United at a competitive disadvantage. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. *See id.* ¶ 7(e). | Seal in full. | **Category:** Business Strategy and Out-of-Network Programs (proprietary internal processes and standard operating procedures)<br><br>**Additional Supporting Information:** Paradise Renewed Sealing Decl. (Dkt. 449-2) at ¶¶ 7(a)−(b); United Mot. re Disputed Sealing Requests (Dkt. 451) at 2−3 (Business Strategy and Out-of-Network Programs) |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Defendants' Suggested Excerpt(s) (if any) and Additional Information re Category[1] |
|---|---|---|---|---|---|
| Pls.' Ex. 41[2] | Plaintiffs' Exhibit 41, United's Out-of-Network Procedures, UHC000197899–958 (Dkts. 396-43, 397-40). | Sealing requested (Dkt. 170-29 at 2) and granted in full (Dkt. 301 at 11); Sealing requested in full (Dkt. 337 at 35) | Contains sensitive information regarding UHC proprietary internal processes and standard operating processes. Further contains sensitive information regarding substantive instructions regarding pricing out-of-network claims, or responding to inquiries from plan sponsors, members, or healthcare services providers. *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. *See id.* ¶ 8(b). | Seal in full. | **Suggested Excerpt:** UHC000197905−908; UHC000197913−918; UHC000197950−954.<br><br>**Category:** Business Strategy and Out-of-Network Programs (proprietary internal processes and standard operating procedures), Irrelevant Business Material<br><br>**Additional Supporting Information:** Paradise Renewed Sealing Decl. (Dkt. 449-2) at ¶¶ 8(a)−(c); United Mot. re Disputed Sealing Requests (Dkt. 451) at 2−3, 5. |

---

[2] In the first class certification motion, Plaintiffs filed this document as Exhibit E. Dkt. 171-1 at 2.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Defendants' Suggested Excerpt(s) (if any) and Additional Information re Category[1] |
|---|---|---|---|---|---|
| Pls.' Ex. 42 | Plaintiffs' Exhibit 42, United's Remark Code Policies, UHC000071826–37 (Dkts. 396-44, 397-41). | Sealing requested in full (Dkt. 337 at 35) | Reflects proprietary internal United process logic and processes that, if publicly disclosed, would provide United's competitors with insights into United's proprietary processes as they relate to out-of-network reimbursement that they would not otherwise have access to, thereby putting United at a competitive disadvantage. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. *See id.* ¶ 7(e). | Seal in full. | **Category:** Business Strategy and Out-of-Network Programs (proprietary internal processes and standard operating procedures)<br><br>**Additional Supporting Information:** Paradise Renewed Sealing Decl. (Dkt. 449-2) at ¶¶ 7(a)–(b); United Mot. re Disputed Sealing Requests (Dkt. 451) at 2–3, 5. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Defendants' Suggested Excerpt(s) (if any) and Additional Information re Category[1] |
|---|---|---|---|---|---|
| Pls.' Ex. 49 | Plaintiffs' Exhibit 49, printout of United Fee Percentage Data, produced in its native form, UHC000296122 (Dkts. 396-50, 397-48). | Sealing requested in full (Dkt. 337 at 36) | Internal document that contains commercially sensitive proprietary and non-public information that would harm United's business advantage if publicly disclosed, including because it concerns plan sponsors that have an ongoing business relationship with United. *See* Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant because some of the clients are still contracted with United. *See id.* ¶ 7(e). | Seal in full. | **Category:** Shared Savings Fee Percentages<br><br>**Additional Supporting Information:** Paradise Renewed Sealing Decl. (Dkt. 449-2) at ¶¶ 7(a)−(b); United Mot. re Disputed Sealing Requests (Dkt. 451) at 4−5. |
| Pls.' Ex. 65 | Exhibit 65 to the Declaration of Matthew M. Lavin in Support of Plaintiffs' Reply Brief (Dkt. 426-1), Analysis of Underpayment of HCPCS Code H0015 by United Healthcare Rebuttal of Defendants' Expert Reports by Ron Luke and Brian Piper, May 2, 2024, at ¶¶ 66, 94 (Dkt. 449-113). | N/A | Contains commercially sensitive information regarding specific features of out-of-network programs, including details of how claim reimbursement is calculated. *See* Category 2(b), Paradise Renewed Sealing Decl. ¶ 8. | Portions to redact. | **Category:** Viant Percentiles<br><br>**Additional Supporting Information:** United Mot. re Disputed Sealing Requests (Dkt. 451) at 5. |

