| | |
|---|---|
| LAUREN M. BLAS, SBN 296823<br>　LBlas@gibsondunn.com<br>NICOLE R. MATTHEWS, SBN 328977<br>　NMatthews@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Telephone:　213.229.7000<br>Facsimile:　213.229.7520<br><br>GEOFFREY SIGLER (*pro hac vice*)<br>　GSigler@gibsondunn.com<br>DEREK K. KRAFT (*pro hac vice*)<br>　DKraft@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone:　202.995.8500<br>Facsimile:　202.467.0539<br><br>Attorneys for Defendants<br>UNITED BEHAVIORAL HEALTH and<br>UNITED HEALTHCARE INSURANCE COMPANY | MATTHEW M. LAVIN (*pro hac vice*)<br>　Matt.Lavin@agg.com<br>ARNALL GOLDEN GREGORY LLP<br>1775 Pennsylvania Ave NW, Suite 1000<br>Washington, DC 20006<br>Telephone: 202.677.4030<br>Facsimile: 202.677.4031<br><br>DAVID M. LILIENSTEIN, SBN 218923<br>　david@dllawgroup.com<br>KATIE J. SPIELMAN, SBN 252209<br>　katie@dllawgroup.com<br>DL LAW GROUP<br>345 Franklin Street<br>San Francisco, CA 94102<br>Telephone: 415. 678.5050<br>Facsimile: 415.358.8484<br><br>Attorneys for PLAINTIFFS<br><br>[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE] |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, and CJ, on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>　　　　　Defendants. | CASE NO. 4:20-cv-02254-YGR<br><br>**JOINT REPORT FOLLOWING CLASS CERTIFICATION ORDER [DKT. NO. 469]**<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Complaint filed: April 2, 2020<br><br>Third Amended Complaint filed: Sept. 10, 2021 |

Plaintiffs LD, DB, BW, RH and CJ ("Plaintiffs"), and United Behavioral Health and UnitedHealth Insurance Company ("United") and MultiPlan, Inc. ("MultiPlan") (collectively, the "Parties") jointly submit the following report (the "Report") pursuant to the Court's instructions set forth in its Order Denying Plaintiffs' Renewed Motion for Class Certification (the "Order") (Dkt. No. 469).

## I. Plaintiffs' Statement

On February 26, 2025, the Parties met and conferred regarding a briefing schedule for the renewed motion for class certification. However, the United Defendants refused to compromise on the issue of discovery prior to additional briefing, despite Plaintiffs' proposal that any discovery be strictly limited to the issue of balance billing. Following this conference, Plaintiffs circulated their portion of this Report to Defendants on Monday, March 3, 2025. Defendants waited until the morning of Friday, March 7, 2025, *the deadline for filing this Report*, before sharing their draft section. These tactics reveal Defendants' concern: many of the providers who previously submitted declarations or documents in response to United's subpoenas did send balance bills to patients for the claims at issue in this case and continue to send balance bills to patients for claims at issue in this case. For this reason, Defendants seek to use this Report to mischaracterize prior discovery disputes and communications in an attempt to prohibit Plaintiffs from merely gathering and supplementing the information specifically related to balance billing *in this case* for presentation to the Court in response to the Order.

In the Order, the Court denied Plaintiffs' Renewed Motion for Class Certification (the "Motion"). (Dkt. No. 396). As to Plaintiffs' claim for prospective injunctive relief as a putative class, the Court denied Plaintiffs' Motion *with* prejudice. However, Plaintiffs' proposed damages class was denied *without* prejudice. (*See* Dkt. No. 469.) Regarding Plaintiffs' proposed damages class, the Court ruled that Plaintiffs had met their burden as to adequacy under Rule 23(a) and identified a core, common question to try that will have a significant impact on the litigation, thus also meeting their burden as to commonality. (*Id.* at 12-15.) Plaintiffs' reply brief "proposed a subclass defined to include only those class members who received balance bills," and the Court concluded that it required more information, which Plaintiffs will gladly provide.

