| | |
|---|---|
| LAUREN M. BLAS, SBN 296823<br>  lblas@gibsondunn.com<br>NICOLE R. MATTHEWS, SBN 328977<br>  nmatthews@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>GEOFFREY SIGLER (*pro hac vice*)<br>  gsigler@gibsondunn.com<br>DEREK K. KRAFT (*pro hac vice*)<br>  dkraft@gibsondunn.com<br>MATTHEW G. AIKEN (*pro hac vice*)<br>  maiken@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, D.C. 20036-4504<br>Telephone: 202.887.3752<br>Facsimile: 202.530.9635<br><br>Attorneys for Defendants UNITED BEHAVIORAL HEALTH and UNITEDHEALTHCARE INSURANCE COMPANY | ERROL J. KING, JR. (*pro hac vice*)<br>  errol.king@phelps.com<br>CRAIG L. CAESAR (*pro hac vice*)<br>  craig.caesar@phelps.com<br>KATHERINE C. MANNINO (*pro hac vice*)<br>  katie.mannino@phelps.com<br>TAYLOR J. CROUSILLAC (*pro hac vice*)<br>  taylor.crousillac@phelps.com<br>BRITTANY H. ALEXANDER (*pro hac vice*)<br>  brittany.alexander@phelps.com<br>PHELPS DUNBAR LLP<br>II City Plaza<br>400 Convention Street, Suite 1100<br>Baton Rouge, LA 70802<br>Telephone: 225.376.0207<br><br>Attorneys for Defendant MULTIPLAN, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH and, CJ, on behalf of themselves and all others similarly situated,<br><br>       *Plaintiffs*,<br><br>    v.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York corporation,<br><br>       *Defendants*. | CASE NO. 4:20-cv-02254-YGR-JCS<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF FOR AN EXTENSION OF FACT DISCOVERY**<br><br>Hearing: None set<br><br>Time: None set<br><br>Location: Oakland Courthouse, Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, CA 94612<br><br>Complaint filed: April 2, 2020<br>Third Amended Complaint filed: Sept. 10, 2021 |

Pursuant to Civil Local Rules 6-1, 6-3, and 7-11, Defendants UnitedHealthcare Insurance Company, United Behavioral Health, and MultiPlan, Inc. respectfully request a 28-day continuance of the fact discovery deadline from June 13, 2025 to July 11, 2025. *See* Scheduling Order (Dkt. 472). This extension is necessary to complete discovery into the balance-billing issues identified by the Court as the focus of the forthcoming class certification briefing. Just a few days prior to and on the evening of the close of discovery, Plaintiffs produced documents including hundreds of pages that Plaintiffs' counsel obtained "informally" from third-party providers without any subpoenas or notice to Defendants. To understand these providers' productions, Defendants need discovery on a few discrete categories of information about the providers' searches and productions and what the documents show and don't show about balance billing, as further outlined below.

The requested extension will not impact the briefing schedule or the Court's schedule, because all discovery would still be completed prior to any briefing. Plaintiffs' renewed motion for class certification is due July 14, 2025, and Defendants' opposition is due August 4, 2025.[1]

There is good cause for the requested extension because it is to permit discovery relevant to balance billing—the specific issue that this Court directed the parties to focus on in the forthcoming class certification briefing. Without the requested information, Defendants will be stuck with Plaintiffs' belated, unexplained productions, which raise more questions than answers.

Defendants acted diligently and transparently throughout discovery, and repeatedly asked Plaintiffs to provide notice of any third-party discovery, with the stated goal of avoiding this precise situation. But without telling Defendants, Plaintiffs secretly sought "informal" discovery from several providers and dumped the resulting documents on Defendants just prior to the close of discovery—in a transparent attempt to skew the record on balance billing. Immediately after receiving Plaintiffs' first provider production (on June 9) Defendants contacted Plaintiffs, and when Plaintiffs refused to cooperate (on June 11), United served subpoenas (earlier today, June 13) on those providers seeking information about their billing practices and communications with Plaintiffs' counsel. Defendants are still reviewing the June 13 production and likely need to take additional discovery in light of the

---

[1] The deadlines outlined in the Scheduling Order (Dkt. 472) have not been amended or altered since they were entered by the Court.

additional provider declarations and documents produced by Plaintiffs tonight. The requested extension will ensure there is time for the providers to respond to United's subpoenas over the next few weeks before the forthcoming class certification briefing.

