LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
NICOLE R. MATTHEWS, SBN 328977
  nmatthews@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

GEOFFREY SIGLER (*pro hac vice*)
  gsigler@gibsondunn.com
DEREK K. KRAFT (*pro hac vice*)
  dkraft@gibsondunn.com
MATTHEW G. AIKEN (*pro hac vice*)
  maiken@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street. N.W.
Washington, D.C. 20036-4504
Telephone: 202.995.8500
Facsimile:  202.467.0539

Attorneys for Defendants
UNITED HEALTHCARE INSURANCE COMPANY
and UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH, and CJ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>Defendants. | Case No. 4:20-cv-02254-YGR<br><br>**DECLARATION OF MATTHEW G. AIKEN IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF FOR AN EXTENSION OF FACT DISCOVERY**<br><br>Hon. Yvonne Gonzalez Rogers |

1
DECLARATION OF MATTHEW G. AIKEN IN SUPPORT OF DEFENDANTS' MOTION ADMINISTRATIVE
RELIEF FOR AN EXTENSION OF FACT DISCOVERY
CASE NO. 4:20-CV-2254-YGR

Gibson, Dunn &
Crutcher LLP

I, Matthew G. Aiken, state and declare as follows:

1. I am of counsel at Gibson, Dunn & Crutcher LLP, and counsel of record for Defendants United Healthcare Insurance Company ("UHC") and United Behavioral Health ("UBH") (together, the "United Defendants") in the above-captioned case. I have personal knowledge of the facts set forth in this Declaration, and, if called as a witness, could and would testify competently to such facts under oath.

2. I submit this declaration under Civil Local Rules 6-1, 6-3, and 7-11 in support of the Motion for Administrative Relief filed by the United Defendants and Defendant MultiPlan, Inc. (collectively, "Defendants").

3. On March 11, 2025, following the Court's denial of Plaintiffs' renewed motion for class certification, the Court entered an order regarding a limited discovery window, with fact discovery set to close on June 13, 2025. Dkt. 472.

4. Following the Court's order, the parties met and conferred repeatedly regarding the scope of discovery that would occur within the discovery window.[1] The United Defendants also began taking discovery of third-party providers in earnest, including by subpoenaing 30 third-party providers.

5. In a March 21 telephonic meet and confer and a March 27 correspondence, the United Defendants: (1) proposed "that the parties mutually agree to give advance notice of any calls with providers related to obtaining information for the upcoming class certification briefing," in order to promote fairness and efficiency; and (2) notified Plaintiffs that "the United Defendants likely will take discovery via subpoena from any providers from whom Plaintiffs seek or obtain information for their class certification motion." The proposal that the parties include each other in communications with third-party providers is consistent with Plaintiffs' prior request in a hearing before Judge Spero that *they* be included in any discussions with third-party providers. Hr'g Tr. (Apr. 1, 2022) at 20:12-13, 21:16-18. The United Defendants' March 27 correspondence also reactivated four document requests

---

[1] Because the parties' correspondence referenced in paragraphs 7, 9, 14 to 17, and 21 contains other details that would require sealing, to avoid burdening the Court with a sealing motion, Defendants are quoting and summarizing the relevant portions in this declaration. However, if the Court would like to see any of the underlying correspondence, Defendants will provide it.

2
DECLARATION OF MATTHEW G. AIKEN IN SUPPORT OF DEFENDANTS' MOTION ADMINISTRATIVE RELIEF FOR AN EXTENSION OF FACT DISCOVERY
CASE NO. 4:20-CV-2254-YGR

Gibson, Dunn & Crutcher LLP

and one interrogatory relating to billing issues.  Those document requests seek (among other things) "[a]ll documents regarding any bills, invoices, demands for payment, collections, follow-up, account statements, or other communications about billing and payment," and "[a]ll documents reflecting any communications with a provider and/or facility (including any employee or representative of the provider and/or facility)" regarding topics like "payment," "collections," "or any other financial arrangement."  The instructions specifically call for "information and documents held by" Plaintiffs' "attorneys."  A true and correct copy of the March 27 correspondence is attached at **Exhibit A**.

6. On April 11, 2025, the United Defendants sent Plaintiffs a letter in which they proposed a path forward to enable both sides to get the information they want in the discovery period under the Court's order.  In the letter the United Defendants reiterated their request that Plaintiffs update their responses to the discovery requests listed in their March 27 letter, including "any documents or communications obtained by Plaintiffs or their counsel from third-party providers related to balance billing, either in the previous round of discovery or more recently."  The United Defendants asked that Plaintiffs confirm that they "have begun searching for and will promptly produce any responsive materials, including any responsive communications between Plaintiffs' counsel and providers, on a rolling basis."  The United Defendants closed the letter by asking Plaintiffs to "please immediately let us know" if "Plaintiffs intend to refuse to produce any responsive materials," so that the United Defendants "can seek relief from the Court if necessary."  A true and correct copy of this letter is attached hereto at **Exhibit B**.

