# EXHIBIT A

**GIBSON DUNN**

Derek K. Kraft
Associate Attorney
T: +1 202.887.3771
dkraft@gibsondunn.com

March 27, 2025

VIA ELECTRONIC MAIL

Matthew M. Lavin
Thomas E. Kelly
Arnall Golden Gregory LLP
1775 Pennsylvania Ave NW, Suite 1000
Washington, DC 20006

David M. Lilienstein
DL Law Group
345 Franklin Street
San Francisco, CA 94102

Re:   *LD, et al. v. United Behavioral Health, et al.*, Case No. 20-cv-02254-YGR (N.D. Cal.)

Dear Counsel:

On behalf of the United Defendants, I write to follow up on our March 21, 2025 meet and confer call to discuss fact discovery, and Plaintiffs' counsel's March 25 email requesting production of voluminous member identifying information. As the parties discussed, the fact discovery period (which runs until June 13) is short. The United Defendants therefore request Plaintiffs' prompt response to these issues.

***Plaintiffs' inaccurate description of the parties' February 26 meet and confer.*** Plaintiffs' March 25 email (Attachment A) claims that on the February 26 meet and confer, "Plaintiffs requested a non-deidentified class list from United"—i.e., the claims data already produced by the United Defendants, but with members' identifying information included— "which United agreed to provide." Attachment A at 1. Neither of those things happened on February 26. As you know, the February 26 meet and confer occurred *before* the Court reopened fact discovery. The purpose of that meet and confer was to discuss the parties' forthcoming joint report to the Court with the parties' positions on "a briefing schedule for the renewed motion for class certification." Dkt. 471 at 2. On that call, Plaintiffs never said that they would seek identifying information for each of the many thousands of claims at issue in this case, which would have contradicted their repeated assurances in the joint report that discovery would be "narrow," "targeted," and "focused." *See id.* at 2-3. Nor did the United Defendants "agree[] to provide" anything. To the contrary, we told Plaintiffs there should be

**GIBSON DUNN**

Matthew M. Lavin
Thomas E. Kelly
David M. Lilienstein
March 27, 2025
Page 2

no further discovery of any kind.  In fact, Plaintiffs' portion of the joint report represented to the Court that "[o]n February 26, 2025, . . . . the United Defendants refused to compromise on the issue of discovery prior to additional briefing."  Dkt. 471 at 2.

*Plaintiffs' planned discovery.*  The first time Plaintiffs asked for "identified" versions of the claims data was in an email on March 17—six days after the Court reopened fact discovery.  *See* Attachment A at 5.  In addition to seeking identified claims data, that email asked the United Defendants to reproduce materials that had been produced by providers in the summer of 2022—all "within the next 24 hours."  *Id.*  We informed Plaintiffs that the provider materials had already been produced to Plaintiffs in full,[1] but Plaintiffs asked us to send those materials again because they "can't find it."  *Id.* at 3-4. We then reproduced the provider materials within two days, and promptly proposed a meet and confer call to discuss Plaintiffs' request for identified claims data and the scope of discovery more generally.  *Id.* at 3.

That meet and confer occurred on March 21.  As we explained on that call, when compiling the claims data for production during prior fact discovery, the United Defendants did not pull member names for the entire data set (and Plaintiffs did not request those names at the time).  On the March 21 call, we explicitly told Plaintiffs that gathering identifying information for the many thousands of claims would be extraordinarily burdensome, unnecessary given the likely focus of discovery, and likely not feasible during this short fact discovery period.[2]  Thus, Plaintiffs agreed to send a narrower list of 14 or so providers, so that the United Defendants could explore the possibility of producing identified claims data for the in-scope claims of those providers.  Plaintiffs also told us that provider materials already in the record might have the information that Plaintiffs need; they therefore agreed to review that record material and reconsider whether production of identified claims data was necessary.  Please immediately let us know whether Plaintiffs have completed this review.

On the March 21 call, Plaintiffs said they would send their list of 14 or so providers by the morning of March 24 at the latest, but it wasn't until March 25—two weeks after the Court reopened discovery—that we received a list that was 50 providers long.  We will explore

---

[1] We confirm that the United Defendants have sent Plaintiffs all documents we received from providers and other third parties in response to our subpoenas in this matter.

[2] It would also be troubling to produce voluminous member identifying information and protected health material, given Plaintiffs' counsel's careless treatment of the previously-produced provider materials and apparent violations of the protective order.  *See* Dkts. 463, 467.

