# EXHIBIT B

**GIBSON DUNN**

Derek K. Kraft
Associate Attorney
T: +1 202.887.3771
dkraft@gibsondunn.com

April 11, 2025

<u>VIA ELECTRONIC MAIL</u>

Matthew M. Lavin
Thomas E. Kelly
Arnall Golden Gregory LLP
1775 Pennsylvania Ave NW, Suite 1000
Washington, DC 20006

David M. Lilienstein
DL Law Group
345 Franklin Street
San Francisco, CA 94102

Re:  <u>LD, et al. v. United Behavioral Health, et al.</u>, Case No. 20-cv-02254-YGR (N.D. Cal.)

Dear Counsel:

I write on behalf of the United Defendants to follow up on our March 27 letter, Matt Lavin's March 28 email, our April 1 meet and confer, and Tom Kelly's April 2 email. Below is a proposed path forward that we believe should allow both sides to get the information they want in the discovery period under the Court's order. Please let us know if you agree to this approach, or if you would like to set a call to discuss.

***Member names.*** We understand that Plaintiffs are asking the United Defendants to produce "the patient names [of putative class members] to match with names with the balance bills that have already been produced." *See* Matt Lavin's March 28 email. We have been working diligently with our client to address this request and can agree to provide patient names for this purpose, beginning next week, on the conditions below.

**GIBSON DUNN**

Matthew M. Lavin
Thomas E. Kelly
David M. Lilienstein
April 11, 2025
Page 2

Based on our review of the documents produced in the case, 17 providers have produced billing documentation. *See* Dkt. 469 at 15-16; *see also* Dkt. 415-25 at 25.[1] Thus, we expect we could produce patient names for those 17 providers by early next week. We could also produce patient names for the claims in our random sample, as described in Matt Aiken's letter dated March 28, by early next week that the produced claim data can be matched to any billing documents produced in response to the subpoenas. If billing documentation is produced by other providers, we are willing to explore production of patient names for those providers at an appropriate time.

However, before we produce any patient names, Plaintiffs must confirm agreement to the following procedures to ensure this sensitive data is protected and not misused, and to prevent disputes between the parties on these issues down the road. To that end, we are attaching a proposed stipulation addressing the following issues: (1) confirming all parties and counsel will abide by the terms of the protective order in treating any putative class member identities as CONFIDENTIAL-ATTORNEYS' EYES ONLY under the Protective Order (Dkt. 25), and disclose it only for the limited purpose required for this litigation described above; (2) requiring counsel on both sides to include each other on any communications with providers (oral or written) in which putative class member identities are disclosed to the providers; (3) requiring counsel on both sides to make good faith, reasonable efforts to include each other on any communications (oral or written) with providers about substantive matters related to any subpoenas or other requests for billing information (e.g., discussing the scope of documents or information to be requested/collected); and (4) for any billing documents or information received from such providers to be promptly produced to all parties. With respect to (3), our proposal is that purely procedural discussions (e.g., about extensions or timing) would not require all counsel to be included, and that if counsel cannot reasonably be included in a call on substantive issues (e.g., if an incoming call is received unexpected from a provider or its counsel) that counsel would promptly circulate a summary of the call afterwards. We view this as consistent with the parties' discussions to date, and also with directions from the Court in the last round of third-party discovery. *See* Dkt. 125 at ¶ 6.

---

[1] These 17 providers are Arise Recovery Centers of America, BOLD Health, Bridging the Gaps, Northeast Addiction Treatment Center, Nova Recovery Center, Ocean Breeze Recovery Center dba Pathway to Hope, Pacific Palms Recovery, Pacific Recovery Solutions, PCI West Lake, Recovering Champions dba Cape Cod Behavioral Health, Royal Life Centers, Summit Estate, Silicon Beach Outpatient Treatment Center, South Miami Recovery Center, Stepping Stone of San Diego, Desert Cove Recovery Center, and Windmill Wellness Ranch. Note that Ocean Breeze Recovery Center and Pathway to Hope are listed as two separate providers in Plaintiffs' list, but they share a National Provider Identifier number.

