# EXHIBIT C



2100 Pennsylvania Avenue NW<br>
Suite 350S<br>
Washington, D.C. 20037<br>
Direct Phone: 202.677.4959<br>
Email: matt.lavin@agg.com

April 18, 2025

**VIA EMAIL**

Derek K. Kraft
Gibson Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

    Re:  *LD, et al. v. United Behavioral Health, et al.,* **Case No. 20-cv-02254-YGR (N.D. Cal.)**

Dear Counsel:

    We are writing in response to your letters dated March 27 and April 11, as well as your email correspondence dated April 18 (collectively, the "Letters"). These communications misrepresent both the record and substance of the parties' recent discussions and appear to be an attempt to delay and obstruct the limited fact discovery ordered by the Court.

### I.  *United's Description of the Parties' February 26 Conference*

    The purpose of the February 26 conference was to discuss the joint report ordered by the Court in its ruling denying without prejudice Plaintiffs' renewed motion for class certification as to the damages class. (*See* Dkt. No. 469, the "Class Order.") As part of that discussion, Plaintiffs indicated that they would request that discovery be re-opened for the limited purpose of gathering evidence related to balance billing, consistent with the Court's discussion of numerosity in the Class Order. Plaintiffs disagree with United's remaining characterizations of the February 26 conference contained in the March 27 Letter, which are now decidedly moot. Indeed, the Court agreed with Plaintiffs' request and proposed schedule set forth in the joint report, and re-opened discovery by order dated March 11, 2025. (*See* Dkt. No. 472, the "Discovery Order.")

### II.  *Plaintiffs' Request for Class List*

    United again mischaracterizes Plaintiffs' conduct—in this instance, Plaintiffs' narrow, reasonable, and entirely *routine* request for identified claims data related to a limited group of providers. United possesses this data, and Plaintiffs require it to satisfy the Court's directive on numerosity and prepare the renewed class certification motion. This request was communicated

| www.agg.com



April 18, 2025
Page 2

promptly after the Court reopened discovery and is foundational to collecting the information requested by the Court in the Class Order. Despite this, United still has not produced a single patient name.

United's repeated references to burden are unsupported and have grown increasingly implausible. United and its affiliate Optum are among the largest healthcare data processors in the country. Producing identified claims data for a few dozen providers, representing just 0.03% of the providers in United's de-identified class list should be an unremarkable task that could be completed in a matter of hours, not months. The fact that United has already compiled and produced this data in de-identified form goes directly to the bad faith nature of this conduct. It is difficult to see these delay tactics as anything other than a transparent effort to "slow roll" discovery and impede Plaintiffs efforts to gain information requested by the Class Order.

In fact, after claiming for weeks that it would take United months to provide Plaintiffs with the identified claims data, United now states in its April 11 Letter that it can provide *some* of this data in a matter of days, but only if Plaintiffs agree to additional terms and conditions United seeks to impose on Plaintiffs. Plaintiffs are not required to justify their entitlement to a class list. As United knows, this is a standard form of discovery in class litigation. *See Jerozal v. Stryker Corp.*, No. CV 22-4094-GW-AFMx, 2023 U.S. Dist. LEXIS 234648, at *19 (C.D. Cal. Aug. 22, 2023); *see also Amaraut v. Sprint/United Mgmt. Co.*, No. 3:19-cv-00411-WQH-AHG, 2020 U.S. Dist. LEXIS 7558, 2020 WL 8024170, at *6 (S.D. Cal. Jan. 14, 2020); *see also Adamov v. Pricewaterhouse Coopers LLP*, No. 2:13-cv-01222-TLN-AC, 2017 U.S. Dist. LEXIS 211210, 2017 WL 6558133, at *2 (E.D. Cal. Dec. 22, 2017) ("Especially when the material is in the possession of the defendant, the court should allow the plaintiff enough discovery to obtain evidence as to whether a class action is maintainable.").

Plaintiffs are entitled to a complete, identified class list without further delay or unnecessary meet-and-confer discussions intended solely to avoid production. United has no basis to impose conditions on this information or withhold such information unless Plaintiffs agree to United's terms. The parties are already subject to a protective order in this case, which undermines one of United's purported justifications for requiring a stipulation. Moreover, contrary to United's demand that Plaintiffs agree to its unnecessary and duplicative stipulation, any identified claims data provided by United should be designated as CONFIDENTIAL, not CONFIDENTIAL-ATTORNEY'S EYES ONLY, pursuant to the terms of the existing protective order. Accordingly, no stipulation is necessary, as confidentiality issues are already governed by that order.

