UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>UNITED BEHAVIORAL HEALTH, et al.,<br><br>   Defendants. | Case No. 20-cv-02254-YGR (JCS)<br><br>**ORDER RE JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 480 |

In the parties' June 18, 2025 Joint Discovery Letter, dkt. no. 480 ("Joint Letter"), Defendants ask the Court to compel Plaintiffs to produce their written communications between Plaintiffs' counsel and certain third-party providers regarding balance billing. According to Defendants, "Plaintiffs dumped 600+ pages of balance billing documents" obtained through informal discovery from providers that were clients of Plaintiffs' counsel in other matters but they have "largely refused to explain what the providers [were] asked to search for or produce, even though this information is highly relevant to the question whether the productions are representative of the putative class . . . or cherrypicked and unreliable." Joint Letter at 2. The request is DENIED.

Based on the Court's review of the parties' arguments in the Joint Letter and the record presented in connection with the related motion for an extension of the discovery cut-off, which was referred to the undersigned for a Report and Recommendations, the Court finds that production of these document is disproportionate to the needs of the case -- mostly because Defendants will very likely learn nothing relevant from the documents, and their production could only follow briefing and decision on the attorney client privilege issue implicated by the request.

The primary reason for the Court's conclusion is that the request appears to be moot as

Plaintiffs have already produced their communications with the one provider at issue who is not represented by Plaintiffs' counsel in other matters and Plaintiffs represent that their communications with the providers that are clients of Plaintiffs' counsel were identical. Under those circumstances, Defendants will not learn anything new if they obtain the documents they seek. On the other side of the equation, there will be discovery disputes related to the production of communications between counsel for Plaintiffs and the providers that are their clients that will require briefing and further Court intervention and could threaten the schedule that has been set by the district judge for Plaintiffs' renewed class certification motion.

Further, as set forth in its Report and Recommendations regarding Defendants' request for an extension of fact discovery, Defendants were not diligent in pursuing relief from the Court in connection with Plaintiffs' informal discovery, having failed to seek relief from the Court when Plaintiffs refused to enter into the stipulation proposed by Defendant relating to the sharing of information about provider discovery. In addition, while Defendants issued subpoenas to 30 providers that they randomly selected, while fact discovery was open, they apparently did not attempt to conduct discovery targeting the providers on the list of 50 providers that *Plaintiffs* identified at the outset of discovery as the focus of their discovery efforts. Had they done so, Defendants could have obtained the balance billing evidence they contend they need to respond to Plaintiffs' renewed class certification motion.

For these reasons, the Court DENIES Defendants' request in the Joint Discovery Letter.

**IT IS SO ORDERED.**

Dated: June 26, 2025

_____
JOSEPH C. SPERO
United States Magistrate Judge

2