LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
NICOLE R. MATTHEWS, SBN 328977
  nmatthews@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendants UNITED
BEHAVIORAL HEALTH and
UNITEDHEALTHCARE INSURANCE
COMPANY

GEOFFREY SIGLER (*pro hac vice*)
  gsigler@gibsondunn.com
DEREK K. KRAFT (*pro hac vice*)
  dkraft@gibsondunn.com
MATTHEW G. AIKEN (*pro hac vice*)
  maiken@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: 202.887.3752
Facsimile: 202.530.9635

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH and CJ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York corporation,<br><br>Defendants. | CASE NO. 4:20-cv-02254-YGR-JCS<br><br>**UNITED DEFENDANTS' MOTION FOR RELIEF FROM JUNE 26 DISCOVERY ORDER PURSUANT TO L.R. 72-2**<br><br>Hearing: None set<br>Time: None set<br>Location: Oakland Courthouse, Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, CA 94612<br><br>Complaint filed: April 2, 2020<br>Third Amended Complaint filed: Sept. 10, 2021 |

Pursuant to Local Rule 72-2, the United Defendants hereby move for relief from the nondispositive pretrial discovery order issued on June 26, 2025, Dkt. 485 (the "June Order"), denying United's motion to compel Plaintiffs to produce highly relevant communications with third-party providers about their balance billing of plan members.

Dating back to the beginning of this discovery period, in March 2025, United has been requesting these communications because they are critical to the upcoming briefing on class certification. Plaintiffs initially agreed to produce them on a rolling basis, but as discovery was about to close, Plaintiffs made a production that they concede was incomplete—*i.e.*, excluding Plaintiffs' communications with several providers that would (1) explain what documents these providers produced and (2) expose any cherry-picking in the selection of these documents by Plaintiffs or the providers.

The June Order denying United's motion to compel these communications is clearly erroneous, contrary to law, and should be reversed.

## RELEVANT BACKGROUND

Providers' balance billing documents and practices are central to the forthcoming class certification briefing and—at Plaintiffs' request—were the focus of the parties' discovery over the past few months.  On February 6, 2025, the Court denied Plaintiffs' second class certification motion in part because "the affirmative evidence suggest[ed] that a majority of the class received no balance bill, and were not injured."  Dkt. 469 at 18.  On March 11, the Court reopened discovery limited "solely to the issues of balance billing and standard of review," with a deadline of June 13.  Dkts. 472, 469.

Shortly after discovery opened, on March 27, Defendants requested that Plaintiffs supplement their responses to one interrogatory and four document requests relevant to balance billing, including the specific request that Plaintiffs produce "any responsive communications between Plaintiffs' counsel and providers."  Ex. A at 4.[1]  Plaintiffs never objected to these discovery requests, and they initially said they would produce all responsive documents.  For example, Plaintiffs' April 18 letter agreed to "produce relevant responsive materials in timely manner following receipt," and on an April 23 call, Plaintiffs committed to produce documents "on a rolling basis."  *See* Ex. D at 3 & Ex. H at 13–14.

---

[1] All exhibits are to the Declaration of Matthew G. Aiken ("Aiken Decl.") filed concurrently.

Despite those commitments, Plaintiffs withheld *all* responsive documents until June 9 and June 13. Dkt. 486 at 2-3. On those dates, Plaintiffs made incomplete productions: they produced declarations and documents from providers about their balance billing practices, and related email communications with one provider.

On a June 11 call, Plaintiffs told United for the first time that they were withholding Plaintiffs' counsel's communications with providers about balance billing because those communications were somehow not responsive to United's document requests (although they later abandoned that argument). Dkt. 486 at 3. And on the day of the discovery cutoff, June 13, Plaintiffs told United for the first time that they were withholding responsive communications with three other providers because Plaintiffs' counsel represents those providers in "other matters." Aiken Decl. ¶ 15. They did not claim that these communications were privileged (nor could they), let alone provide any privilege log—they just said they were refusing to produce them.

Later that same day, Defendants moved to extend the fact discovery cutoff to allow them to file a motion to compel and to serve subpoenas on the third-party providers related to Plaintiffs' last-minute productions. Dkts. 477, 480. On June 26, Magistrate Judge Spero denied both motions, for reasons that are addressed below. Dkts. 484-85.

## ARGUMENT

The June Order should be set aside because it is clearly erroneous, contrary to law, and deprives United of discovery into key balance-billing evidence that Plaintiffs strategically withheld until the discovery deadline. *See* Fed. R. Civ. P. 72(a). The June Order concluded that compelling production of Plaintiffs' communications with providers would be disproportionate to the needs of this case, and that United hadn't been diligent in seeking relief.[2] Both findings were clearly erroneous.

