UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LD, DB, BW, RH and CJ, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation, and MULTIPLAN, INC., a New York corporation,<br><br>*Defendants*. | Case No. 4:20-cv-02254-YGR<br><br>[~~PROPOSED~~] **ORDER GRANTING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO L.R. 7-11 RELATED TO PLAINTIFFS' PROTECTIVE ORDER VIOLATIONS**<br><br>Hon. Yvonne Gonzalez Rogers |

Gibson, Dunn & Crutcher LLP

[~~PROPOSED~~] ORDER GRANTING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO L.R. 7-11 RELATED TO PLAINTIFFS' PROTECTIVE ORDER VIOLATIONS
CASE NO. 4:20-CV-2254-YGR

**[PROPOSED] ORDER**

Defendants have filed a Motion for Administrative Relief Pursuant to Civil L.R. 7-11 requesting that Plaintiffs be ordered to submit a (1) log of Plaintiffs' unauthorized disclosures; and (2) copies of the signed acknowledgements and agreements to be bound that Plaintiffs obtained from recipients of Defendants' Protected Materials. *Apple, Inc. v. Samsung Elecs. Co.*, 2013 WL 5693759, at *7 (N.D. Cal. Oct. 15, 2013) ("To preserve the integrity of protective orders, which are essential to all litigation, the Court must act swiftly in ensuring that protective orders are complied with and that violations are dealt with appropriately."). Having considered the motion and the accompanying declaration of Nicole R. Matthews, and for good cause appearing:[1]

IT IS HEREBY ORDERED that with fourteen days of this Order, Plaintiffs are required to provide Defendants with the following:

1. A log of all disclosures, by Plaintiffs or their counsel/agents, of any Protected Material to anyone other than the categories of individuals permitted to see these materials in Sections 7.2 and 7.3 of the protective order (Dkt. 25). The proposed log should include the following: (1) the name(s) of the disclosing and receiving persons; (2) the date and method of the disclosure (e.g., email, secure transfer, oral conversation, etc.); (3) a description of any Protected Materials (documents or other information) disclosed, with Bates numbers where applicable; (4) the reason for disclosure; and (5) a certification from Plaintiffs' counsel of record (Matthew Lavin) that the log is complete and accurate.

2. Copies of the "Acknowledgment and Agreement to be Bound" (i.e., Exhibit A to Dkt. 25) executed by each person to whom such disclosures were made.

**IT IS SO ORDERED.**

DATE: July 17, 2025

_____
Hon. Yvonne Gonzalez Rogers

---

[1] Plaintiffs' assertion that any violation of the protective order in this was case "inadvertent or accidental," and that no violation occurred because a common interest agreement with the government requires the government to maintain confidentiality is besides the point. A common interest agreement with a third party does not give plaintiffs the right to violate the protective order governing this case.

Gibson, Dunn & Crutcher LLP

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO L.R. 7-11 RELATED TO PLAINTIFFS' PROTECTIVE ORDER VIOLATIONS
CASE NO. 4:20-CV-2254-YGR