1  Matthew M. Lavin (pro hac vice)
   matt.lavin@agg.com
2  Arnall Golden Gregory LLP
   2100 Pennsylvania Avenue, NW
3  Suite 350S
   Washington, D.C. 20037
4  Telephone:    202.677.4959
   Facsimile:    202.677.4031
5
   David M. Lilienstein, SBN 218923
6  david@dllawgroup.com
   Katie J. Spielman, SBN 252209
7  katie@dllawgroup.com
   DL Law Group
8  345 Franklin St.
   San Francisco, CA 94102
9  Telephone:    415.678.5050
   Facsimile:    415.358.8484
10
11 Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD, et al., | Case No. 4:20-cv-02254-YGR-JCS |
| Plaintiffs, | Hon. Yvonne Gonzalez Rogers |
| v. | **Declaration of Matthew M. Lavin in Support of Plaintiffs' Opposition to Defendants' Sanctions Motion (ECF 506)** |
| United Behavioral Health, Inc., et al., | |
| Defendants. | |

ARNALL GOLDEN GREGORY LLP
LIMITED LIABILITY PARTNERSHIP
2100 Pennsylvania Ave., NW
Suite 350S
Washington, DC 20037
Telephone: 202.677.4040
WWW.AGG.COM

I, Matthew M. Lavin, one of the counsel of record for Plaintiffs, declare under penalty of perjury, that the following is true and correct, based on my personal knowledge:

1.      I am an attorney at law duly licensed to practice before all courts in the District of Columbia and admitted pro hac vice in this matter. I am a partner at Arnall Golden Gregory LLP ("AGG"), and lead counsel for Plaintiffs in the instant action.

2.      I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.

3.      This is the first sanctions motion ever directed at me, and I have never been sanctioned by any court. As discussed below, I recognize that I made an error in judgment in this case, and I intend never to repeat it.

4.      In 2022, the Department of Labor ("DOL") requested that Plaintiffs enter into a Common Interest Agreement ("CIA") with the DOL to facilitate the DOL's pre-existing investigation of Defendants for the conduct at issue in this litigation.

5.      The DOL had explained to me that signing protective orders in private litigation was against agency policy and that the DOL instead conducts information-sharing with counsel under its own confidentiality and common-interest framework.

6.      The CIA, dated July 18, 2022, between Plaintiffs and the DOL provides, inter alia, that: (1) "All Shared Information shall be shared or exchanged between the Parties solely pursuant to this agreement and the common legal interest it protects"; (2) "To the extent permitted by applicable procedural and ethical rules and any other applicable law, the Party receiving Privileged Shared Information will maintain the confidentiality of such Privileged Shared Information provided by another Party"; and (3) "Any Shared Information received by a Party shall not be disclosed, either voluntarily or in response to a request, subpoena, or other court order that would, fairly construed, seek production of Shared Information to anyone not a Party to this Agreement, without the permission of the Party that provided that Shared Information."

7.      Acting under the CIA, and in response to the DOL's requests, Aaron Modiano, former counsel at AGG, and I made limited disclosures to the DOL. Specifically, there were

Declaration in Support of Plaintiffs'
Opposition to Defendants' Sanctions Motion

ARNALL GOLDEN GREGORY LLP
LIMITED LIABILITY PARTNERSHIP
2100 Pennsylvania Ave., NW
Suite 350S
Washington, DC 20037
Telephone: 202.677.4040
WWW.AGG.COM

1    four transmissions in total: three secure uploads by Mr. Modiano to the DOL's KiteShare system

2    and one email by me to the DOL.. Those transmissions occurred between August 17, 2022 and

3    October 19, 2022.

4        8.    Those transmissions are the disclosures reflected on the log Plaintiffs provided to

5    Defendants pursuant to the Court's July 17, 2025 Order, ECF 491, and filed with the Defendants'

6    Motion for Sanctions, *see* ECF 506-2 ("Disclosure Log").

7        9.    Aside from those four transmissions, I am not aware of any other disclosure of

8    protected material to the DOL, as I certified in the Disclosure Log.

9        10.    To prepare the Disclosure Log, I and other attorneys at AGG conducted due

10   diligence, searching our document management system, attorney email, and file transfer records

11   to identify any instance where protected material was transmitted to the DOL. We also

12   confirmed directly with the DOL the documents that had been disclosed, to ensure the log

13   captured every disclosure. We recorded each disclosure on the log. We do not otherwise have

14   any records of any other disclosures to the DOL of protected material or any reason to believe

15   any other disclosures occurred.

16       11.    At the time of the disclosures, I understood that the DOL was already

17   independently investigating Defendants' practices and that the DOL possesses statutory authority

18   to obtain documents and testimony directly from Defendants.

