UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD, ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED BEHAVIORAL HEALTH, ET AL.,<br><br>    Defendants. | Case No.: 4:20-cv-02254-YGR<br><br>ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION OF CLASS CERTIFICATION ORDER;<br><br>GRANTING IMPLIED MOTION FOR CLARIFICATION<br><br>Re: Dkt. No. 522 |

Pending before the Court is defendants' motion for leave to file a motion for partial reconsideration of the Court's class certification order pursuant to Civil Local Rule 7-9(b)(3).[1] Plaintiffs filed a response to the motion, and defendants filed a reply.[2]

Having considered the papers submitted in support and opposition, the Court hereby **DENIES** defendants' motion for leave to file for reconsideration but **GRANTS** its implied motion for clarification. The Court does not reconsider its prior Order, but given the dispute regarding the definition of the class, it does provide clarity in accordance with the reasoning explained therein.

To quickly remind, under Rule 54(b), a court may revise any interlocutory order. However, reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Est. of Bishop,* 229 F.3d 877, 890 (9th Cir.2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

---

[1] Dkt. No. 516, Order Granting Motion for Class Certification ["Order"]; Dkt. No. 522, Defendants' Motion for Leave to File Motion for Partial Reconsideration of Class Certification Order ["Mtn."].

[2] Dkt. No. 523, Plaintiffs' Response to Defendants' Motion for Leave ["Oppo."]; Dkt. No. 527, Defendants' Response to Plaintiffs' Brief Regarding Defendants' Motion for Leave ["Reply"].

*School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.* None of those factors exist here. Rather, the parties are arguing over the impact of the Court's Order. Thus, the Court clarifies.

In its third renewed motion, plaintiffs sought to certify the following class:

> Any member of a health benefit plan administered or issued by United and governed by ERISA, where the member's plan utilized United's "Reasonable and Customary" program for out-of-network benefits, and whose claim(s) for intensive outpatient services were billed with HCPCS H0015 and/or revenue code 0906 as an all-inclusive per diem, priced by MultiPlan's Viant methodology, and never adjusted, and **who received** balance bills from their provider, during the class period from January 1, 2015, to the present.

(Dkt. No. 489 at 2 (emphasis supplied for the reader's convenience).) After briefing and argument, the Court granted the motion but was explicit in its Order that it limited the certified class to members *who paid, not just received,* a balance bill for the relevant services. (*See* Order at 4–6 (rejecting plaintiffs' argument that payment on a balance bill is not required to establish Article III injury in both RICO and ERISA contexts), at 9 (plaintiffs satisfied numerosity burden by proffering evidence that allowed the Court to infer that at least forty class members exist "who paid on balance bills"), at 11–12 (plaintiffs satisfied predominance burden by demonstrating a classwide methodology to "identify class members who paid *any* amount on a balance bill for a relevant service").)

Despite that clarity, the parties continue to argue, as has been their ongoing practice in this action. Defendants seek clarification and seek to re-define the class as:

> Any member of a health benefit plan administered or issued by United and governed by ERISA, where the member's plan utilized United's "Reasonable and Customary" program for out-of-network benefits, and whose claim(s) for intensive outpatient services were billed with HCPCS H0015 and/or revenue code 0906 as an all-inclusive per diem, priced by MultiPlan's Viant methodology, and never adjusted, **and who paid** balance bills from their provider **on these claims (not patient responsibility, coinsurance, or deductibles),** during the class period from January 1, 2015, to **October 3, 2025**.

(Mtn. at 4 (emphasis supplied for the reader's convenience).) With respect to the first issue (received versus paid), plaintiffs suggest that the putative class members include those "who have actually paid on balance bills *or who plaintiffs show are required to do so*.'" (Oppo. at 1–2 (citing Order at 9).) In reply, defendants construe plaintiffs' opposition as an attempt to expand the class definition. (Reply at 1 (citing Oppo. at 1).)

Thus, as should have been obvious from the Order, the certified class was defined as:

> Any member of a health benefit plan administered or issued by United and governed by ERISA, where the member's plan utilized United's "Reasonable and Customary" program for out-of-network benefits, and whose claim(s) for intensive outpatient services were billed with HCPCS H0015 and/or revenue code 0906 as an all-inclusive per diem, priced by MultiPlan's Viant methodology, and never adjusted, and **who paid** balance bills from their provider, during the class period from January 1, 2015, to the present.

Emphasis supplied for the reader's convenience. Given the procedural posture of this request, and to provide further clarity, the Court confirms that the "present date" is consistent with October 3, 2025, the date of the Court's Order. Thus, the class definition is hereby adjusted:

> Any member of a health benefit plan administered or issued by United and governed by ERISA, where the member's plan utilized United's "Reasonable and Customary" program for out-of-network benefits, and whose claim(s) for intensive outpatient services were billed with HCPCS H0015 and/or revenue code 0906 as an all-inclusive per diem, priced by MultiPlan's Viant methodology, and never adjusted, **and who paid** balance bills from their provider, during the class period from January 1, 2015, to **October 3, 2025.**

Emphasis supplied for the reader's convenience.

As to the second proposed change to add: "**on these claims (not patient responsibility, coinsurance, or deductibles)**," plaintiffs dispute the proposed definition because it "oversimplifies and at minimum introduces ambiguity into the concept of balance billing" and "would improperly narrow the class by embedding a disputed merits issue into the class definition itself." (Oppo. at 2.)

3

As the parties are quite aware, they never briefed the issue of whether the definition should include an explicit carveout for payments toward "patient responsibility, coinsurance, or deductibles," and therefore the Court does not adopt defendants' proposal.

The Court sets a case management conference for **December 15, 2025 at 11:30 a.m.** on the Zoom platform. Parties should have already met and conferred on a schedule for the balance of the action. A joint statement with respect to scheduling shall be filed no later than seven (7) days prior to the conference.

This Order terminates Docket No. 522.

**IT IS SO ORDERED**.

Date:   November 25, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**