| | |
|---|---|
| Lauren M. Blas, SBN 296823<br>LBlas@gibsondunn.com<br>Nicole R. Matthews, SBN 328977<br>NMatthews@gibsondunn.com<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>Geoffrey Sigler (pro hac vice)<br>GSigler@gibsondunn.com<br>Derek K. Kraft (pro hac vice)<br>DKraft@gibsondunn.com<br>Matthew G. Aiken (pro hac vice)<br>MAiken@gibsondunn.com<br>Gibson, Dunn & Crutcher LLP<br>1700 M Street, N.W.<br>Washington, DC 20036-4504<br>Telephone: 202.995.8500<br>Facsimile: 202.467.0539<br><br>Attorneys for Defendants United Behavioral Health and United Healthcare Insurance Company | Matthew M. Lavin (pro hac vice)<br>matt.lavin@agg.com<br>Arnall Golden Gregory LLP<br>1775 Pennsylvania Ave NW,<br>Suite 1000<br>Washington, DC 20006<br>Telephone: 202.677.4030<br>Facsimile: 202.677.4031<br><br>David M. Lilienstein<br>SBN 218923<br>david@dllawgroup.com<br>Katie J. Spielman<br>SBN 252209<br>katie@dllawgroup.com<br>DL Law Group<br>345 Franklin Street<br>San Francisco, CA 94102<br>Telephone: 415.678.5050<br>Facsimile: 415.358.8484<br><br>Attorneys for Plaintiffs<br><br>[Additional Counsel Listed On Signature Page] |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| LD, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>United Behavioral Health, et al.,<br><br>        Defendants. | Case No. 4:20-cv-02254-YGR-JCS<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**Joint Statement Regarding Scheduling Pursuant to Order Granting Motion for Class Certification (ECF 516)**<br><br>Date: December 15, 2025<br><br>Time: 11:30 am<br><br>Location: Zoom |

1   Plaintiffs LD, DB, BW, RH and CJ, Defendants United Behavioral Health and United Healthcare Insurance Company ("United Defendants"), and Defendant MultiPlan, Inc. ("MultiPlan"), collectively the "Parties" to the above-entitled action, submit this Joint Statement Regarding Scheduling Pursuant to Order Granting Motion for Class Certification. *See* ECF 516.

The Parties have met and conferred regarding proposed scheduling. Below are the Parties' brief explanations regarding certain events in the Parties' proposed schedule, followed by the proposed schedule for the action.

**"Class list" data production.** The schedule refers to a "class list," which will be used (in whole or in part) to send class notice consistent with the requirements of Rule 23. Defendants note the "class list" may include individuals who are not actually part of the class (e.g., because they did not pay balance bills for the claims at issue in this case). Defendants reserve all rights and arguments regarding class membership (including whether any given individual is actually a class member), and regarding the scope of class notice (which will be addressed in the Parties' joint submission discussed below). Plaintiffs note that the Parties are continuing to meet and confer regarding the parameters of the class list and anticipate that any remaining issues can be resolved without the need for Court intervention.

**Parties' joint submission regarding appointment of Notice Administrator, Administrator Protocol/Notices, and Fact Discovery.** The Parties agree that the Notice Administrator will handle the class notification and opt out process that is required by Rule 23. Plaintiffs have proposed that the Notice Administrator also collect information and records regarding balance bill payments, which would include collecting information from class members, subscribers (if different from the class member), and class members' providers for the claims at issue in this case. Plaintiffs believe that this proposal will promote efficiency and help minimize disputes, and they will advance the costs of the Notice Administrator's work (including handling the notice and opt out process required by Rule 23) but reserve the right to seek recovery of these costs. Defendants are willing to consider Plaintiffs' proposal, provided that Defendants maintain the ability to conduct reasonable discovery in accordance with the Federal Rules, including nonduplicative discovery to understand any balance billing evidence that may

