Richard T. Collins
rich.collins@agg.com
Arnall Golden Gregory LLP
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone:    202.677.4917
Facsimile:    202.677.4031

David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
DL Law Group
345 Franklin St.
San Francisco, CA 94102
Telephone:    415.678.5050
Facsimile:    415.358.8484

Attorneys for Plaintiffs and the Certified Class

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| LD, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>United Behavioral Health, Inc., et al.,<br><br>            Defendants. | Case No. 4:20-cv-02254-YGR-JCS<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**PARTIES' JOINT SUBMISSION REGARDING APPOINTMENT OF NOTICE ADMINISTRATOR, ADMINISTRATOR PROTOCOL/NOTICES, AND CLASS DISCOVERY** |

1

Plaintiffs LD, DB, BW, RH, and CJ ("Plaintiffs"), Defendants United Behavioral Health and UnitedHealthcare Insurance Company ("United Defendants"), and Defendant MultiPlan, Inc. ("MultiPlan") (together with United Defendants, "Defendants"), submit this Joint Submission pursuant to the Court's Order Granting Motion for Class Certification (ECF 516), Order Denying Defendants' Motion for Leave to File Motion for Partial Reconsideration of Class Certification Order and Granting Implied Motion for Clarification (ECF 529), the Parties' December 8, 2025, Joint Statement Regarding Scheduling (ECF 530), and the Parties' Joint Stipulation regarding this Joint Submission, entered by the Court on February 27, 2026 (ECF 536).

The parties respectfully request that the Court rule on the following issues, to which all parties consent: (1) the appointment of the Notice Administrator, and the proposed class notice to members—i.e, patients who received treatment at issue in this case (*see* Section I, with the form of notice at Ex. A); (2) the proposed process for gathering information relevant to issues that may be litigated in this case (*see* Sections II-IV); (3) the proposed schedule set forth at the end of this joint statement (Section V). The parties also respectfully ask that the Court rule on their dispute regarding whether class notice should be sent to plan subscribers—i.e., those who subscribe to the plan but did not receive treatment at issue in this case (*see* the parties' separate letter submission on this topic, at Ex. B).

**Introduction.** This joint statement addresses the Parties' positions on (1) the class notification and opt out process required by Rule 23; (2) the Notice Administrator's role in gathering information relevant to class membership and issues that will be litigated in this case; and (3) further fact discovery in this case. On class notice, as described below, the Parties have agreed on the appointment of a Notice Administrator who will send class notice directly to members in United Defendants' "class list data production," which contains contact information for patients who received the specific intensive outpatient treatment at issue in this case. *See* Dkt. 530 at 1; Dkt. 535 at 2. The class notice will inform the patients that a class has been certified, instruct them on how to opt out, and contain the information required by Rule 23. The parties' dispute whether class notice should be sent to plan subscribers as explained below and in the parties' separate letter explaining their positions, attached as Exhibit A to this joint submission.

On the Notice Administrator's role in gathering information and fact discovery, the parties have agreed to proceed in two phases. In the first phase, the Notice Administrator will gather potentially relevant information from members (i.e., patients), including information regarding balance billing payments, according to the administrator protocol set out below. The Notice Administrator will perform this role in a neutral capacity. During the first phase, the parties will not conduct any outreach to members or third parties for the purpose of gathering information for this case. In the second phase, the parties may take proportional formal discovery from providers regarding the specific members who submitted information to the Notice Administrator, as further described below. The Parties shall reserve all rights regarding the evidentiary impact of all materials submitted by potential class members. This approach will move the case toward summary adjudication and trial, while minimizing disputes and burden on third Parties to the extent possible.

## I.    NOTICE ADMINISTRATOR

### a.  Proposed Notice Administrator

Plaintiffs propose the appointment of Rust Consulting, Inc. as the Notice Administrator for this action; Defendants consent to this appointment. Rust Consulting has extensive experience administering class action notice programs in complex litigation, and healthcare class actions in particular, and possesses the technical capacity to perform the functions described in this submission.

A declaration from Rust Consulting is attached as Exhibit B, which addresses: (1) the administrator's qualifications and experience; (2) data security protocols; (3) proposed pricing and cost estimates; (4) the administrator's ability to serve in a neutral capacity; and (5) how the administrator will send the required Rule 23 notice.

### b.  Role and Responsibilities of the Notice Administrator

The Notice Administrator shall serve in a neutral capacity. The Parties shall have full involvement in and visibility into the Notice Administrator's activities. The Notice Administrator's core responsibilities will include:

3

1. Disseminating the required Rule 23 class notice to class members using the United Defendants' class list data production, in accordance with the Court-approved notice plan. The Parties' proposed class notice to members is attached as Exhibit C.