5

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Defendants' Suggested Excerpt(s) (if any) and Additional Information re Category[1] |
|---|---|---|---|---|---|
| Defs.' Ex. 128 | Exhibit 128 to the Declaration of Geoffrey Sigler (Dkt. 408), an email thread produced by UnitedHealthcare Insurance, UHC000070704–10 (Dkts. 408-28, 416-15). | Sealing requested (Dkt. 305 at 3-4) and granted in full (Dkt. 352 at 8) | Contains information about fee arrangements with United customers and commercially sensitive information regarding United's business strategy, client relationships and proprietary processes, including sensitive communications with a plan sponsor about their considerations and United's pricing methodology. *See* Categories 1 and 2(a), Paradise Renewed Sealing Decl. ¶¶ 5, 7. Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old, the document as a whole remains relevant and is consistent with current practices. *See id.* ¶¶ 5(d), 7(e). | Seal in full. | **Category:** Business Strategy and Out-of-Network Programs, Negotiations & Fee Arrangements with Vendors and Customers, Shared Savings Fee Amounts (specific cap amounts)<br><br>**Additional Supporting Information:** Paradise Renewed Sealing Decl. (Dkt. 449-2) at ¶¶ 7(a)−(b); United Mot. re Disputed Sealing Requests (Dkt. 451) at 2−5. |

| Pls.' Ex. 26 | Plaintiffs' Exhibit 26, United Healthcare Q3 2016 Performance Initiative for Consideration, dated December 7, 2016 (Viant Savings), MPI-0002894-2916, MPI-0002933-2978, MPI-0006059-6093, MPI-0006894-6928 (Dkts. 396-28, 397-25). | Sealing requested in full (Dkt. 337 at 32) | MultiPlan presentations created for United's review (but also with draft comments internal to MultiPlan) which contain highly competitive or commercially sensitive proprietary and non-public information, the disclosure of which would harm United's and/or MultiPlan's business advantage, including: information about vendor negotiations, financial reporting relating to certain United out-of-network programs or product offerings; discussions with MultiPlan about program modifications and procedures; and information regarding MultiPlan's product and service offerings and business strategies in dealing with clients. *See* [MP Decl.]; Category 1, Paradise Renewed Sealing Decl. ¶ 5. Though some of the documents within the composite exhibit are more than three years old, they concern programs and strategic initiatives that still exist today and if revealed publicly, information regarding the financial forecasts associated with those programs or strategic initiatives could be used by United's or MultiPlan's competitors to refine or adjust the pricing on their own product offerings in ways they could not do otherwise, thereby putting United and/or MultiPlan at a competitive disadvantage. *See id.* ¶ 5(d). | Seal in full. | **Suggested Excerpt:** MPI-0006894−6928<br><br>**Category:** Negotiations & Fee Arrangements with Vendors and Customers, Viant Percentiles, Irrelevant Business Material<br><br>**Additional Supporting Information:** United Mot. re Disputed Sealing Requests (Dkt. 451) at 2, 5. |
| Pls.' Ex. 15 | Declaration of Sean Crandell in support of Defendants' | Sealing of portions of | Contains highly detailed, proprietary information regarding the Viant OPR | Portions to redact. | **Category:** Viant methodology and crosswalk reasoning |

7

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Defendants' Suggested Excerpt(s) (if any) and Additional Information re Category[1] |
|---|---|---|---|---|---|
| | Opposition to Plaintiffs' Motion for Class Certification, at ¶¶ 9–19, 22, 25–43, 47–55, 57–61, and 64–67 (Dkt. 449-77). | document requested (Dkt. 305 at 4) and granted (Dkt. 352 at 24); Sealing requested in full (Dkt. 337 at 24) | product design and methodology that, if disclosed, could allow others to copy MultiPlan's approach and could undermine MultiPlan's competitive advantage in the marketplace (Wilde Decl. (Dkt. 215-5) ¶¶ 19-21)). | | **Additional Supporting Information:** Wilde Decl. (Dkt. 449-4), ¶¶ 5(a), 9, 17; Craig Decl. (Dkt. 449-5), ¶ 10 |