The Court's Order contemplates further discovery. In the Order, the Court stated that Plaintiffs did not "provide evidence that demonstrates putative class members outside of named plaintiffs were actually billed. Without that evidence, the motion for a damages class fails. Here however, the ruling is without prejudice. (*Id.* at 2). Consistent with its decision to deny *without* prejudice Plaintiffs' Motion as to the damages class, the Court instructed the parties to propose, among other things, "a briefing schedule for any renewed motion for class certification…limited solely to the issues of balance billing and standard of review[.]" (*Id*. at 20.)  Given the Court's analysis regarding Plaintiffs' numerosity showing – which suggested that additional evidence regarding the number of putative class members in Plaintiffs' proposed class (i.e., patients who received balance bills) would be relevant – Plaintiffs respectfully request that the Court reopen fact discovery on this narrow issue for a limited 90-day period, which would entail targeted, factually-supported declaratory testimony and documentary evidence related to the issue of numerosity. Other courts have granted similar requests under similar circumstances. *See Uddin v. Radio Shack, Inc*., 2013 U.S. Dist. LEXIS 58952, at \*4 (C.D. Cal. Apr. 22, 2013) (after denying plaintiff's motion for class certification without prejudice on the grounds that plaintiff "failed to demonstrate that defendant had implemented uniform policies denying meal and rest breaks to enable the Court to conclude that plaintiff could present a class-wide method of proof of liability," the court subsequently granted plaintiff's request to reopen discovery, limited to the issue of whether "defendant had implemented uniform policies denying meal and rest breaks and encouraging employees to not record time worked.").  As part of this focused discovery, Plaintiffs will obtain supplemental evidence from providers already identified in this case, regarding putative class members who received balance bills from SUD providers for IOP services during the relevant period.  Plaintiffs propose filing their renewed class certification motion 30 days from the close of this limited discovery period.

Despite claims of prejudice, Defendants fail to advance any actual support for this contention because there is none. Indeed, Plaintiffs remain willing to continue meeting and conferring with Defendants to arrive at a mutually agreed-upon scope for this proposed 90-day discovery period.  But, Defendants have no interest in doing so because Defendants know that evidence of balance billing *in this case* already exists.  Defendants previously obtained limited evidence from the declarant providers

and therefore understand that many of these providers routinely send balance bills to patients. This is indicated throughout the provider declarations obtained by United and referenced in the Order. Plaintiffs' renewed class certification motion should be decided on the merits, which is exactly what Defendants wish to avoid by staging this last-minute blockade. Plaintiffs respectfully request that the Court reject these efforts and therefore propose the following schedule for their renewed motion for class certification:

| EVENT | DEADLINE |
|---|---|
| Close of Fact Discovery<br>*Limited to Issue of Numerosity* | June 13, 2025 |
| Plaintiffs' Renewed Motion for Class Certification | July 14, 2025 |
| Defendants' Response to Renewed Motion for Class Certification | August 4, 2025 |
| Plaintiffs' Reply in Support of Renewed Motion for Class Certification | August 25, 2025 |

## II.   Defendants' Statement

Following this Court's denial of Plaintiffs' second class-certification motion, Defendants respectfully submit that discovery should remain closed, and that briefing on Plaintiffs' third class-certification motion should proceed expeditiously under the schedule at the end of this section.[1]

***Plaintiffs were not diligent in taking discovery on balance billing, and discovery should remain closed.*** To start, nothing in the Court's Order calls for more discovery. It asks only for "a schedul[e] for the remainder of the action, including a briefing schedule for any renewed motion for class certification." Order at 20. Discovery is closed, has been for years, and can only be reopened with good cause. *See Ries v. Arizona Beverages USA LLC*, 2013 WL 12172652, at *2–3 (N.D. Cal. Feb. 5, 2013). "[T]he requirements for class certification are plaintiffs' burden to prove," Order at 19,

---

[1] Defendants do not agree with Plaintiffs' characterization of the Court's Order, but that is not material to the case schedule or to Plaintiffs' request to reopen discovery. Nor do Defendants agree with Plaintiffs' description of the meet and confer process. For example, all Defendants—United Defendants and MultiPlan—agree that there should be no further discovery. And nothing in Defendants' draft statement should have come as a surprise to Plaintiffs: on the parties' February 26 meet and confer, Defendants told Plaintiffs there was no good cause to reopen discovery, and proposed the briefing schedule that appears at the end of Defendants' section. Plaintiffs chose not to address good cause in their statement because there is none. Additionally, Defendants offered to meet and confer with Plaintiffs again before this statement was submitted, but they declined.

and Plaintiffs' failure to gather the necessary proof to show that their proposed class is certifiable is not good cause to reopen discovery.