Before filing this motion, Defendants asked Plaintiffs to stipulate to the requested extension, but they refused. *See* Declaration of Matthew G. Aiken ("Aiken Decl."), ¶ 20. Defendants therefore respectfully request that the Court extend the fact discovery deadline by 28 days to July 11, 2025.

## ARGUMENT

Under Federal Rule of Civil Procedure 16(b)(4), a schedule may be modified if there is "good cause," which exists if the current deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As part of the diligence inquiry, the Court examines whether the relief sought is "based on the development of matters that could not have been reasonably anticipated at the time the schedule was established." *FeedMe Trading LLC v. My Fish Stop LLC*, 2024 WL 5257016, at *3 (C.D. Cal. Oct. 10, 2024). "[C]ourts often find good cause when the motion to amend the scheduling order is based upon new and pertinent information," such as recent productions—as is the case here. *See Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 216 (N.D. Cal. 2015); *Akey v. Placer Cnty.*, 2017 WL 1831944, at *4 (E.D. Cal. May 8, 2017). As described below, good cause exists because Defendants acted diligently, denial of the extension would prejudice Defendants, and there is no prejudice to Plaintiffs.

***Defendants' Diligence.*** The extension is necessary not because of any lack of diligence by Defendants, but because Plaintiffs consciously excluded Defendants from Plaintiffs' secretive, "informal" communications with providers and then dumped these providers' documents on Defendants just prior to the close of discovery.

Defendants diligently conducted balance-billing discovery in three ways. First, United served subpoenas on 30 providers (who were selected via a random sample of claims) and obtained documents and declarations in response to these subpoenas. *See* Aiken Decl. ¶ 4. In doing so, United transparently provided advance notice of the random sample and subpoenas to Plaintiffs, included Plaintiffs' counsel on emails and calls with the providers (*see, e.g.*, Ex. D), and promptly produced any documents to Plaintiffs upon receipt. Aiken Decl. ¶¶ 10-13.

  Second, Defendants reactivated their discovery requests on balance billing to Plaintiffs and specifically requested any communications between Plaintiffs and any providers about balance billing. Ex. A at 4. United also followed up repeatedly, stating, "If Plaintiffs intend to refuse to produce any responsive materials, please immediately let us know so that we can seek relief from the Court if necessary." Ex. B at 4; Aiken Decl. ¶¶ 6, 7. Plaintiffs did not object or state that they would refuse to produce these documents, so Defendants reasonably expected that they would. However, just two days before the close of discovery, Plaintiffs suddenly announced on a June 11 meet-and-confer that they had a different interpretation of Defendants' requests and therefore would not produce any communications by Plaintiffs' counsel with providers about balance billing (although they later produced a handful of emails with one provider on the night of June 13). Aiken Decl. ¶ 20.

  Third, United asked Plaintiffs to include Defendants on their communications with providers, as Defendants did with their communications and subpoenas, so that both sides could have a complete picture of any balance billing evidence from providers. Plaintiffs initially agreed to do so (although they opposed lodging the parties' agreement in a court-ordered stipulation). *See id.* ¶ 9. But in later emails and calls, Plaintiffs began to walk back from that agreement. And eventually, when Plaintiffs produced the several hundred pages from providers on June 9, it became clear that Plaintiffs had conducted discovery from providers without any notice to Defendants.

  On a June 11 call, Plaintiffs confirmed that they had conducted secret informal discovery and took the position that there was nothing Defendants could do about it. Plaintiffs refused to produce their communications with the providers (which would at least clarify the scope and nature of what the providers searched for and produced), and refused to agree to any extension of the schedule so that Defendants could seek information from the providers or from Plaintiffs. *See id.* ¶ 20. Shortly after that meet and confer, United served subpoenas on the three providers (on June 13) and filed this extension motion to allow this supplemental discovery to occur (also June 13).

  There was no way for Defendants to seek discovery from these providers earlier in the discovery period because Plaintiffs never disclosed that they were communicating with them. Rather, Plaintiffs generally suggested earlier in the discovery period that they might seek discovery from a long list of providers, but said they would include Defendants if they did so. When it became clear much later that

Plaintiffs had changed their minds, Defendants realized that one of the three providers from whom Plaintiffs produced documents on June 9 was on the list Plaintiffs sent earlier in the case, the second was not, and the third had refused to respond to a subpoena from Defendants (despite multiple follow-up emails). And there was obviously no way for Defendants to seek discovery from the additional providers whose declarations and documents Plaintiffs produced on the evening of June 13.