7. The United Defendants later reiterated these requests to Plaintiffs in an April 18, 2025 email in which the United Defendants asked whether "Plaintiffs [had] begun searching for materials responsive to the five discovery requests in [the United Defendants'] March 27 letter[.]"  The United Defendants further reminded Plaintiffs that they "need to receive any responsive materials as soon as possible, on a rolling basis."  The United Defendants again stated: "[i]f you have any objections to our request or if Plaintiffs intend to refuse to produce any responsive materials, please immediately send us those objections/tell us what Plaintiffs are refusing to produce so that we can seek relief from the Court if necessary."

3
DECLARATION OF MATTHEW G. AIKEN IN SUPPORT OF DEFENDANTS' MOTION ADMINISTRATIVE
RELIEF FOR AN EXTENSION OF FACT DISCOVERY
CASE NO. 4:20-CV-2254-YGR

Gibson, Dunn &
Crutcher LLP

8. Later that same day, Plaintiffs sent a letter to the United Defendants. In the letter, Plaintiffs stated that they "intend to limit their discovery search, if possible, to those providers who have provided declarations already in this case, with the possible addition of one or more other providers." Plaintiffs (1) did not provide the names of any providers that they were seeking additional information from and (2) did not address whether they would include counsel for the United Defendants on any correspondence with third-party providers. A true and correct copy of this letter is attached hereto at **Exhibit C**.

9. On April 24, 2025, counsel for United Defendants memorialized the parties' discussion from an April 23 meet and confer. Specifically, the United Defendants memorialized that Plaintiffs confirmed that "if Plaintiffs intend to contact any providers to obtain information about balance billing or other relevant topics in this case (including any contacts outside of formal discovery), [Plaintiffs] will include [the United Defendants] on those discussions" and this agreement "is reciprocal." On April 28, counsel for Plaintiffs responded to the April 24 email and did not disagree with the characterization of the parties' agreement.

10. Based on that reciprocal agreement, the United Defendants began including Plaintiffs' counsel on meet and confers and substantive communications regarding subpoenas served on third-party providers. For example, on April 15, counsel for United included counsel for Plaintiffs on a meet and confer invite with a third-party provider. A true and correct copy of that invitation is attached at **Exhibit D.**

11. Counsel for Plaintiffs also communicated with third-party providers in the correspondence counsel for United included them on. For example, on April 30, Plaintiffs' counsel requested additional information about balance billing from a provider in the email thread United's counsel had copied them on. A true and correct copy of that email correspondence is attached at **Exhibit E**.

12. United re-produced all declarations and documents produced by third-party providers to all parties in this matter on a weekly basis.

Gibson, Dunn & Crutcher LLP

13. The United Defendants included Plaintiffs' counsel on substantive communications with third-party providers with only two exceptions. United's counsel did not include Plaintiffs' counsel on communications with a third-party provider that produced documents and signed a declaration prior to the parties' reciprocal agreement. A true and correct copy of that email correspondence is attached at **Exhibit F**. United's counsel also did not include Plaintiffs' counsel on communications with another third-party provider who stated it lacked any relevant materials. A true and correct copy of that email correspondence is attached at **Exhibit G.** The United Defendants previously produced declarations from both providers to Plaintiffs in April and May.

14. On April 30, the United Defendants asked via email whether Plaintiffs had "anything to produce in response to the five discovery requests in [the] March 27 letter." In that email, the United Defendants also reminded Plaintiffs that on an April 23 call, Plaintiffs "said they had begun searching for responsive materials but hadn't yet found any," and again asked that Plaintiffs "promptly produce any responsive materials on a rolling basis, including any responsive communications between Plaintiffs' counsel and providers . . . as Plaintiffs agreed to do on our April 23 call."

15. On May 19, the United Defendants emailed Plaintiffs asking "to discuss the parties' plans for the remainder of the discovery period in order to avoid unnecessary disputes or last-minute surprises." The email also raised the parties' reciprocal communications agreement because the United Defendants had not been included on any meet and confers or any of Plaintiffs' communications with third-party providers, even though Plaintiffs were invited to participate and engage in the United Defendants' meet and confers and communications with providers.