**GIBSON DUNN**

Matthew M. Lavin
Thomas E. Kelly
David M. Lilienstein
March 27, 2025
Page 3

whether it's possible to timely produce identified in-scope claims data for these 50 providers. In the meantime, however, we would like to meet and confer to discuss narrowing Plaintiffs' request for identified claims data. Please let us know what times would work for a call to discuss.

As we also explained on our March 21 call, the scope of the United Defendants' discovery will depend in large part on which and how many providers from whom Plaintiffs seek information. For this reason, please confirm that Plaintiffs' provider list includes all providers from whom Plaintiffs have sought or intend to seek information to support their upcoming class certification motion—whether through discovery or informal means—regardless of whether Plaintiffs will request identified claims data for those providers.

***Parties' calls with providers.*** During the original fact discovery period, Plaintiffs "requested to be included on any discussions [between] providers" and the United Defendants, and the United Defendants obliged Plaintiffs' request. Hr'g Tr. (April 1, 2022) at 20:12-13, 21:16-18. On the parties' March 21 call, the United Defendants proposed that the parties mutually agree to give advance notice of any calls with providers related to obtaining information for the upcoming class certification briefing. This mutual arrangement would promote fairness and efficiency, by ensuring that all parties stay informed of any conversations with providers about the issues. This would obviate the inefficient need for a party to report on conversations with providers and would enable parties to act quickly on any information relayed by providers.

Plaintiffs said they would consider our request; please immediately let us know whether Plaintiffs will agree, so that the United Defendants may seek relief from the Court if necessary. Plaintiffs would not need to include the United Defendants on calls with providers about non-substantive procedural or logistical issues (e.g., extensions of time for providers to respond to Plaintiffs' requests).

***United Defendants' third party discovery.*** As we explained on the March 21 call, the United Defendants likely will take discovery via subpoena from any providers from whom Plaintiffs seek or obtain information for their class certification motion. The United Defendants may also take discovery from additional providers, depending on which providers are included on Plaintiffs' list. For these reasons, and as requested above, it is critical that Plaintiffs confirm they have sent us the full list of providers from whom Plaintiffs have sought or intend to seek information to support their upcoming class certification motion as soon as possible.

**GIBSON DUNN**

Matthew M. Lavin
Thomas E. Kelly
David M. Lilienstein
March 27, 2025
Page 4

*Plaintiffs' discovery responses*.  Some of the United Defendants' discovery requests already served on Plaintiffs are also relevant to the upcoming class certification briefing.  To that end, please respond to the interrogatory and produce documents responsive to the requests Production listed below, to the extent relevant to the issues of "balance billing and standard of review identified" in the Court's February 6 order denying class certification (Dkt. 469):

- RFP 8:  All documents regarding any bills, invoices, demands for payment, collections, follow-up, account statements, or other communications about billing and payment regarding any claim for benefits for mental health and/or substance abuse disorders, including the amounts alleged in paragraphs 29, 358, 360–61, 507, and 525 of the Complaint.

- RFP 9:  All documents regarding any amounts billed, allowed, reimbursed, or paid for treatment of mental health and/or substance abuse disorders, including any "UCR" amounts.

- RFP 10: All documents reflecting any communications with a provider and/or facility (including any employee or representative of the provider and/or facility) regarding benefits, payment, reimbursement, a payment plan or schedule, discounts, collections, waivers, write-offs, UCR, or any other financial arrangement related to treatment of mental health and/or substance abuse disorders.

- RFP 11: All documents reflecting any payments for treatment of mental health and/or substance abuse disorders, including any cancelled checks, credit card statements, account statements, and debit records.

- IROG 13: For each treatment identified in response to Interrogatory Nos. 1 and 12, identify each communication with a provider and/or facility (including any employee or representative of the provider and/or facility) about benefits, coverage, payment, reimbursement, a payment plan or schedule, discounts, demands for payment, collections, waivers, write-offs, "UCR," or any other financial arrangements related to the treatment.

For avoidance of doubt, these requests would encompass any responsive communications between Plaintiffs' counsel and providers.  Please let us know when we can expect Plaintiffs to produce materials and information responsive to these requests.

\* \* \* \* \* \* \*

**GIBSON DUNN**

Matthew M. Lavin  
Thomas E. Kelly  
David M. Lilienstein  
March 27, 2025  
Page 5

      Thank you for your prompt response to these matters. Please let us know your availability to meet and confer.