**GIBSON DUNN**

Matthew M. Lavin
Thomas E. Kelly
David M. Lilienstein
April 11, 2025
Page 3

We would also like to clarify Plaintiffs' requests for this type of information. We have reviewed the various lists of providers for which Plaintiffs have requested patient identities to date: (1) the list of 50 providers sent on March 25; (2) 26 "declarant providers" highlighted in yellow in Plaintiffs' April 2 email; and (3) the 12 "declarant providers" you listed orally on our April 1 meet and confer.[2] We are concerned that we are not seeing billing documentation in the discovery record for most of these providers, however—we only see it for the 17 providers listed in footnote 1 above. Nor are we seeing declarations in the record for most of the "declarant providers." This raises two concerns: (1) that Plaintiffs have documents that were not produced to us—please let us know what you are referencing for these providers, and (2) we want to ensure that any produced patient identities are being protected and used for a proper purpose of matching data to produced billing documentation—a purpose that would be impossible for those providers that have not produced any such documentation based on our records. Please let us know your response to these issues.

***United Defendants' third-party discovery.*** Contrary to Plaintiffs' assertions, the United Defendants' subpoenas to providers are entirely proper. As you know, it was our position that there should have been no further discovery. Now that Plaintiffs have succeeded in reopening discovery specifically to get more information from providers, the United Defendants are likewise entitled to take discovery from providers on the issues identified in the Court's order denying class certification. We understand from our April 1 call that Plaintiffs may have objections to the subpoenas, and we asked you to make objections in writing. It is unclear what standing Plaintiffs would have to object, but in any event we have not yet received any objections. To be clear, Plaintiffs should not attempt to interfere with our subpoenas by contacting the providers or their counsel to suggest non-compliance, as Plaintiffs did in the previous round of discovery.

***Plaintiffs' discovery responses.*** In our March 27 letter, we made a narrow request for Plaintiffs to update their responses to four requests for production and one interrogatory to the extent relevant to the issues of "balance billing and standard of review identified" in the Court's February 6 order denying class certification. This would include any documents or communications obtained by Plaintiffs or their counsel from third-party providers related to balance billing, either in the previous round of discovery or more recently. On our April 1

---

[2] The 12 providers listed orally on the April 1 call are Arise Recovery Centers of America, Pathway to Hope, PCI Westlake, Recovering Champions Cape Cod, Northeast Addictions Treatment Center, Nova Recovery Center, Ocean Breeze Recovery Center, Pacific Palms Recovery, Pacific Recovery Solutions, South Miami Recovery Center, Summit Wellness Group, United Recovery Project. On that call, Plaintiffs said they would send an email with two more "declarant providers," but never did.

**GIBSON DUNN**

Matthew M. Lavin
Thomas E. Kelly
David M. Lilienstein
April 11, 2025
Page 4


call, we asked whether Plaintiffs had begun searching for responsive information, but Plaintiffs did not say whether they had. Instead, Plaintiffs said they would serve objections in writing.

It is unclear what objections would be appropriate at this stage, because we served these requests and received Plaintiffs' written responses and objections during the previous phase of discovery, and we are just asking for supplemental responses at this point—but if you have anything to add please do so promptly and no later than April 17. This should not take long, as these five discovery requests were originally served (and objected to) years ago. Regardless of any objections, please confirm that Plaintiffs have begun searching for and will promptly produce any responsive materials, including any responsive communications between Plaintiffs' counsel and providers, on a rolling basis. If Plaintiffs intend to refuse to produce any responsive materials, please immediately let us know so that we can seek relief from the Court if necessary.

Thank you for your prompt attention to these issues.


Best regards,


*/s/ Derek K. Kraft*


Derek K. Kraft


cc: All counsel of record