United's remaining "terms" are an attempt by United to unilaterally control provider communications or demand oversight over Plaintiffs' investigative efforts. Plaintiffs will fully comply with their discovery obligations imposed by the federal rules, which includes all Parties' ongoing obligations to supplement discovery responses, as needed. To the extent that Plaintiffs engage in scheduled meet and confers with a provider and/or a provider's counsel, Plaintiffs will make all reasonable efforts to provide advanced notice to Defendants.



April 18, 2025
Page 3

However, United cannot use its desire to micro-manage Plaintiffs investigative efforts as a basis for withholding information to which Plaintiffs are rightfully entitled. Plaintiffs have repeatedly informed United that they intend to limit their discovery search, if possible, to those providers who have provided declarations already in this case, with the possible addition of one or more other providers. Consistent with those statements, on March 25, 2025, Plaintiffs provided Defendants with a request for de-identified class data for 50 providers. This list of 50 providers included providers who completed declarations in this case, as well as providers with the largest number of prospective class members, based on Plaintiffs' review of the claims data. Plaintiffs informed United of this methodology during the Parties' April 1 meet and confer call. United's stated concerns regarding the basis for Plaintiffs' provider list are unfounded. (*See* April 11 Letter at 3.) Plaintiffs continue to be forthcoming regarding the avenues of discovery they are pursuing during this limited discovery window and have even provided Defendants with a list of the providers that Plaintiffs are targeting.

On April 2, Plaintiffs informed United of 26 priority providers in an effort to streamline the receipt of the necessary claims data. We again renew our request that United immediately produce patient names for the declarant providers referenced in the Court's order, consistent with our email to you dated April 2, 2025, attached as **Exhibit A**.

### III.     United's Provider Subpoenas

After numerous disingenuous complaints regarding the purportedly burdensome scope of Plaintiffs' data requests, United recently issued **thirty** surprise third-party subpoenas for documents and depositions to its own separate list of providers—*many of whom were already subpoenaed by United*. This tactic raising serious concerns about whether these subpoenas are merely a thinly veiled intimidation campaign, designed to harass and browbeat healthcare providers in the hope of deterring them from producing relevant information, demonstrated by the omission of the limited scope and length of the discovery window in the cover letters to the subpoenas. United's actions will certainly prolong and overcomplicate numerosity discovery during this limited period, when less oppressive and far more efficient methods can easily be pursued.

In the event that United sends any provider a template or draft declaration seeking a signature, as United has done in the past, Plaintiffs request a copy of those declarations as soon as they are sent to that provider or that provider's counsel.

### IV.     Plaintiffs' Discovery Responses

Finally, with respect to United's previously served discovery requests, Plaintiffs will respond and produce relevant responsive materials in a timely manner following receipt, consistent with the Court's order and our continuing discovery obligations under Rule 26. But let us be clear: United's own compliance with basic discovery obligations—including production of patient identifiers for an infinitesimally small set of claims—is long overdue.



April 18, 2025
Page 4

### V. Defendants' Additional Discovery

To the extent that Defendants are, or intend to, conduct discovery during this limited discovery window on any topic other than numerosity, such as but not limited to, predominance, Plaintiffs request that Defendants notify us as soon as possible. If additional discovery is undertaken, Plaintiffs request copies of whatever evidence Defendants procure, even if provided to defense counsel by the Defendants themselves.

Please let us know your availability next week for a meet and confer call.

Sincerely,

ARNALL GOLDEN GREGORY LLP

*/s/ Matt Lavin*

Matthew M. Lavin

cc:   *All counsel of record*

# **EXHIBIT A**

**Archived:** Wednesday, April 16, 2025 2:22:36 PM
**From:** Kelly, Tom E.
**Sent:** Wednesday, April 2, 2025 3:05:10 PM
**To:** Kraft, Derek K.; Lavin, Matt; Sigler, Geoffrey
**Cc:** Aiken, Matthew G.; Matthews, Nicole R.; Blas, Lauren M.; Kasabian, Andrew M.; Ferraro, Justin F.; Wemhoff, Nicole E.; Gwynn, Kiera C.; Ritter-Wiseman, Jeremy B.
**Subject:** RE: LD et al v. United Behavioral Health et al Order
**Sensitivity:** Normal

Derek –

Following up on yesterday's conversation, below is our list of 50 providers, which was circulated on Tuesday, March 25. To streamline the process, Plaintiffs request that United first pull data for the declarant providers highlighted in yellow. Once that data is collected and produced, we ask that United proceed with the remaining providers on the list (not highlighted), followed by the full non-deidentified class list, as requested in our March 25 email.