***Provider communications are highly relevant and not unduly burdensome***. On proportionality, the June Order concludes that United would "learn nothing relevant" because Plaintiffs withheld communications that they represented are "identical" to the produced communications with provider United Recovery. June Order at 1–2. But it was error to rely on Plaintiffs' untested assertion. If the

---

[2] United incorporates the arguments regarding diligence included in Defendants' separately filed Motion for Relief from June 26 Report & Recommendation. Dkt. 486.

communications were truly "identical" Plaintiffs should have simply produced them—and in any event the entire purpose of discovery is to test assertions by a party's counsel, so Defendants should have been permitted to do so here.  It's also impossible for the communications to be completely identical because, at a minimum, Plaintiffs must have sent different lists of patient names and would have communicated with providers regarding their declarations, which are themselves unique.  *Compare, e.g.*, Ex. I, *with* Ex. J.  Those lists and correspondence are directly relevant to United's ability to understand how the providers selected the material regarding balance billing, including whether they were cherry-picked.  *Se*e Dkt. 469 at 20.[3]

The June Order also overstates the burden (if any) of producing a handful of emails by assuming that they may be privileged because Plaintiffs' counsel represents the providers in "other matters."  June Order at 2.  Plaintiffs never objected to United's requests on this basis.  *See* Dkt. 477-3 at 4; Aiken Decl. ¶¶ 5, 15.  Plaintiffs also never claimed privilege over these communications—in response to United's many requests over the past several months, *e.g.*, Dkts. 477-3 at 3-4; 477-4 at 3, Aiken Decl. ¶¶ 5, 15, nor in the parties' Joint Discovery Letter Brief itself, Dkt. 480.  The most Plaintiffs have ever argued, in opposing United's motion, was that these communications "*may* be privileged."  *Id.* at 3 (emphasis added).  Merely raising the possibility of privilege is insufficient to claim its protections. *See United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002), *as amended on denial of reh'g* (Mar. 13, 2002); *In re Imperial Corp. of Am.*, 174 F.R.D. 475, 477 (S.D. Cal. 1997).  If Plaintiffs were in fact asserting privilege, they were required to produce a privilege log, or at least sharpen their arguments into an actual claim of privilege; failing to do so waives the privilege.  *See Martin*, 278 F.3d at 1000; *In re Imperial Corp. of Am.*, 174 F.R.D. at 477 (citing *Clarke v. Am. Com. Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)).

---

[3] For the avoidance of doubt, United is seeking Plaintiffs' counsel's communications with *any* third-party about balance billing—including any communications Plaintiffs had with providers aside from the ones included in their June productions.  There is reason to believe Plaintiffs have had relevant communications with other providers.  *See* Ex. H at 1 ("[Plaintiffs] had written communications with some providers, *including* United Recovery Project, RECO Intensive, Indiana Center for Recovery, and the Recovery Team.") (emphasis added).  If Plaintiffs had other responsive, non-privileged communications with other third parties, and buried those communications or the resulting information because it did not help their case, they should be required to produce them.

Plaintiffs presumably did not claim privilege or serve a privilege log because the requested communications are not privileged. The June Order did not explain why counsel's representation of the providers in "other matters" would allow them to claim privilege over communications about *this matter*, where counsel represent individual patients, not providers. *See Does 1-5 v. Kaiser Found. Health Plan, Inc.*, 2025 WL 815934, at *3 (N.D. Cal. Mar. 14, 2025). United's requests are limited to *this case* and do not seek to probe the separate matters in which Plaintiffs' counsel may represent these providers.[4] The June Order's finding—which rested exclusively on the fact that the pertinent providers are Plaintiffs' clients in *other matters*—is therefore clearly erroneous and contrary to law.

***Defendants acted diligently.*** The June Order found that Defendants should have sought relief from the Court on April 18, when Plaintiffs refused to enter United's proposed stipulation regarding the parties including each other on communications with providers, and should have served subpoenas on all 50 providers that Plaintiffs told United they were considering targeting in discovery. Dkt. 486 at 1; June Order at 2. This too was clearly erroneous. As elaborated in Defendants' motion for relief from Judge Spero's June 26 Report & Recommendation, Plaintiffs initially agreed to the substance of the stipulation (even if they refused to file it) and never objected to United's document requests for communications with providers, which are separate from United's proposed stipulation. In fact, Plaintiffs' April 18 letter expressly committed to "timely" producing responsive documents. Ex. D at 3; Dkt. 486 at 2. Serving subpoenas on all 50 providers on Plaintiffs' list wouldn't have yielded the balance billing discovery that United needs to oppose class certification. United subpoenaed provider United Recovery in April, yet United Recovery never produced *anything* to Defendants, including the materials that it provided to Plaintiffs—all of which were withheld until the last week of discovery. Dkt. 486 at 5. And the June Order does not explain how Defendants could have taken discovery from provider Recovery Team, which was not on Plaintiffs' list and remained undisclosed until June 13.

---

[4] The providers are represented by entirely separate counsel in this case, which Plaintiffs confirmed multiple times. *E.g.*, Ex. M at 1.

1

2

3

4

**CONCLUSION**

For the foregoing reasons, Defendants request that this Court order Plaintiffs to produce all documents responsive to the document requests in its March 27 letter, including all of Plaintiffs' counsel's communications with providers about balance billing.

5

6

7     DATED: June 10, 2025

8                                                      GIBSON, DUNN & CRUTCHER LLP

9

10                                                     By:   /s/ Geoffrey Sigler
                                                             Geoffrey Sigler

11                                                     Attorney for Defendants UNITED BEHAVIORAL
                                                       HEALTH and UNITEDHEALTHCARE INSURANCE
12                                                     COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28