19       12.    I now further understand that the DOL had served subpoenas on Defendants,

20   including for documents produced in this litigation, and has noticed a Rule 30(b)(6) deposition of

21   United in connection with that investigation. My understanding is based on communications with

22   the DOL arising out of Defendants' motion for sanctions, including a September 22, 2025 letter

23   ("September 2025 DOL Letter") from Wayne R. Berry, Associate Solicitor, United States

24   Department of Labor, attached hereto as Exhibit 1. In that letter, the DOL confirmed that, during

25   the course of its ongoing investigation, the DOL had already received numerous documents from

26   United and other entities—including the same documents provided by my firm. The DOL also

27   enclosed an executed acknowledgment (Exhibit A to the Protective Order agreeing to be bound

28   by the Protective Order. Although DOL previously advised that, as a matter of policy, it does not

ARNALL GOLDEN GREGORY LLP
LIMITED LIABILITY PARTNERSHIP
2100 Pennsylvania Ave., NW
Suite 350S
Washington, DC 20037
Telephone 202.677.4040
WWW.AGG.COM

2

ARNALL GOLDEN GREGORY LLP

LIMITED LIABILITY PARTNERSHIP
2100 Pennsylvania Ave., NW
Suite 350S
Washington, DC 20037
Telephone: 202.677.4040
WWW.AGG.COM

1   sign protective orders in private litigation, the DOL explained that in light of Defendants'

2   sanctions motion, the agency agreed to execute an acknowledgement in this instance to mitigate

3   any perceived harm as a result of the disclosure.

4          13.    Based on the DOL's policies and practices as described to me, the confidentiality

5   provisions of the CIA, and the DOL's independent authority to compel production, I believed—

6   albeit mistakenly in light of the Court's later guidance—that cooperating with the DOL in this

7   manner was permissible and consistent with protecting confidentiality. I further understood that,

8   given the agency's already ongoing investigation and the federal government's stated priority to

9   address ERISA violations in behavioral health, such cooperation under the CIA was not only

10  permissible but appropriate to facilitate that investigation.

11         14.    I wish to be clear and respectful of the Court's prior ruling: I understand the Court

12  has found that these disclosures were not permitted by the Protective Order. I have complied

13  with the Court's directives, including preparing and serving the Disclosure Log and certification,

14  and I sincerely regret and apologize that the disclosures were handled as they were. At the time

15  when the DOL asked me to enter into the CIA, I should, instead, have requested the DOL file a

16  motion with the Court to modify the Protective Order, or that they subpoena my firm or

17  Defendants, directly.

18         15.    I also wish to assure the Court that this was a one-time error from which I have

19  learned. This mistake is not reflective of how I or my firm practice law. I take my obligations

20  under protective orders, and all orders of the Court, with the utmost seriousness. My colleagues

21  and I work extremely hard to protect the rights of health care patients and providers in numerous

22  actions across the country. I have heretofore consistently treated all confidentiality obligations

23  with care and respect. I am committed to ensuring that this lapse in judgment does not occur

24  again.

25         16.    To my knowledge, there has been no dissemination of protected material by the

26  DOL outside the agency.

27         17.    With respect to Defendants' "repeat offender" characterization based on the *TML*

28  *Recovery* matter, 8:20-cv-00269 (C.D. Cal. closed Nov. 12, 2024), that case was handled by

different partners (Richard Collins and Damon Eisenbrey). They have not assisted in this case in approximately two years, and they had no involvement in the transmissions reflected on the log in this case.

18.    Despite Defendants' insinuation, neither I nor anyone at AGG has shared protected material from this case with any media outlet or nonparty other than the DOL under the CIA and individuals who executed Exhibit A acknowledgments pursuant to the Protective Order (which Plaintiffs disclosed to the Defendants on January 7, 2025, *see* ECF 466-1 ¶¶ 11–12).

19.    To the best of counsel's knowledge, no non-public information from documents in this case has appeared in any media reports.

20.    The following exhibits are provided to assist the Court in evaluating the issues raised in Defendants' Motion and this Declaration.

21.    Attached hereto and marked as Exhibit 1 is a true and correct copy of the September 22, 2025 Letter from Wayne R. Berry, Associate Solicitor, United States Department of Labor, with enclosures, confirming the DOL's position and signed acknowledgment of the Protective Order.

22.    Attached hereto and marked as Exhibit 2 is a true and correct copy of excerpts of the Certified Transcript of the September 23, 2024 Final Pretrial Conference in *TML Recovery*, which was filed publicly in *Ryan S. v. UnitedHealth Group Inc.*, 8:19-cv-01363 (C.D. Cal.) (ECF 127-33). This document contains highlighting from Plaintiffs' counsel for the Court's convenience.

I declare under the penalty of perjury that the foregoing is true and correct, and I signed this declaration on September 22, 2025, in Washington, D.C.

*/s/ Matthew M. Lavin*
Matthew M. Lavin, Esq.

ARNALL GOLDEN GREGORY LLP
LIMITED LIABILITY PARTNERSHIP
2100 Pennsylvania Ave., NW
Suite 350S
Washington, DC 20037
Telephone: 202.677.4040
WWW.AGG.COM

Case No. 4:20-cv-02254-YGR-JCS

Declaration in Support of Plaintiffs'
Opposition to Defendants' Sanctions Motion