be gathered by the Notice Administrator. The Parties propose that they address the class notice and the role (if any) of the Notice Administrator in gathering balance billing evidence (collectively, the "Notice Process"), and scope of fact discovery (if any) in the Parties' joint submission regarding appointment of the Notice Administrator and Administrator Protocol/Notices. The Parties further agree that, after completion of the Notice Process and the Notice Administrator's status report after the opt-out period, they will meet and confer and, if necessary, submit an additional joint submission addressing the appropriate scope of discovery in light of the results of the Notice Process, including the size of the class.[1] The Parties will work cooperatively to reach agreement on as many of these issues as possible and will address any disagreements in the joint submission. In order to avoid unnecessary disputes, the Parties agree that the Notice Process and any fact discovery under the Federal Rules will be the sole channel for gathering evidence from class members or third parties absent further order of the Court. The Notice Administrator will serve in a neutral capacity, and all Parties will be entitled to full involvement and visibility into the Notice Administrator's activities (including any discussion with potential candidates for the role of Notice Administrator).

*Case schedule after Parties' joint submission.* As described above, the Parties' joint submission will address the timing and content of notice/opt out, the Notice Administrator's role in gathering balance billing evidence (if any), and fact discovery (if any). Those steps will necessarily affect the timing and content of expert discovery, dispositive motions, *Daubert* motions (if any), and trial. The Parties therefore respectfully propose that they submit a schedule for the remainder of the action following the Court's ruling on the joint submission. This would promote efficiency and avoid the potential need to redo a full case schedule to account for the Court's ruling.

At present, the Parties can report that they agree on the following issues regarding future phases of the case:

---

[1] Defendants reserve the right to request (in the February 2026 joint submission) leave to begin taking reasonable discovery before the completion of the Notice Process.

- <u>Expert discovery.</u> Expert discovery in this phase shall be limited to analysis relating to information produced during the Notice Process and fact discovery, and any necessary supplementation of prior expert reports.
- <u>Dispositive Motions.</u> Given the likely overlap in legal and factual issues, the Parties anticipate presenting summary judgment arguments through coordinated cross-motions and a cross-briefing structure (opening motion; opposition and cross-motion; reply and cross-opposition; cross-reply). The Parties agree to submit a proposed briefing schedule for stipulation following the pre-filing summary judgment conference.

### Proposed Schedule

| Event | Proposed Date |
|---|---|
| **Class List Data Production & Parties' Joint Submission Regarding Notice Process & Class Fact Discovery** | |
| Defendants produce data regarding initial class list | January 30, 2026 |
| Parties' joint submission regarding appointment of Notice Administrator, Administrator Protocol/Notices, and Class Fact Discovery | February 27, 2026 |

Dated: December 8, 2025

Respectfully submitted,

Gibson, Dunn & Crutcher LLP

By: */s/ Geoffrey Sigler*
    Geoffrey Sigler

Attorneys for Defendants United Behavioral Health and United Healthcare Insurance Company

Dated: December 8, 2025

Phelps Dunbar LLP

By: */s/ Errol J. King, Jr.*
    Errol J. King, Jr.

Attorneys for Defendant MultiPlan, Inc.

Errol J. King, Jr. (pro hac vice)
Errol.King@phelps.com
Phelps Dunbar LLP
II City Plaza, 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225.376.0207
Facsimile: 225.381.9197

Dated: December 8, 2025

Arnall Golden Gregory LLP

By: */s/ Matthew M. Lavin*
    Matthew M. Lavin

Attorneys for Plaintiffs

Dated: December 8, 2025

DL Law Group

By: */s/ David Lilienstein*
    David Lilienstein

Attorneys for Plaintiffs

**ATTESTATION PURSUANT TO LOCAL RULE 5-1**

I am the ECF user whose identification and password are being used to file this document. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories hereto.

Dated: December 8, 2025

/s/ *Matthew M. Lavin*

Matthew M. Lavin