2. Processing opt-out requests and maintaining records of timely and untimely exclusion requests.

3. Collecting and logging balance-billing, payment records, and other relevant information from class members, as described in Section II (the "Administrator Protocol") below.

4. Providing periodic status reports to the Parties and the Court.

5. Establishing and maintaining a case website with copies of the notice, key Court orders, answers to frequently asked questions, and a secure mechanism for class members to update contact information or submit documentation.

6. Responding to basic inquiries from class members.

### c. Costs

Class counsel will advance the costs of the Notice Administrator's work (including any work the Notice Administrator performs pursuant to the Administrator Protocol). Plaintiffs reserve the right to seek recovery of these costs from Defendants.

## II.    ADMINISTRATOR PROTOCOL

This section sets out the Administrator Protocol, which describes how the Notice Administrator will gather information relevant to class membership and other issues that may be litigated in this case.

### a. Overview

The Notice Administrator will send a class notice to potential class members that will both notify class members of their rights and ask them to send materials needed to confirm balance-billing payments, establish eligibility, calculate damages, and address other issues that may be litigated in this case.

### b. What the Notice Administrator Can Do

The Notice Administrator is authorized to engage in the following activities:

i. Communication with Potential Class Members

The Notice Administrator may communicate with potential class members for the following reasons:

- Sending initial notices.

- Responding to inquiries about the litigation, class membership, and the notice process.

- Sending one reminder notice via mail to class members who have not responded.

- Clarifying questions about submitted documents as further explained in Section II.b.iii.

Initial notices shall be sent via mail. Thereafter, with a potential class member's agreement, or upon order by the Court, the Notice Administrator may communicate with potential class members via email, telephone, or through the case website. The Notice Administrator shall not communicate with class members about protected health information (PHI) or information protected by HIPAA without the class member's express written consent.

ii.  Collection of Documents and Information

The Notice Administrator may collect the following categories of documents and information from potential class members:

- Statements or declarations regarding receipt of balance bills.

- Copies of balance bills, invoices, or statements from providers.

- Proof of payment (canceled checks, credit card statements, bank statements, receipts, or payment ledgers).

- Any documents or correspondence with providers regarding payment, including contracts or correspondence relevant to whether members were responsible for paying balance bills.

- Attestations from potential class members regarding payment of balance bills.

*From Subscribers* (As noted above, the inclusion of outreach to plan Subscribers is in dispute awaiting a Court ruling. The Parties have set out their positions on this issue in the separate letter attached at Exhibit A, with plaintiffs' proposed subscriber notice at Exhibit D):

- Statements or declarations regarding balance bills paid on behalf of class members.

- Copies of balance bills, invoices, or statements received.

- Proof of payment made by the subscriber (as plan holder) for balance bills.

- Any correspondence with providers regarding payment.

- Attestations for subscribers regarding payment of balance bills.

### iii. Verification and Clarification

If a potential class member has submitted documents and executed a HIPAA consent, the Notice Administrator may contact those potential class members to:

- Gather basic information about the source or completeness of submitted documents.

- Request supplemental documentation to support or clarify prior submissions.

### iv. Data Compilation and Analysis

The Notice Administrator shall:

- Maintain a database of all documents and information received.

- Compile summary data on the documents and information received.

### c. *What the Notice Administrator Cannot Do*

The Notice Administrator serves as a neutral information-gathering body. The Notice Administrator shall not:

1. Make any determinations, including determinations about class membership or eligibility, damages, or liability.

2. Advocate for or against any party or class member.

3. Provide legal advice to anyone in connection with this matter.

4. Compel production of documents (the Notice Administrator may request documents, if permitted by the Administrator Protocol, but cannot issue subpoenas).

5. Share information with third parties outside of this litigation.

6. Use information gathered for any purpose other than this litigation.

### d. *Confidentiality and Data Security*

All notices shall state that any information provided will be used solely for purposes of this litigation, subject to the Protective Order in this case (Dkt. 25), and will not be used for any other purpose.

The Notice Administrator shall:

- Maintain all data in a secure environment with appropriate access controls.

- Comply with HIPAA and any other applicable privacy laws.

- Limit access to personal health information to those with a need to know.
- Destroy or return all data at the conclusion of the case as directed by the Court.

### e. Status Reports

In accordance with the schedule in Section V, the Notice Administrator will file a status report. The status report will describe:

1. The number of notices sent by mail.
2. The delivery and cure rates for notices that were undeliverable upon initial attempt.
3. The number of undeliverable notices that could not be cured.
4. The number of timely and late opt-outs.
5. A summary of balance-billing evidence collected, including the number of class members from whom documentation was received.

In parallel, on a weekly rolling basis as responses come in, the Notice Administrator will provide the Parties with a more detailed report on the topics above, together with the underlying records collected.