8

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Defendants' Suggested Excerpt(s) (if any) and Additional Information re Category[1] |
|---|---|---|---|---|---|
| Pls.' Ex. 44[3] | Plaintiffs' Exhibit 44, Viant Facility Outpatient U&C Review Service Explanation of Methodology, dated June 2016, MPI-0000488-498 (Dkt. 397-43). | Sealing requested (Dkt. 305 at 4) and granted in full (Dkt. 337 at 29-31); Sealing requested in full (Dkt. 337 at 35) | Contains highly confidential, proprietary, and commercially sensitive information involving MultiPlan's proprietary Viant OPR product design and methodology, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business; describes and explains in detail MultiPlan's proprietary Viant OPR product design and methodology; contains specific step-by-step processes for calculating claims reimbursement recommendations using MultiPlan's proprietary Viant OPR product and methodology, as well as an explanation of how the methodology was developed and how it works, all of which could be used by MultiPlan's competitors to "reverse engineer" its proprietary Viant OPR product and methodology (Wilde Decl. (Dkt. 215-5) ¶¶ 10, 13, 15; Crandell Decl. (Dkt. 211) ¶¶ 13, 25). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. | Seal in full. | **Category:** Detailed explanation of proprietary Viant methodology<br><br>**Additional Supporting Information:** Wilde Decl. (Dkt. 449-4), ¶ 5(d); Caesar Decl. (Dkt. 449-5), ¶ 10 |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Defendants' Suggested Excerpt(s) (if any) and Additional Information re Category[1] |
|---|---|---|---|---|---|
| Pls.' Ex. 50 | Plaintiffs' Exhibit 50, Shared Savings Fee Revenue, MPI0009603 (Dkt. 396-51, 397-49). | Sealing requested in full (Dkt. 337 at 36) | The document contains nonpublic, confidential and propriety information of MultiPlan, including detailed financial data the disclosure of which would adversely affect its business, including its relationships with clients. Wilde Decl. (337-3), ¶¶ 5(e); 26. | Seal in full. | **Category:** Client-specific fee arrangements and financial data<br><br>**Additional Supporting Information:** Wilde Decl. (Dkt. 449-4), ¶¶ 5(e), 26; Caesar Decl. (Dkt. 449-5), ¶ 12 |
| Pls.' Ex. 59 | Plaintiffs' Exhibit 59, List of FAIR Health Benchmarks provided by Defendants' Expert Jessica Schmor without Bates numbers (Dkts. 396-60, 397-57). | N/A | Contains commercially sensitive information involving data obtained pursuant to a use agreement by which MultiPlan is contractually bound. Thus, this information, if disclosed, would place MultiPlan at a commercial and contractual disadvantage. *See* Smith Sealing Decl. ¶ 17. | Seal in full. | **Category:** Third-party data subject to license or data use agreements<br><br>**Additional Supporting Information:** Smith Sealing Decl. (Dkt. 449-6) ¶¶ 18(c), (d), (f); Caesar Decl. (Dkt. 449-5), ¶ 7 |
| Pls.' Ex. 62 | Plaintiffs' Exhibit 62, Rebuttal Report of Bernard R. Siskin, September 26, 2023, at ¶¶10, 17, 21, 29, 30, 31, 33, 36, 37, 38, 39, 44, 45, 46, 49, fn. 28-32; p. 20, Table 1; Heading VII(A); Appendix B (December 2009 Report) selected redactions at 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26; November 8, 2016 Letter (selected redactions on pages 1-5) (Dkt. 449-109). | N/A | The identified portions of this expert's report detail proprietary and non-public information regarding the Viant OPR methodology and the CMS data and geographic data used within it, the disclosure of which would cause harm to MultiPlan. Also included are descriptions of confidential consulting work performed separately for MultiPlan by this expert. *See* Smith Sealing Decl. ¶ 20. | Portions to redact. | **Category:** Proprietary Viant methodology details, reasoning, and expert consulting<br><br>**Additional Supporting Information:** Caesar Decl. (Dkt. 449-5), ¶¶ 7, 13; Smith Sealing Decl. (Dkt. 449-6) ¶ 21 |

---

[3] In the opposition to Plaintiffs' first motion for class certification, Defendants filed this document as Exhibit B to the Declaration of Sean Crandell. Dkt. 221.