Under Rule 16(b), a scheduling order may be modified to re-open discovery "only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. . . . If that party was not diligent, the inquiry should end." *Ries*, 2013 WL 12172652, at *3 (cleaned up). Here, Plaintiffs have been the opposite of diligent; indeed, they actively sought to prevent Defendants from obtaining this evidence.

After Plaintiffs filed their action in April 2020, fact discovery continued for more than two years (with multiple extensions), until it closed on July 15, 2022—more than two years ago.[2] Plaintiffs have repeatedly represented to the Court that they believed the amount of discovery they received was adequate. At the hearing on Plaintiffs' first class-certification motion, for example, counsel for Plaintiffs represented, in response to the Court's question:

> THE COURT: I thought that discovery was closed, and in fact that was a point of contention. So there is no more discovery to be done, I thought.
>
> MR. LAVIN: We don't need any more.

*See, e.g.*, Jan. 27, 2023 Hearing Tr. at 60:1-4.

Defendants have long maintained that members who did not actually pay a balance bill have not been injured and do not have standing to seek damages. *See* Defs.' Answer to SAC, Dkt. 76 at 42–43 (filed February 5, 2021, asserting as an affirmative defense that "Plaintiffs and putative class members lack standing insofar as they have not paid balance bills out-of-pocket"). During the lengthy

---

[2] *See* Dkt. 130 (ordering "July 15, 2022" as the "Non-Expert Discovery Cutoff"); *see also* Dkt. 192 at 1, 5, 20 (order granting Plaintiffs' request that United Defendants be precluded from relying on certain materials they produced after the "July 15, 2022 fact discovery cut-off" absent stipulation); Dkt. 85 (April 26, 2021 civil minutes setting November 16, 2021 as the "Non-Expert Discovery Cutoff" following the parties' April 26, 2021 case management conference); Dkt. 112 (November 14, 2021 joint stipulation requesting that the "Non-Expert Discovery Cutoff" be extended from November 16, 2021 to April 18, 2022); Dkt. 115 (December 8, 2021 order extending "Non-Expert Discovery Cutoff" from November 16, 2021 to April 18, 2022); Dkt. 139 (June 28, 2022 joint stipulation seeking leave to take certain "depositions after the close of discovery" due to scheduling constraints, even though "the parties [we]re on track to substantially complete fact discovery by the [then-]existing deadline" of July 15, 2022); Dkt. 143 (July 8, 2022 order granting the parties' request to take certain "depositions after the close of discovery until July 29, 2022").

fact discovery period, Plaintiffs had multiple opportunities to take discovery on balance billing. They simply made a strategic decision not to. In fact, they took the opposite approach, claiming that Defendants' requests to take discovery on balance billing were "not relevant to Rule 23 issues for class certification," Dkt. 120 at 2, and seeking to obstruct those efforts at every turn. For example, in May 2021, Defendants asked Plaintiffs to produce "[a]ll documents regarding any bills, invoices, demands for payment, collections, follow-up, account statements, or other communications about billing and payment regarding any claim for benefits for mental health and/or substance abuse disorder," and sought other balance billing evidence from named plaintiffs through interrogatories and depositions. Plaintiffs strenuously resisted all of it.