Defendants acted diligently at all times, particularly in the face of Plaintiffs' obfuscation. *See Akey*, 2017 WL 1831944, at *4; *United States v. Tucker*, 2022 WL 5264371, at *1 (D. Nev. Aug. 31, 2022) (finding good cause because "recent depositions revealed the need for additional discovery," and the "late realization" was attributable to the other party's conduct); *FeedMe*, 2024 WL 5257016, at *3 (granting motion to modify scheduling order because plaintiffs never clearly communicated they would refuse to produce documents); *M2 Software, Inc. v. M2 Commc'ns, L.L.C.*, 217 F.R.D. 499, 500 (C.D. Cal. 2003) (allowing modification of discovery cut-off where "counsel reasonably relied to its detriment upon the representations of [counsel]").

***Prejudice to Defendants Absent the Extension***. Defendants would be prejudiced without the extension because it would prevent Defendants from understanding the belated productions containing documents on which Plaintiffs will rely to seek class certification. Since Defendants received the first production just a few days ago and the latest production on the night this motion was filed, there has barely been enough time to review the produced documents. The production consists of more than 600 pages from providers (Aiken Decl. ¶¶ 18, 21) and covers a subset of putative class members whom these providers treated. Among the questions raised by the production are:

- What did Plaintiffs ask these providers to produce, and did they produce what was requested? If not, what other relevant documents are there?
- Why did the providers only produce records related to a limited subset of putative class members whom they treated?
- What information is available about the other putative class members for whom the providers produced no documents?
- Which members (if any) were balance billed?
- Which members (if any) received and paid balance bills?

Without the extension requested here, Defendants would be unable to ask these questions because Plaintiffs did not include Defendants in their communications with these providers, and did not produce the providers' documents and declarations until just before the deadline. Just before this motion was filed, Plaintiffs produced a handful of emails with one of the providers but refused to produce their communications with the others.[2] Plaintiffs have also claimed that many of their communications with providers were over the telephone, which highlights the need to depose the providers to fully understand the questions above. The prejudice is particularly acute here because balance billing is the focus of discovery and the upcoming briefing—and the extent to which these cherry-picked documents from the providers are reliable and representative of the putative class will likely be addressed in that briefing. *See* Dkt. 472 at 1; *see also* Dkt. 469 at 20. Defendants are entitled to conduct discovery in these circumstances. *See Perez v. Safelite Grp. Inc*, 553 F. App'x 667, 668-69 (9th Cir. 2014) (reversing denial of class certification based on denial of pre-certification discovery).

***Lack of Prejudice to Plaintiffs***. There is no prejudice whatsoever to Plaintiffs from the requested extension. *See Johnson*, 975 F.2d at 609. Plaintiffs first filed this action in April 2020, filed their first motion for class certification in August 2022, and have themselves sought similar extensions. *See, e.g.*, Dkt. 1, 168, 203. Plaintiffs claim that they do not need any more discovery, and they will receive everything Defendants receive through the recently served subpoenas (and they may already have most of it). The discrete follow-up areas are limited and do not impose any substantial cost and burden on Plaintiffs or the providers. A 28-day extension cannot prejudice Plaintiffs given these facts, and Plaintiffs cannot oppose an extension by claiming prejudice from a situation of their own making.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court extend the discovery deadline by 28 days, as outlined in the chart in the proposed order filed concurrently.

---

[2] Plaintiffs refuse to produce these other communications because their counsel represents the providers "in other matters." Aiken Decl. ¶ 21. But Plaintiffs' counsel do not represent those providers in this matter, so their communications about this case cannot possibly be privileged. During the June 11 meet-and-confer, Plaintiff's counsel declined to assert privilege over their communications with the providers included in the June 9 production. The other providers didn't come up on the meet and confer because Plaintiffs withheld their materials until the night of June 13.

DATED: June 13, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ Geoffrey Sigler
    Geoffrey Sigler

*Attorney for Defendants UnitedHealthcare Insurance Company and United Behavioral Health*

– and –

PHELPS DUNBAR, LLP

By:  /s/ Errol J. King
    Errol J. King, Jr.

*Attorney for Defendant MultiPlan, Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED: June 13, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Geoffrey Sigler*
Geoffrey Sigler