16. On May 22, Plaintiffs, for the first time, disputed the parties' reciprocal communications agreement, even though Plaintiffs had been participating in the United Defendants' meet and confers and communications with third-party providers for over a month.

17. On May 30, Plaintiffs again disputed the reciprocal communications agreement but acknowledged that "Plaintiffs agreed to use their best efforts to include [the United Defendants] on scheduled calls with providers" and insisted that the United Defendants include Plaintiffs on all

5
DECLARATION OF MATTHEW G. AIKEN IN SUPPORT OF DEFENDANTS' MOTION ADMINISTRATIVE RELIEF FOR AN EXTENSION OF FACT DISCOVERY
CASE NO. 4:20-CV-2254-YGR

Gibson, Dunn & Crutcher LLP

provider communications, including "unexpected calls." Plaintiffs did not include counsel for the United Defendants on any calls or communications with any third-party providers.

18. On Monday, June 9, four days before the close of fact discovery, Plaintiffs produced materials they received from three third-party providers consisting of over 600 pages of documents. To the best of our knowledge, Plaintiffs did not serve subpoenas on these providers. And of the three providers, only one had "provided declarations already in this case" as represented in Plaintiffs' April 18, 2025 letter. Because Plaintiffs failed to include the United Defendants on any communications with any providers, the United Defendants had no reason to know that Plaintiffs would be producing information from any providers, let alone these providers, prior to this production. Moreover, the one provider that had previously provided declarations in this case (United Recovery Project) was separately subpoenaed by the United Defendants during this brief discovery period. The provider refused to engage with the United Defendants and did not produce documents in response to the United Defendants' subpoena. At no point did the provider disclose to the United Defendants that it was in contact with Plaintiffs or that it would be producing documents to them.

19. Because of Plaintiffs' June 9 production, Defendants now have confirmation that Plaintiffs were communicating with providers during the discovery period. As a result, the parties will soon be bringing a joint discovery dispute before Judge Spero seeking disclosure of Plaintiffs' communications with the third-party providers.

20. On June 11, 2025, in a meet and confer between the United Defendants and Plaintiffs, counsel for the United Defendants asked whether Plaintiffs would stipulate to a brief extension of the discovery period so that the United Defendants could serve discovery on the third-party providers from whom Plaintiffs produced documents. Plaintiffs did not agree to this extension and did not provide a reason for this lack of consent. Plaintiffs further failed to articulate a reason why they would be prejudiced by a brief extension. During the meet and confer, Plaintiffs' counsel also informed the United Defendants that they would not produce their written communications with third-party providers in response to the United Defendants' discovery requests, because they had a different "interpretation" of the scope of the United Defendants' requests.

6
DECLARATION OF MATTHEW G. AIKEN IN SUPPORT OF DEFENDANTS' MOTION ADMINISTRATIVE RELIEF FOR AN EXTENSION OF FACT DISCOVERY
CASE NO. 4:20-CV-2254-YGR

Gibson, Dunn & Crutcher LLP

21. On the night of June 13, Plaintiffs emailed the United Defendants stating for the first time that they "have had communications with third-party providers regarding the issue of balance billing," including written communications with four providers. Plaintiffs continued to dispute the reciprocal communications agreement but reaffirmed their prior commitment to "us[ing] [their] best efforts to include United on scheduled calls." Plaintiffs produced their communications with United Recovery Project, but refused to produce as to the other three providers because Plaintiffs' counsel represents those providers in other matters. During the June 11 meet and confer, Plaintiff's counsel declined to assert privilege over their communications with the three providers included in the June 9 production, two of whom are represented by Plaintiffs' counsel "in other matters." The United Defendants plan to subpoena the fourth provider, whom Plaintiffs' counsel did not bring up until the night of June 13.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 13, 2025

By: */s/ Matthew G. Aiken*
      Matthew G. Aiken

7
DECLARATION OF MATTHEW G. AIKEN IN SUPPORT OF DEFENDANTS' MOTION ADMINISTRATIVE RELIEF FOR AN EXTENSION OF FACT DISCOVERY
CASE NO. 4:20-CV-2254-YGR

Gibson, Dunn & Crutcher LLP

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED: June 13, 2025                    Respectfully submitted,

                                        GIBSON, DUNN & CRUTCHER LLP


                                        By:     /s/ Geoffrey Sigler
                                                Geoffrey Sigler

8

DECLARATION OF MATTHEW G. AIKEN IN SUPPORT OF DEFENDANTS' MOTION ADMINISTRATIVE RELIEF FOR AN EXTENSION OF FACT DISCOVERY
CASE NO. 4:20-CV-2254-YGR

Gibson, Dunn & Crutcher LLP