Best regards,

*/s/ Derek K. Kraft*

Derek K. Kraft

cc: All counsel of record

# ATTACHMENT A

# Kraft, Derek K.

| | |
|---|---|
| **From:** | Kelly, Tom E. <Tom.Kelly@AGG.com> |
| **Sent:** | Tuesday, March 25, 2025 11:28 AM |
| **To:** | Kraft, Derek K.; Matt.Lavin@AGG.com; Sigler, Geoffrey |
| **Cc:** | Aiken, Matthew G.; Matthews, Nicole R.; Blas, Lauren M.; Kasabian, Andrew M.; Ferraro, Justin F.; Nicole.Wemhoff@AGG.com; Gwynn, Kiera C.; Ritter-Wiseman, Jeremy B. |
| **Subject:** | RE: LD et al v. United Behavioral Health et al Order |

**This Message Is From an External Sender**
This message came from outside your organization.

Counsel –

Following the Court's Order denying Plaintiffs' renewed motion for class certification, the parties met and conferred on February 26, 2025, to discuss an updated schedule and joint report. During that discussion, Plaintiffs requested a non-deidentified class list from United, which United agreed to provide. On March 21, 2025—one month after the initial conference—Plaintiffs and United met and conferred again regarding this request. For the first time, United's counsel indicated they do not have access to the data and that obtaining it could take months.

Given the limited discovery period, Plaintiffs need to match putative class members with balance bills issued by providers and cannot wait for United's estimated timeline. If United cannot provide the full non-deidentified class list promptly, Plaintiffs request the production of claims data for putative class members with claims linked to 50 specified providers—representing just 0.03% of the providers in United's deidentified class list. After United produces this data, Plaintiffs ask that the full non-deidentified class list be provided as soon as possible.

Please confirm when we can expect the deidentified class data for these 50 providers. Additionally, please confirm whether United has produced all documents it received from providers and other third parties in response to its subpoenas in this matter.

Best,
Tom

1. A Better Life Recovery
2. Arise Recovery Centers of America
3. BOLD Health
4. Bridging the Gaps
5. Clear Life Recovery
6. High Watch Recovery Center
7. La Jolla Recovery Center
8. New Life Treatment Center
9. Northeast Addiction Treatment Center
10. Nova Recovery Center
11. Ocean Breeze Recovery Center
12. Pacific Palms Recovery
13. Pacific Recovery Solutions
14. Pathway to Hope
15. PCI West Lake
16. RECO Intensive Care
17. Recovering Champions dba Cape Cod Behavioral Health

18. Recovery Village at Palmer Lake
19. Royal Life Centers
20. Silicon Beach Outpatient Treatment Center
21. South Miami Recovery Center
22. Stepping Stone of San Diego
23. The Edge Treatment Center
24. United Recovery Project
25. Windmill Wellness Ranch
26. Desert Cove Recovery Center
27. Legacy Health Center Margate
28. Transformations Treatment Center Inc.
29. Keystone Recovery Center Inc.
30. Advanced Health & Education MHSA
31. White Sands Treatment Center
32. Holistic Recovery Center
33. Beach House Center for Recovery
34. Sandstone Care Colorado LLC
35. Indiana Center for Recovery LLC
36. Insight Behavioral Health and Addiction
37. Blvd Centers Inc.
38. California Prime Recovery Services Inc.
39. Immersion Recovery Center LLC
40. The Beaches Treatment Center LLC
41. Crestview Recovery Services LLC
42. Recovery In Tune LLC
43. White Sands Treatment Center of Tampa
44. Ohio Addiction Recovery Center
45. A New Start Inc
46. Recovering Life Services LLC
47. Beachside Rehab
48. Oxford Treatment Center
49. Pinnacle Peak Recovery LLC
50. Willow Springs Recovery LLC

## Thomas E. Kelly
**OF COUNSEL**
d 404.873.8133

**ARNALL GOLDEN GREGORY LLP**
*Celebrating 75 Years*

---

**From:** Kraft, Derek K. <DKraft@gibsondunn.com>
**Sent:** Tuesday, March 18, 2025 5:48 PM
**To:** Lavin, Matt <Matt.Lavin@AGG.com>; Sigler, Geoffrey <GSigler@gibsondunn.com>
**Cc:** Aiken, Matthew G. <MAiken@gibsondunn.com>; Matthews, Nicole R. <NMatthews@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Kasabian, Andrew M. <AKasabian@gibsondunn.com>; Ferraro, Justin F. <Justin.Ferraro@AGG.com>; Wemhoff, Nicole E. <Nicole.Wemhoff@AGG.com>; Gwynn, Kiera C. <Kiera.Gwynn@AGG.com>; Ritter-Wiseman, Jeremy B. <Jeremy.Ritter-Wiseman@AGG.com>; Kelly, Tom E. <Tom.Kelly@AGG.com>
**Subject:** [EXTERNAL] RE: LD et al v. United Behavioral Health et al Order

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thanks, Matt. We're available to meet and confer at 3pm ET on Friday. We'll send an invite. And we will aim to re-produce the Summer 2022 third-party provider productions before our call.