Thank you,
Tom

**Thomas E. Kelly**
**OF COUNSEL**
d 404.873.8133

**ARNALL GOLDEN GREGORY LLP**
*Celebrating 75 Years*

---

**From:** Kelly, Tom E.
**Sent:** Tuesday, March 25, 2025 11:28 AM
**To:** Kraft, Derek K. <DKraft@gibsondunn.com>; Lavin, Matt <Matt.Lavin@AGG.com>; Sigler, Geoffrey <GSigler@gibsondunn.com>
**Cc:** Aiken, Matthew G. <MAiken@gibsondunn.com>; Matthews, Nicole R. <NMatthews@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Kasabian, Andrew M. <AKasabian@gibsondunn.com>; Ferraro, Justin F. <Justin.Ferraro@AGG.com>; Wemhoff, Nicole E. <Nicole.Wemhoff@AGG.com>; Gwynn, Kiera C. <Kiera.Gwynn@agg.com>; Ritter-Wiseman, Jeremy B. <Jeremy.Ritter-Wiseman@agg.com>
**Subject:** RE: LD et al v. United Behavioral Health et al Order

Counsel –

Following the Court's Order denying Plaintiffs' renewed motion for class certification, the parties met and conferred on February 26, 2025, to discuss an updated schedule and joint report. During that discussion, Plaintiffs requested a non-deidentified class list from United, which United agreed to provide. On March 21, 2025—one month after the initial conference—Plaintiffs and United met and conferred again regarding this request. For the first time, United's counsel indicated they do not have access to the data and that obtaining it could take months.

Given the limited discovery period, Plaintiffs need to match putative class members with balance bills issued by providers and cannot wait for United's estimated timeline. If United cannot provide the full non-deidentified class list promptly, Plaintiffs request the production of claims data for putative class members with claims linked to 50 specified providers—representing just 0.03% of the providers in United's deidentified class list. After United produces this data, Plaintiffs ask that the full non-deidentified class list be provided as soon as possible.

Please confirm when we can expect the deidentified class data for these 50 providers. Additionally, please confirm whether United has produced all documents it received from providers and other third parties in response to its

subpoenas in this matter.

Best,
Tom

1. A Better Life Recovery
2. Arise Recovery Centers of America
3. BOLD Health
4. Bridging the Gaps
5. Clear Life Recovery
6. High Watch Recovery Center
7. La Jolla Recovery Center
8. New Life Treatment Center
9. Northeast Addiction Treatment Center
10. Nova Recovery Center
11. Ocean Breeze Recovery Center
12. Pacific Palms Recovery
13. Pacific Recovery Solutions
14. Pathway to Hope
15. PCI West Lake
16. RECO Intensive Care
17. Recovering Champions dba Cape Cod Behavioral Health
18. Recovery Village at Palmer Lake
19. Royal Life Centers
20. Silicon Beach Outpatient Treatment Center
21. South Miami Recovery Center
22. Stepping Stone of San Diego
23. The Edge Treatment Center
24. United Recovery Project
25. Windmill Wellness Ranch
26. Desert Cove Recovery Center
27. Legacy Health Center Margate
28. Transformations Treatment Center Inc.
29. Keystone Recovery Center Inc.
30. Advanced Health & Education MHSA
31. White Sands Treatment Center
32. Holistic Recovery Center
33. Beach House Center for Recovery
34. Sandstone Care Colorado LLC
35. Indiana Center for Recovery LLC
36. Insight Behavioral Health and Addiction
37. Blvd Centers Inc.
38. California Prime Recovery Services Inc.
39. Immersion Recovery Center LLC
40. The Beaches Treatment Center LLC
41. Crestview Recovery Services LLC
42. Recovery In Tune LLC
43. White Sands Treatment Center of Tampa
44. Ohio Addiction Recovery Center
45. A New Start Inc
46. Recovering Life Services LLC
47. Beachside Rehab
48. Oxford Treatment Center
49. Pinnacle Peak Recovery LLC
50. Willow Springs Recovery LLC

Thomas E. Kelly
**OF COUNSEL**
d 404.873.8133

**ARNALL GOLDEN GREGORY LLP**
*Celebrating 75 Years*

---

**From:** Kraft, Derek K. <DKraft@gibsondunn.com>
**Sent:** Tuesday, March 18, 2025 5:48 PM
**To:** Lavin, Matt <Matt.Lavin@AGG.com>; Sigler, Geoffrey <GSigler@gibsondunn.com>
**Cc:** Aiken, Matthew G. <MAiken@gibsondunn.com>; Matthews, Nicole R. <NMatthews@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Kasabian, Andrew M. <AKasabian@gibsondunn.com>; Ferraro, Justin F. <Justin.Ferraro@AGG.com>; Wemhoff, Nicole E. <Nicole.Wemhoff@AGG.com>; Gwynn, Kiera C. <Kiera.Gwynn@AGG.com>; Ritter-Wiseman, Jeremy B. <Jeremy.Ritter-Wiseman@AGG.com>; Kelly, Tom E. <Tom.Kelly@AGG.com>
**Subject:** [EXTERNAL] RE: LD et al v. United Behavioral Health et al Order