## III. EVIDENTIARY ISSUES

Potential class members will be asked in the Notice to submit sworn attestations, as well as potentially relevant documentation, as further outlined below.

Plaintiffs have drafted the attestation to be sent to potential class members. A draft of the attestation is attached as Exhibit E. In the attestation, the member shall attest (under penalty of perjury) that he or she paid balance bills totaling the amount identified by the member on the attestation for the relevant services at issue. A template attestation will be included with the notice. Potential class members will also be asked to search for and submit the categories of documents described in Section II.b.ii above.

In light of the issues that have emerged from discovery to date, Defendants' position is that an attestation, by itself, is not sufficient to establish class membership, standing, liability, or damages, among other issues. For example, many members are likely to confuse amounts they paid for other, irrelevant services, or amounts they paid for coinsurance or deductibles, none of which are considered balance bills or recoverable in this case. Defendants believe that discovery

7

will be required to assess the attestations. However, as a compromise, Defendants will not oppose Plaintiffs' proposal to solicit the attestations.

Plaintiffs argue that attestations alone are sufficient to substantiate class membership. Due to no fault of potential class members, the dates of service at issue stretch back over 10 years, and it is likely that records have been lost. Plaintiffs propose that any class member who submits an attestation, without more, will be limited to a damages cap.

The Parties agree that the notice shall inform members that any materials submitted, or the fact that the member did not submit any materials or an attestation, may be used by the Parties in the litigation, including to argue that class membership, standing, liability, damages, or the appropriateness of class treatment have or have not been established.

The Parties shall reserve all rights regarding the evidentiary impact of all materials submitted by potential class members, including whether they do or do not establish class membership, standing, liability, or damages.

## IV.    __INTERACTION BETWEEN NOTICE PROCESS & CLASS FACT DISCOVERY__

The Parties agree that the Notice Process and fact discovery should proceed in two phases.

**Phase I.** The Notice Process described above will serve as the primary mechanism for gathering evidence from class members. The information described above will be gathered by the Notice Administrator through the Court-approved Administrator Protocol, rather than through formal discovery directed to patients, subscribers, or providers. During Phase I, the Parties will not conduct any outreach to members, subscribers, or providers for the purpose of gathering information for this case.

**Phase II.** After Phase I, the Parties may take proportional formal discovery from the providers of members who submitted materials during the Notice Process regarding those specific members. Additionally, Defendants may wish to take discovery from the named plaintiffs, from members or subscribers who submit attestations or information in Phase I, from any provider from whom Plaintiffs have previously obtained declarations or evidence regarding balance billing, and to produce Defendants' documents related to members who submitted materials during the Notice Process that could be relevant to class membership, standing, liability, damages, or the

8

appropriateness of class treatment. Plaintiffs believe any Phase II discovery should be limited to class members who submitted materials during the Notice Process and their related providers and plan subscribers. Plaintiffs would object to re-opening discovery from the class certification period. Following Phase I, the Parties will submit to the Court a joint statement with their positions on the specifics of Phase II discovery, including types of discovery available and anticipated length of the discovery window. In order to avoid unnecessary disputes, the Parties agree that fact discovery under the Federal Rules will be the sole channel for gathering evidence during Phase II absent further order of the Court.

After Phase II, the Parties shall submit a joint statement regarding whether further discovery is needed.

The two-phase process outlined above shall be the sole channel for gathering evidence from class members or third parties absent further order of the Court.

## V.    <u>PROPOSED SCHEDULE</u>

The Parties propose the following schedule:

| Event | Proposed Date |
|---|---|
| Court order approving Notice Administrator and Protocol/Notices ("Protocol/Notice Order") | TBD |
| 90-Day Notice Period begins | 30 days after Protocol/Notice Order |
| Opt-out deadline | 60 days after Protocol/Notice Order |
| Deadline for potential class members to submit attestations or documentation | 120 days after Protocol/Notice Order |
| Follow-up outreach and deadline to submit any supplemental information requested by Notice Administrator | Within 150 days of Protocol/Notice Order |
| Notice Administrator status report | Within 30 days of close of follow-up outreach period |
| Parties meet and confer regarding additional discovery | Within 14 days of status report |

Dated: May 8, 2026

Arnall Golden Gregory LLP

By:    /s/ Richard T. Collins
        Richard T. Collins

DL Law Group

By:    /s/ David M. Lilienstein
        David M. Lilienstein
        Katie J. Spielman

Attorneys for Plaintiffs and the Putative Class

Gibson, Dunn & Crutcher LLP

By:    /s/ Derek Kraft
        Derek Kraft

Attorneys for United Behavioral Health and
United Healthcare Insurance Company

PHELPS DUNBAR, LLP

By:    /s/ Errol J. King, Jr.
        Errol J. King, Jr.

Attorneys for MultiPlan, Inc.