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Defendants' Suggested Excerpt(s) (if any) and Additional Information re Category[1] |
|---|---|---|---|---|---|
| Pls.' Ex. 5 | Plaintiffs' Exhibit 5, certified transcript of the deposition of Kathy Praxmarer taken in this matter on July 26, 2022, at 42:10-45:16; 46:17-47:11; 47:21-49:25; 51:5-51:12; 68:5-70:5; 75:25-76:2; 78:18-78:24; 82:12-83:1; 85:1-92:12; 93:2-95:17; 95:18-95:25; 96:1-97:2; 98:3-98:20; 104:14-108:24; 109:11-109:22; 110:23-118:5; 119:5-119:18; 124:12-127:22; 137:13-144:15; 149:15-154:12; 155:3-159:20; 165:9-167:9; 168:6-170:18; 171:15-172:13; 174:18-181:17; 183:18-185:21; 192:22-193:7 (Dkt. 449-59). | Sealing of portions of document requested (Dkt. 337 at 23-24) | Contains testimony concerning confidential and proprietary MultiPlan business practices and other information the disclosure of which will cause financial and competitive injury to MultiPlan. Wilde Decl. (337-3), ¶¶ 6, 19 (a) & (b). | Portions to redact. | **Category:** Details of MultiPlan's negotiation services and patient advocacy practices<br><br>**Additional Supporting Information:** Wilde Decl. (Dkt. 449-4), ¶¶ 6, 19; Caesar Decl. (Dkt. 449-5), ¶ 12 |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Defendants' Suggested Excerpt(s) (if any) and Additional Information re Category[1] |
|---|---|---|---|---|---|
| Pls.' Ex. 6[4] | Plaintiffs' Exhibit 6, certified transcript of the deposition of Jacqueline Kienzle taken in this matter on July 12, 2022, at 31:22-33:12; 78:17-82:22; 83:5-83:12; 104:23-106:18; 107:22-110:24; 112:6-112:11; 114:24-115:9; 116:3-117:17; 118:1-127:9; 128:1-129:15; 130:8-131:1; 137:3-141:14; 143:230-148:22; 151:22-152:10; 173:18-177:21; 178:22-180:8; 196:22-199:16; 201:25-203:3; 212:20-214:23; 215:2-215:3; 215:23-219:12; 220:2-220:13; 221:10-222:19; 233:5-237:3; 242:15-245:19; 246:6-246:10; 247:5-247:17; 248:13-251:21; 254:3-256:8; 259:22-260:9; 262:10-270:10; 271:22-274:18; 275:2-279:7; 279:21-281:10; 284:21-288:20; 308:3-309:13; 309:19-310:14; 310:16-310:22; 316:3-319:2 (Dkt. 449-61). | Sealing of portions of document requested (Dkts. 170-29 at 2, 305 at 4-5) and granted (Dkts. 301 at 11, 352 at 44); Sealing of portions of document requested (Dkt. 337 at 24-25) | Contains testimony from MultiPlan's executive responsible for the Company's relationship with its client, United (and affiliates) regarding highly confidential, proprietary information regarding that relationship, including but not limited to, discussions of contract terms, product and service offerings and strategies, and other business details, the public disclosure of which will cause substantial competitive and other harm to both MultiPlan and United. | Portions to redact. | **Category:** Details of United-MultiPlan client-specific business relations, and irrelevant business information<br><br>**Additional Supporting Information:** Wilde Decl. (Dkt. 449-4), ¶ 6; Caesar Decl. (Dkt. 449-5), ¶ 12 |

---

[4] In their first class certification motion, Plaintiffs filed excerpts of the deposition of Jacqueliene Kienzle as Exhibit S. The Court granted sealing in full for the excerpted deposition, which included pages 1, 2, 21, 34, 41, 42, 95, 102, 103, 115, 136, 196, 197, 273, and 327. Dkt. 301 at 11. Further, the Court granted sealing for 95:14-25, 102:1-13, 196:22-25, 197:1-25, and 273:1-25. Dkt. 352 at 44.