In March and May 2022, Defendants subpoenaed third-party providers for information about their balance billing practices. Defendants gave Plaintiffs advance notice of any meetings with the providers, and Plaintiffs' counsel attended many of those meetings. But rather than using this opportunity to seek proof that the providers were actually collecting payment of balance bills from patients, Plaintiffs sought to interfere with Defendants' subpoenas, arguing they were "an attempt to bully [] small providers" and "were issued in bad faith to harass and intimidate." Dkt. 120 at 1. Without Defendants' knowledge, Plaintiffs sent letters to each of the providers with proposed objections to Defendants' subpoenas seeking balance billing information and suggesting that the providers object in lieu of producing documents. *Id.* at 4. Far from diligently seeking information about balance billing, Plaintiffs worked to keep it from coming to light.[3] That alone is sufficient to deny Plaintiffs' request to reopen discovery. *See, e.g.*, *Ries*, 2013 WL 12172652, at *3 (cleaned up); *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 595 (W.D. Wash. 2013) (decision to forgo certain aspects of discovery not sufficient to re-open class discovery) (citing *In re Veritas Software Corp. Securities Litigation*, 2006 WL 463509, at *4 (N.D. Cal. Feb. 24, 2006); *Gutierrez v. Johnson & Johnson*, 2008 WL 2945987, at *2–3 (D.N.J. July 30, 2008) (declining to reopen class discovery where litigant failed to take discovery on a contested issue due to "their own misguided focus"). Plaintiffs claim that other courts have

---

[3] This resistance may have had to do with the fact that one of the named plaintiffs (RH) made no payments on their balance bill until June 2021 (more than a year after the instant lawsuit was filed and just one month after Defendants sought records related to payments made on balance bills).

reopened discovery in similar circumstances, but their sole cited case is not remotely similar. Unlike Plaintiffs here, the plaintiff in *Uddin* did not previously forgo and obstruct the discovery that he sought after denial of class certification. Plaintiffs do not even attempt to explain how their discovery conduct here is similar to the plaintiff's in *Uddin*.

***Plaintiffs' proposed discovery is vague, overbroad, and prejudicial.*** Under the good cause standard, the Court must also consider the prejudice that Plaintiffs' request to reopen discovery would have on Defendants. *See Ries*, 2013 WL 12172652, at *3. Plaintiffs' discovery proposal is unclear, but they apparently envision 90 days of discovery on balance billing from Defendants and nonparties, cabined only by the vaguely described "issue of numerosity" for their subclasses. By having to incur fees and costs to potentially review additional documents and/or participate in depositions, Defendants will be prejudiced by the discovery Plaintiffs now claim they need but could have obtained months ago. *See Pittmon v. CACI Int'l, Inc.*, 2024 WL 3468812, at *3 (C.D. Cal. July 10, 2024) (finding plaintiffs failed to establish good cause to reopen discovery where it "would be time-consuming, burdensome, and expensive to produce the requested documents"); *see also Morris v. Sutton*, 2019 WL 2994291, at *6 (E.D.Cal., 2019) ("[P]rejudice to the non-moving party can occur when . . . additional costs will be incurred").

Defendants respectfully submit that there should be no more discovery and the parties should expeditiously brief (once more) and resolve whether any class should be certified in this case on the existing evidentiary record and on the schedule that Defendants propose in the chart below.

If the Court does re-open discovery, however, it should be limited to third-party discovery from a random subset of 10 claims drawn from those in the potential putative subclass. This would reduce burden and the potential for disputes. It would also avoid the sort of self-serving "cherry-picking" of evidence Plaintiffs previously opposed. *See* Dkt. 165 at 3-4. There's ample cause for concern that cherry-picking is exactly what Plaintiffs have in mind. When the parties previously took discovery relating to a sample of claims, Plaintiffs' sample was not "random," but instead consisted of patients

7
JOINT REPORT FOLLOWING CLASS CERTIFICATION ORDER [DKT. NO. 469]
CASE NO. 4:20-CV-02254-YGR

largely selected from providers previously represented by Plaintiffs' counsel in this matter, in many cases against entities related to United Defendants.[4]