**Derek K. Kraft**
Associate Attorney

T: +1 202.887.3771
DKraft@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W., Washington, D.C. 20036-4504

---

**From:** Lavin, Matt <Matt.Lavin@AGG.com>
**Sent:** Tuesday, March 18, 2025 11:58 AM
**To:** Sigler, Geoffrey <GSigler@gibsondunn.com>
**Cc:** Kraft, Derek K. <DKraft@gibsondunn.com>; Aiken, Matthew G. <MAiken@gibsondunn.com>; Matthews, Nicole R. <NMatthews@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Kasabian, Andrew M. <AKasabian@gibsondunn.com>; Ferraro, Justin F. <Justin.Ferraro@AGG.com>; Nicole.Wemhoff@AGG.com; Gwynn, Kiera C. <Kiera.Gwynn@AGG.com>; Ritter-Wiseman, Jeremy B. <Jeremy.Ritter-Wiseman@AGG.com>; Tom.Kelly@AGG.com
**Subject:** RE: LD et al v. United Behavioral Health et al Order

Geoff, could you please reproduce that Summer 2022 production? We have changed document management systems since then. Maybe that's why we can't find it. If it is possible to do today, that would b=great and we will keep an eye out for the identified data. There is a short time for this discovery.

We can meet & confer on Friday. Either between 10am-1pm, or 2pm -4pm.

Matt Lavin
**PARTNER**
d 202.677.4959

**ARNALL GOLDEN GREGORY LLP**
*Celebrating 75 Years*

---

**From:** Sigler, Geoffrey <GSigler@gibsondunn.com>
**Sent:** Tuesday, March 18, 2025 10:34 AM
**To:** Lavin, Matt <Matt.Lavin@AGG.com>
**Cc:** Kraft, Derek K. <DKraft@gibsondunn.com>; Aiken, Matthew G. <MAiken@gibsondunn.com>; Matthews, Nicole R. <NMatthews@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Kasabian, Andrew M. <AKasabian@gibsondunn.com>
**Subject:** [EXTERNAL] RE: LD et al v. United Behavioral Health et al Order

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Matt, if you could send correspondence like this to the complete defense team, so that it can be reviewed and analyzed promptly on our side, I would appreciate it. I am adding my colleagues here.

From your email, I think there may be some confusion on your side. My understanding is that in Summer 2022 we produced to you the third party providers' productions without any added redactions by Gibson Dunn. See attached transmittal letters. Perhaps you are looking not at these productions, but at the as-filed versions of these documents, because we made additional redactions of PHI/PII prior to filing them with the Court. But the key point is, you should have what we have from our productions in Summer 2022—let me know if this resolves your request related to the third party productions.

On your other request related to claim data, we are reviewing your request to add names to the data files we previously produced in 2022, but will need some time to figure out what would be involved in doing that. This is the first time we've received this request, and it isn't something that can be turned around in 24 hours.

This email exchange highlights for me the need to meet and confer more broadly on what discovery will look like in this phase of the case, to ensure that things go as efficiently and expeditiously as possible—and hopefully avoiding one-off emails to each other demanding 24-hour turnarounds. Could we schedule a call for this Thursday or Friday? I suggest we include MultiPlan's counsel as well.

Geoff

**Geoffrey Sigler**
Partner

T: +1 202.887.3752 | M: +1 703.304.1035
GSigler@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W., Washington, D.C. 20036-4504

---

**From:** Lavin, Matt <Matt.Lavin@AGG.com>
**Sent:** Monday, March 17, 2025 12:13 PM
**To:** Sigler, Geoffrey <GSigler@gibsondunn.com>
**Subject:** LD et al v. United Behavioral Health et al Order

Hi Geoff:

We were looking at the supporting documents for the declarations and many of them appear to be redacted by your firm for PHI/PII. I realize some 3d pty declarants may have made redactions themselves, but many redactions are clearly Gibson redactions. (e.g. Pacific Palms) We need to match up patient names on the balance bills with the claims for the putative class and we need the unredacted versions to do that. We also need the "identified" version of the original claims data for the putative class that you produced, and it needs to show patient names.