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thanks, Matt. We're available to meet and confer at 3pm ET on Friday. We'll send an invite. And we will aim to re-produce the Summer 2022 third-party provider productions before our call.

**Derek K. Kraft**
Associate Attorney

T: +1 202.887.3771
DKraft@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W., Washington, D.C. 20036-4504

---

**From:** Lavin, Matt <Matt.Lavin@AGG.com>
**Sent:** Tuesday, March 18, 2025 11:58 AM
**To:** Sigler, Geoffrey <GSigler@gibsondunn.com>
**Cc:** Kraft, Derek K. <DKraft@gibsondunn.com>; Aiken, Matthew G. <MAiken@gibsondunn.com>; Matthews, Nicole R. <NMatthews@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Kasabian, Andrew M. <AKasabian@gibsondunn.com>; Ferraro, Justin F. <Justin.Ferraro@AGG.com>; Nicole.Wemhoff@AGG.com; Gwynn, Kiera C. <Kiera.Gwynn@AGG.com>; Ritter-Wiseman, Jeremy B. <Jeremy.Ritter-Wiseman@AGG.com>; Tom.Kelly@AGG.com
**Subject:** RE: LD et al v. United Behavioral Health et al Order

Geoff, could you please reproduce that Summer 2022 production? We have changed document management systems since then. Maybe that's why we can't find it. If it is possible to do today, that would b=great and we will keep an eye out for the identified data. There is a short time for this discovery.

We can meet & confer on Friday. Either between 10am-1pm, or 2pm -4pm.

Matt Lavin
**PARTNER**

d 202.677.4959

**ARNALL GOLDEN GREGORY LLP**
*Celebrating 75 Years*

**From:** Sigler, Geoffrey <GSigler@gibsondunn.com>
**Sent:** Tuesday, March 18, 2025 10:34 AM
**To:** Lavin, Matt <Matt.Lavin@AGG.com>
**Cc:** Kraft, Derek K. <DKraft@gibsondunn.com>; Aiken, Matthew G. <MAiken@gibsondunn.com>; Matthews, Nicole R. <NMatthews@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Kasabian, Andrew M. <AKasabian@gibsondunn.com>
**Subject:** [EXTERNAL] RE: LD et al v. United Behavioral Health et al Order

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Matt, if you could send correspondence like this to the complete defense team, so that it can be reviewed and analyzed promptly on our side, I would appreciate it. I am adding my colleagues here.

From your email, I think there may be some confusion on your side. My understanding is that in Summer 2022 we produced to you the third party providers' productions without any added redactions by Gibson Dunn. See attached transmittal letters. Perhaps you are looking not at these productions, but at the as-filed versions of these documents, because we made additional redactions of PHI/PII prior to filing them with the Court. But the key point is, you should have what we have from our productions in Summer 2022—let me know if this resolves your request related to the third party productions.

On your other request related to claim data, we are reviewing your request to add names to the data files we previously produced in 2022, but will need some time to figure out what would be involved in doing that. This is the first time we've received this request, and it isn't something that can be turned around in 24 hours.

This email exchange highlights for me the need to meet and confer more broadly on what discovery will look like in this phase of the case, to ensure that things go as efficiently and expeditiously as possible—and hopefully avoiding one-off emails to each other demanding 24-hour turnarounds. Could we schedule a call for this Thursday or Friday? I suggest we include MultiPlan's counsel as well.

Geoff

**Geoffrey Sigler**
Partner

T: +1 202.887.3752 | M: +1 703.304.1035
GSigler@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1700 M Street, N.W., Washington, D.C. 20036-4504

---

**From:** Lavin, Matt <Matt.Lavin@AGG.com>
**Sent:** Monday, March 17, 2025 12:13 PM
**To:** Sigler, Geoffrey <GSigler@gibsondunn.com>
**Subject:** LD et al v. United Behavioral Health et al Order

Hi Geoff:

We were looking at the supporting documents for the declarations and many of them appear to be redacted by your firm for PHI/PII. I realize some 3d pty declarants may have made redactions themselves, but many redactions are clearly Gibson redactions. (e.g. Pacific Palms) We need to match up patient names on the balance bills with the claims for the putative class and we need the unredacted versions to do that. We also need the "identified" version of the original claims data for the putative class that you produced, and it needs to show patient names.