| Pls.' Ex. 9 | Plaintiffs' Exhibit 9, excerpts from the certified transcript of the deposition of Jolene Bradley taken in this matter on July 6, 2022, at 68:22-71:20, 74:15-74:16, 77:3-77:20, 98:3-98:21, 98:24-99:12, 99:15-99:22, 101:22-102:4, 104:10-105:11, 105:23-107:8, 107:10-107:14, 107:16-107:19, 107:22-107:24, 108:1-109:6, 109:19-109:25, 110:4-110:13, 110:16-111:5, 111:8-112:5, 112:8-113:14, 113:17-115:1, 115:5-115:24, 123:25-125:13, 125:16-127:7, 127:10-127:15, 127:18-128:14, 131:8-134:8, 138:11-138:12, 138:19-139:25, 140:18-141:7, 141:11-141:18, 141:21-142:3, 142:6-142:11, 142:14-142:18, 142:20-143:9, 143:12-144:17, 144:20-145:8, 146:8-147:16, 147:20-148:9, 148:13-148:25, 149:2-149:21, 149:24-150:21, 150:25-151:10, 151:13-151:22, 151:25-152:6, 152:24-153:2, 153:4-154:1, 154:4-154:13, 154:16-154:22, 155:1-155:13, 155:16-156:1, 156:4-156:14, 156:17-156:25, 157:3-157:16, 157:18-158:6, 170:18-171:4, 174:5-174:19, 183:6-183:19, 183:22-184:9, 184:12-184:22, 184:25-185:12, 185:15-186:12, 186:15-186:19, 186:22-188:5, 188:8-189:7, 189:10-190:7, 190:9-191:2, 191:13-192:6 (Dkt. 449-67). | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); Sealing of portions of document requested (Dkt. 337 at 26) | Contains commercially sensitive information regarding United's internal communications, business strategy, client relationships and proprietary processes. See Category 2(a), Paradise Renewed Sealing Decl. ¶ 7. Though the testimony concerns a document that is more than three years old, the document remains relevant and concerns a non-party's non-public, sensitive information. Moreover, the information contained in this document continues to be confidential. See id. ¶ 7(e). | Portions to redact. | **Category:** Business Strategy and Out-of-Network Programs, Viant Percentiles, and Irrelevant Business Material<br><br>**Additional Supporting Information:** Paradise Renewed Sealing Decl. (Dkt. 449-2) ¶¶ 7(a)−(b); United Mot. re Disputed Sealing Requests (Dkt. 451) at 2, 5; Paradise Supp. Sealing Decl. (Dkt. 453-1). |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Defendants' Suggested Excerpt(s) (if any) and Additional Information re Category[1] |
|---|---|---|---|---|---|
| Pls.' Ex. 14 | Plaintiffs' Exhibit 14, certified transcript of the deposition of Rebecca Paradise taken in this matter on July 13, 2022, at 20:24-26:4, 27:22-30:14, 31:11-31:25, 59:10-62:5, 76:4-78:25, 85:20-86:22, 87:12-88:20, 89:22-89:24, 90:4-90:14, 90:18-102:3, 135:16-138:4, 260:18-262:4, 316:2-317 (Dkt. 449-75). | Sealing portions of transcript requested (Dkts. 170-29 at 2, 305 at 3-4) and granted (Dkts. 301 at 11, 352 at 36-37) | Contains testimony regarding commercially sensitive information regarding United's propriety internal processes, changes to those processes, standard operation procedures, and pricing methodologies (including specific data on pricing claims) reflecting proprietary and competitively sensitive information for current programs and operations that would harm United's business advantage and its business relationships if disclosed. *See* Category 1, Paradise Renewed Sealing Decl. ¶ 5. Though some of the testimony concerns documents that are more than three years old, these documents remain relevant and concern United's confidential financial information and business strategy. Moreover, the information contained in these documents continues to be confidential. *See id.* ¶ 5(d). | Portions to redact. | **Category:** Business Strategy and Out-of-Network Programs, Viant Percentiles, Irrelevant Business Material