Additionally, because Plaintiffs proposed RICO subclasses include only persons "who paid amounts on a balance from their providers," and because payment on a balance bill is required for Article III standing and the injury element of Plaintiffs' RICO claims, any additional discovery should focus on balance bills *actually paid* by patients. Order at 15 (faulting Plaintiffs for "no evidence of actual payment on balance bills [being] provided for anyone other than the named plaintiffs"), 17 (Plaintiff's damages model "award[s] a plaintiff damages equal to the **extent to which they overpaid** as a result of being balance billed") (emphasis added), App'x A (subclass definitions); Dkt. 414-1 at 18-19 (Article III standing), Dkt. 435-3 at 5-6 (RICO). Mere receipt of a balance bill is not sufficient, particularly given the record evidence that "even where a patient does receive a balance bill," patients are not required to make payments. Order at 16 (describing patients "held harmless" after "receiv[ing] a balance bill"); Dkt. 414-25 at 24 (describing evidence that providers "forgave patients' balance bills").

For all of the foregoing reasons, discovery should remain closed and briefing should proceed on the schedule shown below. However, if the Court is inclined to reopen discovery, Defendants respectfully submit that it should be limited to the parameters Defendants outline above.

| Event | Deadline |
|---|---|
| Plaintiffs' Second Renewed Motion for Class Certification | April 7, 2025 |
| Defendants' Opposition to Second Renewed Motion for Class Certification | May 7, 2025 |
| Deadline for Plaintiffs' Reply in Support of Second Renewed Class Certification Motion | May 22, 2025 |

---

[4] *See, e.g.*, *Pacific Recovery Sol'ns v. United Behavioral Health*, 4:20-cv-2249 (N.D. Cal.) (representing Pacific Recovery Solutions, Bridging the Gaps, PCI Westlake, and Summit Estate—4 of the 12 providers in Plaintiffs' sample); *Meridian Treatment Servs. v. United Behavioral Health*, No. 4:19-cv-05721-JSW (N.D. Cal.) (representing Desert Cove Recovery Center); *In re Out of Network Substance Use Disorder Claims against UnitedHealthcare*, 8:19-cv-02075-JVS (C.D. Cal.) (representing Pacific Palms Recovery LLC); *New Life Treatment Ctr. v. Sanford Health Plan*, 4:24-cv-04058-KES (D.S.D.) (representing New Life Treatment Center).

| Event | Deadline |
|---|---|
| Parties' Joint Omnibus Sealing Motion | June 12, 2025 or 21 days after the conclusion of the briefing sequence related to Plaintiffs' Second Renewed Motion for Class Certification (*see* Dkt. 399), whichever is later |
| Hearing on Second Renewed Motion for Class Certification | July 15, 2025 at 2:00 PM |

DATED: March 7, 2025                    Respectfully submitted,

                                        GIBSON, DUNN & CRUTCHER LLP


                                        By: */s/ Derek Kraft* (with consent)
                                              Derek Kraft

                                        Attorneys for Defendants UNITED
                                        BEHAVIORAL HEALTH and UNITED
                                        HEALTHCARE INSURANCE COMPANY


DATED: March 7, 2025                    PHELPS DUNBAR LLP


                                        By: */s/ Errol J. King, Jr.* (with consent)
                                              Errol J. King, Jr.

                                        Attorneys for Defendant MULTIPLAN, INC.

                                        ERROL J. KING, JR. (*admitted pro hac vice*)
                                        PHELPS DUNBAR LLP
                                        II City Plaza, 400 Convention Street, Suite 1100
                                        Baton Rouge, Louisiana 70802
                                        Telephone: (225) 376-0207
                                        Facsimile: (225) 381-9197
                                        Errol.King@phelps.com


Dated: March 7, 2025                    ARNALL GOLDEN GREGORY LLP


                                        By: */s/ Matthew M. Levin*
                                              Matthew M. Lavin

                                        Attorneys for PLAINTIFFS

| | |
|---|---|
| 1 | **ATTESTATION PURSUANT TO LOCAL RULE 5-1** |
| 2 | I, Matthew M. Lavin, am the ECF user whose identification and password are being used to |
| 3 | file this document. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the |
| 4 | filing of this document has been obtained from the other signatories hereto. |
| 5 | Dated: |

By: */s/ Matthew M. Levin*
Matthew M. Lavin