PHI/PII is obviously covered under the PO. Kindly produce the above to us within the next 24 hours, by 12pm est on March 18.

**Matt Lavin**
**PARTNER**
d 202.677.4959

**ARNALL GOLDEN GREGORY LLP**
*Celebrating 75 Years*

---

**From:** ECF-CAND@cand.uscourts.gov <ECF-CAND@cand.uscourts.gov>
**Sent:** Tuesday, March 11, 2025 9:24 PM
**To:** efiling@cand.uscourts.gov
**Subject:** [EXTERNAL] Activity in Case 4:20-cv-02254-YGR LD et al v. United Behavioral Health et al Order

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

California Northern District

### Notice of Electronic Filing

The following transaction was entered on 3/11/2025 at 7:23 PM and filed on 3/11/2025
**Case Name:**     LD et al v. United Behavioral Health et al
**Case Number:**     4:20-cv-02254-YGR

**Filer:**

**Document Number:** 472

**Docket Text:**
ORDER RE: SCHEDULE FOR LIMITED DISCOVERY AND SUBSEQUENT BRIEFING. Close of Fact Discovery due by 6/13/2025. Plaintiff's Renewed Motion for Class Certification due by 7/14/2025. Defendant's Response due by 8/4/2025. Plaintiff's Reply due by 8/25/2025. Hearing on renewed Motion for Class Certification set for 9/9/2025, at 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Signed by Judge Yvonne Gonzalez Rogers on 3/11/2025. (eac, COURT STAFF) (Filed on 3/11/2025)

**4:20-cv-02254-YGR Notice has been electronically mailed to:**

**Brittany Holt Alexander**     brittany.alexander@phelps.com

**Craig L Caesar**     Craig.Caesar@phelps.com, trisha.crombie@phelps.com

**Damon David Eisenbrey**     damon.eisenbrey@agg.com

**David M. Lilienstein**     david@dllawgroup.com, dani@dllawgroup.com, staff@dllawgroup.com

**Derek Kraft**     dkraft@gibsondunn.com

**Errol J King , Jr**     errol.king@phelps.com, cheryl.johnston@phelps.com, naya.wiley@phelps.com

**Geoffrey M. Sigler**     GSigler@gibsondunn.com

**Heather Lynn Richardson**     HRichardson@gibsondunn.com

**James Rogers Wiseman**     james.wiseman@agg.com

**Joshua Lipton**     Jlipton@gibsondunn.com

**Katherine C. Mannino**     katie.mannino@phelps.com

**Katie Joy Spielman**     katie@dllawgroup.com

**Lauren Margaret Blas**     lblas@gibsondunn.com, PACER-CA@gibsondunn.com

**Matthew M. Lavin**     matt.lavin@agg.com, christi.ellingson@agg.com, James.Wiseman@agg.com, Jeremy.Ritter-Wiseman@agg.com, Nicole.Wemhoff@agg.com

**Nicole Wemhoff**     nicole.wemhoff@agg.com

**Nicole Renee Matthews**     NMatthews@gibsondunn.com, agomez@gibsondunn.com

**Richard Collins**     rich.collins@agg.com, JKirwin@callahan-law.com

**Richard Gustavo Garcia**     rgg@mmker.com, ldp@manningllp.com

**Scott S. Humphreys**     humphreyss@ballardspahr.com, garciaej@ballardspahr.com, kumaim@ballardspahr.com, LitDocket_West@ballardspahr.com

**Taylor J Crousillac**     taylor.crousillac@phelps.com

**Thomas Edward Kelly**     tom.kelly@agg.com

**Wendy Aline Mitchell**     WAMitchell@napolilaw.com, kurrea@napolilaw.com, MLavin@napolilaw.com, SBlackmar@napolilaw.com

**4:20-cv-02254-YGR Please see** Local Rule 5-5**; Notice has NOT been electronically mailed to:**

**The following document(s) are associated with this transaction:**

**Document description:** Main Document
**Original filename:** C:\fakepath\(20-2254) Order re Limited Discovery Schedule.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=3/11/2025] [FileNumber=22211622-0]
[90c05da4f89ded61e245f1c178fb46a696b9249b8fd7271ac2bc1ec3f8e26aff3c1f
87623edce280c946bc4fdd253326841e44764499e5931ccde28ee51d5a26]]

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.