PHI/PII is obviously covered under the PO. Kindly produce the above to us within the next 24 hours, by 12pm est on March 18.

**Matt Lavin**
**PARTNER**
d 202.677.4959

**ARNALL GOLDEN GREGORY LLP**
*Celebrating 75 Years*

---

**From:** ECF-CAND@cand.uscourts.gov <ECF-CAND@cand.uscourts.gov>
**Sent:** Tuesday, March 11, 2025 9:24 PM
**To:** efiling@cand.uscourts.gov
**Subject:** [EXTERNAL] Activity in Case 4:20-cv-02254-YGR LD et al v. United Behavioral Health et al Order

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** **Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

**Notice of Electronic Filing**

The following transaction was entered on 3/11/2025 at 7:23 PM and filed on 3/11/2025

**Case Name:**     LD et al v. United Behavioral Health et al
**Case Number:**   4:20-cv-02254-YGR
**Filer:**
**Document Number:** 472

**Docket Text:**
ORDER RE: SCHEDULE FOR LIMITED DISCOVERY AND SUBSEQUENT BRIEFING. Close of Fact Discovery due by 6/13/2025. Plaintiff's Renewed Motion for Class Certification due by 7/14/2025. Defendant's Response due by 8/4/2025. Plaintiff's Reply due by 8/25/2025. Hearing on renewed Motion for Class Certification set for 9/9/2025, at 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Signed by Judge Yvonne Gonzalez Rogers on 3/11/2025. (eac, COURT STAFF) (Filed on 3/11/2025)


**4:20-cv-02254-YGR Notice has been electronically mailed to:**

**Brittany Holt Alexander**     brittany.alexander@phelps.com

**Craig L Caesar**     Craig.Caesar@phelps.com, trisha.crombie@phelps.com

**Damon David Eisenbrey**     damon.eisenbrey@agg.com

**David M. Lilienstein**     david@dllawgroup.com, dani@dllawgroup.com, staff@dllawgroup.com

**Derek Kraft**     dkraft@gibsondunn.com

**Errol J King , Jr**     errol.king@phelps.com, cheryl.johnston@phelps.com, naya.wiley@phelps.com

**Geoffrey M. Sigler**     GSigler@gibsondunn.com

**Heather Lynn Richardson**     HRichardson@gibsondunn.com

**James Rogers Wiseman**     james.wiseman@agg.com

**Joshua Lipton**     Jlipton@gibsondunn.com

**Katherine C. Mannino**     katie.mannino@phelps.com

**Katie Joy Spielman**     katie@dllawgroup.com

**Lauren Margaret Blas**     lblas@gibsondunn.com, PACER-CA@gibsondunn.com

**Matthew M. Lavin**     matt.lavin@agg.com, christi.ellingson@agg.com, James.Wiseman@agg.com, Jeremy.Ritter-Wiseman@agg.com, Nicole.Wemhoff@agg.com

**Nicole Wemhoff**     nicole.wemhoff@agg.com

**Nicole Renee Matthews**     NMatthews@gibsondunn.com, agomez@gibsondunn.com

**Richard Collins**         rich.collins@agg.com, JKirwin@callahan-law.com

**Richard Gustavo Garcia**         rgg@mmker.com, ldp@manningllp.com

**Scott S. Humphreys**         humphreyss@ballardspahr.com, garciaej@ballardspahr.com, kumaim@ballardspahr.com, LitDocket_West@ballardspahr.com

**Taylor J Crousillac**         taylor.crousillac@phelps.com

**Thomas Edward Kelly**         tom.kelly@agg.com

**Wendy Aline Mitchell**         WAMitchell@napolilaw.com, kurrea@napolilaw.com, MLavin@napolilaw.com, SBlackmar@napolilaw.com

**4:20-cv-02254-YGR Please see** Local Rule 5-5**; Notice has NOT been electronically mailed to:**

**The following document(s) are associated with this transaction:**

**Document description:** Main Document
**Original filename:** C:\fakepath\(20-2254) Order re Limited Discovery Schedule.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=3/11/2025] [FileNumber=22211622-0]
[90c05da4f89ded61e245f1c178fb46a696b9249b8fd7271ac2bc1ec3f8e26aff3c1f
87623edce280c946bc4fdd253326841e44764499e5931ccde28ee51d5a26]]

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.