**Additional Supporting Information:** Categories 2(a) and 2(b), Paradise Renewed Sealing Decl. ¶¶ 7(a)-(b), (e), 8(a)-(b)[5]; United Mot. re Disputed Sealing Requests (Dkt. 451) at 2, 5; Paradise Supp. Sealing Decl. (Dkt. 453-1). |

---

[5] Categories 2(a) and 2(b), not Category 1, are the categories from the Paradise declaration that apply to this request.

| Pls.' Ex. 25[6] | Plaintiffs' Exhibit 25, Composite of Administrative Services Agreements, UHC000007610-7646, NUSA-UBH-00000001-60, UHC000008308-8388, UHC000227920-8031, UHC000258819-8885, UHC000209094-9119 (Dkts. 396-24, 396-27) | Sealing of portions of document requested (Dkt. 170-29 at 2) and granted (Dkt. 301 at 11); sealing requested in full (Dkt. 337 at 31-32) | Contains United Defendants' and non-party plan sponsors' confidential business information, including plan sponsor-specific pricing and rate information, performance guarantees, audit procedures, security procedures, proprietary program offerings, indemnification provisions, and dispute resolution mechanisms between United and plan sponsors (including mediation, litigation, and settlement arrangements). Public disclosure of the ASAs and amendments would cause United and the plan sponsors competitive harm—for example, by causing existing plan sponsors to seek to renegotiate longstanding contracts based on provisions negotiated in light of a different plan sponsor's particular needs and business considerations (for United) and interfering with employee retention and recruitment (for plan sponsors). This is true even though portions of the ASAs and amendments are unsigned, contain redlines, and/or were executed more than three years ago or concern effective periods from more than three years ago, because such ASAs reflect confidential terms and arrangements carefully negotiated with individual plan sponsors based on each plan sponsor's unique circumstances and business relationships.  Schneewind Sealing Decl. ¶¶14-15, 17, 20, 22-23; Dkt. 355-2 (Naomi Canova (Apple) Sealing Decl.) ¶¶3-7; Scott Floyd (Cisco) | Seal in full. | **Category:** ASAs<br><br>**Additional Supporting Information:** United Mot. re Disputed Sealing Requests (Dkt. 451) at 3, 5. |

| Exhibit # | Document or Portion of Document Sought to Be Sealed | Previous Sealing Motions and Rulings (if any) | Evidence Offered in Support of Sealing | Requested Action | Defendants' Suggested Excerpt(s) (if any) and Additional Information re Category[1] |
|---|---|---|---|---|---|
| | | | Sealing Decl. ¶¶5-17; Dkt. 305-8 (Daniel Condon (Raytheon) Sealing Decl.) ¶¶4-8; Franchesca Busch (Tesla) Sealing Decl. ¶¶4-10. | | |
| Crandell Ex. C | Exhibit C to the Declaration of Sean Crandell (Dkt. 409), Viant's Facility U&C Review Outpatient Review (OPR) Module, dated September 2018, MPI-0006010-6018 (Dkts. 409-3, 415-4). | Sealing requested (Dkt. 305 at 4) and granted in full (Dkt. 352 at 26) | Provides a detailed explanation of the proprietary Viant OPR product design and methodology, including how it was developed and how it works (Wilde Decl. (Dkt. 215-5) ¶¶ 14, 15; Crandell Decl. (Dkt. 211) ¶¶ 13, 25). Further, the information contained in this document continues to be proprietary and confidential. While the date of this document is more than 3 years old and while certain portions have been updated, the document as a whole remains relevant, and it reflects and is consistent with current practices. | Seal in full. | **Category:** Detailed explanation of proprietary Viant methodology<br><br>**Additional Supporting Information:** Wilde Decl. (449-4), ¶ 18; Caesar Decl. (449-5), ¶ 10 |

---

[6] In their first motion for class certification, Plaintiffs filed a portion of this exhibit as Exhibit N. Dkt. 171-1 at 3. The Court granted sealing in full as to UHC000007610-7646 and UHC000007968-98 (Tesla ASA similar to UHC000008308-88). Dkt. 301 at 11.